UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| WANDA DURYEA, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> AGRI STATS, INC., ET AL., <br><br> Defendants. | Case No. 18-CV-1776 (JRT/HB) <br><br> Case No. 18-CV-2008 (JRT/HB) <br><br> Case No. 18-CV-2044 (JRT/HB) <br><br> Case No. 18-CV-2337 (JRT/HB) <br><br> Case No. 18-CV-2338 (JRT/HB) <br><br> **[PROPOSED] ORDER REGARDING ACCEPTANCE OF SERVICE OF CONSOLIDATED CLASS ACTION COMPLAINT AND EXTENSION OF TIME TO RESPOND TO THE COMPLAINT** |

This matter comes before the Court in this action on the parties' Stipulation to Accept Service of First Amended and Consolidated Class Action Complaint and Extend Time to Respond to the Complaint.

WHEREAS certain plaintiffs and defendants Agri Stats, Inc., Clemens Food Group, LLC, Hormel Foods Corporation, Indiana Packers Corporation, JBS USA, Seaboard Foods, LLC, Smithfield Foods, Inc., Triumph Foods, LLC, and Tyson Foods, Inc. ("Previously Named Defendants") previously entered stipulations to extend time and to accept service of complaints in the related civil actions identified below (the "First Stipulations"); those stipulations were approved and corresponding orders entered by the presiding judge in each action as follows:

a. *Duryea, et al. v. Agri Stats, Inc., et al.*, Case No. 18-CV-1776 (Dkt. 65);

    b. *Maplevale Farms, Inc. v. Agri Stats, Inc., et al.*, Case No. 18-CV-1803 (Dkt. 71);

    c. *John Gross and Company, Inc. v. Agri Stats, Inc., et al.*, Case No. 18-CV-1810 (Dkt. 57);

    d. *Sandee's Bakery v. Agri Stats, Inc., et al.*, Case No. 18-CV-1891 (Dkt. 50);

    e. *Ferraro Foods, Inc., et al. v. Agri Stats, Inc., et al.*, Case No. 18-CV-1946 (Dkt. 45);

    f. *Litterer, et al. v. Agri Stats, Inc., et al.*, Case No. 18-CV-2008 (Dkt. 52);

    g. *Realdine, et al. v. Agri Stats, Inc., et al.*, Case No. 18-CV-2044 (Dkt.48);

    h. *Olean Wholesale Grocery Cooperative, Inc. v. Agri Stats, Inc., et al.*, Case No. 18-CV-2058 (Dkt. 39);

    i. *Bear's Restaurant Group, et al. v. Agri Stats, Inc., et al.*, Case No. 18-CV-02113 (Dkt. 44).

WHEREAS following entry of the above orders, additional putative class plaintiffs filed four other actions as follows:

    a. *Jeffrey Allison v. Agri Stats, Inc., et al.*, Case No. 18-CV-2337;

    b. *Anderson, et al. v. Agri Stats, Inc., et al.*, Case No. 18-CV-2338;

    c. *Phil's BBQ, Inc. v. Agri Stats, Inc., et al.*, Case No. 18-CV-2390; and,

    d. *Joe Christiana Food Distributors, Inc. v. Agri Stats, Inc., et al.*, Case No. 18-CV-2405.

WHEREAS on August 17, 2018, the plaintiffs in all 13 actions ("Plaintiffs") filed three consolidated amended complaints on behalf of three putative classes of plaintiffs (collectively, the "CACs"). *See, e.g.*, Dkt. 83 in Case No. 18-CV-01803-PJS-SER (Direct Purchaser CAC); Dkt. 63 in Case No. 18-CV-01891-JRT-SER (Commercial Food Preparer CAC); Dkt. 74 in Case No. 18-CV-01776 (Indirect Purchaser CAC). Because the 13 cases had not yet been consolidated, identical amended complaints were filed in the various 13 actions—*i.e.*, the CAC on behalf of the putative Direct Purchaser Plaintiffs was filed in all of the direct purchaser actions. The CACs named the following additional

defendants: The Clemens Family Corporation, Hormel Foods, LLC, Mitsubishi Corporation (Americas), JBS USA Food Company Holdings, Seaboard Corporation, Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc.[1] (the "Newly-Added Defendants") (together with Previously Named Defendants, the "Defendants").  On Friday, September 7, 2018, all thirteen actions were consolidated before Chief Judge John R. Tunheim and the undersigned, Magistrate Judge Hildy Bowbeer.

After consideration of the parties' Stipulation and all of the files, records, and proceedings in this case, **IT IS HEREBY ORDERED THAT:**

1.   The Newly-Added Defendants shall accept service of the CACs with which they have not been formally served, and any future related complaints, by electronic mail on the respective counsel for each Defendant.

2.    All Defendants shall answer, move or otherwise respond to the CACs by October 23, 2018 (superseding the response date specified in the First Stipulations).

3.   The entry into this stipulation by the Defendants shall not constitute a waiver of (a) any jurisdictional defenses that may be available, (b) any affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure or otherwise, or (c) any other statutory or common law defenses that may be available to the Defendants in this or any other action.

---

[1] Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc. were named in certain indirect purchasers' prior complaints.  Thus, both entities are Newly-Added Defendants only with respect to the Direct Purchasers CAC and the Commercial Food Preparers CAC.

4. Defendants shall accept service of process for the CACs by ECF, or by email sent to counsel in the event the ECF filing notice for the CACs does not identify such counsel as a recipient of the ECF notice.

**IT SO ORDERED.**

Dated: September ___, 2018

_____
Magistrate Judge Hildy Bowbeer