# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| WANDA DURYEA, MATTHEW HOSKING, JOHN MCKEE, LISA MELEGARI, MICHAEL REILLY, SANDRA STEFFEN, PAUL GLANTZ, EDWIN BLAKEY, JENNIFER SULLIVAN, LISA AXELROD, ANBESSA TUFA AND CHRISTINA HALL, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>AGRI STATS, INC., et al.,<br><br>    Defendants. | No. 0:18-cv-01776-JRT-HB<br><br>**INITIAL CASE MANAGEMENT ORDER** |
| MAPLEVALE FARMS, INC., individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>AGRI STATS, INC., et al.,<br><br>    Defendants. | No. 0:18-cv-01803-JRT-HB |
| JOHN GROSS AND COMPANY, INC., individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>AGRI STATS, INC., et al.,<br><br>    Defendants. | No. 0:18-cv-01810-JRT-HB |
| SANDEE'S BAKERY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>AGRI STATS, INC., et al.,<br><br>    Defendants. | No. 0:18-cv-01891-JRT-HB |

| | |
|---|---|
| FERRARO FOODS, INC., individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>AGRI STATS, INC. et al.,<br><br>                Defendants. | No. 0:18-cv-01946-JRT-HB |
| AMELIA LITTERER, CRAIG THOMSEN, MICHIYA PETRUCCI, CHARLES DYE, KORY BIRD, LAUREN CRAWLEY, MICHAEL O'GRADY, REID KANDA, KENNETH NEAL, BORHAN ISHANI AFOOSI, CHASE HOKE, JORDAN CHAMBERS, KENNETH KING, ALIKA NAEHU, DONYA COLLINS, MICHAEL PICKETT, REBEKAH KINGSLEY, AND BARBARA BRUEGGEMANN, individually on behalf of others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>AGRI STATS INC., et al.,<br><br>                Defendants. | No. 0:18-cv-02008-JRT-HB |
| JOSEPH REALDINE, CHAD NODLAND, AND DAN WATSON, individually and on behalf of others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>AGRI STATS INC., et al.,<br><br>              Defendants. | No. 0:18-cv-02044-JRT-HB |
| OLEAN WHOLESALE GROCERY COOPERATIVE, INC., individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>AGRI STATS, INC., et al.,<br><br>             Defendants. | No. 0:18-cv-02058-JRT-HB |

| | |
|---|---|
| BEAR'S RESTAURANT GROUP and GONDOLIER PIZZA INTERNATIONAL, INC., individually and on behalf of others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>AGRI STATS, INC., et al.,<br><br>                Defendants. | No. 0:18-cv-02113-JRT-HB |
| JEFFREY ALLISON, individually and on behalf of others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>AGRI STATS, INC., et al.,<br><br>                Defendants. | No. 0:18-cv-02337-JRT-HB |
| PHIL'S BBQ, individually and on behalf of others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>AGRI STATS, INC., et al.,<br><br>                Defendants. | No. 0:18-cv-02390-JRT-HB |
| JOE CHRISTIANA FOOD DISTRIBUTORS, INC., individually and on behalf of others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>AGRI STATS, INC., et al.,<br><br>                Defendants. | No. 0:18-cv-02405-JRT-HB |

| | |
|---|---|
| MICHAEL ANDERSON, DUNCAN BIRCH, THOMAS COSGROVE, ROBERT ECCLES, and REBECCA GREEN WATSON, individually and on behalf of others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>AGRI STATS, INC., et al.,<br><br>                Defendants. | No. 0:18-cv-02338-JRT-HB |

The following Order shall govern pretrial matters in the above-referenced actions.

## **PRETRIAL CONSOLIDATION**

1.     Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the following Direct Purchaser Plaintiff Actions will be consolidated for pretrial purposes:

        0:18-cv-01803

        0:18-cv-01810

        0:18-cv-01946

        0:18-cv-02058

        0:18-cv-02390

        0:18-cv-02405

2.     Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the following Commercial and Institutional Indirect Purchaser Plaintiff Actions will be consolidated for pretrial purposes:

        0:18-cv-01891

        0:18-cv-02113

3.     Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the following Consumer Indirect Purchaser Plaintiff Actions will be consolidated for pretrial purposes:

0:18-cv-01776

0:18-cv-02008

0:18-cv-02044

0:18-cv-02337

0:18-cv-02338

4.     This order does not constitute a determination that these actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

5.     Any lawyer who has been admitted *pro hac vice* in any of these actions need not seek *pro hac vice* admission in any other action; a single *pro hac vice* admission in these consolidated proceedings is sufficient.  Any lawyer who has filed a notice of appearance in any of the above actions need not notice an appearance in any other action; a single notice of appearance in these consolidated proceedings is sufficient.  It is incumbent upon the lawyer to ensure his or her appearance is listed in the consolidated proceedings for ECF purposes.

## **CAPTION**

6.     Every pleading or other document filed in any of the actions listed above, and in any separate action subsequently consolidated herewith, must bear the following caption and be filed in the following case:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| *IN RE PORK ANTITRUST LITIGATION* | No. 0:18-cv-01776-JRT-HB |
|---|---|
| This Document Relates To: | |

7. When a filing is intended to be applicable to all actions to which this Order is applicable, the words, "All Actions" shall appear immediately after the words, "This Document Relates to:" in the caption above. When a filing is intended to be applicable only to some, but not all of such actions, the group name (*e.g.,* Direct Purchaser Plaintiff Actions, Commercial and Institutional Indirect Purchaser Plaintiff Actions, or Consumer Indirect Purchaser Plaintiff Actions) or unique docket number or case name for each action to which the filing is intended to be applicable shall appear there.

