## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION* | Case No. 0:18-cv-01776-JRT-HB |
| This Document Relates To: | **MEMORANDUM IN SUPPORT OF** |
| Direct Purchaser Plaintiff actions | **MOTION OF DIRECT** |
| | **PURCHASER PLAINTIFFS TO** |
| | **APPOINT INTERIM CO-LEAD** |
| | **CLASS COUNSEL** |

To preserve the time and resources of the Court and the parties, Plaintiffs' counsel have worked collaboratively to advance this litigation.  To continue those efforts and ensure streamlined and effective litigation by all Direct Purchaser Plaintiffs ("DPPs") in these cases, DPPs respectfully request that the Court appoint the law firms of Lockridge Grindal Nauen P.L.L.P. ("LGN") and Pearson, Simon & Warshaw, LLP ("PSW") as interim co-lead class counsel for DPPs and the DPP class.[1]  All DPPs and their counsel support this motion.

## I.      INTRODUCTION

Fed. R. Civ. P. 23(g)(3) permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Designating interim class counsel is essential because it "clarifies responsibility for

---

[1] This motion for appointment of lead counsel pertains only to the Direct Purchaser Plaintiff Actions, identified in the Court's Initial Case Management Order at 4, ECF No. 85, September 21, 2018.  It does not pertain either to the Consumer Indirect Purchaser Plaintiff Actions or the Commercial and Institutional Indirect Purchaser Plaintiff Actions. *Id.* at 4-5.

protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation (Fourth) ("Manual") § 21.11, at 246-47 (2004).

This complex litigation comprises six related DPP antitrust class actions, and seven related indirect purchaser plaintiff actions—five Consumer Indirect Purchaser Plaintiff ("Consumer IPP") cases, and two Commercial and Institutional Indirect Purchaser Plaintiff ("Commercial IPP") cases. This Court should appoint interim co-lead counsel for the DPPs to streamline its prosecution. Doing so will allow co-lead counsel to coordinate discovery and motion practice, conduct depositions, employ experts, ensure that deadlines are met, and otherwise efficiently and effectively prosecute this litigation.

LGN and PSW are eminently qualified to be interim co-lead counsel in this case. Each has a solid record of experience, knowledge, and commitment of resources to similar litigation, including some of the largest and most complex antitrust class action lawsuits in recent years. LGN and PSW make up the same leadership team as *In re Broiler Chicken Antitrust Litig.*, Case No. 1:16-cv-08637 (N.D. Ill.), in which Judge Thomas Durkin appointed LGN and PSW as DPP co-lead counsel based on their qualifications, reputation, and the other factors outlined in Fed. R. Civ. P. 23(g)(1)(A).[2] These firms were

---

[2] Order, *In re Broiler Chicken Antitrust Litig.*, Case 1:16-cv-08637, N.D. Ill. October 14, 2016, [ECF No. 144] at 3, attached as Exhibit A to the Affidavit of W. Joseph Bruckner Describing Exhibits Submitted in Support of Motion of Direct Purchaser Plaintiffs to Appoint Interim Co-Lead Counsel, dated September 26, 2018 and submitted herewith ("Bruckner Exhibit Aff.").

the first to investigate the facts giving rise to the *Broiler Chicken* cases, which led directly to Plaintiffs' investigation of similar conduct in the pork industry.

As in *Broiler Chicken* and many other cases, LGN and PSW have dedicated significant time and resources to this case, and will continue to do so. They filed the first direct purchaser antitrust case in these actions, *Maplevale Farms, Inc. v. Agri Stats, Inc., et al.*, Case No. 1:18-cv-01803 (D. Minn.), on June 29, 2018. Since then, they have met with all known plaintiffs' and defense counsel for all pending actions to coordinate pretrial matters, and took the lead on drafting DPPs' Consolidated Amended Complaint, thus demonstrating their commitment to organize the case, advance the litigation, and work effectively with other parties and counsel. As a result, all DPPs and their counsel unanimously support the appointment of LGN and PSW as DPP interim co-lead counsel.

## II.     BACKGROUND

All DPPs allege that Defendants conspired to fix and maintain prices in the pork market in violation of the federal antitrust laws.[3] As DPPs allege, Defendants in the pork industry modeled their collusive scheme on similar conduct in the Broiler industry.

