UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br>Direct Purchaser Plaintiffs actions | Case No. 0:18-cv-01776-JRT-HB |

**[PROPOSED] ORDER GRANTING
MOTION OF DIRECT PURCHASER PLAINTIFFS
TO APPOINT INTERIM CO-LEAD CLASS COUNSEL**

Now before the Court is the Motion of Direct Purchaser Plaintiffs to Appoint Interim Co-Lead Class Counsel (ECF No. 94).

This motion relates to a set of antitrust cases alleging that Defendants conspired to fix and maintain prices in the pork market in violation of the federal antitrust laws.

The Court concludes that interim co-lead counsel for Direct Purchaser Plaintiffs ("DPPs") should be appointed in order to achieve efficiency and economy in what is likely to be expensive and complicated litigation, while not jeopardizing fairness to the parties.[1]

DPPs' counsel has moved the Court to appoint the law firms of Lockridge Grindal Nauen P.L.L.P. and Pearson, Simon & Warshaw, LLP as interim co-lead class counsel. The Court has carefully reviewed the motion and its accompanying submissions, and has also considered the factors outlined in Rule 23(g) of the Federal Rules of Civil Procedure.

---

[1] This case involves three groups of plaintiffs: DPPs, who bought broilers directly from the defendants; Consumer Indirect Purchaser Plaintiffs; and Commercial Indirect Purchaser Plaintiffs. *See* Initial Case Management Order at 4-5, ECF No. 85, September 21, 2018. This order pertains only to the DPP cases.

530198.1

The parties' submission demonstrates that Lockridge Grindal Nauen P.L.L.P. and Pearson, Simon & Warshaw, LLP satisfy the requirements of Rule 23(g). This includes the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class. The Court also notes that all counsel for all Direct Purchaser Plaintiffs support the appointment of Lockridge Grindal Nauen P.L.L.P. and Pearson, Simon & Warshaw, LLP as co-lead counsel.

**IT IS HEREBY ORDERED:**

1. For the foregoing reasons, the Motion of Direct Purchaser Plaintiffs to Appoint Interim Co-Lead Class Counsel is granted. Lockridge Grindal Nauen P.L.L.P. and Pearson, Simon & Warshaw, LLP are appointed interim co-lead class counsel for DPPs under Fed. R. Civ. P. 23(g) ("DPP Interim Co-Lead Counsel").

2. The duties of DPP Interim Co-Lead Counsel will include:

    a. To determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of DPPs on all matters arising from pretrial proceedings;

    b. To coordinate the initiation and conduct of discovery on behalf of DPPs consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories

530198.1

      and requests for production of documents and the examination of witnesses in depositions;

c.   To conduct settlement negotiations on behalf of DPPs and any proposed DPP classes, but not enter into binding agreements except to the extent authorized by law;

d.   To delegate specific tasks to other counsel in a manner to ensure that pretrial preparation is conducted efficiently and effectively;

e.   To enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

f.   To prepare and distribute periodic status reports to the parties;

g.   To maintain adequate contemporaneous time and cost records covering services as lead counsel and collect such information from DPPs' co-counsel on at least a monthly basis.  Lead counsel will provide summaries of such time and cost records for in camera review at the Court's request;

h.   To monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

i.   To perform such other pretrial duties as may be incidental to the proper coordination of pretrial activities or authorized by further order of the Court.

530198.1

3. In no event shall any document be filed, or any discovery be served, on behalf of DPPs without the approval of DPP Interim Co-Lead Counsel or leave of Court, and any such filing may be stricken.

4. To the extent consistent with their duties to the Direct Purchaser Plaintiffs and any proposed DPP classes, co-lead class counsel for Direct Purchaser Plaintiffs also shall coordinate with lead counsel for Consumer Indirect Purchaser Plaintiffs and Commercial Indirect Purchaser Plaintiffs and with counsel of other Plaintiffs as appropriate, and shall coordinate the activities of their respective Plaintiffs during pretrial proceedings.

**IT IS SO ORDERED.**

Dated: _____

HILDY BOWBEER
United States Magistrate Judge

530198.1