UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | No. 0:18-cv-01776-JRT-HB |
| This Document Relates To: | |
| Commercial and Institutional Indirect Purchaser Plaintiff Actions | |
| *Sandee's Bakery, et al. v. Agri Stats, Inc. et al.* | No. 0:18-cv-01891-JRT-HB |

**Memorandum in Support of Unopposed Co-Lead Counsel
Application to Appoint Jonathan W. Cuneo and Shawn M. Raiter
as Interim Co-Lead Counsel for Commercial and
Institutional Indirect Purchaser Plaintiffs**

## Introduction

Leading and coordinating antitrust class actions requires a strong understanding of antitrust jurisprudence and strategy, as well as judgment gained from having led similar cases. Interim co-lead counsel applicants Jonathan W. Cuneo (Cuneo Gilbert & LaDuca, LLP) and Shawn M. Raiter (Larson • King, LLP) have that experience. The Court should appoint Mr. Cuneo and Mr. Raiter interim co-lead counsel to represent the Commercial and Institutional Indirect Purchaser ("CIIP") plaintiffs. No other application is being submitted to lead the CIIP cases in these actions.

The CIIP plaintiffs are intermediate-level indirect purchasers of pork products. The CIIP plaintiffs occupy a unique place in the distribution chain of pork products—sitting between direct purchasers and certain end consumers. Mr. Cuneo and Mr. Raiter have significant antitrust experience and have successfully led several antitrust MDL actions

involving intermediate indirect purchasers that purchased in intermediate positions similar to the CIIPs. Mr. Cuneo and Mr. Raiter filed the first CIIP action in this litigation and have the support of the attorneys and CIIP plaintiffs in that action.

Mr. Cuneo has decades of antitrust experience. He previously worked as an attorney in the Office of the General Counsel of the Federal Trade Commission and worked as counsel to the Subcommittee on Monopolies and Commercial law of the U.S. House of Representative's Committee on the Judiciary. He is the co-editor of a textbook, THE INTERNATIONAL HANDBOOK OF PRIVATE ENFORCEMENT OF COMPETITION LAW (Edward Elgar Publishing Inc., 2010). Mr. Cuneo was recently honored by the American Antitrust Institute with the *Alfred E. Kahn Award for Antitrust Achievement*, which is awarded to individuals who have contributed greatly in the antitrust field.

Mr. Raiter has been appointed co-lead counsel for intermediate indirect purchasers in MDLs and has worked in the plaintiff leadership groups in other antitrust actions. He has also been appointed sole lead counsel in several MDL and coordinated actions venued in the District of Minnesota. Mr. Raiter has first-chaired jury trials in state, federal, and administrative courts. He has been recognized by his peers for more than a decade in *The Best Lawyers in America* (plaintiffs' and defendants' mass tort and class action litigation) and as a Minnesota "Super Lawyer" (class action / mass tort litigation).

Rule 23(g) of the Federal Rules of Civil Procedure requires that the Court "must appoint the applicant best able to represent the interests of" the plaintiffs. Fed. R. Civ. P. 23(g). Mr. Cuneo and Mr. Raiter are best able to represent the interests of the CIIPs because they have done exactly that in other actions. They and their firms have and will commit the

resources necessary to successfully pursue this litigation and, along with the other firms that support their appointment, will work efficiently for the members of the CIIP putative class. Their experience representing businesses in antitrust and other complex actions makes them "best able to represent" the interests of the CIIPs.

**Factual Background**

### A.   Intermediate-Level Indirect Purchaser Actions.

In 2012, Judge Marianne Battani of the Eastern District of Michigan appointed Jonathan Cuneo, Shawn Raiter, and Don Barrett interim co-lead counsel for indirect purchaser automobile dealerships in MDL 2311: *In re Automotive Parts Antitrust Litigation*, 2:12-md-02311 (E.D. Mich.) They were appointed to represent putative classes of thousands of automobile dealerships in dozens of actions stemming from the largest antitrust investigation in the history of the Department of Justice's Antitrust Division. (*See* Declaration of Jonathan W. Cuneo).

