UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IN RE PORK ANTITRUST LITIGATION　　　　　　No. 0:18-cv-01776-JRT-HB

This Document Relates To:

Commercial and Institutional Indirect
Purchaser Plaintiff Actions

*Sandee's Bakery, et al. v. Agri Stats, Inc., et al.*　　　　No. 0:18-cv-01891-JRT-HB

**[Proposed] Order Granting
Unopposed Motion Of Commercial And Institutional Indirect Purchaser Plaintiffs
To Appoint Interim Co-Lead Class Counsel**

Before the Court is the Unopposed Motion of Commercial and Institutional Indirect Purchaser Plaintiffs to Appoint Interim Co-Lead Class Counsel (ECF No. 111). Appearances of counsel were noted on the record and the Court has considered the briefs and submissions related to this motion.

**Background**

This motion relates to a set of antitrust cases alleging that Defendants conspired to fix and maintain prices in the pork market in violation of the federal antitrust laws. The Court concludes that interim co-lead counsel for Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPs") should be appointed in order to achieve efficiency and economy in what is likely to be expensive and complicated litigation, while not jeopardizing fairness to the parties.[1]

---

[1] This case involves three groups of plaintiffs: Direct Purchaser Plaintiffs, who bought broilers directly from the defendants; Commercial and Institutional Indirect Purchaser

1

CIIPs' counsel has moved the Court to appoint Jon Cuneo (Cuneo, Gilbert, & LaDuca, LLP) and Shawn M. Raiter (Larson • King, LLP) as interim co-lead class counsel. The Court has carefully reviewed the motion and its accompanying declarations. The Court also considered the factors outlined in Rule 23(g) of the Federal Rules of Civil Procedure and relevant authority relating to the appointment of interim lead counsel.

The submission demonstrates that attorneys Jon Cuneo and Shawn Raiter, and their law firms, satisfy the requirements of Rule 23(g). This includes the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class.

The Court recognizes that Mr. Cuneo and Mr. Raiter have previously been appointed by other federal courts to serve as lead or co-lead counsel to represent the interests of intermediate indirect purchasers in antitrust actions. The Court also notes that Mr. Cuneo and Mr. Raiter filed the first CIIP action in this litigation and have the support of CIIP plaintiffs and the firms representing those businesses.

**IT IS HEREBY ORDERED:**

1. For the foregoing reasons, the motion of Commercial Indirect Purchaser Plaintiffs to Appoint Interim Co-Lead Class Counsel is granted. Jon Cuneo and Shawn Raiter are appointed interim co-lead class counsel for CIIPs under Fed. R. Civ. P. 23(g) ("CIIP Interim Co-Lead Counsel").

---

Plaintiffs, and Consumer Indirect Purchaser Plaintiffs. *See* Initial Case Management Order at 4-5, ECF No. 85, September 21, 2018. This order relates only to the CIIP cases.

2. The duties of CIIP Interim Co-Lead Counsel will include:

    a. To determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of CIIPs on all matters arising from pretrial proceedings;

    b. To coordinate the initiation and conduct of discovery on behalf of CIIPs consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

    c. To conduct settlement negotiations on behalf of CIIPs and any proposed CIIP classes, but not enter into binding agreements except to the extent authorized by law;

    d. To delegate specific tasks to other counsel in a manner to ensure that pretrial preparation is conducted efficiently and effectively;

    e. To enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

    f. To prepare and distribute periodic status reports to the parties;

    g. To maintain adequate contemporaneous time and cost records covering services as lead counsel and collect such information from CIIPs' co-counsel on at least a monthly basis. Lead counsel will provide summaries of such time and cost records for in camera review at the Court's request;

    h. To monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

    i. To perform such other pretrial duties as may be incidental to the proper coordination of pretrial activities or authorized by further order of the Court.

3. In no event shall any document be filed, or any discovery be served, on behalf of CIIPs without the approval of CIIP Interim Co-Lead Counsel or leave of Court, and any such filing may be stricken.

4. To the extent consistent with their duties to the Commercial Indirect Purchaser Plaintiffs and any proposed CIIP classes, CIIP Interim Co-Lead Counsel shall also coordinate with lead counsel for Direct Purchaser Plaintiffs and Consumer Indirect Purchaser Plaintiffs and with counsel of other Plaintiffs as appropriate, and shall coordinate the activities of their respective Plaintiff groups during pretrial proceedings.

**IT IS SO ORDERED.**

Dated: _____

_____
HILDY BOWBEER
United States Magistrate Judge