# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/HB) |
| | MEMORANDUM OF LAW IN SUPPORT OF HAGENS BERMAN SOBOL SHAPIRO LLP AND GUSTAFSON GLUEK PLLC'S MOTION FOR APPOINTMENT AS INTERIM CO-LEAD COUNSEL FOR PROPOSED CONSUMER INDIRECT PURCHASER CLASS |
| This Document Relates to: | |
| All Consumer Indirect Purchaser Actions | |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..........................................................................................................1

II.   ARGUMENT ................................................................................................................2

    A.   Hagens Berman and Gustafson Gluek initiated this antitrust litigation after extensive industry analysis, including economic pricing analysis and review of historic statements by the pork industry and have actively advanced the litigation. ......................................................................................................................2

    B.   Hagens Berman and Gustafson Gluek have extensive experience handling antitrust class actions, with the types of claims asserted in this action. .............6

        1.   Hagens Berman is one of the largest plaintiffs' firms in the country with decades of experience litigating complex antitrust class actions...7

        2.   Gustafson Gluek obtains extraordinary results for class members in complex litigation in this District and across the country...................13

        3.   Both Hagens Berman and Gustafson Gluek act as interim lead counsel in the *Broiler* litigation, giving them invaluable experience with the types of claims asserted in this action..................................................20

    C.   Hagens Berman and Gustafson Gluek have unrivaled knowledge of the applicable law regarding indirect purchaser cases..........................................21

    D.   Hagens Berman and Gustafson Gluek will devote the resources necessary to aggressively prosecute the claims in this case. .................................................23

III.  CONCLUSION...........................................................................................................23

## I.      INTRODUCTION

Consumer indirect purchaser plaintiffs[1] respectfully request an order appointing the law firms of Hagens Berman Sobol Shapiro LLP (Hagens Berman) and Gustafson Gluek PLLC (Gustafson Gluek) as Interim Co-Lead Counsel for the proposed class of the end-purchasers of pork products. Federal Rule of Civil Procedure 23(g)(3) permits the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."

Both Hagens Berman and Gustafson Gluek have extensive experience in complex civil antitrust class action litigation and have led the antitrust claims that are the subject of this consolidated litigation. In doing so, these two firms have already expended substantial resources researching and investigating this action, and have shown a unique commitment to this case. For these reasons, and to assist in the efficient administration of this and all subsequently filed cases, the Court should appoint Hagens Berman and Gustafson Gluek as Interim Co-Lead Counsel for the proposed Consumer Indirect Purchaser Class. All counsel in the consumer indirect purchaser actions support this appointment.

---

[1] Consumer indirect purchaser plaintiffs refer to 34 named plaintiffs in the Consolidated Class Action Complaints filed on August 17, 2018, namely: Wanda Duryea, Michael Reilly, Sandra Steffen, Paul Glantz, Edwin Blakey, Jennifer Sullivan, Anbessa Tufa, Lisa Axelrod, Christina Hall, Chad Nodland, Borhan Ishani Afoosi, Kory Bird, Barbara Brueggemann, Donya Collins, Jordan Chambers, Ryan Kutil, Charles Dye, Chase Hoke, Kenneth King, David Look, Rebekah Kingsley, Susan McCullough, Alika Naehu, Kenneth Neal, Michiya Petrucci, Michael Pickett, Craig Thomsen, Joseph Realdine, Jeffrey Allison, Thomas Cosgrove, Michael Anderson, Duncan Birch, Robert Eccles, and Rebecca Green Watson.

- 1 -

## II.   ARGUMENT

Federal Rules of Civil Procedure Rule 23(g)(3) provides the Court authority to appoint interim counsel to act on behalf of a putative class before deciding class certification.[2] Where, as here, multiple class actions are pending, appointment of class counsel is necessary to protect the interests of class members.[3]

In selecting lead or interim lead counsel, the Court should consider the following factors: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.[4] The Court may also consider any other matter pertinent to counsel's ability to fairly represent the putative class.[5]

### A.   Hagens Berman and Gustafson Gluek initiated this antitrust litigation after extensive industry analysis, including economic pricing analysis and review of historic statements by the pork industry and have actively advanced the litigation.

On June 28, 2018, Hagens Berman and Gustafson Gluek initiated this antitrust litigation by filing *Duryea, et al. v. Agri Stats, Inc., et al.*, Case No. 18-cv-01776, in this District. The complaint came after an internal investigation of nearly six months where attorneys at Hagens Berman worked with case investigators and economists to develop

---

[2] Fed. R. Civ. P. 23(g)(1)(A).

[3] *Id.* at 23(g)(1)(B).

[4] *Id.* at 23(g)(1)(A).

[5] *Id.* at 23(g)(1)(B).

010330-11 1063753 V1

the allegations of the complaint. The *Duryea* complaint shows the extensive factual investigation and analysis involved in bringing these claims.

