## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/HB) |
| This Document Relates to:<br><br>All Consumer Indirect Purchaser Actions | [PROPOSED] ORDER GRANTING HAGENS BERMAN SOBOL SHAPIRO LLP AND GUSTAFSON GLUEK PLLC'S MOTION FOR APPOINTMENT AS INTERIM CO-LEAD COUNSEL FOR PROPOSED CONSUMER INDIRECT PURCHASER CLASS |

The Court having carefully reviewed the submissions of the parties hereby **ORDERS** that the attorneys designated herein shall serve as plaintiffs' interim co-lead counsel for the consumer indirect purchaser actions, and shall have the responsibilities described below.

1. ***Plaintiffs' Co-Lead Counsel.*** The Court appoints Hagens Berman Sobol Shapiro LLP and Gustafson Gluek PLLC to serve as Plaintiffs' Interim Co-Lead Counsel for the consumer indirect purchaser actions.

2. ***Responsibilities of Plaintiffs' Interim Co-Lead Counsel.*** Plaintiffs' Interim Co-Lead Counsel shall generally be responsible for coordinating the activities of the plaintiffs in conducting this litigation toward final resolution. Plaintiffs' Interim Co-Lead Counsel shall take the lead in litigating these matters on behalf of all plaintiffs, meaning that they shall play the lead role in making strategic, tactical, and procedural decisions on behalf of the plaintiffs' counsel and *pro se* plaintiffs. Of course, the Court recognizes that all plaintiffs' counsel and all plaintiffs retain the right to choose to act in their own best interest in these proceedings, but the large number of attorneys and plaintiffs requires a substantial amount of coordination of litigation efforts. To that end, Plaintiffs' Interim Co-Lead Counsel – either personally or by coordinating the efforts of others – shall perform the following duties, among others:

**A.     Discovery**

   a.     Initiate, coordinate and conduct all generic pretrial discovery on behalf of all plaintiffs who file civil actions in this Court or that are transferred to this Court pursuant to 28 U.S.C. § 1407 and that are consolidated with this multidistrict litigation;

b. Develop and propose to the Court schedules for the conduct and completion of all discovery on behalf of all plaintiffs;

c. Initiate, coordinate, and cause to be issued in the name of all plaintiffs, the necessary discovery requests, motions, and subpoenas pertaining to any witness and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation (similar requests, notices, subpoenas may be caused to be issued by Plaintiffs' Co-Lead Counsel upon written request by an individual attorney in order to assist him or her in preparation of the pretrial stages of his or her client's particular claims);

d. Identify witnesses to be noticed for deposition, schedule witness depositions, and determine the lead examiner(s) for each noticed deposition;

e. Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all plaintiffs;

**B.     Master Pleadings, Motion Practice and Hearings**

f. Submit Master Pleadings, and any motions presented to the Court on behalf of all plaintiffs as well as oppose, as appropriate, any motions submitted by the defendants or third parties;

g. Examine or designate other counsel to examine witnesses and introduce evidence at hearings on behalf of plaintiffs;

h. Act or designate other counsel to act as spokesperson(s) for plaintiffs at pretrial proceedings and in response to any inquiries by the Court;

C. **Contact with Defense Counsel**

i. Initiate, coordinate and conduct the requisite meet and confers with defendants, confer with defendants regarding procedural matters, and negotiate and enter into stipulations and case management orders with defendants regarding this litigation;

j. Explore or designate other counsel to explore, develop, and pursue settlement options with defendants on behalf of plaintiffs;

D. **Oversight of Plaintiffs' Counsel**

k. Call meetings of plaintiffs' counsel for any appropriate purpose;

l. Assign litigation-related tasks to plaintiffs' counsel who communicate their willingness to work for the common benefit of all plaintiffs, taking into consideration the particular strengths and weaknesses of counsel requesting such assignments;

m. Monitor the activities of other plaintiffs' counsel in the consumer indirect purchaser actions to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

E. **Trial Preparation**

n. Coordinate trial team(s)'s selection, management and presentation of any "bellwether" and/or "test" case trial(s); and

F. **Other**

o. Perform such other duties as may be incidental to proper coordination of plaintiffs' activities or authorized by further order of the Court.

3. ***Communications with the Court.*** All communications from Plaintiffs with the Court should be through Plaintiffs' Interim Co-Lead Counsel. If circumstances

- 3 -

require direct correspondence with the Court by an individual counsel, copies of any said communications shall simultaneously be served upon both Plaintiffs' Interim Co-Lead Counsel by email.

4. ***Common Benefit Time and Expenses.*** Plaintiffs' Interim Co-Lead Counsel shall prepare and submit to the Court a proposal for the authorization by Co-Lead Counsel of common benefit time and expenses and the standards and procedures to be used by any counsel seeking fees and expenses in this case.

5. ***Privileges Preserved.*** The Court recognizes that cooperation by and among plaintiffs' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel shall not be deemed a waiver of any privilege or protection, including without limitation, the attorney-client privilege and/or the work product doctrine, if the privilege or protection is otherwise applicable. The cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

DATED: _____, 2018

_____
JUDGE HILDY BOWBEER
MAGISTRATE JUDGE