# GUSTAFSON GLUEK PLLC
### ATTORNEYS AT LAW

CANADIAN PACIFIC PLAZA
120 SOUTH SIXTH STREET, SUITE 2600
MINNEAPOLIS, MINNESOTA 55402
TEL (612) 333-8844

October 12, 2018

**VIA ECF**
The Honorable Hildy Bowbeer
United States District Court
632 Federal Building
316 N. Robert Street
St. Paul, MN 55101

  Re: *In re Pork Antitrust Litigation*, Case No. 18-cv-1776 (JRT/HB)

Dear Magistrate Judge Bowbeer:

  The Parties hereby submit this Joint Status Report to address the matters listed in the Court's Minute Entry dated September 20, 2018.[1]

## I. MOTIONS TO DISMISS

  The Parties have conferred on the motions to dismiss that the Defendants anticipate filing. The parties have agreed on a proposed schedule, and Defendants have proposed the word limits provided below which Plaintiffs do not oppose.

### A. Agreed-Upon Briefing Schedule

  Defendants will file their motions to dismiss on October 23. Plaintiffs will respond to the motions on November 30. Defendants will file their reply briefs on December 21.

  Plaintiffs understand that Defendants will request a hearing for the earliest date convenient for the Court and the parties pursuant to the District of Minnesota local rules.

---

[1] This Joint Status Report is being submitted on behalf of all Defendants, the Direct Purchaser Plaintiffs, the Commercial Food Preparers' Indirect Purchaser Plaintiffs, and the Consumer Indirect Purchaser Plaintiffs, all of which are collectively referred to herein as the "Parties."

### B. Unopposed Word Limits

Defendants anticipate filing the following motions to dismiss: (1) a joint motion to dismiss that will be directed at all three consolidated complaints; (2) a joint motion to dismiss that will be directed at issues unique to the two indirect-purchaser cases (which involve claims under the laws of multiple states); and (3) short, individual motions to dismiss from some or all of the Defendants, making arguments specific to each of them. Defendants have proposed—and Plaintiffs do not oppose—the following word limits for each of these three categories of motions.

For the joint motion to dismiss directed at all three consolidated complaints, Defendants would be permitted to use up to 27,000 words in total for their opening and reply briefs, and the Plaintiffs would be permitted to use up to 27,000 words in their single, joint response brief.

For the joint motion to dismiss directed solely at the two indirect-purchaser cases, Defendants would be permitted to use up to 15,000 words in total for their opening and reply briefs, and the Plaintiffs would be permitted to use up to 15,000 words in their single, joint response brief.

For the motions to dismiss that will be filed by individual Defendants, each moving Defendant would be permitted to use up to 3,000 words in total for its opening and reply briefs, and the Plaintiffs would be permitted to use up to 3,000 words in response to each, filed either in single, joint response briefs or in a consolidated joint response brief.

## II.   PROTECTIVE ORDER

Plaintiffs provided a draft Protective Order to Defendants on September 25, 2018. Defendants responded on October 12, 2018.  The Parties will meet and confer on a proposed Protective Order and no later than October 26, 2018, will submit either an agreed upon Protective Order, or submit a joint letter brief of no more than five (5) pages laying out the parties' positions on any disputed provisions.

## III.   ESI PROTOCOL

Plaintiffs provided a draft ESI Protocol to Defendants on September 25, 2018. Defendants have been working diligently with their ESI providers and intend to respond on October 15, 2018.  The Parties will meet and confer on a proposed ESI Protocol and no later than October 26, 2018, will submit either an agreed upon ESI Protocol, or submit a joint letter brief of no more than five (5) pages laying out the parties' positions on any disputed provisions.

## IV. PRESERVATION OF ESI

On July 19, 2018, Plaintiffs sent each Defendant a preservation letter requesting that each Defendant confirm that it has preserved devices (and associated device archives) and other ESI for certain top-level executives of each Defendant (generally two to six executives, but eight for one Defendant). This approach was in lieu of requesting a preservation order, which neither Defendants nor Plaintiffs desire to negotiate given the complexities of doing so. However, Plaintiffs counsels' experience is that preservation of device data for top level executives is critical to confirm because if it is not preserved very soon after the filing of a lawsuit, it is often lost or destroyed through continued use of the device, damage to the device, or replacement of the device with a newer model without imaging or retaining the old device.

Although Defendants have represented to Plaintiffs on several occasions that Defendants are complying with their preservation obligations under the Federal Rules, on August 3, 2018, Defendants agreed to individually respond to Plaintiffs' request for preservation of senior executive devices and to contact the agreed-upon phone carriers to request telephone records maintained by those carriers be preserved. By no later than October 26, 2018, all Defendants will respond in writing to Plaintiffs' July 19 letter, to the extent they have not done so already.

