**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **In re Pork Antitrust Litigation**<br><br>This Document Relates To:<br><br>Commercial and Institutional Indirect<br>Purchaser Plaintiff Actions and Consumer<br>Indirect Purchaser Plaintiff Actions | Case No. 18-cv-01776-JRT-HB |

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION
TO DISMISS THE STATE LAW CLAIMS IN THE INDIRECT PURCHASER
PLAINTIFFS' COMPLAINTS**</u>

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 2

I.     THE COURT SHOULD DISMISS ALL OF THE INDIRECT
PURCHASERS' CLAIMS AS IMPLAUSIBLE OR TIME-
BARRED. ............................................................................................................ 2

II.    THE CIPS LACK A NAMED PLAINTIFF, AND THEREFORE
STANDING TO SUE, FOR A MAJORITY OF THEIR STATE
LAW CLAIMS. ................................................................................................... 3

III.   THE STATE ANTITRUST CLAIMS FAIL AS A MATTER OF
LAW. ................................................................................................................... 6

     A.    The Indirect Purchasers Offer No Additional Factual Support
That Renders Their State Antitrust Claims Plausible. ................................ 6

     B.    Various State Antitrust Claims Should Also Be Dismissed for
Independent, State-Specific Reasons. ......................................................... 8

          1.    Under Illinois Law, Indirect Purchasers Cannot
Maintain a Class Action. .................................................................. 8

          2.    Under Rhode Island Law, Indirect Purchasers Cannot
Seek Damages Based on Conduct Preceding Passage
of the 2013 *Illinois Brick* Repealer Statute in That
State. ................................................................................................ 10

          3.    The Arizona, Nevada and Utah Antitrust Claims Are
Subject to Dismissal for Failure to Provide Notice to
Those States' Attorneys General. .................................................... 11

IV.   THE INDIRECT PURCHASERS' STATE CONSUMER
PROTECTION CLAIMS FAIL AS A MATTER OF LAW. ............................... 12

     A.    Rule 9(b)'s Heightened Pleading Requirements Apply to the
Consumer Protection Claims ..................................................................... 12

     B.    The Indirect Purchasers' Consumer Protection Claims Are
Not Adequately Pled Under Rule 9(b). ..................................................... 15

C.     Plaintiffs Fail to Adequately Plead Consumer Reliance or Consumer-Directed Deceptive Conduct as Required Under the Law of Nine States. ................................................................ 18

D.     CIP Plaintiffs Do Not Have Statutory Standing Under Missouri or Rhode Island Law. ...................................................... 20

E.     Plaintiffs' Antitrust Claims Are Not Actionable Under Six States' Consumer Protection Statutes. .......................................... 20

F.     The Indirect Purchasers Cannot Recover Monetary Damages Under the Laws of California and Minnesota. ............................. 22

G.     The Indirect Purchasers Fail to Allege Intrastate Conspiratorial Activity Necessary Under Six States' Laws. ..................... 23

H.     The Indirect Purchasers Failed to Give the Notice Required Under the Consumer Protection Statutes of West Virginia and Hawaii. ............................................................................... 24

I.     Statutory Bars to Consumer Protection Class Actions Preclude Indirect Purchasers' Claims in Arkansas, South Carolina, and Utah................................................................. 26

V.    THE INDIRECT PURCHASERS' UNJUST ENRICHMENT CLAIMS FAIL AS A MATTER OF LAW. ........................................... 27

A.     The Indirect Purchasers Fail to Plead the Separate Elements of Unjust Enrichment Under the Law of Any State. ................... 27

B.     The Indirect Purchasers Cannot Recover Under the Laws of California, Mississippi, New Hampshire or Illinois Because Unjust Enrichment Is Not a Standalone Basis for Recovery in Those States..................................................................... 29

C.     The Indirect Purchasers Fail to Allege That They Conferred a "Direct Benefit" on Defendants, as Required Under the Law of Ten States. ............................................................... 29

D.     The Indirect Purchasers Fail to Allege a Duty Owed by Defendants, as Required Under Illinois and South Carolina Law. ................................................................................ 31

E.     The Indirect Purchasers Have Not Exhausted All Other
Remedies, Nor Alleged Lack of an Adequate Remedy at Law,
as Required Under the Law of Ten States.................................................. 32

CONCLUSION .............................................................................................. 34

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Am. Orthodontics Corp. v. Epicor Software Corp.*,
746 F.Supp.2d 996 (E.D. Wis. 2010)........................................................ 14

*Apex Oil Co. v. Jones Stephens Corp.*,
881 F.3d 658 (8th Cir. 2018) ................................................................... 18

*Bates v. Dollar Loan Ctr., LLC*,
2014 WL 3516260, at *3 (D. Nev. July 15, 2014) ................................... 16

*Belfiore v. Procter & Gamble Co.*,
94 F.Supp.3d 440 (E.D.N.Y. 2015) .......................................................... 17

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................... 7

*Brown v. Medtronic, Inc.*,
628 F.3d 451 (8th Cir. 2010) ..................................................................... 4

*Carlsen v. GameStop, Inc.*,
833 F.3d 903 (8th Cir. 2016) ..................................................................... 4

*Carnival Corp. v. Rolls-Royce PLC*,
2009 WL 3861450 (S.D. Fla. Nov. 17, 2009)........................................... 23

*Carriuolo v. Gen. Motors LLC*,
72 F.Supp.3d 1323 (S.D. Fla. 2014) ........................................................ 16

*City of Pittsburgh v. W. Penn Power Co.*,
147 F.3d 256 (3d Cir. 1998)........................................................................ 6

*Cole v. Chevron USA, Inc.*,
554 F.Supp.2d 655 (S.D. Miss. 2007)...................................................... 29

*Cruz v. Lawson Software, Inc.*,
2010 WL 890038 (D. Minn. Jan. 5, 2010)................................................ 28

*Demitropoulos v. Bank One Milwaukee*,
NA, 915 F.Supp. 1399 (N.D. Ill. 1996) ................................................... 24

*Dickinson v. SunTrust Mortg., Inc.*,
2015 WL 1868827 (E.D. Ark. Apr. 23, 2015)........................................... 14

iv

*Dooner v. Yuen*,
   2016 WL 6080814 (D. Minn. Oct. 17, 2016) ............................................................ 33

*Drobnak v. Andersen Corp.*,
   561 F.3d 778 (8th Cir. 2009) ................................................................................. 15

*E. Elec. Corp. v. FERD Const., Inc.*,
   2005 WL 3447957 (D.N.H. Dec. 15, 2005) ............................................................. 32

*Five for Entm't S.A. v. Rodriguez*,
   877 F.Supp.2d 1321 (S.D. Fla. 2012) ..................................................................... 23

*Hampshire Paper Corp. v. Highland Supply Corp.*,
   2002 WL 31114120 (D.N.H. Sept. 23, 2002) .......................................................... 17

*Ill. Brick Co. v. Illinois*,
   431 U.S. 720 (1977) ........................................................................................ 1, 10

*In re Aftermarket Filters Antitrust Litig.*,
   2009 WL 3754041 (N.D. Ill. Nov. 5, 2009) ....................................................... 19, 28

*In re Aftermarket Filters Antitrust Litig.*,
   2010 WL 1416259 (N.D. Ill. Apr. 1, 2010) ............................................................ 30

*In re Chocolate Confectionary Antitrust Litig.*,
   749 F.Supp.2d 224 (M.D. Pa. 2010) ...................................................................... 25

*In re Digital Music Antitrust Litig.*,
   812 F.Supp.2d 390 (S.D.N.Y. 2011) ......................................................................... 9

*In re Dynamic Random Access Mem. (DRAM) Antitrust Litig.*,
   516 F.Supp.2d 1072 (N.D. Cal. 2007) .................................................................... 21

*In re Flash Memory Antitrust Litig.*,
   643 F.Supp.2d 1133 (N.D. Cal. 2009) .................................................................... 24

*In re Graphics Processing Units Antitrust Litig.*,
   527 F.Supp.2d 1011 (N.D. Cal. 2007) .................................................................... 21

*In re iPhone 4S Consumer Litig.*,
   2013 WL 3829653 (N.D. Cal. July 23, 2013) (California) ......................................... 16

*In re Lipitor Antitrust Litig.*,
   2018 WL 4006752 (D.N.J. Aug. 21, 2018) ....................................................... passim

v

*In re Lithium Ion Batteries Antitrust Litig.*,
2014 WL 4955377 (N.D. Cal. Oct. 2, 2014) ............................................. 23

*In re Microsoft Corp. Antitrust Litig.*,
401 F.Supp.2d 461 (D. Md. 2005) ............................................. 31

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.*,
350 F.Supp.2d 160 (D. Me. 2004) ............................................. 14, 19, 21

*In re Niaspan Antitrust Litig.*,
42 F.Supp.3d 735 (E.D. Pa. 2014) ............................................. 10

*In re Opana ER Antitrust Litigation*,
162 F.Supp.3d 704 (N.D. Ill. 2016) ............................................. 9, 28

*In re Packaged Seafood Prods. Antitrust Litig.*,
242 F.Supp.3d 1033 (S.D. Cal. 2017) ............................................. 21

*In re Refrigerant Compressors Antitrust Litig.*,
2013 WL 1431756 (E.D. Mich. Apr. 9, 2013) ............................................. 23, 31

*In re Static Random Access Memory Antitrust Litig. (SRAM) Antitrust Litigation*,
2010 WL 5094289 (N.D. Cal. Dec. 8, 2010) ............................................. 20

*In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*,
64 F.Supp.3d 665 (E.D. Pa. 2014) ............................................. 8

*In re Target Corp. Data Sec. Breach Litig*,
66 F.Supp.3d 1154 (D. Minn. 2014) ............................................. 5, 6

*In re TD Bank, N.A.*,
150 F.Supp.3d 593 (D.S.C. 2015) ............................................. 26

*In re Wal-Mart Wage & Hour Employment Practices Litig.*,
490 F.Supp.2d 1091 (D. Nev. 2007) ............................................. 33

*In re Wellbutrin XL Antitrust Litig.*,
260 F.R.D. 143 (E.D. Pa. 2009) ............................................. 4, 6

*In re Wellbutrin XL Antitrust Litig.*,
756 F.Supp.2d 670 (E.D. Pa. 2010) ............................................. 9

*Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*,
   2014 WL 943224 (D. Minn. Mar. 11, 2014), *aff'd*, 797 F.3d 538 (8th
   Cir. 2015) ......................................................................................... 4, 5, 6

*Jackson v. ASA Holdings*,
   751 F.Supp.2d 91 (D.D.C. 2010) .................................................... 16

*Johnson v. Ross*,
   419 Fed. App'x 357 (4th Cir. 2011) ............................................... 30

*Kane v. Chobani, Inc.*,
   2013 WL 5289253 (N.D. Cal. Sept. 19, 2013) ............................... 18

*Karnatcheva v. JPMorgan Chase Bank, N.A.*,
   704 F.3d 545 (8th Cir. 2013) ......................................................... 7

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ....................................................... 14

*Krug v. Am. Family Mut. Ins. Co.*,
   227 F.Supp.3d 942 (N.D. Ill. 2016) ............................................... 29

*Lewis v. Casey*,
   518 U.S. 343 (1996) ....................................................................... 3, 4

*Marks v. United States*,
   430 U.S. 188 (1977) ....................................................................... 9

*Merck & Co. Inc. v. Lyon*,
   941 F.Supp. 1443 (M.D.N.C. 1996) ............................................... 24

*Mollicone v. Universal Handicraft, Inc.*,
   2017 WL 440257 (C.D. Cal. Jan. 30, 2017) .................................. 5

