UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Civil No. 18-1776 (JRT/HB)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TRIUMPH FOODS, LLC'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINTS** |

Defendant Triumph Foods, LLC ("Triumph") submits this memorandum in support of its motion to dismiss the Direct Purchaser Plaintiffs' First Amended and Consolidated Class Action Complaint ("DPP Compl."), the Commercial Food Preparers' First Amended and Consolidated Class Action Complaint ("CFP Compl."), and the Consumer Consolidated Class Action Complaint ("IPP Compl.").

## INTRODUCTION

As explained in the Memorandum in Support of Defendants' Joint Motion to Dismiss, Plaintiffs do not plausibly allege a conspiracy among the defendants to restrict the supply of pork. Triumph brings this individual motion because the Complaints also fail to allege facts which show that Triumph was a part of any alleged conspiracy.

The allegations against Triumph are sparse. In total, Plaintiffs allege:

- Triumph is a Missouri limited liability company headquartered in St. Joseph, Missouri. DPP Compl. ¶ 33; CFP Compl. ¶ 36; IPP Compl. ¶ 59.

1

- Triumph sold pork in interstate commerce to purchasers in the United States. DPP Compl. ¶ 33; CFP Compl. ¶ 36; IPP Compl. ¶ 59.

- Triumph subscribed to Agri Stats and reported information to Agri Stats. DPP Compl. ¶ 49; CFP Compl. ¶ 54; IPP Compl. ¶ 77.

- Triumph represents less than five percent of national pork slaughter capacity. DPP Compl. ¶ 79; CFP Compl. ¶ 85; IPP Compl. ¶ 116.

- Triumph employees Mark Campbell and Rick Hoffman served on the American Meat Institute and the North American Meat Institute Board of Directors during the class period. DPP Compl. ¶ 98; CFP Compl. ¶ 104.

- Triumph employees attended the 2014 International Production and Processing Expo. DPP Compl. ¶ 106; CFP Compl. ¶ 112.

- Triumph announced plans in 2017 to add a second shift to a jointly owned pork processing facility in Sioux City, Iowa, and later postponed the addition of a second shift. DPP Compl. ¶ 130; CFP Compl. ¶ 136 (the article cited by Plaintiffs attributes the delay in adding a second shift to a "tight" labor market.)[1]

The Complaints do not allege:

- Triumph made any public or private statements to further the conspiracy.

- Triumph agreed with any competitor to cut production of pork during the alleged conspiracy period.

---

[1] DPP Compl. p. 51 n.60; CFP Compl. p. 52 n.60 (citing, Jeff DeYoung, *Pork Packing Capacity Faces Delay to Growth*, Iowa Farmer Today (June 2, 2018) (available here).

- Triumph actually cut production of pork during the alleged conspiracy period.

## ARGUMENT

### I. To state claims against Triumph, Plaintiffs must plausibly allege that Triumph joined the alleged conspiracy.

"A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant." *Tatone v. SunTrust Morg., Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012) (citing *Tully v. Bank of Am., N.A.*, No. 104734 (DWF/JSM), 2011 WL 1882665, at *6 (D. Minn. May 17, 2011)). A complaint must "allege that 'each individual defendant joined the conspiracy and played some role in it' because, 'at the heart of an antitrust conspiracy is an agreement and a conscious decision by each defendant to join it.'" *Banxcorp v. Apax Partners, L.P.*, No. 10-4769 (SDW)(MCA), 2011 WL 1253892, at *4 (quoting *In re Elec. Carbon Prods. Antitrust Litig.*, 333 F. Supp. 2d 303, 312 (D.N.J. 2004)).

Even where a plaintiff has adequately alleged the existance of a conspiracy, a motion to dismiss is appropriate if the plaintiff fails to allege facts showing that a particular defendant joined the conspiracy. In *In re Fresh and Process Potatoes Antitrust Litig.*, 834 F. Supp. 2d 1141, 1150 (D. Idaho 2011), the plaintiffs alleged that a group of 23 potatoe growers met and agreed to reduce the supply of potatoes to increase prices. *Id*. at 1158-59. The group allegedly agreed to various actions to reduce supply including mandatory acreage reductions, shipping and processing holidays, and presurring producers to avoid potatoe sales when prices were too low. *Id*. at 1159. Although these

allegations were sufficient to establish a conspiracy among the 23 members of the group, the district court granted motions to dismiss for defendants not clearly alleged to be a part of the 23 member group and who were not alleged to be "connect[ed] to the underlying scheme." *Id*. at 1166; see also, *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 341 n.44 (3d Cir. 2010) (dismissing claims against one or more defendants despite finding plausible conspiracy as to other defendants); *Allen v. Dairy Farmers of Am., Inc.*, No. 5:09-cv-230, 2010 WL 3430833, at *2-5 (D. Vt. Aug. 30, 2010) (same); *Hinds Cnty. V. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 512-17 (S.D.N.Y. 2009) (same); *Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp. 2d 119, 162-73 (D.D.C. 2004) (same).

The only allegations specific to Triumph are that (1) it sold pork products in the United States; (2) it participated in trade associations; (3) it subscribed to Agri Stats' reports; and (4) it announced plans to add a second shift at a new, jointly owned processing facility, but postponed adding that shift. As discussed more fully in the Memorandum in Support of Defendants' Joint Motion to Dismiss, partcipation in trade associations, the exchange of benchmarking information, and Triumph's inability to hire sufficient labor to add a second shift at a processing facility do not constitute antitrust violations or plausibly establish that Triumph joined a price fixing conspiracy.

The Complaints are noticeably lacking in the "who, what and when" factual allegations required to plead Triumph's conscious decision to join the alleged conspiracy. Nor do the complaints allege that Triumph took any action to further the alleged conspiracy, agreed to cut pork production, or actually cut its production of pork during the alleged conspiracy period.

## **CONCLUSION**

For the foregoing reasons, Triumph respectfully requests that Court dismiss all claims against it in these consolidated actions.

Date: October 23, 2018.

        Respectfully Submitted

        */s/ Gene Summerlin*
        Gene Summerlin (*pro hac vice*)
        Marnie Jensen (*pro hac vice*)
        Ryann Glenn (*pro hac vice*)
        Kamron Hasan (*pro hac vice*)
        Quinn Eaton (*pro hac vice*)
        Sierra Faler (*pro hac vice*)
        HUSCH BLACKWELL LLP
        13330 California St., Suite 200
        Omaha, NE 68154
        (402) 964-5000
        gene.summerlin@huschblackwell.com
        marnie.jensen@huschblackwell.com
        ryann.glenn@huschblackwell.com
        kamron.hasan@huschblackwell.com
        quinn.eaton@huschblackwell.com
        sierra.faler@huschblackwell.com

        Aaron Chapin (#6292540)
        HUSCH BLACKWELL LLP
        120 South Riverside Plaza, Suite 2200
        Chicago, IL  60606
        (312) 655-1500
        aaron.chapin@huschblackwell.com

        *Counsel for Triumph Foods, LLC*