UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION*<br><br>This Document Relates To:<br><br>All Actions | Case No. 0:18-cv-01776-JRT-HB<br><br>**JOINT STATUS REPORT AND LETTER BRIEF** |

532451.1

**JOINT STATUS REPORT AND LETTER BRIEF**

Pursuant to the Court's Order on October 15, 2018 (ECF No. 152), the parties in these cases submit this joint status report and letter brief laying out the parties' positions on any disputed provisions of (I) the Protective Order, and (II) the ESI Protocol.

**I.   PROTECTIVE ORDER**

The parties have met and conferred regarding the content of a Protective Order. The parties attach as Exhibit A a Protective Order that reflects the provisions the parties have agreed upon and, with bracketed placeholders, particular provisions upon which the parties have been unable to reach agreement. For those areas of disagreement, the parties have provided Exhibit B to summarize the language each side proposes for each disputed provision.

**Plaintiffs' Position:** With respect to the Protective Order, Plaintiffs seek to lay out clear guidelines and establish clear protocols to avoid unnecessary motion practice later on in the case. Plaintiffs' protocols are transparent, and are intended to avoid costly motion practice.

Excluding In-House Counsel Privilege Claims from Privilege Logs (¶ 19(b)(4), Ex. A at p. 22): Plaintiffs propose a protocol regarding claims of privilege, which would include (among other items): privilege log requirements, exclusions from logging potentially privileged documents, and a protocol for challenging privilege claims. Common sense, and Plaintiffs' counsels' collective experience, warrants the Court setting the rules of the road for these issues early in this case to avoid numerous piecemeal motions later on in a case, after the parties have already devoted significant resources to discovery. *See* Manual for Complex Litig., Fourth, § 11.211 (noting appropriateness of "instituting any other special procedures to facilitate management of the litigation" in complex cases). After meeting and conferring, Defendants have generally agreed to Plaintiffs' protocol regarding claims of privilege. However, Defendants propose to add a provision excluding in-house counsel privilege claims from privilege logs. Defendants' proposal is an invitation to withhold responsive information without putting Plaintiffs on notice of the existence of such information.

Rule 26(b)(5)(A) states that when a party withholds information otherwise discoverable by claiming the information is privileged, the party must "(i) expressly make the claims; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Defendants' proposed provision would radically alter this rule by permitting withholding of an entire category of documents (communications with in-house counsel) without even *disclosing* the existing of such withheld documents. Plaintiffs have significant concerns

with excluding in-house counsel from logging, because in-house counsel often have dual legal and business roles—particularly in-house counsel of large antitrust defendants. Categorically excluding in-house counsel from logging would leave Plaintiffs blind to in-house counsel's actual role and their provision of business/technical advice versus legal advice. *See, e.g.*, *In re Baycol Prods. Litig.*, MDL No. 1431, 2003 WL 22023449, at *3 (D. Minn. Mar. 21, 2003) ("The attorney-client privilege does not protect client communications that relate only to business information, and a business document cannot be made privileged by simply providing a copy to counsel."); *see also Kleen Prod. v. Int'l Paper Co.*, 2014 WL 6475558, at *2 (N.D. Ill. Nov. 12, 2014) (noting in large antitrust class action that a defendant's general counsel "appears to have been copied almost as a matter of course on most business matters concerning upper management at RockTenn. However, many of the exemplar documents that were provided to the Court [for in camera review] plainly contain no legal advice at all."); *Amway Corp. v. Procter & Gamble Co.*, No. 1:98-CV-726, 2001 WL 1818698, at *5 (W.D. Mich. Apr. 3, 2001) (when in-house counsel appears as one of many recipients of a business memo, "federal courts place a heavy burden on the proponent to make a clear showing that counsel is acting in a professional legal capacity and that the document reflects legal, not business, advice").

To be clear, Plaintiffs' would strongly prefer that there be no exclusions from logging whatsoever and that a fully compliant privilege log be produced for all documents, both redacted and fully withheld. But in the interest of compromise, Plaintiffs proposed and agreed to a provision that addresses certain burden concerns defendants have raised in past litigation. But to exclude privileges relating to in house counsel from even being logged is a bridge too far—it would substantively prejudice Plaintiffs regarding the withholding of information that in nearly all prior cases has involved the over withholding of non-privileged information relating to in-house counsel.

