## Exhibit B: ESI Protocol Disputed Provisions

| Disputed Provision | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| ¶ V(A)(1): Time Period | Except as noted elsewhere in this ¶ V(A)(1), the Parties agree that they may limit the processing of discoverable information to that which was created, modified, sent, or received between January 1, 2007 and June 30, 2018 unless otherwise specified and agreed to by the Parties in writing. However, this limitation shall not apply to structured data, which the Parties will meet and confer upon regarding a reasonable time period. Plaintiffs and the Defendants agree to meet and confer on a processing end date for discoverable information responsive to discovery requests. This paragraph does not prohibit a request for information before or after the period specified above, so long as it is narrow and does not require processing a large amount of data from outside this period. | Except as noted elsewhere in this paragraph, the Parties agree that they may limit the processing of discoverable information to that which was created, modified, sent, or received from a start date to be negotiated by the parties within 30 days of a ruling on the motions to dismiss, through June 30, 2018. |
| ¶ V(A)(2)(a): Commencement of Document Custodian and Source Discussions | The parties and Court will discuss the timing for commencing with Document Custodian and Source discussions and address that issue in a separate Search Methodology Order or in an amended ESI Protocol. | The Parties shall not commence with the identification of custodians, sources and search methodologies, and subsequent meet and confer discussions, as set forth herein, until after a ruling by the Court denying, in whole or in part, the motions to dismiss. |
| ¶ V(E)(1)(a): Document Custodian | a. Prior to any culling of the cellphone data, a Producing Party will disclose the following to the extent reasonably possible: (1) to the extent not already provided, a list of | a. A Producing Party shall use reasonable due diligence to ensure that reasonably available sources of data/applications on a cellphone and related backups |

533608.1

| Disputed Provision | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| **Cellphone Data** | cellphone number(s) used by the Document Custodian for work purposes, if any, (2) the name of the phone carrier that provided service for each identified phone number, (3) the type of phone, including brand and model number, if known, (4) a list of installed communications-related applications on the Document Custodian's cellphone, including ephemeral messaging applications (e.g., SnapChat, Confide, and Signal), Facebook Messenger, and other such applications if such applications are used for work purposes; and (5) whether or not the Producing Party claims that a cellphone used by the Document Custodian for work purposes is not within its possession, custody, or control.<br><br>b. A Producing Party will review the following sources of information on a cellphone, to the extent reasonably available, to identify unique, responsive, and discoverable information:<br><br>  i.  **Cellphone Call and Voicemail Logs:** The logs of any calls made/received and voicemails left on a cellphone that the Document Custodian used for work purposes, if any, if the cellphone is in the possession, custody, or control of a producing Party.<br><br>  ii.  **Text Messages:** All text messages and/or iMessages on the cellphone device used for work purposes or contained in available backups/archives | and archives, if those data sources/applications are used for work purposes, are evaluated and considered as a potential source of data subject to discovery, including without limitation call and voicemail logs, text messages, contacts, and social media.<br><br>b. The identification of the names of cellphone applications that (i) were used for business purposes; and (ii) contain unique, responsive, and non-privileged communications, will not be withheld as privileged and/or as illegal to produce under any privacy laws.<br><br>c. For any such communications that are to be produced, the Parties shall meet and confer to the extent there are any issues with respect to the format of such data. |

| **Disputed Provision** | **Plaintiffs' Proposal** | **Defendants' Proposal** |
|---|---|---|
| | associated with the device, if any, if the cellphone is in the possession, custody, or control of a Producing Party.<br><br>c. **"Contacts":** A Document Custodian's relevant contacts (e.g., MS Outlook Contacts or cellphone-based contacts) will be exported to MS Excel (or .csv) with all reasonably available metadata fields. For mobile devices that are owned by the Document Custodian and used for personal purposes, if the device is in the possession, custody, or control of a Producing Party, a Producing Party is entitled to redact or withhold information from the contacts file that does not relate to the Document Custodian's work—including, but not limited to, the name and contact information for any family or friends not involved in the Pork industry. If, after reviewing the redactions, the Requesting Party believes that more information is needed about the redactions, then the Parties will meet and confer regarding the information redacted, and the producing Party shall provide explanations for information redacted or withheld. Any document produced with redactions permitted under this ESI Protocol shall maintain the electronic search capabilities of the other data in the spreadsheet. | |
| **¶ V(E)(2): Social Media Data** | If a Document Custodian confirms that he or she (1) used Social Media for business purposes and (2) used that Social Media to communicate with an employee of another Defendant or otherwise regarding a subject | Social media data are already addressed in ¶ V(E)(1)(a), above. |

| **Disputed Provision** | **Plaintiffs' Proposal** | **Defendants' Proposal** |
|---|---|---|
|  | relevant to the Litigation and included within a Request for Production, subject to objections to that Request, then the requested communication(s) must be produced if it is reasonably accessible, in the Producing Party's possession, custody, or control, and not withheld as privileged and/or as illegal to produce under applicable privacy laws. The Parties shall meet and confer to the extent there are any issues with respect to the format of such Social Media data. |  |