## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **In re Pork Antitrust Litigation**<br><br>This Document Relates To:<br><br>Commercial and Institutional Indirect<br>Purchaser Plaintiff Actions and Consumer<br>Indirect Purchaser Plaintiff Actions | Case No. 18-cv-01776-JRT-HB |

## <u>REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS THE STATE LAW CLAIMS IN THE INDIRECT PURCHASER PLAINTIFFS' COMPLAINTS</u>

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................ 1

ARGUMENT ...................................................................................................... 1

I.    THE COURT SHOULD DISMISS ALL OF THE INDIRECT
      PURCHASERS' CLAIMS AS IMPLAUSIBLE OR TIME-
      BARRED. .................................................................................................. 1

II.   THE CIPS LACK STANDING TO PURSUE A MAJORITY OF
      THEIR STATE LAW CLAIMS .................................................................. 1

      A.    The Eighth Circuit Has Held That Standing Is A Threshold
            Issue. ............................................................................................. 2

      B.    The CIPs Do Not Have Standing To Pursue All Claims
            Asserted. ....................................................................................... 2

      C.    The Cases CIPs Cite Are Inapposite. ............................................ 4

III.  THE STATE ANTITRUST CLAIMS FAIL AS A MATTER OF
      LAW. ........................................................................................................ 5

      A.    The Indirect Purchasers Do Not Plausibly Plead Their State
            Antitrust Claims. ........................................................................... 5

      B.    Various State Antitrust Claims Should Also Be Dismissed
            For Independent, State-Specific Reasons. ..................................... 5

            1.    Under Illinois Law, Indirect Purchasers Cannot
                  Maintain A Class Action. ..................................................... 5

            2.    IIPs' Rhode Island Antitrust Claims Should Be
                  Dismissed As To Damages Incurred Prior To July 15,
                  2013. ..................................................................................... 6

            3.    The Court Should Dismiss The Arizona, Nevada And
                  Utah Antitrust Claims For Failure To Provide Timely
                  Notice To Those States' Attorneys General ........................... 7

IV.   THE INDIRECT PURCHASERS' STATE CONSUMER
      PROTECTION CLAIMS FAIL AS A MATTER OF LAW. ...................... 7

A.    Rule 9(b) Applies To The Consumer Protection Claims, And
      Indirect Purchasers' Consumer Protection Claims Are Not
      Adequately Pled. ........................................................................... 7

B.    Indirect Purchasers Fail To Adequately Plead Consumer
      Reliance Or Consumer-Directed Deceptive Conduct As
      Required Under The Law Of Nine States. .................................... 8

      1.    Arkansas ............................................................................. 8

      2.    California ............................................................................ 9

      3.    District of Columbia .......................................................... 9

      4.    Michigan ............................................................................. 9

      5.    New York .......................................................................... 10

      6.    North Dakota .................................................................... 10

      7.    Rhode Island ..................................................................... 11

      8.    Virginia ............................................................................. 11

      9.    Wisconsin .......................................................................... 11

C.    CIPs Do Not Have Statutory Standing Under Missouri Or
      Rhode Island Law ......................................................................... 12

D.    Indirect Purchasers' Antitrust Claims Are Not Actionable
      Under Six States' Consumer Protection Statutes. ...................... 12

E.    Indirect Purchasers Cannot Recover Monetary Damages
      Under The Laws of California And Minnesota ............................ 13

F.    Indirect Purchasers Fail To Allege Intrastate Conspiratorial
      Activity Necessary Under Six States' Laws. ............................... 14

G.    The Indirect Purchasers Failed To Give The Notice Required
      Under The Consumer Protection Statutes Of West Virginia
      and Hawaii ..................................................................................... 15

H.    Statutory Class-Action Bars Preclude Indirect Purchasers'
      Claims In Arkansas, South Carolina, And Utah. ........................ 15

V.  THE INDIRECT PURCHASERS' UNJUST ENRICHMENT
    CLAIMS FAIL AS A MATTER OF LAW. .......................................... 16

    A.  All Of The Unjust Enrichment Claims Should Be Dismissed
        For Failure To Plead The Specific Elements Required In The
        Respective States. ........................................................................ 16

    B.  Unjust Enrichment Is Not A Standalone Claim In Four States. ................. 17

    C.  Indirect Purchasers Fail To Allege That Any Possible Benefit
        They Conferred On Defendants Was "Direct" And Not
        Merely "Incidental." ..................................................................... 17

    D.  The Unjust Enrichment Claims In Illinois And South Carolina
        Fail Because The Indirect Purchasers Do Not Allege A Duty
        Owed By Defendants. ..................................................................... 18

    E.  The Unjust Enrichment Claims Of Nine States Should Be
        Dismissed Because Indirect Purchasers Have Adequate Legal
        Remedies. ................................................................................... 19

CONCLUSION ......................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Am. Copper & Brass, Inc. v. Lake City Indus. Prod., Inc.*,
   2012 WL 3027953 (W.D. Mich. July 24, 2012) ........................................................... 6

*Apex Oil Co., Inc. v. Jones Stephens Corp.*,
   881 F.3d 658 (8th Cir. 2018) ................................................................................... 8

*Blum v. Yaretsky*,
   457 U.S. 991 (1982) ................................................................................................ 4

*Brown v. Medtronic, Inc.*,
   628 F.3d 451 (8th Cir. 2010) ................................................................................... 2

*Butler v. Jimmy John's Franchise, LLC*,
   331 F.Supp.3d 786 (S.D. Ill. 2018) ........................................................................ 13

*Carnival Corp. v. Rolls-Royce PLC*,
   2009 WL 3861450 (S.D. Fla. Nov. 17, 2009) ........................................................... 14

*Chin v. General Mills, Inc.*,
   2013 WL 2420455 (D. Minn. June 3, 2013) .............................................................. 4

*Cruz v. Lawson Software, Inc.*,
   2010 WL 890038 (D. Minn. Jan. 5, 2010) ................................................................ 16

*Curtis v. Propel Prop. Tax Funding, LLC*,
   2018 WL 717006 (E.D. Va. Feb. 5, 2018) ............................................................... 11

*Dooner v. Yuen*,
   2016 WL 6080814 (D. Minn. Oct. 17, 2016) ............................................................ 19

*Evergreen Partnering Grp., Inc. v. Pactiv Corp.*,
   2014 WL 304070 (D. Mass. Jan. 28, 2014) .............................................................. 14

*Fallick v. Nationwide Mut. Ins. Co.*,
   162 F.3d 410 (6th Cir. 1998) ................................................................................... 4

*Ferrari v. Best Buy Co.*,
   2015 WL 2242128 (D. Minn. May 12, 2015) .......................................................... 2-3

*Gregory v. Dillard's, Inc.*,
   565 F.3d 464 (8th Cir. 2009) ................................................................................... 16

iv

*Ill. Brick Co. v. Illinois,*
431 U.S. 720 ................................................................................................. 6

