UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **In re Pork Antitrust Litigation**<br><br>This Document Relates To All Actions | Case No. 18-cv-01776-JRT-HB<br><br>**DEFENDANTS HORMEL FOODS CORPORATION AND HORMEL FOODS, LLC'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED AND CONSOLIDATED CLASS ACTION COMPLAINTS** |

Documents referenced and quoted in Plaintiffs' Complaints establish that Hormel purchases the vast majority of its hogs from independent producers, so increased hog prices decrease Hormel's profitability. Rather than responding to the substance of Hormel's motion, Plaintiffs mostly resort to paraphrasing their initial allegations. This lack of a substantive response exposes the absence of any plausible basis to accuse Hormel of participating in a conspiracy against its own interests. Hormel makes four additional points.

First, it is a bad look for Plaintiffs to selectively quote statements from Hormel's earnings calls out of context in their Complaints, and then argue that the Court should decline judicial notice of the full transcripts of those calls. Plaintiffs' cited case law rejects that tactic. In *Graham v. Catamaran Health Solutions. LLC*, 2017 WL 3613328, at *2 n.1 (8th Cir. Aug. 23, 2017), for example, the court quoted its decisions holding that courts may take notice of "materials embraced by the pleadings." Plaintiffs cite no cases suggesting that it is acceptable to abuse Rule 12 by asking the Court to infer

1

conspiratorial intent from Hormel's public statements when the full statements do not support those allegations. Plaintiffs' brief continues this pattern by, *inter alia*, again quoting Hormel's CFO explaining that the Company might reduce processing volumes (Pls.' Brief 19.), while ignoring the full discussion that Hormel considered doing so because its processing business was *losing money due to high hog prices* (Hormel Ex. 2 at 2-12 – 2-13.).

Second, Plaintiffs make no attempt to reconcile why Hormel executives would use earnings calls to "signal" the market to limit hog production while simultaneously explaining that high hog prices undermine Hormel's profits. Plaintiffs cannot offer any explanation of that contradiction because none exists.

Third, claiming to have pleaded that "supply reductions in 2008 and 2009 led to increased profitability in 2010 (*see* DPP ¶ 122; CIP ¶ 119)," (Pls.' Brief 21.), Plaintiffs again expose their sleights of hand. In the actual earnings call, Hormel discussed its belief that independent hog producers – not Hormel – were unlikely to expand hog production because high grain costs continued to undermine their profitability in 2010. (Hormel Ex. 4 at 4-16.) Plaintiffs' description of Hormel's earnings calls can be accepted as true only if the transcripts are not read.

Fourth, Plaintiffs reduce their lawsuit to incoherence by asserting that "Hormel was able to dictate pork prices through its vertical integration." (Pls.' Brief 21.) Here, Plaintiffs' brief references Hormel's integration downstream into value-added pork products through acquisition of "divisions or subsidiaries that sell packaged pork under various brand names" (*see id.*), but the Complaints never allege that Hormel possesses

monopsony power giving it the ability to dictate prices to hog producers. (Instead, the Complaints' Figure 2 alleges that Hormel's share is merely 8% of the "pork processing market.") And even if Hormel's packaged-pork businesses gave it the power to dictate prices to hog producers, Plaintiffs never explain why Hormel would use such buying power to *increase the cost* of its raw materials. Hormel should be dismissed from the litigation because Plaintiffs cannot articulate any rationale for it to have participated in the conspiracy the Complaints allege.

Date:  December 21, 2018

**FAEGRE BAKER DANIELS LLP**

*/s/ Richard A. Duncan*
Richard A. Duncan (#0192983)
Aaron D. Van Oort (#0315539)
Craig S. Coleman (#0325491)
Emily E. Chow (#0388239)
Isaac B. Hall (#0395398)
Bryan K. Washburn (#0397733)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
richard.duncan@faegrebd.com
aaron.vanoort@faegrebd.com
craig.coleman@faegrebd.com
emily.chow@faegrebd.com
isaac.hall@faegrebd.com
bryan.washburn@faegrebd.com

*Counsel for Defendants Hormel Foods Corporation and Hormel Foods, LLC*