UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To: All Actions | No. 0:18-cv-01776-JRT-HB<br><br>**SMITHFIELD FOODS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** |

Smithfield's Memorandum in support of its Motion to Dismiss (Dkt. No. 182) challenged Plaintiffs to identify any conduct that (a) Smithfield allegedly took in parallel with the other Defendants, (b) went above and beyond routine commercial behavior, (c) was inconsistent with Smithfield's unilateral interests, or (d) is not explainable in the absence of an agreement.  Smithfield Br. 1-2.  Plaintiffs have utterly failed to identify any such factual allegations.  This requires dismissal under *Twombly*. *Id.* at 2.

Plaintiffs' Opposition actually exposes the emptiness of the conspiracy claim against Smithfield (as well as the other Defendants).  Plaintiffs acknowledge that there is no direct evidence of any conspiracy, and therefore they must rely on pleading facts constituting circumstantial evidence of conspiracy.  But absent parallel conduct and factual allegations suggesting something other than independent action, Plaintiffs fail the plausibility standard in *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) ("when allegations of parallel conduct are set out in order to make a § 1 claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action").  Tellingly,

Plaintiffs cite no case permitting a Section 1 claim to survive dismissal in the absence of such allegations.

Plaintiffs criticize Smithfield for "providing an alternative explanation" for the conduct alleged in the Complaint. Opp. 32. But in doing so, Plaintiffs attempt to turn the legal standard on its head. As the Supreme Court held in *Twombly*, there can be no inference of conspiracy where there is "an obvious alternative explanation" for the conduct alleged. 550 U.S. at 567; *see also, e.g., McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (in considering a motion to dismiss, "[c]ourts should consider whether there are lawful, 'obvious alternative explanation[s]' for the alleged conduct") (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678, 682 (2009)).

Here, there are obvious alternative (*i.e.*, non-conspiratorial) explanations for the conduct allegedly undertaken by Smithfield. For example, Smithfield's purchase of benchmarking data from Agri Stats has an obvious explanation: Smithfield was engaged in benchmarking, an efficiency-enhancing exercise undertaken commonly by companies everywhere. Likewise, Plaintiffs' allegations about Smithfield's production cuts point toward non-conspiratorial explanations, as Plaintiffs allege that Smithfield began production cuts in February 2008 in response to conditions of oversupply and dropping prices, well before the conspiracy is alleged to have begun. Smithfield Br. 3.

Similarly, Plaintiffs attempt to portray as conspiratorial the alleged statement by a Smithfield executive that he had spoken to other hog producers who stated that they were "cutting back" hog production. Opp. 32. But Smithfield purchases over ten million hogs per year from other (non-Defendant) producers, and there is nothing suspicious about

Smithfield discussing supply and production levels with its hog suppliers. Smithfield Br. 3-4. Moreover, Plaintiffs do not even attempt to show that these alleged conversations were with any of the Defendants here, or that they were anything other than ordinary conversations with suppliers to Smithfield. *Id.* Plaintiffs' silence in response is telling.

It is particularly important that Plaintiffs can point to *no parallel conduct whatsoever* among the Defendants, a threshold requirement for establishing an inference of conspiracy. Nor do Plaintiffs identify any action by Defendants in response to any alleged public comments by Smithfield. Nothing but Plaintiffs' speculation connects the alleged comments by Smithfield to any supposed conspiracy, and that is not enough.

The cases cited by Plaintiffs are easily distinguishable and, if anything, support dismissal here. For example, in *In re Delta/AirTran Baggage Fee Antitrust Litigation*, the plaintiffs alleged that AirTran offered an "invitation to collude," which "sparked a roughly six-month dialogue between the parties concerning each Defendant's own plans to reduce capacity, increase prices, and set expectations as to what the other needed to do to increase prices." 733 F. Supp. 2d 1348, 1361 (N.D. Ga. 2010). Furthermore, the plaintiffs alleged that "[f]ollowing these communications, Defendants made changes to their business practices, including reducing capacity and imposing a first-bag fee." *Id.* Similarly, in *In re Domestic Airline Travel Antitrust Litigation*, the plaintiffs offered allegations linking statements by executives with "parallel conduct on the part of Defendants," including parallel capacity decisions and an increase in airfares that "are not otherwise explained by other factors absent collusion." 221 F. Supp. 3d 46, 66 (D.D.C. 2016).

3

Plaintiffs here offer no allegations remotely close to those held sufficient in those other cases. There are no allegations of parallel conduct and no allegations that connect any alleged public statements by Smithfield to any act by any other Defendant in furtherance of any supposed conspiracy. Nor could there be, because supply actually increased to record levels during the purported class period. Indeed, Plaintiffs themselves quote Smithfield executives during analyst calls explaining that other producers were *not* cutting production. Smithfield Br. 4.

There are simply no factual allegations that could plausibly suggest that Smithfield (or any other Defendant) was part of any conspiracy.

## CONCLUSION

For the reasons stated herein and in Defendants' Joint Brief, Smithfield respectfully requests that all claims against it be dismissed.

Date: December 21, 2018

*/s/ John A. Cotter*

John A. Cotter (134296)
John A. Kvinge (0392303)
LARKIN HOFFMAN DALY & LINDGREN LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55427-1060
(952) 896-3340
jcotter@larkinhoffman.com

Richard Parker (*pro hac vice*)
Josh Lipton (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
rparker@gibsondunn.com
jlipton@gibsondunn.com

Brian Robison (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201-6912
(214) 698-3370
brobison@gibsondunn.com

*Counsel for Smithfield Foods, Inc.*