UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Civil No. 18-1776 (JRT/HB)<br><br>**REPLY MEMORANDUM OF LAW IN SUPPORT OF JBS USA FOOD COMPANY AND JBS USA FOOD COMPANY HOLDINGS' MOTION TO DISMISS THE COMPLAINTS** |

## INTRODUCTION

The JBS Defendants' motion to dismiss showed that the Complaints include not a *single* allegation about *any* conduct (conspiratorial or otherwise) by JBS USA Food Company Holdings ("JBS Holdings"). The motion also demonstrated that alleged participation by JBS USA Food Company ("JBS USA") in a purported conspiracy from 2009-present to limit hog supply was implausible, because JBS USA had virtually no hog production for most of the alleged conspiracy period. JBS Mem. (Dkt. 176). Indeed, while the Complaints state that JBS USA purportedly "communicated the start of [its] participation in hog liquidation efforts" in August 2009, Compl. ¶ 116, in fact, during the same earnings call quoted by Plaintiffs, JBS expressly stated that "*in the U.S. . . . we don't have hog production.*" JBS Mem. 1-2.

Plaintiffs' opposition papers make no genuine effort to address these points, confirming that dismissal is required.

## ARGUMENT

**A.     Plaintiffs Concede the Absence of Sufficient Allegations about JBS Holdings.**

"[W]here a plaintiff . . . generally alleges that the parent company participated in the conspiracy, *without specific examples*, plaintiffs fail to state a claim against the parent for the subsidiary's actions."  *Reg'l Multiple Listing Serv. of Minn., Inc. v. Am. Home Realty Network, Inc.*, 9 F. Supp. 3d 1033, 1045 (D. Minn. 2014) (Tunheim, J.) (emphasis added).  In opposition, Plaintiffs do not (and cannot) legitimately dispute that the Complaints contain *no* allegations about *anything* JBS Holdings did other than own JBS USA.  JBS Mem. at 1-2.

Incredibly, Plaintiffs try to sidestep this fundamental pleading flaw by not only lumping JBS Holdings with its pork-producing subsidiary, JBS USA, but also *with every other Defendant*:  according to Plaintiffs, dismissal is inappropriate simply because "the two JBS entities are expressly included in the definition of 'Defendants.'"  Omnibus Opp. (Dkt. 230) 27 (citing Compl. ¶ 2).  This lumping tactic is the exact opposite of the "specific examples" of conspiratorial conduct required to avoid dismissal.  *See Reg'l Multiple Listing*, 9 F. Supp. 3d at 1044-45 ("there must be allegations that the parent company actually engaged in anti-competitive conduct").

Plaintiffs also argue that they are entitled to "explore [corporate ownership] issues via discovery."  Omnibus Opp. 28-29.  This ignores the well-established principle that conclusory allegations of conspiracy cannot be used as the springboard for a burdensome discovery fishing expedition.  *See, e.g.*, *Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 797 F.3d 538, 543 (8th Cir. 2015).

2

**B.     Plaintiffs Effectively Concede JBS USA's Participation in the Alleged Conspiracy is Implausible.**

JBS USA explained (JBS Mem. 2-3) that Plaintiffs' alleged "scheme to limit hog supply" (Compl. ¶ 120), and thereby increase pork prices, depends on Defendants being vertically integrated—meaning that Defendants raised hogs and thus could limit the supply of hogs in order to increase pork prices.  JBS USA also explained, drawing on materials embraced by the Complaints, that it had virtually no hog production until late 2015—approximately six years *after* the conspiracy allegedly commenced.  JBS Mem. 2-3.  These materials include the statement made by JBS during an earnings call that "*in the U.S. . . . we don't have hog production.*"[1]

In opposition, Plaintiffs do not contest these facts, and their silence is particularly notable given that they *do* contest whether Tyson is vertically integrated.  Omnibus Opp. 36.  Plaintiffs nonetheless continue to make the conclusory assertion that "JBS adhered to Defendants' agreed upon scheme to limit hog supply."  Omnibus Opp. 28.  This, however, is just a "naked assertion" of conspiracy, without any supporting factual allegations, that falls well short of what is required to survive a motion to dismiss.  *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1057 (8th Cir. 2018).

---

[1]  *See* Earnings Conference Call Transcript, http://jbss.infoinvest.com.br/enu/1899/2Q09EarningsConferenceCallTranscription.pdf (emphasis added) (cited at Compl. ¶ 116).  In fact, the Complaints do not even allege that JBS USA was vertically integrated.  *See* Duryea Compl. ¶ 111 (omitting JBS USA from table of vertically-integrated Defendants).

