UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION*<br><br>This Document Relates To:  All Actions | No. 0:18-cv-01776-JRT-HB<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY TYSON FOODS, INC., TYSON FRESH MEATS, INC., AND TYSON PREPARED FOODS, INC.** |

## INTRODUCTION

Plaintiffs decline to respond to Tyson's arguments for dismissal; instead, Plaintiffs falsely assert that "Tyson's motion does not challenge the sufficiency and adequacy" of the allegations against Tyson. (Omnibus Opp. (Dkt. 230) at 36.) In fact, Tyson argued that not only are Plaintiffs' allegations insufficient, but that those allegations establish that Tyson's participation in the alleged conspiracy is implausible and contrary to its economic interests. For the reasons described herein and in the Tyson Brief (Dkt. 187), all claims against Tyson should be dismissed.

    A.    **Plaintiffs Fail to Rebut the Argument that Their Theory is Implausible as to Tyson**

Plaintiffs apparently acknowledge they cannot rebut the argument that a company that must *purchase* the hogs used in its operations would have no incentive to participate in a conspiracy designed to raise its own input costs, declining to defend or even address the logic of such argument. Plaintiffs instead summarily assert—without any basis whatsoever—that Tyson's argument for dismissal "does not make sense," because 1) Tyson *is* vertically integrated and 2) vertical integration is not required for participation in a price-fixing conspiracy. (Omnibus Opp.

(Dkt. 230) at 36.) Plaintiffs miss the point entirely and offer no basis of support for either assertion.

Following the new assertion that Tyson *is* vertically integrated, Plaintiffs cite to portions of their complaints that simply state "*Defendants* . . . have the ability to restrict and reduce supply through a number of means including capacity reductions, controlling slaughter rates, and exports." (*E.g.,* DPP CAC ¶74) (emphasis added).[1] These citations and the rest of Plaintiffs' allegations plainly fail to allege that Tyson is vertically integrated by growing its own supply of hogs for slaughter. Moreover, even assuming Plaintiffs could successfully allege that Tyson can restrict the supply of live hogs, they have not and cannot offer any rebuttal to the argument that Tyson has no economic incentive to do so. *See Sherr v. HealthEast Care Sys.*, 262 F. Supp. 3d 869, 883-84 (D. Minn. 2017) (dismissing antitrust claim because plaintiff failed to allege any economic motive for defendant to conspire).

More importantly, whether Tyson is vertically integrated is not a factual dispute. The IIPs have already unequivocally stated that Tyson is *not* vertically integrated in hog production via the table reproduced in the Tyson Brief, and the DPPs and CIPs do not dispute this characterization. (IIP CAC ¶ 111.) Further, the DPPs and CIPs do not allege that Tyson is vertically integrated. Plaintiffs have elected to ignore the IIP table in their Opposition, but they cannot directly contradict their own allegation now that they have come to recognize the death blow it inflicts to their case against Tyson. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178

---

[1] Revealing their weakness, Plaintiffs also cite to an even less relevant portion of IIP Complaint, which simply states that Tyson entities slaughter and sell pork products into interstate commerce—allegations that have no bearing on whether they *grow* hogs for slaughter. Omnibus Opp. at 26 (citing IIP CAC ¶¶ 60-62).

(4th Cir. 2013) (a plaintiff is "not entitled to amend its complaint through statements made in motion papers").[2]

Plaintiffs' second assertion that vertical integration is not required for participation in the alleged conspiracy fares no better. First, Plaintiffs acknowledge that vertical integration is crucial to the conspiracy alleged, because "[v]ertical integration allows the integrator Defendants to directly control the production and supply of pork through their wholly owned and operated farms where the hogs are raised, fed, and prepared for slaughter." (*E.g.,* DPP CAC ¶ 69.) Second, even accepting Plaintiffs' assertion that vertical integration is not required for the purposes of this motion, Tyson argues that only a vertically integrated defendant would be incentivized to join the conspiracy alleged by Plaintiffs. What is missing from the complaints, and what Plaintiffs cannot offer, is any logical explanation of why the conspiracy would make sense for the Tyson Defendants, entities that do not "wholly own[] and operate[]" the vast majority of the farms that supply their hogs.[3] (*Id.*) Indeed, Plaintiffs allege that as a result of the supposed conspiracy, the "average hog wholesale price experienced an unprecedented increase beginning in 2009." (IIP CAC ¶ 126.) It would be economically irrational for Tyson—a company that was

---

[2] Nor should Plaintiffs be granted leave to amend the complaints. *See, e.g., United States v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984) (A party "cannot advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version …").

[3] Furthermore, in their Federal Law Opposition (Dkt. 229 at 33-34), Plaintiffs argue that Defendants can exercise "broad control" either by producing their own hogs or by contracting with independent growers with whom they can "dictate favorable terms," and that the increased cost of hogs could be "passed through to consumers." But nowhere do Plaintiffs allege that Tyson controlled its arrangements with independent hog farmers such that it was not forced to pay more for hogs when hog supply was low, and passing these increased costs "through to consumers" would result in a wash rather than a windfall for Tyson. (*Id.*)

not vertically integrated and had to purchase almost all of its hogs (see IIP CAC ¶ 111)—to join a conspiracy that led to an "unprecedented increase" in the price of hogs.

### B. Plaintiffs Fail to Offer Individual Allegations Against Separate Tyson Entities

Plaintiffs acknowledge they must make allegations "that plausibly suggest that each Defendant participated in the alleged conspiracy." (Omnibus Opp. at 6.) But Plaintiffs plainly fail to do so, pleading collectively against all defendants rather than offering specific allegations against each Tyson entity named as a defendant. *See In re Aluminum Warehousing Antitrust Litig.*, 2014 WL 4277510, at *38 (S.D.N.Y. Aug. 29, 2014) (plaintiffs not permitted to "group[] defendants who are affiliated together into a single name"). As set forth in the Tyson Brief, Plaintiffs offer zero allegations against the Tyson Prepared Foods business segment and just a single allegation against the Tyson Fresh Meats business segment (that one of its employees participated in a national pork trade association). (DPP CAC ¶ 89.) Plaintiffs instead continue to refer broadly and without detail to actions allegedly taken by "Tyson" (a term referring to all three of the independent entities), amounting to nothing more than a few innocuous statements on earnings calls. (*See* Joint Reply Br. at II.A.)

## CONCLUSION

The Court should dismiss all claims against the Tyson Defendants with prejudice.

Dated: December 21, 2018                    Respectfully Submitted,

                                            s/ David P. Graham
                                            _____
                                            David P. Graham
                                            DYKEMA GOSSETT PLLC
                                            4000 Wells Fargo Center
                                            90 South Seventh Street
                                            Minneapolis, MN 55402
                                            (612) 486-1521
                                            dgraham@dykema.com

4

Rachel J. Adcox (*pro hac vice*)
Tiffany Rider Rohrbaugh (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
950 F Street, N.W.
Washington, D.C. 20004
(202) 912-4700
radcox@axinn.com
trider@axinn.com

Felix J. Gilman (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
(212) 728-2200
fgilman@axinn.com

*Counsel for Tyson Foods, Inc., Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc.*