UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

In Re Pork Antitrust Litigation

This Document Relates to:  All Actions

_____

No. 1:18-cv-01776-JRT-HB

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS SEABOARD FOODS LLC AND SEABOARD CORPORATION**

The only factual allegations against Seaboard Foods are that it participated in trade associations, it subscribed to Agri Stats, and its joint venture with Triumph postponed adding a second shift in summer 2018.  The only factual allegation against Seaboard Corporation is that it is Seaboard Foods' parent.  Critically, Plaintiffs do *not* allege that Seaboard Foods cut production with the "industry" in 2009, 2010, or 2013; that Seaboard Foods "signaled" its commitment to any supply reduction scheme; or that Seaboard Corporation had any involvement in the alleged conspiracy.  Thus, as the Seaboard defendants explained in their opening brief, the Complaints do not plausibly allege that either entity agreed with other producers to restrict the supply of pork.

Plaintiffs' response confirms they have no basis for suing these companies.  Apart from arguments aimed at all Defendants, Plaintiffs:  (1) accuse the Seaboard entities of "cherry picking" evidence by quoting an article cited in the Complaints; (2) recite unpleaded facts; and (3) invoke the wrong standard for suing parent companies.  These arguments do nothing to salvage the claims against Seaboard Foods and Seaboard Corporation.

1

I.   **Plaintiffs' conclusory allegation about the joint venture is entitled to no weight.**

Unable to allege that Seaboard Foods cut production along with the "industry," Plaintiffs allege only that Seaboard Foods' joint venture postponed adding a second shift at its new plant.  DPP Compl. ¶ 130.  As the Seaboard defendants noted in their opening brief, this is not an allegation of parallel conduct, as the postponed shift occurred years after the "industry" allegedly cut production.  Seaboard Mem., ECF No. 178, at 7.  Acts that occurred years apart lack the "temporal proximity" required to fit the description of "parallel conduct."  *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, No. 18-1628, 2018 WL 6519654, at *5 (8th Cir. Dec. 12, 2018).  Moreover, even if failing to *add* a second shift at a *new* plant could be characterized as somehow "parallel" to industry production cuts, Plaintiffs do not allege factual context "suggesting the *agreement* necessary to make out a § 1 claim."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (emphasis added).  Plaintiffs' only support for their allegation is an article attributing the postponed shift to a labor shortage.  Seaboard Mem. at 7.

In response, Plaintiffs fault Seaboard Foods for quoting the article they cite.  Accusing Seaboard Foods of "cherry picking" evidence, Plaintiffs argue that the Court cannot review the article.  Indiv. Opp., ECF No. 230, at 31.  That is incorrect.  Where a complaint quotes or references a document, the Court may review the entire document for accuracy and context.  *See* Joint Reply at 6.  Here, Plaintiffs' citation implies that the article supports their allegation.  It does not.  Plaintiffs cannot mischaracterize the article while, at the same time, insisting the Court not read it.

2

Plaintiffs' argument is also a red herring.  As Seaboard Foods made clear, Plaintiffs' allegation that the joint venture's decision was "in furtherance of the conspiracy" is a naked conclusion entitled to no weight.  Seaboard Mem. at 7.  Accordingly, the Court can dismiss the claims against Seaboard Foods without reviewing the article.  That the article refutes Plaintiffs' allegation is embarrassing for Plaintiffs, but not the basis for this motion.

## II.     Plaintiffs cannot save their claims by embellishing the Complaints.

Plaintiffs recite several facts alleged nowhere in the Complaints, including that "[c]ompliance with the supply restrictions was essential to Seaboard's survival in the pork industry," and that the joint venture's decision to postpone adding a second shift was against Seaboard Foods' "individual best interests."  Indiv. Opp. at 30-31.

Plaintiffs' reliance on unpleaded facts is improper.  *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (4th Cir. 2013) ("[A] party is not entitled to amend its complaint through statements made in motion papers.").  Regardless, these new assertions do nothing to bolster Plaintiffs' case.  Plaintiffs allege no facts suggesting Seaboard Foods could not survive as an independent competitor.  And, apart from citing an article they would rather the Court not read, Plaintiffs allege nothing about the joint venture's decision beyond its timing:  summer 2018, *five years* after the last "industry" production cut.  Critically, Plaintiffs allege no facts suggesting the decision was against Seaboard

Foods' "individual best interests." Thus, even if these conclusory assertions were alleged, they would be entitled to no weight.[1]

### III. Plaintiffs cannot state a claim against Seaboard Corporation through "group pleading."

Plaintiffs contend that, by defining "Seaboard" to include both Seaboard Foods and Seaboard Corporation, "all allegations in the Complaints against [Seaboard] are also directed at [Seaboard Corporation]." Indiv. Opp. at 26, 31. But Plaintiffs cannot manufacture a claim by blurring the lines between distinct entities. Seaboard Mem. at 8. To state a claim against a parent company, "there must be allegations that the parent company actually engaged in anti-competitive conduct and not merely that it served as parent to its wholly-owned subsidiary." *Reg'l Multiple Listing Serv. of Minn., Inc. v. Am. Home Realty Network, Inc.*, 9 F. Supp. 3d 1032, 1044 (D. Minn. 2014). Plaintiffs ignore this standard and, instead, rely on a case where the conspiracy was allegedly orchestrated by *parent* company executives and carried about by subordinates. Indiv. Opp. at 26, 39 (citing *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2010 WL 9543295, at *6 (N.D. Cal. Feb. 5, 2010)). There is no such allegation here, and the weight of authority rejects Plaintiffs' tactic. *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008) (dismissing parent companies where complaint used group pleading to blur lines between entities); *Precision Assocs. v. Panalpina World Transp.*

---

[1] Plaintiffs also embellish their allegations by claiming that Seaboard Triumph Foods "never implemented" its plan to add a second shift (as opposed to merely postponing it, DPP Compl. ¶ 130), and that Seaboard Foods presented at NPIC on "numerous occasions" (the Complaint alleges only that Seaboard Foods was among the defendants whose executives "have been session presenters at NPIC," *id.* ¶ 92).

4

*(Holding) Ltd.*, 2011 WL 7053807, at *14-15 (E.D.N.Y. Jan. 4, 2011) (same), *adopted by* 2012 WL 3307486 (E.D.N.Y. Aug. 13, 2012).

## IV.   Conclusion

Plaintiffs' opposition does nothing to save their claims against Seaboard Foods and Seaboard Corporation.  The Court should grant their motion and dismiss them from these lawsuits.

Dated:  December 21, 2018

/s/William L. Greene
William L. Greene (#0198730)
Peter J. Schwingler (#0388909)
Jon M. Woodruff (#00399453)
STINSON LEONARD STREET LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Phone: (612) 335-1500
Fax:    (612) 335-1657
william.greene@stinson.com
peter.schwingler@stinson.com
jon.woodruff@stinson.com

Nicci Warr (#59975)
STINSON LEONARD STREET LLP
7700 Forsyth Boulevard, Suite 1100
St. Louis, MO 63105
Phone: (314) 863-0800
Fax:    (314) 863-9388
nicci.warr@stinson.com

**Attorneys for Defendants Seaboard Foods LLC and Seaboard Corporation**

149751220.1