### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Civil No. 18-1776 (JRT/HB)<br><br>**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TRIUMPH FOODS, LLC'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINTS** |

The crux of Plaintiffs' antitrust theory is that Defendants conspired to reduce pork production so the diminished supply of pork would result in higher prices. But Plaintiffs do not allege that Triumph Foods, LLC ("Triumph") *ever* cut production or supply.

The only Triumph specific facts alleged by Plaintiffs are:

(i) Triumph subscribed to Agri Stats, DPP Compl. ¶ 49; CFP Compl. ¶ 54; IPP Compl. ¶ 77;

(ii) Triumph employees served on various industry-group boards and attended industry conferences, DPP Compl. ¶¶ 98, 106; CFP Compl. ¶¶ 104, 112; and

(iii) Triumph *added* a second processing facility during the alleged conspiracy period, (but criticize Triumph for the delay in starting a second

1

shift due to the tight labor market in Sioux City), DPP Compl. ¶ 130; CFP Compl. ¶ 136.[1]

What is markedly absent is any factual allegation that Triumph did anything to agree to or further the alleged conspiracy.

## I. UTILIZATION OF BENCHMARKING SERVICES AND PARTICIPATION IN TRADE ASSOCIATIONS ARE LEGALLY INSUFFICIENT TO CONSTITUTE AN ANTITRUST VIOLATION.

Antitrust complaints must plead sufficient "factual content" by "list[ing] relevant individuals, acts, and conversations" to "support the reasonable inference that the defendant is liable for" the alleged conspiracy. *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1057 (8th Cir. 2018); *see also Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 797 F.3d 538, 546 (8th Cir. 2015) (dismissing complaint alleging defendants "generally conspired to restrain trade," without alleging "when the agreements" or conspiratorial "communications occurred"). Plaintiffs do not plead any "act" by Triumph to cut production or supply – the key to Plaintiffs' alleged conspiracy.

Because Plaintiffs cannot claim that Triumph reduced its capacity or supply, Plaintiffs are left with general allegations that Triumph participated in a benchmarking service and was involved in various industry groups. These facts are insufficient to allege participation in a price fixing conspiracy. *See, e.g., Five Smiths, Inc. v. Nat'l Football League Players Ass'n*, 788 F. Supp. 1042, 1046 (D.

---

[1] To state the obvious, the addition of a processing facility *increased* Triumph's production and processing of pork and Plaintiffs do not allege otherwise.

2

Minn. 1992) (alleging price sharing among competitors fails to state a price-fixing claim). Where plaintiffs fail to factually link an individual defendant to the alleged conspiracy, dismissal is appropriate. *See, e.g.*, *In re Milk Products Antitrust Litig.*, 84 F. Supp. 2d 1016, 1020 (D. Minn. 1997), *aff'd*, 195 F.3d 430 (8th Cir. 1999); *In re Interest Rate Swaps Antitrust Litig.*, 261 F. Supp. 3d 430, 483 (S.D.N.Y. 2017).

Plaintiffs' reliance on the factually similar chicken broiler litigation proves this point. In that case, the court acknowledged "the existence and characteristics of Agri Stats" and "opportunities to collude at industry conferences and trade association meetings" could support antitrust claims, but the crucial question is "whether Plaintiffs have sufficiently alleged that each defendant . . . either cut production or took action to restrain production . . ." *In re Broiler Chicken Antitrust Litig.*, 290 F. Supp. 3d 772, 803 (N.D. Ill. 2017) (emphasis added). With respect to Triumph, the Plaintiffs have not.

Aside from Plaintiffs' failure to allege that Triumph cut production or otherwise sought to restrain production, Triumph's subscription to benchmarking services have long been acknowledged to be an accepted industry practice which can enhance competition and benefit consumers. *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 441 n.16 (1978). Similarly, Plaintiffs make no effort to connect any conspiratorial conduct by Triumph to any trade association or industry group meetings.  Rather, Plaintiffs simply assert that such meetings were "used to facilitate . . . conspiratorial conduct." DPP Compl. ¶ 86 (cited at

Omnibus Opp. 28). Such generic allegations are insufficient. *See, e.g.*, *Shimota v. Wegner*, 2016 WL 1254240, at *10 (D. Minn. Mar. 29, 2016) (Tunheim, J.).

## CONCLUSION

For the foregoing reasons, Triumph respectfully requests that Court dismiss all claims against it in these consolidated actions.

Date: December 21, 2018.

                                     Respectfully Submitted

                                     */s/ Gene Summerlin*
Gene Summerlin (*pro hac vice*)
Marnie Jensen (*pro hac vice*)
Ryann Glenn (*pro hac vice*)
Kamron Hasan (*pro hac vice*)
Quinn Eaton (*pro hac vice*)
Sierra Faler (*pro hac vice*)
HUSCH BLACKWELL LLP
13330 California St., Suite 200
Omaha, NE 68154
(402) 964-5000
gene.summerlin@huschblackwell.com
marnie.jensen@huschblackwell.com
ryann.glenn@huschblackwell.com
kamron.hasan@huschblackwell.com
quinn.eaton@huschblackwell.com
sierra.faler@huschblackwell.com

Aaron Chapin (#6292540)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
aaron.chapin@huschblackwell.com

*Counsel for Triumph Foods, LLC*