## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

### STATUS CONFERENCE

| | |
|---|---|
| **IN RE PORK ANTITRUST LITIGATION** | **COURT MINUTES – CIVIL** |
| | BEFORE: Hildy Bowbeer |
| This Document Relates To: All Actions | U.S. Magistrate Judge |

| | |
|---|---|
| Case No.: | 18-cv-1776 (JRT/HB) |
| Date: | January 28, 2019 |
| Court Reporter: | Renee Rogge |
| Courthouse: | Minneapolis |
| Courtroom: | 14W |
| Time: | 2:03–3:30 p.m. |
| | 3:45–4:00 p.m. |

**APPEARANCES:**

For Plaintiffs: W. Joseph Bruckner, Brian D. Clark, Jonathan Watson Cuneo (by telephone), Daniel C. Hedlund, Michael H. Pearson (by telephone), Bobby Pouya, Shawn M. Raiter, Shana Scarlett, Bruce L. Simon, and Melissa S. Weiner

For Defendants: Rachel Johanna Adcox, Justin Bernick, Christina Henk Briesacher, Christa C. Cottrell, Craig S. Coleman, John A. Cotter, Richard A. Duncan, William L. Greene, Isaac B. Hall, Donald G. Heeman, John Anders Kvinge, Britt M. Miller, Stephen R. Neuwirth, Richard G. Parker, Sami H. Rashid, Brian E. Robison, Tiffany Rider Rohrbaugh, Megan A. Scheiderer (by telephone), Peter J. Schwingler, William Stallings, Jaime Stilson, Lindsey Strang (by telephone), and Gene Summerlin

**PROCEEDINGS:**

The Court and counsel discussed the matters identified in the parties' Joint Status Reports [Doc. Nos. 233, 257].

The Court advised the parties it will issue a written order on Defendant's motion to stay discovery [Doc. No. 193]. At the parties' request, the Court will also enter an Order Regarding Disclosure of Information, similar in form to the proposed order attached as Exhibit E to the Affidavit of Brian D. Clark in Support of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Stay [Doc. No. 205-2], but incorporating the Court's resolution of any disputed matters, which were discussed at the November 21, 2018, case management conference.

The Court confirmed the parties' agreement that the so-called "holding companies" are not involved in discovery-related discussions at this time, although they are subject to preservation obligations.

By February 18, 2019, the parties will submit to the Court a revised proposed ESI Protocol that reflects the agreements reached by the parties before the status conference and the Court's resolution of disputed issues and additional guidance provided at the status conference. If any disputes as to specific language remain, the parties should include in the proposed protocol the competing proposals and brief position statements as to each.

As to the ESI Protocol, the Court resolved the current areas of disagreement as follows:

- Paragraph V(A)(1): The Court agreed with Defendants' proposal that a decision on the relevant start date should be deferred until after the motions to dismiss are decided, but should be made promptly thereafter.

- Paragraph V(A)(2)(a): The Court agreed with Plaintiffs that the parties should commence discussions about document custodians and non-custodial data sources and that the discussion should consider the timeframe that Plaintiffs claim is relevant, with the caveat that if it would be extremely costly to canvass a particular ESI system or identify particular custodians or sources from eleven years ago, Defendants should bring that concern to Plaintiffs' attention and attempt to reach agreement to table that particular effort.

- Paragraph V(E)(1)(a): In light of Defendants' representations concerning preservation, the Court agreed with Defendants that Plaintiffs' requested provision concerning the disclosure of certain custodian cell phone data prior to culling was unnecessary, with one exception. The exception is subpart (5)—whether the producing party claims a cell phone used by the document used by the document custodian for work purposes is not within its possession, custody, or control.

- Paragraph V(E)(1)(b) and (c): The parties will meet and confer further on subparts (b) and (c) in light of guidance provided by the Court.

- Paragraph V(E)(2): The Court agreed that Plaintiffs' proposed provision for identifying and producing social media communications should be included.

With respect to Rule 34 requests for production, the parties will conduct an initial meet-and-confer about the 32 agreed requests [*see* Doc. No. 233 at 1] by March 8, 2019. Defendants will serve written responses and objections as to those requests by March 29, 2019. Defendants should assume—only for the purpose of crafting these initial objections and responses—that the motions to dismiss will be denied and that the scope of the litigation will not be limited significantly by Judge Tunheim's ruling. Defendants' responses should also identify pending issues in the motions to dismiss that are pertinent to the document requests and that could alter the scope of Defendants' production, but Defendants need not create a decision tree. After Defendants serve the written objections and responses, the parties should meet and confer further.

Concerning Agri Stats' Department of Justice documents, Agri Stats will review the documents produced to the Department of Justice from the four custodians with responsibilities that

included the pork industry during the relevant time frame, and will produce nonprivileged, relevant documents for those custodians.  Agri Stats and Plaintiffs will meet and confer concerning search methodology.  Should the motions to dismiss be denied, Agri Stats will work with Plaintiffs to develop a search methodology for the remaining custodians.  If at that time Plaintiffs believe they are entitled to production of the entirety of the documents produced by Agri Stats to the Department of Justice, they may file a formal motion to compel.

The Court will convene the next status conference at 2:00 p.m. CDT on Thursday, April 11, 2019.  A notice identifying the courthouse and courtroom will be issued as soon as the Court's staff can ascertain whether a courtroom will be available in Minneapolis.  The parties must file a joint status report by 4:30 p.m. CDT on Thursday, April 4, 2019.  If there are any disputes for resolution at the status conference, the parties may file respective position letters by 4:30 p.m. CDT on Monday, April 8, 2019.

*s/Adrienne Meyers*
Judicial Law Clerk