# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 0:18-cv-01776-JRT-HB<br><br>**JOINT AGENDA AND JOINT UPDATE LETTER FOR THE JULY 2, 2019 STATUS CONFERENCE** |

Pursuant to the Court's Order set out in its Minutes dated April 16, 2019 (ECF No. 325), the parties in these cases submit this joint update letter regarding the upcoming July 2, 2019 status conference.

**JOINT UPDATE**

Since the last status conference, the parties have been complying with the Court's discovery orders. The parties exchanged initial lists of proposed custodians and are now meeting and conferring on possible additional custodians. At this time, the parties do not have disputes regarding document custodians.

The parties have also met and conferred (or have requested/scheduled meet-and-confers) regarding the parties' initial responses and objections to the other side's document requests. Substantial correspondence summarizing the parties' ongoing meet-and-confer efforts has been exchanged.

Plaintiffs believe there is a subset of issues that are now or soon will be ripe for the Court's consideration and which should be addressed in a separate joint letter brief. Defendants disagree that the parties have reached impasse on any discovery issue and believe that the Court's prior partial stay of discovery should stand pending resolution of the motions to dismiss. The parties briefly address these issues below and will be prepared to further address them at the July 2, 2019 status conference.

The parties also note that plaintiffs Winn Dixie Stores, Inc. ("Winn-Dixie") and Bi-Lo Holdings, LLC ("Bi-Lo") recently filed a similar, non-class case that was reassigned as a related case to this litigation. *See* Case No. 19-cv-01578-JRT-HB. Defendants have not been served with that complaint but the parties expect those entities

to provide the same types of Court-ordered disclosures that Defendants and Plaintiffs have already undertaken.

*Plaintiffs' Further Statement*

As of the date of this status report, the Court has not yet entered an order on the pending motions to dismiss. However, for the reasons explained below, Plaintiffs propose the following schedule:

| Event | Deadline |
|---|---|
| Deadline for parties to meet and confer regarding search methodology order | July 17, 2019 |
| Date by which parties submit joint letter brief to the court regarding areas of dispute on custodians/non-custodial doc sources and objections to Rule 34 objections and responses | July 24, 2019 |
| Deadline for parties to submit agreed proposed search methodology order or file joint letter brief regarding any disputed provisions | August 21, 2019 |
| Defendants to serve Amended Objections and Responses to First Set of Requests for Production of Documents (if necessary) | 30 days after Order on Motions to Dismiss ("MTD Order") |
| Production of readily available responsive phone records for agreed document custodians and central phone lines | 30 days after MTD Order |
| Rolling production of documents, prioritizing custodians as agreed by the parties or ordered by the court | 90 days after MTD Order |
| Rolling production of documents reviewed by producing party | 120 days after MTD Order |
| Substantial completion of document productions | 180 days after MTD Order |

Although negotiations with respect to custodians, non-custodial sources, and Defendants' responses to Plaintiffs' document requests are ongoing, there are a subset of issues that Plaintiffs believe are already or will shortly become ripe, such as the use of

impermissible general objections, whether or not complete copies of work calendars will be produced, and the Court's assistance in addressing instances where a Defendant refuses to include a category of document custodian. Further, there is no reason the parties cannot now proceed with negotiating a search methodology order, so Plaintiffs propose placing deadlines for having a meet and confer regarding such issues and also raising any unresolved issues with the Court. Defendants' proposed alternative—setting no deadlines until after an order on the motions to dismiss—risks months of endless meet and confers without any incentive or reason to reach resolution.

With respect to post-motion to dismiss order deadlines, Plaintiffs think that the efficient course of action is for the Court to set deadlines regarding document production that are calculated based on the date of the Court's order, in the event that the Court denies in whole or in part, the pending motions to dismiss. Setting these deadlines in advance will allow the parties to quickly and productively proceed with the case with minimal need for use of judicial resources.

