# EXHIBIT 4

# Sharkey, Christina E.

| | |
|---|---|
| **From:** | Briesacher, Christina L. |
| **Sent:** | Monday, October 14, 2019 8:03 AM |
| **To:** | Shana Scarlett; Steve Berman; Breanna Van Engelen; Rio Pierce |
| **Cc:** | Cottrell, Christa C.; Laytin, Daniel E. |
| **Subject:** | RE: Pork Antitrust: Improper Witness Contact |

Shana,

We reviewed and considered your note and appreciate the offer to talk, but we have already had a fair amount of discussion on this topic and we have reached impasse.  First, we do not agree that disclosures and inquiries related to identification and representation are only necessary once you determine a conversation is "substantive."  Second, you have not agreed to inform the person contacted of his or her right to refuse to be interviewed, have counsel present, and to not divulge privileged communications.

Given these differences, we think having guideposts for both parties mandated by the Court will resolve these disputes and safeguard the rights of parties and non-parties during investigative efforts in this matter, so we intend to file a motion.

Sincerely,
Christina

**Christina Briesacher**

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
T +1 312 862 7322
F +1 312 862 2200

christina.briesacher@kirkland.com

**From:** Shana Scarlett <shanas@hbsslaw.com>
**Sent:** Tuesday, October 1, 2019 11:31 AM
**To:** Briesacher, Christina L. <christina.briesacher@kirkland.com>; Steve Berman <Steve@hbsslaw.com>; Breanna Van Engelen <breannav@hbsslaw.com>; Rio Pierce <riop@hbsslaw.com>
**Cc:** Cottrell, Christa C. <ccottrell@kirkland.com>; Laytin, Daniel E. <dlaytin@kirkland.com>
**Subject:** [EXT] RE: Pork Antitrust: Improper Witness Contact

Christina,

Thank you for your note below. Just to confirm the consumers' position, however, we are under no obligation to discuss with you how we investigate a case.  Furthermore, we note that the two applicable cases that you appear to rely on, *Paulson v. Plainfield Trucking, Inc*. *and Cosgrove v. OS Restaurant Services, Inc*., are both cases where the Court expressly allowed Plaintiffs to conduct ex parte interviews with Defendant's employees or former managers subject to certain specific limitations. The other case you rely on is inapposite because the attorney intentionally made an effort to contact a party that he knew was represented. *See In re Disciplinary Action against McCormick*, 819 N.W.2d 442, 443 (Minn.) (criminal defense attorney representing defendant in a homicide case specifically instructed investigator to interview co-defendant who had entered into a plea agreement about his planned testimony at defendant's trial even though the criminal defense attorney knew the co-defendant was represented by counsel). Here, as we have stated, to the extent our investigator attempted to contact a current Clemens employee, it was an inadvertent error. But to confirm what you are probably already aware of, no substantive communications with current Clemens employees have occurred.

1

However, in the interests of putting this to bed, and without waiving any claims of work product, we can tell you that at the beginning of any substantive conversation, our investigator identifies that they are affiliated with Hagens Berman and asks if they are speaking with a current employee. If someone does so identify, the call is ended.

We are available for a meet and confer to discuss with you further if you have additional questions.

Best, Shana

Shana Scarlett | **Hagens Berman Sobol Shapiro LLP** | Direct: (510) 725-3032

---

**From:** Briesacher, Christina L. <christina.briesacher@kirkland.com>
**Sent:** Friday, September 27, 2019 2:49 PM
**To:** Shana Scarlett <shanas@hbsslaw.com>; Steve Berman <Steve@hbsslaw.com>; Breanna Van Engelen <breannav@hbsslaw.com>; Rio Pierce <riop@hbsslaw.com>
**Cc:** Cottrell, Christa C. <ccottrell@kirkland.com>; Laytin, Daniel E. <dlaytin@kirkland.com>
**Subject:** RE: Pork Antitrust: Improper Witness Contact

Shana:

It has been over two weeks since we sent the below note regarding Plaintiffs' improper witness contact. If we do not receive confirmation by the close of business on Monday that you have agreed to the requests and disclosures in our 9/12 email, we intend to raise these issues with the Court.

Sincerely,
Christina

Christina Briesacher
-----------------------------------------------------
KIRKLAND & ELLIS LLP
300 North LaSalle, Chicago, IL 60654
T +1 312 862 7322
F +1 312 862 2200
-----------------------------------------------------
christina.briesacher@kirkland

**From:** Briesacher, Christina L.
**Sent:** Thursday, September 12, 2019 5:48 PM
**To:** 'Shana Scarlett' <shanas@hbsslaw.com>; Steve Berman <Steve@hbsslaw.com>; Breanna Van Engelen <breannav@hbsslaw.com>; Rio Pierce <riop@hbsslaw.com>
**Cc:** Laytin, Daniel E. <dlaytin@kirkland.com>; Cottrell, Christa C. <ccottrell@kirkland.com>
**Subject:** RE: Pork Antitrust: Improper Witness Contact

Shana:

Your email is incorrect. Hagens Berman has, in fact, contacted at least one ***current*** Clemens officer, who you knew to be a current officer based on our meet and confers regarding document custodians where we told you as such and on organizational charts we produced where the officer was identified. In fact, a simple Google search would have identified this individual as a current Clemens employee. Nevertheless, you contacted our officer under the false pretense of "conducting research" while not identifying yourselves as associated with

2

Hagens Berman, informing the current employee of your affiliation to the lawsuit, asking whether the employee is represented, or advising that the employee is not required to speak with you and can choose to have counsel present.  These actions run afoul of ethical rules and Minnesota law.  *See* Rule 4.2, 4.3 and 8.4; *In re Disciplinary Action against McCormick*, 819 N.W.2d 442, 443 (Minn. 2012);*see also Paulson v. Plainfield Trucking, Inc.*, 210 F.R.D. 654 (D. Minn. 2002).

