# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION* | Case No. 18-cv-01776 (JRT/HB) |
| This Document Relates To: *ALL ACTIONS* | **ORDER REGARDING *EX PARTE* WITNESS CONTACT DISCLOSURES** |

This matter is before the Court on Defendants' Motion for Protective Order Concerning *Ex Parte* Lawyer Communications [Doc. No. 374]. Based on the original motion papers, the oral argument at the hearing on November 19, 2019, and the joint update letter filed by the parties on December 2, 2019 [Doc. No. 419], **IT IS HEREBY ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART** as set forth fully below.

1. For purposes of this Order, the phrase "lawyers in this action" shall include (i) any lawyer who is a member of, associated with, employed by, or otherwise affiliated with any law firm that has made an appearance on behalf of any party in this case, even if such lawyer has not individually filed a notice of appearance in the case; (ii) any non-lawyer employee, agent, or representative of any law firm who has made an appearance in this case; and (iii) any other individual, including but not limited to an investigator, working for a person identified in clauses (i) or (ii) of this paragraph.

2. In representing their respective clients and contacting individuals regarding

1

the subject matter of the litigation, the lawyers in this action, as defined in Paragraph 1, shall after verifying the identity of an individual who is contacted as a possible fact witness, but before eliciting any substantive information:

    a)   fully disclose their representative capacity to the individual contacted, including the firm they are associated with, the party they represent, and their reason(s) for making contact;

    b)   inquire and confirm whether the individual contacted is a current or former employee of an adverse party, and if they are a current employee, stop the interview immediately; and

    c)   inquire whether the individual contacted is currently represented for purposes of the subject matter of this litigation, and if so, stop the interview immediately.

3. In representing their respective clients and contacting individuals regarding the subject matter of the litigation, the lawyers in this action, as defined in Paragraph 1, shall after verifying the identity of an individual who is contacted as a possible expert witness, but before eliciting any substantive information:

    a)   fully disclose their representative capacity to the individual contacted, including the firm they are associated with, the party they represent, and their reason(s) for making contact;

    b) inquire and confirm whether the individual contacted is a current or former employee of an adverse party, and if they are a current employee, stop the interview immediately; and

    c) if the individual is a former employee, inquire whether the individual contacted is currently represented for purposes of the subject matter of this litigation, and if so, stop the interview immediately.

4. If the individual contacted is a (i) former employee of an adverse party who is unrepresented for the purposes of the subject matter of this litigation, or (ii) person whose interests the party making contact knows or reasonably should know may be adverse to the interests of the party making contact, the lawyers in this action shall provide the following additional disclosures before eliciting any substantive information:

    a) inform the individual contacted of his or her right to refuse to be interviewed;

    b) inform the individual contacted of his or her right to have his or her own counsel present during the interview;

    c) inform the individual contacted that he or she should not divulge privileged communications during the interview.

5. If the lawyers in this action leave a voicemail for a potential fact or expert witness, they will not misrepresent their identity or affiliation in the

voicemail**.**

6. This Order Regarding *Ex Parte* Witness Contact Disclosures shall govern all parties in the above-captioned case and any related actions that may later be consolidated with this case.

Dated: December 5, 2019          *s/ Hildy Bowbeer*
                                 HILDY BOWBEER
                                 United States Magistrate Judge