**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION*<br><br>This Document Relates To:<br>*All Actions, including:*<br><br>*Commonwealth of Puerto Rico v. Agri Stats Inc., et al.*<br><br>*Winn-Dixie Stores, et a. v. Agri Stats Inc., et al.* | No. 0:18-cv-01776 (JRT-HB)<br><br>**JOINT LETTER PROPOSAL REGARDING BRIEFING DEADLINES AND WORD LIMITS** |

Dear Judge Bowbeer:

Pursuant to the Court's October 24, 2019 Order (Dkt. 389), the parties have met and conferred regarding a common briefing schedule and word limits for the motions to dismiss the amended complaints filed on November 6, 2019 by the putative class plaintiffs (Dkts. 390, 392, and 399), and the amended complaints filed on December 6, 2019 by the Commonwealth of Puerto Rico in Case No. 19-cv-02723 (Dkt. 15) and Winn-Dixie/Bi-Lo in Case No. 19-cv-1578 (Dkt. 81). Whereas the parties were able to reach agreement on a common briefing schedule (*see* below), they were unable to reach agreement on word limits and thus set forth their competing proposals and positions below:

Agreed Proposed Briefing Schedule

All parties propose the following schedule for briefing on the motions to dismiss. This proposed schedule would have the motions fully briefed by March 13, 2020, as ordered by the Court. *See* Dkt. 389 at 2:

- Defendants' opening briefs: Due January 15, 2020;
- Plaintiffs' opposition briefs: Due February 21, 2020;
- Defendants' reply briefs: Due March 13, 2020.

Proposed Word Limits

As with the previous motions to dismiss, certain of the parties propose to consolidate their arguments into joint briefs that would address the federal law claims, non-federal law claims, and shorter individual briefs that would address matters unique to each defendant. As detailed below, Defendants believe that the motions to dismiss (and responses thereto) should be consolidated as to all five cases given the substantial overlap in the allegations in each of the five cases. The Class Plaintiffs agree that the arguments should be

consolidated as to the three class cases, but that the *Winn-Dixie* and *Puerto Rico* motions to dismiss should be briefed separately.

Counsel for *Puerto Rico* take no position on the consolidation of arguments with respect to the three class cases, and will endeavor to meet and confer with Class Plaintiffs to jointly address any arguments that are jointly applicable to the Class Complaints and Puerto Rico, but agrees that Puerto Rico should have the opportunity to separately brief any unique argument addressing Puerto Rico's Amended Complaint on grounds not applicable to the Class Complaints.

Finally, Winn-Dixie takes no position on the consolidation of arguments with respect to the three class cases, and will endeavor with Class Plaintiffs to jointly address any arguments that are jointly applicable to the Class Complaints and Winn-Dixie. However, Winn-Dixie takes the position that it should have the opportunity to separately brief any arguments addressing Winn-Dixie's Amended Complaint.

*Defendants' Position:*

Given the substantial overlap in the allegations as and between the three class complaints and the two individual follow-on complaints—*Winn-Dixie* and *Puerto Rico*—Defendants believe that it would be inefficient for the Court and prejudicial to Defendants for Defendants to be required to respond separately to the various complaints. This is not a motion for class certification such that the Class Plaintiffs have particularly unique arguments as to the putative classes. Rather, the anticipated motions are ones that will attack the sufficiency of plaintiffs' allegations of conspiracy—all of which are common to all of the plaintiffs in the five cases. To the extent that the Court does not order consolidated briefing as to all of the complaints, Defendants submit that the word counts proposed below should govern and plaintiffs be required to divide them amongst themselves as they deem appropriate.

- *Joint Briefs (Federal Claims)*

Defendants would have up to 27,000 words to use in total for their opening and reply briefs directed at the federal claims in all five of the amended complaints. Plaintiffs collectively would have up to 27,000 words to use in total for their single, joint opposition brief.

