## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **In re Pork Antitrust Litigation**<br><br>This Document Relates To:<br><br>Commercial and Institutional Indirect Purchaser Plaintiff Actions and Consumer Indirect Purchaser Plaintiff Actions | Case No. 18-cv-01776-JRT-HB |

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS THE STATE LAW CLAIMS IN THE COMMERCIAL AND INDIVIDUAL INDIRECT PURCHASER PLAINTIFFS' AMENDED COMPLAINTS</u>

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................. 1

ARGUMENT......................................................................................................... 2

I.     THE COURT SHOULD DISMISS ALL OF THE INDIRECT
PURCHASERS' CLAIMS AS IMPLAUSIBLE OR TIME-
BARRED. .................................................................................................. 2

II.    THE CIPS LACK A NAMED PLAINTIFF, AND THEREFORE
STANDING TO SUE, FOR A MAJORITY OF THEIR STATE
LAW CLAIMS. ......................................................................................... 3

III.   THE STATE ANTITRUST CLAIMS FAIL AS A MATTER OF
LAW. ........................................................................................................ 8

     A.    The Indirect Purchasers Offer No Additional Factual Support
That Renders Their State Antitrust Claims Plausible. ................................. 8

     B.    Several State Antitrust Claims Should Also Be Dismissed for
Independent, State-Specific Reasons. ......................................................... 10

           1.    Under Illinois Law, Indirect Purchasers Cannot
Maintain a Class Action. ............................................................... 10

           2.    Under Rhode Island Law, Indirect Purchasers Cannot
Seek Damages Based on Conduct Preceding Passage
of the 2013 Illinois Brick Repealer in That State. ......................... 12

           3.    Indirect Purchasers Fail to Allege Wholly Intrastate
Conduct as Required Under Mississippi Law. ................................ 13

IV.   THE INDIRECT PURCHASERS' STATE CONSUMER
PROTECTION CLAIMS FAIL AS A MATTER OF LAW. ................................. 14

     A.    Rule 9(b)'s Heightened Pleading Requirements Apply to the
Consumer Protection Claims. ..................................................................... 14

     B.    The Indirect Purchasers' Consumer Protection Claims Are
Not Adequately Pled Under Rule 9(b). ....................................................... 17

i

C.      Plaintiffs Fail to Adequately Plead Consumer Reliance or
        Consumer-Directed Deceptive Conduct as Required Under
        the Law of Nine Jurisdictions....................................................................20

D.      Antitrust Claims Are Not Actionable Under Eight States'
        Consumer Protection Statutes. ...................................................................22

E.      The Indirect Purchasers Fail to Allege Intrastate
        Conspiratorial Activity Necessary Under Six States' Laws. .....................24

F.      Statutory Bars to Consumer Protection Class Actions
        Preclude Indirect Purchasers' Claims in Arkansas, South
        Carolina, and Utah......................................................................................26

V.      THE INDIRECT PURCHASERS' UNJUST ENRICHMENT
        CLAIMS FAIL AS A MATTER OF LAW. ..........................................................27

A.      The Indirect Purchasers Fail to Plead the Separate Elements
        of Unjust Enrichment Under the Law of Any State...................................28

B.      The Indirect Purchasers Cannot Recover Under the Laws of
        California, Mississippi, New Hampshire or Illinois Because
        Unjust Enrichment Is Not a Standalone Basis for Recovery in
        Those States................................................................................................29

C.      The Indirect Purchasers Fail to Allege that They Conferred a
        "Direct Benefit" on Defendants, as Required Under the Law
        of Ten States. .............................................................................................31

D.      The Indirect Purchasers Fail to Allege a Duty Owed by
        Defendants, as Required Under Illinois and South Carolina
        Law...............................................................................................................32

E.      The Indirect Purchasers Have Not Alleged That They Lack an
        Adequate Remedy at Law as Required Under the Law of Ten
        States. .........................................................................................................33

VI.     THE STATE LAW CLAIMS SHOULD BE DISMISSED WITH
        PREJUDICE. ......................................................................................................35

CONCLUSION ...........................................................................................................35

## TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Ackre v. Chapman & Chapman, P.C.*,
788 N.W.2d 344 (N.D. 2010) ...................................................................... 19

*Am. Orthodontics Corp. v. Epicor Software Corp.*,
746 F.Supp.2d 996 (E.D. Wisc. 2010) ........................................................ 16

*Apex Oil Co. v. Jones Stephens Corp.*,
881 F.3d 658 (8th Cir. 2018) ...................................................................... 20

*Astiana v. Hain Celestial Crp., Inc.*,
783 F.3d 753 (9th Cir. 2015) ...................................................................... 30

*Bates v. Dollar Loan Ctr., LLC*,
2014 WL 3516260 (D. Nev. July 15, 2014) ................................................ 19

*Belfiore v. Procter & Gamble Co.*,
94 F.Supp.3d 440 (E.D.N.Y. 2015) ............................................................ 19

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................... 9

*Brown v. Medtronic, Inc.*,
628 F.3d 451 (8th Cir. 2010) ........................................................................ 3

*Butler v. Jimmy John's Franchise, LLC*,
331 F.Supp.3d 786 (S.D. Ill. 2018) ............................................................ 22

*Carlsen v. GameStop, Inc.*,
833 F.3d 903 (8th Cir. 2016) ........................................................................ 4

*Carnival Corp. v. Rolls-Royce PLC*,
2009 WL 3861450 (S.D. Fla. Nov. 17, 2009) ............................................. 24

*Carriuolo v. Gen. Motors LLC*,
72 F.Supp.3d 1323 (S.D. Fla. 2014) .......................................................... 18

*City of Pittsburgh v. W. Penn Power Co.*,
147 F.3d 256 (3d Cir. 1998) ..................................................................... 7, 8

*Cole v. Chevron USA, Inc.*,
554 F.Supp.2d 655 (S.D.Miss.2007)............................................................... 29

*Cruz v. Lawson Software, Inc.*,
2010 WL 890038 (D. Minn. Jan. 5, 2010).................................................... 28

*Demitropoulos v. Bank One Milwaukee*,
NA, 915 F.Supp. 1399 (N.D. Ill. 1996) ........................................................ 25

*Dickinson v. SunTrust Mortg., Inc.*,
2015 WL 1868827 (E.D. Ark. Apr. 23, 2015) ............................................. 16

*Dooner v. Yuen*,
Civ. No. 16-1939, 2016 WL 6080814 (D. Minn. Oct. 17, 2016) ................ 34

*Drobnak v. Andersen Corp.*,
561 F.3d 778 (8th Cir. 2009) ......................................................................... 17

*Elec. Corp. v. FERD Const., Inc.*,
2005 WL 3447957 (D.N.H. Dec. 15, 2005).................................................. 33

*Ferrari v. Best Buy Co.*,
2015 WL 2242128 (D. Minn. May 12, 2015)................................................. 4

*Five for Entm't S.A. v. Rodriguez*,
877 F.Supp.2d 1321 (S.D. Fla. 2012) ........................................................... 24

*Godin v. Schencks*,
629 F.3d 79 (1st Cir. 2010) ........................................................................... 11

*Hampshire Paper Corp. v. Highland Supply Corp.*,
2002 WL 31114120 (D.N.H. Sept. 23, 2002).............................................. 19

*Icon Health & Fitness, Inc. v. Relax-a-Cizor Prod., Inc.*,
2014 WL 29002 (D. Utah Jan. 2, 2014)....................................................... 23

*Ill. Brick Co. v. Illinois*,
431 U.S. 720 (1977)......................................................................................... 1

*In re Aftermarket Filters Antitrust Litig.*,
2009 WL 3754041 (N.D. Ill. Nov. 5, 2009) .......................................... 21, 28

*In re Aftermarket Filters Antitrust Litig.*,
2010 WL 1416259 (N.D. Ill. Apr. 1, 2010) ................................................. 31

*In re Broiler Chicken*,
   290 F. Supp. 3d 772 (N.D. Ill. 2017) ...................................................................... 11, 12

*In re Cast Iron Soil Pipe & Fittings Antitrust Litig.*,
   2015 WL 5166014 (E.D. Tenn. June 24, 2015)............................................................ 25

*In re Digital Music Antitrust Litig.*,
   812 F.Supp.2d 390 (S.D.N.Y. 2011)............................................................................ 11

*In re Dynamic Random Access Mem. (DRAM) Antitrust Litig.*,
   516 F.Supp.2d 1072 (N.D. Cal. 2007) ......................................................................... 23

*In re Graphics Processing Units Antitrust Litig.*,
   527 F.Supp.2d 1011 (N.D. Cal. 2007) ......................................................................... 22

*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*,
   383 F.Supp. 3d 187 (S.D.N.Y. 2019)...................................................................... 13, 14

*In re Lipitor Antitrust Litig.*,
   336 F.Supp.3d 395 (D.N.J. 2018) ............................................................. 10, 12, 26, 27

*In re Microsoft Corp. Antitrust Litig.*,
   2003 WL 22070561 (D. Md. Aug. 22, 2003) ............................................................... 13

*In re Microsoft Corp. Antitrust Litig.*,
   401 F.Supp.2d 461 (D. Md. 2005) ............................................................................... 32

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.*,
   350 F.Supp.2d 160 (D. Me. 2004) ................................................................... 16, 21, 23

*In re Niaspan Antitrust Litig.*,
   42 F.Supp.3d 735 (E.D. Pa. 2014) .............................................................................. 12

*In re Opana ER Antitrust Litig.*,
   162 F.Supp.3d 704 (N.D. Ill. 2016) ....................................................................... 11, 28

*In re Packaged Ice Antitrust Litig.*,
   779 F.Supp.2d 642 (E.D. Mich. 2011)......................................................................... 25

*In re Packaged Seafood Prod. Antitrust Litig.*,
   242 F.Supp.3d 1033 (S.D. Cal. 2017).......................................................................... 22

*In re Pork Antitrust Litig.*,
   2019 WL 3752497 (D. Minn. Aug. 8, 2019) ................................................................. 2

*In re Pre-Filled Propane Tank Antitrust Litig.*, 2016 WL 6963059 (W.D. Mo. Jan. 13, 2016),
    *aff'd in part*, 893 F.3d 1047 (8th Cir. 2018) .......................................................... 4, 7

*In re Refrigerant Compressors Antitrust Litig.*,
    2013 WL 1431756 (E.D. Mich. Apr. 9, 2013) ..................................................... 25, 32

*In re Solodyn Antitrust Litig.*,
    No. CV 14-MD-02503-DJC, 2015 WL 5458570 (D. Mass. Sept. 16, 2015) .............. 23

*In re Static Random Access Memory Antitrust Litig. (SRAM) Antitrust Litigation*,
    2010 WL 5094289 (N.D. Cal. Dec. 8, 2010) .............................................................. 22

*In re Suboxone Antitrust Litig.*,
    64 F.Supp.3d 665 (E.D. Pa. 2014) ............................................................................. 10

*In re SuperValu, Inc.*,
    870 F.3d 763 (8th Cir. 2017) ....................................................................................... 4

*In re Target Corp. Data Sec. Breach Litig*,
    66 F.Supp.3d 1154 (D. Minn. 2014) ............................................................................ 7

*In re TD Bank*,
    150 F.Supp.3d 593 (D.S.C. 2015) ............................................................................. 26

*In re Wellbutrin XL Antitrust Litig.*,
    260 F.R.D. 143 (E.D. Pa. 2009) .............................................................................. 4, 6

*In re Wellbutrin XL Antitrust Litig.*,
    756 F.Supp.2d at 677 ................................................................................................. 11

*Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*,
    2014 WL 943224 (D. Minn. Mar. 11, 2014), *aff'd*, 797 F.3d 538 (8th Cir. 2015) ...................................................................................................................... passim

*Jackson v. ASA Holdings*,
    751 F.Supp.2d 91 (D.D.C. 2010) .............................................................................. 18

*Johnson v. Ross*,
    419 Fed. App'x 357 (4th Cir. 2011) .......................................................................... 32

*Jones v. Micron Tech. Inc.*,
    400 F. Supp. 3d 897 (N.D. Cal. 2019) ........................................................................ 8

*Karhu v. Vital Pharm., Inc.*,
    2013 WL 4047016 (S.D. Fla. Aug. 9, 2013) ............................................................. 24

*Karnatcheva v. JPMorgan Chase Bank, N.A.*,
  704 F.3d 545 (8th Cir. 2013) ........................................................................ 9

