# EXHIBIT 1

**EXHIBIT 1**
**Four-Year (or Fewer) Statutes of Limitation Applicable to State Law Claims**

| State | Antitrust SOL | Consumer Protection/Unfair Trade Practices SOL | Unjust Enrichment SOL |
|---|---|---|---|
| **Arizona** | Four Years.  *See* Ariz. Rev. Stat. § 44-1410. | | Three Years.  *See* Ariz. Rev. Stat. § 12-543. |
| **Arkansas** | | | Three Years.  *See* Ark. Code § 16-56-105. |
| **California** | Four Years.  *See* Cal. Bus. & Prof. Code § 16750.1. | Four Years.  *See* Cal. Bus. & Prof. Code § 17208. | Two Years. (California Code of Civil Procedure Section 339(1)) or Three Years. (California Code of Civil Procedure Section 338(d)). |
| **D.C.** | Four Years.  *See* D.C. Code § 28-4511. | Three Years.  *See* D.C. Code § 12-301(8). | Three Years.  *See* D.C. Code § 12-301(7)-(8). |
| **Florida** | | Four Years.  *See* Fla. Stat. § 95.11(3)(f). | Four Years.  *See* Fla. Stat. § 95.11(3)(k); *Brown v. Nationscredit Fin. Servs. Corp.*, 32 So.3d 661, 662 (Fla. Dist. Ct. App. 2010). |
| **Hawaii** | | Four Years.  *See* Hawaii Rev. Stat. § 480-24(a). | |
| **Illinois** | Four Years.  *See* 740 Ill. Comp. Stat. 10/7. | Three Years.  *See* 815 Ill. Comp. Stat. 505/10a(e). | |
| **Iowa** | Four Years.  *See* Iowa Code § 553.16. | | |

Exhibit 1 Page 1

**EXHIBIT 1**
**Four-Year (or Fewer) Statutes of Limitation Applicable to State Law Claims**

| State | Antitrust SOL | Consumer Protection/Unfair Trade Practices SOL | Unjust Enrichment SOL |
|---|---|---|---|
| **Kansas** | Three Years.  *See* Kan. Stat. § 60-512 (2); *Four Seasons Apartments, Ltd. v. AAA Glass Serv., Inc.*, 152 P.3d 101, 105 (Kan. Ct. App. 2007). | | Three Years.  *See* Kan. Stat. § 60-512(1); *Stehlik v. Weaver*, 482 P.2d 21, 27 (Kan. 1971) (holding that Kan. Stat. § 60-512(1) applies to unjust enrichment claims). |
| **Massachusetts** | | Four Years. *See* Mass. Gen. Laws Ch 260 § 5A. | Three Years.  *See Carvalho v. Wells Fargo Co.*, 2012 WL 1326590, at *1 (Mass. Super. Ct. Mar. 21, 2012). |
| **Michigan** | Four Years.  *See* Mich. Comp. Laws § 445.781(2). | | Three Years.  *See* Mich. Comp. Laws. § 600.5805. |
| **Minnesota** | Four Years.  *See* Minn. Stat. § 325D.64. | | |
| **Mississippi** | Three Years.  *See Carder v. BASF Corp.*, 919 So.2d 261-62 (Miss. Ct. App. 2005). | | Three Years.  *See Johnson v. Kansas City S. Ry. Co.*, 208 F. App'x 292, 296 (5th Cir. 2006). |
| **Missouri** | Four years. *See* Mo. Rev. Stat. § 416.131. | | |
| **Nebraska** | Four Years.  *See* Neb. Rev. Stat. § 25-206. | Four Years.  Neb. Rev. Stat. § 59-1612. | Four Years.  *See* Neb. Rev. Stat. § 25-207. |
| **Nevada** | Four Years.  *See* Nev. Rev. Stat. § 598A.220(2). | Four Years.  *See* Nev. Rev. Stat. § 11.190(2)(d). | Four Years.  *See In re AMERCO Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011). |

