UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

In Re Pork Antitrust Litigation

This Document Relates to:  All Actions

_____

No. 1:18-cv-01776-JRT-HB

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT TRIUMPH FOODS, LLC

Defendant Triumph Foods, LLC ("Triumph") submits this memorandum in support of its motion to dismiss the amended complaints filed by the Direct Purchaser Plaintiffs ("DPP" ECF No. 431), the Commercial and Institutional Indirect Purchaser Plaintiffs ("CIP" ECF No. 432), the Consumer Indirect Purchaser Plaintiffs ("IIP" ECF No. 392), Winn-Dixie Stores, Inc. ("Winn-Dixie Am. Compl.," No. 19-cv-1578, ECF No. 94), and the Commonwealth of Puerto Rico ("P.R. Am. Compl.," No. 19-cv-2723, ECF No. 47) (collectively, the "Amended Complaints").

## INTRODUCTION

For the reasons set forth in the joint motion to dismiss, the Amended Complaints do not plausibly allege a conspiracy to restrict the supply of pork.  Triumph brings this separate motion because the Amended Complaints also fail to state a claim against Triumph.

Like the original pleadings, the Amended Complaints do not allege facts suggesting that Triumph engaged in parallel conduct with other Defendants, much less conduct "sufficient to be interpreted as collusive." *In re Pork Antitrust Litig.*, No. 18-cv-

1

01776, 2019 WL 3752497, at *6 n.6 (D. Minn. Aug. 8, 2019). Despite this Court's guidance that Plaintiffs must allege "specific information regarding each Defendant," *id.* *8, the only new allegations against Triumph are that (1) it is a limited liability company whose members are five U.S. pork producers; (2) in 2008-09 some of Triumph's owners reduced their sow herds; and (3) Triumph exported some portion of its pork products.

These new allegations fail to show that Triumph restricted the supply of pork or agreed with others to restrict supply. A one-time reduction in sows owned by some of Triumph's members hardly suggests a conspiracy - particularly where there is no allegation that the reduction in sows had any effect on the amount of pork processed by Triumph. Similarly, while Plaintiffs point out that Triumph exports some of the pork it processes, there are no allegations that these exports were against Triumph's independent self-interest rather than consistent with independent, profit-maximizing behavior.

## ARGUMENT

### I. The Amended Complaints Fail to Plead Facts Demonstrating that Triumph Joined or Participated in any Supply Reduction Conspiracy.

The Court dismissed the original complaints because they lacked "*specific allegations . . . that plausibly establish that the individual Defendants decreased their own production of pork.*" *In re Pork Antitrust Litig.*, 2019 WL 3752497, at *9 (D. Minn. Aug. 8, 2019) ("Order") (emphasis in original). The Court granted Plaintiffs leave to amend, with instructions to correct this deficiency by including "specific information" that would permit the Court to "analyze which, how many, or when any of the individual Defendants may have affirmatively acted to reduce the supply of pork." *Id.* at *8.

Regarding Triumph, Plaintiffs allege that some of Triumph's owners reduced the size of their own sow herds in 2008-2009. (DPP ¶ 130; CIP ¶ 134; IPP ¶ 112; P.R. Amend. Compl. ¶ 118; Winn-Dixie Am. Compl. ¶ 130, 154). However, there is no allegation this culling of sows by some of Triumph's owners reduced the volume of pork processed by Triumph. While Plaintiffs are correct that Triumph is owned by pork producers, Triumph is a separate legal entity engaged in the slaughter and processing of hogs it obtains from a variety of sources. There are no allegations that Triumph processed fewer hogs during any portion of the alleged conspiracy period.

Plaintiffs' allegations related to Triumph's exports of pork are similarly vague. (See DPP ¶ 130; CIP ¶ 134; P.R. Amend. Compl. ¶ 118; Winn-Dixie Am. Compl. ¶ 130). These allegations do not specify the amount of Triumph's exports, when those exports occurred, or suggest that Triumph "intentionally exported a greater percentage of their pork" in order "to limit the supply of pork" in the United States. Order at *7. In short, general and non-specific claims that Triumph exported pork do not provide the Court with facts to assess whether the exports were "proximate in time and value" to any other Defendants' acts. *Id.* at *8. Finally, Plaintiffs have made no factual allegations that any of Triumph's exports were contrary to its unilateral self-interest or contrary to market forces absent a conspiracy.

## CONCLUSION

The Amended Complaints fail to allege facts suggesting that Triumph joined the alleged conspiracy. The Amended Complaints should therefore be dismissed as to Triumph for failure to state a claim.

Dated:  January 15, 2020

                    Respectfully Submitted

*/s/ Gene Summerlin*
Gene Summerlin (*pro hac vice*)
Marnie Jensen (*pro hac vice*)
Ryann Glenn (*pro hac vice*)
Kamron Hasan (*pro hac vice*)
Quinn Eaton (*pro hac vice*)
Sierra Faler (*pro hac vice*)
HUSCH BLACKWELL LLP
13330 California St., Suite 200
Omaha, NE 68154
(402) 964-5000
gene.summerlin@huschblackwell.com
marnie.jensen@huschblackwell.com
ryann.glenn@huschblackwell.com
kamron.hasan@huschblackwell.com
quinn.eaton@huschblackwell.com
sierra.faler@huschblackwell.com

Aaron Chapin (#6292540)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
aaron.chapin@huschblackwell.com

*Counsel for Triumph Foods, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2020 the above-and foregoing document was electronically filed with the court and a file-stamped copy was forwarded to all counsel of record through the Court's electronic filing system.

January 15, 2020                    By*:*  */s/Gene Summerlin*

HB: 4848-1644-3313.2