Ahern and Associates, P.C.
Willoughby Tower
8 South Michigan Avenue
Suite 3600
Chicago, Illinois 60603
patrick.ahern@ahernandassociatespc.com

Patrick J. Ahern
(312) 404-3760

February 13, 2020

The Honorable Hildy Bowbeer
United States Magistrate Judge
United States District Court
District of Minnesota
632 Federal Building
316 North Roberts Street
St. Paul, MN 55101

Re:     *Winn-Dixie Stores, Inc. v. Agri Stats, Inc. et al.*, Civil Action 19-cv-01578

Dear Judge Bowbeer:

  We represent Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC ("Winn-Dixie") and submit this letter regarding the process for filing briefs in opposition to Defendants' pending motions to dismiss.

  On December 20, 2019, the Court entered an order directing consolidated motion to dismiss briefing in the Class Actions and separate motion to dismiss briefing in each of the opt-out cases, to account for the possibility that one or more Defendants would raise arguments unique to either the opt-out or the Class Action cases. Dkt. 82. Instead of filing multiple briefs raising distinct arguments, however, Defendants filed a brief in support of the motion to dismiss the Class Actions and then filed a joinder to that brief against Winn-Dixie and the Commonwealth of Puerto Rico. *See* Dkt. 100, Defs.' Omnibus Mem. of Law ISO Defs.' Joint Motion to Dismiss ("Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC . . . claim that Defendants violated the antitrust laws based on the same purported facts and conduct alleged in the Amended Complaints filed by the putative classes . . . . As to not burden the Court with duplicative briefing, Defendants incorporate herein the arguments raised in Defendants' Joint Memorandum of Law in Support of Their Motion to Dismiss the Federal Law claims in Plaintiffs' Amended Complaints . . . ."). *See also, e.g.*, Dkt. 103, Clemens's Mem. of Law ISO Motion to Dismiss; Dkt. 106, Hormel's Mem. of Law ISO Motion to Dismiss; Dkt. 109, Indiana Packer's Mem. of Law ISO Motion to Dismiss; Dkt. 112, JBS's Mem. of Law ISO Motion to Dismiss; Dkt. 115, Seaboard's Mem. of Law ISO Motion to Dismiss; Dkt. 118, Smithfield's Mem. of Law ISO Motion to Dismiss; Dkt. 123, Tyson's Mem. of Law ISO Motion to Dismiss; Dkt. 126, Agri Stats's Mem. of Law ISO Motion to Dismiss (arguing that a combined brief in support of

Defendants' joint motion to dismiss furthers judicial economy because Class Plaintiffs, Winn-Dixie, and the Commonwealth of Puerto Rico have raised substantively identical allegations).

Because the arguments directed at Winn-Dixie are identical to those directed at the class, to avoid burdening the Court or the parties with duplicative briefing, Winn-Dixie requests that the Court grant Winn-Dixie until February 26—three business days after February 21, the current deadline for plaintiffs to file briefs in opposition to the motions to dismiss—to file either a joinder or (if needed) a short supplement to the Class Plaintiffs' opposition brief.

Beginning on January 9, 2020 and then again on January 31, 2020, Winn-Dixie attempted to confer with the Class Plaintiffs to seek consent to this approach (or to reach agreement to an approach whereby the Class Plaintiffs and Winn-Dixie would jointly collaborate on joint opposition briefs to the motions to dismiss). Specifically, Winn-Dixie spoke with counsel for the CIIPs about the potential for coordination amongst the classes and DAPs on opposition briefs on January 9—prior to when the motions to dismiss were filed. Winn-Dixie spoke with them again on January 31 to discuss a plan for coordination in view of the fact that the defendants' motions to dismiss drew zero distinction in the arguments made against the classes and those made against the DAPs. However, the Class Plaintiffs have refused to agree to either of those options and instead insist that Winn-Dixie should file what would essentially be duplicative opposition briefing on February 21.

Winn-Dixie met and conferred with Defendants about this issue, and Defendants stated their position as follows:

> "Defendants do not understand the dispute between Plaintiffs. Class plaintiffs previously represented to the Court that they are 'willing to confer with DAP counsel to avoid overlap and repetition in their separate responses to defendants' motions to the extent possible. Class Plaintiffs would also be willing meet and confer with DAP counsel to discuss whether DAP counsel can use some portion of Class Plaintiffs' 27,000 word limit for their own separate brief.' Joint Letter (Dkt. 422). As such, the various plaintiffs should meet and confer 'to avoid overlap and repetition in their separate responses' and file those responses by the February 21, 2020 deadline for responses to the motions to dismiss. Order (Dkt. 424)."

Winn-Dixie shares Defendants' confusion about why the Class Plaintiffs refuse to coordinate on a joint brief or otherwise consent to a procedure that would avoid duplicative briefing. Accordingly, we respectfully request that the Court order the relief that Winn-Dixie has requested (an extra three business days to submit a joinder and/or short supplement) in order to avoid unnecessary duplicative briefing. Alternatively, Winn-Dixie remains willing to coordinate with the Class Plaintiffs to prepare a joint brief so long as the Class Plaintiffs afford Winn-Dixie an opportunity to review drafts of the joint brief sufficiently in advance of its submission so as to provide meaningful input or a short supplement for any issues on which the Class Plaintiffs and Winn-Dixie are not aligned.

Respectfully submitted,

*Patrick J. Ahern*

Patrick J. Ahern
**Ahern and Associates, P.C.**
Willoughby Tower
8 South Michigan Avenue, Suite 3600
Chicago, Illinois 60603
(312) 404-3760
Email: patrick.ahern@ahernandassociatespc.com