## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **In re Pork Antitrust Litigation**<br><br>This Document Relates To:<br><br>Commercial and Institutional Indirect Purchaser Plaintiff Actions and Consumer Indirect Purchaser Plaintiff Actions | Court File No.  18-cv-01776-JRT-HB |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS THE STATE CLAIMS IN THE COMMERCIAL AND INDIVIDUAL INDIRECT PURCHASER PLAINTIFFS' AMENDED COMPLAINTS

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ..................................................................................................1

ARGUMENT .......................................................................................................1

I.     THE COURT SHOULD DISMISS ALL OF THE INDIRECT
       PURCHASERS' CLAIMS AS IMPLAUSIBLE OR TIME-
       BARRED ...................................................................................................1

II.    THE CIPS LACK ARTICLE III STANDING TO PURSUE A
       MAJORITY OF THEIR CLAIMS ............................................................1

III.   CERTAIN STATES' CLASS ACTION BARS PREVENT
       INDIRECT PURCHASERS FROM MAINTAINING CLASS
       ACTIONS ..................................................................................................3

IV.    PLAINTIFFS' FAILURE TO ALLEGE THE REQUIRED
       INTRASTATE STATUTORY REQUIREMENTS MERITS
       DISMISSAL ..............................................................................................5

V.     PLAINTIFFS CANNOT RECOVER DAMAGES UNDER RHODE
       ISLAND ANTITRUST LAW BEFORE JULY 15, 2013 ........................7

VI.    INDIRECT PURCHASERS FAIL TO PLEAD CLAIMS UNDER
       STATE CONSUMER PROTECTION LAW .............................................8

       A.     Indirect Purchasers Ground Their Consumer Protection
              Claims In Allegations Of Fraud .....................................................8

       B.     Indirect Purchasers' Sidestepping Of Their Allegations Does
              Not Save Their Claims ...................................................................8

       C.     Indirect Purchasers Fail To Plead Consumer-Directed
              Deceptive Conduct, As Required Under The Law Of Nine
              States ..............................................................................................9

       D.     Antitrust Price Fixing Claims Are Not Actionable Under The
              Consumer Protection Statutes Of Eight States ............................12

VII.   INDIRECT PURCHASERS DO NOT ALLEGE CLAIMS FOR
       UNJUST ENRICHMENT ........................................................................14

       A.     All Unjust Enrichment Claims Should Be Dismissed For
              Failure To Plead The Required Elements In Each State ..............14

B.      Unjust Enrichment Is Not A Standalone Claim In Four States .................. 15

C.      Indirect Purchasers Fail The "Direct Benefit" Standard Under
        Ten States' Laws ................................................................................ 15

D.      Indirect Purchasers Fail To Allege A Duty Owed By
        Defendants As Required Under Illinois And South Carolina
        Law .................................................................................................... 16

E.      Ten State-Law Unjust Enrichment Claims Should Be
        Dismissed Because Indirect Purchasers Have Adequate Legal
        Remedies ............................................................................................ 17

CONCLUSION ................................................................................................ 18

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ahlgren v. Capital One Bank (USA), N.A.*,
   2020 WL 618236 (D. Minn. Feb. 10, 2020) ..................................................17

*Am. Rockwool, Inc. v. Owens-Corning Fiberglas Corp.*,
   640 F.Supp. 1411 (E.D.N.C. 1986) ...................................................................7

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) .....................................................................................2, 3

*Apex Oil Co., Inc. v. Jones Stephens Corp.*,
   881 F.3d 658 (8th Cir. 2018) ...........................................................................9

*Brownlee v. Yellow Freight Sys., Inc.*,
   921 F.2d 745 (8th Cir. 1999) ....................................................................17, 18

*Cruz v. Lawson Software, Inc.*,
   2010 WL 890038 (D. Minn. Jan. 5, 2010) ......................................................15

*Curtis v. Propel Prop. Tax Funding, LLC*,
   2018 WL 717006 (E.D. Va. Feb. 5, 2018) ......................................................11

*Drobnak v. Andersen Corp.*,
   561 F.3d 778 (8th Cir. 2009) ...........................................................................8

*Five for Entm't S.A. v. Rodriguez*,
   877 F.Supp.2d 1321 (S.D. Fla. 2012) ..............................................................5

*Georgine v. Amchem Prods.*,
   83 F.3d 610 (3d Cir. 1996) ..............................................................................3

*Gregory v. Dillard's, Inc.*,
   565 F.3d 464 (8th Cir. 2009) .................................................................... 14-15

*Illinois Brick Co. v. Illinois*,
   431 U.S. 720 (1977) .........................................................................................7

iii

*In re Chocolate Confectionary Antitrust Litig.,*
749 F.Supp.2d 224 (M.D. Pa. 2010)..................................................15

*In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.,*
2015 WL 3988488 (N.D. Ill. June 29, 2015)....................................16

*In re DDAVP Indirect Purchaser Antitrust Litig.,*
903 F.Supp.2d 198 (S.D.N.Y. 2012) ................................................14

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,*
516 F.Supp.2d 1072 (N.D. Cal. 2007)..............................................14

*In re Generic Pharm. Pricing Antitrust Litig.,*
368 F.Supp.3d 814 (E.D. Pa. 2019)............................................ 12-13

*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.,*
383 F.Supp.3d 187 (S.D.N.Y. 2019) ..................................................5

*In re Lidoderm Antitrust Litig.,*
103 F.Supp.3d 1155 (N.D. Cal. 2015)..............................................13

*In re Lithium Ion Batteries Antitrust Litig.,*
2014 WL 4955377 (N.D. Cal. Oct. 2, 2014) ...................................4, 6

*In re Microsoft Corp. Antitrust Litig.,*
No. MDL 1332, 2003 WL 22070561 (D. Md. Aug. 22, 2003) ..........5

