UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

In Re Pork Antitrust Litigation

This Document Relates to: All Actions

_____

No. 1:18-cv-01776-JRT-HB

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS SEABOARD FOODS LLC AND SEABOARD CORPORATION**

As the Seaboard defendants noted in their opening brief, Plaintiffs do not allege that Seaboard Foods cut its pork production. Nor do they allege (i) any facts supporting their characterization of ordinary business conduct as purported "supply restraints," or (ii) any facts about Seaboard Corporation beyond its ownership of Seaboard Foods. Because a complaint must contain "sufficient factual allegations regarding *each defendant*," Plaintiffs have not stated viable claims against these companies. *Akers v. Md. State Educ. Ass'n*, 376 F. Supp. 3d 563, 573 (D. Md. 2019) (emphasis added).

Unable to defend their claims as pled, Plaintiffs invent new allegations that are equally deficient. For example, based on a contrived reading of their Amended Complaints, Plaintiffs now claim Seaboard Foods participated in the alleged conspiracy by not increasing its capacity in 2013. They also claim Seaboard Foods' joint venture with Triumph postponed adding a second shift "against their individual best interests"—a conclusory assertion found nowhere in the pleadings. Lastly, Plaintiffs claim that statements by *another producer* are evidence that Seaboard Foods "signaled its conduct" to others. These new theories do nothing to salvage Plaintiffs' claims.

1

## I. The Amended Complaints do not allege that Seaboard Foods conspired to restrain capacity.

Quoting Seaboard Corporation's 2013 Annual Report, Plaintiffs allege: "Despite having an almost identical capacity as in 2012," Seaboard Foods reported "'lower sales volume of pork products in the domestic market' which 'resulted in higher prices for pork products sold in the domestic market.'" DPP TAC ¶ 129. In their opening brief, the Seaboard defendants called Plaintiffs to task for misquoting the report. Seaboard Mem. at 8 n.2. The report does not attribute higher prices to lower sales. Instead, the report notes that domestic prices were higher in 2013, but that resulting gains were offset by lower domestic sales. *Id.*

In response, Plaintiffs neither defend their misleading quotation nor explain how one year of lower domestic sales could implicate Seaboard Foods in a decade-long conspiracy. Instead, Plaintiffs now claim the prefatory phrase "[d]espite having an almost identical capacity as in 2012" is an allegation that Seaboard Foods participated in the alleged conspiracy by not increasing its capacity between 2012 and 2013. Indiv. Opp. at 19.

Plaintiffs' effort to rewrite their allegation is unavailing. Critically, Plaintiffs do not (and cannot) allege that Seaboard Foods' "almost identical" capacity in 2012 and 2013 departed from its historical practices. Nor do they allege facts suggesting capacity expansions would be expected every year. *Cf.* DPP TAC ¶ 94 (alleging that "[c]onstruction of a large-scale slaughter facility would take hundreds of millions of dollars" and "it cost Cargill $25 million just to expand an existing facility"). Because

2

Plaintiffs do not allege "that further circumstance pointing toward a meeting of the minds," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007), their new theory about unchanged capacity does not save their claims.

## II. Plaintiffs' conclusory allegation about the Seaboard-Triumph joint venture is entitled to no weight.

As the Seaboard defendants demonstrated in their opening brief, an allegation that Seaboard Foods' joint venture with Triumph postponed adding a second shift years after the "industry" cut production is not, by definition, "parallel conduct." Seaboard Mem. at 9-10. Moreover, even if postponing an *additional* shift at a *new* plant could be "parallel" to production cuts years earlier, Plaintiffs do not allege context "suggesting the agreement necessary to make out a § 1 claim." *Twombly*, 550 U.S. at 557. Indeed, Plaintiffs' only support is an article attributing the postponed shift to a labor shortage. Seaboard Mem. at 9.

In response, Plaintiffs simply invent a new conclusory allegation: that the postponed second shift was somehow against Seaboard Foods' "individual best interests." Indiv. Opp. at 19. But a party may not "amend its complaint through statements made in motion papers." *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (4th Cir. 2013). Regardless, this new assertion does nothing to bolster Plaintiffs' case, as Plaintiffs allege no facts suggesting the decision was against Seaboard Foods' "individual best interests."

### III. The Amended Complaints do not allege that Seaboard Foods "signaled" its intentions.

Plaintiffs further embellish their pleadings by claiming Seaboard Foods "signaled" unspecified "conduct." Indiv. Opp. at 19. But Plaintiffs do not identify any act of signaling *by Seaboard*. Instead, they rely on a statement by *Smithfield* noting that *Smithfield* was closing a facility. DPP TAC ¶ 140 (quoting statement by "the CEO of Smithfield"). A statement by another producer about that producer's plans is not "signaling" by Seaboard.

### IV. Plaintiffs' export allegations lack factual context suggesting agreement.

In their opening brief, the Seaboard defendants explained why Seaboard Foods' "increasing emphasis on exports" does not suggest it agreed to restrict the supply of pork. Plaintiffs do not allege any facts suggesting Seaboard Foods increased its exports in concert with others; instead, they allege legitimate reasons for export sales: "strong" demand from "the usual countries" and "higher valued markets in the Far East." DPP TAC ¶ 129 n.49. Because these allegations suggest nothing beyond ordinary commercial activity, they do not support an inference of conspiracy. Seaboard Mem. at 7-8.

Unable to explain how sales to "higher valued markets" could implicate Seaboard Foods in a conspiracy, Plaintiffs simply ignore this issue in their response.

### V. Plaintiffs ignore Seaboard Corporation.

In their opening brief, the Seaboard defendants noted Plaintiffs' failure to allege the predicates for suing a parent company. Seaboard Mem. at 12. Plaintiffs apparently

4

concede this point, as they make no effort to justify their claims against Seaboard Corporation.

## CONCLUSION

The Amended Complaints contain no facts suggesting either Seaboard defendant agreed to restrict the supply of pork. Accordingly, the Court should dismiss the claims against both companies with prejudice.

Dated: March 13, 2020

/s/ *William L. Greene*
William L. Greene (#0198730)
Peter J. Schwingler (#0388909)
Jon M. Woodruff (#0399453)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Phone: (612) 335-1500
Fax:   (612) 335-1657
william.greene@stinson.com
peter.schwingler@stinson.com
jon.woodruff@stinson.com

Nicci Warr (*pro hac vice*)
STINSON LLP
7700 Forsyth Boulevard, Suite 1100
St. Louis, MO 63105
Phone: (314) 863-0800
Fax:   (314) 863-9388
nicci.warr@stinson.com

**Attorneys for Defendants Seaboard Foods LLC and Seaboard Corporation**