UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

In Re Pork Antitrust Litigation

This Document Relates to:  All Actions

_____

No. 1:18-cv-01776-JRT-HB

# REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS TRIUMPH FOODS, LLC

Defendant Triumph Foods, LLC ("Triumph") moved to dismiss the amended complaints filed by the Direct Purchaser Plaintiffs ("DPP" ECF No. 431), the Commercial and Institutional Indirect Purchaser Plaintiffs ("CIP" ECF No. 432), the Consumer Indirect Purchaser Plaintiffs ("IIP" ECF No. 392), Winn-Dixie Stores, Inc. ("Winn-Dixie Am. Compl.," No. 19-cv-1578, ECF No. 94), and the Commonwealth of Puerto Rico ("P.R. Am. Compl.," No. 19-cv-2723, ECF No. 47) (collectively, the "Amended Complaints").

Defendant Triumph Foods, LLC ("Triumph") submits this memorandum in reply to Plaintiffs Omnibus Opposition to Defendants' Individual Motions to Dismiss ("Plaintiffs' Brief" ECF 479).

## INTRODUCTION

Plaintiffs' Brief responds to Triumph's motion to dismiss with these claims, which Plaintiffs' believe are "specific to Triumph that meet the requisite pleading standard at this state of litigation:"

- In 2009 Triumph reported cutbacks of approximately 24,500 sows;

1

- Triumph and Seaboard did not expand production at a shared facility;

- Triumph subscribed to Agri Stats; and

- Triumph's executives were active participants in trade associations and industry groups.

(Plaintiffs' Brief, at 20).

## ARGUMENT

**I.     The Amended Complaints do not Allege Sufficient Facts Demonstrating Triumph Conspired to Reduce Pork Supply.**

Plaintiffs' Brief alleges sow cutbacks in 2009 "contribut[ed] to historic production restraints in the pork industry." (DPP ¶ 130; CIP ¶ 134; IPP ¶ 112; P.R. Amend. Compl. ¶ 118; Winn-Dixie Am. Compl. ¶ 130, 154). As Plaintiffs acknowledge, Triumph is owned by five pork producers, but Plaintiffs' incorrectly insinuate that Triumph itself raises pigs - rather than being solely engaged in the slaughter and processing of hogs it receives from its owners and other suppliers. The Plaintiffs do not allege that any reduction in sows reduced the volume of pork processed by Triumph during any portion of the alleged conspiracy period. As noted in the Court's Order, without specific information, such as a reduction in the pork Triumph processed, the Plaintiffs offer no basis to establish Triumph affirmatively acted to reduce the supply of pork. (Order, at 20).

Additionally, to plead a conspiracy through circumstantial evidence, Plaintiffs must allege "behavior that would probably not result from . . . independent responses to common stimuli." (Order, at 17 n.6) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 n.4 (2007)). The 2009 industry wide reduction in sow numbers was due to a variety

of common "stimuli," including disastrous market conditions resulting from the Great Recession, record high feed prices, and the Swine Flu, which cratered demand for pork. *See,* Smithfield's Memorandum of Law in Support of Motion to Dismiss at 4 (ECF No. 454) (quoting Q1 2010 Smithfield Foods Earning Call (ECF No. 455-1 at 24)).

Plaintiffs have alleged no behavior by Triumph that it decreased its processing of pork. And any alleged behavior tied to its members, such as the 2009 reduction of the sow herd, resulted from obvious alternative explanations including the adverse market conditions from the declining economy and record high feed prices. *Twombly*, 550 U.S. at 567-68 (proposed inference of conspiracy is not plausible where "we have an obvious alternative explanation" to a conspiracy).

Plaintiffs' Brief further asserts that even though Triumph and Seaboard increased processing capacity during the alleged conspiracy period, "Triumph and Seaboard considered but then chose not to expand production at a shared facility" to support their allegation that Triumph acted to further the alleged conspiracy. (Plaintiffs' Brief, at 21). In the Amended Complaints, Plaintiffs specify that in 2018 a delay in establishing a second shift at the Seaboard Triumph Foods processing facility was announced. (DPP ¶¶ 129, 163). Plaintiffs allege no facts to support their conclusion that the joint venture's decision to postpone the second shift was made to further a conspiracy. Instead, Plaintiffs cite as their basis for the allegation, a news article indicating the decision was made due to a labor shortage:

> Steve Meyer, an economist with Kerns & Associates in Ames, says plans have changed somewhat for the Seaboard Triumph Foods plant in Sioux City, Iowa, which opened in 2017. "They had hoped to start a second shift

this year, but it sounds like starting the second shift is being pushed back to 2019," he says. "*The labor situation is really tight here*."

Jeff DeYoung, "Pork packing capacity faces delays to growth," Iowa Farmer Today (June 2, 2018) (emphasis added) (ECF No. 180-1 at 2). The Court may properly consider this article because Plaintiffs cite it as the basis for their allegation. (*See* Defs' Mem. in Supp. of Mot. to Dismiss, ECF 162 at 11-12).

Plaintiffs' Brief also points to the fact that Triumph subscribed and reported to Agri Stats as support for the alleged conspiracy. (Plaintiffs' Brief, at 20). As addressed in this Court's Order (EFC 361, at 18), the use of Agri Stats alone is insufficient to allege a conspiracy and is not illegal *per se*. *Todd v. Exxon Corp.*, 275 F. 3d 191, 198 (2d Cir. 2001). Similarly, Triumph's participation in trade associations and industry groups do not support Plaintiffs' conspiracy claim. Participation, at best, shows a mere opportunity to conspire. Finally, Plaintiffs' general and vague assertion that Triumph exports some of its pork products world-wide is insufficient to allege a conspiracy.

## CONCLUSION

The Amended Complaints fail to allege facts suggesting that Triumph joined the alleged conspiracy. The Amended Complaints should therefore be dismissed as to Triumph for failure to state a claim.

Dated March 13, 2020.

                                                                     Respectfully Submitted,

                                                                     */s/ Gene Summerlin*
                                                                    Gene Summerlin (*pro hac vice*)

HB: 4839-5833-6183.7

Marnie Jensen (*pro hac vice*)
Ryann Glenn (*pro hac vice*)
Kamron Hasan (*pro hac vice*)
Quinn Eaton (*pro hac vice*)
Sierra Faler (*pro hac vice*)
HUSCH BLACKWELL LLP
13330 California St., Suite 200
Omaha, NE 68154
(402) 964-5000
gene.summerlin@huschblackwell.com
marnie.jensen@huschblackwell.com
ryann.glenn@huschblackwell.com
kamron.hasan@huschblackwell.com
quinn.eaton@huschblackwell.com
sierra.faler@huschblackwell.com

Aaron Chapin (#6292540)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
aaron.chapin@huschblackwell.com

*Counsel for Triumph Foods, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2020 the above-and foregoing document was electronically filed with the court and a file-stamped copy was forwarded to all counsel of record through the Court's electronic filing system.

March 13, 2020          By:   /s/Gene Summerlin

5

HB: 4839-5833-6183.7