**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION*<br><br>This Document Relates To:<br><br><br>All Class Actions | No. 1:18-cv-01776-JRT-HB |

**REPLY MEMORANDUM OF LAW BY TYSON FOODS, INC.,**
**TYSON FRESH MEATS, INC., AND TYSON PREPARED FOODS, INC.**
**IN SUPPORT OF MOTION TO DISMISS**
**ALL PLAINTIFFS' AMENDED COMPLAINTS**

Plaintiffs avoid responding to Tyson's arguments for dismissal; instead, Plaintiffs falsely assert that "Tyson's Motion does not challenge the sufficiency and adequacy" of the allegations against Tyson. (Omnibus Opp. (Dkt. 479) at 10.) In fact, Tyson argued that not only are Plaintiffs' allegations insufficient, but those allegations establish that Tyson's participation in the alleged conspiracy is implausible and contrary to its economic interests. Accordingly, all claims against Tyson should be dismissed.

**I.      PLAINTIFFS FAIL TO REBUT THE ARGUMENT THAT THEIR THEORY IS IMPLAUSIBLE AS TO TYSON**

Instead of engaging with the arguments for dismissal detailed in the Tyson Brief (Dkt. 459), Plaintiffs elect to overstate Tyson's position, and then respond to their own exaggerated straw man. Plaintiffs claim that Tyson recharacterizes their conspiracy "from one to fix the price of *pork*, to one that is *exclusively related to* the supply of *hogs*." (Omnibus Opp. at 10 (emphasis added).) But nowhere does Tyson state that Plaintiffs' allegations "are exclusively related to" hogs as opposed to pork. In fact, Tyson explains—in the very first sentence of its Argument section—that "Plaintiffs purport to

allege a conspiracy among pork producers to affect the supply and price of *pork*, but in reality, their factual allegations center around the supply and price of *hogs*." (Tyson Brief at 2.) As support, Tyson cites not to isolated quotations, but to an entire six-page section of the complaints detailing Defendants' alleged involvement in hog production and how that control of *hog* supply allowed them to affect the price of *pork*. (Tyson Brief at 3, n. 5.) Further, Tyson points out that the Agri Stats reports that Plaintiffs allege were of "critical importance for [the] collusive scheme" (DPP ¶ 65) were, by Plaintiffs' own account, comprised of information relating not to pork sales, but to hog farming operations. (Tyson Brief at 3, n.6.)

Plaintiffs' response ignores the difference between allegations of conspiratorial *conduct* and the alleged *effects* of such conduct. The Tyson Brief explains that Plaintiffs allege effects in the market for pork (*i.e.*, increased pork prices) achieved via conduct in the market for hogs (*i.e.*, reduced hog supply). Plaintiffs do not and cannot meaningfully challenge this characterization. They point to no alleged conspiratorial conduct unrelated to hogs. Instead they quote a few conclusory references within the complaints to *effects* on pork prices without acknowledging that the underlying *conduct* alleged to have achieved those effects relates to hogs.[1] In short, they miss the point.

By distorting the nature of the dispute, Plaintiffs avoid the crux of Tyson's argument for dismissal: Tyson's lack of ability and motive to engage in a conspiracy to

---

[1] *See* Omnibus Opp. at 11 (quoting IPP ¶ 12) ("As a result of Defendants' unlawful conduct, Plaintiffs and the class members paid artificially inflated prices for pork during the Class Period.")

reduce hog supply.  Plaintiffs first misstate Tyson's argument by claiming that Tyson contends that the alleged conspiracy bears no relation to pork, and then Plaintiffs respond by pointing out that they *have* alleged effects on pork prices, which Tyson never denied, and evade entirely the actual question at issue.  That question is whether Tyson, a hog purchaser, would have plausibly engaged in conduct to decrease the supply and increase the price of live hogs.  Because Tyson purchased the vast majority of its hogs, it is implausible that Tyson had the means or incentive to do so.

The few Tyson-specific allegations referenced in the Omnibus Opposition similarly obscure the distinction between conduct and effects.  Plaintiffs baldly assert that Tyson was actually a "leader" of the alleged conspiracy because Tyson was "well aware" that it would benefit from higher pork prices, as evidenced by its COO publicly remarking on the most basic principle of supply and demand. (Omnibus Opp. at 11 (quoting DPP ¶ 172) ("In the words of Tyson Foods, Inc. COO, James Lochner, 'As you know decreased supply should be favorable to pricing.'".)  But Plaintiffs ignore the fact that a decreased supply of hogs also leads to higher input costs, which would cut into the profits of a non-integrated company like Tyson.  Moreover, the fact that pork prices are higher when the supply of hogs is lower says nothing about whether Tyson could plausibly have participated in the underlying *hog* supply-restricting conduct that Plaintiffs allege achieved that effect.  Plaintiffs' few isolated references to declines in Tyson's modest sow herd also do not address the underlying reality that Tyson purchased more than 90% of its hogs from independent producers. Again, Plaintiffs miss the point because they have no good response to Tyson's arguments.

3

In sum, Plaintiffs fail to rebut Tyson's arguments for dismissal.  Nor can they, because there is no plausible basis for the claim that Tyson would have conspired to increase its own input costs.  This is a fatal defect and a sufficient basis for dismissal of Tyson from this action. *See, e.g.*, *Sherr v. HealthEast Care Sys.*, 262 F. Supp. 3d 869, 883-84 (D. Minn. 2017) (dismissing antitrust claim because plaintiff failed to allege any economic motive for defendant to conspire).

## II.     PLAINTIFFS FAIL TO OFFER INDIVIDUAL ALLEGATIONS AGAINST SEPARATE TYSON ENTITIES

Instead of responding to Tyson's group pleading arguments, Plaintiffs refer to their response to all Defendants on this point.  (Omnibus Opp. at 12.) Here, Plaintiffs argue that numerous allegations directed at "all Defendants" offer "sufficient detail to put all Defendants on notice of how they violated the antitrust laws," but do not remark on their obligation to distinguish between affiliated corporate entities. (Omnibus Opp. at 4.) As set forth in the Tyson Brief, Plaintiffs offer zero allegations against the Tyson Prepared Foods business segment, and repeatedly refer, without specification, to actions allegedly undertaken by "Tyson."  As a result of these failures in specificity, Tyson is not on notice of how each of the named Tyson-affiliated entities is alleged to have violated the law.

## CONCLUSION

For the foregoing reasons, the Court should dismiss all claims against the Tyson Defendants with prejudice.

Dated: March 13, 2020                    Respectfully Submitted,

                                          /s/ David P. Graham
                                          David P. Graham (#0185462)
                                          DYKEMA GOSSETT PLLC
                                          4000 Wells Fargo Center
                                          90 South Seventh Street
                                          Minneapolis, MN 55402
                                          (612) 486-1521
                                          dgraham@dykema.com

                                          Rachel J. Adcox (*pro hac vice*)
                                          Tiffany Rider Rohrbaugh (*pro hac vice*)
                                          Jetta C. Sandin (*pro hac vice*)
                                          Lindsey Strang Aberg (*pro hac vice*)
                                          AXINN, VELTROP & HARKRIDER LLP
                                          950 F Street, N.W.
                                          Washington, D.C. 20004
                                          (202) 912-4700
                                          radcox@axinn.com
                                          trider@axinn.com
                                          jsandin@axinn.com
                                          lstrang@axinn.com

                                          *Counsel for Tyson Foods, Inc., Tyson Prepared
                                          Foods, Inc. and Tyson Fresh Meats, Inc.*