

DONALD G. HEEMAN
DIRECT DIAL: 612.268.7005
dheeman@spencerfane.com

June 16, 2020

**VIA ECF**

Honorable John R. Tunheim
Chief U.S. District Judge, District of Minnesota
U.S. Courthouse, Suite 15
300 South Fourth Street
Minneapolis, MN 55415

Re:   *In re Pork Antitrust Litig.*, **No. 18-cv-1776 (JRT/HB)**; *Commonwealth of Puerto Rico v. Agri Stats, Inc., et al.*, **No. 19-cv-2723 (JRT/HB)**; *Winn-Dixie Stores, Inc. v. Agri Stats, Inc., et al.*, **No. 19-cv-1578 (JRT/HB)**

Dear Chief Judge Tunheim:

I represent the JBS USA Food Company in the above-listed cases, and write on behalf of all Defendants in response to the letter to Your Honor of June 10, 2020, from Direct Purchaser Class Plaintiffs, on behalf of all Plaintiffs (Doc. 512). Plaintiffs submitted with their letter the May 14, 2020 decision of the Eastern District of Virginia in *D&M Farms v. Birdsong Corp.*, Case No. 2:19-cv-463, 2020 WL 2501444 (E.D. Va.), and a copy of a June 5, 2020 *Wall Street Journal* article regarding civil subpoenas to beef processors.

*D&M Farms* is distinguishable from these cases because the *D&M Farms* plaintiffs' complaint set forth specific factual allegations of parallel conduct by the defendants there. The *D&M Farms* court noted that, "Critically, the Complaint alleges that Defendants released identical shelling contract price offers *on the same day, year after year* . . . ." 2020 WL 2501444, at *3 (emphasis added); *see also id.* ("[T]he Complaint outlines facts that support the plausible inference of a price fixing conspiracy by . . . connecting Defendants' *simultaneously issued price offers* to the broader context of the Runner peanut market") (emphasis added). Here, Plaintiffs make no such allegations to support an assertion of parallel conduct. *See generally* Mem. in Supp. of Defs' Joint Mot. to Dismiss the Federal Law Claims in Pls.' Am. Compls. (Doc. 439), at 7-26. If anything, *D&M Farms* shows the extent to which Plaintiffs' allegations of parallel conduct fall far short of a sufficiently pleaded Section 1 claim.

Separately, this Court has previously recognized that, at the motion to dismiss stage, it is entitled to take notice of documents or information in exhibits to Plaintiffs' Complaints or that are necessarily embraced by them. *In re Pork Antitrust Litig.*, 2019 WL 3752497, at *5 (D. Minn. Aug. 8, 2019), *citing Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *see*

June 16, 2020

*also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 n.13 (2007) ("the District Court was entitled to take notice of the full contents of the published articles referenced in the complaint, from which the truncated quotations were drawn"). The Eighth Circuit has also held that, at the motion to dismiss stage, the Court "should consider whether there are lawful, 'obvious alternative explanation[s]' for the alleged conduct." *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009)). The *D&M Farms* decision is of little persuasive value on these subjects.

As highlighted during the motion to dismiss hearing, the only materials Defendants have asked the Court to consider are those permitted to be considered under the foregoing authorities and other case law. As Defendants noted during oral argument, "[e]very single document [Defendants] spoke about . . . was a document that was quoted from, cited or attached to the complaint . . . , [e]very single document referenced had a citation to the complaint, the paragraph where it appears." Tr. at 87 (May 13, 2020).

Finally, nothing in the June 5, 2020 *Wall Street Journal* article can salvage Plaintiffs' claims. The article does not even mention most of the Defendants in this litigation. In any event, and even if the unattributed hearsay in the article about the scope of government civil subpoenas to certain parties were assumed to be true, a government request for information does not transform otherwise implausible allegations into plausible ones – as numerous courts have recognized. *See, e.g.*, *Wash. Cty. Health Care Auth., Inc. v. Baxter, Int'l Inc.*, 2020 WL 1666454, at *9 (N.D. Ill. Apr. 3, 2020) (allegations that the government issued requests "add no meat to the bone: they merely reflect that [requests] were issued," which "shed[s] no light whatsoever on whether the defendants engaged in an antirust conspiracy"); *In re Florida Cement & Concrete Antitrust Litig.*, 746 F. Supp. 2d 1291, 1316 (S.D. Fla. 2010) (government agency investigation "does not make the conspiracy alleged in this case more plausible because the outcome of the investigation cannot be predicted"); *Superior Offshore Int'l, Inc. v. Bristow Group Inc.*, 738 F. Supp. 2d 505, 517 (D. Del. 2010) ("[T]he initiation of the DOJ's investigation and Defendants' receipt of document subpoenas . . . do not enhance the plausibility of Plaintiff's claim and do not warrant subjecting Defendants to the burdens of antitrust discovery."); *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1149 n.11 (N.D. Cal. 2009) ("[T]he mere fact that an investigation is under way is not by itself an appropriate consideration for purposes of determining the adequacy of the pleadings.").

Respectfully submitted,

*/s/ Donald G. Heeman*

Donald G. Heeman