

Shana Scarlett
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 HEARST AVENUE, SUITE 202
BERKELEY, CA  94710
www.hbsslaw.com
**Direct (510) 725-3032**
shanas@hbsslaw.com

T 510.725.3000   F 510.725.3001

October 26, 2020

<u>*Via CM-ECF*</u>

Hon. John R. Tunheim
Chief Judge
United States District Court
District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

      RE:    *In re Pork Antitrust Litigation*, Civ. No. 18-cv-1776 (JRT/HB)
            <u>Leave to File Limited Motion for Reconsideration</u>

Your Honor:

      By Order dated October 20, 2020, this Court granted Defendant Indiana Packers Corporation's individual motion to dismiss with prejudice while upholding, in substantial part, claims asserted against all other Defendants. *See* ECF No. 520 ("Order"). Pursuant to Local Rule 7.1(j), the Consumer Indirect Purchaser Plaintiffs ("IPPs") respectfully request leave to file a limited motion to reconsider as to Indiana Packers.

      The Court's Order addressed only the per se conspiracy claims asserted against Indiana Packers. Finding no "specific allegations" that Indiana Packers reduced output, the Court concluded that Plaintiffs had not sufficiently alleged Indiana Packers's participation in a horizontal agreement to constrict supply. *See* Order at 14, 86. In so holding, the Court did not address IPPs' independent rule of reason claim, which was separately pleaded and briefed by the parties, Indiana Packers included.[1]

      The gravamen of IPPs' rule of reason claim is that Defendants' agreement to exchange detailed production, supply and pricing information through Agri Stats is itself

---

[1] *See* IPPs' Second Amended Consolidated Class Action Complaint ("SAC"), ¶¶ 271-284 (ECF No. 392); Defs.' Joint Mot. to Dismiss Federal Claims at 41-52 (ECF No. 439); Indiana Packers' Mot. to Dismiss at 7(ECF No. 446); Pls.' Opp'n to Defs.' Joint Mot. to Dismiss Federal Claims at 44-62 (ECF No. 476); Pls.' Omnibus Opp'n to Indiv. Mots. to Dismiss at 31-37 (ECF No. 479); Defs.' Reply on Mot. to Dismiss Federal Claims at 20-28 (ECF No. 481); Indiana Packers' Reply on Mot. to Dismiss at 4-6 (ECF No. 486).

SEATTLE   BOSTON   CHICAGO   LOS ANGELES   NEW YORK   PHOENIX   SAN DIEGO   SAN FRANCISCO   WASHINGTON, D.C.

010736-11 1081306v1

Hon. John R. Tunheim
October 26, 2020
Page 2

anticompetitive and unlawful under a rule-of-reason analysis. As this Court recognized in its previous order, rule of reason and per se claims related to information sharing are distinct. *See* ECF No. 361 at 18 n.7. The Supreme Court has long recognized that information exchange agreements are independently actionable under the Sherman Act, and the exchange of Agri Stats reports in other industries has been found sufficient to support such a claim. *See* ECF No. 476 at 44-45 (collecting cases); *see also* Mem. Opinion & Order, *Olean Wholesale Grocery Cooperative, Inc. v. Agri Stats, Inc., et al.*, 19-cv-8318 (N.D. Ill. Oct. 19, 2020), ECF No. 173 ("*Olean* Order") (upholding claim that exchange of Agri Stats reports among turkey wholesalers violated Sherman Act under rule of reason).

The Court's rationale for dismissing the per se claims against Indiana Packers also does not extend to IPPs' rule of reason claim. The Court considered output reductions essential to inferring participation in an agreement to reduce supply. IPPs' rule of reason claim, by contrast, is predicated on a separate agreement to exchange information, and there is no dispute that Indiana Packers participated in *that* agreement. *See* ECF No. 479 at 36. Indeed, IPPs provided specific allegations regarding the executives at Indiana Packers who supervised the transmission of data to and from Agri Stats. *See* SAC, ¶ 174. Moreover, even if Indiana Packers increased output during the class period, its participation in the information exchange could generate anticompetitive effects, including higher prices. *See Olean* Order at 17 ("[T]hat [wholesaler's] outputs may actually have increased over the Class Period does not mean that it did not also benefit from the information exchange" and "raise its prices in lockstep with its competitors.")

Reconsideration is appropriate where, as here, a distinct claim has not been specifically addressed—understandably in this case given the volume of briefing before the Court. *See* Fed. R. Civ. P. 60(a) (courts may reconsider orders that reflect "oversight or omission"). Reconsideration also would clarify the record. Most notably, while the Court dismissed IPPs' rule of reason claim as to Indiana Packers, it denied all other Defendants' motions to dismiss the same claim, again *sub silentio*. To the extent the Court perceives a unique infirmity in the rule of reason claim against Indiana Packers, having that specified would assist the parties in focusing their discovery efforts.

IPPs are mindful that these issues already have been briefed. *See supra* n.1. In the interests of judicial economy, IPPs thus request only leave to file a formal motion under Rule 60(a) and, unless the Court believes further briefing would be of assistance, IPPs are prepared to submit on the briefs already before the Court. As addressed in this letter, IPPs' motion would be limited to the dismissal of their rule of reason claim as to Indiana Packers. IPPs are not requesting that the Court reconsider any other aspect of the Order.

010736-11/1365044 V1

Hon. John R. Tunheim
October 26, 2020
Page 3

                HAGENS BERMAN SOBOL SHAPIRO LLP

By: *Shana E. Scarlett*
     SHANA E. SCARLETT

Rio S. Pierce
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com
riop@hbsslaw.com

Steve W. Berman
Breanna Van Engelen
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
Michelle J. Looby (#388166)
Britany N. Resch (#0397656)
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
bresch@gustafsongluek.com

*Co-Lead Counsel for Consumer Indirect Purchaser Plaintiffs*