

William L. Greene
**PARTNER**
DIRECT: 612.335.1568
OFFICE: 612.335.1500
william.greene@stinson.com

October 29, 2020

**Via ECF**

The Honorable John R. Tunheim
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

**Re:** ***In re Pork Antitrust Litigation*****, 18-cv-01776-JRT-HB**
***Commonwealth of Puerto Rico v. Agri Stats, Inc., et al.*****, 19-cv-02723-JRT-HB**
***Winn-Dixie Stores, Inc., et al. v. Agri Stats, Inc,. et al.*****, 19-cv-01578-JRT-HB**

Dear Chief Judge Tunheim:

Seaboard Corporation respectfully requests permission to file a motion for reconsideration of the October 16, 2020 Order (the "2020 Order") denying the motions to dismiss filed by Seaboard Corporation (along with Seaboard Foods LLC) in the above-named matters (*Pork* ECF No. 519, denying motions filed at *Pork* ECF No. 450; *Puerto Rico* ECF No. 75; *Winn-Dixie* ECF No. 114). The motion concerns a ground for dismissal advanced by Seaboard Corporation, as a parent company, that the Court addressed in its August 8, 2019 Order dismissing the previous complaints, *Pork* ECF No. 360 (the "2019 Order"), but did not address in the 2020 Order.

In their motion to dismiss the earlier complaints, the Seaboard defendants argued that "Plaintiffs allege nothing about Seaboard Corporation beyond its ownership of Seaboard Foods. The Complaints therefore do not state a claim against Seaboard Corporation regardless of whether [the] lawsuits survive against Seaboard Foods." *Pork* ECF No. 178 at 2. Although the 2019 Order dismissed the claims against the defendants on other grounds, the Court made note of this additional deficiency, observing that "[c]ourts have generally held that, in order for antitrust allegations against a subsidiary to be fairly made against the parent company, there must be allegations that the parent company actually engaged in anti-competitive conduct and not merely that it served as parent to its wholly-owned subsidiary." *In re Pork Antitrust Litig.*, 2019 WL 3752497 at *9 n.11 (citation omitted).

When the Plaintiffs filed amended complaints after the 2019 Order, the Consumer Indirect Purchaser Plaintiffs ("Consumer Plaintiffs") appropriately dropped their claims against Seaboard Corporation. *Compare Pork* ECF No. 392 at 7, *with Duryea, et al. v. Agri Stats, et al.*, ECF No. 74 at 1. However, the other Plaintiffs again named Seaboard Corporation as a defendant. *See Pork* ECF No. 431 at 3; *Pork* ECF No. 432 at 3; *Puerto Rico* ECF No. 103 at 1; *Winn-Dixie* ECF No. 94





at 1. In their motions to dismiss these amended complaints, in addition to other arguments, the Seaboard defendants again noted that Plaintiffs failed to allege any conduct by Seaboard Corporation beyond its ownership of Seaboard Foods:

> Apart from being the parent company of Seaboard Foods, Seaboard Corporation is not alleged to have any connection to the conduct at issue in the Amended Complaints. Plaintiffs attempt to evade their pleading obligation by simply calling both the parent and the subsidiary "Seaboard," and then alleging that "Seaboard" joined the conspiracy. . . . Because Plaintiffs fail to allege the predicates for suing a parent company, *see Pork*, 2019 WL 3752497, at *9 n.11, the Amended Complaints do not state plausible claims against Seaboard Corporation.

*Pork* ECF No. 451 at 12. To the extent Plaintiffs responded, they did so in an argument that did not address the allegations against Seaboard Corporation, in particular, or the pleading standard set forth in the Court's 2019 Order. *Pork* ECF No. 479 at 18, 5.

The 2020 Order does not address the sufficiency of Plaintiffs' pleading with respect to Seaboard Corporation as a parent company. In particular, the Court did not analyze whether the amended complaints that named Seaboard Corporation satisfied the Court's previously stated requirement that "there must be allegations that the parent company actually engaged in anti-competitive conduct and not merely that it served as parent to its wholly-owned subsidiary."

Seaboard Corporation submits that, for the reasons set forth in its motions to dismiss, the amended complaints do not satisfy the requirements for stating a claim against Seaboard Corporation as the parent company of Seaboard Foods. Accordingly, Seaboard Corporation requests permission to file a motion for reconsideration of the Order denying the motions to dismiss filed by Seaboard Foods LLC and Seaboard Corporation, limited to the denial of the motions as to Seaboard Corporation.

Because this issue has already been briefed, *see Pork* ECF No. 451 at 12, *Pork* ECF No. 479 at 18, 5, Seaboard Corporation is prepared to submit its motion for reconsideration without further briefing unless the Court instructs otherwise.

Sincerely,

**Stinson LLP**

*/s/ William L. Greene*

William L. Greene

cc: Peter J. Schwingler
Jon M. Woodruff