# MAYER|BROWN

Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
United States of America

T: +1 312 782 0600
F: +1 312 701 7711

mayerbrown.com

October 30, 2020

Britt Miller
T: 312 701-8663
F: 312 706-8763
bmiller@mayerbrown.com

**VIA ECF**

Hon. Judge John R. Tunheim
Chief Judge
United States District Court, District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

Re:  *In re Pork Antitrust Litigation, Civ. No. 18-cv-1776 (JRT/HB), Response to Request for Leave to File Motion for Reconsideration*

Dear Judge Tunheim:

On behalf of Indiana Packers Corporation ("IPC"), I write in response to the Consumer Indirect Purchaser Plaintiffs' ("IPP") October 26, 2020 letter seeking permission to file a motion for reconsideration of the Court's Order dismissing IPC from the above litigation with prejudice.

The IPPs do not offer any "compelling circumstances" supporting reconsideration under LR 7.1(j). The matters they raise were thoroughly briefed and addressed as part of the motion to dismiss briefing. As set forth in IPC's Brief in Support of Motion to Dismiss (Dkt. 446 at 7) and Reply (Dkt. 486 at 4-6), there are no allegations anywhere in the IPP's 500-paragraph complaint that would support their *per se* or rule of reason allegations against IPC. Indeed, IPPs barely mention IPC at all, and beyond simply defining the company, the only allegations as to IPC relate to its participation in Agri Stats. *See* Dkt. 446 at 3, n.3, and 7. Counsel for the IPPs confirmed as much during oral argument:

> THE COURT: I just had one question. Other than participating in providing information to Agri Stats, are there any other allegations against Indiana Packers?
>
> MS. SCARLETT: Your Honor, I would have to go back through the complaints in detail, but I believe in large part, the allegations against Indiana Packers rest with their participation in Agri Stats.
>
> THE COURT: All right. That's what I thought. Thank you.

Ex. A (May 13, 2020 Tr. at 63). Counsel has not provided any additional detail.

The IPP's admission that their allegations rest with IPC's participation in Agri Stats is fatal because a rule of reason case requires IPPs to also allege facts showing anticompetitive effects caused by IPC's participation in Agri Stats. *See, e.g.*, *Five Smiths, Inc. v. Nat'l Football League Players*

*Ass'n*, 788 F. Supp. 1042, 1051 (D. Minn. 1992). They failed to do so. There are no allegations of IPC cutting supply, raising prices, or engaging in any anticompetitive conduct whatsoever. *See* Dkt. 446 at 7. Tellingly, IPP's letter concedes this point, asserting instead that IPC's participation in Agri Stats "*could*" lead to anticompetitive effects. *See* Letter at 2 (emphasis added).

But such hypothetical and theoretical speculation is not enough. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Instead, IPPs must plead *facts* as to IPC that raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This requirement is all the more important in a rule of reason case where plaintiffs must allege an anticompetitive restraint of trade. Mere participation in benchmarking is not enough given that benchmarking often "increase[s] economic efficiency and render[s] markets more, rather than less, competitive." *See United States v. U.S. Gypsum Co.*, 438 U.S. 422, 441 n.16 (1978). Thus, "[t]he exchange of price data and other information among competitors does not invariably have anticompetitive effects." *Id.*; *see also* Am. Order (*Pork I*) at 18, n.7 (Aug. 8, 2019) (Dkt. 361) ("[T]o the extent that Plaintiffs are asserting that the use of Agri Stats alone is sufficient to allege a conspiracy, the Court disagrees.").

IPPs rely on purported anticompetitive effects as "to the market as a whole." Dkt. 479 at 36. But as IPC has already explained, their allegations are based solely on alleged industry-wide, aggregated price effects *associated with the per se conspiracy allegations*. Dkt. 486 at 4-6. The Court has ruled that the *per se* allegations are insufficient as to IPC (Am. Order at 25) (Dkt. 520), so those allegations cannot plausibly serve as back door support for a separate rule of reason claim against IPC. Moreover, it is improper for IPPs to point to industry-wide market data and claim IPC must have acted in conformity with it. Instead, IPPs must allege how IPC specifically acted. *See* Am. Order (*Pork I*) at 20; *see also, e.g.*, Order 15-16, *In re Beef Antitrust Litig.*, No. 19-cv-1129 (Sept. 28, 2020 D. Minn.) (Dkt. 204). This is particularly important here, given that IPPs concede that IPC is a small company without any "significant" market share. *See* Dkt. 486 at 5, n.3.

The cases IPPs refer back to (*see* Dkt. 476 at 44-45) confirm that the mere participation in an information exchange is insufficient without allegations of anticompetitive effects. *See, e.g., United States v. Container Corp. of America,* 393 U.S. 333 (1969) (anticompetitive effects alleged where specific parties coordinated on bids, leading to price stabilization); *Todd v. Exxon Corp.*, 275 F.3d 191, 214 (2d Cir. 2001) (Exxon used salary information to reduce its salaries 4.1% between 1987 and 1994); Order at 12, *Olean Wholesale Grocery Cooperative, Inc. v. Agri Stats, Inc., et al.*, 19-cv-8318 (N.D. Ill. Oct. 19, 2020) (Dkt. 173) (finding fact issues as to market definition and anticompetitive effects allegations could not be resolved on a motion to dismiss). Indeed, *Olean* did not hold that the mere "exchange of Agri Stats reports" states a claim under the rule of reason, as IPPs contend. *See* Letter at 2. Nor did *Olean* address the issue here: the absence of necessary allegations directed at a specific defendant (in this case, IPC).

In short, IPPs have not alleged supply cuts, price increases, or other market conduct by IPC that plausibly ties IPC's participation in Agri Stats to any anticompetitive effects, and, as such, have not pled sufficient facts as to IPC to state a claim under the rule of reason. The request for reconsideration should be denied. *See, e.g.*, *Bernstein v. Extendicare Health Servs., Inc.*, 653 F. Supp. 2d 939, 945 (D. Minn. 2009) (denying request for reconsideration under Rule 60 where the complaint allegations failed to raise the right to relief above the speculative level).

Sincerely,

Britt M. Miller
Partner

738610397