# UNITED STATES DISTRICT COURT
## DISTRICT COURT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| This Document Relates To: | **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT BETWEEN DIRECT PURCHASER PLAINTIFFS AND DEFENDANT JBS** |
| THE DIRECT PURCHASER PLAINTIFF ACTION | |

This Court, having reviewed the Motion for Preliminary Approval of the Class Action Settlement Between Direct Purchaser Plaintiffs and JBS ("Motion"), its accompanying memorandum and the exhibits thereto, the Settlement Agreement,[1] and the file, hereby

**ORDERS AND ADJUDGES:**

**<u>Preliminary Approval of Settlement Agreement and Certification of Settlement Class</u>**

1.      This Court has jurisdiction over this action and each of the parties to the Settlement Agreement. Upon review of the record, the Court finds that the proposed Settlement Agreement, which was arrived at by arm's length negotiations by highly experienced counsel with the assistance of an experienced and nationally renowned mediator, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing. The Court finds that the Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement Agreement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement should be given to the Settlement Class.

2.      This Court certifies a Settlement Class defined as:

> All persons who purchased Pork directly from any of the Defendants or any co-conspirator, or their respective subsidiaries or affiliates for use or delivery in the United States from at least as early as January 1, 2009 until the date of this order granting Preliminary Approval of the Settlement Agreement. Specifically excluded from the Settlement Class are the Defendants; the officers, directors or employees of any Defendant; any entity in

---

[1]  Unless otherwise noted, all capitalized terms shall have the same meaning as in the Settlement Agreement between Direct Purchaser Plaintiffs and JBS (also referred to herein as "Settlement").

945578.1

which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from this Settlement Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

3.      The Court appoints the law firms of Lockridge Grindal Nauen P.L.L.P., and Pearson, Simon & Warshaw, LLP as Co-Lead Counsel for the Settlement Class.

**Approval of the Notice Plan**

4.      The Court hereby directs notice to be distributed to the Settlement Class members pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(2).

5.      The proposed notice plan set forth in the Motion and the supporting declarations comply with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice via mail and email to all members who can be identified through reasonable effort. The direct mail and email notice will be supported by reasonable publication notice to reach potential members of the Settlement Class who could not be individually identified.

6.      The attached proposed notice documents: Long Form Notice (Exhibit A), Email Notice (Exhibit B), and Summary Publication Notice (Exhibit C), and their manner of transmission, comply with Rule 23(c)(2)(B) and due process because the notices and forms are reasonably calculated to adequately apprise Settlement Class of (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a Settlement Class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a

class judgment on members of the class under Rule 23(c)(3). Non-substantive changes, such as typographical errors, can be made to the notice documents by agreement of the parties without leave of the Court.

7.      So that the proposed notice plan may be carried out, each Defendant in this Action is directed to provide a customer list to the Settlement Administrator, including any reasonably available names, email addresses, and mailing addresses, pursuant to the schedule below.

## Schedule for Class Notice and the Fairness Hearing

8.      The Court hereby sets the below schedule for the dissemination of notice to potential members of the Settlement Class, for members of the Settlement Class to object to or exclude themselves from the Settlement Agreement, and for the Court's Fairness Hearing, at which time the Court will determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate.  This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting the Parties will not be required to provide any additional notice to Settlement Class members. Pursuant to any applicable orders relating to the COVID-19 emergency or otherwise, the Fairness Hearing may take place remotely, including via telephone or video conference.

| DATE | EVENT |
|---|---|
| _____ (45 days after the issuance of this Order) | Each Defendant to provide a customer list to the Settlement Administrator including any reasonably available names, email addresses, and mailing addresses |
| _____ (75 days after the issuance of this Order) | Settlement Administrator to provide direct mail and email notice, and commence implementation of the publication notice plan |

| DATE | EVENT |
|---|---|
| _____ (60 days after the commencement of Notice) | Last day for Settlement Class members to request exclusion from the Settlement Class; for Settlement Class members to object to the Settlement; and for Settlement Class members to file notices to appear at the Final Fairness Hearing |
| _____ (7 days after last day to request exclusion from the Settlements) | Co-Lead Counsel to provide JBS with a list of all persons and entities who have timely and adequately requested exclusion from the Settlement Class |
| _____ (14 days before Final Settlement Fairness Hearing) | Co-Lead Counsel shall file a motion for final approval of the Settlement and all supporting papers, and Co-Lead Counsel and JBS may respond to any objections to the proposed Settlement |
| _____ at _____ a.m. (at least 40 days after last day to request exclusion from the Settlement) | Final Fairness Hearing |

**IT IS SO ORDERED.**

DATED:

_____
HON. JOHN R. TUNHEIM