UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

In Re Pork Antitrust Litigation

This Document Relates to:  All Actions

_____

No. 18-cv-01776-JRT-HB
No. 19-cv-02723-JRT-HB
No. 19-cv-01578-JRT-HB

**MEMORANDUM IN SUPPORT OF SEABOARD CORPORATION'S MOTION TO RECONSIDER**

By leave of Court, *see* ECF No. 533, Defendant Seaboard Corporation respectfully seeks reconsideration of the October 20, 2020 Order denying its motions to dismiss.  ECF No. 520.  Although this motion is styled as one for reconsideration, Seaboard Corporation does not ask the Court to depart from its prior holdings.  To the contrary, Seaboard Corporation asks the Court to *affirm* its prior conclusion that Plaintiffs cannot state a claim against a parent company absent allegations that the parent "actually engaged in anticompetitive conduct."  *In re Pork Antitrust Litig.*, No. 18-cv-01776, 2019 WL 3752497, at *9 n.11 (D. Minn. Aug. 8, 2019) ("August 2019 Order").  And because the Court did not reach this issue in its October Order, the Court can grant this motion without disturbing any aspect of its analysis as to other Defendants.

Like the prior Complaints, the Amended Complaints do not allege that Seaboard Corporation—as distinct from its subsidiary, Seaboard Foods LLC—engaged in any purportedly anticompetitive conduct.  The Court should therefore grant this motion and dismiss the claims against Seaboard Corporation with prejudice.

## **BACKGROUND**

It its August 2019 Order, the Court criticized Plaintiffs for failing to assert specific allegations against parent companies, like Seaboard Corporation, as distinct from their subsidiaries. Citing its own prior holding, the Court noted that, "for antitrust allegations against a subsidiary to be fairly made against the parent company, there must be allegations that the parent company *actually engaged in anti-competitive conduct* and not merely that it served as parent to its wholly-owned subsidiary." *Pork*, 2019 WL 3752497, at *9 n.11 (emphasis added) (citing *Reg'l Multiple Listing Serv. of Minn., Inc. v. Am. Home Realty Network, Inc.*, 9 F. Supp. 3d 1032, 1044 (D. Minn. 2014)). The prior Complaints failed this standard because "Plaintiffs name[d] both subsidiaries and parents as Defendants yet [made] no attempt to distinguish the actions of the two." *Id.*

Following this guidance from the Court, one Plaintiff group—the consumer indirect purchasers—appropriately dropped its claims against Seaboard Corporation. *See* ECF No. 392 at 7. The other Plaintiff groups, however, continue to name Seaboard Corporation as a Defendant based solely on its ownership of Seaboard Foods.[1] As with the prior Complaints the Court found deficient, these Amended Complaints fail to allege any acts by Seaboard Corporation as distinct from its subsidiary.

In their motions to dismiss these Amended Complaints, the Seaboard defendants noted that Plaintiffs failed (yet again) to allege any conduct by Seaboard Corporation:

> Apart from being the parent company of Seaboard Foods, Seaboard Corporation is not alleged to have any connection to the conduct at issue in

---

[1] *See Pork* ECF No. 431 at 3; *Pork* ECF No. 432 at 3; *Puerto Rico* ECF No. 103 at 1; *Winn-Dixie* ECF No. 94 at 1.

> the Amended Complaints. Plaintiffs attempt to evade their pleading obligation by simply calling both the parent and the subsidiary "Seaboard," and then alleging that "Seaboard" joined the conspiracy. . . . Because Plaintiffs fail to allege the predicates for suing a parent company, *see Pork*, 2019 WL 3752497, at *9 n.11, the Amended Complaints do not state plausible claims against Seaboard Corporation.

ECF No. 451 at 12.

Plaintiffs' response largely ignored this argument. Without acknowledging the legal standard set forth in this Court's August 2019 Order, and without discussing the allegations (or lack thereof) against Seaboard Corporation in particular, Plaintiffs declared only that "there is no *per se* rule against grouping defendants for the purposes of asserting allegations." ECF No. 479 at 5, 18.

