# EXHIBIT D (EXCERPT)

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **In re Pork Antitrust Litigation**<br><br>This Document Relates To: All Class Actions | Case No. 18-cv-01776-JRT-HB<br><br>**DEFENDANTS HORMEL FOODS CORPORATION AND HORMEL FOOD, LLC'S AMENDED OBJECTIONS AND RESPONSES TO ALL PLAINTIFFS' FIRST SET OF REQUESTS** |

Defendants Hormel Foods Corporation ("Hormel Foods" or the "Company") and Hormel Foods, LLC (together with Hormel Foods, the "Hormel Defendants"), by and through their undersigned counsel, hereby serve these Amended Objections and Responses ("Objections and Responses") to All [Class] Plaintiffs' First Set of Requests for Production of Documents to the Pork Integrator Defendants ("Requests").

The Hormel Defendants' Scope Limitations below are incorporated by reference in each of the Hormel Defendants' Responses as if set forth separately therein, and each Response is made without waiving any of these Scope Limitations. The assertion of additional specific objections to a particular Request or the repetition of an objection shall not be construed as waiving any applicable objection with respect to that or any other Request. The Hormel Defendants reserve the right to assert additional scope limitations and objections or to supplement the Scope Limitations and objections set forth herein.

Any response by the Hormel Defendants that they will produce documents, if any, indicates that the Hormel Defendants will (1) conduct a reasonable search for nonprivileged, responsive documents in the files of Document Custodians; and (2) produce any such nonprivileged documents in a format consistent with the Order Regarding Production of Electronically Stored Information and Paper Documents ("ESI Protocol Order" [Doc No. 292]). The Hormel Defendants

noncustodial structured data sufficient to show its Pork sales to and purchases from other Defendants and agreed-upon Pork Integrators from January 1, 2008 to June 30, 2018.

**REQUEST NO. 4:** All Communications and Documents relating to the scheduling, attendance, or otherwise referencing any in-person, telephonic, or other meeting between You and any other Defendant or Pork Integrator.

**RESPONSE TO REQUEST NO. 4:**

In addition to the Scope Limitations and Objections to Definitions, Hormel Foods objects to Request No. 4 on the grounds that it is overly broad and unduly burdensome insofar as it is not limited to communications and documents related to Pork and is unnecessarily cumulative and duplicative insofar as it seeks the same documents and communications requested by other Requests. Subject to and without waiving any of the above objections, Hormel Foods will produce nonprivileged, responsive communications and documents with any other Defendant or agreed-upon Pork Integrator in Hormel Foods' possession, custody, or control that can be identified through a reasonable search of the files of agreed-upon Document Custodians.

**REQUEST NO. 5:** For each Document Custodian, all:

a) electronic and hard copy diaries, calendars, appointment books or notes, notebooks, or to-do lists;

b) contact information maintained in electronic or hard copy format, for any Person who is or was: (i) an owner, employee, consultant, officer, board member, Representative, or agent of a Pork Integrator or Agri Stats; (ii) a Creditor Representative or Industry Analyst; (iii) an employee of a Trade Association; or (iv) an employee of any entity that falls within the definition of Industry Meeting.

c) trip and travel logs and records, expense reports, and entertainment reports, including any other supporting Documents;

d) bills, statements, records, and supporting Documents concerning local, long distance, and cellular telephone calls by such employees, including calls made using telephones not paid for by You (such as home office, fax, and personal telephone numbers, personal cellphones, and temporary pay-as- you go cellphones) if such telephones were used for business purposes;

17

    e)    Documents relating to membership in any Trade Association or industry group or attendance at any Trade Association, Industry Meeting or Creditor Conference, including announcements, membership lists, presentations (including speaker notes), agendas, minutes, notes, attendance lists, and correspondence;

    f)    a copy of the Person's most recently created resume or curriculum vitae (CV);

    g)    copies of any transcripts or recordings of prior testimony relating to Competitive Conditions in the market for Pork, such as testimony at a deposition, trial, or public hearing;

    h)    Documents sufficient to show the Document Custodian's complete contact information, including all phone numbers, social media user names or "handles," and email addresses used by such persons for any business purposes, even if only sparingly; and

    i)    Any severance agreements in connection with the Document Custodian ceasing employment or changing employment status with You (without time limitation).

