# EXHIBIT E (EXCERPT)

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Civil No. 18-cv-01776 (JRT/HB)<br><br>**JBS USA FOOD COMPANY'S AMENDED RESPONSES AND OBJECTIONS TO ALL PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Minnesota, Defendant JBS USA Food Company ("JBS USA"), by and through its undersigned counsel, hereby responds and objects to All Plaintiffs' First Set of Requests for Production of Documents, dated November 1, 2018 ("Requests"). These amended responses and objections ("Responses") are based on information currently available and known to JBS USA, and are subject to the Protective Order entered in this case ("Protective Order"), Dkt. No. 212. JBS USA has not only amended its Responses to address Requests that had previously been deferred, but also endeavored to reflect its positions in light of the parties' numerous meet and confers and related correspondence.

## SCOPE LIMITATIONS

Each of the following scope limitations and reservations of rights ("Scope Limitations") is incorporated into each of JBS USA's Responses, including the objections set forth separately in each of the specific Responses below, whether or not specifically referenced therein.

1. Any statement made by JBS USA in these Responses that it will produce documents responsive to a particular Request should not be understood as an admission by JBS USA as to the existence or non-existence of specific responsive documents or information, that any information contained within the Responses is relevant or admissible as evidence, or that any statement or characterization propounded in the Requests is accurate or complete. JBS USA's investigation of this

supply of hogs and the amount of Pork processed; and (4) factors impacting the supply of hogs in the U.S. or the amount of Pork processed in the U.S.. JBS USA is willing to meet and confer as to the scope and relevance of the remainder of this Request.

**REQUEST NO. 4**

*All Communications and Documents relating to the scheduling, attendance, or otherwise referencing any in-person, telephonic, or other meeting between You and any other Defendant or Pork Integrator.*

**RESPONSE TO REQUEST NO. 4**

In addition to its Scope Limitations 1-3, 5-6, and 8-11, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the grounds that it is vague and ambiguous, including as to the terms "relating to," "otherwise referencing," "You" and "Pork Integrator," and overly broad, unduly burdensome and disproportionate to the needs of the case, including in its request for "[a]ll Communications and Documents" for more than a decade. In particular, JBS USA objects to this Request to the extent it seeks the same level of discovery from JBS USA about communications with non-defendant "Pork Integrators" as communications with Defendants. JBS USA further objects to this Request to the extent it is duplicative of Request No. 3. Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA agrees to produce responsive, non-privileged documents concerning meetings in the U.S. between JBS USA and any other Defendant to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5. JBS USA is willing to meet and confer as to the scope and relevance of the remainder of this Request.

**REQUEST NO. 5**

*For each Document Custodian, all:*
  *a) electronic and hard copy diaries, calendars, appointment books or notes, notebooks, or to-do lists ;*

16

- b) contact information maintained in electronic or hard copy format, for any Person who is or was: (i) an owner, employee, consultant, officer, board member, Representative, or agent of a Pork Integrator or Agri Stats; (ii) a Creditor Representative or Industry Analyst; (iii) an employee of a Trade Association; or (iv) an employee of any entity that falls within the definition of Industry Meeting.
- c) trip and travel logs and records, expense reports, and entertainment reports, including any other supporting Documents;
- d) bills, statements, records, and supporting Documents concerning local, long distance, and cellular telephone calls by such employees, including calls made using telephones not paid for by You (such as home office, fax, and personal telephone numbers, personal cellphones, and temporary pay-as you go cellphones) if such telephones were used for business purposes;
- e) Documents relating to membership in any Trade Association or industry group or attendance at any Trade Association, Industry Meeting or Creditor Conference, including announcements, membership lists, presentations (including speaker notes), agendas, minutes, notes, attendance lists, and correspondence;
- f) a copy of the Person's most recently created resume or curriculum vitae (CV);
- g) copies of any transcripts or recordings of prior testimony relating to Competitive Conditions in the market for Pork, such as testimony at a deposition, trial, or public hearing;
- h) Documents sufficient to show the Document Custodian's complete contact information, including all phone numbers, social media user names or "handles," and email addresses used by such persons for any business purposes, even if only sparingly; and
- i) Any severance agreements in connection with the Document Custodian ceasing employment or changing employment status with You (without time limitation).

