# EXHIBIT F (EXCERPT)

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Pork Antitrust Litigation | Case No. 0:18-cv-01776-JRT-HB |
| This Document Relates To:<br><br>All Actions | **SEABOARD FOODS LLC'S AND SEABOARD CORPORATION'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO ALL PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE PORK INTEGRATOR DEFENDANTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Seaboard Foods LLC and Seaboard Corporation (collectively "Seaboard") provide the following objections and responses to certain of All Plaintiffs' First Set of Requests for Production of Documents to the Pork Integrator Defendants dated November 1, 2018 (the "Requests"). These objections and responses are based upon Seaboard's reasonable investigation to date, and Seaboard expressly reserves the right to modify, supplement, or amend its objections and/or responses. Further, by providing these responses, Seaboard does not concede that the information provided is relevant to the claims or defenses of any party and reserves all objections as to relevance and admissibility.

the reasons set forth in General Objection No. 8, Seaboard further objects to producing documents and communications relating to meetings between Seaboard and Triumph or Seaboard and STF in response to this request.

Subject to and without waiving its objections, Seaboard will conduct a reasonable search and produce non-privileged documents responsive to this Request (as modified to exclude Triumph and STF from the term "any other Defendant or Pork Integrator"). For avoidance of doubt, Seaboard's commitment is subject to (1) General Objection No. 7 with respect to methodology and time, and (2) agreement on a list of "Pork Integrators."

**REQUEST NO. 5:** For each Document Custodian, all:

a) electronic and hard copy diaries, calendars, appointment books or notes, notebooks, or to-do lists;

b) contact information maintained in electronic or hard copy format, for any Person who is or was: (i) an owner, employee, consultant, officer, board member, Representative, or agent of a Pork Integrator or Agri Stats; (ii) a Creditor Representative or Industry Analyst; (iii) an employee of a Trade Association; or (iv) an employee of any entity that falls within the definition of Industry Meeting.

c) trip and travel logs and records, expense reports, and entertainment reports, including any other supporting Documents;

d) bills, statements, records, and supporting Documents concerning local, long distance, and cellular telephone calls by such employees, including calls made using telephones not paid for by You (such as home office, fax, and

12

        personal telephone numbers, personal cellphones, and temporary pay-as-you go cellphones) if such telephones were used for business purposes;

e)    Documents relating to membership in any Trade Association or industry group or attendance at any Trade Association, Industry Meeting or Creditor Conference, including announcements, membership lists, presentations (including speaker notes), agendas, minutes, notes, attendance lists, and correspondence;

f)    a copy of the Person's most recently created resume or curriculum vitae (CV);

g)    copies of any transcripts or recordings of prior testimony relating to Competitive Conditions in the market for Pork, such as testimony at a deposition, trial, or public hearing;

h)    Documents sufficient to show the Document Custodian's complete contact information, including all phone numbers, social media user names or "handles," and email addresses used by such persons for any business purposes, even if only sparingly; and

i)    Any severance agreements in connection with the Document Custodian ceasing employment or changing employment status with You (without time limitation).

**RESPONSE:** Seaboard incorporates its general objections herein by reference. Seaboard further objects that the Request is overly broad, unduly burdensome, and not proportional to the needs of this case as it, among other things: (1) seeks "all" documents

13

for over a decade; (2) is not limited to business-related calendar entries, trips, calls, and to-do lists; (3) seeks documents related to trips that do not involve meetings with other Defendants or Trade Associations; (4) can be construed as seeking contact information that is not contained in a document custodian's electronic or paper address books; (5) seeks documents related to home phone and fax numbers and personal cell phones, and thus seeks documents that are not within Seaboard's possession, custody, or control; (6) seeks documents related to trade associations or industry groups that are irrelevant and not proportional to the needs of this case; (7) seeks prior testimony about Competitive Conditions, a vague and overbroad term, as well as testimony that may be barred from disclosure by a protective order in a prior lawsuit; and (8) seeks documents related to employee severance.

Subject to and without waiving its objections, Seaboard will conduct a reasonable search and produce the following responsive documents with respect to its agreed or court-ordered document custodians, to the extent the documents are not privileged, subject to work-product protection, or barred from disclosure by confidentiality agreement or court order:

- Documents sufficient to show each custodian's business contact information;
- Each custodian's work-related electronic calendars, hard-copy calendars, appointment books, and day planners;
- Contact information consistent with the ¶¶ V.E.2 and II.K of the ESI Protocol;

14

- Each custodian's travel logs and records, expense reports, and entertainment reports, except as such reports relate solely to personal travel or travel between Seaboard facilities or facilities owned by Triumph, STF, or any Seaboard affiliate;

- Telephone call bills and records for each custodian's long distance, local, and cellular lines to the extent those lines were used by the custodian for business purposes, except Seaboard reserves the right to redact reflecting contact information for family and friends not involved in the Pork industry;

- Documents relating to each custodian's Trade Association or industry group memberships and attendance at Trade Association, Industry Meeting, or Creditor Conference, to the extent those associations, industry groups, meetings, or conferences relate to the price or supply of Pork in the United States;

- Each custodian's current resume or CV, to the extent it exists and is in Seaboard's files; and

- Any transcripts or recordings of prior testimony by each custodian relating to the price or supply of Pork in the United States.

For avoidance of doubt, Seaboard's commitment is subject to General Objection No. 7 with respect to methodology and time.

**SUPPLEMENTAL RESPONSE:** Pursuant to counsel's letter dated June 10, 2019, Seaboard confirms the following:

- As to Request No. 5(b), Seaboard's offer of production includes all categories of information in this request;

15

- As to Request No. 5(e), Seaboard agrees to drop the phrase "relate to the price or supply of pork in the United States" from its offer of production;

- As to Request No. 5(g), Seaboard will not withhold any responsive transcripts based on the general objections; and

- As to Request No. 5(h), Seaboard confirms that "business contact information" includes phone numbers, email addresses, and social media user names used by a Document Custodian for business purposes.

**REQUEST NO. 6:** Copies of all Telephone Records in your possession, custody, or control, including Telephone Records of your main phone number(s), main fax number(s), and any phone number used as a switchboard for any of your relevant facilities such as your headquarters, administrative offices, Pork Farms, Pork Processing Facilities, and Pork sales offices.

**RESPONSE:** Seaboard incorporates its general objections herein by reference. Seaboard further objects that the term "any phone number used as a switchboard for any of your relevant facilities" is vague and ambiguous, and that the Request is overly broad, unduly burdensome and disproportionate to the needs of the case as it seeks "[a]ll Telephone Records" for over a decade. Plaintiffs' explanation in their March 15 Letter "that only the phone records related to the location of the document custodians are requested to the extent there is a switchboard or a main telephone number from which an executive at a Defendant company may make or receive calls" and that they "only request the records that are in Your possession, custody, or control" did not sufficiently limit Plaintiffs' Request. B. Clark March 15, 2019 letter.

16