# EXHIBIT G (EXCERPT)

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To: All Actions | No. 0:18-cv-01776-JRT-HB<br><br>**SMITHFIELD FOODS, INC.'S AMENDED RESPONSES AND OBJECTIONS TO ALL PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE PORK INTEGRATOR DEFENDANTS** |

Pursuant to Federal Rule of Civil Procedure 26 and 34 and the Local Rules of the United States District Court for the District of Minnesota, Defendant Smithfield Foods, Inc. ("Smithfield") provides the following Amended Responses and Objections to All Plaintiffs' First Set of Requests for Production to the Pork Integrator Defendants ("Requests").

## INTRODUCTORY STATEMENT

Smithfield serves these responses based upon the information reasonably available to it at this time, and its investigation is ongoing. Accordingly, Smithfield reserves the right to modify, amend, or supplement these responses as additional information becomes available through discovery and/or further investigation.

Smithfield's response to any Request is not an admission that it accepts or admits the existence of any fact set forth in or assumed by the Request or that the documents produced constitute admissible evidence. No response to any portion of any Request shall be deemed a waiver of any objection set forth herein that could be made to any such portion

of the case. Smithfield further objects that the Request is not limited to meetings that have any relevance to this case. Smithfield further objects to this Request to the extent it seeks the same level of discovery from Smithfield about communications with non-defendant Pork Integrators as it does about Smithfield's communications with Defendants.

Subject to and without waiver of its Scope Limitations and objections, Smithfield will conduct a reasonable search of its agreed or Court-ordered document custodians' files and other sources using a search methodology and produce any relevant, non-privileged documents responsive to this Request.

**REQUEST NO. 5:**

**For each Document Custodian, all:**

a) **electronic and hard copy diaries, calendars, appointment books or notes, notebooks, or to-do lists;**

b) **contact information maintained in electronic or hard copy format, for any Person who is or was: (i) an owner, employee, consultant, officer, board member, Representative, or agent of a Pork Integrator or Agri Stats; (ii) a Creditor Representative or Industry Analyst; (iii) an employee of a Trade Association; or (iv) an employee of any entity that falls within the definition of Industry Meeting.**

c) **trip and travel logs and records, expense reports, and entertainment reports, including any other supporting Documents;**

d) **bills, statements, records, and supporting Documents concerning local, long distance, and cellular telephone calls by such employees, including calls made**

**using telephones not paid for by You (such as home office, fax, and personal telephone numbers, personal cellphones, and temporary pay-as you go cellphones) if such telephones were used for business purposes;**

e) **Documents relating to membership in any Trade Association or industry group or attendance at any Trade Association, Industry Meeting or Creditor Conference, including announcements, membership lists, presentations (including speaker notes), agendas, minutes, notes, attendance lists, and correspondence;**

f) **a copy of the Person's most recently created resume or curriculum vitae (CV);**

g) **copies of any transcripts or recordings of prior testimony relating to Competitive Conditions in the market for Pork, such as testimony at a deposition, trial, or public hearing;**

h) **Documents sufficient to show the Document Custodian's complete contact information, including all phone numbers, social media user names or "handles," and email addresses used by such persons for any business purposes, even if only sparingly; and**

i) **Any severance agreements in connection with the Document Custodian ceasing employment or changing employment status with You (without time limitation).**

**RESPONSE TO REQUEST NO. 5:**

Smithfield invokes Scope Limitations 1-3 and 4 and its objections to the Definitions. Smithfield also objects to this Request on multiple grounds. First, any request for "All

16

Documents" is overly broad, unduly burdensome, and not proportional to the needs of the case. Second, Smithfield objects to parts (a), (c), and (d) on the grounds that they are not limited to relevant, business-related calendar entries, trips, calls, and to-do lists, and thus are overly broad, unduly burdensome, and not proportional to the needs of the case. Smithfield further objects to part (c) to the extent it seeks documents related to trips from one Smithfield office or facility to another because such documents are irrelevant. Third, Smithfield objects to part (b) to the extent it seeks something beyond contact information related to people in the pork industry that is contained in a document custodian's Outlook Contacts or hard-copy address book. Fourth, Smithfield objects to part (d) on the grounds that the request for documents related to home phone and fax numbers and purely personal cell phones is overly broad, unduly burdensome, and not proportional to the needs of the case, and on the grounds that part (d) seeks documents that are not within Smithfield's possession, custody, or control. Fifth, Smithfield objects to part (e) to the extent it seeks documents related to "membership in a Trade Association or industry group or attendance at any Trade Association, Industry Meeting or Creditor Conference" because such an overly broad request seeks documents that are irrelevant and not proportional to the needs of this case. Sixth, Smithfield objects to part (f) to the extent it seeks something other than resumes that already exist and are within Smithfield's possession, custody, or control. Seventh, Smithfield objects to part (g) to the extent that any prior testimony is irrelevant to the parties' claims and defenses in this case and to the extent that any protective order in a prior lawsuit would prevent the production of a document custodian's deposition transcript. Eighth, Smithfield objects to part (h) to the extent it purports to require the creation of a

17

document that does not exist. Ninth, Smithfield objects to part (i) on the grounds that it is not limited in time and seeks documents that are irrelevant.

Subject to and without waiver of its Scope Limitations and objections, Smithfield will conduct a reasonable search of its agreed or Court-ordered document custodians' files and other sources using a search methodology and produce relevant, non-privileged documents responsive to this Request that exist, relate to work use, are relevant to the parties' claims and defenses, are reasonably available, and are in Smithfield's possession, custody, or control.

**REQUEST NO. 6:**

**Copies of all Telephone Records in your possession, custody, or control, including Telephone Records of your main phone number(s), main fax number(s), and any phone number used as a switchboard for any of your relevant facilities such as your headquarters, administrative offices, Pork Farms, Pork Processing Facilities, and Pork sales offices**.

**RESPONSE TO REQUEST NO. 6:**

Smithfield invokes Scope Limitations 1-2 and its objections to the Definitions. Smithfield also objects to this Request on the grounds that a request for literally all phone records for all calls made to and from all facilities and all offices by all company employees for more than a decade is overly broad, unduly burdensome, and not proportional to the needs of the case. Such a request would capture documents that are irrelevant to the parties' claims and defenses. Smithfield understands this Request to be limited by Plaintiffs' explanations (a) "that only the phone records related to the location of the document

18