# EXHIBIT I (EXCERPT)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION*<br><br>This Document Relates To:  All Actions | Case No. 0:18-cv-01776-JRT-HB<br><br>**TYSON DEFENDANTS' AMENDED OBJECTIONS AND RESPONSES TO ALL PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE PORK INTEGRATOR DEFENDANTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34 (the "Federal Rules") and the

Local Rules of the United States District Court for the District of Minnesota (the "Local Rules"),

and based on the parties ongoing discussions, Defendants Tyson Foods, Inc., Tyson Prepared

Foods, Inc., and Tyson Fresh Meats, Inc. (collectively, "Tyson") hereby submit these amended

objections and responses to All Plaintiffs' First Set of Requests for Production of Documents to

the Pork Integrator Defendants (the "Requests"), dated November 1, 2018.

**PRELIMINARY STATEMENT**

The following responses are based upon the facts, documents, and information presently

known and available to Tyson based on a reasonable investigation. Discovery, investigation,

research, and analysis are ongoing, and may disclose the existence of additional responsive non-

privileged facts or documents, add meaning to known facts or documents, or lead to additions,

variations, or changes to these responses.

Tyson provides these responses even though it is not possible to respond completely or

reasonably estimate the burden or expense of the proposed discovery because, among other

1

**Response to Request No. 4:**

Tyson objects to this Request as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; 2) it is not proportional to the needs of this case; and 3) it seeks documents and communications that are not relevant to any claim or defense in this case, including, but not limited to, communications unrelated to producing or selling Pork, and thus the burden and expense of discovery outweighs its likely benefit. Tyson further incorporates its objection to the definition of "Pork Integrator."

Subject to the foregoing objections, Tyson responds as follows: Based on a reasonable search of the files of Tyson's agreed-upon custodians and non-custodial sources (which are still the subject of negotiations), Tyson will produce responsive, non-privileged documents and communications that are relevant to the parties' claims or defenses and proportional to the needs of the case. Tyson will produce these responsive, relevant, non-privileged documents according to any order of the Court or agreement of the Parties. Tyson will withhold documents, to the extent they exist, on the basis of Tyson's objections to this Request.

**Request No. 5:**

For each Document Custodian, all:

a. electronic and hard copy diaries, calendars, appointment books or notes, notebooks, or to-do lists;

b. contact information maintained in electronic or hard copy format, for any Person who is or was: (i) an owner, employee, consultant, officer, board Creditor Representative or Industry Analyst; (iii) an employee of a Trade Association; or (iv) an employee of any entity that falls within the definition of Industry Meeting.

c. trip and travel logs and records, expense reports, and entertainment reports, including any other supporting Documents;

d. bills, statements, records, and supporting Documents concerning local, long distance, and cellular telephone calls by such employees, including calls made using telephones not paid for by You (such as home office, fax, and personal telephone numbers,

14

personal cellphones, and temporary pay-asyougo cellphones) if such telephones were used for business purposes;

e.  Documents relating to membership in any Trade Association or industry group or attendance at any Trade Association, Industry Meeting or Creditor Conference, including announcements, membership lists, presentations (including speaker notes), agendas, minutes, notes, attendance lists, and correspondence;

f.  a copy of the Person's most recently created resume or curriculum vitae (CV);

g.  copies of any transcripts or recordings of prior testimony relating to Competitive Conditions in the market for Pork, such as testimony at a deposition, trial, or public hearing;

h.  Documents sufficient to show the Document Custodian's complete contact information, including all phone numbers, social media user names or "handles," and email addresses used by such persons for any business purposes, even if only sparingly; and

i.  Any severance agreements in connection with the Document Custodian ceasing employment or changing employment status with You (without time limitation).

**Response to Request No. 5:**

Tyson objects to this Request as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; 2) it is not proportional to the needs of this case; 3) it seeks documents that are not relevant to any claim or defense in this case, including, but not limited to, documents unrelated to producing or selling Pork, all diaries, calendars, appointment books or notes, notebooks, or to-do lists (regardless of whether they relate to communications with competitors), and every document relating to membership in trade associations, and thus the burden or expense of discovery outweighs its likely benefit; and 4) it seeks all severance agreements for Document Custodians, without time limitation. Tyson further objects to this Request 1) to the extent it seeks confidential business information or personal information of Tyson or third parties; 2) because it seeks documents that are within the possession, custody, or control of, or that are equally accessible to, the parties to the underlying litigation or other third parties, including, but not limited to, telephone records, transcripts of

15

public hearings, and trial transcripts; 3) because it seeks documents that are not in the possession, custody, or control of Tyson, including, but not limited to, a Person's resume or curriculum vitae and a Document Custodian's complete contact information; 4) to the extent it seeks documents and communications that are not kept in the ordinary course of business; and 5) because it seeks information protected by the attorney-client privilege, the work-product doctrine, joint-defense privilege or any other applicable privilege or protection recognized by any applicable law, including, but not limited to, appointment notes of meetings with Tyson's legal counsel.

Subject to the foregoing objections, Tyson responds as follows: Based on a reasonable search of the files of Tyson's agreed-upon custodians and non-custodial sources (which are still the subject of negotiations), Tyson will produce responsive, non-privileged documents that are relevant to the parties' claims or defenses and proportional to the needs of the case. Tyson will produce these responsive, relevant, non-privileged documents according to any order of the Court or agreement of the Parties. Tyson will withhold documents, to the extent they exist, on the basis of Tyson's objections to this Request.

**Request No. 6:**

Copies of all Telephone Records in your possession, custody, or control, including Telephone Records of your main phone number(s), main fax number(s), and any phone number used as a switchboard for any of your relevant facilities such as your headquarters, administrative offices, Pork Farms, Pork Processing Facilities, and Pork sales offices.

**Response to Request No. 6:**

Tyson objects to this Request as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; 2) it is not proportional to the needs of this case; and 3) it seeks documents that are not relevant to any claim or defense