# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To: ALL CASES | No. 0:18-cv-01776<br><br>Hon. John R. Tunheim<br>Magistrate Judge Hildy Bowbeer |

### [PROPOSED] ORDER GRANTING DISCOVERY UNDER THE CABLE ACT

WHEREAS, Class Plaintiffs have served subpoenas on telephone carriers seeking the production of documents relating to calls and text messages made to and from the entities named as Defendants in this matter and certain of their employees believed to have information relevant to this litigation;

WHEREAS, Class Plaintiffs anticipate that several of the telephone carriers subject to the subpoenas will respond that they provide telecommunications services via cable and thus are subject to the Cable Communications Policy Act of 1984, 47 U.S.C. § 551 (the "Cable Act"); and

Now, therefore, it is hereby ORDERED that:

1.    any subpoena issued in this case to a cable operator as that term is defined by the Cable Act seeking production of documents that reflect, in whole or in part, the date, time, originating telephone number, destination telephone number, and duration of any phone calls, faxes, text messages, or other communications shall be deemed an appropriate court order under § 551(c)(2)(B) of the Cable Act;

555380.1

2. any entity that has been served with such a subpoena shall be deemed to have been served with a court order under the Cable Act for purposes of complying with § 551(c)(2)(B);

3. before complying with such a subpoena, any entity that is subject to the Cable Act shall first comply with the provisions of the Cable Act that direct the entity to provide subscribers notice and an opportunity to object to production of the records; and

4. this Order does not waive or limit any party's rights to object to a subpoena on any grounds other than satisfaction of § 551(c)(2)(B) of the Cable Act, nor does it waive or limit any party's right to enforce the subpoena or to challenge any party's assertion that it is subject to the Cable Act.


Dated: _____, 2020     _____
                                     HON. HILDY BOWBEER, U.S.M.J.