# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 0:18-cv-01776-JRT-HB<br><br>**RULE 26(f) REPORT** |
| COMMONWEALTH OF PUERTO RICO,<br><br>        Plaintiff,<br><br>    v.<br><br>AGRI STATS, INC., et al.<br><br>        Defendants. | No. 0:19-cv-02723-JRT-HB<br><br>Master Case No. 0:18-cv-01776-JRT-HB |
| WINN-DIXIE STORES, INC. AND BI-LO HOLDINGS, LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>AGRI STATS, INC., et al.<br><br>        Defendants. | No. 0:19-cv-01578-JRT-HB<br><br>Master Case No. 0:18-cv-01776-JRT-HB |

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on November 20, 2020, engaged in extensive follow-up communications, and prepared the following report. The provisions and deadlines set forth

herein shall apply to the current parties in the above-captioned cases and to all parties in any related actions that may later be consolidated with the above-captioned cases.

The initial pretrial conference in this matter is scheduled for December 18, 2020, at 3:00 PM, before United States Magistrate Judge Bowbeer, via Zoom.

## A.   DESCRIPTION OF CASE

1.   **Concise factual summary of Plaintiffs' claims**:  Plaintiffs[1] allege that beginning at least as early as  2009, pork producers engaged in a conspiracy to fix, raise, and stabilize the prices of pork products in the United States, including by coordinating efforts to artificially reduce and stabilize the supply of pork, knowing that those supply reductions would increase prices. Defendants coordinated their supply reductions and committed acts in furtherance of the conspiracy through various acts including sharing confidential production and pricing information with one another through Agri Stats, an information sharing service. As a result, since 2009 pork prices have been artificially inflated.

2.   **Concise factual summary of Defendants' claims/defenses**:

Defendants deny Plaintiffs' allegations of a conspiracy.  The pork industry in the United States is and has been highly competitive and consists of multiple different companies operating at various levels of a multi-tiered supply chain.  Hog producers and pork processors (including the hundreds of pork industry participants that Plaintiffs did not

---

[1] Direct Purchaser Plaintiffs, Consumer Indirect Purchaser Plaintiffs, Commercial and Institutional Indirect Purchaser Plaintiffs (together "Class Plaintiffs"), the Commonwealth of Puerto Rico ("Puerto Rico") and Direct Action Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC ("Winn-Dixie").

sue) compete for a wide variety of customers daily on price, quality, and service, among other metrics. Hogs and pork are sold pursuant to a wide range of contracts with different pricing formulas that are individually negotiated between sellers and their customers. The price of hogs and pork is also affected by a number of factors including weather, hog diseases in the US and abroad, foreign demand, international trade disputes, feed prices (e.g., corn), the cost of diesel fuel, labor shortages, and seasonality. In addition, Defendants note that (1) hog and pork production increased dramatically (to all-time highs) during Plaintiffs' purported conspiracy to reduce supply, (2) Defendants undertook *different* actions with respect to hog production, hog procurement, and pork processing during the alleged conspiracy, (3) hog and pork prices fluctuated wildly during the 2008-2018 time frame, (4) Defendants who increased their exports did so for independent, profit-maximizing reasons, including the ability to earn higher margins by selling pork into high-demand foreign markets,[2] and (5) Plaintiffs' own analysis demonstrates no "break" in pork pricing until several years after the introduction of Agri Stats. Finally, Defendants note that the statute of limitations bars Plaintiffs' claims for damages outside the June 30, 2014-June 30, 2018 time frame.

3.      **Statement of jurisdiction (including statutory citations)**:  The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1337, and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26. Venue is appropriate in this District under Sections 4, 12, and 16 of the Clayton Act, 15 U.S.C. §§ 15, 22 and 26 and 28 U.S.C. § 1391(b), (c)

---

[2] Moreover, the rate of increase in exports dropped throughout the supposed conspiracy to reduce domestic supply and raise domestic prices.

and (d), because one or more Defendants resided or transacted business in this District, is licensed to do business or is doing business in this District, and because a substantial portion of the affected interstate commerce described herein was carried out in this District.

