## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **In re Pork Antitrust Litigation** | Case No. 18-cv-01776-JRT-HB |
| This Document Relates To: | |
| All Consumer Indirect Purchaser Actions | |

## DEFENDANTS HORMEL FOODS CORPORATION'S ANSWER TO PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendants Hormel Foods Corporation ("Hormel Foods") hereby answers the Consumer Indirect Purchaser Plaintiffs' Second Amended Consolidated Class Action Complaint ("Complaint")[1] as follows:

## I.       NATURE OF ACTION

1.      In response to the allegations set forth in paragraph 1, Hormel Foods specifically denies that it participated in the alleged conspiracy;  and further denies any implication that Hormel Foods received any sensitive information regarding individual companies. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1, and therefore denies them.

2.      In response to the allegations set forth in paragraph 2, Hormel Foods specifically denies that it participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining

---

[1] In order to avoid filing this Answer under seal due to the presence of material designated Highly Confidential in Plaintiffs' Complaint, Hormel Foods has omitted the Complaint's allegations prior to their responses.

allegations in paragraph 2, and therefore denies them.

3.      Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3, and therefore denies them.

4.      In response to the allegations set forth in paragraph 4, Hormel Foods admits only that, at various times during the period from January 1, 2009 to June 30, 2018, Hormel Foods Corporation subscribed to certain Agri Stats swine reports. Hormel Foods never subscribed to Agri Stats' Swine Sales reports. Hormel Foods denies that Agri Stats reports are unlawful and that any of the information provided by Agri Stats was current or forward-looking and further denies any implication that Hormel Foods received any sensitive information regarding individual companies. Hormel Foods denies all remaining allegations set forth in paragraph 4.

5.      In response to the allegations set forth in paragraph 5, Hormel Foods admits only that, at various times during the period from January 1, 2009 to June 30, 2018, Hormel Foods Corporation subscribed to certain Agri Stats swine reports. Hormel Foods never subscribed to Agri Stats' Swine Sales reports. Hormel Foods specifically denies that it participated in the alleged conspiracy; denies that Agri Stats reports are unlawful and that any of the information provided by Agri Stats was current or forward-looking and further denies any implication that Hormel Foods received any sensitive information regarding individual companies. Hormel Foods denies all remaining allegations set forth in paragraph 5.

6.      Hormel Foods denies the allegations set forth in paragraph 6.

7.      In response to the allegations set forth in paragraph 7, Hormel Foods admits

US.130404977.09

only that, *Todd v. Exxon Corp.*, 275 F.3d 191 (2d Cir. 2001), contains the language selectively excerpted, and that, at various times during the period from January 1, 2009 to June 30, 2018, Hormel Foods Corporation subscribed to certain Agri Stats swine reports. Hormel Foods never subscribed to Agri Stats' Swine Sales reports. Hormel Foods specifically denies that it participated in the alleged conspiracy; denies that Agri Stats reports are unlawful and that any of the information provided by Agri Stats was current or forward-looking and further denies any implication that Hormel Foods received any sensitive information regarding individual companies. Hormel Foods denies all remaining allegations set forth in paragraph 7.

8.     Hormel Foods denies the allegations set forth in paragraph 8.

9.     Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9, which purport to be based upon an analysis that Hormel Foods has not had access to, and therefore denies them.

10.    In response to the allegations set forth in paragraph 10, the allegations are legal conclusions to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

11.    In response to the allegations set forth in paragraph 11, Hormel Foods specifically denies that it participated in the alleged conspiracy; denies that Agri Stats reports are unlawful and that any of the information provided by Agri Stats was current or forward-looking; and further denies any implication that Hormel Foods received any sensitive information regarding individual companies. Paragraph 11 contains only conclusions of law to which no response is required. To the extent that a response is

3

required, Hormel Foods denies  the allegations.

12.     Hormel Foods denies the allegations set forth in paragraph 12.

13.     Hormel Foods denies the allegations set forth in paragraph 13.

## II.     SUMMARY OF PARTIES

14.     Paragraph 14 contains only conclusions of law and characterizations of the Complaint to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

15.     In response to the allegations set forth in paragraph 15, Hormel Foods admits only that the "pork processor defendants" have been named as Defendants in the Complaint. Claims against Indiana Packers Corporation have been dismissed with prejudice. Hormel Foods lacks knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15, and therefore denies them.

16.     Hormel Foods denies the allegations set forth in paragraph 16.

## III.     FACTUAL ALLEGATIONS

**A.     Agri Stats enabled competitors to directly exchange, and restrain, supply and cost.**

17.     In response to the allegations set forth in paragraph 17, Hormel Foods admits only that the exhibits described therein were attached as exhibits to the Complaint. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 17, and therefore denies them.

18.     Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18, and therefore denies them.

US.130404977.09

**1.     Agri Stats' detailed pricing reports provide competitors with a view of the entire market, removing all question of competition on price.**

19.     In response to the allegations set forth in paragraph 19, Hormel Foods states that Hormel Foods never subscribed to Agri Stats' Swine Sales reports, and thus lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding those reports.  Hormel Foods specifically denies that it participated in the alleged conspiracy; denies that Agri Stats reports are unlawful and that any of the information provided by Agri Stats was current or forward-looking and further denies any implication that Hormel Foods received any sensitive information regarding individual companies. Hormel Foods denies all remaining allegations set forth in paragraph 19.

20.     Paragraph 20 purports to characterize an e-mail and a report, which speak for themselves. Hormel Foods specifically denies that it participated in the alleged conspiracy and that that it ever subscribed to Agri Stats Swine Sales reports.  Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20, and therefore denies them.

21.     Paragraph 21 purports to characterize a report, which speaks for itself. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 21, and therefore denies them.

22.     Paragraph 22 purports to characterize reports, which speak for themselves. Hormel Foods specifically denies that it ever subscribed to Agri Stats Swine Sales reports. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 22, and therefore denies them.

US.130404977.09

23.     Paragraph 23 purports to characterize reports, which speak for themselves. Hormel Foods specifically denies that it ever subscribed to Agri Stats Swine Sales reports.  Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 23, and therefore denies them.

24.     Paragraph 24 purports to characterize reports which speak for themselves. Hormel Foods specifically denies that it ever subscribed to Agri Stats Swine Sales reports. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 24, and therefore denies them.

25.     Paragraph 25 purports to characterize reports which speak for themselves. Hormel Foods specifically denies that it ever subscribed to Agri Stats Swine Sales reports. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25, and therefore denies them.

26.     Paragraph 26 purports to characterize a report, which speaks for itself. Hormel Foods specifically denies that it ever subscribed to Agri Stats Swine Sales reports.  Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 26, and therefore denies them.

27.     Paragraph 27 purports to characterize reports, which speak for themselves. Hormel Foods specifically denies that it ever subscribed to Agri Stats Swine Sales reports. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 27, and therefore denies them.

28.     Paragraph 28 purports to characterize a report, which speaks for itself. Hormel Foods specifically denies that it ever subscribed to Agri Stats Swine Sales

US.130404977.09

reports.  Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 28, and therefore denies them.

29.    Paragraph 29 purports to characterize a report, which speaks for itself. Hormel Foods specifically denies that it ever subscribed to Agri Stats Swine Sales reports. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 29, and therefore denies them.

30.    Paragraph 30 purports to characterize reports which speak for themselves. Hormel Foods specifically denies that it ever subscribed to Agri Stats Swine Sales reports or the alleged Bacon Report. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 30, and therefore denies them.

31.    Paragraph 31 purports to characterize a presentation, which speaks for itself. Hormel Foods admits only that it received a presentation from Agri Stats on or about June 25, 2010. Hormel Foods specifically denies that it participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 31, and therefore denies them.

32.    In response to the allegations set forth in paragraph 32, Hormel Foods specifically denies that it ever subscribed to Agri Stats Swine Sales reports. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32, and therefore denies them.

US.130404977.09

**2. Beyond the pricing reports themselves, Agri Stats allowed the pork processors to directly access sales data through a "sales data miner" tool.**

33. Paragraph 33 purports to characterize a presentation which speaks for itself. Hormel Foods specifically denies that it ever subscribed to Agri Stats Swine Sales reports or had access to the alleged "sales data miner." Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 33, and therefore denies them.

34. Paragraph 34 purports to characterize documents which speak for themselves. Hormel Foods specifically denies that it ever subscribed to Agri Stats Swine Sales reports or had access to the alleged "sales data miner." Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 34, and therefore denies them.

35. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35, and therefore denies them.

36. In response to the allegations set forth in paragraph 36, Hormel Foods denies that it worked with Agri Stats to "ensure that Agri Stats contained detailed pricing information that identified price-raising opportunities" for Defendants. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 36, and therefore denies them.

37. Paragraph 37 purports to characterize a spreadsheet, which speaks for itself. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37, and therefore denies them.

US.130404977.09

38.     Paragraph 38 references e-mails, which speak for themselves, Hormel Foods specifically denies that it participated in the alleged conspiracy, and that it ever subscribed to Agri Stats Swine Sales reports or had access to the alleged "sales data miner." Hormel Foods states that it sets its own prices for Pork. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 38, and therefore denies them.

39.     Paragraph 39 purports to characterize a document, which speaks for itself. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39, and therefore denies them.

40.     Paragraph 40 purports to characterize documents which speak for themselves. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40, and therefore denies them.

**3.     Just in case weekly sales reports and data mining were not enough to ensure the lack of pricing competition, Agri Stats also provided colorful graphs to highlight any differences in competitors' prices.**

41.     Paragraph 41 purports to characterize a document, which speaks for itself. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41, and therefore denies them.

42.     Paragraph 42 purports to characterize slides which speak for themselves. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42, and therefore denies them.

