## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL DIRECT PURCHASER PLAINTIFF ACTIONS | No. 0:18-cv-01776-JRT-HB<br><br>**DEFENDANT SMITHFIELD FOODS, INC.'S ANSWER AND DEFENSES TO DIRECT PURCHASER PLAINTIFFS' THIRD AMENDED AND CONSOLIDATED CLASS ACTION COMPLAINT** |

Defendant Smithfield Foods, Inc. ("Smithfield") answers the Direct Purchaser Plaintiffs' ("Plaintiffs") Third Amended and Consolidated Class Action Complaint ("Complaint") as follows:

## ANSWER

In response to the Preamble, Smithfield admits that Plaintiffs have filed suit against it and the other Defendants and seek various types of relief, but denies that Plaintiffs are entitled to any relief under applicable law.

1.  Smithfield denies the allegations in paragraph 1.[1]

2.  Smithfield denies the allegations in paragraph 2. As for footnote 2, Smithfield admits that Plaintiffs offer their own definition of pork but denies that it is proper to lump all of the listed products together and discuss them interchangeably.

---

[1] On those occasions in the Complaint when Plaintiffs make allegations against all Defendants together, unless otherwise stated in this answer, Smithfield will answer for itself only, and any allegations directed against other Defendants will be denied. Smithfield incorporates this footnote by reference into its response to any paragraph in the Complaint that makes global allegations against Defendants as a group.

3.      Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in paragraph 3.  As for the second sentence, Smithfield admits that benchmarking is a procompetitive business practice that is common in many US industries and that allows companies to compare certain performance metrics against others in the industry but denies any remaining allegations.  As for the third sentence, Smithfield responds that the reports it received from Agri Stats were lawful but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence.  As for the fifth sentence, Smithfield admits that benchmarking is a procompetitive business practice that is common in many US industries and that allows certain information to be sent to a third party but denies any other allegations.  Smithfield denies the allegations in the sixth, seventh, eighth, and ninth sentences in paragraph 3.

4.      Smithfield denies the allegations in the first through fifth and seventh sentences in paragraph 4.  Smithfield denies that there was any conspiracy in the US pork industry but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in the sixth sentence in paragraph 4.

5.      Smithfield denies the allegations in paragraph 5.

6.      Smithfield denies the allegations in paragraph 6.

7.      Smithfield denies the allegations in paragraph 7.

8.     As for paragraph 8, Smithfield admits that Plaintiffs bring this case under certain federal statutes and seek various types of relief, but Smithfield denies that it violated the cited statutes and denies that Plaintiffs are entitled to any relief.

9.     Paragraph 9 states a legal conclusion to which no response is required.  To the extent a response is required, Smithfield denies the allegations.

10.    Paragraph 10 states a legal conclusion to which no response is required.  To the extent a response is required, Smithfield denies the allegations.

11.    Paragraph 11 states a legal conclusion to which no response is required.  To the extent a response is required, Smithfield denies the allegations.

12.    Smithfield denies the allegations in paragraph 12.

13.    Paragraph 13 states a legal conclusion to which no response is required.  To the extent a response is required, Smithfield denies the allegations.

14.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

17.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17.

18.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

19.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.

20.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.

21.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

23.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23.

24.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24.

25.     The Court dismissed all claims against Indiana Packers Corporation ("Indiana Packers") with prejudice.   Nevertheless, Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.

26.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26.

27.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29.     As for the allegations in the first sentence in paragraph 29, Smithfield admits that it is incorporated in the Commonwealth of Virginia, admits that it is owned by WH Group Ltd, which is an investment group based in Hong Kong, not the People's Republic of China, and denies any other allegations.  Smithfield admits the allegations in the second and third sentences in paragraph 29.

30.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.

31.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

32.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32.

33.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33.

34.     Smithfield denies the allegations in paragraph 34.

35.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35.

36.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36.

37.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37.

38.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38.

39.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39.

40.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in paragraph 40.  As for the second sentence, Smithfield admits that benchmarking is a procompetitive business practice that is common in many US industries and that allows companies to compare certain performance metrics against others in the industry but denies any remaining allegations.  Smithfield denies the allegations in the third and fourth sentences in paragraph 40.

