# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFF ACTIONS | No. 0:18-cv-01776-JRT-HB<br><br>**DEFENDANT SMITHFIELD FOODS, INC.'S ANSWER AND DEFENSES TO COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' THIRD AMENDED AND CONSOLIDATED CLASS ACTION COMPLAINT** |

Defendant Smithfield Foods, Inc. ("Smithfield") answers the Commercial and Institutional Indirect Purchaser Plaintiffs' Third Amended and Consolidated Class Action Complaint ("Complaint") as follows:

## ANSWER

In response to the Preamble, Smithfield admits that Plaintiffs have filed suit against it and the other Defendants, but denies that Plaintiffs are entitled to relief under applicable law.

1.     Smithfield denies the allegations in paragraph 1.[1]

---

[1]  On those occasions in the Complaint when Plaintiffs make allegations against all Defendants together, unless otherwise stated in this answer, Smithfield will answer for itself only, and any allegations directed against other Defendants will be denied. Smithfield incorporates this footnote by reference into its response to any paragraph in the Complaint that makes global allegations against Defendants as a group.

2.      Smithfield denies the allegations in paragraph 2.  As for footnote 2, Smithfield admits that Plaintiffs offer their own definition of pork but denies that it is proper to lump all of the listed products together and discuss them interchangeably.

3.      Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in paragraph 3.  As for the second sentence, Smithfield admits that benchmarking is a procompetitive business practice that is common in many US industries and that allows companies to compare certain performance metrics against others in the industry but denies any remaining allegations.  As for the third sentence, Smithfield responds that the reports it received from Agri Stats were lawful but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence.  As for the fifth sentence, Smithfield admits that benchmarking is a procompetitive business practice that is common in many US industries and that allows certain information to be sent to a third party but denies any other allegations.  Smithfield denies the allegations in the sixth, seventh, eighth, and ninth sentences in paragraph 3.

4.      Smithfield denies the allegations in the first through fifth and seventh sentences in paragraph 4.  Smithfield denies that there was any conspiracy in the US pork industry but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in the sixth sentence in paragraph 4.

5.      Smithfield denies the allegations in paragraph 5.

6.      Smithfield denies the allegations in paragraph 6.

7.      Smithfield denies the allegations in paragraph 7.

8.      As for paragraph 8, Smithfield admits that Plaintiffs seek various remedies under various statutes and the common-law of certain states, but Smithfield denies that any class may be certified and denies that Plaintiffs or any class members are entitled to any relief.

9.      Paragraph 9 states a legal conclusion to which no response is required.  To the extent a response is required, Smithfield denies the allegations.

10.     Paragraph 10 states a legal conclusion to which no response is required.  To the extent a response is required, Smithfield denies the allegations.

11.     Paragraph 11 states a legal conclusion to which no response is required.  To the extent a response is required, Smithfield denies the allegations.

12.     Smithfield denies the allegations in paragraph 12.

13.     Paragraph 13 states a legal conclusion to which no response is required.  To the extent a response is required, Smithfield denies the allegations.

14.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

17.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17.

18.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

19.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.

20.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.

21.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

23.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23.

24.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24.

25.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.

26.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26.

27.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

4

29.     The Court dismissed all claims against Indiana Packers Corporation ("Indiana Packers") with prejudice.   Nevertheless, Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29.

30.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.

31.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

32.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32.

33.     As for the allegations in the first sentence in paragraph 33, Smithfield admits that it is incorporated in the Commonwealth of Virginia, admits that it is owned by WH Group Ltd, which is an investment group based in Hong Kong, not the People's Republic of China, and denies any other allegations.  Smithfield admits the allegations in the second and third sentences in paragraph 33.

34.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34.

35.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35.

36.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36.

37.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37.

38.     Smithfield denies the allegations in paragraph 38.

39.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39.

40.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40.

41.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41.

42.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42.

43.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43.

44.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in paragraph 44.  As for the second sentence, Smithfield admits that benchmarking is a procompetitive business practice that is common in many US industries and that allows companies to compare certain performance metrics against others in the industry but denies any remaining allegations.  Smithfield denies the allegations in the third and fourth sentences in paragraph 44.

45.     As for paragraph 45, Smithfield admits that Plaintiffs quote an excerpt from an article, which speaks for itself and is the best evidence of its contents, but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

6

46.     As for paragraph 46, Smithfield denies that there was a conspiracy, admits that Plaintiffs quote excerpts from an article, which speaks for itself and is the best evidence of its contents, but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

47.     As for paragraph 47, Smithfield admits that Plaintiffs quote an excerpt from a presentation, which speaks for itself and is the best evidence of its contents, but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

48.     Smithfield denies the allegations in paragraph 48.

49.     Smithfield denies the allegations in paragraph 49.

50.     As for the first sentence in paragraph 50, Smithfield (a) admits that at certain times, it has subscribed to certain Agri Stats reports and reported certain information to Agri Stats for legitimate benchmarking purposes, (b) lacks knowledge or information sufficient to form a belief about the truth of the allegations about other defendants, and (c) denies the existence of any conspiracy and denies any remaining allegations.  As for the second sentence, Smithfield admits that Plaintiffs have quoted a portion of a transcript, which speaks for itself and is the best evidence of its contents, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

51.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51.

