**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIG.* | Case No. 0:18-cv-01776-JRT-HB |
| This Document Relates to:<br><br>ALL COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS ACTIONS | **ANSWER TO COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' THIRD AMENDED AND CONSOLIDATED CLASS ACTION COMPLAINT** |

Tyson Foods, Inc. Tyson Prepared Foods, Inc., and Tyson Fresh Meats, Inc. ("Tyson"), by and through the undersigned counsel, submits its answer and affirmative defenses to the Third Amended Complaint filed by Commercial and Institutional Indirect Purchaser Plaintiffs' ("Plaintiffs") on January 15, 2020 as follows:

1.     Paragraph 1 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson denies that it is a pork integrator, a term inaccurately used by the Plaintiffs' complaint, because Between 2009 and 2018, Tyson purchased approximately 95% of its hogs from independent hog farmers.

2.     Tyson specifically denies the conspiracy alleged in the Complaint. Tyson denies the allegations in Paragraph 2.

3.     Tyson admits only that Tyson and some other pork producers submit information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and, therefore, denies these allegations. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

4.      Tyson only admits only that Tyson and some other pork producers submit information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes, as it has done since at least the mid-1990s. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and, therefore, denies these allegations. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

5.      To the extent that the allegations in Paragraph 5 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Tyson denies any remaining allegations in Paragraph 5 and generally and specifically denies the conspiracy alleged in the Complaint.

6.      Paragraph 6 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

7.      Tyson denies the allegations in Paragraph 7.

8.      Paragraph 8 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

9.      Tyson admits the allegations in Paragraph 9.

10.     Tyson admits the allegations in Paragraph 10.

11.     Tyson admits the allegations in Paragraph 11.

12.     Tyson denies the conspiracy alleged in the Complaint.

13.     Tyson admits the allegations in Paragraph 13.

14.     The allegations set forth in Paragraph 14 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies these allegations.

15.     The allegations set forth in Paragraph 15 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies these allegations.

16.     The allegations set forth in Paragraph 16 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies these allegations.

17.     The allegations set forth in Paragraph 17 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies these allegations.

18.     The allegations set forth in Paragraph 18 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies these allegations.

19.     The allegations set forth in Paragraph 19 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies these allegations.

20.     The allegations set forth in Paragraph 20 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies these allegations.

21.     The allegations set forth in Paragraph 21 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies these allegations.

22.     The allegations set forth in Paragraph 22 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies these allegations.

23.     The allegations set forth in Paragraph 23 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this

Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies these allegations.

24.     The allegations set forth in Paragraph 24 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies these allegations.

25.     The allegations set forth in Paragraph 25 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies these allegations.

26.     The allegations set forth in Paragraph 26 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies these allegations.

27.     The allegations set forth in Paragraph 27 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies these allegations.

28.     The allegations set forth in Paragraph 28 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies these allegations.

29.     The allegations set forth in Paragraph 29 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies these allegations.

30.     The allegations set forth in Paragraph 30 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies these allegations.

31.     The allegations set forth in Paragraph 31 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies these allegations.

32.     The allegations set forth in Paragraph 32 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, denies these allegations.

33.     The allegations set forth in Paragraph 33 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies these allegations.

34.     The allegations set forth in Paragraph 34 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, denies these allegations.

35.     Tyson admits the allegations in Paragraph 35.

36.     Tyson admits the allegations in Paragraph 36.

37.     Tyson admits the allegations in Paragraph 37.

38.     Tyson admits only that Tyson and some other pork producers submit information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and, therefore, denies these allegations. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

39.     Tyson denies the conspiracy alleged in the Complaint. To the extent the allegations refer to the complaints in the *Broiler Chicken Antitrust Litigation* contained the allegations in Paragraph 39, such pleadings speak for themselves. Tyson denies the remaining allegations in Paragraph 39.

40.     The allegations set forth in Paragraph 40 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, denies these allegations. To the extent the allegations refer to the complaints in the *Broiler Chicken Antitrust Litigation* contained the allegations in Paragraph 40, such pleadings speak for themselves. Tyson denies the remaining allegations in Paragraph 40. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

41.     Paragraph 41 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent the allegations refer to the complaints in the *Broiler Chicken Antitrust Litigation* contained the allegations in Paragraph 41, such pleadings speak for themselves. Tyson denies any remaining allegations in Paragraph 41. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

42.     The allegations set forth in Paragraph 42 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, therefore, denies these allegations. To the extent the allegations refer to the complaints in the *Broiler Chicken Antitrust Litigation* contained the allegations in Paragraph 42 such pleadings speak for themselves. Tyson denies any remaining allegations in Paragraph 42. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

43.     To the extent the allegations refer to any order in the *Broiler Chicken Antitrust Litigation* contained the allegations in Paragraph 43, such orders speak for themselves. Tyson denies any remaining allegations in Paragraph 43.

44.     Tyson admits only that Tyson and some other pork producers submit information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph 44 and, therefore, denies these allegations.

45.     To the extent the allegations in Paragraph 45 purport to relate to Tyson, Tyson denies the allegations. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 and, therefore, denies these allegations.

