## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION*<br><br>This Document Relates To:<br><br>ALL DIRECT PURCHASER PLAINTIFFS ACTIONS | Case No. 0:18-cv-01776-JRT-HB<br><br>**ANSWER TO DIRECT PURCHASER PLAINTIFFS' THIRD AMENDED AND CONSOLIDATED CLASS ACTION COMPLAINT** |

Tyson Foods, Inc. Tyson Prepared Foods, Inc., and Tyson Fresh Meats, Inc. ("Tyson"), by and through the undersigned counsel, submits its answer and affirmative defenses to the Complaint filed by Direct Purchaser Plaintiffs ("Plaintiffs") on January 15, 2020 as follows:

1.      Tyson denies that it is a pork integrator, a term inaccurately used by the Plaintiffs' complaint, because between 2009 and 2018, Tyson purchased approximately 95% of its hogs from independent hog farmers. Paragraph 1 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

2.      Tyson specifically denies the conspiracy alleged in the Complaint. Tyson denies the allegations in Paragraph 2.

3.      Tyson admits only that Tyson and some other pork producers submit information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and, therefore, denies these allegations. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

4.      Tyson only admits only that Tyson and some other pork producers submit information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes, as it has done since at least the mid-1990s. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and, therefore, denies these allegations. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

5.      To the extent that the allegations in Paragraph 5 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Tyson denies any remaining allegations in Paragraph 5 and generally and specifically denies the conspiracy alleged in the Complaint.

6.      Tyson denies that it is vertically integrated and states that between 2009 and 2018, Tyson purchased approximately 95% of its hogs from independent hog farmers. Paragraph 6 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

7.      Tyson denies the allegations in Paragraph 7.

8.      Paragraph 8 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

9.      Tyson admits the allegations in Paragraph 9.

10.     Tyson admits the allegations in Paragraph 10.

11.     Tyson admits the allegations in Paragraph 11.

12.     Tyson denies the conspiracy alleged in the Complaint.

13.     Tyson admits the allegations in Paragraph 13.

14.     The allegations set forth in Paragraph 14 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies these allegations.

15.     The allegations set forth in Paragraph 15 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies these allegations.

16.     The allegations set forth in Paragraph 16 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies these allegations.

17.     The allegations set forth in Paragraph 17 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies these allegations.

18.     The allegations set forth in Paragraph 18 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies these allegations.

19.     The allegations set forth in Paragraph 19 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies these allegations.

20.     The allegations set forth in Paragraph 20 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies these allegations.

21.     The allegations set forth in Paragraph 21 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies these allegations.

22.     The allegations set forth in Paragraph 22 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies these allegations.

23.     The allegations set forth in Paragraph 23 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this

Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies these allegations.

24.     The allegations set forth in Paragraph 24 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies these allegations.

25.     The allegations set forth in Paragraph 25 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies these allegations.

26.     The allegations set forth in Paragraph 26 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies these allegations.

27.     The allegations set forth in Paragraph 27 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies these allegations.

28.     The allegations set forth in Paragraph 28 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies these allegations.

29.     The allegations set forth in Paragraph 29 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies these allegations.

30.     The allegations set forth in Paragraph 30 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies these allegations.

31.     Tyson admits the allegations in Paragraph 31.

32.     Tyson admits the allegations in Paragraph 32.

33.     Tyson admits the allegations in Paragraph 33.

34.     Tyson admits only that Tyson and some other pork producers submit information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and, therefore, denies these allegations. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

35.     Tyson denies the conspiracy alleged in the Complaint. To the extent the allegations refer to the complaints in the *Broiler Chicken Antitrust Litigation* contained the allegations in Paragraph 35, such pleadings speak for themselves. Tyson denies the remaining allegations in Paragraph 35.

36.     The allegations set forth in Paragraph 36 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, denies these allegations. To the extent the allegations refer to the complaints in the *Broiler Chicken Antitrust Litigation* contained the allegations in Paragraph 36, such pleadings speak for themselves. Tyson denies the remaining allegations in Paragraph 36. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

37.     Paragraph 37 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent the allegations refer to the complaints in the *Broiler Chicken Antitrust Litigation* contained the allegations in Paragraph 37, such pleadings speak for themselves. Tyson denies any remaining allegations in Paragraph 37. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

38.     The allegations set forth in Paragraph 38 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, denies these allegations. To the extent the allegations refer to the complaints in the *Broiler Chicken Antitrust Litigation* contained the allegations in Paragraph 38 such pleadings

7

speak for themselves. Tyson denies any remaining allegations in Paragraph 38. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

39.     To the extent the allegations refer to any order in the *Broiler Chicken Antitrust Litigation* contained the allegations in Paragraph 39, such orders speak for themselves. Tyson denies any remaining allegations in Paragraph 39.

40.     Tyson admits only that Tyson and some other pork producers submit information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph 40 and, therefore, denies these allegations.

