# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION* | Case No. 0:18-cv-01776-JRT-HB |
| This Document Relates To:<br><br>ALL CONSUMER INDIRECT PURCHASER ACTIONS | |

## CLEMENS' ANSWER TO CONSUMER INDIRECT PURCHASER PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Clemens[1] is a family-owned corporation headquartered in Hatfield, Pennsylvania. Indirect Purchaser Plaintiffs' ("Plaintiffs") Second Amended Consolidated Class Action Complaint ("Complaint") alleges that eight pork producers all agreed to and engaged in anticompetitive supply cuts through benchmarking services offered by Agri Stats, Inc. (collectively with pork producers, "Defendants"). Plaintiffs are wrong. The crux of Plaintiffs' theory is that, during the relevant time period from January 1, 2008 to 2018, Defendants coordinated and limited their production by closing operations, consolidating complexes, and reducing output. Not so for Clemens, which took precisely the opposite track; ***doubling its capacity*** by opening a new processing plant in Coldwater, Michigan in 2017.

---

[1]     The Clemens Defendants in this action are Clemens Food Group, LLC and The Clemens Family Corporation (collectively, "Clemens").

Clemens answers and sets forth its affirmative defenses to Plaintiffs' Complaint as follows. It denies each and every allegation in Plaintiffs' Complaint except as expressly admitted below.

### ANSWERS

Per the opening Paragraph of the Complaint, Clemens admits that Plaintiffs purport to bring this putative class action under the antitrust laws of the United States, but denies that Plaintiffs can state a claim under those laws, have or can satisfy the requirements of Federal Rule of Civil Procedure 23, and/or that Plaintiffs are entitled to any of the requested relief. Clemens denies the remaining allegations in this Paragraph.[2]

The following Answers are numbered with respect to the Paragraph in the Complaint to which they respond. Clemens denies any allegation not specifically addressed in these Answers.

1.      Clemens denies the allegations in Paragraph 1.

2.      Clemens denies the conspiracy alleged in the first sentence of Paragraph 2. To the extent the allegations in Paragraph 2, including the above image, characterize or describe a website created by Agri Stats, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 2 relate to other Defendants and/or third parties, Clemens is

---

[2]      The headings and titles in Plaintiffs' Complaint are not factual allegations to which a response is required. To the extent that a response is deemed required, Clemens denies any allegations in Plaintiffs' headings and titles.

without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 2.

3.      Clemens denies the allegations in Paragraph 3.

4.      Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the remaining allegations in Paragraph 4 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 4.

5.      Clemens denies the allegations in Paragraph 5.

6.      Clemens denies the price-fixing scheme alleged in Paragraph 6. To the extent the remaining allegations in Paragraph 6 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 6.

7.      To the extent the allegations in Paragraph 7 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 7.

8.      To the extent the allegations in Paragraph 8 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of

these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 8.

9.     Clemens denies the conspiracy alleged in the final sentence of Paragraph 9. To the extent the allegations in Paragraph 9 relate to other Defendants and/or third parties and to an unknown data source, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 9.

10.     Clemens denies the allegations in Paragraph 10.

11.     The first sentence of Paragraph 11 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies this characterization. To the extent the remaining allegations in Paragraph 11 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 11.

12.     Clemens denies the allegations in Paragraph 12.

13.     Clemens admits that Plaintiffs purport to bring this putative class action under the antitrust laws of the United States and the laws of individual States, but denies that Plaintiffs can state a claim under those laws, have or can satisfy the requirements of Federal Rule of Civil Procedure 23, and/or that Plaintiffs are entitled to any of the requested relief. Clemens denies the remaining allegations in Paragraph 13.

14.     Clemens admits that Plaintiffs purport to bring this putative class action under the antitrust laws of the United States and the laws of individual States, but denies that Plaintiffs can state a claim under those laws, have or can satisfy the requirements of Federal Rule of Civil Procedure 23, and/or that Plaintiffs are entitled to any of the requested relief. Clemens denies the remaining allegations in Paragraph 14.

15.     Clemens admits that it processes pork. To the extent the remaining allegations in Paragraph 15 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 15.

16.     Clemens denies the conspiracy alleged in the first sentence of Paragraph 16. To the extent the remaining allegations in Paragraph 16 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 16.

17.     To the extent the allegations in Paragraph 17 or the referenced exhibits characterize, describe, or purport to reproduce sources or documents, including those listed as Exhibits A through G, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 17 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 17.

18.     Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the remaining allegations in Paragraph 18 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 18.

19.     Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 19 reference unidentified Agri Stats reports, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 19 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 19.

20.     To the extent the allegations in Paragraph 20 characterize or describe sources or documents, including emails or sales reports sent by Brian Snyder of Agri Stats, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens admits that Agri Stats collected some

information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the remaining allegations in Paragraph 20 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 20.

21.     To the extent the allegations in Paragraph 21 characterize or describe sources or documents, including emails or sales reports sent by Brian Snyder of Agri Stats described in Paragraph 20, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 21.

22.     Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 22 characterize or describe sources or documents, including emails or sales reports sent by Brian Snyder of Agri Stats described in Paragraph 20, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 22 relate to other Defendants and/or third parties,

Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 22.

23.     To the extent the allegations in Paragraph 23 characterize or describe sources or documents, including a 2008 "demo" report created by Agri Stats, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 23 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 23.

24.     To the extent the allegations in Paragraph 24 characterize or describe sources or documents, including a 2008 "demo" report created by Agri Stats as described in Paragraph 23, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 24.

25.     Clemens denies the allegations in Paragraph 25.

26.     To the extent the allegations in Paragraph 26 characterize or describe sources or documents, including a 2008 "demo" report created by Agri Stats as described in Paragraph 23, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 26.

27.     To the extent the allegations in Paragraph 27 characterize or describe sources or documents, including a 2008 "demo" report created by Agri Stats as described in

Paragraph 23, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 27.

28.     To the extent the allegations in Paragraph 28 characterize or describe sources or documents, including a 2009 report created by Agri Stats, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 28.

29.     To the extent the allegations in Paragraph 29 characterize or describe sources or documents, including a 2009 report created by Agri Stats as described in Paragraph 28, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 29.

30.     To the extent the allegations in Paragraph 30 characterize or describe sources or documents, including a so-called "Bacon Report" created by Agri Stats, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 30.

31.     To the extent the allegations in Paragraph 31 characterize or describe sources or documents, including a presentation prepared by Agri Stats in 2010, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 31 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a

belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 31.

32.     Clemens denies the allegation in Paragraph 32.

33.     Clemens admits that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes. To the extent the allegations in Paragraph 33 characterize or describe sources or documents, including a presentation prepared by Agri Stats in 2010, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 33 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 33.

34.     To the extent the allegations in Paragraph 34 characterize or describe sources or documents, including reports, information, or computer programs created by Agri Stats, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 34 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 34.

35.     To the extent the allegations in Paragraph 35 characterize or describe sources or documents, including a 2006 email sent by Deb McConnell of Tyson, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 35 relate to

other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 35.

36.     To the extent the allegations in Paragraph 36 characterize or describe sources or documents, including a 2006 email sent by Deb McConnell of Tyson, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 36 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 36.

37.     Clemens admits that its employees have met in-person with Agri Stats employees. To the extent the allegations in Paragraph 37 characterize or describe sources or documents, including a 2009 spreadsheet prepared by Deb McConnell of Tyson, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 37 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 37.

38.     To the extent the allegations in Paragraph 38 characterize or describe sources or documents, including emails sent by employees of Tyson or Agri Stats, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 38 relate to

other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 38.

39.     To the extent the allegations in Paragraph 39 characterize or describe sources or documents, including a 2009 document allegedly created by Stacey Edwards of Agri Stats, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 39 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 39.

40.     To the extent the allegations in Paragraph 40 characterize or describe sources or documents, including a 2009 email sent by Deb McConnell of Tyson Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 40 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 40.

41.     Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 41 characterize or

describe sources or documents, including reports generated by Agri Stats, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 41 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 41.

42.     Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 42 characterize or describe sources or documents, including reports generated by Agri Stats, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 42 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 42.

43.     To the extent the allegations in Paragraph 43 characterize or describe sources or documents, including reports or presentations generated by Agri Stats, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 43 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a

belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 43.

44.    Clemens denies the allegations in Paragraph 44.

45.    To the extent the allegations in Paragraph 45 characterize or describe sources or documents, including reports generated by Agri Stats, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 45 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 45.

46.    To the extent the allegations in Paragraph 46 characterize or describe sources or documents, including a 2008 presentation created by Agri Stats, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 46 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 46.

47.    Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 47 characterize or

describe sources or documents, including a 2008 presentation created by Agri Stats referenced in Paragraph 46, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 47 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 47.

48.     To the extent the allegations in Paragraph 48 characterize or describe sources or documents, including a 2008 presentation created by Agri Stats referenced in Paragraph 46, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 48 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 48.

