**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-cv-1776 (JRT/HB) |
| This Document Relates to: | |
| All ACTIONS | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION**
**TO PLAINTIFFS' MOTION TO COMPEL DOCUMENTS**

## INTRODUCTION

Plaintiffs' motion to compel seeks the production of every entry, from every work calendar, from every custodian, from every Defendant, across a ten-year period. This overbroad demand on its face seeks irrelevant information; it also threatens to intrude into the private lives of the over 150 custodians in this case. Plaintiffs' motion finds no support in the Federal Rules, which require that each document request be both relevant and proportional to the legitimate needs of the case.

Defendants have in fact agreed to produce all *responsive* calendar entries from each of the custodians. The only dispute for purposes of this motion is whether Defendants should be compelled to also produce *non-responsive* calendar entries, some of which might relate to personal and private matters of the custodians. Plaintiffs have presented no grounds to obtain such overbroad and intrusive discovery. Courts have routinely held that entire calendars need not be produced, allowing responding parties to produce only those entries that are relevant and responsive. *See, e.g.*, *Benjamin v. Sparks*, No. 4:14-CV-186-D, 2017 WL 1497930, at *4 (E.D.N.C. Apr. 26, 2017) (accepting production of "entries," not entire "calendars"); *cf. Combe v. Cinemark USA, Inc.*, No. 1:08-CV-00142-TS-DN, 2009 WL 3270767, at *1-2 (D. Utah Oct. 9, 2009) (parties not required to produce entire diary, but instead "only those pages that relate to the issues of the lawsuit"). Plaintiffs cite no authority to the contrary.

Simply put, Plaintiffs are overreaching. The information they seek is neither relevant nor proportional to the needs of the case, and Defendants respectfully request that their motion be denied.

## LEGAL STANDARD

On a motion to compel, "the party seeking discovery is required to make a threshold showing of relevance" before any burden shifts to the party resisting discovery. *Smith-Bunge v. Wisconsin Cent., Ltd.*, No. 15-CV-4383 (RHK/LIB), 2017 WL 11463829, at *8 (D. Minn. May 1, 2017). Federal Rule of Civil Procedure 26 provides for discovery *only* to the extent a request is both relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Proportionality in turn must account for the "importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. Pro. 26(b)(1). Importantly, "proportionality is not limited to . . . financial considerations. Courts and commentators have recognized that privacy interests can be a consideration in evaluating proportionality." *Henson v. Turn, Inc.*, No. 15-CV-01497-JSW (LB), 2018 WL 5281629, at *5 (N.D. Cal. Oct. 22, 2018) (citing cases); *see also Gilmore v. L.D. Drilling, Inc.*, No. 16-CV-2416-JAR-TJJ, 2017 WL 2439552, at *4 (D. Kan. June 6, 2017) (rejecting request for "personal communications with every person" unrelated to lawsuit); *Ayala v. Tapia*, No. 90-1345 (RCL), 1991 WL 241873, at *1 (D.D.C. Nov. 1, 1991) ("The possibility that there might be more information in the diaries, which have already been examined by plaintiff's counsel for relevant material and revealed to the extent that material was deemed relevant, is not a sufficient reason to demand the production of large amounts of irrelevant and very private material.").

# ARGUMENT

Plaintiffs' demand for irrelevant and nonresponsive calendar entries should be denied.  Plaintiffs do not seek only those calendars and calendar entries that are relevant to their claims.  Instead, they seek "*[a]ll*: [work-related] Electronic and hard copy . . . calendars."  Pls' Memo. Law in Support of Pls.' Mot. to Compel Custodians and Docs. 4, ECF No. 557, *In re Pork Antitrust Litig.*, No. 18-cv-1776 (JRT/HB) (D. Minn. Dec. 7, 2020) [hereinafter "Memo. in Support of Pls.' Mot. to Compel"] (emphasis added).  *Every* entry in *every* calendar cannot possibly be relevant.  While Plaintiffs claim that this boundless request "is common in antitrust litigation," they fail to cite a single decision ordering the production of an entire calendar, much less entire calendars for over 150 custodians over a ten-year period.  *Id.*

