# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-cv-01776 (JRT/HB) |
| This Document Relates To:<br><br>ALL ACTIONS | **DECLARATION OF SAMI H. RASHID IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL CUSTODIANS AND DOCUMENTS** |

**Declaration of Sami H. Rashid**

I, Sami H. Rashid, declare as follows:

1. I am a partner of the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, which represents JBS USA Food Company ("JBS USA") in the above-captioned matter.

2. In early 2019, JBS USA and Plaintiffs' counsel in the above-captioned matter began to engage in extensive negotiations regarding discovery, including the document custodians to be utilized by JBS USA.

3. On April 18, 2019, JBS USA made an initial custodian proposal to Plaintiffs' counsel. The proposal consisted of twelve current and former executives who served on JBS USA's Pork Management Team during the relevant time period for document discovery (January 1, 2008 – June 30, 2018).

4. Specifically, JBS USA's initial custodian proposal included Marty Dooley, JBS USA's Pork President and Chief Operating Officer (COO). The proposal also included individuals holding the following positions: Head of Pork Operations; Head of Hog Procurement; Head of Live Operations; Head of Processor Sales; Head of Boxed Pork Sales; Head of International Sales; Head of Business Analysis, Transportation and Scheduling; and Head of Finance. The proposal also included the individuals primarily responsible for overseeing the use of Agri Stats by JBS USA's pork business.

5. During discussions with Plaintiffs' counsel, I explained that these individuals were responsible for day-to-day decision-making regarding JBS USA's pork business.

6. JBS USA did not propose, and Plaintiffs did not seek, the inclusion of one

member of the Pork Management Team (the Head of Human Resources) as a document custodian.

7. In response to JBS USA's proposal, Plaintiffs' counsel proposed fifty-four additional document custodians on May 15, 2019. Among other individuals, Plaintiffs' counsel proposed that JBS USA designate Denilson Molina, Wesley Batista, Joesley Batista, Andre Nogueira, and Don Jackson as custodians. Plaintiffs' counsel also proposed that JBS USA designate Cameron Bruett, who has held a position regarding Corporate Communications, Industry Affairs & Sustainability since 2012, and was identified in JBS USA's disclosures as a person with responsibility for investor/creditor relations, as a custodian.

8. In an attempt to reach a compromise with Plaintiffs' counsel, JBS USA—after months of extensive meet-and-confer discussions—agreed to designate 16 additional individuals as custodians, for a total of 28 document custodians.

9. JBS USA also agreed to search non-custodial files, including any repository containing board-related documents as well as any presentations or reports prepared or received on a regular, periodic basis by management.

10. JBS USA did not agree to designate Mr. Molina, Mr. Bruett, Wesley Batista, Joesley Batista, Mr. Nogueira, or Mr. Jackson as custodians. As I explained to Plaintiffs' counsel, these individuals were not responsible for day-to-day decision-making regarding JBS USA's pork business. Specifically, they were not responsible for, among other things: (1) JBS USA's procurement and raising of hogs for pork processing; (2) JBS USA's pork processing; and (3) the price and supply of pork processed and sold by

JBS USA.

11.     In an effort to avoid motion practice, JBS USA offered to allow Plaintiffs' counsel to reserve their right to request the designation of any of these six senior executives as custodians at a later date, after reviewing discovery produced from the custodial files of the agreed-upon custodians and any other non-custodial sources.

12.     Plaintiffs' counsel accepted this proposal as to Mr. Molina, who has served as the Chief Financial Officer of JBS USA since 2012, and as to Mr. Bruett, but rejected it for the four other disputed custodians.

13.     In their Motion to Compel Custodians and Documents, Plaintiffs argue that Mr. Wesley Batista and Mr. Nogueira should be designated as custodians because they "served on the board of directors for the North American Meat Association." *See* Plaintiffs' Mot. (Dkt. 557) at 16.  However, Plaintiffs have also served a document subpoena on the North American Meat Institute, which is the successor organization to the North American Meat Association.  A true and correct copy of that subpoena is attached hereto as Exhibit A.

14.     The subpoena seeks, among other things, "Documents Relating to any Meetings, conferences, social gatherings, or events involving two or more Pork Integrators that You have hosted[.]" *Id.* at 5.  The subpoena thus encompasses the same types of materials that Plaintiffs claim to seek from Mr. Wesley Batista and Mr. Nogueira.

15.     Attached as Exhibit B is a true and correct copy of an August 13, 2009 Earnings Conference Call Transcript, cited at IPP Comp. (Dkt. 392) ¶ 109.

16. Attached as Exhibit C is a true and correct copy of a March 8, 2010 Earnings Conference Call Transcript, cited at IPP Compl. ¶ 117.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 21st day of December 2020 at New York, New York

Sami H. Rashid