# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2001 Ross Avenue
Dallas, TX 75201-2911
Tel 214.698.3100
www.gibsondunn.com

Brian E. Robison
Direct: +1 214.698.3370
Fax: +1 214.571.2928
BRobison@gibsondunn.com

Client: 91389-00001

December 23, 2020

**FILED VIA ECF**

The Honorable Hildy Bowbeer
Magistrate Judge, District of Minnesota
United States District Court
316 N. Robert Street
St. Paul, MN 55101

Re:   *In re: Pork Antitrust Litigation*, Civil No. 18-1776 (JRT/HB); *Winn-Dixie Stores, Inc. v. Agri Stats, Inc.*, Case No. 19-cv-1578 (JRT/HB); *Commonwealth of Puerto Rico v. Agri Stats, Inc.*, Case No. 19-cv-02723 (JRT/HB)

Dear Hon. Magistrate Judge Bowbeer:

  With permission from the Court, Defendants write to follow-up briefly on the status conference last Friday, December 18. During the conference, Your Honor inquired whether any other class actions in this District had required the parties to complete fact discovery before proceeding to class certification. Although Defendants noted that the sequence that they propose for these cases is not novel, we did not attempt to list examples of the many cases across the country (including the examples from this District, attached hereto as Exhibits A-F) in which courts followed the sequence the Defendants request – completion of fact discovery before the class-certification phase – sometimes on their own accord and sometimes based upon the agreement of the parties. The need to avoid having fact discovery overlap with class-certification briefing is even more pronounced in the Pork cases, however, because these cases will involve three separate motions for class certification, with Plaintiffs proposing that they be allowed to continue taking fact depositions and to shift the factual record after seeing Defendants' three briefs in opposition to class certification.

  In deciding the appropriate schedule for these class actions, Defendants ask the Court to consider these practical factors in addition to the points raised in the Rule 26(f) report and during the conference (e.g., the need for a full factual record to support the parties' class briefs and expert reports, the tactical advantage the plaintiffs would gain by

GIBSON DUNN

The Honorable Hildy Bowbeer
December 23, 2020
Page 2

seeing *Daubert* motions before their rebuttal expert reports are due, and the inefficiency of a second round of *Daubert* challenges once the rebuttal reports are served).

Respectfully submitted,

*Brian Robison*

Brian E. Robison