# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| T.F. by his next friend Tracy Keller; K.D. by his next friend Laura Ferenci; C.O. by her next friend Laura Ferenci; L.L. by his next friend Gerald Kegler; T.T. and M.T. by their next friend Dr. Caryn Zembrosky; T.M., T.E., and A.T. by their next friend James Dorsey; A.W. by his next friend Margaret Shulman, and I.W., D.W., and B.W by their next friend Gloria Anderson, individually and on behalf of all others similarly situated, | Civil No.  0:17-cv-01826-PAM-BRT |
| Plaintiffs, | |
| v. | |
| Hennepin County; Hennepin County Department of Human Services and Public Health; David J. Hough, Hennepin County Administrator; Jennifer DeCubellis, Hennepin County Deputy Administrator for Health and Human Services; Jodi Wentland, Hennepin County Director of Human Services; Janine Moore, Director, Hennepin County Child and Family Services; and Emily Piper, Commissioner, Minnesota Department of Human Services, | **PRETRIAL SCHEDULING ORDER** |
| Defendants. | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule will govern these proceedings unless modified pursuant to Local Rule 16.3.

Stipulated proposals to amend this Scheduling Order must establish good cause for

the proposed amendment.  Agreement between the parties is not sufficient. While a formal motion is not necessary if the parties agree on their proposals, only the Court may modify a scheduling order and the requirements of Local Rule 16.3 must be met.

This Pretrial Scheduling Order has been prepared with the input of counsel for the parties and the parties are required to diligently work to meet the deadlines.

## TELEPHONE STATUS CONFERENCES

Telephone status conferences will be held on:

- **July 13, 2018, at 11:00 a.m**. Topics for this telephone conference will include an ESI plan and protocol, presentation of motions regarding Rule 17 disputes, discovery issues, and updates related to the timing of a settlement conference. The parties will also discuss issues raised, but not resolved, in the parties' email dated June 8, 2018;

- **December 5, 2018, at 2:00 p.m.** Topics for this telephone conference will include the status of written and fact discovery, and any issues relating to expert discovery; and

- **January 15, 2019, at 9:00 a.m.** Topics for this telephone conference will be determined.

For each status call, the parties should connect and jointly call in to Chambers at 651-848-1210.

## FIRST SET OF DOCUMENT REQUESTS

The parties will serve their first set of document requests by **June 13, 2018**, to facilitate discussion regarding the preservation of documents and electronic discovery plan and protocol. This set of discovery is also intended to help the parties frame presentation of disputes relating to Federal Rule of Civil Procedure 17.

## PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY

The parties have engaged in some discussion about the scope of discovery,

including relevance and proportionality, and any issues about preserving discoverable information. The parties will further discuss a plan and protocol for any electronic discovery and any preservation issues before **June 27, 2018**, and will present any disputes to the Court by **July 6, 2018**, by letter. The parties are advised that an e-Discovery Guide is available on the Court's website http://www.mnd.uscourts.gov.

## DEADLINES FOR INITIAL DISCLOSURES AND FACT DISCOVERY

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **June 13, 2018**. If a description by category and location of the documents is offered pursuant to Rule 26(a)(1)(A)(ii), the party will provide a copy of their initial disclosure documents by **July 20, 2018**, to the extent they are in that party's possession and control.

2. The parties must commence fact discovery procedures in time to be completed on or before **March 22, 2019**. The parties shall commence document discovery procedures in time for document production to be substantially complete by **December 7, 2018**. This provision is intended to ensure that the parties pursue and respond to written discovery requests in order to efficiently facilitate fact depositions.

## ADDITIONAL DISCOVERY LIMITATIONS

For purposes of this section, Plaintiffs are referred to as the Plaintiffs' party group. The State Defendant (Emily Piper, Commissioner, Minnesota Department of Human Services) and the County Defendants (Hennepin County; Hennepin County Department of Human Services and Public Health; David J. Hough, Hennepin County Administrator; Jennifer DeCubellis, Hennepin County Deputy Administrator for Health and Human Services; Jodi Wentland, Hennepin County Director of Human Services; Janine Moore, Director, Hennepin County Child and Family Services) are each a Defendants' party group.

The following discovery limitations apply:

1. Each Defendants' party group may serve up to 25 interrogatories on Plaintiffs' party group, counted in accordance with Rule 33(a). The Plaintiffs' party group may serve up to 50 total interrogatories on the <u>other side.</u> No more than 35 of these 50 interrogatories may be served on any Defendants' party group. The parties will endeavor to work together consistent with Rules 1 and 26.

3

2.  Each Defendants' party group may serve up to 30 document requests on the Plaintiffs' party group. The Plaintiffs' party group may serve up to 60 total document requests on the other side. No more than 35 of these 60 requests may be served on any Defendants' party group. The parties will endeavor to work together consistent with Rules 1 and 26. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

3.  Each Defendants' party group may serve up to 35 requests for admission on the Plaintiffs' party group. The Plaintiffs' party group may serve up to 70 requests for admission on the other side. No more than 40 of these 70 requests may be served on any Defendants' party group. The parties will endeavor to work together consistent with Rules 1 and 26.

4.  The Plaintiffs' party group may take a total of 25 fact depositions. Each Defendants' party group may take up to 15 factual depositions. No individual will be deposed more than once. No deposition will exceed the 7-hour limitation in the Federal Rules of Civil Procedure and the collective number of hours for each side's fact depositions will not exceed 100 hours. The parties will endeavor to work together consistent with Rules 1 and 26.

5.  The parties have discussed the procedures for noticing and taking 30(b)(6) depositions and agree to the following: The parties will serve any 30(b)(6) deposition notices, including topics, no later than **November 19, 2018**.

## DEADLINES FOR EXPERT DISCOVERY

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), and production of the written report prepared and signed by the expert witness, must be made as follows:

1.  The parties must meet and confer to discuss the experts they anticipate using to support or oppose class certification and other experts no later than **November 1, 2018**. If the parties wish to propose any modifications to the schedule regarding experts, they must present their proposals no later than **November 30, 2018**.

2. The identity of Plaintiffs' experts (and the area of expertise) must be disclosed on or before **March 1, 2019**. Plaintiffs must also identify whether they intend to use the expert to support class certification.

3. Plaintiffs' initial expert written report(s) (including any non-rebuttal experts they intend to use to support class certification), completed in accordance with Fed. R. Civ. P. 26(a)(2)(B), must be served on or before **April 30, 2019**.

4. The identity of each Defendants' party group's experts (and the area of expertise) must be disclosed on or before **June 7, 2019.** Defendants must also identify whether they intend to use the expert to oppose class certification.

5. Defendants' initial expert written report(s) (including non-rebuttal experts they intend to use to oppose class certification), completed in accordance with Fed. R. Civ. P. 26(a)(2)(B), must be served on or before **June 7, 2019.**

6. All rebuttal reports to Plaintiffs' and Defendants' experts are due **July 7, 2019**.

7. All expert discovery, including expert depositions, must be completed by **August 1, 2019**. The parties must meet and confer to coordinate expert depositions immediately following each disclosure of experts so that all expert depositions can be coordinated and completed on time. The parties must inform their experts about the deadlines for expert disclosures and depositions in this Scheduling Order.

8. Each **side** may call up to 5 experts. Each side may take 1 deposition per expert. If a Defendants Party Group believes more experts are needed, this topic can be raised (with a detailed explanation) with the Court.

## PRIVILEGE LOG

Unless otherwise ordered, or agreed to by the parties in writing, the parties are not obligated to identify on their privilege logs any documents, communications, or other materials that came into existence on or after the date that Plaintiffs' first complaint was filed in this action. Privilege logs must be provided by the producing party within **14 days of the production** from which documents have been withheld from production. If

the parties propose a different approach to privilege log preparation and production, they must present their proposals no later than **July 6, 2018**.

## NON-DISPOSITIVE MOTION DEADLINES

1.  Motions seeking to join other parties must be filed, served, **AND HEARD** by **October 15, 2018**.  The parties must diligently pursue any further investigation or discovery to meet this deadline.

2.  Motions seeking to amend the pleadings must be filed, served, **AND HEARD** by **October 15, 2018**.  The parties must diligently pursue any further investigation or discovery to meet this deadline.

3.  All non-dispositive motions relating to fact discovery must be filed and served by **March 29, 2019**.

    a.  All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by **September 4, 2019**.

    b.  The parties must meet and confer to resolve fact and expert discovery disputes when they arise, and if unresolved, bring discovery disputes promptly to the Court's attention.

## DISCOVERY DISPUTES

Before moving for an order relating to discovery, the movant must request an informal conference with the Court. The purpose of this call is to explore narrowing the discovery dispute, confirm that IDR is considered, and to discuss the most efficient way to brief disputed issues. Accordingly, before moving for an order relating to discovery, the movant must request an informal conference with the Court by submitting a **SHORT JOINT EMAIL** to chambers at thorson_chambers@mnd.uscourts.gov stating:

a)  the discovery dispute;

b)  whether all parties agree to informal dispute resolution; and

c)  any other information that would be helpful to the parties and the Court in resolving the dispute in a just, speedy, and inexpensive way. No attachments are permitted.  The Court will then schedule a

conference call.

The informal conference is required to ensure that the dispute is presented and resolved consistent with Fed. R. Civ. P. 1. It does not mean that the parties all concede to informal dispute resolution.

## NON-DISPOSITIVE MOTIONS

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling **Melissa Kruger**, Courtroom Deputy/Judicial Assistant to Magistrate Judge Thorson, at 651-848-1210, prior to filing. Even if the parties agree that a motion can be submitted on the papers without oral argument, Ms. Kruger must be contacted to set the date for submission of the matter to the Court. The matter will be deemed submitted upon receipt of the last filing. The Court will determine whether to hold a hearing.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties would jointly contact the Court to obtain a hearing date that works for both sides.

Once the moving party has secured a hearing date, it must promptly serve and file the **notice of hearing** informing all parties of the nature of the motion and the date, time and location of the hearing. The moving party may serve and file the motion and

remaining motion papers no later than 14 days before the hearing date, unless a different

briefing schedule is set.  A party may not call chambers and secure a hearing date or

"hold" a hearing date without that party promptly serving and filing a notice of hearing.

Counsel may not notice additional motions for hearing on an already existing

hearing date without first contacting the Court for permission.

Local Rule 37.1 governs the form of discovery motions. Counsel must adhere to the

Rule; however, they should prepare their documents to offer a clear presentation of the

discovery dispute in an efficient and effective way.  The status of each dispute should be

clear to the Court without having to cross-reference multiple exhibits. Your arguments

should be precise.  To the extent a burden is asserted, support for this position must be

included. One suggested approach is set forth below.

| |
|---|
| Insert the actual discovery request |
| Insert the actual response and objections |
| Insert position after meet and confer to make clear any compromise positions offered by either side |
| Legal argument |
| Specific relief sought |

The Court will give the parties permission to exceed the word limits for their

memorandum if the additional words will help avoid the need to cross-reference multiple

exhibits in order to understand the:

- requests at issue;

- responses and basis for objections;

- parties' positions after their meet and confer sessions;

- legal arguments; and

- specific relief sought.

If a party seeks to exceed the limits, they must obtain permission by filing and serving a letter pursuant to Local Rule 7.1(f)(1)(D). The letter should reference this Scheduling Order.

## INFORMAL DISPUTE RESOLUTION (IDR)

Prior to initiating any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. If an informal dispute resolution process is used, there is no transcript recording of informal proceedings, including telephone conversations. The matter is not briefed and declaration and sworn affidavits are not filed. Therefore, all parties must be in agreement to participate informally before the Court will consider IDR. If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.

If the parties agree to pursue the IDR process, the moving party, or the parties jointly, must electronically file a short letter setting forth the issue to be resolved. The Court will review the letter and inform the parties whether IDR will be used. If IDR is used, the parties will be contacted by the Court to schedule a telephone conference and allow for position letters to be filed by each side.

If the parties wish to proceed with IDR in a manner other than that outlined above, the short letter must include a specific proposal for the Court to consider.

## DISPOSITIVE MOTIONS

### Rule 17 Motions

The parties must meet and confer regarding disputes relating to the application of Rule 17 and corresponding motion practice no later than **June 27, 2018**. If the dispute is not resolved, the parties must file a joint letter summarizing the dispute and offering their recommendations for resolving the dispute before **July 9, 2018**. If disputes remain, this topic will be addressed at the July 13, 2018, telephone status call with the Magistrate Judge for purposes of scheduling.

### Other Dispositive Motions

Class certification motions must be filed, served, and fully briefed on or before **August 1, 2019**.

All other dispositive motions must be filed, served, and fully briefed on or before **November 1, 2019**.

All dispositive motions shall be scheduled, filed, and served in compliance with the Order regrading dispositive motion practices in cases assigned to District Judge Paul A. Magnuson by contacting his Courtroom Deputy Jackie Phipps at 651-848-1156. Counsel are given notice that six (6) to eight (8) weeks advance notice is necessary to place a dispositive motion on the calendar.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing via ECF a letter of no more than three (3) pages briefly setting forth the basis for the

motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

## **PROTECTIVE ORDER**

The parties intend to enter into a protective order. The parties must use the form available on the Court's website as a starting template. The form is available under the Court Forms tab, in the "Pretrial, Discovery and Trial Forms" section. http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf. In the interim, any documents that any producing party believes should be governed by a protective order shall be produced to opposing counsel for the attorney's review only and shall not be withheld on the basis that no protective order is yet in place. After the protective order is entered, the producing party must designate the documents under the protective order. The parties' stipulation and proposed protective order must be submitted to the Court before **July 9, 2018**.

## **PRIVILEGE/PROTECTION**

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents.

## HANDLING OF SEALED DOCUMENTS FILED IN CONNECTION WITH ALL MOTIONS

Counsel must be familiar with Local Rule 5.6 on filing documents under seal in civil cases, effective February 27, 2017. If a joint motion regarding continued sealing is filed pursuant to LR 5.6, it must comply with the Local Rule. For example:

(A)     Joint Motion's Contents. The joint motion must list by docket number each document filed under temporary seal in connection with the underlying motion and, for each such document:

      i.        briefly describe the document;

      ii.       explain why the parties agree that the document or information in the document should remain sealed or be unsealed or, if the parties disagree, briefly explain each party's position; and

      iii.      identify any nonparty who has designated the document or information in the document as confidential or proprietary.

(B)     Party to File Joint Motion. Unless the parties agree or the magistrate judge orders otherwise, the party who filed the first document under temporary seal in connection with the underlying motion must file the joint motion.

