# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **IN RE PORK ANTITRUST LITIGATION** | Case No. 18-cv-1776 (JRT/HB) |
| This document relates to:  ALL ACTIONS | **ORDER** |
| Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC, Plaintiffs, v. Agri Stats, Inc., et al., Defendants. | Case No. 19-cv-1578 (JRT/HB) |
| Commonwealth of Puerto Rico, Plaintiff, v. Agri Stats, Inc., et al., Defendants. | Case No. 19-cv-2723 (JRT/HB) |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on a letter filed by Defendants [ECF No. 614, Case No. 18-cv-1776; ECF No. 182, Case No. 19-cv-2723; ECF No. 196, Case No. 19-cv-1578] by way of supplemental argument in support of their proposed scheduling order, and Plaintiffs' response thereto [ECF No. 618, Case No. 18-cv-1776]. Plaintiffs point out that the Court did not request that Defendants file such a letter, nor did Defendants confer with Plaintiffs before seeking permission to do so.

The Court notes first that it did not request at the Rule 16 conference, nor subsequently grant permission for, supplemental argument by either side on this subject.

To the best of the Court's knowledge, chambers staff only gave permission for Defendants to file what was described on the telephone as a letter that would simply provide case citations for cases already discussed at the scheduling conference in which case schedules similar to Defendants' proposal had been adopted. Defendants did not advise chambers that the Court had not invited such a letter during the hearing, nor did they advise chambers that they had not first conferred with Plaintiffs about their intention to seek permission to file it. The Court is unaware of any request by Plaintiffs for permission to file their responsive letter.

In this instance, the Court will consider the letters filed by both sides, but advises all counsel that in the future, before seeking permission to file or send a letter or other supplemental argument that has not been specifically authorized or requested by the Court, they must first advise opposing counsel of their intention to do so, and they must be forthright with chambers about the scope of the proposed communication, whether the Court specifically asked for it or whether counsel is initiating the request, and opposing counsel's position with regard to the request. Permission given to one side to file a letter or supplemental submission does not automatically grant permission to the other side to respond. Moreover, the Court expects that, in general, the need for counsel to contact chambers to seek permission to file unsolicited letters or supplemental argument will be exceedingly rare. Counsel are expected to anticipate and include necessary support for their position in their papers filed in advance of any hearing or case management conference, and if the Court perceives the need for additional information, it will ordinarily make that request clearly during the hearing and will document it (including

the specific scope of the requested filing and the deadline by which it must be filed) in the hearing minutes.

**IT IS SO ORDERED.**

Dated:  December 29, 2020  *s/ Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge