UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION* <br><br> This Document Relates To:  All Actions | Case No. 18-cv-1776 (JRT/HB) |
| Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC, <br><br>       Plaintiffs, <br><br>  v. <br><br> Agri Stats, Inc., et al., <br><br>       Defendants. | Case No. 19-cv-1578 (JRT/HB) |
| Commonwealth of Puerto Rico, <br><br>       Plaintiff, <br><br>  v. <br><br> Agri Stats, Inc., et al., <br><br>       Defendants. | Case No. 19-cv-2723 (JRT/HB) |

**[PROPOSED] ORDER REGARDING CONSOLIDATION**

The Parties to this action enter into this Stipulation and the Court adopts as follows:

WHEREAS, on August 17, 2018, three putative classes of plaintiffs filed consolidated amended complaints (the "Class Actions") alleging that Defendants conspired to limit the supply of pork in order to fix prices in violation of state and federal antitrust laws.

WHEREAS, on September 21, 2018, the Court entered an Initial Case Management Order [No. 18-cv-1776 (JRT/HB) ECF No. 85] ("CMO"), which states: "The terms of this Order shall apply automatically to actions later instituted in, removed to, or transferred to this Court . . . that involve allegations of antitrust violations concerning pork producers by the Defendant entities in the above-referenced actions." CMO ¶ 9.

WHEREAS, the CMO further provides that "[w]hen an action that relates to the same subject matter as these consolidated actions is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be consolidated for pretrial purposes with the appropriate group of actions, e.g., Direct Purchaser Plaintiff, Commercial and Institutional Indirect Purchaser Plaintiff, or Consumer Indirect Purchaser Plaintiff Action (provided that any case transferred to this Court solely for pretrial proceedings shall be consolidated only to the extent there is no further order of this Court)." CMO ¶ 10.

WHEREAS, on June 14, 2019, Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC (the "Winn-Dixie Plaintiffs") filed a complaint in this Court, under Case No. 19-cv-1578, (the "Winn-Dixie Action"), containing substantially the same allegations as the complaints in the Class Actions.

WHEREAS, on July 9, 2019, Plaintiff Commonwealth of Puerto Rico ("Puerto Rico") filed a complaint in the United States District Court for the District of Puerto Rico, containing substantially the same allegations as the complaints in the Class Actions.

WHEREAS, on October 17, 2019, Plaintiff Puerto Rico's case against Defendants was transferred to this District and assigned Case No. 19-cv-2723 (the "Puerto Rico Action").

WHEREAS, Commercial and Institutional Indirect Purchaser Plaintiffs' Third Amended Consolidated Class Action Complaint was filed on January 15, 2020, ECF No. 432 [No. 18-cv-1776 (JRT/HB]; Direct Purchaser Plaintiffs' Third Amended and Consolidated Class Action Complaint was filed on January 15, 2020, ECF No. 431 [No. 18-cv-1776 (JRT/HB]; and Consumer Indirect Purchaser Plaintiffs' Second Amended Complaint was filed on November 6, 2019, ECF No. 392 [No. 18-cv-1776 (JRT/HB]; Plaintiffs in the Winn-Dixie Action filed their Second Amended Complaint on January 15, 2020[No. 19-cv-1578, ECF No. 94]; and Plaintiffs in the Puerto Rico Action filed its Third Amended Complaint on January 22, 2020 [No. 19-cv-02723 (JRT/HB), ECF No. 103]. The allegations in all five operative amended complaints contain substantially similar "allegations of antitrust violations concerning pork producers by the Defendant entities." *See* CMO ¶ 9.

NOW, THEREFORE, the parties stipulate to an Order consistent with the following:

1. The Winn-Dixie Action shall be consolidated for pretrial and administrative purposes under Case No. 18-cv-1776 (JRT/HB).

2. The Puerto Rico Action shall be consolidated for pretrial and administrative purposes under Case No. 18-cv-1776 (JRT/HB).

3. The parties shall coordinate discovery in a manner that reduces needless duplication and inefficiency. Notwithstanding the foregoing, and in addition to whatever coordinated discovery the Parties will engage in across all consolidated cases, the Parties agree and understand that each of the consolidated cases may require discovery that is unique to the circumstances and causes of action at issue therein.

4. The parties stipulate and agree that entering into this Stipulation shall not be considered a dismissal or disposition of these actions and shall not constitute a waiver of any (a) jurisdictional defenses that may be available; (b) affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure; (c) defenses listed in Rule 12(b) of the Federal Rules of Civil Procedure; or (d) other statutory or common law defenses that may be available to Defendants.  The parties also stipulate and agree that entering into this Stipulation does not merge the various pending suits into a single cause or make those who are parties in one suit parties in another, but is done for convenience and economy in administration. Defendants expressly reserve their rights to raise any such defenses and any other defense.

**IT IS SO ORDERED.**

Dated:

HILDY BOWBEER
United States Magistrate Judge