## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION*<br><br>This Document Relates To:  All Actions | Case No. 18-cv-1776 (JRT/HB) |
| Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>Agri Stats, Inc., et al.,<br><br>    Defendants. | Case No. 19-cv-1578 (JRT/HB) |
| Commonwealth of Puerto Rico,<br><br>    Plaintiff,<br><br>  v.<br><br>Agri Stats, Inc., et al.,<br><br>    Defendants. | Case No. 19-cv-2723 (JRT/HB) |

## JOINT SUBMISSION REGARDING PLAINTIFFS' DEADLINE
## TO AMEND THE PLEADINGS

In accordance with the Court's instructions during the December 18, 2020 Rule 16

Scheduling Conference and related civil minutes (ECF No. 606), the parties have conferred

regarding the deadline for Plaintiffs' to file motions to amend their pleadings.  The parties

947821.1

have been unable to reach an agreement regarding this issue and submit this joint statement setting forth their positions.

**Plaintiffs' Position:** As set forth in the Rule 26(f) Report (ECF No. 569), Plaintiffs do not have immediate plans to amend their pleadings or add additional parties. However, amended pleadings are sometimes necessary, during the course of an action, based on appropriate facts and circumstances including, the discovery of additional facts or the need to substitute parties. This is especially true in a consolidated action which included multiple groups of plaintiffs and defendants. Such amendments are consistent with the policy of liberal amendment under Federal Rules of Civil Procedure 15(a). *See Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) ("[A] district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated.").

Plaintiffs thus propose that their deadline to file a motion to amend the pleadings should be set concurrently with the date set for filing of the class plaintiffs' motion for class certification, currently proposed by Plaintiffs as February 7, 2022. *See* ECF No. 569, p. 12. The reason for this proposed deadline is that it will provide Plaintiffs with an opportunity to conduct discovery and identify any issues which would merit amendment prior to the filing of a motion for class certification.

Defendants' proposed deadline to amend the pleadings of March 1, 2021 would require that motions be filed well in advance of the deadline for substantial completion of documents productions. While Defendants have attempted to justify their position based

on the burden of conducting additional discovery, this argument improperly assumes that an amended complaint will dramatically shift the scope of the case and discovery. Under Plaintiffs' proposal Defendants can still make any arguments they deem appropriate in response to any motion to amend that is permitted under Plaintiffs proposal. Plaintiffs are merely requesting to be provided an opportunity to file such a motion if necessary and based on the appropriate facts and circumstances that would necessitate the amendment.

**Defendants' Position:**

Any motions to amend the complaints should be filed no later than March 1, 2021. The first complaints in these cases were filed on June 28, 2018, more than two and a half years ago. Each group of Plaintiffs has already amended at least once since then, including in November 2019, after being given leave to amend following the initial dismissal of the claims. Plaintiffs must now promptly decide on and commit to their theory of the case so that all Defendants can advance discovery with confidence that they are seeking all the information they need about the claims actually at issue. As Defendants noted during the last Status Conference, amended complaints carry the potential to disrupt the efficient management of these cases, and that risk would greatly increase if Plaintiffs were permitted to amend their complaints during the class-certification and expert phases.

Plaintiffs seek a deadline over a year from now and five months after substantial completion of document production. Plaintiffs' stated "reason for [their] proposed deadline is that it will provide Plaintiffs with an opportunity to conduct discovery and identify any issues which would merit amendment prior to the filing of a motion for class certification." The purpose of discovery, however, is not to identify new claims, but to

obtain evidence of the claims pled. Plaintiffs will therefore not be prejudiced by the deadline that Defendants propose. In the event Plaintiffs do uncover information that they believe warrants a late amendment, they may always move under Rule 16 for leave to file after the deadline, but "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

For those reasons, scheduling orders typically provide deadlines to move to amend toward the beginning of discovery, not after document production. *See, e.g.*, Ex. A, Scheduling Order, *Regional Multiple Listing Serv. of Minn. v. Am. Home Realty Network, Inc.*, No. 12-965-JRT/FLN, ECF No. 70 (scheduling order issued December 11, 2012 in antitrust case before J. Tunheim setting deadlines for motions to amend pleadings of April 1, 2013 (100 days after initial disclosure deadline) and completion of all fact discovery by September 1, 2013); Ex. B, Pretrial Scheduling Order, *Abdul-Ahad, et al v. Associated Courier, Inc.*, No. 20-cv-0607 (PJS/HB), ECF No. 45 (scheduling order issued June 9, 2020 in an FLSA collective action setting deadlines for motions to amend pleadings of July 1, 2020 (eleven days after initial disclosure deadline) and completion of all fact discovery by March 1, 2021). Defendants' proposed deadline will cement for the parties the claims on which fact and expert discovery is to occur and thus reduce uncertainty and the resulting potential for delay and prejudice.

