UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To: All Actions | No. 0:18-cv-01776-JRT-HB<br><br>**DEFENDANT SMITHFIELD FOODS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER** |

Pursuant to Rules 26(c)(1) and 45 of the Federal Rules of Civil Procedure, Defendant Smithfield Foods, Inc. ("Smithfield") respectfully submits this memorandum of law in support of its Motion for Protective Order ("Motion") to modify the terms of Plaintiffs' January 5, 2021 subpoena issued to Cellco Partnership d/b/a Verizon Wireless ("Verizon") to the extent that it requests phone records (1) beyond the June 30, 2018 discovery cutoff imposed by the Court and that the parties agreed to use and (2) covering any time period in which the document custodians were not employed by Smithfield.

## INTRODUCTORY STATEMENT

The Court should enter a protective order modifying the Plaintiffs' subpoena, which flies in the face of the limits imposed on third-party discovery by Rule 45, for two independent reasons. *First*, the subpoena is procedurally defective because Plaintiffs failed to provide Smithfield with the requisite notice of the subpoena that they actually served on Verizon, as required under Rule 45(a)(4). And *second*, the subpoena seeks records of "talk and/or call details," "text message report," and "subscriber information" ("phone records") (a) for custodians beyond the scope of their employment at Smithfield and (b) more than

two full years beyond the relevant time period in this litigation, making it overbroad, overly burdensome, and invasive of personal and proprietary information of Smithfield's custodians and certain other employers. By seeking phone records dating back to January 1, 2008 without regard to when a custodian worked for Smithfield (or when a custodian worked in the pork industry at all), Plaintiffs are blatantly violating the privacy interests of Smithfield's custodians and their other employers.[1] The Court should stop this overly intrusive discovery strategy and permit Plaintiffs to obtain only those phone records that relate to a custodian's employment with Smithfield and to the relevant discovery period.

In the alternative, if the Court denies this Motion, Smithfield requests that the Court (a) direct Verizon to produce the requested records to Smithfield so that Smithfield's counsel may redact those records to remove the time periods when the custodians were not employed by Smithfield or (b) allow Smithfield to send to Verizon the specific employment dates for its custodians so that Verizon can limit the phone records that it produces to Plaintiffs to the custodians' dates of employment.

## FACTUAL BACKGROUND

On December 30, 2020, Plaintiffs emailed defense counsel to give notice that they would soon serve a subpoena on Verizon. The return date listed in the subpoena attached to this December 30 notice was January 25, 2021. (The Notice of Subpoena is attached as

---

[1] Just to give one example, one of Smithfield's custodians worked for Smithfield for only three of the relevant years. Before that, he worked for a Big Four accounting firm. This means that Plaintiffs' overbroad subpoena to Verizon would capture phone records covering several years when he was not working in the pork industry at all but was performing confidential work for his accounting firm's clients. There is no justification for allowing Plaintiffs to invade this custodian's privacy or the privacy rights of the clients of the accounting firm. There are several easy solutions to this problem that would give Plaintiffs the phone discovery they are entitled to get without invading the privacy interests of custodians and irrelevant non-parties.

2

Robison Dec. Ex. A). However, the Subpoena that Plaintiffs actually served on Verizon listed a return date of January 15, 2021. (Subpoena attached as Robison Dec. Ex. B).

On or about January 14, 2021, Verizon sent notices to several of Smithfield's custodians alerting them that Verizon had served a subpoena requesting all of the custodians' phone records from January 1, 2008 through the present. (Two examples attached as Robison Dec. Ex. C). The January 14 notices said that "unless Verizon is provided with a motion for a protective order or a motion to quash within 10 days from the date of this letter, or by the date specified in the subpoena (whichever is later) Verizon intends to produce the records. Motion papers can be sent to Verizon via fax number 325-949-6916." *Id*. The attached subpoena commanded production of "(1) records of 'talk' and/or 'call detail,' including the number a call is received from or made to, whether the call is incoming or outgoing, the date and time of the call (Central Time Zone), the length of the call, and, to the extent such information is available or maintained separately, any calls to check voicemail and (2) text message report, including the incoming and outgoing phone numbers, the date and time the message was sent and received, and the number of messages sent (but not any text message content), and (3) subscriber information" for the time period of January 1, 2008 to the present. *Id*.

