# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To: All Actions | No. 0:18-cv-01776-JRT-HB<br><br>**ORDER ON STIPULATION REGARDING PLAINTIFFS' NON-PARTY SUBPOENAS TO COMMUNICATIONS CARRIERS** |

HILDY BOWBEER, United States Magistrate Judge:

This matter is before the Court on the Stipulation Regarding Plaintiffs' Non-Party Subpoenas to Communications Carriers (ECF No. 660), entered into by the parties, concerning Smithfield Foods, Inc.'s Motion for Protective Order Regarding Plaintiffs' Non-Party Subpoena to Verizon Wireless (ECF No. 651) ("Motion").

On January 25, 2021, this Court entered an Order on that Motion (ECF No. 656). The Court's Order instructed: (1) the parties to continue their meet-and-confer efforts; (2) Smithfield to file a statement by January 27 reporting on the outcome of the parties' discussions; (3) Smithfield to file a notice of hearing; and (4) Smithfield to fax a copy of that Order to Verizon so that Verizon would defer producing records until further Order of this Court.

On January 27, 2021, Smithfield filed a Report Regarding Outcome of Parties' Meet-and-Confer Process on Non-Party Subpoenas to Communication Carriers (ECF No. 659) advising the Court that the parties had continued the meet-and-confer process

and had reached an agreement that resolves the issues raised in the Motion. Because the parties reached an agreement, Smithfield did not file a notice of hearing on the Motion.

Based upon the agreement reached by the parties, **IT IS HEREBY ORDERED** that the Stipulation (ECF No. 660) is **APPROVED** as follows:

1. Smithfield shall withdraw its Motion for a Protective Order (ECF No. 651).

2. Each Defendant shall provide Class Plaintiffs with a list of dates of employment for each agreed-upon custodian as soon as possible (or indicate to Class Plaintiffs if they waive application of this paragraph of this Order as to any custodian(s)). To facilitate this process, Class Plaintiffs will promptly provide each Defendant with a chart showing which custodian corresponds with each phone number listed in the carriers' subpoenas.

3. Upon receipt of the employment time period for each custodian, Class Plaintiffs will promptly send Verizon and each of the other communications carriers that Plaintiffs subpoenaed revised time periods that will narrow Plaintiffs' subpoenas to cover the custodian account holder's personal cellular telephone data only during the term of his or her employment in the pork industry.

4. Class Plaintiffs will instruct Verizon and each of the other communications carriers that Plaintiffs have subpoenaed that the time period covered by the subpoenas ends on June 30, 2018. Verizon and the other subpoenaed communications carriers shall then produce cellular telephone data only for

the employment dates of each custodian that fall within the January 1, 2008 through June 30, 2018 time period.

5. Class Plaintiffs will promptly instruct the carriers that they subpoenaed other than Verizon not to comply with their respective subpoenas, pending further instructions regarding the relevant time periods.

6. For any future subpoenas to communications carriers, Class Plaintiffs will provide notice 3 business days in advance of the issuance of the subpoena, as contemplated in the Pretrial Scheduling Order (ECF No. 658 at 8). Class Plaintiffs will also provide a chart showing which custodian corresponds with each phone number listed in the carriers' subpoenas. Defendants will inform Class Plaintiffs within the 3 business days if the time period for the noticed subpoena needs to be revised due to the term of the custodian's employment in the pork industry (see ECF No. 658 at 8).

Dated: January 27, 2021         s/*Hildy Bowbeer*
                                HILDY BOWBEER
                                United States Magistrate Judge