UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*All Actions.* | Civil Nos. 18-1776, 19-1578, and 19-2723 (JRT/HB)<br><br>**ORDER DENYING PERMISSION TO FILE A MOTION TO RECONSIDER** |

Arielle Wagner, Brian D. Clark, Craig S. Davis, Stephanie Alicia Chen, Stephen Matthew Owen, and W. Joseph Bruckner, **LOCKRIDGE GRINDAL NAUEN PLLP**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401; Bobby Pouya, Melissa S. Weiner, and Thomas Jerome Nolan, **PEARSON SIMON & WARSHAW LLP**, 15165 Ventura Boulevard, Suite 400, Sherman Oaks, CA 91403; Kyle Pozan, **HART MCLAUGHLIN & ELDRIDGE**, 22 West Washington Street, Suite 1600, Chicago, IL 60602; and Eugene A. Spector, Jeffrey J. Corrigan, Jeffrey L. Spector, and William G. Caldes, **SPECTOR ROSEMAN & KODROFF PC**, 2001 Market Street, Suite 3420, Philadelphia, PA 19103, for the Direct Purchaser Plaintiffs.

Daniel E. Gustafson, Daniel C. Hedlund, Brittany N. Resch, and Michelle J. Looby, **GUSTAFSON GLUEK PLLC**, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402; Fred Taylor Isquith, **ZWERLING SCHACHTER & ZWERLING LLP**, 41 Madison Avenue, Thirty-Second Floor, New York, NY 10010; Marc H. Edelson, **EDELSON LECHTZIN LLP**, 3 Terry Drive, Suite 205, Newtown, PA 18940; Shana Scarlett and Rio Pierce, **HAGENS BERMAN SOBOL SHAPIRO LLP**, 715 Hearst Avenue, Suite 202, Berkeley, CA 94710; Steve W. Berman and Breanna Van Engelen, **HAGENS BERMAN SOBOL SHAPIRO LLP**, 1301 2nd Avenue, Suite 2000, Seattle, WA 98101; and Thomas Burt, **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**, 270 Madison Avenue, New York, NY 10016, for the Consumer Indirect Purchaser Plaintiffs.

-1-

Alec Blaine Finley, **CUNEO GILBERT & LADUCA, LLP,** 4725 Wisconsin Avenue Northwest, Suite 200, Washington, DC 20016, for the Commercial and Institutional Indirect Purchaser Plaintiffs.

Peter B. Schneider, **SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY WOTKYNS LLP**, 3700 Buffalo Speedway, Suite 300, Houston, TX 77098, for Plaintiff the Commonwealth of Puerto Rico.

James W. Anderson and Patrick J. Lee-O'Halloran, **THOMPSON TARASEK LEE-O'HALLORAN PLLC**, 7101 York Avenue South, Suite 225, Edina, MN 55435; Patrick Ahern, **AHERN AND ASSOCIATES PC**, 590 North Sheridan Road, Lake Forest, IL 60045; and Theodore B. Bell, **AHERN AND ASSOCIATES PC**, 8 South Michigan Avenue, Suite 3600, Chicago, IL 60603, for Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holding LLC.

Anne Lee, **COVINGTON & BURLING**, 850 Tenth Street Northwest, Washington, DC, 20001; William Leitzsey Monts III, Jennifer A. Fleury, and Justin Bernick, **HOGAN LOVELLS US LLP**, 555 Thirteenth Street N.W., Washington, DC 20004; and Peter H. Walsh, **HOGAN LOVELLS US LLP**, 80 South Eighth Street, Suite 1225, Minneapolis, MN 55402, for Defendant Agri Stats, Inc.

Christa C. Cottrell, Christina Henk Briesacher, Christina Sharkey, and Daniel E. Laytin, **KIRKLAND & ELLIS LLP**, 300 North LaSalle Drive, Chicago, IL 60654; and Davida Sheri McGhee, Mark L. Johnson, and Virginia R. McCalmont, **GREENE ESPEL PLLP**, 222 South Ninth Street, Suite 2200, Minneapolis, MN 55402, for Defendants Clemens Food Group LLC and The Clemens Family Corporation.

Aaron D. Van Oort, Bryan K. Washburn, Craig S. Coleman, Emily Elizabeth Chow, Issac B. Hall, and Richard A. Duncan, **FAEGRE DRINKER BIDDLE & REATH LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, for Defendants Hormel Foods Corporation and Hormel Foods LLC.

