# Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION                    MDL No. 1431
                                                     (MJD)

This Document Relates to All Actions                 Pretrial Order No. 25

Presently before the court is a petition of the Plaintiffs' Steering Committee ("PSC") for an Order:

1.  approving an agreement with respect to coordination of discovery with state-court Baycol litigation;

2.  establishing a procedure for coordination with state-court Baycol litigation;

3.  protecting the PSC's work product; and

4.  establishing a procedure to secure an equitable reserve for a future allocation of counsel fees and costs for common benefit work.

This Order shall apply to all cases over which the Court in MDL 1431 has jurisdiction.

For the foregoing reasons, the court will grant the PSC's petition for an Order:

1.  establishing a procedure for coordination with state-court Baycol litigation; and

2.  securing an equitable allocation of counsel fees and costs for common benefit work and contribute to MDL 1431 cases transferred to this court from United States District Courts in accordance with 28 U.S.C. § 1407 or otherwise.

An appropriate Order follows.

AND NOW, this 5th day of June, 2002, it is hereby ORDERED ADJUDGED AND DECREED that:

### A. State-Federal Coordination

1.  Any action pending in any state court which relates to the economic loss, personal injuries or wrongful death allegedly caused by the drug Baycol is eligible for State-Federal coordination under the terms of this Order provided that the action is subject to an

order entered by the Court having jurisdiction over the action which provides substantially as follows:

    a.    all state court actions subject to the state court coordination order qualify for state-federal coordination under this Pretrial Order entered in MDL 1431;

    b.    before making any claim payment to any plaintiff, all defendants in each action subject to the state court order, shall deduct from such payment an amount equal to six percent (6%) of the aggregate of the amount being paid and any amount to be paid in the future and shall pay such sum for deposit into the MDL 1431 Fee and Cost Accounts for distribution in accordance with the provisions of paragraphs 7 through 15 of this Pretrial Order.  In measuring the gross amount due or to become due to any plaintiff as claim payments, the defendant shall include the present value of any fixed and certain payments to be made in the future and the respective individual plaintiff's counsel shall verify that plaintiff's counsel used the same present value calculation to measure the amount due to such plaintiff's counsel under the applicable contingency contract and the amount due to the MDL Fee and Cost Accounts;

    c.    the parties in each state-court action subject to the state-court order are prohibited from using any of the PSC's work product or products of state-federal coordination described in paragraph 2 of this Pretrial Order for any purpose other than the litigation of actions pending in federal court and actions pending in state courts which qualify for state-federal coordination pursuant to the terms of this Pretrial Order; and

    d.    the parties in each state-court action subject to the state court order are required to follow the MDL discovery schedule (absent good cause in a specific case) and are bound by the discovery rulings in the MDL (provided, however, that state-court actions in states with evidentiary rules that differ from the federal rules, e.g., states that have rejected Daubert, reserve their rights to raise appropriate objections available under different evidentiary rules).  Notwithstanding the foregoing, Plaintiffs in coordinated cases should not be permitted to engage in duplicative discovery.

2.    The plaintiffs in any actions that qualify for state-federal coordination as set forth above shall be entitled to receive the following materials from the PSC upon payment of the actual cost of providing copies of the materials and execution of a written agreement to be bound to the terms of Pretrial Order No. 5 regarding confidential information:

      a.    CD-ROMs reflecting searchable images of the key documents selected by the PSC from the document productions of the defendants and third parties in MDL 1431;

      b.    a bibliographic database providing a "coded" index of such key documents;

      c.    deposition transcripts, abstracts and subjective analyses of the depositions of each generally applicable fact witness and generic expert taken in MDL 1431 and in the state-court actions coordinated pursuant to this Order;

      d.    to the extent developed by the PSC, timelines, "casts of characters," issues outlines, and other work product relating to the facts at issue in MDL 1431; and

      e.    reports of "generic experts" developed by the PSC in connection with MDL 1431.

3. When a notice of deposition is issued in MDL 1431 for fact or "generic" expert depositions, any party in any action which is eligible for state-federal coordination may issue a notice which provides for the taking of such deposition in such a state court action at the time and place stated in the original notice. When such "cross-noticed" depositions take place, the part of the deposition being taken for use in MDL 1431 shall proceed to conclusion and shall be deemed taken in federal actions and all actions that qualify (whether qualifying before or after the taking of the depositions) for state-federal coordination. After the conclusion of that portion of the deposition being taken for use in MDL 1431, unless otherwise agreed among the parties or ordered by the Court for good cause shown, no more than three separate attorneys selected by plaintiffs' counsel in the state actions that qualify for state-federal coordination pursuant to this Order may proceed to question the witness. Unless otherwise agreed among the parties or ordered by the court for good cause shown, no more than two attorneys for each defendant separately represented shall have the right to pose questions to the witness and to make objections in connection with each such cross-noticed deposition. Unless otherwise agreed or ordered by the Court for good cause shown, generally only one lawyer for each defendant party separately represented and one lawyer for plaintiffs shall be designated to make any objections during any portion of the deposition. An objection made by one party shall be deemed to have

