UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFF ACTIONS | Case No. 0:18-cv-01776-JRT-HB |

**DECLARATION OF DAVID M. CIALKOWSKI IN SUPPORT OF MOTION TO APPOINT TOSTRUD LAW GROUP, P.C.; ZIMMERMAN REED LLP; BARRETT LAW GROUP, P.A.; AND BOZEMAN LAW FIRM, P.A. TO PLAINTIFFS' STEERING COMMITTEE**

I, David M. Cialkowski, declare:

1. I am a partner of Zimmerman Reed LLP ("ZR"), a law firm headquartered in Minneapolis, Minnesota, with additional offices in Los Angeles, California, and Scottsdale, Arizona. I am licensed to practice before, and am a member in good standing of, the Bars of the States of Minnesota and Illinois. I am admitted to practice in this District, and I am a member of the Federal Bar Association, District of Minnesota Chapter.

2. ZR has spent time investigating the nature of the conspiracy at issue and its effect on Commercial and Institutional Indirect Purchaser Plaintiffs ("Commercial Indirects"). ZR has taken other steps to advance its client's and Plaintiffs' interests in this case, including assisting with briefing Plaintiffs' opposition to the motions to dismiss, assisting lead counsel with and meeting and conferring with Defendants concerning Plaintiffs' data sources, and otherwise coordinating closely with lead counsel with regard

to case strategy and resource investment, who support my inclusion in the instant motion to appoint ZR, Tostrud Law Group, P.C., and Barrett Law Group, P.A., to Plaintiffs' Steering Committee.

3.     I have two decades of experience in complex and class litigation, including arguing on behalf of the State of Mississippi before the Fifth Circuit in its LCD antitrust enforcement action. Courts have appointed me as class counsel and to MDL leadership.

4.     In 2020, this Court appointed me class counsel of two nationwide consumer classes in the consolidated action *Hudock et al. v. LG Electronics U.S.A. Inc.*, 0:16-cv-01220 (D. Minn.), alleging damages arising from buying television sets with lower refresh rates than advertised.

5.     I was a member of the legal team representing the Mississippi Attorney General's Office in *Mississippi ex rel. Hood v. AU Optronics*, 571 U.S. 161 (2014), an antitrust case against manufacturers of LCD displays, which presented the issue of whether an attorney general's *parens patriae* case is a "mass action" under the meaning of the Class Action Fairness Act. I provided oral argument on that issue before the United States Court of Appeals for the Fifth Circuit, and provided primary drafting of the subsequent briefing before the Supreme Court of the United States. The Supreme Court ruled unanimously in Mississippi's favor that a state enforcement action on behalf of its residents is not a mass action under CAFA.

6.     I served as counsel in *The Shane Group Inc. v. Blue Cross Blue Shield of Michigan* (E.D. Mich.), against the insurance carrier for violations of antitrust laws resulting from contractually requiring hospitals to charge higher prices to competitors.

7.      Lead counsel in several other antitrust class actions have selected me to serve as discovery team leader. Those cases include *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, 16-md-2724 (E.D. Pa.) (direct purchaser plaintiff discovery team lead with respect to defendants Zydus and Dr. Reddy's), *In re Domestic Airline Travel Antitrust Litigation*, 15-mc-1404 (D.D.C) (direct purchaser plaintiff discovery team lead with respect to defendant American Airlines), and *In re Hard Disk Drive Suspension Assemblies Antitrust Litigation*, 19-md-291 (N.D. Cal.) (commercial indirect plaintiff discovery team lead with respect to defendants NHK Spring, NHK International, NHK Spring Thailand, NAT Peripheral Dong Guan, and NAT Peripheral H.K.).

8.      In 2020, U.S. District Judge Valerie Caproni of the Southern District of New York appointed me Settlement Class Counsel for a class of outlet store retail purchasers in *Marino v. Coach, Inc.*, No. 16-CV-1122 (S.D.N.Y).

9.      I served as a member of the Plaintiffs' Steering Committee in *In re Apple iPhone 3G and 3GS "MMS" Marketing and Sales Practices Litigation*, MDL 2116 (E.D. La.), a consumer protection class action MDL centralized in the Eastern District of Louisiana.

10.     U.S. District Judge Christina A. Snyder of the Central District of California appointed me class counsel in *In re Dockers Roundtrip Airfare Promotion Sales Practices Litigation*, 09-cv-2847 (C.D. Cal.), a consumer protection class action.

