UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To: All Actions | Case No. 18-cv-1776 (JRT/HB) |

**PLAINTIFFS' UPDATE LETTER**

Dear Judge Bowbeer,

Plaintiffs submit this letter in accordance with the Court's Order Setting Case Management Conference and Rescheduling Motion Hearing (ECF No. 686) and Order Canceling Case Management Conference (ECF No. 735) to address the items on the parties' Proposed Joint Agenda (ECF No. 733).

This letter describes Plaintiffs' perspective on the progress the parties have made on discovery issues. Plaintiffs' position is that the parties do not have any ripe disputes that require Court intervention at this time, but are happy to address the items below.

**I.      Status of Discovery**

**a.   Search terms and methodology and use of TAR**

Class Plaintiffs are pleased to inform the Court that they have reached an agreement with each Defendant group regarding search terms. The parties served their notification of intent to use search terms on December 18, 2020. The parties diligently met and conferred over the past six weeks. Class Plaintiffs had originally hoped to wrap up search term discussions in January—and were able to reach agreement in January with Defendants Clemens, Hormel, Seaboard and Tyson. As described in the update letters at ECF Nos. 646-650, Class Plaintiffs continued to meet and confer regarding the search terms for Defendants Agri Stats, JBS, Triumph, Smithfield, and for the search terms for DPPs and CIIPs. This subset of parties continued to meet and confer, and we were able to resolve all outstanding issues regarding the search terms by Monday, February 8.

The parties are currently having conversations regarding the use of TAR, including the tools that the parties intend to use and an explanation of the validation process. These conversations are not complete, but Plaintiffs do not anticipate any issues that will require Court intervention at this time. We will update the Court as necessary.

556804.3

### b. Structured Data

Class Plaintiffs reached out to all Defendants by letter on November 20, 2020 to begin discussing structured data. Since that time, Class Plaintiffs have met individually with each Defendant group to discuss individualized issues related to structured data. These conversations are largely complete, and Plaintiffs do not anticipate any issues that will require Court intervention at this time.

Class Plaintiffs have also engaged in global discussions with Defendants regarding the time period for structured data. The parties had some differences, but over the past month the parties have been able to narrow the disagreement to one issue: the relevant time period of the structured data. Class Plaintiffs believe the time period for structured data should begin on January 1, 2005, and Defendants believe the time period for structured data should begin on July 1, 2005. The parties are still discussing the time period, but believe we can come to an agreement by March 29, 2021 (*see* ECF No. 729).

### c. Defendants' calendar entries

Class Plaintiffs served Requests for Production on all Defendants back in November 2018, and Defendants served their objections and responses to those requests in March 2019. Over the next several months, the parties began discussing certain issues related to these responses. Some of those issues were not able to be wrapped up before the Court's first Order on the Motions to Dismiss in August 2019 (ECF No. 360). The parties revitalized conversations on those issues after the second Order on the Motions to Dismiss was entered on October 10, 2020 (ECF No. 520). Over the course of the past several months, the parties have diligently met and conferred to narrow or avoid as many disputes as possible. As the Court is aware, we had two discrete carry-over issues that required Court intervention regarding custodians and documents.

The parties have not yet met and conferred regarding parameters for determining the relevance and responsiveness of hard copy and electronic calendar entries and the means of review (*see* Court Minutes at ECF No. 624). On March 2, 2021, Plaintiffs provided Defendants with a proposed list of categories of topics that are *prima facie* irrelevant for both calendars and contacts, such as kids' sports, doctor appointments, contact for divorce lawyer, etc. (the "Irrelevant Categories"). Plaintiffs proposed that: (a) Defendants remove only the clearly Irrelevant Categories of information listed from production; and (b) Defendants will produce any ambiguous or unspecified items, unless Defendants can demonstrate that an item is clearly irrelevant. Plaintiffs are willing to meet and confer regarding this process and/or the list of Irrelevant Categories.

### d. Puerto Rico's initial disclosures and discovery responses

Counsel for Puerto Rico and counsel for Defendants met and conferred regarding Puerto Rico's Rule 26(a) initial disclosures and responses to discovery requests propounded by Defendants, and agreed to a schedule by which Puerto Rico will endeavor to provide amended disclosures and respond to Defendants' discovery requests.

