**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/HB) |
| | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT AGREEMENT BETWEEN CONSUMER INDIRECT PURCHASER PLAINTIFFS AND THE JBS DEFENDANTS** |
| This Document Relates to: | |
| All Consumer Indirect Purchaser Actions | |

Now before the Court is Consumer Indirect Purchaser Plaintiffs' ("Consumer IPPs") Motion for Preliminary Approval of Settlements with Defendants JBS USA Food Company, JBS USA Food Company Holdings, and Swift Pork Company (collectively, "Settling Defendants").

The Court, having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreement between the JBS defendants and consumer IPPs ("Settlement Agreement") and the file, hereby ORDERS:

1.      This Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

2.      This Court certifies a Settlement Class defined as:

[A]ll persons and entities who purchased pork indirectly from any of the Defendants or any co-conspirator, or their respective subsidiaries or affiliates, for personal use in the United States from at least as early as January 1, 2009 until the date of the order granting Preliminary Approval of the Settlement Agreement. Specifically excluded from the Settlement Class are the Defendants; the officers, directors or employees of any

- 1 -

Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from this Settlement Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and members of his/her immediate family and judicial staff, and any juror assigned to this action.

This class definition is in all material respects the same settlement class proposed in consumer IPPs Second Amended Consolidated Amended Class Action Complaint, ECF Nos. 393 (redacted), and 392 (sealed), and the same class set forth in the Settlement Agreement. *See* Settlement Agreement, ¶ 5.

3.      The Court appoints the law firms of Hagens Berman Sobol Shapiro LLP and Gustafson Gluek, PLLC as Co-Lead counsel for the Settlement Class.

4.      Upon review of the record, the Court finds that the proposed Settlement Agreement has been negotiated at arm's length, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing. The Court finds that the Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement may be given to the Settlement Class when appropriate.

5.      Within 60 days, Co-Lead Counsel will move the Court to approve a program to notify members of the Settlement Class of this and any other then-pending settlements.

6.      After Class Notice has been approved and disseminated, the Court shall hold a hearing on the Proposed Settlement to determine whether it is fair, reasonable, and adequate, and whether it should be finally approved by the Court (the "Fairness Hearing").

7.      After Notice has been disseminated, Class Members who wish to exclude themselves from this Settlement Agreement will be required to submit an appropriate and timely request for exclusion, and Class Members who wish to object to this Settlement Agreement must submit an appropriate and timely written statement of the grounds for objection. Class Members who wish to appear in person to object to this Settlement Agreement may do so at the Fairness Hearing pursuant to directions by the Court.

8.      Terms used in this Order that are defined in the Settlement Agreement is, unless otherwise defined herein, used as defined in the Settlement Agreement.

9.      If this Settlement Agreement is terminated or rescinded in accordance with its provisions, or otherwise does not become Final, then the Settlement Agreement and all proceedings in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the status quo ante rights of consumer IPPs, the Settling Defendant, and the members of the Class. The Parties shall also comply with any terms or provisions of the Settlement Agreement applicable to termination, rescission, or the Settlement otherwise not becoming Final.

10.     Neither this Order nor this Settlement Agreement shall be deemed or

- 3 -

construed to be an admission or evidence of any violation of any statute, law, rule, or regulation or of any liability or wrongdoing by Settling Defendant JBS or of the truth of any of consumer IPPs' Claims or allegations, nor shall it be deemed or construed to be an admission nor evidence of Released Parties' defenses.

11.     The Action with respect to consumer IPPs' Claims is stayed as to the JBS Released Parties (as that term is defined in the Settlement Agreement) except as necessary to effectuate this Settlement.

IT IS SO ORDERED.

DATED: _____

_____
HONORABLE JOHN R. TUNHEIM
CHIEF JUDGE, UNITED STATES
DISTRICT COURT

- 4 -