**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>All Consumer Indirect Purchaser Actions | Case No. 0:18-cv-1776 (JRT-HB)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPROVE THE MANNER AND FORM OF CLASS NOTICE REGARDING SETTLEMENT WITH JBS DEFENDANTS** |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT ...................................................................................................... 2

    A. Plaintiffs' proposed Class Notice clearly and fairly apprises Class members of the nature of this class action and the scope of their rights and should be approved. ............................................................................................... 2

    B. The proposed manner of notice dissemination is reasonable and represents the best notice practicable under the circumstances ...................................... 5

III. PROPOSED SCHEDULE ................................................................................... 9

IV. CONCLUSION .................................................................................................. 10

010736-11/1557345 V3

## TABLE OF AUTHORITIES

Page(s)

### FEDERAL CASES

*Caligiuri v. Symantec Corp.*,
  855 F.3d 860 (8th Cir. 2017). .................................................................................. 4

*Eisen v. Carlisle & Jacquelin*,
  417 U.S. 156 (1974) ........................................................................................... 3, 4, 5

*Hanlon v. Palace Entm't Holdings, LLC*,
  2012 WL 27461 (W.D. Pa. Jan. 3, 2012) ................................................................. 5

*Kelly v. Phiten USA, Inc.*,
  277 F.R.D. 564 (S.D. Iowa 2011) ............................................................................ 5

*Khoday v. Symantec Corp.*,
  2016 WL 1637039 (D. Minn. Apr. 5, 2016) ............................................................ 4

*Khoday v. Symantec Corp.*,
  2016 WL 1626836 (D. Minn. Apr. 22, 2016) .......................................................... 4

*Petrovic v. Amoco Oil Co.*,
  200 F.3d 1140 (8th Cir. 1999) .............................................................................. 3, 5

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985) ................................................................................................. 3

*Reynolds v. Nat'l Football League*,
  584 F.2d 280 (8th Cir.1978) .................................................................................... 3

*Smith v. SEECO, Inc.*,
  865 F.3d 1021 (8th Cir. 2017) ................................................................................. 5

*In re Zurn Pex Plumbing Prods. Liab. Litig.*,
  2013 WL 716088 (D. Minn. Feb. 27, 2013) ............................................................ 1

### FEDERAL RULES

Federal Rule of Civil Procedure 23 .............................................................................*passim*

## OTHER AUTHORITIES

3 Newberg on Class Actions § 8:31 (4th ed. 2002) .............................................................. 4

Ann. Manual Complex Lit. § 21.311 (4th ed.). ................................................................... 4

## I. INTRODUCTION

On April 2, 2021, this Court granted preliminary approval to the $20 million settlement between the Consumer Indirect Purchaser Plaintiffs and the JBS Defendants.[1] ECF No. 752. Pursuant to Federal Rule of Civil Procedure 23(e), Consumer Indirect Purchaser Plaintiffs ("Plaintiffs" or "IPPs") now move for an order approving their proposed notice program for the settlement and directing settlement to the class.

The proposed form and manner of notice dissemination here is supported by an experienced notice and claims administrator, A.B. Data, Ltd. ("A.B. Data") and is set forth in more detail in the supporting Declaration of Eric Schachter, A.B. Data's Vice President ("Schachter Decl."), A.B. Data has been appointed as notice, claims, and/or settlement administrator in hundreds of high-volume consumer, antitrust, civil rights, insurance, ERISA, securities, and wage and hour class action cases. Schachter Decl., ¶ 4. Class Counsel has worked with Mr. Schachter and his team at A.B. Data to develop the proposed form(s) of class notice as well as the proposed manner of dissemination to the Class. Mr. Schachter submits a declaration in support of the Proposed Notice Plan attesting to its adequacy and constitutionality. The proposed form of notice provides the information required by Rule 23(c)(2)(B) to the Class, in language—both English and Spanish—that is plain and engaging. Schachter Decl., ¶¶ 12, 17.[2] With this motion,

---

[1] JBS Defendants refers to JBS USA Food Company, JBS USA Food Company Holdings, and Swift Pork Company.

[2] *See also In re Zurn Pex Plumbing Prods. Liab. Litig.*, No. 08-MDL-1958 ADM/AJB, 2013 WL 716088, at *8 (D. Minn. Feb. 27, 2013) (approving notices with

Plaintiffs provide proposed forms for the Email Notice and full proposed long-form notice ("Website Notice"). *Id.*, 9-12.

The Class Notice and the manner of dissemination proposed here meet the requirements of Rule 23 and of constitutional due process and should be approved.

## II.   ARGUMENT

**A.   Plaintiffs' proposed Class Notice clearly and fairly apprises Class members of the nature of this class action and the scope of their rights and should be approved.**

In any class action certified under Rule 23(b)(3), the Court must direct notice of class certification to class members using the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The class notice must "clearly and concisely state in plain, easily understood language" the following: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members. *Id.*

Because class members are bound by the results of a certified Rule 23(b)(3) class action unless they affirmatively opt out, this class notice is required as a matter of

---

form and content that is "direct, understandable, and consistent with the 'plain language' principles advanced by the Federal Judicial Center.").

constitutional due process to protect the rights of the absent class members.[3] To meet the requirements of Rule 23 and constitutional due process, the class notice should be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"[4]

The information provided to the class members in the notice must be structured "in a manner that enables class members rationally to decide whether they should intervene in the settlement proceedings or otherwise make their views known."[5] As such, the notice of settlement must be sufficiently detailed to permit class members to determine the potential costs and benefits involved, or at least whether additional investigation into the matter would be an efficient use of their time.[6] Notice need not provide "a complete source of information" or an exact amount of recovery for each class member.[7] Best notice practicable means "individual notice to all members who can be identified through reasonable effort."[8] Notice that is mailed to each member of a settlement class "who can be identified through reasonable effort" constitutes reasonable

---

[3] *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974).

[4] *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1153 (8th Cir. 1999) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

[5] *Reynolds v. Nat'l Football League*, 584 F.2d 280, 285 (8th Cir.1978).

[6] *Id.*

[7] *Petrovic*, 200 F.3d at 1153 (citing *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1176 (8th Cir. 1995)).

[8] *Eisen*, 417 U.S. at 173.

notice.[9] Furthermore, in addition to United States mail, notice may be by electronic means, or other appropriate means.[10] Other members may be notified by publication.[11]

Plaintiffs' proposed Website Notice (Schachter Decl., Ex. C) meets these requirements and follows the model class notice guidelines set forth in leading class action treatises.[12] The proposed Website Notice contains all of the information necessary to allow Class members here to make informed decisions and includes the information required by Rule 23(c)(2)(B), describing the central elements of IPPs' claims in clear and simple language. Schachter Decl., ¶ 12, Ex. C. The proposed Website Notice states the class definition, a brief overview of the case, the option for any Class member to opt out and the procedure to do so, a statement that a judgment will bind Class members who do not opt out, and the right of any member who does not opt out to appear in the case through his or her own lawyer. *Id.* Also, should additional information be needed, the proposed Website Notice clearly designates and provides contact information for the claims administrator and Class Counsel. *Id.*

The proposed Website Notice plainly satisfies the requirements of due process and the specific requirements of Rule 23(c)(2)(B).

---

[9] *Id.* at 176.

[10] Fed. R. Civ. P. 23(c)(2)(B).

[11] *Khoday v. Symantec Corp.*, No. 11-cv-180 (JRT/TNL), 2016 WL 1637039, at *4 (D. Minn. Apr. 5, 2016), *report and recommendation adopted*, 2016 WL 1626836 (D. Minn. Apr. 22, 2016), *aff'd sub nom. Caligiuri v. Symantec Corp.*, 855 F.3d 860 (8th Cir. 2017).

[12] *See* 3 Newberg on Class Actions § 8:31 at 253-59 (4th ed. 2002); Certification Notice, Ann. Manual Complex Lit. § 21.311 (4th ed.).

## B. The proposed manner of notice dissemination is reasonable and represents the best notice practicable under the circumstances.

In a class action certified under Rule 23(b)(3), the rule provides for "the best notice that is practicable under the circumstances," including individual notice to all members who can be identified through reasonable effort. The requirement for the best notice practical "is essentially an interest in due process."[13] Although Rule 23 requires that reasonable efforts be made to reach all Class members, it does not require that each individual actually receive notice.[14] And while direct mail notice is typically considered the best form of notice under Rule 23(c)(2)(B), courts routinely approve notice programs that do not include direct mailed notice when such notice is impracticable, but include other approaches to notice, tailored to the relevant circumstances and designed to reach class members.[15] Indeed, the recent amendments to Rule 23(c)(2)(B) that went into effect on December 1, 2018, codify what the case law has long held and puts notice by "electronic means, or other appropriate means"—such as notice via email—on an equal footing as notice by "United States mail."

---

[13] *Smith v. SEECO, Inc.*, 865 F.3d 1021, 1025–26 (8th Cir. 2017) (citing *Eisen*, 417 U.S. 156 at 173-74).

[14] *Eisen*, 417 U.S. at 176; *see also Petrovic*, 200 F.3d at 1153.

[15] *See, e.g.*, *Hanlon v. Palace Entm't Holdings, LLC*, No. 11-987, 2012 WL 27461, at *6 (W.D. Pa. Jan. 3, 2012) (finding that both publication and email notice satisfied Rule 23 and due process requirements where the email list contained those persons most likely to be members of the class); *Kelly v. Phiten USA, Inc.*, 277 F.R.D. 564, 569-70 (S.D. Iowa 2011) (approving a notice plan that provided direct notice to the roughly 115,000 known class members through email).

Plaintiffs propose a state-of-the-art notice program designed by an experienced notice and claims administrator, A.B. Data. The notice program includes (1) direct email notice, (2) publication notice, (3) internet notice, (4) an earned media plan, (5) banner ads, (6) a case-specific website, and (7) a case-specific toll-free number.

**Direct Email**. Plaintiffs have already subpoenaed and received contact information for approximately one million class members (although deduplication has not yet occurred). Plaintiffs will continue to seek the email addresses from third parties to the extent possible from retail grocery stores and warehouse clubs. A.B. Data will send individual email notice to each potential class member whose email addresses are known. Schachter Decl., ¶¶ 9-12. A.B. Data will perform several tasks to maximize deliverability and avoid SPAM and junk filters. *Id.* These tasks include running the list of recipient email addresses through a deliverability analysis to ensure the email addresses are valid, and working with A.B. Data contacts at the email service providers to develop sending strategies to achieve optimal deliverability. *Id.* A.B. Data will also incorporate certain best practices to maximize deliverability, such as ensuring no inclusion of words or phrases known to trigger SPAM or junk filters, not including attachments to the email, and sending the emails in tranches over a period of days or weeks. *Id.*

The email notice will also include the case specific website, www.overchargedforpork.com, where Class Members will have access to the updated Website Notice, exclusion and objection deadlines, the Settlement Agreements, and other information about the Settlements. *Id.*, ¶ 24. The proposed Email Notice is included as **Exhibit B** to the Schachter Declaration. A more detailed long-form notice

- 6 -

(the Website Notice), will be available for download on the case-specific website and will also be included as a form of "frequently asked questions" or FAQ on the website. The proposed Website Notice is included as **Exhibit C** to the Schachter Declaration.

**Publication Notice**. To supplement the direct notice program, Consumer IPPs also propose a publication notice program. The publication plan includes paid media and earned media components. A.B. Data proposes using both traditional digital targeting and a hyper-targeted strategy that includes behavioral, placement, and context targeting to reach Settlement Class Members online. *Id*., ¶¶ 13-17. Moreover, the Notices have been designed to be highly visible and noticeable. A.B. Data will place the Notices in "premium position" on websites and social media sites. *Id*., ¶ 13. Each of the following elements of publication notice have been specifically designed to be readable, noticeable, targeted, and widely disseminated to sources calculated to reach potential Settlement Class Members. *Id*., ¶ 13.

**Banner Advertisements**. Digital banner and social media newsfeed advertisements, targeted specifically to Settlement Class Members, will provide the Class with additional opportunities to be apprised of the Settlements and their rights. These banner advertisements and social media newsfeed advertisements will appear on a rotating schedule in multiple formats across desktop and mobile devices in both English and Spanish. *Id*., ¶¶ 14-17.

The banner advertisements will be placed via *Google Display Networks* and *Google AdWords*, and on the social media platforms *Facebook*, *Instagram*, and *YouTube*, leading social media sites in the United States. *Id.* A case-specific Facebook page will

also be created as a landing page for the links in the Facebook and Instagram newsfeed ads. *Id.*, ¶ 15. A.B. Data also proposes displaying these banner advertisements for 30 days, which is expected to generate a minimum of 340,000,000 impressions. *Id.*, ¶¶ 13, 19. Clicking on any such Banner Notice will bring the reader to the case website where they can obtain detailed information about the case. *Id.*, ¶ 14. An example of a proposed Banner Notice is included as **Exhibit D** to the Schachter Declaration.

**Sponsored Internet Search Listings**. Additionally, sponsored search listings, directing Settlement Class Members to the case website, will be acquired on Google, the most visited search engine. *Id.*, ¶ 18. When identified target phrases and keywords relevant to the action are used in searches on Google, links to the Settlement website will appear on the search result pages. *Id.* This earned media component will be available to Settlement Class Members throughout the U.S., and will assist them in finding and accessing the case website.

**Informational Release**. As a further supplement to the above-described elements, an "Informational Release" will be issued to approximately 10,000 news outlets, including print, broadcast, and digital websites across the United States. *Id.*, ¶ 21. The news release will also be translated and published to *PR Newswire*'s U.S. Hispanic media contacts and Hispanic news websites. *Id.* News about the Settlement will also be sent via Twitter to the followers of *PR Newswire* and A.B. Data. *Id.* While A.B. Data cannot guarantee that any news stories will result from these efforts, if they do, Settlement Class Members will have additional opportunities to learn about their rights.

- 8 -

**Settlement Website**. A.B. Data will implement and maintain a case-specific website for this matter. *Id.*, ¶ 24. The Website Notice, which contains a detailed summary of the terms of the Settlement, will be posted prominently. *Id*. The website will also provide, among other things, a summary of the case, all relevant documents, important dates, and any pertinent updates concerning the litigation or the settlement process. *Id*. The website will be secure, with an "https" designation. The Banner Notices will link directly to the case website, and Google Analytics and Facebook Pixel tracking codes will be placed on the website to ensure accurate optimization with the digital and social media ads. *Id*. Answers to Frequently Asked Questions (FAQs) also will be updated as appropriate. The case website address is displayed prominently on all Notice documents.

**Toll-Free Number and Mailing Address**. A.B. Data will also implement and maintain a toll-free telephone number with an automated interactive voice response system. *Id.*, ¶ 23. The automated interactive voice response system will present callers with a series of choices to hear prerecorded information concerning the Settlement. *Id.*

### III.   PROPOSED SCHEDULE

The last step in the settlement approval process is the final approval hearing at which the Court may hear all evidence necessary to evaluate the proposed Settlement. At that hearing, proponents of the Settlements may explain and describe their terms and conditions and offer argument in support of the Settlement's approval, and members of the Settlement Class or their counsel may be heard regarding the proposed settlements if they choose.

Plaintiffs propose the following schedule for the dissemination of notice, period for objections, and motion for final approval:

| EVENT | DATE |
|---|---|
| Notice campaign begins through direct email and implementation of publication notice campaign | 30 days from order directing notice |
| Last day for Co-Lead Counsel to move for attorneys' fees and expenses | 76 days from order directing notice |
| Last day for Settlement Class Members to request exclusion from the class, to object to settlement, to file notices to appear at the final approval hearing | 90 days from order directing notice |
| Co-Lead Counsel to provide JBS with a list of all persons and entities who have timely and adequately requested exclusion from the Settlement Class | 97 days from order directing notice |
| Co-Lead Counsel shall file a motion for final approval of the settlement and all supporting documents, as well as responses to any objections to the settlement or attorneys' fees | 14 days before the Final Approval Hearing |
| Final Approval Hearing, and Hearing on Request for Attorneys' Fees and Expenses | 40 days after the last day to request exclusion from the settlement, or as soon thereafter as may be heard by the Court |

## IV.  CONCLUSION

With the Class likely to be certified under Rule 23(b)(3), Plaintiffs respectfully request that the Court direct notice to the certified Class pursuant to Rule 23(c)(2)(B). For all the foregoing reasons, Plaintiffs respectfully request that the Court approve the proposed form of Notice and the proposed manner of dissemination to the Class.

DATED: June 1, 2021                           HAGENS BERMAN SOBOL SHAPIRO LLP


By:   s/ Shana E. Scarlett
      SHANA E. SCARLETT

Rio Pierce
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com
riop@hbsslaw.om

Steve W. Berman
Breanna Van Engelen
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
Michelle J. Looby (#388166)
Joshua J. Rissman (#391500)
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com

*Counsel for Consumer Indirect Purchaser Plaintiffs*

- 11 -