UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFF ACTIONS | Case No. 0:18-cv-01776-JRT-HB |

**MEMORANDUM IN SUPPORT COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED AND CONSOLIDATED CLASS ACTION COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1, Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs") seek leave to file their proposed Fourth Amended and Consolidated Class Action Complaint ("FAC"). In accordance with Local Rule 15.1, attached hereto as Exhibit A is a copy of CIIPPs' proposed FAC that tracks in redline how the proposed amended complaint differs from the operative pleading, the CIIPPs' Third Amended and Consolidated Class Action Complaint, *see* Dkt. 432. Attached hereto as Exhibit B is a copy of CIIPPs' proposed FAC in which the edits shown in redline in Exhibit A have been accepted.

CIIPPs seek leave to file an amended complaint primarily in order to add named plaintiffs. *See* FAC at ¶¶ 23–26. The other edits contemplated by the proposed FAC consist of changes directed at conforming the claims advanced by CIIPPs to the Court's Amended Memorandum Opinion and Order, *see* Dkt. 520, in which it denied in part and granted in

part defendants' motions to dismiss. *See, e.g.*, FAC at ¶¶ 2, 247 n.83. Last, the proposed FAC no longer includes an entity that was previously voluntarily dismissed. *See* Dkt. 466.

I.  **FACTUAL BACKGROUND**

Pursuant to a stipulation between CIIPPs and the defendants in this litigation, *see* Dkt. 427, CIIPPs filed their operative complaint, the Commercial and Institutional Indirect Purchaser Plaintiff Third Amended and Consolidated Class Action Complaint, on January 15, 2020. Dkt. 432. Subsequently, the Court largely denied the defendants' motions to dismiss, *see* Dkt. 520, on October 20, 2020 and entered a Pretrial Scheduling Order ("PSO") in this matter, *see* Dkt. 658, on January 26, 2021. The PSO provides that any motion seeking to add parties must be filed by June 1, 2021. *See* Dkt. 658 at 2.

II. **Legal Standard**

Federal Rule of Civil Procedure 15 generally "governs when and how a plaintiff may amend his complaint." *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1140 (8th Cir. 2014). Rule 15 allows an amendment "with the opposing party's written consent or the court's leave," which should be freely given. Fed. R. Civ. P. 15(a)(2). A district court can refuse to grant leave to amend a pleading "only where it will result in:"

> [U]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.

*Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The burden of showing that one of these factors is met is on the opposing party, *id.*, and it cannot be met here.

### III.   ARGUMENT

CIIPPs seek leave to file the FAC in order to add named plaintiffs because doing so will add to the adjudication of the defendants' alleged antitrust violations. The proposed amendment does not run afoul of the criteria that the Supreme Court enumerated in *Foman* because it is not in bad faith, it was not unduly delayed, it will cause no prejudice (let alone undue prejudice) to the defendants, and it is not futile. Thus, CIIPPs' proposed amendment should be permitted.

#### A.   CIIPPs' Proposed Amendment Is In Good Faith.

This is the first request for leave to amend filed by CIIPPs since the issuance of the PSO, and leave to amend is sought in good faith. The named plaintiffs to be added will be bringing claims that flow the same nucleus of operative facts upon which the current CIIPPs' claims are based. The requested amendment will assist in a full and final adjudication of the defendants' alleged antitrust violations.

#### B.   CIIPPs Have Not Delayed In Moving To Amend.

CIIPPs have acted reasonably in seeking leave to amend in line with the June 1 deadline set by the PSO. The PSO was entered by the Court in response to a joint submission made by plaintiffs and defendants in this litigation. *See* Dkt. 642. It represents the Court's reasoned judgment made after considering the positions of the plaintiffs and defendants.

### C. Granting CIIPPs Leave To Amend Will Not Prejudice Defendants.

"The burden of proof of prejudice is on the party opposing the amendment." *Roberson v. Hayti Police Dep't,* 241 F.3d 992, 995 (8th Cir. 2001) (quoting *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)). The filing of CIIPPs' proposed amended complaint would occur in the middle of the discovery process. Defendants will still have the opportunity to review discovery produced by and depose the new named plaintiffs to be added in the FAC. Even if delay were established, "it is well-settled that delay alone is not a sufficient reason for denying leave." *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981). "The delay must have resulted in prejudice to the party opposing the motion." *Id.* The opposing party must describe this prejudice with specificity. *Sanders*, 823 F.2d at 217 (holding that the district court abused its discretion in denying leave to amend where the defendants could not "point to any specific way in which they would be prejudiced if [the plaintiff was] permitted to amend the complaint").

### D. Futility Cannot be Established Under Rule 15.

The CIIPP action largely survived the defendants' motions to dismiss, so the proposed additional named plaintiffs will be joining an action that was found to be viable at the motion to dismiss stage of this litigation. The proposed additional named plaintiffs cannot be said to be bringing untimely claims, since, as members of the putative CIIPP class, the statutes of limitation will have been tolled for their claims. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 552–54 (1974). The CIIPP named plaintiffs are not seeking to add new claims, but even if they were, the standard for doing so is low and would not be

prohibitive. *See Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1256 (8th Cir. 1994). ("Likelihood of success on the new claim is no basis for denying an amendment unless the claim asserted therein is clearly frivolous."); *see also Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 944 (8th Cir. 2000) ("This court stated in *Buder* that, in deciding whether to permit a proffered amendment, a court should not consider the likelihood of success unless the claim is 'clearly frivolous.'" (quoting *Buder*, 644 F.2d at 695)).

## IV.   CONCLUSION

For the foregoing reasons, Commercial and Institutional Indirect Purchaser Plaintiffs respectfully request that the Court grant their motion for leave to file the proposed Fourth Amended and Consolidated Class Action Complaint.

Dated: June 1, 2021                    Respectfully submitted,

By: */s/ Blaine Finley*
Jonathan W. Cuneo (*pro hac vice*)
Blaine Finley (*pro hac vice*)
Yifei (Evelyn) Li (*pro hac vice*)
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Ave. NW, Suite 200
Washington, DC 20016
(202) 789-3960 Telephone
jonc@cuneolaw.com
bfinley@cuneolaw.com
evelyn@cuneolaw.com

Shawn M. Raiter (MN# 240424)
**LARSON • KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN  55101
(651) 312-6518 Telephone
sraiter@larsonking.com

***Interim Co-Lead Counsel for Commercial and Institutional Indirect Purchaser Plaintiffs***

Don Barrett (*pro hac vice*)
David McMullan (*pro hac vice*)
Sterling Starns (pro hac vice)
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
(662) 834-2488 Telephone
dbarrett@barrettlawgroup.com
dmcmullan@barrettlawgroup.com
sstarns@barrettlawgroup.com

6

Jon Tostrud
Anthony Carter (*pro hac vice*)
**TOSTRUD LAW GROUP, PC**
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
jtostrud@tostrudlaw.com
acarter@tostrudlaw.com

J. Gordon Rudd, Jr., (MN# 222082)
David M. Cialkowski, (MN# 0306526)
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
T: 612.341.0400
gordon.rudd@zimmreed.com
david.cialkowski@zimmreed.com
behdad.sadeghi@zimmreed.com

Marcus Bozeman (*pro hac vice*)
**BOZEMAN LAW FIRM, P.A.**
400 West Capitol, Suite 1700
Little Rock, Arkansas  72201
https://www.bozemanfirm.com
T:  (501) 492-3441
mbozeman@bozemanfirm.com

*Interim Plaintiffs' Steering Committee for Commercial and Institutional Indirect Purchaser Plaintiffs*