**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION* <br><br> This Document Relates To: All Actions | Case No. 18-cv-1776 (JRT/HB) |

**PLAINTIFFS' UPDATE LETTER**

Dear Judge Bowbeer,

    Plaintiffs submit this letter in accordance with the Court's Order for Case Management Conference (ECF No. 764) to address the items on the parties' Proposed Joint Agenda (ECF No. 771).

    This letter describes Plaintiffs' perspective on the progress the parties have made on discovery issues and the issues they would like to discuss with the Court at the June 4, 2021 status conference.

### I. Plaintiffs' Agenda Items

#### a. Proposed Validation Protocol

    The parties are still discussing the use of TAR, including the tools that the parties intend to use and an explanation of the validation process. Plaintiffs are happy to answer any questions the Court may have regarding the proposed validation protocol (ECF No. 534).

#### b. Structured data

    Plaintiffs reached out to all Defendants by letter on November 20, 2020 to begin discussing structured data. Since that time, Plaintiffs have met globally and individually with each Defendant group to discuss issues related to structured data.

    The first deadline to reach agreement on production of structured data or seek relief from the Court was originally set for January 15, 2021 (*see* ECF No. 532). As the Court is aware, the parties sought several extensions to this deadline (*see* ECF No. 747), and over the course of the following months, the Parties were able to come to an agreement regarding the scope of production, the relevant time period for structured data, and the categories of pork products for which structured data would be produced, with one exception on this last point. The Winn-Dixie Plaintiffs disagree on the scope of the categories of pork products

for which structured data would be produced. Their position is that the scope of such categories is broader than what Defendants propose.

One issue still remains regarding the date of production of structured data. As the parties wrapped up discussions regarding the scope of structured data, Plaintiffs requested that each Defendant commit to producing its structured data by June 15, 2021. We believe this deadline is appropriate, and that the goal of the Court's scheduling order (ECF No. 749) was to make sure that the parties met and conferred about all issues relating to the production of structured data—including the timing of those productions. Defendants, on the other hand, have largely taken the position that the substantial completion deadline of September 1, 2021, applies to the structured data deadline.

As Plaintiffs explained to each Defendant, we made the request for a June 15 deadline because of the time needed to process and analyze the data in advance of the February 7, 2022 class certification deadline. As noted above, Plaintiffs originally proposed a January 15 deadline to reach agreement regarding scope of production of structured data. Plaintiffs anticipated that discussions would be complete at that time, and that production of the data would begin shortly after—in early 2021. Plaintiffs did not intend or understand that the substantial completion deadline of September 1, 2021 would apply to structured data. If Plaintiffs had understood that Defendants' structured data may not be produced until September 2021, we would not have proposed a February 2022 class certification deadline. Even if structured data productions need not be *substantially complete* until September 1, 2021, in light of Defendants' statements at the December 18, 2020 status conference that they were agreeable to rolling document productions and rolling privilege logs, the scheduling order should be understood to contemplate that Defendants would begin making rolling productions of structured data at an earlier practicable time well in advance of the deadline for substantial completion of productions—not a last-minute production of what might amount to all or substantially all the data. *See* Tr. of Dec. 18, 2020 Rule 16 Conference 28:20-24 ("We could agree to rolling privilege logs on some basis as we're producing documents next year, maybe every 60 days or so, so that they are not getting one single privilege log in November right before Thanksgiving."), 29:5-7 ("I think we can prioritize certain custodians, get their documents out early.")

Receipt of at least a substantial proportion of Defendants' structured data well in advance of September 1 is critical because it will take time and substantial effort for Plaintiffs' experts to process, clean, and utilize the data in their economic or econometric analysis concerning issues such as class-wide damages and antitrust impact. Plaintiffs understand Defendants' concerns regarding their ability to produce all data by June 15, and are willing to work with Defendants regarding the final date of production. Plaintiffs would agree to rolling productions that prioritize producing structured data related to sales. But

Plaintiffs need a process in place to ensure that these rolling productions begin in June or early July 2021 in order to meet the class certification deadline.

The parties have not reached an impasse and are still discussing the date of production with each Defendant group. Some, but not all, Defendants have expressed willingness to produce their structured data on a rolling basis, but no Defendant has agreed to a date certain by which it would begin those productions, or even expressed any willingness to commit to such a date certain at all on any date prior to September 1.

Accordingly, Plaintiffs wish to discuss the timing of structured data productions at the June 4 status conference. Plaintiffs respectfully seek any guidance the Court may offer regarding the timing of Defendants' productions of structured data or how the Court would prefer the parties to formally raise this dispute, if it cannot be resolved after discussing the issue at the status conference.

### c. Update Regarding Other Discovery Issues

As described in our last update letter (ECF No. 737), the parties were in the process of meeting and conferring regarding parameters for determining the relevance and responsiveness of hard copy and electronic calendar entries and the means of review (*see* Court Minutes at ECF No. 624). Plaintiffs are pleased to inform the Court that they have reached an agreement with Defendants regarding the categories of hard copy and electronic calendar entries that will be produced.

Dated: June 2, 2021

| | |
|---|---|
| */s/* Bobby Pouya | */s/* Arielle S. Wagner |
| Bobby Pouya (Pro Hac Vice) | Arielle S. Wagner (MN #0398332) |
| Clifford H. Pearson (Pro Hac Vice) | W. Joseph Bruckner (MN #0147758) |
| Daniel L. Warshaw (Pro Hac Vice) | Brian D. Clark (MN #0390069) |
| Michael H. Pearson (Pro Hac Vice) | Joseph C. Bourne (MN #0389922) |
| Thomas J. Nolan (Pro Hac Vice) | Craig S. Davis (MN #0148192) |
| PEARSON SIMON & WARSHAW, LLP | Simeon A. Morbey (MN #0391338) |
| 15165 Ventura Boulevard, Suite 400 | Stephen M. Owen (MN # 0399370) |
| Sherman Oaks, CA 92403 | LOCKRIDGE GRINDAL NAUEN P.L.L.P. |
| Telephone: (818) 788-8300 | 100 Washington Avenue South, Suite 2200 |
| Facsimile: (818) 788-8104 | Minneapolis, MN 55401 |
| cpearson@pswlaw.com | Telephone: (612) 339-6900 |
| dwarshaw@pswlaw.com | Facsimile: (612) 339-0981 |
| bpouya@pswlaw.com | aswagner@locklaw.com |
| mpearson@pswlaw.com | wjbruckner@locklaw.com |
| tnolan@pswlaw.com | csdavis@locklaw.com |
| | bdclark@locklaw.com |
| Melissa S. Weiner (MN #0387900) | jcbourne@locklaw.com |
| PEARSON, SIMON & WARSHAW, LLP | samorbey@locklaw.com |
| 800 LaSalle Avenue, Suite 2150 | smowen@locklaw.com |
| Minneapolis, MN 55402 | |
| Telephone: (612) 389-0600 | *Co-Lead Class Counsel for Direct Purchaser Plaintiffs* |
| Facsimile: (612) 389-0610 | |
| mweiner@pswlaw.com | |

Bruce L. Simon
Benjamin E. Shiftan
PEARSON, SIMON & WARSHAW, LLP
350 Sansome Street, Suite 680
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com
bshiftan@pswlaw.com

*/s/* Shana E. Scarlett
Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Steve. W. Berman
Breanna Van Engelen
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

*/s/* Michelle J. Looby
Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
Michelle J. Looby (#388166)
Brittany Resch (#0397656)
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
bresch@gustafsongluek.com

*Co-Lead Counsel for Consumer Indirect Purchaser Plaintiffs*

*/s/* Shawn M. Raiter
Shawn M. Raiter (MN# 240424)
LARSON • KING, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6518
sraiter@larsonking.com

Jonathan W. Cuneo
Joel Davidow
Blaine Finley
Yifei "Evelyn" Li
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
bfinley@cuneolaw.com
evelyn@cunelolaw.com

*Co-Lead Counsel for Commercial and Institutional Indirect Purchaser Plaintiffs*

*/s/* Kyle G. Bates
Kyle G. Bates (USDCPR-306412)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
(415) 633-1908
kbates@hausfeld.com

Todd M. Schneider
Matthew S. Weiler
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell St., Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
tschneider@schneiderwallace.com
mweiler@schneiderwallace.com

Peter B. Schneider
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
3700 Buffalo Speedway, Suite 300
Houston, Texas 77098
Telephone: (713) 338-2560
Facsimile: (415) 421-7105
pschneider@schneiderwallace.com

Domingo Emanuelli-Hernández
Attorney General
Thaizza M. Rodriguez Pagán
Special Assistant
Office of the Secretary
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1806
Fax: (787) 721-3223
trodiguez@justicia.pr.gov

*Counsel for the*
*Commonwealth of Puerto Rico*

*/s/* Patrick J. Ahern
Patrick J. Ahern
AHERN AND ASSOCIATES, P.C.
Willoughby Tower
8 South Michigan Ave., Suite 3600
Chicago, IL 60603
Telephone: (312) 404-3760
patrick.ahern@ahernandassociatespc.com

*Counsel for Direct Action Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC*