UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>THE COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFF ACTIONS | Case No. 18-cv-1776 (JRT/HB)<br><br>**Commercial and Institutional Indirect Purchaser Plaintiffs' Memorandum in Support of Motion to Approve the Manner and Form of Class Notice Regarding Settlement with JBS Defendants** |

## INTRODUCTION

The Commercial and Institutional Indirect Purchaser Plaintiffs (CIIPPs) respectfully submit this Memorandum in support of their motion seeking Court approval to disseminate class notice for a preliminarily approved settlement of their claims against JBS USA Food Company; JBS USA Food Company Holdings; and Swift Pork Company (the "JBS defendants"). The CIIPPs also request that the Court schedule a hearing for final approval of the Settlement, at which the CIIPPS will ask the Court to consider an application for an award of expenses, attorneys' fees, and class representative service awards.

The Court granted preliminary approval of a settlement with JBS defendants (the "Settlement") on May 3, 2021 and, with the Court's consent, the CIIPPs deferred providing notice to class members until a later time. (Dkt. 767). It is now appropriate to commence the notice process under Rule 23 and to schedule a final approval hearing for the Settlement.

After considering proposals from several class action notice providers, Co-lead Counsel for the CIIPPs retained Epiq Class Action & Claims Solutions, Inc. ("Epiq"), an

experienced class-action notice consultant, to design and implement the notice plan. Hilsoft Notifications ("Hilsoft") is a business unit of Epiq, which specializes in designing, developing, analyzing, and implementing large-scale legal notification plans. (Declaration of Cameron Azari Decl. at 1). Hilsoft has been involved in more than 450 cases, including experience in more than 40 multi-district litigations and some of the most complex and significant notice programs in recent history. (*Id.*) Cameron Azari, a nationally recognized expert in the field of legal notice, is Vice President with Epiq and the Director of Legal Notice for Hilsoft. (*Id.*) Counsel for CIIPPs worked with Mr. Azari and his team to develop both the proposed form of class notice and the plan for dissemination of the notice.

The proposed comprehensive notice plan is reasonably expected to reach a minimum of 70% of the Settlement Class through direct Email Notice to 90,000 restaurants, supplemental media, digital advertising, and the establishment of a Settlement Website. (Azari Decl. at 12, 17). The proposed form of notice satisfies the requirements under Federal Rule of Civil Procedure 23 and comports with due process.

## ARGUMENT

**I.    The Court Should Approve the Form and Manner of Notice to the Commercial and Institutional Indirect Purchaser Plaintiff Settlement Class Members.**

Class members are entitled to reasonable notice of a proposed settlement under Federal Rule of Civil Procedure 23, which provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the [proposed settlement]." Fed. R. Civ. P. 23(e)(1). For a class certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

2

### A. The Proposed Notice Satisfies the Requirements of Federal Rule of Civil Procedure 23(e) and Due Process.

The notice of a class action settlement need only satisfy the broad "reasonableness" standards imposed by due process. *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1153 (8th Cir. 1999). A notice is adequate if "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). To satisfy due process, the notice must reflect a desire to inform. *Mullane*, 339 U.S. at 315. The mechanics of the notice process "are left to the discretion of the court subject only to the broad 'reasonableness' standard imposed by due-process." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975).

The notice plan should take reasonable steps to update addresses before mailing and provide for re-mailing of notices to better addresses when returned as undeliverable. *Jones v. Flowers*, 547 U.S. 220, 226–27 (2006). The "best notice practicable" does not mean actual notice, nor does it require individual mailed notice where there are no readily available records of class members' individual addresses or where it is otherwise impracticable. *In re Zurn Pex Plumbing Prods. Liab. Litig.*, No. 08-MDL-1958 (ADM/AJB), 2012 WL 5055810, at *8 (D. Minn. Oct. 18, 2012); *see Smith v. SEECO, Inc.*, 965 F.3d 1021, 1025-26 (8th Cir. 2017) (stating that best notice practicable "is essentially an interest in due process"). Furthermore, in addition to United States mail, notice may be by electronic means, or other appropriate means. Fed. R. Civ. P. 23(c)(2)(B).

CIIPPs propose providing notice through several different channels. Individual notice (the "Email Notice" Exhibit 2 to the Declaration of Cameron Azari) will be emailed to

3

approximately 90,000 restaurants nationwide as potential members of the Settlement Class. The Email Notice will be drafted in such a way that the subject line, the sender, and the body of the message overcome SPAM filters and ensure readership to the fullest extent practicable. (Azari Decl. at 12). The Email Notice will provide an embedded link to the Settlement Website where recipients may obtain additional information about the settlement with JBS. (*Id.*)

The Settlement Website will be established with an easy to remember domain name, and will allow class members to obtain detailed information about the case and review key documents, including: Complaints, Long Form Notice, Settlement Agreement, Preliminary Approval, Motions for Attorneys' Fees and Expenses, Final Approval Order, as well as answers to frequently asked questions (FAQs). (*Id.* at 16). The website address will be displayed prominently on all notice documents. (*Id.*) The proposed notice plan also establishes a toll-free telephone number for Settlement Class members to call for additional information, listen to answers to FAQs, and request that a notice be mailed to them. (*Id.*) The toll-free number will also be prominently displayed on all notices, and the automated phone system will be available 24 hours per day, 7 days per week. (*Id.*) Finally, the proposed notice plan establishes a post office box and email address for correspondence about the case, allowing the Settlement Class members to contact the Settlement Administrator with any specific requests or questions. (*Id.*)

To supplement direct Email Notice, the proposed notice includes a comprehensive media plan. The notice plan includes targeted banner advertising networks, which will be targeted to Settlement Class members. (*Id.* at 13). The internet Banner Notices will link directly to the Settlement Website, thereby allowing visitors easy access to relevant information and

4

documents. (*Id.*) The proposed Banner Notices (Ex. 4 to Azari Decl.) will be placed on the advertising networks *Google Display Network* and *Verizon (Yahoo) Audience Network*, which together cover 90% of the United States' population that is online.[1] (Azari Decl. at 13). The proposed notice plan also includes advertising on social media websites *Facebook and LinkedIn*, which have more than 220 million and 178 million members, respectively, in the United States. (*Id.* at 14). In total, the proposed comprehensive media plan is expected to generate over 180 million impressions nationwide over the course of approximately 31 days. (*Id.* at 14-15). On top of these impressions, the proposed notice plan includes sponsored search listings on the three most highly visited search engines: *Google*, *Yahoo!*, and *Bing*. (*Id.* at 15).

To further supplement the direct Email Notice and comprehensive digital advertising, the proposed notice plan includes an Information Release to be issued broadly over PR newswire to approximately 5,000 general media (print and broadcast) outlets, including local and national newspapers, magazines, national wire services, television and radio broadcast media across the United States, as well as approximately 4,500 websites, online databases, internet networks, and social networking media. (*Id.*) This Informational Release also will be distributed to more than 530 journalists that report specifically on restaurants and the food industry. (*Id.*)

The methods of notice proposed here are the best available under the circumstances. The proposed methods are well-designed to reach potential Settlement Class members and to comply with due process. The proposed notice program is expected to reach at least 70% of

---

[1] According to MRI-Simmons syndicated research, over 89% of adults over age 18 in the United States are online. (Azari Decl. at 13).

the Settlement Class, with an average frequency of 2.5 times. (Azari Decl. at 11). The "reach" for potential class members easily exceeds due process requirements and notice reach approved in other cases. *See, e.g.*, *Larson v. Sprint Nextel Corp.*, No. 07-5325 (JLL), 2009 WL 1228443, at *11 (D. N.J. Apr. 30, 2009) ("No case stands for the proposition that a publication notice reach of 49-53 percent is disallowed.")

### B. The Proposed Manner of Notice Satisfies the Requirements of Federal Rule of Civil Procedure 23(c).

For a class proposed under Rule 23(b)(3), whether litigated or by settlement, the notice must "clearly and concisely state in plain, easily understood language" seven types of information: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).

Both the Email Notice and Long Form Notice satisfy the requirements under Federal Rule of Civil Procedure 23(c)(2)(B). The proposed notices state in clear and concise plain language the nature of the action, the definition of the class certified, and the class claims, issues, and defenses. (*See* "Long Form Notice" Exhibit 3 Azari Decl.; Azari Decl. Ex. 2). Mr. Azari has attested that the proposed notices are designed to be "noticed" and reviewed by class members, and they are written in plain language so the notices will be understood by Settlement Class members. (Azari Decl. at 16). The proposed notices follow the principles embodied in the Federal Judicial Center's illustrative "model" notices posted at www.fjc.gov

and are written in simple, plain language to encourage readership and comprehension.[2] (*Id.* at 16-17). The proposed notice plan informs the class that they may—but are not required to—enter an appearance by an attorney, and clearly identifies the class members' right to opt out of the class if they desire. (Azari Decl. Ex. 3, at 6-7; *See also* Azari Decl. Ex. 2). The proposed notice plan clearly identifies the time and way a class member may opt out, in addition to the binding effect of a class judgment on members under Rule 23(c). (Azari Decl. Ex. 3 at 5-6; Azari Decl. Ex. 2).

At final approval, the CIIPPs will show that the form and content of the notices, together with the manners of dissemination, were reasonably calculated to reach the members of the Settlement Class and were the best form of notice available under the circumstances, in satisfaction of federal law and due process.

## II. The Proposed Notice Provides Class Members with Sufficient Information About the Details of the Settlement.

The notice plan provides potential members of the Settlement Class with information about the benefits available under the Settlement, their options, and the attorneys' fees, costs, and service awards that may be requested at final approval. The notice also advises that a proposed plan of allocation will be submitted for consideration by the Court.

### A. Plan of Allocation.

The notice plan will advise Settlement Class members that information about a plan of allocation that will be published on the Settlement Website when sufficient information is

---

[2] *See In re Zurn Pex Plumbing Prods. Liab. Litig.*, 2013 WL 716088, at *8 (D. Minn. Feb. 27, 2013) (approving notices with form and content that is consistent with the principles articulated by the Federal Judicial Center).

available to issue such a plan. The CIIPPs do not, in this motion, ask the Court to approve a plan of allocation, but the Court may grant final approval before approving a plan of allocation. *See, e.g.*, Manual § 21.312 ("Often . . . the . . . details of allocation and distribution are not established until after the settlement is approved"). Information about how the Settlement funds will be allocated through one or more plans of allocation will be published after CIIPPs and any allocation consultants have determined how settlement proceeds should be allocated and the Court has approved the plan.

### B.  Costs, Attorneys' Fees, and Service Awards.

Counsel for CIIPPs will seek reimbursement of certain litigation expenses already incurred during this litigation. *See, e.g.*, Fed. R. Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorneys' fees and untaxable costs that are authorized by law or by the parties' agreement"); *In re Endotronics, Inc.*, Civ. No. 4-87-130, 1989 WL 6746, at *1 (D. Minn. Jan. 30, 1989) (citing *Bradley v. School Bd. of City of Richmond*, 416 U.S. 696, 723 (1974)).

The notice plan advises Settlement Class member that CIIPPs counsel will request that a portion of the Settlement be put aside for potential service awards for businesses that have served as class representatives. *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 2008) (Class representatives are "an essential ingredient of any class action" and incentive awards are appropriate to induce a business or consumer to participate in worthy class action lawsuits). The CIIPP representative plaintiffs have already shouldered a discovery burden and still face discovery and trial with the non-settling defendants. Considering the substantial benefits provided to the Settlement Class, an award from the Court recognizing the class representatives' efforts will be appropriate.

The proposed notice plan also provides the Settlement Class with notice of Settlement Class Counsel's intent to request that the Court allow them to set aside a portion of the Settlement to be used for future litigation expenses incurred in pursuing additional claims against non-settling defendants on behalf of the Settlement Class. Allowing a portion of the settlement funds to be used for future expenses is well-accepted. *See, e.g.*, *Newby v. Enron Corp.*, 394 F.3d 296, 302-03 (5th Cir. 2004) (affirming establishment of a $15 million litigation expense fund from the proceeds of a partial settlement); *see also* Alba Conte, 1 Attorney Fee Awards § 2:20 (3d ed. 2004) (courts have "permitted class plaintiffs who have settled with fewer than all defendants to expend class-settlement monies, or a portion thereof, for litigation expenses to prosecute the action against remaining, non-settling defendants") (collecting cases).

### III. The Court Should Enter the Proposed Order, Which Schedules the Final Approval Hearing and Establishes Other Deadlines.

CIIPs respectfully request that the Court hold a final approval hearing in connection with the Settlement. At the hearing, the Court should consider: whether the Settlement is fair, reasonable, and adequate; whether to approve a request for attorneys' fees and reimbursement of litigation expenses; whether to approve a request to set aside a portion of the Settlement monies to fund future litigation expenses on behalf of the Settlement Class against non-settling defendants; and whether to approve a request for service awards for the named class representatives. At the final fairness hearing, members of the Settlement Class, and counsel, may offer argument in support of the Settlement's approval. And members of the Settlement Class may be heard regarding the proposed Settlement and objections if they choose.

The CIIPPs propose the following schedule of events necessary for disseminating notice to the Settlement Class and the final fairness hearing:

| DATE | EVENT |
|---|---|
| Within 21 days from order directing notice | Notice Administrator to provide direct mail and email notice, and commence implementation of the publication notice plan |
| 60 days after the commencement of Notice | Last day for Settlement Class members to request exclusion from the Settlement Class; for Settlement Class members to object to the Settlement; and for Settlement Class members to file notices to appear at the Final Fairness Hearing |
| 7 days after last day to request exclusion from the Settlements | Co-Lead Counsel to provide JBS with a list of all persons and entities who have timely and adequately requested exclusion from the Settlement Class |
| 14 days before the Final Settlement Fairness Hearing | Co-Lead Counsel shall file a motion for final approval of the Settlement and all supporting papers, and Co-Lead Counsel and JBS may respond to any objections to the proposed Settlement |
| 40 days after last day to request exclusion from the Settlement or as soon thereafter as the matter may be heard by the Court | Final Fairness Hearing |

## CONCLUSION

The Court should authorize Co-Lead Counsel for the Commercial and Institutional Indirect Purchaser Plaintiffs to disseminate notice of the Settlement with JBS. The notice plan complies with Rule 23 of the Federal Rules of Civil Procedure and the members of the settlement class should be provided information about their options.

Dated: June 15, 2021 **Larson · King, LLP**

By ____*s/ Shawn M. Raiter*____
Shawn M. Raiter (#240424)
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
(651) 312-6500
sraiter@larsonking.com

Jonathan W. Cuneo (admitted *pro hac vice*)
Blaine Finley (admitted *pro hac vice*)
**Cuneo Gilbert & LaDuca, LLP**
4725 Wisconsin Ave NW, Suite 200
Washington, DC 20016
(202) 789-3960
jonc@cuneolaw.com
bfinley@cuneolaw.com

**Interim Co-Lead Counsel for the Commercial and Institutional Indirect Purchaser Plaintiffs**