UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776-JRT-HB |
| This Document Relates To:<br><br>All Actions | JOINT UPDATE LETTER ON THE TIMING OF PRODUCTION OF STRUCTURED DATA |

Pursuant to the Court's Minute Order dated June 4, 2021 (ECF No. 795), the Parties in these cases submit this joint update letter regarding the timing of production of structured data.

## JOINT UPDATE

Since the June 4, 2021 case management conference, in accordance with the Court's Minute Order (ECF No. 795), and following additional discussions concerning the timing of production of structured data, all Defendants have now agreed to produce structured data on a rolling basis. The Parties' positions, including Defendant-specific data production updates, are set forth below.

### Plaintiffs' Further Statement

Plaintiffs have conferred with each Defendant family regarding the timing of production of structured data. During these conversations, Plaintiffs requested that each Defendant commit to a date certain for producing its structured data prior to the close of fact discovery. Although no Defendant has yet committed to producing all data by a date certain, Counsel for Agri Stats, Clemens, Hormel, Smithfield, and Tyson have all confirmed that they will make every effort to produce structured data before the September 1, 2021 deadline—and to prioritize sales data as Plaintiffs have requested. Certain Defendants have proposed a schedule, as indicated in Defendants' update section. Plaintiffs continue to request that rolling productions begin in early July 2021 in order to meet the class certification deadline.

Plaintiffs are continuing to meet and confer with Seaboard and Triumph regarding the scope of its structured data production. Seaboard has agreed to produce sales data relating to Seaboard and Triumph[1] on or shortly after July 1. Plaintiffs and Seaboard and Triumph met and conferred on June 15, regarding the remaining categories of data Seaboard, Triumph, and STF possess—and the data samples Seaboard provided. As of this writing, Seaboard is resisting production of certain categories of data relating to hog production and hog procurement (for which it provided data samples), on either relevance grounds or proportionality grounds. Plaintiffs believe both grounds are meritless. Plaintiffs have sought cost data and all other available data concerning the purchase, sale, or distribution of Pork. Hog procurement data and hog production data is relevant to analyzing Pork costs, and it also provides information about the supply chain. Moreover, all the data Plaintiffs have requested—pursuant to the parties' negotiations—is readily accessible. Plaintiffs have explained their reasoning to Seaboard, but Seaboard maintained its position. Nevertheless, Seaboard committed to providing Plaintiffs with its final position in writing by June 25, 2021 regarding whether it will produce the hog production and hog procurement data. Seaboard has also taken the position that the finished goods data is voluminous and is essentially duplicative of its sales data. Plaintiffs sent a series of questions to Seaboard on March 15, 2021 to assess Seaboard's conclusion. Seaboard agreed to provide answers to Plaintiffs' questions related to Seaboard's finished goods data in writing by June 25, 2021. Finally, Seaboard is arguing that it needs to confirm with STF

---

[1] Seaboard sells Triumph's processed Pork Products.

before it can produce STF's hog procurement data. Seaboard also committed to providing a position on this issue in writing by June 25, 2021. The Parties are not yet at an impasse on this issue, but Plaintiffs anticipate a dispute may be forthcoming.

Plaintiffs propose that the Parties list any ripe or potential disputes regarding our ongoing discussions with Seaboard and Triumph (and any other outstanding structured data issues) in our proposed joint agenda due July 7, and present the Parties' positions on any remaining disputes in our July 13 update letters.

## All Defendants' Further Statement

Defendants' efforts to identify and produce responsive structured data have been extensive and remain ongoing. Since the status conference on June 4, 2021, each Defendant has committed to producing data on a rolling basis prior to September 1, 2021 based on the work that each Defendant has been doing in coordination with its business personnel throughout the year. While Defendants are expending considerable effort to accelerate data production to accommodate Plaintiffs' request for rolling productions, Defendants' ability to produce structured data throughout the summer is limited by responsible employees' competing work demands and planned out-of-office time for summer vacations, as well as technical issues unique to each Defendant. Moreover, by devoting additional time and effort to data productions, it remains possible that the pace of Defendants' document productions will be impacted.

As previewed at the status conference, each Defendant is uniquely situated with respect to its own data collection efforts. Accordingly, additional details on each

Defendant's position and the anticipated timing of their respective productions are set forth below.

## Tyson's Further Statement

Tyson has informed Plaintiffs that it can begin rolling productions of structured data by July 9. Tyson expects to start producing sales data later in July. Tyson will continue to produce structured data throughout the period and complete its production by September 1, and will try to prioritize sales data throughout this period.

As Plaintiffs are aware, Tyson's data collection efforts have been complicated by numerous factors, most notably: 1) Tyson Fresh Meats and Tyson Prepared Foods operate as separate business divisions, meaning Tyson must obtain responsive data from entirely separate employees and data systems; 2) even within Tyson Prepared Foods, because Tyson acquired the Hillshire Brands Company in 2014, there are distinct pre and post-merger data systems, and most of the senior IT personnel familiar with Hillshire's historic data practices are no longer employed by Tyson; and 3) data from early in Plaintiffs' requested period have been decommissioned due to applicable retention policies, meaning they must be located and manually revived from tapes by knowledgeable IT professionals.

Notwithstanding these challenges, Tyson has been working collaboratively with Plaintiffs over the course of the last six months to ensure that the data Tyson collects will satisfy Plaintiffs' requests. Tyson has been producing data samples on a rolling basis since the beginning of February. Plaintiffs sent letters after each sample data production, which together contained 130 specific questions about the availability of additional data and how

to interpret the fields, values, and abbreviations contained in the samples. These letters have necessitated substantial follow-up.

While Tyson will be able to make substantial rolling productions as outlined above, these factors, combined with the work and vacation schedules of the employees knowledgeable about and responsible for Tyson's structured data systems, will prevent Tyson from committing to earlier data production.

Clemens' Further Statement

Clemens has been prioritizing its discovery tasks under the pre-trial schedule ordered by the Court on November 12, 2020. (*See* Dkt. No. 532.) That schedule contemplated that certain discovery tasks would need to be prioritized, including (1) rolling production of readily available responsive phone records for agreed document custodians and central phone lines; (2) production of responsive, readily-accessible Agri Stats reports from centrally-located files; (3) and commencement of rolling production of documents. Plaintiffs further sought substantial completion of document productions for two Initial Priority Document Custodians by April 15, 2021. Clemens has diligently worked in good faith to meet these interim, priority deadlines and has produced over 223,000 pages to date. On March 18, 2021, Clemens provided Plaintiffs with samples of its structured sales data. Plaintiffs reviewed those samples and sent Clemens a four-page letter seeking clarifications and modifications. Clemens has provided responses to Plaintiffs' questions on structured sales data, along with modified data samples from its structured sales databases.

In response to Plaintiffs' requests for expedited production of structured data, Clemens responded that it will accommodate Plaintiffs' request by aiming to complete

structured data productions as early as possible in the month of July. Clemens has been actively working towards meeting that deadline, but the process for extracting and processing the data from Clemens' systems is time-consuming. Clemens respectfully requests that the Court maintain the current pre-trial deadlines agreed upon by the Parties, with the understanding that Clemens is working in good faith to expedite its structured data to be produced as early as possible in the month of July 2021. Clemens will keep the Plaintiffs apprised if any unexpected issues delay the completion of structured data productions by the end of July 2021.

## Hormel's Further Statement

The record confirms the efforts made by Hormel Foods throughout discovery to comply with the Court's deadlines. Hormel Foods is currently finalizing its ninth rolling production of documents from its thirty agreed-upon custodians—including documents from the custodians prioritized by Plaintiffs. Hormel Foods is similarly undertaking substantial efforts to ensure compliance with the Court's deadline for production of structured data. As Plaintiffs are aware, the Company expects that it will be able to produce sales-related transactional data by July 30. Following that production, Hormel Foods will continue to produce structured data as it is able to do so and expects to comply with the September 1 substantial-completion deadline. Hormel Foods is committed to producing structured data as soon as that data have been collected (subject to review and quality control) and prepared for production.

### JBS USA's Further Statement

Over the past several months, in addition to JBS USA's extensive efforts to collect, review, and produce documents to date, JBS USA has engaged in substantial discussions with its business professionals and Plaintiffs' counsel concerning JBS USA's anticipated structured data production. JBS USA now anticipates that it can begin rolling production of readily available structured sales data by July 15. Thereafter, JBS USA will continue its good faith efforts to coordinate with its business personnel to produce any remaining structured data by August 13 if possible; and in any event will substantially complete that production by no later than the previously-established deadline of September 1. JBS USA will also notify Plaintiffs of any issues that may arise that could jeopardize completion of JBS USA's production on that schedule.

### Seaboard's Further Statement

Pursuant to various agreements, Seaboard sells pork products produced by both Seaboard and Triumph. Seaboard has agreed to produce sales data from the agreed time period related to the sales of pork products produced by both Seaboard and Triumph. Consistent with the Court's instructions, Seaboard met and conferred with Plaintiffs about "the timing of production of structured data" [ECF No. 795] and informed Plaintiffs that, while it cannot guarantee that all sales data can be produced by July 1, Seaboard currently anticipates substantial completion of the production of sales data by or shortly after July 1. Although Plaintiffs have demanded that Seaboard produce additional, non-responsive categories of structured data, Seaboard has not agreed, and the parties are continuing to

meet and confer. Seaboard has begun the process of pulling the agreed-on sales data and will keep Plaintiffs informed should any delay in the ability to produce the sales data on or shortly after July 1 become apparent. The parties thus have no ripe dispute about the timing of any data productions.

### Smithfield's Further Statement

Smithfield has been complying with the Court's discovery orders, has made substantial progress in producing documents so far, has started its rolling production of structured sales data, and hopes to complete its sales data productions by July 31.

After extensive negotiations with the plaintiffs, Smithfield agreed to 32 document custodians. Since rolling productions began on March 15, Smithfield has produced 169,202 documents from custodial and non-custodial sources and expects to make its next document production before July 4th.

In parallel with its substantial efforts to produce documents, Smithfield has been working diligently to locate, extract, and produce structured data (sales data and hog-procurement data) from several relevant databases and their legacy systems. Counsel for Smithfield has met and conferred with plaintiffs on several occasions about Smithfield's complicated web of databases across its many operating units, has provided a list of data fields that will be included in the productions from each database, and has answered several dozen detailed written questions that plaintiffs asked about these databases. Smithfield made its first data production on June 15, and it expects to make its next data production during the week of June 21. Smithfield will continue its rolling production of sales data in June and July. Although it is difficult to predict exactly when Smithfield can complete its

production of data, a good-faith estimate is July 31. Smithfield will keep the plaintiffs apprised of any problem that may delay the completion of its data productions.

### Triumph's Further Statement

Triumph has spent the last several months identifying relevant structured data. Triumph's relevant structured data is hosted by Seaboard. To date, we have had three meet and confers with Plaintiffs and provided written disclosures and fields for the relevant databases. Triumph is not in possession of sales data because all of its relevant pork products are sold by Seaboard pursuant to various agreements. Triumph understands that Seaboard has agreed to produce sales structured data related to the sales of pork products produced by Triumph. Triumph agreed to produce its active hog procurement data, which covers January 1, 2011 – December 31, 2020. Triumph's hog procurement data will be pulled by Seaboard after it completes its pull of sales data. Triumph also receives various invoices and reports from Seaboard reflecting the various components of costs and revenue under the various agreements between the two companies. These itemized figures are not in Triumph's structured data. Some of these reports have or will be produced with the email production. Triumph anticipates identifying the various relevant reports to Plaintiffs by July 15 and producing them by August 15, ahead of the deadline for the production of structured data.

### Agri Stats' Further Statement

Agri Stats is working diligently to prepare its structured data and is committed to producing its data as soon as possible and certainly by the September 1, 2021 deadline in

the Court's Scheduling Order for substantial completion of structured data. On December 11, 2020, Agri Stats advised Plaintiffs that the most efficient way to address Agri Stats's structured data would be for Plaintiffs to review the full collection Agri Stats reports, which was produced on December 16, 2020, and identify the specific data fields of interest in the reports. Five months later, on May 19, 2021, Plaintiffs responded with a list of over 200 data fields of interest—essentially all of the fields in the Agri Stats reports. Agri Stats evaluated the relevance of the identified data fields and began collecting the data. On June 14, 2021, Agri Stats told Plaintiffs that it will produce available data for all the fields identified in the May 19 letter.

Agri Stats's structured data is stored such that rolling productions are not feasible. The data must be produced in a database format with a sequencing file that will provide Plaintiffs with both the relevant identifying header information and grouping information linking the data fields. As such, Agri Stats must produce its data in a single production, and that single production will substantially complete its structured data production.

On June 9, 2021, Plaintiffs requested that Agri Stats "produce its data by July 15." Agri Stats cannot commit to that time (six weeks ahead of the substantial completion deadline) because the collection and processing of its data in unlikely to be complete by that date. Because of the substantial number of fields Plaintiffs requested on May 19, Agri Stats is still collecting the data. Agri Stats cannot now give a definitive estimate of how long it will take to process the data for production until the collection is completed, though it can say that it will be complete and ready for production by September 1. Agri Stats has already produced every report related to pork for the relevant time period (approximately

11

2.5 million pages) to Plaintiffs.  As such, much of the data that Agri Stats will produce is already in Plaintiffs' possession, just in a different electronic format.

DATED: June 18, 2021

/s/ *Bobby S. Pouya*
Bobby Pouya (*pro hac vice*)
Clifford H. Pearson (*pro hac vice*)
Daniel L. Warshaw (*pro hac vice*)
Michael H. Pearson (*pro hac vice*)
PEARSON, SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 92403
T. (818) 788-8300
F. (818) 788-8104
bpouya@pswlaw.com
cpearson@pswlaw.com
dwarshaw@pswlaw.com
mpearson@pswlaw.com

Melissa S. Weiner (#0387900)
Joseph C. Bourne (#0389922)
PEARSON, SIMON & WARSHAW, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
T. (612) 389-0600
F. (612) 389-0610
mweiner@pswlaw.com
jbourne@pswlaw.com

Bruce L. Simon (*pro hac vice*)
PEARSON, SIMON & WARSHAW, LLP
350 Sansome Street, Suite 680
San Francisco, CA 94104
T. (415) 433-9000
F. (415) 433-9008
bsimon@pswlaw.com

/s/ *Arielle S. Wagner*
Arielle S. Wagner (#0398332)
W. Joseph Bruckner (#0147758)
Brian D. Clark (#0390069)
Craig S. Davis (#0148192)
Simeon A. Morbey (#0391338)
Stephen M. Owen (#0399370)
Stephanie A. Chen (#0400032)
LOCKRIDGE GRINDAL NEUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
T. (612) 339-6900
F. (612) 339-0981
aswagner@locklaw.com
wjbruckner@locklaw.com
csdavis@locklaw.com
bdclark@locklaw.com
samorbey@locklaw.com
smowen@locklaw.com
sachen@locklaw.com

***Co-Lead Counsel for Direct Purchaser Plaintiffs***

*/s/ Shana E. Scarlett*
Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
T. (510) 725-3000
F. (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman
Breanna Van Engelen
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Avenue, Suite 2000
Seattle, WA 98101
T. (206) 623-7292
F. (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

*/s/ Daniel E. Gustagson*
Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
Michelle J. Looby (#388166)
Britany N. Resch (#0397656)
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
T. (612) 333-8844
F. (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
bresch@gustafsongluek.com

***Co-Lead Counsel for Consumer Indirect Purchaser Plaintiffs***

*/s/ Shawn M. Raiter*
Shawn M. Raiter (#240424)
LARSON · KING, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
T. (651) 312-6518
straiter@larsonking.com

Jonathan W. Cuneo
Joel Davidow
Blaine Finley
Yifei "Evelyn" Li
CUNEO GILBERY & LADUCA, LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
T. (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
bfinley@cuneolaw.com
evelyn@cuneolaw.com

***Co-Lead Counsel for Commercial and Institutional Indirect Purchaser Plaintiffs***

/s/ *Mark L. Johnson*
Mark L. Johnson (#0345520)
Virginia R. McCalmont (#0399496)
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
(612) 373-0830
mjohnson@greeneespel.com
bkrueger@greeneespel.com
vmccalmont@greeneespel.com

Daniel Laytin, P.C. (*pro hac vice*)
Christa Cottrell, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 861-2000
daniel.laytin@kirkland.com
christa.cottrell@kirkland.com

***Counsel for Clemens Food Group, LLC and The Clemens Family Corporation***

/s/ *Richard A. Duncan*
Richard A. Duncan (#0192983)
Aaron D. Van Oort (#0315539)
Craig S. Coleman (#0325491)
Emily E. Chow (#0388239)
Isaac B. Hall (#0395398)
Bryan K. Washburn (#0397733)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000
richard.duncan@faegredrinker.com
aaron.vanoort@faegredrinker.com
craig.coleman@faegredrinker.com
emily.chow@faegredrinker.com
isaac.hall@faegredrinker.com
bryan.washburn@faegredrinker.com

***Counsel for Hormel Foods Corporation***

15

/s/ *Peter H. Walsh*
Peter H. Walsh (# 388672)
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
T. (612) 402-3000
F. (612) 402-3001
peter.walsh@hoganlovells.com

William L. Monts (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

***Counsel for Agri Stats, Inc.***

*/s/ Donald G. Heeman*
Donald G. Heeman (#286023)
Jessica J. Nelson (#347358)
Randi J. Winter (#391354)
SPENCER FANE LLP
150 South Fifth Street, Suite 1900
Minneapolis, MN 55402-4206
(612) 268-7000
dheeman@spencerfane.com
jnelson@spencerfane.com
rwinter@spencerfane.com

Stephen R. Neuwirth (*pro hac vice*)
Michael B. Carlinsky (*pro hac vice*)
Sami H. Rashid (*pro hac vice*)
Richard T. Vagas (*pro hac vice*)
David B. Adler (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
stephenneuwirth@quinnemanuel.com
michaelcarlinsky@quinnemanuel.com
samirashid@quinnemanuel.com
richardvagas@quinnemanuel.com
davidadler@quinnemanuel.com

***Counsel for JBS USA Food Company***

*/s/ William L. Greene*
William L. Greene (#0198730)
Peter J. Schwingler (#0388909)
Jon M. Woodruff (#0399453)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
john.woodruff@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

**Counsel for Seaboard Foods, LLC**

*/s/ John A. Cotter*
John A. Cotter (134296)
John A. Kvinge (0392303)
LARKIN HOFFMAN DALY &
LINDGREN LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55427-1060
(952) 835-3800
jcotter@larkinhoffman.com
jkvinge@larkinhoffman.com

Richard Parker (*pro hac vice*)
Josh Lipton (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
rparker@gibsondunn.com
jlipton@gibsondunn.com

Brian Robison (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
(214) 698-3370
brobison@gibsondunn.com

**Counsel for Smithfield Foods, Inc.**

*/s/ Christopher A. Smith*
Aaron Chapin (#6292540)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
aaron.chapin@huschblackwell.com

Christopher A. Smith (*pro hac vice*)
Jason Husgen (*pro hac vice*)
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500
chris.smith@huschblackwell.com
jason.husgen@huschblackwell.com

Tessa K. Jacob (*pro hac vice*)
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
(816) 983-8000
tessa.jacob@huschblackwell.com

***Counsel for Triumph Foods, LLC***

*/s/ David P. Graham*
David P. Graham (#0185462)
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 486-1521
dgraham@dykema.com

Rachel J. Adcox (*pro hac vice*)
Tiffany Rider Rohrbaugh (*pro hac vice*)
Lindsey Strang Aberg (*pro hac vice*)
AXINN, VELTROP &
HARKRIDER LLP
1901 L Street NW
Washington, D.C. 20036
(202) 912-4700
radcox@axinn.com
trider@axinn.com
lstrang@axinn.com

Jarod Taylor (*pro hac vice*)
AXINN, VELTROP &
HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8109
jtaylor@axinn.com

***Counsel for Tyson Foods, Inc., Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc.***