# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2001 Ross Avenue
Dallas, TX 75201-2911
Tel 214.698.3100
www.gibsondunn.com

Brian E. Robison
Direct: +1 214.698.3370
Fax: +1 214.571.2928
BRobison@gibsondunn.com

Client: 91389-00001

July 8, 2021

**FILED VIA ECF**

The Honorable Hildy Bowbeer
Magistrate Judge, District of Minnesota
United States District Court
316 N. Robert Street
St. Paul, MN 55101

Re: *In re: Pork Antitrust Litigation*, Civil No. 18-1776 (JRT/HB); *In re Pork Antitrust MDL,* Civil No. 21-md-02998-JRT

Dear Hon. Magistrate Judge Bowbeer:

  In response to the Court's July 1 text-only docket entry, we have attached as Exhibit A the defendants' proposal for integrating the new Direct Action Plaintiffs (the "New DAPs")[1] into the existing schedule and coordinating discovery in those cases with the ongoing discovery in the pre-existing cases. Defendants modeled Exhibit A off the Court's January 21, 2021, Order on Stipulation Regarding Consolidation (ECF No. 644) ordering that the Winn-Dixie Action and the Puerto Rico Action be consolidated for pretrial and administrative purposes with all other cases. The defendants' proposal gives the New DAPs sufficient additional time to complete each task but also ensures that discovery in their cases can proceed in a manner that is consistent with how discovery will likely unfold in the pre-existing cases. The defendants' proposal also includes dates for the New DAPs to file a consolidated complaint and for defendants to answer or otherwise respond to that consolidated complaint.

---

[1] The New Direct Action Plaintiffs are: Action Meat Distributors, Inc.; Alex Lee, Inc. and its affiliates Merchants Distributors, LLC, Lowe's Food Stores, Inc. and W. Lee Flowers & Company; Associated Food Stores, Inc.; Brookshire Grocery Company; Certco, Inc.; Cheney Brothers, Inc.; Colorado Boxed Beef Co.; Nicholas & Co., Inc.; PFD Enterprises, Inc.; SpartanNash Company; Springfield Grocer Company; Subway Protein Litigation Corp., as Litigation Trustee of the Subway® Protein Litigation Trust; Sysco Corporation; The Distribution Group d/b/a Van Eerden Foodservice Co.; The Golub Corporation; Topco Associates, LLC; Troyer Foods, Inc.; and URM Stores, Inc.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

**GIBSON DUNN**

The Honorable Hildy Bowbeer
July 8, 2021
Page 2

To facilitate the New DAPs' integration into the existing schedule and to ensure their counsel were aware of this Court's discovery and scheduling orders and could plan accordingly, the defendants have been sending information and pleadings to counsel for the New DAPs for the last month. This process began soon after June 9, when the Judicial Panel on Multidistrict Litigation transferred the New DAPs' cases to this Court.

- On June 16, defense counsel sent an email to the New DAPs attaching this Court's Protective Order, ESI Protocol, Rule 16 Scheduling Order, and Order requiring ESI Disclosures. Exhibit B.

- On June 18, defense counsel sent the New DAPs the search terms that the defendants want the New DAPs to use when searching their documents. Exhibit C.

- On June 23, defense counsel had a conference call with counsel for the New DAPs and immediately followed-up with an email asking the New DAPs to confirm their positions on various matters, such as whether they would agree to the Protective Order and ESI Protocol, whether they would serve ESI Disclosures, whether they would abide by the discovery limits in the Court's Rule 16 Scheduling Order, and when they would start producing materials needed to facilitate the discovery process (e.g., org charts and custodian lists). Exhibit D.

- On June 25, defense counsel sent the New DAPs the updated services lists to use for both plaintiffs and defendants. Exhibit E.

- On July 6, defense counsel sent to all plaintiffs in all cases the defendants' initial proposal for integrating the New DAPs into the existing schedule. Exhibit F.

- And later on July 6, defense counsel sent to the New DAPs the relevant document requests and interrogatories that plaintiffs and defendants had served in the pre-existing cases. The cover email noted that the parties could not send discovery responses to the New DAPs until the New DAPs confirmed that they would abide by the Protective Order (which the New DAPs received on June 16). Exhibit G.

Earlier this morning, the New DAPs sent defendants their proposed schedule for discovery (but not answers and motion practice). Between now and the July 15 Status Conference, the defendants will work with the New DAPs to see if there is any room for compromise on the parties' proposed discovery schedules. One issue that warrants attention is to what extent, if at all, the Winn-Dixie Action and the Puerto Rico Action should be placed on the same altered schedule as the New DAPs' cases, considering

GIBSON DUNN

The Honorable Hildy Bowbeer
July 8, 2021
Page 3

those two pre-existing DAP actions have been proceeding for several months under this Court's schedule for matters like pleading amendments and discovery.

Finally, defendants note that several of the New DAPs' proposed dates are unnecessarily delayed. For example, the New DAPs should not need all the way to September 30 to serve Rule 26(a) Disclosures, ESI Disclosures, lists of document custodians and non-custodial sources, and written responses to discovery requests (which defendants will serve no later than July 15). And the New DAPs should not need until the end of October to reach agreement on search terms, search methodology, and document and data sources – especially since the New DAPs have known of the Court's discovery and scheduling orders since at least June 16 and have had defendants' proposal on search terms since June 18. Defendants will also explore whether there is room for compromise on the New DAPs' proposal that they not start producing *any* documents until the end of October and not reach substantial completion of their document and data productions until the end of January.

Defendants look forward to discussing the parties' competing coordination proposals at the July 15 Status Conference.

Respectfully submitted,

*Brian Robison*

Brian E. Robison