Exhibit A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | No. 0:18-cv-01776-JRT-HB |
| | No. 0:21-md-02998-JRT |
| IN RE PORK ANTITRUST MDL | |
| This Document Relates To: All Actions | **SCHEDULING ORDER FOR CURRENT DIRECT ACTION PLAINTIFF CASES** |

The Court hereby enters this Scheduling Order.  This Order supplements the Court's January 26, 2021 Pretrial Scheduling Order (Dkt. 658) and applies to the Current Direct Action Plaintiffs.[1]  It does not change any of the deadlines applicable to Class Plaintiffs.

On August 17, 2018, three putative classes of plaintiffs filed consolidated amended complaints (the "Class Actions") alleging that Defendants conspired to limit the supply of pork in order to fix prices in violation of state and federal antitrust laws.

On September 21, 2018, the Court entered an Initial Case Management Order [No. 18-cv-1776 (JRT/HB) ECF No. 85] ("CMO"), which states:  "The terms of this Order shall apply automatically to actions later instituted in, removed to, or transferred to this

---

[1]  The Current Direct Action Plaintiffs are: Action Meat Distributors, Inc.; Alex Lee, Inc. and its affiliates Merchants Distributors, LLC, Lowe's Food Stores, Inc. and W. Lee Flowers & Company; Associated Food Stores, Inc.; Bi-Lo Holdings, LLC; Brookshire Grocery Company; Certco, Inc.; Cheney Brothers, Inc.; Colorado Boxed Beef Co.; Commonwealth of Puerto Rico; Nicholas & Co., Inc.; PFD Enterprises, Inc.; SpartanNash Company; Springfield Grocer Company; Subway Protein Litigation Corp., as Litigation Trustee of the Subway® Protein Litigation Trust; Sysco Corporation; The Distribution Group d/b/a Van Eerden Foodservice Co.; The Golub Corporation; Topco Associates, LLC; Troyer Foods, Inc.; URM Stores, Inc.; and Winn-Dixie Stores, Inc.

Court . . . that involve allegations of antitrust violations concerning pork producers by the Defendant entities in the above-referenced actions."  CMO ¶ 9.

The CMO further provides that "[w]hen an action that relates to the same subject matter as these consolidated actions is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be consolidated for pretrial purposes with the appropriate group of actions, e.g., Direct Purchaser Plaintiff, Commercial and Institutional Indirect Purchaser Plaintiff, or Consumer Indirect Purchaser Plaintiff Action (provided that any case transferred to this Court solely for pretrial proceedings shall be consolidated only to the extent there is no further order of this Court)." CMO ¶ 10.

On January 21, 2021, the Court entered an Order on Stipulation Regarding Consolidation (ECF No. 644) ordering that the Winn-Dixie Action and the Puerto Rico Action be consolidated for pretrial and administrative purposes with all other cases under Case No. 18-cv-1776 (JRT/HB).  That Order further stated: "The parties shall coordinate discovery in a manner that reduces needless duplication and inefficiency."

On June 9, 2021, the Judicial Panel on Multidistrict Litigation ("Panel") entered a Transfer Order, transferring the following two cases to this Court: *Cheney Bros., Inc. v. Agri Stats, Inc*., Cause No. 9:21-80424 in the United States District Court for the Southern District of Florida (the "Cheney Action"); *Sysco Corp. v. Agri Stats, Inc*., Cause No. 4:21-00773 in the United States District Court for the Southern District of Texas (the "Sysco Action").  The Panel found that these two cases raise allegations (alleged antitrust violations in the pork industry) that are similar to the claims made by the plaintiffs in *In re Pork Antitrust Litigation* and ruled that "centralization in the District of Minnesota will

serve the convenience of the parties and witnesses and promote the just and efficient

conduct of this litigation." Transfer Order at 1-2.  The Panel also noted that:

"Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings;

and conserve the resources of the parties, their counsel, and the judiciary."  *Id*. at 2.

On June 11, 2021, the Panel issued a Conditional Transfer Order (CTO-1) that

transferred another case to the District of Minnesota: *Action Meat Distributors, Inc. v.

Agri Stats, Inc*., Cause No. 21-03002 in the United States District Court for the Northern

District of Illinois (the "Action Meat Action").  The Panel's reasoning for transferring the

Action Meat Distributors case to this Court was the same as its reasoning in the original

Transfer Order.

On July 2, 2021, the Panel issued another Conditional Transfer Order (CTO-2)

that transferred another case to this Court: *Subway Protein Litigation Corp. v. Agri Stats,

Inc*., Cause No. 21-00869 in the United States District Court for the District of

Connecticut (the "Subway Action").  The Panel's reasoning for this transfer was likewise

the same as the reasoning in its original Transfer Order.

Also on July 2, 2021, the Clerk's Office of the District of Minnesota created a new

docket for *In re Pork Antitrust MDL* under case number 0:21-md-02998-JRT.  The cases

within this new docket are *Cheney Brothers, Inc. v. Agri Stats, Inc., et al*., No. 9:21-cv-

80424 (S.D. Fla.), transferred to No. 0:21-cv-01373-JRT (D. Minn.); *Sysco Corporation

v. Agri Stats, Inc., et al*., No. 4:21-cv-00773 (S.D. Tex.), transferred to No. 0:21-cv-

01374-JRT (D. Minn.); and *Action Meat Distributors, Inc., et al. v. Agri Stats, Inc., et al*.,

No. 1:21-cv-03002 (N.D. Ill.), transferred to No. 0:21-cv-01454-JRT (D. Minn.).

The Court hereby orders the following:

1.      The Cheney Action shall be consolidated for pretrial and administrative purposes under Case No. 18-cv-1776 (JRT/HB) and Case No. 0:21-md-02998-JRT.

2.      The Sysco Action shall be consolidated for pretrial and administrative purposes under Case No. 18-cv-1776 (JRT/HB) and Case No. 0:21-md-02998-JRT.

3.      The Action Meat Action shall be consolidated for pretrial and administrative purposes under Case No. 18-cv-1776 (JRT/HB) and Case No. 0:21-md-02998-JRT.

4.      The Subway Action shall be consolidated for pretrial and administrative purposes under Case No. 18-cv-1776 (JRT/HB) and Case No. 0:21-md-02998-JRT.

5.      The parties shall coordinate discovery in a manner that reduces needless duplication and inefficiency.

6.      This Order shall not be considered a dismissal or disposition of these Actions and shall not constitute a waiver of any (a) jurisdictional defenses that may be available; (b) affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure; (c) defenses listed in Rule 12(b) of the Federal Rules of Civil Procedure; or (d) other statutory or common law defenses that may be available to Defendants.  This Order does not merge the various pending suits into a single cause or make those who are parties in one suit parties in another, but is done for convenience and economy in administration. Defendants may raise any applicable defenses in these Actions.

7.      All dates and sections in the Court's January 26, 2021 Pretrial Scheduling Order (Dkt. 658) apply to the Current Direct Action Plaintiffs except to the extent that the Court's orders specify otherwise.

8.     The following deadlines shall apply to discovery, a consolidated complaint, answers, and motions to dismiss directed at the consolidated complaint in the Current Direct Action Plaintiff cases to the extent the deadlines have not already been met. This Order establishes the **latest date** by which the items below should be completed but does not prevent the parties from negotiating earlier dates.

### DEADLINES APPLICABLE TO CURRENT DIRECT ACTION PLAINTIFF CASES

| <u>Discovery Event</u> | <u>Deadline</u> |
|---|---|
| **Date when Defendants Proposed Keyword Search Terms to Be Applied to Current Direct Action Plaintiffs' Documents** | June 18, 2021 |
| **Deadline for Defendants to Serve Initial Rule 33 and Rule 34 Requests on Current Direct Action Plaintiffs** | July 15, 2021 |
| **Current Direct Action Plaintiffs to Disclose Keyword Search Tools and/or TAR/CAL Tools** | July 26, 2021 |
| **Current Direct Action Plaintiffs to Make Disclosures Described in Dkt. No. 290 (Order Regarding Disclosure of Information) and Rule 26(a) Disclosures** | August 16, 2021 |
| **Current Direct Action Plaintiffs to Propose Document Custodians and Non-Custodial Document Sources** | August 16, 2021 |
| **Deadline for Current Direct Action Plaintiffs' Objections and Response to Initial Rule 33 and 34 Requests** | August 16, 2021 |
| **Deadline for the Parties to Resolve Any Disputes over the Keyword Search Terms, Document and Data Sources, or Search Methodology the Current Direct Action Plaintiffs Will Use or to Raise Disputes with the Court** | August 30, 2021 |
| **Commencement of Rolling Production of Documents by Current Direct Action Plaintiffs** | August 30, 2021 |
| **Substantial Completion of Document and Structured-Data Productions by Current Direct Action Plaintiffs** | December 1, 2021 |
| **Completion of Fact Discovery** | September 1, 2022 |

5

| Pleading Event | Deadline |
|---|---|
| **Deadline for Current Direct Action Plaintiffs to File a Consolidated Complaint** | August 4, 2021 |
| **Defendants' Deadline to File Answers or Otherwise Respond to Current Direct Action Plaintiffs' Consolidated Complaint (the parties will agree on a briefing schedule for any motions to dismiss)** | September 17, 2021 |

Dated:  July ___, 2021

_____
**HILDY BOWBEER**
United States Magistrate Judge