UNITED STATES DISTRICT COURT
DISTRICT COURT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>THE DIRECT PURCHASER PLAINTIFF ACTION | Case No. 0:18-cv-01776 (JRT-HB)<br><br>**DECLARATION OF W. JOSEPH BRUCKNER IN SUPPORT OF MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT BETWEEN DIRECT PURCHASER PLAINTIFFS AND THE JBS DEFENDANTS** |

I, W. Joseph Bruckner, declare and state:

1. I am a partner of the law firm of Lockridge Grindal Nauen P.L.L.P. This Court has appointed me and my firm, together with Pearson, Simon & Warshaw, LLP, as Interim Co-Lead Counsel for Direct Purchaser Plaintiffs and the Direct Purchaser Plaintiff Class ("DPPs") in this litigation (*see* ECF No. 149, "Interim Co-Lead Counsel"), and also Class Counsel for the JBS Settlement (*see* ECF No. 631).

2. I submit this Declaration in support of the concurrently filed Motion For Final Approval of the Class Action Settlement Between Direct Purchaser Plaintiffs and JBS.

3. On behalf of DPPs, my firm, my co-counsel, and I personally conducted settlement negotiations with counsel for JBS over a period of many months on many occasions.

4. DPPs thoroughly investigated the facts underlying DPPs' claims prior to reaching the Settlement and were well informed by the time the parties agreed to settle.

560829.1

During the litigation, Interim Co-Lead Counsel researched, analyzed, and evaluated many contested legal and factual issues. Based on that analysis, and the information obtained from discovery and cooperation, Interim Co-Lead Counsel were well informed of the facts and the benefits, risks, and consequences of the proposed settlement with JBS. Interim Co-Lead Counsel thoroughly evaluated the relative strengths and weaknesses of our respective litigation positions in relation to this settlement.

5. After the initial complaint was filed, DPPs continued their factual investigation into the conspiracy alleged in their complaint, and once the Court largely denied Defendants' motions to dismiss Plaintiffs' complaints, DPPs have commenced discovery.

6. DPPs' discussions with counsel for JBS commenced prior to the Court's ruling in August 2019 on Defendants' initial motions to dismiss, at which time counsel for JBS and DPPs met in person to discuss a possible resolution. The parties were unable to reach an agreement at that time and continued litigating the case, including briefing and arguments relating to Defendants' motions to dismiss. The Court granted JBS's initial motion to dismiss (ECF No. 360), which resulted in DPPs filing their Third Amended and Consolidated Class Action Complaint (ECF No. 431), and in Defendants' second round of motions to dismiss. Before the Court largely denied Defendants' second motion to dismiss on October 16, 2020 (ECF Nos. 519, 520), JBS and DPPs recommenced discussions and negotiated in good faith over a two-week period, but did not reach an agreement.

7. After the Court denied Defendants' second motion to dismiss, the parties continued their settlement negotiations, this time with the assistance of an experienced and

nationally renowned mediator, Professor Eric Green of Resolutions, LLC. The parties and Professor Green held a full day remote mediation on October 28, 2020. While the parties made substantial progress during the mediation, they did not reach agreement on all material settlement terms. Over the next few days, the parties continued negotiating with the assistance of Professor Green, and signed a binding settlement term sheet on November 3, 2020. Thereafter, the parties negotiated the terms of and finalized a long form Settlement Agreement, which they executed on November 17, 2020.

8. The resulting settlement negotiations with JBS were at arm's length and were hard fought at all times. The Settlement was the product of intensive settlement negotiations conducted over a period of many months and included several rounds of give-and-take between Interim Co-Lead Counsel and JBS's counsel. The parties debated many issues, and negotiated many terms of the settlement, including the amount of payment, the timing of payment, potential conditions on payment, the effect of opt-outs on any settlement, and potential cooperation against other Defendants. Throughout this process, JBS has been represented by experienced, sophisticated counsel.

9. There was no collusion or preferential treatment at any time during these negotiations. To the contrary, the negotiations were contentious, hard fought, and fully informed. DPPs sought to obtain the greatest monetary benefit possible from JBS. Furthermore, there was no discussion or agreement at any time regarding the amount of attorneys' fees Interim Co-Lead Counsel would ask the Court to award in this case.

10. In the Settlement Agreement, JBS committed to pay $24.5 million to the settlement fund, and has done so. JBS also agreed to provide specified cooperation in the

DPPs' continued prosecution of the action against the remaining Defendants. The terms of this cooperation are set forth in a confidential letter agreement, which DPPs will provide to the Court for *in camera* review upon request.

11. Based on Interim Co-Lead Counsel's investigation there are thousands of direct purchasers of Pork products in the United States who are putative members of the Settlement Class. DPPs have enlisted the services of an experienced class action administrator, A.B. Data Ltd., to administer notice to the Class members. As set forth in the Motion and supporting Declaration of Eric Schachter, the Court-approved Notice Plan has been successfully implemented and Class members have been notified of the Settlements.

12. No Class member has objected to the proposed Settlement or to any other aspect of the litigation.

13. I have practiced law since 1983, I have specialized in antitrust class action law since 1988, and I have prosecuted numerous antitrust class actions as lead counsel and in other leadership positions. I have negotiated many settlements during those years. In my opinion, and in that of my Interim Co-Lead Counsel, the Settlement provides substantial benefits to the Class, and avoids the delay and uncertainty of continuing protracted litigation with JBS. The Settlement with JBS is fair, reasonable, and adequate, is in the best interests of the Settlement Class members, and should be approved by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 12th day of July, 2021.

<u>/s/ W. Joseph Bruckner</u>  
W. Joseph Bruckner