## UNITED STATES DISTRICT COURT
## DISTRICT COURT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>THE DIRECT PURCHASER PLAINTIFF ACTION | Case No. 18-cv-01776 (JRT-HB)<br><br>**DECLARATION OF W. JOSEPH BRUCKNER IN SUPPORT OF PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT BETWEEN DIRECT PURCHASER PLAINTIFFS AND SMITHFIELD FOODS, INC.** |

I, W. Joseph Bruckner, declare and state:

1. I am a partner of the law firm of Lockridge Grindal Nauen P.L.L.P. This Court has appointed me and my firm, together with Pearson, Simon & Warshaw, LLP, as Interim Co-Lead Counsel for Direct Purchaser Plaintiffs and the Direct Purchaser Plaintiff Class ("DPPs") in this litigation ("Interim Co-Lead Counsel").

2. I submit this Declaration in support of the concurrently filed Motion For Preliminary Approval of the Class Action Settlement Between Direct Purchaser Plaintiffs and Defendant Smithfield Foods, Inc. ("Smithfield").

3. On behalf of DPPs, other Interim Co-Lead Counsel and I personally conducted settlement negotiations with counsel for Smithfield over a period of many months on many occasions.

4. Well before our clients filed this case in June 2018, we commenced and pursued an extensive investigation of the Pork market and conduct underlying the allegations in DPPs' initial complaint (ECF No. 1). We have litigated this case extensively

560909.1

since then. By the time we signed a binding settlement agreement with Smithfield to settle our claims against them, we were fully aware of the strengths and weaknesses of each side's positions. In addition to our extensive pre-filing investigation, we had briefed the motions to dismiss our complaints, and the parties are currently engaged in discovery. The parties have exchanged initial disclosures and responses to written discovery and have produced documents. As a result, we have had the benefit of substantial information obtained from the Defendants through their document productions and through other discovery.

5. During the litigation, Interim Co-Lead Counsel researched, analyzed, and evaluated many contested legal and factual issues. Based on that analysis, and the information obtained from discovery and cooperation, Interim Co-Lead Counsel were well informed of the facts and the benefits, risks, and consequences of the proposed settlement with Smithfield. Interim Co-Lead Counsel thoroughly evaluated the relative strengths and weaknesses of our respective litigation positions in relation to this settlement.

6. The Settlement comes after extensive, confidential, protracted arm's-length negotiations between the parties. These discussions commenced after the Court denied Smithfield's second motion to dismiss in October 2020. The talks broke down last fall, but the parties resumed discussions in April 2021. Over a time span lasting a total of eight months, the parties engaged in extensive arm's length negotiations, which ultimately resulted in the Settlement. The hard-fought negotiations were kept confidential over the past eight months, and often broke down as the parties vigorously litigated the case and had difficulty reaching agreement on the final terms of the Settlement. The negotiations

necessitated numerous conferences as well as written exchanges between counsel during which the parties negotiated the material terms of the settlement, as well as the final Settlement Agreement. The parties debated many issues and negotiated many terms of the settlement, including the amount of payment, the timing of payment, potential conditions on payment, the effect of opt-outs on any settlement, and potential cooperation. Throughout this process, Smithfield has been represented by experienced, sophisticated counsel. In engaging in these settlement discussions, counsel for DPPs were focused on obtaining the best possible result for the DPP class.

7. The parties ultimately executed the Settlement Agreement on June 29, 2021. A true and correct copy of the Settlement Agreement between DPPs and Smithfield is attached hereto as **Exhibit A** to this Declaration.

8. There was no collusion or preferential treatment at any time during these negotiations. To the contrary, the negotiations were contentious, hard fought, and fully informed. DPPs sought to obtain the greatest monetary benefit possible from Smithfield. Furthermore, there was no discussion or agreement at any time regarding the amount of attorneys' fees Interim Co-Lead Counsel would ask the Court to award in this case.

9. In the Settlement Agreement, Smithfield commits to pay $83 million to the settlement fund within 14 business days of the Court's grant of Preliminary Approval of the Settlement Agreement. (Settlement Agreement ¶ 10.) The Settlement Agreement contains a reduction mechanism that could result in a reduction of the Settlement amount if the opt-outs exceed an agreed-upon threshold. (*See* Settlement Agreement ¶ 20.) The agreed-upon opt-out threshold is contained in a confidential side letter agreement between

DPPs and Smithfield as referenced in the Settlement Agreement (¶ 20). DPPs will provide the side letter to the Court for *in camera* review upon request. Smithfield has no right to terminate the Settlement based on opt-outs. DPPs will report on the number of opt-outs and the final amount recovered by the Settlement Class prior to final approval.

10. In addition to paying up to $83 million, the Settlement requires Smithfield to cooperate with DPPs in their continued prosecution of the action against the remaining Defendants. (*See* Settlement Agreement ¶ 11.)

11. The Settlement Agreement requires Interim Co-Lead Counsel to send notice to potential members of the Settlement Class of, among other things, the fact and material terms of the proposed settlement, instructions on how to opt out of the proposed class or object to the settlement, and other information. (*Id*. ¶ 6.) The type of notice plan proposed here, which relies on direct notice to the extent practicable to identified class members who can be identified through reasonable effort, supplemented by publication notice, has been successfully implemented in direct purchaser class actions, including in the instant case following preliminary approval of the JBS settlement.

12. In my experience, the cost of providing class notice in complex antitrust class actions like this exceeds $100,000.

13. On November 17, 2020, DPPs and the JBS Defendants entered into a settlement that required a payment of $24,500,000 and meaningful cooperation. The Court preliminarily approved that settlement on January 12, 2021. (*See* ECF No. 631.) Since preliminarily approval of the JBS settlement, DPPs have successfully implemented the Court-approved notice plan and have filed a motion for final approval of that settlement.

(*See* ECF No. 822.) This brings the total DPP settlements in this Action to date to $107,500,000.

14. I have practiced law since 1983, I have specialized in antitrust class action law since 1988, and I have prosecuted numerous antitrust class actions as lead counsel or in other leadership positions. I have negotiated many settlements during those years. In my opinion, and in that of my Interim Co-Lead Counsel, the settlement provides substantial benefits to the Class, and avoids the delay and uncertainty of continuing protracted litigation with Smithfield. The proposed settlement agreement with Smithfield is fair, reasonable, and adequate, is in the best interests of the Settlement Class members, and should be approved by the Court.

15. As demonstrated by the Motion of DPPs to Appoint Interim Co-Lead Class Counsel (ECF No. 94) and Order Granting DPPs' Motion (ECF No. 149), as well as the Court's appointment of Interim Co-Lead Counsel as Class Counsel for the JBS settlement (ECF No. 631), Interim Co-Lead Class Counsel and their attorneys are qualified, experienced, and thoroughly familiar with antitrust class action litigation. We have successfully litigated many significant antitrust actions, have vigorously prosecuted this lawsuit to date, and will continue to diligently represent the Class throughout this litigation.

16. Each of the named Plaintiffs in this case have chosen to pursue this lawsuit as representatives of the Settlement Class, and were previously appointed as Class Representatives of the JBS settlement by this Court. (*See* ECF No. 631.) Since the filing of this lawsuit, the named Plaintiffs have ably represented the Class by actively participating in the litigation. They have reviewed relevant pleadings and kept apprised of

the status of the case, preserved and collected documents for production, and participated fully in discovery. They are committed to performing these duties and representing the Settlement Class members throughout this litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 14th day of July, 2021.

*/s/ W. Joseph Bruckner*
W. Joseph Bruckner