UNITED STATES DISTRICT COURT
DISTRICT COURT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>THE DIRECT PURCHASER PLAINTIFF ACTION | Case No. 18-cv-01776 (JRT-HB)<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT BETWEEN DIRECT PURCHASER PLAINTIFFS AND SMITHFIELD FOODS, INC.** |

This Court, having reviewed the Motion for Preliminary Approval of the Class Action Settlement Between Direct Purchaser Plaintiffs and Smithfield Foods, Inc. ("Motion") (ECF No. 828), its accompanying memorandum and the exhibits thereto, the Settlement Agreement,[1] and the file, hereby **ORDERS AND ADJUDGES:**

**Preliminary Approval of Settlement Agreement and Certification of Settlement Class for Settlement Purposes**

1. This Court has jurisdiction over this action and each of the parties to the Settlement Agreement. Upon review of the record, the Court finds that the proposed Settlement Agreement, which was arrived at by arm's-length negotiations by highly experienced counsel, falls within the range of possible approval and is hereby preliminarily approved for settlement purposes, subject to further consideration at the Court's Fairness Hearing. The Court preliminarily finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement Agreement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement should be given to the Settlement Class.

---

[1] Unless otherwise noted, all capitalized terms shall have the same meaning as in the Settlement Agreement between Direct Purchaser Plaintiffs and Smithfield Foods, Inc. (also referred to herein as "Settlement").

2. The Court finds for settlement purposes that the Settlement Class satisfies the requirements of Rule 23(a) for the following reasons:

    a. The Settlement Class satisfies the numerosity requirement of Rule 23(a)(1), because there are sufficiently numerous class members of the Class, making joinder of all class members impracticable;

    b. The Settlement Class satisfies the commonality requirement of Rule 23(a)(2), because the Settlement Class raises common issues of law and fact;

    c. The Settlement Class satisfies the typicality requirement of Rule 23(a)(3), because the Class Representatives' have suffered the same injury as other class members-by being subjected to Defendant's conduct; and

    d. The Settlement Class satisfies the adequacy requirement of Rule 23(a)(4) because the Class Representatives have demonstrated that they are willing and able to fulfill their duties as representatives of the Settlement Class, and Interim Co-Lead Counsel are experienced and knowledgeable in the prosecution of complex litigation and class actions, such as this litigation, and have demonstrated their abilities to adequately represent the Settlement Class throughout this litigation.

3. The Court finds for settlement purposes that the Settlement Class satisfies the requirements of Rule 23(b)(3) because:

a. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages; and

b. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

4. This Court certifies for settlement purposes a Settlement Class defined as:

> DPPs and all other persons who purchased Pork directly from any of the Defendants or any co-conspirator, or their respective subsidiaries or affiliates for use or delivery in the United States from January 1, 2009 through January 12, 2021. Specifically excluded from the Settlement Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from this Settlement Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

5. The Court appoints the law firms of Lockridge Grindal Nauen P.L.L.P., and Pearson, Simon & Warshaw, LLP as Co-Lead Counsel for the Settlement Class.

## Approval of the Notice Plan

6. The Court hereby appoints A.B. Data Ltd as the settlement administrator and directs notice to be distributed to the Settlement Class members pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(2).

7. The proposed notice plan set forth in the Motion and the supporting declarations complies with Rule 23(c)(2)(B) and due process as the proposed notice plan

constitutes the best notice that is practicable under the circumstances, including individual notice via mail and email to all members who can be identified through reasonable effort. The direct mail and email notice will be supported by reasonable publication notice to reach potential members of the Settlement Class who could not be individually identified.

8. The attached proposed notice documents: Long Form Notice (Exhibit A), Email Notice (Exhibit B), and Summary Publication Notice (Exhibit C), and their manner of transmission, comply with Rule 23(c)(2)(B) and due process because the notices and forms are reasonably calculated to adequately apprise the Settlement Class of (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a Settlement Class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members of the class under Rule 23(c)(3). Non-substantive changes, such as typographical errors, can be made to the notice documents by agreement of the parties without leave of the Court.

## Schedule for Class Notice and the Fairness Hearing

9. The Court hereby sets the below schedule for the dissemination of notice to potential members of the Settlement Class, for members of the Settlement Class to object to or exclude themselves from the Settlement Agreement, and for the Court's Fairness Hearing, at which time the Court will determine whether the Settlement should

be finally approved as fair, reasonable, and adequate. This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting, the Parties will not be required to provide any additional notice to Settlement Class members. Pursuant to any applicable orders relating to the COVID-19 emergency or otherwise, the Fairness Hearing may take place remotely, including via telephone or video conference.

| DATE | EVENT |
|---|---|
| September 3, 2021 | Settlement Administrator to provide direct mail and email notice, and commence implementation of the publication notice plan. |
| November 2, 2021 | Last day for Settlement Class members to request exclusion from the Settlement Class; for Settlement Class members to object to the Settlement; and for Settlement Class members to file notices to appear at the Final Fairness Hearing. |
| November 9, 2021 | Co-Lead Counsel to provide Smithfield with a list of all persons and entities who have timely and adequately requested exclusion from the Settlement Class. |
| January 13, 2021 | Co-Lead Counsel shall file a motion for final approval of the Settlement and all supporting papers, and Co-Lead Counsel and Smithfield may respond to any objections to the proposed Settlement. |
| January 27, 2021 at 10:00 a.m. | Final Fairness Hearing. |

**IT IS SO ORDERED.**

Dated: August 4, 2021
at Minneapolis, Minnesota

s/John R. Tunheim_____
JOHN R. TUNHEIM
Chief Judge
United States District Judge