# EXHIBIT A

<u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA</u>

# If you purchased any Pork product directly from a Pork producer for use or delivery in the United States from January 1, 2009, through January 12, 2021, a class action settlement may affect your rights.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- A new Settlement has been reached in a class action antitrust lawsuit filed on behalf of Direct Purchaser Plaintiffs against Defendant Smithfield Foods, Inc. and related or affiliated entities ("Smithfield" or "Settling Defendant"). This Settlement between the Direct Purchaser Plaintiffs and Smithfield only applies to Smithfield and does not dismiss claims against other Defendants in the case entitled *In re Pork Antitrust Litigation*, D. Minn. Case No. 0:18-cv-01776.

- If approved by the Court, the Settlement will resolve a lawsuit over whether Smithfield combined and conspired in restraint of trade, the purpose and effect of which was to suppress competition and to allow Smithfield and other Pork producers to charge supra-competitive prices for Pork products during the Settlement Class Period, in violation of federal law. If approved, the Settlement will avoid litigation costs and risks to Direct Purchaser Plaintiffs and Smithfield, and will release Smithfield from liability to members of the Settlement Class.

- The Settlement requires Smithfield to pay up to $83,000,000.  In addition to this monetary payment, Smithfield has agreed to provide specified cooperation in the Direct Purchaser Plaintiffs' continued prosecution of the litigation.

- The Court has not decided whether Smithfield did anything wrong, and Smithfield denies any wrongdoing.

- Your legal rights are affected whether you act or don't act.  Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **ASK TO BE EXCLUDED** | This is the only option that allows you ever to be part of any *other* lawsuit against Smithfield concerning the Released Claims (as defined in the Settlement Agreement).  Requests for Exclusion must be postmarked or received by _____, 2021. |
| **OBJECT** | Write to the Court about why you don't like the Settlement.  Objections must be postmarked or received by _____, 2021. |
| **ATTEND THE FAIRNESS HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | You will remain part of the Settlement and you may participate in any monetary distribution to qualified purchasers. The Settlement will resolve your claims against Smithfield and you will give up your rights to sue or to continue suing Smithfield about the Released Claims (as defined in the Settlement Agreement).  You will be bound by the judgment. |

- Your options are explained in this notice. To ask to be excluded, you must act before **_____, 2021.**

958085.3

Questions? Call the Settlement Administrator toll-free at 1-866-797-0864 or visit www.PorkAntitrustLitigation.com.     1 of 8

## What This Notice Contains

What This Notice Contains ................................................................................................................. 2

BASIC INFORMATION............................................................................................................................. 3

    1.   Why did I receive a notice? ................................................................................................... 3

    2.   What is this lawsuit about? .................................................................................................... 3

    3.   What is a class action, and who is involved?........................................................................ 3

    4.   Why is there a Settlement? ................................................................................................... 3

    5.   What if I received previous communications regarding this lawsuit?................................... 4

WHO IS IN THE CLASS?............................................................................................................................ 4

    6.   Am I part of the Class? ......................................................................................................... 4

    7.   Are there exceptions to being included?............................................................................... 4

    8.   I'm still not sure if I'm included. ......................................................................................... 4

THE BENEFITS OF THE SETTLEMENT AGREEMENT WITH SMITHFIELD............................................... 4

    9.   What does the Settlement with Smithfield provide? ............................................................ 4

    10.  What are the Settlement benefits being used for? ................................................................ 5

    11.  What am I giving up by staying in the Settlement Class?.................................................... 5

    12.  What happens if I do nothing at all?..................................................................................... 5

EXCLUDING YOURSELF FROM THE SETTLEMENT .................................................................................. 5

    13.  How do I exclude myself from the Settlement with Smithfield? ......................................... 5

    14.  If I don't exclude myself, can I sue Smithfield for the same thing later? ............................ 6

OBJECTING TO THE SETTLEMENT........................................................................................................... 6

    15.  How do I tell the Court that I don't like the Settlement? ..................................................... 6

    16.  What is the difference between excluding myself and objecting? ........................................ 6

THE LAWYERS REPRESENTING YOU ...................................................................................................... 6

    17.  Do I have a lawyer in this case? ........................................................................................... 7

    18.  How will the lawyers be paid? ............................................................................................. 7

THE COURT'S FAIRNESS HEARING.......................................................................................................... 7

    19.  When and where will the Court decide whether to approve the Settlement?........................ 7

    20.  Do I have to come to the hearing?........................................................................................ 7

    21.  May I speak at the hearing?.................................................................................................. 7

GETTING MORE INFORMATION ............................................................................................................... 7

    22.  How do I get more information about the Settlement? ......................................................... 7

958085.3

Questions? Call the Settlement Administrator toll-free at 1-866-797-0864 or visit www.PorkAntitrustLitigation.com.     2 of 8

# BASIC INFORMATION

## 1.  Why did I receive a notice?

Defendants, including Smithfield, produce Pork products. Defendants' records show that you may have purchased Pork products directly from one or more of the Defendants for use or delivery in the United States between January 1, 2009, and January 12, 2021.  The list of Defendants is in Section 2 below.  The Court authorized this notice because you have a right to know about the Settlement of certain claims against Smithfield in this class action lawsuit and about your options before the Court decides whether to approve the Settlement between Smithfield and Direct Purchaser Plaintiffs. If the Court approves the Settlement, then after objections and appeals are resolved, you will be bound by the judgment and terms of the Settlement unless you exclude yourself from the Settlement Class before the deadline to request exclusion.  This notice explains the lawsuit, the Settlement, and your legal rights.

## 2.  What is this lawsuit about?

This class action is called *In re Pork Antitrust Litigation*, D. Minn. Case No. 0:18-cv-01776 and is pending in the United States District Court for the District of Minnesota.  U.S. District Court Judge John R. Tunheim is in charge of this class action.

Direct Purchaser Plaintiffs allege that Defendants and their co-conspirators conspired and combined to fix, raise, maintain, and stabilize the price of Pork products, beginning at least as early as January 1, 2009, with the intent and expected result of increasing prices of Pork products in the United States, in violation of federal antitrust laws.

The Defendants and co-conspirators named in Direct Purchaser Plaintiffs' Third Consolidated Amended Complaint are producers of Pork products in the United States, as well as Agri Stats, Inc.  In this notice, "Defendants" refers to JBS USA Food Company, JBS USA Food Company Holdings, Clemens Food Group, LLC, The Clemens Family Corporation, Hormel Foods Corporation, Indiana Packers Corporation, Seaboard Foods LLC, Smithfield Foods, Inc., Triumph Foods, LLC, Tyson Foods, Inc., Tyson Prepared Foods, Inc., Tyson Fresh Meats, Inc., and Agri Stats, Inc.[1]

Direct Purchaser Plaintiffs previously reached a settlement with one Defendant, JBS.  The settlement with JBS is pending final approval by the Court. Direct Purchaser Plaintiffs have now reached a new proposed Settlement with Defendant Smithfield. Smithfield has denied all allegations of wrongdoing in this lawsuit and would allege numerous defenses to Plaintiffs' claims if the case against it were to proceed. The Direct Purchasers' case is proceeding against all other Defendants besides JBS and Smithfield.  Those other Defendants may be subject to separate settlements, judgments, or class certification orders. If applicable, you will receive a separate notice regarding the progress of the litigation and any resolution of claims against other Defendants.

## 3.  What is a class action, and who is involved?

In a class action lawsuit, one or more people or businesses called class representatives sue on behalf of others who have similar claims, all of whom together are a "class." Individual class members do not have to file a lawsuit to participate in the class action settlement or be bound by the judgment in the class action.  One court resolves the issues for everyone in the class, except for those who exclude themselves from the class.

## 4.  Why is there a Settlement?

The Court did not decide in favor of Direct Purchaser Plaintiffs or Smithfield.  Direct Purchaser Plaintiffs believe they may have won at trial and possibly obtained a greater recovery.  Smithfield believes the Direct Purchaser Plaintiffs may not have succeeded at class certification or won at a trial.  But litigation involves risks to both sides, and therefore Direct Purchaser Plaintiffs and Smithfield have agreed to the Settlement.  The Settlement requires Smithfield to pay money, as

---

[1] The Court dismissed Indiana Packers Corporation from this lawsuit with prejudice, but if you purchased Pork directly from Indiana Packers between January 1, 2009, and January 12, 2021, you are a member of the Settlement Class.

well as provide specified cooperation in the Direct Purchaser Plaintiffs' continued prosecution of the litigation.  Direct Purchaser Plaintiffs and their attorneys believe the Settlement is in the best interests of all Settlement Class Members.

## 5.  What if I received previous communications regarding this lawsuit?

A previous notice went to the Direct Purchaser Settlement Class Members regarding the JBS settlement. You are permitted to participate in this Settlement with Smithfield regardless of whether you excluded yourself from the JBS settlement.

You may have received other communications regarding this lawsuit, including solicitations by other attorneys seeking to represent you as a plaintiff in an individual (or "direct action") lawsuit against Defendants.  These communications were not approved by the Court and did not come from Court-appointed Co-Lead Counsel.  You should carefully review this notice and your rights as a potential member of the Settlement Class before deciding whether to opt out or stay in the Settlement Class.  If you have questions about this litigation and your rights as a potential member of the Settlement Class, please contact Co-Lead Counsel whose contact information is listed in question 15 below.

## WHO IS IN THE CLASS?

## 6.  Am I part of the Class?

The Court decided that, for settlement purposes, members of the Settlement Class are defined as:

> All persons who purchased Pork directly from any of the Defendants or any co-conspirator, or their respective subsidiaries or affiliates for use or delivery in the United States from January 1, 2009 through January 12, 2021.

If you satisfy these criteria, then you are a member of the Settlement Class, subject to the exceptions listed in Section 7.

While this Settlement is only with Smithfield, the Settlement Class includes persons who purchased Pork products (as defined in the Settlement Agreement) from *any* of the Defendants or their co-conspirators. (The Court dismissed Indiana Packers Corporation from this lawsuit with prejudice, but if you purchased Pork directly from Indiana Packers between January 1, 2009, and January 12, 2021, you are a member of the Settlement Class.) If you are a member of the Settlement Class and do not exclude yourself, you may be eligible to participate in (or exclude yourself from) any additional settlements which may arise with any other Defendants in the case.

## 7.  Are there exceptions to being included?

Yes. Specifically excluded from the Settlement Class are the Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of any Defendant. Also excluded from the Settlement Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action. If you are in one of these categories, you are not a member of the Settlement Class and not eligible to participate in the Settlement.

## 8.  I'm still not sure if I'm included.

If you are still not sure if you are included, please review the detailed information contained in the Settlement Agreement, available for download at www.PorkAntitrustLitigation.com.  You may also call the Settlement Administrator at 1-866-797-0864 or call or write to Co-Lead Counsel at the phone numbers or addresses listed in question 15 below.

## THE BENEFITS OF THE SETTLEMENT AGREEMENT WITH SMITHFIELD

## 9.  What does the Settlement with Smithfield provide?

If the Settlement is approved, Smithfield will pay up to $83,000,000 to resolve all Settlement Class Members' claims against Smithfield for the Released Claims (as defined in the Settlement Agreement).  In addition to this monetary

benefit, Smithfield has also agreed to provide specified cooperation in the Direct Purchaser Plaintiffs' continued prosecution of the litigation.

## 10. What are the Settlement benefits being used for?

A portion of the Settlement proceeds are being used for the administration of the notice of the Settlement to potential members of the Settlement Class by the Settlement Administrator. The remainder of the Settlement proceeds will remain available for any future notice, distribution to members of the Settlement Class, or attorneys' fees, litigation expenses, and incentive awards to Direct Purchaser Plaintiffs and their counsel. At this time, Direct Purchaser Plaintiffs and their counsel are not seeking any attorneys' fees, non-administration expenses, or incentive awards to be paid from the Settlement proceeds. However, they will do so in the future, subject to additional notice to you and approval by the Court.

Co-Lead Counsel do not intend to distribute any net proceeds from the Settlement to qualifying members of the Settlement Class at this time, but will do so in the future. You will be provided further notice of any such distribution.

## 11. What am I giving up by staying in the Settlement Class?

Unless you exclude yourself, you are staying in the Settlement Class, which means that you can't sue, continue to sue, or be part of any other lawsuit against Smithfield that pertains to the Released Claims (as defined in the Settlement Agreement), which go through [DATE OF PRELIMINARY APPROVAL]. It also means that all of the Court's orders will apply to you and legally bind you. The Released Claims are detailed in the Settlement Agreement, available at www.PorkAntitrustLitigation.com.

You are not releasing your claims against any Defendant other than Smithfield by staying in the Settlement Class.

Please be advised that the Class period for the Settlements is January 1, 2009 through January 12, 2021, and payments for participating Settlement Class members will be distributed on a *pro rata* basis pursuant to their Pork purchases from January 1, 2009 through January 12, 2021 when the distribution occurs.

## 12. What happens if I do nothing at all?

If you do nothing, you will remain a member of the Settlement Class and participate in this Settlement. You will also have the opportunity to participate in (or exclude yourself from) any future settlements or judgments obtained by Direct Purchaser Plaintiffs.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

## 13. How do I exclude myself from the Settlement with Smithfield?

If you do not want the benefits offered by the Settlement and you do not want to be legally bound by the terms of the Settlement, or if you wish to pursue or continue your own separate lawsuit against Smithfield, you must exclude yourself by submitting a written request to the Settlement Administrator stating your intent to exclude yourself from the Settlement with Smithfield (an "Exclusion Request"). Your Exclusion Request must include the following: (a) your name, including the name of your business which purchased Pork products, and address; (b) a statement that you want to be excluded from the Settlement with Smithfield in *In re Pork Antitrust Litigation*; and (c) your signature.

If you intend to exclude subsidiaries, affiliates, divisions, related or controlled entities, entities under common control, predecessors in interest, or any other related entity, such entities must be expressly identified by name and address in your request. Additionally, if you intend to exclude claims that were assigned to you from another potential Settlement Class Member, you must include the assignor's name; whether the assignor fully or partially assigned their Pork claims; the annual value of Pork purchases assigned, identified by Defendant or Co-Conspirator from whom the purchases were made; and a copy of the executed assignment agreement or a statement outlining the assignment signed by both the assignor and assignee.

You must mail or email your Exclusion Request, postmarked or received by _____, 2021, to: Pork Antitrust Litigation, Attn: EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217; or info@PorkAntitrustLitigation.com.

---

| **14. If I don't exclude myself, can I sue Smithfield for the same thing later?** |
| --- |

No. Unless you exclude yourself, you give up the right to sue Smithfield for the same claims that the Settlement resolves. If you have a pending lawsuit against Smithfield, speak to your lawyer in that lawsuit immediately to determine whether you must exclude yourself from this Settlement Class to continue your own lawsuit against Smithfield.

By staying in the lawsuit you are not releasing your claims in this case against any Defendant other than Smithfield.

## OBJECTING TO THE SETTLEMENT

| **15. How do I tell the Court that I don't like the Settlement?** |
| --- |

If you are a member of the Settlement Class and have not excluded yourself from the Settlement, you can object to the Settlement if you don't like part or all of it. The Court will consider your views.

To object, you must send a letter or other written statement saying that you object to the Settlement with Smithfield in *In re Pork Antitrust Litigation* and the reasons why you object to the Settlement. Be sure to include your full name, the name of your business which purchased Pork, current mailing address, and email address. Your objection must be signed. You may include or attach any documents that you would like the Court to consider. Do not send your written objection to the Court or the judge. Instead, mail the objection to the Settlement Administrator, Co-Lead Counsel, and counsel for Smithfield at the addresses listed below. Your objection must be postmarked no later than _____, 2021.

| **Settlement Administrator:** | **Direct Purchaser Plaintiffs' Co-Lead Counsel:** | **Counsel for Smithfield:** |
| --- | --- | --- |
| Pork Antitrust Litigation<br>ATTN: OBJECTIONS<br>c/o A.B. Data, Ltd.<br>P.O. Box 173001<br>Milwaukee, WI 53217 | W. Joseph Bruckner<br>Brian D. Clark<br>LOCKRIDGE GRINDAL NAUEN P.L.L.P.<br>100 Washington Ave. S., Ste. 2200<br>Minneapolis, MN 55401<br>(612) 339-6900<br>wjbruckner@locklaw.com<br>bdclark@locklaw.com | Richard Parker<br>Josh Lipton<br>GIBSON, DUNN &<br>CRUTCHER, LLP<br>1050 Connecticut Avenue, N.W.<br>Washington DC 20036<br>(202) 955-8500<br>rparker@gibsondunn.com<br>jlipton@gibsondunn.com |
|  | Clifford H. Pearson<br>Bobby Pouya<br>PEARSON, SIMON & WARSHAW, LLP<br>15165 Ventura Blvd., Ste. 400<br>Sherman Oaks, CA 91403<br>(818) 788-8300<br>cpearson@pswlaw.com<br>bpouya@pswlaw.com |  |

| **16. What is the difference between excluding myself and objecting?** |
| --- |

Objecting is telling the Court that you do not like something about the Settlement. You can object only if you do not exclude yourself from the Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no standing to object because the Settlement no longer affects you.

## THE LAWYERS REPRESENTING YOU

## 17. Do I have a lawyer in this case?

The Court has appointed Lockridge Grindal Nauen P.L.L.P. and Pearson, Simon & Warshaw, LLP as Co-Lead Counsel for the Settlement Class.  Their contact information is provided above in question 15.

If you wish to remain a member of the Settlement Class, you do not need to hire your own lawyer because Co-Lead Counsel is working on your behalf.

If you wish to pursue or continue your own case separate from this one, or if you exclude yourself from the Settlement Class, these lawyers will no longer represent you.  You will need to hire your own lawyer if you wish to pursue or continue your own lawsuit against Smithfield.

## 18. How will the lawyers be paid?

Co-Lead Counsel are not asking the Court to award any attorneys' fees from the Settlement with Smithfield at this time.  In the future, Co-Lead Counsel will ask the Court to award attorneys' fees and reimbursement of reasonable and necessary litigation expenses from the Settlement or any other settlement or recovery in this litigation.  At such time, and prior to any Court approval, members of the Settlement Class will be provided with notice of the amount of fees or expenses sought by Co-Lead Counsel and the opportunity to be heard by the Court.  You will not have to pay any fees or costs out-of-pocket.

## THE COURT'S FAIRNESS HEARING

## 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing to decide whether to approve the Settlement (the "Fairness Hearing").  You may attend and you may ask to speak, but you don't have to.  The Court will hold a Fairness Hearing on _____, 2021, at _____ _.m., at the United States District Court for the District of Minnesota, Courtroom 15, 300 South Fourth Street, Minneapolis, MN 55415.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take. Pursuant to any applicable orders relating to the COVID-19 emergency or otherwise, the Fairness Hearing may take place remotely, including via telephone or video conference.  The Court may also move the Fairness Hearing to a later date without providing additional notice to the Class. Updates will be posted to the Settlement website regarding any changes to the hearing date or conduct of the Fairness Hearing.

## 20. Do I have to come to the hearing?

No. Co-Lead Counsel will answer any questions the Court may have.  However, you are welcome to come at your own expense.  If you send an objection, you do not have to come to court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

## 21. May I speak at the hearing?

You may ask to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re Pork Antitrust Litigation*."  Be sure to include your name, including the name of your business which purchased Pork, current mailing address, telephone number, and signature.  Your Notice of Intention to Appear must be postmarked no later than _____, 2021, and it must be sent to the Clerk of the Court, Co-Lead Counsel, and counsel for Smithfield.  The address for the Clerk of the Court is: 300 South Fourth Street, Courtroom 15, Minneapolis, MN 55415. The addresses for Co-Lead Counsel and counsel for Smithfield are provided in Question 15.  You cannot ask to speak at the hearing if you excluded yourself from the Settlement Class.

## GETTING MORE INFORMATION

## 22. How do I get more information about the Settlement?

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  You can find a copy of the Settlement Agreement, other important documents, and information about the current status of the litigation by visiting    www.PorkAntitrustLitigation.com.        You      may      contact      the      Settlement      Administrator      at info@PorkAntitrustLitigation.com  or  toll-free  at  1-866-797-0864.   You  may  also  contact  Co-Lead  Counsel  at  the addresses, phone numbers, and email addresses provided in Question 15.

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**