UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To: ALL ACTIONS | No. 0:18-cv-01776-JRT-HB<br><br>**REDACTED - FILED PUBLICALLY**<br><br>**DECLARATION OF JOSEPH C. BOURNE IN SUPPORT OF CLASS PLAINTIFFS' MOTION TO COMPEL HORMEL TO PRODUCE RESPONSIVE TEXT MESSAGE CONTENT AND TO ENFORCE SUBPOENAS TO HORMEL CUSTODIANS** |

I, Joseph C. Bourne, declare as follows:

1.  I am an attorney with the law firm of Lockridge Grindal Nauen P.L.L.P., appointed by the Court as Interim Co-Lead Class Counsel for the Direct Purchaser Plaintiff ("DPP") Class in the above-captioned matter. I submit this declaration in support of Class Plaintiffs' Motion to Compel Hormel to Produce Responsive Text Message Content and to Enforce Subpoenas to Hormel Custodians.

2.  Attached as Exhibit 1 is a summary chart of the response letters and objections sent on behalf of the subpoenaed Hormel custodians by their attorneys, Rock Hutchinson PLLP.

3.  Attached as Exhibit 2 is a PDF compilation of all letters and objections received by Plaintiffs from the individual Hormel custodians in response to the subpoenas Class Plaintiffs served.

561454.4

4. Attached as Exhibit 3 is a true and correct copy of All Plaintiffs' First Set of Requests for Documents to the Pork Integrator Defendants, served November 1, 2018.

5. Attached as Exhibit 4 is a true and correct copy of Defendant Hormel Foods Corporation's Answers and Objections to Plaintiffs' First Set of Interrogatories. Hormel designated certain portions of this document (its Answers to Interrogatories 4, 8, and 9) as Confidential or Highly Confidential pursuant to the Protective Order.

6. Attached as Exhibit 5 is a true and correct copy of Direct Purchaser Plaintiffs, Consumer Indirect Purchaser Plaintiffs, and Commercial and Institutional Indirect Purchaser Plaintiffs' First Set of Requests for Production of Documents to The Pork Integrator Defendants.

7. Attached as Exhibit 6 is a true and correct copy of an email exchange between Class Plaintiffs and counsel for Hormel from April 19, 2021 to April 23, 2021.

8. Attached as Exhibit 7 is a true and correct copy of the April 30, 2021 letter from Joseph C. Bourne to Isaac B. Hall.

9. Attached as Exhibit 8 is a true and correct copy of the May 5, 2021 letter from Craig S. Coleman to Joseph C. Bourne.

10. Attached as Exhibit 9 is a true and correct copy of the May 10, 2021 letter from Joseph C. Bourne to Craig S. Coleman.

11. Attached as Exhibit 10 is a true and correct copy of the May 12, 2021 letter from Craig S. Coleman to Joseph C. Bourne.

12. During their meet-and-confers with counsel for the Hormel custodians, Plaintiffs' counsel sent an excel spreadsheet with two sheets. The first sheet of the excel

document contained a selected list of phone numbers associated with Defendants and industry participants. The second sheet contained a list of search terms related to Pork Integrators and their affiliates, Agri Stats and its affiliates, major industry affiliates, and other terms unique to the pork industry. Plaintiffs' counsel drafted these terms so that searches would capture documents relevant, or potentially relevant, to Plaintiffs' conspiracy allegations, taking into account the unique nature of text messages (*e.g.*, their brevity) and the smaller universe of potentially responsive documents (as compared to emails, for example).

13. Attached as Exhibit 11 is a true and correct copy of email correspondence between Kathryn Stephens and Stephen M. Owen between July 16, 2021 and July 22, 2021.

14. Attached as Exhibit 12 is a true and correct copy of the August 2, 2021 letter from Kathryn Stephens to Joseph C. Bourne (inadvertently dated July 16, 2021) and its transmittal email.

15. During the August 2, 2021 meet and confer between Plaintiffs' counsel and counsel for the Hormel custodians regarding the scope of the subpoenas, counsel for the custodians refused to search the phones of each Hormel custodian, suggesting that Plaintiffs identify a few particular individuals that might have especially responsive information and limit the search to those individuals.

16. Attached as Exhibit 13 is a true and correct copy of Defendant Hormel Foods Corporation's Initial Objections and Responses to All Plaintiffs' First Set of Requests.

17. Attached as Exhibit 14 is a true and correct copy of Hormel Foods Corporate Services, LLC's Hormel Foods Mobile Device Policy, bates-labeled HFC-PORKAT-

0000428, which Hormel designated as Highly Confidential pursuant to the Protective Order.

18. On April 7, 2021, Plaintiffs issued a telephone record subpoena to ATT for known Defendant telephone numbers.

19. On June 2, 2021, ATT produced phone record logs for Defendants to Plaintiffs pursuant to the April 7, 2021 subpoena.

20. Upon receiving the records, Plaintiff analyzed the records and determined that ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████ (*see, e.g.*, ATT-PORK-0000060374, at -61663, -61681, -61723); ███████████████████████████ ███████████████████████████ (*see, e.g.*, ATT-PORK-0000060374, at -61710, -61746, -61805); ███████████████████████████████████ (*see, e.g.*, ATT-PORK-0000060374, at -32095); ███████████████████████████████████████████████████████████ ████████████████████ (*see, e.g.*, ATT-PORK-0000060374, at -61469, -61534, -61516); ███████████████████████████████████ (*see, e.g.*, ATT-PORK-0000060374, at -61430, -61432, -61446).

21. Between April 30 and May 12, I corresponded with Hormel's counsel through a series of letters, *see supra*, ¶¶ 8-11, requesting that Hormel further investigate and explain its retention efforts with respect to the text message data on its custodians' personal cell phones. In particular, I asked them to determine whether relevant responsive data exists (or existed), to determine whether any such data has been lost, and to take appropriate preservation efforts. I requested information about whether Hormel's counsel

had interviewed Hormel document custodians to ascertain the frequency with which they used text messaging for work-related purposes, whether the Hormel custodians searched their phones, what Hormel's policies and procedures say about employees' obligations vis-à-vis their phones and Hormel, and whether Hormel had asked or instructed them to make their cell phones available for imaging and searching. In response, Hormel refused to take any such measures and refused to provide the information requested beyond stating that Hormel provided "legal-hold notices issued to all custodians who are employees."

22. Attached as Exhibit 15 is a true and correct copy of the October 26, 2018 correspondence from Richard A. Duncan, on behalf of Hormel Foods Corporation, to W. Joseph Bruckner, counsel for the Direct Purchaser Plaintiffs.

23. None of the other Defendants disputed that their employees' text messages regarding the Pork industry were within their possession, custody, or control. As such, every other Defendant agreed to search its employees' phones, and most have agreed to use search terms that were substantially similar to the terms Class Plaintiffs proposed for the Hormel custodians (discussions with certain Defendants about text message search terms are ongoing; for instance, one Defendant utilized a TAR process). They also undertook the preservation efforts at the outset of the case to ensure that text messages were not lost.

24. Attached as Exhibit 16 are the search terms and methodology Class Plaintiffs proposed for the search of the Hormel custodians' cell phones.

25. Unlike log data for phone calls or SMS or MMS text message, log data for iMessages is not available from telephone carriers and is available only from the device or its backup.

26. Attached as Exhibit 17 is a PDF compilation of all subpoenas Plaintiffs served on the Hormel custodians.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of August, 2021.

<i>/s/Joseph C. Bourne</i><br>
Joseph C. Bourne