# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| IN RE PORK ANTITRUST LITIGATION | No. 0:18-cv-01776-JRT-HB |
|---|---|
| This Document Relates To:<br><br>DIRECT PURCHASER PLAINTIFF ACTION | |

**DIRECT PURCHASER PLAINTIFFS' BRIEF REGARDING CONSOLIDATION OF MDL CASES WITH THE PRE-EXISTING CASES**

## I. INTRODUCTION

Pursuant to the Court's Order (ECF No. 869), Direct Purchaser Plaintiffs ("DPPs") address the question of whether the MDL cases (No. 21-md-02998) should be consolidated with the pre-existing cases (No. 18-cv-01776). DPPs submit that the MDL cases should be consolidated with the pre-existing cases.

## II. ARGUMENT

The Court may consolidate multiple actions when those actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Since the MDL cases are follow-on actions to the pre-existing cases, it is no surprise that they present common questions of law and fact, as all these cases revolve around the same subject matter: the allegation that Defendants engaged in a price-fixing conspiracy to raise and maintain the price of Pork.

Furthermore, on multiple occasions, this Court has already stated that additional cases involving the same subject matter should be consolidated with the pre-existing cases. On September 21, 2018, Magistrate Judge Bowbeer entered an Initial Case Management Order that specifically addressed "Newly Filed or Transferred Actions," stating in pertinent part:

> 9. The terms of this Order shall apply automatically to actions later instituted in, removed to, or transferred to this Court *(including cases <u>transferred for pretrial purposes under 28 U.S.C. § 1407</u>) that involve allegations of antitrust violations concerning pork producers by the Defendant entities* in the above-referenced actions.
>
> 10. ***When an action that relates to the same subject matter as these consolidated actions is hereafter filed in or transferred to this Court and assigned to the undersigned, <u>it shall be consolidated for pretrial purposes</u>***

1

>with the appropriate group of actions, e.g., Direct Purchaser Plaintiff, Commercial and Institutional Indirect Purchaser Plaintiff, or Consumer Indirect Purchaser Plaintiff Action (provided that any case transferred to this Court solely for pretrial proceedings shall be consolidated only to the extent there is no further order of this Court)."

ECF No. 85 at ¶¶ 9-10 (emphasis added). Then, after several Direct Action Plaintiffs (Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC (the "Winn-Dixie Plaintiffs"), and the Commonwealth of Puerto Rico) opted to file their own individual direct purchaser actions, this Court consolidated those cases "for pretrial and administrative purposes under Case No. 18-cv-1776." ECF No. 644 at Order ¶¶ 1-2; *see also* July 14, 2021 Hearing Transcript 26:19-27:18 (defense counsel discussing these two orders).

DPPs see no reason that the MDL Direct Action Plaintiffs ("MDL DAPs") should be treated any differently and not also be consolidated for pre-trial and administrative purposes. Most critically, it would be unjust and inefficient (for all parties, plaintiffs and defendants alike) for the MDL DAPs to proceed on a different track and impede the significant, efficient progress that has been made in the litigation to date. As the Court is well aware, the parties in the pre-existing cases have been actively litigating this matter for over three years. Defendants are scheduled to substantially complete their document productions by September 1, 2021 (ECF No. 658 at p. 4) and dozens of depositions will begin soon thereafter. Simply put, DPPs, the other Class Plaintiffs, and several DAPs who filed in this Court have engaged in—and will continue to engage in—a tremendous amount of work under the case management orders set by this Court. That momentum should not be disrupted.

DPPs and the other Class Plaintiffs will certainly coordinate discovery with the MDL DAPs, just as they have with the Winn-Dixie Plaintiffs and the Commonwealth of Puerto Rico. However, the allocation of responsibility in that coordinated discovery needs to take into account the fact that DPPs and the other Class Plaintiffs have been actively litigating this case *for over three years*, and have the benefit of having reviewed many of the more than one million documents produced to date, engaged in intensive analysis and discussions regarding document custodians and search terms, and started preparations for the depositions set to begin shortly. Meanwhile, the MDL DAPs chose to wait until the Class Plaintiffs defeated Defendants' motions to dismiss and got discovery well underway before they filed their cases elsewhere and eventually were transferred here.

## III. CONCLUSION

The MDL cases present numerous questions of law and fact common to the pre-existing cases. In order to efficiently litigate this antitrust lawsuit and conserve time and resources, the Court should consolidate the MDL cases with the pre-existing cases and create one single case number.

Date: August 19, 2021

     */s/ Benjamin E. Shiftan*

| | |
|---|---|
| Clifford H. Pearson (*Pro Hac Vice*) | W. Joseph Bruckner (MN #0147758) |
| Daniel L. Warshaw (*Pro Hac Vice*) | Brian D. Clark (MN #0390069) |
| Thomas J. Nolan (*Pro Hac Vice*) | Joseph C. Bourne (MN #0389922) |
| Bobby Pouya (*Pro Hac Vice*) | Arielle S. Wagner (MN #0398332) |
| Michael H. Pearson (*Pro Hac Vice*) | Craig S. Davis (MN #0148192) |
| **PEARSON, SIMON & WARSHAW, LLP** | Simeon A. Morbey (MN #0391338) |
| | Stephen M. Owen (MN # 0399370) |
| 15165 Ventura Boulevard | **LOCKRIDGE GRINDAL NAUEN P.L.L.P.** |
| Suite 400 | |
| Sherman Oaks, CA 92403 | 100 Washington Avenue South |
| T: (818) 788-8300 | Suite 2200 |
| F: (818) 788-8104 | Minneapolis, MN 55401 |
| *cpearson@pswlaw.com* | T: (612) 339-6900 |
| *dwarshaw@pswlaw.com* | F: (612) 339-0981 |
| *tnolan@pswlaw.com* | *wjbruckner@locklaw.com* |
| *bpouya@pswlaw.com* | *bdclark@locklaw.com* |
| *mpearson@pswlaw.com* | *jcbourne@locklaw.com* |
| | *aswagner@locklaw.com* |
| Bruce L. Simon (*Pro Hac Vice*) | *csdavis@locklaw.com* |
| Benjamin E. Shiftan (*Pro Hac Vice*) | *samorbey@locklaw.com* |
| Neil J. Swartzberg (*Pro Hac Vice*) | *smowen@locklaw.com* |
| **PEARSON, SIMON & WARSHAW, LLP** | |
| | Melissa S. Weiner (MN #0387900) |
| 350 Sansome Street | **PEARSON, SIMON & WARSHAW, LLP** |
| Suite 680 | |
| San Francisco, CA 94104 | 800 LaSalle Avenue |
| T: (415) 433-9000 | Suite 2150 |
| F: (415) 433-9008 | Minneapolis, MN 55402 |
| *bsimon@pswlaw.com* | T: (612) 389-0600 |
| *bshiftan@pswlaw.com* | F: (612) 389-0610 |
| *nswartzberg@pswlaw.com* | *mweiner@pswlaw.com* |
| | |
| | *Co-Lead Class Counsel for Direct Purchaser Plaintiffs* |