# EXHIBIT B



**MINNESOTA OFFICE**
CANADIAN PACIFIC PLAZA
120 S. 6TH ST., STE 2600
MINNEAPOLIS, MN 55402

**CALIFORNIA OFFICE**
600 B STREET
17TH FLOOR
SAN DIEGO, CA 92101

**JOSHUA J. RISSMAN**
jrissman@gustafsongluek.com
TEL (612) 333-8844 • FAX (612) 339-6622
MINNESOTA OFFICE

December 2, 2020

<u>*Via Electronic Mail*</u>

**TO ALL COUNSEL ON ATTACHED SERVICE LIST**

  Re: *In re Broiler Chicken Antitrust Litigation,* Case No. 1:16-cv-08637-TMD

Dear Counsel:

  Counsel for Commercial and Institutional Indirect Purchaser Plaintiffs (CIIPPs) and End-User Consumer Plaintiffs (EUCPs) (collectively "IPPs") in the above-captioned action are in receipt of Defendants' September 29, 2020 Notice of 30(b)(6) Deposition of Sysco Corporation (the "Notice"), which on its face expressly states "This Document Relates To: All Actions." The Notice states that the deposition will proceed pursuant to the operative Order and Stipulation Concerning Remote Deposition Protocol, ECF No. 3729 (the "Deposition Protocol"), starting tomorrow, December 3, 2020, at 9:00 a.m. Central Time. IPPs write today to memorialize certain meet and confer discussions regarding the deposition and IPPs objection to Sysco's seeming unwillingness to allow any IPP to examination of the witness, should the need arise, regarding information and topics relevant to IPPs' claims.

  Prior to the temporary suspension and resetting of deposition discovery earlier this year due to the coronavirus pandemic, the parties successfully completed dozens of depositions of witnesses presented either individually or as Rule 30(b)(6) corporate designees by the various Direct Action Plaintiffs. Defendants directed notice as required under Rule 30(b)(1) to "every other party." Counsel for IPPs attended and in some instances, conducted short concluding examinations of DAP witnesses, where appropriate.

  That practice continued correctly, for the entire case until March 10, 2020, at the 30(b)(1) deposition of U.S. Foods employee Robert Ficklin. Notably, U.S. Foods and Sysco are represented by the same Direct Action Plaintiff counsel, Mr. Scott Gant. IPPs sought to conduct a short follow-up examination on testimony relevant to the IPP's case.

Page 2
December 2, 2020

Counsel for U.S. Foods (and Sysco) intervened, however, and unilaterally ended the deposition.

IPPs therefore write to put Sysco, and Defendants, on notice of their intention to examine Sysco's Rule 30(b)(6) designee to the extent the witness testifies or is asked questions regarding matters germane to Class Plaintiffs' claims, including in particular topics relating to sales to IPPs. Counsel for IPPs have reached out both to Sysco seeking an understanding that if necessary the deposition will continue up to 30 minutes beyond the conclusion of Defendants' examination. IPPs have also reached out to Defendants to request that up to 30 minutes of the standard seven-hour time limit be reserved for use by Class Plaintiffs in the event such testimony is given. So far Sysco has not agreed to allow any IPP testimony, and Defendants have not agreed to cede any of their 7 hours to IPPs, but have taken no position on whether questioning beyond the 7 hours is appropriate.

The current position by Sysco and Defendants is contrary to law. All parties present at a deposition are entitled to cross-examine the deponent, just as they would at trial. Fed. R. Civ. P. 30(c)(1) ("The examination *and* cross-examination of a deponent proceed *as they would at trial. . . .*"); *and see Smith v. Logansport Community School Corp.,* 139 F.R.D. 637, 641-42 (N.D. Ind. 1991) ("the party noticing the deposition will commence the interrogation with direct examination. Afterward, each other attending party may cross-examine."). Indeed, non-noticing parties may cross-examine the witness even about matters not within the scope of the noticing party's examination. *Id.* Rule 30 further provides for sanctions if any party "impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). To the extent Defendants seek to examine Sysco (or any other DAP, for that matter) on issues relevant to the IPPs' claims, while at the same time refusing to permit the IPPs' a reasonable opportunity to cross-examine the witness on those issues, IPPs will seek exclusion of any such testimony in their respective cases.

Moreover, this is a complex, high-stakes, multiparty, coordinated action encompassing the claims of many individual Direct Action Plaintiffs and three groups of Class Plaintiffs asserted against more than 20 Defendant groups regarding activities that occurred across a multiyear period, proceeding in parallel to a criminal proceeding by the Department of Justice that has already resulted in 10 indictments. All parties are bound by various protocols, applicable civility guidelines, and the general admonition contained within the most recent revision to Rule 26(b)(1) that proportionality and considerations of "burden and expense" should guide the parties in reaching reasonable agreements regarding the scope and means of discovery. Judge Durkin, who presides over this matter, also maintains a standing order on Discovery advising *inter alia* that "The Court believes that parties can and should work out most discovery disputes."

IPPs therefore advise Sysco and the Defendants that should such questioning be warranted by the scope of Defendants' examination, counsel for Class Plaintiffs intend to

Page 3
December 2, 2020

conduct a limited examination of up to 30 minutes on those topics. The cooperation of Sysco and Defendants is expected, and if it is refused, IPPs reserve all rights, including the ability to strike the use of any testimony where IPPs were not permitted to cross-examine the witness, including but not limited to the use of the testimony at class certification, summary judgment and trial.

Sincerely,

GUSTAFSON GLUEK PLLC

Joshua J. Rissman