**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | No. 0:18-cv-1776-JRT-HB<br><br>No. 0:21-md-02998-JRT-HB |

**COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' BRIEF REGARDING CONSOLIDATION OF MDL CASES WITH THE PRE-EXISTING CASES**

## I. INTRODUCTION

Pursuant to the Court's Order (ECF No. 869), Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs") write to address the question of whether the MDL cases (No. 21-md-2998) should be consolidated with the pre-existing cases, including CIIPPs' case. (No. 18-cv-1776). CIIPPs join Direct Purchaser Plaintiffs' ("DPPs") response, and write to submit additional argument.

Pending before this Court is CIIPPs' Motion to Compel Compliance with Subpoena Directed to Affiliated Foods, Inc. (the "Motion"). *See* Dkt. Nos. 877-81. CIIPPs' Motion is correctly premised on the inclusion of the class cases in the MDL. This Court should find that the pre-existing class action cases are part of and should be consolidated with the MDL because doing so will allow the Court to coordinate and adjudicate pretrial litigation, including third-party discovery motion practice, to the full extent possible and appropriate. More specifically, because both the Federal Rules of Civil Procedure and the Rules for the Judicial Panel on Multidistrict Litigation encourage pretrial consolidation as necessary to reduce the risk of inconsistent rulings, avoid duplicative pretrial motion practice, and promote judicial economy, the MDL cases should be consolidated with CIIPPs' case and the other preexisting cases.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that the Court may consolidate multiple actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Similarly, 28 U.S.C. § 1407, which deals with MDL proceedings, provides that cases should be transferred to one court in cases where the a "judge ... [should] exercise the

powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." *See id.* § 1407(b). Such cases include those where the underlying litigation would be disrupted if another court rules on shared legal and factual disputes, such as discovery motions. *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 376 (D.D.C. 2017).

## III. ARGUMENT

The answer to the Court's question regarding whether the pre-existing cases, such as CIIPPs', should be consolidated with the MDL tag-alongs comes down to whether the pretrial motion practice of all of those cases would implicate similar issues. For the reasons explained in DPPs' brief, as well as CIIPPs' recently filed motions to compel and transfer[1], the answer to that question is an unequivocal: "Yes."

Under circumstances such as those here, courts around the country, as well as the J.P.M.L., agree that cases should be consolidated. *See, e.g.*, *In re Syngenta AG MIR162 Corn Litig. v. Syngenta AG*, No. 20-MC-064 (ECT/ECW), 2020 WL 5988498, at *4 (D. Minn. Oct. 9, 2020) ("It seems implausible that this court could identify and give proper weight to the implications [a third-party's] motion may have on the MDL Court's management of its cases."); *Estes v. 3M Co.*, No. 2:20-MC-3930-WKW-KFP, 2020 WL 8254487, at *1 (M.D. Ala. Dec. 29, 2020) (concluding that one court should hear motions to quash that are "indicative of numerous similar and successive motions that [one court] can most efficiently and effectively resolve.") (collecting cases); *Gaddis v. Garrison Prop.*

[1] Case No. 2:21-mc-00003-Z, Dkt. Nos. 8-11.

*& Cas. Co.*, No. 5:16-MC-456-DAE, 2016 WL 3081067, at *2 (W.D. Tex. May 31, 2016) (concluding that one court should hear pretrial motions where one court can "provide for consistent outcomes"); *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d at 378 (concluding that one court must be tasked with overseeing discovery precisely because a single tribunal needs to adjudicate all discovery issues and other pretrial matters involving parties around the country for the sake of consistency and efficiency"); *Dispatch Printing Co. v. Zuckerman*, No. 16-cv-80037, 2016 WL 335753, at *4 (S.D. Fla. Jan. 27, 2016) (concluding that one court should hear motions seeking the "same type of information" and raising "the same issues" that would otherwise be pending in different judicial districts, because "there is a demonstrable risk of inconsistent discovery rulings."); *In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 780 F. Supp. 2d 1379, 1381 (J.P.M.L. 2011) ("Transferee judges can accommodate common and individual discovery tracks, gaining the benefits of centralization without delaying or compromising consideration of claims on their individual merits."); *In re Deep Vein Thrombosis Litig.*, 323 F. Supp. 2d 1378, 1380 (J.P.M.L. 2004) ("Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.").

## IV. CONCLUSION

The MDL cases present numerous questions of law and fact common to CIIPPs' case and the other pre-existing cases. In order to reduce the risk of inconsistent rulings, avoid duplicative pretrial motion practice, and promote judicial economy, the Court should consolidate the MDL cases with the pre-existing cases and create one single case number.

Date: August 19, 2021

Respectfully Submitted,

By: */s/ Blaine Finley*

Jonathan W. Cuneo (*pro hac vice*)
Blaine Finley (*pro hac vice*)
Yifei (Evelyn) Li (*pro hac vice*)
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Ave. NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
Facsimile: (202) 589-1813
jonc@cuneolaw.com
bfinley@cuneolaw.com
evelyn@cuneolaw.com

Shawn M. Raiter (MN# 240424)
**LARSON • KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
(651) 312-6518 Telephone
sraiter@larsonking.com

***Co-Lead Counsel for Commercial and Institutional Indirect Purchaser Plaintiffs***

Don Barrett (*pro hac vice*)
David McMullan (*pro hac vice*)
Sterling Aldridge (pro hac vice)
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone: (662) 834-2488
dbarrett@barrettlawgroup.com
dmcmullan@barrettlawgroup.com
saldridge@barrettlawgroup.com

Jon A. Tostrud
Anthony M. Carter
**TOSTRUD LAW GROUP, P.C.**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 278-2600
jtostrud@tostrudlaw.com
acarter@tostrudlaw.com

J. Gordon Rudd, Jr., (MN# 222082)
David M. Cialkowski, (MN# 0306526)
Ian McFarland (MN# 0392900)
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: 612.341.0400
gordon.rudd@zimmreed.com
david.cialkowski@zimmreed.com
ian.mcfarland@zimmreed.com

Marcus Bozeman (*pro hac vice*)
**BOZEMAN LAW FIRM, P.A.**
400 West Capitol, Suite 1700
Little Rock, Arkansas 72201
https://www.bozemanfirm.com
Telephone: (501) 492-3441
mbozeman@bozemanfirm.com

***Plaintiffs' Steering Committee for Commercial and Institutional Indirect Purchaser Plaintiffs***