UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776-JRT-HB<br><br>**DECLARATION OF KATHRYN STEPHENS IN SUPPORT OF HORMEL CUSTODIANS' RESPONSE AND OPPOSITION TO CLASS PLAINTIFFS' MOTION TO COMPEL AND ENFORCE SUBPOENAS** |

I, Kathryn A. Stephens, hereby declare under penalty of perjury as follows:

1. I am an attorney duly licensed to practice law in the State of Minnesota. I am one of the attorneys retained by the thirty individual subpoena recipients ("Subpoena Recipients") in the above-entitled action. I submit this declaration, based on my personal knowledge, in support of the Response and Opposition to Class Plaintiffs' Motion to Compel and Enforce Subpoenas on behalf of the individual deponents.

2. My firm represents the thirty individual Subpoena Recipients in this action. The first of the subject subpoenas were served on May 3, 2021 and the last of the thirty was served on July 21, 2021. All of the Subpoena Recipients are either current or former employees of Hormel Foods Corporation ("Hormel").

3. Hormel is a named Defendant in this litigation. None of the Subpoena Recipients are named parties in this litigation.

4. The roles and responsibilities held by each of the Subpoena Recipients vary widely. Seventeen of the Recipients are current employees and 13 are former employees, with one having retired nine years ago.

5. Upon accepting service of each of the subject subpoenas, either my colleague, John Rock, or I conducted individual interviews with each of the Subpoena Recipients to determine whether each of them had documents responsive to the subpoena requests, particularly text messages that might not be discoverable through other means.

6. For each Subpoena Recipient, Mr. Rock or I collected information related to these topics: (1) whether the deponent used their personal cell phone for work-related text communications during the relevant time period; (2) their individual employment history with Hormel; (3) the scope and responsibilities of their role(s) with Hormel; (4) whether their role(s) involved work-related communications with individuals outside of Hormel; (5) whether any work-related communications with individuals outside of Hormel were via text message; (6) whether they had any text communications with anyone outside of Hormel regarding supply and demand conditions in the pork industry; (7) general information regarding their current and historical device(s) and cell phone service provider(s); (8) their use of cloud back-up to store cell phone data; and (9) similar related information regarding their general, historical cell phone use.

7. Based upon information obtained from these interviews, I prepared and served individual response letters and objections to the subject subpoenas on behalf of each Subpoena Recipient.

8. Of the thirty Subpoena Recipients, only a small group reported using their personal cell phones for work-related text communications external to Hormel during the relevant time period. More than half of those reported having their devices previously imaged. None of the Subpoena Recipients reported having any text communications with anyone outside of Hormel regarding supply and demand conditions in the pork industry. The vast majority of the Subpoena Recipients either did not use text messaging for work-related communications or only used text messaging for communications with other Hormel employees. I provided this information, in addition to other information regarding the Subpoena Recipients' interviews to opposing counsel in the response letters.

9. I, along with my colleague John Rock, participated in meet and confer communications with opposing counsel including four letters, several e-mails, and two telephone conferences. The first meet and confer telephone call was conducted on June 1, 2021, and was attended by myself, John Rock, Stephen Owen and Joseph Bourne. The second meet and confer telephone call was conducted on August 2, 2021 with the same four attorneys in attendance.

10. During the initial June 1 meet and confer call Plaintiffs' counsel asked whether the Subpoena Recipients would consider having their devices imaged for preservation purposes. Plaintiffs' counsel indicated that their main concern was preservation, but also suggested that they might later request that focused keyword searches be conducted on the imaged phones in the future. Plaintiffs' counsel made clear that if they requested future keyword searches, that the search results would then be reviewed by the Subpoena Recipients' counsel for relevance prior to any production. During that call, we

indicated that we would consider such a proposal on the condition that any costs associated with the imaging and forensic searches would be borne by Plaintiffs, not the responding subpoena recipients. We also made clear that the search terms would need to be mutually agreed upon and narrowly tailored to retrieving only relevant, targeted text messages.

11.     Attached hereto as **Exhibit A** is a true and correct copy of correspondence from Brian Clark dated May 31, 2021.

12.     Attached hereto as **Exhibit B** is a true and correct copy of correspondence from Stephen Owen dated June 30, 2021, along with the accompanying enclosures and attachments, which include Plaintiffs' "proposed methodology" and list of proposed search terms. These have also been previously submitted as Exhibit 16 to the Declaration of Joseph Bourne filed with Plaintiffs' Motion to Compel. (Dkt. 888-2, Ex. 16)

13.     Attached hereto as **Exhibit C** is a true and correct copy of correspondence from Kathryn Stephens dated July 16, 2021.

14.     Attached hereto as **Exhibit D** is a true and correct copy of e-mail correspondence from Stephen Owen dated July 19, 2021.

15.     Attached hereto as **Exhibit E** is a true and correct copy of e-mail correspondence from Kathryn Stephens dated July 22, 2021.

16.     Attached hereto as **Exhibit F** is a true and correct copy of e-mail correspondence from Stephen Owen dated July 26, 2021.

17.     During the August 2 meet and confer call John Rock and I discussed with opposing counsel our position that Plaintiffs had not established why all thirty of the Subpoena Recipients should be subject to the overly broad and unduly burdensome

proposed search methodology, and that the list of proposed search terms included a number of general terms that were not tailored to identify only responsive text messages. We requested a compromise proposal taking these issues into consideration, which Plaintiffs' counsel refused. Plaintiffs' counsel were unwilling to negotiate, or even discuss, any changes to the proposed methodology or search terms originally proposed. Plaintiffs' counsel indicated the parties were too far apart, they would not be providing any compromise proposal, and abruptly ended the call stating that Plaintiffs intended to file a motion to compel.

18. Attached hereto as **Exhibit G** is a true and correct copy of correspondence from Kathryn Stephens inadvertently dated July 16, 2021 but sent to opposing counsel via e-mail on August 2, 2021.

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed in the Hennepin County, Minnesota, in the United States of America on the 31st day of August, 2021.

*/s/ Kathryn A. Stephens*
Kathryn A. Stephens