# EXHIBIT A

**Brian D. Clark**
bdclark@locklaw.com
Phone: 612.339.6900

**LOCKRIDGE GRINDAL NAUEN**
P.L.L.P.
Attorneys at Law
www.locklaw.com

**MINNEAPOLIS**
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401-2179
T 612.339.6900
F 612.339.0981

May 31, 2021

John Rock
Canadian Pacific Plaza
120 South Sixth Street
Suite 2050
Minneapolis, MN 55402

Re: *In re Pork Antitrust Litigation*, No. 18-cv-01776-JRT-HB

Dear Mr. Rock:

This correspondence responds to your letters regarding the subpoenas served upon Paul Peil, Cory Bollum, Jessica Chenoweth, and Paul Bogle.

Your characterization of Peil, Bogle, Bollum, and Chenoweth as being simply "non-part[ies]" whose "personal cellphone[s] . . . contain[] extensive amounts of private personal information and data completely unrelated to any matter at issue" is disingenuous. As you are aware, Hormel Food Corporation (Hormel), a defendant in the above-titled matter, designated each of these individuals as document custodians, but disclaimed possession, custody, or control of their personal cell phones.

While you state that these custodians used their personal cellphones "minimally, if at all, for work-related communications," this statement is belied by Hormel's Interrogatory response acknowledging Hormel's document custodians used their cell phones for "sending and receiving work-related e-mails and making and receiving telephone calls." *See* Hormel's Answers to First Set of Interrogatories, Answer to Interrogatory No. 9 (Jan. 20, 2021). In other words, because Hormel acknowledged that Peil, Bogle, Bollum, and Chenoweth used their personal cell phones for work purposes, your similar assertion that they "did not communicate by text message for work-related matters" is improbable, given trends in cell phone usage and changing work customs. Moreover, equivocal phrases such as having "no reason to believe that any information potentially relevant to the litigation and responsive to these subpoena requests uniquely resides [on the custodians]' personal cell phone[s]" provide no assurance that the custodians' cell phones, in reality, do not house such information.

Relatedly, you make several broad statements, both in the body of your letters and through your specific objections, vaguely representing that the custodians have complied with preservation obligations. These general assertions, however, do not eliminate their need to search for and

559700.1

John Rock
May 31, 2021
Page 2

identify information responsive to this subpoena and also raise additional questions about the timing and breadth of their preservation efforts. For example, you state that some custodians notified their cellular phone service carriers and requested the preservation of their records. But these efforts have no effect on text message content, information specifically requested through the subpoena, because text message content cannot be obtained through carriers and can only be obtained through the custodians' personal devices or through data backed up on the cloud. Plaintiffs, therefore, disagree that the custodians' text message content is "equally available from another source," and have no reason to doubt that its existence can be discerned through a reasonable search consisting of, but not limited to, the devices each custodian used during the relevant period and their corresponding cloud storage.

Additionally, your objection to the "Pork Integrator" definition is without merit.

We look forward to speaking with you tomorrow regarding the status of your clients' compliance with these subpoenas.

    Sincerely,

    LOCKRIDGE GRINDAL NAUEN P.L.L.P.

    *s./ Brian D. Clark*

    Brian D. Clark

BDC

559700.1