# HRL EXHIBIT 4

FaegreBD.com



USA ▾ UK ▾ CHINA

**Richard A. Duncan**
*Partner*
richard.duncan@FaegreBD.com
Direct **+1 612 766 8612**

**Faegre Baker Daniels LLP**
2200 Wells Fargo Center ▾ 90 South Seventh Street
Minneapolis ▾ Minnesota 55402-3901
Main **+1 612 766 7000**
Fax **+1 612 766 1600**

November 14, 2018

**VIA EMAIL AND U.S. MAIL**

Brian D. Clark
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

**Re:** **In re Pork Products Antitrust Litig. (D. Minn.)**

Dear Mr. Clark:

This letter constitutes the response of Hormel Foods Corporation ("Hormel" or "Company") to the letter in the above-listed action that you sent to me on November 7, 2018, regarding the steps that Hormel is taking with regard to preserving information contained on personal devices of five "Identified Senior Executives" of the Company, originally identified in a letter from plaintiffs' counsel dated July 19, 2018. Faegre Baker Daniels is representing the Identified Senior Executives in this matter.

As noted in my letter to you dated October 26, 2018, notwithstanding the fact that Hormel has no reason to believe that any information potentially relevant to this lawsuit uniquely resides on any personal devices of the Identified Senior Executives and there is no general obligation under the Federal Rules of Civil Procedure to forensically image personal devices of Company personnel, Hormel has retained a vendor to image the personal cell phones and, if used for work purposes, the tablet devices of these executives. We have no reason to believe that any other personal devices of the executives contain any business-related information that does not also reside with Hormel—they either don't use personal computers or tablets, or don't use them to store work-related documents. (The vendor is also imaging the Company-owned laptop computers used by each of the Identified Senior Executives.) We are investigating the existence and feasibility of preserving any cell phone back up data stored in iTunes or iCloud.

Brian D. Clark -2- November 14, 2018

As stated previously, this action is being taken without conceding that there is any data contained on those devices that would be relevant to this case and without waiving any argument or objection about the propriety of discovery directed to those devices.

Very truly yours,

*Richard Duncan*

Richard A. Duncan

DUNRA

honlt.120724339.3.DOCX