**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION*<br><br>This Document Relates To:<br><br>ALL COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFF ACTIONS | Case No. 0:18-cv-01776-JRT-HB |

**COMMERCIAL AND INSTITUTIONAL INDIRECT
PURCHASER PLAINTIFFS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO COMPEL COMPLIANCE
WITH SUBPOENA DIRECTED TO AFFILIATED FOODS, INC.**

## TABLE OF CONTENTS

I.  The Weight of Judicial Authority Indicates That This Court Possesses Jurisdiction to Hear This Dispute.................................................................................................1

II. Relevant Authority and Judicial Economy Indicate That It Is Proper For This Court To Adjudicate This Dispute Now...................................................................2

III. Affiliated Foods' Arguments About Personal Jurisdiction and Minimum Contacts Are Misdirected. ......................................................................................................4

# **TABLE OF AUTHORITIES**

**Cases**

*Adams et al v. Target Corporation*, Case No. 21-mc-00034 (D. Minn.) ........................... 3

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985) ....................................................... 4

*De James v. Magnificence Carriers, Inc.,* 654 F.2d 280 (3d Cir.1981) .............................. 4

*F.T.C. v. Jim Walter Corp.,* 651 F.2d 251 (5th Cir. 1981) ................................................... 6

*Grand Entm't Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476 (3d Cir.1993) ............. 4

*HCA, Inc. v. U.S. ex rel. Pogue*, No. 3:02-MC-0047, 2002 WL 31953748 (M.D. Tenn. Nov. 21, 2002) .................................................................................................................. 2

*In re Accutane Prod. Liab. Litig.*, No. 804 MD 2523, 2006 WL 1000311 (M.D. Fla. Apr. 14, 2006) ............................................................................................................................. 2

*In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2325, 2017 WL 1090029 (S.D.W. Va. Mar. 21, 2017) ................................................................................ 2

*In re Automotive Refinishing Paint Antitrust Litig.,* 358 F.3d 288 (3d Cir. 2004) .............. 6

*In re EpiPen Mktg., Sales Practices and Antitrust Litig.*, 2018 WL 2926581 (D. Kan. June 11, 2018) ..................................................................................................................... 1

*In re Lithium Ion Batteries Antitrust Litig.*, Case No. 17-MC-68-F (D. Wyo.) .................. 3

*In re Mentor Corp. Obtape Transobturator Sling Prod. Liab. Litig.*, No. CIV.A. 09-3073JAP, 2009 WL 3681986 (D.N.J. Nov. 4, 2009) ........................................................ 1

*In re Neurontin Mktg., Sales Practices & Prod. Liab. Litig.*, 245 F.R.D. 55 (D. Mass. 2007) .................................................................................................................................... 2

*In re San Juan Plaza Hotel Fire Litig.*, 117 F.R.D. 30 (D.P.R. 1987) ................................ 1

*In re Subpoenas Served on Wilmer, Cutler & Pickering and Goodwin Proctor LLP*, 255 F. Supp. 2d 1 (D.D.C. 2003) .......................................................................................... 2

*In re Welding Rod Prods. Liab. Litig.*, 406 F. Supp. 2d 1064 (N.D. Cal. 2005) ................. 2

*In re: Intel Corp. Microprocessor Antitrust Litig.*, No. 05-1717-JJF, 2007 WL 9612142 (D. Del. May 18, 2007 ..................................................................................................... 1

*International Shoe Co. v. Washington,* 326 U.S. 310 (1945) .............................................. 4

*ISI Int'l, Inc. v. Borden Ladner Gervais LLP,* 256 F.3d 548 (7th Cir. 2001) .................. 4, 6

*Max Daetwyler Corp. v. Meyer,* 762 F.2d 290 (3d Cir.1985) .............................................. 5

*Milliken v. Meyer,* 311 U.S. 457 (1940) ............................................................................. 4

*Pinker v. Roche Holdings Ltd.,* 292 F.3d 361 (3d Cir.2002) ............................................... 6

*Republic of Pan. v. BCCI Holdings (Luxembourg) S.A.,* 119 F.3d 935 (11th Cir. 1997) ... 6

*Trans-Asiatic Oil, Ltd. S.A. v. Apex Oil Co.,* 743 F.2d 956 (1st Cir. 1984) ........................ 5

*U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 444 F.3d 462 (6th Cir. 2006) .................................................................................................................................. 2

*United States v. Swiss Am. Bank, Ltd.,* 274 F.3d 610 (1st Cir. 2001) ................................. 6

*VISX, Inc. v. Nidek Co.*, 208 F.R.D. 615 (N.D. Cal. 2002) ................................................. 2

**Statutes**

28 U.S.C. § 1331 (2000) ....................................................................................................... 5

**Constitutional Provisions**

U.S. Const. Art. III, § 2 ........................................................................................................ 5

## I. The Weight of Judicial Authority Indicates That This Court Possesses Jurisdiction to Hear This Dispute.

Affiliated Foods takes the position "courts are split on whether Section 1407(b) gives the MDL district court the power to oversee non-party subpoenas for only depositions or for both depositions and document production." Dkt. 924 at 7. Judicial consensus exists here, and it is that "[t]he overwhelming majority of courts that have considered the issue of whether Section 1407(b) authorizes a transferee judge the power to act as any judge of any district for pretrial depositions as well as subpoenas duces tecum, have found that it does." *See In re: Intel Corp. Microprocessor Antitrust Litig.*, No. 05-1717-JJF, 2007 WL 9612142, at *3 (D. Del. May 18, 2007), *report and recommendation adopted*, No. 05-1717-JJF, 2007 WL 9612141 (D. Del. June 14, 2007); *see also In re Mentor Corp. Obtape Transobturator Sling Prod. Liab. Litig.*, No. CIV.A. 09-3073JAP, 2009 WL 3681986, at *2 (D.N.J. Nov. 4, 2009) (finding that "most courts which have addressed this issue have concluded that section 1407(b) empowers an MDL transferee court to exercise the powers of any other district court, including the enforcement of subpoenas"); *In re San Juan Plaza Hotel Fire Litig.*, 117 F.R.D. 30, 32 (D.P.R. 1987) (finding that in order to effectuate the purpose of multidistrict litigation, it is "necessary to append to the transferee judge enforcement powers in relation to subpoenas issued in the deposition district, including depositions and subpoenas addressed to nonparties"); *In re EpiPen Mktg., Sales Practices and Antitrust Litig.*, 2018 WL 2926581, *3 (D. Kan. June 11, 2018) (The "statute's remedial purpose of eliminating the potential for conflicting contemporaneous pretrial rulings would be frustrated if the MDL court could not entertain motions to compel

1

[compliance with subpoenas in other districts]."); *In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, MDL No. 2325, 2017 WL 1090029, at *1 (S.D.W. Va. Mar. 21, 2017); *In re Neurontin Mktg., Sales Practices & Prod. Liab. Litig.*, 245 F.R.D. 55, 58 (D. Mass. 2007); *In re Accutane Prod. Liab. Litig.*, No. 804 MD 2523, 2006 WL 1000311, at *2 n.3 (M.D. Fla. Apr. 14, 2006).

Affiliated Foods' reliance *VISX, Inc. v. Nidek Co.*, 208 F.R.D. 615 (N.D. Cal. 2002) for the proposition that MDL courts only have jurisdiction under 1407(b) to hear disputes about deposition subpoenas, but not document subpoenas, is misplaced. *VISX* was criticized and explicitly disagreed with by a court in the Northern District of California in *In re Welding Rod Prods. Liab. Litig.*, 406 F. Supp. 2d 1064, 1066 (N.D. Cal. 2005). Affiliated Foods' disagreement with *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 444 F.3d 462 (6th Cir. 2006) makes clear that what Affiliated Foods proposes here is to change the law.

## II. Relevant Authority and Judicial Economy Indicate That It Is Proper For This Court To Adjudicate This Dispute Now.

This Court is not merely one among several with jurisdiction to adjudicate the instant dispute; it is the only relevant Court. Courts have explicitly held that because of the mandatory language of Section 1407(b)—"pretrial proceedings *shall* be conducted by [the MDL transferee judge]"—only the MDL judge may resolve discovery motions relating to the underlying MDL. *See In re Subpoenas Served on Wilmer, Cutler & Pickering and Goodwin Proctor LLP*, 255 F. Supp. 2d 1, 2 (D.D.C. 2003); *see also HCA, Inc. v. U.S. ex rel. Pogue*, No. 3:02-MC-0047, 2002 WL 31953748, at *3 (M.D. Tenn. Nov. 21, 2002).

Neither comity nor deference among different federal courts is at stake. It is the understanding of counsel that motions to transfer like the one pending in the Northern District of Texas are routinely granted in analogous situations. *See In re Lithium Ion Batteries Antitrust Litig.*, Case No. 17-MC-68-F (D. Wyo.), Dkt. No. 12. This Court granted a similar motion in the context of pending antitrust litigation relating to the broiler chicken industry. *See Adams et al v. Target Corporation*, Case No. 21-mc-00034 (D. Minn.), Dkt. Nos. 34, 38.

This Court is best-situated to resolve this dispute. It has presided over this case for multiple years and is familiar with the issues and parties at stake. This Court has already overseen multiple disputes between the parties, and is already familiar with the facts and parties in this case. This Court is thus best-positioned to make sure that this discovery dispute is resolved consistently with past decisions in this case and with what the MDL Court deems relevant in this litigation. Moreover, this type of dispute between an indirect purchaser class and a non-party over documents and data is one that will certainly be repeated over the course of this litigation. Having this Court oversee such disputes ensures the most efficient use of judicial resources, as well as ensuring an even application of the law. Moreover, this Court has been actively involved in setting the schedule in this case, including the class certification motion and expert reports due on February 7, 2022. Dkt. No. 658. Resolving this dispute now will resolve potential uncertainty about third-party discovery adjudication process and will provide parties and non-parties with a useful lodestar that can only hasten ongoing negotiations.

### III. Affiliated Foods' Arguments About Personal Jurisdiction and Minimum Contacts Are Misdirected.

The issue of personal jurisdiction in federal question cases must be analyzed within the context of the familiar "minimum contacts" test enunciated in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945). *De James v. Magnificence Carriers, Inc.,* 654 F.2d 280, 283 (3d Cir.1981). Under *International Shoe,* the exercise of personal jurisdiction is permissible if: (1) the entity has "minimum contacts" with the territory of the "forum," and (2) the assertion of jurisdiction over the entity comports with "'traditional notions of fair play and substantial justice.'" *Int'l Shoe,* 326 U.S. at 316 (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)).

The "forum" for federal case arising under diversity jurisdiction and one arising under federal jurisdiction are not the same, and do not invoke the same considerations. Indeed, it is settled that under the due process clause of the Fourteenth Amendment, the "forum" of a state court is the state itself. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985). Similarly, in a diversity action, a federal court may exercise personal jurisdiction only "to the extent permissible under the state law of the jurisdiction where the court sits." *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 481 (3d Cir.1993).

In a federal court action arising under federal law, the proper "forum" for assessing minimum contacts is the United States as a whole. In a case arising under federal law, a district court exercises the judicial power of the United States, rather than that of the court's forum state. *See, e.g.*, *ISI Int'l, Inc. v. Borden Ladner Gervais LLP,* 256 F.3d 548, 551 (7th

Cir. 2001) (concluding that in federal question cases, "[t]he jurisdiction whose power federal courts exercise is the United States of America, not the [forum state]"). Article III of the Constitution states that "[t]he judicial Power of the United States ... shall be vested ... in such inferior Courts as the Congress may from time to time ordain and establish." U.S. Const. Art. III, § 2. Congress has vested the district courts with original jurisdiction over "all actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2000).

Here, we are dealing with a federal claim in federal court concerning the form of the U.S. and in an MDL authorized by Congress. Although CIIPPs bring claims for damages under various state laws, they also assert a claim for injunctive relief under federal law. Dkt. No. 808 at 86-88. In cases like this one, arising under federal law, the traditional "minimum contacts" considerations are not relevant, because the sovereign authority of the United States "extends to the physical boundaries of the nation." *Trans-Asiatic Oil, Ltd. S.A. v. Apex Oil Co.,* 743 F.2d 956, 959 (1st Cir. 1984). The Third Circuit recognized the distinction between the scope of the two Due Process Clauses in *Max Daetwyler Corp. v. Meyer,* 762 F.2d 290, 293 (3d Cir.1985):

> Although the minimum contacts test established by *International Shoe* is itself a fairness inquiry, the scope of that inquiry necessarily acknowledges that the constitutionality of a state's assertion of *in personam* jurisdiction reflects territorial limitations on the power of an individual state. Those strictures of fourteenth amendment due process analysis which attempt to prevent encroachment by one state on the sovereignty of another do not apply with equal force to the adjudication of federal claim[s] in a federal court.

5

*Id.* at 295. The Fourteenth Amendment's forum state analysis has no bearing on the assessment of minimum contacts in federal question cases under the Fifth Amendment.

This conclusion is in accordance with decisions of the First, Fifth, Seventh, and Eleventh Circuits. *See, e.g.*, *United States v. Swiss Am. Bank, Ltd.,* 274 F.3d 610, 618 (1st Cir. 2001) ("[U]nder the Fifth Amendment, a plaintiff need only show that the defendant has adequate contacts with the United States as a whole, rather than with a particular state."); *ISI Int'l, Inc.,* 256 F.3d at 551 (concluding that a national contacts analysis is appropriate because "[t]he due process clause protects persons from being haled into a court unless they have 'minimum contacts' with the sovereign that established that court," and that in a federal question action, "[t]he jurisdiction whose power federal courts exercise is the United States of America"); *Republic of Pan. v. BCCI Holdings (Luxembourg) S.A.,* 119 F.3d 935, 946 (11th Cir. 1997) (holding that a court must examine an entity's "aggregate contacts with the nation as a whole rather than his contacts with the forum state in conducting the Fifth Amendment [due process] analysis"); *F.T.C. v. Jim Walter Corp.,* 651 F.2d 251, 256 (5th Cir. 1981).

"[A] federal court's personal jurisdiction may be assessed on the basis of a defendant's national contacts when the plaintiff's claim rests on a federal statute authorizing nationwide service of process." *In re Automotive Refinishing Paint Antitrust Litig.,* 358 F.3d 288, 298 (3d Cir. 2004) (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 369 (3d Cir.2002)). The relevant forum for assessing a non-party's minimum contacts is the United States as whole when determining the validity of a subpoena issued in a federal case based on federal question jurisdiction.

Date: September 3, 2021            Respectfully Submitted,

          By: */s/ Blaine Finley*
            Jonathan W. Cuneo (*pro hac vice*)
            Blaine Finley (*pro hac vice*)
            Yifei (Evelyn) Li (*pro hac vice*)
            **CUNEO GILBERT & LADUCA, LLP**
            4725 Wisconsin Ave. NW, Suite 200
            Washington, DC 20016
            Telephone: (202) 789-3960
            Facsimile: (202) 589-1813
            jonc@cuneolaw.com
            bfinley@cuneolaw.com
            evelyn@cuneolaw.com

            Shawn M. Raiter (MN# 240424)
            **LARSON • KING, LLP**
            2800 Wells Fargo Place
            30 East Seventh Street
            St. Paul, MN  55101
            (651) 312-6518 Telephone
            sraiter@larsonking.com

            ***Co-Lead Counsel for Commercial and***
            ***Institutional Indirect Purchaser Plaintiffs***

            Don Barrett (*pro hac vice*)
            David McMullan (*pro hac vice*)
            Sterling Starns (pro hac vice)
            **BARRETT LAW GROUP, P.A.**
            P.O. Box 927
            404 Court Square
            Lexington, MS 39095
            Telephone: (662) 834-2488
            dbarrett@barrettlawgroup.com
            dmcmullan@barrettlawgroup.com
            sstarns@barrettlawgroup.com

Jon A. Tostrud
Anthony M. Carter
**TOSTRUD LAW GROUP, P.C.**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 278-2600
jtostrud@tostrudlaw.com
acarter@tostrudlaw.com

J. Gordon Rudd, Jr., (MN# 222082)
David M. Cialkowski, (MN# 0306526)
Ian McFarland (MN# 0392900)
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: 612.341.0400
gordon.rudd@zimmreed.com
david.cialkowski@zimmreed.com
ian.mcfarland@zimmreed.com

Marcus Bozeman (*pro hac vice*)
**BOZEMAN LAW FIRM, P.A.**
400 West Capitol, Suite 1700
Little Rock, Arkansas  72201
https://www.bozemanfirm.com
Telephone:  (501) 492-3441
mbozeman@bozemanfirm.com

*Plaintiffs' Steering Committee for Commercial and Institutional Indirect Purchaser Plaintiffs*

8

## CERTIFICATE OF SERVICE

I hereby certify that, on this 3rd day of September, 2021, I served the foregoing document and related motion filings through the CM/ECF system and on the following party by electronic mail:

David Mullin
**MULLIN HOARD & BROWN, L.L.P.**
500 S. Taylor, Suite 800
Amarillo, Texas 79101-2445
dmullin@mhba.com

                                               By:   */s/ Blaine Finley*
                                                             Blaine Finley