UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION* <br><br> This Document Relates To: All Commercial and Institutional Indirect Purchaser Plaintiffs Actions | Case No. 18-cv-1776 (JRT/HB) <br><br> **ORDER** |

HILDY BOWBEER, United States Magistrate Judge

This matter comes before the Court on Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") Motion to Compel Compliance with Subpoena Directed to Affiliated Foods, Inc. [ECF No. 876.]

Affiliated Foods, a non-party, is a major foodstuff distributor supplying produce – including pork – to purchasers and businesses such as the CIIPPs. The CIIPPs served a document subpoena in connection with the above-captioned consolidated antitrust case pending in this District. (*See* Subpoena, Carter Decl. Ex. A [ECF No. 880-1].) The subpoena requested transactional data reflecting purchases of pork products from Defendants and sales of pork products to Plaintiffs and the Class. (*Id.* at 5–11.) Affiliated Foods initially objected because the subpoena required production of documents in a location more than 100 miles from its headquarters in Amarillo, Texas (Carter Decl. Ex. B [ECF No. 880-2]), but the parties came to an agreement to produce the documents electronically with an understanding that the "place of production" would be Amarillo, Texas (Carter Decl. Ex. C at 2 [ECF No. 880-3]). Affiliated Foods also

objected that the subpoena was unduly burdensome.  (Carter Decl. Ex. D at 2 [ECF No. 880-4]; Piancino Aff., Mullin Decl. Ex. E  [ECF No. 924 at 135-38].)  As to that objection, the parties were unable to reach agreement.

Affiliated Foods moved to quash the subpoena in the United States District Court for the Northern District of Texas, the district within which compliance with the subpoena was to occur.  (Carter Decl. Ex. E at 6 [ECF No. 880-5]; Motion to Quash, Mullin Decl. Ex. A [ECF No. 924 at 29-39.)  The CIIPPs filed a Motion to Transfer, Motion to Stay, and Opposition to Affiliated Foods' Motion to Quash in that court.  *See In re Subpoena Served on Affiliated Foods, Inc. c/o Registered Agent Brian Piancino*, Case No. 2:21-mc-00003-Z (N.D. Tex.), ECF Nos. 6-10.  Contemporaneously, the CIIPPs filed the present motion to compel in this Court.  Affiliated Foods' response to the instant motion raised, *inter alia,* the objection that this Court does not have jurisdiction to consider enforcement of the subpoena because it is not in the district where compliance is sought.  The Court granted the CIIPPs' request for leave to file a reply, and specifically asked that the reply address the issue of whether this Court could consider the motion to compel absent consent of the parties or an order from the United States District Court for the Northern District of Texas transferring such a motion pursuant to Fed. R. Civ. P. 45(f).

It must be acknowledged that much of the briefing on the present motion revolved around whether the transferee court in an MDL can compel discovery from out-of-district non-parties.  *See United States ex rel. Pogue v. Diabetes Treatment Cntrs. of Am., Inc.*, 444 F.3d 462, 468-69 (6th Cir. 2006).  The above-captioned action—the action in which

2

the subpoena was issued—was initially commenced in this Court and has been pending in this District since 2018.  In June of this year, the Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. § 1407, created MDL 2998 and transferred to this District certain other actions making similar claims that had been brought in other districts.  *See* Certified Copy of Conditional Transfer Order, *In re: Pork Antitrust Litigation*, 21-md-2998 (D. Minn. June 22, 2021), ECF No. 1.  But the Conditional Transfer Order did not address the above-captioned case and did not purport to transfer it into the MDL.  (*Id.*)  During a July 14, 2021, status conference with counsel in both the above-captioned action and the MDL action, the Honorable Chief Judge John R. Tunheim and counsel discussed whether this class action should (or even could) be consolidated into MDL 2998, and Judge Tunheim requested post-hearing briefing on the issue.  (Briefing Ord. [ECF No. 869].)  That issue remains open.  For the time being, this case is not part of the MDL; the statutes and rules governing multidistrict litigation do not apply.  As a result, the dispute between the parties regarding whether the rules governing multidistrict litigation accord to the transferee court the authority in the first instance to consider a motion relating to a subpoena when the place of compliance is in a different district is beside the point.

     Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure requires that a motion to compel a subpoena duces tecum be brought by the serving party in "the court for the district where compliance is required."  Rule 45(d)(3) also refers to the "court for the district where compliance is required" as the court that would "quash or modify a subpoena" under the circumstances described in the rule.  The place of compliance for a

3

subpoena duces tecum is "a place within 100 miles of where the person [commanded] resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(b)(2)(A).  Affiliated Foods is a Texas corporation headquartered in Amarillo, Texas. The parties have previously agreed the relevant place of compliance would be Amarillo, Texas, making the court for the district where compliance is required the United States District Court for the Northern District of Texas.

Rule 45(f) prescribes the circumstances under which the issuing court—if not the court for the district where compliance is required—may consider a subpoena-related motion:

> When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.

Fed. R. Civ. P. 45(f).

To the best of the Court's knowledge, neither of those prerequisites has occurred. And despite the Court's express reference to Rule 45(f) in its text order authorizing the CIIPPs to reply, they have cited no authority for the proposition that, absent consent or an order from the United States District Court for the Northern District of Texas finding exceptional circumstances and transferring the motion to quash to this District, this Court may usurp the role assigned to that court by Rule 45.  Thus, the Court concludes that it has no authority to rule on the present motion.  *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2020 WL 8673437 at *2-3 (N.D. Fla. Nov. 18, 2020).

5

Accordingly, **IT IS HEREBY ORDERED** that Commercial and Institutional Indirect Purchaser Plaintiffs' Motion to Compel Compliance with Subpoena Directed to Affiliated Foods, Inc. is **DENIED WITHOUT PREJUDICE**.  The hearing scheduled for September 8, 2021, is **CANCELED**.

Dated: September 3, 2021           *s/ Hildy Bowbeer*
                                   HILDY BOWBEER
                                   United States Magistrate Judge