

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/HB) |
| This document relates to:<br>Indirect Purchaser Actions | |

### OBJECTION TO CLASS CERTIFICATION

Shiyang Huang writes to object to the proposed class certification by indirect purchaser plaintiffs (hereafter as "IPPs"). Because IPPs failed to satisfy "rigorous" requirements of class certification under Fed. R. Civ. Proc. 23, IPPs' class certification request must be denied.

### INTRODUCTION

Pursuant to Fed. R. Civ. Proc. 23(e), Shiyang Huang submits this objection in response to the Class Notice. His class claim number is 116207608 and he is a class member as an indirect purchaser of various pork products throughout the entire class period under class definition.

Huang intends to appear in any future hearing set for this motion, should they be held remotely in light of COVID-19 pandemic. Huang's good faith objection applies to the entire Class. He is willing to stipulate an injunction barring him from receiving any payment for this objection, unless ordered by a court. Huang fully adopts the spirits of *Pearson v. Target Corp.*, 968 F.3d 827 (7th Cir. 2020) (criticizing objectors who "are willing to abandon their appeals in return for sizable side payments that do not benefit the plaintiff class").

He prays this Court to "avoid unduly burdening class members who wish to object...a class member who is not represented by counsel may present objections that do not adhere to technical legal standards." *Rule 23 Committee Notes—2018 amendment*. He joins all good faith objections consistent with his. His filings should be "liberally construed". *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).



Although "only a lunatic or a fanatic sues for $30[,]" *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004) (Posner, J.), Huang's knowingly unprofitable objections have already created nearly $19 million of benefit to class members in "hollow class-action settlements," and *all* of the benefits Huang created has been returned *pro rata* to the entire class. *In re Subway Footlong Sandwich Mktg. Litig.*, 869 F.3d 551, 553 (7th Cir. 2017). *See In re Optical Disk Drive Prods. Antitrust Litig.*, 2021 WL 3502506, at *13 (N.D. Cal. Jul. 2, 2021) ("Huang's and [another objector's] objections to Hagens Berman recovering fees in excess of the bid have been taken into account insofar as the award provides only a relatively small premium over the bid amount.") *Kukorinis v. Wal-Mart Inc.*, No. 1:19-cv-20592, ECF No. 97 at 18 (granting Huang's motion for a nominal $1 award for his efforts securing Plaintiff's forfeiture of $25,000 in incentive awards); *Kukorinis* ECF No. 98 at 7 & n.4 (noting Huang's sole objection resulted in an amended attorney's fee reduction of $1.25 million, including a recovery of over $60,000 in light of Huang's discovery of *Kukorinis* class counsel's improper "double counting" of litigation costs.) *See also* Alison Frankel, *11th Circuit's strict new rule for data breach standing will figure in Equifax appeal.* Reuters.com https://reut.rs/2N5LZD9 (profiling Huang's argument on Article III standing issues).

Nevertheless, Huang finds it necessary to mention that U.S. Department of Justice has warned that "Class counsel [often] discounts [objectors] as ... disingenuous professionals ... But ... most consumer class members in this case and others like it do not have the time or the knowledge of legal process to file objections." *In re Apple Device Perf. Litig.*, 5:18-md-2827, ECF 575 at 7 (N.D. Cal. Dec. 2, 2020); At the same time, only "the merits of an objection are relevant" to whether Huang's objection should be sustained. *Pearson*, 968 F.3d at 831 n.1.

## ARGUMENT

1. <u>**Class Certification under Rule 23 must be supported with *evidence* for Rule 23(b)(3)**</u>

The class action device is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores v. Dukes,* 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki,* 442 U.S. 682, 700-701 (1979)). Rule 23 imposes a high bar on whether class certification can be obtained. "Rule 23 does not set forth a mere pleading standard. A party seeking class certification *must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove t*hat there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Id.* at 350 (emphasis added). *See also Comcast Corp. v. Behrend,* 569 U.S. 27, 33 (2013). Rule 23 certification requirements demand "undiluted, even heightened, attention" in a case such as this. *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 849 (1999) (quoting *Amchem Prods. v. Windsor,* 521 U.S. 591, 620 (1997)).

The Supreme Court, later, made clear that *evidence is required* for Rule 23 class certifications. "The party must also *satisfy through evidentiary proof* at least one of the provisions of Rule 23(b). The provision at issue here is Rule 23(b)(3), which requires a court to find that "the questions of law or fact common to class members predominate over any questions affecting only individual members."" *Comcast,* 569 U.S. at 33. (emphasis added). The binding precedents applicable for this case "made clear that plaintiffs wishing to proceed through a class actionmust actually prove—not simply plead—that their proposed class satisfies each requirement of Rule 23, including (if applicable) the predominance requirement of Rule 23(b)(3)." *Halliburton Co. v. Erica P. John Fund,* 573 U.S. 258, 275 (2014). That is no different in the Eighth Circuit's view, which adopted the Supreme Court's seminal decisions in full. "Rule 23(b)(3) *requires a showing that questions common to the class predominate,* not that those

questions will be answered, on the merits, in favor of the class." *Bouaphakeo v. Tyson Foods, Inc.,* 765 F.3d 791 (8th Cir. 2014), *aff'd sub nom,* 577 U.S. 472 (2016) (emphasis added).

The reason why evidence is *required* for class certification is because " it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," and the Court needs to independently conduct a "rigorous analysis" to first determine whether Rule 23 requirements for class certification is satisfied. *Comcast,* 569 U.S. at 33 (quoting *Wal-Mart,* 564 U.S. at 350-51 and *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 160–161 (1982)). Such analysis will frequently "overlap with the merits" of the case—because Rule 23 class certification cannot be granted on a "mere pleading standard." *Wal-Mart,* 564 U.S. at 349; *Comcast,* 569 U.S. at 33; *Halliburton,* 573 U.S. at 275. "Nor does congressional approval of Rule 23 establish an entitlement to class proceedings for the vindication of statutory rights." *Am. Express Co. v. Italian Colors Rest.,* 570 U.S. 228, 234 (2013).

Now, turning to IPPs' pending motion for class certification, all IPPs offered was this one paragraph of pleadings in support of the "demanding" Rule 23(b)(3) predominance criterion:

> First, common questions of law or fact predominate over individual questions. "Slight variation in actual damages does not defeat predominance if there are common legal questions and common facts." Here, a series of common questions lies at the heart of all plaintiffs' claims, including: whether the defendants conspired to lower pork output and raise prices; whether the defendants' information exchange was anticompetitive; whether the defendants' conspiracy caused market-wide supracompetitive pork prices; and whether higher pork prices were passed on to pork consumers.

ECF No. 742 at 18. Maybe IPPs want to focus on pleadings, but it is *not* the standard.

Rather, "[i]n order to obtain class certification, a plaintiff has the burden of showing that the class should be certified and that the requirements of Rule 23 are met." *Coleman v. Watt,* 40 F.3d 255, 259 (8th Cir. 1994) (citations omitted). But what IPPs offered is plainly inadequate under the law of this Circuit and the law "repeatedly" set forth by the U.S. Supreme Court. IPPs'

arguments for class certification "flatly contradict" all binding cases before this Court, which "requir[es] a determination that Rule 23 is satisfied, even when that requires inquiry into the merits of the claim." *Comcast*, 569 U.S. at 35 (citing *Wal-Mart*, 564 U.S. at 350-51 & n.6). *Halliburton*, 573 U.S. at 275 (same). As *Wal-Mart* explained, "[a]ny competently crafted class complaint literally raises common 'questions.'" 564 U.S. at 349. But "[r]eciting these questions"—as IPPs did in that single paragraph of pleadings—"is not sufficient to obtain class certification." *Ibid.* "[T]he predominance criterion is far more demanding." *Amchem Prods. v. Windsor,* 521 U.S. 591, 624 (1997). "'Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a)[.]" *Comcast,* 569 U.S. at 33. IPPs fell short of meeting that requirement, by far.

The "demanding" criterion under Rule 23(b)(3) predominance required *evidence* under *Comcast, Wal-Mart* and *Halliburton*. The class certification cannot be maintained under Rule 23(b)(3) and must be denied, because IPPs have offered *none.*

2. **IPPs evidence (which it currently offered none) must be admissible to satisfy class certification under Rule 23, and must at least survive a "focused" or "tailored" *Daubert* admissibility analysis under circuit precedent**

IPPs may try to "moot" Huang's objection that class certification demands evidence—by providing *some* evidence currently unknown by Huang. But it already waived such opportunity without filing it initially in support of IPPs' class certification motion.

First, that effort should be futile: arguments first raised in a reply brief are generally considered waived. *See* D. Minn. LR 7.1(c)(3)(B) ("A reply memorandum must not raise new grounds for relief[.]")"It is well established that new arguments and evidence presented for the first time in Reply are waived." *Docusign v. Sertifi,* 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) (citation omitted). *Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007)

("The district court need not consider arguments raised for the first time in a reply brief.") *Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004). *Vallejo v. Amgen, Inc.,* 903 F.3d 733, 749 n.12 (8th Cir. 2018) ("Vallejo argues in her reply brief [for the first time]. . . . However, we consider the issue waived, as Vallejo did not raise the argument in her opening brief"). *See also Mahaney v. Warren County,* 206 F.3d 770, 771 n.2 (8th Cir. 2000); *Stephenson v. Davenport Comm. Sch. Dist.*, 110 F.3d 1303, 1306-07 n.3 (8th Cir. 1997).

Further, it is not the rule that *all evidence bags can fly for free* to support IPPs' class certification. Huang explicitly preserves the argument that *any* evidence for class certification must be *admissible*, and even this circuit's precedent requires evidence to survive under a not full but "tailored" *Daubert* inquiry before a court decides class certification issues.[1] *In re Zurn Pex, Plumbing Prods. Liab. Litig.,* 644 F.3d 604, 610, 612 (8th Cir. 2011). Again, Rule 23 requires a "rigorous analysis" under law of this circuit, and that is one part of the criterion under circuit law. *Elizabeth v. Montenez,* 458 F.3d 779, 784 (8th Cir. 2006); *Sandusky Wellness Ctr. v. MedTox Scientific,* 821 F.3d 992, 996 (8th Cir. 2016); *Zurn Pex,* 644 F.3d at 614 (8th Cir.) ("focused *Daubert* analysis" enough to satisfy "rigorous analysis" requirements under Rule 23.)

Though this question cannot be even considered by the Court under the current posture, whether evidence must be admissible for class certification is an admitted circuit split that has

---

[1] Huang explicitly reserves the argument that the Court should only accept *admissible* evidence under a *full Daubert* analysis. This Court can and should overrule the "full *Daubert*" objection under *Zurn Pex,* as long as *Zurn Pex* remains as the binding law in this Circuit.
Huang notes that *Zurn Pex* has decided that issue in the Eighth Circuit, and *stare decisis* in this Circuit only requires a "focused" or "tailored" *Daubert* analysis for class certification. *Zurn Pex,* 664 F.3d at 612, 614. *Smith v. ConocoPhillips Pipe Line Co.*, 801 F. 3d 921, 925 n.2 (8th Cir. 2015) (reaffirming that *Zurn Pex* only required a "focused Daubert analysis" and *Zurn Pex* "is a binding and well decided precedent which we need not revisit here.")

been granted review by the United States Supreme Court—but was undecided on other grounds. *Comcast Corp.* v. *Behrend,* 567 U.S. 933 (2012) (order granting of "[w]hether a district court may certify a class action without resolving whether the plaintiff class has introduced admissible evidence, including expert testimony, to show that the case is susceptible to awarding damages on a class-wide basis.") But again, this question cannot be even considered by the Court under the current posture. Although the Eighth Circuit is in the minority side of the circuit split on whether evidence for class certification must be admissible under a full *Daubert* or a "focused" *Daubert* review, this Circuit still requires *some* evidence to pass muster under a "focused" or "tailored" *Daubert* analysis. *Zurn Pex,* 644 F.3d at 612, 614.

The Eighth Circuit's discounted *Daubert* requirement, though, does not help IPPs any better. *IPPs have yet to offer any evidence* to support their class certification request before this Court. Should IPPs purport to submit "some evidence" in denial of their failure to establish compliance for class certification, *Zurn Pex* remains binding to require an admissiability analysis. As a result, the class certification—as IPPs currently presented—cannot be granted under the law of Rule 23 and all applicable precedents governing class certifications decided by the Eighth Circuit court of appeals and by the U.S. Supreme Court.

## CONCLUSION

For the foregoing reasons, IPPs' class certification request must be denied.

Date: October  1 , 2021                                   Respectfully Submitted,

/s/Shiyang Huang
Shiyang Huang
2800 SW Engler Ct.,
Topeka, KS 66614
(314) 669-1858
defectivesettlement@gmail.com