# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF SHANA E. SCARLETT IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES** |
| *This Document Relates to:* | |
| All Consumer Indirect Purchaser Plaintiff Actions | |

- 1 -

I, Shana E. Scarlett, state under oath, as follows:

1.     I am a partner at Hagens Berman Sobol Shapiro LLP. I am admitted to this Court *pro hac vice*, and am one of the Interim Co-Lead Counsel (along with Gustafson Gluek PLLC) for the Consumer Indirect Purchaser Plaintiffs appointed by the Court to represent the Consumer Indirect Class in this litigation. I submit this declaration is support of the Consumer Indirect Purchaser Plaintiffs' Motion for an Award of Attorney's Fees and Expenses. I have full knowledge of the matters stated herein and would testify to these facts if called upon.

2.     This case began when a small team of lawyers at my firm started investigating the pork industry for potential antitrust violations in January 2018. Unlike many other civil antitrust cases, our investigation did not "piggyback" off a public investigation by the Department of Justice or a leniency application filed by a defendant. Rather, we conducted the investigation ourselves and retained economists in January 2018 to help us understand much of the pork market. We have now litigated this case for three years on contingency and have not yet received any award or compensation.

3.     To reduce the lodestar associated with this pre-filing investigation, we limited our investigation to just a few attorneys. Our non-attorney case investigator conducted much of the factual investigation, including contacts with Defendants' former employees. Using just a few attorneys, we conducted a thorough pre-filing investigation before filing the first complaint in this matter. The many complaints that followed relied significantly on the work product in our complaint.

- 2 -

4.      Since the first complaint was filed, we have continued to keep the prosecution of this case limited a few attorneys who know the intricacies of the facts well. Interim Co-Lead Counsel has worked with the other classes and led the prosecution of the class plaintiffs' claims.

5.      The lawyers who have the most knowledge regarding the intricacies of this case have worked nearly full-time on this litigation during certain months. For example, the attorney who conducted the pre-filing investigation wrote the first amended complaint. Counsel for the Consumer Indirect Purchasers drafted much of the joint briefing on behalf of all classes in response to defendants' 22 motions to dismiss, in addition to briefing the state law issues for the indirect purchaser plaintiffs and argued portions of the opposition on behalf of all plaintiffs in front of this Court. Co-Lead Counsel also took the lead on behalf of the classes when negotiating discovery with several of the largest defendants, including Tyson, JBS, Seaboard, Clemens and Agri Stats. Co-Lead Counsel drafted many of the joint status reports filed to update the Court, as well as many of the motions regarding discovery disputes.

6.      In addition to these tasks, attorneys for the Consumer Indirect Class have conducted the following work:

- Drafting and revising the amended complaints and preparing to argue on behalf of the classes at the Court's hearings on the same

- Drafting and negotiating the third-party productions of data from retailers and others in the consumer distribution chain to obtain evidence of pass-through

- Reviewing and analyzing defendants' public statements for evidence of collusion and parallel conduct, such as earnings calls, statements made via press releases, and published newsletters from industry conferences

- Consulting with economic experts to assess market structure, liability evidence, market data and pass-through evidence

- Drafting and revising the classes' proposed search terms for defendants' documents

- Drafting and revising the classes' proposed discovery requests for documents and interrogatories

- Negotiating the production of the defendants' structured data

- Negotiating the production of defendant employees' text messages, in addition to the traditional document sources

- Preparing for hearings and arguing before the Court on behalf of the Consumer Indirect Class and all class plaintiffs

- Reviewing and analyzing, in conjunction with other plaintiff groups, hundreds of thousands of Defendants' documents

- Preparing deposition chronologies using defendants' best documents and preparing chronologies of documents likely to be used by experts and at class certification

- Updating class representatives and seeking their documents in response to Defendants' discovery

- Preparing letters to Defendants to memorialize Plaintiffs' positions regarding discovery issues after meet-and-confer sessions

- Attending meetings with lead counsel for the Direct Purchasers and Commercial Purchasers to organize assignments and avoid duplication among the classes

- Drafting settlement demands, organizing mediation, and preparing documents for settlement

- Drafting the settlement agreement, preliminary approval motions, and managing the notice process

7.      Like many antitrust cases, this case is complex; the allegations involve years of misconduct by many defendants. Because defendants are some of the larges national and international companies in the meat production business, they have the resources to hire some of the best defense lawyers in the country.

8.      The settlement with the JBS defendants awards the Consumer Indirect Class $20 million cash. Based on our estimates using publicly available data, this recovery represents $1 million for each point of JBS's market share in the consumer pork market. At this relatively early stage in the litigation, this is an excellent result: it signifies a case value at or over $100 million.

9.      Antitrust litigation can often last years before consumers recover any compensation for their damages. The JBS settlement ensures that consumers will obtain some relief for their claims. The settlement also provides non-cash compensation in the form of cooperation as we continue to prosecute this case among the remaining defendants.

10.     This settlement was the product of an arms-length negotiation between the Consumer Indirect Class and JBS. As part of that process, the parties retained an experienced mediator, Professor Eric Green, to conduct the mediation.

11.     Counsel for the Consumer Indirect Class has expended significant time and resources to achieve this benefit for the class. From the cases' inception through June 2021, counsel expended more than 8,977 hours pursuing these claims. The vast majority of the work undertaken in this case has been performed by the Interim Co-Lead Counsel. Less than 2% of hours have been billed by outside firms. In contrast, Interim Co-Lead

Counsel has billed 98% of the hours billed to date in this litigation. Most of non-lead counsel's work to date has involved communicating with the named plaintiffs who retained them. The table below illustrates the time spent by Interim Co-Lead Counsel versus the time spent by all other firms:

| Hours Expended on behalf Consumer Indirect Class | |
|---|---|
| **Firm** | **Hours Expended** |
| Hagens Berman (Co-Lead Counsel) | 4,918.3 |
| Gustafson Gluek (Co-Lead Counsel) | 3,942.5 |
| All Other Firms | 116.9 |
| **TOTAL:** | **8,977.7** |

12.     For an antirust case of this size and complexity, counsel for the Consumer Indirect Class has worked hard to keep the team relatively small. The same lawyers who conducted the extensive pre-filing investigation have drafted much of the briefing, negotiated the discovery and will conduct the depositions. Our small team knows the case well and understands the complexity and nuances of the litigation.

13.     To avoid duplication, counsel for the Consumer Indirect Class has worked with the other class plaintiffs to split assignments wherever possible, including at the document review stage. Our document reviewers have years of experience reviewing and assessing large volumes of documents in similar antitrust class action cases.

14.     The total number of hours reasonably expended on this litigation by my firm, Hagens Berman, from inception through June 30, 2021 is 4,918.30. The total lodestar for my firm at current rates is $2,536,905.00. Expense items are billed separately and are not duplicated in my firm's lodestar. A detailed breakdown of the hours expended by each employee at my firm and their hourly rate is attached hereto as **Exhibit A.**

15.     The time records submitted to Hagens Berman and Gustafson Gluek, PLLC by Wolf Haldenstein Alder Freeman & Herz LLP, Wexler Wallace LLP, Taus, Cebulash & Landau LLP, Saltz Mongeluzzi & Bendsky PC, Paul LLP, and NastLaw LLC, demonstrate that counsel for the Consumer Indirect Class have worked for nearly three years and devoted 8,977 hours to this litigation (through June 30, 2021). Applying the rates customarily charged by those attorneys and legal professionals to the hours expended yields a lodestar of $4,566,752 (through June 30, 2021).

16.     The table below provides an aggregated summary of the lodestar for Interim Co-Lead Counsel for the Consumer Indirect Class through June 30, 2021:

| Lodestar for Consumer Indirect Counsel | | | |
|---|---|---|---|
| Category of Timekeeper | Number of Hours | Mean Hourly Rate | Lodestar |
| Partner | 3,165.0 | $760 | $2,408,349.50 |
| Associate | 1,395.6 | $491 | $668,797.50 |
| Staff/Contract Attorney | 2,786.0 | $350 | $975,100.00 |
| Law Clerk | 15.4 | $355 | $5,478.00 |
| Case Investigator | 57.5 | $200 | $11,500.00 |
| Non-Attorney Reviewer | 331.0 | $175 | $57,925.00 |
| Paralegal | 1,107.0 | $319 | $353,455.50 |
| Legal Assistant | 39.3 | $175 | $6,877.50 |
| Non-Lead Counsel | 116.9 | $622 | $79,269.00 |
| **Total** | **8977.7** | | $4,566,752.00 |

17.     Counsel for the Consumer Indirect Class has invested significant resources into this case, including by dedicating thousands of attorney and staff hours to this litigation. These attorneys and staff have devoted their time to this case even when they could have worked on other cases.

18.     Counsel has worked to maximize efficiency and minimize unnecessary or duplicative billing. All firms who have performed work on behalf of the Consumer Indirect Class have been instructed by Interim Co-Lead Counsel to keep detailed time and expense records, including what time would be considered for reimbursement and how expense requests must be recorded.

19.     In addition to the hours expended, counsel for the Consumer Indirect Class has paid a total $322,972.19 of their own money to fund the expenses associated with this litigation. Each firm has provided a summary describing these expenses.

20.     As Interim Co-Lead Counsel for the Consumer Indirect Class, Hagens Berman and Gustafson Gluek LLP established a common fund that would be used to pay certain large expenses in June 2021. My law firm has maintained that fund and recorded and documented the legal expenses paid out of that fund. Between June 2021 and August 2021, a total of $117,152.91 has been paid from that fund, and these payments are included in the total above. A detailed breakdown of these expenses paid from the common fund is attached hereto as **Exhibit B**. These expenses were paid by Interim Co-Lead Counsel, with no guarantee that they would ultimately be recovered. Most of those expenses are associated with hosting the documents in this case in an online database and retaining our experts. Some costs have also been incurred to obtain structured data from third parties.

21.     My firm, Hagens Berman, has advanced and incurred an additional $191,021.46 in unreimbursed litigation costs since the inception of this case through June 2021. These are reasonable litigation costs that were incurred in this case for the benefit

- 8 -

of the settlement class members. A detailed breakdown of these expenses paid from the common fund is attached hereto as **Exhibit C** The $191,021.46 is included in the total costs above.

22.     The class noticed published for this settlement has informed class members that counsel would seek: (1) no more than 33.3% of the settlement fund or $6,666,666.66; (2) total costs not to exceed $350,000; and (3) expenses to administer the settlement. As of the date of this declaration, only one class member as objected to this settlement. The named plaintiffs – many of whom have expended significant time on this case – support the settlement. Most of these named plaintiffs were able to submit signed declarations of in support of this settlement, which are attached hereto as **Exhibit D**.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: October 6, 2021

_____*/s/ Shana E. Scarlett*_____
SHANA E. SCARLETT

- 9 -

## EXHIBIT A - LODESTAR SUMMARY

Firm: Hagens Berman Sobol Shapiro, LLP
Reporting Period: January 2018 to June 30, 2021

| Professional | Status | Hours | Current Rate | Total Lodestar |
|---|---|---|---|---|
| Steve Berman | P | 97.4 | $1125 | $109,575.00 |
| Shana Scarlett | P | 809.9 | $800 | $647,920.00 |
| Andrew Volk | P | 16.1 | $800 | $12,880.00 |
| Elizabeth Fegan | P | 3 | $750 | $2,250.00 |
| Rio Pierce | P | 752 | $700 | $526,400.00 |
| Ben Harrington | P | 114.9 | $700 | $80,430.00 |
| Elaine Byszewski | P | 68 | $700 | $47,600.00 |
| Chris O'Hara | P | 52.5 | $675 | $35,437.50 |
| Dan Kurowski | P | 1.2 | $650 | $780.00 |
| Breanna Van Engelen | A | 529.6 | $500 | $264,800.00 |
| Jessica Thompson | A | 47.5 | $425 | $20,187.50 |
| Jongguk Choi | SA | 297.9 | $350 | $104,265.00 |
| Helen Hsu | SA | 249.1 | $350 | $87,185.00 |
| Patrick Ryan | SA | 485 | $350 | $169,750.00 |
| Jay Mitchell | SA | 128.4 | $350 | $44,940.00 |
| Brian Miller | PL | 249.4 | $350 | $103,040.00 |
| Jeaneth Decena | PL | 542.4 | $350 | $189,840.00 |
| Jennifer Conte | PL | 41.3 | $300 | $12,390.00 |
| Lisa Lin | PL | .5 | $265 | $132.50 |
| Megan Meyers | PL | .4 | $250 | $100.00 |
| Adrian Garcia | PL | 4 | $175 | $700.00 |
| Matt Isaacs | I | 57.5 | $200 | $11,500.00 |
| Amy Elder | R | 331 | $175 | $57,925.00 |
| Chad Schaaf | LA | 3.3 | $175 | $577.50 |
| Chan Lovell | LA | 3.2 | $175 | $560.00 |
| Noreen Andersen | LA | 32.8 | $175 | $5,740.00 |
| **TOTAL** | | **4,918.3** | | **$2,536,905.00** |

Status:
Partner (P) Associate (A) Staff Attorney (SA) Paralegal (PL) Case Investigator (I)
Non-Attorney Reviewer (R) Legal Assistant (LA)

010736-11/1671276 V1

# EXHIBIT B – LITIGATION FUND
## EXPENSES SUMMARY

Firm: Common Fund
      Established by Gustafson Gluek, LLP
      and Hagens Berman Sobol Shapiro, LLP

Reporting Period: June 1, 2021 to August 30, 2021

| Expense | Amount |
|---|---|
| Expert/Consultants/Data | $103,754.67 |
| Online Services/Document Hosting | $13,398.24 |
| **TOTAL** | **$117,152.91** |

# EXHIBIT C – HAGENS BERMAN
## EXPENSES SUMMARY

Firm: Hagens Berman Sobol Shapiro, LLP
Reporting Period: January 2018 to June 30, 2021

| Expense | Amount |
|---|---|
| Travel | $7,988.93 |
| Printing/Copying/Shipping/Postage | $1,217.96 |
| Court Reporter/Transcripts | $395.10 |
| Experts/Consultants | $154,597.66 |
| Online Services/Document Hosting/Legal Research | $18,125.81 |
| Service Process | $946.00 |
| Mediation | $7,750.00 |
| **TOTAL** | **$191,021.46** |

010736-11/1671276 V1

# EXHIBIT D

DocuSign Envelope ID: 34ED41C6-A420-4D83-B846-BF62E298407D

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
|  | **DECLARATION OF JEFFREY ALLISON IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH THE JBS DEFENDANTS** |
| *This Document Relates to:* |  |
| The Consumer Indirect Purchaser Actions |  |

I, Jeffrey Allison, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota. I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlements with the JBS Defendants.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

DocuSign Envelope ID: 34ED41C6-A420-4D83-B846-BF62E298407D

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.     Over the past 3 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.     Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.

6.     In total, I estimate that I have spent between 5 and 10 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.     I have reviewed the terms of the settlements with the JBS defendants, discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that these defendants agree to pay $20 million into a fund to be distributed to the Settlement Class. I understand in

DocuSign Envelope ID: 34ED41C6-A420-4D83-B846-BF62E298407D

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.     I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel. The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9.     I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2021, in Brookyln, New York City, New York.

DocuSign Envelope ID: 34ED41C6-A420-4D83-B846-BF62E298407D

DocuSigned by:

Jeffrey Allison

DocuSign Envelope ID: 8816FC74-A384-4370-91B4-5F14DBF88988

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF MICHAEL ANDERSON IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH THE JBS DEFENDANTS** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Michael Anderson, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota. I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlements with the JBS Defendants.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers. Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

DocuSign Envelope ID: 8816FC74-A384-4370-91B4-5F14DBF88988

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.     Over the past 3 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.     Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.

6.     In total, I estimate that I have spent between 10 and 20 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.     I have reviewed the terms of the settlements with the JBS defendants, discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that these defendants agree to pay $20 million into a fund to be distributed to the Settlement Class. I understand in

DocuSign Envelope ID: 8816FC74-A384-4370-91B4-5F14DBF88988

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8. I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel. The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9. I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2021, in Peoria, Arizona.

DocuSign Envelope ID: 8816FC74-A384-4370-91B4-5F14DBF88988

DocuSigned by:

Michael Anderson

DocuSign Envelope ID: 2BAE17FC-1606-487D-A4EA-46392B1FAC19

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

IN RE PORK ANTITRUST
LITIGATION

This Document Relates to:

The Consumer Indirect Purchaser Actions

Case No. 0:18-cv-01776 (JRT-HB)

**DECLARATION OF ISABELLE
BELL IN SUPPORT OF THE
CONSUMER INDIRECT
PURCHASER PLAINTIFFS'
SETTLEMENT WITH THE JBS
DEFENDANTS**

I, Isabelle Bell, state under oath, as follows:

1.       I am a named plaintiff in the above-titled action and am over the age of 18.

I have personal knowledge of the matters stated herein and could and would testify thereto.

2.       I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-

cv-01776, filed in the United States District Court for District of Minnesota.  I submit this

affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect

Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and

in support of approval of the settlements with the JBS Defendants.

3.       As a class representative, I understand that it is my responsibility to be

informed of the work done by my attorneys on the case and make my own judgment about

the fairness of any settlement proposed by the lawyers. Class Counsel has not made any

promises regarding being awarded compensation for my service, and I have acted with the

understanding that I may not be compensated for the time I spent participating in this case.

I also understand that in evaluating the fairness of the settlement, I am required to consider

DocuSign Envelope ID: 2BAE17FC-1606-487D-A4EA-46392B1FAC19

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.     Over the past eight weeks, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.     Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.

6.     In total, I estimate that I have spent between 20 and 30 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.     I have reviewed the terms of the settlements with the JBS defendants, discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that these defendants agree to pay $20 million into a fund to be distributed to the Settlement Class. I understand in

- 2 -

DocuSign Envelope ID: 2BAE17FC-1606-487D-A4EA-46392B1FAC19

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.     I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel. The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9.     I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2021, in Pulaski, Tennessee.

DocuSign Envelope ID: 2BAE17FC-1606-487D-A4EA-46392B1FAC19

DocuSigned by:

Isabelle Bell

DocuSign Envelope ID: 8459B8F1-7FC3-4A60-9CCC-24777BDFA4A2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF EDWIN BLAKEY IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH THE JBS DEFENDANTS** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Edwin Blakey, state under oath, as follows:

1.     I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.     I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota. I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlements with the JBS Defendants.

3.     As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers. Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

DocuSign Envelope ID: 8459B8F1-7FC3-4A60-9CCC-24777BDFA4A2

the interests of all members of the Class, as well as my own. I am free to disagree with my

attorneys about the merits of a settlement and make my views known to the court.  If I

believed that a settlement was not in the interest of the Class, I would provide that view to

Class Counsel and the Court.

4.      Over the past 3 years, I have diligently performed my duty to assist counsel

in prosecuting this case, investing significant time and effort to fulfill my role as a class

representative.  Throughout this litigation, I have remained informed regarding the status

of the litigation by communicating with my attorneys, including reviewing periodic update

correspondence from my counsel and key case documents.

5.      Throughout the case I have also assisted in responding to discovery. This

included time responding to Defendants' discovery requests.  By providing information

requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel

as needed to further the discovery and litigation process.

6.      In total, I estimate that I have spent between 20 and 30 hours performing all

of the above-described duties on behalf of the class over the past few years.  My attorneys

have not made any promises regarding compensation for my service, and I willingly agreed

to participate in this case with no guarantee of personal compensation.

7.      I have reviewed the terms of the settlements with the JBS defendants,

discussed those terms with my attorneys, and I am aware of and approve all terms of the

proposed settlements, as it affects me and the members of the Class.  Based upon this

reading and my discussions with Class Counsel, I understand that these defendants agree

to pay $20 million into a fund to be distributed to the Settlement Class.  I understand in

DocuSign Envelope ID: 8459B8F1-7FC3-4A60-9CCC-24777BDFA4A2

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel. The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2021, in New Windsor, New York.

DocuSign Envelope ID: 8459B8F1-7FC3-4A60-9CCC-24777BDFA4A2

DocuSigned by:

*Edwin Blakey*

E7099315D1A84C1...

Edwin Blakey

DocuSign Envelope ID: 1F306D47-3525-4FD7-834F-6BBA1D9632D1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF JORDAN CHAMBERS IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH THE JBS DEFENDANTS** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Jordan Chambers, state under oath, as follows:

1.     I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.     I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota. I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlements with the JBS Defendants.

3.     As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers. Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

- 1 -

DocuSign Envelope ID: 1F306D47-3525-4FD7-834F-6BBA1D9632D1

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.    Over the past 3 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.    Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.

6.    In total, I estimate that I have spent between 5 and 10 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.    I have reviewed the terms of the settlements with the JBS defendants, discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that these defendants agree to pay $20 million into a fund to be distributed to the Settlement Class. I understand in

DocuSign Envelope ID: 1F306D47-3525-4FD7-834F-6BBA1D9632D1

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel. The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2021, in Decatur, Michigan.

DocuSign Envelope ID: 1F306D47-3525-4FD7-834F-6BBA1D9632D1

Jordan Chambers

DocuSign Envelope ID: C1E98E38-FD41-4E42-8155-2FA1A318AA54

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF DONYA COLLINS IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH THE JBS DEFENDANTS** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Donya Collins, state under oath, as follows:

1. I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2. I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota. I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlements with the JBS Defendants.

3. As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers. Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

DocuSign Envelope ID: C1E98E38-FD41-4E42-8155-2FA1A318AA54

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.    Over the past 3 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.    Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.

6.    In total, I estimate that I have spent between 30 and 40 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.    I have reviewed the terms of the settlements with the JBS defendants, discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that these defendants agree to pay $20 million into a fund to be distributed to the Settlement Class. I understand in

DocuSign Envelope ID: C1E98E38-FD41-4E42-8155-2FA1A318AA54

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.     I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel. The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9.     I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2021, in Menifee, California.

DocuSign Envelope ID: C1E98E38-FD41-4E42-8155-2FA1A318AA54

Donya Collins

DocuSign Envelope ID: 85FEC331-9D98-4ADE-8157-B94D585E7832

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF CHRISTOPHER DEERY IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH THE JBS DEFENDANTS** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Christopher Deery, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota. I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlements with the JBS Defendants.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers. Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

DocuSign Envelope ID: 85FEC331-9D98-4ADE-8157-B94D585E7832

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.   Over the past 3 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.   Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.

6.   In total, I estimate that I have spent between 30 and 40 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.   I have reviewed the terms of the settlements with the JBS defendants, discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that these defendants agree to pay $20 million into a fund to be distributed to the Settlement Class. I understand in

DocuSign Envelope ID: 85FEC331-9D98-4ADE-8157-B94D585E7832

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.     I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel. The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9.     I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2021, in Fargo, North Dakota.

- 3 -

DocuSign Envelope ID: 85FEC331-9D98-4ADE-8157-B94D585E7832

Christopher Deery

DocuSign Envelope ID: F681687C-F304-47D5-B5E3-BEFE3424D4A2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF WANDA DURYEA IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH THE JBS DEFENDANTS** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Wanda Duryea, state under oath, as follows:

1.     I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.     I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlements with the JBS Defendants.

3.     As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers. Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

- 1 -

DocuSign Envelope ID: F681687C-F304-47D5-B5E3-BEFE3424D4A2

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4. Over the past 3 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5. Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.

6. In total, I estimate that I have spent between 10 and 20 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7. I have reviewed the terms of the settlements with the JBS defendants, discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that these defendants agree to pay $20 million into a fund to be distributed to the Settlement Class. I understand in

DocuSign Envelope ID: F681687C-F304-47D5-B5E3-BEFE3424D4A2

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel. The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2021, in Farmington, New Hampshire.

DocuSign Envelope ID: F881687C-F304-47D5-B5E3-BEFE3424D4A2

DocuSigned by:

*Wanda Duryea*

B406025E077242C...

Wanda Duryea

DocuSign Envelope ID: 18511687-4A3D-4157-BF52-E67A9EB02CF2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF CHARLES DYE, JR. IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH THE JBS DEFENDANTS** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Charles Dye, Jr., state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota. I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlements with the JBS Defendants.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers. Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

- 1 -

DocuSign Envelope ID: 18511687-4A3D-4157-BF52-E67A9EB02CF2

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.    Over the past 3 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.    Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.

6.    In total, I estimate that I have spent between 30 and 40 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.    I have reviewed the terms of the settlements with the JBS defendants, discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that these defendants agree to pay $20 million into a fund to be distributed to the Settlement Class. I understand in

DocuSign Envelope ID: 18511687-4A3D-4157-BF52-E67A9EB02CF2

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel. The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2021, in Mount Look, West Virginia.

DocuSign Envelope ID: 18511687-4A3D-4157-BF52-E67A9EB02CF2

Charles Dye Jr.

DocuSign Envelope ID: 1E1BCABC-2219-46FD-AAB4-DF5414EB3ADC

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF JAMES EATON III IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH THE JBS DEFENDANTS** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, James Eaton III, state under oath, as follows:

1.     I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.     I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota. I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlements with the JBS Defendants.

3.     As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers. Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

- 1 -

DocuSign Envelope ID: 1E1BCABC-2219-46FD-AAB4-DF5414EB3ADC

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.     Over the past eight weeks, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.     Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.

6.     In total, I estimate that I have spent between 20 and 30 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.     I have reviewed the terms of the settlements with the JBS defendants, discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that these defendants agree to pay $20 million into a fund to be distributed to the Settlement Class. I understand in

DocuSign Envelope ID: 1E1BCABC-2219-46FD-AAB4-DF5414EB3ADC

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel. The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2021, in Overland Park, Kansas.

DocuSign Envelope ID: 1E1BCABC-2219-46FD-AAB4-DF5414EB3ADC

DocuSigned by:

James Eaton III

DocuSign Envelope ID: 781F3CC4-7860-4963-A203-79F65F8B1CAC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

IN RE PORK ANTITRUST
LITIGATION

Case No. 0:18-cv-01776 (JRT-HB)

**DECLARATION OF ROBERT
ECCLES IN SUPPORT OF THE
CONSUMER INDIRECT
PURCHASER PLAINTIFFS'
SETTLEMENT WITH THE JBS
DEFENDANTS**

*This Document Relates to:*

The Consumer Indirect Purchaser Actions

I, Robert Eccles, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18.

I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-

cv-01776, filed in the United States District Court for District of Minnesota.  I submit this

affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect

Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and

in support of approval of the settlements with the JBS Defendants.

3.      As a class representative, I understand that it is my responsibility to be

informed of the work done by my attorneys on the case and make my own judgment about

the fairness of any settlement proposed by the lawyers. Class Counsel has not made any

promises regarding being awarded compensation for my service, and I have acted with the

understanding that I may not be compensated for the time I spent participating in this case.

I also understand that in evaluating the fairness of the settlement, I am required to consider

- 1 -

DocuSign Envelope ID: 781F3CC4-7860-4963-A203-79F65F8B1CAC

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.     Over the past 3 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.     Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.

6.     In total, I estimate that I have spent less than 5 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.     I have reviewed the terms of the settlements with the JBS defendants, discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that these defendants agree to pay $20 million into a fund to be distributed to the Settlement Class. I understand in

DocuSign Envelope ID: 781F3CC4-7860-4963-A203-79F65F8B1CAC

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed.  There will be no reversion of unclaimed funds to any defendant.  To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial.  I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel.  The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2021, in Carlton, Michigan.

DocuSign Envelope ID: 781F3CC4-7860-4963-A203-79F65F8B1CAC

DocuSigned by:

Robert Eccles

DocuSign Envelope ID: F6B09654-59E2-4205-8C9D-AE848F5AD335

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF CHRISTINA HALL IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH THE JBS DEFENDANTS** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Christina Hall, state under oath, as follows:

1.     I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.     I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota. I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlements with the JBS Defendants.

3.     As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers. Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

DocuSign Envelope ID: F6B09654-59E2-4205-8C9D-AE848F5AD335

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.      Over the past 3 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.      Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.

6.      In total, I estimate that I have spent 70 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.      I have reviewed the terms of the settlements with the JBS defendants, discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that these defendants agree to pay $20 million into a fund to be distributed to the Settlement Class. I understand in

DocuSign Envelope ID: F6B09654-59E2-4205-8C9D-AE848F5AD335

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel. The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2021, in York, South Carolina.

- 3

DocuSign Envelope ID: F6B09654-59E2-4205-8C9D-AE848F5AD335

Christina Hall

DocuSign Envelope ID: 8395B135-6B3A-49E7-BEA7-00B18BB7CC8C

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

IN RE PORK ANTITRUST
LITIGATION

This Document Relates to:

The Consumer Indirect Purchaser Actions

Case No. 0:18-cv-01776 (JRT-HB)

**DECLARATION OF KENNETH
KING IN SUPPORT OF THE
CONSUMER INDIRECT
PURCHASER PLAINTIFFS'
SETTLEMENT WITH THE JBS
DEFENDANTS**

I, Kenneth King, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlements with the JBS Defendants.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers. Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

- 1 -

DocuSign Envelope ID: 8395B135-6B3A-49E7-BEA7-00B18BB7CC8C

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.      Over the past 3 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.      Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.

6.      In total, I estimate that I have spent less than 5 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.      I have reviewed the terms of the settlements with the JBS defendants, discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that these defendants agree to pay $20 million into a fund to be distributed to the Settlement Class. I understand in

DocuSign Envelope ID: 8395B135-6B3A-49E7-BEA7-00B18BB7CC8C

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed.  There will be no reversion of unclaimed funds to any defendant.  To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial.  I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel.  The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2021, in Winfield, Missouri.

- 3 -

DocuSign Envelope ID: 8395B135-6B3A-49E7-BEA7-00B18BB7CC8C

Kenneth King

DocuSign Envelope ID: D6E53ACB-7354-4AC7-B191-9020B8960A83

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF RYAN KUTIL IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH THE JBS DEFENDANTS** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Ryan Kutil, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota. I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlements with the JBS Defendants.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers. Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

DocuSign Envelope ID: D6E53ACB-7354-4AC7-B191-9020B8960A83

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.    Over the past 3 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.    Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.

6.    In total, I estimate that I have spent between 30 and 40 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.    I have reviewed the terms of the settlements with the JBS defendants, discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that these defendants agree to pay $20 million into a fund to be distributed to the Settlement Class. I understand in

DocuSign Envelope ID: D6E53ACB-7354-4AC7-B191-9020B8960A83

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.     I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel. The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9.     I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2021, in Mahomet, Illinois.

DocuSign Envelope ID: D6E53ACB-7354-4AC7-B191-9020B8960A83

Ryan Kutil

DocuSign Envelope ID: B07474B9-9806-4706-8D39-9D7962BA5BF8

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF DAVID LOOK IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH THE JBS DEFENDANTS** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, David Look, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlements with the JBS Defendants.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers. Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

DocuSign Envelope ID: B07474B9-9806-4706-8D39-9D7962BA5BF8

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4. Over the past 3 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5. Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.

6. In total, I estimate that I have spent between 5 and 10 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7. I have reviewed the terms of the settlements with the JBS defendants, discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that these defendants agree to pay $20 million into a fund to be distributed to the Settlement Class. I understand in

DocuSign Envelope ID: B07474B9-9806-4706-8D39-9D7962BA5BF8

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel. The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2021, in Honolulu, Hawaii.

- 3 -

DocuSign Envelope ID: B07474B9-9806-4706-8D39-9D7962BA5BF8

DocuSigned by:

David Look

E2A895A3896F484...

David Look

DocuSign Envelope ID: 4BEACFBB-3A14-4C1A-8297-7A839104F05E

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IN RE PORK ANTITRUST
LITIGATION

This Document Relates to:

The Consumer Indirect Purchaser Actions

Case No. 0:18-cv-01776 (JRT-HB)

**DECLARATION OF KENNETH
NEAL IN SUPPORT OF THE
CONSUMER INDIRECT
PURCHASER PLAINTIFFS'
SETTLEMENT WITH THE JBS
DEFENDANTS**

I, Kenneth Neal, state under oath, as follows:

1.     I am a named plaintiff in the above-titled action and am over the age of 18.
I have personal knowledge of the matters stated herein and could and would testify thereto.

2.     I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota. I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlements with the JBS Defendants.

3.     As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers. Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

- 1 -

DocuSign Envelope ID: 4BEACFBB-3A14-4C1A-8297-7A839104F05E

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.      I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.      Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.

6.      In total, I estimate that I have spent between 30 and 40 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.      I have reviewed the terms of the settlements with the JBS defendants, discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that these defendants agree to pay $20 million into a fund to be distributed to the Settlement Class. I understand in

- 2 -

DocuSign Envelope ID: 4BEACFBB-3A14-4C1A-8297-7A839104F05E

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any defendant.  To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial.  I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel. The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 29, 2021, in Salisbury, North Carolina.

- 3 -

DocuSign Envelope ID: 4BEACFBB-3A14-4C1A-8297-7A839104F05E

DocuSigned by:

Kenneth Neal

DocuSign Envelope ID: D9BAA4DE-76D7-4F0F-9CC5-58BC91D44CEE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

IN RE PORK ANTITRUST
LITIGATION

*This Document Relates to:*

The Consumer Indirect Purchaser Actions

Case No. 0:18-cv-01776 (JRT-HB)

**DECLARATION OF CHAD
NODLAND IN SUPPORT OF THE
CONSUMER INDIRECT
PURCHASER PLAINTIFFS'
SETTLEMENT WITH THE JBS
DEFENDANTS**

I, Chad Nodland, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18.
I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-
cv-01776, filed in the United States District Court for District of Minnesota.  I submit this
affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect
Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and
in support of approval of the settlements with the JBS Defendants.

3.      As a class representative, I understand that it is my responsibility to be
informed of the work done by my attorneys on the case and make my own judgment about
the fairness of any settlement proposed by the lawyers. Class Counsel has not made any
promises regarding being awarded compensation for my service, and I have acted with the
understanding that I may not be compensated for the time I spent participating in this case.
I also understand that in evaluating the fairness of the settlement, I am required to consider

- 1 -

DocuSign Envelope ID: D9BAA4DE-76D7-4F0F-9CC5-58BC91D44CEE

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4. Over the past 3 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5. Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.

6. In total, I estimate that I have spent between 10 and 20 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7. I have reviewed the terms of the settlements with the JBS defendants, discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that these defendants agree to pay $20 million into a fund to be distributed to the Settlement Class. I understand in

DocuSign Envelope ID: D9BAA4DE-76D7-4F0F-9CC5-58BC91D44CEE

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed.  There will be no reversion of unclaimed funds to any defendant.  To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.    I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial.  I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel.  The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9.    I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2021, in Bismark, North Dakota.

DocuSign Envelope ID: D9BAA4DE-76D7-4F0F-9CC5-58BC91D44CEE

DocuSigned by:

*Chad Nodland*

Chad Nodland

DocuSign Envelope ID: C6C73D67-B35E-47C2-91DF-22B827F1E608

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF MICHAEL PICKETT IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH THE JBS DEFENDANTS** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Michael Pickett, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota. I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlements with the JBS Defendants.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers. Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

- 1 -

DocuSign Envelope ID: C6C73D67-B35E-47C2-91DF-22B827F1E608

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4. Over the past 3 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5. Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.

6. In total, I estimate that I have spent 10 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7. I have reviewed the terms of the settlements with the JBS defendants, discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that these defendants agree to pay $20 million into a fund to be distributed to the Settlement Class. I understand in

DocuSign Envelope ID: C6C73D67-B35E-47C2-91DF-22B827F1E608

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.     I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel. The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9.     I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2021, in Silver Spring, Maryland.

DocuSign Envelope ID: C6C73D67-B35E-47C2-91DF-22B827F1E608

Michael Pickett

DocuSign Envelope ID: DFCE510E-AF82-4077-BC3D-0D53F8FD9F2F

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

IN RE PORK ANTITRUST
LITIGATION

_This Document Relates to:_

The Consumer Indirect Purchaser Actions

Case No. 0:18-cv-01776 (JRT-HB)

**DECLARATION OF MICHAEL REILLY IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH THE JBS DEFENDANTS**

I, Michael Reilly, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in _In re Pork Antitrust Litigation._, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota. I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlements with the JBS Defendants.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers. Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

- 1 -

DocuSign Envelope ID: DFCE510E-AF82-4077-BC3D-0D53F8FD9F2F

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.     Over the past 3 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.     Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.

6.     In total, I estimate that I have spent between 20 and 30 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.     I have reviewed the terms of the settlements with the JBS defendants, discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that these defendants agree to pay $20 million into a fund to be distributed to the Settlement Class. I understand in

DocuSign Envelope ID: DFCE510E-AF82-4077-BC3D-0D53F8FD9F2F

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.     I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel. The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9.     I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2021, in Tijeras, New Mexico.

DocuSign Envelope ID: DFCE510E-AF82-4077-BC3D-0D53F8FD9F2F

DocuSigned by:

*Michael P Reilly*

31BE69B23A9D451...

Michael Reilly

DocuSign Envelope ID: 659AEC8F-694F-4011-A198-08D23790B969

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF JENNIFER SULLIVAN IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH THE JBS DEFENDANTS** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Jennifer Sullivan, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlements with the JBS Defendants.

3.      As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

DocuSign Envelope ID: 659AEC8F-694F-4011-A198-08D23790B969

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.     Over the past 3 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.     Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.

6.     In total, I estimate that I have spent between 30 and 40 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.     I have reviewed the terms of the settlements with the JBS defendants, discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that these defendants agree to pay $20 million into a fund to be distributed to the Settlement Class. I understand in

DocuSign Envelope ID: 659AEC8F-694F-4011-A198-08D23790B969

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel. The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2021, in Elk River, Minnesota.

DocuSign Envelope ID: 659AEC8F-694F-4011-A198-08D23790B969

Jennifer Sullivan

DocuSign Envelope ID: BB6A3B8F-12A6-4233-A7BF-4E070CA6BD94

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

IN RE PORK ANTITRUST
LITIGATION

This Document Relates to:

The Consumer Indirect Purchaser Actions

Case No. 0:18-cv-01776 (JRT-HB)

**DECLARATION OF STACEY
TROUPE IN SUPPORT OF THE
CONSUMER INDIRECT
PURCHASER PLAINTIFFS'
SETTLEMENT WITH THE JBS
DEFENDANTS**

I, Stacey Troupe, state under oath, as follows:

1.      I am a named plaintiff in the above-titled action and am over the age of 18.
I have personal knowledge of the matters stated herein and could and would testify thereto.

2.      I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-
cv-01776, filed in the United States District Court for District of Minnesota.  I submit this
affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect
Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and
in support of approval of the settlements with the JBS Defendants.

3.      As a class representative, I understand that it is my responsibility to be
informed of the work done by my attorneys on the case and make my own judgment about
the fairness of any settlement proposed by the lawyers.  Class Counsel has not made any
promises regarding being awarded compensation for my service, and I have acted with the
understanding that I may not be compensated for the time I spent participating in this case.
I also understand that in evaluating the fairness of the settlement, I am required to consider

- 1 -

DocuSign Envelope ID: BB6A3B8F-12A6-4233-A7BF-4E070CA6BD94

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.    Over the past eight weeks, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.    Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.

6.    In total, I estimate that I have spent 40 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.    I have reviewed the terms of the settlements with the JBS defendants, discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that these defendants agree to pay $20 million into a fund to be distributed to the Settlement Class. I understand in

- 2 -

DocuSign Envelope ID: BB6A3B8F-12A6-4233-A7BF-4E070CA6BD94

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.     I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel. The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9.     I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2021, in Fremont, California.

010736-11/1657851 V1

DocuSign Envelope ID: BB6A3B8F-12A6-4233-A7BF-4E070CA6BD94

DocuSigned by:

Stacey Troupe

010736-11/1657851 V1

DocuSign Envelope ID: 8B84244D-04B1-40A5-866B-30417D5FDE59

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-01776 (JRT-HB) |
| | **DECLARATION OF LAURA WHEELER IN SUPPORT OF THE CONSUMER INDIRECT PURCHASER PLAINTIFFS' SETTLEMENT WITH THE JBS DEFENDANTS** |
| *This Document Relates to:* | |
| The Consumer Indirect Purchaser Actions | |

I, Laura Wheeler, state under oath, as follows:

1.　　I am a named plaintiff in the above-titled action and am over the age of 18. I have personal knowledge of the matters stated herein and could and would testify thereto.

2.　　I am a class representative in *In re Pork Antitrust Litigation.*, Case No. 0:18-cv-01776, filed in the United States District Court for District of Minnesota.  I submit this affidavit, on behalf of myself and the settlement class, in support of Consumer Indirect Purchaser Plaintiffs' (CIPPs) motion for attorneys' fees, expenses, and service awards and in support of approval of the settlements with the JBS Defendants.

3.　　As a class representative, I understand that it is my responsibility to be informed of the work done by my attorneys on the case and make my own judgment about the fairness of any settlement proposed by the lawyers. Class Counsel has not made any promises regarding being awarded compensation for my service, and I have acted with the understanding that I may not be compensated for the time I spent participating in this case. I also understand that in evaluating the fairness of the settlement, I am required to consider

- 1 -

DocuSign Envelope ID: 8B84244D-04B1-40A5-866B-30417D5FDE59

the interests of all members of the Class, as well as my own. I am free to disagree with my attorneys about the merits of a settlement and make my views known to the court. If I believed that a settlement was not in the interest of the Class, I would provide that view to Class Counsel and the Court.

4.     Over the past 2 years, I have diligently performed my duty to assist counsel in prosecuting this case, investing significant time and effort to fulfill my role as a class representative. Throughout this litigation, I have remained informed regarding the status of the litigation by communicating with my attorneys, including reviewing periodic update correspondence from my counsel and key case documents.

5.     Throughout the case I have also assisted in responding to discovery. This included time responding to Defendants' discovery requests. By providing information requested by Class Counsel in a timely fashion, I have been responsive to Class Counsel as needed to further the discovery and litigation process.

6.     In total, I estimate that I have spent between 30 and 40 hours performing all of the above-described duties on behalf of the class over the past few years. My attorneys have not made any promises regarding compensation for my service, and I willingly agreed to participate in this case with no guarantee of personal compensation.

7.     I have reviewed the terms of the settlements with the JBS defendants, discussed those terms with my attorneys, and I am aware of and approve all terms of the proposed settlements, as it affects me and the members of the Class. Based upon this reading and my discussions with Class Counsel, I understand that these defendants agree to pay $20 million into a fund to be distributed to the Settlement Class. I understand in

- 2 -

DocuSign Envelope ID: 8B84244D-04B1-40A5-866B-30417D5FDE59

general terms that the monies will be distributed on a pro rata basis to class members based on: (1) the number of approved purchases per class member during the settlement class period; and (2) the number of valid claims filed. There will be no reversion of unclaimed funds to any defendant. To the extent that money is not able to be reasonably distributed to class members, CIPPs propose that the money escheat to state governments.

8.      I believe that the proposed settlement achieves significant recovery for the Class and is an excellent result considered in light of the risks associated with a complex and costly trial. I recognize the uncertainty of success on any or all of the claims presented in this litigation if this case were to go to trial. I believe that litigation of this case on my own behalf, and not on behalf of a class, would not be financially prudent given my damages in this case versus the resources available to the defendants who formed this cartel. The proposed settlements also permit an immediate recovery to class members without the risk, delay, and expense of trial.

9.      I believe the settlement agreements between the Settling Defendants and Class Counsel were reached at arms' length. Based upon my understanding of the class claims asserted in this litigation, and my understanding of the terms of the settlement agreement, I believe the proposed settlements are fair, adequate and reasonable, and in the best interests of class members, and should therefore be granted final approval.

10.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2021, in Middletown, Rhode Island.

DocuSign Envelope ID: 8B84244D-04B1-40A5-866B-30417D5FDE59

DocuSigned by:

Laura Wheeler