# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/HB) |
| | **[PROPOSED] ORDER GRANTING CONSUMER INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES** |
| *This Document Relates to*: | |
| All Consumer Indirect Purchaser Plaintiff Actions | |

The above matter came before the Court on the Consumer Indirect Purchaser Plaintiffs' ("Consumer Indirect Class") motion for attorneys' fees and expenses ("Motion").

The Court has reviewed the memorandum submitted by the Consumer Indirect Class in support of their Motion and has reviewed the various declarations and submissions relating to that motion. The Court held a hearing on November 29, 2021 and appearances were noted on the record.

Based on the record and proceedings before the Court, it is hereby **ORDERED**:

1.     The Court has considered the relevant case law and authority and finds that awards of attorneys' fees and reimbursement of expenses to the Consumer Indirect Class and their counsel are appropriate under Fed. R. Civ. P. 23(h) and Fed. R. Civ. P. 54(d)(2). Notice of the request for fees and reimbursement of expenses was provided to the

- 1 -

potential class members via direct and published notice and a settlement web site that identified relevant documents and pleadings.

2.    The Court has considered the reaction of the class members to this fee and reimbursement request.

3.    For the reasons set forth below, the Court GRANTS the Consumer Indirect Class's request for attorneys' fees in the amount of $6,600,000.

4.    The Court GRANTS the Consumer Indirect Class's request for reimbursement of expenses in the amount of $322,972.19. "It is well established that counsel who create a common fund like the one at issue are entitled to the reimbursement of litigation costs and expenses, which include such things as expert witness costs, mediation costs, computerized research, court reports, travel expenses, and copy, telephone, and facsimile expenses." *Krueger*, 2015 WL 4246879, at *3.

5.    The past litigation expenses incurred by counsel for the Consumer Indirect Class were reasonable and necessary and were of the type normally awarded in class action litigation. *See, e.g.,* Fed. R. Civ. P. 23(h); *Khoday*, 2016 WL 1637039, at *12 ("Courts generally allow plaintiffs' counsel in a class action to be reimbursed for costs and expenses out of the settlement fund, so long as those costs and expenses are reasonable and relevant to the litigation."); *In re Zurn Pex Plumbing Prod. Liab. Litig*., 2013 WL 716460, at *5 (D. Minn. Feb. 27, 2013); *Yarrington v. Solvay Pharm., Inc*., 697 F.Supp.2d 1057, 1067 (D. Minn. 2010). The past litigation expenses incurred in the prosecution of this case shall be reimbursed from the settlement fund.

- 2 -

6.      The Court will award fees to counsel for the Consumer Indirect Class using the percentage-of-the-fund approach. "In the Eighth Circuit, use of a percentage method of awarding attorney fees in a common-fund case is not only approved, but also 'well established.'" *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F.Supp.2d 980, 991 (D. Minn. 2005) (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999). As other courts have recognized, "[t]here are strong policy reasons behind the judicial and legislative preference for the percentage of recovery method for determining attorney fees[.]" *Id.* The percentage of recovery method is "generally favored in cases involving a common settlement fund." *In re Processed Egg Prod. Antitrust Litig.*, 2012 WL 5467530, at *2 (E.D. Pa. Nov. 9, 2012).

7.      Counsel for the Consumer Indirect Class request a fee award of 33% of the settlement funds. The requested fee, which totals $6,600,000 is well within the range allowed by this District.

8.      When using the percentage-of-the-fund approach, the Court considers seven factors: (1) the benefit to the class; (2) the difficulty and novelty of the litigation; (3) the risks to plaintiffs' counsel; (4) the time and labor involved to bring the litigation; (5) the skill and experience of the attorneys representing the parties; (6) the reactions of class members; *and* (7) whether the award is consistent with awards in other cases. *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 866 (8th Cir. 2017).

9.      **The $20 million cash settlement provides a substantial benefit to the Class.** The settlement provides $20 million and is coupled with meaningful cooperation

- 3 -

terms that will assist in the claims against the non-settling Defendants. This cash

settlement represents a substantial recovery and benefits the class. *In re Xcel Energy*, 364

F. Supp. 2d at 991.

10.     **This case involves difficult factual and legal issues.** Antitrust cases are

especially difficult because they "are complicated, lengthy and bitterly fought." *Wal-Mart*

*Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 118 (2d Cir. 2005). Antitrust litigation often

involves claims that are "highly nuanced" and require "both sides to work extensively

with economists[.]" *Dial Corp. v. News Corp.*, 317 F.R.D. 426, 435 (S.D.N.Y. 2016).

This case is no exception. More than three years have passed since the first complaint

was filed, and the parties are just now noticing depositions. To get to this point, Plaintiffs

had to first overcome 22 motions to dismiss.

11.     **Counsel took this case on contingency and has been exposed to**

**significant risk.** "Courts have recognized that the risk of receiving little or no recovery is

a major factor in awarding attorney fees." *In re Lorazepam & Clorazepate Antitrust*

*Litig.*, 205 F.R.D. 369, 393 (D.D.C. 2002). The contingent nature of this case means that

Counsel has a balanced set of interests – to achieve excellent results for the class, as

efficiently as possible. This substantial risk that Counsel has undertaken to advance this

litigation over the past three years strongly favors the fee award. *See Khoday*, 2016 WL

1637039, at *10, *report and recommendation adopted*, 2016 WL 1626836 (D. Minn. Apr.

22, 2016), *aff'd sub nom. Caligiuri v. Symantec Corp.,* 855 F.3d 860 (8th Cir. 2017).

12.     **Counsel has invested significant time and resources.** From the beginning

their investigation into the pork industry through June 2021, Counsel for the Consumer

Indirect Class have expended more than 8,977 hours pursing the class's claims. This effort has consisted of conducting the first extensive factual investigation into the antitrust claims; drafting two complaints; reviewing and analyzing over hundreds of thousands of documents and preparing for defendant depositions. Given the time and resources Counsel has devoted to this case, this factor weights in favor of the award. *See In re Xcel Energy*, 364 F. Supp. 2d at 995.

13.   **The attorneys litigating this case have extensive experience and expertise.** The attorneys representing parties in this litigation are some of the most well-respected antitrust litigators in the country. They have dep experience in class action antitrust cases and experience taking these complex cases to trial. This factor supports awarding a fee.

14.   **The reaction of the Class supports the award.** Another factor courts use to evaluate fees is the reaction of the class. *See In re Xcel Energy*, 364 F. Supp. 2d at 996; *In re CenturyLink Sales Pracs. & Sec. Litig*., 2020 WL 7133805, at \*12 (D. Minn. Dec. 4, 2020) (finding "little dissatisfaction with the settlement" where only 8 class members objected and .07% of the class opted out). Only one member of the Consumer Indirect Class has objected to the JBS settlement – not due to a deficiency in the negotiations for the settlement, but because this individual believes that class certification should not be granted. *See* Objection to Class Certification, ECF No. 948 (filed October 4, 2021). Similar arguments have been previously raised in opposition to class settlements that have been rejected by the Eighth Circuit. *See McDonald v. Edward D. Jones & Co., L.P.*, 791 F. App'x 638, 639 (8th Cir.), *cert. denied sub nom. Shiyang Huang v. Schultz*, 141 S.

Ct. 252, 208 L. Ed. 2d 25 (2020). Given the majority of the class seems satisfied with the settlement, this factor supports awarding a fee.

15.     **The request is consistent with the percent awarded in similar cases.**

Courts often compare the request to awards in similar cases to determine whether the request is reasonable. Here, Counsel has requested 33% of the settlement funds to cover attorneys' fees, which is well in line with other cases. In this district, courts routinely approve attorneys' fees of at least one third of the common fund. *See, e.g., Huyer v. Buckley*, 849 F.3d 395, 399 (8th Cir. 2017) (upholding an award for one third of the total settlement fund); *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (upholding an award for 36 percent of the common fund); *Khoday*, 2016 WL 1637039, at *11 ("In this District, however, courts have frequently awarded attorney fees between 25 and 36 percent of a common fund in class actions."); *Krueger v. Ameriprise Fin., Inc.*, 2015 WL 4246879, at *2 (D. Minn. July 13, 2015) (noting that a request for one third of the common fund is in line with other class cases); *In re Airline Ticket Comm'n Antitrust Litig.*, 953 F.Supp. 280, 285–86 (D. Minn. 1997) (awarding 33.3% of $86 million fund); *In re Xcel Energy*, 364 F. Supp. 2d at 998 (collecting other cases).

16.     **A Lodestar "crosscheck" confirms that the requested fees are reasonable.** Though it is not required in this district, courts routinely apply a lodestar "cross-check" on the reasonableness of the fee calculated as a percentage of the fund. *Keil*, 862 F.3d at 701. "The lodestar cross-check need entail neither mathematical precision nor bean counting but instead is determined by considering the unique circumstances of each case." *In re Xcel Energy*, 364 F. Supp. 2d at 999. A court may give

- 6 -

an upwards of adjustment to a lodestar (through a positive multiplier) to reflect "the contingent nature of success, and … the quality of the attorney's work." *Id.* Counsel for the Consumer Indirect Class has expended over 8,977 hours from the outset of this case investigation through June 2021. All the law firms that have worked to advance the classes' claims have done so under the direction of Hagens Berman or Gustafson Gluek, who were appointed as Interim Co-Lead Counsel. Those time reports set forth the timekeepers, customary rates, and hours worked to advance the litigation for the Consumer Indirect Class. Each law firm who has conducted work on behalf of the Consumer Indirect Class has submitted a declaration regarding attesting to the hours spent on this case. Most of the hours spent on this litigation – more than 98 percent – have been incurred by Interim Co-Lead Counsel. The hourly rates used to calculate this lodestar are reasonable and in line with similar litigation. *Yarrington*, 697 F. Supp. 2d at 1065 (D. Minn. 2010). The 1.44 multiplier does not exceed the bounds of reasonableness, particularly in light of the work performed by Counsel prior to this settlement. Indeed, a multiplier of less than two is below the range of multipliers commonly accepted in similar litigation. *Khoday*, 2016 WL 1637039, at *11, *report and recommendation adopted*, 2016 WL 1626836 (D. Minn. Apr. 22, 2016).

17.     The Court GRANTS an award of attorneys' fees to counsel for the Consumer Indirect Class in the amount of 33% of the common fund, or $6,600,000. Interim Co-Lead Counsel for the Consumer Indirect Class are authorized to allocate the attorneys' fees awarded herein among counsel who performed work on behalf of the

- 7 -

Consumer Indirect Class in accordance with Interim Co-Lead Counsel's assessment of each firm's contribution to the prosecution of this litigation.


      IT IS SO ORDERED.

DATED: _____


_____
HONORABLE JOHN R. TUNHEIM
CHIEF JUDGE UNITED STATES DISTRICT
COURT

010736-11 1670688V1