RECEIVED BY MAIL
OCT 22 2021
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/HB) |
| This document relates to: Indirect Purchaser Actions | |

### OPPOSITION TO [951] MOTION FOR ATTORNEY'S FEES *AS MOOT*

Consumer Indirect Purchaser Plaintiffs ("CIPPs") have filed a motion for an award on attorney's fee and expenses. Their motion, however, should be **denied as moot** at this moment, because CIPPs have failed to satisfy the requirements under Fed. R. Civ. Proc. 23(b)(3). *See* **ECF No. 948** (Huang objection to CIPP's lack of evidence for class certification); *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) ("The party [seeking class certification] must also satisfy [Rule 23(b)(3)] through *evidentiary proof*[.]") (emphasis added). Nothing has changed.

That also explains why Huang takes no position to the merits of CIPP's fee motion, after Huang recently was awarded $500 for helping the Class recover $17 million because "Hagens Berman ... fell short of meeting its full duty of candor" when counsel failed to present an *ex ante* bid contract to Chief Judge Seeborg in another district, when counsel initially moved for attorney's fee awards. *In re Optical Disk Drive Prods. Antitrust Litig.*, 2021 WL 3502506, at *10 n.5 (N.D. Cal. Jul. 2, 2021) (Seeborg, C.J). Huang also was awarded $1 after he uncovered $60,000 of improper litigation costs, and increased class recovery by $1.25 million elsewhere. *Kukorinis v. Wal-Mart Inc.*, No. 19-cv-20592, ECF No. 98 at 4 n.7 (S.D. Fla. Sep. 21, 2021). Chief Judge Seeborg found that Huang's *pro se* objection was "successful" and paralleled work done by experienced counsel—such that he would cut Hagens Berman's fee by over $21 million, even if "only Huang had been making the arguments." *In re Optical Disk Drive Prods. Antitrust Litig.*, No. 3:10-md-2143, ECF No. 3067, at 1 (N.D. Cal. Oct. 18, 2021) (Seeborg, C.J.).

SCANNED
OCT 22 2021
U.S. DISTRICT COURT MPLS

1

While Huang's position is that CIPP's motion for attorney's fee and expenses should be denied *as moot*, CIPP's claim that Huang "raised similar arguments ... that have been rejected by the Eighth Circuit" is both factually incorrect and a self-inflicting *ad hominem*. CIPP's disappointing argument is so demonstrably *wrong* because Huang's objection *here* does not even take position on CIPP's Article III standing for injunctive relief, and CIPPs do not even seek class certification under Fed. R. Civ. Proc. 23(b)(1). *See* Petition for a Writ of Certiorari, *Huang v. Schultz,* 2020 WL 3183227 (U.S. May 11, 2020), *cert. denied,* 141 S. Ct. 252 (2020).[1] Thus, there is *nothing even remotely* "similar" as CIPPs incorrectly claim, and it only "illustrates the regrettable tendency of some lawyers to substitute citations for analysis." *Harzewski v. Guidant Corp.,* 489 F.3d 799, 806 (7th Cir. 2007) (Posner, J.). *See Ark. Teachers Ret. Sys. v. State St. Bank & Trust Co.,* , 2020 WL 949885, at *21 (D. Mass. Feb. 27, 2020) (criticizing counsel for providing a "misleading description" of the treatise and failed to "disclose other findings" there "that undermined his argument"); Donald Frederico, *Class Action Settlements and the Duty of Candor Toward the Tribunal.* JDSupra (Jul. 19, 2021). The U.S. Department of Justice also has warned that "Class counsel [often] discounts [objectors] as ... disingenuous professionals ... But ... most consumer class members in this case and others like it do not have the time or the knowledge of legal process to file objections." *In re Apple Device Perf. Litig.*, 5:18-md-2827, ECF No. 575 at 7 (N.D. Cal. Dec. 2, 2020); CIPPs owe an apology for making such arguments.

---

[1] In case CIPPs do not understand the Supreme Court, Huang notes that "denial of certiorari does not constitute an expression of any opinion on the merits." *Huber v. New Jersey Dep't of Env't Protection,* 562 U.S. 1302, 1303 (2011) (Alito, J., respecting the denial of certiorari) (quoting *Boumediene v. Bush,* 549 U.S. 1328, 1329 (2007) (Stevens and Kennedy, JJ., respecting denial of certiorari)); Stern & Gressman, *Supreme Court Practice* § 5.7 (9th ed. 2007).

Huang lastly remind CIPP counsel that "ethical rules are necessary to the maintenance of a culture of civility and mutual trust within the legal profession … all attorneys must remain aware of the principle that zealous advocacy does not displace their obligations as officers of the court[.]" *Azar v. Garza*, 138 S. Ct. 1790, 1793 (2018). "if not for" Class Counsel's problematic class certification request, Huang "would not have need to become involved." *Hendricks v. Starkist Co.*, 2016 WL 5462423, at *16 (N.D. Cal. Sep. 29, 2016), *aff'd sub nom. Hendricks v. Ference*, 754 Fed Appx. 510 (9th Cir. 2018).

## CONCLUSION

For the foregoing reasons, CIPP's motion for attorney's fee and expenses should be denied *as moot*, in light of CIPPs' lack of any usable evidence to properly certify a class under Fed. R. Civ. Proc. 23(b)(3).

Date: October 19, 2021                    Respectfully Submitted,

/s/Shiyang Huang
Shiyang Huang
2800 SW Engler Ct.,
Topeka, KS 66614
(314) 669-1858
defectivesettlement@gmail.com

## CERTIFICATE OF SERVICE

I certify that on or before October 19, 2021, a true and correct copy of the foregoing was filed with the Clerk of Court by U.S. mail. CM/ECF will then notify all counsels of record electronically.

Parties can and are encouraged to serve any filings to defectivesettlement@gmail.com to constitute service under Fed. R. Civ. Proc. 5(b) in light of the COVID-19 pandemic.

/s/ Shiyang Huang