# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: PORK DIRECT AND INDIRECT
PURCHASER ANTITRUST LITIGATION**                    MDL No. 2998

## TRANSFER ORDER

**Before the Panel**:*  Plaintiffs in the two actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of Texas or, alternatively, in the District of Minnesota.  The two actions on the motion are individual direct purchaser actions alleging a price fixing conspiracy among leading American pork producers.  Movants seek an MDL consisting of only individual direct purchaser actions.  The parties, though, have notified the Panel of two related actions, one of which, pending in the District of Minnesota, is captioned *In re Pork Antitrust Litigation*.[1]  The Minnesota litigation involves putative direct purchaser and indirect purchaser classes, as well as two individual actions, all of which have been consolidated for pretrial purposes.  Defendants,[2] the class plaintiffs in the Minnesota litigation, and the Commonwealth of Puerto Rico (the plaintiff in one of the individual actions in the District of Minnesota) support centralization, but request that the actions on the motion be centralized with the consolidated Minnesota litigation.

On the basis of the papers filed and the hearing session held,[3] we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and

_____

* One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The other related action is pending in the Northern District of Illinois.  This and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Responding defendants include:  Clemens Food Group, LLC; The Clemens Family Corporation; Hormel Foods Corporation; Hormel Foods, LLC; JBS USA Food Company; Seaboard Foods LLC; Smithfield Foods, Inc.; Triumph Foods, LLC; Tyson Foods, Inc.; Tyson Prepared Foods, Inc.; Tyson Fresh Meats, Inc.; and Agri Stats, Inc.

[3] In light of the concerns about the spread of the COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of May 27, 2021.  *See* Suppl. Notice of Hearing Session, MDL No. 2998 (J.P.M.L. May 10, 2021), ECF No. 52.

- 2 -

efficient conduct of this litigation. These actions share factual questions arising from an alleged conspiracy, starting in or around 2009, among leading American pork producers to fix, raise, maintain, and stabilize the price of pork in the United States. Plaintiffs in these actions allege that defendants exchanged detailed, competitively sensitive, and non-public information about prices, capacity, sales volume, and demand through defendant Agri Stats—a specialized information-sharing service that provided benchmarking reports to defendants, which allegedly allowed them to monitor each other's production and thereby control pork supply and price. Plaintiffs allege that this conduct violated federal antitrust law. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

The District of Minnesota is the appropriate transferee district for this litigation. All parties agree on centralization in this district, either in the first instance or in the alternative. The Honorable John R. Tunheim is the logical choice to oversee this litigation, as he has presided over the consolidated Minnesota litigation since 2018 and has decided two rounds of dismissal motions. Centralization of the individual direct purchaser actions separate from the Minnesota litigation, as requested by movants, would result in duplicative pretrial proceedings and potentially inconsistent pretrial rulings. Given his familiarity with the parties and issues in this litigation, as well as his extensive multidistrict litigation experience, we are confident that Judge Tunheim will continue to steer the litigation on an efficient and prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable John R. Tunheim for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that MDL No. 2998 is renamed *In re: Pork Antitrust Litigation*.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

**IN RE: PORK DIRECT AND INDIRECT
PURCHASER ANTITRUST LITIGATION**                    MDL No. 2998

## SCHEDULE A

<u>Southern District of Florida</u>

CHENEY BROTHERS, INC. v. AGRI STATS, INC., ET AL., C.A. No. 9:21−80424

<u>Southern District of Texas</u>

SYSCO CORPORATION v. AGRI STATS, INC., ET AL., C.A. No. 4:21−00773