UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: PORK ANTITRUST LITIGATION | 0:21-md-02998-JRT-HB<br><br>MDL No. 2998 |
| This document relates to:<br><br>ALL CASES | |

**MDL DIRECT ACTION PLAINTIFFS'
COORDINATION AND SCHEDULING PROPOSAL**

Pursuant to the Court's July 1, 2021 Minute Entry Order (Dkt. 3),[1] Plaintiffs Sysco Corporation ("Sysco"), Cheney Brothers, Inc. ("Cheney Brothers"), Action Meat Distributors, Inc., Topco Associates, LLC, Alex Lee, Inc. and Merchants Distributors, LLC, Associated Food Stores, Inc., Brookshire Grocery Company; Certco, Inc., Colorado Boxed Beef Co., The Golub Corporation, Nicholas & Co., Inc., PFD Enterprises, Inc., SpartanNash Company, Springfield Grocer Company, The Distribution Group d/b/a Van Eerden Foodservice Co., Troyer Foods, Inc., and URM Stores, Inc., and Subway Protein Litigation Corp. (as litigation trustee of the Subway®

---

[1] On June 29, 2021, the MDL Direct Action Plaintiffs learned that Defendants submitted a letter to Magistrate Judge Bowbeer asking that the MDL DAPs be required to join the previously scheduled July 15, 2021 status conference in the *Preexisting Non-MDL Pork Cases* and that the Court require all parties to submit their coordination and scheduling proposals no later than July 8 at 5:00 PM Central. Before filing their letter, Defendants did not send a draft of their letter to the MDL DAPs or inform them that Defendants were requesting that the Court set a July 8 deadline for the MDL DAPs to make a court submission. Moreover, Defendants did not serve any of the MDL DAPs with a copy of their letter, or file it on the docket in the *Pork MDL*. The MDL DAPs then asked Defendants to inform Judge Bowbeer that their letter had been filed without consulting the MDL DAPs, but Defendants declined to do so. The Court then entered its Minute Entry Order on July 1, 2021.

1

Protein Litigation Trust) (collectively, the "**MDL Direct Action Plaintiffs**" or "**MDL DAPs**")—who comprise the Plaintiffs in the four cases transferred to this Court to date by the United States Judicial Panel for Multidistrict Litigation pursuant to 28 U.S.C. § 1407 for centralized pretrial proceedings[2]—hereby submit their proposal for coordinating and scheduling the cases that are or may become part of the above-captioned multidistrict litigation (the "*Pork MDL*") with the non-MDL cases already before this Court comprising *In re Pork Antitrust Litigation*, Case No. 0:18-cv-01776-JRT-HB (D. Minn.) (the "*Preexisting Non-MDL Pork Cases*").

The MDL DAPs submit the following coordination and scheduling proposal pursuant to the Court's July 1, 2021 Order, but believe that to the extent the parties in the *Pork MDL* disagree about the coordination or schedule, the MDL DAPs and Defendants be provided additional time to meet and confer to determine if those differences can be resolved by agreement, and if so, for the parties to submit a joint proposed coordination and/or scheduling order.

I.      **Relationship of MDL to the Existing *In re Pork Antitrust Litigation***

The *Pork MDL* should be coordinated with the *Preexisting Non-MDL Pork Cases* in order to serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation, including the avoidance of duplicative discovery and proceedings.  However, the *Pork MDL* should *not* be consolidated with the cases in the *Preexisting Non-MDL Pork Cases*.

Before the JPML, no party asked the existing non-MDL cases be included in the proposed MDL.  In granting the request for the MDL, the JPML's transfer order did not instruct that this

---

[2] The individual, constituent cases in this MDL currently are: *Sysco Corp. v. Agri Stats, Inc. et al.*, Case No. 0:21-cv-01374-JRT-HB (D. Minn.); *Cheney Bros. Inc. v. Agri Stats, Inc. et al.*, Case No. 0:21-cv-01373-JRT-HB (D. Minn.); *Action Meat Distributors, Inc. et al. v. Agri Stats, Inc. et al.*, Case No. 0:21-cv-01454-JRT-HB (D. Minn.); and *Subway Protein Litigation Corp. (as litigation trustee of the Subway® Protein Litigation Trust) v. Agri Stats, Inc. et al.*, which is the subject of a conditional transfer order entered by the JPML that is expected to become effective on July 9, 2021.  *In re Pork Antitrust Litig.*, MDL 2998 (J.P.M.L.), Conditional Transfer Order (CTO-2), Dkt. 62 (July 2, 2021).

2

Court consolidate the cases transferred pursuant to 28 U.S.C. § 1407 with the *Preexisting Non-MDL Pork Cases*. Instead, the cases centralized and transferred to this Court by the JPML have been related in a new master MDL docket in this Court, 0:21-md-02998-JRT-HB, and not to the existing consolidated cases in Docket No. 18-cv-01776.

The MDL DAPs believe the MDL should be coordinated—but not consolidated with—the *Preexisting Non-MDL Pork Cases*. For example, the MDL should have its own orders governing the case, some of which will not be relevant to the *Preexisting Non-MDL Pork Cases*. In many instances, orders in the *Preexisting Non-MDL Pork Cases* can serve as models for the MDL. But orders in the *Preexisting Non-MDL Pork Cases* should not presumptively or automatically apply to the MDL given that these orders were negotiated without the involvement of the MDL DAPs and that the MDL is a distinct proceeding created by the JPML pursuant to 28 U.S.C. § 1407.

With respect to a schedule for the MDL, there are likely to be numerous additional DAP cases filed or transferred to this Court in the coming weeks, and any scheduling or coordination order entered in the *Pork MDL* should be crafted with that reality in mind.

**II.     Protective Order**

The MDL DAPs agree with the form and substance of the Protective Order in the *Preexisting Non-MDL Pork Cases*, Case No. 18-cv-01776, Dkt. 212 (Nov. 26, 2018). Thus, the MDL DAPs propose that the same order with the caption for this MDL proceeding be entered on the docket in the *Pork MDL*, Case No. 0:21-md-02998. Assuming Defendants agree, the MDL DAPs are happy to submit a proposed order for the Court's entry.

**III.    ESI Protocol**

The MDL DAPs agree generally with the form and substance of the Order Regarding Production of ESI and Paper Documents in the *Preexisting Non-MDL Pork Cases*, Case No. 18-cv-01776, Dkt. 292 (Feb. 20, 2019) (the "ESI Protocol"), but would like to discuss with Defendants

3

making several minor changes or clarifications. For example, the ESI Protocol in the *Preexisting Non-MDL Pork Cases* requires certain disclosures about cellphone and contact information for document custodians. *Id.* at 15-16. These provisions should apply only to Defendants because they have no relevance to the MDL DAPs. The MDL DAPs ask for an opportunity to meet and confer with Defendants about any modifications to the ESI Protocol, after which the parties will submit a proposed order for the Court's entry in the *Pork MDL* Docket.

**IV.    Initial/Required Disclosures, Including ESI Disclosures**

The MDL DAPs are willing to provide the same disclosures required by the Court's Order Regarding Disclosure of Information in the *Preexisting Non-MDL Pork Cases*, Case No. 18-cv-01776, Dkt. 290 (Feb. 7, 2019).

The MDL DAPs propose that the schedule for the *Pork MDL* set a deadline of **September 30, 2021** for the current MDL DAPs to provide those disclosures and that any additional MDL DAPs in cases that may be filed or transferred to this Court have 60 days from the date of filing or transfer to this Court to provide the Defendants with their disclosures.

**V.    Pretrial Scheduling Order and Discovery Limits for the MDL**

The Court's November 12, 2020 Scheduling Order (Dkt. 532) and Rule 16 Pretrial Scheduling Order (ECF. No. 658) in the *Preexisting Non-MDL Pork Cases* set various case deadlines and limits on discovery. The MDL DAPs were not involved in negotiating those deadlines or discovery limits. The MDL DAPs believe that the MDL should have a separate scheduling order, albeit one that reflects discovery coordination with the *Preexisting Non-MDL Pork Cases*.

The MDL DAPs would like to meet and confer with the Defendants and Plaintiffs in the *Preexisting Non-MDL Pork Cases* to discuss discovery scheduling, and propose that the Court set a deadline by which the parties should submit their views about a schedule for the MDL.

4

### A.  Date to Amend Pleadings of MDL Parties

The Plaintiffs in the *Preexisting Non-MDL Pork Cases* had a deadline of June 1, 2021 for amended pleadings.  Dkt. 658 at 2 (¶ 1).  The MDL DAPs propose a deadline of four months before the completion of fact discovery—which would be April 30, 2022, if the fact discovery deadline is September 1, 2022.

Defendants have told the MDL DAPs that they intend to ask the Court to enter an order requiring the MDL DAPs to file a consolidated amended complaint in the *Pork MDL*.  The MDL DAPs will oppose any such request.  Each DAP is a separate plaintiff, and each has exercised its right to file its own case.  Neither the existing MDL DAPs nor any future MDL DAPs should be forced to assent to a consolidated amended complaint that is not their own.

If the Defendants' request for a consolidated amended complaint is based on a concern about having to answer soon each individual DAP complaint that has been already or will be filed, that concern can be addressed by other means.  For example, the MDL DAPs are willing to agree that Defendants can defer answering each complaint in full until later in the MDL proceeding, as long as Defendants (1) promptly provide their defenses and affirmative defenses to each MDL DAP complaint separately, and (2) answer in full one exemplar MDL DAP complaint (to be identified by the MDL DAPs).

### B.  Discovery Deadlines For the MDL

The MDL DAPs propose in the chart below deadlines for a schedule to be entered in the *Pork MDL*.  The chart also shows the deadlines Defendants proposed to the MDL DAPs on July 6, 2021, about which the MDL DAPs have not had sufficient time to meet and confer with Defendants.

As reflected in the chart, the MDL DAPs propose the same date for the completion of fact discovery in the *Pork MDL* as in the *Preexisting Non-MDL Pork Cases*: September 1, 2022.

5

| Discovery Event | Defs' Proposed Deadline | MDL DAPs' Proposed Deadline |
|---|---|---|
| **Date when Defendants Proposed Keyword Search Terms to Be Applied to Current MDL Direct Action Plaintiffs' Documents** | June 18, 2021 | n/a |
| **Deadline for Defendants to Serve Initial Rule 33 and Rule 34 Requests on Current MDL Direct Action Plaintiffs** | July 15, 2021 | July 15, 2021 |
| **Current MDL Direct Action Plaintiffs to Disclose Keyword Search Tools and/or TAR/CAL Tools** | July 26, 2021 | July 30, 2021 |
| **Current MDL Direct Action Plaintiffs to Make Disclosures Described in Dkt. No. 290 (Order Regarding Disclosure of Information) and Rule 26(a) Disclosures** | August 16, 2021 | September 30, 2021 |
| **Current MDL Direct Action Plaintiffs to Propose Document Custodians and Non-Custodial Document Sources** | August 16, 2021 | September 30, 2021 |
| **Deadline for Current MDL Direct Action Plaintiffs' Objections and Response to Initial Rule 33 and 34 Requests** | August 16, 2021 | September 30, 2021 |
| **Deadline for the Parties to Resolve Any Disputes over the Keyword Search Terms, Document and Data Sources, or Search Methodology the Current MDL Direct Action Plaintiffs Will Use or to Raise Disputes with the Court** | August 30, 2021 | October 29, 2021 |
| **Commencement of Rolling Production of Documents by Current MDL Direct Action Plaintiffs** | August 30, 2021 | October 29, 2021 |
| **Substantial Completion of Document and Structured-Data Productions by Current MDL Direct Action Plaintiffs** | December 1, 2021 | January 31, 2022 |
| **Completion of Fact Discovery** | n/a | September 1, 2022 |

### C. Discovery Limits for the MDL

The proposal below presumes that all discovery from Defendants may be used and is admissible in the *Preexisting Non-MDL Pork Cases* and in the *Pork MDL*. If that is not the case, the MDL DAPs will need more discovery than requested here.

#### 1. Interrogatories

The MDL DAPs (including future MDL DAPs) shall collectively have 20 interrogatories they may serve on each Defendant family.

Defendants may jointly serve 25 interrogatories on each MDL DAP family.

#### 2. Requests for Admission:

The parties will meet and confer in good faith to determine if a stipulation can be agreed to concerning various evidentiary issues addressed in the Federal Rules of Evidence ("FRE"), including authenticity (FRE 902 & 903), duplicates (FRE 1001(4) & 1003), the requirement for a sponsoring witness to establish authenticity or best evidence, and status of a document as a business record (FRE 803(6)). To assist the parties in resolving such evidentiary issues via stipulation rather than serving requests for admission, the presumption by the Court is that a document is authentic if it was produced from a party's files, unless a party makes a showing of good cause to the contrary. For any documents for which the parties cannot agree upon a stipulation, a party may serve, without limitation, any necessary requests for admission to address any potential evidentiary objections.

With respect to non-evidentiary issues set forth in the paragraph above, the MDL DAPs collectively may jointly serve 75 requests for admission on each Defendant family, and Defendants may jointly serve 75 requests for admission on each MDL DAP family.

### 3. Depositions

The MDL DAPs propose that Defendants collectively may take two depositions of each MDL DAP family. One of the two depositions may be a Rule 30(b)(6) deposition, not to exceed seven hours.

The Pretrial Scheduling Order governing the *Preexisting Non-MDL Pork Cases* states that "Plaintiffs may collectively depose up to 10 percipient witnesses from each Defendant family." *Id.* at 6. Subject to the provision below about coordination of depositions, the MDL DAPs agree to this limitation, but more depositions should be permitted if Plaintiffs can demonstrate good cause to exceed that number.

<u>Coordination of Depositions of Defendants and Third-Parties</u>*:* The MDL DAPs suggest the parties negotiate and propose to the Court a framework for coordination of depositions of Defendants and third-parties in the *Pork MDL* and *Preexisting Non-MDL Pork Cases*. For example, the MDL DAPs propose that the MDL DAPs be "lead examiner" for half of the depositions of Defendants, while the Plaintiffs in the *Preexisting Non-MDL Pork Cases* be "lead examiner" for the other half. Subject to revision by agreement of the parties, "lead examiner" for any deposition will have up to five hours of examination time, with the other two hours reserved for the other Plaintiffs group. Any dispute among the Plaintiffs' groups about who will be "lead examiner" on a particular deposition, or about the allocation of examination time, shall be presented to the Court no later than 72 hours before the deposition.

### 4. Third Party Discovery

The MDL DAPs agree with the provisions regarding third party discovery in Pretrial Scheduling Order (Dkt. 658, January 26, 2021), at 8, which should be incorporated into an MDL scheduling order.

8

### D. Testifying Experts

The Pretrial Scheduling Order (Dkt. 658) in the *Preexisting Non-MDL Pork Cases* contains numerous dates for class certification proceedings, and provides that expert disclosures and discovery shall not begin until after the resolution by the Eighth Circuit of any appeal of the District Court's class certification decision. *Id.* at 3, 16. None of this applies or should apply to the MDL DAPs, whose cases are brought in their individual non-class capacity. Accordingly, the testifying expert disclosures and discovery in the *Pork MDL* should not be tied to any class certification proceedings in the *Preexisting Non-MDL Pork Cases*. Instead, the MDL DAPs propose that the parties in the *Pork MDL* be required to meet and confer and present to this Court a proposed schedule for trial expert disclosures and discovery within 90 days of the fact discovery completion deadline.

### E. Summary Judgment Motions

The MDL DAPs suggest that when the parties in the *Pork MDL* propose a schedule to the Court for expert disclosures and expert discovery after the completion of fact discovery (as discussed above), they also include a proposed schedule for summary judgment motions.

Dated: July 8, 2021

/s/ *Eric R. Lifvendahl*
Eric R. Lifvendahl
**L&G LAW GROUP, LLP**
Eric R. Lifvendahl
Ryan F. Manion
175 W. Jackson Blvd., Suite 950
Chicago, Illinois 60604
Telephone: (312) 364-2500
Email: elifvendahl@lgcounsel.com
Email: rmanion@lgcounsel.com

**KAPLAN FOX & KILSHEIMER, LLP**
Robert N. Kaplan
Matthew P. McCahill
Jason A. Uris
850 Third Avenue, 14th Floor
New York, New York 10022
Telephone: (212) 687-1980
Email: rkaplan@kaplanfox.com
Email: mmccahill@kaplanfox.com
Email: juris@kaplanfox.com

**THE COFFMAN LAW FIRM**
Richard L. Coffman
3355 W. Alabama Street, Suite 240
Houston, Texas 77098
Telephone: (713) 528-6700
Email: rcoffman@coffmanlawfirm.com

*Counsel for MDL Direct Action Plaintiffs Action Meat Distributors, Inc., Topco Associates, LLC, Alex Lee, Inc. and Merchants Distributors, LLC, Associated Food Stores, Inc., Brookshire Grocery Company, Certco, Inc., Colorado Boxed Beef Co., The Golub Corporation, Nicholas & Co., Inc., PFD Enterprises, Inc., SpartanNash Company, Springfield Grocer Company, The Distribution Group d/b/a Van Eerden Foodservice Co., Troyer Foods, Inc., and URM Stores, Inc.*

Respectfully Submitted,

/s/ *Scott E. Gant*
Scott E. Gant
Michael S. Mitchell
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave., NW
Washington, DC 20005
Tel: 202-237-2727
Fax: 202-237-6131
sgant@bsfllp.com
mmitchell@bsfllp.com

Colleen Harrison
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Tel: 914-749-8204
Fax: 914-749-8300
charrison@bsfllp.com

*Counsel for Plaintiff Sysco Corporation*

/s/ *David B. Esau*
David B. Esau
Email:  desau@carltonfields.com
Kristin A. Gore
Email:  kgore@carltonfields.com
Garth T. Yearick
Email:  gyearick@carltonfields.com
**CARLTON FIELDS, P.A.**
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida  33401
Tel: (561) 659-7070
Fax: (561) 659-7368

*Counsel for Plaintiffs Cheney Brothers, Inc. and Subway Protein Litigation Corp., as litigation trustee of the Subway® Protein Litigation Trust*