# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2001 Ross Avenue
Dallas, TX 75201-2911
Tel 214.698.3100
www.gibsondunn.com

Brian E. Robison
Direct: +1 214.698.3370
Fax: +1 214.571.2928
BRobison@gibsondunn.com

Client: 91389-00001

July 8, 2021

**<u>FILED VIA ECF</u>**

The Honorable Hildy Bowbeer
Magistrate Judge, District of Minnesota
United States District Court
316 N. Robert Street
St. Paul, MN 55101

Re:   *In re: Pork Antitrust Litigation*, Civil No. 18-1776 (JRT/HB); *In re Pork Antitrust MDL,* Civil No. 21-md-02998-JRT

Dear Hon. Magistrate Judge Bowbeer:

In response to the Court's July 1 text-only docket entry, we have attached as <u>Exhibit A</u> the defendants' proposal for integrating the new Direct Action Plaintiffs (the "New DAPs")[1] into the existing schedule and coordinating discovery in those cases with the ongoing discovery in the pre-existing cases.  Defendants modeled <u>Exhibit A</u> off the Court's January 21, 2021, Order on Stipulation Regarding Consolidation (<u>ECF No. 644</u>) ordering that the Winn-Dixie Action and the Puerto Rico Action be consolidated for pretrial and administrative purposes with all other cases.  The defendants' proposal gives the New DAPs sufficient additional time to complete each task but also ensures that discovery in their cases can proceed in a manner that is consistent with how discovery will likely unfold in the pre-existing cases.  The defendants' proposal also includes dates for the New DAPs to file a consolidated complaint and for defendants to answer or otherwise respond to that consolidated complaint.

---

[1]   The New Direct Action Plaintiffs are: Action Meat Distributors, Inc.; Alex Lee, Inc. and its affiliates Merchants Distributors, LLC, Lowe's Food Stores, Inc. and W. Lee Flowers & Company; Associated Food Stores, Inc.; Brookshire Grocery Company; Certco, Inc.; Cheney Brothers, Inc.; Colorado Boxed Beef Co.; Nicholas & Co., Inc.; PFD Enterprises, Inc.; SpartanNash Company; Springfield Grocer Company; Subway Protein Litigation Corp., as Litigation Trustee of the Subway® Protein Litigation Trust; Sysco Corporation; The Distribution Group d/b/a Van Eerden Foodservice Co.; The Golub Corporation; Topco Associates, LLC; Troyer Foods, Inc.; and URM Stores, Inc.

**GIBSON DUNN**

The Honorable Hildy Bowbeer
July 8, 2021
Page 2


To facilitate the New DAPs' integration into the existing schedule and to ensure their counsel were aware of this Court's discovery and scheduling orders and could plan accordingly, the defendants have been sending information and pleadings to counsel for the New DAPs for the last month. This process began soon after June 9, when the Judicial Panel on Multidistrict Litigation transferred the New DAPs' cases to this Court.

- On June 16, defense counsel sent an email to the New DAPs attaching this Court's Protective Order, ESI Protocol, Rule 16 Scheduling Order, and Order requiring ESI Disclosures. Exhibit B.

- On June 18, defense counsel sent the New DAPs the search terms that the defendants want the New DAPs to use when searching their documents. Exhibit C.

- On June 23, defense counsel had a conference call with counsel for the New DAPs and immediately followed-up with an email asking the New DAPs to confirm their positions on various matters, such as whether they would agree to the Protective Order and ESI Protocol, whether they would serve ESI Disclosures, whether they would abide by the discovery limits in the Court's Rule 16 Scheduling Order, and when they would start producing materials needed to facilitate the discovery process (e.g., org charts and custodian lists). Exhibit D.

- On June 25, defense counsel sent the New DAPs the updated services lists to use for both plaintiffs and defendants. Exhibit E.

- On July 6, defense counsel sent to all plaintiffs in all cases the defendants' initial proposal for integrating the New DAPs into the existing schedule. Exhibit F.

- And later on July 6, defense counsel sent to the New DAPs the relevant document requests and interrogatories that plaintiffs and defendants had served in the pre-existing cases. The cover email noted that the parties could not send discovery responses to the New DAPs until the New DAPs confirmed that they would abide by the Protective Order (which the New DAPs received on June 16). Exhibit G.

Earlier this morning, the New DAPs sent defendants their proposed schedule for discovery (but not answers and motion practice). Between now and the July 15 Status Conference, the defendants will work with the New DAPs to see if there is any room for compromise on the parties' proposed discovery schedules. One issue that warrants attention is to what extent, if at all, the Winn-Dixie Action and the Puerto Rico Action should be placed on the same altered schedule as the New DAPs' cases, considering

**GIBSON DUNN**

The Honorable Hildy Bowbeer
July 8, 2021
Page 3

those two pre-existing DAP actions have been proceeding for several months under this Court's schedule for matters like pleading amendments and discovery.

Finally, defendants note that several of the New DAPs' proposed dates are unnecessarily delayed. For example, the New DAPs should not need all the way to September 30 to serve Rule 26(a) Disclosures, ESI Disclosures, lists of document custodians and non-custodial sources, and written responses to discovery requests (which defendants will serve no later than July 15). And the New DAPs should not need until the end of October to reach agreement on search terms, search methodology, and document and data sources – especially since the New DAPs have known of the Court's discovery and scheduling orders since at least June 16 and have had defendants' proposal on search terms since June 18. Defendants will also explore whether there is room for compromise on the New DAPs' proposal that they not start producing *any* documents until the end of October and not reach substantial completion of their document and data productions until the end of January.

Defendants look forward to discussing the parties' competing coordination proposals at the July 15 Status Conference.

Respectfully submitted,

Brian E. Robison

Exhibit A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>IN RE PORK ANTITRUST MDL<br><br><br>This Document Relates To: All Actions | No. 0:18-cv-01776-JRT-HB<br><br>No. 0:21-md-02998-JRT<br><br><br>**SCHEDULING ORDER FOR CURRENT DIRECT ACTION PLAINTIFF CASES** |

The Court hereby enters this Scheduling Order.  This Order supplements the Court's January 26, 2021 Pretrial Scheduling Order (Dkt. 658) and applies to the Current Direct Action Plaintiffs.[1]  It does not change any of the deadlines applicable to Class Plaintiffs.

On August 17, 2018, three putative classes of plaintiffs filed consolidated amended complaints (the "Class Actions") alleging that Defendants conspired to limit the supply of pork in order to fix prices in violation of state and federal antitrust laws.

On September 21, 2018, the Court entered an Initial Case Management Order [No. 18-cv-1776 (JRT/HB) ECF No. 85] ("CMO"), which states:  "The terms of this Order shall apply automatically to actions later instituted in, removed to, or transferred to this

---

[1]  The Current Direct Action Plaintiffs are: Action Meat Distributors, Inc.; Alex Lee, Inc. and its affiliates Merchants Distributors, LLC, Lowe's Food Stores, Inc. and W. Lee Flowers & Company; Associated Food Stores, Inc.; Bi-Lo Holdings, LLC; Brookshire Grocery Company; Certco, Inc.; Cheney Brothers, Inc.; Colorado Boxed Beef Co.; Commonwealth of Puerto Rico; Nicholas & Co., Inc.; PFD Enterprises, Inc.; SpartanNash Company; Springfield Grocer Company; Subway Protein Litigation Corp., as Litigation Trustee of the Subway® Protein Litigation Trust; Sysco Corporation; The Distribution Group d/b/a Van Eerden Foodservice Co.; The Golub Corporation; Topco Associates, LLC; Troyer Foods, Inc.; URM Stores, Inc.; and Winn-Dixie Stores, Inc.

Court . . . that involve allegations of antitrust violations concerning pork producers by the Defendant entities in the above-referenced actions."  CMO ¶ 9.

The CMO further provides that "[w]hen an action that relates to the same subject matter as these consolidated actions is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be consolidated for pretrial purposes with the appropriate group of actions, e.g., Direct Purchaser Plaintiff, Commercial and Institutional Indirect Purchaser Plaintiff, or Consumer Indirect Purchaser Plaintiff Action (provided that any case transferred to this Court solely for pretrial proceedings shall be consolidated only to the extent there is no further order of this Court)." CMO ¶ 10.

On January 21, 2021, the Court entered an Order on Stipulation Regarding Consolidation (ECF No. 644) ordering that the Winn-Dixie Action and the Puerto Rico Action be consolidated for pretrial and administrative purposes with all other cases under Case No. 18-cv-1776 (JRT/HB).  That Order further stated: "The parties shall coordinate discovery in a manner that reduces needless duplication and inefficiency."

On June 9, 2021, the Judicial Panel on Multidistrict Litigation ("Panel") entered a Transfer Order, transferring the following two cases to this Court: *Cheney Bros., Inc. v. Agri Stats, Inc*., Cause No. 9:21-80424 in the United States District Court for the Southern District of Florida (the "Cheney Action"); *Sysco Corp. v. Agri Stats, Inc*., Cause No. 4:21-00773 in the United States District Court for the Southern District of Texas (the "Sysco Action").  The Panel found that these two cases raise allegations (alleged antitrust violations in the pork industry) that are similar to the claims made by the plaintiffs in *In re Pork Antitrust Litigation* and ruled that "centralization in the District of Minnesota will

serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." Transfer Order at 1-2.  The Panel also noted that: "Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary."  *Id*. at 2.

On June 11, 2021, the Panel issued a Conditional Transfer Order (CTO-1) that transferred another case to the District of Minnesota: *Action Meat Distributors, Inc. v. Agri Stats, Inc*., Cause No. 21-03002 in the United States District Court for the Northern District of Illinois (the "Action Meat Action").  The Panel's reasoning for transferring the Action Meat Distributors case to this Court was the same as its reasoning in the original Transfer Order.

On July 2, 2021, the Panel issued another Conditional Transfer Order (CTO-2) that transferred another case to this Court: *Subway Protein Litigation Corp. v. Agri Stats, Inc*., Cause No. 21-00869 in the United States District Court for the District of Connecticut (the "Subway Action").  The Panel's reasoning for this transfer was likewise the same as the reasoning in its original Transfer Order.

Also on July 2, 2021, the Clerk's Office of the District of Minnesota created a new docket for *In re Pork Antitrust MDL* under case number 0:21-md-02998-JRT.  The cases within this new docket are *Cheney Brothers, Inc. v. Agri Stats, Inc., et al*., No. 9:21-cv-80424 (S.D. Fla.), transferred to No. 0:21-cv-01373-JRT (D. Minn.); *Sysco Corporation v. Agri Stats, Inc., et al*., No. 4:21-cv-00773 (S.D. Tex.), transferred to No. 0:21-cv-01374-JRT (D. Minn.); and *Action Meat Distributors, Inc., et al. v. Agri Stats, Inc., et al*., No. 1:21-cv-03002 (N.D. Ill.), transferred to No. 0:21-cv-01454-JRT (D. Minn.).

The Court hereby orders the following:

1.    The Cheney Action shall be consolidated for pretrial and administrative purposes under Case No. 18-cv-1776 (JRT/HB) and Case No. 0:21-md-02998-JRT.

2.    The Sysco Action shall be consolidated for pretrial and administrative purposes under Case No. 18-cv-1776 (JRT/HB) and Case No. 0:21-md-02998-JRT.

3.    The Action Meat Action shall be consolidated for pretrial and administrative purposes under Case No. 18-cv-1776 (JRT/HB) and Case No. 0:21-md-02998-JRT.

4.    The Subway Action shall be consolidated for pretrial and administrative purposes under Case No. 18-cv-1776 (JRT/HB) and Case No. 0:21-md-02998-JRT.

5.    The parties shall coordinate discovery in a manner that reduces needless duplication and inefficiency.

6.    This Order shall not be considered a dismissal or disposition of these Actions and shall not constitute a waiver of any (a) jurisdictional defenses that may be available; (b) affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure; (c) defenses listed in Rule 12(b) of the Federal Rules of Civil Procedure; or (d) other statutory or common law defenses that may be available to Defendants. This Order does not merge the various pending suits into a single cause or make those who are parties in one suit parties in another, but is done for convenience and economy in administration. Defendants may raise any applicable defenses in these Actions.

7.    All dates and sections in the Court's January 26, 2021 Pretrial Scheduling Order (Dkt. 658) apply to the Current Direct Action Plaintiffs except to the extent that the Court's orders specify otherwise.

4

8.     The following deadlines shall apply to discovery, a consolidated complaint, answers, and motions to dismiss directed at the consolidated complaint in the Current Direct Action Plaintiff cases to the extent the deadlines have not already been met. This Order establishes the **latest date** by which the items below should be completed but does not prevent the parties from negotiating earlier dates.

**DEADLINES APPLICABLE TO CURRENT DIRECT ACTION PLAINTIFF CASES**

| Discovery Event | Deadline |
|---|---|
| **Date when Defendants Proposed Keyword Search Terms to Be Applied to Current Direct Action Plaintiffs' Documents** | June 18, 2021 |
| **Deadline for Defendants to Serve Initial Rule 33 and Rule 34 Requests on Current Direct Action Plaintiffs** | July 15, 2021 |
| **Current Direct Action Plaintiffs to Disclose Keyword Search Tools and/or TAR/CAL Tools** | July 26, 2021 |
| **Current Direct Action Plaintiffs to Make Disclosures Described in Dkt. No. 290 (Order Regarding Disclosure of Information) and Rule 26(a) Disclosures** | August 16, 2021 |
| **Current Direct Action Plaintiffs to Propose Document Custodians and Non-Custodial Document Sources** | August 16, 2021 |
| **Deadline for Current Direct Action Plaintiffs' Objections and Response to Initial Rule 33 and 34 Requests** | August 16, 2021 |
| **Deadline for the Parties to Resolve Any Disputes over the Keyword Search Terms, Document and Data Sources, or Search Methodology the Current Direct Action Plaintiffs Will Use or to Raise Disputes with the Court** | August 30, 2021 |
| **Commencement of Rolling Production of Documents by Current Direct Action Plaintiffs** | August 30, 2021 |
| **Substantial Completion of Document and Structured-Data Productions by Current Direct Action Plaintiffs** | December 1, 2021 |
| **Completion of Fact Discovery** | September 1, 2022 |

| Pleading Event | Deadline |
|---|---|
| **Deadline for Current Direct Action Plaintiffs to File a Consolidated Complaint** | August 4, 2021 |
| **Defendants' Deadline to File Answers or Otherwise Respond to Current Direct Action Plaintiffs' Consolidated Complaint (the parties will agree on a briefing schedule for any motions to dismiss)** | September 17, 2021 |

Dated:  July ___, 2021

_____
**HILDY BOWBEER**
United States Magistrate Judge

Exhibit B

## Robison, Brian E.

| | |
|---|---|
| **From:** | Robison, Brian E. |
| **Sent:** | Wednesday, June 16, 2021 8:33 PM |
| **To:** | 'Yearick, Garth'; 'Gore, Kristin A.'; 'Esau, David B.'; 'Michael Mitchell'; 'Scott Gant'; 'elifvendahl@lgcounsel.com'; 'rmanion@lgcounsel.com'; 'rkaplan@kaplanfox.com'; 'mmccahill@kaplanfox.com'; 'juris@kaplanfox.com'; 'rcoffman@coffmanlawfirm.com' |
| **Subject:** | New Pork DAPs |
| **Attachments:** | 2018-11-26 [212] Protective Order.pdf; 2019-02-07 [290] Order re Disclosure of Information.pdf; 2019-02-20 [292] Order re Production of ESI and Paper Documents.pdf; 2021-01-26 [658] Rule 16 Pretrial Scheduling Order.pdf |

Dear Counsel for Sysco, Cheney Brothers, and the DAPs in the Action Meat Distributors case:

The JPML has issued CTOs transferring your cases to the District of Minnesota. Assuming that those transfers are formally completed soon, the defendants believe it will be important for your cases to get onto the same discovery schedule as all of the actions that have been pending for almost three years. To facilitate that process, I have attached the following discovery-related materials: The Protective Order; the ESI Protocol; the Rule 16 Pretrial Scheduling Order; and the Order requiring certain ESI Disclosures. You may have pulled these from PACER, but the defendants wanted to make sure you were aware of their contents so you can get started with your clients on complying with these orders, if you have not already.

Please let me know if you have any questions about these requirements or any other aspect of the discovery that is already underway.

Best regards,
Brian


Brian E. Robison

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Dallas, TX 75201
Tel +1 214.698.3370 • Fax +1 214.571.2928 BRobison@gibsondunn.com • www.gibsondunn.com

Exhibit C

**Robison, Brian E.**

| | |
|---|---|
| **From:** | Robison, Brian E. |
| **Sent:** | Friday, June 18, 2021 10:30 AM |
| **To:** | 'Scott Gant'; Garth Yearick; Kristin A. Gore; David B. Esau; Michael Mitchell; elifvendahl@lgcounsel.com; Ryan Manion; Robert Kaplan; Matthew McCahill; Jason Uris; Richard Coffman |
| **Subject:** | RE: New Pork DAPs |
| **Attachments:** | Pork Plaintiffs' Search Terms_104641340_1.XLSX |

Scott – The defendants are open to hearing from your group on how you think your new cases should be coordinated with the existing pork cases, and I think a call makes sense. We can share our thoughts as well. I am trying to find some times (hopefully Tuesday) that work for the defendants that I can then propose to you. In the meantime, here are the search terms that the defendants ask all of the new DAPs to run on their documents. These are the same terms we asked the other corporate plaintiffs to run.
Brian

**Brian E. Robison**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Dallas, TX 75201
Tel +1 214.698.3370 • Fax +1 214.571.2928
BRobison@gibsondunn.com • www.gibsondunn.com

**From:** Scott Gant <sgant@bsfllp.com>
**Sent:** Thursday, June 17, 2021 9:40 PM
**To:** Robison, Brian E. <BRobison@gibsondunn.com>; Garth Yearick <gyearick@carltonfields.com>; Kristin A. Gore <kgore@carltonfields.com>; David B. Esau <desau@carltonfields.com>; Michael Mitchell <mmitchell@bsfllp.com>; elifvendahl@lgcounsel.com; Ryan Manion <RManion@lgcounsel.com>; Robert Kaplan <RKaplan@kaplanfox.com>; Matthew McCahill <mmccahill@kaplanfox.com>; Jason Uris <juris@kaplanfox.com>; Richard Coffman <rcoffman@coffmanlawfirm.com>
**Subject:** RE: New Pork DAPs

[External Email]
Brian,

Thank you for reaching out.  We look forward to working cooperatively with counsel for defendants.

Defendants appear to be making presumptions about how the Court is going to handle the new cases, including how they will relate to the existing cases in the District of Minnesota, and the schedule that will be set for new (and future) Direct Action Plaintiff cases transferred as part of the MDL.  We will want to address these and other issues with the Court, but welcome an advance discussion with counsel for defendants.  Please let us know if you'd like to schedule a call for next week.

Thank you,

Scott

**From:** Robison, Brian E. <BRobison@gibsondunn.com>
**Sent:** Wednesday, June 16, 2021 9:33 PM
**To:** Garth Yearick <gyearick@carltonfields.com>; Kristin A. Gore <kgore@carltonfields.com>; David B. Esau <desau@carltonfields.com>; Michael Mitchell <mmitchell@bsfllp.com>; Scott Gant <sgant@bsfllp.com>; elifvendahl@lgcounsel.com; Ryan Manion <RManion@lgcounsel.com>; Robert Kaplan <RKaplan@kaplanfox.com>; Matthew McCahill <mmccahill@kaplanfox.com>; Jason Uris <juris@kaplanfox.com>; Richard Coffman <rcoffman@coffmanlawfirm.com>
**Subject:** New Pork DAPs

Dear Counsel for Sysco, Cheney Brothers, and the DAPs in the Action Meat Distributors case:
The JPML has issued CTOs transferring your cases to the District of Minnesota. Assuming that those transfers are formally completed soon, the defendants believe it will be important for your cases to get onto the same discovery schedule as all of the actions that have been pending for almost three years. To facilitate that process, I have attached the following discovery-related materials: The Protective Order; the ESI Protocol; the Rule 16 Pretrial Scheduling Order; and the Order requiring certain ESI Disclosures. You may have pulled these from PACER, but the defendants wanted to make sure you were aware of their contents so you can get started with your clients on complying with these orders, if you have not already.
Please let me know if you have any questions about these requirements or any other aspect of the discovery that is already underway.
Best regards,
Brian


Brian E. Robison

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Dallas, TX 75201
Tel +1 214.698.3370 * Fax +1 214.571.2928
BRobison@gibsondunn.com * www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

Exhibit D

**Robison, Brian E.**

| | |
|---|---|
| **From:** | Robison, Brian E. |
| **Sent:** | Wednesday, June 23, 2021 9:45 AM |
| **To:** | 'Scott Gant'; Eric R. Lifvendahl; Kristin A. Gore; Robert Kaplan; Garth Yearick; David B. Esau; Michael Mitchell; Ryan Manion; Matthew McCahill; Jason Uris; Richard Coffman |
| **Subject:** | Defendants' questions for the new DAPs |

New DAP Counsel:

Thanks for joining the call today. We hope the parties can agree on how the new DAP cases should be coordinated with the other cases. Here are the questions I just asked all of you during our call. Please let us know your position on each one. If the group has any other questions, I will send them to you.

Brian

----------------------

- Do the new DAPs plan to participate in the July 15 status conference?
- Will the new DAPs agree on some process for answers that does not require us to go paragraph-by-paragraph through each complaint?
- Will the new DAPs agree to abide by the Protective Order? (I sent this to you already).
- Will the new DAPs agree to abide by the ESI Protocol? (I sent this to you already).
- Will the new DAPs serve the ESI Disclosures that the Court required all other corporate parties to serve? (I sent you that Order already).
- Will the new DAPs agree to abide by the discovery limits and schedule in the Court's Rule 16 Scheduling Order and the Court's November 2020 Scheduling Order (with slight tweaks, such as more time beyond September 1, 2021 for you substantially completing document productions)?
- Will the new DAPs provide us with org charts by a date certain?
- Will the new DAPs propose their list of custodians by a date certain?
- Will the new DAPs serve us with their ESI Disclosures by a date certain?
- Will the new DAPs agree to respond to our RFPs and Interrogatories within 30 days of service?
- Will the new DAPs agree to use the search terms we requested that each new DAP run on its own documents?

**Brian E. Robison**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Dallas, TX 75201
Tel +1 214.698.3370 • Fax +1 214.571.2928
BRobison@gibsondunn.com • www.gibsondunn.com

Exhibit E

**Robison, Brian E.**

| | |
|---|---|
| **From:** | Robison, Brian E. |
| **Sent:** | Friday, June 25, 2021 11:54 AM |
| **To:** | 'Scott Gant'; 'Garth Yearick'; 'Kristin A. Gore'; 'David B. Esau'; 'Michael Mitchell'; 'elifvendahl@lgcounsel.com'; 'Ryan Manion'; 'Robert Kaplan'; 'Matthew McCahill'; 'Jason Uris'; 'Richard Coffman' |
| **Cc:** | Clark, Brian D.; 'Wagner, Arielle S.' |
| **Subject:** | Service lists |
| **Attachments:** | Defendants Lead Counsel Email Service List (05.12.21)_104654900_1.XLSX; DM-# 532088-v3-PORK_-_Plaintiffs_Lead_Counsel_email_service_list.XLSX |

New DAP Counsel:

    I have attached updated email service lists for the plaintiffs and defendants involved in the original Minnesota cases. When the parties serve things by email (rather than ECF), these are the lists they use. Discovery responses would be an example. Please let me know if you have any questions.

Brian

**Brian E. Robison**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Dallas, TX 75201
Tel +1 214.698.3370 • Fax +1 214.571.2928
BRobison@gibsondunn.com • www.gibsondunn.com

Exhibit F

## Robison, Brian E.

| | |
|---|---|
| **From:** | Robison, Brian E. |
| **Sent:** | Tuesday, July 6, 2021 9:51 AM |
| **To:** | 'Scott Gant'; 'Garth Yearick'; 'Kristin A. Gore'; 'David B. Esau'; 'Michael Mitchell'; 'elifvendahl@lgcounsel.com'; 'Ryan Manion'; 'Robert Kaplan'; 'Matthew McCahill'; 'Jason Uris'; 'Richard Coffman'; 'wjbruckner@locklaw.com'; 'bdclark@locklaw.com'; 'samorbey@locklaw.com'; 'aswagner@locklaw.com'; 'emsipe@locklaw.com'; 'smowen@locklaw.com'; 'jcbourne@locklaw.com'; 'galoeding@locklaw.com'; dwarshaw@pswlaw.com; 'bpouya@pswlaw.com; mweiner@pswlaw.com; 'mpearson@pswlaw.com'; 'cpearson@pswlaw.com'; 'tnolan@pswlaw.com'; 'bshiftan@pswlaw.com'; 'egrant@pswlaw.com'; 'dgustafson@gustafsongluek.com'; 'dhedlund@gustafsongluek.com'; 'mlooby@gustafsongluek.com'; 'bresch@gustafsongluek.com'; 'mmorgan@gustafsongluek.com'; 'mstevens@gustafsongluek.com'; steve@hbsslaw.com; 'breannav@hbsslaw.com'; 'riop@hbsslaw.com'; shanas@hbsslaw.com; 'sraiter@larsonking.com'; 'jjohnson@larsonking.com'; 'jonc@cuneolaw.com'; 'joel@cuneolaw.com'; 'bfinley@cuneolaw.com'; 'evelyn@cuneolaw.com'; 'tschneider@schneiderwallace.com'; 'pschneider@schneiderwallace.com'; 'kbates@hausfeld.com'; 'mweiler@schneiderwallace.com'; 'gdiaz@justicia.pr.gov'; 'patrick.ahern@ahernandassociatespc.com'; 'theo.bell@ahernandassociatespc.com'; 'patrick@ttlolaw.com' |
| **Cc:** | Parker, Richard G.; Lipton, Joshua; Stone, Rod; Yu, Minae |
| **Subject:** | Pork Defendants' Proposal for Integrating the New DAPs into the Existing Schedule |

All Pork Plaintiffs' Counsel:

    I have pasted below the defendants' proposal for integrating the new DAPs into the Court's existing schedule. Please let us know if you have any comments on these ideas. Unless the Court orders otherwise, we think the default rule should be that the Court's discovery and scheduling orders apply equally to the new DAPs. Thanks.

Brian

| Discovery Event | Deadline |
|---|---|
| **Date when Defendants Proposed Keyword Search Terms to Be Applied to Current Direct Action Plaintiffs' Documents** | June 18, 2021 |
| **Deadline for Defendants to Serve Initial Rule 33 and Rule 34 Requests on Current Direct Action Plaintiffs** | July 15, 2021 |
| **Current Direct Action Plaintiffs to Disclose Keyword Search Tools and/or TAR/CAL Tools** | July 26, 2021 |
| **Current Direct Action Plaintiffs to Make Disclosures Described in Dkt. No. 290 (Order Regarding Disclosure of Information) and Rule 26(a) Disclosures** | August 16, 2021 |
| **Current Direct Action Plaintiffs to Propose Document Custodians and Non-Custodial Document Sources** | August 16, 2021 |

| | |
|---|---|
| **Deadline for Current Direct Action Plaintiffs' Objections and Response to Initial Rule 33 and 34 Requests** | August 16, 2021 |
| **Deadline for the Parties to Resolve Any Disputes over the Keyword Search Terms, Document and Data Sources, or Search Methodology the Current Direct Action Plaintiffs Will Use or to Raise Disputes with the Court** | August 30, 2021 |
| **Commencement of Rolling Production of Documents by Current Direct Action Plaintiffs** | August 30, 2021 |
| **Substantial Completion of Document and Structured-Data Productions by Current Direct Action Plaintiffs** | December 1, 2021 |
| **Pleading Event** | **Deadline** |
| **Deadline for Current Direct Action Plaintiffs to File a Consolidated Complaint** | August 4, 2021 |
| **Defendants' Deadline to File Answers or Otherwise Respond to Current Direct Action Plaintiffs' Consolidated Complaint (the parties will agree on a briefing schedule for any motions to dismiss)** | September 17, 2021 |

**Brian E. Robison**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Dallas, TX 75201
Tel +1 214.698.3370 ◦ Fax +1 214.571.2928
BRobison@gibsondunn.com ◦ www.gibsondunn.com

Exhibit G

**Robison, Brian E.**

---

| | |
|---|---|
| **From:** | Robison, Brian E. |
| **Sent:** | Tuesday, July 6, 2021 12:55 PM |
| **To:** | 'Scott Gant'; 'Garth Yearick'; 'Kristin A. Gore'; 'David B. Esau'; 'Michael Mitchell'; 'elifvendahl@lgcounsel.com'; 'Ryan Manion'; 'Robert Kaplan'; 'Matthew McCahill'; 'Jason Uris'; 'Richard Coffman' |
| **Subject:** | Discovery requests |
| **Attachments:** | 2018-11-01 Class Pltfs 1st RFP to Pork Integrator Defs.pdf; 2018-11-01 Consumer IPP 1st RFP to Pork Integrator Defs.pdf; 2020-11-20 Class Pltfs' 1st Interrogatories to Pork Integrator Defs.pdf; 2019-04-19 Defs' 1st RFPs to DPPs.pdf; 2021-01-26 Defs' 1st Interrogatories to DPPs.pdf; 2021-02-08 Defs' 1st RFPs to Winn Dixie.pdf |

Dear New DAP Counsel:

I have attached the following discovery requests that you requested during our June 23 call:

1. All class plaintiffs' first set of RFPs to the pork-producing defendants
2. The IPP class plaintiffs' separate RFPs to the pork-producing defendants
3. All class plaintiffs' first set of Interrogatories to the pork-producing defendants
4. The defendants' first set of RFPs to the DPPs
5. The defendants' first set of Interrogatories to the DPPs
6. The defendants' first set of RFPs to the Winn-Dixie DAPs

Once the New DAPs confirm that they will abide by the Protective Order, I can start sending you Smithfield's discovery responses and the search terms that Smithfield used when searching its documents.

Best regards,
Brian

**Brian E. Robison**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Dallas, TX 75201
Tel +1 214.698.3370 • Fax +1 214.571.2928
BRobison@gibsondunn.com • www.gibsondunn.com