UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: PORK ANTITRUST LITIGATION | 0:21-md-02998-JRT-HB<br><br>MDL No. 2998 |
| This document relates to:<br><br>ALL CASES | |

**MDL DIRECT ACTION PLAINTIFFS'**
**STATEMENT IN RESPONSE TO BRIEFING ORDER (DKT. 23)**

Pursuant to the Court's August 5, 2021 Briefing Order (Dkt. 23), the **MDL Direct Action Plaintiffs** ("**MDL DAPs**")[1] who comprise the Plaintiffs in the cases listed below that have been transferred to this Court by the United States Judicial Panel for Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. § 1407 for centralized pretrial proceedings in *In re: Pork Antitrust Litigation*, 0:21-md-02998—hereby submit this brief opposing consolidation of the MDL DAP cases that are or will become part of the above-captioned

---

[1] Plaintiffs Sysco Corporation ("Sysco"), Amory Investments LLC ("Amory"), Cheney Brothers, Inc. ("Cheney Bros."), Action Meat Distributors, Inc., Topco Associates, LLC, Alex Lee, Inc. and Merchants Distributors, LLC, Associated Food Stores, Inc., Brookshire Grocery Company, Certco, Inc., Colorado Boxed Beef Co., The Golub Corporation, Nicholas & Co., Inc., PFD Enterprises, Inc., SpartanNash Company, Springfield Grocer Company, The Distribution Group d/b/a Van Eerden Foodservice Co., Troyer Foods, Inc., and URM Stores, Inc. and Giant Eagle, Inc. (collectively referred to here as the "*Action Meat* Plaintiffs"), Subway Protein Litigation Corp. as litigation trustee of the Subway® Protein Litigation Trust ("Subway"), Nestlé Purina PetCare Company and Nestlé USA, Inc. ("Nestlé") and Conagra Brands, Inc.

1

multidistrict litigation (the "*Pork MDL*"), with the non-MDL cases already before this Court comprising *In re Pork Antitrust Litigation*, Case No. 0:18-cv-01776-JRT-HB (D. Minn.) (the "*Preexisting Non-MDL Pork Cases*"). As explained at the July 14, 2021 status conference, the MDL DAPs believe the MDL and non-MDL cases should be substantially coordinated (including creating a new, additional case number which can be used for filings applicable to both the MDL and non-MDL cases), but not formally consolidated. And after hearing from the parties at the conference, the Court observed what MDL DAPs believe is the right result–"[m]y anticipation is … not consolidating the two sides of the case into one but coordinating it very closely so that we're basically on the same track for everything."[2] July 14, 2021, H'rg Trans. at 32.

The MDL DAPs submit this approach strikes an appropriate balance, taking into account the differences in the cases and the goals of judicial efficiency.

I.  **The MDL should be Coordinated with the *Preexisting Non-MDL Pork Cases*, but not Consolidated.**

While Sysco and Cheney's motion seeking to form an MDL was pending before the JPML, no party before this Court asked the JPML to include the existing non-MDL cases in the proposed MDL. In granting the request for the MDL, the JPML's transfer order did not instruct this Court to consolidate the cases transferred to it pursuant to 28 U.S.C. § 1407 with the *Preexisting Non-MDL Pork Cases*. Further, the cases centralized and transferred

---

[2] Similarly, the Court stated that "we need to get this moving quickly, and I want to move it as quickly as possible in coordination with both the existing cases and the new MDL cases and whatever comes into the MDL." *Id.* The Court also indicated that "having, for administrative purposes, one ECF account for filing is a good idea." *Id.*

2

126990206.5

to this Court by the JPML have been assigned to a new master MDL docket in this Court, 0:21-md-02998-JRT-HB, and not to the existing consolidated cases in Docket No. 18-cv-01776.

There are three principal reasons for coordinating—but not consolidating—the MDL DAPs' cases with the *Preexisting Non-MDL Pork Cases*. First, three of the *Preexisting Non-MDL Pork Cases* are putative class actions that will involve class certification discovery (both fact and expert) and class certification motions, briefing and hearings which will present factual, legal, and procedurally distinct issues that are irrelevant to the MDL DAPs' cases. Second, the *Preexisting Non-MDL Pork Cases* occupy very different procedural postures from the MDL DAPs' cases. Third, coordination promotes judicial efficiency while allowing MDL DAPs to maintain and proceed with their distinct actions as opt-out plaintiffs and to return to their original districts for trial.

As such, and as set forth in the MDL DAPs' July 8, 2021 submission (Dkt. 4) and MDL DAPs' arguments at the July 14, 2021 status conference hearing (Dkt. 14), the MDL should have its own governing orders, some of which will be irrelevant to the *Preexisting Non-MDL Pork Cases*, such as Orders pertaining to discovery sought from the MDL Plaintiffs. Likewise, many orders in the *Preexisting Non-MDL Pork Cases* are not, and will not be, relevant to the MDL cases. In many instances, orders in the *Preexisting Non-MDL Pork Cases* can serve as models for the MDL. But orders in the *Preexisting Non-MDL Pork Cases* should not presumptively or automatically apply to the MDL cases, because the MDL is a distinct proceeding created by the JPML pursuant to 28 U.S.C. § 1407 and

126990206.5

because those orders were negotiated without the involvement of counsel for the MDL DAPs and without consideration for the MDL DAPs' interests.

### A. Much of the Class Plaintiffs' pretrial proceedings are fundamentally different, and distinct, from the MDL DAPs' cases.

The *Preexisting Non-MDL Pork Cases'* pretrial schedule is driven largely by extensive class certification discovery and briefing, in which the MDL DAPs will not be involved. *See* 18-cv-1776, Dkt. 658. After class certification motion practice and a decision by the Court, there will almost certainly be one or more Rule 23(f) petitions and potentially interlocutory proceedings in the Eight Circuit. The proceedings concerning class certification could last for years. This is precisely what is occurring in another antitrust MDL concerning packaged seafood, where a Rule 23(f) petition was granted by the Ninth Circuit to review the district court's order granting class certification. After a decision by a Ninth Circuit panel reversing class certification for reconsideration by the district court, the case has been granted *en banc* review with oral argument now set for September 2021. *See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC,* 993 F.3d 774 (9th Cir. Apr. 6, 2021), *reh'g en banc granted, opinion vacated*, 2021 WL 3355496 (9th Cir. Aug 3, 2021). Thus, adjudication of class certification alone in that case will take at least 6 years from when the first complaints were filed in 2015. Forcing the schedule for the MDL DAPs' cases to take account of such inapplicable deadlines, or to be contingent upon their outcomes, would result in significant and unnecessary delay and inefficiency. *See Manual for Complex Litigation, Fourth,* § 20.11 ("Cases should not be consolidated if it

4

would result in increased delay and other unnecessary burdens on parties, such as having to participate in discovery irrelevant to their cases.").

  **B.** **The *Preexisting Non-MDL Pork Cases* and the MDL DAPs' cases occupy materially different procedural postures.**

  The JPML's docket reveals that additional DAPs continue to file new cases—four have been filed since the Court's July 14, 2021 status conference and are in the process of being transferred as noted above. And there are likely to be a number of additional DAP cases filed or transferred to this Court in the coming weeks and months. Listed below are the MDL DAPs' cases transferred to the MDL as of the date of this submission according to the JPML docket.

| | **Civil Action** | **District Court** | **Date Filed** |
|---|---|---|---|
| 1 | Giant Eagle Inc v. Agri Stats Inc., et al. | N.D. Ill. | 8/5/2021 |
| 2 | Conagra Brands, Inc. v. Agri Stats, Inc., et al. | N.D. Ill. | 7/30/2021 |
| 3 | BJ's Wholesale Club, Inc. v. Agri Stats, Inc., et al. | E.D.N.Y. | 7/30/2021 |
| 4 | Kraft Heinz Foods Company v. Agri Stats, Inc., et al. | N.D. Cal. | 7/23/2021 |
| 5 | Amory Investments LLC v. Agri Stats, Inc., et al. | N.D.N.Y. | 7/13/2021 |
| 6 | Subway Protein Litigation Corp. v. Agri Stats, Inc. et al. | D. Conn. | 7/13/2021 |
| 7 | Nestle Purina Petcare Company, et al. v. Agri Stats, Inc., et al. | N.D. Ohio | 7/8/2021 |
| 8 | Action Meat Distributors, Inc. et al v. Agri Stats Inc. et al. | N.D. Ill. | 6/4/2021 |
| 9 | Sysco Corporation v. Agri Stats Inc., et al. | S.D. Tx. | 3/8/2021 |
| 10 | Cheney Brothers, Inc. v. Agri Stats, Inc. et al. | S.D. Fla. | 2/26/2021 |

  The existing Pretrial Schedule includes several dates that have already passed and/or would be impossible for the MDL Plaintiffs to adhere to. For example, the deadline for serving initial disclosures passed in December 2020. *See* 18-cv-1776, Dkt. 658, p. 4. The

5

deadline to amend pleadings passed on June 1, 2021. *Id.*, p.2. The deadline for substantial completion of document production is September 1, 2021, less than two weeks away. These are all reasons why the MDL DAPs spent significant time working with Defendants on a proposed Case Management Order that would apply specifically to the MDL DAPs' claims and Defendants. And those negotiations were successful in large part as the MDL parties have agreed on a schedule for the MDL cases, which adopts the same fact discovery completion date as the CMO in the *Preexisting Non-MDL Pork Cases*.

Further, each MDL DAP filed its case outside this district. Under *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), each case will return to its filing district for trial. Because MDL DAPs' separate claims are asserted by distinct entities with separate legal existence, MDL DAPs support a *coordinated* effort, adopting largely or entirely relevant orders and rulings from the *Preexisting Non-MDL Pork Cases*, as they have done for the Protective Order (Dkt. 18) and Order Regarding Production of Electronically Stored Information and Paper Documents (Dkt. 21).

However, MDL DAPs should not be prejudiced by Defendants' efforts to consolidate their claims with a case that includes a schedule the MDL Plaintiffs neither negotiated nor agreed to, and that was driven primarily by considerations relating to class certification. For example, MDL DAPs have not even served responses or objections to Defendants' written discovery requests, nor have they yet served their own discovery on Defendants, let alone commenced document productions. *See, e.g., In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.,* No. 17-MD-2785-

6

126990206.5

DDC-TJJ, 2020 WL 2025509, at *5 (D. Kan. Apr. 27, 2020) (denying consolidation of MDL case with newly filed action under similar circumstances):

> The MDL is in a very different procedural posture than the newly-filed *Gott* case. The court has presided over the MDL for nearly three years … In contrast, Mr. Gott filed his lawsuit just last month. Defendants recently entered their appearances but have not yet filed answers. As defendants assert, the *Gott* case may present a new motion to dismiss, require new discovery of a new named plaintiff, and new class certification proceedings. Consolidating the *Gott* case with the MDL will not promote the just and efficient conduct of the action because the two cases occupy materially different procedural postures.

Here, as with *In re EpiPen*, consolidation would not promote the just and efficient conduct of the action because the MDL and the *Preexisting Non-MDL Pork Cases* occupy materially different procedural postures.

### C. **Coordination achieves judicial efficiency while allowing MDL Plaintiffs to maintain distinct actions as opt out plaintiffs.**

Coordination with the *Preexisting Non-MDL Pork Cases* achieves the efficiency of proceeding in the same Court for pretrial purposes, while recognizing the opt-out plaintiffs' distinct actions.[3] In *In re Repetitive Stress Inj. Litig.*, 11 F.3d 368, 374 (2d Cir. 1993), *on*

---

[3] For example, in the now-sprawling *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, MDL No. 2724 (E.D. Pa.) – which involves multiple drug products and putative classes of both direct and indirect purchasers, individual opt-out plaintiffs, and dozens of state attorneys-general – the myriad cases are being coordinated, not consolidated. *See In re: Generic Digoxin and Doxycylcine Antitrust Litig.*, J.P.M.L. Case MDL No. 2724 (Transfer Order, ECF No. 291, entered Apr. 6, 2017), *In re: Generic Pharmaceuticals Pricing Antitrust Litig.*, J.P.M.L. Case MDL No. 2724 (Transfer Order, ECF No. 336, entered Aug. 3, 2017), and *In re: Generic Pharmaceuticals Pricing Antitrust Litig.*, Case No. 2:16-md-02724-CMR (E.D. Pa.) (Pretrial Order No. 24 (First Electronic Case Management Protocol Order, ECF No. 353, entered May 26, 2017), attached as Exhibits 1, 2 and 3, respectively. *See also In re Optical Disk Drive Antitrust Litig.*, 2015 WL 1926635, at *3 (N.D. Cal. Apr. 28, 2015) (denying defendants' request to consolidate two opt-out actions, stating that "no compelling reason appears why it would be necessary or

7

*reh'g*, 35 F.3d 637 (2d Cir. 1994), the Second Circuit emphasized a district court's ability to coordinate proceedings but found an abuse of discretion in consolidating those cases:

> We emphasize, however, that we see nothing wrong with assigning all RSI cases in a district to a single district judge who may order that particular proceedings or certain discovery requests relate to defined groups of RSI cases or, when appropriate, all the RSI cases in the district. Our differences with the district court are more than philosophical. A party may not use aggregation as a method of increasing the costs of its adversaries—whether plaintiffs or defendants—by forcing them to participate in discovery or other proceedings that are irrelevant to their case. It may be that such increased costs would make settlement easier to achieve, but that would occur only at the cost of elemental fairness.

*Id.* at 374.[4] Consolidation of the MDL opt-out cases with the pending class actions could result in similarly inefficient progression of this litigation, including, for example: "prompting satellite litigation about the status" and effect of any consolidated "pleadings

---

appropriate to order consolidation through trial at this juncture. As to consolidation [for all pretrial purposes], defendants have not shown that attaching such a label, or even requiring the filing of a single consolidated complaint, would materially advance the orderly disposition of this litigation. While some of the prior efforts to coordinate scheduling in the two matters appear to have gone less smoothly than might be desired, there is no reason that counsel cannot be expected to avoid unnecessary duplication of effort and timing inconsistencies in the future, even absent formal 'consolidation.'")

[4] *See also In re Korean Air Lines Co., Ltd. Antitrust Litig.*, 642 F.3d 685, 690, 701 (9th Cir. 2011) (noting that the district court coordinated, on separate tracks, indirect- and direct-purchaser antitrust class actions, and holding that the district court's denial of the indirect class plaintiffs' leave to amend their complaint to assert federal antitrust claims also being pursued by counsel for the direct purchaser class was an abuse of discretion, stating that "the court essentially concluded that allowing [indirect class] Plaintiffs to add federal claims would be inconsistent with its prior CMO [putting the cases on coordinated, but separate, tracks]. But the district court's decision to allow [indirect class] Plaintiffs to bring only state law claims misapprehends the separate and independent nature of Plaintiffs' case. . . .MDL proceedings do not expand the grounds for disposing of individual cases."

8

126990206.5

submitted to the Court,"[5] and "confusion over the effect of [the] dismissals" of some, but not all, claims in consolidated actions, and the proper scope of appellate rights of the parties to consolidated proceedings in the district court.[6] Consolidating the MDL DAPs' actions with the pending class cases is both unnecessary and likely to prejudice MDL DAPs' claims, which they have elected to bring, and which they are entitled to pursue, as individual entities separately from any class.[7] The MDL DAP cases can proceed as or more efficiently through coordination with the *Preexisting Non-MDL Pork Cases* than through consolidation.

## II.   Conclusion

For the foregoing reasons, the MDL DAPs respectfully request that the MDL Plaintiffs' cases be substantially coordinated with the *Preexisting Non-MDL Pork Cases* but not formally consolidated.

---

[5] *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 591 (6th Cir. 2013).

[6] *Bell v. Publix Super Markets, Inc.*, 488, 489-491 (7th Cir. 2020).

[7] Coordination instead of consolidation will also help ensure that the MDL DAPs are not subordinated to a "second class status" in the litigation.  *See* July 14, 2021, H'rg Trans. at 19-21.

Dated:  August 19, 2021                                                  Respectfully Submitted,

/s/ Eric R. Lifvendahl                                                          /s/ Scott E. Gant
**L&G LAW GROUP, LLP**                                          **BOIES SCHILLER FLEXNER LLP**
Eric R. Lifvendahl                                                              Scott E. Gant
Ryan F. Manion                                                                  Michael S. Mitchell
175 W. Jackson Blvd., Suite 950                                  1401 New York Ave., NW
Chicago, Illinois 60604                                                     Washington, DC 20005
Telephone: (312) 364-2500                                            Tel: 202-237-2727
Email: elifvendahl@lgcounsel.com                            Fax: 202-237-6131
Email: rmanion@lgcounsel.com                                sgant@bsfllp.com
                                                                                             mmitchell@bsfllp.com
**KAPLAN FOX & KILSHEIMER, LLP**
Robert N. Kaplan                                                                Colleen Harrison
Matthew P. McCahill                                                        333 Main Street
Jason A. Uris                                                                       Armonk, NY 10504
850 Third Avenue, 14th Floor                                        Tel: 914-749-8204
New York, New York 10022                                          Fax: 914-749-8300
Telephone: (212) 687-1980                                           charrison@bsfllp.com
Email: rkaplan@kaplanfox.com                                 *Counsel for Plaintiffs Sysco Corporation*
Email: mmccahill@kaplanfox.com                          *and Amory Investments LLC*
Email: juris@kaplanfox.com

**THE COFFMAN LAW FIRM**                                     /s/ David B. Esau
Richard L. Coffman                                                           **CARLTON FIELDS, P.A.**
3355 W. Alabama Street, Suite 240                            David B. Esau
Houston, Texas 77098                                                      Email: desau@carltonfields.com
Telephone: (713) 528-6700                                            Kristin A. Gore
Email: rcoffman@coffmanlawfirm.com                Email: kgore@carltonfields.com
                                                                                             Garth T. Yearick
**MARCUS & SHAPIRA, LLP**                                       Email: gyearick@carltonfields.com
Bernard D. Marcus                                                           525 Okeechobee Boulevard, Suite 1200
Moira Cain-Mannix                                                          West Palm Beach, Florida 33401
Brian C. Hill                                                                        Tel: (561) 659-7070
Rachel A. Beckman                                                         Fax: (561) 659-7368
301 Grant Street
One Oxford Centre, 35th Floor                                  Roger S. Kobert
Pittsburgh, Penn. 15219-6401                                      Email: rkobert@carltonfields.com
Telephone: (412) 471-3490                                           405 Lexington Avenue, 36th Floor
E-mail: marcus@marcus-shapira.com                    New York, New York 10174-3699
E-mail: cain-mannix@marcus-shapira.com        Tel: (212) 785-2577
E-mail: hill@marcus-shapira.com                            Fax: (212) 785-5203

10


E-mail: beckman@marcus-shapira.com
*Counsel for MDL Direct Action Plaintiffs Action Meat Distributors, Inc., Topco Associates, LLC, Alex Lee, Inc. and Merchants Distributors, LLC, Associated Food Stores, Inc., Brookshire Grocery Company, Certco, Inc., Colorado Boxed Beef Co., The Golub Corporation, Nicholas & Co., Inc., PFD Enterprises, Inc., SpartanNash Company, Springfield Grocer Company, The Distribution Group d/b/a Van Eerden Foodservice Co., Troyer Foods, Inc., and URM Stores, Inc. and Giant Eagle*

*Counsel for Plaintiffs Cheney Brothers, Inc. and Subway Protein Litigation Corp., as litigation trustee of the Subway® Protein Litigation Trust*

*/s/ David C. Eddy*
David C. Eddy
Dennis J. Lynch
Travis C. Wheeler
Chase C. Keibler
**NEXSEN PRUET, LLC**
1230 Main Street, Suite 700
Columbia, South Carolina 29201
Telephone: (803) 771-8900
Facsimile: (803) 253-8277
deddy@nexsenpruet.com
dlynch@nexsenpruet.com
twheeler@nexsenpruet.com
ckeibler@nexsenpruet.com

*Counsel for Plaintiff Nestlé Purina PetCare Company; Nestlé USA, Inc.; and Conagra Brands, Inc.*

11

126990206.5