**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: PORK ANTITRUST LITIGATION | 0:21-md-02998-JRT-HB MDL No. 2998 |
| This document relates to: ALL CASES | |

**DECLARATION OF KRISTIN A. GORE IN SUPPORT OF**
**MDL DIRECT ACTION PLAINTIFFS' STATEMENT**
**IN RESPONSE TO BRIEFING ORDER (DKT. 23)**

I, Kristin A. Gore, state under oath, as follows:

1.      I am an attorney at Carlton Fields, P.A.  I am counsel to MDL Direct Action Plaintiffs Cheney Brothers, Inc. and Subway Protein Litigation Corp., as litigation trustee of the Subway® Protein Litigation Trust in the above-titled action.  I submit this declaration in support of the MDL Direct Action Plaintiffs' Statement in Response to Briefing Order (Dkt. 23).

2.      Attached are the following exhibits:

| Exhibit 1 | *In re: Generic Digoxin and Doxycylcine Antitrust Litig.*, J.P.M.L. Case MDL No. 2724, Transfer Order, ECF No. 291, entered Apr. 6, 2017 |
|---|---|
| Exhibit 2 | *In re: Generic Pharmaceuticals Pricing Antitrust Litig.*, J.P.M.L. Case MDL No. 2724, Transfer Order, ECF No. 336, entered Aug. 3, 2017 |

127016416.2

Exhibit 3   *In re: Generic Pharmaceuticals Pricing Antitrust Litig.*, Case No. 2:16-md-02724-CMR (E.D. Pa.), Pretrial Order No. 24 (First Electronic Case Management Protocol Order, ECF No. 353), entered May 26, 2017

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 20th day of August, 2021

/s/ Kristin A. Gore
Kristin A. Gore

127016416.2

# Exhibit 1

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: GENERIC DIGOXIN AND
DOXYCYCLINE ANTITRUST LITIGATION**                           MDL No. 2724

## TRANSFER ORDER

**Before the Panel:**[*]  Plaintiff Rochester Drug Cooperative, Inc. (Rochester) moves under 28 U.S.C. § 1407(c) to transfer the ten actions listed on Schedule A to the Eastern District of Pennsylvania for inclusion in MDL No. 2724.  Each of these ten actions involves antitrust claims brought by direct purchaser plaintiffs relating to one of six generic drugs:  clobetasol, desonide, fluocinonide, econazole, levothyroxine, and propranolol.  Rochester asks that the Panel expand the scope of MDL No. 2724 beyond generic digoxin and doxycycline to encompass these (and other) generic drugs allegedly subject to similar and overlapping price fixing conspiracies.  Rochester further requests that the MDL be renamed "*In re: Generic Pharmaceuticals Pricing Antitrust Litigation*."

Several parties to these and other potentially related actions responded to this motion.  The plaintiffs in the actions on the motion (Cesar Castillo, Inc., and FWK Holdings LLC) oppose transfer.  Several other direct and indirect purchaser plaintiffs (including MDL plaintiffs and plaintiffs in cases not listed on the motion, but that involve one of the six drugs at issue) also oppose transfer.[1]  Eight of the indirect purchaser plaintiffs in the MDL support the motion and ask that the Panel transfer 27 other actions—pending in New Jersey, New York, and Puerto Rico, and involving two drugs in addition to the six at issue in the actions on the motion—to the MDL.[2]

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter.  Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The opposing plaintiffs include: Ahold USA, Inc.; American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan; NECA-IBEW Welfare Trust Fund; Sergeants Benevolent Association Health and Welfare Fund; and 1199SEIU National Benefit Fund.

[2] The supporting plaintiffs include:  Detectives Endowment Association of the City of New York; Fraternal Order of Police, Miami Lodge 20, Insurance Trust Fund; International Union of
(continued...)

-2-

Defendant Heritage Pharmaceuticals, Inc., supports centralization of all generic drug pricing actions in a single MDL. The 28 other responding defendants oppose transfer and expansion of the MDL.[3] Several of these defendants, though, alternatively suggest that the Panel create separate MDLs for each of the six drugs at issue in this motion. The United States, which is investigating the generic drug market and prosecuting related criminal actions in the Eastern District of Pennsylvania, filed an amicus brief supporting transfer of all generic drug pricing actions to MDL No. 2724.

The parties opposing transfer argue that these actions will involve different liability issues, because each drug comprises a different market and has a unique pricing history.[4] They contend that each product at issue will be subject to different discovery, class certification, and expert testimony regarding whether price fixing can be inferred from defendants' market conduct. They further argue that including claims involving different products and manufactured by different defendants, absent an allegation of an overarching conspiracy, will render the MDL cumbersome and reduce the efficiencies to be gained through centralization.

In these circumstances, we do not agree. Regardless of the differences among the actions, there will be significant overlaps in factual issues, parties, and claims. Plaintiffs in the actions on the motion assert substantially similar claims as those now pending in the MDL, albeit with respect to six different generic pharmaceuticals. Like the actions in the MDL, plaintiffs in these actions allege that, between 2012 and 2015, the average market price for these generic drugs underwent significant increases that corresponded with meetings of trade associations, in particular those of the Generic Pharmaceutical Association. Indeed, many of the complaints identify the same trade

---

[2](...continued)
Operating Engineers Local 30 Benefits Fund; International Union of Operating Engineers, Locals 302 and 612 Construction Industry Health and Security Fund; Laborers International Union of North America Local 35 Health Care Fund; Plumbers and Pipefitters Local 178 Health & Welfare Fund; Twin Cities Pipe Trades Welfare Fund; and UFCW Local 1500 Welfare Fund.

[3] The opposing defendants include: Actavis Elizabeth LLC; Akorn, Inc.; Apotex Corp.; Breckenridge Pharmaceuticals, Inc.; Dr. Reddy's Laboratories, Inc.; Fougera Pharmaceuticals Inc.; Glenmark Pharmaceuticals, Inc.; Hi-Tech Pharmacal Co., Inc.; Impax Laboratories, Inc.; Lannett Company, Inc.; Morton Grove Pharmaceuticals, Inc.; Mylan, Inc., and Mylan Pharmaceuticals, Inc.; Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc.; Perrigo Company plc; Perrigo New York Inc.; Pliva, Inc.; Sandoz Inc.; Sun Pharmaceutical Industries, Inc.; Taro Pharmaceutical Industries Ltd., and Taro Pharmaceuticals USA, Inc.; Teligent, Inc.; Teva Pharmaceuticals USA, Inc.; UDL Laboratories, Inc.; Upsher-Smith Laboratories, Inc.; West-Ward Pharmaceuticals Corp.; and Zydus Pharmaceuticals (USA), Inc.

[4] Clobetasol, desonide, and fluocinonide are each topical corticosteroids prescribed for skin conditions such as eczema, dermatitis, and psoriasis. Econazole is a topical anti-fungal cream. Levothyroxine is a synthetic replacement hormone used to treat hypothyroidism. Propranolol is a beta blocker used to reduce blood pressure.

-3-

association meetings and name overlapping generic pharmaceutical manufacturers as defendants. Although separate conspiracies are alleged, they may overlap significantly. Thus, the same witnesses are likely to be subject to discovery across all actions. Coordination of this common discovery will be essential to avoiding duplication and inconvenience to the parties, witnesses, and the courts. Such coordination also is necessary because the allegations in these actions (as well as those in the MDL) stem from the same government investigation into price fixing, market allocation, and other anti-competitive conduct in the generic pharmaceuticals industry.

The opposing parties contend that informal coordination and cooperation among the involved parties and courts can eliminate any potential for duplicative discovery and inconsistent pretrial rulings. We are not persuaded by this argument. There presently are more than seventy actions involving similar generic drug price fixing claims pending in four district courts before ten judges. Pretrial schedules in these actions already have begun to diverge. Absent transfer, there is a significant risk of inconsistent rulings regarding the scope of discovery and coordination with the pending criminal investigation.

As the opposing parties point out, the Panel often is hesitant to centralize actions naming separate defendants and involving separate products. *See, e.g.*, *In re Invokana (Canagliflozin) Prods. Liab. Litig.*, MDL No. 2750, __ F. Supp. 3d __, 2016 WL 7221425, at *2 (J.P.M.L. Dec. 7, 2016). Where, however, similar alleged conspiracies involve overlapping defendants, arise from the same government investigation, and the parties and counsel overlap to a significant extent, the expansion of a single MDL to encompass multiple products and defendants presents less of a concern. *See In re Automotive Wire Harness Sys. Antitrust Litig.*, 867 F. Supp. 2d 1349 (J.P.M.L. 2012) (centralizing price fixing actions involving multiple automotive parts in a single MDL). Here, we conclude that including all of these generic drug pricing actions in MDL No. 2724 will lead to the most efficient handling of these actions.

Accordingly, after considering the argument of counsel, we find that these actions involve common questions of fact with the actions transferred to MDL No. 2724, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We will rename this MDL "*In re: Generic Pharmaceuticals Pricing Antitrust Litigation*." The scope of MDL No. 2724 is hereby expanded to include actions in which: (a) plaintiffs assert claims for price fixing of generic drugs in violation of the Sherman Act and/or state antitrust laws on behalf of overlapping putative nationwide classes of direct or indirect purchasers of generic pharmaceuticals; (b) the average market price of the subject generic pharmaceutical is alleged to have increased between 2012 and the present; (c) defendants are alleged to have effectuated the alleged conspiracy through direct company-to-company contacts and through joint activities undertaken through trade associations, in particular meetings of the Generic Pharmaceutical Association; and (d) the allegations stem from the same government investigation into anticompetitive conduct in the generic pharmaceuticals industry. Inclusion of these actions in MDL No. 2724 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

-4-

We do not change the scope of this MDL lightly.  Once discovery and other pretrial proceedings related to the common issues have been completed, the transferee court may conclude that issues unique to one or more of the centralized actions (such as, for example, issues pertaining to the market definition for each pharmaceutical product) weigh in favor of returning those actions to their transferor courts.  In that event, we encourage the transferee court to suggest remand, in accordance with Panel Rule 10.1(b).  *See In re Capital One Tel. Consumer Prot. Act Litig.*, 908 F. Supp. 2d 1366, 1367 (J.P.M.L. 2012).

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for coordinated or consolidated pretrial proceedings; and

IT IS FURTHER ORDERED that MDL No. 2724 is renamed "*In re: Generic Pharmaceuticals Pricing Antitrust Litigation*."

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              R. David Proctor
Catherine D. Perry

**IN RE: GENERIC DIGOXIN AND
DOXYCYCLINE ANTITRUST LITIGATION**                    MDL No. 2724

## SCHEDULE A

<u>District of New Jersey</u>

FWK HOLDINGS, LLC v. TELIGENT, INC., ET AL., C.A. No. 1:16−09475

<u>Southern District of New York</u>

FWK HOLDINGS, LLC v. FOUGERA PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 1:16−09897
FWK HOLDINGS, LLC v. FOUGERA PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 1:16−09898
FWK HOLDINGS, LLC v. FOUGERA PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 1:16−09899
IN RE LEVOTHYROXINE ANTITRUST LITIGATION, C.A. No. 1:16−09900
IN RE PROPRANOLOL ANTITRUST LITIGATION, C.A. No. 1:16−09901
CESAR CASTILLO, INC. v. SANDOZ, INC., ET AL., C.A. No. 1:16−09949
CESAR CASTILLO, INC. v. FOUGERA PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 1:16−09956
CESAR CASTILLO, INC. v. FOUGERA PHARMACEUTICALS, INC., ET AL.,
    C.A. No. 1:16−10063
CESAR CASTILLO, INC. v. ACTAVIS ELIZABETH, LLC, ET AL.,
    C.A. No. 1:17−00078

# Exhibit 2

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: GENERIC PHARMACEUTICALS**
**PRICING ANTITRUST LITIGATION**                    MDL No. 2724

## TRANSFER ORDER

**Before the Panel:**[*]  Plaintiffs in the action listed on Schedule A (the State Action) move under Panel Rule 7.1 to vacate our order that conditionally transferred the State Action to the Eastern District of Pennsylvania for inclusion in MDL No. 2724.  Plaintiffs are forty states that filed an antitrust enforcement action against six pharmaceutical manufacturers in the District of Connecticut relating to two pharmaceutical products:  doxycycline hyclate delayed release and glyburide.  Should the Panel transfer the State Action to MDL No. 2724, the States alternatively request that we reassign this MDL to the District of Connecticut.

Defendants Aurobindo Pharma USA, Inc.; Citron Pharma, LLC; Heritage Pharmaceuticals, Inc.; and Mylan Pharmaceuticals, Inc., oppose the motion in its entirety.[1]  Plaintiffs in the actions already pending in MDL No. 2724 also responded to this motion.  Although the MDL plaintiffs do not take a position on transfer of the State Action, they oppose the States' alternative request to reassign this MDL to the District of Connecticut.

The States argue that transfer is inappropriate because:  (a) the State Action does not fall within the scope of the MDL; (b) the State Action is a sovereign enforcement action that alleges different facts and seeks different remedies than the class actions in the MDL; and (c) the State Action is more procedurally advanced than the actions in the MDL.  None of these arguments is persuasive.

---

[*] Judges Marjorie O. Rendell and Ellen Segal Huvelle took no part in the decision of this matter.  Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] Defendants Mayne Pharma (USA), Inc., and Teva Pharmaceuticals USA, Inc., did not respond to the motion.  Pursuant to Panel Rule 6.1(c), we treat a party's failure to respond to a motion as that party's acquiescence to it.

-2-

In an order issued on April 6, 2017, we expanded the scope of MDL No. 2724 to encompass actions in which:

(a) plaintiffs assert claims for price fixing of generic drugs in violation of the Sherman Act and/or state antitrust laws on behalf of overlapping putative nationwide classes of direct or indirect purchasers of generic pharmaceuticals; (b) the average market price of the subject generic pharmaceutical is alleged to have increased between 2012 and the present; (c) defendants are alleged to have effectuated the alleged conspiracy through direct company-to-company contacts and through joint activities undertaken through trade associations, in particular meetings of the Generic Pharmaceutical Association; and (d) the allegations stem from the same government investigation into anticompetitive conduct in the generic pharmaceuticals industry.

*In re Generic Digoxin & Doxycycline Antitrust Litig.*, 222 F. Supp. 3d 1341, 1344 (J.P.M.L. 2017). The State Action substantially satisfies all of these criteria with one exception—the States do not assert class claims, but rather proceed individually or on a *parens patriae* basis. We do not find this distinction controlling here. There will be significant overlap in the factual and legal issues presented by the actions currently in the MDL and the State Action. As all arise from the same factual core, they will involve common discovery of defendants and third parties. *See In re U.S. Office of Personnel Mgmt. Data Sec. Breach Litig.*, 138 F. Supp. 3d 1379, 1380 (J.P.M.L. 2015) (holding that unique legal theories and factual allegations in a particular action are not significant where all the actions arise from a common factual core).

Given the complex nature of this litigation and the diversity of interests involved, we are not convinced that informal coordination and cooperation among the parties and courts will be sufficient to eliminate the potential for duplicative discovery, inconsistent pretrial rulings, and conflicting discovery obligations. In similar circumstances, the Panel has transferred state enforcement actions to MDLs involving cases brought by private litigants with some regularity. *See, e.g.*, Transfer Order at 1-2, *In re Auto Body Shop Antitrust Litig.*, MDL No. 2557 (J.P.M.L. Dec. 12, 2014), ECF No. 306 (transferring enforcement action brought by the State of Louisiana to MDL); *In re Countrywide Fin. Corp. Mortg. Mktg. & Sales Practices Litig.*, 582 F. Supp. 2d 1373 (J.P.M.L. 2008) (centralizing claims brought by Illinois and California attorneys general with actions brought by private claimants).

We also are not persuaded that the procedural posture of the State Action militates against transfer. The States contend that they are further advanced with respect to discovery on account of a three-year investigation by the Attorney General of Connecticut that preceded the complaint. Even so, the schedule in place in the State Action envisions nearly two years of further discovery (which has not yet begun).[2] The States concede that they need to conduct fact depositions and expert discovery before they can proceed to trial. Given the significant discovery that remains, there is

---

[2] The pretrial schedule in the State Action likewise is inconsistent with the States' professed urgency in obtaining a remedy for defendants' alleged anticompetitive conduct.

-3-

ample scope to eliminate duplication and enhance the convenience of the parties, the witnesses, and the courts through coordinated proceedings in the MDL. There also may be benefits to coordinating pretrial motions, as none of the actions has advanced beyond motions to dismiss.

To the extent the State Action presents unique factual and legal issues, the transferee judge has the discretion to address those issues through the use of appropriate pretrial devices, such as separate tracks for discovery and motion practice.[3] The States' concerns regarding the obligations imposed by certain case management orders in the MDL (such as those establishing the authority of lead counsel to make decisions on behalf of all plaintiffs) similarly can be addressed by the transferee court. And, should the transferee court determine that continued inclusion of the State Action in the MDL no longer is appropriate, the transferee court may recommend Section 1407 remand of the State Action in advance of other actions. *See In re McCormick & Co., Inc., Pepper Prods. Mktg. & Sales Practices Litig.*, 148 F. Supp. 3d 1364, 1366 (J.P.M.L. 2015).

After considering the argument of counsel, we find that the State Action involves common questions of fact with the actions transferred to MDL No. 2724, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Like the actions already pending in the MDL, the States: assert claims for price fixing of generic drugs (specifically, doxycycline hyclate delayed release and glyburide) in violation of the Sherman Act and state antitrust laws; allege that the average market price of these pharmaceutical products increased between 2012 and the present; and allege that defendants effectuated the alleged conspiracy through direct company-to-company contacts and through joint activities undertaken through trade associations. The States' claims, like those of the private plaintiffs, stem from the same government investigation into anticompetitive conduct in the generic pharmaceuticals industry. Inclusion of the State Action in MDL No. 2724 thus will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

We reject the States' alternative request to reassign MDL No. 2724 to the District of Connecticut. The Honorable Cynthia M. Rufe, to whom this MDL is assigned, has expended considerable time and effort to organize this litigation for efficient adjudication—effort that would be wasted were we to reassign this MDL at this stage. Furthermore, as we previously recognized when we centralized this litigation in the Eastern District of Pennsylvania, that district is a convenient venue for the majority of the parties, as many of the pharmaceutical companies involved

---

[3] Indeed, the transferee court has organized the various actions and pharmaceutical products involved in this litigation in an innovative manner that allows for additional tracks to be added without significant difficulty. *See* Pretrial Order No. 24 (First Electronic Case Management Protocol Order), *In re Generic Pharm. Pricing Antitrust Litig.*, C.A. No. 2:16-md-02724 (E.D. Pa. May 26, 2017), ECF No. 353 (creating a master MDL docket, lead cases for each pharmaceutical product, and "class cases" for direct purchaser plaintiffs, indirect purchaser plaintiffs, and indirect reseller plaintiffs).

-4-

in this litigation are located in the Philadelphia area, as is the federal grand jury investigation of the generic pharmaceutical market.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Charles R. Breyer        Lewis A. Kaplan
R. David Proctor        Catherine D. Perry

**IN RE: GENERIC PHARMACEUTICALS
PRICING ANTITRUST LITIGATION**                    MDL No. 2724

## SCHEDULE A

District of Connecticut

CONNECTICUT, ET AL. v. AUROBINDO PHARMA USA, INC., ET AL.,
        C.A. No. 3:16-02056

# Exhibit 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO: | |
| *ALL ACTIONS* | |

## PRETRIAL ORDER NO. 24
### (FIRST ELECTRONIC CASE MANAGEMENT PROTOCOL ORDER)

**AND NOW**, this 26th day of May 2017, in order to promote the efficient management of this MDL, it is hereby **ORDERED** that, effective immediately, the Court establishes the following protocol to govern the structure of the dockets and the filing of documents.

**STRUCTURE OF THE DOCKETS**

1.      The "Master Docket," 16-MD-2724, includes all generic pharmaceuticals pricing antitrust cases filed in or transferred to this Court as part of MDL 2724.

2.      The Court has directed the Clerk of Court to establish "Lead Cases;" a general case for each pharmaceutical included in the MDL.

3.      The Lead Cases include "Class Cases" for each putative class, or group, of Plaintiffs.   The Court has directed the Clerk of Court to establish Class Cases for each pharmaceutical for the Direct Purchaser Plaintiffs ("DPPs"), End-Payer Plaintiffs ("EPPs"), and Indirect Reseller Plaintiffs ("IRP").   If there is no pending Class Case for a Plaintiff group for a particular pharmaceutical, the Class Case will serve as a placeholder for a possible later filing.

4.      Each Class Case includes the applicable originally-filed "Individual Cases" that have been filed; these cases will retain their individual case numbers at this time.

5.     The Clerk of Court has established the following Lead Cases and Class Cases for docketing purposes:

| Pharmaceutical | Lead Case | Direct Purchaser | End-Payer | Indirect Reseller |
|---|---|---|---|---|
| Albuterol | 16-AL-27240 | 16-AL-27241 | 16-AL-27242 | 16-AL-27243 |
| Amitriptyline | 16-AM-27240 | 16-AM-27241 | 16-AM-27242 | 16-AM-27243 |
| Baclofen | 16-BC-27240 | 16-BC-27241 | 16-BC-27242 | 16-BC-27243 |
| Benazepril HCTZ | 16-BZ-27240 | 16-BZ-27241 | 16-BZ-27242 | 16-BZ-27243 |
| Clobetasol | 16-CB-27240 | 16-CB-27241 | 16-CB-27242 | 16-CB-27243 |
| Clomipramine | 16-CM-27240 | 16-CM-27241 | 16-CM-27242 | 16-CM-27243 |
| Desonide | 16-DS-27240 | 16-DS-27241 | 16-DS-27242 | 16-DS-27243 |
| Digoxin | 16-DG-27240 | 16-DG-27241 | 16-DG-27242 | 16-DG-27243 |
| Divalproex ER | 16-DV-27240 | 16-DV-27241 | 16-DV-27242 | 16-DV-27243 |
| Doxycycline | 16-DX-27240 | 16-DX-27241 | 16-DX-27242 | 16-DX-27243 |
| Econazole | 16-EC-27240 | 16-EC-27241 | 16-EC-27242 | 16-EC-27243 |
| Fluocinonide | 16-FL-27240 | 16-FL-27241 | 16-FL-27242 | 16-FL-27243 |
| Glyburide | 16-GL-27240 | 16-GL-27241 | 16-GL-27242 | 16-GL-27243 |
| Levothyroxine | 16-LV-27240 | 16-LV-27241 | 16-LV-27242 | 16-LV-27243 |
| Lidocaine/Prilocaine | 16-LD-27240 | 16-LD-27241 | 16-LD-27242 | 16-LD-27243 |
| Pravastatin | 16-PV-27240 | 16-PV-27241 | 16-PV-27242 | 16-PV-27243 |
| Propranolol | 16-PP-27240 | 16-PP-27241 | 16-PP-27242 | 16-PP-27243 |
| Ursodiol | 16-UR-27240 | 16-UR-27241 | 16-UR-27242 | 16-UR-27243 |

6. The docketing structure allows for the possibility of the filing or transfer of cases naming additional pharmaceuticals or Plaintiff groups.

**FILING OF DOCUMENTS**

7. Unless otherwise ordered by the Court, only documents that relate to all actions may be filed on the Master Docket, and shall be captioned as follows:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724** **16-MD-2724** |
| | **HON. CYNTHIA M. RUFE** |
| **THIS DOCUMENT RELATES TO:** | |
| *ALL ACTIONS* | |

8. Documents applicable to all actions relating to a particular pharmaceutical shall be filed only in the appropriate Lead Case, and shall be captioned as follows:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724** **16-MD-2724** **HON. CYNTHIA M. RUFE** |
| **IN RE: [PHARMACEUTICAL NAME] CASES** | **16-[XX]-27240** |
| **THIS DOCUMENT RELATES TO:** | |
| *ALL [PHARMACEUTICAL NAME] ACTIONS* | |

9.     Documents applicable only to a certain Plaintiff Class shall be filed in the
appropriate Class Case and shall be captioned as follows:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS** **PRICING ANTITRUST LITIGATION** | **MDL 2724** **16-MD-2724** **HON. CYNTHIA M. RUFE** |

---

**IN RE: [PHARMACEUTICAL NAME] CASES**

---

**THIS DOCUMENT RELATES TO:**

*ALL [PLAINTIFF CLASS OR GROUP] ACTIONS*          16-[XX]-2724[X]

---

10.     Documents applicable only to an Individual Case shall be filed in **both** the
Individual Case **and** the applicable Lead Case, and shall be captioned as follows:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS** **PRICING ANTITRUST LITIGATION** | **MDL 2724** **16-MD-2724** **HON. CYNTHIA M. RUFE** |

---

**IN RE:  [PHARMACEUTICAL NAME] CASES**          16-[XX]-27240

---

**THIS DOCUMENT RELATES TO:**          Civil Action No.

*[Name of Plaintiff] v. [Name of First Defendant]*          [XX]-cv-[XXXX]

---

4

11.     No later than **June 9, 2017**, Lead Plaintiffs' Counsel shall file in each Lead Case and Class Case a Notice setting forth all Individual Cases that fall within the Lead Case or Class Case.

12.     No later than **June 16, 2017**, Defense Liaison Counsel shall file in each Lead Case and Class Case a Notice setting forth all Defendants that have been named in any Individual Cases that fall within the Lead Case or Class Case.

13.     No later than **June 23, 2017**, all counsel shall enter appearances in each Lead Case and Class Case in which they represent client[s].  All counsel associated with the same law firm and representing the same client[s] shall file a joint entry of appearance.

14.     New actions filed into the MDL shall list on the Civil Cover Sheet as related cases the Master Docket, Lead Case, and Class Case.

It is so **ORDERED.**

**BY THE COURT:**

**CYNTHIA M. RUFE, J.**