UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | No. 18-1776 (JRT/HB) |
| | No. 21-2998 (JRT/HB) |
| This Document Relates to: ALL ACTIONS | |
| | **MEMORANDUM OPINION AND ORDER CONSOLIDATING ACTIONS** |

---

The issue of whether to consolidate these actions for pretrial proceedings is before the Court following the Court's Briefing Order requesting the parties address whether the member cases of ECF Case No. 18-1776 and ECF Case No. 21-2998 should be formally consolidated into a single multidistrict litigation (MDL) or simply coordinated as much as possible without formal consolidation.  The Court will consolidate the cases for all future pretrial proceedings into a single MDL because the Court concludes that consolidation will best promote efficiency, prevent confusion and unnecessary complication, and prevent duplicative or conflicting decisions.

## BACKGROUND

Beginning in 2018, a series of class actions and individual actions were filed against the leading American pork producers alleging the producers had engaged in a price fixing conspiracy in violation of federal and state antitrust laws. (*See, e.g.*, Case No. 18-1776, Compl., June 28, 2018, Docket No. 1.)  Pursuant to Federal Rule of Civil Procedure 42(a), the Court began consolidating the related cases filed in the District of Minnesota for

pretrial proceedings in September 2018 under Case Number 181776. (Case No. 18-1776, Initial Case Mgmt. Order, Sept. 21, 2018, Docket No. 85.) The Case Management Order provided that related "actions later instituted in, removed to, or transferred to this Court" under 28 U.S.C. § 1407 would be consolidated with 18-1776. (*Id.* ¶¶ 9–10.) This Order also renamed the consolidated litigation "*In Re Pork Antitrust Litigation*." (*Id.* ¶ 6.) As more cases were filed in the District of Minnesota, the Court consolidated these cases. (Case No. 18-1776, Order Stip. Regarding Consolidation, Jan. 21, 2021, Docket No. 644.)

In 2021, additional cases brought by individual plaintiffs were filed in other federal district courts involving the same issues. *In re Pork Direct & Indirect Purchaser Antitrust Litig.*, No. 2998, 2021 WL 2369199, at *1 (J.P.M.L. June 9, 2021). Pursuant to 28 U.S.C. § 1407(a), the Judicial Panel on Multidistrict Litigation ("JPML") formed MDL Number 2998 and transferred two cases to this Court on June 9, 2021, finding that the cases involved common questions of fact and centralization in this Court would "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *Id.* The JPML has continued transferring additional cases from other districts to this Court. (*E.g.*, Case No. 21-2998, Conditional Transfer Order, July 15, 2021, Docket No. 8.)

In its initial Transfer Order, the JPML concluded that transfer to this Court would best accomplish the purposes of MDL centralization under 28 U.S.C. § 1407, because this Court has presided over the consolidated Minnesota litigation since 2018 including

dealing with motions to dismiss. *In re Pork*, 2021 WL 2369199, at *1. Specifically, it found that centralizing the cases would prevent "duplicative pretrial proceedings and potentially inconsistent pretrial rulings." *Id.* Accordingly, the JPML transferred the actions to this Court for "coordinated or consolidated pretrial proceedings" and named the MDL it created "*In re: Pork Antitrust Litigation*." *Id.* at *2.

The Court held a status conference on July 14, 2021, for all parties in both Case Number 18-1776 and Case Number 21-2998. (Case No. 18-1776, Min. Entry Status Conf., July 14, 2021, Docket No. 835; Case No. 21-2998, Min. Entry Status Conf., July 14, 2021, Docket No. 9.) The main purpose of this status conference was to determine the most efficient and just manner of handling all the cases and how to best coordinate the MDL and the previously filed cases. (*See* Case No. 18-1776, Tr. at 4:15–19, July 27, 2021, Docket No. 839; Case No. 21-2998, Tr. at 4:15–19, July 27, 2021, Docket No. 14.) A central question was whether the cases should be formally consolidated or just coordinated to the greatest extent possible. The Court ordered the parties to address this question in written submissions. (Case No. 18-1776, Briefing Order, Aug. 5, 2021, Docket No. 869; Case No. 21-2998, Briefing Order, Aug. 5, 2021, Docket No. 23.)

In response, the parties took different positions:

- The Direct Purchaser Plaintiffs ("DPPs") support consolidation. (Case No. 18-1776, DPPs' Br. Regarding Consolidation, Aug. 19, 2021, Docket No. 895;

Case No. 21-2998, DPPs' Br. Regarding Consolidation, Aug. 19, 2021, Docket No. 35.)

- The Defendants support consolidation. (Case No. 18-1776, Defs.' Br. Regarding Consolidation, Aug. 19, 2021, Docket No. 896; Case No. 21-2998, Aug. 19, 2021, Docket No. 31.)

- The Consumer Indirect Purchase Plaintiffs ("CIPs") argued that regardless of whether the Court coordinated or consolidated the cases, the JPML already centralized the cases in an MDL and the Court should allow all parties to benefit from MDL procedures. (Case No. 18-1776, CIPs' Br. Regarding Briefing Order, Aug. 19, 2021, Docket No. 897; Case No. 21-2998, CIPs' Br. Regarding Briefing Order, Aug. 19, 2021, Docket No. 33.)

- The Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs") support consolidation. (Case No. 18-1776, CIIPPs' Br. Regarding Consolidation, Aug. 19, 2019, Docket No. 899; Case No. 21-2998, CIIPPs' Br. Regarding Consolidation, Aug. 19, 2019, Docket No. 36.)

- The MDL Direct Action Plaintiffs ("DAPs"), whose cases were specifically transferred by the JPML, oppose consolidation. (Case No. 21-2998, MDL DAPs' Resp. Regarding Briefing Order, Aug. 19, 2019, Docket No. 32.)

**DISCUSSION**

If civil actions in different districts involve one or more common questions of fact, the JPML may set up an MDL and transfer the actions to one district for coordinated or consolidated pretrial proceeding if the JPML determines that this "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The purpose of MDL centralization is to "eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Vioxx Prod. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005); *see also In re Pork*, 2021 WL 2369199, at *1. Once transferred, the JPML leaves "the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court." *In re Vioxx*, 360 F. Supp. 2d at 1354.

Under Federal Rule of Civil Procedure 42, if "actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Rule 42 permits consolidation even if the claims arise out of independent transactions. *Madison v. Hennepin Cnty.*, No. 02-4756, 2003 WL 21639221, at *1 (D. Minn. July 1, 2003). When deciding whether to consolidate cases, courts consider the risk of inconsistent rulings and the burden on and cost to parties, witnesses, and the court. *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 405 (D. Minn. 1998) (citing *Cantrell v. GAF*, 999 F.2d 1007, 1011 (6th Cir. 1993)).

-5-

"Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). Under Rule 42(a), "[d]istrict courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

In sum, the purposes of forming MDLs through transfer by the JPML under 28 U.S.C. § 1407(a) and the purposes of Rule 42(a) consolidation are substantially identical as is the discretion left to the district court on these matters.

The Court concludes that consolidation of all the related pork antitrust cases pending in the District of Minnesota is the best method to fulfill these purposes. It would be unwieldy and unnecessary for both the Court and the parties to attempt to maintain these actions under two separate case numbers. The Court would have to issue different scheduling orders, hear separate motions, and attempt to avoid inconsistent rulings. Parties—and in some cases nonparties—would have to comply with two sets of orders and file on multiple dockets after making changes to each filing. The cases raise identical issues of fact, many identical issues of law, and other similar if not identical issues of law.

Consolidation will reduce the problems posed by having the cases on separate dockets while addressing both similar and identical issues on each docket. The parties and the Court will generally need to only file in one centralized place and will not have to deal with making minor changes to satisfy the different case numbers. The parties, affected nonparties, and the Court will generally need only follow developments on one

unified docket.  This unified docket reduces the risk of a party or the Court making a filing error, eliminating the need for additional proceedings to address these issues and the risk of increased costs or prejudice affecting resolution of the cases on the merits.  A consolidated case will decrease the risk that the Court will inadvertently enter conflicting or inconsistent rulings and, if the Court were to do so, centralizes and simplifies resolution of these issues.  Finally, as the parties supporting consolidation note, a protective order applicable in one case would not necessarily apply in the other case, potentially increasing the burdens on parties and nonparties and the legal risks to parties.

The process of deciding whether to consolidate these cases demonstrates why consolidation will be the most efficient manner of managing these cases.  Parties were forced to file their briefs on multiple dockets.  The Court had to review each submission on each docket to ensure they were in fact identical.  In the future, consolidation will conserve resources for the parties and the Court by eliminating these redundancies especially as the Court and parties deal with more complicated and substantive issues.

Consolidation of the cases into a single MDL has yet another advantage.  An MDL authorizes the Court to "exercise the powers of a district judge in **any district** for the purpose of conducting pretrial depositions."  28 U.S.C. § 1407(b) (emphasis added). Consolidating the cases into the MDL will therefore further increase efficiency and

decrease the risk of inconsistent discovery rulings by eliminating the need for multiple courts to get involved in addressing nonparty subpoenas.[1]

Finally, the Court concludes that consolidating all pending cases into one MDL is consistent with the JPML's orders creating the MDL and transferring cases from other districts to this Court. Centralizing the DAP cases outside this district would have resulted "in duplicative pretrial proceedings and potentially inconsistent pretrial rulings." *In re Pork*, 2021 WL 2369199, at *1. Consolidation further eliminates the need for duplicative proceedings and the risk of inconsistency.

DAPs oppose consolidation for several reasons. First, the DAPs argue their pretrial proceedings will be substantially different as they are not structured around class certification issues. They argue that these class certification issues may also delay resolution of their own cases as class certification issues are resolved. Second, they argue that DAPs have a materially different procedural posture than the other cases and that additional DAPs are in the process of being filed and transferred. They note that this causes problem with the existing scheduling order because several dates have already or will soon pass. Third, the DAPs argue they will be prejudiced by the existing case which has been driven by issues related to class certification, by the existing orders that the

---

[1] Although the language of 28 U.S.C. § 1407(b) only explicitly grants authority to the MDL judge to oversee nonparty depositions outside its district, this grant of authority is generally understood to apply to all pretrial proceedings including nonparty, document-only subpoenas. *See United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 469 n.4 (6th Cir. 2006); *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 378 (D.D.C. 2017) (collecting cases); *In re Bank of N.Y. Mellon Corp. Forex Transactions Litig.*, No. 11-9175, 2014 WL 2884726, at *1 (S.D.N.Y. June 26, 2014) (collecting cases).

DAPs did not participate in developing, and because DAPs have not yet engaged in early discovery issues.

The Court recognizes that there may be some bumps on the consolidation road, but still concludes it will be the smoothest, most efficient route to resolving this case. First, the parties and the Court will need to harmonize the existing orders between the cases. This, however, is a temporary burden that will be offset by the decreased burden in the long term. Second, the differences between the cases may create individualized discovery and motions issues that only apply to some parties. The Court, however, can accommodate these issues as they arise or create separate tracks within the consolidated case as necessary to ensure each member case is resolved on its own legal theories and merits and decrease the risk of delay. *See In re: Darvocet, Darvon & Propoxyphene Prod. Liab. Litig.*, 780 F. Supp. 2d 1379, 1381 (J.P.M.L. 2011); *In re: Checking Acct. Overdraft Litig.*, 626 F. Supp. 2d 1333, 1335 (J.P.M.L. 2009). For example, if such differences become unwieldy or issues such as those surrounding class certification create a risk of undue delay or prejudice to the DAPs, the Court may create an expedited track for them within the consolidated case or separate the cases again. Third, to the extent a party may be prejudiced by an existing order, the Court can address this by issuing new orders. The Court will ensure that no party is prejudiced or otherwise burdened to the extent practicable by this Order by delaying deadlines, staying orders, and denying sanctions against a party that cannot reasonably comply with a deadline or order due to this Order.

To ensure that these issues are addressed, the Court will order the parties to file motions and otherwise notify the Court of the existing orders that they seek to modify or be excused from complying with, and the Court will set a new case management conference as soon as practicable after the receipt of these motions and objections.

## CONCLUSION

The Court will consolidate all the related pork antitrust cases pending in the District of Minnesota into a single MDL.  The Court recognizes this will create some new case management issues.  Just like managing any complex litigation with numerous parties, there is no perfect solution.  The Court, however, concludes that consolidation is more likely to fulfill the purposes of Rule 42 and 28 U.S.C. § 1407 by increasing efficiency, decreasing the burdens and costs to parties, nonparties, witnesses, and the Court, and decreasing the risk of inconsistent rulings.

The Court is committed to addressing any issues that arise to ensure the most efficient and just outcome for all parties.  It will do everything it can to resolve all member cases efficiently and expeditiously including considering multiple timelines to resolve pretrial disputes between the parties and to prevent unfair prejudice to any party.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Civil case number 18-1776 and its member cases (18-1803, 18-1810, 18-1891, 18-1946, 18-2008, 18-2044, 18-2058, 18-2113, 18-2337, 18-2338, 18-2390, 18-2405, 19-1578, 19-2723, and 20-2642) are consolidated with civil case number 21-2998—the existing Multidistrict Litigation—and its member cases (21-1373, 21-1374, 21-1454, 21-1605, 21-1697, 21-1715, 21-1872, 21-1873, 21-1874, 21-1875, and 21-2046) for pretrial proceedings into a single multidistrict litigation.

2. The Clerk of Court is directed to consolidate the above cases for pretrial proceedings before Chief Judge John R. Tunheim and Magistrate Judge Hildy Bowbeer.  The Clerk of Court is directed to transfer all documents in civil case number 21-2998 to civil case number 18-1776.  All future filings shall be filed in civil case number 18-1776 and shall be considered filed in each individual case. Future filings should not be separately docketed in the individual cases.

3. The Clerk of Court is directed to add all Plaintiffs, Defendants, and their attorneys of record from civil case number 21-2998 to civil case number 18-1776 to the extent they are not duplicative.  All pro hac vice admissions in civil case number 21-2998 are valid for civil case number 18-1776.

4. The caption of civil case number 18-1776 will remain unchanged.

5. Civil case number 18-1776 is redesignated as the multidistrict litigation authorized by the Judicial Panel on Multidistrict Litigation.

6. All existing orders and deadlines remain in effect on parties to whom they previously applied.

7. As of twenty-one days from the date of this Order, all existing orders and deadlines from case numbers 18-1776 and 21-2998 relating to pretrial matters will be applied to all parties unless a party moves to amend an order or objects in writing to the application of an order as it relates to the party before that date.

8. The terms of this Order automatically apply to actions later instituted in, removed to, or transferred to this Court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407) that involve allegations of antitrust violations concerning pork producers by Defendant entities in the above-references actions.

9. When an action that relates to the same subject matter as these consolidated actions is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be consolidated for pretrial purposes with the appropriate group of actions.

10. Counsel must call to the attention of the Clerk the filing or transfer of any case that might properly be consolidated with these actions and identify the group of actions to which it belongs.

11. With respect to such newly filed or transferred actions, the Clerk of Court shall:

    a. docket a copy of this Order in the separate file for such action,

b.  make an appropriate entry in the docket for 0:18-cv-1776 that a new case has been assigned, and

c.  note on the docket of the new action that, upon entry of this Order, all papers shall be filed in civil case number 18-cv-1776 and no further papers shall be filed in that individual case docket.

DATED:  November 12, 2021
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court