# EXHIBIT A

| | |
|---|---|
| **From:** | Settlement Administrator <noreply@overchargedforpork.com> |
| **Sent:** | |
| **To:** | |
| **Subject:** | Pork Products Class Action Settlement Notice |

`Please do not reply to this email, this inbox is unmonitored.`

## COURT-APPROVED LEGAL NOTICE

**If you purchased any Pork product in the United States from January 1, 2009, through April 2, 2021, a class action settlement may affect your rights.**

Para una notificacion en español, llame gratis al 1-877-777-9594
o visite nuestro website www.overchargedforpork.com.

A settlement has been reached in a class action antitrust lawsuit filed on behalf of Indirect Purchaser Plaintiffs with Defendants JBS USA Food Company, JBS USA Food Company Holdings, Swift Pork Company, and related or affiliated entities ("JBS" or "Settling Defendant"). This Court-ordered notice may affect your rights.  Please review and follow the instructions carefully.

The United States District Court for the District of Minnesota authorized this notice.  Before any money is paid, the Court will hold a hearing to decide whether to approve the Settlement.

## WHO IS INCLUDED?

For settlement purposes, members of the Settlement Class are defined as all persons and entities who indirectly purchased Pork from any of the Defendants or any co-conspirator, or their respective subsidiaries or affiliates, for personal use in the United States from January 1, 2009, through April 2, 2021. Specifically excluded from the Settlement Class are the Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative,

heir, or assign of any Defendant. Also excluded from this Settlement Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action. In addition to JBS, the Defendants in this lawsuit for purposes of this notice include Clemens Food Group, LLC, The Clemens Family Corporation, Hormel Foods Corporation, Seaboard Foods LLC, Smithfield Foods, Inc., Triumph Foods, LLC, Tyson Foods, Inc., Tyson Prepared Foods, Inc., Tyson Fresh Meats, Inc., and Agri Stats, Inc.

If you are not sure you are included, you can get more information, including a detailed notice, at www.overchargedforpork.com or by calling toll-free 1-877-777-9594.

## WHAT IS THIS LAWSUIT ABOUT?

Indirect Purchaser Plaintiffs allege that Defendants and their co-conspirators conspired and combined to fix, raise, maintain, and stabilize the price of Pork, as of January 1, 2009, with the intent and expected result of increasing prices of Pork in the United States, in violation of federal and state consumer and antitrust laws. JBS denies it did anything wrong. The Court did not decide which side was right, but both sides agreed to the Settlement Agreement to resolve the case and get benefits to the Settlement Class.  The case is still proceeding on behalf of the Indirect Purchaser Plaintiffs against other Defendants who may be subject to separate settlements, judgments, or class certification orders.

## WHAT DOES THE SETTLEMENT PROVIDE?

Under the terms of the Settlement Agreement, JBS will pay $20,000,000 to resolve all Settlement Class claims against it in this litigation against JBS.  In addition to this monetary benefit, JBS has also agreed to provide specified cooperation in the Indirect Purchaser Plaintiffs' continued prosecution of the litigation. No money will be distributed yet. Co-Lead Counsel will continue to pursue the lawsuit against the other Defendants. Co-Lead Counsel may request that the Court award attorneys' fees and permit the reimbursement of certain litigation costs and expenses. If such request is made at this time, it will be filed at least fourteen days before the objection deadline and posted on the website www.overchargedforpork.com at that time. Co-Lead Counsel believes that the total amount of attorneys' fees sought will be no more than 33.3% of the Settlement

Fund or $6,666,666.66, and the total amount of costs sought will be no more than $350,000. All Settlement funds that remain after payment of the Court-ordered attorneys' fees, costs, and expenses will be distributed at the conclusion of the lawsuit or as ordered by the Court.

## WHAT ARE YOUR RIGHTS AND OPTIONS?

You do not need to take any action to remain a member of the Settlement Class and be bound by the Settlement Agreement. As a Settlement Class Member, you may be able to participate in (or exclude yourself from) any future settlement or judgment obtained by Indirect Purchaser Plaintiffs against other Defendants in the case.  If you do not want to be legally bound by the Settlement Agreement, you must exclude yourself by October 20, 2021, or you will not be able to sue or continue to sue JBS for the Released Claims (as defined in the Settlement Agreement).  If you exclude yourself, you can't get money from the Settlement. If you don't exclude yourself from the Settlement Class, you may still object to the Settlement Agreement by October 20, 2021. The detailed notice explains how to exclude yourself or object. Details may also be found on the FAQs page of the Settlement website. The Court will hold a hearing in this case (*In re Pork Antitrust Litigation (Indirect Purchaser Actions*), Case No. 0:18-cv-01776 (D. Minn.)) on **November 29, 2021**, to consider whether to approve the Settlement Agreement. You may ask to speak at the hearing, but you do not have to.

In order to be eligible to receive a payment from the Settlement, you must submit a valid Claim Form. You may submit a Claim Form either online or by mail. Both options are available at the website www.overchargedforpork.com.

The date and time of the hearing and deadlines are subject to change.  Updates will be provided on the website **www.overchargedforpork.com**.

**This notice is only a summary. You can find more details about the Settlement at www.overchargedforpork.com or by calling toll-free 1-877-777-9594.  Please do not contact the Court.**

Please do not reply to this email, this inbox is unmonitored.

Unsubscribe

If you'd like to unsubscribe and stop receiving these emails click here .

# EXHIBIT B





# EXHIBIT C

# Hagens Berman Sobol Shapiro LLP and Gustafson Gluek PLLC Announce a $20 Million Settlement for Consumers Who Purchased Pork Products

USA - English ▾

NEWS PROVIDED BY
**Hagens Berman Sobol Shapiro LLP and Gustafson Gluek PLLC →**
Jul 22, 2021, 18:00 ET

NEW YORK, July 22, 2021 /PRNewswire/ --

<u>**COURT-APPROVED LEGAL NOTICE**</u>

**If you purchased any Pork product in the United States from January 1, 2009, through April 2, 2021, a class action settlement may affect your rights.**

*Para una notificacion in español, llame gratis al 1-877-777-9594*
*o visite nuestro website www.overchargedforpork.com.*

A settlement has been reached in a class action antitrust lawsuit filed on behalf of Indirect Purchaser Plaintiffs with Defendants JBS USA Food Company, JBS USA Food Company Holdings, Swift Pork Company, and related or affiliated entities ("JBS" or "Settling Defendant"). This Court-ordered notice may affect your rights.  Please review and follow the instructions carefully.

The United States District Court for the District of Minnesota authorized this notice.  Before any money is paid, the Court will hold a hearing to decide whether to approve the Settlement.

<u>**Who is Included?**</u>

For settlement purposes, members of the Settlement Class are defined as all persons and entities who indirectly purchased Pork from any of the Defendants or any co-conspirator, or their respective subsidiaries or affiliates, for personal use in the United States from January 1, 2009, through April 2, 2021. Specifically excluded from the Settlement Class are the Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of any Defendant. Also excluded from this Settlement Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action. In addition to JBS, the Defendants in this lawsuit for purposes of this notice include Clemens Food Group, LLC, The Clemens Family

Corporation, Hormel Foods Corporation, Seaboard Foods LLC, Smithfield Foods, Inc., Triumph Foods, LLC, Tyson Foods, Inc., Tyson Prepared Foods, Inc., Tyson Fresh Meats, Inc., and Agri Stats, Inc.

If you are not sure you are included, you can get more information, including a detailed notice, at www.overchargedforpork.com or by calling toll-free 1-877-777-9594.

## What is this Lawsuit About?

Indirect Purchaser Plaintiffs allege that Defendants and their co-conspirators conspired and combined to fix, raise, maintain, and stabilize the price of Pork, as of January 1, 2009, with the intent and expected result of increasing prices of Pork in the United States, in violation of federal and state consumer and antitrust laws. JBS denies it did anything wrong. The Court did not decide which side was right, but both sides agreed to the Settlement Agreement to resolve the case and get benefits to the Settlement Class.  The case is still proceeding on behalf of the Indirect Purchaser Plaintiffs against other Defendants who may be subject to separate settlements, judgments, or class certification orders.

## What does the Settlement Provide?

Under the terms of the Settlement Agreement, JBS will pay $20,000,000 to resolve all Settlement Class claims against it in this litigation against JBS.  In addition to this monetary benefit, JBS has also agreed to provide specified cooperation in the Indirect Purchaser Plaintiffs' continued prosecution of the litigation. No money will be distributed yet. Co-Lead Counsel will continue to pursue the lawsuit against the other Defendants. Co-Lead Counsel may request that the Court award attorneys' fees and permit the reimbursement of certain litigation costs and expenses. If such request is made at this time, it will be filed at least fourteen days before the objection deadline and posted on the website www.overchargedforpork.com at that time. Co-Lead Counsel believes that the total amount of attorneys' fees sought will be no more than 33.3% of the Settlement Fund or $6,666,666.66, and the total amount of costs sought will be no more than $350,000. All Settlement funds that remain after payment of the Court-ordered attorneys' fees, costs, and expenses will be distributed at the conclusion of the lawsuit or as ordered by the Court.

## What are your Rights and Options?

You do not need to take any action to remain a member of the Settlement Class and be bound by the Settlement Agreement. As a Settlement Class Member, you may be able to participate in (or exclude yourself from) any future settlement or judgment obtained by Indirect Purchaser Plaintiffs against other Defendants in the case.  If you do not want to be legally bound by the Settlement Agreement, you must exclude yourself by October 20, 2021, or you will not be able to sue or continue to sue JBS for the Released Claims (as defined in the Settlement Agreement).  If you exclude yourself, you can't get money from the Settlement. If you don't exclude yourself from the Settlement Class, you may still object to the Settlement Agreement by October 20, 2021. The detailed notice explains how to exclude yourself or object. Details may also be found on the FAQs page of the Settlement website. The Court will hold a hearing in this case (*In re Pork Antitrust Litigation (Indirect Purchaser Actions),* Case No. 0:18-cv-01776 (D. Minn.)) on **November 29, 2021**, to consider whether to approve the Settlement Agreement. You may ask to speak at the hearing, but you do not have to.

In order to be eligible to receive a payment from the Settlement, you must submit a valid Claim Form. You may submit

a Claim Form either offline or by mail. Both options are available at the website www.overchargedforpork.com.

The date and time of the hearing and deadlines are subject to change.  Updates will be provided on the website **www.overchargedforpork.com.**

**This notice is only a summary. You can find more details about the Settlement at www.overchargedforpork.com or by calling toll-free 1-877-777-9594.  Please do not contact the Court.**

SOURCE Hagens Berman Sobol Shapiro LLP and Gustafson Gluek PLLC

# EXHIBIT D

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

# If you purchased any Pork product in the United States from January 1, 2009, through April 2, 2021, a class action settlement may affect your rights.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A Settlement Agreement (or "Settlement") has been reached in a class action antitrust lawsuit filed on behalf of Indirect Purchaser Plaintiffs with Defendants JBS USA Food Company, JBS USA Food Company Holdings, Swift Pork Company, and related or affiliated entities ("JBS" or "Settling Defendant"). This Settlement only applies to JBS and does not dismiss claims against other Defendants in the case entitled *In re Pork Antitrust Litigation (Indirect Purchaser Actions)*, Case No. 0:18-cv-01776 (D. Minn.).

- If approved by the Court, the Settlement will resolve a lawsuit over whether JBS combined and conspired in restraint of trade, the purpose and effect of which was to suppress competition and to allow JBS and other Pork producers to charge supra-competitive prices for Pork products during the Settlement Class Period, in violation of federal and state laws. If approved, the Settlement will avoid litigation costs and risks to Indirect Purchaser Plaintiffs and JBS, and will release JBS from liability to members of the Settlement Class.

- The Settlement requires JBS to pay $20,000,000. In addition to this monetary payment, JBS has agreed to provide specified cooperation in the Indirect Purchaser Plaintiffs' continued prosecution of the litigation.

- The Court has not decided whether JBS did anything wrong, and JBS denies any wrongdoing.

- Your legal rights are affected whether you act or do not act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **FILE A CLAIM** | The only way to be eligible to receive a payment. |
| **ASK TO BE EXCLUDED** | This is the only option that allows you ever to be part of any *other* lawsuit against JBS concerning the Released Claims (as defined in the Settlement Agreement). Requests for Exclusion must be postmarked or received by October 20, 2021. |
| **OBJECT** | Write to the Court about why you don't like the Settlement. Objections must be postmarked or received by October 20, 2021. |
| **ATTEND THE FAIRNESS HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | You will remain part of the Settlement and you may participate in any monetary distribution to qualified purchasers. The Settlement will resolve your claims against JBS, and you will give up your rights to sue JBS about the Released Claims (as defined in the Settlement Agreement). You will be bound by the judgment. |

- Your options are explained in this notice. To ask to be excluded, you must act before **October 20, 2021.**

## What This Notice Contains

BASIC INFORMATION ....................................................................................................................... 3

    1.    What is this lawsuit about? ............................................................................................. 3

    2.    What is a class action, and who is involved? .................................................................. 3

    3.    Why is there a Settlement? ............................................................................................ 3

    4.    What if I received previous communications regarding this lawsuit? ............................. 3

WHO IS IN THE SETTLEMENT CLASS? .............................................................................................. 3

    5.    Am I part of the Settlement Class? ................................................................................. 3

    6.    Are there exceptions to being included? ......................................................................... 4

    7.    I'm still not sure if I'm included. ................................................................................... 4

THE BENEFITS OF THE SETTLEMENT AGREEMENT WITH JBS ........................................................ 4

    8.    What does the Settlement with JBS provide? ................................................................. 4

    9.    What are the Settlement benefits being used for? ........................................................... 4

    10.    What am I giving up by staying in the Settlement Class? ............................................... 4

    11.    How Can I Get a Payment from the Settlement? ........................................................... 5

    12.    How Much Money Can I Get? ....................................................................................... 5

    13.    What happens if I do nothing at all? .............................................................................. 5

EXCLUDING YOURSELF FROM THE SETTLEMENT ............................................................................ 5

    14.    How do I exclude myself from the Settlement with JBS? ............................................... 5

    15.    If I don't exclude myself, can I sue JBS for the same thing later? .................................. 5

OBJECTING TO THE SETTLEMENT ................................................................................................... 5

    16.    How do I tell the Court that I don't like the Settlement? ................................................ 5

    17.    What is the difference between excluding myself and objecting? .................................... 6

THE LAWYERS REPRESENTING YOU ............................................................................................... 6

    18.    Do I have a lawyer in this case? ..................................................................................... 6

    19.    How will the lawyers be paid? ....................................................................................... 6

THE COURT'S FAIRNESS HEARING .................................................................................................. 7

    20.    When and where will the Court decide whether to approve the Settlement? ................... 7

    21.    Do I have to come to the hearing? ................................................................................. 7

    22.    May I speak at the hearing? ........................................................................................... 7

GETTING MORE INFORMATION ....................................................................................................... 7

    23.    How do I get more information about the Settlement? ..................................................... 7

# BASIC INFORMATION

## 1.   What is this lawsuit about?

This class action is called *In re Pork Antitrust Litigation (Indirect Purchaser Actions)*, Case No. 0:18-cv-01776 (D. Minn.) and is pending in the United States District Court for the District of Minnesota. U.S. District Court Judge John R. Tunheim is in charge of this class action.

Indirect Purchaser Plaintiffs allege that Defendants and their co-conspirators conspired and combined to fix, raise, maintain, and stabilize the price of Pork products, as of January 1, 2009, with the intent and expected result of increasing prices of Pork products in the United States, in violation of federal and state consumer and antitrust laws.

The Defendants and co-conspirators named in Consumer Indirect Purchaser Plaintiffs' Second Amended Consolidated Class Action Complaint are producers of Pork products in the United States, as well as Agri Stats, Inc. In this notice, "Defendants" refers to JBS USA Food Company, JBS USA Food Company Holdings, Clemens Food Group, LLC, The Clemens Family Corporation, Hormel Foods Corporation, Seaboard Foods LLC, Smithfield Foods, Inc., Triumph Foods, LLC, Tyson Foods, Inc., Tyson Prepared Foods, Inc., Tyson Fresh Meats, Inc., and Agri Stats, Inc.

Indirect Purchaser Plaintiffs have reached the Settlement with one Defendant, JBS, but the Indirect Purchasers' case is proceeding against other Defendants. Those other Defendants may be subject to separate settlements, judgments, or class certification orders. If applicable, you will receive a separate notice regarding the progress of the litigation and any resolution of claims against other Defendants.

JBS has denied all allegations of wrongdoing in this lawsuit and would allege numerous defenses to Plaintiffs' claims if the case against it were to proceed.

## 2.   What is a class action, and who is involved?

In a class action lawsuit, one or more people or businesses called class representatives sue on behalf of others who have similar claims, all of whom together are a "class." Individual class members do not have to file a lawsuit to participate in the class action settlement, or be bound by the judgment in the class action. One court resolves the issues for everyone in the class, except for those who exclude themselves from the class.

## 3.   Why is there a Settlement?

The Court did not decide in favor of Indirect Purchaser Plaintiffs or JBS. Indirect Purchaser Plaintiffs believe they may have won at trial and possibly obtained a greater recovery. JBS believes the Indirect Purchaser Plaintiffs may not have succeeded at class certification or won at a trial. But litigation involves risks to both sides, and therefore Indirect Purchaser Plaintiffs and JBS have agreed to the Settlement. The Settlement requires JBS to pay money, as well as provide specified cooperation in the Indirect Purchaser Plaintiffs' continued prosecution of the litigation. Indirect Purchaser Plaintiffs and their attorneys believe the Settlement is in the best interests of all Settlement Class Members.

## 4.   What if I received previous communications regarding this lawsuit?

You may have received other communications regarding this lawsuit, including solicitations by other attorneys seeking to represent you as a plaintiff in an individual (or "direct action") lawsuit against Defendants. These communications were not approved by the Court and did not come from Court-appointed Co-Lead Counsel. You should carefully review this notice and your rights as a potential member of the Settlement Class before deciding whether to opt out or stay in the Settlement Class.

# WHO IS IN THE SETTLEMENT CLASS?

## 5.   Am I part of the Settlement Class?

The Court decided that, for settlement purposes, members of the Settlement Class are defined as:

All persons and entities who indirectly purchased Pork from any of the Defendants or any co-conspirator, or their respective subsidiaries or affiliates, for personal use in the United States from January 1, 2009, through April 2, 2021.

All class members are members of the nationwide class. Only class members in the following jurisdictions are eligible to recover money from the settlement funds: Arizona, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Rhode Island, South Carolina, Tennessee, Utah, Virginia, and West Virginia. These states allow for standing of indirect purchasers, the class alleged here. If you satisfy these criteria, then you are a member of the Settlement Class, subject to the exception listed in the answer to Question 6 below.

While this Settlement is only with JBS, the Settlement Class includes persons who purchased Pork products (as defined in the Settlement Agreement) from *any* of the Defendants or their co-conspirators. If you are a member of the Settlement Class and do not exclude yourself, you may be eligible to participate in (or exclude yourself from) any additional settlements which may arise with any other Defendants in the case.

### 6.   Are there exceptions to being included?

Yes. Specifically excluded from the Settlement Class are the Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of any Defendant. Also excluded from this Settlement Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

If you are in one of these categories, you are not a member of the Settlement Class and not eligible to participate in the Settlement.

### 7.   I'm still not sure if I'm included.

If you are still not sure if you are included, please review the detailed information contained in the Settlement Agreement, available for download at www.overchargedforpork.com.

## THE BENEFITS OF THE SETTLEMENT AGREEMENT WITH JBS

### 8.   What does the Settlement with JBS provide?

If the Settlement is approved, JBS will pay $20,000,000 to resolve all Settlement Class Members' claims against JBS for the Released Claims (as defined in the Settlement Agreement). In addition to this monetary benefit, JBS has also agreed to provide specified cooperation in the Indirect Purchaser Plaintiffs' continued prosecution of the litigation.

### 9.   What are the Settlement benefits being used for?

No money will be distributed yet. Co-Lead Counsel will continue to pursue the lawsuit against the other Defendants. Co-Lead Counsel may request that the Court award attorneys' fees and permit the reimbursement of certain litigation costs and expenses. If such request is made at this time, it will be filed at least fourteen days before the objection deadline and posted on the website www.overchargedforpork.com at that time. Co-Lead Counsel believes that the total amount of attorneys' fees sought will be no more than 33.3% of the Settlement Fund or $6,666,666.66, and the total amount of costs sought will be no more than $350,000. All Settlement funds that remain after payment of the Court-ordered attorneys' fees, costs, and expenses will be distributed at the conclusion of the lawsuit or as ordered by the Court.

### 10. What am I giving up by staying in the Settlement Class?

Unless you exclude yourself, you are staying in the Settlement Class, which means that you cannot sue, continue to sue, or be part of any other lawsuit against JBS that pertains to the Released Claims (as defined in the Settlement

Agreement). It also means that all of the Court's orders will apply to you and legally bind you. The Released Claims are detailed in the Settlement Agreement, available at www.overchargedforpork.com.

You are not releasing your claims against any Defendant other than JBS by staying in the Settlement Class.

### 11. How Can I Get a Payment from the Settlement?

To receive money, you must submit a valid Claim Form. You have the option to submit a Claim Form online or by mail. Both options are available at www.overchargedforpork.com. You must submit your Claim Form online or by mail.

### 12. How Much Money Can I Get?

At this time, it is unknown how much each Settlement Class Member that submits a valid claim will receive. Payments will be based on a number of factors, including the number of valid claims filed by all members of the Settlement Class. No money will be distributed yet. Co-Lead Counsel will continue to pursue the lawsuit against the other Defendants.

### 13. What happens if I do nothing at all?

If you do nothing, you will remain a member of the Settlement Class and participate in this Settlement. You will also have the opportunity to participate in (or exclude yourself from) any future settlements or judgments obtained by Indirect Purchaser Plaintiffs.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14. How do I exclude myself from the Settlement with JBS?

If you do not want the benefits offered by the Settlement and you do not want to be legally bound by the terms of the Settlement, or if you wish to pursue your own separate lawsuit against JBS, you must exclude yourself by submitting a written request to the Settlement Administrator stating your intent to exclude yourself from the Settlement Class (an "Exclusion Request"). Your Exclusion Request must include the following: (a) your name and address; (b) a statement that you want to be excluded from the Settlement Class in *In re Pork Antitrust Litigation (Indirect Purchaser Actions)*; and (c) your signature. You must mail your Exclusion Request, postmarked or received by October 20, 2021, to: Pork Indirect Purchaser Litigation, Attn: EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217.

### 15. If I don't exclude myself, can I sue JBS for the same thing later?

No. Unless you exclude yourself, you give up the right to sue JBS for the same claims that the Settlement resolves. If you have a pending lawsuit against JBS, speak to your lawyer in that lawsuit immediately to determine whether you must exclude yourself from this Settlement Class to continue your own lawsuit against JBS.

By staying in the lawsuit, you are not releasing your claims in this case against any Defendant other than JBS.

## OBJECTING TO THE SETTLEMENT

### 16. How do I tell the Court that I don't like the Settlement?

If you are a member of the Settlement Class and have not excluded yourself from the Settlement, you can object to the Settlement if you don't like part or all of it. The Court will consider your views.

To object, you must send a letter or other written statement saying that you object to the Settlement with JBS in *In re Pork Antitrust Litigation (Indirect Purchaser Actions)* and the reasons why you object to the Settlement. Be sure to

include your full name, current mailing address, and email address. Your objection must be signed. You may include or attach any documents that you would like the Court to consider. Do not send your written objection to the Court or the judge. Instead, mail the objection to the Settlement Administrator, Co-Lead Counsel, and counsel for JBS at the addresses listed below. Your objection must be postmarked no later than October 20, 2021.

| **Settlement Administrator:** | **Indirect Purchaser Plaintiffs' Co-Lead Counsel:** | **Counsel for JBS:** |
|---|---|---|
| Pork Indirect Purchaser Litigation ATTN: OBJECTIONS c/o A.B. Data, Ltd. P.O. Box 173001 Milwaukee, WI 53217 | Shana E. Scarlett HAGENS BERMAN SOBOL SHAPIRO LLP 715 Hearst Avenue, Suite 202 Berkeley, CA 94710 | Stephen R. Neuwirth Sami H. Rashid QUINN EMANUEL URQUHART & SULLIVAN, LLP 51 Madison Avenue, 22nd Floor New York, NY 10010 |
| | Daniel E. Gustafson Daniel C. Hedlund GUSTAFSON GLUEK PLLC 120 South 6th Street, Suite 2600 Minneapolis, MN 55402 | |

## 17. What is the difference between excluding myself and objecting?

Objecting is telling the Court that you do not like something about the Settlement. You can object only if you do not exclude yourself from the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no standing to object because the Settlement no longer affects you.

# THE LAWYERS REPRESENTING YOU

## 18. Do I have a lawyer in this case?

The Court has appointed Hagens Berman Sobol Shapiro LLP and Gustafson Gluek PLLC as Co-Lead Counsel for the Settlement Class. If you wish to remain a member of the Settlement Class, you do not need to hire your own lawyer because Co-Lead Counsel is working on your behalf. If you wish to pursue your own case separate from this one, or if you exclude yourself from the Settlement Class, these lawyers will no longer represent you. You will need to hire your own lawyer if you wish to pursue your own lawsuit against JBS.

## 19. How will the lawyers be paid?

At the fairness hearing, or at a later date, Co-Lead Counsel will ask the Court for attorneys' fees based on their services in this litigation, not to exceed 33.3% of the Settlement Funds, and may ask to be reimbursed for certain expenses already incurred on behalf of the Settlement Class in an amount not to exceed $350,000. Any payment to the attorneys will be subject to Court approval, and the Court may award less than the requested amount. The attorneys' fees, costs, and expenses that the Court orders, plus the costs to administer the Settlement, will come out of the Settlement Fund. Co-Lead Counsel may seek additional attorneys' fees, costs, and expenses from any other settlements or recoveries obtained in the future. When Co-Lead Counsel's motion for fees, costs, and expenses is filed, it will be available at www.overchargedforpork.com. The motion will be posted on the website at least 14 days before the deadline for objecting, commenting on, or excluding yourself from the Settlement. You will have an opportunity to comment on this request.

## THE COURT'S FAIRNESS HEARING

### 20. When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing to decide whether to approve the Settlement (the "Fairness Hearing"). You may attend and you may ask to speak, but you don't have to. The Court will hold a Fairness Hearing on November 29, 2021, at the United States District Court for the District of Minnesota, Courtroom 15, 300 South Fourth Street, Minneapolis, MN 55415. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. Pursuant to any applicable orders relating to the COVID-19 emergency or otherwise, the Fairness Hearing may take place remotely, including via telephone or video conference. The Court may also move the Fairness Hearing to a later date without providing additional notice to the Class. Updates will be posted to the Settlement website regarding the time of the Fairness Hearing and any changes to the hearing date or conduct of the Fairness Hearing.

### 21. Do I have to come to the hearing?

No. Co-Lead Counsel will answer any questions the Court may have. However, you are welcome to come at your own expense. If you send an objection, you do not have to come to court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### 22. May I speak at the hearing?

You may ask to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re Pork Antitrust Litigation (Indirect Purchaser Actions)*." Be sure to include your name, current mailing address, telephone number, and signature. Your Notice of Intention to Appear must be postmarked no later than October 20, 2021, and it must be sent to the Clerk of the Court, Co-Lead Counsel, and counsel for JBS. The address for the Clerk of the Court is: 300 South Fourth Street, Courtroom 15, Minneapolis, MN 55415. The addresses for Co-Lead Counsel and counsel for JBS are provided in Question 16. You cannot ask to speak at the hearing if you excluded yourself from the Settlement Class.

## GETTING MORE INFORMATION

### 23. How do I get more information about the Settlement?

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can find a copy of the Settlement Agreement, other important documents, and information about the current status of the litigation by visiting    www.overchargedforpork.com.    You    may    contact    the    Settlement    Administrator    at info@overchargedforpork.com or toll-free at 1-877-777-9594.

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

# EXHIBIT E

# Si compró algún producto de cerdo en los Estados Unidos de Norteamérica desde el 1 de enero de 2009 hasta el 2 de abril de 2021, una conciliación de demanda colectiva puede afectar sus derechos.

*Un tribunal federal autorizó este aviso. Esta no es una oferta de un abogado.*

- Se ha llegado a un Acuerdo de conciliación (o la "Conciliación") en una demanda colectiva antimonopolio presentada en nombre de los Demandantes del comprador indirecto ante los Demandados JBS USA Food Company, JBS USA Food Company Holdings, Swift Pork Company y entidades relacionadas o afiliadas ("JBS" o el "Demandado en conciliación"). Esta Conciliación solo se aplica a JBS y no desestima los reclamos contra otros Demandados en el caso titulado *In re Pork Antitrust Litigation (Indirect Buyer Actions)* (causa: Litigio antimonopolio de cerdo [demandas del comprador indirecto], caso n.º 0:18-cv-01776 (d. Minn.).

- Si el Tribunal lo aprobase, la Conciliación resolverá una demanda sobre si JBS combinó y conspiró en una restricción de comercio, cuyo propósito y efecto era suprimir la competencia y permitir que JBS y otros productores de cerdo cobraran precios supracompetitivos por productos de cerdo durante el Período de la conciliación de demanda colectiva, en infracción a las leyes federales y estatales. Si se aprobase la Conciliación, esta evitará los costos y riesgos de litigio para los Demandantes del comprador indirecto y JBS, y eximirá a JBS de la responsabilidad ante los miembros del Grupo de conciliación.

- La Conciliación exige que JBS pague USD 20,000,000. Además de este pago monetario, JBS ha convenido proporcionar una cooperación específica en el proceso continuo del litigio por parte de los Demandantes del comprador indirecto.

- El Tribunal no ha decidido si JBS hizo algo incorrecto y JBS niega cualquier acto ilícito.

- Sus derechos legales se verán alterados independientemente de que actuase o no. Por favor lea este aviso atentamente.

| SUS DERECHOS LEGALES Y OPCIONES EN ESTA CONCILIACIÓN | |
|---|---|
| **PRESENTAR UN RECLAMO** | La única manera de tener derecho a recibir un pago. |
| **SOLICITAR SER EXCLUIDO** | Esta es la única opción que le permite ser parte de cualquier *otra* demanda contra JBS en relación con los Reclamos eximidos (según se define en el Acuerdo de conciliación). Las solicitudes de exclusión deben tener sello postal o deben recibirse, a más tardar, el 20 de octubre de 2021. |
| **PLANTEAR UNA OBJECIÓN** | Escriba al Tribunal los motivos por los que no le agrada la Conciliación. Las objeciones deben tener sello postal, a más tardar, del 20 de octubre de 2021. |
| **ASISTIR A LA AUDIENCIA DE IMPARCIALIDAD** | Puede pedir la palabra ante el Tribunal con respecto a la imparcialidad de la Conciliación. |
| **NO HACER NADA** | Seguirá siendo parte de la Conciliación y podrá participar en cualquier distribución monetaria a los compradores calificados. La Conciliación resolverá sus reclamos contra JBS y usted renunciará a sus derechos de demandar a JBS por los Reclamos eximidos (según se define en el Acuerdo de conciliación). Quedará obligado por la sentencia. |

- Sus opciones se explican en este aviso. Para solicitar ser excluido, debe actuar antes del **20 de octubre de 2021.**

| Lo que contiene este Aviso |
|---|

INFORMACIÓN BÁSICA ................................................................................................................. 3

    1.    ¿De qué trata esta demanda? ................................................................................. 3

    2.    ¿Qué es una demanda colectiva y quién participa? .............................................. 3

    3.    ¿Por qué existe una Conciliación? ....................................................................... 3

    4.    ¿Qué sucede si hubiese recibido comunicaciones anteriores con respecto a esta demanda? ............................................................................................................... 3

¿QUIÉNES FORMAN PARTE DEL GRUPO DE CONCILIACIÓN? ......................................................... 4

    5.    ¿Soy miembro del Grupo de conciliación? .......................................................... 4

    6.    ¿Existen excepciones para ser incluido? ............................................................... 4

    7.    Aún no estoy seguro si estoy incluido. ................................................................. 4

LOS BENEFICIOS DEL ACUERDO DE CONCILIACIÓN CON JBS ...................................................... 4

    8.    ¿Qué ofrece la Conciliación con JBS? ................................................................. 4

    9.    ¿Para qué se utilizan los beneficios de la Conciliación? ...................................... 4

    10.    ¿A qué renuncio si siguiese formando parte del Grupo de conciliación? .......... 5

    11.    ¿Cómo puedo obtener un pago de la Conciliación? ............................................ 5

    12.    ¿Cuánto dinero puedo recibir? .............................................................................. 5

    13.    ¿Qué ocurre si no hiciera nada? ........................................................................... 5

EXCLUIRSE DE LA CONCILIACIÓN .............................................................................................. 5

    14.    ¿Cómo me excluyo de la Conciliación con JBS? ................................................. 5

    15.    Si no me excluyese, ¿puedo demandar a JBS por lo mismo más adelante? ....... 5

OBJECIÓN A LA CONCILIACIÓN ................................................................................................... 6

    16.    ¿Cómo le digo al Tribunal que no me agrada la Conciliación? ........................... 6

    17.    ¿Cuál es la diferencia entre excluirse y presentar una objeción? ....................... 6

LOS ABOGADOS QUE LO REPRESENTAN ...................................................................................... 6

    18.    ¿Tengo un abogado en este caso? ......................................................................... 6

    19.    ¿Cómo se les pagará a los abogados? ................................................................... 6

LA AUDIENCIA DE IMPARCIALIDAD DEL TRIBUNAL .................................................................... 7

    20.    ¿Cuándo y dónde decidirá el Tribunal si aprueba la Conciliación? .................... 7

    21.    ¿Tengo que asistir a la audiencia? ....................................................................... 7

    22.    ¿Puedo hablar en la audiencia? ............................................................................ 7

CÓMO OBTENER MÁS INFORMACIÓN ........................................................................................... 7

    23.    ¿Cómo obtengo más información sobre la Conciliación? ..................................... 7

## INFORMACIÓN BÁSICA

### 1.  ¿De qué trata esta demanda?

Esta demanda colectiva se denomina *In re Pork Antitrust Litigation (Indirect Buyer Actions)*, caso n.º 0:18-cv-01776 (D. Minn.) y está pendiente en el Tribunal de distrito de los Estados Unidos de Norteamérica para el distrito de Minnesota. El Juez del tribunal de distrito de los EE. UU. John R. Tunheim está a cargo de esta demanda colectiva.

Los Demandantes del comprador indirecto alegan que los Demandados y sus coconspiradores conspiraron y combinaron para fijar, aumentar, mantener y estabilizar el precio de los productos de cerdo, al 1 de enero de 2009, con la intención y el resultado esperado de aumentar los precios de los productos de cerdo en los Estados Unidos de Norteamérica, en infracción a las leyes antimonopolio y de consumo federales y estatales.

Los Demandados y los coconspiradores mencionados en la Segunda demanda colectiva consolidada modificada de los Demandantes del comprador indirecto del consumidor son productores de productos de cerdo en los Estados Unidos de Norteamérica, así como Agri Stats, Inc. En este aviso, los "Demandados" se refiere a JBS USA Food Company, JBS USA Food Company Holdings, Clemens Food Group, LLC, The Clemens Family Corporation, Hormel Foods Corporation, Seaboard Foods LLC, Smithfield Foods, Inc., Triumph Foods, LLC, Tyson Foods, Inc., Tyson Prepared Foods, Inc., Tyson Fresh Meats, Inc. y Agriens, Inc.

Los Demandantes del comprador indirecto han llegado a la Conciliación con un Demandado, JBS, pero el caso de los Compradores indirectos está en proceso contra otros Demandados. Esos otros Demandados pueden estar sujetos a conciliaciones, sentencias u órdenes de certificación colectiva por separado. Si correspondiese, recibirá un aviso por separado con respecto al progreso del litigio y cualquier resolución de reclamos contra otros Demandados.

JBS ha negado todas las acusaciones de actos ilícitos en esta demanda y alegaría numerosas defensas a los reclamos de los Demandantes si el caso en su contra fuera a proceder.

### 2.  ¿Qué es una demanda colectiva y quién participa?

En una demanda colectiva, una o más personas o compañías a las que se denomina los representantes del grupo demandan en nombre de otros que tienen reclamos similares, todos los cuales en conjunto forman un "grupo". Los miembros individuales del grupo no tienen que presentar una demanda para participar en la Conciliación de demanda colectiva ni quedar obligados por la sentencia de la demanda colectiva. Un tribunal resuelve los problemas de todos los miembros del grupo, excepto los de aquellos que se excluyesen del grupo.

### 3.  ¿Por qué existe una Conciliación?

El Tribunal no falló a favor de los Demandantes del comprador indirecto ni de JBS. Los Demandantes del comprador indirecto creen que pueden haber ganado el juicio y posiblemente haber obtenido una mayor compensación. JBS cree que los Demandantes del comprador indirecto pueden no haber tenido éxito en la certificación colectiva o no haber ganado en un juicio. Pero el litigio implica riesgos para ambas partes y, por lo tanto, los Demandantes del comprador indirecto y JBS han aceptado la Conciliación. La Conciliación exige que JBS pague dinero, así como que también proporcione una cooperación específica en el proceso continuo de litigio por parte de los Demandantes del comprador indirecto. Los Demandantes del comprador indirecto y sus abogados consideran que la Conciliación es lo mejor para todos los Miembros del grupo de conciliación.

### 4.  ¿Qué sucede si hubiese recibido comunicaciones anteriores con respecto a esta demanda?

Puede haber recibido otras comunicaciones con respecto a esta demanda, incluidas las solicitudes de otros abogados que buscan representarlo como demandante en una demanda individual (o la "demanda directa") contra los Demandados. Estas comunicaciones no fueron aprobadas por el Tribunal y no provenían de los Abogados principales adjuntos designados por el Tribunal. Debe revisar detenidamente este aviso y sus derechos como posible miembro del Grupo de conciliación antes de decidir si desea excluirse de dicho Grupo de conciliación o permanecer en él.

## ¿QUIÉNES FORMAN PARTE DEL GRUPO DE CONCILIACIÓN?

### 5.   ¿Soy miembro del Grupo de conciliación?

El Tribunal decidió que, a los fines de la conciliación, los miembros del Grupo de conciliación se definen como:

> todas las personas y entidades que compraron indirectamente cerdo a cualquiera de los Demandados o a cualquier coconspirador o sus respectivas subsidiarias o afiliadas, para uso personal en los Estados Unidos de Norteamérica desde el 1 de enero de 2009 hasta el 2 de abril de 2021.

Todos los miembros del grupo son miembros del grupo nacional. Solo los miembros del grupo en las jurisdicciones siguientes tienen derecho a recuperar dinero de los fondos de la Conciliación: Arizona, California, distrito de Columbia, Florida, Hawái, Illinois, Iowa, Kansas, Maine, Massachusetts, Míchigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, Nuevo Hampshire, Nuevo México, Nueva York, Carolina del Norte, Dakota del Norte, Rhode Island, Carolina del Sur, Tennessee, Utah, Virginia y Virginia Occidental. Estos estados permiten la legitimación de los compradores indirectos, el grupo alegado aquí. Si cumpliese con estos criterios, entonces, es miembro del Grupo de conciliación, sujeto a la excepción que se indica en la respuesta a la pregunta 6 a continuación.

Aunque esta Conciliación es solo con JBS, el Grupo de conciliación incluye a personas que compraron productos de cerdo (según se define en el Acuerdo de conciliación) a *cualquiera* de los Demandados o sus coconspiradores. Si fuese miembro del Grupo de conciliación y no se excluyese, puede tener derecho a participar (o puede excluirse) de cualquier conciliación adicional que pudiese surgir con cualquier otro Demandado en el caso.

### 6.   ¿Existen excepciones para ser incluido?

Sí, quedan específicamente excluidos del Grupo de conciliación los Demandados; los ejecutivos, directores o empleados de cualquier Demandado; cualquier entidad en la que cualquier Demandado tuviese una participación mayoritaria y cualquier afiliada, representante legal, heredero o cesionario de cualquier Demandado. También se excluyen de este Grupo de conciliación a cualquier entidad gubernamental federal, estatal o local, cualquier funcionario judicial que presidiese esta acción y los miembros de su familia inmediata y personal judicial y cualquier jurado asignado a esta demanda.

Si se encontrase en una de estas categorías, no es miembro del Grupo de conciliación y no tiene derecho a participar en la Conciliación.

### 7.   Aún no estoy seguro si estoy incluido.

Si aún no estuviese seguro de estar incluido, revise la información detallada contenida en el Acuerdo de conciliación, disponible para descargar en www.overchargedforpork.com.

## LOS BENEFICIOS DEL ACUERDO DE CONCILIACIÓN CON JBS

### 8.   ¿Qué ofrece la Conciliación con JBS?

Si se aprobase la Conciliación, JBS pagará USD 20,000,000 para resolver todos los reclamos de los Miembros del grupo de conciliación contra JBS por los Reclamos eximidos (según se define en el Acuerdo de conciliación). Además de este beneficio monetario, JBS ha acordado además proporcionar una cooperación específica en el proceso continuo del litigio por parte de los Demandantes del comprador indirecto.

### 9.   ¿Para qué se utilizan los beneficios de la Conciliación?

No se distribuirá dinero todavía. Los Abogados principales adjuntos continuarán entablando la demanda contra los otros Demandados. Los Abogados principales adjuntos pueden solicitar que el Tribunal otorgue los honorarios de los abogados y permita el reembolso de ciertos costos y gastos del litigio. Si dicha solicitud se realizara en este momento,

se presentará al menos catorce días antes de la fecha límite de la objeción y se publicará en el sitio web www.overchargedforpork.com en ese momento. Los Abogados principales adjuntos consideran que el monto total de los honorarios de abogados solicitado no superará el 33.3 % del Fondo de la conciliación o USD 6,666,666,66 y el monto total de los costos solicitado no superará los USD 350,000. Todos los Fondos de la conciliación que quedasen después del pago de los honorarios de abogados aprobados por el Tribunal, los gastos y costas se distribuirán al finalizar el juicio o conforme lo ordenase el Tribunal.

## 10. ¿A qué renuncio si siguiese formando parte del Grupo de conciliación?

Salvo que se excluyese, permanece en el Grupo de conciliación, lo que significa que no puede demandar, continuar demandando o ser parte de cualquier otra demanda contra JBS que se relacionase con los Reclamos eximidos (según se define en el Acuerdo de conciliación). También implica que las órdenes del Tribunal serán válidas para usted y lo obligarán legalmente. Los Reclamos eximidos se detallan en el Acuerdo de conciliación, disponible en www.overchargedforpork.com.

Al permanecer en el Grupo de conciliación, usted no renuncia a sus reclamos contra ningún Demandado que no fuese JBS.

## 11. ¿Cómo puedo obtener un pago de la Conciliación?

Para recibir dinero, debe presentar un Formulario de reclamo válido. Tiene la opción de enviar el Formulario de reclamo en línea o por correo electrónico. Ambas opciones están disponibles en www.overchargedforpork.com. Debe enviar el Formulario de reclamo en línea o por correo electrónico.

## 12. ¿Cuánto dinero puedo recibir?

En este momento, se desconoce la cantidad que recibirá cada Miembro del grupo de conciliación que presentase un reclamo válido. Los pagos se basarán en una serie de factores, incluida la cantidad de reclamos válidos presentados por todos los miembros del Grupo de conciliación. No se distribuirá dinero todavía. Los Abogados principales adjuntos continuarán entablando la demanda contra los otros Demandados.

## 13. ¿Qué ocurre si no hiciera nada?

Si no hiciera nada, seguiría siendo miembro del Grupo de conciliación y participará en esta Conciliación. También tendrá la oportunidad de participar (o excluirse de) cualquier conciliación o sentencia futuras obtenidas por los Demandantes del comprador indirecto.

# EXCLUIRSE DE LA CONCILIACIÓN

## 14. ¿Cómo me excluyo de la Conciliación con JBS?

Si no desea los beneficios ofrecidos por la Conciliación y no deseara quedar legalmente obligado por los términos de la Conciliación o si deseara iniciar su propia demanda por separado contra JBS, debe excluirse mediante la presentación de una solicitud por escrito al Administrador de la conciliación que indicase su intención de excluirse del Grupo de conciliación (una "Solicitud de exclusión"). Su Solicitud de exclusión debe incluir lo siguiente: (a) su nombre y dirección; (b) una declaración de que desea ser excluido del Grupo de conciliación de *In re Pork Antitrust Litigation (Indirect Buyer Actions)* y (c) su firma. La Solicitud de exclusión debe enviarse por correo, con sello postal o debe recibirse antes del 20 de octubre de 2021 a: Pork Indirect Purchaser Litigation, Attn: EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217.

## 15. Si no me excluyese, ¿puedo demandar a JBS por lo mismo más adelante?

No, salvo que se excluyese, renuncia al derecho de demandar a JBS por los mismos reclamos que la Conciliación resuelve. Si tuviese una demanda pendiente contra JBS, hable con su abogado en esa demanda de inmediato para determinar si debe excluirse de este Grupo de conciliación para continuar su propia demanda contra JBS.

Al permanecer en el Grupo de conciliación, no renuncia a sus reclamos en este caso contra ningún Demandado que no fuese JBS.

## OBJECIÓN A LA CONCILIACIÓN

### 16. ¿Cómo le digo al Tribunal que no me agrada la Conciliación?

Si fuese miembro del Grupo de conciliación y no se hubiese excluido de dicha Conciliación, puede objetar la Conciliación si esta no le agradase en su totalidad o en parte. El Tribunal considerará su opinión.

Para objetar, debe enviar una carta u otra declaración escrita en la que indique que objeta la Conciliación con JBS en *In re Pork Antitrust Litigation (Indirect Buyer Actions)* y los motivos por los que objeta dicha Conciliación. Debe incluir su nombre y apellido, dirección postal actual y dirección de correo electrónico. Su objeción debe estar firmada. Puede incluir o adjuntar cualquier documento que deseara que el Tribunal considerase. No envíe su objeción por escrito al Tribunal o al juez. En su lugar, envíe por correo la objeción al Administrador de la conciliación, a los Abogados principales adjuntos y al abogado de JBS a las direcciones que se indican a continuación. Su objeción debe tener fecha de sello postal, a más tardar, del 20 de octubre de 2021.

| **Administrador de la conciliación:** | **Abogados principales adjuntos de los Demandantes del comprador indirecto:** | **Abogados de JBS:** |
|---|---|---|
| Pork Indirect Purchaser Litigation ATTN: OBJECTIONS c/o A.B. Data, Ltd. P.O. Box 173001 Milwaukee, WI 53217 | Shana E. Scarlett HAGENS BERMAN SOBOL SHAPIRO LLP 715 Hearst Avenue, Suite 202 Berkeley, CA 94710  Daniel E. Gustafson Daniel C. Hedlund GUSTAFSON GLUEK PLLC 120 South 6th Street, Suite 2600 Minneapolis, MN 55402 | Stephen R. Neuwirth Sami H. Rashid QUINN EMANUEL URQUHART & SULLIVAN, LLP 51 Madison Avenue, 22nd Floor Nueva York, NY 10010 |

### 17. ¿Cuál es la diferencia entre excluirse y presentar una objeción?

La objeción consiste en informarle al Tribunal que no le gusta alguna parte de la Conciliación. Solo puede presentar una objeción si no se excluyese de la Conciliación. Excluirse es informarle al Tribunal que no desea formar parte del Grupo de conciliación. Si se excluyese, no tendrá fundamento para objetar porque la Conciliación ya no lo afectará.

## LOS ABOGADOS QUE LO REPRESENTAN

### 18. ¿Tengo un abogado en este caso?

El Tribunal ha designado a Hagens Berman Sobol Shapiro LLP y Gustafson Gluek PLLC como los Abogados principales adjuntos del Grupo de conciliación. Si deseara seguir siendo miembro del Grupo de conciliación, no es necesario que contratase a su propio abogado porque los Abogados principales adjuntos están trabajando en su nombre. Si deseara iniciar su propio caso por separado o si se excluyese del Grupo de conciliación, estos abogados ya no lo representarán. Deberá contratar a su propio abogado si deseara iniciar su propia demanda contra JBS.

### 19. ¿Cómo se les pagará a los abogados?

En la audiencia de imparcialidad o en una fecha posterior, los Abogados principales adjuntos solicitarán al Tribunal los honorarios de los abogados en función de sus servicios en este litigio, que no superasen el 33.3 % de los Fondos de la conciliación y podrán solicitar el reembolso de ciertos gastos ya incurridos en nombre del Grupo de conciliación por un monto que no superase los USD 350,000. Todo pago a los abogados estará sujeto a la aprobación del Tribunal y el Tribunal podrá otorgar un monto inferior al solicitado. Los honorarios de abogados, costos y gastos que ordenase el Tribunal, más los costos para administrar la Conciliación, provendrán del Fondo de la conciliación. Los Abogados principales adjuntos pueden solicitar honorarios de abogados, costos y gastos adicionales de cualquier otra conciliación o compensación obtenida en el futuro. Cuando se presentase la solicitud de honorarios, costos y gastos de los Abogados principales adjuntos, estará disponible en www.overchargedforpork.com. La solicitud se publicará en el sitio web, al menos, 14 días antes de la fecha límite para objetar, comentar o excluirse de la Conciliación. Tendrá la oportunidad de hacer comentarios sobre esta solicitud.

## LA AUDIENCIA DE IMPARCIALIDAD DEL TRIBUNAL

### 20. ¿Cuándo y dónde decidirá el Tribunal si aprueba la Conciliación?

El Tribunal llevará a cabo una audiencia para decidir si aprueba la Conciliación (la "Audiencia de imparcialidad"). Puede asistir y puede solicitar hablar, pero no tiene la obligación de hacerlo. El Tribunal llevará a cabo una Audiencia de imparcialidad el 29 de noviembre de 2021, en el Tribunal de distrito de los Estados Unidos de Norteamérica para el distrito de Minnesota, sala 15, 300 South Fourth Street, Minneapolis, MN 55415. En esta audiencia, el Tribunal considerará si la Conciliación es justa, razonable y adecuada. Si hubiese objeciones, el Tribunal las considerará. El Tribunal escuchará a quienes hubiesen solicitado hablar en la audiencia. Después de la audiencia, el Tribunal decidirá si aprueba la Conciliación. No sabemos cuánto tardarán estas decisiones. De conformidad con cualquier orden aplicable relacionada con la emergencia de la COVID-19 o de otro modo, la Audiencia de imparcialidad puede realizarse de forma remota, incluso por teléfono o videoconferencia. El Tribunal también puede cambiar la Audiencia de imparcialidad a una fecha posterior sin proporcionar una notificación adicional al Grupo. Las actualizaciones se publicarán en el sitio web de la Conciliación con respecto al momento de la Audiencia de imparcialidad y cualquier cambio en la fecha de la audiencia o la realización de la Audiencia de imparcialidad.

### 21. ¿Tengo que asistir a la audiencia?

No, los Abogados principales adjuntos contestarán las preguntas que el Tribunal tuviese. Sin embargo, puede asistir si lo deseara, a su cargo exclusivo. Si enviase una objeción, no será necesario que se presentase ante el Tribunal para hablar sobre ella. Siempre que hubiese enviado su objeción por escrito por correo postal en debido tiempo y forma, el Tribunal la considerará. También puede pagarle a su propio abogado para que concurriese, aunque no es necesario que lo hiciera.

### 22. ¿Puedo hablar en la audiencia?

Puede solicitar permiso para hablar en la Audiencia de imparcialidad. Para hacerlo, debe enviar una carta en la que indicase que es su "Aviso de intención de comparecer en el litigio *In re Pork Antitrust Litigation (Indirect Purchaser Actions)*". Debe incluir su nombre, dirección actual, número de teléfono y firma. Su Aviso de intención de comparecer debe tener fecha de sello postal anterior al 20 de octubre de 2021 y debe enviarse al secretario del Tribunal, a los Abogados principales adjuntos y al abogado de JBS. La dirección del secretario del Tribunal es: 300 South Fourth Street, Courtroom 15, Minneapolis, MN 55415. Las direcciones de los Abogados principales adjuntos y los Abogados de JBS se proporcionan en la pregunta 16. No podrá solicitar hablar en la audiencia si se excluyese del Grupo de conciliación.

## CÓMO OBTENER MÁS INFORMACIÓN

### 23. ¿Cómo obtengo más información sobre la Conciliación?

Este aviso resume la Conciliación propuesta. Encontrará más detalles en el Acuerdo de conciliación. Puede encontrar una copia del Acuerdo de conciliación, otros documentos importantes e información sobre el estado actual del litigio a

través de www.overchargedforpork.com. Puede comunicarse con el Administrador de la conciliación a info@overchargedforpork.com o al número gratuito 1-877-777-9594.

**NO SE COMUNIQUE CON EL TRIBUNAL CON RESPECTO A ESTE AVISO.**