CASE 0:18-cv-01776-JRT-JFD Doc. 998 Filed 11/16/21 Page 1 of 3

RECEIVED BY MAIL NOV 16 2021 CLERK U.S. DISTRICT COURT MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/HB) |
| This document relates to:<br>Indirect Purchaser Actions | |

## NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HUANG OBJECTION TO CLASS CERTIFICATION DEFECTS [ECF NO. 948]

Objector Shiyang Huang respectfully submits *In re Pre-filled Propane Tank Antitrust Litig.*, No. 14-MD-2567-GAF, ECF No. 607 (W.D. Mo. Nov. 9, 2021) ("*Propane*") in support of his Objection to Class Certification by the Consumer Indirect Purchaser Plaintiffs ("CIPPs") *See* **ECF No. 948** (Huang objection to CIPP's utter lack of evidence to survive the requirements for class certification.) *Propane* court's denial of class certification—over contested expert evidence—is *a fortiori* that requires denial of CIPP's **evidence-less** class certification request.

The *Propane* Court—also bound by decisions of the Eighth Circuit—noted the rigorous analysis requirements to certify a class under Federal Rules of Civil Procedure 23.

> Plaintiffs here seek to certify a Rule 23(b)(3) class. "For certification under Rule 23(b)(3), the party **must show** that 'questions of law or fact common to class members predominate over any questions affecting only individual members.'" *Hudock v. LG Electronics U.S.A., Inc.*, --- F.4th ----, 2021 WL 4029769, at *1 (8th Cir. Aug. 25, 2021) (quoting *Comcast*, 569 U.S. at 34). "An individual question is one where members of a proposed class will need to present evidence that varies from member to member, while **a common question is one where the same evidence will suffice for each member** to make a prima facie showing or the issue is susceptible to generalized, class-wide proof." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016). [...] Predominance is lacking in circumstances where a **plaintiff's common proof of impact fails to show** that all or nearly all class members were in fact injured. [...]



*Propane,* slip op. at 7 (emphasis added).[1] *Accord* Huang Objection, ECF No. 948.

Even contested evidence may fail to satisfy the "demanding" requirements of Rule 23 in *Propane*.[2] Thus, it is only a *fortiori* that **no evidence** requires a denial here, because

> [a] party seeking class certification "must affirmatively demonstrate his compliance" with Rule 23. The movant must, among other things, satisfy "through evidentiary proof at least one of the provisions of Rule 23(b)." Id. For certification under Rule 23(b)(3), the party must show that "questions of law or fact common to class members predominate over any questions affecting only individual members." [...] The predominance requirement is "demanding"; a court considering certification pursuant to Rule 23(b)(3) must take a "close look at whether common questions predominate over individual ones."

*Hudock v. LG Electronics U.S.A., Inc.,* --- F.4th ----, 2021 WL 4029769, at *1 (8th Cir. Aug. 25, 2021) (citations omitted).

## CONCLUSION

For the foregoing reasons, CIPPs' lack of *any* evidence is fatal to their class certification under Rule 23(b)(3).

Date: November 12, 2021                        Respectfully Submitted,

/s/Shiyang Huang
Shiyang Huang
2800 SW Engler Ct.,
Topeka, KS 66614
(314) 669-1858
defectivesettlement@gmail.com

---

[1] While the *Propane Court* cited out-of-circuit cases on class members' standing, the Eighth Circuit adopted with the Second Circuit's view that "[a]lthough federal courts "do not require that each member of a class submit evidence of personal standing," a class cannot be certified if it contains members who lack standing. *Halvorson v. Auto-Owners Ins. Co.,* 718 F.3d 773, 778 (8th Cir. 2013) (quoting *Avritt v. Reliastar Life Ins. Co.,* 615 F.3d 1023, 1029 (8th Cir. 2010)).
[2] *See also Johannessohn v. Polaris Indus., Inc.,* 9 F.4th 981, 2021 WL 3700153, at *4 (8th Cir. 2021) (observing "evidence at the class certification stage" reveals uninjured class members).

## **CERTIFICATE OF SERVICE**

I certify that on or before November 12, 2021, a true and correct copy of the foregoing was filed with the Clerk of Court by U.S. mail. CM/ECF will then notify all counsels of record electronically.

Parties can and are encouraged to serve any filings to defectivesettlement@gmail.com to constitute service under Fed. R. Civ. Proc. 5(b) in light of the COVID-19 pandemic.

/s/ Shiyang Huang