8. The Clerk of this Court shall continue to maintain a separate file for each of the actions listed above, and filings shall be made therein in accordance with the regular procedures of the Clerk of Court except as modified by this Order. Nothing in this Order, however, shall be interpreted to require the Clerk of Court to cross-file every filing on the In Re Pork Antitrust Litigation docket in every separate case file to which it might apply.

## **NEWLY FILED OR TRANSFERRED ACTIONS**

9. The terms of this Order shall apply automatically to actions later instituted in, removed to, or transferred to this Court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407) that involve allegations of antitrust violations concerning pork producers by the Defendant entities in the above-referenced actions.

10. When an action that relates to the same subject matter as these consolidated actions is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be consolidated for pretrial purposes with the appropriate group of actions, e.g., Direct Purchaser Plaintiff, Commercial and Institutional Indirect Purchaser Plaintiff, or Consumer Indirect Purchaser Plaintiff Action (provided that any case transferred to this Court solely for pretrial proceedings shall be consolidated only to the extent there is no further order of this Court).

11. Counsel must call to the attention of the Clerk the filing or transfer of any case that might properly be consolidated with these actions, and identify the group of actions to which it belongs.

12. With respect to such newly-filed or transferred actions, the Clerk of Court shall:

   a. docket a copy of this Order in the separate file for such action, and

   b. make an appropriate entry in the docket for 0:18-cv-1776 that a new case has been assigned.

**APPOINTMENT AND RESPONSIBILITIES OF LEAD AND LIAISON COUNSEL**

13. **Plaintiffs' Lead Counsel.** The Court will consider petitions seeking appointment for separate interim lead or co-lead counsel ("Lead Counsel") under Fed. R. Civ. P. 23(g)(3) for each of the three Plaintiff groups—Direct Purchaser Plaintiffs, Commercial and Institutional Indirect Purchaser Plaintiffs, and Consumer Indirect Purchaser Plaintiffs. All petitions for such appointment, together with proposed responsibilities of such lead counsel, shall be served and filed no later than **7 days after entry of this Initial Case Management Order**.

14. The Court shall, if appropriate, issue an order appointing Plaintiffs' Lead Counsel that will include identified duties and responsibilities of counsel in this matter. In general, respective Lead Counsel for Direct Purchaser Plaintiffs, Commercial and Institutional Indirect Purchaser Plaintiffs, and Consumer Indirect Purchaser Plaintiffs shall coordinate with each other and with counsel for other Plaintiffs as appropriate, and shall coordinate the activities of their respective Plaintiffs during pretrial proceedings. These responsibilities will include:

   a. To determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of those Plaintiffs on all matters arising from pretrial proceedings;

b. To coordinate the initiation and conduct of discovery on behalf of those Plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

c. To conduct settlement negotiations on behalf of those Plaintiffs and any proposed class, but not enter into binding agreements except to the extent authorized by law;

d. To delegate specific tasks to other counsel in a manner to ensure that pretrial preparation is conducted efficiently and effectively;

e. To enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

f. To prepare and distribute periodic status reports to the parties;

g. To maintain adequate contemporaneous time and cost records covering services as lead counsel and collect such information from co-counsel on at least a monthly basis. Lead counsel will provide summaries of such time and cost records for *in camera* review at the Court's request;

h. To monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

i. To perform such other pretrial duties as may be incidental to the proper coordination of pretrial activities or authorized by further order of the Court.

15. **Privileges Preserved.** No communication among Plaintiffs' counsel or among Defendants' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

## STATUS CONFERENCES

16. This Court will convene status conferences as and when the Court deems it necessary. Except as otherwise indicated by the Court, counsel may attend status conferences by telephone.

## CASE MANAGEMENT DEADLINES

17. Pursuant to the Order to Extend Time and To Accept Service of Complaint, on August 17, 2018, Plaintiffs filed consolidated amended complaints in the Direct Purchaser, Commercial and Institutional Indirect Purchaser, and Consumer Indirect Purchaser Actions. Defendants agreed to accept service of process for these complaints by ECF or by email.

18. Pursuant to the Order to Extend Time and To Accept Service of Complaint, Defendants had originally been scheduled to answer, move, or otherwise respond to consolidated amended complaints by Direct Purchasers, Commercial and Institutional Indirect Purchasers, and Consumer Indirect Purchasers pursuant to Rule 12 by October 16, 2018. However, by agreement of the parties, that date will be extended through and including **October 23, 2018**.

19. All Parties to this litigation will accept service of pleadings, motions, discovery requests, discovery responses, and similar documents by email.

20. In a separate order, the Court will schedule a case management conference to address an appropriate Electronically Stored Information Protocol ("ESI Protocol"), a Protective Order, pretrial case management deadlines, and other case management matters.

**IT IS SO ORDERED.**

Dated:  September 21, 2018         s/ *Hildy Bowbeer*
                                   HILDY BOWBEER
                                   United States Magistrate Judge

9