Maplevale Farms, the plaintiff represented by LGN and PSW, is a direct purchaser of pork, and filed the first DPP antitrust class action against the nation's largest pork producers. *See Maplevale Farms, Inc. v. Agri Stats, Inc., et al.*, Case No. 18-cv-01803 (D. Minn. filed June 29, 2018). Since that time, five more direct purchasers have filed related

---

[3] *See* Declaration of W. Joseph Bruckner in Support of Motion of Direct Purchaser Plaintiffs to Appoint Interim Co-Lead Class Counsel ("Bruckner Decl."), ¶¶ 4-5; Declaration of Bruce L. Simon in Support of Motion of Direct Purchaser Plaintiffs to Appoint Interim Co-Lead Class Counsel ("Simon Decl."), ¶¶ 4-5.

cases in District of Minnesota. *See* p. 1, n. 1, *supra.*[4]  Maplevale and the other DPPs brought their claim on behalf of all persons and entities who, between January 1, 2009 and the present, purchased pork directly from Defendants, their subsidiaries, affiliates, or any co-conspirator, for use or delivery in the United States.  Maplevale and the other DPPs allege that Defendants colluded to artificially raise and maintain prices of pork sold in the United States, in violation of Section One of the Sherman Act, 15 U.S.C. § 1, and in so doing injured DPPs and the members of the DPP Class.

The DPP actions, the Consumer IPP actions, and the Commercial IPP actions have been assigned to the Honorable John R. Tunheim and Magistrate Judge Hildy Bowbeer, and the Court has entered its Initial Case Management Order.  *See* ECF No. 85, September 21, 2018.  Through the work of LGN and PSW and other counsel, Plaintiffs and Defendants have coordinated on pretrial matters including the preservation of documents and devices, the filing of DPPs' First Amended and Consolidated Class Action Complaint ("DPP CAC"), completion of service on the Defendants, and a schedule for Defendants' response to the consolidated amended complaints.  *See, e.g.*, Order to Extend Time and to Accept Service of Complaints (*Maplevale* Dkt. 71).

### III.   ARGUMENT

**A.    Standards for Appointing Interim Co-Lead Class Counsel.**

Federal Rule of Civil Procedure 23(g)(3) allows the court to designate "interim counsel to act on behalf of a putative class before determining whether to certify the action

---

[4] DPP counsel are not aware of any similar cases filed by any plaintiffs in courts other than this District.

as a class action." Fed. R. Civ. P. 23(g)(3); *see also Adedipe v. U.S. Bank, Nat'l Ass'n*, No. 13-2687 JNE/JJK, 2014 WL 835174, at *3 (D. Minn. Mar. 4, 2014). Appointing interim class counsel is appropriate where, as here, there are "a number of overlapping, duplicative, or competing suits" because "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual § 21.11, at 246-47.

Interim lead class counsel must represent the interests of the class. Fed. R. Civ. P. 23(g)(2). In selecting interim lead class counsel, this Court must consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A); *see also Adedipe*, 2014 WL 835174, at *3. In addition to the four "must" factors in Rule 23(g)(1)(A), a court also "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class . . . ." Fed. R. Civ. P. 23(g)(1)(B).[5]

Courts have found that proposed lead counsel's experience and service as lead counsel in prior cases is particularly persuasive. *See Lusk v. Life Time Fitness, Inc*., No. 15-1911 JRT/JJK, 2015 WL 9858177, *2 (D. Minn. July 10, 2015). Courts also look at

---

[5] Though these Rule 23(g)(1) factors pertain to the selection of class counsel upon the certification of a class, courts appointing interim class counsel under Rule 23(g)(3) before a class is certified apply these same factors. *See Smith v. State Farm Mut. Auto. Ins. Co*., 301 F.R.D. 284, 288 (N.D. Ill. 2014).

the resources counsel expended investigating the suit before filing.  *See Adedipe*, 2014 WL 835174, at *3 (D. Minn. Mar. 4, 2014) (appointing interim class counsel because they "devoted the more substantial effort toward pre-suit investigation and identification of claims" as evidenced by extensive review of thousands of pertinent documents, research of factual and legal issues commencing a year prior to suit, and earlier filing of the initial complaint).  No single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the applicants' relative strengths.  *See* Fed. R. Civ. P. 23(g)(1)(A)-(B); 7B Charles Alan Wright, et al., *Federal Practice and Procedure* § 1802.3 (3d ed. 2005).

## B.   Proposed Duties and Responsibilities for Lead Counsel.

If LGN and PSW are appointed interim lead counsel, we will execute all duties and responsibilities of lead counsel toward an effective and efficient resolution of this litigation, including without limitation those specified in the Court's Initial Case Management Order, ECF No. 85 at 7-8.  These duties comport with the standards set out in the Manual for Complex Litigation and as described in greater detail in the Initial Case Management Order, include the following: presenting written and oral arguments to the court; communicating with opposing parties; initiating and organizing discovery requests and responses; conducting the examination of deponents; delegating specific tasks to other counsel; seeing that schedules are met; and other pretrial duties as may be incidental to the proper coordination of pretrial activities or authorized by further order of the Court.  *See* Manual § 10.221.

If appointed, LGN and PSW will also make efforts to ensure that this matter is adjudicated in an efficient manner, including establishing a time and expense reporting protocol for all counsel, which will be contained in a letter substantially in the form attached as Exhibit D to the Bruckner Exhibit Aff.  As described in greater detail in the draft letter, the protocol proposes that time and expenses be reported on a monthly basis, in tenths of an hour, by task.  LGN and PSW submit the draft letter for the Court's review and approval, and we welcome the Court's input and direction.

## C.    LGN and PSW Have Expended Significant Time and Resources to Investigate Plaintiffs' Claims and Advance This Litigation.

LGN and PSW have already taken significant steps to identify and investigate Plaintiffs' claims and to advance this litigation.  *See* Fed. R. Civ. P. 23(g)(1)(A)(i).  One factor a court may consider is whether an attorney has undertaken "the process of drafting the complaint [which] requires investigatory and analytical effort.'"  Moore's Federal Practice § 23.120[3][a] (2007); *see also Adedipe*, 2014 WL 835174, at *3 (appointing as interim lead counsel the firms that had filed the first class action complaints and had performed the most work in identifying and investigating potential claims).  LGN and PSW have done just that.

The depth and detail of the allegations in the *Maplevale Farms* complaint are one indication of LGN and PSW's efforts.  They commenced the related *Broiler* investigation, and have led DPPs' litigation of that case for two years.[6]  LGN and PSW also extensively investigated the pork market, the individual Defendants, and the facts alleged in the

---

[6] Bruckner Decl., ¶ 7; Simon Decl., ¶ 7.

complaints.[7]  This includes analyses of articles, research reports, SEC filings, conference calls, and investor presentations concerning the pork market and the individual Defendants.[8]

LGN and PSW have also retained expert consultants who analyzed the pork market and the economics of the industry.[9]  Their investigation, done without any prior or parallel investigation by the U.S. Department of Justice or any other government competition authority, led to the filing of the *Maplevale Farms* complaint, the first-filed case of the direct purchaser actions.[10]

This work did not stop upon the filing of the initial *Maplevale* action.  During the next several weeks LGN and PSW took the lead in preparing the DPP CAC filed on August 17, 2018.  *See Maplevale* Dkt. 83.[11]

LGN and PSW have also coordinated with other DPP counsel and counsel for Consumer IPPs and Commercial IPPs to pursue this investigation and manage this case.  They also have coordinated on pretrial matters including the preservation of documents and devices, completion of service on the Defendants, and the timing of Defendants' response to the consolidated amended complaints.[12]

---

[7] Bruckner Decl., ¶¶ 8-9; Simon Decl., ¶¶ 8-9.

[8] Bruckner Decl., ¶ 9; Simon Decl., ¶ 9.

[9] Bruckner Decl., ¶ 9; Simon Decl., ¶ 9.

[10] Bruckner Decl., ¶¶ 9-10; Simon Decl., ¶¶ 9-10.

[11]  Due to the fact that the Court had not yet entered an order consolidating the DPP actions, the identical Consolidated Amended Complaint was filed in each of the pending DPP Cases.

[12] Bruckner Decl., ¶¶ 11-15; Simon Decl., ¶¶ 11-15.

In the *Broiler Chicken* case and others, LGN and PSW worked closely with Consumer IPP counsel Gustafson Gluek PLLC and Hagens Berman Sobol Shapiro LLP, who filed the first Consumer IPP class action complaint, *Duryea, et al., v. Agri Stats, Inc., et al.*, Case No. 18-cv-01776 (D. Minn. filed June 28, 2018). If appointed DPPs' co-lead counsel, LGN and PSW will continue to coordinate with Consumer IPPs and Commercial IPPs to efficiently and effectively litigate these cases.[13]

**D.      LGN and PSW Have Extensive Experience in Class Actions and in Antitrust Litigation, and Know the Applicable Law.**

LGN and PSW have extensive experience in successfully prosecuting antitrust class actions and other complex litigation nationwide, and have demonstrated their extensive knowledge of antitrust and other applicable law. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii) and (iii). As one example, in addition to *Broiler Chicken,* LGN and PSW spearheaded and co-led *In re Potash Antitrust Litigation (No. II)*, MDL No. 1996 (N.D. Ill.) ("*Potash*"), a multidistrict antitrust class action involving potash sold in the United States. When a panel of the Seventh Circuit initially reversed Judge Castillo's comprehensive order denying defendants' motions to dismiss plaintiffs' highly detailed complaint, LGN and PSW obtained *en banc* review. The Seventh Circuit *en banc* unanimously affirmed Judge Castillo's ruling in an opinion of far-reaching importance. Among other things, the *en banc* opinion clarified the proper application in private civil litigation of the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a. *Minn-Chem, Inc. v. Agrium Inc*., 683 F.3d 845 (7th Cir. 2012). LGN and PSW ultimately obtained $90 million in settlements

---

[13] Bruckner Decl., ¶¶ 11-12; Simon Decl., ¶¶ 11-12.

for the direct purchaser class.  Like the *Broiler Chicken* action and the pork antitrust action now pending before this Court, LGN and PSW investigated and prosecuted the *Potash* case without the benefit of an investigation by the U.S. Department of Justice or other antitrust regulators.[14]

Below is a brief summary of LGN and PSW's experience.

### 1.    Lockridge Grindal Nauen P.L.L.P.

Lockridge Grindal Nauen ("LGN") is a 40-attorney firm with offices in Minneapolis, Washington, D.C., and Fargo, North Dakota.  LGN has specialized in antitrust and other federal civil litigation for 40 years.[15]  Joseph Bruckner, Brian Clark, Elizabeth Odette, Arielle Wagner, and the firm's other attorneys have prosecuted major cases and class actions involving price-fixing, industry cartels, predatory pricing, price discrimination, and other antitrust cases in courts nationwide.[16]  In just the last decade, LGN and its colleagues have recovered billions of dollars for their clients and class members in national and international antitrust cases.[17]  While relevant experience and qualifications are noted in detail in the Firm Resume in Exhibits B and C to the Bruckner Exhibit Aff., below is a description of some of the key attorneys working on this case.

---

[14] Bruckner Decl., ¶ 16; Simon Decl., ¶ 16.

[15] Bruckner Decl., ¶ 17.

[16] Bruckner Decl., ¶¶ 18-24.

[17] Bruckner Decl., ¶ 17.

### a)       W. Joseph Bruckner

Mr. Bruckner, a senior partner at LGN, is personally committed to prosecuting this case and will devote himself to its leadership.[18]  Mr. Bruckner leads LGN's antitrust law practice, and practices extensively in antitrust litigation in federal and state courts nationwide.  He has 30 years of experience representing plaintiffs in antitrust class actions and other complex litigation nationwide.[19]  He is a past chair of the Antitrust Law Section of the Minnesota State Bar Association, and also serves on the Board of Directors of the American Antitrust Institute, an independent, nonprofit organization devoted to promoting competition that protects consumers, businesses, and society.[20]  In addition to its research, education, and advocacy on the benefits of competition, the AAI grants annual antitrust enforcement awards recognizing outstanding achievement in antitrust litigation to individuals or teams in private practice, young lawyers, and economists.[21]

In addition to *Broiler Chicken* and *Potash*, mentioned above,[22] Mr. Bruckner and LGN have led or otherwise been extensively involved in many other major antitrust cases including, for example:

---

[18] Bruckner Decl., ¶ 3.

[19] Bruckner Decl., ¶ 24.

[20] Bruckner Decl., ¶ 24.

[21]    American   Antitrust   Institute,   Antitrust   Enforcement   Awards, https://www.antitrustinstitute.org/enforcement-awards  (last visited September 11, 2018).

[22] *In re Potash Antitrust Litigation (No. II)*, MDL No. 1996 (N.D. Ill.); *Minn-Chem, Inc. v. Agrium Inc*., 683 F.3d 845 (7th Cir. 2012).

- *In re Freight Forwarders Antitrust Litigation*, No. 08-cv-00042 (E.D.N.Y.): LGN is plaintiffs' co-lead counsel for a class of direct purchasers who allege that global freight forwarders conspired to fix, inflate and maintain prices and surcharges for U.S. Freight Forwarding Services.  To date, LGN and other co-lead counsel have recovered over $400 million for the class from twenty-nine defendant groups. [23]

- *In re Wholesale Grocery Products Antitrust Litigation*, MDL No. 2090 (D. Minn.):  LGN is Midwest Plaintiffs' co-lead counsel for a certified class of Midwest retail grocery stores who brought antitrust claims against the nation's two largest grocery wholesalers.  After settling with one defendant, Mr. Bruckner and Ms. Odette tried the Midwest Plaintiffs' claims against the remaining defendant to a jury verdict before Judge Montgomery. The judgment is now on appeal.

- *In re Monosodium Glutamate Antitrust Litig.*, MDL No. 1328 (D. Minn.): LGN was plaintiffs' co-lead counsel in this nationwide antitrust class action against national and international producers of food flavor enhancers.

- *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, MDL No. 1720 (E.D.N.Y.):  LGN serves on plaintiffs' executive committee

---

[23] Co-lead counsel in *Freight Forwarders* also include Gustafson Gluek, counsel for Consumer IPPs in this case.

in this nationwide antitrust class action against VISA, MasterCard, and several member banks.

- *In re Flat Glass Antitrust Litig. (II)*, MDL No. 1942, (W.D. Pa.):  LGN was plaintiff's class co-lead counsel in this nationwide antitrust class action against national and international manufacturers.

- *In re Urethane Antitrust Litig.*, MDL No. 1616 (D. Kan.):  LGN was plaintiffs' co-lead counsel in this nationwide antitrust class action against national and international manufacturers.

- *In re Pressure Sensitive Labelstock Antitrust Litig.*, MDL No. 1556 (M.D. Pa.):  LGN was plaintiffs' co-lead counsel in this nationwide antitrust class action against national and international manufacturers.

Mr. Bruckner's experience and qualifications are noted in more detail in his declaration.

### b)   Elizabeth R. Odette

Ms. Odette, a partner at LGN, is personally committed to prosecuting this case and will devote herself to its leadership.  Ms. Odette has extensive antitrust experience in numerous multidistrict and complex class actions throughout the country, most recently serving as trial counsel in the *In re Wholesale Grocery Products Antitrust Litig.*, MDL No. 2090 (D. Minn.) before the Honorable Ann D. Montgomery in April 2018.[24]  Ms. Odette

---

[24] *See* the Declaration of Elizabeth R. Odette in Support of Motion of Direct Purchaser Plaintiffs to Appoint Interim Co-Lead Class Counsel, ¶ 2.

was named an "Up and Coming Attorney" by Minnesota Lawyer Magazine in 2013. She has been consistently named a Super Lawyers Rising Star by her peers.[25]

In addition to *Broiler Chicken*, Ms. Odette and LGN have led or otherwise been extensively involved in many other major antitrust cases including, for example:

- *In re Wholesale Grocery Products Antitrust Litig.*, MDL No. 2090 (D. Minn.): LGN is Midwest Plaintiffs' co-lead counsel. In addition to vigorously litigating this case with Mr. Bruckner, Ms. Odette served as trial counsel in the Midwest Plaintiffs' trial of the case before Judge Montgomery in April 2018.

- *In re Blood Reagents Antitrust Litig.*, Case 2:09-md-02081-JD (E.D. Pa.): Ms. Odette served in a variety of roles in this litigation, most recently preparing for trial scheduled for June 2018 that resulted in a $19.5 million settlement with remaining defendant Ortho-Clinical Diagnostics. The fairness hearing on the settlement is scheduled for October 2018.

- *In re Aredia and Zometa Products Liability Litig. (E.D. Tenn. Case No. 06-md-1760)*: Ms. Odette actively participated on the trial team of more than a dozen bellwether trials remanded from *In re Aredia and Zometa Products Liability Litigation*, with a majority resulting in plaintiffs' verdicts. For example, in four federal trials, the juries returned verdicts for the plaintiff for $225,000, $10.45 million, $250,000 and $2.162 million respectively.

---

[25] *Id*. at ¶ 4.

- *In re Packaged Seafood Antitrust Litig.*, 15-MD-2670 JLS-MDD (S.D. Ca.):
  Ms. Odette represents of hundreds of consumer purchasers in complex
  antitrust class action against producers of tuna products currently conducting
  discovery and briefing for class certification.[26]

Ms. Odette's experience and qualifications are noted in her declaration.

### c)   Brian D. Clark

Mr. Clark, a partner at LGN, is personally committed to prosecuting this case and
will devote himself to its leadership.  Mr. Clark is a longtime member of LGN's antitrust
law group, practices extensively in antitrust litigation in federal and state courts
nationwide, and leads the firm's e-discovery practice group.  He advises clients of all sizes
on e-discovery matters and has taught e-discovery at the University of Minnesota Law
School for the past five years. Mr. Clark was named an "Up and Coming Attorney" by
Minnesota Lawyer Magazine in 2015.  He has been consistently named as a Super
Lawyers Rising Star by his peers.[27]

In addition to *Broiler Chicken*, Mr. Clark and LGN have led or otherwise been
extensively involved in many other major antitrust cases including, for example:

- *Kleen Products LLC, et al. v. International Paper, et al.*, No. 10-cv-05711
  (N.D. Ill.): LGN is on the plaintiffs' executive committee and has had
  extensive involvement in this case on behalf of direct purchasers of

---

[26] *Id.* at ¶ 3.

[27] *See* the Declaration of Brian D. Clark in Support of Motion of Direct Purchaser
Plaintiffs to Appoint Interim Co-Lead Class Counsel, ¶ 7.

containerboard (corrugated paper market).     Mr. Clark took over 10 depositions, including the CFO and CEO of the second largest defendant.

- *In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 2:16-md-02687 (D. N.J.): Mr. Clark represents 10 Minnesota municipalities and corporations regarding price-fixing and bid rigging by manufacturers of a water treatment chemical.

- *In re Resistors Antitrust Litig.*, No. 3:15-cv-03820 (N.D. Cal.): Mr. Clark represents indirect purchaser plaintiffs in the complex antitrust class action against manufacturers of resistors.

- *In re Capacitors Antitrust Litig.*, No. 3:14-cv-03264 (N.D. Cal.): Mr. Clark represents indirect purchaser plaintiffs in the complex antitrust class action against manufacturers of capacitors.

- *Miller & Graham v. Ramsey County Sheriff Matthew Bostrom & County of Ramsey*, No. 11-cv-2401 (D. Minn.): Mr. Clark represented defendants against claims of First Amendment retaliatory discharge by two former Ramsey County Sheriff's deputies, obtaining dismissal of Ramsey County and successfully defending Sheriff Bostrom in a jury trial in federal court.

Mr. Clark's experience and qualifications are noted in more detail in his declaration.

### d)     Arielle Wagner

Ms. Wagner is a 2016 graduate of the University of Minnesota School of Law.  She currently represents plaintiffs in a number of complex and class action matters including *In re EpiPen ERISA Litig.,* (D. Minn. Case. No. 0:17-1884-PAM-SER); *In re Facebook, Inc. Consumer Privacy User Profile Litig.,* (N.D. Cal. Case No. 1:18-md-02843-VC); *In*

*re Premera Blue Cross Customer Data Security Breach Litig.,* (D. Or. Case No. 3:15-md-2633-SI); and *In re Fedloan Student Loan Servicing Litig.,* (E.D. Pa. Case No. 18-md-02833-CDJ). She is actively involved in the multi-layered antitrust litigation *In re Generic Pharmaceuticals Pricing Antitrust Litig.,* (E.D. Pa. Case No. 16-md-2724) (19 separate actions filed), investigating new drugs at issue, vetting plaintiffs who purchased dozens of different generic drugs, briefing oppositions to numerous motions to dismiss, and drafting discovery. Ms. Wagner serves on the Board of Directors of the Minnesota American Indian Bar Association.

### 2.    Pearson, Simon & Warshaw, LLP.

Pearson, Simon & Warshaw ("PSW") is a civil litigation and trial firm with expertise in complex cases, including federal multidistrict litigation with offices in Los Angeles, San Francisco, and Minneapolis. Its attorneys have extensive experience in antitrust, consumer protection, securities fraud, and employment litigation. The firm handles both national and multi-national class actions that present cutting-edge substantive and procedural issues of law. PSW served as co-lead counsel representing the Los Angeles County Employee Retirement Association in *In re Credit Default Swaps Antitrust Litigation* ("CDS"), MDL No. 2476 (S.D.N.Y.), a class action on behalf of all purchasers and sellers of Credit Default Swaps ("CDS"), alleging that thirteen of the world's largest banks conspired for years to restrain the efficient trading of CDS, thereby inflating trading costs. After nearly three years of litigation and many months of intensive settlement negotiations, the litigation settled for $1,864,650,000 plus injunctive relief, one of the largest civil antitrust settlements in history. Attorneys at PSW also served as co-lead

counsel in such prominent cases as *In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal. MDL No. 1827) ("*TFT-LCD*") and *Potash.*   While relevant experience and qualifications are noted detail in the PSW Firm Resume in Exhibit E to the Bruckner Exhibit Aff., below is a description of some of the key PSW attorneys working on this case.

### a)   Bruce Simon

Mr. Simon, a partner at PSW, specializes in complex cases involving antitrust, securities, and consumer protection laws. He is personally committed to prosecuting this case and will devote himself to its leadership.[28]  Mr. Simon has been recognized for his service as co-lead counsel and trial counsel for the direct purchaser plaintiffs in *TFT-LCD*.[29]  After reaching settlements with several defendants totaling over $405 million, Mr. Simon and his trial team tried the case to an $87 million dollar verdict (before trebling) against Toshiba.[30]   Another $68 million was recovered for class members though settlements with Toshiba after trial and with another defendant on the eve of trial, for a total recovery of $473 million for the direct purchaser class.[31]  In 2013, California Lawyer Magazine awarded Mr. Simon a California Lawyer of the Year Award for his work in the *TFT-LCD* case.[32]  The verdict in that case was cited by the Daily Journal as one of the top 10 verdicts of the year.[33]  In 2018 Mr. Simon was named as the Antitrust Lawyer of the

---

[28] Simon Decl., ¶ 3.

[29] Simon Decl., ¶¶ 17-18.

[30] *See id.*

[31] *See id.*

[32] Simon Decl., ¶ 19.

[33] *See id.*

Year by the Antitrust, UCL and Privacy Section of the California Lawyers Association in recognition of his accomplishments during the course of his distinguished career.[34]

In addition to the cases described above, Mr. Simon currently serves in leadership positions in several other major antitrust cases including:

- *In re German Auto Manufacturers Antitrust Litigation*, MDL No. 2796 (N.D. Cal) ("*German Auto*").  Mr. Simon was appointed as chair of the plaintiffs' steering committee and lead counsel for the Indirect Purchaser Plaintiffs in this multidistrict antitrust litigation.  The complaint alleges that certain German car manufacturers unlawfully coordinated on several key car components, actively limiting the pace and extent of innovation, while also acting to promote consumers' perception of German cars as commanding a price premium.

- *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation*, Northern District of California, MDL No. 2451 (N.D. Cal.) ("*NCAA GIA*"):  Mr. Simon serves as co-lead counsel in this multidistrict litigation that alleges the NCAA and its member conferences violate the antitrust laws by capping the value of grant-in-aid athletic scholarships at far below the actual cost of attending school, and far below what the free market would bear.  PSW settled the damages claims for $208 million dollar in settlements.  Mr. Simon is currently serving co-lead trial

---

[34] *See* Simon Decl. ¶ 23.

counsel in the injunctive portion of the case, which is scheduled to be completed on or about September 26, 2018.[35]

**b)**     **Daniel L. Warshaw**

Daniel L. Warshaw is one of the founding partners of PSW and has over 20 years of experience representing clients in complex litigation and class actions and have been appointed class counsel in numerous cases.  During his career, Mr. Warshaw's has played a key role numerous nationwide antitrust class action lawsuits including *German Auto* and *TFT-LCD*.  Mr. Warshaw has also served class counsel in numerous other complex class action lawsuits including: *In re Carrier IQ, Inc. Consumer Privacy Litigation*, No. C-12-md-2330-EMC (N.D. Cal.), a nationwide class action alleging that mobile phone diagnostics company, Carrier IQ, Inc., and numerous mobile phone manufacturers, improperly intercepted consumer information in violation of state and federal law; *Wolph v. Acer America Corp.*, No. C 09-1314 (N.D. Cal.), a nationally certified class action involving defective Acer computers that resulted in a class-wide settlement; *In re Warner Music Group Corp. Digital Downloads Litigation*, No. CV 12-559-RS (N.D. Cal.) and *James v. UMG Recordings, Inc.*, No. CV 11-1613-SI (N.D. Cal.), cases involving allegations of underpaid royalties to recording artists and producers for digital downloads of their music; *Nasseri v. CytoSport, Inc.*, No. BC439181 (L.A. Super. Ct.), a class action involving claims that CytoSport, Inc. failed to adequately disclose the amount of lead, mercury and arsenic contained in its protein supplements in violation of Proposition 65 and

---

[35] *See* Simon Decl. ¶¶ 21-22; *see also* PSW Firm Resume.

state consumer statutes; and *Sciortino, et al. v. PepsiCo, Inc.*, No. 14-CV-478 (N.D. Cal.) class action alleging that Pepsi beverages contained elevated levels of the chemical 4-Methylimidazole in violation of California's Proposition 65 and state consumer statutes.[36]

### c)     Melissa S. Weiner

Melissa S. Weiner is a partner in PSW's Minneapolis office, with a practice focused on complex litigation and class action lawsuits.  Ms. Weiner has extensive experience in complex class action lawsuits challenging tobacco marketing, predatory pricing for low-income consumers, defective construction products, and false advertisement.  Ms. Weiner has been named a Super Lawyers Rising Star by Minnesota Law & Politics each year since 2012.  Ms. Weiner also serves on the Executive Board for Public Justice, co-chairs the Mass Tort and Class Action practice group for the Minnesota Chapter of the Federal Bar Association and serves on the Minnesota Bar Association Food & Drug Law Council.[37]

### d)     Bobby Pouya

Mr. Pouya is an attorney at PSW and a primary member of the firm's litigation team in multiple complex and class action cases.  Mr. Pouya has handled dozens of complex class action lawsuits, including a number of large multidistrict antitrust class action lawsuits.[38]  Mr. Pouya is one of the primary attorneys representing Direct Purchaser

---

[36] *See* PSW Firm Resume; *see also* Declaration of Daniel L. Warshaw in Support of Motion of Direct Purchaser Plaintiffs to Appoint Interim Co-Lead Counsel.

[37] *See* PSW Firm Resume; *see also* Declaration of Melissa S. Weiner in Support of Motion of Direct Purchaser Plaintiffs to Appoint Interim Co-Lead Counsel.

[38] *See* PSW Firm Resume; *see also* Declaration of Bobby Pouya in Support of Motion by Direct Purchaser Plaintiffs to Appoint Interim Co-Lead Counsel ("Pouya Decl."), ¶ 4.

Plaintiffs in the *Broiler Chicken* litigation and is actively involved in all aspects of that case.[39]   In addition to the *Broiler Chicken* litigation, Mr. Pouya's experience includes playing a key role in the following cases: *In re Polyurethane Foam Antitrust Litig*. (N.D. Ohio): an MDL antitrust class action alleging price fixing of polyurethane foam products by the largest manufacturers in the United States; *In re Fresh and Processed Potatoes Antitrust Litig*. (D. Idaho): an MDL antitrust class action alleging defendants exploited industry associations to implement coordinated supply restrictions in a manner that exceeded permissible agricultural cooperatives under the Capper-Volstead Act; and *Senne, et al. v. Office of the Commissioner of Baseball, et al.,* Case No. 14-cv-0608 (N.D. Cal): a class action against Major League Baseball and its member clubs violate the FLSA and state wage and hour laws by failing to pay minor league baseball players minimum wage and overtime.  Mr. Pouya has been recognized by his peers as a Super Lawyers Rising Star every year since 2008.[40]

**E.     LGN and PSW Have the Resources Necessary to Effectively Prosecute this Litigation.**

LGN and PSW stand ready to dedicate the resources necessary to represent and protect the interests of the putative direct purchaser plaintiffs' class through rigorous motion practice, discovery, class certification, and trial. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). They have demonstrated their dedication and commitment in the many complex cases discussed above, including *Broilers*, *Potash*, *Freight Forwarders*, *MSG*, *Payment Card*,

---

[39]   Pouya Decl. ¶ 5.

[40]   *See* PSW Resume; *see also* Pouya Decl.

*CDS*, and *TFT-LCD*.  They will bring the same resources and commitment to ensure the successful prosecution of this case.[41]

## F.    Direct Purchaser Plaintiffs' Counsel Unanimously Support LGN and PSW as Interim Co-Lead Class Counsel.

The most common method for selecting interim class counsel is court review of a consensus among plaintiffs as to who should serve as interim lead class counsel, or "private ordering."  *See* Manual § 21.272, at 279-80.  Under the private ordering approach, counsel agree on who would best serve as interim class counsel, and the court reviews the proposal to "ensure that counsel selected is adequate to represent the class interests."  *Id*.  Where, as here, experienced plaintiffs' counsel have demonstrated the ability to work cooperatively with each other, with the court and, as here, with other highly experienced plaintiffs' counsel, such counsel should be appointed lead counsel.  *See In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, No. MDL 05-1720-JG-JO, 2006 WL 2038650, at *2 (E.D.N.Y. Feb. 24, 2006) (in deciding on lead counsel, the court considered the fact that a number of law firms qualified to lead the litigation voluntarily gave up that claim "to present a unified—and therefore more likely successful—leadership proposal.")  Here, all DPPs and their counsel support the proposed structure.[42]  These include counsel highly experienced in their own right, who agree that LGN and PSW should lead DPPs in this case.

---

[41] Bruckner Decl., ¶¶ 17-23, 26-29; Simon Decl., ¶¶ 17-25.

[42] Bruckner Decl., ¶ 30; Simon Decl., ¶ 26.

**G.     LGN and PSW Will Continue to Work Cooperatively with All Counsel.**

As demonstrated by their early success in achieving private ordering, LGN and PSW have an effective management style.  They will coordinate and efficiently deploy the skill and efforts of other DPP counsel in this litigation, and will work closely with Consumer IPP counsel and Commercial IPP counsel toward the same end.  They also have a demonstrated record of accomplishment in working professionally with defense counsel, and will continue to do so.  *See Baker v. Saint-Gobain Performance Plastics Corp.*, No. 1:16-CV-0220 (LEK/DJS), *et al.*, 2016 WL 4028974, at *4 (N.D.N.Y. July 27, 2016) (interim counsel's "ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court" are important considerations) (internal quotations omitted; citing Manual for Complex Litigation, § 10.224).  LGN and PSW will make every effort to prosecute this case successfully, as they have done in *Broilers, Potash,* and other cases.

## IV.     <u>CONCLUSION</u>

For these reasons, all Direct Purchaser Plaintiffs respectfully request that the Court appoint Lockridge Grindal Nauen, P.L.L.P. and Pearson, Simon & Warshaw, LLP, as interim co-lead class counsel, to represent the DPP Plaintiffs and the DPP class in this litigation.

Dated: September 26, 2018                    Respectfully submitted,


                                             s/ W. Joseph Bruckner
                                             W. Joseph Bruckner (MN #0147758)
                                             Elizabeth R. Odette (MN #0340698)
                                             Brian D. Clark (MN #0390069)
                                             Arielle S. Wagner (MN #0398332)
                                             LOCKRIDGE GRINDAL NAUEN P.L.L.P.
                                             100 Washington Avenue South, Suite 2200
                                             Minneapolis, MN 55401
                                             T:  (612) 339-6900
                                             F:  (612) 339-0981
                                             wjbruckner@locklaw.com
                                             erodette@locklaw.com
                                             bdclark@locklaw.com
                                             aswagner@locklaw.com


                                             Bruce L. Simon
                                             PEARSON, SIMON & WARSHAW, LLP
                                             44 Montgomery Street, Suite 2450
                                             San Francisco, CA 94104
                                             T: (415) 433-9000
                                             F:  (415) 433-9008
                                             bsimon@pswlaw.com


                                             Daniel L. Warshaw
                                             Bobby Pouya
                                             PEARSON SIMON & WARSHAW, LLP
                                             15165 Ventura Boulevard, Suite 400
                                             Sherman Oaks, CA 92403
                                             T: (818) 788-8300
                                             F: (818) 788-8104
                                             dwarshaw@pswlaw.com
                                             bpouya@pswlaw.com

529402                                            25

Melissa S. Weiner (MN #0387900)
PEARSON, SIMON & WARSHAW, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
T: (612) 389-0600
F: (612) 389-0610
mweiner@pswlaw.com

*Proposed Interim Co-Lead Class Counsel for
Direct Purchaser Plaintiffs*