The *Automotive Parts* litigation involves more than 45 different conspiracies (each their own case) and more than 160 defendants, most of which are foreign companies. (Cuneo Decl.; Declaration of Shawn M. Raiter). It has been described as the largest, most complex, antitrust investigation and litigation in U.S. history. Like the CIIPs in the present cases, automobile dealerships in *Automotive Parts* are intermediate indirect purchasers that bought the affected parts and vehicles in between the direct purchasers and the ultimate buyers. The *Automotive Parts* litigation has involved hundreds of depositions, hundreds of motions, and the production of tens of millions of pages of documents (many in foreign languages). *Id. Automotive Parts* has resulted in over $1.6 billion in indirect purchaser settlements. *Id.*

3

Under the leadership of Mr. Cuneo and Mr. Raiter, and their Co-Lead counsel Don Barrett, the indirect purchaser automobile dealership plaintiffs have already recovered well over $300 million in settlements. *Id.*

Before *Automotive Parts* there were few, if any, successful antitrust actions brought for intermediate-level indirect purchasers. (Cuneo Decl.) Mr. Cuneo and Mr. Raiter have subsequently led other intermediate-level indirect purchaser actions like *In re Vehicle Carrier Services Antitrust Litig.*, MDL No. 2471 (Co-Lead counsel representing a putative class of thousands of automobile dealers bringing indirect purchaser actions against various vehicle shipping companies) and *In re Generic Pharmaceuticals Pricing Antitrust Litig.*, MDL No. 2724 (E.D. Pa.) (representing a putative class of indirect purchaser pharmacy resellers bringing indirect purchaser actions against drug manufacturers) (Cuneo Decl.)

Directly relevant to this case, Mr. Cuneo is the sole court-appointed lead counsel for indirect purchaser commercial food preparers in *In re Packaged Seafood Products Antitrust Litig.*, Case No. 3:15-md-02670-JLS-MDD (S.D. Cal.) (Cuneo Decl.) In the *Packaged Seafood* MDL, the plaintiffs allege a price-fixing conspiracy between the leading packaged tuna manufacturers—Chicken of the Sea, StarKist, and Bumble Bee, and their parent companies. *Id.* Mr. Raiter also represents the commercial food preparers in that litigation and works closely with Mr. Cuneo on the leadership and coordination of the law firms representing the CIIPs. (Cuneo Decl.; Raiter Decl.) Like the present cases, the *Packaged Seafood* litigation involves antitrust claims and defenses unique to the putative class of commercial and institutional indirect purchasers.

4

### B.  CIIP Cases in the Pork Litigation.

Mr. Cuneo and Mr. Raiter filed the first CIIP case in this litigation with Sandee's Bakery as the lead representative plaintiff. They had the benefit of reviewing the complaints filed by the direct and consumer purchasers but then undertook their own investigation of potential claims for CIIPs. (Cuneo Decl.) This work included researching the potential viability of CIIP claims and reviewing economic and other data with an expert they engaged prior to drafting the complaint for CIIPs. *Id.*

Following the parties' stipulation concern consolidation and amendments to the complaints, an additional seven named plaintiffs were added as putative class representatives to the *Sandee's* case. *See* Case No. 0:18-cv-01891-JRT-HB (D. Minn.), Docket No. 63. The businesses serving as lead CIIP plaintiffs in *Sandee's* operate commercial food preparation businesses in Minnesota, California, Florida, New York, Wisconsin, Arkansas, and Mississippi. *Id.* Six law firms represent the CIIP plaintiffs in the *Sandee's* action. *Id.* Several weeks later, a second CIIP action was started for two putative class representatives. *See* Case No. 0:18-cv-02113-JRT-HB (D. Minn.) The complaint filed in that action was similar to the *Sandee's* complaint but involved two new plaintiffs represented by two law firms. *Id.*

### C.  Proposed CIIP Leadership.

The businesses serving as representative plaintiffs in the *Sandee's* action and the six law firms representing those businesses, support a two-person co-lead structure to lead the litigation for the CIIPs. (Raiter Decl.) Mr. Cuneo and Mr. Raiter work well together as co-lead counsel and believe that this leadership structure best suits the interests of the CIIPs in

this litigation.  *Id.*  Counsel for the second CIIP case are not seeking appointment under Rule 23(g) and do not oppose this application.  (Raiter Decl.)

## Legal Standard

Federal Rule of Civil Procedure 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the class."  "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities ...."  Manual For Complex Litigation (Fourth) § 21.11 (2004). When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A).  *See In re Air Cargo Shipping,* 240 F.R.D. 56, 57 (E.D.N.Y.2006). Rule 23(g)(1)(A) provides that the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.

When more than one counsel satisfies these requirements for adequacy, Rule 23(g)(2) provides that the court "must appoint the applicant best able to represent the interests of" the plaintiffs.

## Argument

**I.     Proposed Interim Co-Lead Counsel Are Well-Qualified And Satisfy the Rule 23 Prerequisites For CIIP Leadership.**

The Court should appoint Mr. Cuneo and Mr. Raiter to serve as the Interim Co-Lead Counsel for the CIIPs.  They have extensive experience leading—not just working on—antitrust matters.  More importantly, they have actually led and coordinated, with success,

6

other intermediate indirect purchaser antitrust class actions. Their roles in *Auto Parts, Packaged Seafood, Generic Pharmaceuticals,* and *Vehicle Carrier Services,* make them best qualified to lead the CIIP litigation here.

As noted above, Rule 23 dictates that courts must look to the following factors when considering motions such as this:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

FED. R. CIV. P. 23(g)(1)(A). These factors confirm that Mr. Cuneo, Mr. Raiter, and their law firms are well-qualified to serve as Interim Co-Lead Counsel, and are "best able to represent the interests of the class" of CIIP Plaintiffs. FED. R. CIV. P. 23(g)(2).

### A. Proposed Interim Co-Lead Counsel Have Worked To Identify and Investigate Potential Claims in this Action, Have Engaged Consulting Experts, and Have Already Coordinated the Efforts of Counsel in the First-Filed CIIP Action.

Before filing the first CIIP case, proposed Interim Co-Lead Counsel invested significant time and resources into this litigation, including investigating and drafting the complaint in the CIIP Action, investigating the nature of the alleged conspiracy and its effect on CIIPs, and coordinating strategy with counsel for other CIIPs. (Cuneo Decl.; Raiter Decl.) They devoted significant time and resources to research and assess the viability of CIIP claims. *Id.* The work done preparing the first CIIP complaint supports the appointment of Mr. Cuneo and Mr. Raiter. *See* Moore's Federal Practice § 23.120(3)(a) (2007).

Because of their experience leading litigation involving intermediate indirect purchasers in antitrust actions, Mr. Cuneo and Mr. Raiter have identified and worked with economists who specialize in analyzing and quantifying the damage that intermediate indirect purchasers sustain because of antitrust conspiracies. (Cuneo Decl.; Raiter Decl.) Mr. Cuneo and Mr. Raiter have already engaged such experts for this litigation. *Id.* In addition and as a result of the agricultural and commodities aspects of these cases, Mr. Cuneo and Mr. Raiter have also engaged a highly qualified expert who specializes in agricultural antitrust issues to assist with the prosecution of the CIIP claims. *Id.*

Through their work representing commercial food preparer plaintiffs in *Packaged Seafood*, Mr. Cuneo and Mr. Raiter are well-familiar with and have addressed nearly identical issues and decisions that the CIIPs will face in this pork litigation. Many of the same issues that confronted the intermediate indirect purchasers in the *Automotive Parts, Generic Pharmaceuticals,* and *Vehicle Carrier Services* cases led by Mr. Cuneo and Mr. Raiter will also be present in the pork litigation. Before filing the CIIP pork action, Mr. Cuneo and Mr. Raiter were acutely familiar with the potential claims, defenses, challenges, and opportunities for the CIIPs.

Mr. Cuneo and Mr. Raiter have already implemented billing and expense directives for the law firms working on the *Sandee's* case and have coordinated the activities of those firms. (Cuneo Decl.; Raiter Decl.) Mr. Cuneo and Mr. Raiter have and will carefully monitor and assign work to avoid unnecessary duplication of effort. *Id.* They have also established a litigation fund to pay for the costs incurred to advance the CIIPs' claims. *Id.*

Since filing the *Sandee's* action, Mr. Cuneo and Mr. Raiter have met and communicated with defense counsel and counsel for the other plaintiff groups to coordinate various pretrial matters including the development of the initial pretrial orders and stipulations. (Raiter Decl.). They have participated in various conference calls and meet and confers regarding preservation of evidence, ESI, and other pretrial matters. *Id.* They have also worked to coordinate the CIIP efforts with counsel for the later-filed CIIP action and have directed and coordinated the efforts of the law firms that appear on the *Sandee's* complaint. *Id.*

### B. Proposed Interim Co-Lead Counsel Have Significant Experience Handling Class Actions, Other Complex Litigation, and Claims of the Type Asserted in This Action.

#### 1. Proposed Co-Lead Counsel Have Significant Antitrust Experience.

An applicant's experience and knowledge of the *particular* subject matter of a class action lawsuit is often the determining factor in lead counsel appointments. *See, e.g.*, *In re Crude Oil Commodity Future Litig.*, 2012 WL 569195, at * 2 (S.D. N.Y. February 14, 2012); see also *Hodges v. Bon Secours Health System*, 2016 WL 4447047 at * 2 (D. Md. Aug. 24, 2016) (appointing as co-lead counsel two firms that "have the most experience litigating this complicated issue . . .") Ultimately, the court's task in deciding these motions is "to protect the interests of the plaintiffs, not their lawyers." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.,* 2006 WL 2038650, at *4 (E.D.N.Y. Feb. 24, 2006). The Court must appoint the "applicant 'best able to represent the interests of the class.'" *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 272 (S.D.N.Y. 2009) (quoting Fed. R. Civ. P. 23(g)(2)).

Mr. Cuneo and Mr. Raiter's antitrust experience—and particularly the experience representing intermediate indirect purchasers like the CIIPs—makes them well-suited to serve as interim lead counsel.

### a. Jonathan Cuneo and Cuneo Gilbert & LaDuca Attorneys.

Mr. Cuneo and his law firm have particularly deep antitrust experience. (*See* Cuneo Decl.) Mr. Cuneo previously worked as an attorney in the Office of the General Counsel of the Federal Trade Commission and worked as counsel to the Subcommittee on Monopolies and Commercial law of the U.S. House of Representative's Committee on the Judiciary. *Id.* He is the co-editor of a textbook, THE INTERNATIONAL HANDBOOK OF PRIVATE ENFORCEMENT OF COMPETITION LAW (Edward Elgar Publishing Inc., 2010).

Mr. Cuneo has been appointed interim sole or co-lead counsel for intermediate indirect purchaser plaintiffs in *Packaged Seafood* (Lead Counsel), *Automotive Parts* (Co-Lead Counsel), *Generic Pharmaceuticals* (Lead Counsel), and *Vehicle Carrier Services* (Co-Lead Counsel). (Cuneo Decl.) This experience is directly applicable to the particular claims and issues present for the CIIPs in this litigation.

Mr. Cuneo has been recognized by the antitrust bar for his contributions to antitrust law. He was honored by the American Antitrust Institute with the *Alfred E. Kahn Award for Antitrust Achievement*, which is awarded to individuals who have contributed greatly in the antitrust field. The AAI lauded his efforts to defend the antitrust laws even when there existed immense external pressure to weaken them in the 1980s, stating, "Mr. Cuneo was the only person outside of the government to be a spokesperson, clearinghouse, and advocate for strong antitrust enforcement." (Cuneo Decl.)

Also working on this litigation at Mr. Cuneo's firm is Joel Davidow. Mr. Davidow is one of the country's most experienced and distinguished antitrust lawyers. (Cuneo Decl.) Mr. Davidow worked at the U.S. Federal Trade Commission, followed by 15 years in the Antitrust Division of the Department of Justice, where he eventually served as Chief of the Foreign Commerce Section and then Director of Policy and Planning. *Id.* Mr. Davidow has been a partner in several firms that advised and represented major corporations. *Id.* Mr. Davidow has been an adjunct Professor of Law at George Washington University School of Law, Columbia Law School, Georgetown Law Center, American University Law School, and George Mason University Law School, where he has taught courses in antitrust, regulation, and international competition policy. *Id.* Mr. Davidow is also the author of the ANTITRUST GUIDE FOR INTERNATIONAL BUSINESS ACTIVITIES (BNA, 4th ed. 2011). *Id.*

Cuneo Gilbert & LaDuca attorneys Yifei (Evelyn) Li and Blaine Finley will also work on this matter. Ms. Li was born in China and attended The George Washington University Law School (LL.M., 2011) and Beijing Foreign Studies University Law School (LL.B., B.A., Scholarship Recipient, 2010). Before joining Cuneo Gilbert & LaDuca, she served as a judicial intern to the Honorable Chief Judge Randall R. Rader at the U.S. Court of Appeals for the Federal Circuit (2012-2013) and also worked in legal roles in China. Ms. Li is a native speaker of Chinese (Mandarin) and has worked with Mr. Cuneo on numerous antitrust matters, including *Automotive Parts*. (*See* Ex. A to Cuneo Decl.)

Cuneo Gilbert & LaDuca attorney A. Blaine Finley is a graduate of Columbia Law School (J.D., 2014) and Princeton University (A.B., 2011). Prior to joining the firm, Mr. Finley practiced for several years at a class action firm handling primarily securities litigation.

11

Since joining Cuneo, Gilbert & LaDuca, Mr. Finley has worked on numerous antitrust matters including *Packaged Seafood.* Working with Mr. Cuneo, Mr. Finley has been the Cuneo, Gilbert, & LaDuca attorney most active *Package Seafood* and has formulated discovery demands, engaged in scores of meet and confers, prepared deposition outlines, taken depositions, supervised the defense of depositions and appeared in court on multiple occasions. (*See* Ex. A to Cuneo Decl.)

### b. Shawn Raiter and Larson King Attorneys.

Mr. Raiter has also been appointed co-lead counsel in antitrust intermediate indirect purchaser actions such as *Automotive Parts* (Co-Lead Counsel) and *Vehicle Carrier Services* (Co-Lead Counsel). (Raiter Decl.) He also works in the leadership groups, working closely with Mr. Cuneo, in other intermediate indirect purchaser cases like *Packaged Seafood Products*, and *Generic Pharmaceuticals. Id.* Mr. Raiter has also served as lead counsel for parties involved in non-class action antitrust matters. *Id.*

Larson · King attorney Kelly Lelo graduated *cum laude* from William Mitchell College of Law in 2003 after completing her undergraduate studies at Gustavus Adolphus College. She has practiced her entire career at Larson · King and focuses her practice on representing plaintiffs in complex and class litigation cases. She has been named a "Rising Star" in the class action practice area by Minnesota Lawyer since 2010 and has worked on numerous MDL and class action matters, including antitrust actions. Ms. Lelo is a member of the Diversity Committee of the Minnesota Federal Bar Association, is the Programming Committee Co-Chair of the Minnesota Women Lawyers Association, and is a member of the National Association of Women Lawyers. (*See* Raiter Decl.)

Larson · King attorney Sanaa Assa holds an LL.B. degree in Dutch Law, an LL.B. degree in International and European Law, and an LL.M. degree in International Law and European Public Law from Tilburg University in the Netherlands. She graduated from the University of Minnesota Law School with a J.D. in 2017 and is fluent in English, Dutch, and Moroccan Berber. (*See* Raiter Decl.)

### 2. Jonathan Cuneo and Cuneo Gilbert & LaDuca Class Action and Complex Litigation Experience.

Mr. Cuneo and his Washington, D.C. based law firm provide a wealth of litigation, leadership, claims resolution, and strategy experience. He and his firm have successfully led large, multidistrict litigation with a demonstrated ability to organize and manage large litigation and to do so cooperatively with counsel for all of the involved parties. (Cuneo Decl.) Other federal courts have recognized this by appointing these attorneys to leadership positions in other MDL and class actions. *Id.*

Cuneo Gilbert & LaDuca devotes the majority of its practice to the representation of clients involved in antitrust, securities, corporate governance, consumer protection, and products liability complex and class action litigation. (Cuneo Decl.) The firm has achieved success for a range of clients by recovering billions of dollars in shareholder litigation, obtaining compensation for Holocaust survivors, and recovering hundreds of millions of dollars for homeowners with defective construction materials. *Id.* The firm has years of experience litigating and prosecuting complex class actions, including such cases as the *Enron Securities Litigation* where more than $7 billion was recovered for defrauded investors and CertainTeed's defective organic shingles litigation where the firm served as Co-lead Counsel in an MDL that secured a settlement valued at more than $700 million. *Id.*

### 3. Shawn Raiter and Larson • King Class Action and Complex Litigation Experience.

Mr. Raiter and his St. Paul, Minnesota-based law firm, Larson • King, LLP, represents both plaintiffs and defendants and regularly leads class action and mass tort litigation. (Raiter Decl.) When representing plaintiffs, Larson • King has recovered approximately $3 billion for its clients. *Id.* The firm also represents businesses in class and mass tort actions. Mr. Raiter has been recognized by his peers for nearly a decade in *The Best Lawyers in America* and is one of only a few lawyers selected for his work representing *both* plaintiffs and defendants in mass tort and class action litigation. *Id.*

Mr. Raiter has served as the sole lead or co-lead counsel in several MDL litigations involving substantive claims other than antitrust, including *In re Zurn Pex Plumbing Prod. Liab. Litig.*, MDL No. 1958 (ADM/AJB) (D. Minn.) (Lead Counsel), *In re Uponor, Inc. F1807 Plumbing Prods. Liab. Litig.* MDL No. 2247 (ADM/JJK) (D. Minn.) (Lead Counsel), and *In re Building Materials Corp. of Am. Asphalt Roofing Shingle Prods. Liab. Litig.*, MDL No. 2283 (D. S.C.) (Co-Lead Counsel). Mr. Raiter has also been appointed to leadership positions in other MDLs as well as coordinated, non-multi-district litigations in this district and elsewhere, including: *In Re: Baycol Prods. Liab. Litig.*, MDL No. 1431 (MJD) (D. Minn.) (Plaintiffs' Liaison Counsel); *George et al.* v. *Uponor, Inc.*, Case No. 12-249 (ADM/JJK) (D. Minn.) (Plaintiffs' Liaison Counsel and Executive Committee of coordinated federal cases); *In re Kitec Plumbing Sys. Prods. Liab. Litig.*, MDL No. 2098 (N.D. Tex.) (Plaintiffs' Executive Committee); *In re Atlas Roofing Corp. Chalet Shingles Prods. Liabl. Litig.*, MDL No. 2495 (N.D. Ga.) (Plaintiff's Executive Committee), *In re National Hockey League Players' Concussion Injury Litig.*, MDL 2551 (D. Minn.) (Plaintiff's Executive Committee), *In re: Stryker Rejuvenate and*

14

*ABG II Hip Implant Products Liability Litig.*, MDL No. 2441 (D. Minn.) (Plaintiff's Executive Committee), *Dryer et al. v. National Football League*, 09-cv-2182 (D. Minn.), and *Gentek Building Prods., Inc.*, Case No. 1:10cv 2093 (N.D. Ohio) (Plaintiffs' Executive Committee of coordinated federal cases). (Raiter Decl.)

Counsel appointed to lead class action litigation should be prepared to try the case to verdict. Mr. Raiter has first-chair experience trying cases to verdict in various courts and has tried matters in this courthouse. (Raiter Decl.) He is a Fellow of the Litigation Counsel of America (LCA). The LCA is a selective, invitation-only trial lawyer honorary society, whose membership is composed of less than one-half of one percent of American lawyers. *Id.* Mr. Raiter has also argued numerous times in state and federal appellate courts, including the Eighth Circuit Court of Appeals. *Id.* Mr. Raiter's MDL and class action experience includes conducting and defending dozens of lay and expert witness depositions, briefing and arguing dozens of motions, arguing class certifications, leading status and other court conferences, and negotiating global settlements. (Raiter Decl.)

### 4.   The CIIP Counsel and Clients Support this Motion.

The Court should also give significant weight to the views of the CIIP plaintiffs and the law firms who support this application. That a "large number[ ] of experienced counsel are satisfied to be represented by" Mr. Cuneo and Mr. Raiter "is some measure of the respect they command and the confidence of their peers that they will serve well in the role." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 58 (E.D.N.Y.2006). *See also In re Crude Oil Commodity Futures Litig.*, 2012 WL 569195, at *2 (selecting interim lead counsel applicants proposing "leadership structure proposed by plaintiffs in more than two-thirds of

15

the related cases in this consolidated action[, because] the Court gives some weight to plaintiffs' 'self selection' of class counsel") (citing *In re Rail Freight Fuel Surcharge Antitrust Litig.*, MDL No. 1869, 2008 WL 1883447, at *2 (D.D.C. Apr. 28, 2008)).

The businesses that are serving as CIIP lead plaintiffs in the *Sandee's Bakery* case support a two-person co-lead structure with Mr. Cuneo and Mr. Raiter representing their interests. All of the law firms involved in the first-filed *Sandee's* action support this motion. Counsel for the CIIPs in the second pork lawsuit do not oppose this motion. (Raiter Decl.) Each of the attorneys involved for the CIIPs are accomplished class action practitioners and would be capable of serving as lead counsel.[1] This support weighs in favor of appointing Mr. Cuneo and Mr. Raiter to lead the CIIP actions.

### C. Proposed Interim Co-Lead Counsel Have Sufficient Resources to Advance the Litigation in a Timely Manner.

Mr. Cuneo, Mr. Raiter, and their law firms are capable of committing the resources needed for this litigation during the entirety of its duration. Their firms have approximately 50 lawyers and additional, highly capable legal support staff. (Cuneo Decl.; Raiter Decl.) The other CIIP counsel are also very experienced lawyers at firms that are ready to contribute the resources needed to represent the CIIPs. This litigation will be properly staffed with capably experienced attorneys, paralegals, and other legal professionals.

Cuneo Gilbert & LaDuca and Larson · King are well-established firms with the financial wherewithal to support the litigation. They have led various other antitrust class

---

[1] Don Barrett, for example, is one of the most successful plaintiff's counsel in the country and was instrumental in holding tobacco companies accountable. Mr. Barrett has regularly been appointed lead counsel in complex class actions involving antitrust and various other claims.

actions, as well as other complex and resource-intensive litigations, and are knowledgeable about the resources necessary to adequately litigate this type of case. These law firms—and the other firms involved in the CIIP cases—have more than enough resources to prosecute this action and will devote those resources in a manner that best serves the interests of the class members. (Cuneo Decl.; Raiter Decl.)

## II.     Proposed Leadership Structure for the CIIPs.

Mr. Cuneo and Mr. Raiter will avoid unnecessary work and will engage the right attorneys with the right experience, as needed. Handling the litigation this way provides a safeguard against excessive fee requests. The two-person co-lead structure proposed in this application will avoid unnecessary bureaucracy and duplication of effort. This serves the purpose of the Rule 23 Committee Note, which warns of "the risk of overstaffing or an ungainly counsel structure."[2] Mr. Cuneo and Mr. Raiter have a track record of working well together, while working efficiently to achieve excellent results for intermediate indirect purchaser businesses. They are supported by the CIIP plaintiffs and law firms. They have deep antitrust experience representing the unique circumstances of intermediate indirect purchasers like the CIIPs in this litigation.

---

[2] The Manual for Complex Litigation also cautions against the appointment of too many firms to lead or litigate a matter and that "the number should not be so large as to defeat the purpose of making such appointments." Manual for Complex Litigation 3rd § 20.221, pp. 27–28.

## Conclusion

For the foregoing reasons, the above-identified Commercial Food Preparer plaintiffs respectfully request that the Court enter an order appointing Jonathan Cuneo (Cuneo Gilbert & LaDuca, LLP) and Shawn Raiter (Larson King, LLP) as Interim Lead Co-Counsel for the CIIP plaintiffs.

Dated: September 28, 2018                     Respectfully submitted,

By       *s/ Shawn M. Raiter*
Shawn M. Raiter (MN# 240424)
**LARSON • KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN  55101
(651) 312-6518 Telephone
sraiter@larsonking.com

Jonathan W. Cuneo
Joel Davidow
Blaine Finley
Yifei "Evelyn" Li
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Ave. NW, Suite 200
Washington, DC 20016
(202) 789-3960 Telephone
jonc@cuneolaw.com
joel@cuneolaw.com
bfinley@cuneolaw.com
evelyn@cuneolaw.com

Don Barrett
David McMullan
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
(662) 834-2488 Telephone
dbarrett@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

18

Jon Tostrud
**TOSTRUD LAW GROUP, PC**
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
jtostrud@tostrudlaw.com

Jerry Abdalla
**ABDALLA LAW, PLLC**
602 Steed Road, Suite 200
Ridgeland, MS 32789
(601) 487-4590 Telephone
gmabdall@hotmail.com

Thomas P. Thrash
Marcus Bozeman
**THRASH LAW FIRM, P.A.**
1101 Garland Street
Little Rock, AR 72201
(501) 374-1058 Telephone
tomthrash@sbcglobal.net
mbozeman@thrashlawfirmpa.com

**Counsel for Plaintiffs Sandee's Bakery, Confetti's, Francis T. Enterprises d/b/a Erbert & Gerbert's, Joe Lopez, d/b/a Joe's Steak And Leaf, Longhorn's Steakhouse, Betty's Eat Shop, Ziggy's BBQ Smokehouse & Ice Cream Parlor, LLC, and The Grady Corporation**