Hagens Berman and Gustafson Gluek did not simply rely on public statements when investigating and presenting the *Duryea* plaintiffs' allegations. Instead, they examined Agri Stats's historical statements and also retained economists to obtain and utilize historical pricing, supply and production data. Hagens Berman and its economists used this data to show price changes and the impact of defendants' conduct over time. Attorneys at Hagens Berman and their economists have spent hundreds of hours analyzing the market, accessing pricing information and conducting factual analysis to present the allegations in the *Duryea* action. This work product is reflected in the *Duryea* plaintiffs' complaint, including the following:

**<u>Historical statements of Agri Stats</u>**: Attorneys at Hagens Berman spent dozens of hours performing a detailed review of the historical statements  Agri Stats made to the pork industry after Agri Stats's success launching its scheme with the broiler integrators. Hagens Berman accessed archived internet materials which revealed a concerted pattern by Agri Stats to propose its benchmarking to the pork industry. Benchmarking, of the type undertaken by Agri Stats and its co-conspirators here, reduces strategic uncertainty in the market and changes the incentives for competitors to compete – this is especially so when the benchmarking involves detailed, commercially sensitive information, as it does here. CIPP Compl., ¶¶ 64-75.[6]

---

[6] CIIP Compl., refers to the Consolidated Class Action Complaint in *Duryea, et al. v. Agri Stats, Inc., et al.*, Case No. 18-cv-1776 (D. Minn. Aug. 17, 2018), ECF No. 74.

**Description of Agri Stats reports circulated confidentially within the**

**industry**: Hagens Berman provided an overview of the types of detailed information

found within the Agri Stats reports, as well as confirmation that the pork integrators

involved in the case subscribed to these reports. The reports allowed the co-conspirators

to compare their performance and costs to other participants, the average of all

companies, and top 25 percent and the top five companies. The complaint explains that

this type of detailed information was for the purposes of improving the profitability of the

co-conspirators, and not for the benefit of consumers. Based on its investigation, Hagens

Berman and Gustafson Gluek alleged that industry insiders would work at Agri Stats and

uncover the "anonymous" numbers assigned to pork producers in the Agri Stats reports,

and then return to the industry knowing these numbers. Agri Stats knew of this de-

anonymization, and yet did nothing. CIPP Compl., ¶¶ 76-96.

**Industry statements on pricing and supply:** Hagens Berman's attorneys spent a

great deal of time reviewing historic statements, reports, and earnings call transcripts of

the defendants to identify critical admissions regarding communications between industry

participants and coordinated declines in supply. *Id.*, ¶¶ 97-106.

**Market structure**: Hagens Berman spent many hours working with economists to

identify critical factors in the pork market which made it more susceptible to collusion.

For example, the vertical integration in the pork industry allowed the defendants to have

broad control over production processes, and near-total operational discretion over

production amounts. *Id.*, ¶¶ 107-111. The team at Hagens Berman traced the

consolidation of the pork industry over time – showing the dominant position of the

defendants during the class period, as well as the market share stability during the class period. Working with economists, Hagens Berman detected a substantial drop of market share volatility during the class period as compared with prior to the class period. *Id.*, ¶¶ 112-121. Similarly, the consumer indirect purchaser complaint shows abnormal pricing movements, with unprecedented prices paid by consumers during the class period:



*Id.*, ¶¶ 126-127. Economic analysis also showed that the profit margins being retained by the defendants increased during the class period, a statistically significant change from prior to the class period. *Id.* ¶¶ 128-129. And using economic theory and pricing data, the consumer indirect purchaser plaintiffs demonstrate  why it was more plausible than not that overcharges due to the conspiracy were passed on to the class. *Id.*, ¶¶ 128-139.

**<u>Fraudulent concealment</u>**: Hagens Berman is one of the co-lead counsel for the end-user consumer plaintiff class in the *In re Broiler Chicken Antitrust Litigation*, Case

No. 16-cv-08637 (N.D. Ill.). In February 2018, Hagens Berman filed a complaint which named Agri Stats as a defendant and, for the first time, made a comprehensive presentation publicly of the full scope of the confidential services that Agri Stats provides to its clients. *Id.*, ¶ 147. It was the filing of this public complaint with the additional information about Agri Stats, which first triggered any obligation to investigate the claims in the pork industry.

Gustafson Gluek has similarly contributed to the development and advancement of this action by thoroughly investigating the named plaintiffs' claims and damages, analyzing the market structure, researching the proper defendant entities, editing and serving the complaints, and acting as local counsel for several additional Consumer Indirect Purchaser cases (all of whom support this application). Gustafson Decl., ¶¶ 8-14.[7] Most recently, the team has been liaising with defendants to negotiate document preservation issues and case management orders, and coordinating with the other parties on a protective order and ESI protocol. Gustafson Decl., ¶ 13.

All complaints filed in this litigation have benefited from Hagens Berman's independent investigation, which, as detailed above, required the expenditure of extensive resources.

---

[7] "Gustafson Decl." refers to the Declaration of Daniel E. Gustafson in Support of Hagens Berman Sobol Shapiro LLP and Gustafson Gluek PLLC's Motion for Appointment as Interim Co-Lead Counsel of Proposed Consumer Indirect Purchaser Class, filed concurrently herewith.

**B.**    **Hagens Berman and Gustafson Gluek have extensive experience handling antitrust class actions, with the types of claims asserted in this action.**

**1.**    **Hagens Berman is one of the largest plaintiffs' firms in the country with decades of experience litigating complex antitrust class actions.**

With over 80 attorneys in 10 offices nationwide, Hagens Berman has represented plaintiffs in a broad spectrum of complex, multi-party antitrust cases. Hagens Berman has led some of the most complicated antitrust cases of the last decade, resulting in settlements of hundreds of millions of dollars for consumers and businesses nationwide. Recent examples of Hagens Berman's success include:

- *In re Electronic Books Antitrust Litigation*, No. 11-md-2293 (S.D.N.Y.): Hagens Berman was appointed co-lead counsel in this complex litigation involving six defendants, 33 States Attorneys General and the United States Department of Justice. Settlements in the case totaled more than $550 million, representing recovery of approximately 200% of class members' damages.

- *In re Visa Check/Mastermoney Antitrust Litigation*, No. 96-cv-05238 (E.D.N.Y.): Hagens Berman helped lead this record-breaking antitrust case against credit card giants Visa and MasterCard, which resulted in a $3.05 billion cash settlement and injunctive relief valued at more than $20 billion. The suit challenges charges imposed in connection with debit cards. As co-lead counsel in this matter, the firm assisted in setting strategy and providing oversight on all aspects of the case.

The attorneys working on this litigation will include Steve W. Berman, the founder and managing partner of Hagens Berman; Elizabeth A. Fegan, Shana E. Scarlett and Breanna Van Engelen. This team of litigators reflects Hagens Berman's commitment

- 7 -

to diversity in terms of both gender and experience. *See also* Berman Decl., Ex. A (firm

résumé).[8]

**<u>Steve W. Berman</u>**: Mr. Berman, the founder and managing partner of Hagens

Berman, has served as lead or co-lead counsel in antitrust, securities, consumer, product

liability, and employment class actions and complex litigation throughout the country.

Appointing Mr. Berman in a recent MDL, Judge Shadur remarked:

> But it must be said that the track record of Hagens Berman
> and its lead partner Steve Berman is even more impressive,
> having racked up such accomplishments as a $1.6 billion
> settlement in the *Toyota Unintended Acceleration Litigation*
> and a substantial number of really outstanding big-ticket
> results.
>
> It may be worth mentioning that to this Court's recollection it
> has had no first-hand judicial experience with either of the
> two finalist firms. . . . But that is not true of its colleagues in
> this District of more recent vintage, an email inquiry to whom
> brought in return some high praise of attorney Berman's
> skills.[9]

Hagens Berman is one of the few plaintiffs' firms in the United States that often

has taken complex civil litigation, including class actions, to trial.  In September 2018,

Mr. Berman served as the lead trial lawyer in *In Re: National Collegiate Athletic*

*Association Athletic Grant-In-Aid Cap Antitrust Litigation*, No. 4:14-md-02541-CW

(N.D. Cal.). Mr. Berman was also the lead trial lawyer in *In re Pharmaceutical Industry*

---

[8] "Berman Decl." refers to the Declaration of Steve W. Berman in Support of Hagens Berman Sobol Shapiro LLP and Gustafson Gluek PLLC's Motion for Appointment as Interim Co-Lead Counsel of Proposed Consumer Indirect Purchaser Class, filed concurrently herewith.

[9] Memorandum Order at 5, *In re Stericycle, Inc., Sterisafe Contract Litig.*, MDL No. 2455, No. 13-cv-5795 (N.D. Ill. Oct.11, 2013), ECF No. 56 (footnotes omitted).

*Average Wholesale Price Litig.*, MDL No. 1456 (D. Mass.), and the lead counsel in *New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, No. 05-cv-11148 (D. Mass.), achieving a $350 million settlement eleven days before trial on behalf of a nationwide class of private payors that purchased prescription brand name drugs. Mr. Berman was also lead counsel in *In re Charles Schwab Corp. Securities Litigation*, No. 08-cv-01510 (N.D. Cal.), a securities class action that settled on the eve of trial for $235 million, a 42.5 percent recovery for the federal class and 80 percent recovery for the California class.

In *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, No. 10-md-02151 (C.D. Cal.), Judge James V. Selna *sua sponte* identified Mr. Berman as a presumptive co-lead counsel. Mr. Berman secured a $1.6 billion settlement, the largest automobile class settlement in history. Consumers in Toyota received 100 percent of their losses and 2.6 million cars received a safety upgrade. In the high-profile *In re: General Motors LLC Ignition Switch Litigation*, No. 14-MD-2543 (JMF) (S.D.N.Y), a multidistrict litigation, Judge Furman also *sua sponte* appointed Mr. Berman as a co-lead. Perhaps most notable is Mr. Berman's role as a Special Assistant Attorney General for the states of Illinois, Washington, Arizona, Indiana, New York, Alaska, Idaho, Ohio, Oregon, Nevada, Montana, Vermont, and Rhode Island in the landmark Tobacco Litigation. That case resulted in the largest settlement in history, a settlement that occurred while Mr. Berman was in trial in *Washington v. Philip Morris*.

**Elizabeth A. Fegan**: Ms. Fegan, the managing partner of Hagens Berman's Chicago office, has been appointed by federal and state courts to Special Master teams in Chicago-based class actions, as Lead Counsel in nationwide antitrust and other complex class actions, and as Special Assistant Corporation Counsel on behalf of local governmental entities.

Ms. Fegan was appointed to Special Master by the Honorable Wayne Andersen (ret.) to oversee confirmatory discovery and review of the plaintiffs' fee petitions during final approval in *In re Waste Management Inc. Securities Litigation*, and by the Circuit Court of Cook County to assist with the final approval process in *Wolens v. American Airlines*. Ms. Fegan achieved an unprecedented settlement in *Wiginton v. CB Richard Ellis, Inc.*, No. 02-cv-6832 (N.D. Ill.), a nationwide class action alleging sexual harassment on behalf of 16,000 female employees. The settlement conferred up to $150,000 per employee during an eight-year period, plus extensive equitable relief. No class member objected. At the final approval hearing, Judge Andersen complimented counsel, including Ms. Fegan, stating:

> I got a long chance to work with the three of you. . . . I think you are great lawyers and I actually even think you are better people. . . . I have found working with you on this case one of the more interesting, challenging and, at some level, uplifting things that I have been able to do in the 15 years or so that I have been here. . . . I really appreciate your intelligence and your intensity here and the reasonableness overall with which you approached all of this. . . . I will move forward with a

010330-11 1063753 V1

sense of affection for each one of you individually, growing
out of this really difficult but important dispute.[10]

Ms. Fegan is one of the team at Hagens Berman litigating the *Broilers* case on

behalf of the end-user consumer plaintiff class.

**Shana E. Scarlett**: Ms. Scarlett is a graduate of Stanford Law School and a

partner in Hagens Berman's Berkeley office. One of the founding members of Hagens

Berman's Berkeley office eleven years ago, Ms. Scarlett has played an active role in

many of the large antitrust MDLs litigated by her firm, including the *In re EBooks*

*Antitrust Litigation*, Case No. 11-md-02293 (S.D.N.Y.) which resulted in compensation

to consumers of $566 million – twice the damages estimated to have been suffered by the

class. The *EBooks* litigation has become a model for automatic distribution and electronic

notice to millions of consumers. Ms. Scarlett was a member of the settlement team, along

with representatives of the State Attorneys General from Connecticut, Ohio and Texas,

overseeing both the notice and distribution programs.

Ms. Scarlett frequently represents indirect purchasers in large MDLs, including *In*

*re Optical Disk Drive Antitrust Litigation*, Case No. 10-md-02143 (N.D. Cal.) a case

---

[10] Berman Decl., ¶ 2. Other examples of Ms. Fegan's successes include: *Bernard McCormack v. American Equity Investment Life Insurance Co..*, No. 05-cv-6735 (C.D. Cal.) (as co-lead counsel in RICO and consumer protection class action on behalf of senior citizen purchasers of deferred indexed annuities, achieved a $129 million settlement); *In re Baby Products Antitrust Litig.* (E.D. Pa.) (as co-lead counsel in nationwide antitrust case on behalf of purchasers of high-end baby products from Babies 'R Us, achieved a $35 million settlement); *In re Pre-Filled Propane Tank Marketing and Sales Practices Litigation*, No. 09-2086 (W.D. Mo.) (as co-lead counsel in nationwide antitrust and consumer fraud class action, achieved a $35 million settlement); *In re RC2 Corp. Toy Lead Paint Products Liability Litigation*, MDL No. 1893, No. 07-cv-7184, (N.D. Ill.) (as co-lead counsel in nationwide consumer fraud class action on behalf of purchasers of toys covered with lead paint, achieved a combined federal and state case settlement valued at $30 million).

- 11 -

where Hagens Berman acts as sole lead counsel on behalf of the indirect purchaser class, resulting in settlements to date of $230 million. Ms. Scarlett is one of the team litigating the *In re Lithium Ion Batteries Antitrust Litigation*, Case No. 13-md-02420 (N.D. Cal.), currently pending before Judge Gonzalez Rogers in the Northern District of California where recovery has totaled $107 million to date for the indirect purchaser class. Ms. Scarlett is one of the handful of lead counsel who have negotiated the production of worldwide transactional data, custodial productions, and subpoenaed over 100 third parties for documents and data for use by expert economists. Ms. Scarlett was one of the Hagens Berman attorneys litigating the *In re Animation Workers Antitrust Litigation*, Case No. 14-cv-4062 (N.D. Cal.), resulting in recovery of nearly $169 million for the class of workers harmed through defendants' agreement not to solicit each other's employees and coordination of compensation policies.

Ms. Scarlett is one of the team at Hagens Berman representing the end-user consumer class in the *Broilers* litigation, pending in the Northern District of Illinois.

**Breanna Van Engelen**: Ms. Van Engelen is a 2014 graduate of the University of Michigan Law School and associate attorney who recently joined Hagens Berman's Seattle office. At Hagens Berman, Ms. Van Engelen is developing a specialty for representing indirect purchasers in large MDLs, including in the *In re Broiler Chicken Antitrust Litigation*, which is pending in the Northern District of Illinois. Ms. Van Engelen represents the end-user consumer class in the *In re Optical Disk Drive Antitrust Litigation* – a case where Hagens Berman acts as sole lead counsel on behalf of the indirect purchaser class, which has resulted in settlements of $230 million to date. Ms.

- 12 -

Van Engelen also represents indirect purchasers in the *In re Lithium Ion Batteries Antitrust Litigation*, currently pending before Judge Gonzalez Rogers in the Northern District of California.

Prior to joining Hagens Berman, Ms. Van Engelen practiced at K&L Gates, LLP where she represented victims of online harassment in cutting-edge litigation. She brought one of the first electronic impersonation cases in the United States to trial and secured an $8.9 million verdict for two victims of a targeted cyberstalking campaign.

**2.    Gustafson Gluek obtains extraordinary results for class members in complex litigation in this District and across the country.**

Gustafson Gluek's practice is focused almost exclusively on plaintiff-side complex class actions cases, with an emphasis on antitrust litigation.  Gustafson Gluek has served in numerous leadership positions on multiple complex antitrust class actions, achieving outstanding results. Though a more fulsome list is included in the firm's resume attached to the Gustafson Declaration as Exhibit A, a few examples include: *Precision Assoc. v. Panalpina World Transp. (Holding) Ltd.*, No. 08-CV-42 JG VVP (E.D.N.Y.) (J. Cogan preceded by J. Gleeson) (Co-Lead Counsel in national antitrust class action recovering over $450 million for the class)[11];   *In re DRAM Antitrust Litig.*, MDL No. 1486 (N.D. Cal. and multiple state court actions) (Co-Lead counsel for indirect purchasers achieving more than $300 million in settlements); and *In re TFT-LCD (Flat*

---

[11] In approving the settlements, Judge Gleeson concluded, "Class Counsel are highly experienced practitioners in complex litigation generally and antitrust litigation specifically. The settlement agreements [are] the result of hard fought arms'-length negotiation with settlement defendants' respective counsel. The settlement amounts proposed here attest to Class Counsel's abilities." *Precision Associates*, 2015 WL 6964973, at *8 (internal quotations omitted).

*Panel) Antitrust Litig.*, MDL No. 07-1827 (N.D. Cal.) (Gustafson Gluek played a significant role in obtaining $1.2 billion for indirect purchaser plaintiffs); *In re Automotive Parts Antitrust Litig.*, MDL No. 2311 (E.D. Mich.) (Gustafson Gluek is playing a significant role in this on-going landmark indirect purchaser antitrust class action, which to date has resulted in settlements of more than $1 billion); In *re MSG Antitrust Litig.*, MDL No. 1328 (D. Minn.) (at his previous firm, Mr. Gustafson served as Co-Lead Counsel in antitrust class action that recovered over $123 million for plaintiffs).

In addition to its extensive antitrust experience, Gustafson Gluek has successfully led several complex actions before this Court, including: *In re Medtronic, Inc., Sprint Fidelis Leads Products Liability Litig.*, MDL No. 1905 (D. Minn.) (as sole Lead Counsel, Gustafson Gluek negotiated a $268 million settlement on behalf of over 14,000 individual plaintiffs) and *In re Medtronic, Inc. Implantable Defibrillators Products Liability Litig.*, MDL No. 1726 (D. Minn.) (Co-Lead Counsel recovering nearly $100 million on behalf of plaintiffs). The firm is currently playing significant roles in several other complex actions pending before this Court, including: *Hudock & Villa Lara v. LG Electronics USA, Inc. & Best Buy Co., Inc.*, Case Nos. 16-1220 & 17-5222 (JRT/KMM) (D. Minn.) (Co Counsel representing class of nationwide consumers injured in false and misleading labeling scheme); *Bhatia v. 3M Company*, Civ. No. 16-1304 (DWF/DTS) (D. Minn.) (Co-Lead counsel in a putative class action alleging consumer fraud allegations related to the sales and marketing of dental crowns); *In re CenturyLink Sales Practices and Securities Litigation*, MDL No. 2795 (D. Minn.) (Executive Committee Chair in putative class action alleging unfair marketing and sales practices); and *In re National*

- 14 -

*Hockey League Players' Concussion Injury Litig.*, MDL 14-2551 (SRN/BRT) (D. Minn.) (Steering Committee member seeking redress on behalf of former NHL players alleging the NHL failed to warn players of dangers of concussions).

The firm is also currently playing a significant role in the *In re Syngenta Litigation*, serving as Co-Lead Class Counsel for a class of Minnesota farmers alleging harm as a result of Syngenta's unlawful commercialization of a new GMO corn seed in an action brought in state court in Minnesota. The Syngenta litigation also involves a federal MDL pending in Kansas, as well as cases in both Illinois state and federal court. The case includes thousands of individual cases filed predominately in Minnesota and Illinois, as well as class cases pending in both the Kansas MDL and Minnesota state court. In addition to serving as Co-Lead Counsel for the Minnesota Class, Mr. Gustafson was appointed to the four-person Plaintiffs' Settlement Negotiation Committee where he played in integral role in negotiating a $1.51 billion global settlement resolving all state and federal actions brought on behalf of both class and individual plaintiffs.

Gustafson Gluek has fifteen attorneys—8 females and 7 males—from a variety of backgrounds that bring new perspectives to their work to truly represent their clients. Not only is diversity within the firm important to Gustafson Gluek, but so too is being an advocate for the underrepresented. Gustafson Gluek was one of four law firms to create the Minnesota *Pro Se* Project, pairing indigent federal litigants with attorneys. For its work on the *Pro Se* Project, the firm was honored with the "Distinguished Pro Bono Service Award" for "rising to the Court's challenge of bringing the idea of the *Pro Se* Project to fruition and nurturing the Project into its current form."

- 15 -

Gustafson Gluek has the necessary experience and resources needed to successfully lead a complex class action case such as this. *See* Gustafson Decl., Ex.A (firm resume). The attorneys specifically working on this litigation will include Daniel Gustafson, Daniel Hedlund, Michelle Looby, and Brittany Resch; the same team representing the commercial and institutional indirect purchaser class in the *Broilers* litigation, pending in the Northern District of Illinois.

**Daniel Gustafson**: Mr. Gustafson is a founding member and senior partner of Gustafson Gluek. Mr. Gustafson was selected as one of *Minnesota Lawyer's* Attorneys of the Year for 2010, 2011 and 2017.  In 2001-2018, Mr. Gustafson was designated by *Law & Politics* magazine as a Minnesota "Super Lawyer" in the fields of business litigation, class actions and antitrust.  He was also ranked in the Top 100 MN Super Lawyers in 2012 – 2018. As a recognized leader in antitrust law, Mr. Gustafson has testified before the House Committee on the Judiciary, Subcommittee on Intellectual Property, Competition and the Internet regarding the proposed merger between Express Scripts and Medco and before the United States Congressional Commission on Antitrust Modernization.

Mr. Gustafson has led or been appointed lead counsel or a member of an executive committee in several antitrust class actions, MDLs and other consumer class actions. Recently, in the *In re Syngenta Litig.*, No: 27-CV-15-3785 (Minn. Dist. Ct.), Mr. Gustafson was one of four settlement counsel who obtained a $1.51 billion settlement on behalf of a class of corn farmers.  Mr. Gustafson Gluek has also recently achieved over $450 million as co-lead counsel on behalf of the plaintiff class in a price-fixing class

action against freight forwarders in the air and ocean shipping industry. *Precision Associates*, 2015 WL 6964973, at *8 (approving certain settlements). Mr. Gustafson was also sole lead counsel in the *In re Medtronic, Inc., Sprint Fidelis Leads Products Liability Litigation*, MDL No. 1905 (D. Minn.), where he negotiated a $268 million settlement on behalf of Plaintiffs.

**Daniel Hedlund**: Mr. Hedlund is a senior partner of Gustafson Gluek and has practiced in the areas of antitrust, consumer protection, and securities fraud for twenty years, seeking injunctive and monetary relief for classes of small businesses and consumers. In many of these cases Mr. Hedlund and his firm have played a significant role including serving as lead counsel or on executive committees. For example, he played a major role in *Precision Associates, Inc. et al. v. Panalpina World Transport (Holding), Ltd., et al.* (E.D.N.Y.) (mentioned above) and *The Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, No. 10-cv-14360 (E.D. Mich.) helping recover $30 million for class members. Mr. Hedlund is also Co-Lead counsel in *Bhatia v. 3M Company*, Civ. No. 16-1304 (DWF/DTS) (D. Minn.) and *Hudock & Villa Lara v. LG Electronics USA, Inc. & Best Buy Co., Inc.*, Case Nos. 16-1220 & 17-5222 (JRT/KMM) (D. Minn.). Mr. Hedlund is also active in the trenches of litigation in *In re Disposable Contact Lens Antitrust Litigation*, MDL No. 2626 (M.D. Fla.) (antitrust class action) and *Kleen Products vs. Int'l. Paper*, No. 10-cv-5711 (N.D. Ill.) (class action alleging price fixing of containerboard and producing settlements to date of over $300 million), where he serves as a discovery team leader.

Most recently, Mr. Hedlund is serving as chair of the Executive Committee in *In re CenturyLink Sales Practices and Securities Litig.*, MDL No. 2795 (D. Minn.) and member

of the Plaintiff Steering Committee *In re Dealer Management Systems Antitrust Litig.*,

MDL No. 2817 (N.D. Ill.).  He has been named a "Super Lawyer" in the field of antitrust

litigation from 2013-2018 and received a top 100 designation in 2015, 2017 and 2018.  He

is also a past President of the Committee to Support the Antitrust Laws and a past Chair of

the Minnesota State Bar Association Antitrust Section.

**Michelle Looby**: Ms. Looby is a partner of Gustafson Gluek and has spent her

career advocating on behalf of victims of anticompetitive and unfair business practices,

playing a significant role in numerous complex class actions. For example, Ms. Looby

played an integral role in representing a class of businesses and consumers who paid

supracompetitive prices for freight forwarding services as a result of 11 separate

conspiracies executed by 68 defendants in an antitrust class action. *Precision Associates,*

*Inc. v. Panalpina World Transport (Holding), Ltd., et al.*, Civ. No. 08-42 (E.D.N.Y.). As

part of that representation, Ms. Looby negotiated settlements with numerous defendants,

took more than a dozen depositions and interviews of key witnesses located across the

globe, worked with experts, and drafted critical motions. As a result of these efforts, the

class recovered over $450 million and Ms. Looby received the American Antitrust

Institute's award for Outstanding Antitrust Litigation Achievement by a Young Lawyer

in 2015. Ms. Looby has also been recognized by Law & Politics magazine as a "Super

Lawyer Rising Star" from 2014-2018.

Ms. Looby has also held leadership roles or played in integral part in representing

the class in several other matters, including: *In re CenturyLink Sales Practices and*

*Securities Litig.*, MDL No. 2795 (D. Minn.) (Executive Committee Co-Chair); *In re Dealer*

*Management Systems Antitrust Litig.*, MDL No. 2817 (N.D. Ill.) (Plaintiffs' Steering Committee); and *In re Asacol Antitrust Litig.*, Civ. No. 15-12730 (D. Mass.) (trial team). Ms. Looby has also made a concerted effort to advance diversity not only in Minnesota, but also nationally in the antitrust field – a practice that has traditionally been very male dominated.  Ms. Looby has served on the Board of Directors of Minnesota Women Lawyers, as the Diversity & Inclusion Liaison of the Minnesota State Bar Association's Antitrust Council, and has organized and co-sponsored a women's networking even held in conjunction with the ABA's Antitrust Spring Meeting in Washington, D.C.

**Brittany Resch**: Ms. Resch is a 2015 graduate of the University of Minnesota Law School and an associate of Gustafson Gluek. Prior to joining Gustafson Gluek, Ms. Resch clerked for Senior U.S. District Court Judge Richard H. Kyle in the District of Minnesota. In practice, she uses her experience and perspective to advocate for consumers, including indirect purchasers, who have been injured by big businesses. She currently represents purchasers of contact lenses in *In re Disposable Contact Lens Antitrust Litig.*, Case No. 15-md-2626 (M.D. Fla.), purchasers of LG LED televisions in *Hudock & Villa Lara v. LG Electronics USA, Inc. & Best Buy Co., Inc.*, Case Nos. 16-1220 & 17-5222 (JRT/KMM) (D. Minn.), purchasers of automotive parts in *In re Automotive Parts Antitrust Litig.* (E.D. Mich.), and purchasers of a life-altering prescription medication in *In re Asacol Antitrust Litig.*, Civ. No. 15-12730 (D. Mass.) (appeal pending). Ms. Resch also represents indigent plaintiffs and Minnesotans through the *Pro Se* Project and the Volunteer Lawyers Network.

### 3. Both Hagens Berman and Gustafson Gluek act as interim lead counsel in the *Broiler* litigation, giving them invaluable experience with the types of claims asserted in this action.

Both Hagens Berman and Gustafson Gluek have leadership roles in the *In re Broilers Antitrust Litigation*, the case with the most similar claims to the current case. As alleged in the complaint, Agri Stats collects and disseminates detailed information to the broiler industry, including financial information (profits, sales, costs), production volumes, capacity, slaughter information, inventory levels, and sales data. Agri Stats plays a central role in the broiler conspiracy, as the reports provided competitors with competitively sensitive information that they would not have access to in a competitively functioning market. For example, information from Agri Stats is so detailed that industry insiders can easily decode reports and identify their competitors. At times, competitors could match the Agri Stats reports with publicly stated aggregate data for larger defendants such as Tyson. At other times, the reported information contained so few producers that the identities were obvious. Agri Stats also, in both private and public forums, acted as a conduit to convey messages to industry participants furthering the interests of the conspiracy, such as the volume and nature of production cuts, and by signaling future price movements. CIIP Compl., ¶¶ 64-67. The district court noted, in denying the motions to dismiss in the *In re Broiler Chicken Antitrust Litigation* that given the nature of the Agri Stats reports, the defendants are in fact sharing future anticipated production information with one another, which suggests high antitrust concerns.[12] The

---

[12] Memorandum Opinion and Order at 11, *In re Broiler Chicken Antitrust Litigation*, No. 16-cv-08637 (N.D. Ill. Nov. 20, 2017), ECF No. 541.

Agri Stats reports in the pork industry present many of the same concerns as implicated in the *Broiler* litigation.

In the *Broiler* litigation, Hagens Berman acts as interim lead counsel for a similar proposed class – purchasers of the chickens at grocery stores and other outlets who purchase the chicken for their own consumption. Berman Decl., Ex. B. In appointing Hagens Berman as interim lead counsel, the District Court noted that it was doing so, "in large part because of their aggressive and independent advocacy", holding that "Hagens Berman is in the best position to advocate for the end-purchaser consumer plaintiffs." *Id.*

Gustafson Gluek acts as interim lead counsel for a class of commercial and institutional indirect purchasers in the *Broiler* litigation. Alongside counsel for the direct purchaser class, Gustafson Gluek played an integral role in the investigation and initial filing of complaints against chicken companies, which in part led to the investigation into the pork industry. In their roles as interim lead counsel for two of the classes in the *Broiler* litigation, Hagens Berman and Gustafson Gluek have unique insight into the role of Agri Stats in an agricultural industry that will be applicable to the current litigation.

**C.    Hagens Berman and Gustafson Gluek have unrivaled knowledge of the applicable law regarding indirect purchaser cases.**

Indirect purchaser actions is a special niche in the field of antitrust laws. Because the Supreme Court held in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) that indirect purchasers are not able to recover for antitrust damages under the federal Sherman Act, the damages claims of the consumer indirect purchaser class must be brought under the laws of various states. Moreover, not only do the indirect purchasers need to isolate and

identify an overcharge at the level of the pork producers, they must also show that this overcharge was passed-on through the distribution channel to the consumers at the end of the chain. Hagens Berman and Gustafson Gluek have particular expertise regarding these indirect purchaser claims.

For example, in *In re Optical Disk Drive Antitrust Litigation*, Hagens Berman successfully achieved the certification of an indirect purchaser class of computers, using robust econometric evidence, including pass-through measurements on over 273 million ODD products. The pass-through analysis covered "nearly all of the market in the United States, including companies responsible for approximately 80 percent of personal computer retail sales, and 45 percent of top distributor sales."[13] The data used for this pass-through analysis was due to the tireless work of attorneys at Hagens Berman who subpoenaed and followed up with negotiating the production of data from non-parties across the country. Hagens Berman has undertaken similar work in numerous other indirect purchaser and consumer actions.

Similarly, as co-lead counsel for the indirect purchasers in the *DRAM* litigation, Gustafson Gluek successfully negotiated a $310 million settlement on behalf of all indirect purchasers, which at the time was one of the largest settlements on behalf of indirect purchasers in history. Gustafson Gluek has also played an integral role in several other price fixing cases on behalf of indirect purchasers, such as the *LCD*, *Auto Parts*, *Capacitors* and *Resistors* antitrust litigations.

---

[13] *In re Optical Disk Drive Antitrust Litig.*, No. 3:10-md-2143 RS, 2016 U.S. Dist. LEXIS 15899, at *64 (N.D. Cal. Feb. 8, 2016).

**D.      Hagens Berman and Gustafson Gluek will devote the resources necessary to aggressively prosecute the claims in this case.**

That Hagens Berman and Gustafson Gluek have sufficient resources to pursue claims on behalf of the consumer indirect purchaser class should not be in doubt. Hagens Berman was founded in 1993 and continues to act as a leader in complex cases across the country. Gustafson Gluek's members have over 100 years of experience litigating antitrust class actions, and representing consumers against large corporations. Together, Hagens Berman and Gustafson Gluek will work tirelessly on behalf of the proposed consumer indirect purchaser class.

## III.      CONCLUSION

Hagens Berman and Gustafson Gluek have played a crucial role in the development of this case on behalf of consumers who have purchased pork products in the United States. For the past six months, their attorneys have worked tirelessly to collect information from the public realm, as well as to investigate confidential sources to draft the complaints currently on file with the Court. Both firms will continue to aggressively and zealously represent the proposed class of consumers. For all of these reasons, Hagens Berman and Gustafson Gluek respectfully request that this Court appoint them as interim co-lead counsel for the proposed Consumer Indirect Purchaser Class.

Dated: September 28, 2018                HAGENS BERMAN SOBOL SHAPIRO LLP

By:_____s/ Steve W. Berman_____
          STEVE W. BERMAN

Breanna Van Engelen
1301 2nd Avenue, Suite 2000
Seattle, Washington 98101

- 23 -

Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

Shana E. Scarlett (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, Illinois 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
beth@hbsslaw.com

Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
Michelle J. Looby (#388166)
Britany N. Resch (#0397656)
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
bresch@gustafsongluek.com

*Counsel for Consumer Indirect Purchaser
Plaintiffs*

010330-11 1063753 V1