## V. WHETHER DISCOVERY SHOULD PROCEED WHILE MOTIONS TO DISMISS ARE PENDING

Defendants believe that all discovery should be stayed pending the Court's ruling on the motions to dismiss. Plaintiffs oppose a full stay of discovery. The parties have conferred but have been unable to reach agreement.

**Plaintiffs' Position:**

On October 4, 2018, Plaintiffs proposed to Defendants:

- By November 1: Plaintiffs will serve requests for production of documents.

- By December 3, 2018:

    o The parties will provide initial disclosures pursuant to Rule 26;

    o The parties will begin to confer regarding requests for production;

    o The parties will produce organizational charts, and will begin conferring regarding custodians; and

    o Defendants will produce documents previously produced to the DOJ or any other government entity that relates to competition in the pork

3

industry, including any investigation into possible agreements to exchange competitively sensitive price and cost information in the swine industry.

In addition, on September 25, 2018, Plaintiffs proposed a set of disclosures relating to ESI to Defendants, to which Defendants have not yet responded. Plaintiffs request that the parties meet and confer on a proposed set of ESI Disclosures and no later than October 26, 2018, submit either an agreed upon set of ESI Disclosures, or submit a joint letter brief laying out the parties' positions on any disputed provisions.

Plaintiffs' above proposal allows the parties to move forward during the pendency of the motion to dismiss with certain discovery and disclosures, and Defendants' production of materials they have previously produced to the Department of Justice. In Plaintiffs Counsels' experience, DOJ documents are a discrete set of documents that are produced with minimal burden and such documents are routinely produced at the outset of cases such as this where there is a prior production to a government agency.

### **Defendants' Position**

On October 10, 2018, Defendants responded to Plaintiffs' proposal by offering the following:

- On November 1, Plaintiffs will serve requests for production of documents.

- By December 3, 2018, all parties will serve initial disclosures pursuant to Rule 26, and all Parties will produce pre-existing and readily available organizational charts.

- Other than the items listed above, there shall be no discovery efforts of any kind (and specifically no document productions) while the motions to dismiss are pending. The Parties also agree that a Rule 16 conference is not necessary unless and until the Court denies the motions to dismiss.

Plaintiffs rejected that proposal, instead insisting that Defendants engage in substantive discovery—the exchange of written discovery requests and responses, the production of documents, and engagement in meet and confers regarding the scope of discovery and document custodians. Defendants' proposal, by contrast, allows the parties to move forward during the pendency of the motions to dismiss with narrow, tailored discovery and initial disclosures, while not unduly burdening Defendants with discovery obligations that may not be necessary at all if their motions are granted.

With respect to DOJ productions, Defendants represent that they are not aware of any investigation by the DOJ or any other government entity during the period identified in the Complaints that relates to anti-competitive conduct in the pork industry, including any investigation into possible agreements to exchange competitively sensitive price and cost information in the swine industry, and therefore have no such documents to produce.

Finally, Defendants have not responded to Plaintiffs' September 25 proposed "set of disclosures relating to ESI" because it is a transparent attempt by Plaintiffs to engage in substantive discovery while the motions to dismiss are pending. Indeed, the proposed "disclosures" substantially modify the requirements of Fed. R. Civ. P. 26(a)(1) and purport to require the disclosure of information and the production of documents for a 10+ year time period including Defendants' organizational charts (showing myriad individuals with different responsibilities within Defendants' organizations), Defendants' membership in trade associations, phone directories for virtually every executive in Defendants' respective organizations during the period, information regarding Defendants' email systems, a list of Defendants' non-custodial data sources, Defendants' document retention policies, Defendants' Employee Technology Use Policies, information regarding Defendants' phone records, and a list of known data sources likely to contain discoverable ESI that is not readily accessible.

**Briefing a Motion to Stay.** The parties have agreed that Defendants will file their motion to stay discovery on October 23. Plaintiffs will respond to the motion on November 6. Defendants will file their reply brief on November 15. The parties request the earliest hearing date that is convenient for the Court and the parties.

## VI.    MOTIONS FOR LEAD CLASS COUNSEL

Counsel for Direct Purchaser Plaintiffs, the Commercial Food Preparers' Indirect Purchaser Plaintiffs, and the Consumer Indirect Purchaser Plaintiffs have filed motions for the appointment of interim lead counsel for each of the respective classes. Each of these motions is unopposed and ripe for Court resolution.

* * *

The Parties look forward to discussing these issues with the Court during the telephone conference on October 15.

Respectfully submitted,

GUSTAFSON GLUEK PLLC

*/s/ Daniel E. Gustafson*
Daniel E. Gustafson

cc: counsel of record (via ECF)