*Moore v. Apple, Inc.*,
   73 F.Supp.3d 1191 (N.D. Cal. 2014) ............................................. 18

*Mulford v. Altria Grp., Inc.*,
   242 F.R.D. 615 (D.N.M. 2007)....................................................... 17

*Oetting v. Norton*,
   795 F.3d 886 (8th Cir. 2015) ......................................................... 4

*Pacamor Bearings, Inc. v. Minebea Co.*,
   918 F.Supp. 491 (D.N.H. 1996)...................................................... 23

*Rilley v. MoneyMutual, LLC*,
   2017 WL 3822727 (D. Minn. Aug. 30, 2017) ........................................... 22

*Robinson v. HSBC Bank USA*,
   732 F.Supp.2d 976 (N.D. Cal. 2010) .......................................................... 29

*Rodi v. S. New Eng. Sch. of Law*,
   389 F.3d 5 (1st Cir. 2004) ........................................................................... 12

*Roth v. Life Time Fitness, Inc.*,
   2016 WL 3911875 (D. Minn. July 14, 2016) .............................................. 5

*Ruggers Inc. v. U.S. Rugby Football Union, Ltd.*,
   843 F.Supp.2d 139 (D. Mass. 2012) .......................................................... 32

*Russo v. NCS Pearson, Inc.*,
   462 F.Supp.2d 981 (D. Minn. 2006) ........................................................... 14

*Schaller Tel. Co. v. Golden Sky Sys., Inc.*,
   298 F.3d 736 (8th Cir. 2002) ...................................................................... 15

*Shady Grove Orthopedic Associates v. Allstate Insurance*,
   559 U.S. 393 (2010) ................................................................................ 8, 9

*Sheet Metal Workers Local 441 Health & Welfare Plan v.
   GlaxoSmithKline, PLC*,
   263 F.R.D. 205 (E.D. Pa. 2009) ........................................................... 18, 24

*Sheet Metal Workers Local 441 Health & Welfare Plan v.
   GlaxoSmithKline, Plc*,
   737 F.Supp.2d 380 (E.D. Pa. 2010) ........................................................... 18

*Small v. Univ. Med. Ctr. of S. Nev.*,
   2016 WL 4157309 (D. Nev. Aug. 3, 2016) ................................................ 32

*Spacesaver Corp. v. Marvel Grp., Inc.*,
   621 F.Supp.2d 659 (W.D. Wis. 2009) ........................................................ 17

*Spires v. Hosp. Corp. of Am.*,
   289 Fed. App'x. 269 (10th Cir.2008) ......................................................... 30

*Steel Co. v. Citizens for a Better Env't.*,
   523 U.S. 83 (1998) ........................................................................................ 4

*Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*,
   781 F.3d 1003 (8th Cir. 2015) ....................................................... 12, 14, 15

*Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air–
   Conditioning Eng'rs, Inc.*,
      2011 WL 13116667 (E.D. Wis. Nov. 15, 2011) .......................................................... 19

*Tuttle v. Lorillard Tobacco Co.*,
      118 F.Supp.2d 954 (D. Minn. 2000) .......................................................................... 13

*United Food & Comm. Workers Local 1776 & Participating Employers
   Heal. & Welfare Fund v. Teikoku Pharma USA, Inc.*,
      74 F.Supp.3d 1052 (N.D. Cal. 2014) ......................................................................... 10

*Whitlock v. FSL Mgmt. LLC*,
      843 F.3d 1084 (6th Cir. 2016) ....................................................................................... 9

*Willert v. Andre*,
      2017 WL 5033658 (W.D. Wis. Oct. 31, 2017) .......................................................... 19

*Williams v. Purdue Pharm Co.*,
      297 F.Supp.2d 171 (D.D.C. 2003) .............................................................................. 18

*Williams v. Scottrade, Inc.*,
      2006 WL 2077588 (E.D. Mich. July 24, 2006) .......................................................... 14

*Windage, LLC v. U.S. Golf Ass'n*,
      2008 WL 2622965 (D. Minn. July 2, 2008) .................................................................. 7

*Witherspoon v. Philip Morris Inc.*,
      964 F.Supp.455 (D.D.C. 1997) ................................................................................... 14

*Zyla v. Wadsworth, Div. of Thomson Corp.*,
      360 F.3d 243 (1st Cir. 2004) ....................................................................................... 23

STATE CASES

*A & M Supply v. Microsoft Corp.*,
      2008 WL 540883 (Mich. App. Ct. 2008) .................................................................... 30

*Ackre v. Chapman & Chapman, P.C.*,
      788 N.W.2d 344 (N.D. 2010) ...................................................................................... 17

*Am. Safety Ins. Service, Inc. v. Griggs*,
      959 So.2d 322 (Fla. Dist. Ct. App. 2007) .................................................................. 30

*Apache Corp. v. MDU Resources Grp., Inc.*,
      603 N.W.2d 891 (N.D. 1999) ...................................................................................... 30

*Baker Const. Co., Inc. v. City of Burlington*,
2009 WL 3350747 (N.C. Ct. App. 2009) ................................................... 30

*Bellermann v. Fitchburg Gas & Elec. Light Co.*,
475 Mass. 67 (2016) .................................................................................. 16

*Brown v. Pinnacle Restoration LLC*,
2013 WL 3148654 (Ariz. Ct. App. 2013) ................................................... 30

*Burkhart v. Wolf Motors of Naperville, Inc. ex rel. Toyota of Naperville*,
61 N.E.3d 1155 (Ill. App. Ct. 2016) .......................................................... 16

*Bus. Cabling v. Yokeley*,
182 N.C. App. 657 (N.C. Ct. App. 2007) ................................................... 17

*Davis v. Four Seasons Hotel Ltd.*,
228 P.3d 303 (Haw. 2010) ......................................................................... 16

*Dennis Simmons, D.D.S., P.A. v. Modern Aero, Inc.*,
603 N.W.2d 336 (Minn. Ct. App. 1999) .................................................... 22

*ERI Max Entm't, Inc. v. Streisand*,
690 A.2d 1351 (R.I. 1997) ......................................................................... 20

*Estate of Johnson v. Melvin Rose, Inc.*,
2007 WL 1832029 (Mass. Super. Ct. May 9, 2017) .................................. 30

*Furlough v. Spherion Atl. Workforce, LLC*,
397 S.W.3d 114 (Tenn. 2013) ................................................................... 33

*Gaebler v. N.M. Potash Corp.*,
676 N.E. 2d 228 (Ill. App. Ct. 1996) ........................................................ 21

*Gen. Insulation Co. v. Eckman Const.*,
992 A.2d 613 (N.H. 2010) ......................................................................... 29

*Goshen v. Mut. Life Ins. Co.*,
774 N.E.2d 1190 (N.Y. 2002) .................................................................... 24

*In re Tobacco II Cases*,
207 P.3d 20 (Cal. 2009) ............................................................................ 18

*Jones v. Mackey Price Thompson & Ostler*,
355 P.3d 1000 (Utah 2015) ....................................................................... 30

*K.A.C. v. Benson*,
   527 N.W.2d 553 (Minn. 1995)................................................................ 16

*Korea Supply Co. v. Lockheed Martin Corp.*,
   63 P.3d 937 (Cal. 2003) .......................................................................... 22

*Laughlin v. Evanston Hosp.*,
   550 N.E.2d 986 (Ill. 1990) ..................................................................... 21

*Lerfald v. Gen. Motors Corp.*,
   No. CT 03-003327 (Minn. Dist. Ct. Nov. 7, 2003) ..................................... 21

*Martis v. Grinnell Mut. Reinsurance Co.*,
   905 N.E. 2d 920 (Ill. App. Ct. 2009) ....................................................... 31

*PH W. Dover Prop., LLC v. Lalancette Engineers*,
   120 A.3d 1135 (Vt. 2015) ....................................................................... 17

*Phila. Indem. Ins. Co. v. Pace Suburban Bus Serv.*,
   2016 WL 6804622 (Ill. App. Ct. Nov. 17, 2016)......................................... 31

*Pilot Inv. Grp. Ltd. v. Hofarth*,
   250 Neb. 475 (1996) .............................................................................. 32

*Pitts v. Jackson Nat'l Life Ins. Co.*,
   574 S.E.2d 502 (S.C. Ct. App. 2002)........................................................ 31

*Rindal v. Schler*,
   2003 S.D. 24 (2003) .............................................................................. 33

*Sisney v. Best Inc.*,
   754 N.W.2d 804 (S.D. 2008) .................................................................. 17

*Smestad v. Harris*,
   820 N.W. 2d 363 (N.D. 2012) ................................................................ 32

*Southtown Plumbing, Inc. v. Har-Ned Lumber Co., Inc.*,
   493 N.W. 2d 137 (Minn. 1992)................................................................ 32

*State ex rel. Spaeth v. Eddy Furniture Co.*,
   386 N.W.2d 901 (N.D. 1986) .................................................................. 14

*Thorpe v. Washington City*,
   243 P.3d 500 (Utah Ct. App. 2010) .......................................................... 33

*Trustmark Ins. Co. v. Bank One, Ariz., NA*,
48 P.3d 485 (Ariz. Ct. App. 2002) ................................................................. 32

*VCS, Inc. v. Utah Cmty. Bank*,
293 P.3d 290 (Utah 2012) ............................................................................. 33

*Wallis v. Ford Motor Co.*,
362 Ark. 317 (Ark. 2005) ............................................................................. 16

*White v. Medico Life Ins. Co.*,
212 Neb. 901 (1982) ..................................................................................... 16

*Wright v. Craft*,
372 S.C. 1 (S.C. Ct. App. 2006) ................................................................... 17

**FEDERAL STATUTES**

Clayton Act § 4B, 15 U.S.C. § 15b ..................................................................... 3

Rules Enabling Act, 28 U.S.C. § 2072 ............................................................... 9

Sherman Act § 1, 15 U.S.C. § 1 ..................................................................... 1, 2

**STATE STATUTES**

Arizona Antitrust Act, Ariz. Rev. Stat. § 44-1415(A) .................................... 11

Arkansas:

    Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101 ....... 14, 18, 20, 26, 27

    Ark. Code § 4-88-113(f)(1)(B) ................................................................. 27

California:

    Cartwright Act, Cal. Bus. & Prof. Code § 16720 ......................................... 7

    Consumers Legal Remedy Act, Cal. Civ. Code §§ 1750-1784 ................... 14

    Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210 ............. 14, 18, 22

District of Columbia Consumer Protection Procedure Act, D.C. Code § 28-
3901, *et seq.* ................................................................................................. 18

Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et
seq.* ............................................................................................................... 23

Hawaii:

    Hawaii Deceptive Practices Law, Haw. Rev. Stat. § 480-1 .......................................... 25

    Haw. Rev. Stat. § 480-13.3(a) ..................................................................................... 25

Illinois:

    Illinois Antitrust Act, 740 Ill. Comp. Stat. 10/3(1), *et seq* ......................................... 8, 9

    740 Ill. Comp. Stat. § 10/7(2) ....................................................................................... 8

    Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill.
        Comp. Stat. 505/10A, *et seq.* ................................................................................. 21

Massachusetts Consumer Protection Law, Mass. Gen. Laws Chapter
    93A, § 11 ...................................................................................................................... 23

Michigan:

    Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903(1) ...................... 21

    Mich. Comp. Laws § 445.911(2) ................................................................................. 16

Minnesota:

    Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69 ....................................... 16, 21

    Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.43-48 ................. 21, 22

Missouri:

    Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq.* .................. 7

    Mo. Rev. Stat. § 407.025 ....................................................................................... 16, 20

North Carolina Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.* ............................ 24

North Dakota Unlawful Sales or Advertising Practices, N.D. Cent. Code
    § 51-15-02 ..................................................................................................................... 19

New Hampshire Consumer Protection Act, N.H. Rev. Stat. Tit. 31,
    § 358-A, *et seq.* ........................................................................................................... 23

New York Deceptive Trade Practices Law, N.Y. Gen. Bus. Law § 349 ......................... 18

Nevada Antitrust Act, Nev. Rev. Stat. § 598A.210(3) ..................................................... 11

Rhode Island:

    Rhode Island Antitrust Act, R.I. Gen. Laws § 6-36-1, *et seq.* ..................................... 10

    Rhode Island Deceptive Trade Practices Act, R.I. Gen. Laws. § 6-13.1-
        5.2 ........................................................................................... 17, 19, 20

South Carolina:

    South Carolina Unfair Trade Practices Act, S.C. Code § 39-5-10 ............................ 27

    S.C. Code § 39-5-140(a) ................................................................... 26, 27

South Dakota Deceptive Trade Practices Act, South Dakota Code § 37-24-6 ................ 21

Utah:

    Utah Antitrust Act, Utah Code § 76-10-3109(9) ......................................... 11

    Utah Consumer Sales Practices Act, Utah Code § 13-11-1 ................................ passim

    Utah Code § 13-11-19 ..................................................................... 27

    Utah Unfair Practices Act, Utah Code § 13-5-1, *et seq.* ........................................ 13, 17

Vermont Consumer Protection Act, Vt. Stat. § 2453, *et seq.* ............................... 7

Virginia Consumer Protection Act, Va. Code § 59.1-196, *et seq.* ............................. 13, 19

West Virginia:

    West Virginia Consumer Credit and Protection Act, W. Va. Code
        § 46A-6-101 ............................................................................ 25

    W. Va. Code § 46A-6-106(c) ......................................................... 17, 24, 25

Wisconsin Consumer Protection Statutes, Wis. Stat. § 100.18 .................................. 19, 24

## INTRODUCTION

Alleged indirect purchasers of pork products have filed putative class actions asserting claims under the Sherman Act and a slew of state antitrust, consumer protection, and unjust enrichments laws. This memorandum addresses those state law claims.

The indirect purchaser plaintiffs fall into two groups: (1) commercial indirect purchasers who purchased pork for commercial food preparation ("CIP"); and (2) individual indirect purchasers who purchased pork for individual use ("IIP" and collectively with CIPs, the "Indirect Purchasers").[1] The Indirect Purchasers cannot seek monetary relief under the Sherman Act. *See Ill. Brick Co. v. Illinois*, 431 U.S. 720 (1977). As a result, they seek only injunctive relief under the Sherman Act. In their separate joint motion to dismiss Plaintiffs' federal claims, Defendants show that Plaintiffs have not plausibly alleged a violation of the Sherman Act.[2] But Plaintiffs additionally seek to shoehorn faulty antitrust claims into a wide range of state laws into which those claims simply do not fit. As a result, their various state law claims fail.

---

[1] Citations to the IIP and CIP Consolidated Amended Complaints ("Compl.") will be to those filed in *Duryea, et al. v. Agri Stats, Inc., et al.*, Case No. 18-cv-01776-JRT-HB (D. Minn.), Doc. 74 ("IIP Compl."), and *Sandee's Bakery, et al. v. Agri Stats, Inc., et al.*, originally filed as Case No. 18-cv-02113-JRT-HB, Doc. 54 ("CIP Compl.").

[2] Defendants incorporate herein the arguments raised in the Memorandum of Law in Support of Defendants' Joint Motion to Dismiss the Direct Purchaser Plaintiffs' Complaint and the Federal Law Claims in the Indirect Purchaser Plaintiffs' Complaints for Failure to State a Claim Upon Which Relief May Be Granted ("Joint Federal Memorandum").

As discussed in detail below, (a) all of the Indirect Purchasers' state law claims fail for the same reasons discussed in Defendants' Joint Federal Memorandum addressing Plaintiffs' claims under the Sherman Act (Section I); (b) the CIPs' claims in 19 states fail because they do not have a representative plaintiff from those states and therefore lack standing (Section II); (c) the Indirect Purchasers' state *antitrust* claims fail for a variety of reasons (Section III); (d) the Indirect Purchasers' state *consumer protection* claims fail for a variety of reasons (Section IV); and (e) the Indirect Purchasers' state *unjust enrichment* claims fail for a variety of reasons (Section V).

## ARGUMENT

## I.   THE COURT SHOULD DISMISS ALL OF THE INDIRECT PURCHASERS' CLAIMS AS IMPLAUSIBLE OR TIME-BARRED.

Defendants' motion to dismiss the federal law claims details how the Plaintiffs—including the Indirect Purchasers—have failed to plausibly allege a conspiracy in violation of Section 1 of the Sherman Act, 15 U.S.C § 1. Importantly, *each and every state law claim brought by the Indirect Purchasers is predicated on the same implausible and legally insufficient allegations of a price fixing conspiracy as their Sherman Act claims*. Accordingly, none of the Indirect Purchasers' claims has been plausibly alleged, and all should be dismissed. Additionally, for the same reasons explained in Defendants' Joint Federal Memorandum, most of the Indirect Purchasers' claims are also barred by

applicable four-year state statutes of limitation which, like the Clayton Act's four-year limitations period, have long-since run.[3]

In addition, the state law claims suffer from further legal and pleading defects, detailed below, that independently require dismissal.

## II.   THE CIPS LACK A NAMED PLAINTIFF, AND THEREFORE STANDING TO SUE, FOR A MAJORITY OF THEIR STATE LAW CLAIMS.

The CIPs fail to name a representative plaintiff in <u>19</u> of the <u>29</u> states for which they assert claims.  Therefore, they lack standing to assert claims under the antitrust and consumer protection statutes and unjust enrichment laws of the following 19 jurisdictions:  Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Utah, Vermont, and West Virginia.[4] CIP Compl. ¶¶179-248.[5]

"[N]amed plaintiffs who represent a class" must meet the standing requirements of Article III, which requires an injury in fact, traceable to the defendant, that can be redressed by a favorable decision.  *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (citation

---

[3] Exhibit 1 identifies the relevant statutes of limitation of four years or fewer for the state antitrust, consumer protection, and unjust enrichment claims the Indirect Purchasers assert.

[4] The CIPs allege that they reside in eight states (Arizona, Arkansas, California, Florida, Minnesota, Mississippi, New York, and Wisconsin) and one CIP Plaintiff, Gondolier Pizza International, Inc., alleges that it additionally purchased pork products in North Carolina and Tennessee.

[5] The IIPs purport to have representative plaintiffs who allegedly reside or suffered injury in all the states in which they allege state law claims.

omitted).   A named plaintiff must have standing at the time a class action is filed. *Oetting v. Norton*, 795 F.3d 886, 891 (8th Cir. 2015).

Two principles guide the standing analysis here.   First, "[f]ederal courts must address questions of standing before addressing the merits of a case where standing is called into question."  *Brown v. Medtronic, Inc.*, 628 F.3d 451, 455 (8th Cir. 2010) (citing *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 93-102, (1998)) (quotations omitted).   Second, a claim cannot be asserted on behalf of a class unless at least one plaintiff has suffered the injury giving rise to the claim.  *See Lewis*, 518 U.S. at 357; *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 910 (8th Cir. 2016); *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 152 (E.D. Pa. 2009).

Thus, the Indirect Purchasers must show that they have standing to pursue each of the claims asserted in their Complaints.  The CIPs have not done so and lack standing to pursue any state law claim in 19 of the 29 identified jurisdictions.  First, no named CIP plaintiff resides in those states.  *See Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, Civ. No. 13-2664, 2014 WL 943224, at *11 (D. Minn. Mar. 11, 2014), *aff'd*, 797 F.3d 538 (8th Cir. 2015) (finding on a Rule 12 motion that the named plaintiffs "lack[ed] standing to assert claims under the laws of the states in which they [did] not reside or in which they suffered no injury").  Second, even if suffering damages in a jurisdiction were sufficient, the CIPs have not plausibly alleged that the named plaintiffs suffered injury in jurisdictions in which they do not reside.  Instead, the CIP's only make conclusory allegations that do not tie injuries to particular jurisdictions, thus failing to meet their burden.  *See, e.g.*, CIP Compl. ¶¶190, 216, 218, and 220.  For instance, in Paragraph 220,

4

the CIPs allege that "Defendants sold the pork at Issue [sic] in New Hampshire and deceived Plaintiffs and Class Members in New Hampshire into believing that the pork at Issue were competitively priced," but with no named plaintiff alleged to have resided in or purchased pork in New Hampshire.

While the need to establish standing is clear, courts have disagreed as to "whether, pre-class certification, named plaintiffs are required to establish standing for each and every claim set forth in a class action complaint," or whether the issue should be addressed during the class certification process. *Compare Insulate,* 2014 WL 943224 at *10-11 (Montgomery, J.) (citations omitted) (dismissing claims for which the plaintiff could not establish Article III standing)*, with In re Target Corp. Data Sec. Breach Litig*, 66 F.Supp.3d 1154, 1159-60 (D. Minn. 2014) (Magnuson, J.) (finding that the court may wait to address standing questions until class certification). The Eighth Circuit has not directly addressed this issue. *See Roth v. Life Time Fitness, Inc.*, Civ. No. 15-3270 (JRT/HB), 2016 WL 3911875, at *4 (D. Minn. July 14, 2016) (as of July 2016, no definitive Eighth Circuit decision). But "the majority of courts to consider this question have concluded that when a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal." *Mollicone v. Universal Handicraft, Inc.*, Civ. No. 16-7322, 2017 WL 440257, at *9 (C.D. Cal. Jan. 30, 2017) (internal quotations omitted) (collecting cases).

The Court should follow the reasoning set forth in Judge Montgomery's *Insulate* case (which the Eighth Circuit affirmed) and resolve the standing issues now. *Insulate* is more closely analogous than *Target Corp* because it addressed standing in the context of

antitrust violations brought under various state antitrust and consumer protection statutes. *See Insulate*, 2014 WL 943224 at *10. In *Target Corp.*, Judge Magnuson highlighted this distinction, deviating from *Insulate* largely because *Insulate* and similar cases are "antitrust cases, in which the constitutional and prudential requirements of standing take on particular significance." *Target Corp.*, 66 F.Supp.3d at 1160 (quoting *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 264 (3d Cir. 1998)) (internal quotations omitted). In contrast, the *Target Corp.* data breach case "contain[ed] no antitrust allegations, and thus there [was] no particular significance to the standing determination." *Id.* To be sure, the policy concerns motivating Judge Montgomery in *Insulate* are equally present here: "[w]ere a named plaintiff not required to establish Article III standing for each class action presented, named plaintiffs in a proposed class action, with no injuries in relation to the laws of certain states referenced in their complaint, would be allowed to embark on lengthy class discovery with respect to injuries in potentially every state in the union." *See Insulate*, 2014 WL 943224, at *11 (citing *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. at 155) (internal quotations and alterations omitted). Therefore, the Court should follow the reasoning of *Insulate* and the cases cited therein, and dismiss all claims by the CIPs in the 19 jurisdiction in which no representative CIP resides.

## III.  THE STATE ANTITRUST CLAIMS FAIL AS A MATTER OF LAW.

### A.  The Indirect Purchasers Offer No Additional Factual Support That Renders Their State Antitrust Claims Plausible.

The state law antitrust claims are premised on the same defective allegations as the federal antitrust claims and should be dismissed for the reasons stated in Defendants'

Joint Federal Memorandum.  To the extent that the Indirect Purchasers add any state-specific allegations, they are labels and conclusions that merely recite elements of the claims.  *See, e.g.*, CIP Compl. ¶188 ("During the Class Period, defendants and their coconspirators entered into and engaged in a continuing unlawful trust in restraint of the trade and commerce described above in violation of Cal. Bus. & Prof. Code §16720 . . . . ).  Such conclusory allegations are clearly deficient and mandate the dismissal of the Indirect Purchasers' state law claims for the same reasons as Plaintiffs' federal claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013) ("We apply federal pleading standards—Rules 8 and 12(b)(6)—to the state substantive law to determine if a complaint makes out a claim under state law."); *Windage, LLC v. U.S. Golf Ass'n*, Civ. No. 07-4897 ADM/AJB, 2008 WL 2622965, at \*4 (D. Minn. July 2, 2008) (dismissing plaintiff's "state antitrust claim for the same reasons discussed in assessing [plaintiff's] federal claim").[6]

---

[6] The Indirect Purchasers plead two claims labeled as "antitrust" claims that cite state consumer protection statutes.  *See* IIP Compl. ¶¶245-50 (claim under the Missouri Merchandising Practices Act ("MMPA"), Mo. Ann. Stat. § 407.010, *et seq.*); CIP Compl. ¶208 (citing 9 Vt. Stat. Ann. § 2453, *et seq.*).  While not explicitly state antitrust claims, the Indirect Purchasers base these claims on the same conclusory allegations of a conspiracy or agreement in restraint of trade as their state antitrust claims.  *See* CIP Compl, ¶208 (alleging "an unlawful agreement in restraint of trade"); IIP Compl. ¶249 (alleging "restraint of trade or commerce").  Accordingly, for the reasons discussed above, neither claim is plausibly alleged.  *See also infra* Section IV.

B.   **Various State Antitrust Claims Should Also Be Dismissed for Independent, State-Specific Reasons.**

1.   **Under Illinois Law, Indirect Purchasers Cannot Maintain a Class Action.**

IIPs assert a claim under the Illinois Antitrust Act, 740 Ill. Comp. Stat. 10/3(1), *et seq*. IIP Compl. ¶¶200-06 (Illinois).  The Court should dismiss this claim because Illinois law bars private plaintiffs from bringing antitrust actions on behalf of an indirect purchaser class.

The Illinois Antitrust Act states "no person shall be authorized to maintain a class action in any court of this State for indirect purchasers asserting claims under this Act, with the sole exception of this State's Attorney General, who may maintain an action parens patriae."  740 Ill. Comp. Stat. § 10/7(2).  As the District of New Jersey recently explained, most courts have held that this language is a class-action bar that "prohibits indirect purchaser class actions" under Illinois law.  *In re Lipitor Antitrust Litig.*, Civ. No. 12-2389, 2018 WL 4006752, at *14 (D.N.J. Aug. 21, 2018); *see also In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 64 F.Supp.3d 665, 700 (E.D. Pa. 2014) ("The Illinois Antitrust Act only permits the state's Attorney General to bring a class action on behalf of indirect purchasers[.]").

This prohibition on indirect purchaser class actions is not superseded by Rule 23 of the Federal Rules of Civil Procedure or otherwise limited by the Supreme Court's decision in *Shady Grove Orthopedic Associates v. Allstate Insurance*, 559 U.S. 393 (2010).  Justice Stevens' controlling concurrence in *Shady Grove* recognized that Rule 23 does not override a procedural state law which is "so intertwined with a state right or

8

remedy that it functions to define the scope of the state-created right."[7]  *Id.* at 423.  Since

*Shady Grove* was decided, courts have frequently concluded that class-action bars (and

also statutory notice provisions, *see infra* at Sections III.B.3 and IV.H) are substantive

elements of a state law cause of action (and therefore not preempted by Rule 23) when

they are found in the same statutory sections as those creating the right of action.  *Cf.*

*Whitlock v. FSL Mgmt. LLC*, 843 F.3d at 1092 ("[P]rohibition on class-action litigation

. . . within the same statutory provision that creates the private cause of action" is a strong

indication that the "prohibition against class-action litigation is substantive for the

purposes of the Rules Enabling Act"); *In re Opana ER Antitrust Litigation*, 162

F.Supp.3d 704, 723 (N.D. Ill. 2016) (finding Illinois' class action prohibition substantive

because it was "intertwined" with the state antitrust statute and that arguments to the

contrary have been "repeatedly rejected").[8]

Here, the clause limiting class actions "is in the same paragraph of the same

statute that creates the underlying substantive right," and permitting the class claims to

proceed would undermine the Illinois legislature's "policy decision regarding the

feasibility of duplicative recovery, which is explicitly entrusted to the attorney general,

---

[7] *See Whitlock v. FSL Mgmt. LLC*, 843 F.3d 1084, 1091 n.2 (6th Cir. 2016) (recognizing controlling nature of Justice Stevens' *Shady Grove* concurrence, citing *Marks v. United States*, 430 U.S. 188, 193 (1977)).

[8] *See also In re Digital Music Antitrust Litig.*, 812 F.Supp.2d 390, 416 (S.D.N.Y. 2011) (dismissing plaintiffs' claim on behalf of indirect purchasers under Illinois law); *In re Wellbutrin XL Antitrust Litig.*, 756 F.Supp.2d 670, 677 (E.D. Pa. 2010) (holding that "Illinois' restrictions on indirect purchaser actions must be applied in federal court").

not indirect purchasers." *Lipitor*, 2018 WL 4006752, at *14 (citations omitted). Accordingly, the Court should dismiss the Fifth Claim for Relief in the IIP Complaint.

        **2.**      **Under Rhode Island Law, Indirect Purchasers Cannot Seek Damages Based on Conduct Preceding Passage of the 2013 *Illinois Brick* Repealer Statute in That State.**

The IIPs also assert a claim under the Rhode Island Antitrust Act.  IIP Compl. ¶¶296-301. Until 2013, Rhode Island followed the *Illinois Brick* doctrine for state antitrust claims and categorically barred recovery by indirect purchasers.  *See In re Niaspan Antitrust Litig.*, 42 F.Supp.3d 735, 759 (E.D. Pa. 2014).  Because Rhode Island law presumes that statutes apply only prospectively, Indirect Purchasers may not recover damages based on conduct preceding the effective date of that state's *Illinois Brick* repealer statute, July 15, 2013.  *See id.*, 42 F.Supp.3d at 759.  Indeed, as the IIP Complaint alleges no overt act in the alleged conspiracy since the July 15, 2013 effective date of the Rhode Island *Illinois Brick* repealer, this case is like *Lipitor*, in which the court dismissed a Rhode Island antitrust claim because "none of the activity giving rise to [plaintiffs'] claims occurred within the date of enactment . . . ." *Lipitor*, 2018 WL 4006752, at *15.  *See also United Food & Comm. Workers Local 1776 & Participating Employers Heal. & Welfare Fund v. Teikoku Pharma USA, Inc.*, 74 F.Supp.3d 1052, 1087-88 (N.D. Cal. 2014) (dismissing Rhode Island antitrust claim arising from conduct occurring prior to effective date of *Illinois Brick* repealer).

3.      **The Arizona, Nevada and Utah Antitrust Claims Are Subject to Dismissal for Failure to Provide Notice to Those States' Attorneys General.**

The claims under the Arizona, Nevada and Utah antitrust statutes should be dismissed because none of the Indirect Purchasers' filings demonstrate their compliance with the statutory requirements to provide notice to the attorneys general in those states. *See* IIP Compl. ¶¶178-85 (Arizona), 257-65 (Nevada), 310-15 (Utah); CIP Compl. ¶¶187 (Arizona), 197 (Nevada), 207 (Utah).

Under Arizona law, antitrust plaintiffs "*shall* simultaneously with the filing of . . . pendent state law claims in the federal court, serve a copy of the complaint . . . on the attorney general," and "[p]roof of service on the attorney general *shall* be filed with the court." Ariz. Rev. Stat. § 44-1415(A) (emphases added). So, too, under Utah law: "[t]he attorney general *shall* be notified by the plaintiff about the filing of any class action involving antitrust violations that includes plaintiffs from this state. The attorney general *shall* receive a copy of each filing from each plaintiff." Utah Code § 76-10-3109(9) (emphases added).[9] Nevada law similarly provides that plaintiffs "commencing an action for any violation of the provisions of this chapter *shall*, simultaneously with the filing of the complaint with the court, mail a copy of the complaint to the Attorney General." Nev. Rev. Stat. § 598A.210(3) (emphasis added).

Those pre-filing notice requirements are "not merely a procedural nicety, but, rather, 'a prerequisite to suit[,]'" which the *Lipitor* court cited in dismissing Arizona,

---

[9] As noted above in Section II, none of the CIPs are even from the State of Utah.

Nevada, and Utah antitrust claims.  <u>Lipitor</u>, 2018 WL 4006752, at *11 (quoting *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 19 (1st Cir. 2004)).  These Plaintiffs' claims should be similarly dismissed.

## IV.   THE INDIRECT PURCHASERS' STATE CONSUMER PROTECTION CLAIMS FAIL AS A MATTER OF LAW.

The IIP Plaintiffs go on to assert 19 claims under the consumer protection or deceptive trade practices statutes of 18 states, and the CIP Plaintiffs assert such claims under 18 state statutes (collectively, the "consumer protection claims").  These consumer protection claims are based on the same deficient antitrust conspiracy allegations as the Plaintiffs' federal claims.  As such, as detailed in Defendants' Joint Federal Memorandum, none are plausibly alleged.  As set forth below, these claims fail for multiple additional reasons.[10]

### A.   Rule 9(b)'s Heightened Pleading Requirements Apply to the Consumer Protection Claims.

The heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies to the consumer protection claims because the Indirect Purchasers allege Defendants engaged in fraudulent or deceptive conduct.  The Eighth Circuit employs a "pleading-specific inquiry" to determine when Rule 9(b) applies.  Regardless of whether a particular statute is explicitly grounded in fraud, Rule 9(b) applies if the complaints contain "specific averments of fraud" as opposed to innocent or negligent misrepresentation. *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th

---

[10] Exhibits 2 and 3 set forth in summary fashion the legal defects fatal to each state law consumer protection claim.

Cir. 2015); *see also Tuttle v. Lorillard Tobacco Co.*, 118 F.Supp.2d 954, 963 (D. Minn. 2000) (applying Rule 9(b) to Minnesota statutory fraud claims).  Here, Rule 9(b) applies because all 18 CIP consumer protection claims and 16 of the 19 IIP consumer protection claims contain specific averments of fraud.[11]  For example, in their consumer protection allegations, the Indirect Purchasers assert:

- **Defendants engaged in "deceptive" or "fraudulent" acts.**  *See* CIP Compl. ¶¶212 (all states); 213 (Arkansas); 214 (California); 215 (Florida); 216 (Massachusetts); 217 (Minnesota); 218 (Missouri); 219 (Nebraska); 220 (New Hampshire); 221 (New Mexico); 222 (New York); 223 (North Carolina); 224 (North Dakota); 225 (Rhode Island); 226 (South Carolina); 227 (South Dakota); 228 (Vermont); 229 (West Virginia); 230 (Wisconsin); IIP Compl. ¶¶325 (California); 327 (California); 339 (District of Columbia); 344 (Florida); 351 (Florida); 356 (Hawaii); 364 (Illinois); 376 (Michigan); 383 (Minnesota); 385-86 (Minnesota); 396 (Nebraska); 403 (Nevada); 405-06 (Nevada); 416 (New Hampshire); 426 (New Mexico); 436 (North Carolina); 440 (North Carolina); 445 (North Dakota); 448 (North Dakota); 455 (Rhode Island); 457-458 (Rhode Island); 471 (South Carolina); 480 (Utah Consumer Sales Practices Act ("CSPA")).

- **Defendants made "omissions" or "misrepresentations."**  *See* CIP Compl. ¶¶214 (California); 222 (New York); 224 (North Dakota); 225 (Rhode Island); 227 (South Dakota); 228 (Vermont); 229 (West Virginia); 230 (Wisconsin); IIP Compl. ¶¶327 (California); 365 (Illinois); 462 (Rhode Island).

- **Defendants "concealed," "omitted," "withheld," or "failed" to disclose "material facts" or "information."**  *See* CIP Compl. ¶¶218 (Missouri); 222 (New York); 224 (North Dakota); 225 (Rhode Island); 227 (South Dakota); 228 (Vermont); 229 (West Virginia); 230 (Wisconsin); IIP Compl. ¶¶365 (Illinois); 377 (Michigan); 397 (Nevada); 418 (New Hampshire); 427 (New Mexico); 438 (North Carolina); 461 (Rhode Island); 472 (South Carolina); 483 (Utah CSPA).

---

[11] The only pled consumer protection claims that do not contain averments of fraud are the Forty-First (Utah Unfair Practices Act) and Forty-Second (Virginia) Claims for Relief of the IIPs. The IIP's Twenty Ninth claim is purportedly brought under Massachusetts law.  However, the IIPs claim that they "reserve the fight to bring a claim" and do not actually assert a claim under Massachusetts consumer protection law in their Complaint.

- **Defendants "misled" consumers.** *See* IIP Compl. ¶¶365 (Illinois); 377 (Michigan); 397 (Nevada); 418 (New Hampshire); 427 (New Mexico); 438 (North Carolina); 472 (South Carolina); 483 (Utah CSPA).

These specific averments of fraud necessitate application of Rule 9(b).  *See Streambend Props.*, 781 F.3d at 1013.

Rule 9(b) also applies because many of the consumer protection statutes require pleading fraud or deceptive conduct.  *See, e.g.*, *Dickinson v. SunTrust Mortg., Inc.*, Civ. No. 12-00112, 2015 WL 1868827, at *1 (E.D. Ark. Apr. 23, 2015) (Arkansas "[Deceptive Trade Practices Act ('ADTPA')] claims must be pled with the particularity required under Federal Rule of Civil Procedure 9(b)."); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (California ("[W]e have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the [Consumers Legal Remedies Act] and [Unfair Competition Law]."); *Witherspoon v. Philip Morris Inc.*, 964 F.Supp. 455, 463–64 (D.D.C. 1997) (District of Columbia); *Williams v. Scottrade, Inc.*, Civ. No. 06-10677, 2006 WL 2077588, at *7 (E.D. Mich. July 24, 2006) (Michigan); *Russo v. NCS Pearson, Inc.*, 462 F.Supp.2d 981, 1003 (D. Minn. 2006) (Minnesota); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F.Supp.2d 160, 198 (D. Me. 2004) (citing *State ex rel. Spaeth v. Eddy Furniture Co.*, 386 N.W.2d 901, 905 (N.D. 1986)) (North Dakota); *Am. Orthodontics Corp. v. Epicor Software Corp.*, 746 F.Supp.2d 996, 999 (E.D. Wis. 2010) (Wisconsin).

Because both sets of Indirect Purchasers ground their consumer protection claims in allegations of fraud and deception and allege statutory claims sounding in fraud, their Complaints must meet the heightened pleading requirements of Rule 9(b).

14

**B.     The Indirect Purchasers' Consumer Protection Claims Are Not Adequately Pled Under Rule 9(b).**

Rule 9(b) requires the Indirect Purchasers to plead "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). A fraud claim is pled with particularity when it alleges "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002). In other words, the complaint must plead the "who, what, where, when, and how" of the alleged fraud. *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (quotation omitted). "Conclusory allegations that a defendant's conduct was fraudulent and deceptive" are not enough. *Id.* Further, particularity requires informing each defendant of "the nature of his alleged participation in the fraud." *Streambend Props.*, 781 F.3d at 1013 (citation omitted).

The consumer protection claims do not comply with Rule 9(b). First, the Indirect Purchasers have not alleged any fraudulent or deceptive conduct with particularity. While the Indirect Purchasers identify some statements by some Defendants' executives, the allegations do not inform Defendants which of these statements, if any, are allegedly deceptive. *See, e.g.*, IIP Compl. ¶¶98-106; 145; CIP Compl. ¶¶117-134; 150. Instead, Plaintiffs identify statements regarding hog supply that the Indirect Purchasers do not contend are false, misleading, deceptive, or fraudulent. *See, e.g.*, IIP Compl. ¶102 (alleging discussion of pork volume reduction but not alleging that the statement was false or fraudulent); CIP Compl. ¶126 (same). For example, the IIPs and CIPs allege that

15

the CEO of one Defendant stated in an earnings call that he had confidence that pork margins would improve throughout 2012 because of "strong exports, $71 hog today, good programs with our retailers, and lower grain cost in the future and a futures market that says the hog market's going to be fine."   IIP Compl. ¶145; CIP Compl. ¶150. Plaintiffs, however, do not offer any factual allegations that any aspect of this statement was false.  Nor do they even attempt to show how this statement was deceptive to the Indirect Purchasers or anyone else.[12]  The complete absence of such critical allegations demonstrates the failure to provide the "who, what, where, when, and how" of any deceptive or fraudulent conduct.

Second, for those consumer protection claims that the Indirect Purchasers have grounded in allegations of deceptive or fraudulent conduct, one or both of reliance or causation is required under the relevant statutes.[13]  However, the Indirect Purchasers do

---

[12] Another such example is found in Paragraph 132 of the CIP Complaint.  The CIPs alleged that the President of Indiana Packers "ma[d]e excuses for reducing the supply of pork."  *Id.*  All he is alleged to have said is that "[h]igh corn prices [for feed] make pig farming less profitable," and "high temperatures make pigs less hungry and they don't fatten for market as quickly[.]"  *Id.*  CIPs identify nothing remotely deceptive about such truisms.

[13] *Wallis v. Ford Motor Co.*, 362 Ark. 317, 328 (2005) (Arkansas); *In re iPhone 4S Consumer Litig.*, 2013 WL 3829653, at *17 (N.D. Cal. July 23, 2013) (California); *Jackson v. ASA Holdings*, 751 F.Supp.2d 91, 99 (D.D.C. 2010) (District of Columbia); *Carriuolo v. Gen. Motors LLC*, 72 F.Supp.3d 1323, 1325 (S.D. Fla. 2014) (Florida); *Davis v. Four Seasons Hotel Ltd.*, 228 P.3d 303, 325-26 (Haw. 2010) (Hawaii); *Burkhart v. Wolf Motors of Naperville, Inc. ex rel. Toyota of Naperville*, 61 N.E.3d 1155, 1161 (Ill. App. Ct. 2016 (Illinois); *Bellermann v. Fitchburg Gas & Elec. Light Co.*, 475 Mass. 67, 72 (2016) (Massachusetts); Mich. Comp. Laws § 445.911(2) (Michigan); *K.A.C. v. Benson*, 527 N.W.2d 553, 562 (Minn. 1995) (Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69, subd. 1); Mo. Rev. Stat. § 407.025 (Missouri); *White v. Medico Life Ins. Co.*, 212 Neb. 901, 908 (1982) (Nebraska); *Bates v. Dollar Loan Ctr., LLC*, 2014 WL

(footnote continued)

not allege facts showing with particularity either reliance on any allegedly deceptive conduct or causation tying any allegedly deceptive conduct to their alleged injuries. For example, there are no claims that any Indirect Purchaser heard an alleged misrepresentation, believed a misrepresentation if it was heard, or relied on any misrepresentation in a decision to purchase a particular Defendant's products. Likewise, given that the Indirect Purchasers have not alleged with particularity that any statements are deceptive, as discussed above, they necessarily cannot have tied any deceptive conduct to their alleged injuries as required by these states' statutes.

This lack of any factual detail fails to meet Rule 9(b)'s heightened pleading standard. Accordingly, all of the Indirect Purchasers' consumer protection claims except for the Forty-First (Utah Unfair Practices Act) and Forty-Second (Virginia) Claims for Relief brought by the IIPs should be dismissed on this basis.

---

(footnote continued from previous page)

3516260, at *3 (D. Nev. July 15, 2014 (Nevada); *Hampshire Paper Corp. v. Highland Supply Corp.*, 2002 WL 31114120, at *4 (D.N.H. Sept. 23, 2002) (New Hampshire); *Mulford v. Altria Grp., Inc.*, 242 F.R.D. 615, 622 (D.N.M. 2007) (New Mexico); *Belfiore v. Procter & Gamble Co.*, 94 F.Supp.3d 440, 446 (E.D.N.Y. 2015) (New York); *Bus. Cabling v. Yokeley*, 182 N.C. App. 657, 666 (N.C. Ct. App. 2007) (North Carolina); *Ackre v. Chapman & Chapman, P.C.*, 788 N.W.2d 344, 352 (N.D. 2010) (North Dakota); R.I. Gen. Laws § 6-13.1-5.2(a) (Rhode Island); *Wright v. Craft*, 372 S.C. 1, 23 (S.C. Ct. App. 2006) (South Carolina); *Sisney v. Best Inc.*, 754 N.W.2d 804, 811 (S.D. 2008) (South Dakota); Utah Code § 13-11-19(2) (Utah CSPA); *PH W. Dover Prop., LLC v. Lalancette Engineers*, 120 A.3d 1135, 1140 (Vt. 2015) (Vermont); W. Va. Code § 46A-6-106 (West Virginia); *Spacesaver Corp. v. Marvel Grp., Inc.*, 621 F.Supp.2d 659, 663 (W.D. Wis. 2009) (Wisconsin).

C.     **Plaintiffs Fail to Adequately Plead Consumer Reliance or Consumer-Directed Deceptive Conduct as Required Under the Law of Nine States.**

Independent of Rule 9(b), the Court should dismiss the Indirect Purchasers' consumer protection claims for nine states because those states' laws require as a substantive element either deceptive conduct directed at consumers or reliance by consumers.  Specifically:

**Arkansas**:  *Apex Oil Co. v. Jones Stephens Corp.*, 881 F.3d 658, 662-63 (8th Cir. 2018) (analyzing Arkansas law and holding that under the ADTPA "the defendant's deceptive trade practice must have caused the damage," and "[c]ausation, in turn, is not possible without reliance").

**California**:  *In re Tobacco II Cases*, 207 P.3d 20, 40 (Cal. 2009) ("[W]e conclude that a plaintiff must plead and prove actual reliance to satisfy the standing requirement of section 17204, [the California Unfair Competition Law, or "UCL"].); *Moore v. Apple, Inc.*, 73 F.Supp.3d 1191, 1200 (N.D. Cal. 2014) (California courts "consistently require[] allegations of actual reliance and injury at the pleading stage," and UCL plaintiffs must allege that they "actually relied on the misrepresentation, and suffered economic injury as a result of that reliance"); *Kane v. Chobani, Inc.*, Civ. No. 12-02425, 2013 WL 5289253, at *6 (N.D. Cal. Sept. 19, 2013) (same).

**District of Columbia**:  *Williams v. Purdue Pharm Co.*, 297 F.Supp.2d 171, 177 (D.D.C. 2003) (dismissing plaintiffs' claim under the District of Columbia Consumer Protection Procedure Act in part because plaintiffs did not allege that they were deceived by defendants' conduct).

**Michigan**:  *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, Plc*, 737 F.Supp.2d 380, 413 (E.D. Pa. 2010) ("[P]laintiffs have failed to claim that [defendant] made misrepresentations directed at them or upon which they, as consumers of Wellbutrin SR, relied. They have also failed to allege that [defendant] had the intent to deceive consumers rather than the [patent and trademark office] or generic manufacturers." (alteration in original)).

**New York**:  *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 263 F.R.D. 205, 214 (E.D. Pa. 2009) (dismissing claim under N.Y. Gen. Bus. Law § 349 because "[t]he deceptive conduct in this case—

18

whether fraud on the patent examiners through misrepresentations or on the federal courts through sham litigation—was not directed at consumers").

**North Dakota**:  *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F.Supp.2d at 197-98 (holding that the North Dakota consumer protection statute, N.D. Cent. Code § 51-15-02, includes no prohibition on unfair acts or unfair competition and is instead limited to "deception, fraud and misrepresentation").

**Rhode Island**:  *In re Aftermarket Filters Antitrust Litig.*, Civ. No. 08-4883, 2009 WL 3754041, at *11 (N.D. Ill. Nov. 5, 2009) (The Rhode Island consumer protection statute, R.I. Gen. Law § 6-13.1-2, "requires that defendants' conduct reasonably intended to confuse and mislead the general public into purchasing defendants' product when the actual intent was to buy someone else's product." (citing *ERI Max Entm't, Inc. v. Streisand*, 690 A.2d 1351, 1353-54 (R.I. 1997))).

**Virginia**:  "[T]he plain language of the statute requires fraud or misrepresentation, and Virginia courts have so interpreted it." *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F.Supp.2d at 206 (collecting cases).[14]

**Wisconsin**:  Wis. Stat. § 100.18. *See Willert v. Andre*, Civ. No. 17-496, 2017 WL 5033658, at *5 (W.D. Wis. Oct. 31, 2017) (concluding that the plaintiff failed to state a claim for representations made to third parties); *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air–Conditioning Eng'rs, Inc.*, No. 07-C-0765, 2011 WL 13116667, at *2 (E.D. Wis. Nov. 15, 2011) (Wisconsin consumer protection law "does not provide a cause of action for misrepresentations made to non-parties").

Here, however, the Indirect Purchasers have failed to allege any consumer-directed misrepresentations by any Defendant or reliance by consumers on any acts or representations by any Defendant.  Because the Indirect Purchasers fail to meet these required elements, the Court should dismiss from Count 3 in the CIP Complaint the claims in paragraphs 213 (Arkansas), 214 (California), 222 (New York), 224 (North Dakota), 225 (Rhode Island), and 230 (Wisconsin) and from the IIP Complaint, the Court

---

[14] As noted, *supra*, in n.10, the IIP Complaint does not contain any allegation of fraud under its Virginia-law consumer protection count.

should dismiss Claim 24 (California), Claim 25 (District of Columbia), Claim 30 (Michigan), Claim 37 (North Dakota), Claim 38 (Rhode Island), and Claim 42 (Virginia).

**D.  CIP Plaintiffs Do Not Have Statutory Standing Under Missouri or Rhode Island Law.**

CIP plaintiffs' claims fail under the consumer protection statutes of Missouri and Rhode Island because they do not have statutory standing.

Under Missouri and Rhode Island law, the consumer must have purchased the goods "primarily for personal, family or household purposes."   Mo. Rev. Stat. § 407.025(1); R.I. Gen. Laws. § 6-13.1-5.2; *see also ERI Max Entm't, Inc. v. Streisand*, 690 A.2d at 1354 (holding that corporation could not sue under the Rhode Island Deceptive Trade Practices Act).   The CIPs (CIP Compl., ¶¶218, 225) do not have standing because they admittedly bought pork products for "commercial food preparation."  *See, e.g.*, Introduction to CIP Compl.  Thus, the Court should dismiss from Count 3 of the CIP Complaint the claims in paragraphs 218 (Missouri) and 225 (Rhode Island).

**E.  Plaintiffs' Antitrust Claims Are Not Actionable Under Six States' Consumer Protection Statutes.**

The Court should also dismiss the Indirect Purchasers' consumer protection claims for the following six states because the antitrust-focused allegations in the Complaints are not actionable under those states' consumer protection statutes.

**Arkansas**:  Antitrust claims are not actionable.  *See, e.g.*, *In re Static Random Access Memory Antitrust Litig. (SRAM) Antitrust Litigation*, MDL No. 07-0819, 2010 WL 5094289, at *8 (N.D. Cal. Dec. 8, 2010) (dismissing ADTPA claim in price-fixing case because the statute does not "permit indirect purchasers to sue

manufacturers for a conspiracy to fix prices."); *In re Graphics Processing Units Antitrust Litig.*, 527 F.Supp.2d 1011, 1029-30 (N.D. Cal. 2007).

**Illinois**:  Illinois's consumer fraud act does not cover antitrust claims.  *See, e.g.*, *Laughlin v. Evanston Hosp.*, 550 N.E.2d 986, 990 (Ill. 1990); *see also Gaebler v. N.M. Potash Corp.*, 676 N.E. 2d 228, 230 (Ill. App. Ct. 1996).

**Michigan**:  Antitrust claims are not actionable under Michigan's Consumer Protection Act ("MICPA);  *In re Packaged Seafood Prods. Antitrust Litig.*, 242 F.Supp.3d 1033, 1076 (S.D. Cal. 2017) (concluding that MICPA is "narrowly circumscribed" and finding that "the only manner in which Plaintiffs may assert a violation of the M[I]CPA is through fraud"); Mich. Comp. Laws § 445.903(1) (identifying "[u]nfair, unconscionable, or deceptive methods, acts or practices," as actionable but not listing antitrust violations).

**Minnesota**:  Antitrust claims are not actionable under Minnesota's consumer protection statutes.  *See* Minn. Stat. § 325D.43-48; *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F.Supp.2d at 190 (dismissing Minnesota consumer protection claim in antitrust case because statute reaches only deceptive conduct); *see also Lerfald v. Gen. Motors Corp.*, No. CT 03-003327 (Minn. Dist. Ct. Nov. 7, 2003) (dismissing Minnesota Consumer Fraud Act claim based on alleged price fixing conspiracy, copy provided as Exhibit 4).

**South Dakota**:  Antitrust claims are not listed as a violation in South Dakota Code § 37-24-6; *see In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F.Supp.2d 160, 202 (D. Me. 2004) (dismissing South Dakota consumer fraud claim in antitrust case).

**Utah**:  *In re Dynamic Random Access Mem. (DRAM) Antitrust Litig.*, 516 F.Supp.2d 1072, 1117 (N.D. Cal. 2007) (plaintiffs' antitrust claim could not be asserted under Utah's Consumer Sales Practices Act).

Thus, the Court should dismiss from Count 3 of the CIP Complaint the claims in paragraphs 213 (Arkansas), 217 (Minnesota), and 227 (South Dakota). In the IIP Complaint, the Court should dismiss Claim 28 (Illinois), Claim 30 (Michigan), Claim 31 (Minnesota), and Claim 40 (Utah Consumer Sales Practices Act).

21

## F.     The Indirect Purchasers Cannot Recover Monetary Damages Under the Laws of California and Minnesota.

The Court similarly should dismiss the CIPs' claim under the Minnesota Uniform Deceptive Trade Practices Act ("MUDTPA" or "DTPA"), Compl. ¶217, to the extent it seeks monetary damages because "an injured party can obtain only an injunction under the MUDTPA." *Rilley v. MoneyMutual, LLC*, No. 16-4001 (DWF/LIB), 2017 WL 3822727, at *9 (D. Minn. Aug. 30, 2017); s*ee also Dennis Simmons, D.D.S., P.A. v. Modern Aero, Inc.*, 603 N.W.2d 336, 339 (Minn. Ct. App. 1999) ("[W]e affirm the district court's conclusion that the DTPA provides only injunctive relief, and because appellant pursued damages, not an injunction, he has not stated a claim for which relief could be granted.").

Likewise, the California UCL allows only for restitution, which requires a direct transfer of funds from plaintiff to defendant.  Indirect Purchasers do not and cannot allege that they paid any money directly to any Defendant.  *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 947 (Cal. 2003) (ordering dismissal of unfair competition claim because the plaintiff was "not seeking the return of money or property that was once in its possession" but was instead seeking money that the defendant received in profits and "[a]ny award that plaintiff would recover from defendants . . . would not replace any money or property that defendants took *directly* from plaintiff") (emphasis added).  Thus, the Court should dismiss the CIP's Minnesota DTPA claim (¶217) and both Indirect Purchasers' California UCL claims (CIP Count 3, ¶214; IPP Claim 24) to the extent that they seek monetary damages or disgorgement.

**G.     The Indirect Purchasers Fail to Allege Intrastate Conspiratorial Activity Necessary Under Six States' Laws.**

The Indirect Purchasers fail to allege sufficient intrastate conduct as required under the consumer protection statutes of six states.  The CIPs do not even have a named representative plaintiff in these states, requiring dismissal. *See* Section II, above. Nor do the Indirect Purchasers allege that conspiratorial conduct took place in these states. Therefore, they fail to show the necessary instrastate conduct to sustain a claim under these laws:

> **Florida**:  The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") applies only to actions that occurred within the state of Florida.  *Five for Entm't S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1330 (S.D. Fla. 2012) (noting that "FDUTPA applies only to actions that occurred within the state of Florida" and dismissing claim); *see also Carnival Corp. v. Rolls-Royce PLC*, Civ. No. 08-23318, 2009 WL 3861450, at *6 (S.D. Fla. Nov. 17, 2009) ("Plaintiffs' claim that Defendants violated FDUTPA must be based entirely on actions that occurred within Florida.")

> **Massachusetts**:  Mass. Gen. Laws Ch. 93A, § 11 ("No action shall be brought or maintained under this section unless the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially within the commonwealth."); *Zyla v. Wadsworth, Div. of Thomson Corp.*, 360 F.3d 243, 255 (1st Cir. 2004) (affirming dismissal of a claim of unfair or deceptive trade practice where the complaint did not allege conduct within Massachusetts).  The CIP Plaintiffs' claim is brought under § 11 (CIP ¶216.)

> **New Hampshire**:   The New Hampshire Consumer Protection Act ("CPA") applies only when the "offending conduct" occurred within the borders of New Hampshire.  *See Pacamor Bearings, Inc. v. Minebea Co.*, 918 F.Supp. 491, 504 (D.N.H. 1996); *see also In re Lithium Ion Batteries Antitrust Litig.*, 2014 WL 4955377, at *22 (N.D. Cal. Oct. 2, 2014) ("[M]erely selling a good in New Hampshire is not enough when the proscribed conduct occurs elsewhere."). Courts dismiss claims brought under the New Hampshire CPA where, as here, a plaintiff fails to allege conduct occurring within the state.  *See In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 1431756, at *18 (E.D. Mich. Apr. 9,

2013); *In re Flash Memory Antitrust Litig.*, 643 F.Supp.2d 1133, 1159 (N.D. Cal. 2009).

**New York**:  *Sheet Metal Workers*, 263 F.R.D. at 214 (dismissing claim because "the End-Payor Plaintiffs have made no allegation that any deceptive conduct took place in New York") (citing *Goshen v. Mut. Life Ins. Co.*, 774 N.E.2d 1190, 1196 (N.Y. 2002)).

**North Carolina:**  *Merck & Co. Inc. v. Lyon*, 941 F.Supp. 1443, 1463 (M.D.N.C. 1996) ("The Court agrees with Glaxo that plaintiffs have failed to allege a substantial effect on any in-state business operations, and therefore that their claim falls outside the reach of the North Carolina Trade Practices Act.  Any injury plaintiffs may suffer in North Carolina will be incidental.").

**Wisconsin**:  Any actionable deceptive conduct must have occurred in Wisconsin, and the injured party must be "located" there, to state a claim under Section 100.18.  *See* Wis. Stat. § 100.18 ("No person . . . with intent to sell . . . merchandise . . . to the public . . . shall make . . . in this state . . . any assertion, representation or statement of fact which is untrue, deceptive or misleading."); *Demitropoulos v. Bank One Milwaukee*, NA, 915 F.Supp. 1399, 1415 (N.D. Ill. 1996) ("[T]he Act may be violated so long as the allegedly deceptive or misleading representation was 'ma[de], publish[ed], disseminate[d], circulate[d], or placed before the public, in [Wisconsin]' . . . .").

Thus, the Court should dismiss from Count 3 of the CIP Complaint the claims in paragraphs 215 (Florida), 216 (Massachusetts), 220 (New Hampshire), 222 (New York), 223 (North Carolina), and 230 (Wisconsin), and from the IIP Complaint, Claims 26 (Florida), 29 (Massachusetts), 34 (New Hampshire), and 36 (North Carolina).

## H.     The Indirect Purchasers Failed to Give the Notice Required Under the Consumer Protection Statutes of West Virginia and Hawaii.

The Indirect Purchasers' consumer protection claims in West Virginia and Hawaii require dismissal because they failed to provide the written notice required by each state's statute.  Under West Virginia Code § 46A-6-106(c), a plaintiff must provide

written notice to the seller.  Courts have dismissed antitrust cases when the plaintiffs failed to comply, most recently in *Lipitor*, 2018 WL 4006752 at *11.

Similarly, for indirect purchasers to bring a claim in Hawaii, "[a] filed copy of the complaint and all relevant supporting and exculpatory materials in possession of the proposed class representative or its counsel shall be served on the attorney general not later than seven days after filing of the complaint."  Haw. Rev. Stat. § 480-13.3(a). Courts have also dismissed claims when the plaintiff failed to comply with § 480-13.3(a). *Lipitor*, 2018 WL 4006752 at *14; *In re Chocolate Confectionary Antitrust Litig.*, 749 F.Supp.2d 224, 232 (M.D. Pa. 2010).

As explained, *supra* in Section I.B.1 notice provisions are not superseded by Rule 23 when those notice provisions are substantive elements of a state law cause of action, as when they are found in the same statutory sections that create the right of action.  Such is the case for the claims discussed above.[15] Thus, the Court should dismiss Claim 27 (Hawaii) from the IIP Complaint and the claim in paragraph 229 (West Virginia) of Count 3 from the CIP Complaint.

---

[15]

| State | Statute Providing Claim | Notice Provision |
|---|---|---|
| Hawaii | § 480-1 (IIP Claim 27) | § 480-13.3(a) |
| West Virginia | § 46A-6-101 (CIP ¶229) | § 46A-6-106(c) |

## I.  Statutory Bars to Consumer Protection Class Actions Preclude Indirect Purchasers' Claims in Arkansas, South Carolina, and Utah.

Finally, the Court should dismiss the class action consumer protection claims under Arkansas, South Carolina, and Utah law because such actions are barred in those states.  For example, under the South Carolina Unfair Trade Practices Act, consumers "may bring an action individually, *but not in a representative capacity*, to recover actual damages."  S.C. Code Ann. § 39–5-140(a) (emphasis added); *In re TD Bank, N.A.*, 150 F.Supp.3d 593, 635 (D.S.C. 2015) (dismissing class action claim under South Carolina Unfair Trade Practices Act).  In addition to South Carolina, the Court should strike or dismiss the class allegations for claims under the following states' laws:

> <u>Arkansas</u>:  Ark. Code § 4-88-113(f)(1)(B) ("A private class action under this subsection is prohibited unless the claim is being asserted for a violation of Arkansas Constitution, Amendment 89.").

> <u>Utah:</u>  Consumer Sales Practices Act, Utah Code § 13-11-19 ("A consumer who suffers loss as a result of a violation of this chapter may recover, but not in a class action, actual damages or $2,000, whichever is greater, plus court costs."); *Lipitor*, 2018 WL 4006752 at *14 ("Similarly, EPPs' class claims under Montana, Tennessee, and Utah's consumer protection statutes are dismissed without prejudice; in these three states, Plaintiffs may amend their complaint to include only claims brought on behalf of Montana, Tennessee, and Utah plaintiffs in their *individual* capacities.").

These class action bars are not superseded by Rule 23 because, as they are found in the same statutory framework as those giving rise to the claim, the bars are substantive elements of a state law cause of action.  *See Lipitor*, 2018 WL 4006752 at *14 ("[T]he

Court also finds that the class action bars incorporated in the Montana, Tennessee, and Utah consumer protection laws are not preempted by Rule 23.").[16]

Thus, the Court should dismiss from Count 3 of the CIP Complaint the claims in paragraphs 213 (Arkansas) and 226 (South Carolina).  From the IIP Complaint, the Court should dismiss Claims 39 (South Carolina) and 40 (Utah Consumer Sales Practices Act).

## V.   THE INDIRECT PURCHASERS' UNJUST ENRICHMENT CLAIMS FAIL AS A MATTER OF LAW.

As with each of the previously discussed claims, the Indirect Purchasers base their unjust enrichment claims on the same implausibly and inadequately alleged allegations of a purported price fixing conspiracy.  Those pleading defects thus equally doom the unjust enrichment claims. These claims also fail for the additional reasons set forth below.

### A.   The Indirect Purchasers Fail to Plead the Separate Elements of Unjust Enrichment Under the Law of Any State.

The Indirect Purchasers' unjust enrichment claims should be dismissed because they do not adequately allege the elements necessary to bring such claims under the law of each of the states identified.   *See* CIP Compl. ¶¶231-48; IIP Compl. ¶¶503-05. Because the law of unjust enrichment varies widely, such claims "must be brought under

---

16

| State | Statute Providing Claim | Location of Class Action Bar |
|---|---|---|
| Arkansas | § 4-88-101 (CIP ¶213) | § 4-88-113(f)(1)(B) |
| South Carolina | § 39-5-10 (IIP Claim 39); (CIP ¶226) | § 39–5–140(a) |
| Utah | Consumer Sales Practices Act § 13-11-1 (IIP Claim 40) | § 13-11-19 |

the specific laws of each state." *In re Aftermarket Filters Antitrust Litig.*, Civ. No. 08-4883, 2009 WL 3754041, at *11 (N.D. Ill. Nov. 5, 2009); *see also Cruz v. Lawson Software, Inc.*, Civ. No. 08-5900, 2010 WL 890038, at *6 (D. Minn. Jan. 5, 2010) (acknowledging "material conflicts among many of the unjust enrichment laws of the various states").  Courts have accordingly dismissed unjust enrichment claims centered around "bald assertion[s] that the alleged antitrust conduct violates dozens of non-antitrust laws, or the implication that there are no consequential differences between those laws." *In re Opana ER Antitrust Litig.*, 162 F.Supp.3d at 726.

The IIPs' attempt to plead unjust enrichment is plainly inadequate.  They fail entirely to plead facts supporting the elements of an unjust enrichment claim *in any state*. They merely allege in conclusory fashion that "[u]nder common law principles of unjust enrichment, defendants should not be permitted to retain the benefits conferred on them by overpayments by plaintiffs . . . in the following states . . . ."  IIP Compl. ¶505 (asserting claims under 25 states' laws).

Likewise, the CIPs do not allege the elements of unjust enrichment particular to the states in which they assert claims.  Both the CIP and IIP Complaints also fail to allege facts showing how the alleged conduct of each Defendant satisfies each of the specific elements of the various state unjust enrichment laws.  Thus, the Indirect Purchasers have failed to plead the elements of their unjust enrichment claims and those claims should all be dismissed.

**B.      The Indirect Purchasers Cannot Recover Under the Laws of California, Mississippi, New Hampshire or Illinois Because Unjust Enrichment Is Not a Standalone Basis for Recovery in Those States.**

The Indirect Purchasers' claims for unjust enrichment under the laws of California, Mississippi and New Hampshire also should be dismissed because these states do not recognize unjust enrichment as a standalone, independent cause of action. *See Robinson v. HSBC Bank USA*, 732 F.Supp.2d 976, 987 (N.D. Cal. 2010) (under California law "unjust enrichment is not a cause of action" but instead a "a general principle, underlying various legal doctrines and remedies"); *Cole v. Chevron USA, Inc.*, 554 F.Supp.2d 655, 671 (S.D. Miss. 2007) ("Under Mississippi law, unjust enrichment is not an independent theory of recovery[,]" and dismissing claim because unjust enrichment depends on a showing of some other "legally cognizable wrong"); *Gen. Insulation Co. v. Eckman Const.*, 992 A.2d 613, 621 (N.H. 2010) ("[U]njust enrichment generally does not form an independent basis for a cause of action").

Similarly, under Illinois law, an unjust enrichment claim that "rests on the same improper conduct alleged in another claim . . . [] will stand or fall with the related claim." *Krug v. Am. Family Mut. Ins. Co.*, 227 F.Supp.3d 942, 946 (N.D. Ill. 2016). Here, as noted, all of the Indirect Purchasers' claims rest on the same implausible conspiracy allegations and, thus, must similarly fall.

**C.      The Indirect Purchasers Fail to Allege That They Conferred a "Direct Benefit" on Defendants, as Required Under the Law of Ten States.**

The Indirect Purchasers do not allege that they have conferred a direct benefit on any Defendant, as required by the law of unjust enrichment in ten states:

**Arizona:** *Brown v. Pinnacle Restoration LLC*, No. 1 CA–CV 12–0550, 2013 WL 3148654, at *2 (Ariz. Ct. App. June 18, 2013) (acknowledging that a degree of directness is required to establish a benefit to defendant).

**Florida:** *Am. Safety Ins. Service, Inc. v. Griggs*, 959 So.2d 322, 331-33 (Fla. Dist. Ct. App. 2007) (holding that, in Florida, "plaintiffs must show they directly conferred a benefit on the defendants" to recover for unjust enrichment).

**Kansas:** *Spires v. Hosp. Corp. of Am.*, 289 Fed. App'x. 269, 273 (10th Cir.2008) (finding that an "indirect unjust enrichment claim" is not recognized under Kansas law).

**Maine:** *In re Aftermarket Filters Antitrust Litig.*, No. 08 C 4883, 2010 WL 1416259 (N.D. Ill. Apr. 1, 2010) (dismissing unjust enrichment claim under Maine law because end user plaintiffs did not and could not allege that they conferred a benefit on defendants, as opposed to others in the chain of distribution).

**Massachusetts:** *Estate of Johnson v. Melvin Rose, Inc.*, No. WOCV200400622, 2007 WL 1832029, at *39 (Mass. Super. Ct. May 9, 2017) (under Massachusetts law, liability in restitution requires "measurable benefit directly conferred on the defendant").

**Michigan:** *A & M Supply v. Microsoft Corp.*, Docket No. 274164, 2008 WL 540883, *2-3, (Mich. App. Ct. Feb. 28, 2008) (finding that Michigan unjust enrichment doctrine is not applicable to indirect purchasers because it requires "direct receipt" of a benefit by the defendant).

**North Carolina:** *Baker Const. Co., Inc. v. City of Burlington*, No. COA09-13, 2009 WL 3350747, at *6 (N.C. Ct. App. 2009) (under North Carolina law, the "benefit conferred must be conferred directly from plaintiff to defendant, not through a third party").

**North Dakota:** *Apache Corp. v. MDU Res. Grp., Inc.*, 603 N.W.2d 891, 895 (N.D. 1999) (under North Dakota law, unjust enrichment doctrine requires that defendant "obtained a benefit at the direct expense of the complainant").

**Utah:** *Jones v. Mackey Price Thompson & Ostler*, 355 P.3d 1000, 1018 (Utah 2015) (requiring "direct benefit from the plaintiff" to support unjust enrichment liability under Utah law).

**West Virginia:** *Johnson v. Ross*, 419 Fed. App'x 357, 362 (4th Cir. 2011) (direct benefit must be conferred on defendant under West Virginia law).

Indirect Purchasers cannot meet this element because none of them purchased pork products directly from Defendants. *See In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 1431756, at *26 (E.D. Mich. Apr. 9, 2013) (dismissing unjust enrichment claims in states requiring a "direct benefit" because "[a]ny benefit that the [indirect purchaser] Plaintiffs conferred would be on others in the chain of distribution from whom they purchased, not on Defendants"). Accordingly, the Indirect Purchasers' unjust enrichment claims in each of these states should be dismissed.

### D. The Indirect Purchasers Fail to Allege a Duty Owed by Defendants, as Required Under Illinois and South Carolina Law.

The Indirect Purchasers' claims for unjust enrichment under the laws of Illinois and South Carolina should be dismissed for the additional reason that they do not allege that any Defendants owed them any duty—nor can they, because they are indirect purchasers and allege no direct interaction with any Defendant. *See Martis v. Grinnell Mut. Reinsurance Co.*, 905 N.E. 2d 920, 928 (Ill. App. Ct. 2009) (Illinois law requires "an independent basis that establishes a duty on the part of the defendant to act"); *Phila. Indem. Ins. Co. v. Pace Suburban Bus Serv.*, 2016 WL 6804622, at *11 (Ill. App. Ct. Nov. 17, 2016) (requiring duty to act on part of defendant to support cause of action for unjust enrichment); *In re Microsoft Corp. Antitrust Litig.*, 401 F.Supp.2d 461, 464 (D. Md. 2005) (applying South Carolina law) (requiring plaintiffs to "establish the existence of a duty owed to him or her by the defendant" to support a cause of action for unjust enrichment, and dismissing claim); *Pitts v. Jackson Nat'l Life Ins. Co.*, 574 S.E.2d 502,

511-12 (S.C. Ct. App. 2002) (no unjust enrichment where plaintiff "failed to establish

any duty to disclose").

> **E.    The Indirect Purchasers Have Not Exhausted All Other Remedies, Nor Alleged Lack of an Adequate Remedy at Law, as Required Under the Law of Ten States.**

Under the law of ten states, an unjust enrichment claim may not proceed unless a

plaintiff has no adequate remedy at law for the challenged conduct:

> **Arizona:** *Trustmark Ins. Co. v. Bank One, Ariz.*, 48 P.3d 485, 491 (Ariz. Ct. App. 2002) (listing "absence of a legal remedy" as a required element for an unjust enrichment claim).

> **Massachusetts:** *Ruggers Inc. v. U.S. Rugby Football Union, Ltd.*, 843 F.Supp.2d 139, 147 (D. Mass. 2012) ("Unjust enrichment is an equitable cause of action which is available to plaintiffs who lack adequate remedies at law").

> **Minnesota:** *Southtown Plumbing, Inc. v. Har-Ned Lumber Co., Inc.*, 493 N.W. 2d 137, 140 (Minn. 1992) ("It is well settled in Minnesota that one may not seek a remedy in equity when there is an adequate remedy at law").

> **Nebraska:** *Pilot Inv. Grp. Ltd. v. Hofarth*, 250 Neb. 475, 483 (1996) (finding that plaintiff had failed to state a cause of action for unjust enrichment where it had "failed to allege that there was no adequate remedy at law in this case").

> **Nevada:** *Small v. Univ. Med. Ctr. of S. Nev.*, No. 2:13-cv-00298, 2016 WL 4157309, at *3 (D. Nev. Aug. 3, 2016) ("Nevada recognizes the general rule that an equitable claim, like unjust enrichment, is not available where the plaintiff has a full and adequate remedy at law.").

> **New Hampshire:** *E. Elec. Corp. v. FERD Const., Inc.*, No. Civ. 05CV303JD, 2005 WL 3447957, at *2-3 (D.N.H. Dec. 15, 2005) ("Equitable remedies are not available in New Hampshire courts when the plaintiff has an adequate legal remedy.").

> **North Dakota:** *Smestad v. Harris*, 820 N.W. 2d 363, 369 (N.D. 2012) (listing "an absence of a remedy provided by law" among the elements of an unjust enrichment claim).

**South Dakota:**  *Rindal v. Sohler*, 658 N.W.2d 769, 772 (S.D. 2003) ("An essential element to equitable relief is the lack of an adequate remedy at law.").

**Tennessee:**  *Furlough v. Spherion Atl. Workforce, LLC*, 397 S.W.3d 114, 134 (Tenn. 2013) (holding that equitable relief is unavailable unless plaintiff can show "there is no other available or adequate remedy").

**Utah:**  *Thorpe v. Washington City*, 243 P.3d 500, 507 (Utah Ct. App. 2010) (noting that "[i]t is settled in Utah" that a plaintiff seeking an equitable remedy for unjust enrichment must show that there is no adequate remedy at law).

The Indirect Purchasers are seeking legal remedies under federal antitrust law and under the state antitrust and consumer protection laws for the same alleged conduct for which they assert unjust enrichment claims.  Thus, with the exception of the Indirect Purchasers' claims under the laws of Nebraska, Nevada, and Utah (which allow unjust enrichment to be pleaded in the alternative),[17] the Indirect Purchasers' unjust enrichment claims in these 10 states should be dismissed.

Dismissal is the correct outcome even if the Court were to find that the Indirect Purchasers' claims under any or all of these states' statutes fail.  *See, e.g.*, *Dooner v. Yuen*, Civ. No. 16-1939, 2016 WL 6080814, at *3 (D. Minn. Oct. 17, 2016) ("[U]njust enrichment is an equitable claim that the Court may not consider where an adequate remedy at law is available.  Since [Plaintiff's] breach-of-contract claim—although non-viable—provided her an adequate remedy at law, her unjust enrichment claim fails."); *VCS, Inc. v. Utah Cmty. Bank*, 293 P.3d 290, 300 (Utah 2012) (dismissing unjust enrichment claim despite plaintiff's failure to obtain relief under statute because

---

[17] *See In re Wal-Mart Wage & Hour Employment Practices Litig.*, 490 F.Supp.2d 1091, 1124 (D. Nev. 2007).

affording an equitable remedy "would threaten the balance struck by [the] legislature in weighing the competing policies at stake").

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Indirect Purchasers' state law claims.

Date: October 23, 2018

*/s/ Mark L. Johnson*
Mark L. Johnson (#0345520)
Bethany Krueger (#0306368)
Virginia R. McCalmont (#0399496)
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
(612) 373-0830
mjohnson@greeneespel.com
bkrueger@greeneespel.com
vmccalmont@greeneespel.com

Daniel Laytin, P.C. (*pro hac vice*)
Christa Cottrell, P.C. (*pro hac vice*)
Christina Briesacher (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 861-2000
daniel.laytin@kirkland.com
christa.cottrell@kirkland.com
christina.briesacher@kirkland.com

*Counsel for Clemens Food Group, LLC
and The Clemens Family Corporation*

Respectfully submitted,

*/s/ Richard A. Duncan*
Richard A. Duncan (#0192983)
Aaron D. Van Oort (#0315539)
Craig S. Coleman (#0325491)
Emily E. Chow (#0388239)
Isaac B. Hall (#0395398)
Bryan K. Washburn (#0397733)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000
richard.duncan@faegrebd.com
aaron.vanoort@faegrebd.com
craig.coleman@faegrebd.com
emily.chow@faegrebd.com
isaac.hall@faegrebd.com
bryan.washburn@faegrebd.com

*Counsel for Hormel Foods Corporation
and Hormel Foods, LLC*

/s/ Jaime Stilson
Jaime Stilson (#392913)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
(612) 492-6746
stilson.jaime@dorsey.com

Britt M. Miller (*pro hac vice*)
Robert E. Entwisle (*pro hac vice*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
(312) 782-0600
bmiller@mayerbrown.com
rentwisle@mayerbrown.com

William H. Stallings (*pro hac vice*)
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
(202) 263-3000
wstallings@mayerbrown.com

*Counsel for Indiana Packers Corporation
and Mitsubishi Corporation (Americas)*

/s/ Donald G. Heeman
Donald G. Heeman (#286023)
Jessica J. Nelson (#347358)
Randi J. Winter (#391354)
Daniel R. Haller (#396497)
FELHABER LARSON
220 South Sixth Street, Suite 2200
Minneapolis, MN 55402-4504
(612) 339-6321
dheeman@felhaber.com
jnelson@felhaber.com
rwinter@felhaber.com
dhaller@felhaber.com

Stephen R. Neuwirth (*pro hac vice*)
Michael B. Carlinsky *pro hac vice*)
Sami H. Rashid (*pro hac vice*)
Richard T. Vagas (*pro hac vice*)
Robert P. Vance, Jr. (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
stephenneuwirth@quinnemanuel.com
michaelcarlinsky@quinnemanuel.com
samirashid@quinnemanuel.com
richardvagas@quinnemanuel.com
bobbyvance@quinnemanuel.com

*Counsel for JBS USA Food Company and
JBS USA Food Company Holdings*

*/s/ William L. Greene*
William L. Greene (#0198730)
Peter J. Schwingler (#0388909)
Jon M. Woodruff (#0399453)
STINSON LEONARD STREET LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
john.woodruff@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LEONARD STREET LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

*Counsel for Seaboard Foods, LLC and*
*Seaboard Corporation*

*/s/ John A. Cotter*
John A. Cotter (134296)
John A. Kvinge (0392303)
LARKIN HOFFMAN DALY &
LINDGREN LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55427-1060
(952) 835-3800
jcotter@larkinhoffman.com
jkvinge@larkinhoffman.com

Richard Parker (*pro hac vice*)
Josh Lipton (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
rparker@gibsondunn.com
jlipton@gibsondunn.com

Brian Robison (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201-6912
(214) 698-3370
brobison@gibsondunn.com

*Counsel for Smithfield Foods, Inc.*

/s/ Aaron Chapin
Aaron Chapin (#6292540)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL  60606
(312) 655-1500
aaron.chapin@huschblackwell.com

Gene Summerlin (*pro hac vice*)
Marnie Jensen (*pro hac vice*)
Ryann Glenn (*pro hac vice*)
Kamron Hasan (*pro hac vice*)
Quinn Eaton (*pro hac vice*)
Sierra Faler (*pro hac vice*)
HUSCH BLACKWELL LLP
13330 California St., Suite 200
Omaha, NE 68154
(402) 964-5000
gene.summerlin@huschblackwell.com
marnie.jensen@huschblackwell.com
ryann.glenn@huschblackwell.com
kamron.hasan@huschblackwell.com
quinn.eaton@huschblackwell.com
sierra.faler@huschblackwell.com

*Counsel for Triumph Foods, LLC*

/s/ David P. Graham
David P. Graham (#0185462)
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 486-1521
dgraham@dykema.com

Rachel J. Adcox (*pro hac vice*)
Tiffany Rider Rohrbaugh (*pro hac vice*)
AXINN, VELTROP &
HARKRIDER LLP
950 F Street, N.W.
Washington, D.C. 20004
(202) 912-4700
radcox@axinn.com
trider@axinn.com

*Counsel for Tyson Foods, Inc., Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc.*

/s/ *Peter H. Walsh*
Peter H. Walsh (# 388672)
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
T. (612) 402-3000
F. (612) 402-3001
peter.walsh@hoganlovells.com

William L. Monts (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
Jennifer A. Fleury (*pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com
jennifer.fleury@hoganlovells.com

*Counsel for Agri Stats, Inc.*