If Defendants are permitted to omit from logging *all* in-house counsel communications, then Plaintiffs will not know what was withheld and will not have any opportunity to challenge unknown communications. Because the producing party should be required to provide information sufficient to understand the privilege being asserted, the Court should reject Defendants' request to exclude in-house counsel privilege claims from privilege logs.

**Defendants' Position:**

¶ 19(b)(4) - Exclusion of In-House Counsel Communications from Privilege Logs: In addition to communications exclusively between a producing party and its outside counsel, Defendants propose that communications exclusively between a producing party and its in-house counsel acting in a legal capacity need not be included on a privilege log (absent good cause). A party's communications with its in-house counsel seeking legal advice are entitled to the same protection as a party's communications with its outside counsel seeking legal advice. *See In re Bieter Co.*, 16 F.3d 929, 936 (8th Cir. 1994).

The parties agree that communications between a producing party and its outside counsel need not be logged, because such an obligation would impose an unnecessary burden on the parties, given that these communications with counsel are highly likely to be privileged. Defendants maintain that the same rule should apply to communications between a party and its in-house counsel acting in a legal capacity. No less than outside counsel, communications between an employee and in-house counsel acting in a legal capacity are protected by the attorney-client privilege. Perhaps the only difference with respect to communications with in-house counsel is that the burden of creating a log will fall disproportionately on Defendants. Because an obligation to log these communications will create an unnecessary burden to log many communications that are clearly privileged, with little or no apparent benefit, Defendants propose that the parties need not include these communications on a privilege log.

## II. ESI PROTOCOL

The parties have met and conferred regarding the content of an ESI Protocol. The parties attach as Exhibit C an ESI Protocol that reflects the provisions the parties have agreed upon and, with bracketed placeholders, particular provisions upon which the parties have been unable to reach agreement. For those areas of disagreement, the parties have provided Exhibit D to summarize the language each side proposes for each disputed provision.

**Plaintiffs' Position:** The governing principle underlying Plaintiffs' position is that the ESI Protocol should seek to make discovery streamlined, transparent, and avoid leaving inevitable areas of conflict unresolved for piecemeal resolution via subsequent motion practice. With respect to the ESI Protocol, the primary disputes between the parties are over transparency. Plaintiffs seek to inject greater transparency over the search and production process to ensure that all appropriate materials are gathered and produced. Defendants' proposals generally render the process more opaque.

Entire Document Families (¶ II(G), Ex. C at p. 6): Plaintiffs propose a provision requiring that entire documents families be produced even if only the parent email or an attachment to an email is responsive. Federal Rule of Civil Procedure 34(b) and Federal Rule of Evidence 106 require a party to produce emails and attachments together where one portion of the "family" of documents is responsive to a document request. Fed. R. Civ. P. 34(b) (requiring production of documents "as they are kept in the usual course of business"); Fed. R. Evid. 106 (stating that if a part of a document is used as evidence, the party offering it must produce the entire document if it "ought in fairness" be considered as a whole). The practical effect of Defendants' request will result in a slowdown of the production of documents as Defendants designate certain documents for withholding in otherwise responsive document families, and will subsequently lead to inefficient motion practice.

The *Broiler Chicken* litigation stands as a cautionary tale. In *Broiler Chicken* a defendant withheld a tremendous volume of email attachments—nearly 90,000 individual attachments that affected more than 22% of all document families produced by that defendant—and the issue seriously compromised Plaintiffs' ability to understand relevant document families and take depositions. *See* Broiler Chicken Joint Status Report for 10-24-2018 at 14-19, attached hereto as Exhibit E.  As Plaintiffs discovered in *Broiler Chicken*, by withholding complete document families, the "[defendant] has apparently ignored the reality that incomplete document families impair Plaintiffs' ability to understand relevant documents, take effective depositions, and comply with Federal Rule of Evidence 106, issues which this Court has recognized." *Id.* at 17-18 (citing Broiler Chicken July 2018 Amended Order).  Moreover, because the defendant withheld thousands of emails of a particular file type, rather than considering whether it actually needed to withhold such documents, Plaintiffs were required to manually review each email family and challenge such documents individually on a document-by-document basis. Withholding email attachments first, then requiring Plaintiffs to object piecemeal as they review documents, is a blatant attempt to make an end run around the protective order (which already protects confidentiality) and the rules that require complete documents to be produced.  The Court should reject Defendants' request to permit the withholding of email attachments that are part of a responsive family of documents.

Relevancy Redactions (¶ II(K)(2), Ex. C at p. 8): Plaintiffs propose a provision typically used in litigation stating that a party may not redact information on the basis it believes the information to be irrelevant—except on the basis of privacy as identified in ¶ II(K)(1).  Defendants' proposal allows redacting certain confidential and proprietary information relating to "non-pork" businesses, which would hinder the goal of transparency in the production process.  Again, Federal Rule of Civil Procedure 34(b) and Federal Rule of Evidence 106 require a party to produce the documents "as they are kept in the usual course of business," and to produce the entire document.  As this Court put it, "[t]he practice of redacting for nonresponsiveness or irrelevance finds no explicit support in the Federal Rules of Civil Procedure, and the only bases for prohibiting a party from seeing a portion of a document in the Rules are claims of privilege or work-product protection." *Burris v. Versa Prods., Inc.*, CIV. 07-3938 JRT/JJK, 2013 WL 608742, at *3 (D. Minn. Feb. 19, 2013) (citations omitted).  Plaintiffs' proposal is a compromise between the two parties' positions. Plaintiffs' proposal permits the withholding of documents where the entire document is deemed non-responsive, as parties have always done in reviewing and producing documents.  But redacting portions of documents on the basis that the information is irrelevant would impair Plaintiffs' ability to understand the relevant portion of the documents, and would lead to inefficient motion practice. *See id.* ("redacting allegedly nonresponsive or irrelevant portions of discoverable documents 'breed[s] suspicions'" while "depriving their opponents of the opportunity to see information in its full context and fueling mistrust about the redactions' propriety") (citations omitted). Moreover, it would increase the burden on the parties by adding additional effort and

expense in the redaction process. The Court should reject Defendants' request to permit the redaction of irrelevant information.

<u>Notice of Email Domains Culled</u> (¶ IV(D)(2), Ex. C at p. 10): Plaintiffs propose a provision stating that the parties agree to disclose domain names that were excluded because those domains were typically associated with junk email. Plaintiffs' proposal is a compromise that allows the producing party to exclude certain email domains from the production. But, because the parties do not have to undergo a relevancy analysis on a document-by-document basis, providing domain email names would ensure that only irrelevant documents are being excluded. Defendants propose deferring this discussion until 30 days after an order on the motion to dismiss. Because Defendants have declined to negotiate regarding the provisions Plaintiffs have proposed, Plaintiffs ask the Court to enter Plaintiffs' proposal regarding notice of email domains culled in the absence of any counter-proposal from Defendants.

<u>Parameters for Culling and Reviewing ESI and Paper Documents</u> (¶ V, Ex. C at p. 12): Plaintiffs propose a protocol for culling and reviewing ESI and paper documents, which would include (among other items): time period limitations, document custodians, search methodology, use of Technology Assisted Review, and cellphone and personal data. As noted above, Plaintiffs' proposal includes specific parameters for search term and other negotiations to provide the transparency that is necessary to have truly cooperative search process negotiations. Plaintiffs' experience is that establishing a protocol early in the case would avoid unnecessary motion practice later on in the case, after the parties have already devoted significant resources to discovery. Plaintiffs' provision provides for a good faith discussion of any such proposals in the context of a transparent and cooperative search process discussion among the parties.

Defendants now propose deferring entry of a protocol for ESI culling, search, and collection until 30 days after an order on the motion to dismiss. Defendants' proposal assumes a successful result on their motion to stay, and ignores that the search and custodian issues Plaintiffs are proposing are properly part of the ESI Protocol. During the meet and confer process Plaintiffs made a good faith offer to defer negotiation of these ESI Protocol issues until November 30, but will not agree to defer these issues for an indefinite time period as Defendants propose. Because Defendants have declined to negotiate regarding the provisions Plaintiffs have proposed, Plaintiffs ask the Court to enter Plaintiffs' proposal regarding culling and reviewing ESI and paper documents in the absence of any counter-proposal from Defendants. Plaintiffs remain willing to agree upon a reasonable extension on negotiating these provisions, which we believe November 30 to be.

**Defendants' Position:**

¶ II(G) and II(K)(2) - <u>Withholding Families/Redacting for Irrelevance</u>: Defendants agree that as a general rule, entire document families should be produced, and have agreed

to not break families of documents where one or more of the family member documents are nonresponsive. However, this litigation is about *pork* production, and many Defendants have separate business lines focusing on diverse products such as beef and chicken. Given that, and because it is currently unclear how potentially responsive information is organized with the non-responsive information contained in Defendants' respective data sets, Defendants want to reserve the right to withhold two limited categories of documents: (1) specific highly confidential and proprietary nonresponsive competitive business information relating to non-pork businesses; and (2) private personal information like individual medical information, social security numbers, and bank account information ("Personal Data").[1]

As a starting point, Fed. R. Civ. P. 26(b)(1) clearly states that parties may only obtain discovery regarding any nonprivileged matter *relevant* to any party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1) (emphasis added). There can be no credible argument that nonresponsive, non-pork business information is relevant to the party's claims or defenses. Rather, Plaintiffs argue that such information simply must be produced if it is contained in documents or part of a larger document family that contains relevant pork business information.

Defendants are not suggesting that they be allowed to unilaterally redact or withhold family member documents based on irrelevance or nonresponsiveness, but that the Court instead protect from disclosure confidential and competitive non-pork business information that Plaintiffs are not entitled to in discovery. These documents are most likely to be those circulated to senior executives and boards. Disclosure of such documents in this case would be not only to Defendants' competitors, but also to classes of consumer plaintiffs.

Plaintiffs agree that attorney-client privileged information is proper to redact and withhold, even if part of or attached to a document that is otherwise responsive. There is no legitimate reason to treat competitively sensitive and confidential non-pork business information any differently here.

¶IV(D)(2) and V - Provisions Pertaining to Culling, Searching, and Review: As set forth in Defendants' Position in the October 12, 2018 Joint Status Report, although Defendants have agreed to some limited discovery, they are opposed to engaging in further substantive discovery pending the Court's ruling on the motions to dismiss, because doing so unduly burdens Defendants with discovery obligations that may not ultimately be necessary. The provisions Plaintiffs are advocating seek to impose precisely the types of undue burden on Defendants that the motion to stay discovery is intended to avoid. These

---

[1] Plaintiffs have agreed that Personal Data is acceptable to redact from responsive documents. Defendants are unclear on why Plaintiffs therefore will not agree that nonresponsive Personal Data can be withheld from production.

provisions are, in Defendants' experience, not typically part of an ESI Protocol meant to address production format and other technical specifications, but rather are substantive provisions negotiated as part of discovery. Negotiating these provisions would be premature, as it is not clear whether any of Plaintiffs' allegations will survive the motions to dismiss, yet these additional provisions would require the agreement and/or disclosure of relevant time periods, document and source custodians, search terms and review procedures, including TAR, contact and carrier information and "apps" from custodial cell phones, and social media information.[2] The scope of all of this may change depending on the outcome of the motions to dismiss. Further, Plaintiffs are distorting the traditional concept of an ESI Protocol to accomplish discovery to which they are not otherwise entitled. Defendants propose that negotiation of these issues should be stayed or deferred until resolution of their motions to dismiss (as discussed in Defendants' Motion to Stay Discovery). In the meantime, the core issues in the ESI Protocol (i.e., production format and specifications) are nearly fully agreed upon, and therefore Defendants request that the Court enter an ESI Protocol addressing those issues.

However, if the Court is inclined to order that such provisions should be agreed upon at this time, Defendants request that the Court order the parties to meet and confer by a date certain, and not adopt Plaintiffs' provisions whole cloth.

---

[2] By way of example, the order that the Court entered in the *In re: RFC and ResCap Liquidating Trust Litigation* did not contain such provisions. *See* Order (No. 13-cv-3451 (SRN/JJK/HB)), Dkt. No. 181.

Dated: October 30, 2018

<div style="column-count:2">

*s/ W. Joseph Bruckner*
W. Joseph Bruckner (MN #0147758)
Elizabeth R. Odette (MN #0340698)
Brian D. Clark (MN #0390069)
Arielle S. Wagner (MN #0398332)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
T:  (612) 339-6900
F:  (612) 339-0981
wjbruckner@locklaw.com
erodette@locklaw.com
bdclark@locklaw.com
aswagner@locklaw.com

Bruce L. Simon
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
T: (415) 433-9000
F:  (415) 433-9008
bsimon@pswlaw.com

Daniel L. Warshaw
Bobby Pouya
PEARSON SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 92403
T: (818) 788-8300
F: (818) 788-8104
dwarshaw@pswlaw.com
bpouya@pswlaw.com

Melissa S. Weiner (MN #0387900)
PEARSON, SIMON & WARSHAW, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
T: (612) 389-0600
F: (612) 389-0610
mweiner@pswlaw.com

*Co-Lead Class Counsel for Direct Purchaser Plaintiffs*

*s/ Steve W. Berman*
Steve. W. Berman
Breanna Van Engelen
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO
455 N. Cityfront Plaza Drive, Ste 2410
Chicago, Illinois 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
beth@hbsslaw.com

Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
Michelle J. Looby (#388166)
Britany N. Resch (#0397656)
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
bresch@gustafsongluek.com

*Co-Lead Counsel for Consumer Indirect Purchaser Plaintiffs*

</div>

*s/ Shawn M. Raiter*
Shawn M. Raiter (MN# 240424)
LARSON • KING, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
T: (651) 312-6518
sraiter@larsonking.com

Jonathan W. Cuneo
Joel Davidow
Blaine Finley
Yifei "Evelyn" Li
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Ave. NW, Suite 200
Washington, DC 20016
T: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
bfinley@cuneolaw.com
evelyn@cunelolaw.com

*Co-Lead Counsel for Commercial and Institutional Indirect Purchaser Plaintiffs*

Date: October 30, 2018

| | |
|---|---|
| */s/ Mark L. Johnson* | */s/ Richard A. Duncan* |
| Mark L. Johnson (#0345520) | Richard A. Duncan (#0192983) |
| Bethany Krueger (#0306368) | Aaron D. Van Oort (#0315539) |
| Virginia R. McCalmont (#0399496) | Craig S. Coleman (#0325491) |
| GREENE ESPEL PLLP | Emily E. Chow (#0388239) |
| 222 South Ninth Street, Suite 2200 | Isaac B. Hall (#0395398) |
| Minneapolis, MN 55402 | Bryan K. Washburn (#0397733) |
| (612) 373-0830 | FAEGRE BAKER DANIELS LLP |
| mjohnson@greeneespel.com | 2200 Wells Fargo Center |
| bkrueger@greeneespel.com | 90 South Seventh Street |
| vmccalmont@greeneespel.com | Minneapolis, MN 55402-3901 |
| Daniel Laytin, P.C. (*pro hac vice*) | (612) 766-7000 |
| Christa Cottrell, P.C. (*pro hac vice*) | richard.duncan@faegrebd.com |
| Christina Briesacher (*pro hac vice*) | aaron.vanoort@faegrebd.com |
| KIRKLAND & ELLIS LLP | craig.coleman@faegrebd.com |
| 300 North LaSalle | emily.chow@faegrebd.com |
| Chicago, IL 60654 | isaac.hall@faegrebd.com |
| (312) 861-2000 | bryan.washburn@faegrebd.com |
| daniel.laytin@kirkland.com | |
| christa.cottrell@kirkland.com | *Counsel for Hormel Foods Corporation* |
| christina.briesacher@kirkland.com | *and Hormel Foods, LLC* |
| | |
| *Counsel for Clemens Food Group, LLC* | |
| *and The Clemens Family Corporation* | |

532451.1

11

*/s/ Jaime Stilson*
Jaime Stilson (#392913)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
(612) 492-6746
stilson.jaime@dorsey.com

Britt M. Miller (*pro hac vice*)
Robert E. Entwisle (*pro hac vice*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
(312) 782-0600
bmiller@mayerbrown.com
rentwisle@mayerbrown.com

William H. Stallings (*pro hac vice*)
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
(202) 263-3000
wstallings@mayerbrown.com

*Counsel for Indiana Packers Corporation and Mitsubishi Corporation (Americas)*

*/s/ Donald G. Heeman*
Donald G. Heeman (#286023)
Jessica J. Nelson (#347358)
Randi J. Winter (#391354)
Daniel R. Haller (#396497)
FELHABER LARSON
220 South Sixth Street, Suite 2200
Minneapolis, MN 55402-4504
(612) 339-6321
dheeman@felhaber.com
jnelson@felhaber.com
rwinter@felhaber.com
dhaller@felhaber.com

Stephen R. Neuwirth (*pro hac vice*)
Michael B. Carlinsky *pro hac vice*)
Sami H. Rashid (*pro hac vice*)
Richard T. Vagas (*pro hac vice*)
Robert P. Vance, Jr. (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
stephenneuwirth@quinnemanuel.com
michaelcarlinsky@quinnemanuel.com
samirashid@quinnemanuel.com
richardvagas@quinnemanuel.com
bobbyvance@quinnemanuel.com

*Counsel for JBS USA Food Company and JBS USA Food Company Holdings*

*/s/ William L. Greene*
William L. Greene (#0198730)
Peter J. Schwingler (#0388909)
Jon M. Woodruff (#0399453)
STINSON LEONARD STREET LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
john.woodruff@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LEONARD STREET LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

*Counsel for Seaboard Foods, LLC and Seaboard Corporation*

*/s/ John A. Cotter*
John A. Cotter (134296)
John A. Kvinge (0392303)
LARKIN HOFFMAN DALY &
LINDGREN LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55427-1060
(952) 835-3800
jcotter@larkinhoffman.com
jkvinge@larkinhoffman.com

Richard Parker (*pro hac vice*)
Josh Lipton (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
rparker@gibsondunn.com
jlipton@gibsondunn.com

Brian Robison (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201-6912
(214) 698-3370
brobison@gibsondunn.com

*Counsel for Smithfield Foods, Inc.*

*/s/ Aaron Chapin*
Aaron Chapin (#6292540)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
aaron.chapin@huschblackwell.com

Gene Summerlin (*pro hac vice*)
Marnie Jensen (*pro hac vice*)
Ryann Glenn (*pro hac vice*)
Kamron Hasan (*pro hac vice*)
Quinn Eaton (*pro hac vice*)
Sierra Faler (*pro hac vice*)
HUSCH BLACKWELL LLP
13330 California St., Suite 200
Omaha, NE 68154
(402) 964-5000
gene.summerlin@huschblackwell.com
marnie.jensen@huschblackwell.com
ryann.glenn@huschblackwell.com
kamron.hasan@huschblackwell.com
quinn.eaton@huschblackwell.com
sierra.faler@huschblackwell.com

*Counsel for Triumph Foods, LLC*

*/s/ David P. Graham*
David P. Graham (#0185462)
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 486-1521
dgraham@dykema.com

Rachel J. Adcox (*pro hac vice*)
Tiffany Rider Rohrbaugh (*pro hac vice*)
AXINN, VELTROP &
HARKRIDER LLP
950 F Street, N.W.
Washington, D.C. 20004
(202) 912-4700
radcox@axinn.com
trider@axinn.com

*Counsel for Tyson Foods, Inc., Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc.*

/s/ *Peter H. Walsh*
Peter H. Walsh (# 388672)
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
T. (612) 402-3000
F. (612) 402-3001
peter.walsh@hoganlovells.com

William L. Monts (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
Jennifer A. Fleury (*pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com
jennifer.fleury@hoganlovells.com

*Counsel for Agri Stats, Inc.*