*In re Aftermarket Filters Antitrust Litig.,*
2009 WL 3754041 (N.D. Ill. Nov. 5, 2009) ............................................. 17

*In re Aftermarket Filters Antitrust Litig.,*
2010 WL 1416259 (N.D. Ill Apr. 1, 2010) ............................................... 18

*In re Asacol Antitrust Litig.,*
907 F.3d 42 (1st Cir. 2018) ....................................................................... 4

*In re Broiler Chicken Antitrust Litig.,*
290 F.Supp.3d 772 (N.D. Ill. 2017) .......................................................... 6

*In re Cast Iron Soil Pipe & Fittings Antitrust Litig.,*
2015 WL 5166014 (E.D. Tenn. June 24, 2015) ...................................... 14

*In re DDAVP Indirect Purchaser Antitrust Litig.,*
903 F.Supp.2d 198 (S.D.N.Y. 2012) ....................................................... 13

*In re Ditropan XL Antitrust Litig.,*
529 F.Supp.2d 1098 (N.D. Cal. 2007) .................................................... 13

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,*
516 F.Supp.2d 1072 (N.D. Cal. 2007) .................................................... 12

*In re Flonase Antitrust Litig.,*
692 F.Supp.2d 524 (E.D. Pa. 2010) ........................................................ 15

*In re Graphics Processing Units Antitrust Litig.,*
527 F.Supp.2d 1011 (N.D. Cal. 2007) .................................................... 12

*In re Levaquin Products Liability Litig.,*
752 F.Supp.2d 1071 (D. Minn. 2010) ...................................................... 19

*In re Lidoderm Antitrust Litig.,*
103 F.Supp.3d 1155 (N.D. Cal. 2015) ..................................................... 13

*In re Lipitor Antitrust Litig.,*
-- F.Supp.3d --, 2018 WL 4006752 (D.N.J. Aug. 21, 2018) .............. 7, 15

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.,*
350 F.Supp.2d 160 (D. Me. 2004) ..................................................... 10, 13

*In re Opana ER Antitrust Litig.*,
    162 F.Supp.3d 704 (N.D. Ill. 2016) ..................................................... 16, 17

*In re Packaged Ice Antitrust Litig.*,
    779 F.Supp.2d 642 (E.D. Mich. 2011) ......................................................... 14

*In re Polyurethane Foam Antitrust Litig.*,
    799 F.Supp.2d 777 (N.D. Ohio 2011) ........................................................... 13

*In re Pre-Filled Propane Tank Antitrust Litig.*,
    2016 WL 6963059 (W.D. Mo. Jan. 13, 2016), *aff'd in part*, 893 F.3d
    1047 (8th Cir. 2018) ..................................................................................... 3

*In re Processed Egg Products Antitrust Litig.*,
    851 F.Supp.2d. 867 (E.D. Pa. 2012) ...................................................... 3, 17

*In re Refrigerant Compressors Antitrust Litig.*,
    2013 WL 1431756 (E.D. Mich. Apr. 9, 2013) ................................. 15, 17-18

*In re SuperValu, Inc.*,
    870 F.3d 763 (8th Cir. 2017) ................................................................. 2, 4

*In re Target Corp. Data Security Breach Litig.*,
    66 F.Supp.3d 1154 (D. Minn. 2014) ............................................................ 3

*In re Wellbutrin XL Antitrust Litig.*,
    260 F.R.D. 143 (E.D. Pa. 2009) .................................................................... 3

*Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*,
    2014 WL 943224 (D. Minn. Mar. 11, 2014) ............................................. 2, 3

*Langan v. Johnson & Johnson Consumer Cos.*,
    897 F.3d 88 (2d Cir. 2018) ........................................................................... 4

*Lewis v. Casey*,
    518 U.S. 343 (1996) ..................................................................................... 2

*Leyse v. Clear Channel Broad., Inc.*,
    2010 WL 2253646 (S.D. Ohio June 2, 2010) .............................................. 6

*Melendres v. Arpaio*,
    784 F.3d 1254 (9th Cir. 2015) ..................................................................... 4

*Olin v. Dakota Access, LLC*,
    -- F.3d --, 2018 WL 6538242 (8th Cir. Dec. 13, 2018) .............................. 7-8

*Prado-Steiman ex rel. Prado v. Bush*,
   221 F.3d 1266 (11th Cir. 2000) ................................................................. 4-5

*Racher v. Westlake Nursing Home Ltd. P'ship*,
   871 F.3d 1152 (10th Cir. 2017) ................................................................. 6

*Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*,
   559 U.S. 393 (2010) .................................................................................. 5, 6

*Sheet Metal Workers Local 441 Health & Welfare Plan v.*
   *GlaxoSmithKline, PLC*,
   737 F.Supp.2d 380 (E.D. Pa. 2010) ........................................................... 9

*Siegel v. Shell Oil Co.*,
   480 F.Supp.2d 1034 (N.D. Ill. 2007) ......................................................... 13

*Spires v. Hosp. Corp. of Am.*,
   289 Fed. App'x 269 (10th Cir. 2008) ......................................................... 17

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) ..................................................................................... 2

*Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*,
   781 F.3d 1003 (8th Cir. 2015) ................................................................... 8

*Thunander v. Uponor, Inc.*,
   887 F.Supp.2d 850 (D. Minn. 2012) .......................................................... 2

*United States ex rel. Krahling v. Merck & Co.*,
   44 F.Supp.3d 581 (E.D. Pa. 2014) ............................................................ 3

*United States v. Bame*,
   721 F.3d 1025 (8th Cir. 2013) ................................................................... 19

*Whitlock v. FSL Mgmt., LLC*,
   843 F.3d 1084 (6th Cir. 2016) ................................................................... 5

*Yong Ki Hong v. KBS Am., Inc.*,
   951 F.Supp.2d 402 (E.D.N.Y. 2013) ......................................................... 10

STATE CASES

*Ellis v. Smith Grading & Paving, Inc.*,
   366 S.E.2d 12 (S.C. Ct. App. 1998) .......................................................... 18, 19

*Gaebler v. N.M. Potash Corp.*,
    676 N.E. 2d 228 (Ill. App. Ct. 1996) ........................................................................ 13

*Korea Supply Co. v. Lockheed Martin Corp.*,
    63 P.3d 937 (Cal. 2003) ................................................................................... 13, 14

*Laughlin v. Evanston Hosp.*,
    550 N.E.2d 986 (Ill. 1990) .......................................................................................... 13

*Long v. Dell, Inc.*,
    93 A.3d 988 (R.I. 2014) .............................................................................................. 11

*Martis v. Grinnell Mutual Reinsurance Co.*,
    905 N.E.2d 920 (Ill. App. Ct. 2009) ........................................................................... 18

*Millennium Commc'ns & Fulfillment, Inc. v. Office of Attorney General*,
    761 So.2d 1256 (Fla. Dist. App. 2000) ....................................................................... 14

*Nat'l Union Fire Ins. Co. of Pittsburgh v. DiMucci*,
    34 N.E.3d 1023 (Ill. App. Ct. 2015) ........................................................................... 18

*Phila. Indem. Ins. Co. v. Pace Suburban Bus. Serv.*,
    2016 WL 6804622 (Ill. App. Ct. Nov. 17, 2016) ......................................................... 18

*Sperry v. Crompton Corp.*,
    810 N.Y.S.2d 498 (N.Y. App. Div. 2006) .................................................................. 18

*State ex rel. Bryant v. R & A Inv. Co.*,
    985 S.W.2d 299 (Ark. 1999)........................................................................................ 12

*State ex rel. Spitzer v. Daicel Chem. Indus., Ltd.*,
    840 N.Y.S.2d 8 (App. Div. 2007) ............................................................................... 10

**STATE STATUTES**

California Cartwright Act, Cal. Bus & Prof. Code § 1670, *et seq.* ..................................... 9

California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200,
    *et seq.* ........................................................................................................................ 9

District of Columbia Antitrust Act, D.C. Code § 28-4501, *et seq.* .................................... 9

District of Columbia Consumer Protection Act,
    D.C. Code § 28-3901, *et seq.* .................................................................................... 9

Hawaii Revised Statute § 480-13.3(a)............................................................................. 15

Massachusetts General Laws Chapter 93A, § 11 ............................................................... 14

Michigan Consumer Protection, Act, Mich. Comp. Laws § 445.903(1)(z) ................. 9, 10

Minnesota Deceptive Trade Practices Act, Minnesota Statute § 325D.43-48 ................. 13

New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. § 358-A:2 ................. 14

New York General Business Law § 349 ........................................................................... 14

Wisconsin Antitrust Act, Wis. Stat. § 133.03 ................................................................... 15

Wisconsin Consumer Protection Act, Wis. Stat. § 100.18 ................................................ 15

## INTRODUCTION

Like the Direct Purchasers' claims, Indirect Purchasers' claims fail because they have failed to adequately allege a supply-reduction conspiracy. *See* Dkt. 162. But even if the federal antitrust claims survive, many of the state claims fail. For the reasons set forth below, and discussed in Defendants' prior briefing, the Court should dismiss Indirect Purchasers' state law claims.[1]

## ARGUMENT

### I.   THE COURT SHOULD DISMISS ALL OF THE INDIRECT PURCHASERS' CLAIMS AS IMPLAUSIBLE OR TIME-BARRED.

Indirect Purchasers' state law claims should be dismissed because they are predicated on the same implausible and legally insufficient allegations that are offered in support of their federal claims. Additionally, Indirect Purchasers rely solely on their statute-of-limitations arguments in their opposition brief for the federal claims. Without additional arguments, Defendants rely on and incorporate herein their statute-of-limitations arguments in the Joint Federal Reply. Dkt. 234.

### II.   THE CIPS LACK STANDING TO PURSUE A MAJORITY OF THEIR STATE LAW CLAIMS.

The CIPs focus the standing argument on whether they have constitutional standing to bring *any* state claim instead of properly focusing on whether they can bring *each of the* state law claims in their Complaint. The persuasive weight of authority

---

[1] Defendants cite to the internal pages in their Memorandum in Support of the Joint Motion to Dismiss the State Law Claims (Dkt. 165) as "Memo. __"; and to Indirect Purchasers' Memorandum in Opposition (Dkt. 231) as "Opp. __," and not to the ECF pagination.

within this District and nationally favors dismissal of claims for states in which no CIP resides or was injured, due to lack of standing.

## A.   The Eighth Circuit Has Held That Standing Is A Threshold Issue.

Indirect Purchasers ignore specific controlling guidance from the Eighth Circuit. First, the Court "must address questions of standing before addressing the merits of [the] case" where "standing is called into question." *Brown v. Medtronic, Inc.*, 628 F.3d 451, 455 (8th Cir. 2010) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102 (1998)).[2]  Second, "[t]he requirements for standing do not change in the class action context." *In re SuperValu, Inc.*, 870 F.3d 763, 768 (8th Cir. 2017).  Thus, to represent a class, a named plaintiff must suffer the injury giving rise to the claim.  *See Lewis v. Casey*, 518 U.S. 343, 357 (1996); *Thunander v. Uponor, Inc.*, 887 F.Supp.2d 850, 863 (D. Minn. 2012) ("A class representative must have standing to assert claims on his or her own behalf in order to have standing to assert claims as a class representative.").

## B.   The CIPs Do Not Have Standing To Pursue All Claims Asserted.

The weight of authority in this District and other district courts within the Eighth Circuit holds that "named plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury." *Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 2014 WL 943224, at *11 (D. Minn. Mar. 11, 2014) (Montgomery, J.); *Ferrari v. Best Buy Co.*, 2015 WL 2242128, at *9 (D. Minn. May 12,

---

[2] Standing is a threshold jurisdictional inquiry, for "[w]ithout jurisdiction the court cannot proceed at all in any cause," and may only dismiss the case.  *Steel Co.*, 523 U.S. at 94.

2015) (Davis, J.); *In re Pre-Filled Propane Tank Antitrust Litig.*, 2016 WL 6963059, at *7 (W.D. Mo. Jan. 13, 2016), *aff'd in part*, 893 F.3d 1047 (8th Cir. 2018).

The CIPs cite no Eighth Circuit authority to the contrary. Instead, they rely on the Eastern District of Pennsylvania's decision in *In re Processed Egg Products Antitrust Litigation*, 851 F.Supp.2d. 867, 888 (E.D. Pa. 2012). But that case does not even represent the prevailing view in that district. *See In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 158 (E.D. Pa. 2009) (concluding that indirect purchasers failed to allege standing for claims under the laws of states where no named plaintiff was located); *see also United States ex rel. Krahling v. Merck & Co.*, 44 F.Supp.3d 581, 602 (E.D. Pa. 2014) (holding after *Processed Egg* that indirect purchasers "do not have standing to bring claims based on the laws of states in which they do not reside because they have not sufficiently pled injuries-in-fact in those states"). District Courts here and elsewhere in the Eighth Circuit rely on *Wellbutrin* and its progeny, not *Processed Egg*. *See Insulate*, 2014 WL 943224 at *11; *Ferrari*, 2015 WL 2242128 at *9; *Propane*, 2016 WL 6963059 at *7 (all citing *Wellbutrin*).

As Defendants have explained, Memo. 4-6, *In re Target Corp. Data Security Breach Litigation* does not support a different outcome. *See* 66 F.Supp.3d 1154, 1159-60 (D. Minn. 2014) (distinguishing *Insulate* by the existence of an antitrust claim). The present case, instead, is closely analogous to Judge Montgomery's *Insulate* decision—an antitrust class action—and therefore should be treated similarly.

### C.      The Cases CIPs Cite Are Inapposite.

Although Indirect Purchasers claim that "[c]ourts in numerous circuits have adopted" the rule they advance, Opp. 8, they ignore the controlling law from the Eighth Circuit. *See SuperValu, Inc.*, 870 F.3d at 768. The cited authority is inapposite. *See* Opp. 6-8 & n.13. *Melendres v. Arpaio*, 784 F.3d 1254, 1261 (9th Cir. 2015), is a civil rights case that does not address whether a plaintiff must reside in a state to have standing to bring a claim under that state's law. *Langan v. Johnson & Johnson Consumer Cos.*, 897 F.3d 88, 95 (2d Cir. 2018), contradicts the Eighth Circuit's direction in *SuperValu* that the requirements of standing do not change in the class action context. *In re Asacol Antitrust Litigation*, 907 F.3d 42, 49 (1st Cir. 2018), allowed plaintiffs to bring "parallel" claims on behalf of absent class members, but based its standing conclusion on a misapplication of Supreme Court guidance in another civil rights case that did not endorse standing for claims under the law of states where the plaintiffs were not present. *See Blum v. Yaretsky*, 457 U.S. 991, 999 (1982) (a plaintiff injured by "conduct of one kind" does not "possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject"). *Fallick v. Nationwide Mutual Insurance Co.*, 162 F.3d 410, 421 (6th Cir. 1998), did not consider the issue of plaintiffs bringing state-law claims for states in which they did not reside and is inconsistent with this District's decision in *Chin v. General Mills, Inc.*, 2013 WL 2420455, at *1 (D. Minn. June 3, 2013) (plaintiff did not have standing to pursue claims of persons who purchased different products). Finally, *Prado-Steiman ex rel. Prado v.*

*Bush*, 221 F.3d 1266, 1281 (11th Cir. 2000), concerns factual distinctions between potential class members but not the standing issue presented here.

The Court should address standing now and dismiss all CIPs' claims for the 19 jurisdictions in which no CIP representative resides.

## III.   THE STATE ANTITRUST CLAIMS FAIL AS A MATTER OF LAW.

### A.   The Indirect Purchasers Do Not Plausibly Plead Their State Antitrust Claims.

Indirect Purchasers concede that their state antitrust claims are premised on the same conduct as their federal claims. Opp. 3. Defendants rely on the arguments made in the memoranda in support of the Defendants' Joint Motion to Dismiss the Federal Law Claims (Dkt. 162 & 234), which compel dismissal of the federal and state antitrust claims.

### B.   Various State Antitrust Claims Should Also Be Dismissed For Independent, State-Specific Reasons.

#### 1.   Under Illinois Law, Indirect Purchasers Cannot Maintain A Class Action.

Defendants moved to dismiss class-action claims from Illinois because that state's statutory scheme bars the claims from being brought as private class actions. In their Opposition, Indirect Purchasers argue that the class-action bar is unenforceable due to generic statements from portions of *Shady Grove Orthopedic Associates v. Allstate Insurance Co.*, 559 U.S. 393 (2010). *See* Opp. 11. But the controlling rule from *Shady Grove* is that stated in Justice Stevens's concurrence, namely that, in some instances, "state procedural rules function as part of the state's definition of substantive rights and remedies and thus must be applied in federal court." *Whitlock v. FSL Mgmt., LLC*, 843

F.3d 1084, 1091 n.2 (6th Cir. 2016); *accord Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017); Memo. 8-10.

Indirect Purchasers cite two cases that did not enforce class-action bars, but those cases dealt with enforcing general state class-action bars against federal claims. *Am. Copper & Brass, Inc. v. Lake City Indus. Prod., Inc.*, 2012 WL 3027953, at *2 (W.D. Mich. July 24, 2012) (state class-action bar did not apply to a federal statutory telecommunication claim); *Leyse v. Clear Channel Broad., Inc.*, 2010 WL 2253646, at *2 (S.D. Ohio June 2, 2010) (same). Those cases don't support Indirect Purchasers' argument here. Post-*Shady Grove*, federal courts have enforced state class-action bars against state antitrust claims. Memo. 8-10. This Court should do the same.

Indirect Purchasers cite *In re Broiler Chicken Antitrust Litigation*, 290 F.Supp.3d 772, 817 (N.D. Ill. 2017). Opp. 12. But that decision is unpersuasive because the court provided minimal analysis on the *Shady Grove* issue, cited few of the cases from the eight years since *Shady Grove*, and never considered the argument that the class-action bars are enforceable because they are codified within the same statutory scheme giving the right to bring the claim. *See id.* at 817.

### 2. IIPs' Rhode Island Antitrust Claims Should Be Dismissed As To Damages Incurred Prior To July 15, 2013.

The IIPs concede that they cannot recover damages under Rhode Island law based on conduct preceding the effective date of the *Illinois Brick* repealer statute, July 15, 2013. *See* Opp. 14. As a result, the Court should dismiss the IIPs' claim to the extent that it seeks damages that predate July 15, 2013. *See* Memo. 10.

### 3. The Court Should Dismiss The Arizona, Nevada And Utah Antitrust Claims For Failure To Provide Timely Notice To Those States' Attorneys General.

Indirect Purchasers fail to present sufficient evidence that they served the relevant consolidated complaints on the state attorneys general as required by Arizona, Nevada, and Utah antitrust laws. *See* Memo. 11-12. Indirect Purchasers served the initial complaint in the *Duryea* and *Sandee's Bakery* actions but submit no evidence that they served the significantly revised consolidated complaints, which added five new Defendants and named plaintiffs who actually lived in those states. *See* Duncan Decl. (Dkt. 237) ¶¶2-3, Exs. 1 & 2 (Utah requires service only when there are Utah plaintiffs). Additionally, the CIPs did not notify the Arizona attorney general until November 27, 2018, Dkt. 227, and not simultaneously with the filing as required by Arizona law. *See* Memo. 11-12. The Court should therefore dismiss the Arizona, Utah, and Nevada antitrust claims for failure to comply with the notice provisions, as in *In re Lipitor Antitrust Litigation*, -- F.Supp.3d --, 2018 WL 4006752, at *11, *14 (D.N.J. Aug. 21, 2018) ("a prerequisite to suit").

## IV. THE INDIRECT PURCHASERS' STATE CONSUMER PROTECTION CLAIMS FAIL AS A MATTER OF LAW.

### A. Rule 9(b) Applies To The Consumer Protection Claims, And Indirect Purchasers' Consumer Protection Claims Are Not Adequately Pled.

Rule 9(b) applies because Indirect Purchasers ground their claims in averments of fraud. Indirect Purchasers' argument to the contrary is foreclosed by Eighth Circuit law, which focuses on the claims alleged, not the statutes invoked. *See Olin v. Dakota Access, LLC*, -- F.3d --, 2018 WL 6538242, at *2 (8th Cir. Dec. 13, 2018) ("A claim may sound

7

in fraud even though it is brought under a statute that also prohibits non-fraudulent conduct"); *see also Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015), and Memo. 12-13.[3]

To satisfy Rule 9(b), the complaint must plead the "who, what, where, when, and how" of the alleged fraud. Memo. 15. But in their Opposition, Indirect Purchasers point to only allegations that Defendants subscribed to Agri Stats, and to public statements to which the Indirect Purchasers attach the conclusory label of falsehood. Opp. 18 (quoting IIP ¶98). These allegations fail Rule 9(b).

### B.   Indirect Purchasers Fail To Adequately Plead Consumer Reliance Or Consumer-Directed Deceptive Conduct As Required Under The Law Of Nine States.

#### 1.   Arkansas

The CIPs contend "[r]eliance is not an element under the ADTPA" and cite to an unpublished 2017 case from the Eastern District of Arkansas and a 2015 case from the District of New Hampshire. Opp. 19 & n.37. But the Eighth Circuit just this year concluded: "A plaintiff must prove that it suffered damage 'as a result of' a violation of the [ADTPA]; in other words, the defendant's deceptive trade practice must have caused the damage. Causation, in turn, is not possible without reliance." *Apex Oil Co., Inc. v. Jones Stephens Corp.*, 881 F.3d 658, 662 (8th Cir. 2018). Indirect Purchasers do not dispute that they have not (and cannot) plead reliance. The claim should be dismissed.

---

[3] If Indirect Purchasers now disavow all allegations of fraud, many of their consumer protection claims fail because fraud is an essential element. *See* Memo. 18-20.

8

### 2.  California

In their Complaints, Indirect Purchasers allege various grounds for their claim under the California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, *et seq.*, including violations of federal antitrust law (IIP ¶324; CIP ¶214); fraudulent and deceptive acts and practices (CIP ¶214); misrepresentations and nondisclosures (*Id.*); and violations of the California Cartwright Act (IIP ¶328; CIP ¶214).  In their Opposition, Indirect Purchasers clarified that the only basis for their UCL claim is the violation of the Cartwright Act.  Opp. 20.  The other bases should therefore be dismissed and the claim collapses into, and stands or falls with, their state (Cartwright Act) antitrust claim.

### 3.  District of Columbia

For the same reasons as immediately above regarding California, IIPs' DCCPA claim collapses into, and stands or falls with, their D.C. antitrust claim.[4]

### 4.  Michigan

Defendants moved to dismiss the IIPs' MiCPA claim because they failed to allege reliance.  Memo. 18.  MiCPA has an exhaustive list of actionable misconduct.  *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F.Supp.2d 380, 412 (E.D. Pa. 2010).  The IIPs clarified that Defendants allegedly violated MiCPA by charging consumers "a price that is grossly in excess of the price at which similar property or services are sold."  Opp. 22 (quoting Mich. Comp Laws § 445.903(1)(z)).  But the IIPs (by definition) were not charged excessive prices by

---

[4] CIPs imply that they too brought a claim under the DCCPA, but the cited paragraph (¶ 189) refers to a claim under the D.C. Antitrust Act, § 28-4501, *et seq.*

Defendants; the direct purchasers set the prices for the indirect purchasers. *See In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F.Supp.2d 160, 189 n.44 (D. Me. 2004) ("[T]he applicability of [§ 445.903(1)(z)] is questionable given that it was the dealers, and not the defendant automobile companies, who charged the plaintiffs allegedly inflated prices for motor vehicles."). The IIPs have therefore failed to state a MiCPA claim.[5]

### 5.    New York

The CIPs' claim fails because they do not allege deceptive conduct directed at the indirect purchasers. New York courts have consistently dismissed indirect purchasers' claims for price fixing for such a defect. *See, e.g., Yong Ki Hong v. KBS Am., Inc.*, 951 F.Supp.2d 402, 421 (E.D.N.Y. 2013) ("Mere failure by the scheme's participants to disclose the nature of the [price-fixing] arrangement is not enough—direct evidence of misleading or deceitful activity is required."); *State ex rel. Spitzer v. Daicel Chem. Indus., Ltd.*, 840 N.Y.S.2d 8, 12 (App. Div. 2007) (concluding that indirect purchasers' consumer-protection claim for price fixing was too attenuated to support a claim). The CIPs' citation to unpublished, out-of-jurisdiction cases are unpersuasive in light of New York courts' guidance. The Court should dismiss CIPs' claim, ¶ 222.

### 6.    North Dakota

Indirect Purchasers allege that Defendants engaged in deceptive conduct as part of their claims under North Dakota law. IIP Claim 37; CIP ¶224. Because Indirect

---

[5] In the alternative, the Court should dismiss the claim to the extent that it alleges anything other than violations of Mich. Comp. Laws § 445.903(1)(z).

Purchasers failed to allege deception directed toward Indirect Purchasers, their claims fail. Memo. 19-20. Indirect Purchasers do not address this failure. Opp. 24. The Court should dismiss the claims.

### 7.      Rhode Island

The IIPs do not dispute that claims under Rhode Island's Deceptive Trade Practices Act require deception. *See* Opp. 25. They argue instead that the alleged price-fixing conspiracy satisfies the requirement. *Id.* The IIPs cite to *Long v. Dell, Inc.*, which dealt with Dell's affirmative misrepresentation to consumers that sales taxes were owed. 93 A.3d 988, 1004 (R.I. 2014). The Rhode Island Supreme Court concluded that a genuine issue of fact remained regarding whether that act was sufficiently deceptive. *Id.* The IIPs point to no similar affirmative misrepresentations here. The Court should dismiss the IIPs' claim. Memo. 19.

### 8.      Virginia

The IIPs argue that their claim is based on an alleged misrepresentation that the price of pork was set competitively. Opp. 25. The IIPs, however, do not allege that they heard or relied on these misrepresentations. "Virginia courts have consistently required reliance to establish VCPA claims." *See, e.g.*, *Curtis v. Propel Prop. Tax Funding, LLC*, 2018 WL 717006, at *3 (E.D. Va. Feb. 5, 2018). Without reliance on the vaguely alleged public statements, the claim fails, and the Court should dismiss it.

### 9.      Wisconsin

Defendants moved to dismiss the CIPs' claim because they failed to allege an affirmative misrepresentation to a third party. In their Opposition, the CIPs reference the

11

allegation, "Defendants affirmatively misrepresented to all purchasers during the Class Period that Defendants' pork at Issue [sic] prices were competitive and fair." CIP ¶230; Opp. 26. This allegation is insufficient. First it utterly fails to satisfy Rule 9(b). *See* Memo. 15-17. Second, the allegation isn't even plausible: how would the Defendants who (by definition) do not sell to the CIPs make any affirmative representations to them about pricing? The lack of particularity and plausibility is fatal to this claim. The Court should dismiss it.

### 612.   **CIPs Do Not Have Statutory Standing Under Missouri Or Rhode Island Law.**

CIPs withdrew these claims. The Court should therefore dismiss them if CIPs do not dismiss under Rule 41(a). (CIP ¶¶218, 225.)

### 612.   **Indirect Purchasers' Antitrust Claims Are Not Actionable Under Six States' Consumer Protection Statutes.**

Indirect Purchasers rely on a few out-of-jurisdiction, district court cases to contest Defendants' arguments that price fixing is not actionable under certain states' consumer protection statutes. But the persuasive weight of authority supports Defendants' argument.

**Arkansas:** "Liberal construction" of the ADTPA does not permit a claim based merely on an unfairly high price. *In re Graphics Processing Units Antitrust Litig.*, 527 F.Supp.2d 1011, 1030 (N.D. Cal. 2007) (citing *State ex rel. Bryant v. R & A Inv. Co.*, 985 S.W.2d 299, 302 (Ark. 1999)) ("pleading unconscionability requires something more than merely alleging that the price of a product was unfairly high").

**Utah:** The Utah CSPA is read to be analogous to the Federal Trade Commission Act, except for that Act's provisions covering price fixing, so price-fixing claims are not actionable. *See In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F.Supp.2d 1072, 1117 (N.D. Cal. 2007).

**Minnesota and Michigan:**   Both states' consumer protection laws primarily target consumer-directed or deceptive behavior and do not support standalone price-fixing claims. *See In re Lidoderm Antitrust Litig.*, 103 F.Supp.3d 1155, 1169-70 (N.D. Cal. 2015); *New Motor Vehicles*, 350 F.Supp.2d at 189.

**South Dakota:** Standalone antitrust claims are not permitted under consumer protection law. *See New Motor Vehicles*, 350 F.Supp.2d at 202.   Indirect Purchasers' proffered authority is not to the contrary. *See In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F.Supp.2d 198, 229 (S.D.N.Y. 2012) (South Dakota claim could proceed because the defendants made affirmative misrepresentations to the FDA and USPTO, not because antitrust claims are encompassed by the South Dakota consumer protection statutes).

**Illinois:**   In the most recent published authority, Illinois state and federal courts held that antitrust violations are not actionable under the Illinois Consumer Fraud Act. *E.g.*, *Butler v. Jimmy John's Franchise, LLC*, 331 F.Supp.3d 786, 798 (S.D. Ill. 2018) (dismissing antitrust claim brought under Illinois consumer protection statute); *Gaebler v. N.M. Potash Corp.*, 676 N.E. 2d 228, 230 (Ill. App. Ct. 1996) (same).   Further, the authority that Indirect Purchasers cite is of questionable persuasiveness. *See In re Polyurethane Foam Antitrust Litig.*, 799 F.Supp.2d 777, 788 (N.D. Ohio 2011) (rejecting *Siegel v. Shell Oil Co.*, 480 F.Supp.2d 1034 (N.D. Ill. 2007) because *Siegel* ignored the explicit holding in *Laughlin v. Evanston Hosp.*, 550 N.E.2d 986, 993 (Ill. 1990) that the Illinois Consumer Fraud Act was not an antitrust enforcement mechanism).

612.     **Indirect Purchasers Cannot Recover Monetary Damages Under The Laws of California And Minnesota.**

Indirect Purchasers concede that monetary damages are not available under the Minnesota Deceptive Trade Practices Act, Minnesota Statute § 325D.43-48, Opp. 30; therefore their claim should be dismissed to the extent that it seeks damages.

Indirect Purchasers offer no persuasive support for their claims for monetary damages under the California UCL.   Indirect Purchasers rely on *In re Ditropan XL Antitrust Litig.*, 529 F.Supp.2d 1098, 1103 (N.D. Cal. 2007), but that court ignored the holdings from the California Supreme Court's decision in *Korea Supply Co. v. Lockheed Martin Corp.*: "[R]estitution is limited to restoring money or property to direct victims of

an unfair practice," and an award is not restitutionary if it does not "replace any money or property that defendants took directly from plaintiff."  63 P.3d 937, 949 (Cal. 2003).

### F.    Indirect Purchasers Fail To Allege Intrastate Conspiratorial Activity Necessary Under Six States' Laws.

Indirect Purchasers' claims fail in six states because of insufficient intrastate conduct.  The proper inquiry is whether the allegations show that sufficient conduct prohibited by the states' consumer protection laws—not antitrust laws—occurred within the state.  If at most the purchase of a pork product occurred in those states, but not the alleged conspiratorial conduct, the claims fail.

**Florida**: *See Carnival Corp. v. Rolls-Royce PLC*, 2009 WL 3861450, at *6 (S.D. Fla. Nov. 17, 2009) ("Plaintiffs' claim . . . must be based entirely on actions that occurred within Florida."); *see also Millennium Commc'ns & Fulfillment, Inc. v. Office of Attorney General*, 761 So.2d 1256, 1262 (Fla. Dist. App. 2000) ("As we read FDUTPA, it seeks to prohibit unfair, deceptive and/or unconscionable practices which have *transpired within the territorial boundaries of this state*." (emphasis added)).

**Massachusetts**: Indirect Purchasers fail to allege facts sufficient to show that prohibited conduct under Massachusetts' consumer protection laws occurred "primarily and substantially within the commonwealth."  Mass. Gen. Laws Ch. 93A, §11.  Indirect Purchasers have failed to allege sufficient facts to establish that the "center of gravity" of the claim lies in Massachusetts, and these claims should therefore be dismissed.  *E.g.*, *Evergreen Partnering Grp., Inc. v. Pactiv Corp.*, 2014 WL 304070, at *4-5 (D. Mass. Jan. 28, 2014).

**New Hampshire**: "[M]erely selling a good in New Hampshire is not enough." *In re Cast Iron Soil Pipe & Fittings Antitrust Litig.*, 2015 WL 5166014, at *33 (E.D. Tenn. June 24, 2015); *see also* N.H. Rev. Stat. Ann. §358-A:2 (requiring that the prohibited conduct occur "within the state").

**New York**: Section 349 requires that the alleged misconduct occurred in New York.  *In re Packaged Ice Antitrust Litig.*, 779 F.Supp.2d 642, 666-67 (E.D. Mich. 2011) ("IP Plaintiffs must establish that the false or deceptive act occurred in New York and was directed at New York consumers.").

**North Carolina**: Only paying higher prices is not enough. *In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 1431756, at *19 (E.D. Mich. Apr. 9, 2013). ("[Plaintiffs] claim that the alleged conspiracy caused manufacturers to pay inflated prices for compressors [in North Carolina] . . . [But] [t]he Court concludes that it is an incidental in-state injury."). The contrary authority Indirect Purchasers cite is unpersuasive. *In re Flonase Antitrust Litigation* involved defendants that not only "sold large amounts of Flonase within the state" but also "maintain[ed] two large development and production facilities in North Carolina." 692 F.Supp.2d 524, 540-41 (E.D. Pa. 2010). Nothing similar is alleged here.

**Wisconsin**: Indirect Purchasers incorrectly cite to the standard for intrastate commerce under the Wisconsin Antitrust Act, Wis. Stat. §133.03, but cite no authority addressing the intrastate conduct requirement under the Wisconsin Consumer Protection Act, Wis. Stat. §100.18. *See* Opp. 36-37 & n.76-77. The express terms of the Wisconsin Consumer Protection Act require that Indirect Purchasers allege that the proscribed conduct—not merely its effects—occurred in the state. Wis. Stat. §100.18 ("No person … with intent to sell … to the public … shall make … *in this state* … any assertion, representation or statement of fact which is untrue." (emphasis added).)

### G.   The Indirect Purchasers Failed To Give The Notice Required Under The Consumer Protection Statutes Of West Virginia and Hawaii.

The CIPs present no evidence that they gave Defendants pre-suit notice of their West Virginia consumer protection claim. That claim therefore fails. Memo. 24-25.

Similarly, the Hawaii claim fails because the IIPs fail to provide evidence that they served on the Hawaii attorney general "all relevant supporting and exculpatory materials in possession of the proposed class representative or its counsel." Haw. Rev. Stat. § 480-13.3(a). The claims should be dismissed. *See Lipitor*, 2018 WL 4006752 at *14; *see also* Memo. at 25.

### H.   Statutory Class-Action Bars Preclude Indirect Purchasers' Claims In Arkansas, South Carolina, And Utah.

For the same reasons discussed in Section III.B.1, the class-action bars in the Arkansas, South Carolina, and Utah consumer protection statutes should be enforced.

## V.    THE INDIRECT PURCHASERS' UNJUST ENRICHMENT CLAIMS FAIL AS A MATTER OF LAW.

### A.    All Of The Unjust Enrichment Claims Should Be Dismissed For Failure To Plead The Specific Elements Required In The Respective States.

Indirect Purchasers see no fault in their failure to plead the state-specific elements of unjust enrichment with supporting factual allegations.    Opp. 37-38.    Indirect Purchasers rely on general case law regarding Rule 8.   But Indirect Purchasers never confront directly Defendants' argument that "material conflicts [exist] among many of the unjust enrichment laws of the various states," *Cruz v. Lawson Software, Inc.*, 2010 WL 890038, at *6 (D. Minn. Jan. 5, 2010), such that unjust enrichment claims may be dismissed where they rely on "bald assertion[s] that the alleged antitrust conduct violates dozens of nonantitrust laws, or the implication that there are no consequential differences between those laws." *In re Opana ER Antitrust Litig.*, 162 F.Supp.3d 704, 725 (N.D. Ill. 2016).

Indirect Purchasers' reliance on *Gregory v. Dillard's, Inc.*, 565 F.3d 464 (8th Cir. 2009), undermines their position.   In *Gregory*, the Eighth Circuit affirmed dismissal of a complaint for failing to plead the specific elements of the claim, noting that a district court "is not 'required to divine the litigant's intent and create claims that are not clearly raised,' … and it need not 'conjure up unpled allegations' to save a complaint."   *Id.* at 473.   So too here.

Finally, Indirect Purchasers assert that their unjust enrichment claims survive "as long as the facts support *any* theory of recovery." Opp. 38.   Defendants are not aware of

any case law supporting such a position, and courts can and do dismiss inadequately alleged unjust enrichment claims even where the facts alleged support recovery under other theories. *See, e.g.*, *Opana*, 162 F.Supp.3d at 725; *In re Aftermarket Filters Antitrust Litig.*, 2009 WL 3754041, at *11 (N.D. Ill. Nov. 5, 2009) (dismissing unjust enrichment claims because the complaint failed to plead the factual basis in each state).

**B.    Unjust Enrichment Is Not A Standalone Claim In Four States.**

Unjust enrichment is a remedy and not a separate cause of action under the laws of California, Mississippi, New Hampshire, and Illinois. *See* Memo. 29.  To recover unjust enrichment in those states, Indirect Purchasers must first succeed on some theory of liability.[6]  *Id.*  Because their other claims fail, these claims should be dismissed.

**C.    Indirect Purchasers Fail To Allege That Any Possible Benefit They Conferred On Defendants Was "Direct" And Not Merely "Incidental."**

Indirect Purchasers must allege that they conferred a "direct benefit" on Defendants to support an unjust enrichment claim for Arizona, Florida, Kansas, Maine, Massachusetts, Michigan, North Carolina, North Dakota, Utah and West Virginia. Memo. 29-31.  Indirect Purchasers claim that they conferred the required "direct benefit," Opp. 41 (citing *Processed Egg*, 851 F.Supp.2d at 928-36), but provide no explanation as to (1) what benefit they conferred upon Defendants; or (2) why that alleged benefit was not merely "incidental."  Nor have they adequately distinguished themselves from other indirect purchasers in antitrust cases who failed the direct benefit test. *See, e.g.*, *Spires v. Hosp. Corp. of Am.*, 289 Fed. App'x 269, 273 (10th Cir. 2008); *In re Refrigerant*

---

[6] Indirect Purchasers concede this is the law for Illinois.  *See* Opp. 40.

*Compressors*, 2013 WL 1431756, at *26; *In re Aftermarket Filters*, 2010 WL 1416259 at

* 2-3 (N.D. Ill Apr. 1, 2010); *Sperry v. Crompton Corp.*, 810 N.Y.S.2d 498, 499-500

(N.Y. App. Div. 2006).

> **D.     The Unjust Enrichment Claims In Illinois And South Carolina Fail Because The Indirect Purchasers Do Not Allege A Duty Owed By Defendants.**

Indirect Purchasers critique Defendants' reliance on *Martis v. Grinnell Mutual*

*Reinsurance Co.*, 905 N.E. 2d 920, 928 (Ill. App. Ct. 2009), pointing out that there has

been some debate among the courts as to whether a duty is required to support an unjust

enrichment claim in Illinois.  *Contra*, *Nat'l Union Fire Ins. Co. of Pittsburgh v. DiMucci*,

34 N.E.3d 1023, 1042-43 (Ill. App. Ct. 2015).  But Indirect Purchasers ignore the more

recent opinion by the Appellate Court of Illinois, which expressly states that  "[f]or a

cause of action based on a theory of unjust enrichment to exist, there must be an

independent basis that establishes a duty on the part of the defendant to act and the

defendant must have failed to abide by that duty."  *Phila. Indem. Ins. Co. v. Pace*

*Suburban Bus. Serv.*, 2016 WL 6804622, at *11 (Ill. App. Ct. Nov. 17, 2016) (*citing*

*Martis*, 905 N.E.2d at 928).

Indirect Purchasers rely on *Ellis v. Smith Grading & Paving, Inc.*, 366 S.E.2d 12

(S.C. Ct. App. 1998), to refute Defendants' argument that South Carolina law requires a

duty to support an unjust enrichment claim.   But *Ellis* does not support Indirect

Purchasers' position; in fact, the court in *Ellis* dismissed the unjust enrichment claim

because the plaintiff did not allege that the defendant breached a duty to plaintiff.  *Id.* at

475 ("Ellis has neither alleged nor proven breach by Smith *of a duty giving rise to a*

*quasi-contractual right to restitution*" (emphasis added)). Indirect Purchasers cite to two out-of-jurisdiction cases, Opp. 42 n.90, but those case are not controlling given the guidance from South Carolina courts. *See Ellis*, 366 S.E.2d at 475.

### E.   The Unjust Enrichment Claims Of Nine States Should Be Dismissed Because Indirect Purchasers Have Adequate Legal Remedies.

Indirect Purchasers' unjust enrichment claims fail under the law of Arizona, Massachusetts, Nebraska, Nevada, New Hampshire, North Dakota, South Dakota, Tennessee or Utah because they have not exhausted all other remedies. Indirect Purchasers do not dispute the state law. Instead, they argue the claims can proceed in the alternative under the federal rules. While this Court has found that unjust enrichment claims may proceed in the alternative, *see In re Levaquin Products Liability Litigation*, 752 F.Supp.2d 1071 (D. Minn. 2010), this Court more recently dismissed unjust enrichment claims where a plaintiff has an adequate remedy at law, even if the legal remedy is not viable. *See Dooner v. Yuen*, 2016 WL 6080814 (D. Minn. Oct. 17, 2016) ("Since Yuen's breach-of-contract claim—although non-viable—provided her an adequate remedy at law, her unjust enrichment claim fails."); *United States v. Bame*, 721 F.3d 1025, 1031 (8th Cir. 2013) (finding that the availability of a statutory remedy "displace[d] unjust enrichment claims," even if recovery under the applicable statute was time-barred). Thus, Indirect Purchasers' unjust enrichment claims should fall with their available—albeit non-viable—legal claims.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Indirect Purchasers' state law claims.

Date: December 21, 2018

Respectfully submitted,

/s/ Mark L. Johnson
Mark L. Johnson (#0345520)
Bethany Krueger (#0306368)
Virginia R. McCalmont (#0399496)
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
(612) 373-0830
mjohnson@greeneespel.com
bkrueger@greeneespel.com
vmccalmont@greeneespel.com

Daniel Laytin, P.C. (*pro hac vice*)
Christa Cottrell, P.C. (*pro hac vice*)
Christina Briesacher (*pro hac vice)*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 861-2000
daniel.laytin@kirkland.com
christa.cottrell@kirkland.com
christina.briesacher@kirkland.com

*Counsel for Clemens Food Group, LLC
and The Clemens Family Corporation*

/s/ Richard A. Duncan
Richard A. Duncan (#0192983)
Aaron D. Van Oort (#0315539)
Craig S. Coleman (#0325491)
Emily E. Chow (#0388239)
Isaac B. Hall (#0395398)
Bryan K. Washburn (#0397733)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000
richard.duncan@faegrebd.com
aaron.vanoort@faegrebd.com
craig.coleman@faegrebd.com
emily.chow@faegrebd.com
isaac.hall@faegrebd.com
bryan.washburn@faegrebd.com

*Counsel for Hormel Foods Corporation
and Hormel Foods, LLC*

/s/ Jaime Stilson
Jaime Stilson (#0392913)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
(612) 492-6746
stilson.jaime@dorsey.com

Britt M. Miller (*pro hac vice*)
Robert E. Entwisle (*pro hac vice*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
(312) 782-0600
bmiller@mayerbrown.com
rentwisle@mayerbrown.com

William H. Stallings (*pro hac vice*)
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
(202) 263-3000
wstallings@mayerbrown.com

*Counsel for Indiana Packers Corporation
and Mitsubishi Corporation (Americas)*

/s/ Donald G. Heeman
Donald G. Heeman (#0286023)
Jessica J. Nelson (#0347358)
Randi J. Winter (#0391354)
Daniel R. Haller (#0396497)
FELHABER LARSON
220 South Sixth Street, Suite 2200
Minneapolis, MN 55402-4504
(612) 339-6321
dheeman@felhaber.com
jnelson@felhaber.com
rwinter@felhaber.com
dhaller@felhaber.com

Stephen R. Neuwirth (*pro hac vice*)
Michael B. Carlinsky (*pro hac vice*)
Sami H. Rashid (*pro hac vice*)
Richard T. Vagas (*pro hac vice*)
Robert P. Vance, Jr. (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
stephenneuwirth@quinnemanuel.com
michaelcarlinsky@quinnemanuel.com
samirashid@quinnemanuel.com
richardvagas@quinnemanuel.com
bobbyvance@quinnemanuel.com

*Counsel for JBS USA Food Company and
JBS USA Food Company Holdings*

*/s/ William L. Greene*
William L. Greene (#0198730)
Peter J. Schwingler (#0388909)
Jon M. Woodruff (#0399453)
STINSON LEONARD STREET LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
john.woodruff@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LEONARD STREET LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

*Counsel for Seaboard Foods, LLC and
Seaboard Corporation*

*/s/ John A. Cotter*
John A. Cotter (#0134296)
John A. Kvinge (#0392303)
LARKIN HOFFMAN DALY &
LINDGREN LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55427-1060
(952) 835-3800
jcotter@larkinhoffman.com
jkvinge@larkinhoffman.com

Richard Parker (*pro hac vice*)
Josh Lipton (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
rparker@gibsondunn.com
jlipton@gibsondunn.com

Brian Robison (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201-6912
(214) 698-3370
brobison@gibsondunn.com

*Counsel for Smithfield Foods, Inc.*

<u>/s/ Aaron Chapin</u>
Aaron Chapin (#06292540)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
aaron.chapin@huschblackwell.com

Gene Summerlin (*pro hac vice*)
Marnie Jensen (*pro hac vice*)
Ryann Glenn (*pro hac vice*)
Kamron Hasan (*pro hac vice*)
Quinn Eaton (*pro hac vice*)
Sierra Faler (*pro hac vice*)
HUSCH BLACKWELL LLP
13330 California St., Suite 200
Omaha, NE 68154
(402) 964-5000
gene.summerlin@huschblackwell.com
marnie.jensen@huschblackwell.com
ryann.glenn@huschblackwell.com
kamron.hasan@huschblackwell.com
quinn.eaton@huschblackwell.com
sierra.faler@huschblackwell.com

*Counsel for Triumph Foods, LLC*

<u>/s/ David P. Graham</u>
David P. Graham (#0185462)
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 486-1521
dgraham@dykema.com

Rachel J. Adcox (*pro hac vice*)
Tiffany Rider Rohrbaugh (*pro hac vice*)
AXINN, VELTROP &
HARKRIDER LLP
950 F Street, N.W.
Washington, D.C. 20004
(202) 912-4700
radcox@axinn.com
trider@axinn.com

*Counsel for Tyson Foods, Inc., Tyson
Prepared Foods, Inc. and Tyson Fresh
Meats, Inc.*

23

/s/ *Peter H. Walsh*
Peter H. Walsh (#0388672)
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
T. (612) 402-3000
F. (612) 402-3001
peter.walsh@hoganlovells.com

William L. Monts (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
Jennifer A. Fleury (*pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com
jennifer.fleury@hoganlovells.com

*Counsel for Agri Stats, Inc.*