C.  **Plaintiffs Make No Effort to Show How the Sparse Allegations against JBS USA Connect It to Any Conspiracy.**

Plaintiffs also ignore JBS USA's remaining arguments (JBS Mem. 3-5), failing altogether to explain how the sparse allegations about JBS USA could plausibly connect it to the alleged conspiracy.

*First*, Plaintiffs reference statements made during two JBS earnings calls in 2010 and 2013 as evidence of JBS USA's supposed "adherence" to the conspiracy. Omnibus Opp. 28.[2] But, as JBS USA pointed out in its motion to dismiss, the quoted language from these calls makes no reference to *any* actions taken by JBS USA (or any other JBS entity) to limit hog supply—which is not surprising, given that (as Plaintiffs do not contest) JBS USA had virtually no hog production. Moreover, the quoted language from these earnings calls addresses not just pork, but also general trends across JBS's various chicken, pork, and beef business lines. JBS. Mem. 4-5. Plaintiffs' conclusory assertion that "the Complaints detail a conspiracy rooted in supply restrictions" (Omnibus Opp. 28) neither responds to these points nor withstands scrutiny.[3]

*Second*, Plaintiffs' opposition notes that JBS USA purchased Cargill's pork assets in 2015, but only makes the unsurprising observation that this acquisition made JBS USA

---

[2]  Notably, Plaintiffs altogether ignore the 2009 earning call quoted in the Complaint (Compl. ¶ 116) where JBS stated that "*in the U.S. . . . we don't have hog production.*"

[3]  Plaintiffs also fail to respond to JBS USA's showing that the supposed May 15, 2013 earnings call transcript was misdated, and the transcript is, in fact, a record of a May 15, 2014 earnings call for the first quarter of 2014. This is notable because the Complaints recognize that supply reductions in 2014 were not the result of any purported conspiracy, but of the porcine epidemic diarrhea virus (PEDv). JBS Mem. 5 (citing Compl. ¶ 107).

bigger.  Omnibus Opp. 28.  Plaintiffs ignore, however, JBS's showing that the Complaints do not even allege that the acquisition was part, or the result, of the alleged conspiracy.  JBS Mem. 5.

*Third*, Plaintiffs contend that JBS USA exploited its participation in trade associations and industry groups in furtherance of the conspiracy.  Omnibus Opp. 27-28.  JBS USA demonstrated, however, that the mere opportunity to conspire is not enough.  JBS Mem. 5.  And Plaintiffs make no effort to connect any conspiratorial conduct by JBS USA to any trade association or industry group meetings.  Rather, Plaintiffs just conclusorily assert that such meetings were "used to facilitate . . . conspiratorial conduct."  Compl. ¶ 86 (cited at Omnibus Opp. 28).  Such generic allegations are insufficient.  *See, e.g.*, *Shimota v. Wegner*, 2016 WL 1254240, at *10 (D. Minn. Mar. 29, 2016) (Tunheim, J.).

## CONCLUSION

JBS USA and JBS Holdings respectfully submit the claims against them should be dismissed with prejudice.

Dated:  December 21, 2018          */s/ Donald G. Heeman*
                                               Donald G. Heeman (#286023)
                                               Jessica J. Nelson (#347358)
                                               Randi J. Winter (#391354)
                                               Daniel R. Haller (#396497)
                                               FELHABER LARSON
                                               220 South Sixth Street, Suite 2200
                                               Minneapolis, MN 55402-4504
                                               (612) 339-6321
                                               dheeman@felhaber.com
                                               jnelson@felhaber.com
                                               rwinter@felhaber.com
                                               dhaller@felhaber.com

                                               Stephen R. Neuwirth (*pro hac vice*)
                                               Michael B. Carlinsky (*pro hac vice*)
                                               Sami H. Rashid (*pro hac vice*)
                                               Richard T. Vagas (*pro hac vice*)
                                               Robert P. Vance, Jr. (*pro hac vice*)
                                               QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                               51 Madison Avenue, 22nd Floor
                                               New York, NY 10010
                                               (212) 849-7000
                                               stephenneuwirth@quinnemanuel.com
                                               michaelcarlinsky@quinnemanuel.com
                                               samirashid@quinnemanuel.com
                                               richardvagas@quinnemanuel.com
                                               bobbyvance@quinnemanuel.com

                                               *Counsel for JBS USA Food Company and JBS USA Food Company Holdings*