A similar schedule was entered in the *Broilers* litigation roughly seven months prior to an order on the motions to dismiss. *See* Interim Scheduling Order No. 1, *In re Broiler Chicken Antitrust Litigation*, No. 1:16-cv-08637(N.D. Ill. Apr. 27, 2017), ECF No. 388, attached hereto as Exhibit A. Plaintiffs think that this schedule is reasonable, especially since the parties have been engaged in ongoing discussions regarding discovery while the motions to dismiss have been pending.

*Defendants' Further Statement*

Setting a case management schedule at this time is premature and contrary to the Court's rulings (*see*, *e.g.*, Dkt. 264 and 289). Defendants did not even receive Plaintiffs' proposed schedule until three business days before this report's due date and have not had sufficient time to consider it. Defendants are committed to moving the case forward reasonably expeditiously, but submit that at this stage, it would be make-work to negotiate search methodologies (beyond what the parties already negotiated) and undertake motion practice regarding custodians, non-custodial sources, and RFPs (the responses to which, by order of this Court, were conditional). Instead, the parties should focus their efforts on the many constructive tasks that remain, including: continued negotiations over Plaintiffs' document custodians; continued negotiations over Defendants' custodian lists; revisions of Plaintiffs' ESI Disclosures; conferring on Plaintiffs' responses and objections to Defendants' requests for production; and continuing discussions regarding Defendants' responses to Plaintiffs' requests for production.

Plaintiffs' continued reliance on *Broilers* is misplaced. In particular with respect to search methodologies and related issues—which were crafted under the supervision of a Special Master— the *Broilers* discovery process is unprecedented, certainly is not in keeping with local practice in the District of Minnesota (including L.R. 16.2), and contravenes the parties' previous negotiations and the existing ESI protocol (which, in and of itself is well beyond the norm for this District). At this Court's direction, the parties already engaged in extensive negotiations regarding the ESI Protocol, which includes a two-page section containing the parties' agreements as to "Search Methodology". (*see* Dkt.

No. 292, at ¶ V.C, p. 13-15). Further negotiating search methods now for a case that may not proceed against some or all of the Defendants is disproportionately burdensome, and unnecessary given the significant progress on the tasks previously ordered by the Court.

Similarly, Plaintiffs' "subset of issues" is neither accurate nor ripe: "general objections" have been used by both sides, and no Defendant has categorically refused to produce a type of document or a category of document custodian. Rather, as the Court has directed, the parties' meet-and-confers are ongoing on these issues. Indeed, the final selection of custodians and the content of the parties' respective document productions will necessarily depend on the ultimate scope of the case—which will not be resolved until decisions on the motions to dismiss. Many of Plaintiffs' proposed custodians and document requests run far afield from the putative conspiracy asserted and lack any reasonable proportionality to the Plaintiffs' claims.

Once the motions to dismiss have been decided, Defendants are committed to working with the Plaintiffs and other parties[1] promptly to prepare their Fed. R. Civ. P. 26(f) report and engage the Court in a Rule 16 conference where all of these issues can be addressed. Plaintiffs' prediction of "months of endless meet and confers" will not occur, as this Court has actively managed the process to date and Defendants remain committed to moving this process forward reasonably. If the Court is inclined to consider Plaintiffs' request for the entry of a case management schedule now, at a minimum Defendants

---

[1] Including Winn-Dixie and Bi-Lo and any other entity that may file its own action and will understandably seek to have input into any scheduling order by which it will be bound.

request a meet-and-confer on that topic (as Plaintiffs have not given Defendants that opportunity) and a further status conference with the Court to discuss any disagreements.

The lone *Broilers* order Plaintiffs reference is one of many entered to address the unique circumstances of *that* case. Using *Broilers* orders to set artificial dates in *this* case, and doing so while discovery is partially stayed and before the sufficiency of *these* complaints has been tested, would be unnecessary and unwarranted.

DATED: June 25, 2019

*/s/ Bobby Pouya*
BOBBY POUYA

Clifford H. Pearson
Daniel L. Warshaw
Michael H. Pearson
**PEARSON SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 92403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
cpearson@pswlaw.com
dwarshaw@pswlaw.com
bpouya@pswlaw.com
mpearson@pswlaw.com

Bruce L. Simon
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com

Melissa S. Weiner (MN #0387900)
Joseph C. Bourne (MN #0389922)
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610
mweiner@pswlaw.com
jbourne@pswlaw.com

W. Joseph Bruckner (MN #0147758)
Elizabeth R. Odette (MN #0340698)
Brian D. Clark (MN #0390069)
Simeon A. Morbey (MN #0391338)
Arielle S. Wagner (MN #0398332)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
erodette@locklaw.com
bdclark@locklaw.com
samorbey@locklaw.com
aswagner@locklaw.com

*Co-Lead Class Counsel for Direct Purchaser Plaintiffs*

*/s/ Shana E. Scarlett*
SHANA E. SCARLETT

Rio S. Pierce (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com
riop@hbsslaw.com

Steve. W. Berman (*pro hac vice*)
Breanna Van Engelen (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

*/s/ Daniel C. Hedlund*
DANIEL C. HEDLUND (#258337)

Daniel E. Gustafson (#202241)
Michelle J. Looby (#388166)
Britany N. Resch (#0397656)
**GUSTAFSON GLUEK PLLC**
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
bresch@gustafsongluek.com

*Co-Lead Counsel for Consumer Indirect Purchaser Plaintiffs*

*/s/ Jonathan W. Cuneo*
JONATHAN W. CUNEO

Joel Davidow
Blaine Finley
Yifei "Evelyn" Li
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
bfinley@cuneolaw.com
evelyn@cunelolaw.com

Shawn M. Raiter (MN# 240424)
**LARSON • KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6518
sraiter@larsonking.com

*Co-Lead Counsel for Commercial and Institutional Indirect Purchaser Plaintiffs*

- 7 -

| | |
|---|---|
| */s/ Mark L. Johnson* <br> MARK L. JOHNSON (#0345520) <br><br> Bethany Krueger (#0306368) <br> Virginia R. McCalmont (#0399496) <br> **GREENE ESPEL PLLP** <br> 222 South Ninth Street, Suite 2200 <br> Minneapolis, MN 55402 <br> (612) 373-0830 <br> mjohnson@greeneespel.com <br> bkrueger@greeneespel.com <br> vmccalmont@greeneespel.com <br><br> Daniel Laytin, P.C. (*pro hac vice*) <br> Christa Cottrell, P.C. (*pro hac vice*) <br> Christina Briesacher (*pro hac vice*) <br> **KIRKLAND & ELLIS LLP** <br> 300 North LaSalle <br> Chicago, IL 60654 <br> (312) 861-2000 <br> daniel.laytin@kirkland.com <br> christa.cottrell@kirkland.com <br> christina.briesacher@kirkland.com <br><br> *Counsel for Clemens Food Group, LLC and The Clemens Family Corporation* | */s/ Richard A. Duncan* <br> RICHARD A. DUNCAN (#0192983) <br><br> Aaron D. Van Oort (#0315539) <br> Craig S. Coleman (#0325491) <br> Emily E. Chow (#0388239) <br> Isaac B. Hall (#0395398) <br> Bryan K. Washburn (#0397733) <br> **FAEGRE BAKER DANIELS LLP** <br> 2200 Wells Fargo Center <br> 90 South Seventh Street <br> Minneapolis, MN 55402-3901 <br> (612) 766-7000 <br> richard.duncan@faegrebd.com <br> aaron.vanoort@faegrebd.com <br> craig.coleman@faegrebd.com <br> emily.chow@faegrebd.com <br> isaac.hall@faegrebd.com <br> bryan.washburn@faegrebd.com <br><br> *Counsel for Hormel Foods Corporation and Hormel Foods, LLC* |

| | |
|---|---|
| */s/ Jaime Stilson*<br>JAIME STILSON (#0392913) | */s/ Donald G. Heeman*<br>DONALD G. HEEMAN (#0286023) |

**DORSEY & WHITNEY LLP**
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
(612) 492-6746
stilson.jaime@dorsey.com

Britt M. Miller (*pro hac vice*)
Robert E. Entwisle (*pro hac vice*)
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606-4637
(312) 782-0600
bmiller@mayerbrown.com
rentwisle@mayerbrown.com

William H. Stallings (*pro hac vice*)
**MAYER BROWN LLP**
1999 K Street, N.W.
Washington, D.C. 20006-1101
(202) 263-3000
wstallings@mayerbrown.com

*Counsel for Indiana Packers Corporation and Mitsubishi Corporation (Americas)*

Jessica J. Nelson (#0347358)
Randi J. Winter (#0391354)
**SPENCER FANE**
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
(612) 268-7000
dheeman@spencerfane.com
jnelson@spencerfane.com
rwinter@spencerfane.com

Stephen R. Neuwirth (*pro hac vice*)
Michael B. Carlinsky (*pro hac vice*)
Sami H. Rashid (*pro hac vice*)
Richard T. Vagas (*pro hac vice*)
Robert P. Vance, Jr. (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
stephenneuwirth@quinnemanuel.com
michaelcarlinsky@quinnemanuel.com
samirashid@quinnemanuel.com
richardvagas@quinnemanuel.com
bobbyvance@quinnemanuel.com

*Counsel for JBS USA Food Company and JBS USA Food Company Holdings*

/s/ *William L. Greene*
WILLIAM L. GREENE (#0198730)

Peter J. Schwingler (#0388909)
Jon M. Woodruff (#0399453)
**STINSON LEONARD STREET LLP**
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
john.woodruff@stinson.com

J. Nicci Warr (*pro hac vice*)
**STINSON LEONARD STREET LLP**
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

*Counsel for Seaboard Foods, LLC and Seaboard Corporation*

/s/ *John A. Cotter*
JOHN A. COTTER (#0134296)

John A. Kvinge (#0392303)
**LARKIN HOFFMAN DALY & LINDGREN LTD.**
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55427-1060
(952) 835-3800
jcotter@larkinhoffman.com
jkvinge@larkinhoffman.com

Richard Parker (*pro hac vice*)
Josh Lipton (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER, LLP**
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
rparker@gibsondunn.com
jlipton@gibsondunn.com

Brian Robison (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER, LLP**
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201-6912
(214) 698-3370
brobison@gibsondunn.com

*Counsel for Smithfield Foods, Inc.*

*/s/ Aaron Chapin*
AARON CHAPIN (#06292540)

**HUSCH BLACKWELL LLP**
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
aaron.chapin@huschblackwell.com

Gene Summerlin (*pro hac vice*)
Marnie Jensen (*pro hac vice*)
Ryann Glenn (*pro hac vice*)
Kamron Hasan (*pro hac vice*)
Quinn Eaton (*pro hac vice*)
Sierra Faler (*pro hac vice*)
**HUSCH BLACKWELL LLP**
13330 California St., Suite 200
Omaha, NE 68154
(402) 964-5000
gene.summerlin@huschblackwell.com
marnie.jensen@huschblackwell.com
ryann.glenn@huschblackwell.com
kamron.hasan@huschblackwell.com
quinn.eaton@huschblackwell.com
sierra.faler@huschblackwell.com

*Counsel for Triumph Foods, LLC*

*/s/ David P. Graham*
DAVID P. GRAHAM (#0185462)

**DYKEMA GOSSETT PLLC**
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 486-1521
dgraham@dykema.com

Rachel J. Adcox (*pro hac vice*)
Tiffany Rider Rohrbaugh (*pro hac vice*)
**AXINN, VELTROP & HARKRIDER LLP**
950 F Street, N.W.
Washington, D.C. 20004
(202) 912-4700
radcox@axinn.com
trider@axinn.com

*Counsel for Tyson Foods, Inc., Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc.*

*/s/ Peter H. Walsh*
PETER H. WALSH (#0388672)

**HOGAN LOVELLS US LLP**
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
T. (612) 402-3000
F. (612) 402-3001
peter.walsh@hoganlovells.com

William L. Monts (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
Jennifer A. Fleury (*pro hac vice*)
**HOGAN LOVELLS US LLP**
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com
jennifer.fleury@hoganlovells.com

*Counsel for Agri Stats, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney hereby certifies that on June 25, 2019, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF electronic filing system. Notice and copy of this filing will be served upon all counsel of record by CM/ECF.

    s/ Shana E. Scarlett
    SHANA E. SCARLETT

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To: All Actions | Case No. 1:16-cv-08637<br><br>**INTERIM SCHEDULING ORDER ON AGREED DATES NO. 1** |

As discussed during the April 21, 2017, status conference, the Court hereby enters this Interim Scheduling Order on Agreed Dates. Additionally, the Court orders that the requirement of Fed. R. Civ. P. 45(a)(4) for notice to other parties before service of a subpoena shall be 4 business days after the day notice and a copy of the subpoena are provided, which shall be computed pursuant to Fed. R. Civ. P. 6(a)(1).

| Event | Deadline |
|---|---|
| **Producing Parties Provide Lists of Document Custodians and Non-Custodial Document Sources** | <u>4/28/17</u><br>1. If and when production commences, producing parties will make rolling productions at a pace agreed upon by the parties or ordered by the Court.<br>2. Producing parties will make a good faith effort to include in the initial rolling productions agreed-upon categories of custodial files (*e.g.*, emails) for an agreed-upon set of prioritized custodians.<br>3. By April 28, 2017, the parties will supplement the list of the non-custodial sources in the January 31, 2017 disclosures to the extent reasonably practicable given the status of a producing party's ongoing investigations into the claims and defenses in this matter.<br>4. By April 28, 2017, the parties will disclose lists of document custodians. |

| Event | Deadline |
|---|---|
| **Requesting Parties Propose Additional Custodians and Non-Custodial Document Sources & Defendants Produce Copies of Preservation Letters to Telephone Carriers**[1] | **5/5/17** |
| **Parties Serve Rule 26(a)(1) Disclosures** | **5/5/2017**<br>In addition to Rule 26(a)(1) disclosures, parties will supplement Rule 26(a)(1) disclosures with information about whether a disclosed custodian has a cellphone that the producing party believes is not in its possession, custody, or control as soon as reasonably practicable in light of the producing party's ongoing investigation into the claims and defenses in this matter. |
| **Parties Object to Initial Rule 34 Requests** | **5/19/17** |
| **Date by Which Parties Initially Confer re Custodians and Non-Custodial Document Sources** | **5/19/17** |
| **Date by Which Parties Submit Joint Letter Brief to the Court Re: Areas of Dispute on Custodians/ Non-Custodial Doc Sources and Objections to Rule 34 Disclosures** | **6/14/17** |
| **Court Status Conference with Magistrate Judge Gilbert** | **6/16/17** (9:30 a.m.) |
| **Substantial Completion of Document Productions**[2] | **240 days after the Court rules on the motions to dismiss** |

---

[1] By complying with the Court's order to provide copies of preservation letters sent to third-party phone carriers, Defendants in no way concede, stipulate, or admit that an individual for whom a Defendant requested a phone carrier preserve records has information relevant to this case. Plaintiffs may not use these preservation letters as a basis to request an individual identified therein as a custodian, deponent, or witness in this matter. Defendants additionally retain the right to receive copies of preservation letters sent to third-party phone carriers by Plaintiffs if such letters are sent.

[2] The parties and the Court will discuss interim document production deadlines at a future date.

| Event | Deadline |
|---|---|
| **Deadline for Amending Complaints and for Service of Additional Rule 34 Requests for Production** | **120 days after the Deadline for the Substantial Completion of Document Productions*** <br><br> *The deadline to serve any narrowly tailored Rule 34 Requests based upon information learned at depositions or through newly produced documents shall be 60 days prior to the Completion of Fact Discovery Deadline or within 14 days of a triggering event (whichever is later). |
| **Completion of Fact Discovery** | **330 days after the Substantial Completion of Document Productions** |
| **Filing of Plaintiffs' Motions for Class Certification & Expert Reports**[3] | 30 days after the Completion of Fact Discovery. |
| **Defendants' First Deposition of Plaintiffs' Class Certification Expert(s)** | Expert(s) to be made available for deposition at least within 28-42 days after service of experts' reports. |
| **Filing of Defendants' Responses on Class Certification and Expert Reports** <br><br> **Filing of Defendants' *Daubert* Motions on Class Certification Experts** | 75 days after Filing of Plaintiffs' Motions for Class Certification and Expert Reports. |
| **Plaintiffs' Deposition of Defendants' Class Certification Expert(s)** | Expert(s) to be made available for deposition at least within 28-42 days after service of experts' reports. |

---

[3] Defendants make the following statement, to which Plaintiffs do not agree: This assumes the Court ultimately orders class certification to come before summary judgment. Tyson prefers that summary judgment precedes class certification. To the extent that one or more Defendants identifies elements of claims that meet the standard for summary judgment under Rule 56 at an earlier phase of proceedings, Defendants reserve the right to bring that issue to the Court's attention through a motion prior to expert discovery and briefing on class certification.

3

| Event | Deadline |
|---|---|
| **Filing of Plaintiffs' Reply Briefs on Class Certification and Expert Reports**<br><br>**Filing of Plaintiffs' Opposition to Defendants' *Daubert* Motions**<br><br>**Filing of Plaintiffs' *Daubert* Motions on Defendants' Class Certification Expert(s)** | 75 days after Filing of Defendants' Responses on Class Certification and Expert Reports. |
| **Defendants' Second Deposition of Plaintiffs' Class Certification Expert(s)** | Expert(s) to be made available for deposition at least within 14-28 days after service of experts' reply reports. |
| **Filing of Defendants' Opposition to Plaintiffs' *Daubert* Motions on Defendants' Class Certification Expert(s)**<br><br>**Filing of Defendants' Reply in Support of *Daubert* Motions Against Plaintiffs' Class Certification Expert(s)** | 60 days after Filing of Plaintiffs' Reply Briefs on Class Certification and Expert Reports. |
| **Filing of Plaintiffs' Reply in Support of *Daubert* Motions on Defendants' Class Certification Expert(s)** | 30 days after Filing of Defendants' Opposition to Plaintiffs' *Daubert* Motions on Defendants' Class Certification Expert(s). |

| Event | Deadline |
|---|---|
| **Summary Judgment & Merits Experts** | • **Parties' Affirmative Merits Expert Reports Due:** 60 days after the Court rules on motions for class certification.[4]<br><br>• **Parties' Merits Expert Response Reports Due:** 60 days after Parties' affirmative merits expert reports due.<br><br>• **Parties' Merits Expert Reply Reports Due:** 60 days after Parties' merits expert response reports due.<br><br>• **Summary Judgment Opening Briefs & Merits *Daubert* Motions Filed:** No later than 60 days after Parties' merits expert reply reports filed.<br><br>• **Summary Judgment Responses & Merits Expert *Daubert* Responses Filed:** 60 days after summary judgment opening briefs are filed.<br><br>• **Summary Judgment Replies & Merits Expert *Daubert* Replies Filed:** 45 days after summary judgment response briefs are filed. |

**SO ORDERED.**

Dated: 4/27/17

HON. JEFFREY T. GILBERT
U.S. Magistrate Judge

---

[4] The parties will meet and confer in good faith about the appropriate sequence, quantity, and schedule of depositions in connection with merits expert reports.

5