As Hagens Berman has apparently been contacting employees of Defendants without alerting those employees of your affiliation and their rights, and using misrepresentations to attempt to gain information from these employees, we request you immediately provide a list of each individual that Hagens Berman, or any individual working on behalf of Hagens Berman, has contacted and the dates of those contacts.

In addition, we demand that you make the following disclosures when contacting any individuals you believe to be former employees orany other individual to gain information regarding this lawsuit to prevent any further misrepresentations:

·        Fully disclose your representative capacity to the individual, including that you are working at or for Hagens Berman and representing Plaintiffs in this lawsuit, and the reasons for seeking the interview;
·        Inquire and confirm the individual is not a current employee of any Defendant, and if so, stop the interview immediately;
·        Inquire whether the individual is currently represented, and if so, stop the interview immediately;
·        Inform the individual of his or her right to refuse to be interviewed;
·        Inform the individual of his or her right to have counsel of their choosing present during the interview; and
·        Inform the individual that he or she should not divulge privileged communications.

*See* Rules 4.3 & 4.4; *see also Paulson v. Plainfield Trucking, Inc.*, 210 F.R.D. 654, 659 (D. Minn. 2002); *Cosgrove v. OS Rest. Servs., Inc.*, 2011 WL 13312206, at *2 (D. Minn. Feb. 28, 2011).

Please confirm your agreement with these requests and disclosures.  If you refuse to agree to the requests for information and/or the request to make full and fair disclosures to those you seek to interview and not to engage in further misrepresentations, we reserve our rights to raise with the Court.

Christina

**Christina Briesacher**
-------------------------------------------------------
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
T +1 312 862 7322
F +1 312 862 2200
-------------------------------------------------------
christina.briesacher@kirkland.com

---

**From:** Shana Scarlett <shanas@hbsslaw.com>
**Sent:** Friday, August 30, 2019 2:35 PM
**To:** Briesacher, Christina L. <christina.briesacher@kirkland.com>; Steve Berman <Steve@hbsslaw.com>; Breanna Van Engelen <breannav@hbsslaw.com>; Rio Pierce <riop@hbsslaw.com>
**Cc:** Laytin, Daniel E. <dlaytin@kirkland.com>; Cottrell, Christa C. <ccottrell@kirkland.com>
**Subject:** [EXT] RE: Pork Antitrust: Improper Witness Contact

Dear Christina,

3

The ABA has opined that Rule 4.2 does not apply to former employees. ABA Formal Opinion 91–359 (Mar. 22, 1991). The ABA specifically emphasized that restricting communications with former employees would "inhibit the acquisition of information." Courts in the Northern District of Illinois have held that Rule 4.2 "is not intended to prevent a party from discovering potentially prejudicial facts; rather, it is intended to protect the attorney-client relationship of counsel with a corporate client. Former employees, unlike current ones, cannot be construed as parties or agents of a corporate party and, thus, are not within the scope of the rule." *Breedlove v. Tele-Trip Co.*, No. 91 C 5702, 1992 WL 202147, at *1 (N.D. Ill. Aug. 14, 1992). These Courts further recognize "The possibility that former employees may reveal damaging information, which may give rise to a corporation's liability, is insufficient to implicate Rule 4.2." *Orlowski v. Dominick's Finer Foods, Inc.*, 937 F. Supp. 723, 728 (N.D. Ill. 1996). Courts in the District of Minnesota also recognize that Rule 4.2 is not violated in communications with former employees unless counsel specifically solicits privileged information. *See e.g., Olson v. Snap Prod., Inc.*, 183 F.R.D. 539, 545 (D. Minn. 1998) (party did not violate Minnesota Rule of Professional Conduct § 4.2 when they contacted former CEO of opposing party)

Hagens Berman has not engaged in any substantive communications with current employees of Clemens. Hagens Berman has contacted individuals who we believed to be former Clemens employees as part of ongoing case investigations. As part of the process of contacting these individuals, we have endeavored in our initial communication to confirm that these individuals are no longer employed by Clemens.

We confirm that Hagens Berman has and will continue to comply with all applicable Rules of Professional Conduct.

Sincerely, Shana


Shana Scarlett | **Hagens Berman Sobol Shapiro LLP** |Direct: (510) 725-3032

---

**From:** Briesacher, Christina L. <christina.briesacher@kirkland.com>
**Sent:** Thursday, August 29, 2019 10:04 AM
**To:** Shana Scarlett <shanas@hbsslaw.com>; Steve Berman <Steve@hbsslaw.com>; Breanna Van Engelen <breannav@hbsslaw.com>; Rio Pierce <riop@hbsslaw.com>
**Cc:** Laytin, Daniel E. <dlaytin@kirkland.com>; Cottrell, Christa C. <ccottrell@kirkland.com>
**Subject:** Pork Antitrust: Improper Witness Contact
**Importance:** High

Counsel,

We recently learned that you have been contacting current Clemens' employees to gather information related to the case. As you know, K&E represents Clemens in this lawsuit and it is entirely improper for plaintiffs to contact represented witnesses. We demand that you cease contacting Clemens' employees immediately.

Christina

**Christina Briesacher**
-----------------------------------------------------
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
T +1 312 862 7322
F +1 312 862 2200

4

-------------------------------------------------------
christina.briesacher@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.