- *Joint Briefs (Non-Federal Claims)*

For the joint motion to dismiss directed at the two indirect-purchaser class cases and the non-federal claims in the *Puerto Rico* amended complaint, Defendants would be permitted to use up to 17,000 words in total for their opening and reply briefs, and Plaintiffs would be permitted to use up to 17,000 words in their single, joint response brief.

- *Individual Briefs*

For any motions to dismiss that will be filed by individual Defendants, each moving Defendant would be permitted to use up to 4,000 words in total for its opening and reply briefs, and the Plaintiffs collectively would be permitted to use up to 4,000 words in response to each, filed either in single, joint response briefs, or in a consolidated joint response brief.

## *Class Plaintiffs' Position:*

Class plaintiffs propose for the briefing regarding the class complaints, the same approach and word limits that was used in the prior briefing.

For the joint motion to dismiss directed at all three class complaints, Defendants have up to 27,000 words to use in total for their opening and reply briefs. Class Plaintiffs have up to 27,000 words to use in total for their single, joint opposition brief.

For the joint motion to dismiss directed solely at the two indirect-purchaser cases, Defendants would be permitted to use up to 15,000 words in total for their opening and reply briefs, and the Class Plaintiffs would be permitted to use up to 15,000 words in their single, joint response brief.

For the motions to dismiss that will be filed by individual Defendants, each moving Defendant would be permitted to use up to 3,000 words in total for its opening and reply briefs, and the Class Plaintiffs would be permitted to use up to 3,000 words in response to each, filed either in single, joint response briefs or in a consolidated joint response brief.

Class Plaintiffs have already taken significant steps to minimize duplicative burden by proposing a consolidated joint brief for the class complaints and a consolidated joint brief regarding the claims of the indirect purchaser classes. Class Plaintiffs and DAP plaintiffs have filed separate complaints, and represent different clients and interests in this litigation. Class plaintiffs are willing to confer with DAP counsel to avoid overlap and repetition in their separate responses to defendants' motions to the extent possible. Class Plaintiffs would also be willing meet and confer with DAP counsel to discuss whether DAP counsel can use some portion of Class Plaintiffs' 27,000 word limit for their own separate brief.

Class plaintiffs, however, would be materially prejudiced in our ability to fully present arguments on behalf of the classes by being forced to consolidate our arguments with these separate plaintiffs in separate actions. Therefore, Class plaintiffs respectfully request that the Court not consolidate briefing of the class complaints with briefing of the *Winn-Dixie* and *Puerto Rico* complaints.

### *Puerto Rico's Position:*

There are undoubtedly factual similarities between the Commonwealth of Puerto Rico's Amended Complaint and the other operative complaints filed in this action, and Puerto Rico will endeavor to work with Class Plaintiffs to jointly address any arguments that are applicable to both the Class Complaints and Puerto Rico for the sake of efficiency. However, Puerto Rico's Amended Complaint is unique and stands on its own.  Puerto Rico is the only sovereign entity in these consolidated proceedings, and seeks, *inter alia*, unique relief based on its sovereign status and makes separate and distinct claims than those made by the Class Complaints.  No Defendant previously moved to dismiss Puerto Rico's Complaint, and Puerto Rico cannot anticipate what arguments Defendants will make in that regard, if any.

However, and to the extent any Defendant does move to dismiss Puerto Rico's Amended Complaint based on arguments applicable only to Puerto Rico's Amended Complaint and not the Class Complaints, Puerto Rico should be permitted to brief and oppose any such arguments separately.  Puerto Rico has separate and distinct interests and is represented by separate counsel, and would be prejudiced if forced to brief Puerto Rico-specific arguments jointly with Winn-Dixie and/or the pending Class Plaintiffs.

Therefore, and for the foregoing reasons, Puerto Rico should be permitted to separately brief and oppose any arguments addressing Puerto Rico's Amended Complaint on grounds not applicable to the Class Complaints.

### *Winn-Dixie's Position:*

While there may be factual similarities between Winn-Dixie's Amended Complaint and the other operative complaints filed in this action, Winn-Dixie's Amended Complaint is unique and stands on its own because it is the only Direct Action Plaintiff or Opt Out Plaintiff, and its case is not brought as a class action. Moreover, No Defendant previously moved to dismiss Winn-Dixie's Complaint, and Winn-Dixie should not be put in the position of speculating as to all of the arguments Defendants directed to its Amended Complaint.

Thus, to the extent any Defendant does move to dismiss Winn-Dixie's Amended Complaint, Winn-Dixie should be permitted to brief and oppose any such arguments separately.  Winn-Dixie has its own issues and is represented by separate counsel, and would be prejudiced if forced to brief Winn-Dixie specific arguments jointly Puerto Rico and/or the pending Class Plaintiffs. Therefore, and for the foregoing reasons, Winn-Dixie should be permitted to separately brief and oppose any arguments addressing its Amended Complaint.

Dated: December 13, 2019          Respectfully submitted,

| | |
|---|---|
| */s/ Bobby Pouya* | */s/ Shana E. Scarlett* |
| Bruce L. Simon | Steve W. Berman |
| PEARSON, SIMON & WARSHAW, LLP | Breanna Van Engelen |
| 44 Montgomery Street, Suite 2450 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| San Francisco, CA 94104 | 1301 2nd Avenue, Suite 2000 |
| Telephone: (415) 433-9000 | Seattle, WA 98101 |
| Facsimile: (415) 433-9008 | Telephone: (206) 623-7292 |
| bsimon@pswlaw.com | Facsimile: (206) 623-0594 |
| | steve@hbsslaw.com |
| Clifford H. Pearson | breannav@hbsslaw.com |
| Daniel L. Warshaw | |
| Bobby Pouya | Shana E. Scarlett |
| Michael H. Pearson | Rio S. Pierce |
| PEARSON SIMON & WARSHAW, LLP | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 15165 Ventura Boulevard, Suite 400 | 715 Hearst Avenue, Suite 202 |
| Sherman Oaks, CA 92403 | Berkeley, CA 94710 |
| Telephone: (818) 788-8300 | Telephone: (510) 725-3000 |
| Facsimile: (818) 788-8104 | Facsimile: (510) 725-3001 |
| cpearson@pswlaw.com | shanas@hbsslaw.com |
| dwarshaw@pswlaw.com | riop@hbsslaw.com |
| bpouya@pswlaw.com | |
| mpearson@pswlaw.com | Daniel E. Gustafson (#202241) |
| | Daniel C. Hedlund (#258337) |
| Melissa S. Weiner (MN #0387900) | Michelle J. Looby (#388166) |
| Joseph C. Bourne (MN #0389922) | Britany N. Resch (#0397656) |
| PEARSON, SIMON & WARSHAW, LLP | GUSTAFSON GLUEK PLLC |
| 800 LaSalle Avenue, Suite 2150 | 120 South 6th Street, Suite 2600 |
| Minneapolis, MN 55402 | Minneapolis, MN 55402 |
| Telephone: (612) 389-0600 | Telephone: (612) 333-8844 |
| Facsimile: (612) 389-0610 | Facsimile: (612) 339-6622 |
| mweiner@pswlaw.com | dgustafson@gustafsongluek.com |
| jbourne@pswlaw.com | dhedlund@gustafsongluek.com |
| | mlooby@gustafsongluek.com |
| W. Joseph Bruckner (MN #0147758) | bresch@gustafsongluek.com |
| Elizabeth R. Odette (MN #0340698) | |
| Brian D. Clark (MN #0390069) Simeon A. Morbey (MN #0391338) | *Co-Lead Counsel for Consumer Indirect Purchaser Plaintiffs* |
| Arielle S. Wagner (MN #0398332) | |
| Stephanie A. Chen (MN #0400032) | |

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
erodette@locklaw.com
bdclark@locklaw.com
samorbey@locklaw.com
aswagner@locklaw.com
sachen@locklaw.com

*Co-Lead Class Counsel for Direct Purchaser Plaintiffs*


*/s/ Blaine Finley*
Shawn M. Raiter (MN# 240424)
LARSON • KING, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6518
sraiter@larsonking.com

Jonathan W. Cuneo
Joel Davidow
Blaine Finley
Yifei "Evelyn" Li
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
bfinley@cuneolaw.com
evelyn@cunelolaw.com

*Co-Lead Counsel for Commercial and Institutional Indirect Purchaser Plaintiffs*

*/s/ Patrick J. Ahern*
Patrick J. Ahern (admitted *pro hac vice)*
Theodore B. Bell (admitted *pro had vice)*
AHERN AND ASSOCIATES, P.C.
Willoughby Tower
8 South Michigan Avenue, Suite 3600
Chicago, Illinois  60603
Ph:  (312) 404-3760
patrick.ahern@ahernandassociatespc.com
theo.bell@ahernandassociatespc.com

Patrick J. Lee-O-Halloran (#269074)
THOMPSON TARASEK LEE-O'HALLORAN PLLC
7101 York Avenue South, Suite 225
Edina, MN  55435
Telephone:  (612) 568-0132
Fax:  (612) 564-6976
patrick@ttlolaw.com

*Attorneys for Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC*

6

Dennise Longo Quiñones
Attorney General

Johan M. Rosa Rodríguez
PR Bar No. 16819
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 2600, 2601
Fax: (787) 721-3223
jorosa@justicia.pr.gov

/s/ Peter B. Schneider
Todd M. Schneider
Kyle G. Bates (USDCPR-306412)
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
2000 Powell St., Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
tschneider@schneiderwallace.com
kbates@schneiderwallace.com

Peter B. Schneider
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
3700 Buffalo Speedway, Suite 300
Houston, Texas 77098
Telephone: (713) 338-2560
Facsimile: (415) 421-7105
pschneider@schneiderwallace.com

*Counsel for the Commonwealth of Puerto Rico*

/s/ Jaime Stilson
Jaime Stilson (#0392913)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
(612) 492-6746

/s/ Mark L. Johnson
Mark L. Johnson (#0345520)
Virginia R. McCalmont (#0399496)
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
(612) 373-0830
mjohnson@greeneespel.com
bkrueger@greeneespel.com
vmccalmont@greeneespel.com

Daniel Laytin, P.C. (pro hac vice)
Christa Cottrell, P.C. (pro hac vice)
Christina Briesacher (pro hac vice)
Christina Sharkey (pro hac vice)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 861-2000
daniel.laytin@kirkland.com
christa.cottrell@kirkland.com
christina.briesacher@kirkland.com
christina.sharkey@kirkland.com

*Counsel for Clemens Food Group, LLC and The Clemens Family Corporation*

/s/ Richard A. Duncan
Richard A. Duncan (#0192983)
Aaron D. Van Oort (#0315539)
Craig S. Coleman (#0325491)
Emily E. Chow (#0388239)
Isaac B. Hall (#0395398)
Bryan K. Washburn (#0397733)
FAEGRE BAKER DANIELS LLP

7

stilson.jaime@dorsey.com

Britt M. Miller (*pro hac vice*)
Robert E. Entwisle (*pro hac vice*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
(312) 782-0600
bmiller@mayerbrown.com
rentwisle@mayerbrown.com

William H. Stallings (*pro hac vice*)
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
(202) 263-3000
wstallings@mayerbrown.com

*Counsel for Indiana Packers Corporation*

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000
richard.duncan@faegrebd.com
aaron.vanoort@faegrebd.com
craig.coleman@faegrebd.com
emily.chow@faegrebd.com
isaac.hall@faegrebd.com
bryan.washburn@faegrebd.com

*Counsel for Hormel Foods Corporation*

*/s/ Donald G. Heeman*
Donald G. Heeman (#0286023)
Jessica J. Nelson (#0347358)
Randi J. Winter (#0391354)
SPENCER FANE LLP
150 South Fifth Street, Suite 1900
Minneapolis, MN 55402
(612) 268-7000
dheeman@spencerfane.com
jnelson@spencerfane.com
rwinter@spencerfane.com

Stephen R. Neuwirth (*pro hac vice*)
Michael B. Carlinsky (*pro hac vice*)
Sami H. Rashid (*pro hac vice*)
Richard T. Vagas (*pro hac vice*)
Robert P. Vance, Jr. (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
stephenneuwirth@quinnemanuel.com

*/s/ William L. Greene*
William L. Greene (#0198730)
Peter J. Schwingler (#0388909)
Jon M. Woodruff (#0399453)
STINSON LEONARD STREET LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
john.woodruff@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LEONARD STREET LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

*Counsel for Seaboard Foods, LLC*

8

michaelcarlinsky@quinnemanuel.com
samirashid@quinnemanuel.com
richardvagas@quinnemanuel.com
bobbyvance@quinnemanuel.com

*Counsel for JBS USA Food Company*

*/s/ John A. Cotter*
John A. Cotter (#0134296)
John A. Kvinge (#0392303)
LARKIN HOFFMAN DALY &
LINDGREN LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55427-1060
(952) 835-3800
jcotter@larkinhoffman.com
jkvinge@larkinhoffman.com

Richard Parker (*pro hac vice*)
Josh Lipton (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
rparker@gibsondunn.com
jlipton@gibsondunn.com

Brian Robison (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201-6912
(214) 698-3370
brobison@gibsondunn.com

*Counsel for Smithfield Foods, Inc.*

*/s/ Aaron Chapin*
Aaron Chapin (#06292540)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
aaron.chapin@huschblackwell.com

Gene Summerlin (pro hac vice)
Marnie Jensen (pro hac vice)
Ryann Glenn (pro hac vice)
Kamron Hasan (pro hac vice)
Quinn Eaton (pro hac vice)
Sierra Faler (pro hac vice)
HUSCH BLACKWELL LLP
13330 California St., Suite 200
Omaha, NE 68154
(402) 964-5000
gene.summerlin@huschblackwell.com
marnie.jensen@huschblackwell.com
ryann.glenn@huschblackwell.com
kamron.hasan@huschblackwell.com
quinn.eaton@huschblackwell.com
sierra.faler@huschblackwell.com

*Counsel for Triumph Foods, LLC*

| | |
|---|---|
| */s/ David P. Graham* | */s/ Peter H Walsh* |
| David P. Graham (#0185462) | Peter H. Walsh (#0388672) |
| DYKEMA GOSSETT PLLC | HOGAN LOVELLS US LLP |
| 4000 Wells Fargo Center | 80 South Eighth Street, Suite 1225 |
| 90 South Seventh Street | Minneapolis, MN 55402 |
| Minneapolis, MN 55402 | T. (612) 402-3000 |
| (612) 486-1521 | F. (612) 402-3001 |
| dgraham@dykema.com | peter.walsh@hoganlovells.com |
| | |
| Jetta Sandin (*pro hac vice*) | William L. Monts (*pro hac vice*) |
| Rachel J. Adcox (*pro hac vice*) | Justin W. Bernick (*pro hac vice*) |
| Tiffany Rider Rohrbaugh (*pro hac vice*) | Jennifer A. Fleury (*pro hac vice*) |
| AXINN, VELTROP & HARKRIDER LLP | HOGAN LOVELLS US LLP |
| 950 F Street, N.W. | Columbia Square |
| Washington, D.C. 20004 | 555 Thirteenth Street, NW |
| (202) 912-4700 | Washington, D.C. 20004 |
| jsandin@axinn.com | (202) 637-5600 |
| adcox@axinn.com | william.monts@hoganlovells.com |
| trider@axinn.com | justin.bernick@hoganlovells.com |
| | jennifer.fleury@hoganlovells.com |
| | |
| *Counsel for Tyson Foods, Inc., Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc.* | *Counsel for Agri Stats., Inc* |