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) .................................................................... 16

*Krug v. Am. Family Mut. Ins. Co.*,
  227 F.Supp.3d 942 (N.D. Ill. 2016) ............................................................. 30

*Lewis v. Casey*,
  518 U.S. 343 (1996) ....................................................................................... 4

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ....................................................................................... 5

*Marks v. United States*,
  430 U.S. 188 (1977) ..................................................................................... 11

*McAteer v. Target Corp.*,
  2018 WL 3597675 (D. Minn. Jul. 26, 2018) ............................................. 4, 5

*Merck & Co. Inc. v. Lyon*,
  941 F.Supp. 1443 (M.D.N.C. 1996) ............................................................ 25

*Moore v. Apple, Inc.*,
  73 F.Supp.3d 1191 (N.D. Cal. 2014) ........................................................... 20

*Mosley v. GEICO Ins. Co.*,
  2014 WL 7882149 (S.D. Miss. Dec. 16, 2014) ........................................... 29

*Mulford v. Altria Grp., Inc.*,
  242 F.R.D. 615 (D.N.M. 2007) .................................................................... 19

*Oetting v. Norton*,
  795 F.3d 886 (8th Cir. 2015) ......................................................................... 4

*Olin v. Dakota Access, LLC*,
  910 F.3d 1072 (8th Cir. 2018) ..................................................................... 15

*Pacamor Bearings, Inc. v. Minebea Co.*,
  918 F.Supp. 491 (D.N.H. 1996) ................................................................... 25

*Racher v. Westlake Nursing Home Ltd. P'ship*,
  871 F.3d 1152 (10th Cir. 2017) ................................................................... 11

*re iPhone 4S Consumer Litig.*,
    2013 WL 3829653 (N.D. Cal. July 23, 2013) ............................................................. 18

*Riollano v. James B. Nutter & Co.*,
    2014 WL 12697275 (W.D. Mo. Mar. 14, 2014) ......................................................... 34

*Robinson v. HSBC Bank USA*,
    732 F.Supp.2d 976 (N.D. Cal. 2010) ........................................................................... 29

*Roth v. Life Time Fitness, Inc.*,
    2016 WL 3911875 (D. Minn. July 14, 2016) ............................................................... 7

*Ruggers Inc. v. U.S. Rugby Football Union, Ltd.*,
    843 F.Supp.2d 139 (D. Mass. 2012) ............................................................................ 33

*Schaller Tel. Co. v. Golden Sky Sys., Inc.*,
    298 F.3d 736 (8th Cir. 2002) ........................................................................................ 17

*Shady Grove Orthopedic Associates v. Allstate Insurance*,
    559 U.S. 393 (2010) .......................................................................................... 10, 11, 12

*Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*,
    263 F.R.D. 205 (E.D. Pa. 2009) ............................................................................ 21, 25

*Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, Plc*,
    737 F.Supp.2d 380 (E.D. Pa. 2010) ............................................................................. 20

*Small v. Univ. Med. Ctr. of S. Nev.*,
    No. 2:13-cv-00298, 2016 WL 4157309 (D. Nev. Aug. 3, 2016) ................................. 33

*Spacesaver Corp. v. Marvel Grp., Inc.*,
    621 F.Supp.2d 659 (W.D. Wis. 2009) ......................................................................... 19

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998) .......................................................................................................... 4

*Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*,
    781 F.3d 1003 (8th Cir. 2015) ........................................................................ 15, 16, 17

*Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air–Conditioning
    Engineers, Inc.*,
    2011 WL 13116667 (E.D. Wis. Nov. 15, 2011) ......................................................... 21

*Thunander v. Uponor, Inc.*,
    887 F.Supp.2d 850 (D. Minn. 2012) ............................................................................. 4

*Tuttle v. Lorillard Tobacco Co.*,
    118 F.Supp.2d 954 (D. Minn. 2000) .......................................................................... 15

*Whitlock v. FSL Mgmt., LLC*,
    843 F.3d 1084 (6th Cir. 2016) .................................................................................. 11

*Willert v. Andre*,
    2017 WL 5033658 (W.D. Wis. Oct. 31, 2017) .......................................................... 21

*Williams v. Purdue Pharm Co.*,
    297 F.Supp.2d 171 (D.D.C. 2003) ............................................................................ 20

*Williams v. Scottrade, Inc.*,
    2006 WL 2077588 (E.D. Mich. July 24, 2006) .......................................................... 16

*Windage, LLC v. U.S. Golf Ass'n*,
    Civ. No. 07-4897 ADM/AJB, 2008 WL 2622965 (D. Minn. July 2, 2008) ................. 9

*Witherspoon v. Philip Morris Inc.*,
    964 F.Supp.455 (D.D.C. 1997) ................................................................................. 16

*Zyla v. Wadsworth, Div. of Thomson Corp.*,
    360 F.3d 243 (1st Cir. 2004) ..................................................................................... 25

**STATE CASES**

*A & M Supply v. Microsoft Corp.*,
    2008 WL 540883 (Mich. App. Ct. Feb. 28, 2008) ..................................................... 31

*Baker Const. Co., Inc. v. City of Burlington*,
    2009 WL 3350747 (N.C. Ct. App. 2009) .................................................................. 31

*Bellermann v. Fitchburg Gas & Elec. Light Co.*,
    475 Mass. 67 (2016) .................................................................................................. 18

*Brown v. Pinnacle Restoration LLC*,
    No. 1 CA–CV 12–0550, 2013 WL 3148654 (Ariz. Ct. App. June 18, 2013) ............. 31

*Burkhart v. Wolf Motors of Naperville, Inc. ex rel. Toyota of Naperville*,
    61 N.E.3d 1155 (Ill. App. Ct. 2016) ......................................................................... 18

*Bus. Cabling v. Yokeley*,
    182 N.C. App. 657 (N.C. Ct. App. 2007) .................................................................. 19

*Davis v. Four Seasons Hotel Ltd.*,
    228 P.3d 303 (Haw. 2010) ........................................................................................ 18

*Ellis v. Smith Grading & Paving, Inc.*,
    366 S.E.2d 12 (S.C. Ct. App. 1988) ................................................................. 33

*Estate of Johnson v. Melvin Rose, Inc.*,
    2007 WL 1832029 (Mass. Super. Ct. May 9, 2017) ...................................... 31

*Freeman v. Sorchych*,
    245 P.3d 927 (Ariz. Ct. App. 2011) ............................................................... 33

*Furlough v. Spherion Atl. Workforce, LLC*,
    397 S.W.3d 114 (Tenn. 2013) ......................................................................... 34

*Gaebler v. N.M. Potash Corp.*,
    676 N.E. 2d 228 (Ill. App. Ct. 1996) ............................................................. 22

*Gen. Insulation Co. v. Eckman Const.*,
    992 A.2d 613 (N.H. 2010) ............................................................................... 30

*Goshen v. Mut. Life Ins. Co.*,
    774 N.E.2d 1190 (N.Y. 2002) ........................................................................ 25

*In re Tobacco II Cases*,
    207 P.3d 20 (Cal. 2009) ................................................................................. 20

*JA-DEL, Inc. v. Winkler*,
    432 P.3d 694 (Kan. Ct. App. 2019), *review denied* (Sept. 9, 2019) ........... 31

*Jones v. Mackey Price Thompson & Ostler*,
    355 P.3d 1000 (Utah 2015) ............................................................................ 31

*K.A.C. v. Benson*,
    527 N.W.2d 553 (Minn. 1995) ....................................................................... 18

*Kopel v. Kopel*,
    229 So.3d 812 (Fla. 2017) .............................................................................. 31

*Lerfald v. Gen. Motors Corp.*,
    No. CT 03-003327 (Minn. Dist. Ct. Nov. 7, 2003) ...................................... 23

*Long v. Dell, Inc.*,
    93 A.3d 988 (R.I. 2014) ................................................................................. 23

*Maranda v. Grp. Health Plan, Inc.*,
    No. CIV.07-4655 DSD/SRN, 2008 WL 2139584 (D. Minn. May 20, 2008) ............ 34

*Martis v. Grinnell Mut. Reinsurance Co.*,
   905 N.E.2d 920 (Ill. App. Ct. 2009) ............................................................ 32

*McColl Farms, LLC v. Pflaum*,
   837 N.W.2d 359 (N.D. 2013) ...................................................................... 31

*PH W. Dover Prop., LLC v. Lalancette Engineers*,
   120 A.3d 1135 (Vt. 2015) ........................................................................... 19

*Phila. Indem. Ins. Co. v. Pace Suburban Bus Serv.*,
   67 N.E.3d 556 (Ill. App. Ct. 2016) ............................................................. 32

*Pilot Inv. Grp. Ltd. v. Hofarth*,
   550 N.W.2d 27 (Neb. 1996) ........................................................................ 33

*Pitts v. Jackson Nat'l Life Ins. Co.*,
   574 S.E.2d 502 (S.C. Ct. App. 2002) .......................................................... 32

*Rindal v. Sohler*,
   658 N.W.2d 769 (S.D. 2003) ...................................................................... 34

*Sisney v. Best Inc.*,
   754 N.W.2d 804 (S.D. 2008) ...................................................................... 19

*Smestad v. Harris*,
   820 N.W.2d 363 (N.D. 2012) ...................................................................... 33

*Southtown Plumbing, Inc. v. Har-Ned Lumber Co., Inc.*,
   493 N.W.2d 137 (Minn. 1992) .................................................................... 33

*State ex rel. Bryant v. R & A Inv. Co.*,
   985 S.W.2d 299 (Ark. 1999) ....................................................................... 22

*State ex rel. Spaeth v. Eddy Furniture Co.*,
   386 N.W.2d 901 (N.D. 1986) ...................................................................... 16

*Thorpe v. Washington City*,
   243 P.3d 500 (Utah Ct. App. 2010) ............................................................ 34

*Trade 'N Post, L.L.C. v. World Duty Free Americas, Inc.*,
   628 N.W.2d 707 (N.D. 2001) ...................................................................... 23

*Union Nat'l Life Ins. Co. v. Crosby*,
   870 So.2d 1175 (Miss. 2004) ...................................................................... 30

*VCS, Inc. v. Utah Cmty. Bank*,
  293 P.3d 290 (Utah 2012) ......................................................................... 35

*Wallis v. Ford Motor Co.*,
  362 Ark. 317 (Ark. 2005) .......................................................................... 18

*White v. Medico Life Ins. Co.*,
  212 Neb. 901 (1982) .................................................................................. 19

*Willis v. Rehab Solutions, PLLC*,
  82 So.3d 583 (Miss. 2012) ........................................................................ 30

*Wright v. Craft*,
  372 S.C. 1 (S.C. Ct. App. 2006) ............................................................... 19

**FEDERAL STATUTES**

Clayton Act ...................................................................................................... 3

Sherman Act
  Section 1, 15 U.S.C. § 1 ........................................................................ 2, 8

**STATE STATUTES**

Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-113(f)(1)(B) ....................... 26

California Cartwright Act, Cal. Bus. & Prof. Code § 16700, *et seq.* ................................... 9

Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.* .............. 24

Illinois:
  Ill. Comp. Stat. § 10/7(2) ......................................................................... 10
  Illinois Antitrust Act, 740 Ill. Comp. Stat. 10/3(1), *et seq.* ........................................... 10

Kan. Stat. § 50-101 *et seq.* ................................................................................. 9

Massachusetts Consumer Protection Law, Mass. Gen. Laws Chapter 93A ..................... 24

Michigan:
  Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903(1) ..................... 23
  Mich. Comp. Laws § 445.911(2) ............................................................... 18

Minnesota:
  Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69, subd. 1 ............................... 19
  Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.43-48 ....................... 23

Missouri:
  Missouri Merchandising Practices Act, Mo. Ann. Stat. § 407.010, *et seq.* .................. 9
  Mo. Rev. Stat. § 407.025 ............................................................................................ 19

New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. §358-A ...................... 25

North Dakota:
  N.D. Cent. Code § 51-10, *et. seq.* .............................................................................. 23
  N.D. Unlawful Sales or Advertising Practices, N.D. Cent. Code § 51-15-02 ............ 21

Rhode Island Deceptive Trade Practices Act, R.I. Gen. Laws. § 6-13.1-5.2 ................... 19

S.C. Code Ann. § 39–5–140(a) ......................................................................................... 26

South Dakota Code § 37-24-6 ........................................................................................... 23

Utah:
  Utah Antitrust Act, Utah Code Ann. §76-10-3109(9) ................................................. 24
  Utah Consumer Sales Practices Act, Utah Code § 13-11-19 ............................... passim
  Utah Unfair Practices Act, Utah Code § 13-5-1, *et seq.* ....................................... 15, 19
  Utah Unfair Practices Act, Utah Code § 13-5-3 ......................................................... 24

Vermont Consumer Protection Act, Vt. Stat. Ann. § 2453, *et seq.* .................................. 9

West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-6-106 ........... 19

Wisconsin Consumer Protection Statute, Wis. Stat. § 100.18 .......................................... 25

**INTRODUCTION**

Alleged indirect purchasers of pork products have filed putative class actions asserting claims under the Sherman Act and a slew of state antitrust, consumer protection, and unjust enrichments laws.  This memorandum addresses those state law claims.

The indirect purchaser plaintiffs fall into two groups: (1) commercial indirect purchasers who purchased pork for commercial food preparation ("CIP"); and (2) individual indirect purchasers who purchased pork for individual use ("IPP" and collectively with CIPs, the "Indirect Purchasers").[1]  Indirect Purchasers cannot seek monetary relief under the Sherman Act.  *See Ill. Brick Co. v. Illinois*, 431 U.S. 720 (1977).  As a result, they seek only injunctive relief under the Sherman Act.  In their separate joint motion to dismiss all Plaintiffs' federal claims, Defendants show that Plaintiffs have not plausibly alleged a violation of the Sherman Act.[2]  But the Indirect Purchasers additionally allege claims under a wide range of state laws.  All of their various state law claims fail.

As discussed in detail below, (a) all of the Indirect Purchasers' state law claims fail for the same reasons discussed in Defendants' Joint Federal Memorandum addressing

---

[1] Citations to the IPP and CIP Second Amended and Consolidated Class Action Complaints ("Complaints") will be to those filed in *In re Pork Antitrust Litigation*, Case No. 18-cv-01776-JRT-HB (D. Minn.), Doc. 392 ("IPP."), and Doc. 432 ("CIP").

[2] Defendants incorporate herein the arguments raised in the Defendants' memorandum of law in support of their joint motion to dismiss the federal law claims filed in this consolidated action ("Joint Federal Memorandum").  Doc. 434.

1

Plaintiffs' claims under  the Sherman Act (Section I); (b) the CIPs' claims in 20 jurisdictions fail because they do not have a representative plaintiff from those states and therefore lack Article III standing (Section II); (c) the Indirect Purchasers' state *antitrust* claims fail for various reasons (Section III); (d) the Indirect Purchasers' state *consumer protection* claims fail for various reasons (Section IV); and (e) the Indirect Purchasers' state *unjust enrichment* claims fail for various reasons (Section V).   Accordingly, the Indirect Purchasers claims should be dismissed under Federal Rule of Civil Procedure 12(b)(1)—for lack of Article III standing—and Rule 12(b)(6)—for failing to state a claim upon which relief can be granted.

## ARGUMENT

### I.    THE COURT SHOULD DISMISS ALL OF THE INDIRECT PURCHASERS' CLAIMS AS IMPLAUSIBLE OR TIME-BARRED.

Defendants' motion to dismiss the federal law claims details how all the Plaintiffs have failed to plausibly allege a conspiracy in violation of Section 1 of the Sherman Act, 15 U.S.C § 1.   Importantly, *each and every state law claim brought by the Indirect Purchasers is predicated on the same implausible and legally insufficient allegations of a supply-control conspiracy as their Sherman Act claims*.   As the Court previously recognized, the Indirect Purchasers "fail[ure] to adequately plead a conspiracy" necessitates "granting Defendants' motions to dismiss the state law claims." *In re Pork Antitrust Litig.*, 2019 WL 3752497, *10 (D. Minn. Aug. 8, 2019). Notably, the state law claims remain virtually unchanged from those previously assessed by the Court in connection with the original motions to dismiss.

2

Accordingly, none of the Indirect Purchasers' claims has been plausibly alleged, and all should be dismissed.  Additionally, for the same reasons explained in Defendants' Joint Federal Memorandum, most of the Indirect Purchasers' claims are also barred by applicable state statutes of limitation of four or fewer years, which, like the Clayton Act's four-year limitations period, have long-since run.[3]

As set forth below, the state law claims suffer from further legal and pleading defects that independently require dismissal.

## II.  THE CIPS LACK A NAMED PLAINTIFF, AND THEREFORE STANDING TO SUE, FOR A MAJORITY OF THEIR STATE LAW CLAIMS.

The CIPs fail to name a representative plaintiff in <u>20</u> of the <u>28</u> jurisdictions for which they assert claims.  Therefore, they lack standing to assert claims under the laws of the following 20 jurisdictions:  D.C., Iowa, Kansas, Maine, Massachusetts, Michigan, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, and West Virginia.[4]  CIP ¶¶221-288.

Analysis of Article III standing is an issue preliminary to adjudication on the merits.  The Court "must address questions of standing before addressing the merits of [the] case" where "standing is called into question."  *Brown v. Medtronic, Inc.*, 628 F.3d

---

[3] Exhibit 1 identifies the relevant statutes of limitation of four years or fewer for the state antitrust, consumer protection, and unjust enrichment claims the Indirect Purchasers assert.

[4] The CIPs allege that they reside in eight states (Arizona, Arkansas, California, Florida, Minnesota, Mississippi, New York, and Wisconsin).

451, 455 (8th Cir. 2010) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102 (1998)).  Standing is a threshold jurisdictional inquiry because "[w]ithout jurisdiction the court cannot proceed at all in any cause" and may only dismiss the case.  *Steel Co.*, 523 U.S. at 94.  "The requirements for standing do not change in the class action context." *In re SuperValu, Inc.*, 870 F.3d 763, 768 (8th Cir. 2017).  Thus, to represent a class, a named plaintiff must suffer the injury giving rise to the claim.  *See Lewis v. Casey*, 518 U.S. 343, 357 (1996); *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 910 (8th Cir. 2016); *Thunander v. Uponor, Inc.*, 887 F.Supp.2d 850, 863 (D. Minn. 2012); *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 152 (E.D. Pa. 2009).  A named plaintiff must have standing at the time a class action is filed.  *Oetting v. Norton*, 795 F.3d 886, 891 (8th Cir. 2015).

The focus of the Article III analysis in this case is not whether the CIPs have standing to bring *any* state claim but instead whether the CIPs can bring *each* of the state law claims alleged in their Complaint.

The weight of authority in this District and other district courts within the Eighth Circuit holds that "named plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury." *Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 2014 WL 943224, at *11 (D. Minn. Mar. 11, 2014) (Montgomery, J.) *aff'd*, 797 F.3d 538 (8th Cir. 2015); *McAteer v. Target Corp.*, 2018 WL 3597675, at *3 (D. Minn. Jul. 26, 2018) (Frank, J.); *Ferrari v. Best Buy Co.*, 2015 WL 2242128, at *9 (D. Minn. May 12, 2015) (Davis, J.); *In re Pre-Filled Propane Tank Antitrust Litig.*, 2016 WL 6963059, at *7 (W.D. Mo. Jan. 13, 2016), *aff'd in part*, 893

4

F.3d 1047 (8th Cir. 2018). This is because without a proper plaintiff, "injury in fact is not established." *McAteer*, 2018 WL 3597675 at *3. The Supreme Court "has explicitly defined 'injury in fact' as 'an invasion of a *legally protected* interest' that is 'not conjectural or hypothetical.'" *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "Without a named Plaintiff who has purchased a product within the relevant state, there can be no determination that an interest was harmed that was legally protected under the relevant state's laws." *Id.*

The CIPs run afoul of these standards in the 20 jurisdictions whose laws the CIPs invoke but in which no named CIP resides or alleges injury. *See Insulate*, 2014 WL 943224, at *11 (D. Minn. Mar. 11, 2014) (finding on a Rule 12 motion that the named plaintiffs "lack[ed] standing to assert claims under the laws of the states in which they [did] not reside or in which they suffered no injury"). The CIPs only make conclusory allegations that do not tie injuries to particular jurisdictions, thus failing to meet their burden. *See, e.g.*, CIP ¶¶232, 258, and 261. For instance, in Paragraph 261 of their Complaint, the CIPs make the conclusory allegation that "Defendants sold the Pork at Issue [sic] in New Hampshire and deceived Plaintiffs and Class Members in New Hampshire into believing that the Pork at Issue were competitively priced," but with no named plaintiff alleged to have resided in or purchased pork in New Hampshire.

CIPs appear to recognize that standing has geographic limitations. The CIPs seek only to represent putative class members in the states that permit suits by indirect purchasers. CIP ¶197. Thus, the CIPs recognize that, for example, a citizen of Alabama (where indirect purchaser claims are not permitted) who made no purchases in New

Hampshire cannot bring an indirect purchaser claim under New Hampshire law.  But, in contravention of the acknowledged limitation, the CIPs assert New Hampshire claims by Minnesota and Wisconsin citizens who made no pork purchases in New Hampshire.

Indeed, CIPs do not delineate *any* differences in the claims brought by each CIP; in other words, each of the CIPs asserts every state law claim.  Taken on a plaintiff-by-plaintiff basis, the CIPs' claims closely resemble the situation in *Insulate*.  There, Judge Montgomery faced a single purported class representative seeking to pursue a slew of state law antitrust and consumer protection claims.  *See Insulate*, 2014 WL 943224 at *10.  After surveying the conflicting case law from other circuits, Judge Montgomery concluded that the plaintiff lacked Article III standing.  *Id.* at *11  "Were a named plaintiff not required to establish Article III standing for each class action presented, named plaintiffs in a proposed class action, with no injuries in relation to the laws of certain states referenced in their complaint, would be allowed to embark on lengthy class discovery with respect to injuries in potentially every state in the union."  *Id.* (citing *In re Wellbutrin*, 260 F.R.D. at 155) (internal quotations and alterations omitted).  Thus, claims brought under the laws of states in which the named plaintiff did not reside were dismissed.  While the CIP Complaint asserts claims on behalf of eight businesses, each business's claims parallel the flawed claims in *Insulate*.  In each case, the business seeks to pursue claims not simply under the law in the states in which it is located or made purchases but under the law of the other states invoked in the CIP Complaint.  The CIPs lack standing to pursue those claims.

Although the need to establish standing is clear, courts have disagreed as to "whether, pre-class certification, named plaintiffs are required to establish standing for each and every claim set forth in a class action complaint," or whether the issue should be addressed during class certification. *Compare Insulate,* 2014 WL 943224 at *10-11, and *McAteer*, 2018 WL 3597675, at *3 (dismissing claims for which the plaintiff could not establish Article III standing)*, with In re Target Corp. Data Sec. Breach Litig*, 66 F.Supp.3d 1154, 1159-60 (D. Minn. 2014) (Magnuson, J.) (finding that the court may wait to address standing until class certification). The Eighth Circuit has not directly addressed this issue. *See Roth v. Life Time Fitness, Inc.*, Civ. No. 15-3270 (JRT/HB), 2016 WL 3911875, at *4 (D. Minn. July 14, 2016). The Court should follow the reasoning set forth in *Insulate* (a dismissal which the Eighth Circuit affirmed) and resolve the standing issues now. *Insulate* is more closely analogous than *Target* because it addressed standing in the context of antitrust violations brought under various state antitrust and consumer protection statutes. *See Insulate*, 2014 WL 943224 at *10. In *Target*, Judge Magnuson highlighted this distinction, deviating from *Insulate* largely because *Insulate* and similar cases are "antitrust cases, in which the constitutional and prudential requirements of standing take on particular significance." *Target*, 66 F.Supp.3d at 1160 (quoting *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 264 (3d Cir. 1998)) (internal quotations omitted). *See also In re Prefilled Propane*, 2016 WL 6963059, at *7.[5] In contrast, the *Target* data-breach case "contain[ed] no antitrust

---

[5] Should the Court view the timing of the standing issue as one of discretion, the Court

(footnote continued)

allegations, and thus there [was] no particular significance to the standing determination." *Id.* The Court should follow the reasoning of *Insulate* and the cases cited therein, and dismiss all claims by the CIPs in the 20 jurisdictions in which no representative CIP resides.

## III.   THE STATE ANTITRUST CLAIMS FAIL AS A MATTER OF LAW.

### A.   The Indirect Purchasers Offer No Additional Factual Support That Renders Their State Antitrust Claims Plausible.

In prior briefing in this matter, Plaintiffs specifically conceded that that their state-law antitrust claims rise and fall with their allegations of federal Sherman Act claims. Doc. 231, p. 3.  The Court recognized this concession. Doc. 92, 0:18-cv-01891-JRT-HB. Despite having a second bite of the apple, the newly filed complaints still add no state-specific allegations that would vitiate that prior concession.

Moreover, Defendants' prior briefing outlined the numerous additional state law-specific flaws with the Indirect Purchasers' claims. Despite having months to amend, the newly filed complaints make virtually *no* effort to remedy those defects. To the extent that any state-specific sentences are added, they are labels and conclusory statements that recite nothing more than the elements of the individual claims. *See, e.g.,* CIP ¶233

---

(footnote continued from previous page)

should exercise its discretion to decide the issue now, because the standing issue infects the vast majority of the claims raised by the CIPs.  *See Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 910 (N.D. Cal. 2019) ("Given that only five of the twenty-five non-federal jurisdictions have named plaintiff representatives, the Court is concerned that allowing unrepresented sister state claims to proceed would subject Defendants to discovery in these additional states before Plaintiffs have secured actual plaintiffs who clearly have standing and are willing and able to assert claims under these state laws." (internal quotations omitted).)

("Kansas: Defendants have entered into an unlawful agreement in restraint of trade in violation of Kan. Stat. §50-101 *et seq.*"); *see also*, IPP ¶301 ("Defendants enacted a combination of capital, skill or acts for the purpose of carrying out restrictions in trade or commerce, in violation of Cal. Bus. & Prof. Code § 16700, *et seq.*"). Such conclusory statements are clearly deficient and mandate the dismissal of the Indirect Purchasers' state law claims for the same reasons. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013) ("We apply federal pleading standards—Rules 8 and 12(b)(6)—to the state substantive law to determine if a complaint makes out a claim under state law."); *Windage, LLC v. U.S. Golf Ass'n*, 2008 WL 2622965, at *4 (D. Minn. July 2, 2008) (dismissing plaintiff's "state antitrust claim for the same reasons discussed in assessing [plaintiff's] federal claim").[6]

---

[6] The Indirect Purchasers plead two claims labeled as "antitrust" claims that cite state consumer protection statutes. *See* IPP ¶¶354-359 (claim under the Missouri Merchandising Practices Act ("MMPA"), Mo. Ann. Stat. § 407.010, *et seq.*); CIP ¶250 (citing 9 Vt. Stat. Ann. § 2453, *et seq.*). While not explicitly state antitrust claims, the Indirect Purchasers base these claims on the same conclusory assertions of a conspiracy or agreement in restraint of trade as their state antitrust claims. *See* CIP ¶250 (alleging "an unlawful agreement in restraint of trade"); IPP ¶358 (alleging "restraint of trade or commerce"). Accordingly, for the reasons discussed above, neither claim is plausibly alleged.

**B.      Several State Antitrust Claims Should Also Be Dismissed for Independent, State-Specific Reasons.**

**1.      Under Illinois Law, Indirect Purchasers Cannot Maintain a Class Action.**

IPPs assert a claim under the Illinois Antitrust Act, 740 Ill. Comp. Stat. 10/3(1), *et seq*. IPP ¶309-315. The Court should dismiss this claim because Illinois law bars private plaintiffs from bringing antitrust actions on behalf of an indirect purchaser class.

The Illinois Antitrust Act states "no person shall be authorized to maintain a class action in any court of this State for indirect purchasers asserting claims under this Act, with the sole exception of this State's Attorney General, who may maintain an action parens patriae." 740 Ill. Comp. Stat. § 10/7(2). The majority of courts hold that this language is a class-action bar that "prohibits indirect purchaser class actions" under Illinois law. *In re Lipitor Antitrust Litig.*, 336 F.Supp.3d 395, 417-18 (D.N.J. 2018); *see also In re Suboxone Antitrust Litig.*, 64 F.Supp.3d 665, 700 (E.D. Pa. 2014) ("The Illinois Antitrust Act only permits the state's Attorney General to bring a class action on behalf of indirect purchasers[.]").

This prohibition on indirect purchaser class actions is not superseded by Rule 23 of the Federal Rules of Civil Procedure or otherwise limited by the Supreme Court's decision in *Shady Grove Orthopedic Associates v. Allstate Insurance*, 559 U.S. 393 (2010). Justice Stevens' <u>controlling</u> concurrence in *Shady Grove*, as the narrowest opinion in support of the judgment, recognized that Rule 23 does not override a procedural state law which is "so intertwined with a state right or remedy that it functions

10

to define the scope of the state-created right."[7] *Id.* at 423. Since *Shady Grove* was decided, courts have frequently concluded that class-action bars (and also statutory notice provisions) are substantive elements of state law claims (and therefore not preempted by Rule 23) when they are found in the same statutory sections as those creating the right of action. *Cf. Whitlock v. FSL Mgmt. LLC*, 843 F.3d at 1092 ("[P]rohibition on class-action litigation . . . within the same statutory provision that creates the private cause of action" is a strong indication that the "prohibition against class-action litigation is substantive for the purposes of the Rules Enabling Act"); *In re Opana ER Antitrust Litig.*, 162 F.Supp.3d 704, 723 (N.D. Ill. 2016) (finding Illinois' class action prohibition substantive because it was "intertwined" with the state antitrust statute and that arguments to the contrary have been "repeatedly rejected"); s*ee also In re Digital Music Antitrust Litig.*, 812 F.Supp.2d 390, 416 (S.D.N.Y. 2011) (dismissing plaintiffs' claim on behalf of indirect purchasers under Illinois law); *In re Wellbutrin XL Antitrust Litig.*, 756 F.Supp.2d at 677 (holding that "Illinois' restrictions on indirect purchaser actions must be applied in federal court").

Although some existing case law holds that the requirement that a class action be brought by the Attorney General does not supersede Rule 23, *see e.g., In re Broiler*

---

[7] Justice Stevens' concurrence in *Shady Grove*, holding that federal procedural rules "shall not" alter "any substantive right," has been recognized by numerous circuit courts as the controlling opinion. *See e.g., Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017), *Whitlock v. FSL Mgmt., LLC*, 843 F.3d 1084, 1091 & n.2 (6th Cir. 2016) (holding that "[a]s Justice Stevens's opinion is the narrowest in support of the judgment, it technically controls" (*citing Marks v. United States*, 430 U.S. 188, 193 (1977))); *Godin v. Schencks*, 629 F.3d 79, 84 (1st Cir. 2010) (relying on Justice Stevens's concurrence in holding that "[b]ecause Section 556 is 'so intertwined with a state right or remedy that it functions to define the scope of the state-created right,' it cannot be displaced by Rule 12(b)(6) or Rule 56").

*Chicken*, 290 F. Supp. 3d 772, 818 (N.D. Ill. 2017), these cases are unpersuasive. For example, the court in *Broiler* provided only minimal analysis on the *Shady Grove* issue, cited few of the cases from the eight years since *Shady Grove*, and never considered the argument that class-action bars are enforceable when codified within the same statutory scheme giving the right to bring the claim. *See id.* at 817.

Here, the clause limiting class actions "is in the same paragraph of the same statute that creates the underlying substantive right," and permitting the class claims to proceed would undermine the Illinois legislature's "policy decision regarding the feasibility of duplicative recovery, which is explicitly entrusted to the attorney general, not indirect purchasers." *Lipitor,* 336 F.Supp.3d at 417 (D.N.J. 2018) (citations omitted). Accordingly, the Court should dismiss the Sixth Claim for Relief in the IPP Complaint.

> **2.      Under Rhode Island Law, Indirect Purchasers Cannot Seek Damages Based on Conduct Preceding Passage of the 2013 Illinois Brick Repealer in That State.**

The IPPs also assert a claim under the Rhode Island Antitrust Act. IPP ¶¶405-410. In prior briefing, the IPPs concede that they cannot recover damages under Rhode Island's antitrust law based on conduct preceding the effective date of the *Illinois Brick* repealer statute in that state, July 15, 2013.  Doc. 231, p. 14.  As a result, the Court should dismiss the IPPs' claim to the extent that it seeks damages that predate July 15, 2013. *See e.g.*, *In re Niaspan Antitrust Litig.*, 42 F.Supp.3d 735, 759 (E.D. Pa. 2014) (concluding that indirect purchasers may not recover for overcharges incurred before the Rhode Island repealer statute took effect).

### 3.   Indirect Purchasers Fail to Allege Wholly Intrastate Conduct as Required Under Mississippi Law.

Although the Indirect Purchasers bring claims under the Mississippi Antitrust Statute, Miss. Code. § 75-21-1, *et seq.*, they fail to allege wholly intrastate conduct as that statute requires.  The Mississippi Antitrust Statute "focuses on the location where the anticompetitive conduct occurred rather than the effects of such anticompetitive conduct or the broader nexus between the conduct and the state in question."  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 383 F.Supp. 3d 187, 266–67 (S.D.N.Y. 2019) (citing *In re Microsoft Corp. Antitrust Litig.*, 2003 WL 22070561, at *2 (D. Md. Aug. 22, 2003)).  For example, in *In re Keurig*, the court dismissed a Mississippi antitrust claim because indirect purchasers "failed to allege any intrastate conduct in Mississippi on the part of" the defendant and "do not allege that [the defendant] itself manufactured or distributed any [products] from locations in Mississippi [or that indirect purchasers] bought any [products] directly from [the defendant] in Mississippi."  *Id.* at 266-267.

The Indirect Purchasers' allegations are similarly deficient here.  The IPPs allege only that "while residing in Mississippi, plaintiff Mississippi [sic] indirectly purchased pork and pork products for her own use . . . that was produced by one or more defendants or their co-conspirators[,]" "Plaintiffs purchased pork within the State of Mississippi during the Class Period[,]" and that "Defendants' pork is sold indirectly via distributors throughout the State of Mississippi."  IPP ¶¶216, 348, 352.  The CIPs make no allegations of any conduct in Mississippi by Defendants, instead alleging only purported

13

effects on commerce in Mississippi.  CIP ¶237.  Like the allegations in *In re Keurig*, these fall far short of those needed to properly plead a Mississippi antitrust claim.

## IV.   THE INDIRECT PURCHASERS' STATE CONSUMER PROTECTION CLAIMS FAIL AS A MATTER OF LAW.

The IPPs assert 19 claims under the consumer protection or deceptive trade practices statutes of 18 states,[8] and the CIPs assert such claims under 16 state statutes (collectively, the "consumer protection claims").  These consumer protection claims are based on the same deficient antitrust conspiracy allegations as the Plaintiffs' federal claims.  As such, and as detailed in Defendants' Joint Federal Memorandum, none is plausibly alleged.  As set forth below, these claims fail for multiple additional reasons.[9]

### A.   Rule 9(b)'s Heightened Pleading Requirements Apply to the Consumer Protection Claims.

The heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies to the consumer protection claims because the Indirect Purchasers allege Defendants engaged in fraudulent or deceptive conduct.  The Eighth Circuit employs a "pleading-specific inquiry" to determine when Rule 9(b) applies.  Regardless of whether a particular statute is explicitly grounded in fraud, Rule 9(b) applies if the complaints contain

---

[8] The IPPs' Thirtieth claim is purportedly brought under Massachusetts law.  However, there really is no such claim.  Instead, the IPPs "reserve the right to bring a claim" and "[i]f necessary, plaintiffs will amend to add specific claims under Mass. Gen. Laws Ch. 93A et seq."  IPP ¶479.  The IPPs made this same reservation or rights in their prior Complaint, but did not add a 93A claim in their Complaint.  Therefore, it appears that the IPPs believed adding a Massachusetts consumer protection claim was not necessary.  Accordingly, the IPPs' unasserted Thirtieth claim should be dismissed.

[9] Exhibits 2 and 3 set forth in summary fashion the legal defects fatal to each state law consumer protection claim.

"specific averments of fraud" as opposed to innocent or negligent misrepresentation. *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015); *see also Tuttle v. Lorillard Tobacco Co.*, 118 F.Supp.2d 954, 963 (D. Minn. 2000) (applying Rule 9(b) to Minnesota statutory fraud claims). Indeed, "[a] claim may sound in fraud even though it is brought under a statute that also prohibits non-fraudulent conduct." *Olin v. Dakota Access, LLC*, 910 F.3d 1072, 1075 (8th Cir. 2018).

Here, Rule 9(b) applies because all 16 CIP consumer protection claims and 17 of the 19 IPP consumer protection claims contain specific averments of fraud.[10] For example, in their consumer protection allegations, the Indirect Purchasers assert:

- **Defendants engaged in "deceptive" or "fraudulent" acts.** *See* CIP ¶¶254 (all states); 255 (Arkansas); 256 (California); 257 (Florida); 258 (Massachusetts); 259 (Minnesota); 260 (Nebraska); 261 (New Hampshire); 262 (New Mexico); 263 (New York); 264 (North Carolina); 265 (North Dakota); 266 (South Carolina); 267 (South Dakota); 268 (Vermont); 269 (West Virginia); 270 (Wisconsin); IPP ¶¶434 (California); 436 (California); 448 (District of Columbia); 453 (Florida); 460 (Florida); 465 (Hawaii); 473 (Illinois); 485 (Michigan); 492 (Minnesota); 494-95 (Minnesota); 505 (Nebraska); 512 (Nevada); 514-15 (Nevada); 525 (New Hampshire); 535 (New Mexico); 545 (North Carolina); 549 (North Carolina); 554 (North Dakota); 557 (North Dakota); 564 (Rhode Island); 566-67 (Rhode Island); 580 (South Carolina); 589 (Utah Consumer Sales Practices Act ("CSPA")).

- **Defendants made "omissions" or "misrepresentations."** *See* CIP ¶¶256 (California); 263 (New York); 265 (North Dakota); 267 (South Dakota); 268 (Vermont); 269 (West Virginia); 270 (Wisconsin); IPP ¶¶436 (California); 474 (Illinois); 571 (Rhode Island).

- **Defendants "concealed," "omitted," "withheld," or "failed to disclose" "material facts" or "information."** *See* CIP ¶¶263 (New York); 265 (North

---

[10] The only pled consumer protection claims that do not contain averments of fraud are the Forty-Second (Utah Unfair Practices Act) and Forty-Third (Virginia) Claims for Relief of the IPPs.

Dakota); 267 (South Dakota); 268 (Vermont); 269 (West Virginia); 270 (Wisconsin); IPP ¶¶474 (Illinois); 486 (Michigan); 506 (Nevada); 527 (New Hampshire); 536 (New Mexico); 547 (North Carolina); 570 (Rhode Island); 581 (South Carolina); 592 (Utah CSPA).

- **Defendants "misled" consumers.** *See* IPP ¶¶474 (Illinois); 486 (Michigan); 506 (Nevada); 527 (New Hampshire); 536 (New Mexico); 547 (North Carolina); 581 (South Carolina); 592 (Utah CSPA).

These specific averments of fraud necessitate application of Rule 9(b). *See Streambend Props.*, 781 F.3d at 1013.

Rule 9(b) also applies because many of the consumer protection statutes require pleading fraud or deceptive conduct. *See, e.g.*, *Dickinson v. SunTrust Mortg., Inc.*, 2015 WL 1868827, at *1 (E.D. Ark. Apr. 23, 2015) (Arkansas "[Deceptive Trade Practices Act ('ADTPA')] claims must be pled with the particularity required under Federal Rule of Civil Procedure 9(b)."); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (California) ("[W]e have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the [Consumers Legal Remedies Act] and [Unfair Competition Law]."); *Witherspoon v. Philip Morris Inc.*, 964 F.Supp. 455, 463–64 (D.D.C. 1997) (District of Columbia); *Williams v. Scottrade, Inc.*, 2006 WL 2077588, at *7 (E.D. Mich. July 24, 2006) (Michigan); *Russo v. NCS Pearson, Inc.*, 462 F.Supp.2d 981, 1003 (D. Minn. 2006) (Minnesota); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F.Supp.2d 160, 198 (D. Me. 2004) (citing *State ex rel. Spaeth v. Eddy Furniture Co.*, 386 N.W.2d 901, 905 (N.D. 1986)) (North Dakota); *Am. Orthodontics Corp. v. Epicor Software Corp.*, 746 F.Supp.2d 996, 999 (E.D. Wis. 2010) (Wisconsin).

Because both sets of Indirect Purchasers ground their consumer protection claims in allegations of fraud and deception and allege statutory claims sounding in fraud, their Complaints must meet the heightened pleading requirements of Rule 9(b).

### B. The Indirect Purchasers' Consumer Protection Claims Are Not Adequately Pled Under Rule 9(b).

Rule 9(b) requires the Indirect Purchasers to plead "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). A fraud claim is pled with particularity when it alleges "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002). In other words, the complaint must plead the "who, what, where, when, and how" of the alleged fraud. *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (quotation omitted). "Conclusory allegations that a defendant's conduct was fraudulent and deceptive" are not enough. *Id.* Further, particularity requires informing each defendant of "the nature of his alleged participation in the fraud." *Streambend Props.*, 781 F.3d at 1013 (citation omitted).

The consumer protection claims do not comply with Rule 9(b). First, the Indirect Purchasers have not alleged any fraudulent or deceptive conduct with particularity. While the Indirect Purchasers identify some statements by some Defendants' executives, the allegations do not inform Defendants which of these statements, if any, are allegedly deceptive. *See, e.g.*, IPP ¶¶99-123; 162; CIP ¶¶137-163; 190. Instead, Plaintiffs identify statements regarding hog supply that the Indirect Purchasers do not contend are false,

17

misleading, deceptive, or fraudulent.  *See, e.g.*, IPP ¶¶104, 113, 116 (alleging discussion

of pork volume reduction but not alleging that the statement was false or fraudulent); CIP

¶¶147-48, 152 (same).  For example, the IPPs and CIPs allege that the CEO of one

Defendant stated in an earnings call that he had confidence that pork margins would

improve throughout 2012 because of "strong exports, $71 hog today, good programs with

our retailers, and lower grain cost in the future and a futures market that says the hog

market's going to be fine."  IPP ¶162; CIP ¶190.  Plaintiffs, however, do not offer any

factual allegations that any aspect of this statement was false.  Nor do they even attempt

to show how this statement was deceptive to the Indirect Purchasers or anyone else.[11]

The complete absence of such critical allegations demonstrates the failure to provide the

"who, what, where, when, and how" of any deceptive or fraudulent conduct.

Second, for those consumer protection claims that the Indirect Purchasers have

grounded in allegations of deceptive or fraudulent conduct, one or both of reliance or

causation is required under the relevant statutes.[12]  However, the Indirect Purchasers do

---

[11] Another such example is found in Paragraph 161 of the CIP.  The CIPs alleged that the President of Indiana Packers "ma[d]e excuses for reducing the supply of pork."  *Id.*  All he is alleged to have said is that "[h]igh corn prices [for feed] make pig farming less profitable," and "high temperatures make pigs less hungry and they don't fatten for market as quickly[.]"  *Id.*  CIPs identify nothing remotely deceptive about such truisms.

[12] *Wallis v. Ford Motor Co.*, 362 Ark. 317, 328 (Ark. 2005) (Arkansas); *In re iPhone 4S Consumer Litig.*, 2013 WL 3829653, at *17 (N.D. Cal. July 23, 2013) (California); *Jackson v. ASA Holdings*, 751 F.Supp.2d 91, 99 (D.D.C. 2010) (District of Columbia); *Carriuolo v. Gen. Motors LLC*, 72 F.Supp.3d 1323, 1325 (S.D. Fla. 2014) (Florida); *Davis v. Four Seasons Hotel Ltd.*, 228 P.3d 303, 325-26 (Haw. 2010) (Hawaii); *Burkhart v. Wolf Motors of Naperville, Inc. ex rel. Toyota of Naperville*, 61 N.E.3d 1155, 1161 (Ill. App. Ct. 2016) (Illinois); *Bellermann v. Fitchburg Gas & Elec. Light Co.*, 475 Mass. 67, 72 (Mass. 2016) (Massachusetts); Mich. Comp. Laws §445.911(2) (Michigan); *K.A.C. v.*

(footnote continued)

not allege facts showing with particularity either reliance on any allegedly deceptive conduct or causation tying any allegedly deceptive conduct to their alleged injuries. For example, there are no claims that any Indirect Purchaser heard an alleged misrepresentation, believed a misrepresentation if it was heard, or relied on any misrepresentation in a decision to purchase a particular Defendant's products. Likewise, given that the Indirect Purchasers have not alleged with particularity that any statements are deceptive, as discussed above, they necessarily cannot have tied any deceptive conduct to their alleged injuries as required by these states' statutes.

This lack of any factual detail fails to meet Rule 9(b)'s heightened pleading standard. Accordingly, all of the Indirect Purchasers' consumer protection claims except for the Forty-Second (Utah Unfair Practices Act) and Forty-Third (Virginia) Claims for Relief brought by the IPPs should be dismissed on this basis.

---

(footnote continued from previous page)

*Benson*, 527 N.W.2d 553, 562 (Minn. 1995) (Minnesota Consumer Fraud Act, Minn. Stat. §325F.69, subd. 1); Mo. Rev. Stat. §407.025 (Missouri); *White v. Medico Life Ins. Co.*, 212 Neb. 901, 908 (Neb. 1982) (Nebraska); *Bates v. Dollar Loan Ctr., LLC*, 2014 WL 3516260, at *3 (D. Nev. July 15, 2014) (Nevada); *Hampshire Paper Corp. v. Highland Supply Corp.*, 2002 WL 31114120, at *4 (D.N.H. Sept. 23, 2002) (New Hampshire); *Mulford v. Altria Grp., Inc.*, 242 F.R.D. 615, 622 (D.N.M. 2007) (New Mexico); *Belfiore v. Procter & Gamble Co.*, 94 F.Supp.3d 440, 446 (E.D.N.Y. 2015) (New York); *Bus. Cabling v. Yokeley*, 182 N.C. App. 657, 666 (N.C. Ct. App. 2007) (North Carolina); *Ackre v. Chapman & Chapman, P.C.*, 788 N.W.2d 344, 352 (N.D. 2010) (North Dakota); R.I. Gen. Laws § 6-13.1-5.2(a) (Rhode Island); *Wright v. Craft*, 372 S.C. 1, 23 (S.C. Ct. App. 2006) (South Carolina); *Sisney v. Best Inc.*, 754 N.W.2d 804, 811 (S.D. 2008) (South Dakota); Utah Code § 13-11-19(2) (Utah CSPA); *PH W. Dover Prop., LLC v. Lalancette Engineers*, 120 A.3d 1135, 1140-41 (Vt. 2015) (Vermont); W. Va. Code §46A-6-106 (West Virginia); *Spacesaver Corp. v. Marvel Grp., Inc.*, 621 F.Supp.2d 659, 663-64 (W.D. Wis. 2009) (Wisconsin).

**C.**     **Plaintiffs Fail to Adequately Plead Consumer Reliance or Consumer-Directed Deceptive Conduct as Required Under the Law of Nine Jurisdictions.**

Independent of Rule 9(b), the Court should dismiss the Indirect Purchasers' consumer protection claims for nine jurisdictions because those laws require as a substantive element either deceptive conduct directed at consumers or reliance by consumers.  Specifically:

> **Arkansas**:  *Apex Oil Co. v. Jones Stephens Corp.*, 881 F.3d 658, 662-63 (8th Cir. 2018) (analyzing Arkansas law and holding that under the ADTPA "the defendant's deceptive trade practice must have caused the damage," and "[c]ausation, in turn, is not possible without reliance").

> **California**:  *In re Tobacco II Cases*, 207 P.3d 20, 40 (Cal. 2009) ("[W]e conclude that a plaintiff must plead and prove actual reliance to satisfy the standing requirement of section 17204, [the California Unfair Competition Law, or "UCL"].); *Moore v. Apple, Inc.*, 73 F.Supp.3d 1191, 1200 (N.D. Cal. 2014) (California courts "consistently require[] allegations of actual reliance and injury at the pleading stage," and UCL plaintiffs must allege that they "actually relied on the misrepresentation, and suffered economic injury as a result of that reliance"). Even under the plaintiffs' theory that they seek relief for an alleged antitrust conspiracy, their California consumer-protection claims fail for the same reasons as their California antitrust claims.

> **District of Columbia**:  *Williams v. Purdue Pharm Co.*, 297 F.Supp.2d 171, 177 (D.D.C. 2003) (dismissing plaintiffs' claim under the D.C. Consumer Protection Procedure Act in part because plaintiffs did not allege that they were deceived by defendants' conduct).  Even under the plaintiffs' theory that they seek relief for an alleged antitrust conspiracy, their D.C. consumer-protection claims fail for the same reasons as their D.C. antitrust claim.

> **Michigan**:  *Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline, Plc*, 737 F.Supp.2d 380, 413 (E.D. Pa. 2010) (applying Michigan law) ("[P]laintiffs have failed to claim that [defendant] made misrepresentations directed at them or upon which they, as consumers of Wellbutrin SR, relied. They have also failed to allege that [defendant] had the intent to deceive consumers rather than the [patent and trademark office] or generic manufacturers." (alteration in original)).

**New York**: "An antitrust violation may violate section 349, but only if it is deceptive." *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F.Supp.2d at 197; *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 263 F.R.D. 205, 214 (E.D. Pa. 2009) (same).

**North Dakota**: *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F.Supp.2d at 197-98 (holding that the North Dakota consumer protection statute, N.D. Cent. Code §51-15-02, includes no prohibition on unfair acts or unfair competition and is instead limited to "deception, fraud and misrepresentation").

**Rhode Island**: *In re Aftermarket Filters Antitrust Litig.*, 2009 WL 3754041, at *11 (N.D. Ill. Nov. 5, 2009) (The Rhode Island consumer protection statute, R.I. Gen. Law §6-13.1-2, "requires that defendants' conduct reasonably intended to confuse and mislead the general public into purchasing defendants' product when the actual intent was to buy someone else's product." (citing *ERI Max Entm't, Inc. v. Streisand*, 690 A.2d 1351, 1353-54 (R.I. 1997))).

**Virginia**: "[T]he plain language of the statute requires fraud or misrepresentation, and Virginia courts have so interpreted it." *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F.Supp.2d at 206 (collecting cases).[13]

**Wisconsin**: Wis. Stat. §100.18. *See Willert v. Andre*, 2017 WL 5033658, at *5 (W.D. Wis. Oct. 31, 2017) (concluding that the plaintiff failed to state a claim based on representations made to third parties); *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air–Conditioning Eng'rs, Inc.*, 2011 WL 13116667, at *2 (E.D. Wis. Nov. 15, 2011) (Wisconsin consumer protection law "does not provide a cause of action for misrepresentations made to non-parties").

Here, however, the Indirect Purchasers have failed to allege any consumer-directed misrepresentations by any Defendant or reliance by consumers on any acts or representations by any Defendant. Because the Indirect Purchasers fail to meet these required elements, the Court should dismiss from Count 3 in the CIP the claims in paragraphs 255 (Arkansas), 256 (California), 263 (New York), 265 (North Dakota), and 270 (Wisconsin), and from the IPP, the Court should dismiss Claim 25 (California),

---

[13] As noted, *supra*, in n.11, the IPP does not contain any allegation of fraud under its Virginia-law consumer protection count.

Claim 26 (District of Columbia), Claim 31 (Michigan), Claim 38 (North Dakota), Claim

39 (Rhode Island), and Claim 43 (Virginia).

**D.     Antitrust Claims Are Not Actionable Under Eight States' Consumer Protection Statutes.**

The Court should also dismiss the Indirect Purchasers' consumer protection claims

for the following eight states because the antitrust-focused allegations in the Complaints

are not actionable under these states' consumer protection statutes.

<u>Arkansas</u>:   Antitrust claims are not actionable under the Arkansas Deceptive Trade Practices Act ("ADTPA").   *See, e.g.*, *In re Static Random Access Memory Antitrust Litig. (SRAM) Antitrust Litigation*, 2010 WL 5094289, at *8 (N.D. Cal. Dec. 8, 2010) (dismissing ADTPA claim in price-fixing case because the statute does not "permit indirect purchasers to sue manufacturers for a conspiracy to fix prices."); *In re Graphics Processing Units Antitrust Litig.*, 527 F.Supp.2d 1011, 1029-30 (N.D. Cal. 2007) (dismissing an antitrust-focused ADTPA claim).[14]

<u>Illinois</u>:   In the most recent published authority, Illinois state and federal courts have held that antitrust violations are not actionable under the Illinois Consumer Fraud Act.   *E.g.*, *Butler v. Jimmy John's Franchise, LLC*, 331 F.Supp.3d 786, 798 (S.D. Ill. 2018) (dismissing antitrust claim brought under Illinois consumer protection statute); *Gaebler v. N.M. Potash Corp.*, 676 N.E. 2d 228, 230 (Ill. App. Ct. 1996) (same).

<u>Michigan</u>:   Antitrust claims are not actionable under Michigan's Consumer Protection Act ("MICPA").   *In re Packaged Seafood Prods. Antitrust Litig.*, 242 F.Supp.3d 1033, 1076 (S.D. Cal. 2017) (concluding that MICPA is "narrowly

---

[14] Although acknowledging that no Arkansas court has so held, some courts have concluded that the "liberal construction" of the ADTPA allows for the enforcement of antitrust law through consumer-protection laws. *See In re Packaged Seafood Prod. Antitrust Litig.*, 242 F.Supp.3d 1033, 1072 (S.D. Cal. 2017).   But even such "liberal construction" of the ADTPA does not permit a claim based merely on an unfairly high price. *In re Graphics Processing Units Antitrust Litig.*, 527 F.Supp.2d 1011, 1029-30 (N.D. Cal. 2007) (citing *State ex rel. Bryant v. R & A Inv. Co.*, 985 S.W.2d 299, 302 (Ark. 1999)) ("pleading unconscionability requires something more than merely alleging that the price of a product was unfairly high").

circumscribed" and finding that "the only manner in which Plaintiffs may assert a violation of the M[I]CPA is through fraud"); Mich. Comp. Laws §445.903(1) (identifying "[u]nfair, unconscionable, or deceptive methods, acts or practices," as actionable but not listing antitrust violations).[15]

**Minnesota**:   Antitrust claims are not actionable under Minnesota's consumer protection statutes.  *See* Minn. Stat. §325D.43-48; *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F.Supp.2d at 190 (dismissing Minnesota consumer protection claim in antitrust case because statute reaches only deceptive conduct); *see also Lerfald v. Gen. Motors Corp.*, No. CT 03-003327 (Minn. Dist. Ct. Nov. 7, 2003) (dismissing Minnesota Consumer Fraud Act claim based on alleged price fixing conspiracy, copy provided as Exhibit 4).

**North Dakota**: The IPPs' claim under N.D. Cent. Code §51-10, *et. seq.* fails because the statute does not contain an express or implied private right of action. *Trade 'N Post, L.L.C. v. World Duty Free Americas, Inc.*, 628 N.W.2d 707, 714-16 (N.D. 2001) ("Trade 'N Post has failed to meet its burden of proving the legislature's intent to create a damages remedy, and we therefore conclude there is no implied private right of action for damages under N.D.C.C. chs. 51–09 or 51–10.").

**South Dakota**:  Antitrust claims are not listed as a violation in South Dakota Code §37-24-6; *see In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F.Supp.2d 160 at 202-03 (dismissing South Dakota consumer fraud claim in antitrust case).

**Rhode Island**: IPPs' claim should be dismissed under *Long v. Dell, Inc.*, 93 A.3d 988, 1004 (R.I. 2014), because Plaintiffs allege no affirmative misrepresentation (just lack of disclosure of an alleged antitrust conspiracy).

**Utah**:   *In re Dynamic Random Access Mem. (DRAM) Antitrust Litig.*, 516 F.Supp.2d 1072, 1117 (N.D. Cal. 2007) (plaintiffs' antitrust claim could not be asserted under Utah's Consumer Sales Practices Act); *Icon Health & Fitness, Inc. v. Relax-a-Cizor Prod., Inc.*, 2014 WL 29002, at *2-*4 (D. Utah Jan. 2, 2014)

---

[15] In *In re Solodyn Antitrust Litig.*, 2015 WL 5458570, at *17 (D. Mass. Sept. 16, 2015), the District of Massachusetts concluded that end purchasers had stated a claim under Michigan law for "charging the consumer a price that is grossly in excess of the price at which similar property or services are sold" by alleging the defendants had settled patent-infringement claims with generic drug producers to keep generic drugs off the market. No similar allegations exist here.

(concluding that the Utah Unfair Practices Act prohibits only the specific conduct enumerated therein); Utah Code § 13-5-3 (not mentioning combinations in restraint of trade).

Thus, the Court should dismiss from Count 3 of the CIP the claims in paragraphs 255 (Arkansas), 259 (Minnesota), and 267 (South Dakota). In the IPP, the Court should dismiss Claim 29 (Illinois), Claim 31 (Michigan), Claim 32 (Minnesota), Claim 38 (North Dakota), Claim 41 (Utah Consumer Sales Practices Act), and Claim 42 (Utah Unfair Practices Act).

### E. The Indirect Purchasers Fail to Allege Intrastate Conspiratorial Activity Necessary Under Six States' Laws.

The Indirect Purchasers fail to allege sufficient intrastate conduct as required under the consumer protection statutes of six states. The CIPs do not even have a named representative plaintiff in these states, requiring dismissal. *See* Section II, above. But setting aside that fatal standing defect, the Indirect Purchasers also do not allege that any conspiratorial conduct took place in these states. Therefore, they fail to show the necessary instrastate conduct to sustain a claim under these laws:

**Florida**: The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") applies only to actions that occurred within the state of Florida. *Five for Entm't S.A. v. Rodriguez*, 877 F.Supp.2d 1321, 1330 (S.D. Fla. 2012) (noting that "FDUTPA applies only to actions that occurred within the state of Florida" and dismissing claim); *see also Carnival Corp. v. Rolls-Royce PLC*, 2009 WL 3861450, at *6 (S.D. Fla. Nov. 17, 2009) ("Plaintiffs' claim that Defendants violated FDUTPA must be based entirely on actions that occurred within Florida."); *see also Karhu v. Vital Pharm., Inc.*, 2013 WL 4047016, at *10 (S.D. Fla. Aug. 9, 2013) ("The Court concludes that FDUTPA applies to non-Florida residents if the offending conduct took place predominantly or entirely in Florida.").

**Massachusetts**: Mass. Gen. Laws Ch. 93A, § 11 ("No action shall be brought or maintained under this section unless the actions and transactions constituting the

alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially within the commonwealth."); *Zyla v. Wadsworth, Div. of Thomson Corp.*, 360 F.3d 243, 255 (1st Cir. 2004) (affirming dismissal of a claim of unfair or deceptive trade practice where the complaint did not allege conduct within Massachusetts). The CIPs' claim is brought under §11 CIP ¶216.[16]

**New Hampshire**:   The New Hampshire Consumer Protection Act applies only when the "offending conduct" occurred within the borders of New Hampshire. *See* N.H. Rev. Stat. Ann. §358-A:2 (requiring that the prohibited conduct occur "within the state"); *see also Pacamor Bearings, Inc. v. Minebea Co.*, 918 F.Supp. 491, 504 (D.N.H. 1996); *In re Cast Iron Soil Pipe & Fittings Antitrust Litig.*, 2015 WL 5166014, at *33 (E.D. Tenn. June 24, 2015) ("[M]erely selling a good in New Hampshire is not enough[.]").

**New York**:   Section 349 requires that the deceptive misconduct occurred in New York. *In re Packaged Ice Antitrust Litig.*, 779 F.Supp.2d 642, 666-67 (E.D. Mich. 2011) ("IP Plaintiffs must establish that the false or deceptive act occurred in New York and was directed at New York consumers."); *see also Sheet Metal Workers*, 263 F.R.D. at 214 (dismissing claim because "the End-Payor Plaintiffs have made no allegation that any deceptive conduct took place in New York") (citing *Goshen v. Mut. Life Ins. Co.*, 774 N.E.2d 1190, 1196 (N.Y. 2002)).

**North Carolina:**   *Merck & Co. Inc. v. Lyon*, 941 F.Supp. 1443, 1463 (M.D.N.C. 1996) ("The Court agrees with Glaxo that plaintiffs have failed to allege a substantial effect on any in-state business operations, and therefore that their claim falls outside the reach of the North Carolina Trade Practices Act. Any injury plaintiffs may suffer in North Carolina will be incidental."); *In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 1431756, at *19 (E.D. Mich. Apr. 9, 2013). ("[Plaintiffs] claim that the alleged conspiracy caused manufacturers to pay inflated prices for compressors [in North Carolina] . . . [But] [t]he Court concludes that it is an incidental in-state injury[.]").

**Wisconsin**:   Any actionable deceptive conduct must have occurred in Wisconsin, and the injured party must be "located" there, to state a claim under Section 100.18.  *See* Wis. Stat. §100.18 ("No person . . . with intent to sell . . . merchandise . . . to the public . . . shall make . . . in this state . . . any assertion, representation or statement of fact which is untrue, deceptive or misleading."); *Demitropoulos v. Bank One Milwaukee*, NA, 915 F.Supp. 1399, 1415 (N.D. Ill.

---

[16] As noted *supra* in n.9, the IPPs do not even allege that they are bringing a claim under this Massachusetts statute.

1996) ("[T]he Act may be violated so long as the allegedly deceptive or misleading representation was 'ma[de], publish[ed], disseminate[d], circulate[d], or placed before the public, in [Wisconsin]'[.]").

Thus, the Court should dismiss from Count 3 of the CIP Complaint the claims in paragraphs 257 (Florida), 258 (Massachusetts), 261 (New Hampshire), 263 (New York), 264 (North Carolina), and 270 (Wisconsin), and from the IPP Complaint, Claims 27 (Florida), 30 (Massachusetts), 35 (New Hampshire), and 37 (North Carolina).

### F.   Statutory Bars to Consumer Protection Class Actions Preclude Indirect Purchasers' Claims in Arkansas, South Carolina, and Utah.

Finally, the Court should dismiss the class action consumer protection claims under Arkansas, South Carolina, and Utah law because such actions are barred in those states.  For example, under the South Carolina Unfair Trade Practices Act ("SCUTPA"), consumers "may bring an action individually, *but not in a representative capacity*, to recover actual damages."   S.C. Code Ann. §39–5–140(a) (emphasis added); *In re TD Bank*, 150 F.Supp.3d 593, 635 (D.S.C. 2015) (dismissing class action claim under SCUTPA).  In addition to South Carolina, the Court should strike or dismiss the class allegations for claims under the following states' laws:

**Arkansas**:  Ark. Code §4-88-113(f)(1)(B) ("A private class action under this subsection is prohibited unless the claim is being asserted for a violation of Arkansas Constitution, Amendment 89.").

**Utah:**  Consumer Sales Practices Act, Utah Code §13-11-19 ("A consumer who suffers loss as a result of a violation of this chapter may recover, but not in a class action, actual damages or $2,000, whichever is greater, plus court costs."); *Lipitor*, 336 F.Supp.3d at 417 ("Similarly, EPPs' class claims under Montana, Tennessee, and Utah's consumer protection statutes are dismissed without prejudice; in these three states, Plaintiffs may amend their complaint to include only claims brought on behalf of Montana, Tennessee, and Utah plaintiffs in their *individual* capacities.").

These class action bars are not superseded by Rule 23.  Because they are found in the same statutory framework as the clause giving rise to the claim, the bars are substantive elements of a state law cause of action.  *See Lipitor*, 336 F.Supp.3d at 416 ("[T]he Court also finds that the class action bars incorporated in the Montana, Tennessee, and Utah consumer protection laws are not preempted by Rule 23.").[17]

Thus, the Court should dismiss from Count 3 of the CIP Complaint the claims in paragraphs 255 (Arkansas) and 266 (South Carolina).  From the IPP Complaint, the Court should dismiss Claims 40 (South Carolina) and 41 (Utah CSPA).

## V.  THE INDIRECT PURCHASERS' UNJUST ENRICHMENT CLAIMS FAIL AS A MATTER OF LAW.

As with their other state-law claims, the Indirect Purchasers base their unjust enrichment claims on the same implausible and inadequate assertions of a purported antitrust conspiracy. Those pleading defects equally doom the unjust enrichment claims. The unjust enrichment claims also fail for the following additional reasons.

---

[17]

| State | Statute Providing Claim | Location of Class Action Bar |
|---|---|---|
| Arkansas | §4-88-101 (CIP ¶213) | §4-88-113(f)(1)(B) |
| South Carolina | §39-5-10 (IPP Claim 39); (CIP ¶226) | §39–5–140(a) |
| Utah | Consumer Sales Practices Act §13-11-1 (IPP Claim 40) | §13-11-19 |

A.      **The Indirect Purchasers Fail to Plead the Separate Elements of Unjust Enrichment Under the Law of Any State.**

The Indirect Purchasers' unjust enrichment claims should be dismissed because they do not adequately allege the elements necessary to bring such claims under the law of each of the states identified. *See* CIP ¶¶271-88; IPP ¶¶612-614. They simply lump all of their unjust enrichment claims together.  Yet, there are "material conflicts among many of the unjust enrichment laws of the various states," *Cruz v. Lawson Software, Inc.*, 2010 WL 890038, at \*6 (D. Minn. Jan. 5, 2010), such that unjust enrichment claims should be dismissed where they rely on "bald assertion[s] that the alleged antitrust conduct violates dozens of non-antitrust laws, or the implication that there are no consequential differences between those laws." *In re Opana ER Antitrust Litig.*, 162 F.Supp.3d 704, 725 (N.D. Ill. 2016).  *See also In re Aftermarket Filters Antitrust Litig.*, 2009 WL 3754041, at \*11 (N.D. Ill. Nov. 5, 2009) (dismissing unjust enrichment claims because the complaint failed to plead the factual basis in each state).

The IPPs' attempt to plead unjust enrichment remains plainly inadequate. Despite being put on notice by Defendants' motion to dismiss the Indirect Purchasers' unjust enrichment claims in their first amended complaints, the Indirect Purchasers did nothing to rectify the deficiencies in the second amended complaints.  They simply repeated what they did before.  They fail entirely to plead facts supporting the elements of an unjust enrichment claim *in any state*.  They merely allege in conclusory fashion that "[u]nder common law principles of unjust enrichment, defendants should not be permitted to

retain the benefits conferred on them by overpayments by plaintiffs . . . in the following states . . . ." IPP ¶614 (asserting claims under 25 states' laws).  Nothing more.

Likewise, the CIPs do not allege factual support for the elements of unjust enrichment particular to the states in which they assert claims. Rather, over the course of 18 paragraphs, they again regurgitate the generic buzzwords associated with an unjust enrichment claim in general and deny the existence of various defenses also in conclusory fashion.  Neither Complaint asserts facts showing how the alleged conduct of each Defendant satisfies the specific elements of the individual state unjust enrichment laws. Thus, the Indirect Purchasers have failed to plead the elements of their unjust enrichment claims and those claims should be dismissed.

### B.   The Indirect Purchasers Cannot Recover Under the Laws of California, Mississippi, New Hampshire or Illinois Because Unjust Enrichment Is Not a Standalone Basis for Recovery in Those States.

The Indirect Purchasers' claims for unjust enrichment under the laws of California, Mississippi, and New Hampshire also should be dismissed because these states do not recognize unjust enrichment as a standalone, independent cause of action. *See Robinson v. HSBC Bank USA*, 732 F.Supp.2d 976, 987 (N.D. Cal. 2010) (under California law "unjust enrichment is not a cause of action" but instead a "a general principle, underlying various legal doctrines and remedies"); *Mosley v. GEICO Ins. Co.*, 2014 WL 7882149, at *5 (S.D. Miss. Dec. 16, 2014) (holding that under Mississippi law, "unjust enrichment is considered to be a remedy, rather than an independent theory of recovery"); *Cole v. Chevron USA, Inc.*, 554 F.Supp.2d 655, 671 (S.D.Miss.2007) (dismissing claim under Mississippi law because unjust enrichment depends on a

showing of some other "legally cognizable wrong," and is "not an independent theory of recovery"); *Gen. Insulation Co. v. Eckman Const.*, 992 A.2d 613, 621 (N.H. 2010) ("[U]njust enrichment generally does not form an independent basis for a cause of action")[18].

Further, while California and New Hampshire may allow recovery for unjust enrichment for "quasi-contractual" relationships, *see Astiana v. Hain Celestial Crp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015), *Gen. Insulation Co.*, 992 A.2d at 621, an Indirect Purchaser cannot be in a quasi-contractual relationship with Defendants.  By the very nature of their status as indirect purchasers, they are at least once removed—if not several times removed—from the Defendants.

Finally, under Illinois law, an unjust enrichment claim that "rests on the same improper conduct alleged in another claim . . . [] will stand or fall with the related claim." *Krug v. Am. Family Mut. Ins. Co.*, 227 F.Supp.3d 942, 946 (N.D. Ill. 2016). Here, as noted, all of the Indirect Purchasers' claims rest on the same implausible conspiracy allegations and, thus, the Illinois unjust enrichment claims must similarly fall.

---

[18] *See also Willis v. Rehab Solutions, PLLC*, 82 So.3d 583, 587-88 (Miss. 2012) (holding, "just as there is no cause of action for negligence [against an incompetent employee], unjust enrichment is not a proper measure of damages in this case," and limiting unjust enrichment to the measure of damages "in an action for money had and received," when money has been "paid to another by *mistake* of fact . . . ," *citing Union Nat'l Life Ins. Co. v. Crosby*, 870 So.2d 1175, 1182 (Miss. 2004)). Even considered on its own terms, the Indirect Plaintiffs allege no "mistake of fact" in their purchase of pork products from the Defendants, rendering unjust enrichment an unavailable remedy under Mississippi law in this case.

### C.    The Indirect Purchasers Fail to Allege that They Conferred a "Direct Benefit" on Defendants, as Required Under the Law of Ten States.

The Indirect Purchasers do not allege that they have conferred a direct benefit on any Defendant, as required by the law of unjust enrichment in ten states:

**Arizona:** *Brown v. Pinnacle Restoration LLC*, 2013 WL 3148654, at *2 (Ariz. Ct. App. June 18, 2013) (acknowledging that a degree of directness is required to establish a benefit to defendant).

**Florida:** *Kopel v. Kopel*, 229 So.3d 812, 818 (Fla. 2017) (finding that, in Florida, "to prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant").

**Kansas:** *JA-DEL, Inc. v. Winkler*, 432 P.3d 694 (Kan. Ct. App. 2019), *review denied* (Sept. 9, 2019) (acknowledging that a direct benefit is necessary to maintain an action for unjust enrichment).

**Maine:** *In re Aftermarket Filters Antitrust Litig.*, 2010 WL 1416259 (N.D. Ill. Apr. 1, 2010) (dismissing unjust enrichment claim under Maine law because end user plaintiffs did not and could not allege that they conferred a benefit on defendants, as opposed to others in the chain of distribution).

**Massachusetts:** *Estate of Johnson v. Melvin Rose, Inc.*, 2007 WL 1832029, at *39 (Mass. Super. Ct. May 9, 2017) (under Massachusetts law, liability in restitution requires "measurable benefit directly conferred on the defendant").

**Michigan:** *A & M Supply v. Microsoft Corp.*, 2008 WL 540883, *2-3 (Mich. App. Ct. Feb. 28, 2008) (finding that Michigan unjust enrichment doctrine is not applicable to indirect purchasers because it requires "direct receipt" of a benefit by the defendant).

**North Carolina:** *Baker Const. Co., Inc. v. City of Burlington*, 2009 WL 3350747, at *6 (N.C. Ct. App. 2009) (under North Carolina law, the "benefit conferred must be conferred directly from plaintiff to defendant, not through a third party").

**North Dakota:** *McColl Farms, LLC v. Pflaum*, 837 N.W.2d 359, 367 (N.D. 2013) (under North Dakota law, unjust enrichment doctrine requires that defendant "obtained a benefit at the direct expense of the complainant").

**Utah:** *Jones v. Mackey Price Thompson & Ostler*, 355 P.3d 1000, 1018 (Utah 2015) (requiring "direct benefit from the plaintiff" to support unjust enrichment liability under Utah law).

**West Virginia:** *Johnson v. Ross*, 419 Fed. App'x 357, 362 (4th Cir. 2011) (direct benefit must be conferred on defendant under West Virginia law).

Indirect Purchasers cannot meet this element because none of them purchased pork products directly from Defendants. *See In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 1431756, at *26 (E.D. Mich. Apr. 9, 2013) (dismissing unjust enrichment claims in states requiring a "direct benefit" because "[a]ny benefit that the [indirect purchaser] Plaintiffs conferred would be on others in the chain of distribution from whom they purchased, not on Defendants"). Accordingly, the Indirect Purchasers' unjust enrichment claims in each of these ten states should be dismissed.

### D. The Indirect Purchasers Fail to Allege a Duty Owed by Defendants, as Required Under Illinois and South Carolina Law.

The Indirect Purchasers' claims for unjust enrichment under the laws of Illinois and South Carolina should be dismissed for the additional reason that they do not allege that any Defendants owed them a duty—nor can they, because they are indirect purchasers and allege no direct interaction with any Defendant. *See Phila. Indem. Ins. Co. v. Pace Suburban Bus Serv.*, 67 N.E.3d 556, 570 (Ill. App. Ct. 2016) (requiring duty to act on part of defendant to support cause of action for unjust enrichment); *Martis v. Grinnell Mut. Reinsurance Co.*, 905 N.E.2d 920, 928 (Ill. App. Ct. 2009) (Illinois law requires "an independent basis that establishes a duty on the part of the defendant to act"); *In re Microsoft Corp. Antitrust Litig.*, 401 F.Supp.2d 461, 464 (D. Md. 2005) (applying South Carolina law) (requiring plaintiffs to "establish the existence of a duty owed to him or her by the defendant" to support a cause of action for unjust enrichment, and dismissing claim); *Pitts v. Jackson Nat'l Life Ins. Co.*, 574 S.E.2d 502, 511-12 (S.C.

32

Ct. App. 2002) (no unjust enrichment where plaintiff "failed to establish any duty to

disclose"); *Ellis v. Smith Grading & Paving, Inc.*, 366 S.E.2d 12, 15 (S.C. Ct. App. 1988)

(finding trial court should have granted motion to dismiss based on failure to allege a

breach by the defendant of "a duty giving rise to a quasi-contractual right to restitution").

### E.   The Indirect Purchasers Have Not Alleged That They Lack an Adequate Remedy at Law as Required Under the Law of Ten States.

Under the law of ten states, an unjust enrichment claim may not proceed unless a

plaintiff has no adequate remedy at law for the challenged conduct:

**Arizona:** *Freeman v. Sorchych*, 245 P.3d 927, 936 (Ariz. Ct. App. 2011) (listing "absence of a remedy provided by law" as a required element for an unjust enrichment claim).

**Massachusetts:** *Ruggers Inc. v. U.S. Rugby Football Union, Ltd.*, 843 F.Supp.2d 139, 147 (D. Mass. 2012) ("Unjust enrichment is an equitable cause of action which is available to plaintiffs who lack adequate remedies at law").

**Minnesota:** *Southtown Plumbing, Inc. v. Har-Ned Lumber Co., Inc.*, 493 N.W.2d 137, 140 (Minn. 1992) ("It is well settled in Minnesota that one may not seek a remedy in equity when there is an adequate remedy at law").

**Nebraska:** *Pilot Inv. Grp. Ltd. v. Hofarth*, 550 N.W.2d 27, 33 (Neb. 1996) (finding that plaintiff had failed to state a cause of action for unjust enrichment where it had "failed to allege that there was no adequate remedy at law in this case").

**Nevada:** *Small v. Univ. Med. Ctr. of S. Nev.*, 2016 WL 4157309, at *3 (D. Nev. Aug. 3, 2016) ("Nevada recognizes the general rule that an equitable claim, like unjust enrichment, is not available where the plaintiff has a full and adequate remedy at law.").

**New Hampshire:** *E. Elec. Corp. v. FERD Const., Inc.*, 2005 WL 3447957, at *2-3 (D.N.H. Dec. 15, 2005) ("Equitable remedies are not available in New Hampshire courts when the plaintiff has an adequate legal remedy.").

**North Dakota:** *Smestad v. Harris*, 820 N.W.2d 363, 369 (N.D. 2012) (listing "an absence of a remedy provided by law" among the elements of an unjust enrichment claim).

**South Dakota:** *Rindal v. Sohler*, 658 N.W.2d 769, 772 (S.D. 2003) ("An essential element to equitable relief is the lack of an adequate remedy at law.").

**Tennessee:** *Furlough v. Spherion Atl. Workforce, LLC*, 397 S.W.3d 114, 134 (Tenn. 2013) (holding that equitable relief is unavailable unless plaintiff can show "there is no other available or adequate remedy").

**Utah:** *Thorpe v. Washington City*, 243 P.3d 500, 507 (Utah Ct. App. 2010) (noting that "[i]t is settled in Utah" that a plaintiff seeking an equitable remedy for unjust enrichment must show that there is no adequate remedy at law).

The Indirect Purchasers are seeking legal remedies (money damages) under state antitrust and consumer protection laws for the same alleged conduct for which they assert unjust enrichment claims. Although "plaintiffs are generally free to plead in the alternative under Rule 8(e)(2)," they may not proceed with unjust enrichment claims without first showing that the various legal remedies available to them may be inadequate. *Maranda v. Grp. Health Plan, Inc.*, 2008 WL 2139584, at *3 (D. Minn. May 20, 2008). Indirect Purchasers have failed to plead that they lack an adequate remedy at law. Thus, the Indirect Purchasers' unjust enrichment claims in these ten states should be dismissed. *Riollano v. James B. Nutter & Co.*, 2014 WL 12697275, at *4 (W.D. Mo. Mar. 14, 2014) (recognizing that Fed. R. Civ. P. 8 allows plaintiffs to plead unjust enrichment in the alternative, but holding the rule does not alleviate the need to plead all elements of the alternative theory).

Dismissal is the correct outcome even if the Court were to find that the Indirect Purchasers' claims under any or all of these states' statutes fail. *See*, *e.g.*, *Dooner v. Yuen*, 2016 WL 6080814, at *3 (D. Minn. Oct. 17, 2016) (Kyle, J.) ("[U]njust enrichment is an equitable claim that the Court may not consider where an adequate remedy at law is

available. Since [Plaintiff's] breach-of-contract claim—although nonviable—provided her an adequate remedy at law, her unjust enrichment claim fails."); *VCS, Inc. v. Utah Cmty. Bank*, 293 P.3d 290, 300 (Utah 2012) (dismissing unjust enrichment claim despite plaintiff's failure to obtain relief under statute because affording an equitable remedy "would threaten the balance struck by [the] legislature in weighing the competing policies at stake").

## VI.   THE STATE LAW CLAIMS SHOULD BE DISMISSED WITH PREJUDICE.

The arguments set forth for dismissal track those previously raised with the Court. Although the plaintiffs had months to amend, they took effectively no corrective action to try to remedy the overt pleading defects detailed above. Given this, and for the reasons set forth in the joint federal motion, the state law claims should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Indirect Purchasers' state law claims with prejudice.

Date:  January 15, 2020                         Respectfully submitted,


<u>s/ Mark L. Johnson</u>                              <u>s/ Richard A. Duncan</u>
Mark L. Johnson (#0345520)                      Richard A. Duncan (#0192983)
Virginia R. McCalmont (#0399496)                Aaron D. Van Oort (#0315539)
GREENE ESPEL PLLP                               Craig S. Coleman (#0325491)
222 South Ninth Street, Suite 2200              Emily E. Chow (#0388239)
Minneapolis, MN 55402                           Isaac B. Hall (#0395398)
(612) 373-0830                                  Bryan K. Washburn (#0397733)
mjohnson@greeneespel.com                        FAEGRE BAKER DANIELS LLP
vmccalmont@greeneespel.com                      2200 Wells Fargo Center
                                                90 South Seventh Street
Daniel Laytin, P.C. (*pro hac vice*)            Minneapolis, MN 55402-3901
Christa Cottrell, P.C. (*pro hac vice*)         (612) 766-7000
Christina Briesacher (*pro hac vice*)           richard.duncan@faegrebd.com
Christina Sharkey (*pro hac vice*)              aaron.vanoort@faegrebd.com
KIRKLAND & ELLIS LLP                            craig.coleman@faegrebd.com
300 North LaSalle                               emily.chow@faegrebd.com
Chicago, IL  60654                              isaac.hall@faegrebd.com
(312) 861-2000                                  bryan.washburn@faegrebd.com
daniel.laytin@kirkland.com
christa.cottrell@kirkland.com                   ***Counsel for Hormel Foods Corporation***
christina.briesacher@kirkland.com               ***and Hormel Foods, LLC***
christina.sharkey@kirkland.com

***Counsel for Clemens Food Group, LLC***
***(formerly Hatfield Quality Meats, Inc.)***
***and The Clemens Family Corporation***

_s/ Jaime Stilson_
Jaime Stilson (#392913)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
(612) 492-6746
stilson.jaime@dorsey.com

Britt M. Miller (_pro hac vice_)
Robert E. Entwisle (_pro hac vice_)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
(312) 782-0600
bmiller@mayerbrown.com
rentwisle@mayerbrown.com

William H. Stallings (_pro hac vice_)
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
(202) 263-3000
wstallings@mayerbrown.com

**Counsel for Indiana Packers
Corporation**

_s/ Donald G. Heeman_
Donald G. Heeman (#286023)
Jessica J. Nelson (#347358)
Randi J. Winter (#391354)
SPENCER FANE LLP
150 South Fifth Street, Suite 1900
Minneapolis, MN 55402-4206
(612) 268-7000
dheeman@spencerfane.com
jnelson@spencerfane.com
rwinter@spencerfane.com

Stephen R. Neuwirth (_pro hac vice_)
Michael B. Carlinsky (_pro hac vice_)
Sami H. Rashid (_pro hac vice_)
Richard T. Vagas (_pro hac vice_)
David B. Adler (_pro hac vice_)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
stephenneuwirth@quinnemanuel.com
michaelcarlinsky@quinnemanuel.com
samirashid@quinnemanuel.com
richardvagas@quinnemanuel.com
davidadler@quinnemanuel.com

**Counsel for JBS USA Food Company**

*s/ William L. Greene*
William L. Greene (#0198730)
Peter J. Schwingler (#0388909)
Jon M. Woodruff (#0399453)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
jon.woodruff@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

**Counsel for Seaboard Foods, LLC and Seaboard Corporation**

*s/ John A. Cotter*
John A. Cotter (#134296)
John A. Kvinge (#0392303)
LARKIN HOFFMAN DALY &
LINDGREN LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55427-1060
(952) 835-3800
jcotter@larkinhoffman.com
jkvinge@larkinhoffman.com

Richard Parker (*pro hac vice*)
Josh Lipton (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
rparker@gibsondunn.com
jlipton@gibsondunn.com

Brian Robison (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
(214) 698-3370
brobison@gibsondunn.com

**Counsel for Smithfield Foods, Inc.**

<u>*s/ Aaron Chapin*</u>
Aaron Chapin (#6292540)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL  60606
(312) 655-1500
aaron.chapin@huschblackwell.com

Gene Summerlin (*pro hac vice*)
Marnie Jensen (*pro hac vice*)
Ryann Glenn (*pro hac vice*)
Kamron Hasan (*pro hac vice*)
Quinn Eaton (*pro hac vice*)
Sierra Faler (*pro hac vice*)
HUSCH BLACKWELL LLP
13330 California St., Suite 200
Omaha, NE 68154
(402) 964-5000
gene.summerlin@huschblackwell.com
marnie.jensen@huschblackwell.com
ryann.glenn@huschblackwell.com
kamron.hasan@huschblackwell.com
quinn.eaton@huschblackwell.com
sierra.faler@huschblackwell.com

**Counsel for Triumph Foods, LLC**

<u>*s/ David P. Graham*</u>
David P. Graham (#0185462)
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 486-1521
dgraham@dykema.com

Rachel J. Adcox (*pro hac vice*)
Tiffany Rider Rohrbaugh (*pro hac vice*)
Jetta C. Sandin (*pro hac vice*)
Lindsey Strang Aberg (*pro hac vice*)
AXINN, VELTROP &
HARKRIDER LLP
950 F Street, N.W.
Washington, D.C. 20004
(202) 912-4700
radcox@axinn.com
trider@axinn.com
jsandin@axinn.com
lstrang@axinn.com

**Counsel for Tyson Foods, Inc., Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc.**

*s/ Peter H. Walsh*
Peter H. Walsh (#388672)
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
T. (612) 402-3000
F. (612) 402-3001
peter.walsh@hoganlovells.com

William L. Monts III (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
Jennifer A. Fleury (*pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com
jennifer.fleury@hoganlovells.com

**Counsel for Agri Stats, Inc.**

US.125843631.13

40