Exhibit 1 Page 2

**EXHIBIT 1**
**Four-Year (or Fewer) Statutes of Limitation Applicable to State Law Claims**

| State | Antitrust SOL | Consumer Protection/Unfair Trade Practices SOL | Unjust Enrichment SOL |
|---|---|---|---|
| **New Hampshire** | Four Years. *See* N.H. Rev. Stat. § 356:12. | Three Years. *See* N.H. Rev. Stat. § 358-A:3(IV-a). | Three Years. *See* N.H. Rev. Stat. § 508:4, I. |
| **New Mexico** | Four Years. *See* N.M. Stat. § 57-1-12. | Four Years. *See* N.M. Stat. § 37-1-4; *Nance v. L.J. Dolloff Assocs.*, 126 P.3d 1215, 1220 (N.M. Ct. App. 2005). | Four Years. *See* N.M. Stat. § 37-1-4. |
| **New York** | Four Years. *See* N.Y. Gen. Bus. Law § 340. | Three Years. *See Statler v. Dell, Inc.*, 775 F.Supp.2d 474, 484 (E.D.N.Y. 2011). | |
| **North Carolina** | Four Years. *See* N.C. Gen. Stat. § 75-16.2. | Four Years. *See* N.C. Gen. Stat. § 75-16.2. | Three Years. *See* N.C. Gen. Stat. § 1-52(1). |
| **North Dakota** | Four Years. *See* N.D. Cent. Code § 51-08.1-10. | | |
| **Oregon** | Four Years. *See* Or. Rev. Stat. § 646.800(1)-(2). | | |
| **Rhode Island** | Four Years. *See* R.I. Gen. Laws § 6-36-23. | | |
| **South Carolina** | | Three Years. *See* S.C. Code. § 39-5-150. | Three Years. *See* S.C. Code § 15-3-530(5). |
| **South Dakota** | Four Years. *See* S.D. Cod. Laws § 37-1-14.4. | Four Years. *See* S.D. Cod. Laws § 37-24-33. | |

Exhibit 1 Page 3

**EXHIBIT 1**
**Four-Year (or Fewer) Statutes of Limitation Applicable to State Law Claims**

| State | Antitrust SOL | Consumer Protection/Unfair Trade Practices SOL | Unjust Enrichment SOL |
|---|---|---|---|
| **Tennessee** | Three Years.  *See State ex rel. Leech v. Levi Strauss & Co.*, 1980 WL 4696, at *4 (Tenn. Chanc. 1980) (three-year residual limitations period in Tenn. Code § 28-3-105 applies to Tennessee antitrust claims). | | Three Years.  *See* Tenn. Code § 28-3-105. |
| **Utah** | Four Years.  *See* Utah Code § 76-10-3117(2). | Three Years. (Unfair Practices Act) *See* Utah Code § 78B-2-305. Two Years. (Consumer Sales Practices Act). *See* Utah Code § 13-11-19(8). *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Prods. Liability Litig.*, 785 F.Supp.2d 925, 933 (C.D. Cal. 2011); *Rosen v. Chrysler Corp.*, 2000 WL 34609135, at *12 n.12 (E.D. Mich. July 18, 2000). | Four Years.  *See* Utah Code § 78B-2-307(3). |
| **Virginia** | | Two Years.  Va. Code § 59.1-204.1(A). | Three Years.  *See Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 299 F.Supp.2d 565, 576 (E.D. Va. 2004). |
| **West Virginia** | Four Years.  W. Va. Code § 47-18-11. | Two Years.  *See* W. Va. Code § 55-2-12. | |

Exhibit 1 Page 4

**EXHIBIT 1**
**Four-Year (or Fewer) Statutes of Limitation Applicable to State Law Claims**

| State | Antitrust SOL | Consumer Protection/Unfair Trade Practices SOL | Unjust Enrichment SOL |
|---|---|---|---|
| **Wisconsin** | | <u>Three Years</u>. *See* Wis. Stat. § 100.18(11)(b)3. | |

Exhibit 1 Page 5

# EXHIBIT 2

**EXHIBIT 2**
**Commercial Indirect Purchasers**
**Bases for Dismissal of Consumer Protection Claims**

| State | Consumer Protection/ Unfair Trade Practice Acts | Fails Rule 9(b) | State Law Requires Deception Or Reliance | Alleged Antitrust Violation Not Actionable | Intrastate Conduct Required |
|---|---|---|---|---|---|
| **Arkansas** | Ark. Code §§ 4-88-101, 4-88-107(a)(10) | X | X | X | |
| **California** | Cal. Bus. & Prof. Code § 17200 | X | X | | |
| **Florida** | Fla. Stat. § 501.201 | X | | | X |
| **Massachusetts** | Mass. Gen. Laws Ch. 93A, §§ 1, 2, 11 | X | | | X |
| **Minnesota** | Minn. Stat. § 325F.43 | X | | X | |
| **Nebraska** | Neb. Rev. Stat. § 59-1601 | X | | | |
| **New Hampshire** | N.H. Rev. Stat. § 358-A:1 | X | | | X |

Exhibit 2 Page 1

**EXHIBIT 2**
**Commercial Indirect Purchasers**
**Bases for Dismissal of Consumer Protection Claims**

| State | Consumer Protection/ Unfair Trade Practice Acts | Fails Rule 9(b) | State Law Requires Deception Or Reliance | Alleged Antitrust Violation Not Actionable | Intrastate Conduct Required |
|---|---|---|---|---|---|
| New Mexico | N.M. Stat. §§ 57-12-1, 57-12-2(e) | X | | | |
| New York | N.Y. Gen. Laws § 349 | X | X | | X |
| North Carolina | N.C. Gen. Stat. § 75-1.1 | X | | | X |
| North Dakota | N.D. Cent. Code § 51-15-01 | X | X | | |
| South Carolina | S.C. Code § 39-5-10 | X | | | |
| South Dakota | S.D. Cod. Laws § 37-24-1 | X | | X | |
| Vermont | Vt. Stat. Tit. 9, § 2451 | X | | | |
| West Virginia | W. Va. Code § 46A-6-101 | X | | | |
| Wisconsin | Wisc. Stat. § 100.18 | X | X | | X |

Exhibit 2 Page 2

# EXHIBIT 3

**EXHIBIT 3**
**Individual Indirect Purchasers**
**Bases for Dismissal of Consumer Protection Claims**

| State | Consumer Protection/ Unfair Trade Practices | Fails Rule 9(b) | State Law Requires Deception Or Reliance | Alleged Antitrust Violation Not Actionable | Intrastate Conduct Required |
|---|---|---|---|---|---|
| California | Cal. Bus. & Prof. Code § 17200 | X | X | | |
| D.C. | D.C. Code § 28-3901 | X | X | | |
| Florida | Fla. Stat. § 501.201 | X | | | X |
| Hawaii | Haw. Rev. Stat. § 480-1 | X | | | |
| Illinois | 815 Ill. Comp. Stat. 505/10A | X | | X | |
| Massachusetts | Mass. Gen. Laws Ch. 93A, §§ 1, 2, 11 | X | | | X[1] |
| Michigan | Mich. Comp. Laws § 445.901 | X | X | X | |

[1] The Individual Indirect Purchaser Plaintiffs do not bring a claim under Massachusetts law but instead purport to "reserve their right" to bring such a claim through amendment.  Any such claims would be subject to dismissal for this reason.

Exhibit 3 Page 1

**EXHIBIT 3**
**Individual Indirect Purchasers**
**Bases for Dismissal of Consumer Protection Claims**

| State | Consumer Protection/ Unfair Trade Practices | Fails Rule 9(b) | State Law Requires Deception Or Reliance | Alleged Antitrust Violation Not Actionable | Intrastate Conduct Required |
|---|---|---|---|---|---|
| **Minnesota** | Minn. Stat. § 325D.49 | X | | X | |
| **Nebraska** | Neb. Rev. Stat. § 59-1601 | X | | | |
| **Nevada** | Nev. Rev. Stat. § 598.0903 | X | | | |
| **New Hampshire** | N.H. Rev. Stat. § 358-A:1 | X | | | X |
| **New Mexico** | N.M. Stat. §§ 57-12-1, 57-12-2(e) | X | | | |
| **North Carolina** | N.C. Gen. Stat. § 75-1.1 | X | | | X |
| **North Dakota** | N.D. Cent. Code § 51-10 | X | | X | |
| **Rhode Island** | R.I. Gen. Laws § 6-13.1-1 | X | X | X | |

Exhibit 3 Page 2

**EXHIBIT 3**
**Individual Indirect Purchasers**
**Bases for Dismissal of Consumer Protection Claims**

| State | Consumer Protection/ Unfair Trade Practices | Fails Rule 9(b) | State Law Requires Deception Or Reliance | Alleged Antitrust Violation Not Actionable | Intrastate Conduct Required |
|---|---|---|---|---|---|
| South Carolina | S.C. Code § 39-5-10 | X | | | |
| Utah | Utah Code § 13-11-1 (Consumer Sales Practices Act) | X | | X | |
| Utah | Utah Code § 13-5-1 (Unfair Practices Act) | | | X | |
| Virginia | Va. Code § 59.1- 196 | | X | | |

Exhibit 3 Page 3

# EXHIBIT 4

STATE OF MINNESOTA                           DISTRICT COURT

COUNTY OF HENNEPIN                     FOURTH JUDICIAL DISTRICT

Jeff Lerfald and Ken Wolfbauer on behalf
of Themselves and All Others Similarly
Situated,

                Plaintiffs,          **ORDER RE CERTAIN DEFENDANT'S**
                                        **MOTION TO DISMISS PLAINTIFF'S**
                                        **CONSUMER FRAUD ACT CLAIM;**
v.                                      **CERTAIN DEFENDANTS' MOTION**
                                        **TO STAY AND CERTAIN**
General Motors Corporation,             **DEFENDANTS' MOTION TO DISMISS**
General Motors of Canada, Ltd., Ford    **FOR LACK OF PERSONAL**
Motor Company, Ford Motor Company of    **JURISDICTION**
Canada, Ltd., Toyota Motor Corporation,
Toyota Motor Sales, U.S.A., Inc., Toyota
Canada, Inc., Honda Motor Company, Ltd.,
American Honda Motor Company, Inc.,          Court File No. CT 03-003327
Honda Canada, Inc., DaimlerChrysler
Aktiengesellschaft, DaimlerChrysler
Corporation, DaimlerChrysler Canada, Inc.,
Mercedes-Benz USA, LLC, Mercedes-Benz
Canada, Inc., Nissan Motor Company, LTD.,
Nissan North America, Inc., Nissan Canada,
Inc., BMW of North America, Inc., BMW
Canada, National Automobile Dealers
Association, Canadian Automobile Dealers
Association, and Bayerische Motoren Werke
Aktiengesellschaft,

              Defendants.

Rec'd by JSS Sec.
NOV 14 2003

---

    The above-entitled matter came on before the undersigned Judge of District Court
on October 23, 2003, upon the following motions:

    1.  Certain defendants' motion to dismiss plaintiffs' Consumer Fraud Act (CFA)
        claim.
    2.  Certain defendants' motion to stay.
    3.  Certain defendants' motion to dismiss for lack of personal jurisdiction.

APPEARANCES:

Timothy J. Becker, Esq., William P. Butterfield, Esq., and H. Laddie Montague, Jr., Esq., appeared on behalf of Plaintiff.

James S. Simonson, Esq., and David J. Zott, Esq., appeared on behalf of General Motors Corporation and General Motors of Canada, Ltd.

Steven J. Wells, Esq., and Peter Sullivan, Esq., appeared on behalf of Nissan North America, Inc., and Nissan Canada, Inc.

George W. Soule, Esq., Kirsten A. Lockhart, Esq., and James C. Egan, Jr., Esq., appeared on behalf of DaimlerChrysler Corporation, DaimlerChrysler Canada, Inc., Mercedes-Benz USA, LLC, and Mercedes-Benz Canada, Inc.

Matthew E. Johnson, Esq., and Daniel Purcell, Esq., appeared on behalf of American Honda Motor Company, Inc., and Honda Canada Inc.

Michael J. Bleck, Esq., and Daniel L. Goldberg, Esq., appeared on behalf of BMW of North America, LLC and BMW Canada.

Mark D. Savin, Esq., and Michael Lazerwitz, Esq., appeared on behalf of Toyota Motor Sales, U.S.A., Inc., and Toyota Canada, Inc.

David R. Crosby, Esq., and Eric H. Queen, Esq., appeared on behalf of Canadian Automobile Dealers Association.

Jeffrey J. Keyes, Esq., and William R. Sherman, Esq, appeared on behalf of Ford Motor Company and Ford Motor Company of Canada, Ltd.

James R. Crassweller, Esq., appeared on behalf of National Automobile Dealers Association.

Based upon the files, records and proceedings herein, including the arguments of counsel, the Court makes the following order:

1. Certain defendants' motion to dismiss Plaintiffs' Consumer Fraud Act (CFA) claim is **GRANTED.**
2. Certain defendants' motion to stay is **GRANTED.**
3. Certain defendants' motion to dismiss for lack of personal jurisdiction is **GRANTED.**

2

4. The attached memorandum is incorporated herein as if set forth in full.

BY THE COURT:

John Q. McShane
Judge of District Court

Dated:  11/7/03

## MEMORANDUM

The above-entitled matter is before the Court on the following motions:

1. Certain defendants' motion to dismiss plaintiff's Consumer Fraud Act (CFA) claim;
2. Certain defendants' motion to stay; and
3. Certain defendants' motion to dismiss for lack of personal jurisdiction.

## ALLEGATIONS

Plaintiff Jeff Lerfald is a Minnesota resident who purchased a new 2003 Chevy Silverado 2500 HD in Minnesota from an independent dealership authorized to sell these vehicles. Plaintiff Ken Wolfbauer is a Minnesota resident who leased vehicles in Minnesota, including a 2001 Ford Expedition, through a defendant's authorized dealer. Plaintiffs purport to sue on behalf of themselves and an alleged statewide class including every individual who, from January 2001 to the present, purchased or leased new cars in Minnesota of any type made by any of the defendants. The defendants consist of seven groups of automobile manufacturers and/or distributors located in the United States, Canada, Germany, and Japan. (The German and Japanese defendants are not part of the proceedings at this time.) The Canadian Automobile Dealers Association and the National Automobile Dealers Association are also defendants.

Plaintiffs have alleged that each defendant car manufacturer or distributor has practices and policies to prevent vehicles intended for sale in Canada from being sold in the United States. Plaintiffs also allege that beginning in 2001 the defendants worked together to impose these restrictions. The effect of these restrictions was to artificially inflate the price of cars in the United States.

## MOTION TO DISMISS THE CONSUMER FRAUD ACT CLAIM

Certain defendants: General Motors Corporation, General Motors of Canada, Ltd., Nissan North American, Inc., Ford Motor Company, Ford Motor Company of Canada, Ltd., BMW of North America, LLC, DaimlerChrysler Corporation and Mercedes-Benz USA, LLC, American Honda Motor Company, Inc., Toyota Motor Sales USA, Inc. and Toyota Canada, Inc. and the National Automobile Dealers Association (Certain defendants) have moved this Court to dismiss Count Two of Plaintiffs' Second Amended Class Action Complaint.

### COUNT TWO
### CONSUMER FRAUD

83.    Plaintiff restates and incorporates by reference herein the allegations of paragraphs 1 to 82 above.

84.    The conduct described above constitutes unfair or deceptive trade practices, which predominately, substantially and significantly adversely affect the conduct of trade and commerce in Minnesota in violation of Minnesota's Consumer Fraud Act, Minn. Stat. § 326F.69, *et seq.*

85.    By reason of the violations of the Minnesota Consumer Fraud Act, Plaintiff and members of the Class have been injured in that they have paid more for new automobiles in Minnesota than they otherwise would have paid in the absence of Defendants' unfair or deceptive trade practices.

Certain defendants argue that plaintiffs' complaint against them is an antitrust claim based on the allegation that they conspired together to prevent new cars they sold to dealers in Canada from being exported to the United States. The effect of this was to maintain new car prices in the United States at artificially inflated prices. This is plaintiffs' claim.

<u>NATURE OF THE ACTION</u>

1.    Beginning at least as early as 2001, Defendants conspired by entering into a series of agreements pursuant to which they initiated a course of conduct to prevent new cars they sold to dealers in Canada from being exported to the United States. Generally, new car prices in Canada are 10-30% lower than prices for the same cars in the United States.

2.    The effect of the conspiracy was to maintain new car prices in the United States at levels that are significantly higher than prices charged in Canada for the same cars, and to maintain the prices for new cars in the United States at supra-competitive levels. As a result of this conduct, all cars manufactured by the Manufacturing Defendants (defined below) and sold or leased as new in Minnesota and throughout the United States during the relevant time period were sold or leased at artificially inflated prices.

Certain defendants argue that this is not a consumer fraud action and plaintiffs' consumer fraud act claim should be dismissed.

The Minnesota Consumer Fraud Act, Minn. Stat. § 325.69, <u>et seq.</u> (CFA) applies to fraud, misrepresentation and deceptive practices in connection with the sale of merchandise.

The act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others relied thereon in connection with the sale of any merchandise, whether or not any person has in fact been mislead, deceived or damaged thereby, is enjoinable as provided herein.

Minn. Stat. § 325.69. Plaintiffs have failed to allege any such actions. They admit that they have not alleged any false statements or any misleading statements in their complaint. They argue that the statement of the price of the cars sold or leased in Minnesota was a "deceptive practice." They argue that by stating a price the defendants represent the price is what the market is willing to pay. According to plaintiffs, this is

deceptive because defendants knew that their conspiracy maintained prices at an artificially high level.

Plaintiffs have cited no statutory or case law authority to support finding that this is a deceptive practice; and this Court has found none. This Court also does not find this argument to be either logical or rational. The price of a vehicle is a statement of what the seller hopes to receive or is willing to accept. Even then, negotiation may get the seller to take less. This can hardly be described as a statement of the market value. The statement of the price of a new or leased vehicle is not a deceptive practice.

Plaintiffs allege both vertical and horizontal restraints on trade in violation of both federal and state antitrust laws. Certain defendants admit that these allegations are well pled. The second amended Complaint alleges an antitrust action, not a consumer fraud action. The CFA count must be dismissed.

Plaintiffs' reliance on Group Health Plan, Inc. v. Philip Morris, 621 N.W.2d 2 (Minn. 2001), to support their argument that they have sufficiently pled a CFA claim is misplaced. Plaintiffs argue that Group Health stands for the proposition that "the plaintiff need only plead that the defendant engaged in conduct prohibited by the statute and that the plaintiff was damaged thereby."[1] Even assuming that this is the holding of Group Health, plaintiffs have failed to allege any conduct on the part of the defendants that is prohibited by the statute.

The Court need not address plaintiffs' use of Group Health to support a claim that the CFA does not require a direct contractual relationship between the plaintiff and the defendant. The CFA requires the allegation of some conduct that breaches its terms.

---

[1] Id. at 12. This statement from Group Health dealt with whether reliance had to be pled in a CFA claim. Its use in this context is questionable at best.

There is no such allegation in the case <u>sub judice</u>. The presence or absence of a contractual relationship is a moot question.

This Court also need not address whether plaintiffs have pled their CFA claim with the requisite particularity under Minnesota Rules of Civil Procedure 9.02 and 12.02(e). As plaintiffs have not alleged any conduct on the part of any defendant that violates the CFA, the issue of the sufficiency of pleading is also moot.

## MOTION TO STAY

Defendants have moved this Court to stay this action in favor of a consolidated federal action pending before Judge Hornby in the United States District Court for the District of Maine. Defendants allege that the present suit is a duplicate of the previously filed consolidated case and that fairness, efficiency, and judicial economy dictate that this case be stayed until resolution of the federal lawsuit.

The trial court has the discretionary authority to stay proceedings before it to allow proceedings in another court to continue. <u>St. Paul Surplus Lines Ins. Co. v. Mentor Corp.</u>, 503 N.W.2d 511, 515 (Minn. Ct. App. 1993); <u>Green Tree Acceptance, Inc. v. Midwest Federal Sav. and Loans Ass'n of Minneapolis</u>, 433 N.W.2d 140, 141-42 (Minn. Ct. App. 1998); <u>Anderson v. Werner Continental, Inc.</u>, 363 N.W.2d 332 (Minn. Ct. App. 1985).

This Court is not sure if this is the paradigmatic case for a stay, but it is sure that a stay is appropriate. This case is identical to the consolidated federal class action case. The federal class action was filed first. A stay will preserve judicial economy, lessen costs and inconvenience to the litigants, and minimize the possibility of inconsistent determinations of the same dispute.

This case will be stayed in all respects until Judge Hornby rules on defendants' motion to dismiss. If Judge Hornby grants defendants' motion, it will be appropriate to move this case forward. This will occur when Judge Hornby rules, not when all appeals have been exhausted. If Judge Hornby denies defendants' motion to dismiss, the stay will remain in effect. This Court will defer to Judge Hornby to coordinate the preparation of the case for trial. This Court will consider a motion to lift the stay, but it is clear to this Court that coordination through the consolidated federal case is the preferred method of trial preparation.

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Seven defendants in the above-entitled case have moved to dismiss the claims against them for lack of personal jurisdiction. They are defendants Canadian Automobile Dealer's Association (CADA), Honda Canada, Inc. (Honda Canada), DaimlerChrysler Canada Inc. (DC Canada), Mercedes-Benz Canada, Inc. (MB Canada), Toyota Canada, Inc. (Toyota Canada), Nissan Canada, Inc. (Nissan Canada), and BMW Canada, Inc. (BMW Canada). Hereinafter these defendants will be referred to collectively as the "Canadian Defendants."

Plaintiffs concede that they do not have general jurisdiction over these defendants. General jurisdiction arises from a defendants "continuous and systematic" business contacts with the forum, regardless of whether these contacts constitute any of the alleged wrongdoings. Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414-17 (1984).

In the absence of continuous contacts, a foreign defendant may still be subject to specific jurisdiction in the forum state. Specific jurisdiction exists when the cause of

action is related to or arises from the forum defendant's contacts within the forum. Id. Plaintiffs argue that in this case specific jurisdiction is satisfied because the contacts with the forum state result from each defendant's purposeful conduct and not unilateral activities of the plaintiffs. Valspar Corp. v. Lukken Color Corp., 495 N.W.2d 408, 411 (Minn. 1992).

It should be noted at the outset that there are no disputes as to the facts relevant to this motion. Each of the Canadian Defendants has submitted an affidavit that sets out, inter alia, its contacts with the state of Minnesota. Plaintiffs have not disputed any of these facts. Plaintiffs seek in personam jurisdiction over the Canadian Defendants under Minn. Stat. § 543.19. Plaintiffs have the burden of establishing jurisdiction. Valspar Corp., 495 N.W.2d 408. Specifically, plaintiffs seek jurisdiction over these defendants under Minn. Stat. § 543.19, subd. 1(d). Subd. 1(d) authorizes the exercise of personal jurisdiction over nonresidents who commit any acts outside of Minnesota causing injury within the state, unless (1) Minnesota has no substantial interest in providing a forum; or (2) the burden placed on the defendant by being brought under the state's jurisdiction would violate fairness and substantial justice; or (3) the cause of action lies in defamation or privacy. Plaintiffs argue that the Canadian Defendants' participation in an unlawful conspiracy that caused consumers to pay Minnesota dealers inflated prices for automobiles is sufficient to justify in personam jurisdiction. They believe this is the commission of an act outside of Minnesota causing injury within the state.

Personal jurisdiction under Minn. Stat. § 543.19 must comport with constitutional due process. Valspar, 495 N.W.2d at 411. The Due Process Clause authorizes personal jurisdiction over a nonresident defendant if the defendant has "minimum contacts" with

the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The
unrebutted affidavit testimony of each of the Canadian Defendants establishes that none
of them have any contacts with Minnesota. Each Canadian Defendant has established
through unrebutted affidavit testimony at least the following:

1. Each has its principal place of business in Canada.

2. Each is organized under Canadian law.

3. Each is either a manufacturer and distributor or distributor alone of motor
   vehicles and/or motor vehicle related products in Canada.

4. None of them manufacturer or distribute automobiles for Minnesota.

5. None of them is registered to conduct business in Minnesota.

6. None of them are authorized to transact business in Minnesota.

7. None of them have a registered agent in Minnesota.

8. None of them intentionally avails itself of the benefits of doing business in
   Minnesota.

9. None of them own real property in Minnesota.

10. None of them rent or lease property in Minnesota.

11. None of them operate any kind of office or facility in Minnesota.

12. None of them sell ship or otherwise introduce into commerce in Minnesota
    new motor vehicles or related parts.

Plaintiffs do not dispute any of these facts. Plaintiffs' basis for jurisdiction is
their claim that the Canadian Defendants engaged in a conspiracy among themselves and
their American counterparts to prevent new vehicles they sold to their dealers in Canada
from being exported to the United States during a period from at least January 1, 2001,

through the present. Plaintiffs must concede that all of the actions that these Canadian Defendants are alleged to have committed occurred in Canada. They must also concede that the effects of the alleged conspiracy were not specifically directed towards Minnesota or specifically felt in Minnesota, but were directed and felt generally in the United States.

Plaintiffs' argument that nonresident defendants need not have any direct contact with the forum state if they have participated in a tortious conspiracy injuring a Minnesota resident in Minnesota was specifically addressed in Stangel v. Rucker, 398 N.W.2d 602 (Minn. Ct. App. 1986).

> However, Hunt does not stand for the proposition that minimum contacts are unnecessary whenever a conspiracy with instate effects are alleged, or that such an allegation is itself a sufficient showing of minimum contacts.
>
> In Hunt, the Supreme Court reasoned that since the nonresident conspirators would be entitled to rely on Minnesota law to uphold lawful agreements, it was fair to require them to defend an action based on injuries to Minnesota citizens as a result of unlawful agreements (citations omitted). Frank has not made a similar showing that the Ruckers have purposefully availed themselves of the benefits of Minnesota laws in a matter related to this suit.

Id. at 606

Similarly, the plaintiffs have not made a showing that the Canadian Defendants have purposefully availed themselves of the benefits of Minnesota laws in a matter related to this suit. Therefore, the allegation of conspiracy with in-state effects is insufficient to justify in personam jurisdiction.

Plaintiffs next invoke the "stream of commerce theory of personal jurisdiction." They allege that the Canadian Defendants entered into illegal agreements in order to prevent the export of new vehicles from Canada to the United States. The alleged

agreements and contacts directly impacted the price at which new vehicles were sold and/or leased in Minnesota; injuring consumers who purchased or leased these automobiles at inflated prices. They allege that the Canadian Defendants have caused injury by not allowing automobiles and parts to enter the stream of commerce of Minnesota.

Plaintiffs' reliance on a "stream of commerce theory of personal jurisdiction" is misplaced. It is undisputed that none of the Canadian Defendants distributed vehicles into the United States or, specifically, Minnesota. Vehicles from Canada that ultimately were sold in the United States were distributed in Canada.

The "stream of commerce theory of personal jurisdiction" was first articulated in the case of <u>Worldwide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297-98. "The forum State does not exceed its power under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its product into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." <u>Id.</u> Plaintiffs' allegations in this case are that the Canadian Defendants refused to place Canadian vehicles into the stream of commerce so that they could not be purchased by consumers in the forum state. The "stream of commerce theory" does not apply to this action and cannot form the basis of in personam jurisdiction.

The alleged actions of the Canadian Defendants do not meet the "minimum contacts" requirements for personal jurisdiction. To meet the "minimum contacts" requirements the acts must be such that the nonresident defendant must have purposefully availed itself of the privileges of conducting activities within the forum state, and the

defendants conduct and connections with the forum state must be such that defendant should reasonably anticipate being hailed into court there.

Rather than focusing on the defendants' conduct within or contacts with the forum state, the plaintiffs seek to invoke the so-called "effects test" approved in Calder v. Jones, 465 U.S. 783 (1984). The Minnesota Supreme Court in Griffis v. Luban, 646 N.W.2d 527 (Minn. 2002), interpreted Calder to require a plaintiff to show that: (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the tort in the forum such that the forum state was the focal point of the plaintiff's injury; and (3) the defendant expressly aimed the tortuous conduct at the forum such that the forum state was the focal point of the tortuous activity. Id at 534. In the case at bar, the undisputed facts show that the effects of the intentional tort, if there was one, was not such that the forum state was the focal point nor is there any evidence that the defendants expressly aim the tortuous comment at the forum such that the forum was the focal point of the tortuous activity.

Plaintiffs' final argument is that a dismissal of the Canadian Defendants will allow them to "get away with it." They argue that aggrieved Minnesota consumers will not be able to pursue a remedy against these defendants in Canadian courts. This Court sees no reason why a class action on behalf of Minnesota citizens adversely affected by the alleged conspiracy could not be pursued in Canadian courts. In addition, the dismissal of the Canadian Defendants will not preclude the Minnesota plaintiffs from pursuing their claim against the remaining defendants. Nor is there any competent evidence before this Court that if plaintiffs are successful, there will be a question of collectability. Fundamental fairness requires these defendants to have some contact with the state of Minnesota before they can be hailed into court here. The undisputed evidence

is that the Canadian Defendants do not have contact with the forum sufficient to justify that result. The motion of the seven Canadian Defendants for dismissal due to lack of personal jurisdiction must be granted.