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.,*
350 F.Supp.2d 160 (D. Me. 2004) ...................................................14

*In re Niaspan Antitrust Litig.,*
42 F.Supp.3d 735 (E.D. Pa. 2014)...................................................15

*In re Packaged Seafood Prod. Antitrust Litig.,*
242 F.Supp.3d 1033 (S.D. Cal. 2017)..............................................14

*In re Pharm. Indus. Average Wholesale Price Litig.,*
252 F.R.D. 83 (D. Mass. 2008)........................................................10

*In re Polyurethane Foam Antitrust Litig.,*
799 F. Supp. 2d 777 (N.D. Ohio 2011) ...........................................12

*In re SuperValu, Inc.*,
   870 F.3d 763 (8th Cir. 2017) .................................................................2

*In re Target Corp. Data Sec. Breach Litig*,
   66 F.Supp.3d 1154 (D. Minn. 2014)......................................................2, 3

*Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*,
   2014 WL 943224 (D. Minn. Mar. 11, 2014), *aff'd*, 797 F.3d 538 (8th Cir.
   2015) ........................................................................................................2

*Karhu v. Vital Pharm., Inc.*,
   2013 WL 4047016 (S.D. Fla. Aug. 9, 2013) .......................................... 5-6

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992)..................................................................................1

*McAteer v. Target Corp.*,
   2018 WL 3597675 (D. Minn. July 26, 2018) ........................................ 1-2, 3

*Olin v. Dakota Access, LLC*,
   910 F.3d 1072 (8th Cir. 2018) .................................................................8

*Ortiz v. Fibreboard Corp.*,
   527 U.S. 815 (1999)..................................................................................3

*Riollano v. James B. Nutter & Co.*,
   2014 WL 12697275 (W.D. Mo. Mar. 14, 2014) .....................................17

*Roth v. Life Time Fitness, Inc.*,
   2016 WL 3911875 (D. Minn. July 14, 2016) ...........................................2

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
   559 U.S. 393 (2010)..................................................................................4

*Siegel v. Shell Oil Co.*,
   480 F.Supp.2d 1034 (N.D. Ill. 2007)......................................................12

*Smith-Brown v. Ulta Beauty, Inc.*,
   2019 WL 932022 (N.D. Ill. Feb. 26, 2019) .............................................3

*Spires v. Hosp. Corp. of Am.*,
   289 Fed. App'x 269 (10th Cir. 2008) .....................................................16

*The In Porters, S.A. v. Hanes Printables, Inc.*,
  663 F.Supp. 494 (M.D.N.C. 1987) ....................................................................7

*Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air–
  Conditioning Eng'rs, Inc.*,
  2011 WL 13116667 (E.D. Wis. Nov. 15, 2011) ..............................................11

*United States v. Bame*,
  721 F.3d 1025 (8th Cir. 2013) .........................................................................17

*Yong Ki Hong v. KBS Am., Inc.*,
  951 F.Supp.2d 402 (E.D.N.Y. 2013) ...............................................................10

*Zyla v. Wadsworth, Div. of Thomson Corp.*,
  360 F.3d 243 (1st Cir. 2004) .............................................................................6

STATE CASES

*Alsides v. Brown Inst., Ltd.*,
  592 N.W.2d 468 (Minn. Ct. App. 1999) ...........................................................13

*Ames v. Oceanside Welding and Towing Co., Inc.*,
  767 A.2d 677 (R.I. 2001) .................................................................................11

*Ellis v. Smith Grading & Paving, Inc.*,
  366 S.E.2d 12 (S.C. Ct. App. 1998) ............................................................16, 17

*ERI Max Entm't, Inc. v. Streisand*,
  690 A.2d 1351 (R.I. 1997) ............................................................................11, 13

*Goshen v. Mut. Life Ins. Co. of New York*,
  774 N.E.2d 1190 (N.Y. 2002) ...........................................................................6

*Grp. Health Plan, Inc. v. Philip Morris Inc.*,
  621 N.W.2d 2 (Minn. 2001) .............................................................................13

*Laughlin v. Evanston Hosp.*,
  550 N.E.2d 986 (Ill. 1990) ...............................................................................12

*Martis v. Grinnell Mut. Reinsurance Co.*,
  905 N.E.2d 920 (Ill. App. Ct. 2009) .................................................................16

*Millennium Commc'ns & Fulfillment, Inc. v. Office of Attorney Gen., Dep't of Legal Affairs, State of Fla.*,
   761 So. 2d 1256 (Fla. Dist. Ct. App. 2000) .......................................................5

*Phila. Indem. Ins. Co. v. Pace Suburban Bus Serv.*,
   2016 WL 6804622 (Ill. App. Ct. Nov. 17, 2016) ..............................................16

*Sobel v. Franks*,
   633 N.E.2d 820 (Ill. App. Ct. 1994) ................................................................16

*Standard Oil v. State ex rel. Attorney Gen.*,
   65 So. 468 (Miss. 1914) ....................................................................................5

*State ex rel. Bryant v. R & A Inv. Co.*,
   985 S.W.2d 299 (Ark. 1999) ...........................................................................12

### STATE STATUTES

Ark. Code § 4-88-113 (ADTPA) ..............................................................................9, 12

Cal. Bus. & Prof. Code § 17200, *et seq.* (UCL) .........................................................9

D.C. Code § 28-3901, *et seq.* ..................................................................................10

Fla. Stat. § 501.201, *et seq.* (FDUTPA) ...............................................................5, 6

740 Ill. Comp. Stat. § 10/7 ........................................................................................4

815 Ill. Comp. Stat. § 505/1, *et seq.* (ICFA) ..........................................................12

Mass. Gen. Laws Chapter 93A, § 11 .........................................................................6

Mich. Comp. Laws § 445.903(1) (MiCPA) ......................................................10, 12-13

Mich. Comp. Laws § 445.911(3)(c) ..........................................................................13

N.C. Gen. Stat. § 75-1.1 .............................................................................................7

N.D. Cent. Code § 51-10, *et seq.* ...........................................................................13

N.D. Cent. Code § 51-15, *et seq.* ...........................................................................10

N.H. Rev. Stat. § 358-A:2 ......................................................................................6, 15

N.Y. Gen. Bus. Law § 349 .........................................................................................6

South Dakota Code § 37-24-6.....................................................................................14

Utah Code § 13-11-19 (CSPA)..................................................................................14

Va. Code Ann. § 59.1, *et seq.* (VCPA)....................................................................11

Wis. Stat. § 100.18 .....................................................................................................7

## INTRODUCTION

Indirect Purchasers' Opposition presents no argument that would save any state-law claims should the Court dismiss the federal claims. Because those federal law claims fail, all of the claims fail. But even if the federal claims survived, the state claims should be dismissed.[1]

## ARGUMENT

## I.     THE COURT SHOULD DISMISS ALL OF THE INDIRECT PURCHASERS' CLAIMS AS IMPLAUSIBLE OR TIME-BARRED

Indirect Purchasers' state-law claims should be dismissed because they rest on the same implausible, time-barred allegations offered on their federal claims. Defendants rely on and incorporate the arguments in the Joint Federal Reply in support of dismissing all of the state claims based on the same alleged conduct. Dkt. 481.

## II.    THE CIPS LACK ARTICLE III STANDING TO PURSUE A MAJORITY OF THEIR CLAIMS

The CIPs fail to establish standing to pursue *all* of the claims they assert. Under Article III, a plaintiff "must have suffered an injury in fact—an invasion of a legally protected interest[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "Article III standing for state-law claims is necessarily lacking when no plaintiff is alleged to have purchased a product within the relevant state." *McAteer v. Target Corp.*, 2018 WL

---

[1] Defendants cite to the internal pages in their Memorandum in Support of the Joint Motion to Dismiss the State Law Claims (Dkt. 437) as "Memo. __"; and to Indirect Purchasers' Memorandum in Opposition (Dkt. 478) as "Opp. __," and not to the ECF pagination.

3597675 at *3 (D. Minn. July 26, 2018).  The CIPs fail to allege that any plaintiff resides or made purchases in twenty states.

"The requirements for standing do not change in the class action context."  *In re SuperValu, Inc.*, 870 F.3d 763, 768 (8th Cir. 2017).  Yet that is what the CIPs contend. Defendants do not "invent" a residency requirement.  Instead, courts within this district and around the country recognize that "named plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury." *Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 2014 WL 943224, at *11 (D. Minn. Mar. 11, 2014) *aff'd*, 797 F.3d 538 (8th Cir. 2015), and other authorities in Memo. 4-5.

The CIPs assert that each named plaintiff has standing to bring every claim asserted in their Amended Complaint.  But no court in this district has endorsed such an expansive view of standing.  *Insulate* rejects Plaintiffs' exact contention.  There, a plaintiff pursued a plethora of state antitrust and consumer protection claims.  *Insulate*, 2014 WL 943224 at *3.  The plaintiff was "a resident of California, and ha[d] not alleged that it suffered injury in any other state."  *Id.* at *11.  Thus, the plaintiff lacked standing to pursue the claims other than those under California law.  *Id.*  Other than asserting claims under even more states' laws than in *Insulate*, the CIPs present the same case.

Neither *Roth v. Life Time Fitness, Inc.*, 2016 WL 3911875 (D. Minn. July 14, 2016) (which expressly did not decide the issue), nor *In re Target Corp. Data Sec. Breach Litig*, 66 F.Supp.3d 1154 (D. Minn. 2014), are to the contrary.  Both turned on *when* the court should assess standing, not *whether* the court should do so.  In *Target*, the court noted that under the Supreme Court's decisions in *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591

2

(1997), and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), there are some situations in which a court may defer standing issues to later in a case. *Target*, 66 F.Supp.3d at 1160.

*Amchem* and *Ortiz* are not controlling here. In those cases, the parties agreed on class settlements before any complaint was filed. *See Ortiz*, 527 U.S. at 824-27; *Amchem*, 521 U.S. at 602. The district courts in both cases conditionally certified the settlement classes upon filing of the complaints and moved toward final certification rulings and fairness hearings. The standing issues, as the Third Circuit noted in *Amchem*, "would not [have] exist[ed] but for the [class] certification." *Georgine v. Amchem Prods.*, 83 F.3d 610, 623 (3d Cir. 1996). For that reason, the Supreme Court concluded that class certification was "logically antecedent" to "the existence of any Article III issues," *Amchem*, 521 U.S. at 612, and could be considered first. Even then, the court cautioned that, were the certification issues "genuinely in doubt, ... the jurisdictional issues would loom larger." *Id.* at 613 n.15. *Ortiz* confirms *Amchem*'s limited scope. The court noted that "[o]rdinarily, ... this or any other Article III court must be sure of its own jurisdiction before getting to the merits." *Ortiz*, 527 U.S. at 831.

CIPs' claims under the laws of 20 states should be dismissed for lack of standing.

## III.   CERTAIN STATES' CLASS ACTION BARS PREVENT INDIRECT PURCHASERS FROM MAINTAINING CLASS ACTIONS

Illinois' antitrust *statute* limits representative claims to those brought by the state attorney general. Memo. 10-12. Indirect Purchasers' Opposition relies on *Smith-Brown v. Ulta Beauty, Inc.*, 2019 WL 932022, at *13 (N.D. Ill. Feb. 26, 2019), which asserts that "most courts" have concluded that the placement of the class action bar is not

"necessarily…dispositive."   But courts frequently conclude that class action bars and statutory notice provisions are substantive elements when found in the same statutory scheme.  Memo. 10-12.  Federal courts routinely enforce such bars against state antitrust claims.  *Id.*  This Court should do the same.

The Illinois statute makes clear that the limitation on representative suits is substantive.  The relevant section "authorize[s]" certain "*civil actions and remedies*," 740 ILCS 10/7 (emphasis added), expressing the Illinois legislature's intent that private actions under state antitrust law are limited to individual claims.  As the controlling opinion in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 416-17 (2010), notes, in such situations a nominally procedural limitation on a claim "function[s] as a part of the State's definition of substantive rights and remedies."  (Stevens, J., concurring).[2] That is the situation here.[3]  "When a State chooses to use a traditionally procedural vehicle as a means of defining the scope of substantive rights or remedies, federal courts must recognize and respect that choice."  *Id.* at 420.  Illinois' ban on state antitrust class actions, therefore, requires dismissal of IPPs' Sixth Claim for Relief.

Similarly, class action bars in the Arkansas, South Carolina, and Utah consumer protection statutes should be enforced to prohibit Indirect Purchasers from pursuing class actions on those claims.  *See* Memo. 26-27.

---

[2] Justice Stevens' concurrence is the controlling opinion in *Shady Grove*.  *See* Memo. 11 n.7.

[3] *In re Lithium Ion Batteries Antitrust Litig*., 2014 WL 4955377, at *20-21 & n.20 (N.D. Cal. Oct. 2, 2014), is distinguishable because it ignores Justice Stevens' controlling concurrence and does not address the placement of the class-action bar.

## IV.   PLAINTIFFS' FAILURE TO ALLEGE THE REQUIRED INTRASTATE STATUTORY REQUIREMENTS MERITS DISMISSAL

Indirect Purchasers' claims under the law of the seven states below must be dismissed for failure to allege required *intrastate* conduct.  *See* Memo. 24-26.

### Mississippi Antitrust (IPP/CIP):

Despite Indirect Purchasers' contention, the court in *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 383 F.Supp.3d 187 (S.D.N.Y. 2019), did not misapply *Standard Oil v. State ex rel. Attorney Gen.*, 65 So. 468 (Miss. 1914).  Many courts interpret the Mississippi Antitrust Act to require wholly intrastate conduct in accordance with *Standard Oil*.  *See, e.g.*, *In re Microsoft Corp. Antitrust Litig.*, 2003 WL 22070561, at *2 (D. Md. Aug. 22, 2003) (Mississippi Antitrust Act does not reach anticompetitive interstate conduct merely affecting intrastate commerce).

### Florida Consumer Protection (IPP/CIP):

Indirect Purchasers' argument on their FDUTPA claim contradicts several Florida cases holding that offending conduct must occur entirely in the state.  *See e.g.*, *Five for Entm't S.A. v. Rodriguez*, 877 F.Supp.2d 1321, 1330 (S.D. Fla. 2012) ("FDUTPA applies only to actions that occurred within the state of Florida."); *Millennium Commc'ns & Fulfillment, Inc. v. Office of Attorney Gen., Dep't of Legal Affairs, State of Fla.*, 761 So. 2d 1256, 1262 (Fla. Dist. Ct. App. 2000) (same).  Putative factual differences between *Five for Entm't* and this case do not change that rule.  Cases applying FDUTPA to non-Florida consumers require that the offending conduct occur in Florida.  *See Karhu v. Vital Pharm.,*

*Inc.*, 2013 WL 4047016, at *10 (S.D. Fla. Aug. 9, 2013) ("FDUTPA applies to non-Florida residents if the offending conduct took place predominantly or entirely in Florida.").

### Massachusetts Consumer Protection (CIP):

Massachusetts' law requires that challenged conduct must have "occurred primarily and substantially within the commonwealth." Mass. Gen. Laws Ch. 93A, §11; *Zyla v. Wadsworth, Div. of Thomson Corp.*, 360 F.3d 243, 255 (1st Cir. 2004). CIPs do not distinguish *Zyla* legally or address its interpretation of §11 as requiring that wrongful conduct occur "primarily and substantially" in Massachusetts.

### New Hampshire Consumer Protection (IPP/CIP):

New Hampshire's consumer protection law limits liability to conduct occurring within the state. N.H. Rev. Stat. §358-A:2; *In re Lithium Ion Batteries Antitrust Litig.*, 2014 WL 4955377, at *22 ("numerous federal district courts seated within and without New Hampshire have acknowledged that the CPA requires the proscribed conduct to occur within the state; merely selling a good in New Hampshire is not enough when the proscribed conduct occurs elsewhere").

### New York Consumer Protection (CIP):

N.Y. Gen. Bus. Law §349 requires deceptive conduct to occur in New York to state a claim. "To apply the statute to out-of-state transactions…would lead to an unwarranted expansive reading of the statute, contrary to legislative intent, and potentially leading to the nationwide, if not global application of General Business Law §349." *Goshen v. Mut. Life Ins. Co. of New York*, 774 N.E.2d 1190, 1196 (N.Y. 2002).

**North Carolina Consumer Protection (IPP/CIP):**

North Carolina's Unfair Trade Practices Act addresses "primarily local concerns." *Am. Rockwool, Inc. v. Owens-Corning Fiberglas Corp.*, 640 F.Supp. 1411, 1428 (E.D.N.C. 1986). Claims lacking substantial North Carolina effects falls outside §75-1.1. *See The In Porters, S.A. v. Hanes Printables, Inc.*, 663 F.Supp. 494, 502 (M.D.N.C. 1987) (dismissing claims as outside §75-1.1 because they lacked substantial North Carolina effects) and cases cited in Memo. 25 (holding that paying allegedly increased prices is a nonactionable incidental effect).

**Wisconsin Consumer Protection (CIP):**

The Wisconsin Deceptive Trade Practices Act facially requires the offending conduct to occur "in this state." Wis. Stat. §100.18. No deceptive conduct toward Wisconsin consumers is alleged, and the claim must be dismissed. *See* Memo. 11.

**V.    PLAINTIFFS CANNOT RECOVER DAMAGES UNDER RHODE ISLAND ANTITRUST LAW BEFORE JULY 15, 2013**

Indirect Purchasers concede that they cannot recover damages under Rhode Island antitrust law before July 15, 2013, the effective date of that state's *Illinois Brick* repealer statute. *See* Opp. 18-19. The Court, therefore, should dismiss damages claims predating that date. *See* Memo. 12.

7

## VI.   INDIRECT PURCHASERS FAIL TO PLEAD CLAIMS UNDER STATE CONSUMER PROTECTION LAW

### A.   Indirect Purchasers Ground Their Consumer Protection Claims In Allegations Of Fraud

Under Eighth Circuit law, when fraud is alleged—regardless of the statutory basis for the claim—"the complaint should inform each defendant of the nature of [its] alleged participation in the fraud." *Olin v. Dakota Access, LLC*, 910 F.3d 1072, 1075 (8th Cir. 2018).  "In order to satisfy the pleading requirements of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Id.*  "Conclusory allegations that a defendant's conduct was fraudulent and deceptive" are not enough.  *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009).  But Indirect Purchasers offer only conclusory allegations labeling Defendants' actions as fraudulent or deceptive. *See* Memo. 17-18.

### B.   Indirect Purchasers' Sidestepping Of Their Allegations Does Not Save Their Claims

Given their Rule 9(b) deficiencies, Indirect Purchasers contend that their antitrust-based consumer protection claims do not allege fraud and therefore "do not sound in fraud." Opp. 20.  They contend that allegations of "deceptive, misleading, or otherwise fraudulent conduct" are merely "in addition" to their other allegations.  Recasting the Amended Complaints does not salvage these claims.

8

*First*, Indirect Purchasers indeed allege that Defendants engaged in fraudulent conduct. *See* Memo. 15-16 (compiling allegations). If they now disavow those allegations, and no longer claim that Defendants engaged in fraud, Indirect Purchasers must withdraw those assertions.

*Second*, in seven jurisdictions—Arkansas, California, District of Columbia, Michigan, Minnesota, North Dakota, Wisconsin—fraud or deception is an element of consumer protection claims. Memo. 16. Indirect Purchasers' failure to plead fraud or deception with particularity dooms those claims as a matter of law.

### C.   Indirect Purchasers Fail To Plead Consumer-Directed Deceptive Conduct, As Required Under The Law Of Nine States

Indirect Purchasers allege no consumer-directed deceptive conduct or reliance. Opp. 24-33. The weight of authority supports Defendants' arguments that consumer protection claims under nine states' laws must be dismissed for this reason. Memo. 20-22.

#### Arkansas (CIP):

Under the ADTPA, reliance is an essential element. *Apex Oil Co., Inc. v. Jones Stephens Corp.*, 881 F.3d 658, 662 (8th Cir. 2018). CIPs argue that reliance is not required for claims of unconscionable conduct, Opp. 25 n.20, but they are wrong. The claim in *Apex Oil* rested on allegations that the defendant "acted deceptively and unconscionably." *Id.* at 662. Accordingly, CIPs must plead reliance, but have not done so.

#### California (IPP/CIP):

Indirect Purchasers' Opposition at 26 clarifies that the only basis for the UCL claim is the purported antitrust violations. Accordingly, the UCL claim rises or falls with the

Indirect Purchasers' state and federal antitrust claims.  All other bases for the claim should be dismissed.

### District of Columbia (IPP):

For the same reasons as immediately stated above, IPPs' DCCPA claim rises or falls with their antitrust claim.

### Michigan (IPP):

The IPPs admit that their MiCPA claims rest solely on their allegations of antitrust violations, Opp. 28, which are not actionable under this statute.  *See* Section VI.D.

### New York (CIP):

The CIPs' New York consumer-protection claim does not allege deceptive conduct directed at them.  New York courts consistently dismiss indirect purchasers' price-fixing claims for such a defect.  *See, e.g.*, *Yong Ki Hong v. KBS Am., Inc.*, 951 F.Supp.2d 402, 421 (E.D.N.Y. 2013) ("Mere failure by the scheme's participants to disclose the nature of the [price-fixing] arrangement is not enough—direct evidence of misleading or deceitful activity is required.").  This Court should do the same.

### North Dakota (CIP):

The CIPs' claim under N.D. Cent. Code. §51-15, *et seq.* should be dismissed.  *See* Memo. 21.  *In re Pharm. Indus. Average Wholesale Price Litig.*, 252 F.R.D. 83 (D. Mass. 2008), does not save CIPs' claim.  Opp. 30.  The court there never addressed reliance because the parties *agreed* that reliance was not an element of the North Dakota claim.  *See id.* at 98.  No such agreement exists here.

10

**Rhode Island (IPP):**

A plaintiff alleging an antitrust claim does not state a consumer protection act claim when the challenged conduct does not "tend[] to confuse and mislead the general public[.]" *ERI Max Entm't, Inc. v. Streisand*, 690 A.2d 1351, 1353-54 (R.I. 1997). *Ames v. Oceanside Welding and Towing Co., Inc.*, 767 A.2d 677 (R.I. 2001), Opp. 31, is not to the contrary and merely recites the general standard for unfair and deceptive practices law without overruling or distinguishing *ERI Max*.

**Virginia (IPP):**

The IPPs argue that their claim is based on an alleged misrepresentation that the price of pork was set competitively.  Opp. 33.  The IPPs do not specify the representations, much less that they heard or relied on them.  "Virginia courts have consistently required reliance to establish VCPA claims."  *See, e.g.*, *Curtis v. Propel Prop. Tax Funding, LLC*, 2018 WL 717006, at *3 (E.D. Va. Feb. 5, 2018).  No reliance is alleged.

**Wisconsin (CIP):**

CIPs claim that "Defendants affirmatively misrepresented that their prices were competitive and fair."  Opp. 33, *citing* CIP ¶186.  This allegation neither satisfies Rule 9(b), s*ee* Memo. 17-19, nor identifies to whom purported misrepresentations were made. *See Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air–Conditioning Eng'rs, Inc.*, 2011 WL 13116667, at *2 (E.D. Wis. Nov. 15, 2011) (Wisconsin consumer protection law "does not provide a cause of action for misrepresentations made to non-parties").

### D.      Antitrust Price Fixing Claims Are Not Actionable Under The Consumer Protection Statutes Of Eight States

The weight of authority supports Defendants' arguments.

### Arkansas (CIP):

"Liberal construction" of the ADTPA does not permit a claim based on a putatively unfair high price. *See State ex rel. Bryant v. R & A Inv. Co.*, 985 S.W.2d 299, 302 (Ark. 1999) (finding that pleading unconscionability requires more than merely alleging that the price of a product was unfairly high).

### Illinois (IPP):

The most recent Illinois decisions hold that purported antitrust violations are not actionable under the Illinois Consumer Fraud Act. *See* Memo. 22.  The authority that IPPs cite, Opp. 28, was wrongly decided. *See In re Polyurethane Foam Antitrust Litig.*, 799 F.Supp.2d 777, 788 (N.D. Ohio 2011) (rejecting *Siegel v. Shell Oil Co.*, 480 F.Supp.2d 1034 (N.D. Ill. 2007), because *Siegel* ignored the explicit holding in *Laughlin v. Evanston Hosp.*, 550 N.E.2d 986, 993 (Ill. 1990), that the ICFA was not an antitrust enforcement mechanism).

### Michigan (IPP):

The MiCPA has an exhaustive list of actionable misconduct, which does not include antitrust claims.   Memo. 22-23.   *In re Generic Pharm. Pricing Antitrust Litig.*, 368

F.Supp.3d 814, 846 (E.D. Pa. 2019), cited in Opp. 28, is unpersuasive because it did not address this argument.  The IPPs cannot state a MiCPA antitrust claim.[4]

### Minnesota (IPP/CIP):

Minnesota's consumer protection statutes do not provide an avenue for plaintiffs to pursue antitrust claims.  S*ee* Memo. 23.  Instead, the laws target consumer-directed or deceptive behavior and do not support standalone price-fixing claims.  *See also In re Lidoderm Antitrust Litig.*, 103 F.Supp.3d 1155, 1169-70 (N.D. Cal. 2015).[5]

### North Dakota (IPP):

The IPPs effectively concede that damages claims under N.D. Cent. Code §51-10, *et seq.*, are unavailable.  Opp. 30.

### Rhode Island (IPP):

Rhode Island courts presented with antitrust and consumer protection claims have not conflated the two.  *See ERI Max Entm't*, 690 A.2d at 1353-54 (dismissing exclusive dealing claim for lack of market power and separately dismissing consumer protection claim for lack of misrepresentation to the public).  Because Rhode Island has a specific antitrust statute that does not allow for recovery by indirect purchasers prior to 2013, Plaintiffs' consumer-protection act claim should be dismissed.

---

[4] If IPPs now seek to invoke a claim under MiCPA §445.911(3)(c), *see* Opp. 28, n.23, the claim would collapse into IPPs' antitrust claim and fail for the same reasons.

[5] *Alsides v. Brown Inst., Ltd.*, 592 N.W.2d 468, 474 (Minn. Ct. App. 1999), Opp. 29, does not hold otherwise.  Had Indirect Purchasers properly alleged concealment, they would need to show a causal nexus between that concealment and the damages claimed.  *See Grp. Health Plan, Inc. v. Philip Morris Inc.*, 621 N.W.2d 2, 4 (Minn. 2001).  Indirect Purchasers fail to allege how concealment—as opposed to the purported price fixing— harmed them.

**South Dakota (CIP):**

Antitrust claims are not listed as a violation in South Dakota Code §37-24-6; *see In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F.Supp.2d 160, 202-03 (D. Me. 2004) (dismissing South Dakota consumer fraud claim in antitrust case). The cases IPPs cite to claim that alleged concealment of price fixing makes the conduct actionable are inapposite. *See, e.g.*, *In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F.Supp.2d 198, 229 (S.D.N.Y. 2012) (allowing claim when plaintiffs alleged misrepresentations made to government agencies).

**Utah (IPP):**

The Utah CSPA is be interpreted analogously to the Federal Trade Commission Act, except that price-fixing claims are not actionable. *See In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F.Supp.2d 1072, 1117 (N.D. Cal. 2007)[6]. Thus, the IPPs' claim fails.

## VII. INDIRECT PURCHASERS DO NOT ALLEGE CLAIMS FOR UNJUST ENRICHMENT

### A. All Unjust Enrichment Claims Should Be Dismissed For Failure To Plead The Required Elements In Each State

Indirect Purchasers do not comply with Rule 8. "[A] plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right." *Gregory v. Dillard's, Inc.*, 565 F.3d

---

[6] IPPs cite *In re Packaged Seafood Prod. Antitrust Litig.*, 242 F.Supp.3d 1033, 1087 (S.D. Cal. 2017), as conflicting authority, Opp. 32, but that case did not engage in the level of analysis that *DRAM* did, and is less persuasive.

464, 473 (8th Cir. 2009) (cleaned up).  Indirect Purchasers may have *listed* claims under various state laws, but they have failed to *plead* claims under any of those laws.  *See Cruz v. Lawson Software, Inc*., 2010 WL 890038, at *6 (D. Minn. Jan. 5, 2010), and other cases cited in Memo. 28.

Because Indirect Purchasers have failed to adequately plead each element of unjust enrichment under each state's law, their claims should be dismissed.

## B.   Unjust Enrichment Is Not A Standalone Claim In Four States

Unjust enrichment is a remedy and not a separate cause of action under the laws of California, Mississippi, New Hampshire, and Illinois.  Memo. 29-30.  To recover under the laws of those states, Indirect Purchasers must first succeed on some theory of liability.  *Id*. The cases they cite hold no differently.  *See* Opp. 36, citing *In re Niaspan Antitrust Litig*., 42 F.Supp.3d 735, 767 (E.D. Pa. 2014) (allowing plaintiffs' "parasitic" unjust enrichment claim to proceed only because it allowed plaintiffs' NHCPA claim to proceed); *In re Chocolate Confectionary Antitrust Litig*., 749 F.Supp.2d 224, 240 (M.D. Pa. 2010) (same). Because their other claims fail, these unjust enrichment claims should also be dismissed.

## C.   Indirect Purchasers Fail The "Direct Benefit" Standard Under Ten States' Laws

Indirect Purchasers concede that unjust enrichment claims in Arizona, Florida, Kansas, Maine, Massachusetts, Michigan, North Carolina, North Dakota, Utah, and West Virginia require that they confer a direct benefit on Defendants.  Opp. 38.  Yet they have not alleged that they did so.  Instead, they attempt to recast Defendants' argument as

15

requiring privity and argue that they need not purchase pork directly from Defendants to provide Defendants with a "direct benefit." Opp. 36-37. But that is insufficient.

Indirect Purchasers must explain (1) what benefit they conferred on Defendants; and (2) why that benefit was more than "incidental." *See* Memo. 31-32. They have done neither, and do not distinguish themselves from indirect purchasers in antitrust cases who failed the direct benefit test. *See, e.g., Spires v. Hosp. Corp. of Am.*, 289 Fed. App'x 269, 273 (10th Cir. 2008); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 2015 WL 3988488, at *21 (N.D. Ill. June 29, 2015) (dismissing indirect purchaser unjust enrichment claims under the laws of Florida, Kansas, Michigan, New York, and North Carolina because the benefit was conferred on the reseller).

### D. Indirect Purchasers Fail To Allege A Duty Owed By Defendants As Required Under Illinois And South Carolina Law

Indirect Purchasers claim that they need not allege a duty under Illinois law. Opp. 40 (citing *Sobel v. Franks*, 633 N.E.2d 820, 829 (Ill. App. Ct. 1994)). But more recent Illinois precedent confirms that "[f]or a cause of action based on a theory of unjust enrichment to exist, there must be an independent basis that establishes a duty on the part of the defendant to act and the defendant must have failed to abide by that duty." *Phila. Indem. Ins. Co. v. Pace Suburban Bus Serv.*, 2016 WL 6804622, at *11 (Ill. App. Ct. Nov. 17, 2016) (citing *Martis v. Grinnell Mut. Reinsurance Co.*, 905 N.E.2d 920, 928 (Ill. App. Ct. 2009)).

Indirect Purchasers cite *Ellis v. Smith Grading & Paving, Inc.*, 366 S.E.2d 12 (S.C. Ct. App. 1998), claiming they need not allege a duty under South Carolina law. Opp. 39.

16

But *Ellis* dismissed an unjust enrichment claim precisely because the plaintiff did not allege that defendant breached a duty. *Id*. at 475 ("Ellis has neither alleged nor proven breach by Smith of a duty giving rise to a quasi-contractual right to restitution…."). Indirect Purchasers cite two out-of-state cases, Opp. 39, n.30, but neither controls given the guidance from the South Carolina courts.

### E.   Ten State-Law Unjust Enrichment Claims Should Be Dismissed Because Indirect Purchasers Have Adequate Legal Remedies

Indirect Purchasers' legal claims bar their equitable claims in ten states. *See* Memo. 33-35; *see also Ahlgren v. Capital One Bank (USA), N.A*., 2020 WL 618236, at *5 (D. Minn. Feb. 10, 2020) (dismissing unjust enrichment claim because "[i]t is well settled in Minnesota that one may not seek a remedy in equity when there is an adequate remedy at law.") To proceed on these claims, Indirect Purchasers must plead the inadequacy of their legal remedies. *Riollano v. James B. Nutter & Co*., 2014 WL 12697275, at *4 (W.D. Mo. Mar. 14, 2014). Their complaints fail to do so.

Plaintiffs cite *United States v. Bame*, 721 F.3d 1025 (8th Cir. 2013), to argue that Rule 8 allows them to plead unjust enrichment in the alternative, despite any adequate remedy at law. Opp. 40. *Bame* expressly did not reach that question. *Id.* at 1029. However, *Bame* noted: "[i]t is the existence of an adequate legal remedy that precludes unjust enrichment recovery. District courts routinely dismiss unjust enrichment claims where the plaintiff pleaded and pursued both equitable and legal claims simultaneously." *Id*. at 1031.

Indirect Purchasers' reliance on *Brownlee v. Yellow Freight Sys., Inc*., 921 F.2d 745, 749 (8th Cir. 1999), fares no better. They contend *Brownlee* permits them to bring both

legal and equitable claims, a principle Defendants do not dispute.  But Indirect Purchasers must still plead each element of their unjust enrichment claims, including absence of adequate legal remedies in states imposing that requirement.  *Brownlee* says nothing about that issue.  921 F.2d at 749.

Unjust enrichment claims under the ten identified states' laws should be dismissed. *Id.*

## <u>CONCLUSION</u>

The Court should dismiss the Indirect Purchaser Plaintiffs' state law claims.

Date:  March 13, 2020

Respectfully submitted,

*s/ Mark L. Johnson*
Mark L. Johnson (#0345520)
Virginia R. McCalmont (#0399496)
Davida S. McGhee (#0400175)
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
(612) 373-0830
mjohnson@greeneespel.com
vmccalmont@greeneespel.com
dwilliams@greeneespel.com

Daniel Laytin, P.C. (*pro hac vice*)
Christa Cottrell, P.C. (*pro hac vice*)
Christina Briesacher (*pro hac vice*)
Christina Sharkey (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 861-2000
daniel.laytin@kirkland.com
christa.cottrell@kirkland.com
christina.briesacher@kirkland.com
christina.sharkey@kirkland.com

***Counsel for Clemens Food Group, LLC
(formerly Hatfield Quality Meats, Inc.)
and The Clemens Family Corporation***

*s/ Richard A. Duncan*
Richard A. Duncan (#0192983)
Aaron D. Van Oort (#0315539)
Craig S. Coleman (#0325491)
Emily E. Chow (#0388239)
Isaac B. Hall (#0395398)
Bryan K. Washburn (#0397733)
FAEGRE DRINKER BIDDLE & REATH
LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000
richard.duncan@faegredrinker.com
aaron.vanoort@faegredrinker.com
craig.coleman@faegredrinker.com
emily.chow@faegredrinker.com
isaac.hall@faegredrinker.com
bryan.washburn@faegredrinker.com

***Counsel for Hormel Foods Corporation
and Hormel Foods, LLC***

<u>s/ Jaime Stilson</u>
Jaime Stilson (#392913)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
(612) 492-6746
stilson.jaime@dorsey.com

Britt M. Miller (*pro hac vice*)
Robert E. Entwisle (*pro hac vice*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
(312) 782-0600
bmiller@mayerbrown.com
rentwisle@mayerbrown.com

William H. Stallings (*pro hac vice*)
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
(202) 263-3000
wstallings@mayerbrown.com

**Counsel for Indiana Packers
Corporation**

<u>s/ Donald G. Heeman</u>
Donald G. Heeman (#286023)
Jessica J. Nelson (#347358)
Randi J. Winter (#391354)
SPENCER FANE LLP
150 South Fifth Street, Suite 1900
Minneapolis, MN 55402-4206
(612) 268-7000
dheeman@spencerfane.com
jnelson@spencerfane.com
rwinter@spencerfane.com

Stephen R. Neuwirth (*pro hac vice*)
Michael B. Carlinsky (*pro hac vice*)
Sami H. Rashid (*pro hac vice*)
Richard T. Vagas (*pro hac vice*)
David B. Adler (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
stephenneuwirth@quinnemanuel.com
michaelcarlinsky@quinnemanuel.com
samirashid@quinnemanuel.com
richardvagas@quinnemanuel.com
davidadler@quinnemanuel.com

**Counsel for JBS USA Food Company**

s/ William L. Greene
William L. Greene (#0198730)
Peter J. Schwingler (#0388909)
Jon M. Woodruff (#0399453)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
jon.woodruff@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

**Counsel for Seaboard Foods, LLC and
Seaboard Corporation**

s/ John A. Cotter
John A. Cotter (#134296)
John A. Kvinge (#0392303)
LARKIN HOFFMAN DALY &
LINDGREN LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55427-1060
(952) 835-3800
jcotter@larkinhoffman.com
jkvinge@larkinhoffman.com

Richard Parker (*pro hac vice*)
Josh Lipton (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
rparker@gibsondunn.com
jlipton@gibsondunn.com

Brian Robison (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
(214) 698-3370
brobison@gibsondunn.com

**Counsel for Smithfield Foods, Inc.**

<u>s/ Aaron Chapin</u>
Aaron Chapin (#6292540)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL  60606
(312) 655-1500
aaron.chapin@huschblackwell.com

Gene Summerlin (*pro hac vice*)
Marnie Jensen (*pro hac vice*)
Ryann Glenn (*pro hac vice*)
Kamron Hasan (*pro hac vice*)
Quinn Eaton (*pro hac vice*)
Sierra Faler (*pro hac vice*)
HUSCH BLACKWELL LLP
13330 California St., Suite 200
Omaha, NE 68154
(402) 964-5000
gene.summerlin@huschblackwell.com
marnie.jensen@huschblackwell.com
ryann.glenn@huschblackwell.com
kamron.hasan@huschblackwell.com
quinn.eaton@huschblackwell.com
sierra.faler@huschblackwell.com

**Counsel for Triumph Foods, LLC**

<u>s/ David P. Graham</u>
David P. Graham (#0185462)
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 486-1521
dgraham@dykema.com

Rachel J. Adcox (*pro hac vice*)
Tiffany Rider Rohrbaugh (*pro hac vice*)
Jetta C. Sandin (*pro hac vice*)
Lindsey Strang Aberg (*pro hac vice*)
AXINN, VELTROP &
HARKRIDER LLP
950 F Street, N.W.
Washington, D.C. 20004
(202) 912-4700
radcox@axinn.com
trider@axinn.com
jsandin@axinn.com
lstrang@axinn.com

**Counsel for Tyson Foods, Inc., Tyson
Prepared Foods, Inc. and Tyson Fresh
Meats, Inc.**

<u>*s/ Peter H. Walsh*</u>
Peter H. Walsh (#388672)
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
T. (612) 402-3000
F. (612) 402-3001
peter.walsh@hoganlovells.com

William L. Monts III (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

**Counsel for Agri Stats, Inc.**