The Court's October Order denying the Seaboard defendants' motion to dismiss did not address the sufficiency of the allegations as to Seaboard Corporation (as distinct from Seaboard Foods). In particular, the Order did not analyze whether the amended Complaints satisfy the requirement that "there must be allegations that the parent company actually engaged in anti-competitive conduct and not merely that it served as parent to its wholly-owned subsidiary." *Pork*, 2019 WL 3752497, at *9 n.11.

## **ARGUMENT**

Like the prior complaints, the Amended Complaints simply lump Seaboard Foods and Seaboard Corporation under the moniker "Seaboard" and then claim "Seaboard" joined the alleged conspiracy. The Court has already rejected this pleading tactic. It should do so again and grant Seaboard Corporation's motions to dismiss—this time with prejudice.

As the Seaboard defendants noted in prior briefs, to state a conspiracy claim against a particular defendant, a complaint must plausibly allege that *that* defendant joined the conspiracy. ECF No. 451 at 5 (citing *In re Fresh & Process Potatoes Antitrust Litig.*, 834 F. Supp. 2d 1141, 1150 (D. Idaho 2011)). Applying this principle, courts routinely dismiss claims against particular defendants despite finding the overall conspiracy allegations plausible. *Id.* (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 341 n.44 (3d Cir. 2010); *Potatoes*, 834 F. Supp. 2d at 1158-64, 1173-75; *Hinds Cnty. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 512-17 (S.D.N.Y. 2009)).

This pleading standard has even greater force with respect to parent companies. As the Court noted in its August 2019 Order, a plaintiff cannot state an antitrust claim against a parent company merely by alleging the corporate relationship. Instead, a plaintiff must allege "that the parent company actually engaged in anti-competitive conduct." *In re Pork Antitrust Litig.*, No. 18-cv-01776, 2019 WL 3752497, at *9 n.11 (D. Minn. Aug. 8, 2019). This means Plaintiffs cannot state a claim against Seaboard Corporation without allegations that *Seaboard Corporation*, as distinct from Seaboard Foods, "performed acts sufficient to create liability, or actively influenced [Seaboard Foods] in its violations." *Reg'l Multiple Listing Serv. of Minn., Inc. v. Am. Home Realty Network, Inc.*, 9 F. Supp. 3d 1032, 1044 (D. Minn. 2014); *see also H.J., Inc. v. Int'l Tel & Tel. Corp.*, 867 F.2d 1531, 1549 (8th Cir. 1989) (holding that parent company cannot be liable "without proof that *it* performed acts sufficient to create liability, or actively influenced [its subsidiary] in its violations" (emphasis in original)).

Plaintiffs' allegations against Seaboard Corporation do not come close to meeting this standard. Indeed, apart from being Seaboard Foods' parent, Seaboard Corporation is not alleged to have any connection to the conduct at issue in the Amended Complaints. Because Plaintiffs do not allege the predicates for suing a parent company, the Amended Complaints do not state plausible claims against Seaboard Corporation.

## **CONCLUSION**

For the reasons above and in the Seaboard defendants' prior briefs, the Court should grant this motion for reconsideration and dismiss the claims against Seaboard Corporation with prejudice.

| | |
|---|---|
| Dated:  December 2, 2020 | */s/ William L. Greene*<br>William L. Greene (#0198730)<br>Peter J. Schwingler (#0388909)<br>Jon M. Woodruff (#0399453)<br>STINSON LLP<br>50 South Sixth Street, Suite 2600<br>Minneapolis, MN 55402<br>Phone: (612) 335-1500<br>Fax:   (612) 335-1657<br>william.greene@stinson.com<br>peter.schwingler@stinson.com<br>jon.woodruff@stinson.com<br><br>Nicci Warr (*pro hac vice*)<br>STINSON LLP<br>7700 Forsyth Boulevard, Suite 1100<br>St. Louis, MO 63105<br>Phone: (314) 863-0800<br>Fax:   (314) 863-9388<br>nicci.warr@stinson.com<br><br>**Attorneys for Defendants Seaboard Foods LLC and Seaboard Corporation** |