**RESPONSE TO REQUEST NO. 5:**

In addition to the Scope Limitations and Objections to Definitions, Hormel Foods objects to Request No. 5 on multiple grounds:

- Hormel Foods objects to Request No. 5 on the grounds that its request for "all" documents is overly broad, unduly burdensome, and not proportional to the needs of this litigation, and calls for the production of information not relevant to any matter in dispute to the extent that "all" documents are not limited to communications with other named Defendants or agreed-upon Pork Integrators.

- Hormel Foods objects to Request Nos. 5(a), 5(b), 5(c), and 5(h) on the grounds that those requests conflict with and/or impose burdens in excess of the requirements of the ESI Protocol Order. Hormel Foods specifically objects to the production of nonbusiness and non-Pork information of an identified Document Custodian—including, but not limited to, any nonbusiness contact information from the Company's e-mail systems.

18

- Hormel Foods objects to Request No. 5(d) on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case, and calls for the production of information not relevant to any matter in dispute, and requests documents outside of the possession, custody or control of Hormel Foods because it purports to seek information related to home telephone and fax numbers and purely personal cell phones.

- Hormel Foods objects to Request No. 5(e) to the extent it seeks documents related to "membership in any Trade Association or industry group or attendance at any Trade Association, Industry Meeting or Creditor Conference" on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this litigation, and calls for the production of information not relevant to any matter in dispute.

- Hormel Foods objects to Request No. 5(f) to the extent it seeks documents that are not within the Company's possession, custody, or control, and information that is publicly available.

- Hormel Foods objects to Request No. 5(g) to the extent it calls for the production of information not relevant to any matter in dispute and to the extent that any applicable protective order would prevent the production of the transcript of a Document Custodian's testimony, if any.

- Hormel Foods objects to Request No. 5(h) to the extent it purports to require the creation of documents that do not exist.

- Hormel Foods objects to Request No. 5(i) on the grounds that it calls for the production of information not relevant to any matter in dispute, and is overly broad in that it is not limited as to time.

Subject to and without waiving the above objections, Hormel Foods will produce nonprivileged, responsive documents that exist; that relate to the Company's Pork business and relate to contacts, correspondence, or meetings with Agri Stats, other named Defendants, or an agreed-upon Pork Integrator; that are relevant to the parties' claims and defenses; and that are in its possession, custody, and control.

**REQUEST NO. 6:** Copies of all Telephone Records in your possession, custody, or control, including Telephone Records of your main phone number(s), main fax number(s), and any phone number used as a switchboard for any of your relevant facilities such as your headquarters, administrative offices, Pork Farms, Pork Processing Facilities, and Pork sales offices.

**RESPONSE TO REQUEST NO. 6:**

In addition to the Scope Limitations and Objections to Definitions, Hormel Foods objects to Request No. 6 on the grounds that it is overly broad insofar as it is not limited to calls made by Document Custodians, unduly burdensome, and calls for the production of information not relevant to any matter in dispute because it purports to seek Telephone Records without regard to whether calls were exchanged with any other Defendant or agreed-upon Pork Integrator. On August 8, 2018, the Company sent letters to its telecommunications providers—Century Link, Jaguar Communications, and Verizon—requesting that they preserve the Company's call records. Hormel Foods states that it does not have possession, custody, or control of call records maintained by these third parties.  Subject to and without waiving the above objections, Hormel Foods agrees to produce noncustodial data in its possession, custody, or control, if any, related to the Telephone Records of agreed-upon Document Custodians from January 1, 2008 to June 30, 2018.

**REQUEST NO. 7:** All Documents relating to Communications with investors, Industry Analysts, benchmarking services, and/or Creditor Representatives regarding Competitive Conditions in the Pork industry.