**RESPONSE TO REQUEST NO. 5**

In addition to its Scope Limitations 1-6, and 8-11, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the grounds that it is vague and ambiguous, including as to the terms "any," "concerning," "supporting Documents," "handles," "relating to membership," "Industry Meeting," "Creditor Conference," "Competitive Conditions" and "sparingly." JBS USA further objects to the undefined term "market for Pork" as vague, particularly to the extent it could be construed to seek any information pertaining to Pork outside of the United States or calls for expert discovery. JBS USA also objects to this Request on the grounds that it is overly broad, unduly burdensome and disproportionate to the needs of the case, including in its request for "[a]ll" Documents and information concerning, for example, meetings and trips that do not involve other Defendants over

17

the course of more than a decade. JBS USA further objects to the request for severance agreements as seeking information that is not relevant to the causes of action or defenses of any party to this action. Subject to and without waiving the foregoing, and subject to an agreement on a reasonable number of Document Custodians to be used in this litigation as well as with regard to the Relevant Time Period only, JBS USA agrees to produce responsive, non-privileged documents requested in subparts (a)-(h) as indicated below and to the extent this information is in JBS USA's possession, custody, or control and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5:

a) Entries in electronic and hard copy diaries, calendars, appointment books, notebooks, Day Timers or day planners used for work purposes only, and which reference output, production capacity, price or customers for Pork in the U.S. JBS USA reserves the right to apply redactions consistent with the Court's orders or the Parties' agreements;

b) Contact information maintained in Microsoft Outlook, similar programs, Rolodex cards or any other format, for any Person who is or was reasonably known to be (i) an owner, employee, officer or board member, of a Defendant or Agri Stats; (ii) a Creditor Representative identified by Plaintiffs or Industry Analyst; or (iii) an employee of a Trade Association;

c) Work-related travel and expense reports that relate to meetings with other Defendants, or Trade Association meetings;

d) Telephone records for accounts used for work purposes;

e) Documents relating to the Document Custodian's participation in any Trade Association or meetings with other Defendants;

    f) The Document Custodian's most recently created resume or curriculum vitae (CV);[6]

    g) Transcripts or recordings of prior testimony related to or in connection with an inquiry or investigation into the conspiracy alleged in the Complaints and subject to any protective orders that may apply;

    h) Documents sufficient to show the social media user names and email addresses used by the Document Custodian for U.S. business purposes; and

    i) Severance agreements for Document Custodians to the extent those agreements are readily available from a centralized, readily accessible source in the department responsible for maintaining such records.

JBS USA is willing to meet and confer as to the scope and relevance of the remainder of this Request. JBS USA reserves the right to amend, modify or supplement its Response to this Request following any subsequent related court order or agreement reached by the parties.

**REQUEST NO. 6**

*Copies of all Telephone Records in your possession, custody, or control, including Telephone Records of your main phone number(s), main fax number(s), and any phone number used as a switchboard for any of your relevant facilities such as your headquarters, administrative offices, Pork Farms, Pork Processing Facilities, and Pork sales offices.*

**RESPONSE TO REQUEST NO. 6**

In addition to its Scope Limitations 2, 5-6, and 8-11, as well as its objections to Plaintiffs' Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case, including as to the term "any phone number used as a switchboard for any of your relevant facilities" and in its request for "[a]ll Telephone Records" covering more than a decade. As drafted, this Request could encompass records for virtually every

---

[6] Plaintiffs subsequently confirmed that they "only request existing resumes and curricula vitae that are in personnel files or similar files." *See* March 15 Letter at 4-5.