4. **Summary of factual stipulations or agreements:**  The parties have not entered into any factual stipulations or agreements at this time.

5. **Statement of whether jury trial has been timely demanded by any party:** Plaintiffs have demanded a jury trial on all issues so triable.

6. **If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect:** Not applicable.

B. **PLEADINGS**

**Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action:**  All process has been served, and all pleadings have been filed or will be filed as of the date of the Rule 16 conference.  No party has an immediate plan to amend pleadings or add additional parties.  However, Plaintiffs reserve the right to do so based on additional facts, events, or as otherwise permitted under the Federal Rules of Civil Procedure.

C. **FACT DISCOVERY**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. **The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before:** The Class Plaintiffs and Defendants previously made initial

disclosures required by Rule 26(a)(1). The Winn-Dixie Plaintiffs and Puerto Rico have not yet served their initial disclosures.   On or before December 22, 2020, those opt-out Plaintiffs shall serve their custodian lists, their Rule 26(a)(1) initial disclosures, and the additional disclosures required by the Court's Order on the Disclosure of Information (Dkt. 290).

2.      **The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by:** Not applicable.

3.      **The parties must commence fact discovery procedures in time to be completed by:** Substantial completion of document productions by September 1, 2021 and close of fact discovery by **January 14, 2022 (Defendants' Proposal) or September 1, 2022 (Plaintiffs' Proposal).**

4.      **The parties propose that the Court limit the use and number of discovery procedures as follows:**

(A) **Interrogatories:** The counting of the number of interrogatories shall be governed by Fed. R. Civ. P. 33(a)(1).

i.   **Plaintiffs**: All Plaintiffs may jointly serve 25 interrogatories on each Defendant family.[3]   In addition, each Plaintiff Class (DPPs, EUCPs, and CIIPPs), and Direct Action Plaintiffs as a group, shall separately have 5 interrogatories they may serve on each Defendant family. Plaintiffs will

---

[3] A "defendant family" is as defined in Appendix A, attached hereto.

coordinate efforts to avoid serving duplicative or unduly burdensome interrogatories.

ii. **Defendants**: Defendants may jointly serve 25 interrogatories on each of the named DPPs, CIIPPs, IPPs, and Direct Action Plaintiffs. Defendants will coordinate efforts to avoid serving duplicative or unduly burdensome interrogatories.

**(B) Rule 34 Document Requests**: Consistent with Federal Rule of Civil Procedure 34, there shall be no limits on the number of requests to produce the parties may serve. The parties may propound only a reasonable and appropriate number of requests for production. The parties will serve requests for production at least 60 days prior to the close of fact discovery. Plaintiffs may jointly serve requests on each Defendant family. Defendants may jointly serve requests to produce on each of the Named Plaintiffs in the DPP, CIIPP, and IPP cases, and on each Direct Action Plaintiff.

**(C) Depositions:** Plaintiffs may collectively depose up to 10 percipient witnesses per Defendant family pursuant to Federal Rule of Civil Procedure 30(b)(1). Percipient witnesses shall include Defendants' current employees, as well as former employees where the Defendant makes the witness available for deposition. Depositions of third parties that are not part of any Defendant family, depositions of former employees who the Defendant does not make available for deposition, and depositions of experts will not count toward the per-Defendant family percipient witness limits.

If any individuals have been employed by more than one Defendant, they may be deposed only once and shall not be counted twice for purposes of the previous paragraph. If Defendants are aware of any individual noticed for deposition who has been employed by more than one Defendant, and Plaintiffs have not expressed their knowledge of this fact, Defendants shall make this fact known upon receipt of a deposition notice for such individual. In accordance with Federal Rule of Civil Procedure 30(d), depositions shall be limited to 7 hours each, except upon agreement of the witness or the party producing the witness. However, the parties will confer in advance with respect to the timing of conducting such depositions.

Plaintiffs may notice one Rule 30(b)(6) deposition on each Defendant family. In the event that any percipient witness who has received a deposition notice also is likely to be designated as a Rule 30(b)(6) representative, or in the event that any Rule 30(b)(6) designee also is likely to be deposed in his or her individual capacity, the parties will use their best efforts to coordinate so as to avoid multiple depositions of the same witness, however, Plaintiffs shall not be forced to prematurely engage in Rule 30(b)(6) depositions, or notice topics for such depositions, before they determine it is most efficient to do so. Rule 30(b)(6) depositions will be limited to a total of 10 hours per Defendant family (but not exceeding 7 hours in a single day, absent agreement of the parties) and shall count as a single deposition.

Defendants may collectively depose up to 2 percipient witnesses per corporate CIIP Plaintiff, 3 percipient witnesses per corporate DPP Plaintiff and up to 5 percipient witnesses per Direct Action Plaintiff pursuant to Federal Rule of Civil Procedure 30(b)(1) and one deposition of each individual Plaintiff. Percipient witnesses shall include corporate Plaintiffs' current employees, as well as former employees where the corporate Plaintiff makes the witness available for deposition.  Depositions of third parties that are not part of any corporate Plaintiff, depositions of former employees who the corporate Plaintiff does not make available for deposition, and depositions of experts will not count toward the per-Plaintiff percipient witness limits.

If any individuals have been employed by more than one corporate Plaintiff, they may be deposed only once and shall not be counted twice for purposes of the previous paragraph.  If corporate Plaintiffs are aware of any individual noticed for deposition who has been employed by more than one corporate Plaintiff, and Defendants have not expressed their knowledge of this fact, corporate Plaintiffs shall make this fact known upon receipt of a deposition notice for such individual. In accordance with Federal Rule of Civil Procedure 30(d), depositions shall be limited to 7 hours each, except upon agreement of the witness or the party producing the witness. However, the parties will confer in advance with respect to the timing of conducting such depositions.

Defendants may notice one Rule 30(b)(6) deposition on each corporate Plaintiff.  In the event that any percipient witness who has received a deposition notice also is likely to be designated as a Rule 30(b)(6) representative, or in the event that any Rule 30(b)(6) designee also is likely to be deposed in his or her individual capacity, the parties will use their best efforts to coordinate so as to avoid multiple depositions of the same witness.  However, Defendants shall not be forced to prematurely engage in Rule 30(b)(6) depositions, or notice topics for such depositions, before they determine it is most efficient to do so. Rule 30(b)(6) depositions will be limited to a total of 7 hours per Plaintiff and shall count as a single deposition.

Depositions shall be limited to 7 hours each, except upon agreement of the witness or the party producing the witness.  The parties may agree to modify this provision by agreement or for good cause shown.

With respect to non-party depositions, the cross-noticing of a deposition by a party other than the first noticing party will not reduce the time available for the taking of such a deposition by the noticing party.  However, the parties will confer with each other in advance with respect to the timing of conducting such depositions.

**(D) Requests for Admissions:** The parties will meet and confer in good faith to determine if a stipulation can be agreed to concerning various evidentiary issues addressed in the Federal Rules of Evidence ("FRE"), including authenticity (FRE 902 & 903), duplicates (FRE 1001(4) & 1003), the requirement for a

sponsoring witness to establish authenticity or best evidence, and status of a document as a business record (FRE 803(6)).  To assist the parties in resolving such evidentiary issues via stipulation rather than serving requests for admission, the presumption by the Court is that a document is authentic if it was produced from a party's files, unless a party makes a showing of good cause to the contrary.  For any documents for which the parties cannot agree upon a stipulation, a party may serve, without limitation, any necessary requests for admission to address any potential evidentiary objections.

With respect to non-evidentiary issues set forth in the paragraph above, Plaintiffs may jointly serve 75 requests for admission on each Defendant family, and Defendants may jointly serve 75 requests for admission on each Named Plaintiff in the DPP, CIIPP, and IPP cases, and on each Direct Action Plaintiff.

**(E) Third-Party Discovery:**  Plaintiffs and Defendants further agree to give each side notice, 3 business days in advance, of the issuance of a third party subpoena and to exchange all third party productions within 14 days of receipt of the productions or at least 14 days before the deposition of the producing third party, whichever is earlier.

## D.   **EXPERT DISCOVERY**

1.     The parties anticipate that they **will** require experts at the time of class certification and trial.

(a)      Plaintiffs anticipate requiring expert witnesses in connection with issues relating to class certification, liability, and damages, but have not yet determined how many such experts they will require.

(b)      Defendants anticipate calling expert witnesses in connection with issues relating to class certification, liability, and damages, but have not yet determined how many such experts they will require.

2.      The parties provide a proposed schedule for expert discovery below.

## E.   OTHER DISCOVERY ISSUES

1.      **Protective Order**. A stipulated Protective Order was previously entered in the case at ECF No. 212.

2.      **Discovery of Electronically Stored Information.** These matters are addressed in the ESI Order previously entered in the case at ECF No. 292.

3.      **Claims of Privilege or Protection**. These matters are addressed in the Protective Order previously entered in the case at ECF No. 212.

4.      **Filing of Discovery Motions.** The default position is that discovery disputes must be resolved through formal motion practice under Local Rule 7.1.  However, on a case-by-case basis, the parties will meet and confer on whether a particular discovery dispute is suitable for the Court's informal resolution process.

## F.   PROPOSED MOTION (AND EXPERT) SCHEDULE

1.      With respect to a schedule relating to motions and other discovery deadlines, the parties submitted a stipulated schedule that was entered by the Court on November 12, 2020, at ECF No. 532.  A further schedule providing for dates beyond the substantial

completion of document and structured data production on September 1, 2021, is provided

below:

| Event | Plaintiffs' Deadline | Defendants' Deadline |
|---|---|---|
| Substantial completion of document productions by the Parties. | September 1, 2021 | September 1, 2021 |
| Service of third-party subpoenas. | 45 days prior to close of fact discovery | 45 days prior to close of fact discovery |
| Completion of fact discovery and deadline to file and serve non-dispositive motions related to fact discovery. | September 1, 2022 (12 months after substantial completion of document productions by Defendants) | January 14, 2022 |
| Plaintiffs file and serve their motions for class certification and related expert reports.[4] | February 7, 2022. | January 14, 2022 |
| Deadline by which Defendants will depose Plaintiffs' class certification experts. | See above edit to footnote 1 [Deposition of experts for class certification purposes shall occur on mutually convenient dates starting 14 days after production of the back-up materials making up the expert report]. | March 15, 2022 |
| Defendants file and serve their response to motions for class certification, including any related expert reports | April 8, 2022 (Sixty days after Plaintiffs file their class certification motion). | April 15, 2022 |

---

[4] All expert material relied upon in any expert report, including backup data, shall be produced no later than three business days after service of the expert report. Deposition of experts for class certification purposes shall occur on mutually convenient dates starting 14 days after production of the back-up materials making up the expert report.

| Event | Plaintiffs' Deadline | Defendants' Deadline |
|---|---|---|
| Deadline by which Plaintiffs will depose Defendants' class certification experts. | See above edit to footnote 1 [Deposition of experts for class certification purposes shall occur on mutually convenient dates starting 14 days after production of the back-up materials making up the expert report]. | May 15, 2022 |
| Plaintiffs file and serve their reply brief and any reply expert reports. Rebuttal reports (if any) and reply briefs shall be limited to genuine rebuttal material, and shall not address matters that properly should have been addressed in an opening report/brief. | June 7, 2022 (Sixty days after Defendants file their response to Plaintiffs' motion for class certification). | June 15, 2022 |
| Deadline by which Defendants will depose Plaintiffs' class certification experts regarding reply reports. | See above edit to footnote 1 [Deposition of experts for class certification purposes shall occur on mutually convenient dates starting 14 days after production of the back-up materials making up the expert report]. | July 15, 2022 |
| Defendants file and serve any motion concerning Plaintiffs' class certification experts pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) (hereinafter, "*Daubert*") | April 8, 2022 (Sixty days after Plaintiffs file their class certification motion). | August 15, 2022 |

| Event | Plaintiffs' Deadline | Defendants' Deadline |
|---|---|---|
| Plaintiffs file and serve any motion concerning Defendants' class certification experts pursuant to *Daubert* and a response to any *Daubert* motion by Defendant__. Rebuttal reports (if any) and reply briefs shall be limited to genuine rebuttal material, and shall not address matters that properly should have been addressed in an opening report/brief | June 7, 2022 (Sixty days after Defendants file their response to Plaintiffs' motion for class certification). | |
| Defendants file response to any *Daubert* motion by Plaintiffs, and any reply briefs related to *Daubert* motions | July 22, 2022 (Forty-five days after Plaintiffs file their *Daubert* motions). | October 15, 2022 |
| Plaintiffs will file any reply briefs related to *Daubert* motions. | August 22, 2022 (Thirty days after Defendants file their response to any *Daubert* motion). | November 15, 2022 |
| Filing of supplemental expert reports. | Shall be governed by Federal Rules of Civil Procedure 26(a)(2)(E) and 26(e). Parties may seek leave to submit such reports. | Shall be governed by Federal Rules of Civil Procedure 26(a)(2)(E) and 26(e). Parties may seek leave to submit such reports. |
| Identification of any initial expert who may testify at trial regarding issues on which the party has the burden of persuasion and disclosure of that expert's report in accordance with Federal Rule of Civil Procedure 26(a)(2)(B). | 30 days after the Eighth Circuit's ruling on any 23(f) Petition and a final decision on any eventual appeal of a class certification ruling. | 60 days after the Eighth Circuit's ruling on any 23(f) Petition and a final decision on any eventual appeal of a class certification ruling. |

| Event | Plaintiffs' Deadline | Defendants' Deadline |
|---|---|---|
| Identification of any experts who may testify in rebuttal to any initial expert and disclosure of the rebuttal expert's report in accordance with Federal Rule of Civil Procedure 26(a)(2)(B). | 60 days after service of the initial expert report. | 75 days after service of initial expert reports (consistent with class schedule). |

        **(a)**       **Plaintiffs' Proposed Deadlines:**

Plaintiffs propose a schedule centered on a fact discovery deadline of September 1, 2022—which is twelve months after the previously-agreed-upon deadline for substantial completion of document productions. Plaintiffs chose this twelve-month deadline based largely on our experience in *In re Broiler Chicken Antitrust Litig.*, (N.D. Ill. Case No. 1:16-cv-08637). Plaintiffs believe Defendants' January 14, 2022 proposal for the close of fact discovery is simply not feasible, particularly since the parties will not receive privilege logs until 60 days after substantial completion of document productions, i.e., on November 1, 2021. *See* Protective Order (ECF No. 212) at p. 20. Defendants' schedule does not take into account the approximately 100 depositions (or more) Plaintiffs anticipate conducting in this case. For example, Defendants' schedule would leave less than 50 business days between November 1, 2021 and January 14, 2022 (the busiest time of the year for many) to conduct these 100+ depositions. This would not include any time needed to resolve issues regarding the privilege logs before depositions begin (i.e., if we conservatively estimated three weeks to resolve such issues, Plaintiffs would need to conduct three

depositions per day between November 21, 2021 and January 14, 2022 assuming no time off for the holidays).

The other deadlines proposed by Plaintiffs are based on our experiences and entered schedules in similar antitrust cases—particularly *In re Broiler Chicken.* Of note, Plaintiffs propose a deadline of February 7, 2022 for filing and serving class certification. Plaintiffs see no reason to wait until fact discovery closes to file such a motion. Plaintiffs also propose a streamlined *Daubert* briefing schedule, which would follow the deadlines proposed for class certification.

### (b)    Defendants' Proposed Deadlines:

Defendants' schedule imposes a logical sequence – (1) completion of fact discovery; (2) class-certification briefing and experts; and (3) *Daubert* motions. The sequence is shown in the following diagram:



The Court should adopt this sequence for two main reasons.  First, fact discovery should be completed (or nearly completed) before the class stage because the Court must

conduct a "rigorous analysis" of the facts to assess how a trial would unfold and whether the case meets the Rule 23 requirements. *Elizabeth M. v. Montenez*, 458 F.3d 779, 783 (8th Cir. 2006) (quoting *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147 (1982)) (vacating lower court's class certification order and holding that district courts must "conduct a 'rigorous analysis' to ensure that the prerequisites of Rule 23 are satisfied"); *see also Keech v. Sanimax USA, LLC*, No. CV 18-683 (JRT/HB), 2019 WL 79005, at *2 (D. Minn. Jan. 2, 2019) ("At this time, the Court is unable to conduct this rigorous analysis . . . . Fact discovery is necessary to determine whether the Rule 23 requirements can be satisfied, and the Court will exercise its broad discretion to allow discovery to proceed."); *Sandusky Wellness Ctr. LLC v. Medtox Sci., Inc.*, No. CIV. 12-2066 DSD/SER, 2013 WL 951143, at *2 (D. Minn. Mar. 12, 2013) ("Although the court is uncertain as to whether class certification will ultimately be proper, such a determination can only be made after discovery and briefing."). By requiring the completion of fact discovery first, defendants' schedule ensures that the parties' class briefs and expert reports, as well as the Court's class-certification decision, will be based on a fully developed factual record.[5] Plaintiffs' schedule, on the other hand, improperly encourages premature analysis based on briefs and expert reports that will be submitted months before fact discovery is complete and risks significant prejudice to Defendants by forcing briefs to be submitted based on a shifting factual record.

---

[5] Related to this, Plaintiffs' discovery schedule is also far too long as they *seek a full year of fact discovery after document productions are substantially complete.* Plaintiffs claim they need this period for depositions, but there is no apparent reason they cannot complete depositions under the schedule proposed by Defendants.

Second, Defendants' schedule ensures that all *Daubert* motions are filed after all class proceedings (briefs, expert reports, and expert depositions) are completed. This also makes logical sense. In deciding a *Daubert* motion, the Court will consider an expert's qualifications and whether his or her methodology is reliable and fits the facts of the case. *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757-58 (8th Cir. 2006). Thus, a *Daubert* motion should be filed only after an expert has submitted all expected reports, after the expert has been deposed on those reports, and after all class briefs have been filed. Only after all of those steps have been completed would an opponent know the full extent of an expert's opinions, the basis for those opinions, and whether those opinions fit the theory of the case advocated in the parties' briefs. Defendants' schedule ensures that *Daubert* motions are filed in an efficient manner. In contrast, Plaintiffs' schedule is inefficient and prejudicial as it would require Defendants to file *Daubert* motions when an expert's work is still a moving target, with more expert reports and class briefing on the horizon, and possibly require a second round of briefing after rebuttal reports are served. It is also fundamentally unfair as it would give Plaintiffs the enormous tactical advantage of seeing any *Daubert* motions before their experts' rebuttal reports are due and apparently trying to insulate their subsequent rebuttal reports from any *Daubert* challenge.

### G.  **TRIAL-READY DATE**

The parties agree that they cannot guess at a trial-ready date for any of these cases at this stage. The parties propose a status conference within 30 days after a class-certification ruling becomes final to discuss deadlines for dispositive motions and pretrial filings and a trial-ready date.

**H.**   **INSURANCE CARRIERS/INDEMNITORS**

**List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.**  Not applicable.

**I.**   **SETTLEMENT**

1.     The parties do not believe the assistance of the Court is required at this time.

**J.**   **TRIAL BY MAGISTRATE JUDGE**

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

Dated:  December 11, 2020

/s/ Bobby Pouya
Bobby Pouya (Pro Hac Vice)
Clifford H. Pearson (Pro Hac Vice)
Daniel L. Warshaw (Pro Hac Vice)
Michael H. Pearson (Pro Hac Vice)
PEARSON SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 92403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
cpearson@pswlaw.com
dwarshaw@pswlaw.com
bpouya@pswlaw.com
mpearson@pswlaw.com

Melissa S. Weiner (MN #0387900)
Joseph C. Bourne (MN #0389922)
PEARSON, SIMON & WARSHAW, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610
mweiner@pswlaw.com
jbourne@pswlaw.com

Bruce L. Simon (Pro Hac Vice)
PEARSON, SIMON & WARSHAW, LLP
350 Sansome Street, Suite 680
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com

/s/ Arielle S. Wagner
Arielle S. Wagner (MN #0398332)
W. Joseph Bruckner (MN #0147758)
Brian D. Clark (MN #0390069)
Craig S. Davis (MN #0148192)
Simeon A. Morbey (MN #0391338)
Stephen M. Owen (MN # 0399370)
Stephanie A. Chen (MN #0400032)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
aswagner@locklaw.com
wjbruckner@locklaw.com
csdavis@locklaw.com
bdclark@locklaw.com
samorbey@locklaw.com
smowen@locklaw.com
sachen@locklaw.com

*Co-Lead Class Counsel for Direct Purchaser Plaintiffs*

_/s/_ Shana E. Scarlett
Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Steve. W. Berman
Breanna Van Engelen
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

_/s/_ Daniel E. Gustafson
Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
Michelle J. Looby (#388166)
Britany N. Resch (#0397656)
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
bresch@gustafsongluek.com

***Co-Lead Counsel for Consumer Indirect
Purchaser Plaintiffs***

_/s/_ Shawn M. Raiter
Shawn M. Raiter (MN# 240424)
LARSON • KING, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6518
sraiter@larsonking.com

Jonathan W. Cuneo
Joel Davidow
Blaine Finley
Yifei "Evelyn" Li
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
bfinley@cuneolaw.com
evelyn@cunelolaw.com

***Co-Lead Counsel for Commercial and
Institutional Indirect Purchaser Plaintiffs***

/s/ Kyle G. Bates
Kyle G. Bates (USDCPR-306412)
Todd M. Schneider
Matthew S. Weiler
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell St., Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
kbates@schneiderwallace.com
tschneider@schneiderwallace.com
mweiler@schneiderwallace.com

Peter B. Schneider
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
3700 Buffalo Speedway, Suite 300
Houston, Texas 77098
Telephone: (713) 338-2560
Facsimile: (415) 421-7105
pschneider@schneiderwallace.com

Ines Carrau Martinez
Attorney General

Johan M. Rosa Rodríguez
PR Bar No. 16819
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 2600, 2601
Fax: (787) 721-3223
jorosa@justicia.pr.gov

**Counsel for the Commonwealth of
Puerto Rico**

/s/ Patrick J. Ahern
Patrick J. Ahern
AHERN AND ASSOCIATES, P.C.
Willoughby Tower
8 South Michigan Ave., Suite 3600
Chicago, IL 60603
Telephone: (312) 404-3760
patrick.ahern@ahernandassociatespc.com

**Counsel for Direct Action Plaintiffs
Winn-Dixie Stores, Inc. and Bi-Lo
Holdings, LLC**

/s/ Daniel Laytin
Mark L. Johnson (#0345520)
Virginia R. McCalmont (#0399496)
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
(612) 373-0830
mjohnson@greeneespel.com
vmccalmont@greeneespel.com

Daniel Laytin, P.C. (*pro hac vice*)
Christa Cottrell, P.C. (*pro hac vice*)
Christina Briesacher (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 861-2000
daniel.laytin@kirkland.com
christa.cottrell@kirkland.com
christina.briesacher@kirkland.com

**Counsel for Clemens Food Group, LLC
and The Clemens Family Corporation**

/s/ Richard A. Duncan
Richard A. Duncan (#0192983)
Aaron D. Van Oort (#0315539)
Craig S. Coleman (#0325491)
Emily E. Chow (#0388239)
Isaac B. Hall (#0395398)
Bryan K. Washburn (#0397733)
FAEGRE DRINKER BIDDLE &
REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000
richard.duncan@faegredrinker.com
aaron.vanoort@faegredrinker.com
craig.coleman@faegredrinker.com
emily.chow@faegredrinker.com
isaac.hall@faegredrinker.com
bryan.washburn@faegredrinker.com

**Counsel for Hormel Foods Corporation
and Hormel Foods, LLC**

/s/ Sami H. Rashid
Donald G. Heeman (#0286023)
Jessica J. Nelson (#0347358)
Randi J. Winter (#0391354)
SPENCER FANE LLP
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 268-7000
dheeman@spencerfane.com
jnelson@spencerfane.com
rwinter@spencerfane.com

Stephen R. Neuwirth (*pro hac vice*)
Michael B. Carlinsky (*pro hac vice*)
Sami H. Rashid (*pro hac vice*)
Richard T. Vagas (*pro hac vice*)
David B. Adler (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
stephenneuwirth@quinnemanuel.com
michaelcarlinsky@quinnemanuel.com
samirashid@quinnemanuel.com
richardvagas@quinnemanuel.com
davidadler@quinnemanuel.com

**Counsel for JBS USA Food Company**

/s/ William L. Greene
William L. Greene (#0198730)
Peter J. Schwingler (#0388909)
Jon M. Woodruff (#0399453)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
john.woodruff@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

**Counsel for Seaboard Foods LLC and
Seaboard Corporation**

/s/ Brian Robison
John A. Cotter (#0134296)
John A. Kvinge (#0392303)
LARKIN HOFFMAN DALY &
LINDGREN LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55427-1060
(952) 835-3800
jcotter@larkinhoffman.com
jkvinge@larkinhoffman.com

Richard Parker (*pro hac vice*)
Josh Lipton (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
rparker@gibsondunn.com
jlipton@gibsondunn.com

Brian Robison (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-6912
(214) 698-3370
brobison@gibsondunn.com

**Counsel for Smithfield Foods, Inc.**

/s/ Gene Summerlin
Gene Summerlin (*pro hac vice*)
Aaron Chapin (#06292540)
Marnie Jensen (*pro hac vice*)
Ryann Glenn (*pro hac vice*)
Kamron Hasan (*pro hac vice*)
Sierra Faler (*pro hac vice*)
HUSCH BLACKWELL LLP
13330 California St., Suite 200
Omaha, NE 68154
(402) 964-5000
gene.summerlin@huschblackwell.com
marnie.jensen@huschblackwell.com
ryann.glenn@huschblackwell.com
kamron.hasan@huschblackwell.com
sierra.faler@huschblackwell.com

**Counsel for Triumph Foods, LLC**

*/s/* Tiffany Rider Rohrbaugh
David P. Graham (#0185462)
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 486-1521
dgraham@dykema.com

Rachel J. Adcox (*pro hac vice*)
Tiffany Rider Rohrbaugh (*pro hac vice*)
AXINN, VELTROP &
HARKRIDER LLP
950 F Street, N.W.
Washington, D.C. 20004
(202) 912-4700
radcox@axinn.com
trider@axinn.com

**Counsel for Tyson Foods, Inc., Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc.**

*/s/* William L. Monts
Peter H. Walsh (#0388672)
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
T. (612) 402-3000
F. (612) 402-3001
peter.walsh@hoganlovells.com

William L. Monts (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

**Counsel for Agri Stats, Inc.**

**APPENDIX A**

1.      Agri Stats shall mean Agri Stats, Inc.

2.      Clemens Family shall mean Clemens Food Group, LLC and The Clemens Family Corporation.

3.      Hormel Family shall mean Hormel Foods Corporation and Hormel Foods, LLC.

4.      JBS shall mean JBS USA Food Company.

5.      Seaboard Family shall mean Seaboard Foods LLC and Seaboard Corporation.

6.      Smithfield shall mean Smithfield Foods, Inc.

7.      Triumph shall mean Triumph Foods, LLC.

8.      Tyson Family shall mean Tyson Foods, Inc., Tyson Prepared Foods, Inc., and Tyson Fresh Meats, Inc.