43.     Paragraph 43 purports to characterize documents, which speak for themselves. Hormel Foods lacks knowledge or information sufficient to form a belief as

US.130404977.09

to the truth of the allegations set forth in paragraph 43, and therefore denies them.

44.     In response to the allegations set forth in paragraph 44, Hormel Foods specifically denies that it participated in the alleged conspiracy, and that it ever subscribed to Agri Stats Swine Sales reports. Hormel Foods denies the remaining allegations set forth in paragraph 44.

### 4.     The Operations Profit Report provided competitors with information on the profitability of their competitors – allowing a further means to detect any cheating on the cartel.

45.     Paragraph 45 purports to characterize reports, which speak for themselves. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45, and therefore denies them.

46.     Paragraph 46 purports to characterize a presentation, which speaks for itself. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46, and therefore denies them.

47.     Paragraph 47 purports to characterize documents which speak for themselves. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47, and therefore denies them.

48.     Paragraph 48 purports to characterize a document which speaks for itself. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48, and therefore denies them.

49.     Paragraph 49 purports to characterize a document which speaks for itself. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth

US.130404977.09

of the allegations set forth in paragraph 49, and therefore denies them.

50.    Hormel Foods denies the allegations set forth in paragraph 50.

**5.     The Agri Stats Swine Processing Report provided detailed information regarding costs of the competitors.**

51.    Paragraph 51 purports to characterize documents, which speak for themselves. Hormel Foods specifically denies that it participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51, and therefore denies them.

52.    Paragraph 52 purports to characterize a document, which speaks for itself. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52, and therefore denies them.

53.    Paragraph 53 purports to characterize a document, which speaks for itself. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53, and therefore denies them.

54.    Paragraph 54 purports to characterize documents, which speak for themselves. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54, and therefore denies them.

55.    Paragraph 55 purports to characterize a document, which speaks for itself. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55, and therefore denies them.

56.    Paragraph 56 purports to characterize a document, which speaks for itself. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth

11

of the allegations set forth in paragraph 56, and therefore denies them.

57.     Paragraph 57 purports to characterize a document, which speaks for itself. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57, and therefore denies them.

58.     Hormel Foods denies the allegations set forth in paragraph 58.

59.     In response to the allegations set forth in paragraph 59, Hormel Foods specifically denies that it participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 59, and therefore denies them.

60.     Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60, and therefore denies them.

**B.     Agri Stats' collection and standardization process provided pork processors the unparalleled ability to monitor, or discipline co-conspirators for not complying with their collusive agreement.**

61.     Hormel Foods denies the allegations set forth in paragraph 61.

62.     In response to the allegations set forth in paragraph 62, Hormel Foods specifically denies that it participated in the alleged conspiracy.  Hormel Foods denies the allegations in paragraph 62.

63.     Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63, and therefore denies them.

64.     In response to the allegations set forth in paragraph 64, Hormel Foods specifically denies that it participated in the alleged conspiracy.  Hormel Foods denies the allegations in paragraph 64.

US.130404977.09

65.     In response to the allegations set forth in paragraph 65, Hormel Foods specifically denies that it participated in the alleged conspiracy. Hormel Foods denies the allegations in paragraph 65.

### 1.     Agri Stats audited the data to ensure co-conspirators could not cheat on the agreement.

66.     In response to the allegations set forth in paragraph 66, Hormel Foods specifically denies that it participated in the alleged conspiracy. Hormel Foods denies the allegations set forth in paragraph 66.

67.     Paragraph 67 purports to characterize an e-mail, which speaks for itself. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67, and therefore denies them.

68.     In response to the allegations set forth in paragraph 68, Hormel Foods specifically denies that it participated in the alleged conspiracy. Hormel Foods denies the allegations in paragraph 68.

69.     In response to the allegations set forth in paragraph 69, Hormel Foods specifically denies that it participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and therefore denies them.

70.     Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70, and therefore denies them.

71.     Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71, and therefore denies them.

US.130404977.09

72.    Paragraph 72 purports to characterize a document, which speaks for itself. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72, and therefore denies them.

73.    In response to the allegations set forth in paragraph 73, Hormel Foods specifically denies that it participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73, and therefore denies them.

74.    Paragraph 74 purports to characterize an excerpt of an Agri Stats presentation, which speaks for itself. Hormel Foods specifically denies that it participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 74, and therefore denies them.

75.    Paragraph 75 purports to characterize a statement made by another Defendant, which speaks for itself. the extent that a response is requiredHormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75, and therefore denies them.

**2.    Agri Stats guaranteed to the co-conspirators that its competitors were equally participating in the scheme.**

76.    In response to the allegations set forth in paragraph 76, Hormel Foods specifically denies that it participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76, and therefore denies them.

14

77.     In response to the allegations set forth in paragraph 77, Hormel Foods admits only that, at various times during the period from January 1, 2009 to June 30, 2018, Hormel Foods Corporation subscribed to certain Agri Stats swine reports. Hormel Foods never subscribed to Agri Stats' Swine Sales reports. Hormel Foods specifically denies that it participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 77, and therefore denies them.

78.     Paragraph 78 purports to characterize an excerpt of an Agri Stats presentation, which speaks for itself. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78, and therefore denies them.

79.     Paragraph 79 purports to characterize an e-mail, which speaks for itself. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79, and therefore denies them.

80.     Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80, and therefore denies them.

**3.     Agri Stats acted as a gatekeeper, preventing public access to the reports, ensuring that the conspiracy went undetected.**

81.     Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81, and therefore denies them.

82.     Paragraph 82 purports to characterize an excerpt of an Agri Stats

15

presentation, which speaks for itself. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82, and therefore denies them.

83.     In response to the allegations set forth in paragraph 83, Hormel Foods specifically denies that it participated in the alleged conspiracy. Hormel Foods denies the allegations set forth in paragraph 83.

**C.    Agri Stats reports were easily deanonymized by the pork processors.**

84.     Paragraph 84 purports to characterize the contents of Agri Stats pork reports, which speak for themselves. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 84, and therefore denies them.

85.     Paragraph 85 purports to characterize an excerpt of an Agri Stats presentation, which speaks for itself. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 85, and therefore denies them.

86.     Paragraph 86 purports to characterize the contents of a report, which speaks for itself. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 86, and therefore denies them.

87.     Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87, and therefore denies them.

88.     Paragraph 88 purports to characterize the contents of Agri Stats pork

16

reports, which speak for themselves. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 88, and therefore denies them.

89.     Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89, and therefore denies them.

90.     Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90, and therefore denies them.

**D.     Agri Stats succeeded in orchestrating the pork conspiracy because it leveraged its success in the chicken industry, and because both industries are controlled by the same companies.**

91.     In response to the allegations set forth in paragraph 91, Hormel Foods specifically denies that it participated in the alleged conspiracy, and further denies that it is involved in the broiler-chicken industry. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 91, and therefore denies them.

**1.     Agri Stats is a repeat offender, playing a crucial role in a similar price-fixing and supply constraint conspiracy in the sale of chickens.**

92.     Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92, and therefore denies them.

93.     In response to the allegations set forth in paragraph 93, Hormel Foods states that it is not involved in the broiler-chicken industry, nor is it a defendant in the *In re Broiler Chicken Antitrust Litigation*. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93, and

17

therefore denies them.

94.     In response to the allegations set forth in paragraph 94, Hormel Foods states that it is not involved in the broiler-chicken industry, nor is it a defendant in the *In re Broiler Chicken Antitrust Litigation*. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94, and therefore denies them.

95.     In response to the allegations set forth in paragraph 95, Hormel Foods states that it is not involved in the broiler-chicken industry, nor is it a defendant in the *In re Broiler Chicken Antitrust Litigation*. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95, and therefore denies them.

96.     In response to the allegations set forth in paragraph 96, Hormel Foods states that it is not involved in the broiler-chicken industry, nor is it a defendant in the *In re Broiler Chicken Antitrust Litigation*. Paragraph 96 purports to characterize a court order, which speaks for itself. To the extent that a response is required, Hormel Foods admits only that an order was issued on November 20, 2017 in the *In re Broiler Chicken Antitrust Litigation* at docket number 541.

## 2.     The same companies own both chickens and pigs.

97.     In response to the allegations set forth in paragraph 97, Hormel Foods states that it is not involved in the broiler-chicken industry. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97, and therefore denies them.

18

E.     **Defendants' conspiracy had its intended effect, with pork processors lowering supply during the class period both in the aggregate, and individually.**

98.     In response to the allegations set forth in paragraph 98, Hormel Foods specifically denies that it acted in any concerted way to decrease supply and any implication that Hormel Foods entered into an anticompetitive agreement. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 98, and therefore denies them.

99.     In response to the allegations set forth in paragraph 99, Hormel Foods specifically denies that it "engaged in a parallel round of production cuts in 2009 through 2010," and any implication that Hormel Foods entered into an anticompetitive agreement. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 99, and therefore denies them.

100.    In response to the allegations set forth in paragraph 100, Hormel Foods specifically denies any implication that it participated in any conspiracy or agreement that was unlawful or that had an anticompetitive effect. Paragraph 100 quotes from a publication, which speaks for itself. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 100, and therefore denies them.

101.    In response to the allegations set forth in paragraph 101, Hormel Foods admits only that a third party reported that Hormel Foods maintained 54,000 sows in 2008 and in 2009. Hormel Foods denies the remaining allegations in paragraph 101.

102.    Hormel Foods lacks knowledge or information sufficient to form a belief as

US.130404977.09

to the truth of the allegations set forth in paragraph 102, and therefore denies them.

103.   In response to the allegations set forth in paragraph 103, Hormel Foods admits only that, according to a transcription, an employee of Hormel Foods Corporation made the excerpted and (mis)quoted statements—which speaks for themselves—in response to questions posed by analysts during a February 2009 earnings call. Hormel Foods denies the remaining allegations in paragraph 103.

104.   In response to the allegations set forth in paragraph 104, Hormel Foods admits only that, according to a transcription, an employee of Hormel Foods Corporation made the excerpted and quoted statement—which speaks for itself—in response to a question posed by an analyst during a May 2009 earnings call. Hormel Foods denies the remaining allegations in paragraph 104.

105.   Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105, and therefore denies them.

106.   In response to the allegation set forth in paragraph 106, Hormel Foods admits only that, according to a transcription, its then-CFO Jody Feragen  made the excerpted and quoted statement—which speaks for itself—during a June 2009 investor conference.

107.   Paragraph 107 purports to characterize and quote an alleged statement of another Defendant, which speaks for itself. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107, and therefore denies them.

108.   Paragraph 108 purports to characterize and quote an alleged statement of

US.130404977.09

another Defendant, which speaks for itself. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108, and therefore denies them.

109.   Paragraph 145 purports to quote an alleged statement of another Defendant, which speaks for itself. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 145, and therefore denies them.

110.   Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110, and therefore denies them.

111.   Paragraph 111 purports to quote and characterize a statement  of another Defendant, which speaks for itself. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111, and therefore denies them.

112.   In response to the allegations set forth in paragraph 112, Hormel Foods specifically denies that it "responded to the encouragement from Smithfield to cut production." Paragraph 112 cites the public filing of another Defendant, which speaks for itself. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 112, and therefore denies them.

113.   Paragraph 113 purports to quote from a public filing of another Defendant, which speaks for itself. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113, and therefore denies them.

21

US.130404977.09

114.   In response to the allegations set forth in paragraph 114, Hormel Foods admits only that, according to a transcription, an employee of Hormel Foods Corporation made the excerpted and quoted statement—which speaks for itself—in response to a question posed by an analyst during a November 2009 earnings call. Hormel Foods denies the remaining allegations in paragraph 114.

115.   Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 115, and therefore denies them.

116.   Paragraph 116 purports to quote from a transcription of an earnings call of another Defendant, which speaks for itself. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116, and therefore denies them.

117.   Paragraph 117 purports to quote from a transcription of an earnings call of another Defendant, which speaks for itself. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117, and therefore denies them.

118.   In response to the allegations set forth in paragraph 118, Hormel Foods admits only that, according to a transcription, an employee of Hormel Foods Corporation made the (mis)quoted statement—which speaks for itself—in response to a question posed by an analyst during an August 2010 earnings call. Hormel Foods denies the remaining allegations in paragraph 118.

119.   Paragraph 119 purports to quote from a transcription of an earnings call of another Defendant, which speaks for itself. To the extent that a response is required,

22

Hormel Foods specifically denies any implication that it had access to competitors' confidential supply information or that it provided such information of its own to competitors. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 119, and therefore denies them.

120.   Paragraph 119 purports to quote a statement of another Defendant, which speaks for itself. To the extent that a response is required, Hormel Foods specifically denies any implication that it had access to competitors' confidential supply information or that it provided such information of its own to competitors. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 120, and therefore denies them.

121.   Paragraph 121 purports to quote from a transcription of an earnings call of another Defendant, which speaks for itself. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 121, and therefore denies them.

122.   Paragraph 122 purports to quote from a presentation, which speaks for itself. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 122, and therefore denies them.

123.   Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 123, and therefore denies them.

US.130404977.09

**F.     Defendants' conspiracy had the intended effect of raising prices of pork during the class period.**

124.    Hormel Foods denies the allegations set forth in paragraph 124.

**1.     The average hog wholesale price experienced an unprecedented increase beginning in 2009.**

125.    Paragraph 125 purports to present and characterize USDA data, which speaks for itself. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 125, and therefore denies them.

**2.     The pork cut-out composite price experienced a dramatic increase beginning in 2009 and continuing throughout the class period.**

126.    Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 126, and therefore denies them.

**3.     Pork processors' margin increased beginning in 2009 showing a statistically significant break from the pre-class period.**

127.    In response to the allegations set forth in paragraph 127, Hormel Foods specifically denies any implication that it participated in any conspiracy or agreement that was unlawful or that had an anticompetitive effect. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 127, and therefore denies them.

128.    Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 128, and therefore denies them.

**4.     Defendants' revenues increased beginning in 2009, even taking into account defendant-specific costs.**

129.    Hormel Foods lacks knowledge or information sufficient to form a belief as

24

to the truth of the allegations set forth in paragraph 129, which purport to be based upon an expert analysis Hormel Foods has not had access to, and therefore denies them.

130.   Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 130, which purport to be based upon an expert analysis Hormel Foods has not had access to, and therefore denies them.

131.   Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 131, which purport to be based upon an expert analysis Hormel Foods has not had access to, and therefore denies them.

132.   Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 132, which purport to be based upon an expert analysis Hormel Foods has not had access to, and therefore denies them.

**5.    Overcharges due to the cartel were passed through to the indirect purchaser class.**

133.   Paragraph 133 purports to characterize and quote from a pre-Class Period USDA report, which speaks for itself. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 133, and therefore denies them.

134.   Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 134, and therefore denies them.

135.   Paragraph 135 purports to present and characterize Bureau of Labor Statistics ("BLS") data, which speaks for itself. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth

25

of the allegations set forth in paragraph 135, and therefore denies them.

136.   Paragraph 136 purports to present and characterize BLS data, which speaks for itself. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 136, and therefore denies them.

137.   Paragraph 137 purports to present and characterize BLS data, which speaks for itself. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 137, and therefore denies them.

138.   Hormel Foods denies the allegations set forth in paragraph 138.

**G.   The structure of the pork processing industry allowed the conspiracy to succeed.**

139.   Hormel Foods denies the allegations set forth in paragraph 139.

**1.   The pork industry is nearly fully vertically integrated, which allowed the scheme to succeed.**

140.   In response to the allegations set forth in paragraph 140, Hormel Foods states that, although pork-production methods may differ from producer to producer, Hormel Foods admits that the first sentence of paragraph 140 very generally and broadly describes the pork production process. Hormel Foods denies the remaining allegations in paragraph 140.

141.   Hormel Foods lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 141, and therefore denies them.

142.   Hormel Foods lacks sufficient knowledge or information to form a belief as

26

to the truth of the allegations in paragraph 142, and therefore denies them.

143.    Hormel Foods lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 143, and therefore denies them.

144.    In response to the allegations set forth in paragraph 144, Hormel Foods admits only that it has pork-processing operations. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 72, and therefore denies them.

**2.     The level of concentration in the pork industry was optimal for the alleged collusive scheme.**

145.    In response to the allegations set forth in paragraph 145, Hormel Foods specifically denies any implication that it participated in any agreement that was unlawful or had an anticompetitive effect. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 145, and therefore denies them.

146.    Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 146, and therefore denies them.

147.    Hormel Foods denies the allegations set forth in paragraph 147.

148.    Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 148, and therefore denies them.

149.    Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 149, and therefore denies them.

150.    Hormel Foods lacks knowledge or information sufficient to form a belief as

US.130404977.09

to the truth of the allegations set forth in paragraph 150, and therefore denies them.

151.   In response to the allegations in paragraph 151, Hormel Foods specifically denies any implication it participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 151, and therefore denies them.

152.   In response to the allegations in paragraph 152, Hormel Foods specifically denies any implication it participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 152, and therefore denies them.

153.   Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 153, and therefore denies them.

154.   In response to the allegations in paragraph 154, Hormel Foods specifically denies any implication it colluded with the other Defendants to restrict the supply of pork, as alleged. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 154, and therefore denies them.

**3.      Barriers to entry helped to keep competitors out of the pork integration market and ensure the success of the conspiracy.**

155.   Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 155, and therefore denies them.

**H.      Defendants actively concealed the conspiracy and plaintiffs did not and could not have discovered defendants' anticompetitive conduct.**

156.   Hormel Foods denies the allegations set forth in paragraph 156.

US.130404977.09

157.   Hormel Foods denies the allegations set forth in paragraph 157.

158.   Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 158, and therefore denies them.

159.   Paragraph 159 purports to quote from a statement of another Defendant, which speaks for itself. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 159, and therefore denies them.

160.   Paragraph 160 purports to quote from a statement of another Defendant, which speaks for itself. Hormel Foods denies the remaining allegations set forth in paragraph 160.

161.   Paragraph 161 purports to quote from a statement of another Defendant, which speaks for itself. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 161, and therefore denies them.

162.   Paragraph 162 purports to quote from a transcription of an earnings call of another Defendant, which speaks for itself. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 162, and therefore denies them.

163.   In response to the allegations set forth in paragraph 163, Hormel Foods specifically denies any implication that it participated in the alleged conspiracy or any agreement that was unlawful or that had an anticompetitive effect. Paragraph 163 purports to quote from an article, which speaks for itself. Hormel Foods lacks knowledge

29

or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 163, and therefore denies them.

164.   In response to the allegations set forth in paragraph 164, Hormel Foods states that it is not involved in the broiler-chicken industry, nor is it a defendant in the *In re Broiler Chicken Antitrust Litigation*. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 164, and therefore denies them.

165.   Hormel Foods denies the allegations set forth in paragraph 165.

166.   Hormel Foods denies the allegations set forth in paragraph 166.

167.   Hormel Foods denies the allegations set forth in paragraph 167.

## IV.   PLAINTIFFS ALLEGE VIOLATIONS UNDER BOTH THE PER SE AND RULE OF REASON STANDARDS OF THE SHERMAN ACT

168.   Paragraph 168 contains only characterizations of the Complaint and conclusions of law to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations contained in paragraph 168.

169.   In response to the allegations set forth in paragraph 169, Hormel Foods admits only that it competes in the Pork industry with companies including Defendants. Hormel Foods specifically denies that it participated in the alleged conspiracy or in any agreement that was unlawful or had an anticompetitive effect. Hormel Foods denies the remaining allegations set forth in paragraph 169.

### 1.   The Unlawful Agreements

170.   In response to the allegations set forth in paragraph 170, Hormel Foods

US.130404977.09

admits only that, at various times during the period from January 1, 2009 to June 30, 2018, Hormel Foods Corporation subscribed to certain Agri Stats swine reports. Hormel Foods never subscribed to Agri Stats' Swine Sales reports. Hormel Foods specifically denies that it participated in the alleged conspiracy, denies that Agri Stats reports are unlawful, and further denies any implication that Hormel Foods received any sensitive information regarding individual companies. Hormel Foods denies the remaining allegations set forth in paragraph 170.

171.   Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 171, and therefore denies them.

172.   Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 172, and therefore denies them.

173.   Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 173, and therefore denies them.

174.   In response to the allegations set forth in paragraph 174, Hormel Foods admits only that, at various times during the period from January 1, 2009 to June 30, 2018, Hormel Foods Corporation subscribed to certain Agri Stats swine reports. Hormel Foods never subscribed to Agri Stats' Swine Sales reports. Hormel Foods specifically denies that it participated in the alleged conspiracy, denies that Agri Stats reports are unlawful, and further denies that Paul Bogle is an executive of Hormel Foods. Hormel Foods further states that the initial disclosures made during the course of this litigation speak for themselves. Hormel Foods denies all remaining allegations set forth in paragraph 174.

US.130404977.09

2. **Defendants' information exchanges had the likely effect of harming competition.**

a. **Defendants have market power in the market for pork.**

175. In response to the allegations set forth in paragraph 175, Hormel Foods admits only that some allegations in the Complaint concern the sale of pork for meat consumption in the United States. The remaining allegations in paragraph 175 contain only conclusions of law to which no response is required. To the extent that a response is required, Hormel Foods denies that "the sale of pork for meat consumption in the United States" defines a relevant antitrust market.

176. Hormel Foods denies the allegations set forth in paragraph 176

177. Paragraph 177 contains conclusions of law to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 177.

b. **There are high barriers to entry in the market for pork for meat consumption.**

178. Paragraph 178 contains conclusions of law to which no response is required. To the extent that a response is required, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 178, and therefore denies them.

c. **The defendants have market power in the market for pork for meat consumption.**

179. In response to the allegations set forth in paragraph 179, Hormel Foods specifically denies any implication that it participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the

32

allegations set forth in paragraph 179, and therefore denies them.

> **3.**   **The market for pork is the type of market where the information exchanges orchestrated by Agri Stats are likely to harm competition.**

180.   In response to the allegations set forth in paragraph 180, Hormel Foods specifically denies any implication that it participated in the alleged conspiracy. The allegations make legal conclusions for which no response is required. To the extent that a response is required, Hormel Foods denies the allegations in paragraph 180.

181.   In response to the allegations set forth in paragraph 181, Hormel Foods specifically denies any implication that it participated in the alleged conspiracy. The allegations make legal conclusions for which no response is required. To the extent that a response is required, Hormel Foods denies the allegations in paragraph 181.

182.   In response to the allegations set forth in paragraph 182, Hormel Foods specifically denies any implication that it participated in the alleged conspiracy or in any agreement or conduct that was unlawful or had an anticompetitive effect. The allegations make legal conclusions for which no response is required. To the extent that a response is required, Hormel Foods denies the allegations in paragraph 182.

> **a.**   **The pork market features few sellers**

183.   In response to the allegations set forth in paragraph 183, Hormel Foods specifically denies any implication that it participated in the alleged conspiracy. The allegations make legal conclusions for which no response is required. To the extent that a response is required, Hormel Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 183, and therefore denies them.

US.130404977.09

**b.   Pork is a fungible market**

184.   Hormel Foods denies the allegations in paragraph 184.

185.   The allegations in paragraph 185 purport to quote from a written work by an unidentified scholar, which speaks for itself. To the extent that a response is required, Hormel Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 185, and therefore denies them.

186.   Paragraph 186 purports to characterize Agri Stats reports, which speak for themselves. Hormel Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 186, and therefore denies them.

**c.   The pork market features price-based competition**

187.   Hormel Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 187, and therefore denies them.

**d.   Demand for pork is relatively inelastic**

188.   Hormel Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 188, and therefore denies them.

**e.   The pork market features a trend towards price uniformity.**

189.   Hormel Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 189, and therefore denies them.

**4.   Defendants' information exchanges corrupted the competitive process.**

190.   Paragraph 190 purports to characterize a presentation made by Agri Stats to Hormel Foods in 2010, which speaks for itself. Hormel Foods lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in

34

paragraph 190, and therefore denies them.

191.    Hormel Foods denies the allegations set forth in paragraph 191.

192.    Hormel Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 192, and therefore denies them.

193.    Hormel Foods denies the allegations set forth in paragraph 193.

194.    Hormel Foods denies the allegations set forth in paragraph 194.

## V.    JURISDICTION AND VENUE

195.    Paragraph 195 contains only conclusions of law and characterizations of the Complaint to which no response is required. To the extent that a response is required, Hormel Foods avers that the Court only has subject-matter jurisdiction over Plaintiffs' federal claim against Hormel Foods. Hormel Foods denies that Plaintiffs have suffered any damages, and denies the remaining allegations in paragraph 195.

196.    Paragraph 196 contains conclusions of law and characterizations of the Complaint to which no response is required. To the extent that a response is required, Hormel Foods does not contest venue in this District.

197.    Paragraph 197 contains only conclusions of law to which no response is required. To the extent that a response is required, Hormel Foods does not contest personal jurisdiction in this action.

198.    Hormel Foods denies the allegations set forth in paragraph 198.

## VI.    PARTIES

**A.    Plaintiffs**

199.    In response to the allegations set forth in paragraph 199, Hormel Foods

US.130404977.09

denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 199, and therefore denies them.

200.   In response to the allegations set forth in paragraph 200, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 200, and therefore denies them.

201.   In response to the allegations set forth in paragraph 201, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 201, and therefore denies them.

202.   In response to the allegations set forth in paragraph 202, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 202, and therefore denies them.

203.   In response to the allegations set forth in paragraph 203, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods

36

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 203, and therefore denies them.

204.   In response to the allegations set forth in paragraph 204, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 204, and therefore denies them.

205.   In response to the allegations set forth in paragraph 205, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 205, and therefore denies them.

206.   In response to the allegations set forth in paragraph 206, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 206, and therefore denies them.

207.   In response to the allegations set forth in paragraph 207, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 207, and therefore denies them.

US.130404977.09

208.    In response to the allegations set forth in paragraph 208, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 208, and therefore denies them.

209.    In response to the allegations set forth in paragraph 209, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 209, and therefore denies them.

210.    In response to the allegations set forth in paragraph 210, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 210, and therefore denies them.

211.    In response to the allegations set forth in paragraph 211, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 211, and therefore denies them.

212.    In response to the allegations set forth in paragraph 212, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies

38

any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 212, and therefore denies them.

213.   In response to the allegations set forth in paragraph 213, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 213, and therefore denies them.

214.   In response to the allegations set forth in paragraph 214, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 214, and therefore denies them.

215.   In response to the allegations set forth in paragraph 215, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 215, and therefore denies them.

216.   In response to the allegations set forth in paragraph 216, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining

US.130404977.09

allegations in paragraph 216, and therefore denies them.

217.   In response to the allegations set forth in paragraph 217, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 217, and therefore denies them.

218.   In response to the allegations set forth in paragraph 218, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 218, and therefore denies them.

219.   In response to the allegations set forth in paragraph 219, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 219, and therefore denies them.

220.   In response to the allegations set forth in paragraph 220, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 220, and therefore denies them.

221.   In response to the allegations set forth in paragraph 221, Hormel Foods

40

denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 221, and therefore denies them.

222.    In response to the allegations set forth in paragraph 222, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 222, and therefore denies them.

223.    In response to the allegations set forth in paragraph 223, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 223, and therefore denies them.

224.    In response to the allegations set forth in paragraph 224, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 224, and therefore denies them.

225.    In response to the allegations set forth in paragraph 225, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods

US.130404977.09

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 225, and therefore denies them.

226.    In response to the allegations set forth in paragraph 226, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 226, and therefore denies them.

227.    In response to the allegations set forth in paragraph 227, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 227, and therefore denies them.

228.    In response to the allegations set forth in paragraph 228, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 228, and therefore denies them.

229.    In response to the allegations set forth in paragraph 229, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 229, and therefore denies them.

US.130404977.09

230.   In response to the allegations set forth in paragraph 230, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 230, and therefore denies them.

231.   In response to the allegations set forth in paragraph 231, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 231, and therefore denies them.

232.   In response to the allegations set forth in paragraph 232, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 232, and therefore denies them.

233.   In response to the allegations set forth in paragraph 233, Hormel Foods denies that the identified individual suffered any antitrust injury, and specifically denies any implication that Hormel Foods participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 233, and therefore denies them.

**B.      Defendants**

234.   In response to the allegations set forth in paragraph 234, Hormel Foods

43

specifically denies that it participated in the alleged conspiracy. Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 234, and therefore denies them.

235.    Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 235, and therefore denies them.

236.    Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 236, and therefore denies them.

237.    Hormel Foods admits the allegations in paragraph 237.

238.    Indiana Packers Corporation has been dismissed from this action, and allegations related to them are irrelevant to the claims in this case. To the extent that a response is required to paragraph 238, Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and therefore denies them.

239.    Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 239, and therefore denies them.

240.    Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 240, and therefore denies them.

241.    Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 241, and therefore denies them.

242.    Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 242, and therefore denies them.

243.    Hormel Foods lacks knowledge or information sufficient to form a belief as

US.130404977.09

to the truth of the allegations set forth in paragraph 243, and therefore denies them.

244.   Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 244, and therefore denies them.

245.   Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 245, and therefore denies them.

## VII.   CLASS ACTION ALLEGATIONS

246.   Paragraph 246 contains conclusions of law to which no response is required. To the extent that a response is required, Hormel Foods admits only that Plaintiffs seek to bring this action on behalf of putative classes, and denies the remaining allegations in paragraph 246.

247.   Paragraph 247 contains conclusions of law to which no response is required. To the extent that a response is required, Hormel Foods admits only that the allegations set forth in paragraph 247 purport to limit the members of the putative classes.

248.   Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 248, and therefore denies them.

249.   Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 249, and therefore denies them.

250.   Paragraph 250 contains conclusions of law to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 250.

251.   Paragraph 251 contains conclusions of law to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations

US.130404977.09

set forth in paragraph 151.

252.    Paragraph 252 contains conclusions of law to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 252.

253.    Paragraph 253 contains conclusions of law to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 253.

254.    Paragraph 254 contains conclusions of law to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 254.

255.    Paragraph 255 contains conclusions of law to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 255.

256.    Paragraph 256 contains conclusions of law to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 256.

## VIII.  ANTITRUST INJURY

257.    Hormel Foods denies the allegations set forth in paragraph 257.

258.    Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth paragraph 258, and therefore denies them.

259.    Hormel Foods lacks knowledge or information sufficient to form a belief as

46

to the truth of the remaining allegations set forth paragraph 259, and therefore denies them.

260.    Hormel Foods denies the allegations set forth in paragraph 260.

261.    Hormel Foods denies the allegations set forth in paragraph 261.

262.    Hormel Foods denies the allegations set forth in paragraph 262.

263.    Hormel Foods denies the allegations set forth in paragraph 263.

264.    Hormel Foods denies the allegations set forth in paragraph 264.

## IX.    CAUSES OF ACTION

## VIOLATION OF THE SHERMAN ACT

### FIRST CLAIM FOR RELIEF
### VIOLATION OF SECTION 1 OF THE SHERMAN ACT
### 15 U.S.C. § 1 FOR CONSPIRACY TO RESTRAIN PRODUCTION
### (ON BEHALF OF NATIONWIDE CLASS FOR
### INJUNCTIVE AND EQUITABLE RELIEF)

265.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

266.    Hormel Foods denies the allegations set forth in paragraph 266.

267.    Hormel Foods denies the allegations set forth in paragraph 267.

268.    Hormel Foods denies the allegations set forth in paragraph 268.

269.    Hormel Foods denies the allegations set forth in paragraph 269.

270.    Hormel Foods denies the allegations set forth in paragraph 270.

US.130404977.09

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF SECTION 1 OF THE SHERMAN ACT**
**15 U.S.C. § 1 FOR CONSPIRACY TO EXCHANGE COMPETITIVE**
**INFORMATION**
**(ON BEHALF OF NATIONWIDE CLASS FOR**
**INJUNCTIVE AND EQUITABLE RELIEF)**

271.   Hormel Foods incorporates and reasserts, as though fully set forth herein,

each and every response and answer set forth in the preceding paragraphs of this Answer.

272.   Hormel Foods denies the allegations set forth in paragraph 272.

273.   Hormel Foods denies the allegations set forth in paragraph 273.

274.   Hormel Foods denies the allegations set forth in paragraph 274.

275.   Hormel Foods denies the allegations set forth in paragraph 275.

276.   Hormel Foods denies the allegations set forth in paragraph 276.

277.   Hormel Foods denies the allegations set forth in paragraph 277.

278.   Hormel Foods denies the allegations set forth in paragraph 278.

279.   Hormel Foods denies the allegations set forth in paragraph 279.

280.   Hormel Foods denies the allegations set forth in paragraph 280.

281.   Hormel Foods denies the allegations set forth in paragraph 281.

282.   Hormel Foods denies the allegations set forth in paragraph 282.

283.   Hormel Foods denies the allegations set forth in paragraph 283.

284.   Hormel Foods denies the allegations set forth in paragraph 284.

**VIOLATIONS OF STATE ANTITRUST LAWS**

285.   Hormel Foods incorporates and reasserts, as though fully set forth herein,

each and every response and answer set forth in the preceding paragraphs of this Answer.

48

US.130404977.09

286.    Paragraph 286 does not make allegations to which a response is required.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF ARIZONA'S UNIFORM STATE ANTITRUST ACT,
## ARIZ. REV. STAT. § 44-1401, ET SEQ.
## (ON BEHALF OF THE ARIZONA CLASS)

287.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

288.    Hormel Foods denies the allegations set forth in paragraph 288.

289.    Hormel Foods denies the allegations set forth in paragraph 289.

290.    Hormel Foods denies the allegations set forth in paragraph 290.

291.    Hormel Foods denies the allegations set forth in paragraph 291.

292.    Hormel Foods denies the allegations set forth in paragraph 292.

293.    Hormel Foods denies the allegations set forth in paragraph 293.

294.    Hormel Foods denies the allegations set forth in paragraph 294.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF CALIFORNIA'S CARTWRIGHT ACT,
## CAL. BUS. & PROF. CODE § 16700, ET SEQ.
## (ON BEHALF OF THE CALIFORNIA CLASS)

295.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

296.    Paragraph 296 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

297.    Paragraph 297 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

298.    Paragraph 298 sets forth a legal conclusion to which no response is

required. To the extent that a response is required, Hormel Foods denies the allegations.

299.   Paragraph 299 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

300.   Hormel Foods denies the allegations set forth in paragraph 300.

301.   Hormel Foods denies the allegations set forth in paragraph 301.

302.   Hormel Foods denies the allegations set forth in paragraph 302.

## FIFTH CLAIM FOR RELIEF
### VIOLATION OF THE DISTRICT OF COLUMBIA ANTITRUST ACT, D.C. CODE § 28-4501, ET SEQ.
### (ON BEHALF OF THE DISTRICT OF COLUMBIA CLASS)

303.   Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

304.   Paragraph 304 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

305.   Hormel Foods denies the allegations set forth in paragraph 305.

306.   Paragraph 306 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

307.   Hormel Foods denies the allegations set forth in paragraph 307.

308.   Hormel Foods denies the allegations set forth in paragraph 308.

## SIXTH CLAIM FOR RELIEF
### VIOLATION OF THE ILLINOIS ANTITRUST ACT, 740 ILL. COMP. STAT. ANN. 10/3(1), ET SEQ.
### (ON BEHALF OF THE ILLINOIS CLASS)

309.   Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

US.130404977.09

310.    Paragraph 310 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

311.    Hormel Foods denies the allegations set forth in paragraph 311.

312.    Paragraph 312 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

313.    Hormel Foods denies the allegations set forth in paragraph 313.

314.    Hormel Foods denies the allegations set forth in paragraph 314.

315.    Hormel Foods denies the allegations set forth in paragraph 315.

**SEVENTH CLAIM FOR RELIEF**
**VIOLATION OF THE IOWA COMPETITION LAW**
**IOWA CODE § 553.1, ET SEQ.**
**(ON BEHALF OF THE IOWA CLASS)**

316.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

317.    Paragraph 317 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

318.    Hormel Foods denies the allegations set forth in paragraph 318.

319.    Hormel Foods denies the allegations set forth in paragraph 319.

320.    Hormel Foods denies the allegations set forth in paragraph 320.

**EIGHTH CLAIM FOR RELIEF**
**VIOLATION OF THE KANSAS RESTRAINT OF TRADE ACT**
**KAN. STAT. ANN. § 50-101, ET SEQ.**
**(ON BEHALF OF THE KANSAS CLASS)**

321.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

51

322.     Paragraph 322 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

323.     Hormel Foods denies the allegations set forth in paragraph 323.

324.     Paragraph 324 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

325.     Hormel Foods denies the allegations set forth in paragraph 325.

326.     Hormel Foods denies the allegations set forth in paragraph 326.

## NINTH CLAIM FOR RELIEF
### VIOLATION OF THE MAINE'S ANTITRUST STATUTE
### ME. REV. STAT. ANN. TIT. 10 § 1101, ET SEQ.
### (ON BEHALF OF THE MAINE CLASS)

327.     Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

328.     Paragraph 328 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

329.     Hormel Foods denies the allegations set forth in paragraph 329.

330.     Paragraph 330 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

331.     Hormel Foods denies the allegations set forth in paragraph 331.

332.     Hormel Foods denies the allegations set forth in paragraph 332.

## TENTH CLAIM FOR RELIEF
### VIOLATION OF THE MICHIGAN ANTITRUST REFORM ACT
### MICH. COMP. LAWS § 445.771, ET SEQ.
### (ON BEHALF OF THE MICHIGAN CLASS)

333.     Hormel Foods incorporates and reasserts, as though fully set forth herein,

US.130404977.09

each and every response and answer set forth in the preceding paragraphs of this Answer.

334.   Paragraph 334 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

335.   Hormel Foods denies the allegations set forth in paragraph 335.

336.   Paragraph 336 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

337.   Hormel Foods denies the allegations set forth in paragraph 337.

338.   Hormel Foods denies the allegations set forth in paragraph 338.

**ELEVENTH CLAIM FOR RELIEF
VIOLATION OF THE MINNESOTA ANTITRUST LAW,
MINN. STAT. § 325D.49, ET SEQ.
(ON BEHALF OF THE MINNESOTA CLASS)**

339.   Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

340.   Paragraph 340 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

341.   Hormel Foods denies the allegations set forth in paragraph 341.

342.   Paragraph 342 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

343.   Hormel Foods denies the allegations set forth in paragraph 343.

344.   Hormel Foods denies the allegations set forth in paragraph 344.

US.130404977.09

**TWELFTH CLAIM FOR RELIEF**
**VIOLATION OF THE MISSISSIPPI ANTITRUST STATUTE,**
**MISS. CODE ANN. § 74-21-1, ET SEQ.**
**(ON BEHALF OF THE MISSISSIPPI CLASS)**

345.   Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

346.   The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 346.

347.   The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 347.

348.   The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 348.

349.   The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 349.

350.   The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 350.

351.   The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations

US.130404977.09

set forth in paragraph 351.

352.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 352.

353.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 353.

**THIRTEENTH CLAIM FOR RELIEF**
**VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT,**
**MO. ANN. STAT. § 407.010, ET SEQ.**
**(ON BEHALF OF THE MISSOURI CLASS)**

354.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

355.    Paragraph 355 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

356.    Hormel Foods denies the allegations set forth in paragraph 356.

357.    Paragraph 357 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

358.    Hormel Foods denies the allegations set forth in paragraph 358.

359.    Hormel Foods denies the allegations set forth in paragraph 359.

**FOURTEENTH CLAIM FOR RELIEF**
**VIOLATION OF THE NEBRASKA JUNKIN ACT,**
**NEB. REV. STAT. § 59-801, ET SEQ.**
**(ON BEHALF OF THE NEBRASKA CLASS)**

360.    Hormel Foods incorporates and reasserts, as though fully set forth herein,

55

US.130404977.09

each and every response and answer set forth in the preceding paragraphs of this Answer.

361.    Paragraph 361 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

362.    Hormel Foods denies the allegations set forth in paragraph 362.

363.    Paragraph 363 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

364.    Hormel Foods denies the allegations set forth in paragraph 364.

365.    Hormel Foods denies the allegations set forth in paragraph 365.

**FIFTEENTH CLAIM FOR RELIEF**
**VIOLATION OF THE NEVADA UNFAIR TRADE PRACTICES ACT,**
**NEV. REV. STAT. § 598A.010, ET SEQ.**
**(ON BEHALF OF THE NEVADA CLASS)**

366.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

367.    Paragraph 367 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

368.    Paragraph 368 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

369.    Hormel Foods denies the allegations set forth in paragraph 369.

370.    Paragraph 370 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

371.    Hormel Foods denies the allegations set forth in paragraph 371.

372.    Hormel Foods denies the allegations set forth in paragraph 372.

US.130404977.09

373.    Hormel Foods denies the allegations set forth in paragraph 373.

374.    Hormel Foods denies the allegations set forth in paragraph 374.

## SIXTEENTH CLAIM FOR RELIEF
### VIOLATION OF NEW HAMPSHIRE'S ANTITRUST STATUTE, N.H. REV. STAT. ANN. TIT. XXXI, § 356, ET SEQ. (ON BEHALF OF THE NEW HAMPSHIRE CLASS)

375.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

376.    Paragraph 376 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

377.    Hormel Foods denies the allegations set forth in paragraph 377.

378.    Paragraph 378 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

379.    Hormel Foods denies the allegations set forth in paragraph 379.

380.    Hormel Foods denies the allegations set forth in paragraph 380.

## SEVENTEENTH CLAIM FOR RELIEF
### VIOLATION OF THE NEW MEXICO ANTITRUST ACT, N.M. STAT. ANN. §§ 57-1-1, ET SEQ. (ON BEHALF OF THE NEW MEXICO CLASS)

381.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

382.    Paragraph 382 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

383.    Hormel Foods denies the allegations set forth in paragraph 383.

384.    Paragraph 384 sets forth a legal conclusion to which no response is

US.130404977.09

required. To the extent that a response is required, Hormel Foods denies the allegations.

385.   Hormel Foods denies the allegations set forth in paragraph 385.

386.   Hormel Foods denies the allegations set forth in paragraph 386.

## EIGHTEENTH CLAIM FOR RELIEF
### VIOLATION OF SECTION 340 OF
### THE NEW YORK GENERAL BUSINESS LAW
### (ON BEHALF OF THE NEW YORK CLASS)

387.   Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

388.   Paragraph 388 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

389.   Hormel Foods denies the allegations set forth in paragraph 389.

390.   Paragraph 390 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

391.   Hormel Foods denies the allegations set forth in paragraph 391.

392.   Hormel Foods denies the allegations set forth in paragraph 392.

## NINETEENTH CLAIM FOR RELIEF
### VIOLATION OF THE NORTH CAROLINA GENERAL STATUTES,
### N.C. GEN. STAT. § 75-1, ET SEQ.
### (ON BEHALF OF THE NORTH CAROLINA CLASS)

393.   Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

394.   Hormel Foods denies the allegations set forth in paragraph 394.

395.   Hormel Foods denies the allegations set forth in paragraph 395.

396.   Hormel Foods denies the allegations set forth in paragraph 396.

US.130404977.09

397.   Hormel Foods denies the allegations set forth in paragraph 397.

398.   Hormel Foods denies the allegations set forth in paragraph 398.

## TWENTIETH CLAIM FOR RELIEF
## VIOLATION OF THE NORTH DAKOTA UNIFORM STATE ANTITRUST ACT, N.D. CENT. CODE § 51-08.1, ET SEQ.
## (ON BEHALF OF THE NORTH DAKOTA CLASS)

399.   Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

400.   Paragraph 400 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

401.   Hormel Foods denies the allegations set forth in paragraph 401.

402.   Paragraph 402 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

403.   Hormel Foods denies the allegations set forth in paragraph 403.

404.   Hormel Foods denies the allegations set forth in paragraph 404.

## TWENTY-FIRST CLAIM FOR RELIEF
## VIOLATION OF THE RHODE ISLAND ANTITRUST ACT, R.I. GEN LAWS § 6-36-1, ET SEQ.
## (ON BEHALF OF THE RHODE ISLAND CLASS)

405.   Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

406.   Paragraph 406 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

407.   Hormel Foods denies the allegations set forth in paragraph 407.

408.   Hormel Foods denies the allegations set forth in paragraph 401. The Court

US.130404977.09

had dismissed with prejudice all claims under the Rhode Island Antitrust Act that arose

before July 15, 2013, the effective date of that statute.

409.    Hormel Foods denies the allegations set forth in paragraph 409.

410.    Hormel Foods denies the allegations set forth in paragraph 410.

**TWENTY-SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE TENNESSEE TRADE PRACTICES ACT,**
**TENN. CODE, § 47-25-101, ET SEQ.**
**(ON BEHALF OF THE TENNESSEE CLASS)**

411.    Hormel Foods incorporates and reasserts, as though fully set forth herein,

each and every response and answer set forth in the preceding paragraphs of this Answer.

412.    Paragraph 412 sets forth a legal conclusion to which no response is

required. To the extent that a response is required, Hormel Foods denies the allegations.

413.    Hormel Foods denies the allegations set forth in paragraph 413.

414.    Hormel Foods denies the allegations set forth in paragraph 414.

415.    Hormel Foods denies the allegations set forth in paragraph 415.

416.    Hormel Foods denies the allegations set forth in paragraph 416.

417.    Paragraph 417 sets forth a legal conclusion to which no response is

required. To the extent that a response is required, Hormel Foods denies the allegations.

418.    Hormel Foods denies the allegations set forth in paragraph 418.

**TWENTY-THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE UTAH ANTITRUST ACT,**
**UTAH CODE ANN. §§ 76-10-911, ET SEQ.**
**(ON BEHALF OF THE UTAH CLASS)**

419.    Hormel Foods incorporates and reasserts, as though fully set forth herein,

each and every response and answer set forth in the preceding paragraphs of this Answer.

60

420.    Paragraph 420 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

421.    Hormel Foods denies the allegations set forth in paragraph 421.

422.    Paragraph 422 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

423.    Hormel Foods denies the allegations set forth in paragraph 423.

424.    Hormel Foods denies the allegations set forth in paragraph 424.

**TWENTY-FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE WEST VIRGINIA ANTITRUST ACT,**
**W. VA. CODE §47-18-1, ET SEQ.**
**(ON BEHALF OF THE WEST VIRGINIA CLASS)**

425.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

426.    Hormel Foods denies the allegations set forth in paragraph 426.

427.    Hormel Foods denies the allegations set forth in paragraph 427.

428.    Hormel Foods denies the allegations set forth in paragraph 428.

429.    Hormel Foods denies the allegations set forth in paragraph 429.

**VIOLATIONS OF STATE CONSUMER PROTECTION LAWS**

430.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

431.    Paragraph 431 does not make allegations to which a response is required.

US.130404977.09

## TWENTY-FIFTH CLAIM FOR RELIEF
## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
## CAL. BUS. & PROF. CODE § 17200, ET SEQ. (THE "UCL")
## (ON BEHALF OF THE CALIFORNIA CLASS)

432.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

433.    Hormel Foods denies the allegations set forth in paragraph 433.

434.    Hormel Foods denies the allegations set forth in paragraph 434.

435.    Hormel Foods denies the allegations set forth in paragraph 435.

436.    Hormel Foods denies the allegations set forth in paragraph 436.

437.    Hormel Foods denies the allegations set forth in paragraph 437.

438.    Hormel Foods denies the allegations set forth in paragraph 438.

439.    Hormel Foods denies the allegations set forth in paragraph 439.

440.    Hormel Foods denies the allegations set forth in paragraph 440.

441.    Hormel Foods denies the allegations set forth in paragraph 441.

## TWENTY-SIXTH CLAIM FOR RELIEF
## VIOLATION OF THE DISTRICT OF COLUMBIA CONSUMER PROTECTION
## PROCEDURES ACT,
## D.C. CODE § 28-3901, ET SEQ.
## (ON BEHALF OF THE DISTRICT OF COLUMBIA CLASS)

442.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

443.    Hormel Foods lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 443, and therefore denies them.

444.    Hormel Foods denies the allegations set forth in paragraph 444.

US.130404977.09

445.    Hormel Foods denies the allegations set forth in paragraph 445.

446.    Hormel Foods denies the allegations set forth in paragraph 446.

447.    Hormel Foods denies the allegations set forth in paragraph 447.

448.    Hormel Foods denies the allegations set forth in paragraph 448.

449.    Hormel Foods denies the allegations set forth in paragraph 449.

450.    Hormel Foods denies the allegations set forth in paragraph 450.

451.    Hormel Foods denies the allegations set forth in paragraph 451.

**TWENTY-SEVENTH CLAIM FOR RELIEF**
**VIOLATION OF THE FLORIDA DECEPTIVE AND**
**UNFAIR TRADE PRACTICES ACT,**
**FLA. STAT. § 501.201(2), ET SEQ.**
**(ON BEHALF OF THE FLORIDA CLASS)**

452.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

453.    Paragraph 453 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

454.    Paragraph 454 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

455.    Paragraph 455 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

456.    Paragraph 456 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Hormel Foods denies the allegations.

457.    Hormel Foods denies the allegations set forth in paragraph 457.

458.    Hormel Foods denies the allegations set forth in paragraph 458.

US.130404977.09

459.    Hormel Foods denies the allegations set forth in paragraph 459.

460.    Hormel Foods denies the allegations set forth in paragraph 460.

461.    Hormel Foods denies the allegations set forth in paragraph 461.

462.    Hormel Foods denies the allegations set forth in paragraph 462.

463.    Hormel Foods denies the allegations set forth in paragraph 463.

**TWENTY-EIGHTH CLAIM FOR RELIEF**
**VIOLATION OF THE HAWAII REVISED STATUTES**
**ANNOTATED §§ 480-1, ET SEQ.**
**(ON BEHALF OF HAWAII CLASS)**

464.    Hormel Foods incorporates and reasserts, as though fully set forth herein,

each and every response and answer set forth in the preceding paragraphs of this Answer.

465.    Hormel Foods denies the allegations set forth in paragraph 465.

466.    Hormel Foods denies the allegations set forth in paragraph 466.

467.    Hormel Foods denies the allegations set forth in paragraph 467.

468.    Hormel Foods denies the allegations set forth in paragraph 468.

**TWENTY-NINTH CLAIM FOR RELIEF**
**VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE**
**BUSINESS PRACTICES ACT,**
**815 ILL. COMP. STAT. ANN. 505/10A, ET SEQ.**
**(ON BEHALF OF THE ILLINOIS CLASS)**

469.    Hormel Foods incorporates and reasserts, as though fully set forth herein,

each and every response and answer set forth in the preceding paragraphs of this Answer.

470.    Hormel Foods denies the allegations set forth in paragraph 470.

471.    Hormel Foods denies the allegations set forth in paragraph 471.

472.    Hormel Foods denies the allegations set forth in paragraph 472.

473.    Hormel Foods denies the allegations set forth in paragraph 473.

474.    Hormel Foods denies the allegations set forth in paragraph 474.

475.    Hormel Foods denies the allegations set forth in paragraph 475.

476.    Hormel Foods denies the allegations set forth in paragraph 476.

477.    Hormel Foods denies the allegations set forth in paragraph 477.

### THIRTIETH CLAIM FOR RELIEF
### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, MASS. GEN. LAWS CH. 93A § 1, ET SEQ.
### (ON BEHALF OF THE MASSACHUSETTS CLASS)

478.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

479.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 479.

### THIRTY-FIRST CLAIM FOR RELIEF
### VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT, MICH. COMP. LAWS ANN. § 445.901, ET SEQ.
### (ON BEHALF OF THE MICHIGAN CLASS)

480.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

481.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 481.

482.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations

US.130404977.09

set forth in paragraph 482.

483.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 483.

484.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 484.

485.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 485.

486.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 486.

487.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 487.

488.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 488.

489.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 489.

US.130404977.09

## THIRTY-SECOND CLAIM FOR RELIEF
## VIOLATION OF THE MINNESOTA CONSUMER FRAUD ACT,
## MINN. STAT. § 325F.68, ET SEQ.
## (ON BEHALF OF THE MINNESOTA CLASS)

490.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

491.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 491.

492.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 492.

493.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 493.

494.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 494.

495.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 495.

496.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations

US.130404977.09

set forth in paragraph 496.

497.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 497.

498.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 498.

499.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 499.

**THIRTY-THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE NEBRASKA CONSUMER PROTECTION ACT,**
**NEB. REV. STAT. § 59-1602, ET SEQ.**
**(ON BEHALF OF THE NEBRASKA CLASS)**

500.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

501.    Hormel Foods denies the allegations set forth in paragraph 501.

502.    Hormel Foods denies the allegations set forth in paragraph 502.

503.    Hormel Foods denies the allegations set forth in paragraph 503.

504.    Hormel Foods denies the allegations set forth in paragraph 504.

505.    Hormel Foods denies the allegations set forth in paragraph 505.

506.    Hormel Foods denies the allegations set forth in paragraph 506.

507.    Hormel Foods denies the allegations set forth in paragraph 507.

68

508.    Hormel Foods denies the allegations set forth in paragraph 508.

509.    Hormel Foods denies the allegations set forth in paragraph 509.

**THIRTY-FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT,**
**NEV. REV. STAT. § 598.0903, ET SEQ.**
**(ON BEHALF OF THE NEVADA CLASS)**

510.    Hormel Foods incorporates and reasserts, as though fully set forth herein,

each and every response and answer set forth in the preceding paragraphs of this Answer.

511.    Hormel Foods denies the allegations set forth in paragraph 511.

512.    Hormel Foods denies the allegations set forth in paragraph 512.

513.    Hormel Foods denies the allegations set forth in paragraph 513.

514.    Hormel Foods denies the allegations set forth in paragraph 514.

515.    Hormel Foods denies the allegations set forth in paragraph 515.

516.    Hormel Foods denies the allegations set forth in paragraph 516.

517.    Hormel Foods denies the allegations set forth in paragraph 517.

518.    Hormel Foods denies the allegations set forth in paragraph 518.

519.    Hormel Foods denies the allegations set forth in paragraph 519.

**THIRTY-FIFTH CLAIM FOR RELIEF**
**VIOLATION OF THE NEW HAMPSHIRE CONSUMER PROTECTION ACT,**
**N.H. REV. STAT. ANN. TIT. XXXI, § 358-A, ET SEQ.**
**(ON BEHALF OF THE NEW HAMPSHIRE CLASS)**

520.    Hormel Foods incorporates and reasserts, as though fully set forth herein,

each and every response and answer set forth in the preceding paragraphs of this Answer.

521.    The Court has dismissed this claim with prejudice; thus, no response is

required. To the extent that a response is required, Hormel Foods denies the allegations

69

set forth in paragraph 521.

522.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 522.

523.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 523.

524.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 524.

525.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 525.

526.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 526.

527.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 527.

528.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 528.

US.130404977.09

529.   The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 529.

530.   The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 530.

## THIRTY-SIXTH CLAIM FOR RELIEF
## VIOLATION OF THE NEW MEXICO UNFAIR PRACTICES ACT,
## N.M. STAT. ANN. §§ 57-12-3, ET SEQ.
## (ON BEHALF OF THE NEW MEXICO CLASS)

531.   Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

532.   Hormel Foods denies the allegations set forth in paragraph 532.

533.   Hormel Foods denies the allegations set forth in paragraph 533.

534.   Hormel Foods denies the allegations set forth in paragraph 534.

535.   Hormel Foods denies the allegations set forth in paragraph 535.

536.   Hormel Foods denies the allegations set forth in paragraph 536.

537.   Hormel Foods denies the allegations set forth in paragraph 537.

538.   Hormel Foods denies the allegations set forth in paragraph 538.

539.   Hormel Foods denies the allegations set forth in paragraph 539.

540.   Hormel Foods denies the allegations set forth in paragraph 540.

541.   Hormel Foods denies the allegations set forth in paragraph 541.

US.130404977.09

**THIRTY-SEVENTH CLAIM FOR RELIEF**
**VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE AND BUSINESS**
**PRACTICES ACT,**
**N.C. GEN. STAT. § 75-1.1, ET SEQ.**
**(ON BEHALF OF THE NORTH CAROLINA CLASS)**

542.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

543.    Hormel Foods denies the allegations set forth in paragraph 543.

544.    Hormel Foods denies the allegations set forth in paragraph 544.

545.    Hormel Foods denies the allegations set forth in paragraph 545.

546.    Hormel Foods denies the allegations set forth in paragraph 546.

547.    Hormel Foods denies the allegations set forth in paragraph 547.

548.    Hormel Foods denies the allegations set forth in paragraph 548.

549.    Hormel Foods denies the allegations set forth in paragraph 549.

550.    Hormel Foods denies the allegations set forth in paragraph 550.

551.    Hormel Foods denies the allegations set forth in paragraph 551.

**THIRTY-EIGHTH CLAIM FOR RELIEF**
**VIOLATION OF THE NORTH DAKOTA UNFAIR TRADE PRACTICES LAW,**
**N.D. CENT. CODE § 51-10, ET SEQ.**
**(ON BEHALF OF THE NORTH DAKOTA CLASS)**

552.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

553.    Hormel Foods denies the allegations set forth in paragraph 553.

554.    Hormel Foods denies the allegations set forth in paragraph 554.

555.    Hormel Foods denies the allegations set forth in paragraph 555.

US.130404977.09

556.    Hormel Foods denies the allegations set forth in paragraph 556.

557.    Hormel Foods denies the allegations set forth in paragraph 557.

558.    Hormel Foods denies the allegations set forth in paragraph 558.

559.    Hormel Foods denies the allegations set forth in paragraph 559.

560.    Hormel Foods denies the allegations set forth in paragraph 560.

561.    Hormel Foods denies the allegations set forth in paragraph 561.

## THIRTY-NINTH CLAIM FOR RELIEF
## VIOLATION OF THE RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT,
## R.I. GEN. LAWS § 6-13.1-1, ET SEQ.
## (ON BEHALF OF THE RHODE ISLAND CLASS)

562.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

563.    Hormel Foods denies the allegations set forth in paragraph 563.

564.    Hormel Foods denies the allegations set forth in paragraph 564.

565.    Hormel Foods denies the allegations set forth in paragraph 565.

566.    Hormel Foods denies the allegations set forth in paragraph 566.

567.    Hormel Foods denies the allegations set forth in paragraph 567.

568.    Hormel Foods denies the allegations set forth in paragraph 568.

569.    Hormel Foods denies the allegations set forth in paragraph 569.

570.    Hormel Foods denies the allegations set forth in paragraph 570.

571.    Hormel Foods denies the allegations set forth in paragraph 571.

572.    Hormel Foods denies the allegations set forth in paragraph 572.

573.    Hormel Foods denies the allegations set forth in paragraph 573.

US.130404977.09

574.    Hormel Foods denies the allegations set forth in paragraph 574.

**FORTIETH CLAIM FOR RELIEF**
**VIOLATION OF THE SOUTH CAROLINA'S UNFAIR TRADE PRACTICES ACT,**
**S.C. CODE ANN. §§ 39-5-10, ET SEQ.**
**(ON BEHALF OF THE SOUTH CAROLINA CLASS)**

575.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

576.    Hormel Foods denies the allegations set forth in paragraph 576.

577.    Hormel Foods denies the allegations set forth in paragraph 577.

578.    Hormel Foods denies the allegations set forth in paragraph 578.

579.    Hormel Foods denies the allegations set forth in paragraph 579.

580.    Hormel Foods denies the allegations set forth in paragraph 580.

581.    Hormel Foods denies the allegations set forth in paragraph 581.

582.    Hormel Foods denies the allegations set forth in paragraph 582.

583.    Hormel Foods denies the allegations set forth in paragraph 583.

**FORTY-FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE UTAH CONSUMER SALES PRACTICES ACT,**
**UTAH CODE ANN. §§ 13-11-1, ET SEQ.**
**(ON BEHALF OF THE UTAH CLASS)**

584.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

585.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 585.

US.130404977.09

586.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 586.

587.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 587.

588.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 588.

589.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 589.

590.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 590.

591.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 591.

592.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 592.

593.    The Court has dismissed this claim with prejudice; thus, no response is

US.130404977.09

required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 593.

594.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 594.

595.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 595.

**<u>FORTY-SECOND CLAIM FOR RELIEF</u>**
**VIOLATION OF THE UTAH UNFAIR PRACTICES ACT,**
**UTAH CODE ALL. §§ 13-5-1, ET SEQ.**
**(ON BEHALF OF THE UTAH CLASS)**

596.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

597.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 597.

598.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 598.

599.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 599.

US.130404977.09

600.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 600.

601.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 601.

602.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 602.

603.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 603.

**FORTY-THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT**
**VA. CODE ANN. § 59.1- 196, ET SEQ.**
**(ON BEHALF OF THE VIRGINIA CLASS)**

604.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

605.    The Court has dismissed this claim with prejudice; thus, no response is required.  To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 605.

606.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations

set forth in paragraph 606.

607.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 607.

608.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 608.

609.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 609.

610.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 610.

611.    The Court has dismissed this claim with prejudice; thus, no response is required. To the extent that a response is required, Hormel Foods denies the allegations set forth in paragraph 611.

## FORTY-FOURTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT

612.    Hormel Foods incorporates and reasserts, as though fully set forth herein, each and every response and answer set forth in the preceding paragraphs of this Answer.

613.    Hormel Foods denies the allegations set forth in paragraph 613.

614.    The Court dismissed with prejudice unjust enrichment claims under the law

of the states of Arizona, Florida, and Utah, and thus no response is required to those claims. To the extent that a response is required for those claims, Hormel Foods denies the allegations. Hormel Foods denies all of the other allegations set forth in paragraph 614.

## X.    REQUEST FOR RELIEF

In response to Plaintiffs' request for relief as set forth in paragraphs 615 through 622, Hormel Foods denies that Plaintiffs are entitled to any relief on any of their claims, and request that Plaintiffs take nothing from Hormel Foods by this litigation.

## XI.    JURY TRIAL DEMANDED

Pursuant to the Federal Rules of Civil Procedure 38, Hormel Foods demands a trial by jury on all claims to triable.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Hormel Foods pleads:

1.      Plaintiffs' claims and the claims of any putative class members fail to state a claim upon which relief may be granted.

2.      Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because the conduct of Hormel Foods was procompetitive, reasonable, and permissible, and was based upon independent, legitimate, and self-interested business and economic justifications.

3.      Plaintiff's claims and the claims of any putative class members are barred, in whole or in part, because Plaintiffs have not suffered any injury in fact and/or any

injury cognizable under the antitrust laws, and lack standing to bring this action against Hormel Foods.

4.     Plaintiff's claims and the claims of any putative class members are barred, in whole or in part, because Plaintiffs lack standing to bring claims in this action against Hormel Foods, and lack standing based on the law of any state other than the Plaintiffs' home states.

5.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of Hormel Foods and/or were caused, if at all, solely and proximately by the conduct of Plaintiffs themselves or third parties including, without limitations, the prior, intervening or superseding conduct of such Plaintiffs or third parties.

6.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because Plaintiffs failed to mitigate any damages they may have suffered.

7.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by the doctrines of estoppel, laches, and waiver.

8.     Plaintiffs' claims and the claims of any putative class members for injunctive relief or other equitable relief are barred, in whole or in part, by the doctrine of unclean hands.

9.      Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by the doctrine of accord and satisfaction.

US.130404977.09

10.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, based on the ratification of, and consent to, the conduct of Hormel Foods.

11.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, to the extent Plaintiffs seek to impose liability on Hormel Foods based on the exercise of any person's or entity's right to petition federal, state and local legislative and administrative bodies, because such conduct was immune from antitrust claims under the *Noerr-Pennington* doctrine and/or privileged under the First Amendment to the U.S. Constitution.

12.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because applicable statutes of limitations have lapsed with respect to such claims. Plaintiffs filed this action on June 28, 2018. Plaintiffs have not pled any event that would toll any applicable limitations period. As such, the statutory time limitation applicable to some or all of Plaintiffs' claims has passed, and Plaintiffs' claims are thus time-barred.

13.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because to the extent Plaintiffs suffered any injury or incurred any damages as alleged in the Complaint—which Hormel Foods denies—any such injury or damages was caused and brought about by the acts, conduct, or omissions of individuals or entities other than Hormel Foods, and not ratified or otherwise participated in by Hormel Foods and, as such, any recovery herein should be precluded.

81

US.130404977.09

14.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because to the extent Plaintiffs suffered any injury or incurred any damages as alleged in the Complaint—which Hormel Foods denies—any such injury or damage was caused and brought about by intervening or superseding events, factors, occurrences, conditions, or acts of others, including forces in the marketplace or swine diseases, and not by the alleged wrongful conduct on the part of Hormel Foods.

15.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by the right of Hormel Foods to set off any amounts paid to Plaintiffs by any Defendants other than Hormel Foods who have settled, or do settle, Plaintiffs' claims against them in this action.

16.     Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, to the extent they seek improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of antitrust law and the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution.

17.     Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because their alleged damages, if any, are too speculative, uncertain, and not of the nature or to the extent alleged.

18.     Hormel Foods adopts and incorporates by reference any and all other defenses asserted by any other Defendant to the extent that the defense would apply to Hormel Foods.

US.130404977.09

19.    Hormel Foods reserves the right to assert and rely upon such additional affirmative defenses as may become available or apparent as discovery commences and progresses in this litigation, or in the event of any future change in the nature and scope of this litigation.

Dated: December 16, 2020          **FAEGRE DRINKER BIDDLE & REATH LLP**

                                  *s/ Richard A. Duncan*

                                  Richard A. Duncan (#0192983)
                                  Aaron D. Van Oort (#0315539)
                                  Craig S. Coleman (#0325491)
                                  Emily E. Chow (#0388239)
                                  Isaac B. Hall (#0395398)
                                  Bryan K. Washburn (#0397733)
                                  2200 Wells Fargo Center
                                  90 South Seventh Street
                                  Minneapolis, MN  55402-3901
                                  Telephone: (612) 766-7000
                                  Facsimile: (612) 766-1600
                                  richard.duncan@faegredrinker.com
                                  aaron.vanoort@faegredrinker.com
                                  craig.coleman@faegredrinker.com
                                  emily.chow@faegredrinker.com
                                  isaac.hall@faegredrinker.com
                                  bryan.washburn@faegredrinker.com

                                  *Counsel for Defendant Hormel Foods*
                                  *Corporation*