41.     As for paragraph 41, Smithfield admits that Plaintiffs quote an excerpt from an article, which speaks for itself and is the best evidence of its contents, but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

42.     As for paragraph 42, Smithfield denies that there was a conspiracy, admits that Plaintiffs quote excerpts from an article, which speaks for itself and is the best evidence of its contents, but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

43.     As for paragraph 43, Smithfield admits that Plaintiffs quote an excerpt from a presentation, which speaks for itself and is the best evidence of its contents, but is without knowledge or information sufficient to form a belief about the truth of the remaining

6

allegations.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

44.   Smithfield denies the allegations in paragraph 44.

45.   Smithfield denies the allegations in paragraph 45.

46.   As for the first sentence in paragraph 46, Smithfield (a) admits that at certain times, it has subscribed to certain Agri Stats reports and reported certain information to Agri Stats for legitimate benchmarking purposes, (b) lacks knowledge or information sufficient to form a belief about the truth of the allegations about other defendants, and (c) denies the existence of any conspiracy and denies any remaining allegations.   As for the second sentence, Smithfield admits that Plaintiffs have quoted a portion of a transcript, which speaks for itself and is the best evidence of its contents, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

47.   Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47.

48.   As for paragraph 48, Smithfield admits that it submitted certain types of information to Agri Stats at certain points in time; otherwise, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.   Smithfield denies any characterization or

description of a document that contradicts the contents of the document or takes its contents out of context.

49.     Smithfield denies the allegations in the first sentence of paragraph 49.  As for the second, third, and fourth sentences, Smithfield responds that the unspecified Agri Stats reports vaguely referenced therein are documents that speak for themselves and are the best evidence of their contents, but Smithfield lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

50.     Smithfield denies the allegations in paragraph 50.

51.     As for paragraph 51, Smithfield admits that Plaintiffs purport to have re-produced an image of an excerpt from an Agri Stats report, responds further that the report speaks for itself and is the best evidence of its contents, but denies all other allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

52.      Smithfield denies the allegations in the first and second sentences in paragraph 52.  As for the third sentence, Smithfield admits that Plaintiffs purport to describe an excerpt from an Agri Stats report, which speaks for itself and is the best evidence of its contents, but denies any other allegations.  As for the fourth and fifth sentences, Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning an unidentified, hypothetical Agri Stats report, which (if it exists) is a document that speaks for itself and is the best evidence of its contents.

8

Smithfield denies the allegations in the sixth sentence.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

53.     Smithfield denies the allegations in the first sentence in paragraph 53.  As for the second sentence, Smithfield denies that it exchanged current data on prices and costs with competitors and lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations.  As for the third sentence, Smithfield admits that it does not share its confidential, proprietary information with competitors but otherwise denies all allegations.

54.     As for the first sentence in paragraph 54, Smithfield denies that there was any conspiracy in the pork industry but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield is without knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.   As for the third sentence, Smithfield admits that Plaintiffs refer to and characterize one slide from an Agri Stats presentation, which speaks for itself and is the best evidence of its contents, but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

55.     As for paragraph 55, Smithfield admits that Plaintiffs quote excerpts from an Agri Stats presentation, which speaks for itself and is the best evidence of its contents, but Smithfield lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

56.     Smithfield is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56.

57.     Smithfield admits that Plaintiffs appear to be quoting from an unknown source, which speaks for itself and is the best evidence of its contents, but Smithfield otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

58.     Smithfield is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58.

59.     Smithfield denies the allegations in paragraph 59.

60.     Smithfield denies the allegations in paragraph 60.

61.     Smithfield is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61.

62.     The allegations in paragraph 62 are very general and high-level.  Smithfield admits that the allegations are generally true for itself in most cases but cannot confirm that they would be true in literally every instance for itself or would be true for any other company.  Smithfield further responds that Agri Stats reports speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

63.    Smithfield admits the allegation in the first sentence in paragraph 63.  As for the second and third sentences, Smithfield denies the allegations as to itself but is without knowledge or information sufficient to form a belief about the truth of the allegations as to other parties.

64.    As for the first sentence in paragraph 64, Smithfield denies the allegations as to itself but is without knowledge or information sufficient to form a belief about the truth of the allegations as to other parties.  Smithfield is without knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences.

65.    Smithfield denies that there was any conspiracy in the pork industry, but Smithfield is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 65.

66.    As for paragraph 66, Smithfield admits that Plaintiffs quote an excerpt from a Bloomberg article about the chicken industry, which is an article that speaks for itself and is the best evidence of its contents, but Smithfield is without knowledge or information sufficient to form a belief about the truth of any remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

67.    Smithfield denies the allegations in paragraph 67.

68.    As for the first sentence in paragraph 68, Smithfield denies that vertical integration is pervasive in the pork industry but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations.  As for the second

11

and third sentences, Smithfield admits that it makes its own decisions as to its own production of hogs and pork and as to how its own hogs are raised, fed, and prepared for slaughter, but Smithfield is without knowledge or information sufficient to form a belief about the truth of the remaining allegations.

69.     As for the highly generalized allegations in the first four sentences in paragraph 69 about pork production contracts, Smithfield responds that it: has various different contracts with third parties that raise company-owned hogs for fees that are structured various ways, denies that these third parties somehow become Smithfield employees under these contracts, denies that these contracts allow Smithfield to control the supply of pork, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  As for the first sentence, Smithfield also admits that Plaintiffs quote an article, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations.  Smithfield denies the allegations in the fifth sentence. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the sixth sentence. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

70.     As for the first sentence in paragraph 70, Smithfield admits that farrowing is the term used to describe the sow giving birth but denies the remaining allegations. Smithfield admits the allegations in the second sentence.  As for the third through seventh sentences, Smithfield denies that these incredibly broad generalizations are always or even often true for its operations, further responds that hog production is too complicated to be generalized in this manner, and lacks knowledge or information sufficient to form a belief

about the truth of the allegations as far as other hog producers' operations. Smithfield denies the allegations in the eighth sentence.

71.     Smithfield admits that the chart shown in paragraph 71 lists several steps in the production of hogs, fresh pork, and packaged pork but denies that it necessarily includes every step.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

72.     As for paragraph 72, Smithfield denies that it has colluded with any competitor, denies that the supposed economic concept mentioned here has any relevance to the US pork industry, lacks knowledge or information sufficient to form a belief about the truth of the allegation that vertical integration would make it easier to collude with a competitor, and denies any remaining allegations.

73.     Smithfield admits the allegations in the first sentence in paragraph 73.  As for the second and third sentences, Smithfield admits that Plaintiffs quoted a portion of an annual report from 2014, which speaks for itself and is the best evidence of its contents, and denies any remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

74.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74.

13

75.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75.

76.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76.

77.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77.

78.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78.

79.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79.  Smithfield also notes that the Court dismissed with prejudice all claims against Indiana Packers.

80.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80.

81.     Smithfield denies the allegations in the first sentence in paragraph 81.  As for the second sentence, Smithfield admits the allegation as to itself but lacks knowledge or information sufficient to form a belief about the truth of the allegation as to all other defendants.

82.     In paragraph 82, Smithfield admits that Plaintiffs have quoted a USDA paper from 2001, which is a document that speaks for itself and is the best evidence of its contents, but otherwise denies the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

14

83.     Smithfield denies the allegations in paragraph 83.

84.     Smithfield denies the allegations in the first sentence in paragraph 84. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.  As for the third sentence, Smithfield admits that Plaintiffs refer to a chart that estimates market share using an unknown methodology but otherwise denies the allegations.

85.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

86.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86.

87.     As for paragraph 87, Smithfield admits that the listed dates for transactions involving Smithfield are accurate, denies that the timeline accurately describes the details of its transactions, denies that the pork industry has seen increased concentration in recent years, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations about other companies' transactions.

88.     As for the first sentence in paragraph 88, Smithfield responds that the cited document speaks for itself and is the best evidence of its contents but denies any other allegations.  As for the second sentence, Smithfield admits that no single pork processor has market power but denies any remaining allegations.  Smithfield denies the allegations

15

in the third sentence and notes that Plaintiffs rigged the HHI calculations to reach an inaccurate number.  As for the fourth sentence, Smithfield denies that it has colluded with any other company to restrict the supply of pork and otherwise denies the allegations.  As for the fifth sentence, Smithfield admits that the 2016 chart that Plaintiffs pasted into their Complaint and then edited shows an HHI of 1532 for an unspecified market but otherwise denies the allegations.  As for footnote 34, Smithfield responds that Plaintiffs cite a government website, which speaks for itself and is the best evidence of its contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

89.     Smithfield denies the allegations in the first and third sentences in paragraph 89.  As for the second sentence, Smithfield admits that Plaintiffs quoted a portion of a WH Group Interim Report, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

90.     Smithfield denies the allegations in paragraph 90.

91.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91.

92.     As for the first sentence of paragraph 92, Smithfield denies that there was a conspiracy in the pork industry but lacks knowledge or information sufficient to form a belief about the truth about the remaining allegations.  Smithfield denies the allegations in the second sentence.

93.     The allegations and chart in paragraph 93 are so vague and devoid of explanation, context, or support that Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations.

94.     Smithfield denies the allegations in the first sentence of paragraph 94.  As for the allegations in the second, third, and fifth sentences, Smithfield responds that they might be true in certain circumstances as to certain companies but denies that they are always true as to all companies, denies that construction and entry costs can be generalized in this manner, and denies any remaining allegations.  Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence.  To the extent Plaintiffs' allegations in this paragraph are based on a white paper by a third party, Smithfield responds that the document speaks for itself and is the best evidence of its contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

95.     Smithfield denies the allegations in the first sentence of paragraph 95.  As for the second and third sentences, Smithfield admits that of the hogs it slaughters each year, it purchases a certain percentage from external suppliers and owns a certain percentage, but Smithfield otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies the allegations in the fourth sentence.  To the extent that Plaintiffs' allegations in this paragraph are based on a document from 12 years ago, Smithfield responds that the document speaks for itself and is the best evidence of its contents.  Smithfield denies any characterization or description

of a document that contradicts the contents of the document or takes its contents out of context.

96.     Smithfield denies that the general economic concept referenced in the first sentence in paragraph 96 has any relevance to the US hog, fresh pork, or packaged pork industries.  As for the second and third sentences, Smithfield admits that Plaintiffs describe general economic concepts adhered to by some economists but denies any other allegations.  Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence.

97.     Smithfield denies that the general economic concept referenced in the first sentence in paragraph 97 has any relevance to the US hog, fresh pork, or packaged pork industries.  Smithfield admits the allegations in the second sentence.  Smithfield denies the allegations in the third and fourth sentences.

98.     As for the first sentence in paragraph 98, Smithfield admits that it is a member of certain pork industry trade associations but denies all other allegations.  As for the second sentence, Smithfield admits that the pork industry, like most other industries, has certain meetings where industry participants might see each other in-person and that Smithfield's CEO has attended certain meetings over the years, but Smithfield otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.

99.     Smithfield admits the allegations in the first, second, fourth, and fifth sentences of paragraph 99.  As for the third sentence, Smithfield admits that the assessment amount and the amount to be returned to state pork associations for local programs are set annually by the Pork Act Delegate Board but denies all remaining allegations.

100.    Smithfield admits the allegations in the first sentence of paragraph 100. Smithfield denies the allegations in the second and third sentences.  As for the fourth sentence, Smithfield admits the allegation as to itself but lacks knowledge or information sufficient to form a belief about the truth of the allegations about other companies. Smithfield admits the allegations in the fifth and sixth sentences.

101.    As for the first sentence of paragraph 101, Smithfield admits that Plaintiffs quoted a website that speaks for itself and is the best evidence of its contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.  As for the second sentence, Smithfield admits the allegations as to itself but lacks knowledge or information sufficient to form a belief about the truth of the allegations as to other defendants.

102.    As for the first two sentences of paragraph 102, Smithfield responds that: the National Pork Industry Forum occurs during a joint, separate meeting of the NPPC and the National Pork Board, the NPPC advertises its portion of the Forum, and it denies all other allegations.  Smithfield admits the allegations in the third sentence.

103.    As for paragraph 103, Smithfield denies that it is accurate to say that the National Pork Industry Forum is NPPC's Forum, admits the general descriptions in the bullet points are accurate, denies that Smithfield used any trade-association meeting as part of any conspiracy, denies that there was any conspiracy in the pork industry, and denies any other allegations.  To the extent that Plaintiffs' allegations are based upon quotes from documents, those documents speak for themselves and are the best evidence of their

contents.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

104.    Smithfield admits the allegations in the first sentence of paragraph 104.  As for the second, third, fourth, and fifth sentences, Smithfield admits that Plaintiffs quote portions of various sources, which are documents that speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth about the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.  Smithfield admits the allegations in the sixth sentence as to itself but lacks knowledge or information sufficient to form a belief about the truth of the allegations as to other defendants.

105.    Smithfield denies the allegations in paragraph 105.

106.    Smithfield denies the allegations in the first sentence of paragraph 106. Smithfield admits the allegations in the second sentence.   As for the third sentence, Smithfield admits that Plaintiffs quote from a 2011 article, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth about the allegations.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

107.    As for paragraph 107, Smithfield admits that the NAMI and AMI sometimes sponsor meetings, that certain Smithfield representatives sometimes attend those meetings,

and that members of the pork industry might see each other at these meetings, but denies any other allegations.

108.    As for the allegations in paragraph 108, Smithfield admits that Plaintiffs quote from various sources, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

109.    Smithfield admits the allegations in the first sentence of paragraph 109.  As for the second sentence, Smithfield admits that Plaintiffs quote from a website, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

110.    As for the first sentence of paragraph 110, Smithfield admits the allegation as to itself but lacks knowledge or information sufficient to form a belief about the truth of the allegation as to other defendants.  As for the second sentence, Smithfield admits that Larry Pope and Keira Lombardo served on the NAMI Board at certain points in time but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

111.    As for paragraph 111, Smithfield admits that certain of its representatives have served on the NAMI Executive Committee at certain points in time, denies that its

representatives served as officers of NAMI, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

112.    As for the first two sentences in paragraph 112, Smithfield admits that Plaintiffs quote from various sources, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.  As for the third sentence, Smithfield admits that certain of its executives have attended certain AMI meetings over time but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  As for the fourth sentence, Smithfield admits the allegations as to itself but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

113.    As for the allegations in paragraph 113, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

114.    As for the allegations in paragraph 114, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of

a document that contradicts the contents of the document or takes its contents out of context.

116.    As for the allegations in paragraph 115, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

116.    As for the allegations in paragraph 116, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

117.    As for the allegations in paragraph 117, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

118.    As for the allegations in paragraph 118, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of

their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

119.    Smithfield denies the allegations in the first sentence in paragraph 119.  As for the second sentence, Smithfield admits that Plaintiffs quote from an article, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

120.    Smithfield denies the allegations in the first, second, third, and fifth sentences in paragraph 120.  As for the fourth sentence, Smithfield admits the allegations but notes that the disease began affecting production in 2013.

121.    Smithfield denies the allegations in the first sentence in paragraph 121.  As for the second and third sentences, Smithfield admits that Plaintiffs quote from a source, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

122.    Smithfield denies the allegations in the first and second sentences in paragraph 122.  As for the third sentence, Smithfield admits that Plaintiffs' chart, which cites no source, shows that pork exports as a percentage of US production went from less

than 10% in 2000 up to 20% before Plaintiffs' supposed conspiracy started.  As for the fourth sentence, Smithfield admits that Plaintiffs' chart, which cites no source, shows that pork exports as a percentage of US production barely exceeded 20% in 2011 before dropping.  Smithfield denies the allegations in the fifth sentence.  Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the sixth and seventh sentences in paragraph 122.  Smithfield denies the allegations in the eighth sentence.

123.    Smithfield denies the allegations in paragraph 123.

124.    As for paragraph 124, Smithfield admits that Plaintiffs quoted an article and apparently are referring to other documents, all of which speak for themselves and are the best evidence of their contents, but Smithfield denies all other allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

125.    Smithfield denies the allegations in paragraph 125.

126.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 126.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

127.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 127.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their

25

contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

128. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 128. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

129. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 129. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

130. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 130. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

131. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 131. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

26

132.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 132.  Smithfield also notes that the Court dismissed with prejudice all claims against Indiana Packers.

133.    Smithfield denies the allegations in paragraph 133.

134.    Smithfield denies the allegations in the first sentence in paragraph 134.  As for the second sentence, Smithfield admits that Plaintiffs quote a portion of an article, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

135.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 135.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

136.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in paragraph 136.  As for the second sentence, Smithfield admits that Plaintiffs have quoted a snippet from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

137.    Smithfield denies the allegations in the first sentence in paragraph 137. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence in paragraph 137.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

138.    As for paragraph 138, Smithfield admits that Plaintiffs have quoted a few sentences from a presentation, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

139.    As for paragraph 139, Smithfield admits that Plaintiffs have quoted a snippet from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

140.    As for paragraph 140, Smithfield admits that Plaintiffs have quoted a few sentences from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

141.    As for paragraph 141, Smithfield admits that Plaintiffs have quoted a few sentences from an Annual Report, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

142.    As for paragraph 142, Smithfield admits that Plaintiffs have quoted snippets from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

143.    As for paragraph 143, Smithfield admits that Plaintiffs have quoted a snippet from a 10-K, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

144.    As for paragraph 144, Smithfield admits that Plaintiffs have quoted a snippet from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

145.    As for paragraph 145, Smithfield admits that Plaintiffs have quoted a few sentences from a transcript, which speaks for itself and is the best evidence of its contents,

but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

146.    As for paragraph 146, Smithfield admits that Plaintiffs have quoted a few sentences from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

147.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 147. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

148.    As for paragraph 148, Smithfield admits that Plaintiffs have quoted a few sentences from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

149.    As for paragraph 149, Smithfield admits that Plaintiffs have quoted a snippet from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations. Smithfield denies any characterization or description of a document that

contradicts the contents of the document or takes its contents out of context. As a further response to the last sentence, Smithfield denies that there was a conspiracy in the US pork industry.

150.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 150. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

151.    Smithfield denies the allegations in the first sentence in paragraph 151. As for the second sentence, Smithfield admits that Plaintiffs quote a few sentences from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context. Smithfield denies the allegations in the third sentence.

152.    Smithfield denies the allegations in the first sentence in paragraph 152. As for the second sentence, Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

153.    As for the first sentence in paragraph 153, Smithfield admits that Plaintiffs purport to quote from an unidentified source, which speaks for itself and is the best

31

evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context. As for the second sentence, Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations.

154.   Smithfield denies the allegations in paragraph 154 except it admits that Plaintiffs have quoted a portion of a transcript, which speaks for itself and is the best evidence of its contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

155.   As for paragraph 155, Smithfield admits that Plaintiffs have quoted a few sentences from a document, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

156.   Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 156. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

157.   As for paragraph 157, Smithfield admits that Plaintiffs quoted a portion of an article, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.

Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.  Smithfield also notes that the Court dismissed with prejudice all claims against Indiana Packers.

158.    As for paragraph 158, Smithfield admits that Plaintiffs have quoted a few sentences from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

159.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 159.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

160.    Smithfield denies the allegations in the first sentence in paragraph 160.  As for the remaining sentences, Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

161.    Smithfield denies the allegations in the first sentence in paragraph 161.  As for the second and third sentences, Smithfield admits that Plaintiffs quote a portion of an article, which speaks for itself and is the best evidence of its contents, but otherwise lacks

33

knowledge or information sufficient to form a belief about the truth of the allegations.  As for the fourth sentence, Smithfield admits that Plaintiffs quote a portion of an article, which speaks for itself and is the best evidence of its contents, but denies the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

162.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 162.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

163.    As for paragraph 163, Smithfield admits that Plaintiffs refer to, and quote portions of, two articles, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

164.    Smithfield denies the allegations in the first two sentences of paragraph 164. As for the third sentence, Smithfield admits that Plaintiffs purport to have run various calculations in unknown ways using unidentified data but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies the allegations in the fourth sentence.

165.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences (which are grammatically incoherent) in paragraph 165.  Smithfield denies the allegations in the third sentence.

166.    Smithfield denies the allegations in paragraph 166.

167.    Smithfield denies the allegations in the first sentence in paragraph 167.  As for the second sentence, Smithfield responds that it is internally inconsistent in that it talks at one point about the "price for pork" but then uses as a supposed example an index for the price of live hogs, which is not a "price for pork."  Nevertheless, Smithfield admits that Plaintiffs purport to have performed an unspecified pricing analysis in unknown ways but otherwise denies the allegations in the second sentence.

168.    As for the first two sentences of paragraph 168, Smithfield admits that Plaintiffs claim their experts examined certain factors in unspecified ways using unidentified data but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies the allegations in the third sentence.

169.    As for paragraph 169, Smithfield admits that Plaintiffs refer to a chart but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.

170.    As for paragraph 170, Smithfield admits that Plaintiffs refer to a chart that reflects an unidentified analysis but otherwise denies the allegations.

171.    As for paragraph 171, Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations as to how Plaintiffs supposedly compiled Figure 13 but otherwise denies the allegations.

35

172.    Smithfield denies the allegations in the first sentence in paragraph 172.  As for the second sentence, Smithfield admits that supply and demand are two factors that affect the price of pork but otherwise denies the allegations.  As for the third sentence, Smithfield admits that Plaintiffs are quoting a snippet from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

173.    Smithfield denies the allegations in the first sentence in paragraph 173. As for the second sentence, Smithfield admits that Plaintiffs appear to be quoting from an unidentified source, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

174.    As for the first sentence in paragraph 174, Smithfield admits that a substantial volume of commerce flows through the US pork industry each year.  Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.

175.    As for the first sentence in paragraph 175, Smithfield admits that its sales of fresh pork and packaged pork products reach into the billions of dollars each year, but it lacks knowledge or information sufficient to form a belief about the truth of the allegations about other defendants' sales.  Smithfield admits the allegations in the second sentence.

36

Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence. Smithfield denies the allegations in the fourth sentence.

176.    Smithfield admits the allegations in the first sentence in paragraph 176. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second, third, and fourth sentences. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

177.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 177. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

178.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 178. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

179.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first four sentences in paragraph 179. As for the fifth sentence, Smithfield admits that Plaintiffs refer to a chart but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. To the extent

Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

180. Smithfield denies the allegations in paragraph 180.

181. Smithfield denies the allegations in the first sentence in paragraph 181. As for the second sentence, Smithfield denies that the conspiracy Plaintiffs allege ever existed but further responds that through the exercise of reasonable diligence, Plaintiffs could have discovered the facts they allege in their Complaint because, as shown on the face of the complaint, those facts were public and not concealed. Smithfield denies the allegations in the third and fourth sentences.

182. As for paragraph 182, Smithfield denies that a conspiracy existed and denies the remaining allegations.

183. As for paragraph 183, Smithfield admits that Plaintiffs quote a portion of a statement, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

184. As for the first two sentences in paragraph 184, Smithfield admits that Plaintiffs quote a sentence from a statement, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of

a document that contradicts the contents of the document or takes its contents out of context. Smithfield denies the allegations in the third sentence.

185. As for paragraph 185, Smithfield admits that Plaintiffs quote a snippet from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

186. As for the first sentence in paragraph 186, Smithfield admits that it truthfully answers market analysts' questions as to the factors that affect supply, demand, and pricing in the pork industry but denies any other allegations. As for the second sentence, Smithfield admits that Plaintiffs quote a portion of a transcript, which speaks for itself and is the best evidence of its contents, but denies any other allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

187. Smithfield denies the allegations in the first two sentences in paragraph 187. As for the third sentence, Smithfield admits that Plaintiffs quote a portion of an article, which speaks for itself and is the best evidence of its contents, but denies any other allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context. As for the fourth sentence, Smithfield admits that the referenced article "did not conclude that pork producers were engaged in a horizontal conspiracy," likely because there was and is no such conspiracy in the pork industry, but denies any other allegations.

188. Smithfield denies the allegations in paragraph 188.

39

189.    Smithfield denies the allegations in paragraph 189.

190.    As for the first sentence in paragraph 190, Smithfield denies that there was a conspiracy and denies the remaining allegations.  As for the second sentence, Smithfield admits that the antitrust laws apply to the pork industry but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies the allegations in the third sentence.

191.    Smithfield denies the allegations in paragraph 191.

192.    As for paragraph 192, Smithfield admits that Plaintiffs seek to certify a class but denies that Plaintiffs and the class are entitled to any relief and denies that any class may be certified.

193.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 193.

194.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 194.

195.    Smithfield denies the allegations in paragraph 195.

196.    Smithfield denies the allegations in paragraph 196.

197.    Smithfield denies the allegations in paragraph 197.

198.    Smithfield denies the allegations in paragraph 198.

199.    As for paragraph 199, Smithfield denies that a certified class in any of these cases would generate any efficiencies, denies that any class may be certified, and denies that Plaintiffs are entitled to any relief.

200.    Smithfield denies the allegations in paragraph 200.

201.    Smithfield denies the allegations in paragraph 201.

202.    Smithfield denies the allegations in paragraph 202.

203.    Smithfield denies the allegations in paragraph 203.

204.    Smithfield denies the allegations in paragraph 204.

205.    Smithfield incorporates by reference its prior responses.

206.    Smithfield denies the allegations in paragraph 206.

207.    Smithfield denies the allegations in paragraph 207.

208.    Smithfield denies the allegations in paragraph 208.

209.    Smithfield denies the allegations in paragraph 209.

210.    Smithfield denies the allegations in paragraph 210.

211.    Smithfield denies the allegations in paragraph 211.

212.    Smithfield denies the allegations in paragraph 212.

213.    Smithfield denies the allegations in paragraph 213.

214.    Smithfield denies the allegations in paragraph 214.

215.    Smithfield denies the allegations in paragraph 215.

216.    As for paragraph 216, Smithfield admits that Plaintiffs ask for certain relief but denies that they are entitled any of the requested relief.

217.    As for paragraph 217, Smithfield admits that Plaintiffs ask for certain relief but denies that they are entitled any of the requested relief.

218.    As for paragraph 218, Smithfield admits that Plaintiffs ask for certain relief but denies that they are entitled any of the requested relief.

219.    As for paragraph 219, Smithfield admits that Plaintiffs ask for certain relief but denies that they are entitled any of the requested relief.

220.    As for paragraph 220, Smithfield admits that Plaintiffs ask for certain relief but denies that they are entitled any of the requested relief.

221.    As for paragraph 221, Smithfield admits that Plaintiffs ask for certain relief but denies that they are entitled any of the requested relief.

222.    As for paragraph 222, Smithfield admits that Plaintiffs ask for certain relief but denies that they are entitled any of the requested relief.

223.    As for paragraph 223, Smithfield admits that Plaintiffs ask for certain relief but denies that they are entitled any of the requested relief.

224.    As for paragraph 224, Smithfield admits that Plaintiffs requested a trial by jury but denies that Plaintiffs have stated a claim and denies that they are entitled to a trial.

Smithfield denies any and all allegations contained in Plaintiffs' request for relief, denies that any class may be certified, denies that Plaintiffs are entitled to any relief, and requests that Plaintiffs take nothing in this suit and that this matter be dismissed with prejudice, with costs and fees awarded to Smithfield.

## DEFENDANT'S AFFIRMATIVE DEFENSES

1.    Plaintiffs fail, in whole or in part, to state a claim upon which relief could be granted.

2.    To the extent that Plaintiffs seek to collect compensatory damages, penalties, punitive damages, exemplary damages, attorneys' fees and expenses, and other monetary relief from Smithfield, they seek a recovery that is so grossly excessive and inequitable

42

that it would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

3.      Smithfield has engaged in no behavior that it knew to be, or could reasonably foresee would ever be found to be, improper or forbidden under the federal law alleged by Plaintiffs, and thus neither actual nor treble damages may be awarded against it.

4.      Some or all of the damages sought in these consolidated cases on behalf of the alleged classes of indirect purchasers are duplicative of damages sought on behalf of the alleged class of direct purchasers, under a theory of "passing-on" or otherwise.  Double recovery of the same damages should not be permitted because, among other reasons, it would violate the Fifth and Fourteenth Amendments of the United States Constitution and various states' antitrust statutes.

5.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or laches.

6.      Plaintiffs' claims are barred, in whole or in part, by waiver, ratification, and/or estoppel.

7.      To the extent Plaintiffs claim that Smithfield fraudulently concealed any actions, Plaintiffs have failed to allege this fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

8.      Plaintiffs' claims are barred, in whole or in part, because any alleged anti-competitive effects of the conduct alleged by Plaintiffs do not outweigh the pro-competitive benefits.

9.      Plaintiffs' claims are barred, in whole or in part, because Smithfield's conduct did not cause harm to competition in any relevant market.

10.      Plaintiffs' claims are barred, in whole or in part, because Smithfield acted unilaterally, in furtherance of its independent business interests.

11.      Plaintiffs' claims are barred, in whole or in part, because any contracts or agreements between Smithfield and any other person were lawful business arrangements and cannot support a claim that Smithfield engaged in any unlawful conspiracy.

12.      Plaintiffs' claims are barred, in whole or in part, because they did not suffer antitrust injury.

13.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claimed injuries and damages were not legally or proximately caused by any act or omission of Smithfield, or were caused, if at all, by the conduct of third parties, including, without limitation, the previous, intervening, or superseding conduct of such third parties.

14.      To the extent Plaintiffs have sustained damages, if any, they have failed to mitigate those damages and are therefore barred from recovering damages in whole or in part.

15.      Plaintiffs' damages claims are barred, in whole or in part, because they have suffered no damages or because the damages they seek are speculative and uncertain.

16.      Plaintiffs' claims are barred, in whole or in part, because of a failure to join necessary and/or indispensable parties.

17.      Plaintiffs' claims are barred, in whole or in part, because of the *Copperweld* doctrine.

18.     Plaintiffs' claims are barred, in whole or in part, because Smithfield did not act knowingly, willfully, or intentionally.

19.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of *in pari delicto*, involvement, participation, equal involvement, complete involvement, and unclean hands.

20.     Plaintiffs' claims are barred, in whole or in part, because Defendant's actions were required, permitted, or approved by federal or state law, regulation, or regulatory body.

21.     Smithfield adopts by reference any applicable defense pleaded by any other Defendant that is not otherwise expressly set forth in this Answer.

22.     In stating these affirmative defenses, Smithfield does not concede that it has the burden of proof on any of the aforementioned defenses and denials.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Smithfield Foods, Inc. denies that Plaintiffs are entitled to any relief whatsoever and respectfully requests: (a) that Plaintiffs take nothing by their action; (b) that this Court dismiss Plaintiffs' claims with prejudice; (c) that this Court assess costs and fees against Plaintiffs; and (d) that this Court award Smithfield Foods, Inc. such other and further relief to which it may be justly entitled.

Dated: December 16, 2020                    /s/ Brian E. Robison
                                            John A. Cotter (134296)
                                            John A. Kvinge (0392303)
                                            LARKIN HOFFMAN DALY &
                                            LINDGREN LTD.
                                            8300 Norman Center Drive, Suite 1000
                                            Minneapolis, MN 55427-1060
                                            (952) 896-3340
                                            jcotter@larkinhoffman.com
                                            jkvinge@larkinhoffman.com

                                            Richard Parker (*pro hac vice*)
                                            Josh Lipton (*pro hac vice*)
                                            GIBSON, DUNN & CRUTCHER, LLP
                                            1050 Connecticut Avenue, N.W.
                                            Washington, D.C. 20036-5306
                                            (202) 955-8500
                                            rparker@gibsondunn.com
                                            jlipton@gibsondunn.com

                                            Brian E. Robison (*pro hac vice*)
                                            GIBSON, DUNN & CRUTCHER, LLP
                                            2001 Ross Avenue, Suite 2100
                                            Dallas, TX 75201
                                            (214) 698-3370
                                            brobison@gibsondunn.com

                                            *Counsel for Smithfield Foods, Inc.*

104179825.2

46