52.     As for paragraph 52, Smithfield admits that Plaintiffs have quoted portions of a document, which speaks for itself and is the best evidence of its contents, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

53.     Smithfield denies the allegations in the first sentence of paragraph 53.   As for the second, third, and fourth sentences, Smithfield responds that the unspecified Agri Stats reports vaguely referenced therein are documents that speak for themselves and are the best evidence of their contents, but Smithfield lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

54.     Smithfield denies the allegations in paragraph 54.

55.     As for paragraph 55, Smithfield admits that Plaintiffs purport to have re-produced an image of an excerpt from an Agri Stats report, responds further that the report speaks for itself and is the best evidence of its contents, but denies all other allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

8

56.     Smithfield denies the allegations in the first and second sentences in paragraph 56.  As for the third sentence, Smithfield admits that Plaintiffs purport to describe an excerpt from an Agri Stats report, which speaks for itself and is the best evidence of its contents, but denies any other allegations.  As for the fourth and fifth sentences, Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning an unidentified, hypothetical Agri Stats report, which (if it exists) is a document that speaks for itself and is the best evidence of its contents.  Smithfield denies the allegations in the sixth sentence.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

57.     Smithfield denies the allegations in the first sentence in paragraph 57.  As for the second sentence, Smithfield denies that it exchanged current data on prices and costs with competitors and lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations.  As for the third sentence, Smithfield admits that it does not share its confidential, proprietary information with competitors but otherwise denies all allegations.

58.     As for the first sentence in paragraph 58, Smithfield denies that there was any conspiracy in the pork industry but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield is without knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.  As for the third sentence, Smithfield admits that Plaintiffs refer to and characterize one slide from an Agri Stats presentation, which speaks for itself and is the

best evidence of its contents, but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

59.     As for paragraph 59, Smithfield admits that Plaintiffs quote excerpts from an Agri Stats presentation, which speaks for itself and is the best evidence of its contents, but Smithfield lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

60.     Smithfield is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60.

61.     Smithfield admits that Plaintiffs appear to be quoting from an unknown source, which speaks for itself and is the best evidence of its contents, but Smithfield otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

62.     Smithfield is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62.

63.     Smithfield denies the allegations in paragraph 63.

64.     Smithfield denies the allegations in paragraph 64.

65.     Smithfield is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65.

10

66.    The allegations in paragraph 66 are very general and high-level.  Smithfield admits that the allegations are generally true for itself in most cases but cannot confirm that they would be true in literally every instance for itself or would be true for any other company.  Smithfield further responds that Agri Stats reports speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

67.    Smithfield admits the allegation in the first sentence in paragraph 67.  As for the second and third sentences, Smithfield denies the allegations as to itself but is without knowledge or information sufficient to form a belief about the truth of the allegations as to other parties.

68.    As for the first sentence in paragraph 68, Smithfield denies the allegations as to itself but is without knowledge or information sufficient to form a belief about the truth of the allegations as to other parties.  Smithfield is without knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences.

69.    Smithfield denies that there was any conspiracy in the pork industry, but Smithfield is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 69.

70.    As for paragraph 70, Smithfield admits that Plaintiffs quote an excerpt from a Bloomberg article about the chicken industry, which is an article that speaks for itself and is the best evidence of its contents, but Smithfield is without knowledge or information

sufficient to form a belief about the truth of any remaining allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

71.     Smithfield denies the allegations in paragraph 71.

72.     As for the first sentence in paragraph 72, Smithfield denies that vertical integration is pervasive in the pork industry but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations. As for the second and third sentences, Smithfield admits that it makes its own decisions as to its own production of hogs and pork and as to how its own hogs are raised, fed, and prepared for slaughter, but Smithfield is without knowledge or information sufficient to form a belief about the truth of the remaining allegations.

73.     As for the highly generalized allegations in the first four sentences in paragraph 73 about pork production contracts, Smithfield responds that it: has various different contracts with third parties that raise company-owned hogs for fees that are structured various ways, denies that these third parties somehow become Smithfield employees under these contracts, denies that these contracts allow Smithfield to control the supply of pork, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. As for the first sentence, Smithfield also admits that Plaintiffs quote an article, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies the allegations in the fifth sentence. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the

allegations in the sixth sentence. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

74.     As for the first sentence in paragraph 74, Smithfield admits that farrowing is the term used to describe the sow giving birth but denies the remaining allegations. Smithfield admits the allegations in the second sentence.  As for the third through seventh sentences, Smithfield denies that these incredibly broad generalizations are always or even often true for its operations, further responds that hog production is too complicated to be generalized in this manner, and lacks knowledge or information sufficient to form a belief about the truth of the allegations as far as other hog producers' operations.  Smithfield denies the allegations in the eighth sentence.

75.     Smithfield admits that the chart shown in paragraph 75 lists several steps in the production of hogs, fresh pork, and packaged pork but denies that it necessarily includes every step.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

76.     As for paragraph 76, Smithfield denies that it has colluded with any competitor, denies that the supposed economic concept mentioned here has any relevance to the US pork industry, lacks knowledge or information sufficient to form a belief about the truth of the allegation that vertical integration would make it easier to collude with a competitor, and denies any remaining allegations.

77.     Smithfield admits the allegations in the first sentence in paragraph 77.  As for the second and third sentences, Smithfield admits that Plaintiffs quoted a portion of an annual report from 2014, which speaks for itself and is the best evidence of its contents, and denies any remaining allegations.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

78.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78.

79.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79.

80.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80.

81.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81.

82.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82.

83.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83.  Smithfield also notes that the Court dismissed with prejudice all claims against Indiana Packers.

84.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84.

85.     Smithfield denies the allegations in the first sentence in paragraph 85.  As for the second sentence, Smithfield admits the allegation as to itself but lacks knowledge or information sufficient to form a belief about the truth of the allegation as to all other defendants.

86.     In paragraph 86, Smithfield admits that Plaintiffs have quoted a USDA paper from 2001, which is a document that speaks for itself and is the best evidence of its contents, but otherwise denies the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

87.     Smithfield denies the allegations in paragraph 87.

88.     Smithfield denies the allegations in the first sentence in paragraph 88. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.  As for the third sentence, Smithfield admits that Plaintiffs refer to a chart that estimates market share using an unknown methodology but otherwise denies the allegations.

89.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

90.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90.

15

91.     As for paragraph 91, Smithfield admits that the listed dates for transactions involving Smithfield are accurate, denies that the timeline accurately describes the details of its transactions, denies that the pork industry has seen increased concentration in recent years, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations about other companies' transactions.

92.     As for the first sentence in paragraph 92, Smithfield responds that the cited document speaks for itself and is the best evidence of its contents but denies any other allegations.  As for the second sentence, Smithfield admits that no single pork processor has market power but denies any remaining allegations.  Smithfield denies the allegations in the third sentence and notes that Plaintiffs rigged the HHI calculations to reach an inaccurate number.  As for the fourth sentence, Smithfield denies that it has colluded with any other company to restrict the supply of pork and otherwise denies the allegations.  As for the fifth sentence, Smithfield admits that the 2016 chart that Plaintiffs pasted into their Complaint and then edited shows an HHI of 1532 for an unspecified market but otherwise denies the allegations.  As for footnote 34, Smithfield responds that Plaintiffs cite a government website, which speaks for itself and is the best evidence of its contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

93.     Smithfield denies the allegations in the first and third sentences in paragraph 93. As for the second sentence, Smithfield admits that Plaintiffs quoted a portion of a WH Group Interim Report, which speaks for itself and is the best evidence of its contents, but

otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

94.     Smithfield denies the allegations in paragraph 94.

95.     Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95.

96.     As for the first sentence of paragraph 96, Smithfield denies that there was a conspiracy in the pork industry but lacks knowledge or information sufficient to form a belief about the truth about the remaining allegations.  Smithfield denies the allegations in the second sentence.

97.     The allegations and chart in paragraph 97 are so vague and devoid of explanation, context, or support that Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations.

98.     Smithfield denies the allegations in the first sentence of paragraph 98.  As for the allegations in the second, third, and fifth sentences, Smithfield responds that they might be true in certain circumstances as to certain companies but denies that they are always true as to all companies, denies that construction and entry costs can be generalized in this manner, and denies any remaining allegations.  Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence.  To the extent Plaintiffs' allegations in this paragraph are based on a white paper by a third party, Smithfield responds that the document speaks for itself and is the best evidence of its contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

99.     Smithfield denies the allegations in the first sentence of paragraph 99.  As for the second and third sentences, Smithfield admits that of the hogs it slaughters each year, it purchases a certain percentage from external suppliers and owns a certain percentage, but Smithfield otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies the allegations in the fourth sentence.  To the extent that Plaintiffs' allegations in this paragraph are based on a document from 12 years ago, Smithfield responds that the document speaks for itself and is the best evidence of its contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

100.    Smithfield denies that the general economic concept referenced in the first sentence in paragraph 100 has any relevance to the US hog, fresh pork, or packaged pork industries.  As for the second and third sentences, Smithfield admits that Plaintiffs describe general economic concepts adhered to by some economists but denies any other allegations.  Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence.

101.    Smithfield denies that the general economic concept referenced in the first sentence in paragraph 101 has any relevance to the US hog, fresh pork, or packaged pork industries.  Smithfield admits the allegations in the second sentence.  Smithfield denies the allegations in the third and fourth sentences.

102.    As for the first sentence in paragraph 102, Smithfield admits that it is a member of certain pork industry trade associations but denies all other allegations.  As for

the second sentence, Smithfield admits that the pork industry, like most other industries, has certain meetings where industry participants might see each other in-person and that Smithfield's CEO has attended certain meetings over the years, but Smithfield otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.

103.    Smithfield admits the allegations in the first, second, fourth, and fifth sentences of paragraph 103.   As for the third sentence, Smithfield admits that the assessment amount and the amount to be returned to state pork associations for local programs are set annually by the Pork Act Delegate Board but denies all remaining allegations.

104.    Smithfield admits the allegations in the first sentence of paragraph 104. Smithfield denies the allegations in the second and third sentences.   As for the fourth sentence, Smithfield admits the allegation as to itself but lacks knowledge or information sufficient to form a belief about the truth of the allegations about other companies. Smithfield admits the allegations in the fifth and sixth sentences.

105.    As for the first sentence of paragraph 105, Smithfield admits that Plaintiffs quoted a website that speaks for itself and is the best evidence of its contents.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.   As for the second sentence, Smithfield admits the allegations as to itself but lacks knowledge or information sufficient to form a belief about the truth of the allegations as to other defendants.

106.    As for the first two sentences of paragraph 106, Smithfield responds that: the National Pork Industry Forum occurs during a joint, separate meeting of the NPPC and the

National Pork Board, the NPPC advertises its portion of the Forum, and it denies all other allegations.  Smithfield admits the allegations in the third sentence.

107.    As for paragraph 107, Smithfield denies that it is accurate to say that the National Pork Industry Forum is NPPC's Forum, admits the general descriptions in the bullet points are accurate, denies that Smithfield used any trade-association meeting as part of any conspiracy, denies that there was any conspiracy in the pork industry, and denies any other allegations.  To the extent that Plaintiffs' allegations are based upon quotes from documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

108.    Smithfield admits the allegations in the first sentence of paragraph 108.  As for the second, third, fourth, and fifth sentences, Smithfield admits that Plaintiffs quote portions of various sources, which are documents that speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth about the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.  Smithfield admits the allegations in the sixth sentence as to itself but lacks knowledge or information sufficient to form a belief about the truth of the allegations as to other defendants.

109.    Smithfield denies the allegations in paragraph 109.

110.    Smithfield denies the allegations in the first sentence of paragraph 110.  Smithfield admits the allegations in the second sentence.  As for the third sentence,

Smithfield admits that Plaintiffs quote from a 2011 article, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth about the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

111.    As for paragraph 111, Smithfield admits that the NAMI and AMI sometimes sponsor meetings, that certain Smithfield representatives sometimes attend those meetings, and that members of the pork industry might see each other at these meetings, but denies any other allegations.

112.    As for the allegations in paragraph 112, Smithfield admits that Plaintiffs quote from various sources, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

113.    Smithfield admits the allegations in the first sentence of paragraph 113.  As for the second sentence, Smithfield admits that Plaintiffs quote from a website, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

114.    As for the first sentence of paragraph 114, Smithfield admits the allegation as to itself but lacks knowledge or information sufficient to form a belief about the truth of

the allegation as to other defendants.  As for the second sentence, Smithfield admits that Larry Pope and Keira Lombardo served on the NAMI Board at certain points in time but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

115.   As for paragraph 115, Smithfield admits that certain of its representatives have served on the NAMI Executive Committee at certain points in time, denies that its representatives served as officers of NAMI, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

116.   As for the first two sentences in paragraph 116, Smithfield admits that Plaintiffs quote from various sources, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.  As for the third sentence, Smithfield admits that certain of its executives have attended certain AMI meetings over time but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  As for the fourth sentence, Smithfield admits the allegations as to itself but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

117.   As for the allegations in paragraph 117, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of

a document that contradicts the contents of the document or takes its contents out of context.

118.     As for the allegations in paragraph 118, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

119.     As for the allegations in paragraph 119, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

120.     As for the allegations in paragraph 120, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

121.     As for the allegations in paragraph 121, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of

their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

122.    As for the allegations in paragraph 122, Smithfield admits that Plaintiffs quote from various documents, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

123.    Smithfield denies the allegations in the first sentence in paragraph 123.  As for the second sentence, Smithfield admits that Plaintiffs quote from an article, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

124.    Smithfield denies the allegations in the first, second, third, and fifth sentences in paragraph 124.  As for the fourth sentence, Smithfield admits the allegations but notes that the disease began affecting production in 2013.

125.    Smithfield denies the allegations in the first sentence in paragraph 125.  As for the second and third sentences, Smithfield admits that Plaintiffs quote from a source, which speaks for itself and is the best evidence of its contents, but otherwise lacks

knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

126.    Smithfield denies the allegations in the first and second sentences in paragraph 126.  As for the third sentence, Smithfield admits that Plaintiffs' chart, which cites no source, shows that pork exports as a percentage of US production went from less than 10% in 2000 up to 20% before Plaintiffs' supposed conspiracy started.  As for the fourth sentence, Smithfield admits that Plaintiffs' chart, which cites no source, shows that pork exports as a percentage of US production barely exceeded 20% in 2011 before dropping.  Smithfield denies the allegations in the fifth sentence.  Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the sixth and seventh sentences.  Smithfield denies the allegations in the eighth sentence.

127.    Smithfield denies the allegations in paragraph 127.

128.    As for paragraph 128, Smithfield admits that Plaintiffs quoted an article and apparently are referring to other documents, all of which speak for themselves and are the best evidence of their contents, but Smithfield denies all other allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

129.    Smithfield denies the allegations in paragraph 129.

130.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 130.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their

contents.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

131.   Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 131.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

132.   Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 132.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

133.   Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 133.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

134.   Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 134.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

26

135.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 135.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

136.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 136.  Smithfield also notes that the Court dismissed with prejudice all claims against Indiana Packers.

137.    Smithfield denies the allegations in paragraph 137.

138.    Smithfield denies the allegations in the first sentence in paragraph 138.  As for the second sentence, Smithfield admits that Plaintiffs quote a portion of an article, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

139.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 139.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

140.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in paragraph 140.  As for the second sentence, Smithfield admits that Plaintiffs have quoted a snippet from a transcript, which

speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

141.   Smithfield denies the allegations in the first sentence in paragraph 141. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.   To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

142.   As for paragraph 142, Smithfield admits that Plaintiffs have quoted a few sentences from a presentation, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

143.   As for paragraph 143, Smithfield admits that Plaintiffs have quoted a snippet from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

144.   As for paragraph 144, Smithfield admits that Plaintiffs have quoted a few sentences from a transcript, which speaks for itself and is the best evidence of its contents,

but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

145.    As for paragraph 145, Smithfield admits that Plaintiffs have quoted a few sentences from an Annual Report, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

146.    As for paragraph 146, Smithfield admits that Plaintiffs have quoted snippets from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

147.    As for paragraph 147, Smithfield admits that Plaintiffs have quoted a snippet from a 10-K, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

148.    As for paragraph 148, Smithfield admits that Plaintiffs have quoted a snippet from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the

allegations.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

149.    As for paragraph 149, Smithfield admits that Plaintiffs have quoted a few sentences from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

150.    As for paragraph 150, Smithfield admits that Plaintiffs have quoted a few sentences from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

151.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 151.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

152.    As for paragraph 152, Smithfield admits that Plaintiffs have quoted a few sentences from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

153.    As for paragraph 153, Smithfield admits that Plaintiffs have quoted a snippet from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.  As a further response to the last sentence, Smithfield denies that there was a conspiracy in the US pork industry.

154.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 154.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

155.    Smithfield denies the allegations in the first sentence in paragraph 155.  As for the second sentence, Smithfield admits that Plaintiffs quote a few sentences from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.  Smithfield denies the allegations in the third sentence.

156.    Smithfield denies the allegations in the first sentence in paragraph 156.  As for the second sentence, Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their

contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

157. As for the first sentence in paragraph 157, Smithfield admits that Plaintiffs purport to quote from an unidentified source, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context. As for the second sentence, Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations.

158. Smithfield denies the allegations in paragraph 158 except it admits that Plaintiffs have quoted a portion of a transcript, which speaks for itself and is the best evidence of its contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

159. As for paragraph 159, Smithfield admits that Plaintiffs have quoted a few sentences from a document, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

160. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 160. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their

contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

161. As for paragraph 161, Smithfield admits that Plaintiffs quoted a portion of an article, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context. Smithfield also notes that the Court dismissed with prejudice all claims against Indiana Packers.

162. As for paragraph 162, Smithfield admits that Plaintiffs have quoted a few sentences from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

163. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 163. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents. Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

164. Smithfield denies the allegations in the first sentence in paragraph 164. As for the remaining sentences, Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations. To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their

33

contents.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

165.   Smithfield denies the allegations in the first sentence in paragraph 165.  As for the second and third sentences, Smithfield admits that Plaintiffs quote a portion of an article, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  As for the fourth sentence, Smithfield admits that Plaintiffs quote a portion of an article, which speaks for itself and is the best evidence of its contents, but denies the remaining allegations.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

166.   Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 166.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

167.   As for paragraph 167, Smithfield admits that Plaintiffs refer to, and quote portions of, two articles, which speak for themselves and are the best evidence of their contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

168.   Smithfield denies the allegations in the first two sentences of paragraph 168. As for the third sentence, Smithfield admits that Plaintiffs purport to have run various

calculations in unknown ways using unidentified data but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies the allegations in the fourth sentence.

169.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences (which are grammatically incoherent) in paragraph 169.  Smithfield denies the allegations in the third sentence.

170.    Smithfield denies the allegations in paragraph 170.

171.    Smithfield denies the allegations in the first sentence in paragraph 171.  As for the second sentence, Smithfield responds that it is internally inconsistent in that it talks at one point about the "price for pork" but then uses as a supposed example an index for the price of live hogs, which is not a "price for pork."  Nevertheless, Smithfield admits that Plaintiffs purport to have performed an unspecified pricing analysis in unknown ways but otherwise denies the allegations in the second sentence.

172.    As for the first two sentences of paragraph 172, Smithfield admits that Plaintiffs claim their experts examined certain factors in unspecified ways using unidentified data but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies the allegations in the third sentence.

173.    As for paragraph 173, Smithfield admits that Plaintiffs refer to a chart but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.

174.    As for paragraph 174, Smithfield admits that Plaintiffs refer to a chart that reflects an unidentified analysis but otherwise denies the allegations.

175.    As for paragraph 175, Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations as to how Plaintiffs supposedly compiled Figure 13 but otherwise denies the allegations.

176.    Smithfield denies the allegations in the first sentence in paragraph 176.  As for the second sentence, Smithfield admits that supply and demand are two factors that affect the price of pork but otherwise denies the allegations.  As for the third sentence, Smithfield admits that Plaintiffs are quoting a snippet from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

177.    Smithfield denies the allegations in the first sentence in paragraph 177. As for the second sentence, Smithfield admits that Plaintiffs appear to be quoting from an unidentified source, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

178.    As for the first sentence in paragraph 178, Smithfield admits that a substantial volume of commerce flows through the US pork industry each year.  Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.

179.    As for the first sentence in paragraph 179, Smithfield admits that its sales of fresh pork and packaged pork products reach into the billions of dollars each year, but it lacks knowledge or information sufficient to form a belief about the truth of the allegations about other defendants' sales.  Smithfield admits the allegations in the second sentence. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence.  Smithfield denies the allegations in the fourth sentence.

180.    Smithfield admits the allegations in the first sentence in paragraph 180. Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second, third, and fourth sentences.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

181.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 181.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

182.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 182.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.   Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

37

183.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first four sentences in paragraph 183.  As for the fifth sentence, Smithfield admits that Plaintiffs refer to a chart but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  To the extent Plaintiffs' allegations rely upon documents, those documents speak for themselves and are the best evidence of their contents.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

184.    Smithfield denies the allegations in paragraph 184.

185.    Smithfield denies the allegations in the first sentence in paragraph 185.  As for the second sentence, Smithfield denies that the conspiracy Plaintiffs allege ever existed but further responds that through the exercise of reasonable diligence, Plaintiffs could have discovered the facts they allege in their Complaint because, as shown on the face of the complaint, those facts were public and not concealed.  Smithfield denies the allegations in the third and fourth sentences.

186.    As for paragraph 186, Smithfield denies that a conspiracy existed and denies the remaining allegations.

187.    As for paragraph 187, Smithfield admits that Plaintiffs quote a portion of a statement, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

38

188.     As for the first two sentences in paragraph 188, Smithfield admits that Plaintiffs quote a sentence from a statement, which speaks for itself and is the best evidence of its contents, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.  Smithfield denies the allegations in the third sentence.

189.     As for paragraph 189, Smithfield admits that Plaintiffs quote a snippet from a transcript, which speaks for itself and is the best evidence of its contents, but otherwise denies the allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

190.     As for the first sentence in paragraph 190, Smithfield admits that it truthfully answers market analysts' questions as to the factors that affect supply, demand, and pricing in the pork industry but denies any other allegations.  As for the second sentence, Smithfield admits that Plaintiffs quote a portion of a transcript, which speaks for itself and is the best evidence of its contents, but denies any other allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.

191.     Smithfield denies the allegations in the first two sentences in paragraph 191.  As for the third sentence, Smithfield admits that Plaintiffs quote a portion of an article, which speaks for itself and is the best evidence of its contents, but denies any other allegations.  Smithfield denies any characterization or description of a document that contradicts the contents of the document or takes its contents out of context.  As for the

39

fourth sentence, Smithfield admits that the referenced article "did not conclude that pork producers were engaged in a horizontal conspiracy," likely because there was and is no such conspiracy in the pork industry, but denies any other allegations.

192.    Smithfield denies the allegations in paragraph 192.

193.    Smithfield denies the allegations in paragraph 193.

194.    As for the first sentence in paragraph 194, Smithfield denies that there was a conspiracy and denies the remaining allegations.  As for the second sentence, Smithfield admits that the antitrust laws apply to the pork industry but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.  Smithfield denies the allegations in the third sentence.

195.    Smithfield denies the allegations in paragraph 195.

196.    As for paragraph 196, Smithfield admits that Plaintiffs seek to certify a class but denies that Plaintiffs and the class are entitled to any relief and denies that any class may be certified.

197.    As for paragraph 197, Smithfield admits that Plaintiffs seek to certify a class but denies that Plaintiffs and the class are entitled to any relief and denies that any class may be certified.

198.    As for paragraph 198, Smithfield admits that plaintiffs seek to certify two putative classes but denies that Plaintiffs and the putative classes are entitled to any relief and denies that any class may be certified.

199.    As for paragraph 199, Smithfield admits that Plaintiffs purport to reserve certain rights, but Smithfield does not consent to that reservation of rights, denies that

Plaintiffs and the putative classes are entitled to any relief, and denies that any class may be certified.

200.    Smithfield lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 200.

201.    Smithfield denies the allegations in paragraph 201.

202.    Smithfield denies the allegations in paragraph 202.

203.    Smithfield denies the allegations in paragraph 203.

204.    Smithfield denies the allegations in paragraph 204.

205.    Smithfield denies the allegations in paragraph 205.

206.    As for paragraph 206, Smithfield denies that a certified class in any of these cases would generate any efficiencies, denies that any class may be certified, and denies that Plaintiffs are entitled to any relief.

207.    Smithfield denies the allegations in paragraph 207.

208.    Smithfield denies the allegations in paragraph 208.

209.    Smithfield denies the allegations in paragraph 209.

210.    Smithfield denies the allegations in paragraph 210.

211.    Smithfield incorporates by reference its prior responses.

212.    Smithfield denies the allegations in paragraph 212.

213.    Smithfield denies the allegations in paragraph 213.

214.    Smithfield denies the allegations in paragraph 214.

215.    Smithfield denies the allegations in paragraph 215.

216.    Smithfield denies the allegations in paragraph 216.

41

217.    Smithfield denies the allegations in paragraph 217.

218.    Smithfield denies the allegations in paragraph 218.

219.    Smithfield denies the allegations in paragraph 219.

220.    Paragraph 220 contains a legal conclusion to which no response is required. To the extent a response is required, Smithfield denies the allegations.

221.    Smithfield incorporates by reference its prior responses.

222.    Smithfield denies the allegations in paragraph 222.

223.    Smithfield denies the allegations in paragraph 223.

224.    Smithfield denies the allegations in paragraph 224.

225.    Smithfield denies the allegations in paragraph 225.

226.    Smithfield denies the allegations in paragraph 226.

227.    As for paragraph 227, Smithfield admits that Plaintiffs seek various forms of relief but denies that Plaintiffs or the putative classes are entitled to any relief and denies that any class may be certified.

228.    Smithfield denies the allegations in paragraph 228.

229.    Smithfield denies the allegations in paragraph 229.

230.    Smithfield denies the allegations in paragraph 230.

231.    Smithfield denies the allegations in paragraph 231.

232.    Smithfield denies the allegations in paragraph 232.

233.    Smithfield denies the allegations in paragraph 233.

234.    Smithfield denies the allegations in paragraph 234.

235.    Smithfield denies the allegations in paragraph 235.

236.   Smithfield denies the allegations in paragraph 236.

237.   Dismissed.

238.   Smithfield denies the allegations in paragraph 238.

239.   Smithfield denies the allegations in paragraph 239.

240.   Smithfield denies the allegations in paragraph 240.

241.   Smithfield denies the allegations in paragraph 241.

242.   Smithfield denies the allegations in paragraph 242.

243.   Smithfield denies the allegations in paragraph 243.

244.   Smithfield denies the allegations in paragraph 244.

245.   Smithfield denies the allegations in paragraph 245.

246.   Smithfield denies the allegations in paragraph 246.

247.   Smithfield denies the allegations in paragraph 247.

248.   Smithfield denies the allegations in paragraph 248.

249.   Smithfield denies the allegations in paragraph 249.

250.   Smithfield denies the allegations in paragraph 250.

251.   Smithfield denies the allegations in paragraph 251.

252.   Smithfield denies the allegations in paragraph 252.

253.   Smithfield incorporates by reference its prior responses.

254.   Smithfield denies the allegations in paragraph 254.

255.   Smithfield denies the allegations in paragraph 255.

256.   Smithfield denies the allegations in paragraph 256.

257.   Smithfield denies the allegations in paragraph 257.

258.    Dismissed.

259.    Dismissed.

260.    Smithfield denies the allegations in paragraph 260

261.    Dismissed.

262.    Smithfield denies the allegations in paragraph 262.

263.    Dismissed.

264.    Smithfield denies the allegations in paragraph 264.

265.    Smithfield denies the allegations in paragraph 265.

266.    Smithfield denies the allegations in paragraph 266.

267.    Dismissed.

268.    Smithfield denies the allegations in paragraph 268.

269.    Smithfield denies the allegations in paragraph 269.

270.    Smithfield denies the allegations in paragraph 270.

271.    Smithfield incorporates by reference its prior responses.

272.    As for paragraph 272, Smithfield denies that Plaintiffs have stated a claim that can be alleged in the alternative.

273.    Smithfield denies the allegations in paragraph 273.

274.    Smithfield denies the allegations in paragraph 274.

275.    Smithfield denies the allegations in paragraph 275.

276.    Smithfield denies the allegations in paragraph 276.

277.    Smithfield denies the allegations in paragraph 277.

278.    Smithfield denies the allegations in paragraph 278.

279.    Smithfield denies the allegations in paragraph 279.

280.    Smithfield denies the allegations in paragraph 280.

281.    Smithfield denies the allegations in paragraph 281.

282.    Smithfield denies the allegations in paragraph 282.

283.    Smithfield denies the allegations in paragraph 283.

284.    Smithfield denies the allegations in paragraph 284.

285.    Smithfield denies the allegations in paragraph 285.

286.    Smithfield denies the allegations in paragraph 286.

287.    Smithfield denies the allegations in paragraph 287.

288.    Smithfield denies the allegations in paragraph 288.

289.    As for paragraph 289, Smithfield admits that Plaintiffs seek to certify classes and ask for certain relief but denies that they are entitled any of the requested relief and denies that any class may be certified.

290.    As for paragraph 290, Smithfield admits that Plaintiffs ask for certain relief but denies that they are entitled any of the requested relief.

291.    As for paragraph 291, Smithfield admits that Plaintiffs ask for certain relief but denies that they are entitled any of the requested relief.

292.    As for paragraph 292, Smithfield admits that Plaintiffs ask for certain relief but denies that they are entitled any of the requested relief.

293.    As for paragraph 293, Smithfield admits that Plaintiffs ask for certain relief but denies that they are entitled any of the requested relief.

294.    As for paragraph 294, Smithfield admits that Plaintiffs ask for certain relief but denies that they are entitled any of the requested relief.

295.    As for paragraph 295, Smithfield admits that Plaintiffs ask for certain relief but denies that they are entitled any of the requested relief.

296.    As for paragraph 296, Smithfield admits that Plaintiffs ask for certain relief but denies that they are entitled any of the requested relief.

297.    As for paragraph 297, Smithfield admits that Plaintiffs ask for certain relief but denies that they are entitled any of the requested relief.

298.    As for paragraph 298, Smithfield admits that Plaintiffs requested a trial by jury but denies that Plaintiffs have stated a claim and denies that they are entitled to a trial.

Smithfield denies any and all allegations contained in Plaintiffs' request for relief, denies that any class may be certified, denies that Plaintiffs are entitled to any relief, and requests that Plaintiffs take nothing in this suit and that this matter be dismissed with prejudice, with costs and fees awarded to Smithfield.

### DEFENDANT'S AFFIRMATIVE DEFENSES

1.    Plaintiffs fail, in whole or in part, to state a claim upon which relief could be granted.

2.    To the extent that Plaintiffs seek to collect compensatory damages, penalties, punitive damages, exemplary damages, attorneys' fees and expenses, and other monetary relief from Smithfield, they seek a recovery that is so grossly excessive and inequitable that it would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

46

3.      Smithfield has engaged in no behavior that it knew to be, or could reasonably foresee would ever be found to be, improper or forbidden under the federal law alleged by Plaintiffs, and thus neither actual nor treble damages may be awarded against it.

4.      Some or all of the damages sought in these consolidated cases on behalf of the alleged classes of indirect purchasers are duplicative of damages sought on behalf of the alleged class of direct purchasers, under a theory of "passing-on" or otherwise.  Double recovery of the same damages should not be permitted because, among other reasons, it would violate the Fifth and Fourteenth Amendments of the United States Constitution and various states' antitrust statutes.

5.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or laches.

6.      Plaintiffs' claims are barred, in whole or in part, by waiver, ratification, and/or estoppel.

7.      To the extent Plaintiffs claim that Smithfield fraudulently concealed any actions, Plaintiffs have failed to allege this fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

8.      Plaintiffs' claims are barred, in whole or in part, because any alleged anti-competitive effects of the conduct alleged by Plaintiffs do not outweigh the pro-competitive benefits.

9.      Plaintiffs' claims are barred, in whole or in part, because Smithfield's conduct did not cause harm to competition in any relevant market.

10.     Plaintiffs' claims are barred, in whole or in part, because Smithfield acted unilaterally, in furtherance of its independent business interests.

11.     Plaintiffs' claims are barred, in whole or in part, because any contracts or agreements between Smithfield and any other person were lawful business arrangements and cannot support a claim that Smithfield engaged in any unlawful conspiracy.

12.     Plaintiffs' claims are barred, in whole or in part, because they did not suffer antitrust injury.

13.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claimed injuries and damages were not legally or proximately caused by any act or omission of Smithfield, or were caused, if at all, by the conduct of third parties, including, without limitation, the previous, intervening, or superseding conduct of such third parties.

14.     To the extent Plaintiffs have sustained damages, if any, they have failed to mitigate those damages and are therefore barred from recovering damages in whole or in part.

15.     Plaintiffs' damages claims are barred, in whole or in part, because they have suffered no damages or because the damages they seek are speculative and uncertain.

16.     Plaintiffs' claims are barred, in whole or in part, because of a failure to join necessary and/or indispensable parties.

17.     Plaintiffs' claims are barred, in whole or in part, because of the *Copperweld* doctrine.

18.     Plaintiffs' claims are barred, in whole or in part, because Smithfield did not act knowingly, willfully, or intentionally.

48

19.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of *in pari delicto*, involvement, participation, equal involvement, complete involvement, and unclean hands.

20.     Plaintiffs' claims are barred, in whole or in part, because they lack standing to bring some or all of their claims.

21.     Plaintiffs' claims are barred, in whole or in part, because Defendant's actions were required, permitted, or approved by federal or state law, regulation, or regulatory body.

22.     Plaintiffs' claims are barred, in whole or in part, under certain consumer-fraud and/or consumer-protection statutes because Plaintiffs did not rely on—or were not induced to act by—Smithfield's conduct.

23.     Plaintiffs' unjust-enrichment claims are barred, in whole or in part, because Plaintiffs did not confer any direct or indirect benefit on Smithfield.

24.     Plaintiffs' unjust-enrichment claims are barred, in whole or in part, because Plaintiffs have an adequate remedy at law.

25.     Plaintiffs' unjust-enrichment claims are barred, in whole or in part, because Plaintiffs received the benefit of the bargain.

26.     Plaintiffs' unjust-enrichment and restitution claims are barred, in whole or in part, to the extent that they have never had an ownership or vested interest in the money or property sought to be recovered from Smithfield.

27.     Plaintiffs' claim for damages under the California UCL is barred because damages are not recoverable under the UCL.

28.     Smithfield adopts by reference any applicable defense pleaded by any other Defendant that is not otherwise expressly set forth in this Answer.

29.     In stating these affirmative defenses, Smithfield does not concede that it has the burden of proof on any of the aforementioned defenses and denials.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Smithfield Foods, Inc. denies that Plaintiffs are entitled to any relief whatsoever and respectfully requests: (a) that Plaintiffs take nothing by their action; (b) that this Court dismiss Plaintiffs' claims with prejudice; (c) that this Court assess costs and fees against Plaintiffs; and (d) that this Court award Smithfield Foods, Inc. such other and further relief to which it may be justly entitled.

Dated: December 16, 2020                    /s/ Brian E. Robison
                                            John A. Cotter (134296)
                                            John A. Kvinge (0392303)
                                            LARKIN HOFFMAN DALY &
                                            LINDGREN LTD.
                                            8300 Norman Center Drive, Suite 1000
                                            Minneapolis, MN 55427-1060
                                            (952) 896-3340
                                            jcotter@larkinhoffman.com
                                            jkvinge@larkinhoffman.com

                                            Richard Parker (*pro hac vice*)
                                            Josh Lipton (*pro hac vice*)
                                            GIBSON, DUNN & CRUTCHER, LLP
                                            1050 Connecticut Avenue, N.W.
                                            Washington, D.C. 20036-5306
                                            (202) 955-8500
                                            rparker@gibsondunn.com
                                            jlipton@gibsondunn.com

                                            Brian E. Robison (*pro hac vice*)
                                            GIBSON, DUNN & CRUTCHER, LLP
                                            2001 Ross Avenue, Suite 2100
                                            Dallas, TX 75201
                                            (214) 698-3370
                                            brobison@gibsondunn.com

                                            *Counsel for Smithfield Foods, Inc.*

104181255.4

51