46.     Tyson specifically denies the conspiracy alleged in the Complaint. To the extent that the allegations in Paragraph 46 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

47.     To the extent the allegations in Paragraph 47 purport to relate to Tyson, Tyson denies the allegations. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, therefore, denies these allegations. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

48.     Tyson specifically and generally denies the conspiracy alleged in the Complaint. Tyson only admits that Tyson and some other pork producers submit information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes, and that Tyson has used Agri Stats and/or its predecessors benchmarking services since at least the mid-1990s. To the extent they relate to Tyson, Tyson denies the allegations in Paragraph 48. To the extent that the allegations in Paragraph 48 relate to other Defendants and/or

third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

49.     Tyson admits only that Tyson and some other pork producers submit information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and, therefore, denies these allegations. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

50.     Tyson only admits that Tyson and some other pork producers submit information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes. To the extent that the allegations in Paragraph 50 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Tyson denies any remaining allegations in Paragraph 50.

51.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, therefore, denies these allegations. To the extent that the allegations in Paragraph 51 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

52.     The allegations set forth in Paragraph 52 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, therefore, denies these allegations.

53.     Tyson generally and specifically denies the conspiracy alleged in the Complaint. To the extent the allegations in Paragraph 53 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 53 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. To the extent the allegations in Paragraph 53 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

54.     Paragraph 54 contains Plaintiffs' characterization of its claims, including unfounded speculation and conclusory statements, and allegations subject to proof by expert testimony, to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or allegations.

55.     To the extent the allegations in Paragraph 55 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

56.     Tyson specifically denies the conspiracy alleged in the Complaint. To the extent the allegations in Paragraph 56 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 56 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Paragraph 56 contains Plaintiff's characterization of its claims, including unfounded speculation and conclusory statements, and allegations subject to proof by expert testimony, to which no response is required. To the extent the allegations in Paragraph 56 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson denies any remaining allegations in Paragraph 56.

57.     Paragraph 57 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

58.     To the extent the allegations in Paragraph 58 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 58 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

59.     The allegations set forth in Paragraph 59 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, denies these allegations. To the extent the allegations in Paragraph 59 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

60.     Tyson denies the allegations in Paragraph 60, except that Tyson admits that Agri Stats made site visits to certain Tyson facilities on occasion. To the extent that the allegations in Paragraph 60 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

61.     To the extent that the allegations in Paragraph 61 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

62.     To the extent that the allegations in Paragraph 62 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. To the extent the allegations in Paragraph 62 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson denies any remaining allegations in Paragraph 62.

63.     Paragraph 63 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

64.     Paragraph 64 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson denies any remaining allegations in Paragraph 64. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

65.     The allegations set forth in Paragraph 65 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, therefore, denies these allegations.

66.     Tyson admits only to receiving quarterly and monthly reports from Agri Stats. To the extent that the allegations in Paragraph 66 relate to other Defendants and/or third parties to

this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. To the extent the allegations in Paragraph 66 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 and, therefore, denies these allegations.

67.     Tyson admits that it received reports mailed to it by Agri Stats. To the extent the remaining allegations in Paragraph 67 purport to relate to Tyson, Tyson denies such allegations. To the extent that the allegations in Paragraph 67 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

68.     Paragraph 68 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent that the allegations in Paragraph 68 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

69.     Paragraph 69 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

70.     Paragraph 70 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson lacks knowledge or information sufficient to

14

form a belief as to the truth of the remaining allegations in Paragraph 70 and, therefore, denies these allegations. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

71.     Tyson denies that it is vertically integrated and states that between 2009 and 2018, Tyson purchased approximately 95% of its hogs from independent hog farmers. To the extent that the allegations in Paragraph 71 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Tyson denies any remaining allegations in Paragraph 71.

72.     Tyson denies that it is vertically integrated and states that between 2009 and 2018, Tyson purchased approximately 95% of its hogs from independent hog farmers. Paragraph 72 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson denies any remaining allegations in Paragraph 72.

73.     Tyson denies Plaintiffs' characterization of independent farmers as "contract employees." Between 2009 and 2018, Tyson purchased approximately 95% of its hogs from independent hog farmers, with whom Tyson has a buyer-seller relationship. To the extent that the allegations in Paragraph 73 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. To the extent the allegations in Paragraph 73 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

74.     Tyson admits that the allegations in sentences one through seven of Paragraph 74 are a general description of pork production, but denies the assumed numbers and states that the

specifics of pork production vary from producer to producer. Tyson denies knowledge or information sufficient to form a belief as to the truth of the eighth sentence of Paragraph 74 and, on that basis, denies the allegations.

75.    To the extent the allegations in Paragraph 75 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

76.    Paragraph 76 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

77.    The allegations set forth in Paragraph 77 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, therefore, denies these allegations.

78.    The allegations set forth in Paragraph 78 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, therefore, denies these allegations.

79.    The allegations set forth in Paragraph 79 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, therefore, denies these allegations.

80.     The allegations set forth in Paragraph 80 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, therefore, denies these allegations.

81.     The allegations set forth in Paragraph 81 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, therefore, denies these allegations.

82.     To the extent the allegations in Paragraph 82 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson denies any remaining allegations in Paragraph 82.

83.     The allegations set forth in Paragraph 83 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and, therefore, denies these allegations.

84.     The allegations set forth in Paragraph 84 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and, therefore, denies these allegations.

85.     Tyson admits only that Tyson sells packaged pork under various name brands. Paragraph 85 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent that the allegations in Paragraph 85 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Tyson specifically and generally denies the conspiracy alleged in the Complaint.

86.     To the extent the allegations in Paragraph 86 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson denies any remaining allegations in Paragraph 86.

87.     Paragraph 87 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson denies the allegations in Paragraph 87.

88.     Paragraph 88 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent that the allegations in Paragraph 88 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. To the extent the allegations in Paragraph 88 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

89.     The allegations set forth in Paragraph 89 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this

Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and, therefore, denies these allegations.

90.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and, therefore, denies these allegations.

91.     Tyson admits that Cargill acquired one of Tyson Food's pork packing divisions in 1995. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 and, therefore, denies these allegations.

92.     Paragraph 92 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

93.     Paragraph 93 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent that the allegations in Paragraph 93 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. To the extent that the allegations in Paragraph 93 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

94.     Tyson specifically denies the conspiracy alleged in the Complaint. Paragraph 94 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

95.     Paragraph 95 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95 and, therefore, denies these allegations.

96.     Paragraph 96 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

97.     Paragraph 97 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

98.     Paragraph 98 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98 and, therefore, denies these allegations.

99.     Between 2009 and 2018, Tyson purchased approximately 95% of its hogs from independent hog farmers. Paragraph 99 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent that the allegations in Paragraph 99 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

100.     Paragraph 100 contains Plaintiff's characterization of its claims, including unfounded speculation and conclusory statements, and allegations subject to proof by expert testimony, to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or allegations.

101.     Paragraph 101 contains Plaintiff's characterization of its claims, including unfounded speculation and conclusory statements, and allegations subject to proof by expert testimony, to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or allegations.

102.     Tyson denies the conspiracy alleged in the Complaint. Tyson admits only that it is a member of certain industry trade associations. Tyson denies all characterizations of its membership in said associations set forth in Paragraph 102 as well as all other allegations in Paragraphs 102. To the extent that the allegations in Paragraph 102 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

103.     Tyson only admits that it is required to pay a legislatively-mandated "Pork Checkoff." Tyson denies knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 103, and on that basis denies them.

104.     The allegations set forth in Paragraph 104 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and, therefore, denies these allegations.

105.     Tyson admits that Todd Neff of Tyson Fresh Meats served on the National Pork Producers Council's Board of Directors for some portion of the Class Period. To the extent the

allegations in Paragraph 105 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 105 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

106.    The allegations set forth in Paragraph 106 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 106 and, therefore, denies these allegations.

107.    The allegations set forth in Paragraph 107 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and, therefore, denies these allegations. To the extent the allegations in Paragraph 107 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

108.    The allegations set forth in Paragraph 108 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and, therefore, denies these allegations. To the extent the allegations in Paragraph 108 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

109.    Tyson generally and specifically denies the conspiracy alleged in the Complaint. Tyson denies the allegations in Paragraph 109. To the extent that the allegations in Paragraph 109 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

110.    The allegations set forth in Paragraph 110 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and, therefore, denies these allegations.

111.    Paragraph 111 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and, therefore, denies these allegations. To the extent that the allegations in Paragraph 111 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

112.    The allegations set forth in Paragraph 112 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and, therefore, denies these allegations.

113.    The allegations set forth in Paragraph 113 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in

this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and, therefore, denies these allegations.

114.    Tyson admits that Tom Hayes, Jim Lochner, and Lilygren of Tyson Foods, Inc., served on the American Meat Institute ("AMI") and/or NAMI Board of Directors at some point during the Class period, as did Greg Schweitzer of Sara Lee/Hillshire Farms. To the extent that the allegations in Paragraph 114 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

115.    Tyson admits only that Sara Lilygreen has served on the AMI and/or NAMI Executive Committee. To the extent that the allegations in Paragraph 115 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Tyson denies any remaining allegations in Paragraph 115.

116.    Tyson admits only that some of its employees were registered to attend the 2012 "Annual Meat Conference" referenced in Paragraph 116. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and, therefore, denies these allegations. To the extent the allegations in Paragraph 116 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

117.    The allegations set forth in Paragraph 117 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and,

therefore, denies these allegations. To the extent the allegations in Paragraph 117 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

118.    The allegations set forth in Paragraph 118 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and, therefore, denies these allegations. To the extent the allegations in Paragraph 118 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

119.    The allegations set forth in Paragraph 119 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and, therefore, denies these allegations. To the extent the allegations in Paragraph 119 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

120.    The allegations set forth in Paragraph 120 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 120 and, therefore, denies these allegations. To the extent the allegations in Paragraph 120 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

121.    The allegations set forth in Paragraph 121 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 and, therefore, denies these allegations.

122.    To the extent the allegations in Paragraph 122 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

123.    Tyson generally and specifically denies the conspiracy alleged in the Complaint. Paragraph 123 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent the allegations in Paragraph 123 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

124.    Tyson generally and specifically denies the conspiracy alleged in the Complaint. Paragraph 124 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent that the allegations in Paragraph 124 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. To the extent the allegations in Paragraph 124 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

125.     Paragraph 125 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent the allegations in Paragraph 125 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

126.     Tyson generally and specifically denies the conspiracy alleged in the Complaint. Paragraph 126 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson denies the allegations in Paragraph 126.

127.     Tyson specifically and generally denies the conspiracy alleged in the Complaint. Tyson denies the allegations in Paragraph 127.

128.     The allegations set forth in Paragraph 128 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and, therefore, denies these allegations.

129.     The allegations set forth in Paragraph 129 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and, therefore, denies these allegations.

130.     Tyson only admits that during the Class Period, as in any year, it made production decisions based on its independent business judgment. To the extent the allegations in Paragraph 130 characterize or describe documents or other sources, Tyson notes that such

sources speak for themselves and denies any characterization or description that is inconsistent therewith.

131.    The allegations set forth in Paragraph 131 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and, therefore, denies these allegations.

132.    The allegations set forth in Paragraph 132 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and, therefore, denies these allegations.

133.    The allegations set forth in Paragraph 133 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and, therefore, denies these allegations.

134.    The allegations set forth in Paragraph 134 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and, therefore, denies these allegations.

135.    The allegations set forth in Paragraph 135 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in

this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and, therefore, denies these allegations.

136.    The allegations set forth in Paragraph 136 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and, therefore, denies these allegations.

137.    Paragraph 137 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent a response is required, Tyson denies such characterizations, allegations, and/or conclusions. To the extent that the allegations in Paragraph 137 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Tyson specifically and generally denies the conspiracy alleged in the Complaint.

138.    The allegations set forth in Paragraph 138 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and, therefore, denies these allegations.

139.    The allegations set forth in Paragraph 139 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and, therefore, denies these allegations.

140.    The allegations set forth in Paragraph 140 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and, therefore, denies these allegations.

141.    Paragraph 141 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent the allegations in Paragraph 141 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

142.    Paragraph 142 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent the allegations in Paragraph 142 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

143.    The allegations set forth in Paragraph 143 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and, therefore, denies these allegations.

144.     The allegations set forth in Paragraph 144 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and, therefore, denies these allegations.

145.     The allegations set forth in Paragraph 145 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and, therefore, denies these allegations.

146.     Tyson admits that in 2009, as in every year, it made production decisions in its own interest based on its independent business judgment. To the extent the allegations in Paragraph 146 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

147.     Tyson admits that in 2009, as in every year, it made production decisions in its own interest based on its independent business judgment. To the extent the allegations in Paragraph 147 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

148.     The allegations set forth in Paragraph 148 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and, therefore, denies these allegations.

149.    The allegations set forth in Paragraph 149 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, therefore, denies these allegations.

150.    The allegations set forth in Paragraph 150 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and, therefore, denies these allegations.

151.    The allegations set forth in Paragraph 151 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and, therefore, denies these allegations.

152.    The allegations set forth in Paragraph 152 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and, therefore, denies these allegations.

153.    The allegations set forth in Paragraph 153 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in

this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and, therefore, denies these allegations.

154.    Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and, therefore, denies these allegations.

155.    To the extent the allegations in Paragraph 155 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 155 relate to other Defendants and/or third parties to this action, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and, therefore, denies these allegations.

156.    Paragraph 156 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 156 and, therefore, denies these allegations.

157.    To the extent the allegations in Paragraph 157 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson denies all other allegations in Paragraph 157.

158.    To the extent the allegations in Paragraph 158 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 158 relate to other Defendants and/or third parties to this action, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, therefore, denies these allegations.

159.    To the extent the allegations in Paragraph 159 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 159 relate to other Defendants and/or

third parties to this action, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and, therefore, denies these allegations.

160.    To the extent the allegations in Paragraph 160 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 160 relate to other Defendants and/or third parties to this action, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and, therefore, denies these allegations.

161.    To the extent the allegations in Paragraph 161 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 161 relate to other Defendants and/or third parties to this action, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 and, therefore, denies these allegations.

162.    To the extent the allegations in Paragraph 162 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 162 relate to other Defendants and/or third parties to this action, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and, therefore, denies these allegations.

163.    To the extent the allegations in Paragraph 163 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 163 relate to other Defendants and/or third parties to this action, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and, therefore, denies these allegations.

164.    Tyson admits only that the 2014 PEDv epidemic significantly disrupted Tyson's pork production. Paragraph 164 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent that the allegations in Paragraph 164 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or

information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

165.    Tyson specifically and generally denies the conspiracy alleged in the Complaint. To the extent the allegations in Paragraph 165 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 165 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

166.    Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and, therefore, denies these allegations.

167.    To the extent the allegations in Paragraph 167 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 167 relate to other Defendants and/or third parties to this action, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 and, therefore, denies these allegations.

168.    Tyson specifically denies the conspiracy alleged in the Complaint. Paragraph 168 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

169.    To the extent the allegations in Paragraph 169 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 169 relate to other Defendants and/or third parties to this action, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and, therefore, denies these allegations.

170.     Paragraph 170 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent the allegations in Paragraph 170 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 170 relate to other Defendants and/or third parties to this action, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and, therefore, denies these allegations. Tyson specifically and generally denies the conspiracy alleged in the Complaint.

171.     Paragraph 171 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and, therefore, denies these allegations.

172.     Paragraph 172 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 and, therefore, denies these allegations.

173.     Paragraph 173 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent the allegations in Paragraph 173 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson

lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 and, therefore, denies these allegations.

174.    To the extent the allegations in Paragraph 174 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 174 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and, on that basis, denies them.

175.    Tyson denies the allegations in Paragraph 175. Paragraph 175 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

176.    Paragraph 176 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent the allegations in Paragraph 176 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

177.    Tyson denies the conspiracy alleged in the Complaint. Tyson states that between 2009 and 2018, Tyson purchased approximately 95% of its hogs from independent hog farmers, and that an increase in the price of hogs in the industry also increases the price Tyson pays for hogs. To the extent the allegations in Paragraph 177 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

178.    Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 and, therefore, denies these allegations.

179.    To the extent that the allegations in Paragraph 179 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a

belief as to the truth of the allegations and, therefore, denies these allegations. To the extent the allegations in Paragraph 179 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

180.     To the extent the allegations in Paragraph 180 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

181.     To the extent the allegations in Paragraph 181 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

182.     To the extent the allegations in Paragraph 182 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

183.     Tyson specifically and generally denies the conspiracy alleged in the Complaint. Paragraph 183 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 183 and, therefore, denies these allegations.

184.     Tyson specifically and generally denies the conspiracy alleged in the Complaint. Paragraph 184 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

185.     Paragraph 185 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

186.     Tyson denies the allegations in Paragraph 186.

187.     The allegations set forth in Paragraph 187 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 and, therefore, denies these allegations.

188.     The allegations set forth in Paragraph 188 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and, therefore, denies these allegations.

189.     The allegations set forth in Paragraph 189 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 and, therefore, denies these allegations.

190.     The allegations set forth in Paragraph 190 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and, therefore, denies these allegations.

191.   Paragraph 191 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 191 and, therefore, denies these allegations. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

192.   Tyson denies the allegations in Paragraph 192.

193.   Tyson specifically denies the conspiracy alleged in the Complaint. Paragraph 193 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

194.   Tyson specifically denies the conspiracy alleged in the Complaint. Paragraph 194 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

195.   Tyson denies the allegations in Paragraph 195.

196.   Tyson denies the allegations in Paragraph 196.

197.   Tyson denies the allegations in Paragraph 197.

198.   Tyson denies the allegations in Paragraph 198.

199.   Tyson denies the allegations in Paragraph 199.

200.   Tyson denies the allegations in Paragraph 200.

201.   Tyson denies the allegations in Paragraph 201.

202.    Tyson denies the allegations in Paragraph 202.

203.    Tyson denies the allegations in Paragraph 203.

204.    Tyson denies the allegations in Paragraph 204.

205.    Tyson denies the allegations in Paragraph 205.

206.    Tyson denies the allegations in Paragraph 206.

207.    Tyson denies the allegations in Paragraph 207.

208.    Tyson denies the allegations in Paragraph 208.

209.    Tyson denies the allegations in Paragraph 209.

210.    Tyson denies the allegations in Paragraph 210.

211.    Tyson incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to this Paragraph.

212.    Tyson denies the allegations in Paragraph 212.

213.    Tyson denies the allegations in Paragraph 213.

214.    Tyson denies the allegations in Paragraph 214.

215.    Tyson denies the allegations in Paragraph 215.

216.    Tyson denies the allegations in Paragraph 216.

217.    Tyson denies the allegations in Paragraph 217.

218.    Tyson denies the allegations in Paragraph 218.

219.    Tyson denies the allegations in Paragraph 219.

220.    Tyson denies the allegations in Paragraph 220.Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

221.    Tyson incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to this Paragraph.

222.    Tyson denies the allegations in Paragraph 222.

223.    Tyson denies the allegations in Paragraph 223.

224.    Tyson denies the allegations in Paragraph 224.

225.    Tyson denies the allegations in Paragraph 225.

226.    Tyson denies the allegations in Paragraph 226.

227.    Tyson denies the allegations in Paragraph 227.Tyson denies that Plaintiffs are

entitled to any of the relief requested herein.

228.    Tyson denies the allegations in Paragraph 228.

229.    Tyson denies the allegations in Paragraph 229.

230.    Tyson denies the allegations in Paragraph 230.

231.    Tyson denies the allegations in Paragraph 231.

232.    Tyson denies the allegations in Paragraph 232.

233.    Tyson denies the allegations in Paragraph 233.

234.    Tyson denies the allegations in Paragraph 234.

235.    Tyson denies the allegations in Paragraph 235.

236.    Tyson denies the allegations in Paragraph 236.

237.    Tyson denies the allegations in Paragraph 237.

238.    Tyson denies the allegations in Paragraph 238.

239.    Tyson denies the allegations in Paragraph 239.

240.    Tyson denies the allegations in Paragraph 240.

241.    Tyson denies the allegations in Paragraph 241.

242.    Tyson denies the allegations in Paragraph 242.

243.    Tyson denies the allegations in Paragraph 243.

244.    Tyson denies the allegations in Paragraph 244.

245.    Tyson denies the allegations in Paragraph 245.

246.    Tyson denies the allegations in Paragraph 246.

247.    Tyson denies the allegations in Paragraph 247.

248.    Tyson denies the allegations in Paragraph 248.

249.    Tyson denies the allegations in Paragraph 249.

250.    Tyson denies the allegations in Paragraph 250.

251.    Tyson denies the allegations in Paragraph 251.

252.    Tyson denies the allegations in Paragraph 252.

253.    Tyson incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to this Paragraph.

254.    Tyson denies the allegations in Paragraph 254.

255.    Tyson denies the allegations in Paragraph 255.

256.    Tyson denies the allegations in Paragraph 256.

257.    Tyson denies the allegations in Paragraph 257.

258.    Tyson denies the allegations in Paragraph 258.

259.    Tyson denies the allegations in Paragraph 259.

260.    Tyson denies the allegations in Paragraph 260.

261.    Tyson denies the allegations in Paragraph 261.

262.    Tyson denies the allegations in Paragraph 262.

263.    Tyson denies the allegations in Paragraph 263.

264.    Tyson denies the allegations in Paragraph 264.

265.    Tyson denies the allegations in Paragraph 265.

266.    Tyson denies the allegations in Paragraph 266.

267.    Tyson denies the allegations in Paragraph 267.

268.    Tyson denies the allegations in Paragraph 268.

269.     Tyson denies the allegations in Paragraph 269.

270.     Tyson denies the allegations in Paragraph 270.

271.     Tyson incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to this Paragraph.

272.     Paragraph 272 contains legal conclusions to which no response is required. To the extent a response is required, Tyson denies such conclusions.

273.     Tyson denies the allegations in Paragraph 273.

274.     Tyson denies the allegations in Paragraph 274.

275.     Tyson denies the allegations in Paragraph 275.

276.     Tyson denies the allegations in Paragraph 276.

277.     Tyson denies the allegations in Paragraph 277.

278.     Tyson denies the allegations in Paragraph 278.

279.     Tyson denies the allegations in Paragraph 279.

280.     Tyson denies the allegations in Paragraph 280.

281.     Tyson denies the allegations in Paragraph 281.

282.     Tyson denies the allegations in Paragraph 282.

283.     Tyson denies the allegations in Paragraph 283.

284.     Tyson denies the allegations in Paragraph 284.

285.     Tyson denies the allegations in Paragraph 285.

286.     Tyson denies the allegations in Paragraph 286.

287.     Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

288.     Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

289.     Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

290.     Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

291.    Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

292.    Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

293.    Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

294.    Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

295.    Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

296.    Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

297.    Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

298.    Paragraph 298 does not contain factual allegations to which a response is required. To the extent a response is required, Tyson also demands a jury trial as set forth below.

### ADDITIONAL ALLEGATIONS AND GENERAL DENIAL

Tyson denies all allegations in the Complaint unless Tyson has expressly admitted those allegations herein. Where an allegation in the Complaint is directed at another Defendant or a party that is not affiliated with Tyson, then except as otherwise expressly stated, Tyson denies the allegations set forth in the Complaint on the basis that it denies the knowledge or information sufficient to form a belief concerning the truth of such allegations. Further, unless otherwise expressly admitted, Tyson denies any allegations in the headings, footnotes or in other places in the Complaint, to the extent that any such allegations require a response. Any headings, subheadings or similar text that Tyson has included in this Answer are for the convenience of the Court and the parties, and are not intended to be nor shall they be construed as an admission of any fact by Tyson.

## AFFIRMITIVE DEFENSES

Without assuming any burden that it otherwise would not bear, and reserving the right to assert additional defenses as those defenses become known during discovery, Tyson asserts the following separate and additional defenses pursuant to Federal Rule of Civil Procedure 8.

## FIRST DEFENSE

1.  Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

2.  The statute of limitations for Plaintiffs' claims is four years. 15 U.S.C. § 15(b); *Jackson v. Swift Eckrich, Inc.*, 53 F.3d 1452, 1460 (8th Cir. 1995). Plaintiffs filed the first Commercial and Institutional Indirect Purchaser Complaint in the above captioned litigation on July 6, 2018 ("Original Complaint"). The information Plaintiffs allege in support of their claims had been public for more than four years before the Original Complaint was filed.

3.  Plaintiffs' effort to implicate Tyson in the alleged conspiracy relies on language set forth in Tyson's 2009 10K Report, which would have been available to the public for almost ten years before Plaintiffs filed their Original Complaint. Third Am. Compl. ¶ 82. The Plaintiffs' Complaint cites other public statements made by Tyson. *See, e.g.*, *Id.* ¶ 130 ("In 2010 Tyson reported a 3.3% decrease in its Pork sales volume coupled with increased export sales, which also accounted for a decrease in its capacity utilization rate.").

4.  Information pled by Plaintiffs regarding the pork industry as alleged dates from more than four years before the Original Complaint was filed. *See*, *e.g.*, Third

Am. Compl. ¶¶ 88 ("Between 1988 and 2015, the top four pork integrators . . . increased their market share from 34 percent in 1988 to just under 70 percent in 2015."), 124 (alleging production cuts in 2009, 2010, and 2013), 125 (quoting a 2009 article: "[T]he nation's largest 25 producers have cut sow numbers . . . . [by] a drop of 6.4%.").

5. Tyson's participation in trade associations and meeting was public more than four years before the Original Complaint was filed. *See*, *e.g.*, *id.* ¶¶ 108 (noting Defendants' participation in the National Pork Industry Conference since 2010), 116 (identifying Tyson executives as "registered attendees" for the 2012 "Annual Meat Conference" hosted by the American Meat Institute ("AMI")), 121 (referencing AMI's "International Meat, Poultry & Seafood Convention and Exposition in 2009, 2011, and 2012").

6. Plaintiffs' fraudulent concealment claims were dismissed by the Court on October 16, 2020. Mem. Op. & Order at 21, *In re Pork Antitrust Litigation*, No. 0:18-cv-01776-JRT-HB (D. Minn. Oct. 16, 2020).

7. Plaintiffs' Complaint is time-barred.

**<u>SECOND DEFENSE</u>**

8. Plaintiffs' claims are barred by the equitable doctrine of laches.

9. The doctrine of laches stems from "the desire to avoid unfairness that can result from the prosecution of stale claims." *Goodman v. McDonnell Douglas Corp.*, 606 F.2d 800, 805 (8th Cir. 1979). Specifically, the laches defense is available when there is: (1) lack of diligence by the party against whom the defense is

asserted, and (2) prejudice to the party asserting the defense." *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 121-22 (2002) (quoting *Kansas v. Colorado*, 514 U.S. 673, 687 (1995)).

10.  Tyson hereby incorporates Paragraphs 2-7 of Tyson's Affirmative Defenses, *supra*, in support of this Second Defense. Plaintiffs demonstrated an unreasonable lack of diligence in bringing their claims. Additionally, Plaintiffs' unreasonable delay in bringing their claims has resulted in economic prejudice to Tyson. Tyson continued to invest in its relationships with commercial and institutional indirect pork-product purchasers while Plaintiffs delayed their claims alleging misconduct in Tyson's pork-related activities. Tyson also continued to pay to participate in Agri Stats. This unreasonable lack of diligence in raising their claims bars them now.

11.  Accordingly, the equitable principles embodied by the doctrine of laches bar Plaintiffs from seeking relief at this delayed juncture.

## **THIRD DEFENSE**

12.  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exercise reasonable care to mitigate, prevent or avoid any alleged damages.

13.  Tyson hereby incorporates Paragraphs 2-7 of Tyson's Affirmative Defenses, *supra*, in support of this Third Defense.

14.  If Plaintiffs believed that Defendants were unfairly anti-competitively raising prices for their direct purchasers through the use of Agri Stats and by conspiring at trade forums for approximately nine years or more before filing their Original

Complaint, Plaintiffs had an obligation to switch to pork integrators that are not alleged to have been part of the alleged conspiracy, including but not limited to those that process specialty pork such as organic, pasture-raised and/or locally-sourced.

15.    Plaintiffs' failure to exercise reasonable care to mitigate damages was the complete or partial cause of any damages Plaintiffs are alleged to have suffered.

**FOURTH DEFENSE**

16.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver as a result of Plaintiffs' own acts and omissions.

17.    Tyson hereby incorporates Paragraphs 2-7 of Tyson's Affirmative Defenses, *supra*, in support of this Fourth Defense.

18.    According to facts alleged in Plaintiffs' Complaint, allegations of the existence of trade coordination have been public since at least 2007, if not earlier. For example, Plaintiffs rely on excerpts from 2007 and 2009 articles to allege that producers were making the productions cuts central to Plaintiffs' allegations. *See* Tyson's Affirmative Defenses ¶ 4.

19.    Plaintiffs' conduct in continuing to purchase pork products under a system of allegedly artificially inflated pricing is evidence of Plaintiffs' waiver of any right to bring this suit. Plaintiffs' conduct was, and continues to be, inconsistent with any intention other than to waive their right to bring suit.

20.    Plaintiffs, by their actions, accepted the benefits of an ongoing relationship with Tyson and relinquished their right to bring suit.

**FIFTH DEFENSE**

21.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

22.     Tyson hereby incorporates Paragraphs 2-7of Tyson's Affirmative Defenses, *supra*, in support of this Fifth Defense.

23.     Tyson relied in good faith, and to its detriment, on Plaintiffs' actions in continuing to purchase pork products without complaining about the use of Agri Stats or the alleged existence of industry-wide price coordination.

24.     Plaintiffs are therefore estopped, in whole or in part, from pursuing their claims.

**SIXTH DEFENSE**

25.     Plaintiffs' claims are barred, in whole or in part, due to ratification of, and consent to, the alleged conduct of Tyson.

26.     Tyson hereby incorporates Paragraphs 2-7 of Tyson's Affirmative Defenses, *supra*, in support of this Fourth Defense.

27.     Tyson's participation in various trade association meetings and attendance at industry events was public for years before Plaintiffs' Original Complaint. *See* Tyson's Affirmative Defenses ¶ 5. Additionally, Plaintiffs benefit from Tyson's participation in these trade association meetings and other industry events, in part because these meetings and events, among other things, promote lobbying efforts, industry safety, animal health, training, and education.

28.     Accordingly, because Plaintiffs have been aware for years of the same conduct they now challenge, Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

**SEVENTH DEFENSE**

29.     Without admitting any violation of the Sherman Act or any other state statute alleged in the Complaint, Plaintiffs' claims and/or entitlement to damages for their claims are barred, in whole or in part, by non-settling Defendants' right to offset any amounts paid to Plaintiffs by any Defendants who have settled, or do settle, Plaintiffs' claims in this action.

**EIGHTH DEFENSE**

30.     Plaintiffs' claims are barred in whole or in part, to the extent they seek improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution.

**NINTH DEFENSE**

31.     Plaintiffs' claims are barred, in whole or in part, because the alleged damages are speculative and too difficult to ascertain.

32.     Claims for damages under Clayton Act § 4 must fail when the alleged damages are unduly speculative or difficult to ascertain. *See, e.g.*, *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 545 (1983) (concluding that the "tenuous and speculative character of the relationship between the alleged antitrust violation" and the alleged injury, along with other

51

factors, "weigh heavily against judicial enforcement" of the antitrust claim);

*Sharp v. United Airlines, Inc.*, 967 F.2d 404, 409 (10th Cir. 1992) (rejecting

antitrust standing in part on the basis of speculative damages); *Home Placement*

*Serv., Inc. v. Providence Journal Co.*, 819 F.2d 1199, 1205 (1st Cir. 1987) ("If the

plaintiff's proffered evidence permits no more than 'pure speculation and

guesswork,' then the damage evidence is insufficient as a matter of law."

(citations omitted)); *see also IQ Dental Supply, Inc. v. Henry Schein, Inc.*, 924

F.3d 57, 66-67 (2d Cir. 2019) ("Although 'some degree of uncertainty stems from

the nature of antitrust law,' a high degree of speculation in a damages calculation

suggests that 'a given plaintiff is an inefficient engine of enforcement.' . . . As the

district court correctly ascertained, calculating IQ's damages essentially would

require the creation of an 'alternative universe.' . . . Thus, IQ's damages

calculation rests on multiple layers of speculation. No amount of expert testimony

can adequately ameliorate the highly speculative nature of IQ's alleged losses."

(citations omitted)).

33.    Plaintiffs allege that "[a]s a result of Defendants' unlawful conduct, Plaintiffs and

the class members paid artificially inflated prices for pork during the Class

Period. Such prices exceeded the amount they would have paid if the price for

pork had been determined by a competitive market." Third Am. Compl. ¶ 7.

34.    Pork product pricing varies based on, among other things, (i) the integrator, (ii)

the complex, (iii) complex-specific factors, (iv) feed and other input cost

fluctuations, and (v) both local and global market supply and demand.

35.     The large number of factors that affect pork product pricing renders any damages calculation speculative.

36.     Plaintiffs' claims of damages are therefore too speculative or difficult to ascertain.

**TENTH DEFENSE**

37.     Plaintiffs' claims are barred, in whole or in part, to the extent the contracts pursuant to which Plaintiffs purchased pork products contain valid and enforceable clauses waiving and agreeing not to pursue class action claims against Tyson or clauses providing a different forum for the resolution of their claims.

**ELEVENTH DEFENSE**

38.     Plaintiffs' claims are barred, in whole or in part, to the extent the contracts pursuant to which Plaintiffs purchased pork products contain valid and enforceable clauses waiving the right to a trial by jury on any claims against Tyson.

**TWELFTH DEFENSE**

39.     Plaintiffs' claims are barred, in whole or in part, to the extent the contracts pursuant to which Plaintiffs purchased pork products contain valid and enforceable clauses waiving claims against Tyson under any previous contract purchase arrangement.

**THIRTEENTH DEFENSE**

40.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing under the Sherman Act or any of the state statutes raised in the Plaintiffs' Complaint.

**FOURTEENTH DEFENSE**

41.     Tyson adopts and incorporates by reference any and all other defenses asserted by

any other Defendant to the extent that the defense would apply to Tyson.

## PRAYER FOR RELIEF

WHEREFORE, Tyson respectfully requests that judgment be entered in favor of Tyson

and the other Defendants and against Plaintiffs, dismissing the Complaint in its entirety with

prejudice. Tyson further requests that this Court (i) award Tyson its costs and disbursements, and

(ii) award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to the Federal Rules of Civil Procedure 38, Defendant Tyson demands a trial by

jury on all claims so triable.

Dated:  December 16, 2020

DYKEMA GOSSETT PLLC

s/ David P Graham
David P. Graham
90 S 7th Street, FL 2
Minneapolis, MN 55402
Telephone: 612-486-1521
dgraham@dykema.com

Rachel Adcox
Tiffany Rider
Axinn, Veltrop & Harkrider LLP
Washington, DC 20004
Telephone:  202.912.4700

*Attorneys for Defendants Tyson Foods, Inc.,
Tyson Fresh Meats, Inc., and Tyson Prepared
Foods, Inc.*

**CERTIFICATE OF SERVICE**

I, David P. Graham, hereby certify that a true and correct copy of the foregoing Tyson

Defendants' Answer to Commercial and Institutional Indirect Purchaser Plaintiffs' Third Amended

Consolidated Class Action Complaint was electronically filed with the Clerk of the Court using the

CM/ECF system on December 16, 2020, which constitutes service on counsel of record who are

registered electronic filing users.


s/ David P. Graham

David P. Graham
90 S 7th Street, FL 2
Minneapolis, MN 55402
Telephone: 612-486-1521
dgraham@dykema.com
*Attorneys for Defendants Tyson Foods, Inc.,*
*Tyson Fresh Meats, Inc., and Tyson Prepared*
*Foods, Inc.*