41.     To the extent the allegations in Paragraph 41 purport to relate to Tyson, Tyson denies the allegations. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and, therefore, denies these allegations.

42.     Tyson specifically denies the conspiracy alleged in the Complaint. To the extent that the allegations in Paragraph 42 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

43.     To the extent the allegations in Paragraph 43 purport to relate to Tyson, Tyson denies the allegations. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, therefore, denies these allegations. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

44.     Tyson specifically and generally denies the conspiracy alleged in the Complaint. Tyson only admits that Tyson and some other pork producers submit information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes, and that Tyson has used Agri Stats and/or its predecessors benchmarking services

since at least the mid-1990s. To the extent they relate to Tyson, Tyson denies the allegations in Paragraph 44. To the extent that the allegations in Paragraph 44 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

45.     Tyson admits only that Tyson and some other pork producers submit information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 and, therefore, denies these allegations. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

46.     Tyson only admits that Tyson and some other pork producers submit information to Agri Stats and Agri Stats reports anonymized information to Tyson for pro-competitive benchmarking purposes. To the extent that the allegations in Paragraph 46 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Tyson denies any remaining allegations in Paragraph 46.

47.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, therefore, denies these allegations. To the extent that the allegations in Paragraph 47 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

48.     The allegations set forth in Paragraph 48 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and, therefore, denies these allegations.

49.     Tyson generally and specifically denies the conspiracy alleged in the Complaint. To the extent the allegations in Paragraph 49 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 49 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. To the extent the allegations in Paragraph 49 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

50.     Paragraph 50 contains Plaintiffs' characterization of its claims, including unfounded speculation and conclusory statements, and allegations subject to proof by expert testimony, to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or allegations.

51.     To the extent the allegations in Paragraph 51 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

52.     Tyson specifically denies the conspiracy alleged in the Complaint. To the extent the allegations in Paragraph 52 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 52 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Paragraph 52 contains Plaintiff's characterization of its claims, including unfounded speculation and conclusory statements, and allegations subject to proof by expert testimony, to which no response is required. To the extent the allegations in Paragraph 52 characterize or describe documents or other sources, Tyson notes

that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson denies any remaining allegations in Paragraph 52.

53.     Paragraph 53 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

54.     To the extent the allegations in Paragraph 54 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 54 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

55.     The allegations set forth in Paragraph 55 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, therefore, denies these allegations. To the extent the allegations in Paragraph 55 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

56.     Tyson denies the allegations in Paragraph 56, except that Tyson admits that Agri Stats made site visits to certain Tyson facilities on occasion. To the extent that the allegations in Paragraph 56 relate to other Defendants and/or third parties to this action, Tyson denies

knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

57.     To the extent that the allegations in Paragraph 57 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

58.     To the extent that the allegations in Paragraph 58 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. To the extent the allegations in Paragraph 58 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson denies any remaining allegations in Paragraph 58.

59.     Paragraph 59 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

60.     Paragraph 60 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson denies any remaining allegations in Paragraph 60. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

61.     The allegations set forth in Paragraph 61 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, therefore, denies these allegations.

62.     Tyson admits only to receiving quarterly and monthly reports from Agri Stats. To the extent that the allegations in Paragraph 62 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. To the extent the allegations in Paragraph 62 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 and, therefore, denies these allegations.

63.     Tyson admits that it received reports mailed to it by Agri Stats. To the extent the allegations in Paragraph 63 purport to relate to Tyson, Tyson denies such allegations. To the extent that the allegations in Paragraph 63 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

64.     Paragraph 64 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent that the allegations in Paragraph 64 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

65.     Paragraph 65 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

66.     Paragraph 66 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 and, therefore, denies these allegations. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

67.     Tyson denies that it is vertically integrated and states that between 2009 and 2018, Tyson purchased approximately 95% of its hogs from independent hog farmers. To the extent that the allegations in Paragraph 67 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Tyson denies any remaining allegations in Paragraph 67.

68.     Tyson denies that it is vertically integrated and states that between 2009 and 2018, Tyson purchased approximately 95% of its hogs from independent hog farmers. Paragraph 68 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson denies any remaining allegations in Paragraph 68.

69.     Tyson denies Plaintiffs' characterization of independent farmers as "contract employees." Between 2009 and 2018, Tyson purchased approximately 95% of its hogs from independent hog farmers, with whom Tyson has a buyer-seller relationship. To the extent that the allegations in Paragraph 69 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. To the extent the allegations in Paragraph 69 characterize or

describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

70.     Tyson admits that the allegations in sentences one through seven of Paragraph 70 are a general description of pork production, but denies the assumed numbers and states that the specifics of pork production vary from producer to producer. Tyson denies knowledge or information sufficient to form a belief as to the truth of the eighth sentence of Paragraph 70 and, on that basis, denies the allegations.

71.     To the extent the allegations in Paragraph 71 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

72.     Tyson denies that it is vertically integrated and states that between 2009 and 2018, Tyson purchased approximately 95% of its hogs from independent hog farmers. Paragraph 72 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

73.     The allegations set forth in Paragraph 73 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, therefore, denies these allegations.

74.     The allegations set forth in Paragraph 74 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, therefore, denies these allegations.

75.     The allegations set forth in Paragraph 75 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, denies these allegations.

76.     The allegations set forth in Paragraph 76 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, therefore, denies these allegations.

77.     The allegations set forth in Paragraph 77 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, therefore, denies these allegations.

78.     To the extent the allegations in Paragraph 78 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson denies any remaining allegations in Paragraph 78.

79.     The allegations set forth in Paragraph 79 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, therefore, denies these allegations.

80.    The allegations set forth in Paragraph 80 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, therefore, denies these allegations.

81.    Tyson admits only that Tyson sells packaged pork under various name brands. Paragraph 81 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent that the allegations in Paragraph 81 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Tyson specifically and generally denies the conspiracy alleged in the Complaint.

82.    To the extent the allegations in Paragraph 82 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson denies any remaining allegations in Paragraph 82.

83.    Paragraph 83 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson denies the allegations in Paragraph 83.

84.    Paragraph 84 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent that the allegations in Paragraph 84

relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. To the extent the allegations in Paragraph 84 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

85.     The allegations set forth in Paragraph 85 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and, therefore, denies these allegations.

86.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, therefore, denies these allegations.

87.     Tyson admits that Cargill acquired one of Tyson Food's pork packing divisions in 1995. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 and, therefore, denies these allegations.

88.     Paragraph 88 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

89.     Paragraph 89 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent that the allegations in Paragraph 89 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. To the extent that the allegations in Paragraph 89 relate to other Defendants

and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

90.     Tyson specifically denies the conspiracy alleged in the Complaint. Paragraph 90 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

91.     Paragraph 91 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 and, therefore, denies these allegations.

92.     Paragraph 92 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

93.     Paragraph 93 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

94.     Paragraph 94 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 94 and, therefore, denies these allegations.

95.     Between 2009 and 2018, Tyson purchased approximately 95% of its hogs from independent hog farmers. Paragraph 95 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent that the allegations in Paragraph 95 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

96.     Paragraph 96 contains Plaintiff's characterization of its claims, including unfounded speculation and conclusory statements, and allegations subject to proof by expert testimony, to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or allegations.

97.     Paragraph 97 contains Plaintiff's characterization of its claims, including unfounded speculation and conclusory statements, and allegations subject to proof by expert testimony, to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or allegations.

98.     Tyson generally and specifically denies the conspiracy alleged in the Complaint. Tyson admits only that it is a member of certain industry trade associations. Tyson denies all characterizations of its membership in said associations set forth in Paragraph 98 as well as all other allegations in Paragraphs 98. To the extent that the allegations in Paragraph 98 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

99.     Tyson admits only that it is required to pay a legislatively-mandated "Pork Checkoff." Tyson denies knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 99, and on that basis denies them.

100.     The allegations set forth in Paragraph 100 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and, therefore, denies these allegations.

101.     Tyson admits that Todd Neff of Tyson Fresh Meats served on the National Pork Producers Council's Board of Directors for some portion of the Class Period. To the extent the allegations in Paragraph 101 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 101 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

102.     The allegations set forth in Paragraph 102 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102 and, therefore, denies these allegations.

103.     The allegations set forth in Paragraph 103 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and,

therefore, denies these allegations. To the extent the allegations in Paragraph 103 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

104.    The allegations set forth in Paragraph 104 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and, therefore, denies these allegations. To the extent the allegations in Paragraph 104 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

105.    Tyson generally and specifically denies the conspiracy alleged in the Complaint. Tyson denies the allegations in Paragraph 105. To the extent that the allegations in Paragraph 105 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

106.    The allegations set forth in Paragraph 106 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and, therefore, denies these allegations.

107.    Paragraph 107 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and, therefore, denies these

allegations. To the extent that the allegations in Paragraph 107 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

108.     The allegations set forth in Paragraph 108 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and, therefore, denies these allegations.

109.     The allegations set forth in Paragraph 109 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and, therefore, denies these allegations.

110.     Tyson admits that Tom Hayes, Jim Lochner, and Lilygren of Tyson Foods, Inc., served on the American Meat Institute ("AMI") and/or NAMI Board of Directors at some point during the Class period, as did Greg Schweitzer of Sara Lee/Hillshire Farms. To the extent that the allegations in Paragraph 110 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

111.     Tyson admits only that Sara Lilygreen has served on the AMI and/or NAMI Executive Committee. To the extent that the allegations in Paragraph 111 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Tyson denies any remaining allegations in Paragraph 111.

112.     Tyson admits only that some of its employees were registered to attend the 2012 "Annual Meat Conference" referenced in Paragraph 112. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and, therefore, denies these allegations. To the extent the allegations in Paragraph 112 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

113.     The allegations set forth in Paragraph 113 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and, therefore, denies these allegations. To the extent the allegations in Paragraph 113 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

114.     The allegations set forth in Paragraph 114 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and, therefore, denies these allegations. To the extent the allegations in Paragraph 114 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

115.     The allegations set forth in Paragraph 115 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and,

therefore, denies these allegations. To the extent the allegations in Paragraph 115 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

116.    The allegations set forth in Paragraph 116 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and, therefore, denies these allegations. To the extent the allegations in Paragraph 116 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

117.    The allegations set forth in Paragraph 117 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and, therefore, denies these allegations.

118.     To the extent the allegations in Paragraph 118 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

119.    Tyson generally and specifically denies the conspiracy alleged in the Complaint. Paragraph 119 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent the allegations in Paragraph 119 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

120.    Tyson states that numerous factors and events throughout the alleged Class Period, including a Swine Flu in 2009 to 2010, and the PEDv epidemic in 2014, impacted Tyson's pork production, and that Tyson makes production decisions based solely on its independent business judgment. Tyson generally and specifically denies the conspiracy alleged in the Complaint. Paragraph 120 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent that the allegations in Paragraph 120 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. To the extent the allegations in Paragraph 120 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

121.    Tyson states that numerous factors and events throughout the alleged Class Period, including a Swine Flu in 2009 to 2010, and the PEDv epidemic in 2014, impacted Tyson's pork production, and that Tyson makes production decisions based solely on its independent business judgment. Paragraph 121 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent the allegations in Paragraph 121 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

122.    Tyson generally and specifically denies the conspiracy alleged in the Complaint. Paragraph 122 contains Plaintiffs' characterization of their claims and/or legal conclusions to

which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson denies the allegations in Paragraph 122.

123.     Tyson specifically and generally denies the conspiracy alleged in the Complaint. Tyson denies the allegations in Paragraph 123.

124.     The allegations set forth in Paragraph 124 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and, therefore, denies these allegations.

125.     The allegations set forth in Paragraph 125 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and, therefore, denies these allegations.

126.     Tyson states that numerous factors and events throughout the alleged Class Period, including a Swine Flu in 2009 to 2010, and the PEDv epidemic in 2014, impacted Tyson's pork production, and that Tyson makes production decisions based solely on its independent business judgment. To the extent the allegations in Paragraph 126 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

127.     The allegations set forth in Paragraph 127 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and, therefore, denies these allegations.

128.     The allegations set forth in Paragraph 128 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and, therefore, denies these allegations.

129.     The allegations set forth in Paragraph 129 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and, therefore, denies these allegations.

130.     The allegations set forth in Paragraph 130 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and, therefore, denies these allegations.

131.     The allegations set forth in Paragraph 131 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and, therefore, denies these allegations.

132.     The allegations set forth in Paragraph 132 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in

this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and, therefore, denies these allegations.

133.     Paragraph 133 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent a response is required, Tyson denies such characterizations, allegations, and/or conclusions. To the extent that the allegations in Paragraph 133 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. Tyson specifically and generally denies the conspiracy alleged in the Complaint.

134.     The allegations set forth in Paragraph 134 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and, therefore, denies these allegations.

135.     The allegations set forth in Paragraph 135 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and, therefore, denies these allegations.

136.     The allegations set forth in Paragraph 136 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and, therefore, denies these allegations.

137.    Paragraph 137 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent the allegations in Paragraph 137 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

138.    Paragraph 138 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent the allegations in Paragraph 138 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

139.    The allegations set forth in Paragraph 139 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and, therefore, denies these allegations.

140.    The allegations set forth in Paragraph 140 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and, therefore, denies these allegations.

141.    The allegations set forth in Paragraph 141 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and, therefore, denies these allegations.

142.    Tyson states that numerous factors and events throughout the alleged Class Period, including a Swine Flu in 2009 to 2010, and the PEDv epidemic in 2014, impacted Tyson's pork production, and that Tyson makes production decisions based solely on its independent business judgment. To the extent the allegations in Paragraph 142 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

143.    Tyson states that numerous factors and events throughout the alleged Class Period, including a Swine Flu in 2009 to 2010, and the PEDv epidemic in 2014, impacted Tyson's pork production, and that Tyson makes production decisions based solely on its independent business judgment. To the extent the allegations in Paragraph 143 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

144.    The allegations set forth in Paragraph 144 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and, therefore, denies these allegations.

145.    The allegations set forth in Paragraph 145 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in

this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and, therefore, denies these allegations.

146.    The allegations set forth in Paragraph 146 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and, therefore, denies these allegations.

147.    The allegations set forth in Paragraph 147 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and, therefore, denies these allegations.

148.    The allegations set forth in Paragraph 148 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and, therefore, denies these allegations.

149.    The allegations set forth in Paragraph 149 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, therefore, denies these allegations.

150.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and, therefore, denies these allegations.

151.     To the extent the allegations in Paragraph 151 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 151 relate to other Defendants and/or third parties to this action, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and, therefore, denies these allegations.

152.     Paragraph 152 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 152 and, therefore, denies these allegations.

153.     To the extent the allegations in Paragraph 153 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson denies all other allegations in Paragraph 153.

154.     To the extent the allegations in Paragraph 154 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 154 relate to other Defendants and/or third parties to this action, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and, therefore, denies these allegations.

155.     To the extent the allegations in Paragraph 155 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 155 relate to other Defendants and/or third parties to this action, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and, therefore, denies these allegations.

156.    To the extent the allegations in Paragraph 156 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 156 relate to other Defendants and/or third parties to this action, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and, therefore, denies these allegations.

157.    To the extent the allegations in Paragraph 157 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 157 relate to other Defendants and/or third parties to this action, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and, therefore, denies these allegations.

158.    To the extent the allegations in Paragraph 158 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 158 relate to other Defendants and/or third parties to this action, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, therefore, denies these allegations.

159.    To the extent the allegations in Paragraph 159 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 159 relate to other Defendants and/or third parties to this action, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and, therefore, denies these allegations.

160.    Tyson admits only that the 2014 PEDv epidemic significantly impacted Tyson's pork production, and that Tyson makes production decisions based on its own independent business judgment. Paragraph 160 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent that the allegations in Paragraph 160 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

161.    Tyson specifically and generally denies the conspiracy alleged in the Complaint. To the extent the allegations in Paragraph 161 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent that the allegations in Paragraph 161 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

162.    Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and, therefore, denies these allegations.

163.    To the extent the allegations in Paragraph 163 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 163 relate to other Defendants and/or third parties to this action, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and, therefore, denies these allegations.

164.    Tyson specifically denies the conspiracy alleged in the Complaint. Paragraph 164 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

165.    To the extent the allegations in Paragraph 165 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 165 relate to other Defendants and/or third parties to this action, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and, therefore, denies these allegations.

166.    Paragraph 166 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent the allegations in Paragraph 166 purport

to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 166 relate to other Defendants and/or third parties to this action, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and, therefore, denies these allegations. Tyson specifically and generally denies the conspiracy alleged in the Complaint.

167.    Paragraph 167 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 and, therefore, denies these allegations.

168.    Paragraph 168 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and, therefore, denies these allegations.

169.    Paragraph 169 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent the allegations in Paragraph 169 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and, therefore, denies these allegations.

170.    To the extent the allegations in Paragraph 170 purport to relate to Tyson, Tyson denies them. To the extent that the allegations in Paragraph 170 relate to other Defendants and/or

third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and, on that basis, denies them.

171.     Tyson denies the allegations in Paragraph 171.

172.     Paragraph 172 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. To the extent the allegations in Paragraph 172 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

173.     Tyson generally and specifically denies the conspiracy alleged in the Complaint. Tyson states only that between 2009 and 2018, Tyson purchased approximately 95% of its hogs from independent hog farmers, and that an increase in the price of hogs in the industry also increases the price Tyson pays for hogs. To the extent the allegations in Paragraph 173 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

174.     Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and, therefore, denies these allegations.

175.     To the extent that the allegations in Paragraph 175 relate to other Defendants and/or third parties to this action, Tyson denies knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations. To the extent the allegations in Paragraph 175 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

176.    To the extent the allegations in Paragraph 176 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

177.    To the extent the allegations in Paragraph 177 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

178.    To the extent the allegations in Paragraph 178 characterize or describe documents or other sources, Tyson notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.

179.    Tyson specifically and generally denies the conspiracy alleged in the Complaint. Paragraph 179 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 179 and, therefore, denies these allegations.

180.    Tyson specifically and generally denies the conspiracy alleged in the Complaint. Paragraph 180 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

181.    Paragraph 181 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

182.    Tyson denies the allegations in Paragraph 182.

183.    The allegations set forth in Paragraph 183 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and, therefore, denies these allegations.

184.    The allegations set forth in Paragraph 184 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 and, therefore, denies these allegations.

185.    The allegations set forth in Paragraph 185 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 and, therefore, denies these allegations.

186.    The allegations set forth in Paragraph 186 are not directed to Tyson and, therefore, no response is required from Tyson. To the extent any of the allegations set forth in this Paragraph could be construed as allegations against Tyson, Tyson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and, therefore, denies these allegations.

187.    Paragraph 187 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions. Tyson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 187 and, therefore, denies

these allegations. Tyson generally and specifically denies the conspiracy alleged in the Complaint.

188.    Tyson denies the allegations in Paragraph 188.

189.    Tyson specifically denies the conspiracy alleged in the Complaint. Paragraph 189 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

190.    Tyson specifically denies the conspiracy alleged in the Complaint. Paragraph 190 contains Plaintiffs' characterization of their claims and/or legal conclusions to which no response is required. To the extent a response is required, Tyson denies such characterizations and/or conclusions.

191.    Tyson denies the allegations in Paragraph 191.

192.    Tyson denies the allegations in Paragraph 192.

193.    Tyson denies the allegations in Paragraph 193.

194.    Tyson denies the allegations in Paragraph 194.

195.    Tyson denies the allegations in Paragraph 195.

196.    Tyson denies the allegations in Paragraph 196.

197.    Tyson denies the allegations in Paragraph 197.

198.    Tyson denies the allegations in Paragraph 198.

199.    Tyson denies the allegations in Paragraph 199.

200.    Tyson denies the allegations in Paragraph 200.

201.    Tyson denies the allegations in Paragraph 201.

202.    Tyson denies the allegations in Paragraph 202.

203.    Tyson denies the allegations in Paragraph 203.

204.     Tyson denies the allegations in Paragraph 204.

205.     Tyson incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to this Paragraph.

206.     Tyson denies the allegations in Paragraph 206.

207.     Tyson denies the allegations in Paragraph 207.

208.     Tyson denies the allegations in Paragraph 208.

209.     Tyson denies the allegations in Paragraph 209.

210.     Tyson denies the allegations in Paragraph 210.

211.     Tyson denies the allegations in Paragraph 211.

212.     Tyson denies the allegations in Paragraph 212.

213.     Tyson denies the allegations in Paragraph 213.

214.     Tyson denies the allegations in Paragraph 214.

215.     Tyson denies the allegations in Paragraph 215.

216.     Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

217.     Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

218.     Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

219.     Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

220.     Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

221.     Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

222.     Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

223.     Tyson denies that Plaintiffs are entitled to any of the relief requested herein.

224.     Paragraph 224 does not contain factual allegations to which a response is required. To the extent a response is required, Tyson also demands a jury trial as set forth below.

## ADDITIONAL ALLEGATIONS AND GENERAL DENIAL

Tyson denies all allegations in the Complaint unless Tyson has expressly admitted those allegations herein. Where an allegation in the Complaint is directed at another Defendant or a party that is not affiliated with Tyson, then except as otherwise expressly stated, Tyson denies the allegations set forth in the Complaint on the basis that it denies the knowledge or information sufficient to form a belief concerning the truth of such allegations. Further, unless otherwise expressly admitted, Tyson denies any allegations in the headings, footnotes or in other places in the Complaint, to the extent that any such allegations require a response. Any headings, subheadings or similar text that Tyson has included in this Answer are for the convenience of the Court and the parties, and are not intended to be nor shall they be construed as an admission of any fact by Tyson.

## AFFIRMITIVE DEFENSES

Without assuming any burden that it otherwise would not bear, and reserving the right to assert additional defenses as those defenses become known during discovery, Tyson asserts the following separate and additional defenses pursuant to Federal Rule of Civil Procedure 8.

## FIRST DEFENSE

1.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

2.      The statute of limitations for Plaintiffs' claims is four years. 15 U.S.C. §15 (b); *Jackson v. Swift Eckrich, Inc.*, 53 F.3d 1452, 1460 (8th Cir. 1995) (applying the Sherman Act's four-year statute of limitations to claims under the Packers and Stockyards Act). Plaintiffs filed their original Complaint in the above captioned litigation on June 29, 2018 (the "Original

Complaint"). The information Plaintiffs allege in support of their claims had been public for more than four years before the Original Complaint was filed.

3.      Plaintiffs' effort to implicate Tyson in the alleged conspiracy relies on language set forth in Tyson's 2009 10K Report, which would have been available to the public for almost ten years before Plaintiffs filed their Original Complaint. Compl. ¶ 78. The Plaintiffs' Complaint cites other public statements made by Tyson. *See, e.g.*, ¶ 126 ("In 2010 Tyson reported a 3.3% decrease in its Pork sales volume coupled with increased export sales, which also accounted for a decrease in its capacity utilization rate.").

4.      Information pled by Plaintiffs regarding the pork industry as alleged dates from more than four years before the Original Complaint was filed. *See*, *e.g.*, Compl. ¶¶ 84 ("Between 1988 and 2015, the top four pork integrators . . . increased their market share from 34 percent in 1988 to just under 70 percent in 2015."), 120 (alleging production cuts in 2009, 2010, and 2013), 121 (quoting a 2009 *Pork Powerhouses*: "[T]he nation's largest 25 producers have cut sow numbers . . . [by] a drop of 6.4%.").

5.      Tyson's participation in trade associations and meetings was public more than four years before the Original Complaint was filed. (*See*, *e.g.*, *id.* ¶¶ 104 (noting Defendants' participation in the National Pork Industry Conference since 2010), 112 (identifying Tyson executives as "registered attendees" for the 2012 "Annual Meat Conference" hosted by the American Meat Institute ("AMI")), 118 (referencing AMI's "International Meat, Poultry & Seafood Convention and Exposition in 2009, 2011, and 2012").

6.      Plaintiffs' fraudulent concealment claims were dismissed by the Court on October 16, 2020. Mem. Op. & Order at 21, *In re Pork Antitrust Litigation*, No. 0:18-cv-01776-JRT-HB (D. Minn. Oct. 16, 2020).

7.      Plaintiffs' Complaint is time-barred.

**SECOND DEFENSE**

8.    Plaintiffs' claims are barred by the equitable doctrine of laches.

9.    The doctrine of laches stems from "the desire to avoid unfairness that can result from the prosecution of stale claims." *Goodman v. McDonnell Douglas Corp.*, 606 F.2d 800, 805 (8th Cir. 1979). Specifically, the laches defense is available when there is: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 121-22 (2002) (quoting *Kansas v. Colorado*, 514 U.S. 673, 687 (1995)).

10.    Tyson hereby incorporates Paragraphs 3-6 of Tyson's Affirmative Defenses, *supra*, in support of this Second Defense. Plaintiffs demonstrated an unreasonable lack of diligence in bringing their claims. Additionally, Plaintiffs' unreasonable delay in bringing their claims has resulted in economic prejudice to Tyson. Tyson continued to invest in its relationships with direct pork-product purchasers while Plaintiffs delayed their claims alleging misconduct in Tyson's pork-related activities. Tyson also continued to pay to participate in Agri Stats. This unreasonable lack of diligence in raising their claims bars them now.

11.    Accordingly, the equitable principles embodied by the doctrine of laches bar Plaintiffs from seeking relief at this delayed juncture.

**THIRD DEFENSE**

12.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exercise reasonable care to mitigate, prevent or avoid any alleged damages.

13.    Tyson hereby incorporates Paragraphs 3-6 of Tyson's Affirmative Defenses, supra, in support of this Third Defense.

14.    If Plaintiffs believed that Defendants were unfairly and anti-competitively raising prices for their direct purchasers through the use of Agri Stats and by conspiring at trade forums

for approximately nine years or more before filing their Original Complaint, Plaintiffs had an

obligation to switch to pork integrators that are not alleged to have been part of the alleged

conspiracy, including but not limited to those that process specialty pork such as organic,

pasture-raised and/or locally-sourced.

15.     Plaintiffs' failure to exercise reasonable care to mitigate damages was the

complete or partial cause of any damages Plaintiffs are alleged to have suffered.

**FOURTH DEFENSE**

16.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver as a

result of Plaintiffs' own acts and omissions.

17.     Tyson hereby incorporates Paragraphs 3-6 of Tyson's Affirmative Defenses,

*supra*, in support of this Fourth Defense.

18.     According to facts alleged in Plaintiffs' Complaint, allegations of the existence of

trade coordination have been public since at least 2007, if not earlier. For example, Plaintiffs rely

on excerpts from 2007 and 2009 articles to allege that pork producers were making the

productions cuts central to Plaintiffs' allegations. *See* Tyson's Affirmative Defenses ¶ 4.

19.     Plaintiffs' conduct in continuing to purchase pork products under a system of

allegedly artificially inflated pricing is evidence of Plaintiffs' waiver of any right to bring this

suit. Plaintiffs' conduct was, and continues to be, inconsistent with any intention other than to

waive their right to bring suit.

20.     Plaintiffs, by their actions, accepted the benefits of an ongoing relationship with

Tyson and relinquished their right to bring suit.

**FIFTH DEFENSE**

21.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

22.     Tyson hereby incorporates Paragraphs 3-6 of Tyson's Affirmative Defenses, *supra*, in support of this Fifth Defense.

23.     Tyson relied in good faith, and to its detriment, on Plaintiffs' actions in continuing to purchase pork products without complaining about the use of Agri Stats or the alleged existence of industry-wide price coordination.

24.     Plaintiffs are therefore estopped, in whole or in part, from pursuing their claims.

**SIXTH DEFENSE**

25.     Plaintiffs' claims are barred, in whole or in part, due to ratification of, and consent to, the alleged conduct of Tyson.

26.     Tyson hereby incorporates Paragraphs 3-6 of Tyson's Affirmative Defenses, *supra*, in support of this Sixth Defense.

27.     Tyson's participation in various trade association meetings and attendance at industry events was public for years before Plaintiffs' Original Complaint. *See supra* ¶5. Additionally, Plaintiffs benefit from Tyson's participation in these trade association meetings and other industry events, in part because these meetings and events, among other things, promote lobbying efforts, industry safety, animal health, training, and education.

28.     Accordingly, because Plaintiffs have been aware for years of the same conduct they now challenge, Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

**SEVENTH DEFENSE**

29.     Without admitting any violation of the Sherman Act, Plaintiffs' claims and/or entitlement to damages for their claims are barred, in whole or in part, by non-settling Defendants' right to offset any amounts paid to Plaintiffs by any Defendants who have settled, or do settle, Plaintiffs' claims in this action.

**EIGHTH DEFENSE**

30.     Plaintiffs' claims are barred in whole or in part, to the extent they seek improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution.

**NINTH DEFENSE**

31.     Plaintiffs' claims are barred, in whole or in part, because the alleged damages are speculative and too difficult to ascertain.

32.     Claims for damages under Clayton Act § 4 must fail when the alleged damages are unduly speculative or difficult to ascertain. *See, e.g.*, *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 545 (1983) (concluding that the "tenuous and speculative character of the relationship between the alleged antitrust violation" and the alleged injury, along with other factors, "weigh heavily against judicial enforcement" of the antitrust claim); *Sharp v. United Airlines, Inc.*, 967 F.2d 404, 409 (10th Cir. 1992) (rejecting antitrust standing in part on the basis of speculative damages); *Home Placement Serv., Inc. v. Providence Journal Co.*, 819 F.2d 1199, 1205 (1st Cir. 1987) ("If the plaintiff's proffered evidence permits no more than 'pure speculation and guesswork,' then the damage evidence is insufficient as a matter of law." (citations omitted)); *see also IQ Dental Supply, Inc. v. Henry Schein, Inc.*, 924 F.3d 57, 66-67 (2d Cir. 2019) ("Although 'some degree of uncertainty stems from the nature of antitrust law,' a high degree of speculation in a damages calculation suggests that 'a given plaintiff is an inefficient engine of enforcement.' . . . As the district court correctly ascertained, calculating IQ's damages essentially would require the creation of an 'alternative universe.' . . . Thus, IQ's damages calculation rests on multiple layers of speculation. No amount

of expert testimony can adequately ameliorate the highly speculative nature of IQ's alleged

losses." (citations omitted)).

33.     Plaintiffs allege that "[a]s a result of Defendants' unlawful conduct, Plaintiffs and

the class members paid artificially inflated prices for pork during the Class Period. Such prices

exceeded the amount they would have paid if the price for pork had been determined by a

competitive market." Compl. ¶ 7.

34.     Pork product pricing varies based on, among other things, (i) the integrator, (ii)

the complex, (iii) complex-specific factors, (iv) feed and other input cost fluctuations, and (v)

both local and global market supply and demand.

35.     The large number of factors that affect pork product pricing renders any damages

calculation speculative.

36.     Plaintiffs' claims of damages are therefore too speculative or difficult to ascertain.

**TENTH DEFENSE**

37.     Plaintiffs' claims are barred, in whole or in part, to the extent the contracts

pursuant to which Plaintiffs purchased pork products contain valid and enforceable clauses

waiving and agreeing not to pursue class action claims against Tyson or clauses providing a

different forum for the resolution of their claims.

**ELEVENTH DEFENSE**

38.     Plaintiffs' claims are barred, in whole or in part, to the extent the contracts

pursuant to which Plaintiffs purchased pork products contain valid and enforceable clauses

waiving the right to a trial by jury on any claims against Tyson.

**TWELFTH DEFENSE**

39.     Plaintiffs' claims are barred, in whole or in part, to the extent the contracts

pursuant to which Plaintiffs purchased pork products contain valid and enforceable clauses

waiving claims against Tyson under any previous contract purchase arrangement.

**THIRTEENTH DEFENSE**

40.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing

under the Sherman Act.

**FOURTEENTH DEFENSE**

41.     Without admitting any violation of the Sherman Act, Plaintiffs' claims and/or

entitlement to damages for their claims are barred, in whole or in part, by non-settling

Defendants' right to offset any amounts paid to Plaintiffs by any Defendants who have settled, or

do settle, Plaintiffs' claims in this action.

**FIFTHTEENTH DEFENSE**

42.     Tyson adopts and incorporates by reference any and all other defenses asserted by

any other Defendant to the extent that the defense would apply to Tyson.

## PRAYER FOR RELIEF

WHEREFORE, Tyson respectfully requests that judgment be entered in favor of Tyson

and the other Defendants and against Plaintiffs, dismissing the Complaint in its entirety with

prejudice. Tyson further requests that this Court (i) award Tyson its costs and disbursements, and

(ii) award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to the Federal Rules of Civil Procedure 38, Defendant Tyson demands a trial by jury on all claims so triable.

Dated:  December 16, 2020

<div style="margin-left:40%">

DYKEMA GOSSETT PLLC

s/ David P. Graham
David P. Graham
90 S 7th Street, FL 2
Minneapolis, MN 55402
Telephone: 612-486-1521
dgraham@dykema.com

Rachel Adcox
Tiffany Rider
Axinn, Veltrop & Harkrider LLP
Washington, DC 20004
Telephone:  202.912.4700

*Attorneys for Defendants Tyson Foods, Inc., Tyson Fresh Meats, Inc., and Tyson Prepared Foods, Inc.*

</div>

**CERTIFICATE OF SERVICE**

I, David P. Graham, hereby certify that a true and correct copy of the foregoing Tyson

Defendants' Answer to Direct Purchaser Plaintiffs' Third Amended Consolidated Class Action

Complaint was electronically filed with the Clerk of the Court using the CM/ECF system on

December 16, 2020, which constitutes service on counsel of record who are registered electronic

filing users.


s/ David P. Graham

David P. Graham
90 S 7th Street, FL 2
Minneapolis, MN 55402
Telephone: 612-486-1521
dgraham@dykema.com
*Attorneys for Defendants Tyson Foods, Inc.,*
*Tyson Fresh Meats, Inc., and Tyson Prepared*
*Foods, Inc.*