49.     To the extent the allegations in Paragraph 49 characterize or describe sources or documents, including a 2008 presentation created by Agri Stats referenced in Paragraph 46, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 49 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 49.

50.     Clemens denies the allegations in Paragraph 50.

51.     To the extent the allegations in Paragraph 51 characterize or describe sources or documents, including a "Demo Swine Processing Report" created by Agri Stats in 2010, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 51 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 51.

52.     Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 52 characterize or describe sources or documents, including a "Demo Swine Processing Report" created by Agri Stats in 2010 referenced in Paragraph 51, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 52 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 52.

53.     To the extent the allegations in Paragraph 53 characterize or describe sources or documents, including a "Demo Swine Processing Report" created by Agri Stats in 2010 referenced in Paragraph 51, Clemens notes that such sources speak for themselves and

denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 53 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 53.

54.     To the extent the allegations in Paragraph 54 characterize or describe sources or documents, including a "Demo Swine Processing Report" created by Agri Stats in 2010 referenced in Paragraph 51, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 54 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 54.

55.     To the extent the allegations in Paragraph 55 characterize or describe sources or documents, including a "Demo Swine Processing Report" created by Agri Stats in 2010 referenced in Paragraph 51, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 55.

56.     To the extent the allegations in Paragraph 56 characterize or describe sources or documents, including an unidentified presentation created by Agri Stats, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 56.

57.     To the extent the allegations in Paragraph 57 characterize or describe sources or documents, including a "Demo Swine Processing Report" created by Agri Stats in 2010

referenced in Paragraph 51, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 57.

58.    Clemens denies the allegations in Paragraph 58.

59.    Clemens admits that its employees have met in-person with Agri Stats employees. To the extent the allegations in Paragraph 59 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 59.

60.    To the extent the allegations in Paragraph 60 relate to other Defendants and/or third parties and to conduct in the Broiler industry, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 60 characterize or describe sources or documents, including marketing materials prepared by Agri Stats, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 60.

61.    Clemens denies the conspiracy alleged in Paragraph 61 and the allegation that Agri Stats served as a "monitoring function" to prevent the alleged members from increasing production. On the contrary, Clemens notes that, as described in Figure 14 in Paragraph 151, *its market share doubled during the class period*. Clemens denies the remainder of the allegations in Paragraph 61.

62.     Clemens denies the conspiracy alleged in Paragraph 62. Clemens denies the remaining allegations in Paragraph 62.

63.     To the extent the allegations in Paragraph 63 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 63.

64.     Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the remaining allegations in Paragraph 64 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 64.

65.     Clemens denies the conspiracy alleged in Paragraph 65. Clemens denies the remaining allegations in Paragraph 65.

66.     Clemens denies the conspiracy alleged in Paragraph 66. To the extent the remaining allegations in Paragraph 64 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them.  Clemens denies the remaining allegations in Paragraph 66.

67.     To the extent the allegations in Paragraph 67 characterize or describe data or sources or documents, including an unidentified email sent by a Tyson employee, Clemens

notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 67.

68.    Clemens denies the conspiracy alleged in Paragraph 68. Clemens denies the remaining allegations in Paragraph 68.

69.    Clemens admits that its employees have met in person with Agri Stats employees. Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the remaining allegations in Paragraph 69 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 69.

70.    Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 70 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 70.

71.     To the extent the allegations in Paragraph 71 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 71.

72.     To the extent the allegations in Paragraph 72 characterize or describe unidentified sources or documents, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 72 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 72.

73.     Clemens denies the allegations of a "cartel" and the conspiracy alleged in Paragraph 73. Clemens admits that its employees have met in-person with Agri Stats employees. Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the remaining allegations in Paragraph 73 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 73.

74.     Clemens denies the conspiracy alleged in the first sentence of Paragraph 74. To the extent the allegations in Paragraph 74 characterize or describe sources or

documents, including an unidentified Agri Stats presentation, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 74 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 74.

75.     To the extent the allegations in Paragraph 75 characterize or describe sources or documents, including unidentified Agri Stats statements, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith.  To the extent the remaining allegations in Paragraph 75 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 75.

76.     Clemens denies the conspiracy alleged in Paragraph 76. Clemens denies the remaining allegations in Paragraph 76.

77.     Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 77 characterize or describe sources or documents, including unidentified Agri Stats statements, Clemens notes that such sources speak for themselves and denies any characterization or description

that is inconsistent therewith.  To the extent the remaining allegations in Paragraph 77 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 77.

78.     To the extent the allegations in Paragraph 78 characterize or describe sources or documents, including a 2010 Agri Stats presentation, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 78 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 78.

79.     To the extent the allegations in Paragraph 79 characterize or describe sources or documents, including a 2010 email from Agri Stats employee Josh Edwards, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 79 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 79.

80.     Clemens denies the allegation in the first sentence of Paragraph 80 that Agri Stats provided it with "detailed anticompetitive information." To the extent the allegations in Paragraph 80 characterize or describe sources or documents, including emails, letters, and other correspondence of Agri Stats employees, Clemens notes that such sources speak

for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 80 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 80.

81.     To the extent the allegations in Paragraph 81 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 81.

82.     To the extent the allegations in Paragraph 82 characterize or describe sources or documents, including a presentation prepared by Agri Stats, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 82 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 82.

83.     Clemens denies the conspiracy alleged in Paragraph 83. Clemens denies the remaining allegations in Paragraph 83.

84.     Clemens denies the allegations in Paragraph 84.

85.     Clemens admits that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes. To the extent the allegations in Paragraph 85 characterize or describe sources or documents, including a presentation

prepared by Agri Stats, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 85 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 85.

86.     Clemens admits that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes. Clemens denies that it engaged in deanonymization efforts with respect to its received Agri Stats reports. To the extent the allegations in Paragraph 86 characterize or describe sources or documents, including a 2009 Agri Stats report, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 86 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 86.

87.     Clemens denies the allegations in Paragraph 87.

88.     Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 88 characterize or describe Agri Stats books, Clemens notes that such sources speak for themselves and

denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 88.

89.     Clemens admits that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes. To the extent the allegations in Paragraph 89 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 89.

90.     To the extent the allegations in Paragraph 90 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 90.

91.     Clemens denies the conspiracy alleged in Paragraph 91. To the extent the remaining allegations in Paragraph 91 relate to other Defendants and/or third parties or to conduct in the chicken industry, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 91.

92.     To the extent the allegations in Paragraph 92 relate to other Defendants and/or third parties and to conduct in the Broiler industry, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 92.

93.     To the extent that the allegations in Paragraph 93 relate to other Defendants and/or third parties to this action, to conduct in the Broiler industry, and to unrelated

lawsuits, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies any remaining allegations in Paragraph 93.

94.     To the extent that the allegations in Paragraph 94 relate to other Defendants and/or third parties to this action and to unrelated lawsuits, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies any remaining allegations in Paragraph 94.

95.     To the extent that the allegations in Paragraph 95 relate to other Defendants and/or third parties to this action, to conduct in the Broiler industry, and to unrelated lawsuits, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies any remaining allegations in Paragraph 95.

96.     To the extent the allegations in Paragraph 96 characterize or describe documents or sources related to the *In re Broiler Chicken Antitrust Litigation,* No. 16-cv-08637 (N.D. Ill. Nov. 20, 2017) litigation, Clemens notes that such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent that the remaining allegations in Paragraph 96 relate to other Defendants and/or third parties to this action and to unrelated lawsuits, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies any remaining allegations in Paragraph 96.

97.     Clemens denies the conspiracy alleged in Paragraph 97. To the extent that the remaining allegations in Paragraph 97 relate to other Defendants and/or third parties to

this action and to unrelated lawsuits, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies any remaining allegations in Paragraph 97.

98.    Clemens denies the conspiracy alleged in the first sentence of Paragraph 98. To the extent the remaining allegations in Paragraph 98 characterize or describe data from an unidentified source, including in the graph above, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 98 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 98.

99.    Clemens denies that it engaged in parallel production cuts as alleged in the first sentence of Paragraph 99. To the extent the allegations in Paragraph 99 characterize or describe selected statements made by Larry Pope, CEO and President of Smithfield, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 99 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 99.

100.   To the extent the allegations in Paragraph 100 characterize or describe selected statements made by AgStar VP Mark Greenwood, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 100 relate to other Defendants and/or

third parties, or to conduct in the Broiler industry, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 100.

101.    To the extent the allegations in Paragraph 101 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 101.

102.    To the extent the allegations in Paragraph 102 characterize or describe selected statements made by Tyson, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 102 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 102.

103.    To the extent the allegations in Paragraph 103 characterize or describe selected statements made by Hormel, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 103.

104.    To the extent the allegations in Paragraph 104 characterize or describe selected statements made by Hormel, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 104.

105.    To the extent the allegations in Paragraph 105 characterize or describe selected statements made by Tyson, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 105.

106.    To the extent the allegations in Paragraph 106 characterize or describe selected statements made by Hormel CFO Jody Feragen, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 106.

107.    To the extent the allegations in Paragraph 107 characterize or describe selected statements made by Larry Pope, the CEO of Smithfield, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 107.

108.    To the extent the allegations in Paragraph 108 characterize or describe selected statements made by Smithfield, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 108 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 108.

109.    To the extent the allegations in Paragraph 109 characterize or describe selected statements made by Wesley Mendonca Batista, CEO of JBS, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 109.

110.   To the extent the allegations in Paragraph 110 characterize or describe selected statements made by Steve Meyer of Paragon Economics, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 110.

111.   To the extent the allegations in Paragraph 111 characterize or describe selected statements made by the CEO of Smithfield, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 111.

112.   Clemens denies the allegations in the first sentence of Paragraph 112 as it relates to Clemens.   To the extent the allegations in Paragraph 112 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 112.

113.   To the extent the allegations in Paragraph 113 characterize or describe Tyson's 2009 10-K filing, Clemens states such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 113 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 113.

114.   To the extent the allegations in Paragraph 114 characterize or describe selected statements made by Hormel, Clemens states such sources speak for themselves

and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 114.

115.   To the extent the allegations in Paragraph 115 characterize or describe selected statements made by Steve Meyer, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 115.

116.   To the extent the allegations in Paragraph 116 characterize or describe selected statements made by the CEO of Smithfield, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 116.

117.   To the extent the allegations in Paragraph 117 characterize or describe selected statements made by Wesley Mendonca Batista, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 117.

118.   To the extent the allegations in Paragraph 118 characterize or describe selected statements made by Hormel, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 118.

119.   Clemens denies the allegation in the first sentence of Paragraph 119 as it relates to Clemens. To the extent the allegations in Paragraph 119 characterize or describe selected statements made by Larry Pope, the CEO of Smithfield, Clemens states such sources speak for themselves and denies any characterization or description that is

inconsistent therewith. To the extent the allegations in Paragraph 119 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 119.

120.    Clemens denies the allegations in the first sentence of Paragraph 120. To the extent the allegations in Paragraph 120 characterize or describe selected statements made by Tyson's COO, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 120.

121.    To the extent the allegations in Paragraph 121 characterize or describe selected statements made by Larry Pope, Heather Jones, and Robert (Bo) Manly, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 121.

122.    To the extent the allegations in Paragraph 122 characterize or describe selected statements made by VP of Finance and chief accounting officer of Smithfield, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 122.

123.    To the extent the allegations in Paragraph 123 characterize or describe selected statements made by Wesley Mendonca Batista, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 123.

124.    Clemens denies the allegations in Paragraph 124.

125.    To the extent the allegations in Paragraph 125 characterize or describe USDA data, including in the graph above, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125 and therefore denies those allegations.

126.    To the extent the allegations in Paragraph 126 relate to unknown data and analysis, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 126.

127.    To the extent the allegations in Paragraph 127 relate to unknown data and analysis, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 127.

128.    To the extent the allegations in Paragraph 128 relate to unknown data and analysis, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 128.

129.    Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and therefore denies them.

130.    Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and therefore denies them.

131.    Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and therefore denies them.

132.    Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and therefore denies them.

133    To the extent the allegations in Paragraph 133 characterize or describe statements made by the USDA or USDA officials, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 133 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 133.

134.    Clemens admits that Plaintiffs have defined "inelastic demand" as described in Paragraph 134, but denies the term necessarily has the specific meaning that Plaintiffs ascribe to it. To the extent the allegations in Paragraph 134 relate to other Defendants and/or third parties and/or unknown data, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 134.

135.    To the extent the allegations in Paragraph 135 characterize or describe Consumer Price Index data, including in the graph above, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135 and therefore denies those allegations.

136.   To the extent the allegations in Paragraph 136 characterize or describe Consumer Price Index data, including in the graph above, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 136 and therefore denies those allegations.

137.   To the extent the allegations in Paragraph 138 characterize or describe Consumer Price Index data, including in the graph above, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 138 and therefore denies those allegations.

138.   Clemens denies the allegations in Paragraph 138.

139.   Clemens denies the conspiracy alleged in Paragraph 139. Clemens denies the remaining allegations in Paragraph 139.

141.   As the terms "hog production," "hog processing," "intermediate pork processing," and "further processing" are imprecise, Clemens is unable to form a belief as to the truth of the allegations in the first sentence of Paragraph 140 and therefore denies those allegations. As the terms "integration" and "integrator" are imprecise, Clemens is unable to form a belief as to the truth of the allegations in the remainder of Paragraph 140 and therefore denies those allegations. To the extent the remaining allegations in Paragraph 140 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 140.

141.   To the extent the allegations in Paragraph 141 characterize or describe selected statements made by Smithfield, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 141 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 141.

142.   To the extent the allegations in Paragraph 142 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 142.

143.   Clemens admits that Plaintiffs purport to copy or create a graphic based on information from an unknown source and refer to the contents thereof. Clemens denies the remaining allegations in Paragraph 143.

144.   As the terms "vertical integration" is imprecise, Clemens is unable to form a belief as to the truth of the allegations in the first sentence of Paragraph 144 and therefore denies those allegations. To the extent the remaining allegations in Paragraph 144 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 144.

145.   Clemens denies the allegations in Paragraph 145.

146.   To the extent the allegations in Paragraph 146 relate to unknown data and analysis, Clemens is without information sufficient to form a belief as to the truth of these

allegations and therefore denies them. To the extent the allegations in Paragraph 146 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 146.

147.    Clemens denies the allegations in Paragraph 147.

148.    Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and therefore denies them.

149.    Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and therefore denies them.

150.    To the extent the allegations in Paragraph 150 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 150.

151.    Clemens denies that its market share was largely stable during the alleged class period.  Clemens notes that, as described in Figure 14 in Paragraph 151, *its market share doubled during the class period*. To the extent the remaining allegations in Paragraph 151 relate to other Defendants and/or third parties and to an unknown data source, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 151.

152.    Clemens denies that its market share was largely stable during the alleged class period.  Clemens notes that, as described in Figure 14 in Paragraph 151, *its market*

*share doubled during the class period*. To the extent the remaining allegations in Paragraph 152 relate to other Defendants and/or third parties and to an unknown data source, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 152.

153.    To the extent the allegations in Paragraph 153 characterize or describe data from an unknown source, including in the table above, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 153 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 153.

154.    Clemens denies the allegations in the first sentence of Paragraph 154. To the extent the allegations in Paragraph 154 characterize or describe statements made by WH Group Limited, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 154.

155.    Clemens admits that building a pork production facility from scratch could cost hundreds of millions of dollars. Clemens admits that it spent at least $300,000,000 building a pork production facility from scratch in Coldwater, Michigan which began operation in 2017. To the extent the allegations in Paragraph 155 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the

truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 155.

156.   Clemens denies the allegations in Paragraph 156.

157.   Clemens denies the allegations in Paragraph 157.

158.   Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and therefore denies them.

159.   To the extent the allegations in Paragraph 159 characterize or describe selected statements made by Brian Snyder of Agri Stats, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 159.

160.   To the extent the allegations in Paragraph 160 characterize or describe selected statements made by Brian Snyder, President of Agri Stats, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 160.

161.   To the extent the allegations in Paragraph 161 characterize or describe selected statements made by Larry Pope, the CEO of Smithfield, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 161.

162.   To the extent the allegations in Paragraph 162 characterize or describe selected statements made by Larry Pope and others, Clemens states such sources speak for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 162.

163.    To the extent the allegations in Paragraph 163 characterize or describe a 2017 Bloomberg Businessweek article, Clemens states such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 163.

164.    To the extent the allegations in Paragraph 164 characterize or describe the Second Consolidated and Amended Complaint by the End User Plaintiff Class in the *In Re Broiler Chicken Antitrust Litigation*, Case No. 1:16-cv-08637 (N.D. Ill.), Clemens states such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 164 relate to other Defendants and/or third parties and to unrelated lawsuits, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 164.

165.    Clemens denies the allegations in Paragraph 165.

166.    Paragraph 166 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent that a response is required and the allegations in Paragraph 166 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 166.

167.    Paragraph 167 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to

which no response is required. To the extent that a response is required, Clemens denies the remaining allegations in Paragraph 167.

168.    Paragraph 168 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent that a response is required, Clemens denies the allegations in Paragraph 168.

169.    Clemens admits that it sells pork products. Clemens denies the remaining allegations in Paragraph 169.

170.    Clemens admits that Agri Stats collected some information from Clemens and that Agri Stats reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the remaining allegations in Paragraph 170 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 170.

171.    To the extent the allegations in Paragraph 171 characterize or describe statements made in 2008 by Greg Bilbrey of Agri Stats, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 171 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief

as to the truth of these allegations and therefore denies them. Clemens denies any remaining allegations in Paragraph 171.

172.    Clemens denies the allegation of conspiracy in the first sentence of Paragraph 172. To the extent the allegations in Paragraph 172 characterize or describe statements made by Greg Bilbrey of Agri Stats, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens denies any remaining allegations in Paragraph 172.

173.    To the extent the allegations in Paragraph 173 characterize or describe statements made by Greg Bilbrey of Agri Stats, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the remaining allegations in Paragraph 173 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 173.

174.    Clemens admits that it made the unilateral decision to participate in Agri Stats, where Agri Stats collected some information from Clemens and reported anonymized information to Clemens on a regular basis for pro-competitive benchmarking purposes; as to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens further admits that it identified Joshua Rennells in its initial disclosures. To the extent the remaining allegations in Paragraph 174 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these

allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 174.

175.   Clemens admits that Plaintiffs have defined "relevant market" as described in Paragraph 175, but denies the term necessarily has the specific meaning that Plaintiffs ascribe to it. To the extent the allegations in Paragraph 175 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 175.

176.   As the term "single market" is imprecise, Clemens is unable to form a belief as to the truth of the allegations in the first sentence of Paragraph 176. Clemens denies the remaining allegations in Paragraph 176.

177.   As the term "relevant geographic market" is imprecise, Clemens is unable to form a belief as to the truth of the allegations in the first sentence of Paragraph 177. Clemens denies the remaining allegations in Paragraph 177.

178.   As the term "barriers to entry" is imprecise, Clemens is unable to form a belief as to the truth of the allegations in the Paragraph 178. Clemens denies the remaining allegations in Paragraph 178.

179.   As the term "market power" is imprecise, Clemens is unable to form a belief as to the truth of the allegations in the first sentence of Paragraph 179.  Clemens denies the remaining allegations in Paragraph 179.

180.   Clemens denies the conspiracy alleged in Paragraph 180.  Paragraph 180 further contains Plaintiffs' characterization of their claims, allegations subject to proof,

including by expert testimony, and/or legal conclusions, to which no response is required. To the extent that a response is required, Clemens denies the allegations. Clemens denies the remaining allegations in Paragraph 180.

181.   Clemens denies the allegation in Paragraph 181.

182.   Paragraph 182 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent that a response is required, Clemens denies them. Clemens denies the remaining allegations in Paragraph 182.

183.   Clemens denies the allegations in the first sentence of Paragraph 183. To the extent the allegations in Paragraph 183 characterize or describe statements made by WH Group Limited, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 183.

184.   To the extent the allegations in Paragraph 184 characterize or describe actions or statements made by the International Trade Commission, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 184.

185.   To the extent the allegations in Paragraph 185 characterize or describe statements made by an unidentified scholar, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 185.

186.   Clemens denies the allegations in Paragraph 186.

187.   The first sentence of Paragraph 187 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent that a response is required, Clemens denies them. To the extent the allegations in Paragraph 187 characterize or describe statements made by Conestoga Meat Packers President Arnold Drung, Clemens notes that such source speaks for itself and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 187.

188.   Clemens admits that Plaintiffs have defined "price elasticity of demand" as described in Paragraph 188, but denies the term necessarily has the specific meaning that Plaintiffs ascribe to it. To the extent the allegations in Paragraph 188 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 188.

189.   Clemens denies the allegation that its products are indistinguishable in all respects from other pork products. To the extent the allegations in Paragraph 189 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. To the extent the allegations in Paragraph 189 characterize or describe statements made by representatives of the Pork Checkoff program, documents, or other sources, Clemens states such sources speaks for themselves and denies any characterization or description that is inconsistent therewith. Clemens denies the remaining allegations in Paragraph 189.

190.   To the extent the allegations in Paragraph 190 characterize or describe a 2010 Agri Stats presentation, Clemens states such source speaks for itself and denies any characterization or description that is inconsistent therewith. To the extent the allegations in Paragraph 190 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 190.

191.   Clemens denies the allegations in Paragraph 191.

192.   To the extent the allegations in Paragraph 192 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 192.

193.   Clemens denies the allegations in Paragraph 193.

194.   Paragraph 194 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent that a response is required, Clemens denies the allegations in Paragraph 194.

195.   Clemens admits that the Court has subject matter jurisdiction over this action. Clemens admits that Plaintiffs purport to bring this action under Sections 16 of the Clayton Act, 15 U.S.C. § 26 to seek injunctive relief for alleged violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, and under state laws to attempt to recover actual and/or compensatory damages, double and treble damages as permitted, pre- and post-judgment interest, costs, and attorneys' fees, but denies that Plaintiffs can state claims under the

Clayton Act or Sherman Act, have or can satisfy the requirements of Federal Rule of Civil Procedure 23, and/or are entitled to any of the relief requested. Clemens denies the remaining allegations in Paragraph 195.

196.    Clemens admits that venue properly lies in this District for purposes of this matter only. Clemens denies the remaining allegations in Paragraph 196.

197.    Clemens admits that the Court has personal jurisdiction over Clemens. Clemens admits that it transacts business in this District, but otherwise denies Subpart (a) of Paragraph 197. Clemens denies the allegations in Subpart (d) of Paragraph 197. To the extent that the allegations in Paragraph 197 relate to other Defendants and/or third parties to this action, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies any remaining allegations in Paragraph 197.

198.    Clemens admits that it sells pork in interstate commerce of the United States. Clemens denies the remaining allegations in Paragraph 198.

199.    Clemens denies the allegations of conspiracy and injury in Paragraph 199. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 199 and therefore denies them.

200.    Clemens denies the allegations of conspiracy and injury in Paragraph 200. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 200 and therefore denies them.

201.    Clemens denies the allegations of conspiracy and injury in Paragraph 201. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 201 and therefore denies them.

202.    Clemens denies the allegations of conspiracy and injury in Paragraph 202. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 202 and therefore denies them.

203.    Clemens denies the allegations of conspiracy and injury in Paragraph 203. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 203 and therefore denies them.

204.    Clemens denies the allegations of conspiracy and injury in Paragraph 204. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 204 and therefore denies them.

205.    Clemens denies the allegations of conspiracy and injury in Paragraph 205. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 205 and therefore denies them.

206.    Clemens denies the allegations of conspiracy and injury in Paragraph 206. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 206 and therefore denies them.

207.    Clemens denies the allegations of conspiracy and injury in Paragraph 207. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 207 and therefore denies them.

208.    Clemens denies the allegations of conspiracy and injury in Paragraph 208. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 208 and therefore denies them.

209.    Clemens denies the allegations of conspiracy and injury in Paragraph 209. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 209 and therefore denies them.

210.    Clemens denies the allegations of conspiracy and injury in Paragraph 210. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 210 and therefore denies them.

211.    Clemens denies the allegations of conspiracy and injury in Paragraph 211. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 211 and therefore denies them.

212.    Clemens denies the allegations of conspiracy and injury in Paragraph 212. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 212 and therefore denies them.

213.    Clemens denies the allegations of conspiracy and injury in Paragraph 213. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 213 and therefore denies them.

214.    Clemens denies the allegations of conspiracy and injury in Paragraph 214. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 214 and therefore denies them.

215.    Clemens denies the allegations of conspiracy and injury in Paragraph 215. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 215 and therefore denies them.

216.    Clemens denies the allegations of conspiracy and injury in Paragraph 216. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 216 and therefore denies them.

217.    Clemens denies the allegations of conspiracy and injury in Paragraph 217. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 217 and therefore denies them.

218.    Clemens denies the allegations of conspiracy and injury in Paragraph 218. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 218 and therefore denies them.

219.    Clemens denies the allegations of conspiracy and injury in Paragraph 219. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 219 and therefore denies them.

220.    Clemens denies the allegations of conspiracy and injury in Paragraph 220. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 220 and therefore denies them.

221.    Clemens denies the allegations of conspiracy and injury in Paragraph 221. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 221 and therefore denies them.

222.    Clemens denies the allegations of conspiracy and injury in Paragraph 222. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 222 and therefore denies them.

223.    Clemens denies the allegations of conspiracy and injury in Paragraph 223. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 223 and therefore denies them.

224.    Clemens denies the allegations of conspiracy and injury in Paragraph 224. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 224 and therefore denies them.

225.    Clemens denies the allegations of conspiracy and injury in Paragraph 225. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 225 and therefore denies them.

226.    Clemens denies the allegations of conspiracy and injury in Paragraph 226. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 226 and therefore denies them.

227.    Clemens denies the allegations of conspiracy and injury in Paragraph 227. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 227 and therefore denies them.

228.    Clemens denies the allegations of conspiracy and injury in Paragraph 228. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 228 and therefore denies them.

229.   Clemens denies the allegations of conspiracy and injury in Paragraph 229. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 229 and therefore denies them.

230.   Clemens denies the allegations of conspiracy and injury in Paragraph 230. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 230 and therefore denies them.

231.   Clemens denies the allegations of conspiracy and injury in Paragraph 231. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 231 and therefore denies them.

232.   Clemens denies the allegations of conspiracy and injury in Paragraph 232. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 232 and therefore denies them.

233.   Clemens denies the allegations of conspiracy and injury in Paragraph 233. Clemens is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 233 and therefore denies them.

234.   Clemens denies the allegations of conspiracy in Paragraph 234. Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 234 and therefore denies them.

235.   Clemens admits the allegations in Paragraph 235.

236.   Clemens admits that Hatfield Quality Meats, Inc. is the former name of Clemens Food Group, LLC, and was a wholly owned subsidiary of The Clemens Family Corporation.  Clemens admits that during portions of the alleged class period, Hatfield

Quality Meats, Inc. sold pork to purchasers in the United States.  Clemens denies the remaining allegations of Paragraph 236.

237.  Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 237 and therefore denies them.

238.  Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 238 and therefore denies them.

239.  Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 239 and therefore denies them.

240.  Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 240 and therefore denies them.

241.  Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 241 and therefore denies them.

242.  Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 242 and therefore denies them.

243.  Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 243 and therefore denies them.

244.  Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 244 and therefore denies them.

245.  Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 245 and therefore denies them.

246.  Paragraph 246 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to

which no response is required. To the extent that a response is required, Clemens admits that Plaintiffs purport to bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of the putative classes alleged in Paragraph 246, but denies that Plaintiffs' claims are appropriate for class treatment and/or that Plaintiffs are entitled to any relief. Clemens denies the remaining allegations in Paragraph 246.

247.    Paragraph 247 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions, to which no response is required. To the extent that a response is required, Clemens denies that Plaintiffs' claims are appropriate for class treatment and/or that Plaintiffs are entitled to any relief. Clemens denies the remaining allegations in Paragraph 247.

248.    Paragraph 248 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies that this action can be properly maintained as a class action whether on behalf of the purported class or otherwise. Clemens denies the remaining allegations in Paragraph 248.

249.    Paragraph 249 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies that this action can be properly maintained as a class action whether on behalf of

the purported class or otherwise. Clemens denies the remaining allegations in Paragraph 249.

250.   Paragraph 250 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies that this action can be properly maintained as a class action whether on behalf of the purported class or otherwise. Clemens denies the remaining allegations in Paragraph 250.

251.   Paragraph 251 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies that this action can be properly maintained as a class action whether on behalf of the purported class or otherwise. Clemens denies the remaining allegations in Paragraph 251.

252.   Paragraph 252 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies that this action can be properly maintained as a class action whether on behalf of the purported class or otherwise. Clemens denies the remaining allegations in Paragraph 252.

253.   Paragraph 253 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to

which no response is required. To the extent that a response is deemed required, Clemens denies that this action can be properly maintained as a class action whether on behalf of the purported class or otherwise. Clemens denies the remaining allegations in Paragraph 253.

254.    Paragraph 254 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies that this action can be properly maintained as a class action whether on behalf of the purported class or otherwise. Clemens denies the remaining allegations in Paragraph 254.

255.    Paragraph 255 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies that this action can be properly maintained as a class action whether on behalf of the purported class or otherwise. Clemens denies the remaining allegations in Paragraph 255.

256.    Paragraph 256 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies that this action can be properly maintained as a class action whether on behalf of the purported class or otherwise. Clemens denies the remaining allegations in Paragraph 256.

257.    Clemens denies the allegations in Paragraph 257.

258.    Clemens is without information sufficient to form a belief as to the truth of the allegations related to the form of pork allegedly purchased by Plaintiffs in the first sentence of Paragraph 258 and therefore denies them. Clemens denies the remaining allegations in Paragraph 258.

259.    Clemens denies the allegations in Paragraph 259.

260.    Clemens denies the allegations in Paragraph 260.

261.    Clemens denies the allegations in Paragraph 261.

262.    Clemens denies the allegations in Paragraph 262.

263.    Clemens denies the allegations in Paragraph 263.

264.    Paragraph 264 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 264.

265.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

266.    Clemens denies the allegations in Paragraph 266.

267.    Clemens denies the allegations in Paragraph 267.

268.    Clemens denies the allegations in Paragraph 268.

269.    Clemens denies the allegations in Paragraph 269.

270.    Paragraph 270 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to

which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 270.

271.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

272.    Clemens denies the allegations in Paragraph 272.

273.    Clemens denies the allegations in Paragraph 273.

274.    Clemens denies the allegations in Paragraph 274.

275.    Clemens denies the allegations in Paragraph 275.

276.    To the extent the allegations in Paragraph 276 relate to other Defendants and/or third parties, Clemens is without information sufficient to form a belief as to the truth of these allegations and therefore denies them. Clemens denies the remaining allegations in Paragraph 276.

277.    Clemens denies the allegations in Paragraph 277.

278.    Clemens denies the allegations in Paragraph 278.

279.    Clemens denies the allegations in Paragraph 279.

280.    Clemens denies the allegations in Paragraph 280.

281.    Clemens denies the allegations in Paragraph 281.

282.    Clemens denies the allegations in Paragraph 282.

283.    Clemens denies the allegations in Paragraph 283.

284.    Clemens denies the allegations in Paragraph 284.

285.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

286.    Paragraph 286 does not contain factual allegations to which a response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 286.

287.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

288.    Paragraph 288 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 288.

289.    Clemens denies the allegations in Paragraph 289.

290.    Clemens denies the allegations in Paragraph 290.

291.    Paragraph 291 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 291.

292.    Clemens denies the allegations in Paragraph 292.

293.    Clemens denies the allegations in Paragraph 293.

294.    Paragraph 294 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 294.

295.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

296.    Paragraph 296 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 296 characterize or describe documents or sources, including The Cartwright Act, Cal. Bus. & Prof. Code §§ 16700-16770, Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 296.

297.    Paragraph 297 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 297 characterize or describe documents or sources, including Cal. Bus. & Prof. Code § 301, Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 297.

298.    Paragraph 298 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 298.

299.    Paragraph 299 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to

which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 299 characterize or describe documents or sources, including Cal. Bus. & Prof. Code § 16720, Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 299.

300.     Clemens is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 300 and therefore denies them. Clemens denies the remaining allegations in Paragraph 300.

301.     Paragraph 301 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 301.

302.     Paragraph 302 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 302.

303.     Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

304.     Paragraph 304 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 304 characterize or describe documents or sources,

including District of Columbia Code, Title 28, Chapter 45, Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 304.

305.    Clemens is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 305 and therefore denies them. Clemens denies the remaining allegations in Paragraph 305.

306.    Paragraph 306 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 306.

307.    Clemens denies the allegations in Paragraph 307.

308.    Paragraph 308 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 308.

309.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

310.    Paragraph 310 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 310 characterize or describe documents or sources, including The Illinois Antitrust Act, 740 ILCS 10/1, *et seq*, Clemens states that any

documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 310.

311.   Clemens is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 311 and therefore denies them. Clemens denies the remaining allegations in Paragraph 311.

312.   Paragraph 312 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 312.

313.   Clemens denies the allegations in Paragraph 313.

314.   Paragraph 314 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 314.

315.   Paragraph 315 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 315.

316.   Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

317.   Paragraph 317 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to

which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 317 characterize or describe documents or sources, including Iowa Code § 553.2, Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 317.

318.    Clemens is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 318 and therefore denies them. Clemens denies the remaining allegations in Paragraph 318.

319.    Paragraph 319 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 319.

320.    Paragraph 320 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 320.

321.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

322.    Paragraph 322 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 322 characterize or describe documents or sources,

including Kan. Stat. Ann. § 50-112, Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 322.

323.    Clemens is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 323 and therefore denies them. Clemens denies the remaining allegations in Paragraph 323.

324.    Paragraph 324 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 324.

325.    Paragraph 325 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 325.

326.    Paragraph 326 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 326.

327.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

328.    Paragraph 328 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to

which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 328 characterize or describe documents or sources, including Me. Rev. Stat. Ann. Tit. 10, §§ 1101-02, Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 328.

329.    Clemens is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 329 and therefore denies them. Clemens denies the remaining allegations in Paragraph 329.

330.    Paragraph 330 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 330.

331.    Paragraph 331 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 331.

332.    Paragraph 332 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 332.

333.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

334.   Paragraph 334 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 334 characterize or describe documents or sources, including The Michigan Antitrust Reform Act, Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 334.

335.   Clemens is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 335 and therefore denies them. Clemens denies the remaining allegations in Paragraph 335.

336.   Paragraph 336 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 336.

337.   Paragraph 337 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 337.

338.   Paragraph 338 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 338.

339.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

340.    Paragraph 340 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 340 characterize or describe documents or sources, including The Minnesota Antitrust Law of 1971, Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 340.

341.    Clemens is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 341 and therefore denies them. Clemens denies the remaining allegations in Paragraph 341.

342.    Paragraph 342 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 342.

343.    Paragraph 343 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 343.

344.    Paragraph 344 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to

which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 344.

345.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

346.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Twelfth Claim for Relief has been dismissed. Thus, no response is required.

347.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Twelfth Claim for Relief has been dismissed. Thus, no response is required.

348.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Twelfth Claim for Relief has been dismissed. Thus, no response is required.

349.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Twelfth Claim for Relief has been dismissed. Thus, no response is required.

350.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Twelfth Claim for Relief has been dismissed. Thus, no response is required.

352.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Twelfth Claim for Relief has been dismissed. Thus, no response is required.

352.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Twelfth Claim for Relief has been dismissed. Thus, no response is required.

353.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Twelfth Claim for Relief has been dismissed. Thus, no response is required.

354.   Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

355.   Paragraph 355 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 355 characterize or describe documents or sources, including Chapter 407 of the Missouri Merchandising Practices Act, Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 355.

356.   Clemens is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 356 and therefore denies them. Clemens denies the remaining allegations in Paragraph 356.

357.   Paragraph 357 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 357.

358.    Paragraph 358 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 358.

359.    Paragraph 359 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 359.

360.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

361.    Paragraph 361 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 361 characterize or describe documents or sources, including Chapter 59 of the Nebraska Revised Statute, Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 361.

362.    Clemens is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 362 and therefore denies them. Clemens denies the remaining allegations in Paragraph 362.

363.    Paragraph 363 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to

which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 363.

364.    Paragraph 364 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 364.

365.    Paragraph 365 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 365.

366.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

367.    Paragraph 367 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 367 characterize or describe documents or sources, including Nev. Rev. Stat. Ann. § 598A.030(1), Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 367.

368.    Paragraph 368 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, and to the

extent that the allegations in Paragraph 368 characterize or describe documents or sources, including Nev. Rev. Stat. Ann. §§ 598A.030(2), 598A.060, Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 368.

369.   Clemens is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 369 and therefore denies them. Clemens denies the remaining allegations in Paragraph 369.

370.   Paragraph 370 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 370.

371.   Paragraph 371 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 371.

372.   Clemens denies the allegations in Paragraph 372.

373.   Paragraph 373 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 373.

374.   Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 374 and therefore denies them.

375.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

376.    Paragraph 376 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 376 characterize or describe documents or sources, including N.H. Rev. Stat. Ann. §§ 356:2, 3, Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 376.

377.    Clemens is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 377 and therefore denies them. Clemens denies the remaining allegations in Paragraph 377.

378.    Paragraph 378 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 378.

379.    Paragraph 379 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 379.

380.    Paragraph 380 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to

which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 380.

381.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

382.    Paragraph 382 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 382 characterize or describe documents or sources, including N.M. Stat. Ann. 57-1-15, Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 382.

383.    Clemens is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 383 and therefore denies them. Clemens denies the remaining allegations in Paragraph 383.

384.    Paragraph 384 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 384.

385.    Paragraph 385 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 385.

386.   Paragraph 386 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 386.

387.   Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

388.   Paragraph 388 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 388 characterize or describe documents or sources, including N.Y. Gen. Bus. Law § 340(1), Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 388.

389.   Clemens is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 389 and therefore denies them. Clemens denies the remaining allegations in Paragraph 389.

390.   Paragraph 390 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 390.

391.   Paragraph 391 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to

which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 391.

392.   Paragraph 392 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 392.

393.   Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

394.   Clemens denies the allegations in Paragraph 394.

395.   Clemens denies the allegations in Paragraph 395.

396.   Clemens denies the allegations in Paragraph 396.

397.   Clemens denies the allegations in Paragraph 397.

398.   Paragraph 398 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 398.

399.   Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

400.   Paragraph 400 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 400 characterize or describe documents or sources,

including N.D. Cent. Code § 51-08.1, *et seq*., Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 400.

401.    Clemens is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 401 and therefore denies them. Clemens denies the remaining allegations in Paragraph 401.

402.   Paragraph 402 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 402.

403.   Paragraph 403 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 403.

404.   Paragraph 404 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 404.

405.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

406.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Twenty-First Claim for Relief has been dismissed. Thus, no response is required.

407.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Twenty-First Claim for Relief has been dismissed. Thus, no response is required.

408.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Twenty-First Claim for Relief has been dismissed. Thus, no response is required.

409.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Twenty-First Claim for Relief has been dismissed. Thus, no response is required.

410.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Twenty-First Claim for Relief has been dismissed. Thus, no response is required.

411.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

412.    Paragraph 412 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 412 characterize or describe documents or sources, including Tenn. Code, § 47-25-101, Clemens states that any documents or sources speak

for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 412.

413.   Paragraph 413 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 413.

414.   The first sentence of Paragraph 414 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in the first sentence of Paragraph 414. Clemens denies the remaining allegations in Paragraph 414.

415.   Clemens denies the allegations in Paragraph 415.

416.   Clemens is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 416 and therefore denies them. Clemens denies the remaining allegations in Paragraph 416.

417.   Paragraph 417 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 417.

418.   Paragraph 418 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to

which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 418.

419.   Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

420.   Paragraph 420 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 420 characterize or describe documents or sources, including Utah Code Ann. § 76-10-3102, Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 420.

421.   Clemens is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 421 and therefore denies them. Clemens denies the remaining allegations in Paragraph 421.

422.   Paragraph 422 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 422 characterize or describe documents or sources, including U Utah Code Ann. § 76-10-3109(1)(a), Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 422.

423.     Paragraph 423 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 423.

424.     Paragraph 424 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 424.

425.     Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

426.     Paragraph 426 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 426.

427.     Paragraph 427 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 427.

428.     Paragraph 428 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 428.

429.    Paragraph 429 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 429.

430.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

431.    Paragraph 431 does not contain factual allegations to which a response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 431.

432.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

433.    Paragraph 433 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 433.

434.    Paragraph 434 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 434.

435.    Paragraph 435 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to

which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 435.

436. Paragraph 436 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 436.

437. Paragraph 437 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 437.

438. Paragraph 438 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 438.

439. Paragraph 439 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 439.

440. Clemens denies the allegations in Paragraph 440.

441. Paragraph 441 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to

which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 441.

442. Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

443. Clemens is without information sufficient to form a belief as to the truth of the allegations in Paragraph 443.

444. Paragraph 444 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 444.

445. Paragraph 445 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 445.

446. Clemens denies the allegations in Paragraph 446.

447. Clemens denies the allegations in Paragraph 447.

448. Paragraph 448 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 448.

449. Clemens denies the allegations in Paragraph 449.

450. Clemens denies the allegations in Paragraph 450.

451.    Paragraph 451 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 451.

452.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

453.    Paragraph 453 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 453 characterize or describe documents or sources, including Florida Stat. § 501.204(1), Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 453.

454.    Paragraph 454 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 453 characterize or describe documents or sources, including Florida Stat. § 501.202(2), Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 454.

455.    Paragraph 455 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to

which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 455 characterize or describe documents or sources, including the Florida Deceptive & Unfair Trade Practices Act, Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 455.

456.   Paragraph 456 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, and to the extent that the allegations in Paragraph 456 characterize or describe documents or sources, including Fla. Stat. § 501.211(a), Clemens states that any documents or sources speak for themselves and denies any characterization inconsistent therewith. Clemens denies the remaining allegations in Paragraph 456.

457.   Clemens is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 457 and therefore denies them. Clemens denies the remaining allegations in Paragraph 457.

458.   Clemens denies the allegations in Paragraph 458.

459.   Clemens denies the allegations in Paragraph 459.

460.   Paragraph 460 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 460.

461.   Clemens denies the allegations in Paragraph 461.

462.   Clemens denies the allegations in Paragraph 462.

463.   Paragraph 463 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 463.

464.   Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

465.   Paragraph 465 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 465.

466.   Clemens denies the allegations in Paragraph 466.

467.   Clemens denies the allegations in Paragraph 467.

468.   Clemens denies the allegations in Paragraph 468.

469.   Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

470.   Paragraph 470 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 470.

471.   Clemens denies the allegations in Paragraph 471.

472.   Clemens denies the allegations in Paragraph 472.

473.   Clemens denies the allegations in Paragraph 473.

474.   Clemens denies the allegations in Paragraph 474.

475.   Clemens denies the allegations in Paragraph 475.

476.   Clemens denies the allegations in Paragraph 476.

477.   Paragraph 477 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 477.

478.   Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

479.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Thirtieth Claim for Relief has been dismissed. Thus, no response is required.

480.   Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

481.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Thirty-First Claim for Relief has been dismissed. Thus, no response is required.

482.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Thirty-First Claim for Relief has been dismissed. Thus, no response is required.

483.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Thirty-First Claim for Relief has been dismissed. Thus, no response is required.

484.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Thirty-First Claim for Relief has been dismissed. Thus, no response is required.

485.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Thirty-First Claim for Relief has been dismissed. Thus, no response is required.

486.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Thirty-First Claim for Relief has been dismissed. Thus, no response is required.

487.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Thirty-First Claim for Relief has been dismissed. Thus, no response is required.

488.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Thirty-First Claim for Relief has been dismissed. Thus, no response is required.

489.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Thirty-First Claim for Relief has been dismissed. Thus, no response is required.

490.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

491.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Thirty-Second Claim for Relief has been dismissed. Thus, no response is required.

492.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Thirty-Second Claim for Relief has been dismissed. Thus, no response is required.

493.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Thirty-Second Claim for Relief has been dismissed. Thus, no response is required.

494.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Thirty-Second Claim for Relief has been dismissed. Thus, no response is required.

495.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Thirty-Second Claim for Relief has been dismissed. Thus, no response is required.

496.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Thirty-Second Claim for Relief has been dismissed. Thus, no response is required.

497.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Thirty-Second Claim for Relief has been dismissed. Thus, no response is required.

498.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Thirty-Second Claim for Relief has been dismissed. Thus, no response is required.

499.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 84), Plaintiffs' Thirty-Second Claim for Relief has been dismissed. Thus, no response is required.

500.   Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

501.   Paragraph 501 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 501.

502.   Clemens denies the allegations in Paragraph 502.

503.   Clemens denies the allegations in Paragraph 503.

504.   Clemens denies the allegations in Paragraph 504.

505.   Clemens denies the allegations in Paragraph 505.

506.   Clemens denies the allegations in Paragraph 506.

507.   Clemens denies the allegations in Paragraph 507.

508.   Clemens denies the allegations in Paragraph 508.

509.     Paragraph 509 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 509.

510.     Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

511.     Paragraph 511 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 511.

512.     Clemens denies the allegations in Paragraph 512.

513.     Clemens denies the allegations in Paragraph 513.

514.     Clemens denies the allegations in Paragraph 514.

515.     Clemens denies the allegations in Paragraph 515.

516.     Clemens denies the allegations in Paragraph 516.

517.     Clemens denies the allegations in Paragraph 517.

518.     Clemens denies the allegations in Paragraph 518.

519.     Paragraph 519 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 519.

520.   Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

521.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Thirty-Fifth Claim for Relief has been dismissed. Thus, no response is required.

522.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Thirty-Fifth Claim for Relief has been dismissed. Thus, no response is required.

523.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Thirty-Fifth Claim for Relief has been dismissed. Thus, no response is required.

524.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Thirty-Fifth Claim for Relief has been dismissed. Thus, no response is required.

525.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Thirty-Fifth Claim for Relief has been dismissed. Thus, no response is required.

526.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Thirty-Fifth Claim for Relief has been dismissed. Thus, no response is required.

527.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Thirty-Fifth Claim for Relief has been dismissed. Thus, no response is required.

528.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Thirty-Fifth Claim for Relief has been dismissed. Thus, no response is required.

529.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Thirty-Fifth Claim for Relief has been dismissed. Thus, no response is required.

530.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Thirty-Fifth Claim for Relief has been dismissed. Thus, no response is required.

531.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

532.    Paragraph 532 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 532.

533.    Clemens denies the allegations in Paragraph 533.

534.    Clemens denies the allegations in Paragraph 534.

535.    Clemens denies the allegations in Paragraph 535.

536.    Clemens denies the allegations in Paragraph 536.

537.    Clemens denies the allegations in Paragraph 537.

538.    Paragraph 538 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 538.

539.    Clemens denies the allegations in Paragraph 539.

540.    Clemens denies the allegations in Paragraph 540.

541.    Paragraph 541 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 541.

542.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

543.    Paragraph 543 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 543.

544.    Clemens denies the allegations in Paragraph 544.

545.    Clemens denies the allegations in Paragraph 545.

546.    Clemens denies the allegations in Paragraph 546.

547.    Clemens denies the allegations in Paragraph 547.

548.    Clemens denies the allegations in Paragraph 548.

549.    Paragraph 549 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 549.

550.    Clemens denies the allegations in Paragraph 550.

551.    Paragraph 551 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 551.

552.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

553.    Paragraph 553 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 553.

554.    Clemens denies the allegations in Paragraph 554.

555.    Clemens denies the allegations in Paragraph 555.

556.    Clemens denies the allegations in Paragraph 556.

557.    Clemens denies the allegations in Paragraph 557.

558.    Clemens denies the allegations in Paragraph 558.

559.    Clemens denies the allegations in Paragraph 559.

560.    Clemens denies the allegations in Paragraph 560.

561. Paragraph 561 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 561.

562. Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

563. Paragraph 563 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 563.

564. Clemens denies the allegations in Paragraph 289.

565. Clemens denies the allegations in Paragraph 565.

566. Clemens denies the allegations in Paragraph 566.

567. Clemens denies the allegations in Paragraph 567.

568. Clemens denies the allegations in Paragraph 568.

569. Clemens denies the allegations in Paragraph 569.

570. Clemens denies the allegations in Paragraph 570.

571. Clemens denies the allegations in Paragraph 571.

572. Clemens is without information sufficient to form a belief as to the truth of the allegations of Paragraph 572 and therefore denies them.

573. Clemens denies the allegations in Paragraph 573.

574.   Paragraph 574 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 574.

575.   Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

576.   Paragraph 576 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 576.

577.   Clemens denies the allegations in Paragraph 577.

578.   Clemens denies the allegations in Paragraph 578.

579.   Clemens denies the allegations in Paragraph 579.

580.   Clemens denies the allegations in Paragraph 580.

581.   Clemens denies the allegations in Paragraph 581.

582.   Clemens denies the allegations in Paragraph 582.

583.   Clemens denies the allegations in Paragraph 583.

584.   Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

585.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Forty-First Claim for Relief has been dismissed. Thus, no response is required.

586.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Forty-First Claim for Relief has been dismissed. Thus, no response is required.

587.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Forty-First Claim for Relief has been dismissed. Thus, no response is required.

588.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Forty-First Claim for Relief has been dismissed. Thus, no response is required.

589.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Forty-First Claim for Relief has been dismissed. Thus, no response is required.

590.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Forty-First Claim for Relief has been dismissed. Thus, no response is required.

591.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Forty-First Claim for Relief has been dismissed. Thus, no response is required.

592.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Forty-First Claim for Relief has been dismissed. Thus, no response is required.

593.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Forty-First Claim for Relief has been dismissed. Thus, no response is required.

594.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Forty-First Claim for Relief has been dismissed. Thus, no response is required.

595.   Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Forty-First Claim for Relief has been dismissed. Thus, no response is required.

596.   Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

597.   Paragraph 597 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 597.

598.   Clemens denies the allegations in Paragraph 598.

599.   Clemens denies the allegations in Paragraph 599.

600.   Clemens denies the allegations in Paragraph 600.

601.   Clemens denies the allegations in Paragraph 601.

602.   Clemens denies the allegations in Paragraph 602.

603.   Paragraph 603 contains Plaintiffs' characterization of their claims, allegations subject to proof, including by expert testimony, and/or legal conclusions to

which no response is required. To the extent that a response is deemed required, Clemens denies the allegations in Paragraph 603.

604.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

605.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Forty-Third Claim for Relief has been dismissed. Thus, no response is required.

606.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Forty-Third Claim for Relief has been dismissed. Thus, no response is required.

607.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Forty-Third Claim for Relief has been dismissed. Thus, no response is required.

608.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Forty-Third Claim for Relief has been dismissed. Thus, no response is required.

609.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Forty-Third Claim for Relief has been dismissed. Thus, no response is required.

610.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 85), Plaintiffs' Forty-Third Claim for Relief has been dismissed. Thus, no response is required.

611.    Clemens incorporates and re-alleges its answers to each allegation set forth in the preceding Paragraphs of the Complaint.

612.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 86), Plaintiffs' Forty-Fourth Claim for Relief has been dismissed. Thus, no response is required.

613.    Pursuant to the Court's Amended Memorandum Opinion and Order on Defendants' Motion to Dismiss (Dkt. 520 at 86), Plaintiffs' Forty-Fourth Claim for Relief has been dismissed. Thus, no response is required.

614.    Paragraph 614 contains no factual assertions to which a response is required. Paragraph 614 further states legal conclusions and Plaintiffs' characterizations of this action, with which Clemens disagrees and to which no response is required. To the extent Paragraph 614 may be deemed to require a response, Clemens admits that Plaintiffs seek class certification and related relief under Federal Rules of Civil Procedure 23(a), (b)(2), (b)(3) and (c)(2) in Paragraph 614, but denies that Plaintiffs have or can satisfy the requirements of Federal Rule of Civil Procedure 23 or are entitled to any relief requested in Paragraph 614 or elsewhere in their Complaint.

615.    Paragraph 615 contains no factual assertions to which a response is required. Paragraph 615 further states legal conclusions and Plaintiffs' characterizations of this action, with which Clemens disagrees and to which no response is required. To the extent Paragraph 615 may be deemed to require a response, Clemens admits that Plaintiffs seek the relief requested in Paragraph 615, but denies that Plaintiffs are entitled to any relief requested in Paragraph 615 or elsewhere in their Complaint.

616.    Paragraph 616 contains no factual assertions to which a response is required. Paragraph 616 further states legal conclusions and Plaintiffs' characterizations of this action, with which Clemens disagrees and to which no response is required. To the extent Paragraph 616 may be deemed to require a response, Clemens admits that Plaintiffs seek damages and a joint and several judgment in Paragraph 616, but denies that Plaintiffs are entitled to any relief requested in Paragraph 616 or elsewhere in their Complaint.

617.    Paragraph 617 contains no factual assertions to which a response is required. Paragraph 617 further states legal conclusions and Plaintiffs' characterizations of this action, with which Clemens disagrees and to which no response is required. To the extent Paragraph 617 may be deemed to require a response, Clemens admits that Plaintiffs seek the injunctive relief requested in Paragraph 617, but denies that Plaintiffs are entitled to any relief requested in Paragraph 617 or elsewhere in their Complaint.

618.    Paragraph 618 contains no factual assertions to which a response is required. Paragraph 618 further states legal conclusions and Plaintiffs' characterizations of this action, with which Clemens disagrees and to which no response is required. To the extent Paragraph 618 may be deemed to require a response, Clemens admits that Plaintiffs seek the injunctive relief requested in Paragraph 618, but denies that Plaintiffs are entitled to any relief requested in Paragraph 618 or elsewhere in their Complaint.

619.    Paragraph 619 contains no factual assertions to which a response is required. Paragraph 619 further states legal conclusions and Plaintiffs' characterizations of this action, with which Clemens disagrees and to which no response is required. To the extent Paragraph 619 may be deemed to require a response, Clemens admits that Plaintiffs seek

pre- and post-judgment interest in Paragraph 619, but denies that Plaintiffs are entitled to any relief requested in Paragraph 619 or elsewhere in their Complaint.

620.    Paragraph 620 contains no factual assertions to which a response is required. Paragraph 620 further states legal conclusions and Plaintiffs' characterizations of this action, with which Clemens disagrees and to which no response is required. To the extent Paragraph 620 may be deemed to require a response, Clemens admits that Plaintiffs seek costs of suit, including reasonable attorneys' fees in Paragraph 620, but denies that Plaintiffs are entitled to any relief requested in Paragraph 620 or elsewhere in their Complaint.

621.    Paragraph 621 contains no factual assertions to which a response is required. Paragraph 621 further states legal conclusions and Plaintiffs' characterizations of this action, with which Clemens disagrees and to which no response is required. To the extent Paragraph 621 is deemed to require a response, Clemens denies each and every allegation in Plaintiffs' Complaint except as expressly admitted and qualified above. Clemens requests that Plaintiffs' Complaint be dismissed with prejudice, that the Court find that Plaintiffs are not entitled to any judgment or relief, that the Court enter judgment in favor of Clemens, and that the Court award Clemens its attorneys' fees, costs, and expenses, and such other and further relief as the Court deems just and proper.

622.    Paragraph 622 contains no factual assertions to which a response is required. Paragraph 622 further states legal conclusions and Plaintiffs' characterizations of this action, with which Clemens disagrees and to which no response is required. To the extent Paragraph 622 may be deemed to require a response, Clemens admits that Plaintiffs purport

to demand a jury trial in Paragraph 622, but denies that Plaintiffs have stated claims that are triable. Clemens denies the remaining allegations in Paragraph 622.

## AFFIRMATIVE DEFENSES

Clemens states the following defenses to Plaintiffs' Complaint. Each defense is asserted as to all claims against Clemens. By setting forth these affirmative defenses, Clemens does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Nothing herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the Plaintiffs' allegations. Clemens incorporates and re-alleges the factual allegations in the introduction to its Answer as if fully set forth below.

As separate and distinct affirmative defenses, Clemens alleges as follows:

1.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

2.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, unclean hands, and *in pari delicto*.

3.      Plaintiffs are precluded from recovering damages, in whole or in part, because and to the extent of, their failure to mitigate alleged damages, if any.

4.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not have standing to raise their claims.

5.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered an injury-in-fact or antitrust injury actually or proximately caused by Clemens's alleged conduct.

6.      Plaintiffs' claims are barred to the extent that they are subject to contractual arbitration and/or forum selection provisions.

7.      Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, to the extent Plaintiffs seek to impose liability on Clemens based on the exercise of any person or entity's right to petition federal, state and local legislative bodies, because such conduct was immune under the *Noerr-Pennington* doctrine and privileged under the First Amendment to the U.S. Constitution.

8.      Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek damages that would constitute a duplicative recovery.

9.      Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, due to the ratification of, and consent to, the conduct of Clemens.

10.     Without admitting the existence of any contract, combination or conspiracy in restraint of trade, and expressly denying same, Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by Clemens' right to set off any amounts paid to Plaintiffs by any Defendants other than Clemens who have settled, or do settle, Plaintiffs' claims against them in this action.

11.     Plaintiffs' claims and the claims of any putative class member are barred, in whole or in part, by the applicable limitations period set out in contracts and/or agreements executed by Plaintiffs.

12.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by the doctrine of accord and satisfaction.

13.     Plaintiffs' claims are barred, in whole or in part, by the Filed Rate Doctrine.

14.     Plaintiffs fail, in whole or in part, to state a claim upon which relief could be granted.

15.     To the extent that Plaintiffs seek to collect compensatory damages, penalties, punitive damages, exemplary damages, attorneys' fees and expenses, and other monetary relief from Clemens, they seek a recovery that is so grossly excessive and inequitable that it would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

16.     Clemens engaged in no behavior that it knew to be, or could reasonably foresee would ever be found to be, improper of forbidden under the federal law alleged by Plaintiffs, and thus neither actual nor treble damages may be awarded against it.

17.     To the extent Plaintiffs claim that Clemens fraudulently concealed any actions, Plaintiffs have failed to allege this fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

18.     Plaintiffs' claims are barred, in whole or in part, because any alleged anti-competitive effects of the conduct alleged by Plaintiffs do not outweigh the pro-competitive benefits.

19.     Plaintiffs' claims are barred, in whole or in part, because Clemens' conduct did not cause harm to competition in any relevant market.

20.     Plaintiffs' claims are barred, in whole or in part, because Clemens acted unilaterally, in furtherance of its independent business interests.

21.    Plaintiffs' claims are barred, in whole or in part, because any contracts or agreements between Clemens and any other person were lawful business arrangements and cannot support a claim that Clemens engaged in any unlawful conspiracy.

22.    Plaintiffs' damages claims are barred, in whole or in part, because they have suffered no damages or because the damages they seek are speculative and uncertain.

23.    Plaintiffs' claims are barred, in whole or in part, because of a failure to join necessary and/or indispensable parties.

24.    Plaintiffs' claims are barred, in whole or in part, because of the *Copperweld* doctrine.

25.    Plaintiffs' claims are barred, in whole or in part, because Clemens did not act knowingly, willfully, or intentionally.

26.    Clemens adopts by reference any applicable defenses not otherwise expressly set forth herein that are or will be pleaded by any other Defendant in this action to the extent that such defenses are not inconsistent with Clemens' defenses.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Clemens has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent as this matter proceeds. Clemens reserves the right to amend or seek to amend its answers and/or affirmative defenses.

## JURY DEMAND

Pursuant to the Federal Rules of Civil Procedure 38, Clemens demands a trial by jury of all claims and defenses upon which it is entitled to a jury trial.

## PRAYER FOR RELIEF

Clemens requests that Plaintiffs' Complaint be dismissed with prejudice, that the Court find that Plaintiffs are not entitled to any judgment or relief, that the Court enter judgment in favor of Clemens, and that the Court award Clemens its attorneys' fees, costs, and expenses, pre-judgment interest, and such other and further relief as the Court deems just and proper.

Dated: December 16, 2020

Respectfully submitted,

/s/ *Mark L. Johnson*

Mark L. Johnson (#0345520)
Virginia R. McCalmont (#0399496)
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
(612) 373-0830
mjohnson@greeneespel.com
vmccalmont@greeneespel.com

Daniel E. Laytin, P.C. (*pro hac vice*)
Christa C. Cottrell, P.C. (*pro hac vice*)
Christina L. Briesacher (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
312-862-2000
dlaytin@kirkland.com
ccottrell@kirkland.com
christina.briesacher@kirkland.com
*Counsel for Clemens Food Group, LLC (formerly Hatfield Quality Meats, Inc.) and The Clemens Family Corporation*