Plaintiffs concede in their brief that only a limited subset of all calendar entries is actually relevant to their claims, namely, those entries showing "communications between competitors, opportunities for competitors to conspire, and the coordinated conduct between competitors."  *Id.* at 7.  And Plaintiffs will in fact receive all such calendar entries.  Defendants have agreed to produce all calendar entries (as well as other documents) that are responsive to Plaintiffs' more appropriately tailored requests, including Plaintiffs' request for "[a]ll Documents or Communications between You and any other Defendant or Pork Integrator, relating to Competitive Conditions in the Pork Industry," subject to the parties' separate negotiations over those requests.  All Pls.' First Set of Reqs. for Produc. of Docs. to Pork Integrator Defs. 11, Req. No. 3 (Nov. 1, 2018), attached as Ex. A to Decl. of A. Wagner in Support of Pls.' Mot. to Compel, ECF No.

558-1.  Plaintiffs should be limited to those calendar entries that are relevant to their claims, and Plaintiffs' position that every entry in every calendar from every custodian is relevant simply because they have alleged collusion among conspirators is not credible.

It is especially not credible here, where Plaintiffs allege a conspiracy facilitated through use of Agri Stats, public signaling, and trade associations.  Plaintiffs' search for fortuitous encounters or secret backroom meetings is a fishing expedition for an *additional* theory of the case, not a search *in support of* Plaintiffs' *actual* theory of the case.  *See Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, No. 15-CV-3183(ADM/LIB), 2016 WL 6997113, at *7 (D. Minn. Sept. 6, 2016) ("[P]arties are not entitled to discovery for the purpose of developing new claims or defenses that are not already identified in the pleadings.").  The notion that Plaintiffs will be able to identify such encounters when Defendants cannot is also pure speculation.  Without more, Plaintiffs' claim that every calendar entry is relevant falls short.

To portray their motion in a better light, Plaintiffs resort to mischaracterizing what Defendants have offered to produce.  Plaintiffs claim that "Defendants have agreed to provide only those calendar entries they unilaterally deem relevant to the case."  Memo. in Support of Pls. Mot. to Compel at 6.  That is not true; Defendants never purported to unilaterally determine what is *relevant*.  As noted above, Defendants will produce all calendar entries that are *responsive* to Plaintiffs' myriad document requests.  To the extent Plaintiffs believe they need more, Defendants further offered to work with Plaintiffs to define additional categories of calendar entries that Plaintiffs believe are relevant to their claims, and then to include all work calendars in Defendants' review

4

processes and produce all entries that are *responsive* to the parties' agreement. That is how discovery works in the normal course, and that is how it should work here.

Plaintiffs' concern that "Defendants cannot feasibly cull calendar entries for general 'relevance'" is unfounded, and that argument has been rejected by the courts. *Id.* at 8. For example, like Plaintiffs here, the plaintiff in *Eshelman v. Puma Biotechnology, Inc.* argued that it needed to "[put] the entire calendar before [corporate officers] and match vaguely-titled calendar entries with [the officers'] emails about [the plaintiff]." No. 7:16-CV-18-D, 2017 WL 4079398, at *2 (E.D.N.C. Sept. 14, 2017). The *Eshelman* plaintiff argued that "there are almost certainly calendar entries with vague titles" that were relevant but not produced. *Id.* The court nevertheless held, consistent with basic discovery principles, that reviewing the calendar entries and producing those that the defendant "believe[d] relate[d] to the" allegations "satisfied its burden to produce responsive discovery." *Id.* at *3. Defendants have proposed to do that, and more— Defendants offered to work with Plaintiffs to define exactly what is "relevant," and then to produce what is *responsive.* That offer meets Defendants' obligations, and Plaintiffs have not justified their demand to obtain more.[1]

It is of course *possible* that a responsive calendar entry could be mistakenly excluded from production even after a good-faith review. But that is true of any type or

---

[1]      Plaintiffs' supposed concern about vaguely titled entries does not entitle them to usurp control of Defendants' document review process. It is the responsibility of defense counsel to collect and review its clients' documents for responsiveness in accordance with the applicable rules, orders of the Court, and the parties' agreements. The notion that Plaintiffs alone possess some special knowledge or ability to ascertain the responsiveness of calendar entries is factually unfounded and unmoored from the law.

category of document in every case.  It is universally acknowledged that methodologies like search terms do not have 100% "recall."  Nevertheless, perfection is not the standard in e-discovery, and electronic search methods meet a producing parties' obligations.  *See Hyles v. New York City*, 10 Civ. 3119 (ATF)(AJP), 2016 WL 4077114 at *3 ("In any ESI review, 'the Federal Rules of Civil Procedure do not require perfection.'") (quoting *Moore v. Publicis Groupe*, 287 F.R.D. 182, 192 (S.D.N.Y. 2002)); *Pension Comm. Of the Univ. of Montreal Pension Plan v. Banc of Am. Sees., LLC*, 685 F. Supp. 2d 456, 461 (S.D.N.Y. 2010) ("Courts cannot and do not expect that any party can meet a standard of perfection [in the production of ESI].").

That is particularly true here, where Plaintiffs will likely receive not only calendar entries from multiple Defendant families, but also millions of pages of email and other records across multiple Defendant families.  Asking for irrelevant and nonresponsive calendar entries on top of everything else that Plaintiffs will receive is not proportional. That lack of proportionality is compounded because calendar entries often contain information that is personal or otherwise sensitive.  Many individuals use "work calendars" for personal appointments—doctor visits, child custody hearings, and the like. And the list of highly sensitive information is not limited to personal appointments; it can extend to sensitive business matters as well—for example, Human Resource admonishments and other private personnel matters, commentary on coworkers, and communications with non-Defendants about non-pork aspects of a Defendant's business. *See Eshelman*, 2017 WL 4079398, at *3 ("[W]here [Plaintiff] appears to have also received in discovery emails related to [Plaintiff] or the [relevant issue] about which he

seeks to examine [Defendant's corporate executives], the marginal value of producing the calendars in their entirety is outweighed by the overbreadth of such a production, which would include matters of a confidential, personal, and otherwise irrelevant nature."); *Ayala*, 1991 WL 241873, at *2 ("[P]roducing the calendars in their entirety would necessarily result in production of entries that are confidential, personal, and unrelated to the claims and defenses in this case.").

Plaintiffs rely in large part on the unfounded assertion that an entire "electronic calendar" is a single document, and that withholding any electronic calendar entry is an impermissible "redaction" of a single responsive document. *See* Memo. in Support of Pls. Mot. to Compel 7-8, 10 ("Calendars are . . . responsive documents."). That position is belied by the way electronic calendar entries are actually created and stored, by common sense, and by the relevant case law. Electronic calendar entries are generally created individually by creating a "New Appointment," which in turn creates a new file; in the case of Microsoft Outlook, a .msg file, just like an email. When processed into a review database, such entries therefore appear and are searched individually, along with other individual files, such as emails and word processing documents. Nor are they always "directed to oneself." *Id.* at 10. They are often "invites" sent to other meeting participants—making the participants clear. Not producing an irrelevant and nonresponsive calendar entry is thus not a "redaction," but instead how ediscovery is almost always conducted in the ordinary course. *See Benjamin*, 2017 WL 1497930, at *4 (noting that "resistance to [requests for production of complete calendars] is bolstered by

7

significant case law" and ordering production of only "calendar entries concerning the allegations set forth in the Amended Complaint").

Case law similarly supports treating individual hard copy calendar entries as separate documents. *See, e.g.*, *Combe*, 2009 WL 3270767, at *1-2 (parties not required to produce entire diary, but instead "only those pages that relate to the issues of the lawsuit"); *Benjamin*, 2017 WL 1497930, at *4 (accepting production of "entries," not "calendars," with no discussion of redaction); *cf. Carolan v. N.Y. Tel. Co.*, No. 83 Civ. 8308 (JMC), 1984 WL 368, at *5 (S.D.N.Y. May 17, 1984) ("In the event that portions of the diary are not pertinent to plaintiff's claims or the defenses asserted by defendants, those of course need not be produced."). This makes sense because the rationale for limiting redactions in the case relied on by Plaintiffs does not apply to calendars. Unlike discrete documents such as an email chain or word processing document, calendars are compiled over the course of years, with each entry created separately to calendar a separate event. Unlike a reply to a prior email in a chain, nonresponsive calendar entries are therefore not likely to provide context to responsive entries, and Plaintiffs will not be prejudiced by review and production of responsive calendar entries in accord with standard discovery practice. *See Ayala*, 1991 WL 241873, at *2 (holding production of redacted diary entries sufficient because "[a]bsent the ability to identify specific information that was in the diary but has not been turned over or an allegation of bad faith, the defendant must accept that the diary may not contain what he had hoped").

In addition, Defendants do not know at this point the extent to which hard copy calendars exist, or whether they will be in a form that would require redaction even under

Defendants' proposal.  For example, calendars can consist of separate sheets for each month, or even for each day.  If any such sheet does not contain any responsive information, no redactions would be necessary; the sheet would simply not be produced.  Plaintiff's motion is therefore premature to the extent it is a dispute about redactions, because the parties do not know whether there will be redactions, or what the redactions, if any, would look like.

Because Plaintiffs seek irrelevant and nonresponsive information that threatens to unnecessarily reveal information of a personal and sensitive nature, Plaintiffs' request for "all electronic and hard copy . . . calendars" should be denied.  Defendants should instead be permitted to review any calendars and produce only responsive entries in the ordinary course of their document review and production, consistent with standard ediscovery practice.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Plaintiffs' Motion to Compel every calendar entry from every custodian in this case should be denied.

Dated: December 21, 2020                     Respectfully submitted,


                                             s/ David P. Graham
                                             David P. Graham (MN ID# 0185462 )
                                             DYKEMA GOSSETT PLLC
                                             90 S 7th Street, FL 2
                                             Minneapolis, MN 55402
                                             Telephone: 612-486-1521
                                             dgraham@dykema.com

                                             Rachel Adcox (*pro hac vice*)
                                             Tiffany Rider (*pro hac vice*)
                                             AXINN, VELTROP & HARKRIDER LLP
                                             950 F. Street, NW
                                             Washington, DC 20004
                                             Telephone:  202.912.4700
                                             radcox@axinn.com
                                             trider@axinn.com

                                             Jarod Taylor (*pro hac vice pending*)
                                             AXINN, VELTROP & HARKRIDER LLP
                                             90 State House Square
                                             Hartford, CT 06103
                                             Telephone:  860.275.8109
                                             jtaylor@axinn.com

                                             ***Counsel for Tyson Foods, Inc.,***
                                             ***Tyson Fresh Meats, Inc., and Tyson Prepared***
                                             ***Foods, Inc.***

*/s/ Mark L. Johnson*
Mark L. Johnson (#0345520)
Virginia R. McCalmont (#0399496)
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
(612) 373-0830
mjohnson@greeneespel.com
vmccalmont@greeneespel.com

Daniel Laytin, P.C. (*pro hac vice*)
Christa Cottrell, P.C. (*pro hac vice*)
Christina Briesacher (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 861-2000
daniel.laytin@kirkland.com
christa.cottrell@kirkland.com
christina.briesacher@kirkland.com

**Counsel for Clemens Food Group, LLC**
**and The Clemens Family Corporation**

*/s/ Richard A. Duncan*
Richard A. Duncan (#0192983)
Aaron D. Van Oort (#0315539)
Craig S. Coleman (#0325491)
Emily E. Chow (#0388239)
Isaac B. Hall (#0395398)
Bryan K. Washburn (#0397733)
FAEGRE DRINKER BIDDLE &
REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000
richard.duncan@faegredrinker.com
aaron.vanoort@faegredrinker.com
craig.coleman@faegredrinker.com
emily.chow@faegredrinker.com
isaac.hall@faegredrinker.com
bryan.washburn@faegredrinker.com

**Counsel for Hormel Foods Corporation**
**and Hormel Foods, LLC**

s/ Donald G. Heeman
Donald G. Heeman (#0286023)
Jessica J. Nelson (#0347358)
Randi J. Winter (#0391354)
SPENCER FANE LLP
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 268-7000
dheeman@spencerfane.com
jnelson@spencerfane.com
rwinter@spencerfane.com

Stephen R. Neuwirth (*pro hac vice*)
Michael B. Carlinsky (*pro hac vice*)
Sami H. Rashid (*pro hac vice*)
Richard T. Vagas (*pro hac vice*)
David B. Adler (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
stephenneuwirth@quinnemanuel.com
michaelcarlinsky@quinnemanuel.com
samirashid@quinnemanuel.com
richardvagas@quinnemanuel.com
davidadler@quinnemanuel.com

**Counsel for JBS USA Food Company**

/s/ William L. Greene
William L. Greene (#0198730)
Peter J. Schwingler (#0388909)
Jon M. Woodruff (#0399453)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
john.woodruff@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

**Counsel for Seaboard Foods LLC**

*/s/ John A. Cotter*
John A. Cotter (#0134296)
John A. Kvinge (#0392303)
LARKIN HOFFMAN DALY &
LINDGREN LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55427-1060
(952) 835-3800
jcotter@larkinhoffman.com
jkvinge@larkinhoffman.com

Richard Parker (*pro hac vice*)
Josh Lipton (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
rparker@gibsondunn.com
jlipton@gibsondunn.com

Brian Robison (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-6912
(214) 698-3370
brobison@gibsondunn.com

**Counsel for Smithfield Foods, Inc.**

*/s/ Aaron Chapin*
Gene Summerlin (*pro hac vice*)
Aaron Chapin (#06292540)
Marnie Jensen (*pro hac vice*)
Ryann Glenn (*pro hac vice*)
Kamron Hasan (*pro hac vice*)
Sierra Faler (*pro hac vice*)
HUSCH BLACKWELL LLP
13330 California St., Suite 200
Omaha, NE 68154
(402) 964-5000
gene.summerlin@huschblackwell.com
marnie.jensen@huschblackwell.com
ryann.glenn@huschblackwell.com
kamron.hasan@huschblackwell.com
sierra.faler@huschblackwell.com

**Counsel for Triumph Foods, LLC**

*/s/ Peter H. Walsh*
Peter H. Walsh (#0388672)
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
T. (612) 402-3000
F. (612) 402-3001
peter.walsh@hoganlovells.com

William L. Monts (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

**Counsel for Agri Stats, Inc.**

**CERTIFICATE OF SERVICE**

I, David P. Graham, hereby certify that a true and correct copy of the foregoing

Defendants' Memorandum of Law in Opposition to Motion to Compel Custodians and

Documents was electronically filed with the Clerk of the Court using the CM/ECF

system on December 21, 2020, which constitutes service on counsel of record who are

registered electronic filing users.

s/ David P. Graham
David P. Graham (MN ID# 0185462 )
90 S 7th Street, FL 2
Minneapolis, MN 55402
Telephone: 612-486-1521
dgraham@dykema.com
*Attorneys for Defendants Tyson Foods,
Inc., Tyson Fresh Meats, Inc., and Tyson
Prepared Foods, Inc.*