The Advisory Comments to the Local Rule provide that the "joint motion must be filed using the Joint Motion Regarding Continued Sealing Form, which is available on the court's website." The current form includes a list of example explanations in a footnote. The undersigned **_does not_** adopt #3 from that list (3. contains information designated as confidential under a protective order issued in this case [Docket No. XX])

as a sufficient explanation. The designation of material as confidential or protected by any party pursuant to a protective order during the course of discovery as the sole basis for filing the material under seal is not a sufficient explanation to justify continued sealing. Accordingly, counsel must tailor their explanation to the particular documents at issue and may consider the remaining examples:

1.      contains information designated as confidential by a nonparty

2.      contains information designated as confidential under a non-disclosure agreement between plaintiff and nonparty

3.      contains information designated as confidential under a protective order issued in this case [Docket No. XX]

4.      discovery materials filed in connection with a motion under Fed R. Civ. P. 37

5.      reveals trade secrets of defendant

6.      reveals proprietary business methods of plaintiff

7.      confidential financial records

8.      confidential medical records

9.      contains termination information regarding former employees of defendant

10.      reveals information regarding a minor

11.      contains information ordered sealed by the court on DATE [Docket No. XX].

*See* http://www.mnd.uscourts.gov/FORMS/Clerks_Office/Joint-Motion-Form.pdf

## SETTLEMENT CONFERENCE

    A settlement conference will take place on **February 7, 2019**. A separate Order

for Settlement Conference will be issued.

## TRIAL

    This case will be ready for a trial on or about **February 1, 2020**. The anticipated

length of trial will be determined at a later date.

## SUMMARY OF APPLICABLE DATES

| EVENT | DEADLINE | NOTES |
|---|---|---|
| Initial disclosures | June 13, 2018 | |
| First set of document requests | June 13, 2018 | |
| Meet and confer on plan and protocol for any electronic discovery and preservation issues | June 27, 2018 | |
| Meet and confer on any disputes relating to the application of Rule 17 | June 27, 2018 | |
| Letter on any disputes on plan and protocol for electronic discovery and preservation issues | July 6, 2018 | |
| Letter on any disputes relating to Rule 17 | July 9, 2018 | |
| Telephonic Status Conference | July 13, 2018 at 11:00 a.m. | |
| Proposals regarding privilege log | July 16, 2018 | |
| Motions seeking to join other parties | October 15, 2018 | |
| Motions seeking to amend the pleadings | October 15, 2018 | |
| Service of 30(b)(6) deposition notices | November 19, 2018 | |
| Deadline for parties to meet and confer on experts | November 1, 2018 | |
| Modification to expert disclosure deadlines | November 30, 2018 | |
| Telephonic Status Conference | December 5, 2018 at 2:00 p.m. | |
| Substantial completion of document discovery | December 7, 2018 | |
| Telephonic Status Conference | January 15, 2019 at 9:00 a.m. | |
| Settlement Conference | February 7, 2019 | |

| Identity of Plaintiffs' experts | March 1, 2019 | |
| Fact discovery closes | March 22, 2019 | |
| Non-dispositive motions relating to fact discovery | March 29, 2019 | |
| Plaintiffs' initial expert written reports | April 30, 2019 | |
| Identity of Defendants' experts | June 7, 2019 | |
| Defendants' initial expert written reports | June 7, 2019 | |
| All expert rebuttal reports | July 7, 2019 | |
| Class Certification motion | August 1, 2019 | |
| Expert discovery closes | August 1, 2019 | |
| All other non-dispositive motions, including motions relating to expert discovery | September 4, 2019 | |
| All other dispositive motions | November 1, 2019 | |
| Trial | February 1, 2020 | |

Date: June 14, 2018

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Benjamin Hudock et al,

                                        Civil No.  16-1220  JRT/FLN

        Plaintiffs,

        v.                              SCHEDULING ORDER

LG Electronics USA, et al,

        Defendants.
_____

        Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules

of this Court, and in order to secure the just, speedy, and inexpensive determination of this

action, the following schedule shall govern this proceeding.  The schedule may be modified only

upon formal motion and a showing of good cause as required by Local Rule 16.3.

        1.      Discovery/Non-Dispositive Motions:

                a.      All motions seeking class certification must be
                         filed and served by:
                                Plaintiff by October 26, 2018;
                                Defendant by December 20, 2018;
                                Plaintiff's reply by January 18, 2019 .

                b.      All motions which seek to otherwise amend the pleadings or
                        add parties must be filed and served by January 1, 2018.

                c.      All discovery shall be commenced in time to be
                        completed by August 1, 2018.

                d.      All pre-discovery disclosures required by Rule 26(a)
                        (1) shall be completed on or before September 18, 2017.

                e.      No more than 25 interrogatories, including all
                        discrete subparts, shall be served by any party.

                f.      No more than 25  Requests for Admission shall be
                        served by any party.

g.     No more than 25 Document Requests shall be served by any party.

h.     No more than 10 depositions shall be taken by any party.

i.     All nondispositive motions and supporting documents, including those which relate to discovery, shall be filed and served by November 1, 2018. Nondispositive motions may be scheduled for hearing by calling Theresa Anderson, Calendar Clerk to Magistrate Judge Franklin L. Noel, 612-664-5110. All nondispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1 and 37.1.

2.     <u>Expert Disclosure and Discovery:</u>

a.     Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) shall be made as follows:

     1)     By all parties on or before July 20, 2018 with respect to initial experts.

     2)     By all parties on or before August 31, 2018 with respect to rebuttal experts.

b.     Full disclosure of the substance of the testimony to be offered by each expert witness shall be made as follows:

     1)     By all parties on or before August 3, 2018 with respect to initial expert reports.

     2)     By al parties on or before September 14, 2018 with respect to rebuttal expert reports.

c.     Each party may depose no more than 3 expert witnesses.
     For Initial Experts, on or before September 1, 2018;
     For Rebuttal Experts, on or before October 12, 2018.

d.     Any expert testimony which has not been fully disclosed in accordance with this schedule shall be excluded from evidence at trial.

3. <u>Other Discovery Issues</u>:

    a.    The parties will submit a stipulated proposed protective order.

    b.    The parties will submit a proposed order regarding preservation, disclosure and production of Electronically Stored Documents.

    c.    The proposed protective order will include the protection of information by a privilege or the work-product doctrine, including a procedure to assert claims after production under Fed. R. Evidence 502.

    d.    The parties agree that a party should be required to request an informal conference with the Court before filing a discovery motion;

4. <u>Dispositive Motions</u>:

    a.    All dispositive motions and supporting documentation (notice of motion, motion, exhibits, affidavits, memorandum of law, and proposed order) shall be served and filed by the moving party on or before **July 1, 2019**.  All dispositive motions must comply with Local Rule 7.1.  Responses to dispositive motions shall be filed with the Court and served on or before twenty-one (21) days after the service of the supporting memorandum to the original motion.  Replies to responsive briefs shall be served and filed fourteen (14) days after the service of the response to the dispositive motion.  Upon the motion being fully briefed and filed, counsel for the moving party shall e-mail Judge John R. Tunheim's chambers at ***tunheim_chambers@mnd.uscourts.gov*** to request a hearing date.  Upon receiving a hearing date, time, and location from Judge Tunheim's Courtroom Deputy, the moving party shall file the amended notice of hearing at that time.

5. <u>Settlement</u>

    a.    The parties agree upon an Alternative Dispute Resolution by private meditation to occur before Labor Day, 2017.

6. <u>Trial</u>

a.     This case shall be ready for trial no later than September 1, 2019 at which time it will be placed on the court's jury trial calendar.

b.     Trial is estimated to last 2 trial weeks.


DATED:  June 19, 2017                              *s/Franklin L. Noel*
                                                    FRANKLIN L. NOEL
                                                    United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BENJAMIN HUDOCK, BREANN HUDOCK, and GERALD DELOSS, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br>v.<br><br> LG ELECTRONICS U.S.A., INC.; BEST BUY CO., INC.; BEST BUY STORES, L.P.; and BESTBUY.COM, LLC,<br><br>      Defendants. | Case No. 0:16-cv-01220-JRT-KMM |
| IVAN VILLA LARA, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.; BEST BUY CO., INC.; BEST BUY STORES, L.P.; and BESTBUY.COM, LLC,<br><br>      Defendants. | Case No. 0:17-cv-05222-JRT-KMM |

**SCHEDULING ORDER**

The Court has received a proposal from both sides to amend the current schedule

governing this litigation. Although all parties agree that the existing schedule in

*Hudock, et al. v. LG Electronics U.S.A., Inc., et al.*, 16-cv-1220 (JRT/KMM), must be

adjusted and further agree that both that case and *Villa Lara v. LG Electronics U.S.A.,*

*Inc., et al.*, 17cv5220 (JRT/KMM), should proceed on the same track, they disagree

about how to structure the new schedule. The Court has considered the issues raised by both sides in their recently filed letters, and now adopts the following schedule to govern the remainder of these proceedings. This plan adopts elements from both proposals, but largely follows the structure previously adopted by Judge Noel. However, the Court does not allow as much time in this new schedule as either side proposed, in recognition of the many months that have already passed since the lead case was filed. This schedule can only be modified for good cause.

1. <u>Discovery, Class Certification and Non-Dispositive Motions:</u>

    a. All motions and memoranda related to class certification must be filed by:

        Plaintiffs Motion due by June 1, 2019;
        Defendants Response due by July 15, 2019;
        Plaintiffs' Reply due by August 15, 2019.

    b. All motions which seek to otherwise amend the pleadings or add parties were due by January 1, 2018.

    c. All discovery shall be commenced in time to be completed by March 1, 2019, with substantial completion of document production by November 15, 2018.

    d. All pre-discovery disclosures required by Rule 26(a)(1) were required on or before September 18, 2017.

    e. No more than 25 interrogatories, including all discrete subparts, shall be served by any party.

    f. No more than 25 Requests for Admission shall be served by any party.

    g. No more than 25 Document Requests shall be served by any party.

    h. No more than 10 depositions shall be taken by any party.

    i. Defendants shall provide Plaintiffs with organizational charts on or before June 8, 2018.

j. Defendants shall provide proposed custodians and non-custodial sources of ESI, and proposed search methodologies on or before June 15, 2018.

k. Defendants shall provide transactional data on or before June 22, 2018.

l. The Parties shall meet and confer as needed to reach agreement on search terms, custodians, non-custodial sources of ESI, and search methodologies on or before June 29, 2018.

m. The Parties shall submit any disputes regarding search terms, custodians, non-custodial sources of ESI, and search methodologies to the Court via letters no longer than 5 pages on or before July 6, 2018.

n. All nondispositive motions and supporting documents relating to fact discovery must be filed by March 15, 2019. Any other nondispositive motions, including those which relate to expert discovery, shall be filed by September 1, 2019. Nondispositive motions may be scheduled for hearing by calling Kathy Thobe, Judicial Assistant to Magistrate Judge Kate M. Menendez, 612-664-5140. All nondispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1 and 37.1.

o. If either side believes that additional, narrowly tailored class-wide discovery is required in the event that the Court grants the Plaintiffs' motion to certify a class, that party must seek leave of Court through a letter-brief filed within seven days of class certification.

2. Expert Disclosure and Discovery:

a. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) shall be made as follows:

1) By all parties on or before February 15, 2019 with respect to initial experts.

2) By all parties on or before March 31, 2019 with respect to rebuttal experts.

b. Full disclosure of the substance of the testimony to be offered by each expert witness shall be made as follows:

1) By all parties on or before March 1, 2019 with respect to initial expert reports.

with respect to rebuttal expert reports.

c.    Each party may depose no more than 3 expert witnesses.

For Initial Experts, depositions must occur on or before March 31, 2019;

For Rebuttal Experts, they must occur on or before May 15, 2019.

d.    Any expert testimony which has not been fully disclosed in accordance with this schedule shall be excluded from evidence at trial.

3.    <u>Dispositive Motions:</u>

a.    All dispositive motions and supporting documentation (notice of motion, motion, exhibits, affidavits, memorandum of law, and proposed order) shall be served and filed by the moving party on or before January 10, 2020. All dispositive motions must comply with Local Rule 7.1. Responses to dispositive motions shall be filed with the Court and served on or before twenty-one (21) days after the service of the supporting memorandum to the original motion. Replies to responsive briefs shall be served and filed fourteen (14) days after the service of the response to the dispositive motion. Upon the motion being fully briefed and filed, counsel for the moving party shall e-mail Judge John R. Tunheim's chambers at ***tunheim_chambers@mnd.uscourts.gov*** to request a hearing date. Upon receiving a hearing date, time, and location from Judge Tunheim's Courtroom Deputy, the moving party shall file the amended notice of hearing at that time.

4.    <u>Trial:</u>

a.    This case shall be ready for trial no later than April 10, 2020 at which time it will be placed on the court's jury trial calendar.

b.    Trial is estimated to last 2 trial weeks.

Date:  June 8, 2018

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| BENJAMIN HUDOCK, BREANN HUDOCK, and GERALD DELOSS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.; BEST BUY CO., INC.; BEST BUY STORES, L.P.; and BESTBUY.COM, LLC,<br><br>Defendants. | Civil No. 16-cv-1220-JRT-KMM |
| IVAN VILLA LARA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.; BEST BUY CO., INC.; BEST BUY STORES, L.P.; and BESTBUY.COM, LLC,<br><br>Defendants. | Civil No. 17-cv-5222-JRT-KMM |

# ORDER

The Plaintiffs in this matter moved to modify the scheduling order, citing delays in discovery that had made the currently order unworkable.  (ECF No. 136.) The Defendants objected to the Plaintiff's motion and proposed scheduling order.

1

(ECF No. 141.) During a telephonic hearing, the Defendants clarified their position and agreed that a modest extension would be appropriate, as long as the sequence of events already agreed upon did not change. Accordingly, the Court **GRANTS** the Plaintiff's motion to modify the scheduling order with the modifications described below.

The scheduling order required that substantial production of documents be completed by November 15. The Defendants met this deadline, but the production was larger than expected, encompassing over 200,000 documents. Additionally, the Plaintiffs anticipate conducting up to 20 depositions. Plaintiffs do not believe it the current March 1, 2019 deadline is reasonable to process this discovery.

A scheduling order may be modified for good cause. Fed. R. Civ. P. 16(b). In these circumstances, "good cause" is present when, despite the diligence of the moving party, the existing schedule cannot reasonably be met. Advisory Committee Notes to the 1983 Amendment of Fed. R. Civ. P. 16; E.E.O.C. v. Prod. Fabricators Inc., 285 F.R.D. 418, 420 (D. Minn. 2012). The Court finds that the Plaintiffs have been diligent in pursuing discovery; however, the scope of discovery has outpaced the Plaintiff's reasonable resources. Therefore, the Court finds it appropriate to adjust the scheduling order by extending discovery by an additional 60 days. To accommodate for this change, the briefing schedule for the class certification motion is also extended by 60 days.

It is **HEREBY ORDERED THAT** the Scheduling Order (ECF 120) is

modified as described below:


1.     <u>Discovery and Non-Dispositive Motions:</u>

    a.     All motions and memoranda related to class certification must be filed by:
        Plaintiffs Motion due by August 1, 2019;

        Defendants Response due by September 15, 2019;

        Plaintiffs' Reply due by October 15, 2019.

    c.     All discovery shall be commenced in time to be completed by May 1, 2019, with substantial completion of document productions by November 15, 2018.

2

n.    All nondispositive motions and supporting documents relating to fact discovery must be filed by May 15, 2019.  Any other nondispositive motions, including those which related to expert discovery, shall be filed by September 1, 2019. Nondispositive motions may be scheduled for hearing by calling Kathy Thobe, Judicial Assistant to Magistrate Judge Kate M. Menendez, 612-664-5140. All nondispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1 and 37.1.

2.    <u>Expert Disclosure and Discovery:</u>

a.    Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) shall be made as follows:

1)    By all parties on or before April 15, 2019 with respect to initial experts.

2)    By all parties on or before May 31, 2019 with respect to rebuttal experts.

b.    Full disclosure of the substance of the testimony to be offered by each expert witness shall be made as follows:

1)    By all parties on or before May 1, 2019 with respect to initial expert reports.

2)    By all parties on or before June 15, 2019 with respect to rebuttal expert reports.

c.    Each party may depose no more than 3 expert witnesses.

1)    For Initial Experts, on or before May 31, 2019;

2)    For Rebuttal Experts, on or before July 15, 2019.

d.    Any expert testimony which has not been fully disclosed in accordance with this schedule shall be excluded from evidence at trial.

Dated: January 15, 2019            <u>s/ Katherine Menendez</u>
                                   Katherine Menendez
                                   United States Magistrate Judge

3

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Israel Garcia, individually and on
behalf of a class of similarly situated
individuals,

          Plaintiff,

v.

Target Corporation, a Minnesota
corporation,

          Defendant.

Civ. No. 16-2574 (MJD/BRT)

**PRETRIAL SCHEDULING ORDER**

---

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule will govern these proceedings unless modified pursuant to Local Rule 16.3.

Stipulated proposals to amend this Scheduling Order must establish good cause for the proposed amendment. Agreement between the parties is not sufficient. While a formal motion is not necessary if the parties agree on their proposals, only the Court may modify a scheduling order and the requirements of Local Rule 16.3 must be met.

This Pretrial Scheduling Order has been prepared with the input of counsel for the parties and the parties are required to diligently work to meet the deadlines.

## PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY

The parties have discussed the scope of discovery, including relevance and proportionality and any issues about preserving discoverable information.

The parties will further discuss a plan and protocol for any electronic discovery and any preservation issues before **September 30, 2016**, and will present any disputes regarding their plan and protocol and any preservation issues to the Court by **November 4, 2016**, by letter. The parties are advised that an electronic discovery guide is available on the Court's website at

http://www.mnd.uscourts.gov/FORMS/Clerks_Office/eDiscovery-Guide.pdf.

## DEADLINES FOR INITIAL DISCLOSURES AND FACT DISCOVERY

1.    The parties exchanged initial disclosures under Rule 26(a)(1) on **May 16, 2016**.

2.    The parties must commence fact discovery procedures in time to be completed on or before **April 28, 2017**.

## DEADLINES FOR EXPERT DISCOVERY

The parties anticipate that they will require expert witnesses at the time of trial.  The plaintiff anticipates calling 1 expert in the fields of telecommunication and computer hardware, software, and programming. The defendant anticipates calling 1 or more rebuttal experts. The parties have proposed an expert schedule that overlaps with fact discovery and acknowledge that they must initiate any fact discovery needed for their expert reports in time to meet the expert deadlines below.

2

*April 2016*

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), and production of the written report prepared and signed by the expert witness, must be made as follows:

1. The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before **February 17, 2017**.

2. The initial expert written report(s) completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **February 17, 2017**.

3. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before **March 24, 2017**.

4. Any rebuttal expert written report(s) completed in accordance with Fed. R. Civ. P. 26 (a)(2)(B) must be served on or before **March 24, 2017**.

5. All expert discovery, including expert depositions, must be completed by **April 28, 2017**. The parties must meet and confer to coordinate expert depositions. This conference should immediately follow the disclosure of the experts so that all expert depositions can be coordinated and completed on time. The parties must inform their experts about the deadlines for expert disclosures and depositions in this Scheduling Order.

6. Each side may call up to 2 experts. Each side may take 1 deposition per expert.

## ADDITIONAL DISCOVERY LIMITATIONS

The parties have discussed the scope of discovery, including relevance and proportionality, and propose the following discovery limitations:

1. Written Discovery.

   (a) No more than a total of 25 interrogatories, counted in accordance with Rule 33(a) shall be served by either side.

*April 2016*

3

    (b)    No more than 25 document requests, shall be served by each side. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

    (c)    No more than 25 requests for admissions shall be served by each side.

2.    No more than 10 factual depositions, excluding expert witness depositions, shall be taken by each side.

3.    The parties have discussed the procedures for noticing and taking 30(b)(6) depositions and agree to the following: Plaintiff intends to take at least one Rule 30(b)(6) deposition of a corporate representative of Defendant and the parties agree to meet and confer regarding any such deposition in advance. Any disputes must be brought to the Court's attention promptly.

## NON-DISPOSITIVE MOTIONS

1.    Motions seeking to join other parties must be filed and served by **December 16, 2016**.

2.    Motions seeking to amend the pleadings must be filed and served by **December 16, 2016**.

3.    All other non-dispositive motions must be filed and served by **May 15, 2017**. The parties must meet and confer to resolve fact and expert discovery disputes when they arise, and if unresolved, bring discovery disputes promptly to the Court's attention.

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing

Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions,

also be in the form prescribed by Local Rule 37.1.

*April 2016*

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling **Melissa Kruger**, Courtroom Deputy/Judicial Assistant to Magistrate Judge Thorson, at 651-848-1210, prior to filing, except when all parties are in agreement that no hearing is required. Such an agreement must be expressly set forth in the notice of motion. If a hearing is scheduled, the parties must be informed, however; the moving papers, including the formal notice of motion, may be filed as provided by Local Rule 7.1.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission. All motions must be filed and served within the time periods set forth in this Order and the Local Rules.

## INFORMAL DISPUTE RESOLUTION (IDR)

Prior to scheduling any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. If an informal dispute resolution process is used, there is no transcript recording of informal proceedings, including telephone conversations. The matter is not briefed and declaration and sworn affidavits are not filed. Therefore, all parties must be in agreement to participate informally before the Court will consider IDR. If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.

5

*April 2016*

If the parties agree to pursue the IDR process, the moving party, or the parties jointly, must electronically file a short letter setting forth the issue to be resolved. The Court will review the letter and inform the parties whether IDR will be used. If IDR is used, the parties will be contacted by the Court to schedule a telephone conference and allow for position letters to be filed by each side.

If the parties wish to proceed with IDR in a manner other than that outlined above, the short letter must include a specific proposal for the Court to consider.

## DISPOSITIVE MOTIONS

Plaintiff's Motion for Class Certification must be filed by the moving party by **June 5, 2017**.

All other dispositive motions shall be filed by the moving party by **September 11, 2017**.

All dispositive motions shall be scheduled, filed, and served in compliance with the Electronic Case Filing procedures for the District of Minnesota and in compliance with Local Rule 7.1. Counsel shall schedule the hearing by calling **Kristine Wegner**, Courtroom Deputy for Judge Michael J. Davis, at **612-664-5073**.

When a motion, response, or reply brief is filed on CM/ECF, two (2) paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to **Kristine Wegner**, Courtroom Deputy, contemporaneously with the documents being posted on CM/ECF. If the moving papers are more than one inch combined, the papers should be provided in a tabbed, 3-ring notebook.

*April 2016*

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing via CM/ECF a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

## PRIVILEGE/PROTECTION

The parties agree that privilege logs need not be served prior to 21 days from the date that a party asserts privilege or produces documents in response to a request for production of documents. The parties acknowledge that Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502 applies to this case. As such, the inadvertent disclosure of privilege material shall not operate as a waiver of the privilege.

## PROTECTIVE ORDER

The parties intend to enter into a protective order. In the interim, any documents that any producing party believes should be governed by a protective order shall be produced to opposing counsel for the attorney's review only and shall not be withheld on

*April 2016*

the basis that no protective order is yet in place. After the protective order is entered, the producing party must designate the documents under the protective order.

## HANDLING OF SEALED DOCUMENTS FILED IN CONNECTION WITH ALL MOTIONS

In connection with any motions filed with this Court, only those portions of a party's submission (e.g., memorandum of law, affidavit, and exhibits) that meet the requirements for treatment of protection from public filing (e.g., because they meet the standards articulated by Fed. R. Civ. P. 26(c)(1)(G) or a statute, rule or regulation prohibits disclosure) may be filed under seal.

Designation of material as confidential or protected by any party pursuant to a protective order during the course of discovery as the sole basis for filing the material under seal does not satisfy this requirement.

With respect to any submission filed with the Court that is sealed and posted on ECF with a placeholder, the sealed submission must be sent electronically or hand delivered to all parties and hand delivered to the Court the same day as the public documents are posted on ECF.

In addition to the Federal Rules of Civil Procedure and Local Rules, the parties must file in compliance with the Electronic Case Filing Procedures Guide.

## SETTLEMENT CONFERENCE

*April 2016*

A settlement conference will take place on **February 7, 2017**. A separate Order for Settlement Conference will be issued.

**TRIAL**

This case will be ready for a **jury** trial on or about **January 22, 2018**. The anticipated length of trial is **3** days.

Date:    September 16, 2016

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

9

*April 2016*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Israel Garcia, individually and on behalf of a class of similarly situated individuals,

     Plaintiff,

v.

Target Corporation, a Minnesota corporation,

     Defendant.

Civ. No. 16-2574 (MJD/BRT)

**AMENDED PRETRIAL SCHEDULING ORDER**

   This matter is before the Court on the parties Joint Status Report (Doc. No.67) and status conference held on May 2, 2018.

   Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following amended schedule will govern these proceedings unless modified pursuant to Local Rule 16.3.

   Stipulated proposals to amend this amended Scheduling Order must establish good cause for the proposed amendment. Agreement between the parties is not sufficient. While a formal motion is not necessary if the parties agree on their proposals, only the Court may modify a scheduling order and the requirements of Local Rule 16.3 must be met.

This amended Pretrial Scheduling Order has been prepared with the input of counsel for the parties and the parties are required to diligently work to meet the deadlines.

## DEADLINE FOR FACT DISCOVERY

The parties must commence fact discovery procedures in time to be completed on or before **July 26, 2018**.

## DEADLINES FOR EXPERT DISCOVERY

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), and production of the written report prepared and signed by the expert witness, must be made as follows:

1. The identity of Plaintiffs' experts must be disclosed on or before **July 26, 2018**. (Plaintiff's initial experts)

2. Plaintiffs' initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B), must be served on or before **August 16, 2018.**

3. The identity of Defendant's experts must be disclosed on or before **August 9, 2018**. (Defendant's initial experts)

4. Defendant's initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B), must be served on or before **August 30, 2018.**

5. The identity of any experts who may testify in rebuttal to any initial expert and any rebuttal expert written report(s) completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **September 27, 2018**.

6. All expert discovery, including expert depositions, must be completed by **October 26, 2018**. The parties must meet and confer to coordinate expert depositions immediately following each disclosure of experts so that all expert depositions can be

coordinated and completed on time. The parties must inform their experts about the deadlines for expert disclosures and depositions in this Scheduling Order.

7.    Each side may call up to 2 experts. Each side may take 1 deposition per expert.

## ADDITIONAL DISCOVERY LIMITATIONS

The parties have discussed the scope of discovery, including relevance and proportionality, and propose the following discovery limitations:

1.    Written Discovery.

    (a)    No more than a total of 25 interrogatories, counted in accordance with Rule 33(a) shall be served by either side.

    (b)    No more than 25 document requests, shall be served by each side. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

    (c)    No more than 25 requests for admissions shall be served by each side.

2.    No more than 10 factual depositions, excluding expert witness depositions, shall be taken by each side.

3.    The parties have discussed the procedures for noticing and taking 30(b)(6) depositions and agree to the following: Plaintiff intends to take at least one Rule 30(b)(6) deposition of a corporate representative of Defendant and the parties agree to meet and confer regarding any such deposition in advance. Any disputes must be brought to the Court's attention promptly.

*April 2016*

## NON-DISPOSITIVE MOTION DEADLINES

1. The deadlines for motions seeking to join other parties and/or amend the pleadings have already passed.

2. All other non-dispositive motions relating to fact discovery must be filed and served by **August 2, 2018**. The parties must meet and confer to resolve fact and expert discovery disputes when they arise, and if unresolved, bring discovery disputes promptly to the Court's attention.

3. All non-dispositive motions relating to expert discovery must be filed and served by **November 2, 2018**.

## DISCOVERY DISPUTES

Before moving for an order relating to discovery, the movant must request an informal conference with the Court. The purpose of this call is to explore narrowing the discovery dispute, confirm that IDR is considered, and to discuss the most efficient way to brief disputed issues. Accordingly, before moving for an order relating to discovery, the movant must request an informal conference with the Court by submitting a **SHORT JOINT EMAIL** to chambers at thorson_chambers@mnd.uscourts.gov stating:

a) the discovery dispute;

b) whether all parties agree to informal dispute resolution; and

c) any other information that would be helpful to the parties and the Court in resolving the dispute in a just, speedy, and inexpensive way. No attachments are permitted. The Court will then schedule a conference call.

The informal conference is required to ensure that the dispute is presented and resolved consistent with Fed. R. Civ. P. 1. It does not mean that the parties all concede to informal dispute resolution.

4

*April 2016*

## NON-DISPOSITIVE MOTIONS

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling **Melissa Kruger**, Courtroom Deputy/Judicial Assistant to Magistrate Judge Thorson, at 651-848-1210, prior to filing. Even if the parties agree that a motion can be submitted on the papers without oral argument, Ms. Kruger must be contacted to set the date for submission of the matter to the Court. The matter will be deemed submitted upon receipt of the last filing. The Court will determine whether to hold a hearing.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties would jointly contact the Court to obtain a hearing date that works for both sides.

Once the moving party has secured a hearing date, it must promptly serve and file the **notice of hearing** informing all parties of the nature of the motion and the date, time and location of the hearing. The moving party may serve and file the motion and remaining motion papers no later than 14 days before the hearing date, unless a different briefing schedule is set. A party may not call chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

5

*April 2016*

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

## INFORMAL DISPUTE RESOLUTION (IDR)

Prior to scheduling any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. If an informal dispute resolution process is used, there is no transcript recording of informal proceedings, including telephone conversations. The matter is not briefed and declaration and sworn affidavits are not filed. Therefore, all parties must be in agreement to participate informally before the Court will consider IDR. If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.

If the parties agree to pursue the IDR process, the moving party, or the parties jointly, must electronically file a short letter setting forth the issue to be resolved. The Court will review the letter and inform the parties whether IDR will be used. If IDR is used, the parties will be contacted by the Court to schedule a telephone conference and allow for position letters to be filed by each side.

If the parties wish to proceed with IDR in a manner other than that outlined above, the short letter must include a specific proposal for the Court to consider.

## DISPOSITIVE MOTIONS

Plaintiff's Motion for Class Certification must be filed by **August 30, 2018**.

6

All other dispositive motions shall be filed by the moving party by **November 15, 2018**.

All dispositive motions shall be scheduled, filed, and served in compliance with the Electronic Case Filing procedures for the District of Minnesota and in compliance with Local Rule 7.1. Counsel shall schedule the hearing by calling **Kristine Wegner**, Courtroom Deputy for Judge Michael J. Davis, at **612-664-5073**.

When a motion, response, or reply brief is filed on CM/ECF, two (2) paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to **Kristine Wegner**, Courtroom Deputy, contemporaneously with the documents being posted on CM/ECF. If the moving papers are more than one inch combined, the papers should be provided in a tabbed, 3-ring notebook.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing via CM/ECF a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

7

*April 2016*

**SETTLEMENT CONFERENCE**

A Settlement Conference will take place on **November 9, 2018**. A separate Order for Settlement Conference will be issued.

**TRIAL**

This case will be ready for a **jury** trial on or about **March 18, 2019**. The anticipated length of trial is **3** days.

All other requirements and deadlines set forth in the Court's September 19, 2016 Pretrial Scheduling Order (Doc. No. 36) remain in full force and effect.

Date:   May 3, 2018

_s/ Becky R. Thorson_
BECKY R. THORSON
United States Magistrate Judge

8

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

ISRAEL GARCIA, individually and on
behalf of a class of similarly situated individuals,

                Plaintiff,                Case No.: 16-CV-02574-MJD-
BRT

          v.

                                        JOINT RULE 26(f) REPORT

TARGET CORPORATION, a Minnesota
corporation,

                Defendant.
_____/

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on September 13, 2016, and prepared the following report.

| **Name** | **Counsel for** |
|---|---|
| Robert Shelquist<br>(Lockridge Grindal Nauen, PLLP) | Plaintiff Israel Garcia |
| Myles McGuire<br>Evan M. Meyers<br>Eugene Y. Turin<br>(McGuire Law, P.C.) | |
| Brian Melendez<br>(Dykema Gossett PLLC) | Defendant Target Corporation |

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 took place on August 16, 2016, before the United States Magistrate Judge Becky R. Thorson, with all Parties being in attendance telephonically.

This form is based on Form 3 in the Local Rules but is customized with additional topics.

Counsel have reviewed the amendments to the Federal Rules of Civil Procedure effective December 1, 2015, and are familiar with the amendments.

(a) Description of the Case.

    (1) Concise factual summary of Plaintiff's claims:

        Plaintiff alleges that Defendant placed multiple automated telephone calls using an Automatic Telephone Dialing System to his cellular telephone, and the cellular telephones of the putative class members, without prior express consent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii).

    (2) Concise factual summary of Defendant's claims/defenses:

        Target obtained prior express consent before making calls using an automatic telephone dialing system or an artificial or prerecorded voice to any cellular telephone. Target anticipates filing a motion for a stay pending the ruling of the United States Court of Appeals for the District of Columbia Circuit in *ACA Int'l v. FCC*, No. 15-1211 (D.C. Cir. filed July 10, 2015), which will resolve material issues of law that apply to this action. Target's agreement to the proposed dates and schedule in this report is subject to its anticipated motion for a stay.

    (3) Statement of jurisdiction (including statutory citations):

        This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA.

    (4) Summary of factual stipulations or agreements:

        Defendant does not dispute that the telephone calls at issue were placed using an Automatic Telephone Dialing System as defined in 47 U.S.C. § 227(a)(1).

    (5) Statement of whether a jury trial has been timely demanded by any party:

        Both Parties have demanded a trial by jury of each issue so triable.

    (6) Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

        The Parties do not so agree at this time.

(b) Pleadings.

*February 2016*

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

Defendant was served with the Complaint on March 1, 2016. (Dkt. 10.) Defendant filed its Answer on March 24, 2016. (Dkt. 15.)

The Parties do not anticipate that the pleadings will need to be amended, but reserve the right to seek amendment based on the development of the case and discovery.

(c) Fact Discovery.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties previously exchanged their initial disclosures under Fed. R. Civ. P. 26(a)(1) on <u>May 16, 2016</u>.

(2) The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by<u>     N/A     </u>.

(3) The parties must commence fact discovery procedures in time to be completed by <u>April 28, 2017</u>. The parties will discuss whether a date for the substantial production of documents should be set within the fact discovery period, to facilitate the taking of depositions.

(4) The parties have discussed the scope of discovery including relevance and proportionality and the Parties do not presently foresee the need to modify the scope of the discovery rules in the Federal Rules of Civil Procedure, or alter the limits on written discovery or depositions.

The parties understand that objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

The Parties agree to meet and confer prior to the close of discovery to discuss whether the Parties will agree to waive any objections as to the authenticity of any documents produced.

The Parties do not currently have any agreement as to any future Rule 30(b)(6) depositions. Plaintiff intends to take at least one Rule 30(b)(6) deposition of a

*February 2016*

corporate representative of Defendant and the Parties agree to meet and confer regarding any such deposition in advance.

(d) Expert Discovery.

    (1) The parties anticipate that they **will** require expert witnesses at the time of trial.

        (A)The Plaintiff currently anticipates calling <u>at least one</u> expert in the fields of: telecommunication and computer hardware, software, and programming.

        (B)The Defendant currently anticipates calling one or more rebuttal experts.

    (2) The parties propose that the Court establish the following plan for expert discovery:

        (A)    Initial experts.

            (i)  The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before <u>February 17, 2017</u>.

            (ii)The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before <u>February 17, 2017</u>.

        (B)    Rebuttal experts.

            (i)  The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before <u>March 24, 2017</u>.

            (ii)Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before <u>March 24, 2017</u>.

    (3) All expert discovery, including expert depositions, must be completed by <u>April 28, 2017</u>.

(e) Other Discovery Issues.

    (1) Protective Order. The parties have discussed whether they believe that a protective order is necessary to govern discovery and will jointly submit a motion for the entry of a protective order.

    (The parties are encouraged, though not required, to use Form 6 as a template for a proposed protective order.)

4

If a proposed Protective Order is sought, the parties must also insert the following provision into their proposed protective order:

> In connection with any motion filed with this Court, only those portions of a party's submission (e.g., memorandum of law, affidavit, and exhibits) which meet the requirements for treatment of protection from public filing (e.g., because they are subject to the attorney-client privilege or work product doctrine, or meet the standards articulated by Fed. R. Civ. P. 26(c)(1)(G)), shall be filed under seal. Designation of material as confidential or protected by any party pursuant to a protective order as the sole basis for filing the material under seal shall not satisfy this requirement. With respect to any submission filed with the Court which is sealed and posted on ECF with a placeholder, the sealed submission shall be sent electronically or hand delivered to all parties and hand delivered to the Court contemporaneously with the documents being posted on ECF.

(2) Discovery of Electronically Stored Information.

The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues:

The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section.

The parties will further meet and confer by September 30, 2016 to discuss their plan or formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court by November 4, 2016.

(2) Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502 and request the Court to include the following agreement in the scheduling order: the parties agree that privilege logs need not be served prior to

5

*February 2016*

21 days from the date that a party asserts a privilege or produces documents in response to a request for production of documents. The parties acknowledge that rule 502 of the Federal Rules of Civil Procedure applies to this case. As such, the inadvertent disclosure of privileged material shall not operate as a waiver of the privilege.

(3) The parties:

   ☐   Agree that a party should be required to request an informal conference with the Court before filing any discovery motion;

   ☒   Agree that a party should not be required to request an informal conference with the Court before filing a discovery motion; or

   ☐   Do not agree whether a party should be required to request an informal conference with the Court before filing a discovery motion.

The Parties ask the Court to permit the resolution of potential discovery disputes through (at the moving party's choice) either an informal conference with the Magistrate or letter briefing.

(f) Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by <u>December 16, 2016</u>.

(2) Motions seeking to amend the pleadings must be filed and served by <u>December 16, 2016</u>.

(3) Non-dispositive motions.

<u>OPTION 2:</u>

(a) All non-dispositive motions relating to fact discovery must be filed and served by <u>May 26, 2017</u>.

(b) All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by <u>May 26, 2017</u>.

6

(4) Plaintiff's Motion for Class Certification must be **filed, served and heard by** <u>June 23, 2017</u>.

(5) All dispositive motions must be **filed, served and heard by** <u>September 22, 2017, or 30 days after the Court's ruling on Plaintiff's Motion for Class Certification, whichever is later</u>**.**

(g) Trial-Ready Date.

(1) The parties agree that the case will be ready for trial on or after <u>December 1, 2017 or approximately 60 days after the Court's ruling on any dispositive motions</u>.

(2) The anticipated length of the **jury** trial is **three days**.

(3) The parties propose that the final pretrial conference be held <u>as early as the Court is available after the Parties file their Joint Pretrial Stipulation, approximately 30 days before the date of trial</u>.

(h) Insurance Carriers/Indemnitors.

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

Target is self-insured.

(i) Settlement.

The Parties have engaged in some limited preliminary settlement discussions in this case and were unable to reach any resolution. The Parties intend to address the possibility of scheduling a settlement conference or engaging a mediator upon completion of further discovery and prior to the initial expert disclosure deadline of February 17, 2017.

(j) Trial by Magistrate Judge.

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

7

DATE: September 13, 2016  /s/ Eugene Y. Turin
          Plaintiff's Counsel

          Myles McGuire (*pro hac vice*)
          Evan M. Meyers (*pro hac vice*)
          Eugene Y. Turin (*pro hac vice*)
          McGuire Law, P.C.
          55 W. Wacker Dr., 9th Fl.
          Chicago, IL 60601
          Tel: (312) 893-7002
          mmcguire@mcgpc.com
          emeyers@mcgpc.com
          eturin@mcgpc.com

          Robert K. Shelquist
          License # 21310X
          Lockridge Grindal Nauen, PLLP
          100 Washington Ave., Ste. 220
          Minneapolis, MN 55401
          Tel: (612) 339-6900
          rkshlequist@locklaw.com


DATE: September 13, 2016  /s/ Brian Melendez
          Defendant's Counsel

          Brian Melendez
          Bar Number 0223633
          Attorney for Defendant Target Corporation
          DYKEMA GOSSETT PLLC
          4000 Wells Fargo Center
          90 South Seventh Street
          Minneapolis, MN 55402
          Tel: (612) 486-1589
          Fax: (866) 637-2804
          bmelendez@dykema.com

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

-------------------------------------------------------------------------------------------

Israel Garcia, individually and on behalf      No. 0:16-cv-02574-MJD-BRT
of a class of similarly situated
individuals,

                                 Plaintiff,

                 v.

Target Corporation,

                                Defendant.

_____

### JOINT STATUS REPORT
_____

       Pursuant to this Court's November 3, 2016 Order granting Defendant's

Motion for Stay (Dkt. 55), and in light of the D.C. Circuit ruling in the *ACA*

*International v. Federal Communications Commission*, No. 15-1211 matter that

was released on March 16, 2018, counsel for the Parties, Israel Garcia

("Plaintiff"), and Target Corporation ("Defendant") have met and conferred and

submit the following joint status report.


A.      **Status of Discovery.**

       The Parties have exchanged written discovery requests and responses,

including the production of documents. In light of the stay imposed by the Court,

Defendant had previously only produced a limited number of documents relating

primarily to Plaintiff's individual claims. Most recently, on March 22, 2018

Defendant produced a large number of documents regarding their practices for

placing the collections calls at issue, as well as their procedures for maintaining records of such calls. Defendant has also indicated that it is assembling additional information relating to their recordkeeping systems.

Pursuant to the stay ordered by the Court, Plaintiff has not had an opportunity to proceed with seeking production of class discovery. In addition, the Parties have not yet conducted any oral discovery.

B.  **Possible Motion to Amend Answer.**

Target contemplates filing a motion to amend its answer by adding a new defense, regarding whether Target's predictive dialer is an 'automatic telephone dialing system' within the Telephone Consumer Protection Act's meaning, that may have become available as a result of the D.C. Circuit's ruling in *ACA International v. Federal Communications Commission*. Target would need to withdraw its objections to certain discovery requests in order to assert that defense. The Parties did not discuss or agree on whether such a motion is appropriate, but Target did raise the possibility with the Plaintiff, so the Parties are informing the Court.

C.  **Proposed Case Schedule.**

The Parties propose that the Court adopt the following case schedule deadlines going forward:

2

a.      The parties must commence all fact discovery in time to be completed by June 28, 2018.

b.      The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before July 26, 2018.

      (1)      The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before July 26, 2018.

c.      Rebuttal experts.

      (1)      The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before August 30, 2018.

      (2)      Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before August 30, 2018.

d.      All expert discovery, including expert depositions, must be completed by September 27, 2018.

e.      Proposed Motion Schedule. The Parties propose the following deadlines for filing motions:

      (1)      All non-dispositive motions relating to fact discovery must be filed and served by July 12, 2018.

(2)    All non-dispositive motions relating to expert discovery, must be filed and served by <u>September 27, 2018</u>.

(3)    Plaintiff's Motion for Class Certification must be filed by <u>July 26, 2018</u>.

(4)    All dispositive motions must be filed by <u>September 27, 2018</u>**.**

f.    Trial-Ready Date.

(1)    The parties agree that the case will be ready for trial on or after <u>January 10, 2019 or approximately 60 days after the Court's ruling on any dispositive motions</u>.

(2)    The anticipated length of the jury trial is three days.

(3)    The parties propose that the final pretrial conference be held <u>as early as the Court is available after the Parties file their Joint Pretrial Stipulation, approximately 30 days before the date of trial</u>.

March 30, 2018.

|                      |                      |
| -------------------- | -------------------- |
| For Plaintiff:       | For Defendant:       |

MCGUIRE LAW, P.C.

BARNES & THORNBURG LLP

/s/ Eugene Y. Turin

/s/ Brian Melendez

_____

_____

Myles McGuire (*pro hac vice*)
Evan M. Meyers (*pro hac vice*)
Eugene Y. Turin (*pro hac vice*)
McGuire Law, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
emeyers@mcgpc.com
eturin@mcgpc.com

Robert K. Shelquist
License # 21310X
Lockridge Grindal Nauen, PLLP
100 Washington Ave., Ste. 220
Minneapolis, MN 55401
Tel: (612) 339-6900
rkshlequist@locklaw.com

Brian Melendez
Bar Number 0223633
Attorney for Defendant Target
 Corporation
BARNES & THORNBURG LLP
Suite 2800
225 South Sixth Street
Minneapolis, MN 55402-4662
Ph. 612.367.8734
Fax 612.333.6798
brian.melendez@btlaw.com

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Sara Diaz-Lebel, on behalf of herself and
others similarly situated,

               Plaintiff,

v.

TD Bank USA, N.A., and Target
Corporation,

               Defendants.

Civ. No. 17-5110 (MJD/BRT)

**AMENDED PRETRIAL SCHEDULING
ORDER**

---

This matter is before the Court on the parties Joint Updated Case Scheduling Proposal (Doc. No. 218), the telephone status conference held on May 2, 2018, and the parties' email proposal of May 14, 2018.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following amended schedule will govern these proceedings unless modified pursuant to Local Rule 16.3.

Stipulated proposals to amend this Amended Pretrial Scheduling Order must establish good cause for the proposed amendment. Agreement between the parties is not sufficient. While a formal motion is not necessary if the parties agree on their proposals, only the Court may modify a scheduling order and the requirements of Local Rule 16.3 must be met.

This Amended Pretrial Scheduling Order has been prepared with the input of counsel for the parties and the parties are required to diligently work to meet the deadlines.

## DEADLINE FOR FACT DISCOVERY

The parties must commence fact discovery procedures in time to be completed on or before **August 30, 2018**.

## DEADLINES FOR EXPERT DISCOVERY

1.   Plaintiff will identify any expert who may testify at trial on behalf of Plaintiff and the initial expert written report(s) completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **September 27, 2018**.

2.   The identity and any expert written rebuttal reports by Defendants to Plaintiff's expert(s) must be served on or before **November 15, 2018**.

4.   The identity of any experts (non-rebuttal) who may testify on behalf of Defendants and any expert written report(s) completed in accordance with Fed. R. Civ. P. 26 (a)(2)(B) must be served on or before **November 15, 2018**.

5.   The identity and any expert written rebuttal reports by Plaintiff to Defendants' (non-rebuttal) expert(s) must be served on or before **December 13, 2018**.

6.   All expert discovery, including expert depositions, must be completed by **December 17, 2018**. The parties must meet and confer to coordinate expert depositions immediately following each disclosure of experts so that all expert depositions can be coordinated and completed on time. The parties must inform their experts about the deadlines for expert disclosures and depositions in this Scheduling Order.

7.   Each side may call up to 2 experts[1]. Each side may take 1 deposition per expert.

---

[1]      The parties did not advise on the number of experts. If more than two experts are needed, the parties must submit a proposal no later than August 15, 2018.

## ADDITIONAL DISCOVERY LIMITATIONS

This case was transferred many months after discovery commenced, and it is difficult to confirm what limitations applied prior to transfer. In their joint proposal, no mention was made regarding discovery limitations. Unless otherwise ordered, the following limitations apply and are retroactive to the beginning of discovery.

Written Discovery.

(a) No more than a total of 25 interrogatories, counted in accordance with Rule 33(a) shall be served by either side.

(b) No more than 25 document requests, shall be served by each side. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

(c) No more than 25 requests for admissions shall be served by each side.

(d) No more than 10 factual depositions, excluding expert witness depositions, shall be taken by each side.

## NON-DISPOSITIVE MOTION DEADLINES

1. The deadlines for motions seeking to join other parties must be filed, served AND HEARD by **July 25, 2018**.

2. All other non-dispositive motions relating to fact discovery must be filed and served by **August 30, 2018**. The parties must meet and confer to resolve fact and expert discovery disputes when they arise, and if unresolved, bring discovery disputes promptly to the Court's attention.

3. All non-dispositive motions relating to expert discovery must be filed and served by **January 7, 2019**.

3

## DISCOVERY DISPUTES

Before moving for an order relating to discovery, the movant must request an informal conference with the Court. The purpose of this call is to explore narrowing the discovery dispute, confirm that IDR is considered, and to discuss the most efficient way to brief disputed issues. Accordingly, before moving for an order relating to discovery, the movant must request an informal conference with the Court by submitting a **SHORT JOINT EMAIL** to chambers at thorson_chambers@mnd.uscourts.gov stating:

    a)    the discovery dispute;

    b)    whether all parties agree to informal dispute resolution; and

    c)    any other information that would be helpful to the parties and the Court in resolving the dispute in a just, speedy, and inexpensive way. No attachments are permitted. The Court will then schedule a conference call.

The informal conference is required to ensure that the dispute is presented and resolved consistent with Fed. R. Civ. P. 1. It does not mean that the parties all concede to informal dispute resolution.

## NON-DISPOSITIVE MOTIONS

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling **Melissa Kruger**, Courtroom Deputy/Judicial Assistant to Magistrate Judge Thorson, at 651-848-

4

1210, prior to filing. Even if the parties agree that a motion can be submitted on the papers without oral argument, Ms. Kruger must be contacted to set the date for submission of the matter to the Court. The matter will be deemed submitted upon receipt of the last filing. The Court will determine whether to hold a hearing.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties would jointly contact the Court to obtain a hearing date that works for both sides.

Once the moving party has secured a hearing date, it must promptly serve and file the **notice of hearing** informing all parties of the nature of the motion and the date, time and location of the hearing. The moving party may serve and file the motion and remaining motion papers no later than 14 days before the hearing date, unless a different briefing schedule is set. A party may not call chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

## INFORMAL DISPUTE RESOLUTION (IDR)

Prior to scheduling any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. If an informal dispute resolution process is used, there is no transcript recording of informal proceedings, including telephone conversations. The matter is not briefed and declaration and sworn affidavits are not filed. Therefore, all parties must be in agreement to participate informally before the Court will consider IDR. If there is no agreement to

resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.

If the parties agree to pursue the IDR process, the moving party, or the parties jointly, must electronically file a short letter setting forth the issue to be resolved. The Court will review the letter and inform the parties whether IDR will be used. If IDR is used, the parties will be contacted by the Court to schedule a telephone conference and allow for position letters to be filed by each side.

If the parties wish to proceed with IDR in a manner other than that outlined above, the short letter must include a specific proposal for the Court to consider.

## DISPOSITIVE MOTIONS

Plaintiff's Motion for Class Certification must be filed by **September 27, 2018**.

Defendants' Opposition to Class Certification must be filed by **November 15, 2018**.

Plaintiff's Reply in Support of Class Certification must be filed by **December 13, 2018**.

All other dispositive motions shall be filed by the moving party by **February 19, 2019**.

All dispositive motions shall be scheduled, filed, and served in compliance with the Electronic Case Filing procedures for the District of Minnesota and in compliance with Local Rule 7.1. Counsel shall schedule the hearing by calling **Kristine Wegner**, Courtroom Deputy for Judge Michael J. Davis, at **612-664-5073**.

When a motion, response, or reply brief is filed on CM/ECF, two (2) paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to **Kristine Wegner**, Courtroom Deputy, contemporaneously with the documents being posted on CM/ECF. If the moving papers are more than one inch combined, the papers should be provided in a tabbed, 3-ring notebook.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing via CM/ECF a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

## SETTLEMENT CONFERENCE

A Settlement Conference will take place on **December 7, 2018**. A separate Order for Settlement Conference will be issued. The Court will notify the parties if an earlier date becomes available.

**TRIAL**

This case will be ready for a **jury** trial on or about **June 17, 2019**. The anticipated

length of trial is **3-5** days.

Date: May 15, 2018

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

--------------------------------------------------------------------------------------------

Sara Diaz-Lebel, on behalf of herself                    No. 0:17-cv-05110-MJD-BRT
and all others similarly situated,

                                    Plaintiff,

                    v.

TD Bank USA, N.A.; and Target
Corporation,

                                    Defendants.

---

### JOINT UPDATED CASE SCHEDULING PROPOSAL

---

Pursuant to the Court's Order (Doc. 216), the Parties respectfully submit this joint updated case-scheduling proposal:

1. Plaintiff's Supplemental Discovery Responses due: June 1, 2018

2. Deadline to Amend Pleadings in Response to *ACA International*: June 1, 2018

3. Motion to Join a Party: August 20, 2018

4. Close of Fact Discovery: August 30, 2018

The parties consent to pleading amendments that respond to the D.C. Circuit's decision in *ACA International*. The parties request that the Court set a briefing schedule for class certification and *Daubert* motions at the close of discovery.

1

May 7, 2018.

LIEFF CABRASER HEIMANN &
    BERNSTEIN, LLP

/s/ *Daniel Hutch*

Daniel M. Hutchinson
Admitted pro hac vice
LIEFF CABRASER HEIMANN &
    BERNSTEIN, LLP
29th Floor
275 Battery Street
San Francisco, CA 94111-3339
Ph. 415.956.1000
Fax 415.956.1008
dhutchinson@lchb.com

Robert K. Shelquist
Lockridge Grindal Nauen PLLP
100 Washington Ave. S., Suite 2200
Minneapolis, MN 55401
Ph. 612.339.6900
Fax 612.339.0981

*Attorneys for Plaintiff*

BARNES & THORNBURG LLP

/s/ *Brian Melendz*

Brian Melendez
Bar Number 0223633
Attorney for Defendants
BARNES & THORNBURG LLP
Suite 2800
225 South Sixth Street
Minneapolis, MN 55402-4662
Ph. 612.367.8734
Fax 612.333.6798
brian.melendez@btlaw.com

*Attorney for Defendants*

# EXHIBIT E

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Jared Goyette, et al.,

      Plaintiffs,

v.

City of Minneapolis, et al.,

      Defendants.

Case No. 20-cv-1302 (WMW/DTS)

**PRETRIAL SCHEDULING ORDER**

The following schedule will govern these proceedings unless modified pursuant to Local Rule 16.3.

## SUMMARY OF IMPORTANT DATES:

Initial Disclosure Deadline: **30 days after Protective Order is docketed.**

Joinder and Amended Pleadings Deadline: **January 3, 2022**

Class Certification Deadline: **July 1, 2022**

Fact Discovery Completion Deadline: **December 1, 2021**

Expert Deadlines
    Disclosures: P **February 1, 2022**; D **April 15, 2022**
    Depositions: **May 31, 2022**

Non-Dispositive Motion Deadline to **Serve and File**: **June 1, 2022**

Dispositive Motion Deadline to **Serve and File, Schedule**: **December 1, 2022**

## INITIAL DISCLOSURES

The parties must make their initial disclosures under Rule 26(a)(1) no later than **30 days after Protective Order is docketed**. If a description by category and location of the documents is offered pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), the party will provide a copy of their initial disclosure documents by **30 days after Protective Order is docketed.**

**MOTIONS TO AMEND**

1.    Motions seeking to join other parties must be filed and served by **January 3, 2022**.

2.    Motions seeking to amend the pleadings must be filed and served by **January 3, 2022**.

3.    Motions for Class Certification must be filed and served by **July 1, 2022**.

**FACT DISCOVERY**

1.    Written Discovery

     A.    No more than a total of **30** interrogatories, counted in accordance with Rule 33(a), shall be served by either side.

     B.    No more than **50** document requests shall be served by each party. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B).

     C.    No more than **50** requests for admissions shall be served by each side.

2.    No more than **30** factual depositions, excluding expert witness depositions, shall be taken by each side.

3.    No more than **1** Rule 35 Medical examination(s) for each Plaintiff, which must be completed before **April 1, 2022**.

4.    The parties must commence fact discovery procedures in time to be completed on or before **December 1, 2021**

**EXPERT DISCOVERY**

1.    Each party may call no more than **7** expert(s) to testify.

2.    Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A), the full disclosures required by Rule 26(a)(2)(B) (including the written report prepared and signed by each expert witness), and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

     Identification of any expert who may testify at trial for Plaintiff must be disclosed on or before **January 15, 2022.**

     The initial expert written report completed in accordance with Rule 26(a)(2)(B) must be served on or before **February 1, 2022.**

2

Identification of any expert who may testify for Defendant must be disclosed on or before **March 15, 2022.**

The initial expert written report completed in accordance with Rule 26(a)(2)(B) must be served on or before **April 15, 2022.**

3.  All expert discovery, including expert depositions, must be completed by **May 31, 2022**.

## PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY

The parties have discussed the scope of discovery, including relevance and proportionality and any issues about preserving discoverable information. The parties have also discussed electronic discovery and agree upon the following:

The parties will further discuss a plan and protocol for any electronic discovery and any preservation issues before **January 30, 2021**, and will present any disputes regarding their plan and protocol and any preservation issues to the Court by **January 30, 2021**, by letter. The parties are advised that an electronic discovery guide is available on the Court's website.

## NON-DISPOSITIVE MOTIONS

**A.    Dates**

1.  All non-dispositive motions relating to *fact* discovery must be filed and served by **June 1, 2022**.

2.  All other non-dispositive motions, including motions relating to *expert* discovery, must be filed and served by **November 1, 2022**.

**B.    General Procedures**

All non-dispositive motions must be scheduled for hearing by calling Terianne Bender, Judicial Assistant to Magistrate Judge Schultz at 612-664-5460, prior to filing, except when all parties agree that no hearing is required. Such an agreement must be expressly set forth in the notice of motion. Once the moving party has secured a hearing date, it must promptly file a notice of motion informing all parties of the nature of the motion and the date, time and location of the hearing, along with complete moving papers as required by Local Rule 7.1. A moving party may not call chambers to "hold" a motion date without filing complete moving papers as required by Local Rule 7.1 unless it receives prior permission from the Court.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission. All motions must be filed and served within the time periods set forth in this Order and the Local Rules.

## C.     Special Procedures for Discovery Motions

Discovery disputes will not be heard unless the parties have first met and conferred either in-person, telephonically, or by video and made a good-faith effort to settle their dispute, pursuant to revised Local Rule 7.1. **If the parties are unable to resolve the dispute after good-faith efforts, the party raising the unresolved issue must first arrange a telephone conference with Magistrate Judge Schultz before filing a formal motion.** No filings on discovery motions will be considered by the Court until the Court has first addressed the matter via conference call.

If a discovery motion is related to written discovery or the contents of depositions, the parties must fill out a chart (attached) that describes each disputed discovery request and response; each party's position, and the moving party's last offered compromise. This chart must be in Word format and emailed at least three business days before the hearing to chambers at: Schultz_chambers@mnd.uscourts.gov. Failure to provide this chart to the Court as required by this scheduling order shall result in the cancellation of the hearing.

## DISPOSITIVE MOTIONS

All dispositive motions shall be **filed, served, and scheduled** on or before **December 1, 2022**. Counsel shall first schedule the hearing at least 42 days in the future by calling District Judge Wright's Courtroom Deputy, Mona Eckroad, at 651-848-1640. After the moving party has secured a hearing date, the moving party shall promptly inform all parties of the nature of the motion and the date, time, and location of the hearing.

All dispositive motions shall be filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1, except that any reply memorandum or notice stating that no reply will be filed must be filed and served within 7 days after the filing of any response. When a motion, response or reply brief is filed on ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed to Courtroom Deputy Mona Eckroad or delivered to the clerk of courts.

Parties are expected to be familiar with and adhere to the Federal Rules, the Local Rules, and any supplementation of those rules outlined in Judge Wright's Practice Pointers and Preferences, available on the District of Minnesota website.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing via CM/ECF a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to

4

the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

## PRIVILEGE/PROTECTION

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents.

If a party receives and identifies information produced in discovery that they believe in good faith may be privileged, they will promptly notify the producing party so the producing party may invoke the protections and process offered under Fed. R. Civ. P. 26(b)(5)(B).

## PROTECTIVE ORDER

The parties intend to enter into a protective order. In the interim, any documents that any producing party believes should be governed by a protective order shall be produced to opposing counsel for the attorney's review only and shall not be withheld on the basis that no protective order is yet in place. After the protective order is entered, the producing party must designate the documents under the protective order. Local Rule 5.6 governs filing under seal. Any proposed protective order must include the following provisions: All counsel acknowledge they have reviewed Local Rule 5.6 which governs filing under seal, which procedures are incorporated herein by reference.

## JOINT MOTIONS REGARDING CONTINUED SEALING PURSUANT TO LR 5.6

A document will be sealed in a civil case "only as provided by statute or rule, or with leave of court." LR 5.6(a)(1). The fact that a document may be subject to a protective order—for example, that a party designated it "confidential" under a protective order—is not dispositive of whether the Court will order it to remain sealed. Simply stating that a party designated it confidential, without more, is not an adequate reason or explanation within the meaning of LR 5.6(d(2)(A) to support a request that the Court order the document to remain sealed. A party must briefly explain the underlying reason that the particular information should remain sealed and unavailable to the public. If the reason is not a commonly recognized one, or there is a statute or regulation that requires the information to be withheld from the public, the party must identify it and briefly explain how the information falls under the statute or rule.

## TRIAL

This case shall be ready for jury trial as of **April 3, 2023**. The parties estimate that trial of this matter will take **28** days.

**PRACTICE POINTERS AND PREFERENCES**

Please refer to Magistrate Judge David T. Schultz's Practice Pointers and Preferences which may be found on the Court's website.

Dated: December 7, 2020                    \_\_\_s/David T. Schultz\_\_\_\_\_
                                           DAVID T. SCHULTZ
                                           United States Magistrate Judge

**Case Name and Number _____**

Several discovery responses have been identified as deficient in [the moving party's Motion to Compel (ECF No. _____)].  To assist the Court in more efficiently resolving the parties' discovery dispute, the parties shall meet and confer, and jointly complete the following chart.  The purpose of this chart is not to repeat, or cut and paste, the arguments present in the parties' memoranda, but to identify succinctly each party's position and the compromise last offered at the meet and confer.  Please attach additional sheets as necessary.  At least three business days before the hearing, the fully completed chart shall be e-mailed to chambers at Schultz_chambers@mnd.uscourts.gov

| Discovery Request at Issue (state verbatim the request) | Moving Party's Position | Responding Party's Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court Notes |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Counsel for Moving Party: _____

Counsel for Responding Party: _____

Date: _____

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jared Goyette, Craig Lassig, Michael Shum, Katie Nelson, Tannen Maury, Stephen Maturen, and The Communications Workers of America, *on behalf of themselves and other similarly situated individuals*,<br><br>      Plaintiff,<br><br>vs.<br><br>City of Minneapolis; Minneapolis Chief of Police Medaria Arradondo *in his individual and official capacity*; Minneapolis Police Lieutenant Robert Kroll, *in his individual and official capacity*; Minnesota Department of Public Safety Commissioner John Harrington, *in his individual and official capacity*, Minnesota State Patrol Colonel Matthew Langer, *in his individual and official capacity*; and John Does 1-10, *in their individual and official capacities*,<br><br>      Defendants. | Case No. 20-cv-01302 (WMW/DTS)<br><br><br>**RULE 26(f) REPORT** |

The parties/counsel identified below conferred as required by Fed. R. Civ. 26(f) and the Local Rules on November 18, 2020, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for December 1, 2020 at 11:00 a.m. before United States Magistrate Judge David T. Schultz. The conference will take place via videoconference.

Counsel have reviewed the amendments to the Federal Rule of Civil Procedure effective December 1, 2015, and are familiar with the amendments.

# DESCRIPTION OF THE CASE

1.      Concise factual summary of plaintiff's claims:

Plaintiffs allege widespread constitutional violations by the Defendants during the law enforcement response to the George Floyd protests, including the unlawful arrest of journalists and the unconstitutional application of force to Plaintiffs and the Plaintiff Class.  These violations occurred due to Defendants' failure to adequately train and supervise their officers, and Defendants' establishment of unconstitutional policies, customs, and practices related to the First Amendment, the media, and the use of force.  Plaintiffs and the Plaintiff Class seek damages as well as injunctive relief for these violations.

2.      Concise factual summary of defendant's claims/defenses:

**City Defendants:**
The City of Minneapolis and Chief of Police Medaria Arradondo (collectively "City Defendants") assert that Plaintiffs' Second Amended Complaint fails to allege a cognizable conspiracy claim or other municipal liability claim against the City Defendants.  It also fails to state a claim against Chief Arradondo in his individual capacity.  The City Defendants' actions were lawful.  Further, the John Does actions against the named defendants (to the extent the John Does are Minneapolis Police Officers) are likely to be immune as being objectively reasonable as a matter of law or do not violate a clearly established law under the circumstances.  Finally, the Plaintiffs' attempt to certify this as a class action will fail as Plaintiffs fail to meet the requirements of Fed. R. Civ. P. 23.

**State Defendants:**
Minnesota Department of Public Safety Commissioner John Harrington and Minnesota State Patrol Colonel Matthew Langer (collectively, "State Defendants") deny liability, believe that they acted lawfully and have not violated any of Plaintiffs' rights under the First, Fourth, Fifth, or Fourteenth Amendments to the Constitution.  The State Defendants also believe that Plaintiffs' Second Amended Complaint fails to state a claim for relief against State Defendants in their official or individual capacities and State Defendants have brought a Motion to Dismiss.  To the extent that any John Doe defendants are Minnesota State Patrol troopers, claims against John Does will fail because the troopers are entitled to qualified immunity.  Plaintiff's attempt to certify this as a class action will fail because Plaintiffs cannot meet the requirements of Fed. R. Civ. P. 23.  State Defendants believe that discovery should be stayed with respect to any claims against State Defendants until its Motion to Dismiss is decided.

**Robert Kroll:**

Robert Kroll ("Kroll") asserts that Plaintiffs' Second Amended Complaint fails to allege a cognizable claim against Kroll. Kroll's alleged actions are protected concerted activity and exercises of protected speech. If Kroll is somehow deemed to be a acting under color of law as a public official, he is immune as his actions were objectively reasonable as a matter of law or do not violate a clearly established law under the circumstances. The Plaintiffs' attempt to certify this as a class action will fail as Plaintiffs fail to meet the requirements of Fed. Kroll believes discovery should be stayed regarding any claims against Kroll until his motion to dismiss is decided.

3.      Statement of jurisdiction (including statutory citations):

This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

4.      Summary of factual stipulations or agreements:

None.

5.      Statement of whether a jury trial has been timely demanded by any party:

Plaintiff has demanded a jury trial.
City Defendants have demanded a jury trial.

6.      Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

The parties do not agree to resolve this matter by expedited proceedings.

## PLEADINGS

7.      Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

The John Does have not been served. With respect to the remaining Defendants, all process has been served. State Defendants and Robert Kroll have filed motions to dismiss. All briefing has concluded. A hearing on the motions is set for December 4, 2020. Plaintiffs may amend pleadings and do plan to add additional parties to the action.

## FACT DISCOVERY

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1.  The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before 30 days after the issuance of a Protective Order. If the parties include a description by category and location of documents, they agree to exchange copies of those initially disclosed.

2.  The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by April 1, 2022.

3.  The parties must commence the fact discovery in time to be completed by May 1, 2022.

    Kroll proposes fact discovery as to Kroll commences after the Court rules on Kroll's motion to dismiss.

    State Defendants propose that fact discovery as to State Defendants not commence until after the Court issues its Order on State Defendant's motion to dismiss.

4.  The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit each side's use and numbers of discovery procedures as follows:

    a.  Interrogatories
        Plaintiffs' proposal: 30 interrogatories each for Plaintiffs, City Defendants, State Defendants, and Robert Kroll
        Defendants' proposal: 25 interrogatories each for Plaintiffs, City Defendants, State Defendants, and Robert Kroll

    b.  Document requests
        Plaintiffs' proposal: 50 document requests to each party
        Defendants' proposal: 25 document requests each for Plaintiffs, City Defendants, State Defendants, and Robert Kroll.

    c.  Requests for Admission:
        Plaintiff's proposal: 50 requests for admission to each party
        Defendants' proposal: 25 requests for admission each for

Plaintiff, City Defendants, and Robert Kroll.

The parties have discussed a protocol for the authentication of documents and agree on the following: A request to admit the genuineness of a document must be accompanied by a copy of the document or, if it was initially provided by the party from whom the admission is sought, by reference to the Bates number.

   d.    30 factual depositions each for Plaintiffs, City Defendants, State Defendants, and Robert Kroll.

   e.    Rule 35 medical examinations for the Plaintiffs, which will be completed by April 1, 2022

   f.    Other:

     i.  Physical inspection of any property Plaintiffs allege was damaged must be completed by the close of fact discovery.

    ii.  Plaintiffs shall provide a notice of deposition and list of deposition topics at least 30 days in advance of any Rule 30(b)(6) deposition. Plaintiffs, City Defendants, and State Defendants may take no more than one Rule 30(b)(6) deposition with respect to the City Defendants or the State Defendants

   iii.  The parties have discussed the impact of COVID-19 and the national response to the epidemic on this litigation. Counsel believe that this epidemic might affect the discovery phase of this case in the following ways:

       1.  Depositions should be conducted remotely, though this process will be revisited once facts and circumstances surrounding the pandemic change.

       2.  The production of documents may be delayed due to limited in-office staff. Documents should be considered as having been

properly served if the documents are made available for download via a secure sharing platform such as Sharepoint.

3. Service of discovery requests and responses may be accomplished by email communication provided that the following counsel are copied on the email communication:

For Plaintiff: Kevin Riach

For State Defendants: Julianna Passe, Kathryn Landrum

For Robert Kroll: Joseph Kelly and Kevin Beck

For City Defendants: Heather Robertson, Kristin Sarff, and Sharda Enslin

The email communication should be considered served on the date it is sent provided the email communication is sent within the business hours of 8:00 a.m. to 5:00 p.m. Central Time Zone. If the email communication is sent after 5:00 p.m. Central Time Zone, it should be considered to have been served the following day.

## EXPERT DISCOVERY

1. The parties anticipate that they **will** require expert witnesses at the time of trial.

   a. The plaintiff anticipates calling 6 experts in the fields of: use of force; police procedures and practices; less-lethal munitions; and the media and the First Amendment.

   b. The Defendant Robert Kroll anticipate calling 6 or more experts in the following fields: use of force, union speech, collective bargaining, and public sector union activities.

   c. The City Defendants anticipate calling 7 or more (dependent on Plaintiffs' medical claims) experts in the fields of: use of force and/or less-lethal munitions; police training, supervision and discipline; medicine and heath care; and economics, wages and vocational rehabilitation.

d.    The State Defendants anticipate calling 6 or more experts in the fields of: use of force, law enforcement training and supervision, medical care, and wages and vocational rehabilitation.

2.    The parties propose that the Court establish the following plan for expert discovery:

a.    Initial Reports

i.    The identity of any **Plaintiffs'** expert who may testify at trial regarding issues on which the Plaintiffs have the burden of persuasion must by disclosed on or before:  June 1, 2022

ii.    The **Plaintiffs'** initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before: July 1, 2022

ii.    The identity of any expert who may testify at trial for **Defendants** must be disclosed on or before August 15, 2022

iii.    The **Defendants** initial expert written report completed in accordance with Fed R. Civ. P. 26(a)(2)(B) must be served on or before September 15, 2022

3.    All expert discovery, including expert depositions, must be completed by October 15, 2022

## OTHER DISCOVERY ISSUES

1.    Protective Order

The parties have discussed whether they believe that a protective order is necessary to govern discovery and will jointly submit a proposed protective order or report identifying any areas of disagreement. Local Rule 5.6 governs filing under seal. Therefore, any proposed protective order must include the following provisions: All counsel acknowledge they have reviewed Local Rule 5.6 which governs filing under seal, which procedures are incorporated herein by reference.

2.    Discovery of Electronically Stored Information

The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues: The default production of ESI will be by native file or searchable PDF.

The parties will further meet and confer by January 30, 2021, to discuss their plan or formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court within three weeks after the parties' meet and confer.

3.    Claims of Privilege or Protection

The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D). This discussion included whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties:

Agree that if a party receives and identifies information produced in discovery which they believe in good faith may be privileged, they will promptly notify the other producing party so the producing party may invoke the protections and process offered under Fed. R. Civ. P. 26(b)(5)(B).

a.    Request the Court to include the following agreement in the scheduling order: If a party receives and identifies information produced in discovery which they believe in good faith may be privileged, they will promptly notify the other producing party so the producing party may invoke the protections and process offered under Fed. R. Civ. P. 26(b)(5)(B).

4.    The parties agree that a party should be required to request an informal conference with the Court before filing a discovery motion.

## MOTION SCHEDULE

The parties propose the following deadlines for filing motions:

1.    Motions seeking to join other parties must be filed and served by January 1, 2022

2. Motions seeking to amend the pleadings must be filed and served by January 1, 2022

3. Motion for class certification must be filed by July 1, 2022.

4. Non-dispositive motions:

   a. All non-dispositive motions relating to fact discovery must be filed and served by June 1, 2022

   b. All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by November 1, 2022

5. The parties must meet and confer to resolve all discovery disputes and other non-dispositive issues prior to filing any motions.

6. All dispositive motions must be filed by December 1, 2022

## TRIAL-READY DATE

1. The parties agree that the case will be ready for trial on or after March 1, 2023.

2. The anticipated length of the jury trial is 28 days

3. The parties propose that the final pretrial conference be held on or before: four weeks before the commencement of trial.

## INSURANCE CARRIERS/INDEMNITORS

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured:

The City of Minneapolis is self-insured.

The State of Minnesota is self-insured.

Robert Kroll: Minn. Stat. 466.07 requires the City of Minneapolis to indemnify Kroll, otherwise uninsured.

**SETTLEMENT**

The parties briefly discussed settlement at the Rule 26(f) meet-and-confer. Plaintiffs' counsel will confer with their clients and bring any demands to Defendants' attention.

The parties proposed that a settlement conference be scheduled to take place 90 days after the pending motions to dismiss are decided.

**TRIAL BY MAGISTRATE JUDGE**

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

Dated: November 24, 2020        JAMES R. ROWADER, JR.
City Attorney
By */s Heather Robertson*
HEATHER ROBERTSON (0390470)
KRISTIN R. SARFF (0388003)
SHARDA ENSLIN (0389370)
Assistant City Attorneys
Minneapolis City Attorney's Office
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-3949
heather.robertson@minneapolismn.gov
kristin.sarff@minneapolismn.gov
sharda.enslin@minneapolismn.gov

*Attorneys for Defendants*

Dated: November 24, 2020

KEITH ELLISON
Attorney General
State of Minnesota

s/ Julianna F. Passe
KATHRYN IVERSON LANDRUM
(#0389424)

JULIANNA F. PASSE (#0397317)
Assistant Attorneys General

445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
(651) 757-1136 (Voice)
(651) 282-5832 (Fax)
kathryn.landrum@ag.state.mn.us
julianna.passe@ag.state.mn.us

ATTORNEY FOR DEFENDANTS
MINNESOTA DEPARTMENT OF
PUBLIC SAFETY COMMISSIONER
JOHN HARRINGTON AND
MINNESOTA STATE PATROL
COLONEL MATTHEW LANGER, *IN
THEIR OFFICIAL AND INDIVIDUAL
CAPACITIES*

Dated: November 24, 2020

**KELLY & LEMMONS, P.A.**

/s/ Joseph A. Kelly
Joseph A. Kelly (#389356)
Kevin M. Beck (#389072)
2350 Wycliff Street, #200
St. Paul, MN 55114
(651) 224-3781
F: (651) 223-8019

*Attorneys for Defendant Minneapolis
Police Lieutenant Robert Kroll*

Dated: November 24, 2020

/s/ Kevin C. Riach
Kevin C. Riach (#0389277)
Dulce J. Foster (#0285419)
Pari I. McGarraugh (#0395524)
Jacob P. Harris (#0399255)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: 612.492.7000
kriach@fredlaw.com
dfoster@fredlaw.com
pmcgarraugh@fredlaw.com
jharris@fredlaw.com
Attorneys for Plaintiffs Goyette, Lassig,
Maury, Maturen, Nelson and Shum

Adam W. Hansen (#0391704)
APOLLO LAW LLC
333 Washington Avenue North, Suite 300
Minneapolis, MN 55401
Telephone: 612.927.2969
adam@apollo-law.com
Attorneys for Plaintiffs

Teresa Nelson (#269736)
AMERICAN CIVIL LIBERTIES UNION
OF MINNESOTA
P.O. Box 14720
Minneapolis, MN 55414
Telephone: 651.529.1692
tnelson@aclu-mn.org
*Attorneys for Plaintiffs*

# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Riley Johannessohn, Daniel C.
Badilla, James Kelley, Ronald
Krans, Kevin R. Wonders, William
Bates and James Pinion,

          Plaintiffs,

vs.

Polaris Industries, Inc.,

          Defendant.

AMENDED
PRETRIAL SCHEDULING ORDER

Court File No. 16-cv-3348 (PJS/LIB)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Upon consideration of the parties' Stipulation [Docket No. 132], as slightly modified by the Court pursuant to its inherent authority to manage litigation pending before it, and in accordance with provisions of Rule 16, Federal Rules of Civil Procedure, and the Local Rules of this Court, to administer the course of this litigation in a manner which promotes the interests of justice, economy and judicial efficiency, the following Amended Pretrial Schedule will govern these proceedings. **The Schedule may <u>not</u> be modified further except upon formal Motion heard in open Court and a showing of good cause as required by Local Rules 7.1 and 16.3**.

**Counsel shall also comply with the Electronic Case Filing Procedures For The District of Minnesota, pursuant to Order Adopting Electronic Case Filing, dated May 13, 2004**.

THEREFORE, It is --

ORDERED:

## I.

That all pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **August 25, 2017**.  The period during which the parties must conduct all fact discovery shall terminate on **August 24, 2018**, and the period during which the parties must complete all expert discovery shall terminate on **April 1, 2019**.[1]  Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied upon by any party as a justification for not adhering to this Pretrial Scheduling Order.  No further or additional discovery shall be permitted after the above date except upon motion and by leave of the Court for good cause shown, and any independent Stipulations or agreements between counsel which contravene the provisions of this Order will not be recognized.  However, upon agreement of counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

## II.

That all Motions which seek to amend the pleadings or add parties must be filed and the Hearing thereon completed on or before **December 31, 2017**.[2]

---

[1]See, Local Rule 16.2(d)(3) of the United States District Court For the District of Minnesota Local Rules.

[2]This deadline does not apply to motions to amend pleadings to assert a claim for punitive damages. Motions which seek to assert claims for punitive damages must be filed and the Hearing thereon completed prior to **November 25, 2018**.

III.

That all other nondispositive Motions regarding fact discovery shall be filed and the Hearing thereon completed prior to **September 25, 2018**, and all nondispositive Motions regarding expert discovery shall be filed and the Hearing thereon completed prior to **May 1, 2019**, by calling Victoria L. Miller at 218-529-3520, Courtroom Deputy for Magistrate Judge Leo I. Brisbois. All nondispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(a) and (b) and the Electronic Case Filing Procedures For The District of Minnesota. No discovery Motion shall be heard unless the moving party complies with the requirements of Local Rule 37.1.

IV.

A Settlement Conference pursuant to Local Rule 16.5(b) in the above-entitled matter will be set before Magistrate Judge Leo I. Brisbois for **sometime in June of 2019, at 9:30 a.m.,** in Courtroom No. 3, Gerald W. Heaney Federal Building and U.S. Courthouse, 515 W. First St., Duluth, Minnesota. A separate Notice of this Settlement Conference shall be issued outlining the parties' obligations for preparation and for appearance of the Conference.

V.

That no more than **35** Interrogatories (counted in accordance with Rule 33(a), Federal Rules of Civil Procedure), no more than **75** Requests for Documents (pursuant to Rule 34, Federal Rules of Civil Procedure), and no more than **50** Requests for Admissions (pursuant to Rule 36, Federal Rules of Civil Procedure), shall be served by any side.

−3−

VI.

That no more than **20** depositions (excluding expert depositions) shall be taken by any side without prior Order of the Court.

VII.

That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial.[3] Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify. The disclosure shall be accompanied by a written report prepared and signed by the expert witness.[4] As required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, the report shall contain:

    a.    The qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years;

    b.    The compensation to be paid for the study and testimony;

    c.    A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

    d.    A complete statement of all opinions to be expressed and the basis and reasons therefor;

    e.    The data or other information considered by the witness in forming the opinions; and

---

[3]This includes any witnesses who were retained for purposes of conducting an examination pursuant to Rule 35.

[4]If no written report is required by Rule 26(a)(2)(B), the disclosures shall still comply with Rule 26(a)(2)(C).

– 4 –

f.      Any exhibits to be used as a summary of or support for the opinions.

The Plaintiffs' disclosures shall be made on or before **September 28, 2018**.  The Defendant's disclosures shall be made on or before **November 29, 2018**.  The Plaintiffs' rebuttal disclosures, if any, shall be made on or before **December 20, 2018.**

VIII.

That the parties **do** contemplate taking expert depositions.  No more than **five (5)** experts may be deposed by any side without prior Order of the Court.

IX.

That each party shall fully supplement all discovery responses according to Rule 26(e), Federal Rules of Civil Procedure.  Any evidence responsive to a discovery request which has not been disclosed on or before the discovery cutoff or other dates established herein, except for good cause shown, shall be excluded from evidence at trial.

X.

The Plaintiffs' motion and supporting memorandum for Rule 23 certification shall be served and filed on or before **September 28, 2018.**  The Defendant's response to the motion to certify shall be served and filed on or before **November 29, 2018.**  The Plaintiffs' reply in support of the motion to certify shall be served and filed on or before **December 20, 2018.**  Immediately thereafter, the moving party shall immediately contact Judge Schiltz's Courtroom Deputy, Caryn Glover, at 612-664-5483, to schedule a Hearing on the motion for certification.

All other dispositive motions (notice of motion, motion, memorandum of law, affidavits and proposed order) shall be served, filed and heard on or before **June 1, 2019[5].**

Counsel for the moving party shall call Judge Schiltz's Courtroom Deputy, Caryn Glover, at 612-664-5483 to schedule the hearing. Parties are reminded that the scheduling of a dispositive motion requires considerable advance notice (typically three to four months). Parties should attempt to schedule all dispositive motions for the same hearing and should strive to avoid duplication in their briefing.

All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1. When a motion, response or reply brief is filed on ECF, two (2) paper courtesy copies (three-hole punched and unstapled, and if warranted, exhibits appropriately tabbed) of the pleading and all supporting documents shall be mailed or delivered to Courtroom Deputy Caryn Glover at the same time as the documents are posted on ECF.

When scheduling a summary judgment hearing, the parties must notify the Court whether there will be cross-motions for summary judgment so that the Court may enter an appropriate briefing order. The parties should confer about the possibility of cross-motions before contacting chambers to schedule a summary judgment hearing.

---

[5]The parties should attempt to schedule dispositive motions after all discovery has been completed and to schedule all dispositive motions for the same hearing and should strive to avoid duplication in their briefing. If the parties believe early or piecemeal dispositive motion practice is necessary, they should seek permission of the District Judge.

XI.

That this case shall be ready for Trial on **October 1, 2019**[6], or 30 days after the Court renders

its Order on any dispositive Motion (whichever is later), at which time the case will be placed on the

Court's **Jury** trial calendar.  That the anticipated length of Trial is **two (2) weeks**.

BY THE COURT:

DATED:   January 17, 2018

s/Leo I. Brisbois_____
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

---

[6]**THIS DATE IS NOT A TRIAL SETTING DATE**.  The parties will be notified by the Calendar
Clerk of the assigned Judge to a case by way of a Notice of Trial as to when this case will be placed
on the Trial Calendar.  The above date is merely a notice to all parties to consider the case ready for
trial as of this date.  **DO NOT PREPARE FOR TRIAL UNTIL NOTIFIED**.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

RILEY JOHANNESSOHN, et al,
individually and on behalf of the class
they represent,

|  |
|---|

NO.  16-cv-3348 (PJS/LIB)

            Plaintiffs,

**RULE 26(f) REPORT**

v.

POLARIS INDUSTRIES, INC.,

            Defendant.

Counsel for Plaintiffs Riley Johannessohn, et al., and counsel for Defendant Polaris Industries Inc., (collectively, the "Parties") participated in a teleconference required by Fed. R. Civ. P. 26(f), on July 7, 2017, and subsequent communications, and prepared the following report.

**A.**     **Description of Case**

    1.     Concise factual summary of Plaintiffs' claims:

Defendant Polaris Industries, Inc. sells a line of all-terrain vehicles (ATVs) under the Sportsman model name. All Polaris Sportsman ATVs sold through 2017 models have metal exhaust heat pipes that run beneath the rider's seat and to the back of the right foot well. During operation, the exhaust pipes grow so hot that they can melt seats, fenders, taillights, and burn the clothing and flesh of riders. (The "Exhaust Heat Defect.") Polaris has known about the defect and the dangers for years, but has not warned purchasers: instead, it has blamed the riders for how they were using the ATVs, and profited by selling purchasers replacement parts or various repair kits. The named Plaintiffs

purchased Sportsman ATVs in seven different states in 2015 and 2016, at costs ranging from $6,700-$12,000. Each experienced excessive heat problems related to the Exhaust Heat Defect.

Plaintiffs seek a nationwide class under Minnesota law where Defendant Polaris, Inc. is headquartered and directs the marketing of its Sportsman ATVs. In the alternative, Plaintiffs seek state-wide classes on behalf of Sportsman purchasers in Minnesota, California, Florida, Illinois, Missouri, New York, and North Carolina. The specific counts include as Count I, violation of the Minnesota Consumer Fraud Act ("MCFA", MN Stat. §325F.69); as Count II, violation of California's Unfair Competition Law ("UCL", Cal. Bus. & Prof. Code §17200), as Count III, violation of the Consumer Legal Remedies Act ("CLRA", Cal. Civ. Cod § 1750); as Count IV, violation of Florida's Unfair and Deceptive Trade Practices Act ("FDUTPA", Fl. Stat. §501.201 et seq); as Count V, violation of Illinois' Consumer Fraud Act ("ICFA", 815 Ill. Comp. Stat. 505/1 et seq.); as Count VI, violation of Missouri's Merchandising Practices Act ("MMPA", R.S. Mo. Chapter 407 et seq); as Count VII, violation of New York's General Business Law Section 349 (N.Y. GBL §349); as Count VIII, violation of North Carolina's Unfair and Deceptive Trade Practices Act ("NCUDTPA", N.C. Gen. Stat. § 75-1.1(a)). In Count IX, Plaintiffs also make claims for breach of the implied warranty of merchantability, under Minnesota or their respective state law (*See, e.g.,* MN St. §336.2-314; CAL. CIV. CODE § 1791(b); Fla. Stat. § 672.103; 810 ILCS 5/2-103, Ill. Rev. Stat., Ch. 26, para. 2-103; Mo. R.S. §400.2-314; N.Y.U.C.C. Law § 2-103; N.C. Gen. Stat. § 25-2-314.). Consistent with the applicable statutes of limitations, the class periods go back to October

of 2010 for Minnesota with its six-year statute of limitations, but three or four years for the other states. *Id.* ¶¶ 64-65.

The particularized facts supporting Plaintiffs' claims to date include publicly available complaints made by prior purchasers about the Exhaust Heat Defect on different websites that Polaris monitored. These include website forums for ATV enthusiasts, the Better Business Bureau, and the Consumer Products Safety Commission's "safer products" site. On these sites, Polaris acknowledges issues with Sportsman's melting due to exhaust heat. Polaris did not disclose the Exhaust Heat Defect on its own website, YouTube channels, brochures, or in its marketing materials, or to customers through its authorized dealers.

Plaintiffs will seek class certification of the claims. The complaints about the Exhaust Heat Defect include all different sizes and styles of Sportsman ATVs. The design of the exhaust system of the Sportsman ATVs has been the same throughout different models from 2010 to 2016, as shown by Polaris' own brochures and parts catalog. In March of 2017, after moving to dismiss Plaintiffs' First Amended Complaint and denying that a common defect afflicted the Sportsman ATVs, Polaris recalled 2015 and 2016 Sportsman 850 and 1000 ATVs. The recall notice acknowledged that "Polaris has received at least 793 incidents, including reports of warped, melted or burned side panels, 47 fires and four minor burn injuries." See http://www.polaris.com/en-us/company/article/polaris-recalls-sportsman-850-and-1000-atv-due-to-burn-and-fire-hazards. Plaintiffs believe the similar exhaust configuration and similar complaints across other models sold prior to 2015 support a common design defect that is a predominate

issue for class treatment. Plaintiffs also assert that the repair program for the subset of Sportsman ATVs that have been recalled is insufficient: rather than refunds to offset the diminished value of the design defect, Polaris has only added some additional heat shielding in an attempt to diminish the impact of the Exhaust Heat Defect.

Plaintiffs have suffered damages as a result of Polaris' misconduct. Plaintiffs paid more than they would have for their Sportsman ATVs had they known of the Exhaust Heat Defect. The defect and Defendant's omissions artificially inflated the price of ATVs, causing all purchasers damage.

2.      Concise factual summary of Polaris's defenses:

Polaris denies the material allegations of the plaintiffs' First Amended Class Action Complaint, and specifically denies any fraud, misrepresentations, or breach of any warranties. Exhaust systems can get very hot, and an ATV's exhaust-system components are of course located close to the rider, including under the seat. These are not defects; they are generic characteristics of all ATVs from every manufacturer.

Contrary to the plaintiffs' allegations of concealment, the owner's manuals for Sportsman ATVs include multiple warnings about exhaust heat. For instance, under the heading "**Safety Warnings**," the manuals admonish that "[e]xhaust system components are very hot during and after use of the vehicle" and that "[h]ot components can cause burns and fire."

Furthermore, radiant heat from an ATV's exhaust system depends on numerous factors, not least of which is the manner and environment in which the rider uses the ATV. Other factors, which differ materially within and across the numerous Sportsman

4

model families, include engine configuration (e.g., single cylinder; twin cylinder; single-overhead-cam; dual-overhead-cam); engine size (ranging from 299 cc to 952 cc); type of fuel system (carbureted or electronic fuel injection); type of engine cooling system (liquid cooled or air cooled); vehicle weight (ranging from 550 pounds to over 1,000 pounds), and others.

While discrete exhaust-related issues have been noted as to certain subsets of the putative class vehicles, those issues have been or are being addressed through appropriate market actions.

As to the plaintiffs' class allegations, class adjudication is impracticable in this case because, among other reasons, individual questions of law and fact predominate over common questions of law and fact (e.g., no common design, no common defect, highly variable product use patterns, variances in the extent and nature of the plaintiffs' reliance and causation, variances in the nature and amount of the plaintiffs' damages, if any, and variances in state law); the plaintiffs' claims are not typical of absent putative class members' claims across the dozens of models of vehicles designed and manufactured over many years; the plaintiffs lack standing to pursue claims on behalf of, and could not adequately represent, owners of the numerous vehicle models that the plaintiffs did not purchase but nevertheless included in their sprawling proposed vehicle class.

Polaris's defenses will be set forth more fully in its answer to the operative complaint.

3.     <u>Statement of Jurisdiction:</u>

This Court has jurisdiction over this putative class action pursuant to 28 U.S.C.

§1332. While Polaris denies that Plaintiffs' claims are properly pleaded and that it owes

Plaintiffs or the putative class any amounts, as well as that any of the claims here are

appropriate for class treatment, the parties agree that the claims as pleaded and allowed

by the Court exceed the jurisdictional minimum amount in controversy of $5,000,000.00,

exclusive of costs and interests, 28 U.S.C. § 1332(d)(2)(A) and § 1332(6). This is a

putative class action in which some of the members of the putative Class are citizens of a

different state than the Defendant.

4.     <u>Summary of Factual Stipulations or Agreements:</u>

At this time, the Parties have not agreed to or stipulated to any facts.

5.     <u>Statement of whether a jury trial has been timely demanded by any party:</u>

Plaintiffs have requested a jury trial. Polaris will request a jury trial when it files

an answer to the operative complaint.

**B.     <u>Pleadings</u>**

All process has been served.

<u>Plaintiffs' Position</u>: The Plaintiffs have moved for leave to amend to file a Second

Amended Complaint (ECF No. 49), in response to the Court's decision on June 27, 2017

granting in part and denying in part the Defendant's motion to dismiss. (ECF No. 42).

The proposed amendments add allegations that: 1)  clarify that Count I of the suit is

brought under Minn. Stat. § 325F.69 and not §325F.67; and b), support counts that the

Court had dismissed without prejudice, specifically, Counts II (California UCL), III

(California CLRA) and V (Illinois CFA). ECF No. 42 at 7-8. The new allegations demonstrate pre-sale contacts between the Defendant and Plaintiffs where Defendant could have, but failed to, convey material information about the exhaust heat defect to consumers. Plaintiffs may seek leave to amend the pleading to add punitive damages under Minnesota law as set by the Court.

Defendant's Position: Polaris does not concede that the Second Amended Complaint cures the deficiencies noted in the Court's order (ECF No. 42) granting, in part, Polaris's motion to dismiss, and it therefore does not consent to the plaintiffs' request for leave to amend. Polaris will respond to the plaintiffs' motion for leave to amend within the time provided under the rules.

With respect to any attempted amendment with respect to punitive damages, Polaris denies that there is any factual or legal basis for punitive damages and will oppose any such motion.

## C.    Fact Discovery

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1.    The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before August 25, 2017.

2.    The parties do not anticipate any physical or mental examinations under Fed. R. Civ. P. 35.

3.    The parties must commence fact discovery procedures in time to be completed by August 24, 2018.

4. The parties have discussed the scope of discovery including relevance and proportionality, and propose that the Court limit each side's use and numbers of discovery procedures as follows:

    a. Interrogatories

        a) Given the complexity of the case, with different issues regarding engineering, marketing, and damages, and a desire to use interrogatories where possible to avoid depositions, Plaintiffs propose 50;

        b) Polaris proposes that the parties abide by the 25-interrogatories limit set forth in Rule 33.

    b. Document requests

        a) Again, due to the complexity of the case, Plaintiffs propose no limit

        b) Polaris proposes a limit of 50

    c. Depositions:

        a) The parties agree to 20 factual depositions for each party, including 30(b)(6) depositions (without waiver of the parties' ability to seek leave for additional depositions as appropriate in light of fact and witness disclosures)

    d. Requests for Admissions

        a) Plaintiffs propose no limit

        b) Polaris proposes a limit of 25 requests for admission

## D. <u>Expert Discovery</u>

1. The Parties anticipate that they may require expert witnesses in regard to class certification and at the time of trial.

      a. Plaintiffs presently anticipate calling experts to opine about: (a) the exhaust heat defect and its scope among Sportsman ATVs; (b) the impact of the defect on the value of the Sportsman ATVs; and (c) class-wide damages. Additional experts in rebuttal of Defendant's expert may be identified.

      b. It is too early for Polaris to determine the number of experts it anticipates calling, and in what fields. However, based on the allegations in the First Amended Class Action Complaint, Polaris reasonably anticipates calling three to five experts.

2. The parties propose that the Court establish the following plan for expert discovery:

      a. Plaintiffs shall identify their expert witness(es) and provide their initial expert reports by September 28, 2018.

      b. Polaris shall identify its expert witness(es) and provide initial reports by November 28, 2018.

      c. Plaintiffs may provide rebuttal reports by December 19, 2018.

      d. Depositions of testifying experts shall be completed within forty days of service of the respective expert reports, including any rebuttal reports.

3.      All expert discovery, including expert depositions, must be completed by January 28, 2019.

**E.      Other Discovery Issues.**

1.      The parties have discussed whether they believe that a protective order is necessary. They have also discussed disclosure, discovery, and preservation of electronically stored information. They intend to submit a proposed order regarding the use of confidential materials by August 14, 2017.

2.      The parties are having discussions on the disclosure, discovery, and preservation of electronically stored information ("ESI"), including the form in which it should be produced. The parties intend to submit a proposed order regarding the use of the format of production of ESI by August 14, 2017.

3.      The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502. The parties request the Court to include the following agreement in the scheduling order: None.

4.      The parties:

☑  Agree that a party should be required to request an informal conference with the Court before filing any discovery motion;

❑  Agree that a party should not be required to request an informal conference with the Court before filing a discovery motion; or

    ❑  Do not agree whether a party should be required to request an informal conference with the Court before filing a discovery motion.

**F.**    **Proposed Motion Schedule**

    1.    Motions seeking to join other parties must be filed and served by:

        a.    Plaintiffs propose March 19, 2018;

        b.    Polaris proposes January 19, 2018.

    2.    Motion seeking to amend the pleadings must be filed and served by:

        a.    Plaintiffs propose March 19, 2018;

        b.    Polaris proposes January 19, 2018.

    3.    Motions related to fact discovery must be filed and served by July 20, 2018, except as to discovery disputes that have not then materialized.

    4.    All other non-dispositive motions must be filed and served by February 8, 2019.

    5.    Motions to grant or deny certification shall be filed and served by March 1, 2019. The Parties' respective oppositions will be due within 45 days after opening briefs are filed. The Parties' respective replies will be due within 21 days after the oppositions are filed.

    6.    Dispositive motions shall be filed and served by March 1, 2019. As to any dispositive motions that are filed, the Parties agree that their respective opposition(s) will be due within 45 days after opening briefs are filed. The Parties' respective replies will be due within 21 days after the oppositions are filed.

**G.** **Trial-Ready Date**

1.    The Parties believe that the case will be ready for trial September 9, 2019,

allowing time for any potential class notice and opt outs.

2.    The Parties propose that a final pretrial conference should be held on or

before 60 days prior to trial.

**H.** **Insurance Carriers/Indemnitors**

Polaris will produce a redacted declarations sheet regarding applicable coverage.

**I.** **Settlement**

1.    The parties met and discussed potential settlement consistent with ¶4(f) of the

Court's Pretrial Conference order. Further information about those discussions are

contained in each Party's confidential letter provided to this Court.

2.    The Parties do not believe that a settlement conference is appropriate at this

time.

3.    The Parties have discussed whether alternative dispute resolution will be

helpful to the resolution of this case and agree that it will not be helpful at this time.

**J.** **Trial by Magistrate Judge**

The Parties have not agreed to consent to jurisdiction by the Magistrate Judge

pursuant to Title 28, United States Code, Section 636(c).


[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

Dated:  July 21, 2017

 /s/ Nathan J. Marcusen
Paul G. Cereghini (pro hac vice)
**BOWMAN AND BROOKE LLP**
2901 North Central Avenue, Suite 1600
Phoenix, AZ 85012
Telephone: (602) 643-2300
Fax: (602) 248-0947
paul.cereghini@bowmanandbrooke.com

Nathan J. Marcusen (#0386875)
Isaac W. Messmore (#0393276)
**BOWMAN AND BROOKE LLP**
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
Telephone: (612) 339-8682
Fax: (612) 672-3200
nathan.marcusen@bowmanandbrooke.com
ike.messmore@bowmanandbrooke.com

Robert L. Wise (pro hac vice)
BOWMAN AND BROOKE LLP
901 East Byrd Street, Suite 1650
Richmond, VA 23219
Telephone: (804) 649-8200
Fax: (804) 649-1762
rob.wise@bowmanandbrooke.com

*Counsel for Defendant Polaris Industries, Inc.*

Respectfully submitted,

 /s/ Karen Hanson Riebel
Andrew N. Friedman
Douglas J. McNamara
Eric A. Kafka
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Telephone:  (202) 408-4600
Facsimile:   (202) 408-4699
afriedman@cohenmilstein.com
dmcnamara@cohenmilstein.com
ekafka@cohenmilstein.com

Theodore J. Leopold (admitted pro hac vice)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
tleopold@cohenmilstein.com

Steve Calamusa (admitted pro hac vice)
Robert Gordon (admitted pro hac vice)
**GORDON & DONER**
4114 Northlake Blvd.,
Palm Beach Gardens, FL 33410
Telephone: (561) 799-5070
Facsimile: (561) 799-4050
rgordon@fortheinjured.com
scalamusa@fortheinjured.com

Karen Hanson Riebel (MN Bar No. 219770)
Kate M. Baxter-Kauf (MN Bar No. 392037)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
Telephone: 612-596-4097
Facsimile: 612-339-0981
khriebel@locklaw.com
kmbaxter-kauf@locklaw.com

*Counsel for Plaintiffs*