Defendants therefore respectfully request that the Court enter a deadline of March 1, 2021 for Plaintiffs to file a motion for leave to file an amended complaint.

Dated:  January 15, 2021

/s/ Bobby Pouya
Bobby Pouya
Clifford H. Pearson
Daniel L. Warshaw
Thomas J. Nolan
Michael H. Pearson
PEARSON SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 92403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
cpearson@pswlaw.com
dwarshaw@pswlaw.com
bpouya@pswlaw.com
tnolan@pswlaw.com
mpearson@pswlaw.com

Melissa S. Weiner (MN #0387900)
Joseph C. Bourne (MN #0389922)
PEARSON, SIMON & WARSHAW, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610
mweiner@pswlaw.com
jbourne@pswlaw.com

Bruce L. Simon
PEARSON, SIMON & WARSHAW, LLP
350 Sansome Street, Suite 680
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com

/s/ Arielle S. Wagner
Arielle S. Wagner (MN #0398332)
W. Joseph Bruckner (MN #0147758)
Brian D. Clark (MN #0390069)
Craig S. Davis (MN #0148192)
Simeon A. Morbey (MN #0391338)
Stephen M. Owen (MN # 0399370)
Stephanie A. Chen (MN #0400032)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
aswagner@locklaw.com
wjbruckner@locklaw.com
csdavis@locklaw.com
bdclark@locklaw.com
samorbey@locklaw.com
smowen@locklaw.com
sachen@locklaw.com

*Co-Lead Class Counsel for Direct Purchaser Plaintiffs*

/s/ Shana E. Scarlett
Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Steve. W. Berman
Breanna Van Engelen
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

/s/ Daniel E. Gustafson
Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
Michelle J. Looby (#388166)
Britany N. Resch (#0397656)
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
bresch@gustafsongluek.com

***Co-Lead Counsel for Consumer Indirect
Purchaser Plaintiffs***

/s/ Shawn M. Raiter
Shawn M. Raiter (MN# 240424)
LARSON • KING, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6518
sraiter@larsonking.com

Jonathan W. Cuneo
Joel Davidow
Blaine Finley
Yifei "Evelyn" Li
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
bfinley@cuneolaw.com
evelyn@cunelolaw.com

***Co-Lead Counsel for Commercial and
Institutional Indirect Purchaser Plaintiffs***

*/s/* Kyle G. Bates
Kyle G. Bates (USDCPR-306412)
Todd M. Schneider
Matthew S. Weiler
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell St., Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
kbates@schneiderwallace.com
tschneider@schneiderwallace.com
mweiler@schneiderwallace.com

Peter B. Schneider
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
3700 Buffalo Speedway, Suite 300
Houston, Texas 77098
Telephone: (713) 338-2560
Facsimile: (415) 421-7105
pschneider@schneiderwallace.com

Ines Carrau Martinez
Attorney General

Johan M. Rosa Rodríguez
PR Bar No. 16819
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 2600, 2601
Fax: (787) 721-3223
jorosa@justicia.pr.gov

***Counsel for the Commonwealth of
Puerto Rico***

*/s/* Patrick J. Ahern
Patrick J. Ahern
AHERN AND ASSOCIATES, P.C.
Willoughby Tower
8 South Michigan Ave., Suite 3600
Chicago, IL 60603
Telephone: (312) 404-3760
patrick.ahern@ahernandassociatespc.com

***Counsel for Direct Action Plaintiffs
Winn-Dixie Stores, Inc. and Bi-Lo
Holdings, LLC***

/s/ Mark L. Johnson
Mark L. Johnson (#0345520)
Virginia R. McCalmont (#0399496)
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
(612) 373-0830
mjohnson@greeneespel.com
vmccalmont@greeneespel.com

Daniel Laytin, P.C. (*pro hac vice*)
Christa Cottrell, P.C. (*pro hac vice*)
Christina Briesacher (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 861-2000
daniel.laytin@kirkland.com
christa.cottrell@kirkland.com
christina.briesacher@kirkland.com

***Counsel for Clemens Food Group, LLC
and The Clemens Family Corporation***

/s/ Richard A. Duncan
Richard A. Duncan (#0192983)
Aaron D. Van Oort (#0315539)
Craig S. Coleman (#0325491)
Emily E. Chow (#0388239)
Isaac B. Hall (#0395398)
Bryan K. Washburn (#0397733)
FAEGRE DRINKER BIDDLE &
REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000
richard.duncan@faegredrinker.com
aaron.vanoort@faegredrinker.com
craig.coleman@faegredrinker.com
emily.chow@faegredrinker.com
isaac.hall@faegredrinker.com
bryan.washburn@faegredrinker.com

***Counsel for Hormel Foods Corporation
and Hormel Foods, LLC***

/s/ Donald G. Heeman
Donald G. Heeman (#0286023)
Jessica J. Nelson (#0347358)
Randi J. Winter (#0391354)
SPENCER FANE LLP
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 268-7000
dheeman@spencerfane.com
jnelson@spencerfane.com
rwinter@spencerfane.com

Stephen R. Neuwirth (*pro hac vice*)
Michael B. Carlinsky (*pro hac vice*)
Sami H. Rashid (*pro hac vice*)
Richard T. Vagas (*pro hac vice*)
David B. Adler (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
stephenneuwirth@quinnemanuel.com
michaelcarlinsky@quinnemanuel.com
samirashid@quinnemanuel.com
richardvagas@quinnemanuel.com
davidadler@quinnemanuel.com

***Counsel for JBS USA Food Company***

/s/ William L. Greene
William L. Greene (#0198730)
Peter J. Schwingler (#0388909)
Jon M. Woodruff (#0399453)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
john.woodruff@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

***Counsel for Seaboard Foods LLC and
Seaboard Corporation***

/s/ John A. Cotter

John A. Cotter (#0134296)
John A. Kvinge (#0392303)
LARKIN HOFFMAN DALY &
LINDGREN LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55427-1060
(952) 835-3800
jcotter@larkinhoffman.com
jkvinge@larkinhoffman.com

Richard Parker (*pro hac vice*)
Josh Lipton (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
rparker@gibsondunn.com
jlipton@gibsondunn.com

Brian Robison (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-6912
(214) 698-3370
brobison@gibsondunn.com

**Counsel for Smithfield Foods, Inc.**

/s/ Gene Summerlin

Gene Summerlin (*pro hac vice*)
Aaron Chapin (#06292540)
Marnie Jensen (*pro hac vice*)
Ryann Glenn (*pro hac vice*)
Kamron Hasan (*pro hac vice*)
Sierra Faler (*pro hac vice*)
HUSCH BLACKWELL LLP
13330 California St., Suite 200
Omaha, NE 68154
(402) 964-5000
gene.summerlin@huschblackwell.com
marnie.jensen@huschblackwell.com
ryann.glenn@huschblackwell.com
kamron.hasan@huschblackwell.com
sierra.faler@huschblackwell.com

**Counsel for Triumph Foods, LLC**

/s/ David P. Graham
David P. Graham (#0185462)
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 486-1521
dgraham@dykema.com

Rachel J. Adcox (*pro hac vice*)
Tiffany Rider Rohrbaugh (*pro hac vice*)
AXINN, VELTROP &
HARKRIDER LLP
950 F Street, N.W.
Washington, D.C. 20004
(202) 912-4700
radcox@axinn.com
trider@axinn.com

***Counsel for Tyson Foods, Inc., Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc.***

/s/ Peter H. Walsh
Peter H. Walsh (#0388672)
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
T. (612) 402-3000
F. (612) 402-3001
peter.walsh@hoganlovells.com

William L. Monts (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

***Counsel for Agri Stats, Inc.***

947821.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Regional Multiple Listing Service of              Civil No.  12-965  JRT/FLN
Minnesota,

        Plaintiff,

        v.                                        SCHEDULING ORDER

American Home Realty Network, Inc.,

        Defendant.

_____

        Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules

of this Court, and in order to secure the just, speedy, and inexpensive determination of this

action, the following schedule shall govern this proceeding.  The schedule may be modified only

upon formal motion and a showing of good cause as required by Local Rule 16.3.

     1.    <u>Discovery/Non-Dispositive Motions</u>:

        a.    All motions which seek to amend the pleadings or
              add parties must be filed and served by April 1, 2013.

        b.    All discovery shall be commenced in time to be
              completed by September 1, 2013.

        c.    All pre-discovery disclosures required by Rule 26(a)
              (1) shall be completed on or before December 21, 2012.

        d.    No more than 25 interrogatories, including all
              discrete subparts, shall be served by any party.

        e.    No more than 10 depositions shall be taken by any
              party.

        f.    All nondispositive motions and supporting
              documents, including those which relate to
              discovery, shall be filed and served by September 1,
              2013, with respect to non-experts and December 18,
              2013, with respect to expert related motions.

Nondispositive motions may be scheduled for hearing by calling Cathy Orlando, Calendar Clerk to Magistrate Judge Franklin L. Noel, 612-664-5110. All nondispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1 and 37.1.

2. <u>Expert Disclosure and Discovery</u>:

    a.    Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) shall be made as follows:

        1)    By Plaintiff(s) on or before September 16, 2013.

        2)    By Defendant(s) on or before October 31, 2013.

    b.    Full disclosure of the substance of the testimony to be offered by each expert witness shall be made as follows:

        1)    By Plaintiff(s) on or before September 16, 2013.

        2)    By Defendant(s) on or before October 31, 2013.

    c.    Each party may depose no more than 2-5 expert witnesses on or before December 18, 2013.

    d.    Any expert testimony which has not been fully disclosed in accordance with this schedule shall be excluded from evidence at trial.

3. <u>Dispositive Motions</u>:

    a.    All dispositive motions shall be served and filed on or before February 1, 2014.

    b.    Responses to dispositive motions shall be filed with the Court and served on or before 21 days after the service of the supporting memorandum to the original motion. Replies to responsive briefs shall be filed and served 14 days after the service of the response to the dispositive motion. Upon the motion being fully briefed and filed, counsel for the moving party shall email Judge Tunheim's chambers at Tunheim_Chambers@mnd.uscourts.gov to request a hearing date. Upon receiving from

Judge Tunheim's calendar clerk a hearing date,
time and location, the moving party shall file
the amended notice of hearing at that time.

c.  All dispositive motions shall be scheduled, filed and
served in compliance with the Electronic Case
Filing Procedures for the District of Minnesota and
in compliance with Local Rule 7.1.

4.  <u>Trial</u>

a.  This case shall be ready for trial no later than June 1, 2014, at which time
it will be placed on the court's jury trial calendar.

b.  Trial is estimated to last 7-10 trial days.

DATED: December 10, 2012.                    <u>*s/ Franklin L. Noel*</u>
                                             FRANKLIN L. NOEL
                                             United States Magistrate Judge

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Muhammad Abdul-Ahad, Jamaal Ike and
Ishmael Lamin, individually and on behalf of
all others similarly situated,

                Plaintiffs,

v.

Associated Courier, Inc. d/b/a Street Fleet,

                Defendant.

Civil No. 20-cv-0607 (PJS/HB)

**PRETRIAL**
**SCHEDULING ORDER**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings.

This schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.[1]  Counsel must promptly notify the Court of developments in the case that could significantly affect the case management schedule.

The Court expects the parties and their counsel to work cooperatively throughout this litigation to narrow the issues in dispute, and to use reasonable, good faith and proportional efforts to preserve, request, identify and produce relevant information and resolve discovery disputes.

---

[1]     Parties who agree to seek a modification of this Scheduling Order may submit a joint motion with a proposed order to the Court without requesting a hearing; however, the joint motion must set forth good cause for modification of the order as required by Local Rule 16.3.  The parties are reminded that even if they are in agreement, the decision about whether such a motion will be granted is ultimately that of the Court.

The parties are also reminded that Magistrate Judge Bowbeer's Practice Pointers, which are periodically revised, are available on the United States District Court for the District of Minnesota's website (*mnd.uscourts.gov*).  All parties are expected to be familiar with and adhere to these Practice Pointers, including any variances from the Local Rules.

## PLEADINGS

1. All motions that seek to amend or supplement the pleadings (other than to add a claim for punitive damages) or to add parties, together with supporting documents, must be filed and served on or before **July 1, 2020**.

2. All motions that seek to amend the pleadings to add a claim for punitive damages or bad faith damages, if applicable, together with supporting documents, must be filed and served on or before **November 16, 2020**.

3. Any motion that seeks to amend or supplement the pleadings must include a redlined version reflecting the changes contained in the proposed pleading.  (See Fed. R. Civ. P 15(a) and Local Rule 15.1.)

4. The moving party may file a reply memorandum as a matter of right in connection with a motion for leave to amend a pleading if the other side argues that the amendment would be futile.  In such case, the initial motion and supporting papers must be filed no less than 21 days before the hearing date, and the reply must be filed no more than 7 days after the other side files its response arguing futility.  To anticipate this expanded briefing schedule, the parties must discuss during the required pre-motion meet-and-confer whether the other side intends to argue futility.  The total word count for the opening and reply memoranda may not exceed 12,000 words unless otherwise authorized.  If the other side does not argue futility, no reply will be permitted without leave of Court.  See ¶ 3 under Non-Dispositive Motions below.

## CONDITIONAL CERTIFICATION MOTION

1. Plaintiffs must file their motion for conditional certification, together with all supporting documents, on or before **August 20, 2020**.

2.     Defendant must file its responsive memorandum, together with all supporting documents, no later than **21 days after Plaintiffs' motion is filed**.

3.     No reply brief will be permitted without prior permission of the Court.

The motion for conditional certification must be filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and Local Rule 7.1. It must be scheduled for a hearing prior to filing by calling **Judith Kirby**, Courtroom Deputy for the Honorable Hildy Bowbeer, at **(651) 848-1900**. The hearing must be set for a date that is not less than 28 days after Plaintiffs' motion is filed. Counsel are reminded that they must anticipate the time required for obtaining hearing dates.

## CLASS CERTIFICATION MOTION

1.     Plaintiffs must file their motion for class certification, together with all supporting documents, on or before **November 2, 2020**.

2.     Responsive and reply memoranda and supporting documents must be filed according to the deadlines set forth in Local Rule 7.1(c).

All class certification motions must be filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and Local Rule 7.1. Class certification motions must be scheduled for a hearing by calling **Caryn Glover**, Courtroom Deputy for the Honorable Patrick J. Schiltz at **(612) 664-5483**. Counsel are reminded that they must anticipate the time required for obtaining hearing dates.

## DISCOVERY DEADLINES AND LIMITS

The parties have proposed, and the Court has agreed, to a two-phase discovery plan in this case. The first phase of discovery will be limited to issues bearing on

whether it is appropriate to conditionally certify this case as a collective action pursuant to 29 U.S.C. § 216(b). All other discovery will be deferred until after the Court rules on that motion, unless the parties agree otherwise or the Court orders otherwise. In view of that agreement, the following deadlines and limitations will govern fact discovery in this case:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before **June 19, 2020**. Documents identified by category or location must be produced on or before **June 29, 2020**.

2. All fact discovery, including both pre- and post-conditional certification fact discovery, must be commenced <u>in time to be completed</u> on or before **March 1, 2021**.

3. <u>Fact discovery conducted prior to the Court's ruling on conditional certification</u> will be limited as follows:

   a. No more than a total of **25 interrogatories**, counted in accordance with Rule 33(a), shall be served by Plaintiffs on Defendant or by Defendant on any Plaintiff. No more than **30 document requests** and no more than **10 requests for admissions** shall be served by Plaintiffs on Defendant or by Defendant on any Plaintiff. A reasonable number of requests for admissions that are directed solely to the authenticity or genuineness of documents will not count toward this limit. Defendant's written discovery during this first phase shall be limited to the up to 18 Plaintiffs who have joined this action as of May 14, 2020.

   b. No more than **5 fact depositions,** including non-party and Rule 30(b)(6) depositions, may be taken by each side.

4. If the Court denies Plaintiffs' motion for conditional certification, the parties shall file within **14 days** of the Court's ruling an updated Rule 26(f) report with the parties' proposals for any necessary revisions to this Scheduling Order. If the Court grants the motion for conditional certification, the parties shall file within **14 days** of the close of any opt-in period an updated Rule 26(f) report that includes the parties' proposals for any necessary revisions to this Scheduling Order, including but not limited to limitations and provisions for any remaining discovery, whether

discovery will be conducted on a representative basis, and the deadline by which Defendant would file any motion for decertification.

5. Pursuant to the agreement of the parties, the ESI Protocol attached as Exhibit A and incorporated herein will govern the discovery and production of electronically stored information ("ESI"). The parties are expected to be proactive and diligent in identifying and discussing any other issues that may arise relating to the scope, search, collection, review, and production of ESI. Any disputes that cannot be resolved through a good faith meet and confer process must be brought promptly to the Court for resolution so that such disputes do not impede the progress of discovery.

6. The parties are reminded that Fed. R. Civ. P. 26(b)(1) provides that discovery must be both relevant to any party's claim or defense and proportional to the needs of the case, considering, *inter alia*, the importance of the issues at stake in the action and the importance of the discovery in resolving those issues, as well as whether the burden or expense of the proposed discovery outweighs its likely benefit. Accordingly, requests must be tailored and specific to the issues, and general requests for "all relevant documents" do not meet these criteria.

At the same time, Fed. R. Civ. P. 34(b)(2) requires that a responding party must "state with specificity the grounds for objecting to the request, including the reasons" and that the objection "must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Boilerplate or general objections that do not clearly communicate whether and to what extent the scope of the response is more limited than the scope of the request do not meet these criteria.

7. Claims of Privilege or Protection as Attorney Work Product.

a. The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

b. Unless otherwise ordered, the parties are not obligated to include on their privilege logs documents, communications, or other materials

that came into existence on or after the date that Plaintiff's first complaint was filed in this action.

    c.    Privilege logs must be provided by the producing party within **10 days** of the production from which documents were withheld.

## NON-DISPOSITIVE MOTIONS

Except where the parties and the Court have agreed to handle a dispute through Informal Dispute Resolution (see below), all non-dispositive motions must be scheduled, filed, and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and with Local Rules 7.1 and 37.1.[2] *The required "meet and confer" must be meaningful and must include attempts to do so through personal contact, rather than solely through correspondence.* Unless a non-dispositive motion is unopposed, it must be scheduled for hearing prior to filing by calling Judith Kirby, Courtroom Deputy/Judicial Assistant for Magistrate Judge Bowbeer, even when all parties are in agreement that no hearing is required.[3] If the moving party does not intend to file the motion promptly after receiving a hearing date from the Court, it must notify the other side in writing of the hearing date and the nature of the anticipated motion. Counsel are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission to do so.

---

[2]    The parties are reminded that under Local Rule 7.1, the time for filing and serving a response to a non-dispositive motion is counted from the date of filing of the motion, not from the date of service. Therefore, Fed. R. Civ. P. 6(d) has no application to the timing for the filing and service of responses.

[3]    If the parties are in agreement that no hearing is necessary, that agreement must be clearly stated in the notice of motion. If the Court agrees, it will file an order canceling the hearing and stating its intention to take the motion under advisement on the papers.

The parties must promptly bring disputes to the Court through its procedures for resolving non-dispositive motions where the parties have not been able to resolve those disputes through a diligent, good faith meet-and-confer process.  In other words, simply because this Scheduling Order establishes a deadline for filing a particular type of non-dispositive motion does not mean the Court will automatically deem any motion brought by that deadline to have been timely filed.  The Court will consider whether the relief sought by the motion is likely to impact the parties' ability to meet the other deadlines in this Order and whether it appears that with the exercise of diligence, the motion could have been brought sooner.

1.      All non-dispositive motions and supporting documents, other than those seeking to amend or supplement the pleadings or relating to expert discovery, must be filed and served on or before **March 8, 2021**.  The Court reminds the parties that, except in extraordinary circumstances, they must obtain a hearing date for a motion to amend this Scheduling Order before the deadline that they wish to amend expires.  (See LR 16.3(d).)

2.      All non-dispositive motions and supporting documents that relate to expert discovery must be filed and served on or before **July 9, 2021**.

3.      Reply Memoranda:  For any non-dispositive motion other than a motion to amend the pleadings in response to which the other side argues futility, the moving party must obtain leave of Court before filing a reply memorandum.  If the Court grants leave to file a reply, the reply must be e-filed and delivered to chambers no later than four days after the filing of a response to a non-dispositive motion.  For a case involving one or more parties who are not on the court's CM/ECF system (e.g., a case involving *pro se* litigants), the Court will set a date by which any reply is to be served and filed.  Unless otherwise authorized, the reply memorandum may not exceed 1,750 words, including footnotes, and the total word count for the opening and reply memoranda may not exceed 12,000 words.

4.      Discovery Motions:

a.   Local Rule 37.1 governs the form of discovery motions. Counsel must adhere to the Rule; however, they should also take care to prepare their documents to offer a clear presentation of the discovery dispute in an efficient and effective way.  The status of each dispute should be clear to the Court without having to cross-reference multiple exhibits.  Arguments should be precise and should be grounded in the current Federal Rules of Civil Procedure governing discovery, including recent amendments.  To the extent a burden is asserted, support for this position must be included.  One suggested approach is set forth below:

| |
|---|
| Insert the actual discovery request |
| Insert the actual response and objections |
| Insert position after meet and confer to make clear any compromise positions offered by either side |
| Legal argument |
| Specific relief sought |

b.   Upon good cause shown by letter request pursuant to Local Rule 7.1(f)(1)(D), the Court will give a party leave to exceed the word limits for its memorandum if the additional words will help avoid the need for the Court to cross-reference multiple exhibits.  The letter should reference this Scheduling Order.

## INFORMAL DISPUTE RESOLUTION (IDR)

If the meet and confer required by Local Rule 7.1 is not successful in resolving a dispute concerning a non-dispositive issue between the parties, the parties to the dispute should, prior to scheduling any non-dispositive motion, meet and confer regarding whether the issue may be resolved through Informal Dispute Resolution (IDR) with the Court.  If the parties agree, the "moving party" must file on CM/ECF a letter representing that the parties wish to engage in IDR, and setting forth (1) the well-defined issue to be

resolved, (2) the party's position on the issue, and the factual and legal basis for that

position, and (3) a clear bullet-point summary of the relief sought. Within three business

days after the "moving party's" letter is submitted, each responding party must file a

letter confirming its agreement that the dispute may be resolved through IDR and setting

forth its position on the merits of the dispute. For purposes of this process, a letter that is

filed after 4:30 p.m. Central Time will be considered as having been submitted the

following day. Because of the short turn-around time for the IDR process, the parties'

IDR letters must also be emailed to the chambers of Magistrate Judge Bowbeer

(***bowbeer_chambers@mnd.uscourts.gov***) at the same time they are filed.

The subject line of each letter must include the name of the case and the case

number, and must clearly denote that the letter pertains to an IDR request. In addition,

the subject line of the "moving party's" initial letter must state the date (no earlier than

three days following the date the responsive letter is due) by which the parties would like

to be heard. Each letter may not exceed five (5) pages, single-spaced, and may include

no more than three (3) exhibits. The letter may include a concise discussion of legal

authorities, but the court will not review lengthy briefs or voluminous exhibits, as the

purpose of the IDR process is to reduce the time and expense associated with the

resolution of non-dispositive issues that may arise during the pretrial process. The Court

will request additional exhibits or authorities if needed, and may in its discretion

conclude that the issue should instead be submitted by formal motion.

The "moving party" will be responsible for contacting chambers to request a date and time for a telephone conference, and will coordinate that date with the responding party or parties.  At least one (1) attorney for each party knowledgeable about each disputed issue must participate in the conference, but no more than two (2) attorneys for each party to the dispute may participate.

If the Magistrate Judge agrees that the dispute is appropriate for informal resolution, she will read the written submissions, hear counsel's arguments at the conference, and issue her decision at the conclusion of the conference or shortly thereafter.

There will be no transcript or other recording of IDR proceedings, and the decision of the magistrate judge on an issue submitted through the IDR process cannot be appealed to the District Judge.  Therefore, if all parties to the dispute do not agree to participate in IDR, the dispute must be submitted to the Court by formal motion.

## PROTECTIVE ORDER AND HANDLING OF SEALED DOCUMENTS IN CONNECTION WITH MOTIONS

If following a meaningful meet and confer there is a dispute about the terms of a proposed protective order or about whether an existing protective order should be modified, the dispute should be submitted to the Court as soon as possible in accordance with the procedures governing non-dispositive motions.[4]  In the interim, absent

---

[4] Parties who agree by stipulation to a protective order may submit the stipulation with the proposed order to the Court without a motion and do not need to comply with Local Rule 7.1(b).  If they agree to all but a very few terms, they may still submit it by stipulation and proposed order, provided they clearly set forth the terms on which the

extraordinary circumstances, any documents that a producing party believes should be covered by a protective order, or by the proposed modifications, may not be withheld on the basis that no protective order or no modified protective order is yet in place, but must be produced to opposing counsel, although they may be designated for outside attorney review only if there is a good faith basis for doing so.  Opposing counsel must comply with the interim restricted designation for such documents until the Court resolves the dispute concerning the protective order.  After the protective order is entered, the producing party must re-produce and re-designate the documents if necessary to conform to the protective order.

**The parties are reminded that Local Rule 5.6 governs the filing of documents under seal in this case.**

If a party intends to file in connection with a motion a document the party believes in good faith is not confidential but which has been designated by another party as confidential or protected, the party intending to file the document is encouraged to meet and confer with that party concerning the designation of the document and if necessary to follow the procedures set forth in the protective order to challenge the designation of the document, to the extent practicable, before the party's submission is due.

---

parties agree and their respective positions on the terms as to which they disagree.  If they have more significant disputes about the terms of a protective order, they should contact chambers to find out how the Court would prefer to have those disputes presented. However, if the parties disagree about whether a protective order should be entered in the first instance, or about whether an existing protective order should be modified, the onus is on the party seeking entry or modification of a protective order to seek relief from the Court by motion or, if the parties agree, through the IDR process.

If a party files a document under seal, counsel must provide the Court with a courtesy copy of each sealed document either in hard copy or on a CD, thumb drive, or similar electronic storage media. The confidential information (i.e., the information that was redacted from the publicly filed document) must be ***highlighted in yellow*** on the courtesy copy. The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged; however, in the rare event that an entire document is filed under seal, the courtesy copy of that document must so note. The courtesy copies must be delivered to the Court no later than the next business day after the documents are e-filed.

A joint motion for sealing filed pursuant to Local Rule 5.6 must not only set forth the justification(s) for continued sealing but must, to the extent practicable, identify with specificity the portion or portions of each document for which the parties seek continued sealing. That a document was designated as confidential under a protective order cannot be the sole reason to support continued sealing. If a redacted public version of any such document has not already been filed, or if further good faith review by the party who asserts confidentiality reveals that some of the previously redacted material does not require sealing, the parties must cooperate to prepare and file a redacted version of that document, and must refer to it in the joint motion for sealing.

## EXPERTS

1.  Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A), the full disclosures required by Rule 26(a)(2)(B) (including the written report prepared and signed by each expert witness), and the full disclosures required by Rule 26(a)(2)(C), must be made as follows:

    Identification by Plaintiff on or before **April 9, 2021**.

Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Plaintiff on or before **April 9, 2021**.

Identification by Defendant on or before **May 10, 2021**.

Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Defendant on or before **May 10, 2021**.

Rebuttal expert identities and disclosures on or before **June 10, 2021**.

2.    Expert discovery, including depositions, must be completed by **June 30, 2021**.

## SETTLEMENT CONFERENCE

The parties will continue to meet and confer concerning whether early settlement negotiations as to some or all of the putative class could be productive. The Court will hold a telephone conference with counsel to discuss the status of the parties' discussions on this topic, including whether and, if so, when a settlement conference with the Court could be productive, **at 8:30 a.m. on July 23, 2020**. Chambers will circulate conference bridge access information in advance of the call. Counsel must meet and confer and submit a joint update letter by email to chambers no later than **July 21, 2020**. The letter should include the names and telephone numbers of those who will participate in the call.

The Court may *sua sponte* schedule status conferences or settlement conferences to explore options for alternative dispute resolution. In addition, the Court may, in its discretion, contact the parties ex parte to discuss settlement, or may consider joint or ex parte requests that the Court schedule a settlement conference or otherwise assist in settlement negotiations. The content of any such ex parte communication shall be strictly limited to the topic of settlement and shall not touch on any matter that may come before

the magistrate judge for a ruling.  The Court will treat such ex parte settlement
communications as confidential unless otherwise advised.

**<u>DISPOSITIVE MOTIONS</u>**

Except as otherwise provided herein, all dispositive motions (notice of motion,
motion, memorandum of law, affidavits, and proposed order) must be served, filed, and
**HEARD** on or before **October 1, 2021**.

Counsel for the moving party shall call **Caryn Glover**, Courtroom Deputy for
District Judge Patrick J. Schiltz, at **(612) 664-5483** to schedule the hearing.  Parties are
reminded that the scheduling of a dispositive motion requires considerable advance
notice (typically three to four months).  Parties should attempt to schedule all dispositive
motions for the same hearing and should strive to avoid duplication in their briefing.

All dispositive motions must be scheduled, filed, and served in compliance with
the Electronic Case Filing Procedures for the District of Minnesota and in compliance
with Local Rule 7.1.  When a motion, response, or reply brief is filed on CM/ECF, **<u>two</u>**
paper courtesy copies (three-hole punched and unstapled, and, if warranted, exhibits
appropriately tabbed) of the pleading and all supporting documents shall be mailed or
delivered to **Caryn Glover**, Courtroom Deputy, at the same time as the documents are
posted on CM/ECF.

When scheduling a summary judgment hearing, the parties must notify the Court
whether there will be cross-motions for summary judgment so that the Court may enter

an appropriate briefing order.  The parties should confer about the possibility of cross-motions before contacting chambers to schedule a summary judgment hearing.

Notwithstanding the foregoing, no party may file a motion for summary judgment before all discovery has been completed without first obtaining permission from the undersigned.  Permission must be sought by electronically filing a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time.  The other party or parties may file brief letters in support of or in response to the request within 5 days.  Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

**<u>TRIAL</u>**

This case shall be ready for a **jury** trial on **February 1, 2022**.  The anticipated length of trial is **10** days.


Dated:  June 9, 2020                          s/ *Hildy Bowbeer*
                                       HILDY BOWBEER
                                       United States Magistrate Judge