On or about January 19-21, 2021, several of Smithfield's custodians received the January 14 notices from Verizon. Because the January 14 notice letters from Verizon required that Smithfield file a motion for protective order within 10 days, Smithfield hereby filed this motion (and sent a copy to Verizon) to halt production of any Verizon phone

3

records until the Court could address Smithfield's objections to the overbroad nature of the Subpoena.

## ARGUMENT

### A.   Smithfield Has Standing To Challenge The Invasive Subpoena.

As an initial matter, in this District, "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed.R.Civ.P. 26(c)(1); *see also Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235–36 (D. Minn. 2013). "The Rule also provides the Court with the authority to issue 'for good cause. . . .an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Shukh*, 295 F.R.D. at 235–36 (quoting Fed.R.Civ.P. 26(c)(1)). However, "a showing of irrelevancy of proposed discovery can satisfy the 'good cause' requirement of Rule 26(c)." *Smith v. Dowson*, 158 F.R.D. 138, 140 (D. Minn. 1994). "The 'explicit mention of 'a party' in the rule has been interpreted to provide standing for a party to contest discovery sought from third-parties.'" *Shukh*, 295 F.R.D. at 236 (quoting *Underwood v. Riverview of Ann Arbor*, No. 08–CV–11024, 2008 WL 5235992, at * 2 (E.D.Mich. Dec. 15, 2008)) (citing *Fleet Bus. Credit Corp. v. Hill City Oil Co.*, No. 01–2417, 2002 WL 1483879, at *2 (W.D.Tenn. June 26, 2002) ("Many district courts have acknowledged [Rule 26(c)] allows a party to file a motion for protective order on behalf of a non-party.")). Here, Smithfield has standing to challenge Plaintiffs' improper subpoena to Verizon because it seeks private and confidential information from Smithfield's custodians during the time period for which they were not employed by Smithfield and for more than two years beyond the time period that the Court and the parties have agreed

would be relevant for discovery. As a result, the overbroad subpoena seeks private phone and text records that are irrelevant to this matter and invasive of the privacy interests of Smithfield's custodians and non-parties.

### 1. Plaintiffs Failed to Provide the Requisite Notice.

The Court should modify the Subpoena because Plaintiffs failed to provide Defendants with the requisite notice of the subpoena that they actually served on Verizon. Federal Rule of Civil Procedure 45(a)(4) requires:

> If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

Fed. R. Civ. P. 45(a)(4).

Here, Plaintiff gave Defendants notice of one subpoena *but served another*. While Plaintiffs provided notice of a subpoena with a production deadline and return date of January 25, the Subpoena they actually served 6 days later had a production deadline and return date of January 15. Accordingly, Plaintiffs failed to meet the notice requirement for the subpoena they actually issued, and although Smithfield is not seeking this remedy, the failure to comply with this requirement is grounds for quashing the subpoena in its entirety. *Firefighters Institute for Racial Equality v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000), cert. denied, 532 U.S. 921 (2001) (district court properly quashed subpoena where plaintiff did not serve the defendant with prior notice). Failing to provide notice of the subpoena Plaintiffs actually served not only violated Rule 45, but also prejudiced

Smithfield's ability to respond to the Subpoena because it accelerated Verizon's process for notifying custodians and preparing documents for production.

## 2. Plaintiffs' Subpoena is Overbroad and Lacks Relevance.

The Court should narrow the Subpoena because it seeks the production of phone records from an overwhelmingly broad time period, encompassing records for custodians during the time period for which they were not employed by Smithfield, as well as for a time period outside of what the Court and parties have agreed to as relevant in for this case. The subpoena requests phone records for custodians from "January 1, 2008 to present," but the Court has already imposed June 30, 2018 as the back-end discovery cutoff date. As a result, the subpoena improperly seeks phone records for more than two full years beyond the discovery cutoff. Moreover, the subpoena improperly requests phone records for years in which a custodian did not work for Smithfield, meaning the subpoena seeks documents that are facially irrelevant and that contain information that is personal to the custodians and/or proprietary to other entities. For custodians who joined Smithfield after January 1, 2008 or left before June 30, 2018, the phone records produced to Plaintiffs should be limited to only those from the time periods when the custodians worked for Smithfield. Otherwise, Plaintiffs will have access to hundreds or thousands of irrelevant call and text records from time periods when custodians were employed by other companies or retired.

If the Court denies Smithfield's Motion, then Smithfield requests, in the alternative, that the Court order that Verizon produce the requested phone records first to Smithfield so that Smithfield may redact the irrelevant phone records that are outside of the scope of employment and outside the discovery period. This common-sense solution is consistent

with this Court's precedent involving phone-records subpoenas to communication carriers. *Erar v. City of Andover*, No. 04-3742 HDV/RAW, 2005 WL 8164353, at *1 (D. Minn. May 18, 2005); *see also Baldor Elec. Co. v. Kelderman*, No. 412CV00409JAJTJS, 2012 WL 13024580, at *3 (S.D. Iowa Nov. 16, 2012) (directing the defendant to redact unresponsive information in the requested phone records and then produce the responsive information to plaintiffs); *Ortolani v. Freedom Mortg. Corp.*, No. EDCV171462JGBKKX, 2018 WL 6112549, at *3 (C.D. Cal. Apr. 27, 2018) (approving agreement whereby plaintiffs could redact Verizon phone records pertaining to non-work-related phone numbers before producing the records to defendant where the defendant had issued a subpoena to Verizon seeking all call logs, call history records, and cellular service call details connected to numbers owned or associated with plaintiff during the relevant time period). In *Erar*, this Court held that the plaintiff's "overly intrusive" request for irrelevant phone records "can be avoided" if "the requested phone records would be produced first to counsel for defendants, who would review the phone records and redact all telephone calls except those involving the relevant telephone numbers." *Id.* Here, Smithfield proposes a similar solution so that it may review and redact phone records from outside the discovery period and from time periods when certain custodians were not Smithfield employees from January 1, 2008 to June 30, 2018.

In addition, if the Court were to deny this Motion, Smithfield asks the Court for another form of alternative relief. Another easy solution would be for the Court to order Smithfield to send the relevant employment dates for each custodian to Verizon so that

7

Verizon could limit its production of phone records to only the time periods when a custodian worked for Smithfield.

Thus, there are three ways that this issue could be resolved in a way that allows the parties to obtain the phone records they may need for discovery but also narrow the phone records to the discovery period and protect the legitimate privacy interests of the custodians and other entities: (1) grant the Motion and narrow the subpoena to end at June 30, 2018 and to cover only the time periods when each custodian worked for Smithfield; (2) order Verizon to produce the phone records to Smithfield for redaction before they are provided to Plaintiffs; or (3) order Smithfield to send the relevant employment dates to Verizon so that Verizon could limit its production to Plaintiffs accordingly.

## **CONCLUSION**

Smithfield does not seek to prohibit legitimate discovery into phone records. Rather, Smithfield seeks reasonable limits on phone records produced by Verizon to ensure the protection of its current and former employees' private and personal information that is irrelevant to the claims and defenses of all parties. For the reasons stated above, Smithfield's Motion should be granted, and Plaintiffs' non-party subpoena to Verizon should be modified to exclude phone records from outside of the Court-ordered relevant time period and from any time period in which custodians were not employed by Smithfield.

| | |
|---|---|
| Dated: January 23, 2021 | /s/ Brian Robison<br>Brian Robison (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX 75201-6912<br>(214) 698-3370<br>brobison@gibsondunn.com<br><br>Richard Parker (*pro hac vice*)<br>Josh Lipton (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-5306<br>(202) 955-8500<br>rparker@gibsondunn.com<br>jlipton@gibsondunn.com<br><br>John A. Cotter (134296)<br>John A. Kvinge (0392303)<br>LARKIN HOFFMAN DALY &<br>LINDGREN LTD.<br>8300 Norman Center Drive, Suite 1000<br>Minneapolis, MN 55427-1060<br>(952) 896-3340<br>jcotter@larkinhoffman.com<br>jkvinge@larkinhoffman.com<br><br>*Counsel for Smithfield Foods, Inc.* |

9

## **LR 7.1(f) & LR 7.1(h) CERTIFICATE OF COMPLIANCE**

I, Brian Robison, hereby certify that the foregoing Memorandum in Support of Motion for a Protective Order complies with Local Rule 7.1(f).

I further certify that, in preparation of the above document, I obtained the word count from Microsoft Word and the above document contains 2,184 words.

Dated: January 23, 2021

/s/ Brian Robison
Brian Robison (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-6912
(214) 698-3370
brobison@gibsondunn.com

*Counsel for Smithfield Foods, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 23rd day of January 2021, all counsel of record are being served with a copy of this document via the Court's ECF System.

/s/ Brian Robison
Brian Robison