Britt M. Miller and Robert Entwisle, **MAYER BROWN LLP**, 71 South Wacker Drive, Chicago, IL 60606; William Stallings, **MAYER BROWN LLP**, 1999 K Street, Washington, DC 20006; and Jaime Stilson, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for Defendant Indiana Packers Corporation.

Donald G. Heeman, Jessica J. Nelson, and Randi J. Winter, **SPENCER FANE LLP**, 100 South Fifth Street, Suite 2500, Minneapolis, MN 55402; David B. Adler, Michael B. Carlinsky, Richard Thomas Vagas, and Sami H. Rashid, **QUINN EMANUEL URQUHART & SULLIVAN LLP**, 51 Madison Avenue, New York, NY 10010; Robert Patrick Vance, Jr., **QUINN EMANUEL URQUHART & SULLIVAN, LLP**, 865 South Figueroa, Los Angeles, CA 90017; and Stephen R. Neuwirth, **QUINN EMANUEL URQUHART & SULLIVAN LLP**, 123 Overlook Road, New Rochelle, NY 10804, for Defendant JBS USA Food Company.

William L. Greene, Peter J. Schwingler, and Jon M. Woodruff, **STINSON LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402; and Jaclyn N. Warr, **STINSON LLP**, 7700 Forsyth, Suite 1100, Saint Louis, MO 63105, for Defendant Seaboard Foods LLC.

Brian Edward Robison, **GIBSON, DUNN & CRUTCHER, LLP**, 2100 McKinney Avenue, Suite 1100, Dallas, TX 75201; Joshua Lipton and Richard G. Parker, **GIBSON, DUNN & CRUTCHER, LLP**, 1050 Connecticut Avenue Northwest, Washington, DC 20036; and John A. Cotter and John Anders Kvinge, **LARKIN HOFFMAN DALY & LINDGREN LTD**, 8300 Norman Center Drive, Suite 1000, Minneapolis, MN 55437, for Defendant Smithfield Foods, Inc.

Aaron B. Chapin, **HUSCH BLACKWELL LLP**, 120 South Riverside Plaza, Suite 2200, Chicago, IL 60606; Kamron Hasan, Marnie Anne Jensen, Ryann A. Glenn, and Vollis Gene Summerlin Jr., **HUSCH BLACKWELL LLP**, 13330 California Street, Suite 200, Omaha, NE 68154; and Megan A. Scheiderer and Sierra Jade Faler, **HUSCH BLACKWELL LLP**, 4801 Main Street, Suite 1000, Kansas City, MO 64112, for Defendant Triumph Foods LLC.

David P. Graham, **DYKEMA GOSSETT PLLC**, 4000 Wells Fargo Center, 90 South Seventh Street, Minneapolis, Minnesota 55402; Felix Gilman, **AXINN VELTROP & HARKRIDER LLP**, 114 West Forty-Seventh Street, Twenty-Second Floor, New York, NY 10036; Jarod Taylor, **AXINN VELTROP & HARKRIDER LLP**, 90 State House Square, Hartford, CT 06103; Jetta C. Sandin, Lindsey Strang Aberg, Rachel Johanna Adcox, and Tiffany Rider Rohrbaugh, **AXINN VELTROP & HARKRIDER LLP**, 950 F Street Northwest, Washington, DC 20004, for Defendants Tyson Foods, Inc., Tyson Prepared Foods, Inc., and Tyson Fresh Meats, Inc.

On October 20, 2020, the Court granted Defendant Indiana Packer Corporation's ("IPC") Motions to Dismiss, dismissing with prejudice all claims asserted against IPC by Plaintiffs in the three actions consolidated here. *In re Pork Antitrust Litig.*, Nos. 18-1776, 19-1578, 19-2723, 2020 WL 6149666, at *33–34 (D. Minn. Oct. 20, 2020). The Court granted IPC's Motions because Plaintiffs' allegations were insufficient to plausibly plead parallel conduct by IPC in violation of the Sherman Act, 15 U.S.C. § 1. *See id.* at *3, 5. On October 26, 2020, the Consumer Indirect Purchaser Plaintiffs ("IPPs") requested permission to file a motion to reconsider, (ECF 18-1776, Letter, Oct. 26, 2020, Docket No. 523), asserting that the Court's October 20, 2020 Order addressed only IPPs' per se Sherman Act claim against IPC, but did not directly address their rule-of-reason Sherman Act claim, (*see id.* at 1–2.) For the following reasons, the Court will deny IPPs permission to file a motion to reconsider.

First, the per se rule of illegality and the rule of reason do not give rise to separate claims; rather, they are distinct means of analyzing whether a conspiratorial agreement unreasonably restrains trade in violation of the Sherman Act. *See Impro Prod., Inc. v. Herrick*, 715 F.2d 1267, 1273 n.8 (8th Cir. 1983) ("Whether a rule of reason or *per se* analysis is applicable to [a Sherman Act claim] depends, of course, on the type of conduct in which the defendants engage in furtherance of their conspiracy or conspiracies."); *Five Smiths, Inc. v. Nat'l Football League Players Ass'n*, 788 F. Supp. 1042, 1045 (D. Minn. 1992)

("Two methods of analysis are used to determine whether a particular concerted action violates [the Sherman Act]: the per se rule and the rule of reason.").

As such, before even reaching the question of whether to apply the per se rule of illegality or the rule of reason, a plaintiff must first clear the initial hurdle of plausibly alleging concerted action. *See Impro Prod.*, 715 F.2d at 1273 ("A threshold question is whether [plaintiff] has alleged a cause of action that is a cognizable conspiracy to restrain trade[.]"); *Reg'l Multiple Listing Serv. of Minn., Inc. v. Am. Home Realty Network, Inc.*, 960 F. Supp. 2d 958, 980–985 (D. Minn. 2013) (first determining that there was concerted action before turning to whether the conspiracy unreasonably restrained trade under either the per se rule of illegality or the rule of reason).

Here, the Court's October 20, 2020 Order found that Plaintiffs, including IPPs, had not plausibly alleged concerted action by IPC and, therefore, they failed to clear the initial hurdle to plead a plausible Sherman Act claim against IPC.[1] *In re Pork Antitrust Litig.*, 2020 WL 6149666, at *3–5. Thus, with respect to IPC, any need to consider the second step of the inquiry was obviated.[2]

---

[1] The Court notes that it determined whether Plaintiffs had plausibly pleaded concerted action by analyzing Plaintiffs' allegations of parallel conduct among Defendants, which can give rise to a reasonable inference of a conspiratorial agreement among parties. *See In re Pork Antitrust Litig.*, 2020 WL 6149666, at *4–5. The Court later concluded that Plaintiffs' "allegations, when viewed as a whole, are sufficient to plausibly plead parallel conduct against all Defendants, except [IPC]," *id.* at *5. Necessarily, then, concerted action by IPC could not be reasonably inferred.

[2] IPPs suggest that IPC's participation in Agri Stats "could [have] generate[d] anticompetitive effects," (Letter at 2), and thus demonstrates a plausible Sherman Act violation under rule of reason analysis. However, assuming that IPPs had cleared the first step of the inquiry with

As such, the Court finds that IPPs have not shown the necessary "compelling circumstances to obtain [] permission" to file a motion to reconsider, D. Minn. L.R. 7.1(j), as the October 20, 2020 Order contains no manifest errors of law or fact, *see Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413–14 (8th Cir. 1988).  Accordingly, the Court will deny IPPs' permission to file a motion to reconsider.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEARBY ORDERED** that the Consumer Indirect Purchaser Plaintiffs' Request for Permission to File a Motion to Reconsider [CV18-1776, Docket No. 523] is **DENIED**.

DATED:  February 4, 2021　　　　　　_____
at Minneapolis, Minnesota.　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　　United States District Court

---

respect to IPC, the Court notes that merely suggesting that anticompetitive effects could have possibly followed from an exchange of information is not enough to make it past the second step of the inquiry. *See, e.g.*, *Olean Wholesale Grocery Coop v. Agri Stats, Inc.*, No. 19-8318, 2020 WL 6134982, at *8 (N.D. Ill. Oct. 19, 2020) ("[Plaintiffs] have failed to allege that the information exchange had any anti-competitive impact on the output or prices of [Defendant's] products. Without those allegations, Plaintiffs fail to state a claim against [Defendant]."). Here, Plaintiffs, including IPPs, alleged only that IPC "indicated that it expected to reduce production in 2012 but provide[d] no specifics." *In re Pork Antitrust Litig.*, 2020 WL 6149666, at *5 (internal quotation marks omitted).