been made by all parties represented at the deposition. Counsel taking such "cross-noticed" depositions shall use their best efforts to conduct the deposition in a manner which will make it admissible in any state court proceedings and to minimize the necessity for separate examinations of the witness by plaintiffs' counsel in the state proceedings. Counsel for the parties in such state court proceedings shall comply with Pretrial Order No. 7 regarding Deposition Guidelines. Nothing in this Order shall be construed as prohibiting a defendant from cross-noticing a deposition of its present or former employees, consultants or experts in any state court proceeding which is eligible for State-Federal coordination, whether or not an order as described in paragraph 1 above has been entered in such proceeding.

4. Nothing in this Order abrogates the entitlement of the PSC and those attorneys performing common benefit work at their request to seek compensation through any means, including but not limited to an attorney's charging lien, for the benefits of their services to attorneys and parties in State Court litigation which is not coordinated pursuant to the terms of this Order, including the benefits conferred by their preparation for and conduct of depositions of generally applicable fact witness and "generic" expert witnesses retained by them. *See, e.g., In re Air Crash Disaster in Florida Everglades*, 549 F.2d 1006 (5th Cir. 1977); *Sprague v. Ticonic National Bank*, 307 U.S. 161, 166-167 (1939)

5. Copies of any record of any deposition (including exhibits attached thereto) taken in MDL 1431 pursuant to the terms of this Order shall not be provided by the court reporter to any person except upon a request to purchase a copy of the transcript or other record of the deposition directed to the court reporter who stenographically recorded the proceedings at the deposition or the operator who made any video or audio recording of the proceedings at the deposition and payment of such person's proper fees. Notice of each such request to the court reporter by anyone other than the parties to the MDL shall be provided by the court reporter to all liaison counsel and the PSC Co-Chairs herein contemporaneously by both the requesting party and court reporter with the making of each such request. Nothing herein shall restrict any defendant from providing copies of depositions to its employees, former employees, consultants

or experts. Nothing contained herein shall restrict defendants from providing a copy of depositions of its employees, former employees or experts to any state court plaintiffs counsel that request such depositions provided, however, that defendant shall first ensure that such state court plaintiffs' counsel shall execute a written agreement to be bound to the terms of Pretrial Order No. 5 regarding confidential information (if the deposition or any portion thereof is designated as confidential pursuant thereto) or is otherwise subject to a confidentiality order that is substantially equivalent. The defendant providing the deposition shall also document the transmission of the executed confidentiality agreement and all such depositions subsequently forwarded to plaintiffs counsel in writing with a contemporaneous copy of the transmittal letter(s) to the Co-chairs of the PSC (nothing herein waives the right of the PSC to seek fees and costs for any common benefit work regarding the provision of such depositions).

6. Nothing contained in this Order will limit the obligation previously undertaken by the PSC to provide copies of documents produced in MDL 1431 which do not reflect the PSC's work product to counsel in state-court actions to the extent that all defendants consent to such disclosure and the requesting party pays the actual costs of producing copies of the documents, and, if necessary, execute an appropriate confidentiality agreement.

### B. Set Aside for Counsel Fees and Costs in MDL 1431

7. The Court believes that it is appropriate to establish a fair system for the sequestration of a certain percentage of all payments by defendant(s) to plaintiff(s) in fulfillment of obligations to settle claims of plaintiffs from time to time as well as to satisfy judgments that may result in some instances (all such payments hereinafter referred to as "claim payments"). The funds so sequestered are to be available to provide for reimbursement of costs and payment of attorneys' fees to the Plaintiffs' Steering Committee ("PSC") and other attorneys who have been authorized by the PSC, pursuant to PTO No. 3, to perform work for the benefit of plaintiffs in MDL 1431 and in any state-court proceedings coordinated hereunder (hereinafter the "Common Benefit Attorneys"), subject to a proper showing in the future.

8. The Court is not making a determination by this Order that the Common Benefit Attorneys shall receive any specific sum as payment of counsel fees and reimbursement of litigation expenses. Rather this Order is merely intended to develop a mechanism for the creation of a fund from which the amount of fees and costs to which the Common Benefit Attorneys are ultimately entitled may be awarded and paid with reliability.

9. Before making any claim payment to a plaintiff in a state court action qualifying for state-federal coordination or a federal action that has been subject to coordinated pretrial proceedings in MDL 1431, defendants shall deduct from such payments an amount equal to six percent (6%) of the aggregate of the amount being paid and any amounts to be paid to the plaintiff in the future; and shall pay such sum as hereinafter provided for deposit into the MDL 1431 Fee and Cost Accounts. Four percent (4%) shall be deemed fees to be subtracted from the attorneys' fees portions of individual fee contracts, and two percent (2%) shall be deemed costs to be subtracted from the client portions of individual fee contracts. In measuring the gross amount due or to become due to any plaintiff as such claim payments, the defendant shall include the present value of any fixed and certain payments to be made in the future and the respective individual plaintiff's counsel shall verify that plaintiff's counsel used the same present value calculation to measure both the amount due to such plaintiff's counsel under the applicable contingency contract and the amount due to the MDL 1431 Fee and Cost Accounts.

10. The requirements of paragraph 9 shall apply regardless of whether a plaintiff's case is disposed of during the time it is on the docket of the transferee court, or following remand or transfer from the transferee court to another federal district court for trial, or transfer to other district courts in accordance with 28 U.S.C. § 1404 or other provisions of law. The obligation shall follow the case to its final disposition in any United States court including a court having jurisdiction in bankruptcy or disposition on appeal.

11. Defendants shall have primary responsibility for withholding six percent (6%) of the claim payments and tendering such sums to the MDL 1431 Fee and Cost Accounts. If, however, a defendant fails to do so, in addition to the Court's power generally, including the

exercise of its powers to compel payment by defendant in compliance with this Order, the Court, under appropriate circumstances, can be expected to seek such payment from the plaintiff and/or his or her counsel under terms that are just and equitable.

12. The Court shall establish and ensure insured, interest bearing escrow accounts to receive and disburse funds as provided in this Order. The Court will, by future Order, designate an escrow agent to manage the account. All funds in the account will be held as funds subject to the direction of the Court.

13. All payments required to be made shall be made by the defendant to the escrow agent. Payment to the escrow agent shall fully discharge the defendants' obligation under this order. The payments to be made to the account shall not be disclosed by the escrow agent except upon written order of this court. The purpose of maintaining confidentiality is to protect the defendants legitimate concerns regarding disclosure of the amounts that it deposits into the escrow fund inasmuch as knowledge of such amounts would allow calculation of any sums defendants determine should be paid in satisfaction of any obligation it has to a plaintiff covered by this order. The escrow agent shall report to the court from time to time the sums that are deposited in the account together with the information supplied to the agent to determine if the amount deposited is the amount required to be paid under the terms of this order. The escrow agent shall confer with the defendants and the court to determine the appropriate form that should be completed and accompany any payment to be made to the escrow agent to allow the escrow agent to verify the accuracy of any payment made.

14. Upon a proper showing, the Common Benefit Attorneys will be entitled to receive an award of counsel fees and reimbursement of out-of-pocket litigation expenses to be paid from the MDL 1431 Fee and Cost Accounts in such amounts as are determined by the Court, after a hearing, based on the appropriate and controlling law. In making an award of counsel fees to the Common Benefit Attorneys and in apportioning any fee award among those attorneys, appropriate consideration will be given to the experience, talent and contribution made by each Common Benefit Attorney who seeks to recover counsel fees from the MDL 1431 Fee and Cost

Accounts, provided, however, that the Court will only consider compensation for those services which were authorized by lead counsel and the PSC pursuant to PTO No.3.

15. Any sum ordered to be paid by the Court pursuant to this Order as an award of counsel fees shall be deducted from the total amount of counsel fees payable to individual plaintiff's counsel, it being understood that the Common Benefit Attorney's portion shall not diminish the portion of the recovery that any plaintiff would have been entitled to receive had there been no participation by the Common Benefit Attorneys. Any sum ordered to be paid by the Court pursuant to this Order as reimbursement for out-of-pocket costs shall be prorated among the plaintiffs whose claim payments were deposited, in part, in the MDL Fee and Cost Accounts.

16. Nothing in this Order will prevent any attorney from applying for and receiving an award of attorneys' fees and reimbursement of costs pursuant to governing law in a greater percentage amount than that provided for herein, in the event that there is a recovery in any action which may be certified as a class action under Federal Rule of Civil Procedure 23.

17. At such time as the MDL 1431 Fee and Cost Accounts contain balances that are not necessary to be retained for the payment of fees and costs, the Court will, subject to applicable provisions of law and following a hearing, make refunds on an equitable basis, or if such balances are of small amounts, enter such orders concerning the disposition of such funds as are appropriate under the law.

BY THE COURT

_____//s//_____
Michael J. Davis
United States District Court