11.     Over the last 20 years, I have successfully collaborated on numerous complex class cases in Minnesota State and Federal Courts, and elsewhere, with co-lead counsel Larson King, LLP, including *In re Zurn Pex Plumbing Products Liability*

*Litigation*, MDL 1958 (D. Minn.), *Erickson v. Building Materials Corporation of America ("GAF")*, No. 8:11-cv-03085 (D.S.C), and *Russo v. NCS Pearson, Inc.*, 06-cv-1481 (D. Minn.). I have also worked closely with co-lead counsel Cuneo Gilbert & LaDuca, LLP, on antitrust and product liability class actions, including *Generic Pharmaceuticals*, *HDD Suspension Assemblies*, *GAF*, and *Marino*.

12. I have served as counsel in a number of other significant cases, including:

- *Carr v. Flowers Foods, Inc.*, No. 2:15-cv-06391 (E.D. Pa.), *Coyle, et al. v. Flowers Foods, Inc.*, No. 2:15-cv-01372 (D. Ariz.), *Neff v. Flowers Foods, Inc.*, No. 5:15-cv-00254 (D. Vt.), *Noll v. Flowers Foods, Inc.*, No. 1:15-cv-00493 (D. Me.), *Rehberg v. Flowers Foods, Inc.*, No. 2:12-cv-00596 (W.D.N.C.), *Rosinbaum v. Flowers Foods, Inc.*, No. 7:16-cv-00233 (E.D.N.C.), a series of class actions challenging Flowers Foods' independent contractor model for its distributors;

- *In re Fedex Ground Package Systems, Inc.*, MDL 1700 (N.D. Ind.), a multi-district consolidated proceeding involving 40 different state class actions challenging FedEx Grounds' independent contractor model for its delivery drivers;

- *In re Target Corporation Customer Data Security Breach Litigation*, MDL 2522 (D. Minn.), to recover financial institutions' losses from the company's massive 2013 data breach;

- *In re Zurn Pex Plumbing Products Liability Litigation*, MDL 1958 (D. Minn.), a multi-state class action involving the failure of brass plumbing fixtures;

- *In re Levaquin Products Liability Litigation*, MDL 1943 (D. Minn.), a pharmaceutical mass tort MDL, serving as lead counsel team member and trial team member in two trials before this Court;

- *In re St. Jude Silzone Heart Valves Product Liability Litigation*, MDL 1396 (D. Minn.), involving medical device mass tort allegations and consumer protection allegations;

- In *Mehl v. Canadian Pacific Ry., Ltd.*, 02-cv-00009 (D.N.D.), I represented a class of victims of a derailment and chemical release, during which I collaborated with now-Minnesota District Court Judge Daniel O'Fallon to help draft the federal law passed in 2007 clarifying the scope, and thus preventing courts' application, of federal preemption in that case and future railroad tort cases nationally.

13. For about 10 years, I have co-authored and updated the chapter on Class Actions in the *Minnesota Business Torts Deskbook* Series, a publication first spearheaded by now-Minnesota District Judge Edward Wahl. The chapter outlines the requirements for class certification under both the Minnesota and Federal Rules of Civil Procedure, and informs practitioners of recent cases impacting class action procedures in this District. I have also participated in CLE panel discussions for this series on a biannual basis.

14. My peers recognized me as one of Minnesota's top 100 lawyers in 2020, as a Super Lawyer in Minnesota from 2015-2020, and as a Rising Star in Minnesota from 2006-2008 and 2010-2013.

15. ZR has more than 30 attorneys and devotes its practice to the representation of clients involved in complex liability and class action litigation involving antitrust, securities, consumer protection, products liability, data breach, and medical device and pharmaceutical mass torts. We also work as outside counsel to several state attorneys general offices to assist in various enforcement actions. Attached hereto is our firm resume.

16. Our firm has the resources necessary to serve on the Plaintiffs' Steering Committee in this litigation. We are ready and willing to invest the time and expenses needed to bring this action to a successful conclusion.

17.     Zimmerman Reed will also manage the litigation effectively and efficiently, avoid duplication of labor, assign tasks to attorneys and other firms commensurate with their experience and expertise, and employ a timekeeping and reporting protocol compliant with this Court's orders.

I affirm under penalty of perjury on this 14th day of January, 2021, that the foregoing is true to the best of my knowledge.

<u>s/David M. Cialkowski</u>
David M. Cialkowski