### e. Status of third-party document productions

Class Plaintiffs served subpoenas upon trade associations and industry analysts on November 23, 2020. Most of these entities asked for extensions to produce documents. To date, Plaintiffs have received documents from the American Feed Industry Association, the North American Meat Institute, Co-Bank, and the United States Department of Agriculture. Class Plaintiffs also received documents from Intelepeer and Comcast in response to Class Plaintiffs' subpoenas for phone records. These documents have been produced to all parties.

The Consumer and Commercial classes have also served subpoenas upon downstream entities, with many also requesting extensions to produce documents. To date, the Consumer class has not received any productions from the entities it served.

Defendants served subpoenas upon downstream data entities on February 9, 2021, and upon trade associations on February 26, 2021. Plaintiffs do not believe Defendants have received any documents from third parties at this time.

Dated: March 18, 2021

/s/ Bobby Pouya
Bobby Pouya (Pro Hac Vice)
Clifford H. Pearson (Pro Hac Vice)
Daniel L. Warshaw (Pro Hac Vice)
Michael H. Pearson (Pro Hac Vice)
PEARSON SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 92403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
cpearson@pswlaw.com
dwarshaw@pswlaw.com
bpouya@pswlaw.com
mpearson@pswlaw.com

Melissa S. Weiner (MN #0387900)
PEARSON, SIMON & WARSHAW, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610
mweiner@pswlaw.com

Bruce L. Simon
PEARSON, SIMON & WARSHAW, LLP
350 Sansome Street, Suite 680
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com

/s/ Arielle S. Wagner
Arielle S. Wagner (MN #0398332)
W. Joseph Bruckner (MN #0147758)
Brian D. Clark (MN #0390069)
Craig S. Davis (MN #0148192)
Simeon A. Morbey (MN #0391338)
Stephen M. Owen (MN # 0399370)
Stephanie A. Chen (MN #0400032)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
aswagner@locklaw.com
wjbruckner@locklaw.com
csdavis@locklaw.com
bdclark@locklaw.com
samorbey@locklaw.com
smowen@locklaw.com
sachen@locklaw.com

*Co-Lead Class Counsel for Direct Purchaser Plaintiffs*

/s/ Shana E. Scarlett
Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Steve. W. Berman
Breanna Van Engelen
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

/s/ Michelle J. Looby
Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
Michelle J. Looby (#388166)
Brittany Resch (#0397656)
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
bresch@gustafsongluek.com

*Co-Lead Counsel for Consumer Indirect Purchaser Plaintiffs*

/s/ Shawn M. Raiter
Shawn M. Raiter (MN# 240424)
LARSON • KING, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6518
sraiter@larsonking.com

Jonathan W. Cuneo
Joel Davidow
Blaine Finley
Yifei "Evelyn" Li
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
bfinley@cuneolaw.com
evelyn@cunelolaw.com

*Co-Lead Counsel for Commercial and Institutional Indirect Purchaser Plaintiffs*

*/s/* Kyle G. Bates
Kyle G. Bates (USDCPR-306412)
Todd M. Schneider
Matthew S. Weiler
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell St., Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
kbates@schneiderwallace.com
tschneider@schneiderwallace.com
mweiler@schneiderwallace.com

Peter B. Schneider
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
3700 Buffalo Speedway, Suite 300
Houston, Texas 77098
Telephone: (713) 338-2560
Facsimile: (415) 421-7105
pschneider@schneiderwallace.com

Ines Carrau Martinez
Attorney General

Johan M. Rosa Rodríguez
PR Bar No. 16819
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 2600, 2601
Fax: (787) 721-3223
jorosa@justicia.pr.gov

*Counsel for the Commonwealth of Puerto Rico*

*/s/* Patrick J. Ahern
Patrick J. Ahern
AHERN AND ASSOCIATES, P.C.
Willoughby Tower
8 South Michigan Ave., Suite 3600
Chicago, IL 60603
Telephone: (312) 404-3760
patrick.ahern@ahernandassociatespc.com

*Counsel for Direct Action Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC*