UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFF ACTION | Civil No. 18-1776 (JRT/HB)<br><br>ORDER REGARDING COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, SET ASIDE FOR FUTURE LITIGATION EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS |

The above matter came before the Court on the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") motion for an award of attorney fees, reimbursement of litigation expenses, set aside for future litigation expenses, and class representative service awards from funds received pursuant to a settlement with Defendants JBS USA Food Company, JBS USA Food Company Holdings, and Swift Pork Company (collectively "JBS Defendants").

The Court has reviewed the memorandum submitted by the CIIPPs in support of their motion and has reviewed the various declarations and submissions relating to that motion. The Court held a hearing on November 3, 2021 and appearances were noted on the record.

1

Based on the record and proceedings before the Court, it is hereby **ORDERED:**

1. The Court has considered the relevant case law and authority and finds that awards of attorney fees and reimbursement of expenses to the CIIPPs and their counsel are appropriate under Federal Rules of Civil Procedure 23(h) and 54(d)(2). Notice of the request for fees and reimbursement of expenses was provided to the potential class members via direct and published notice and a settlement web site that identified relevant documents and pleadings.

2. The Court has considered the reaction of the class members to this fee and reimbursement request.

3. The Court **GRANTS** the CIIPPs' request for reimbursement of past litigation expenses in the amount of $338,851.91. "It is well established that counsel who create a common fund like the one at issue are entitled to the reimbursement of litigation costs and expenses, which include such things as expert witness costs, mediation costs, computerized research, court reports, travel expenses, and copy, telephone, and facsimile expenses." *Krueger v. Ameriprise Fin., Inc.*, No. 11-2781, 2015 WL 4246879, at *3 (D. Minn. July 13, 2015).

4. The past litigation expenses incurred by counsel for the CIIPPs were reasonable and necessary and were of the type normally awarded in class action litigation. *See, e.g.*, Fed. R. Civ. P. 23(h); *Khoday*, No. 11–180, 2016 WL 1637039, at *12 (D. Minn. April 5, 2016) ("Courts generally allow plaintiffs' counsel in a class

action to be reimbursed for costs and expenses out of the settlement fund, so long as those costs and expenses are reasonable and relevant to the litigation."); *In re Zurn Pex Plumbing Prod. Liab. Litig.*, No. 08-1958, 2013 WL 716460, at *5 (D. Minn. Feb. 27, 2013); *Yarrington v. Solvay Pharms., Inc.*, 697 F. Supp. 2d 1057, 1067 (D. Minn. 2010). The past litigation expenses incurred in the prosecution of this case shall be reimbursed from the settlement fund.

5.  The Court **GRANTS** the CIIPPs' request to establish a fund for future litigation expenses in the amount of $1,020,000.00. Allowing a portion of class settlement funds to be used for future expenses is a well-accepted practice. *See, e.g.*, *Newby v. Enron Corp.*, 394 F.3d 296, 302 (5th Cir. 2004) (affirming 37.5 percent set aside for establishment of a $15 million litigation expense fund from the proceeds of a partial settlement); *In re Auto Parts Antitrust Litig.*, No. 12-2311, 2018 WL 7108072, at *2 (E.D. Mich. Nov. 5, 2018); *In re Auto Parts Antitrust Litig.*, No. 12-2311, 2016 WL 9459355, at *2 (E.D. Mich. Nov. 29, 2016) (approving request to set aside nearly $10 million for use in future litigation); *In re Auto Parts Antitrust Litig.*, No. 12-2311, 2015 WL 13715591, at *2 (E.D. Mich. Dec. 7, 2015); *In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. 07-5634, 2015 WL 3396829, at *3 (N.D. Cal. May. 26, 2015); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 584 F. Supp. 2d 697, 702 (M.D. Pa. 2008); *In re WorldCom, Inc. Sec. Litig.*, No. 02-3288, 2004 WL 2591402, at *22 (S.D.N.Y. Nov. 12, 2004); *In re California Micro Devices Sec. Litig.*, 965 F. Supp. 1327, 1337 (N.D. Cal.

1997); *see also* Manual for Complex Litigation (Fourth) at § 13.21 ("[P]artial settlements may provide funds needed to pursue the litigation . . . . ").

6. As indicated in the memorandum the CIIPPs submitted in support of this motion, the future litigation expenses will only be used for reasonable expenses incurred in the ongoing litigation against the remaining Defendants. If the future litigation fund is not fully used, counsel for the CIIPPs shall first consult with the Court before returning the unused funds for distribution to class members who filed valid claims, but counsel for the CIIPPs is awarded a fee of 30 percent of these unused funds.

7. The Court authorizes class counsel for the CIIPPs to pay the future costs of the settlement claims administration (being handled by Epiq Systems) from the future litigation expense set aside fund.

8. The Court will award fees to counsel for the CIIPPs using the percentage-of-the-fund approach. "A routine calculation of fees involves the common-fund doctrine, which is based on a percentage of the common fund recovered." *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 991 (D. Minn. 2005) (citing *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984)); *see also In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002)); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a

whole."). "In the Eighth Circuit, use of a percentage method of awarding attorney fees in a common-fund case is not only approved, but also 'well established.'" *In re Xcel*, 364 F. Supp. 2d at 991 (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999); *see also Khoday*, 2016 WL 1637039, at *8–9.

9. Counsel for the CIIPPs request a fee award of one-third of the settlement funds remaining after the future litigation fund and the cost of class notice and claim administration have been deducted. The requested fee, which totals 30.4 percent of the total $12.75 million settlement, is well within the range allowed by courts in this District.

10. When using the percentage-of-the-fund approach, the Court considers seven factors: "(1) the benefit conferred on the class; (2) the risk to which plaintiffs' counsel was exposed; (3) the difficulty and novelty of the legal and factual issues of the case; (4) the skill of the lawyers, both plaintiffs' and defendants'; (5) the time and labor involved; (6) the reaction of the class; and (7) the comparison between the requested attorney fee percentage and percentages awarded in similar cases." *Khoday*, 2016 WL 1637039, at *9 (quoting *Yarrington,* 697 F. Supp. 2d at 1062); *see also In re Xcel,* 364 F. Supp. 2d at 993. When applied here, these factors indicate that the fee requested is fair.

11. **Counsel Secured Valuable Benefits for CIIPPs.** This $12.75 million cash settlement is coupled with meaningful cooperation that will assist in the prosecution of the claims against the non-settling Defendants. None of the money will revert to the JBS Defendants or to a cy pres designee and the cooperation terms of the settlement provide

significant value to the CIIPPs. *See, e.g.*, *In re Packaged Ice Antitrust Litig.*, No. 08-01952, 2010 WL 3070161, at *6 (E.D. Mich. Aug. 2, 2010); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 584 F. Supp. 2d at 702. Fee awards in antitrust actions also provide a public benefit. There is a "need in making fee awards to encourage attorneys to bring class actions to vindicate public policy (e.g., the antitrust laws) as well as the specific rights of private individuals." *In re Folding Carton Antitrust Litig.*, 84 F.R.D. 245, 260 (N.D. Ill. 1979); *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 534 (E.D. Mich. 2003) ("Society also benefits from the prosecution and settlement of private antitrust litigation."). Society benefits when those who have violated laws fostering fair competition and honest pricing are required to reimburse affected consumers in civil proceedings. *See Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 635 (1977); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 122 (2d Cir. 2005) ("[I]t is especially important to provide appropriate incentives to attorneys pursuing antitrust actions because public policy relies on private sector enforcement of the antitrust laws.").

12. **Plaintiffs' Counsel Was Exposed to Risk.** Counsel for the CIIPPs assumed considerable risk by pursuing this case on a contingent basis, advancing the costs of the litigation, and preparing for trial without a guaranteed recovery. *See Khoday*, 2016 WL 1637039, at *9; *In re Xcel,* 364 F. Supp. 2d at 994–95; *Yarrington,* 697 F. Supp. 2d at 1062–63. The Defendants have vigorously defended the claims and antitrust litigation is inherently expensive and complex. Counsel for the CIIPPs were exposed to recovering

nothing in this litigation. "[W]ithin the set of colorable legal claims, a higher risk of loss does argue for a higher fee." *In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 746 (7th Cir. 2011). The risk undertaken by counsel for the CIIPPs supports the requested fee award. *See Khoday*, 2016 WL 1637039, at *9; *In re Xcel,* 364 F. Supp. 2d at 994–95; *Yarrington,* 697 F. Supp. 2d at 1062–63.

13. **The Difficulty and Novelty of the Legal and Factual Issues of the Case.** Antitrust class actions are inherently complex*. In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d at 639 ("An antitrust class action is arguably the most complex action to prosecute. The legal and factual issues involved are always numerous and uncertain in outcome." (citations and internal quotation marks omitted)). This litigation presents challenging legal and factual issues and this factor also supports the fee requested.

14. **Skill and Experience of Counsel.** Both counsel for the CIIPPs and the JBS Defendants are experienced and skilled antitrust counsel. This factor also supports the requested fee. *See Khoday*, 2016 WL 1637039, at *10; *In re Xcel*, 364 F. Supp. 2d at 995–96; *Yarrington*, 697 F. Supp. 2d at 1063; *In Re Polyurethane Foam Antitrust Litig.*, No. 10-2196, 2015 WL 1639269, at *7 (N.D. Ohio Feb. 26, 2015); *In re Packaged Ice Antitrust Litig.*, 08-01952, 2011 WL 6209188, at *19 (E.D. Mich. Dec. 13, 2011).

15. **The Time and Labor Involved.** Counsel working on behalf of the CIIPPs invested thousands of hours to achieve this settlement. The litigation has already lasted

more than three years and has and will require significant time and labor. This factor supports the requested fee.

16. **The Reaction of the Class.** No class member has objected to the request for awards of fees or expenses.

17. **Comparison with Percentages Awarded in Similar Cases.** Courts in this District routinely approve attorneys' fees in class actions of at least one-third of the common fund created for the settlement class. *See Khoday*, 2016 WL 1637039, at *11; *Yarrington,* 697 F. Supp. 2d at 1064 (noting that awards between 25 and 36 percent of a common fund are common); *In re Xcel,* 364 F. Supp. 2d at 998 (collecting cases routinely approving fee awards of 33 percent); *Carlson v. C.H. Robinson Worldwide, Inc.,* No. 02-3780, 2006 WL 2671105, at *8 (D. Minn. Sept. 18, 2006) (approving a fee award representing 35 1/2 percent of the settlement fund).

18. The Eighth Circuit Court of Appeals and other federal courts have approved awards exceeding one-third of the settlement funds created by counsel representing the settlement class. *See, e.g., In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (fee of 36 percent); *In re Combustion, Inc.*, 968 F. Supp. 1116, 1133, 1142 (W.D. La. 1997) (awarding fee of 36 percent and noting that "50 percent of the fund is the upper limit on a reasonable fee award from a common fund"); *Waters v. Intern. Precious Metals Corp.*, 190 F.3d 1291, 1292-94 (11th Cir. 1999); *In re Vitamins Antitrust Litig.*, No. 99-197, 2001 WL 34312839, at *10 (D.D.C. 2001) (awarding one third of $359 million antitrust recovery,

which is "within the fifteen to forty-five percent range established in other cases"); *In re Ampicillin Antitrust Litig.*, 526 F. Supp. 494, 499 (D.D.C. 1981) (awarding fee of 45 percent).

19. The Court has carefully analyzed the settlement and the factors considered by courts within the Eighth Circuit and concludes that the factors are met and justify a fee award to counsel for the CIIPPs. The $12.75 million settlement provides substantial cash and non-monetary benefits including cooperation from the JBS defendants. Counsel has worked on a contingent basis and the results of this litigation have never been certain. The legal and factual issues are complicated, and the parties have zealously asserted their claims and defenses. Given the length and tenacity of this litigation, the Court is satisfied that the settlement was the result of arms' length negotiations between informed and experienced counsel. The requested fee, which totals 30.4 percent of the total settlement, is well within the range allowed by courts in this district.

20. Although not required, courts may apply a lodestar "cross-check" on the reasonableness of the fee calculated as a percentage of the fund. *Keil v. Lopez*, 862 F.3d 685, 701 (8th Cir. 2017). A cross-check of the lodestar incurred by counsel for the CIIPPs indicates that the fee requested constitutes fair and reasonable compensation for the risks assumed, the work done, and the benefits achieved for the members of the settlement class. The lodestar currently totals $4,692,051.00 when using counsel's

9

customary rates for complex class action litigation.

21. Using the lodestar cross-check methodology and reviewing the total fees awarded with the lodestar generated on these cases from the inception of the litigation to July 31, 2021, the requested fee results in a lodestar multiplier of .82, indicating counsel will receive less than they would have if they were able to charge their hourly rates, which is well below the range of reasonable multipliers awarded in similar contingent fee cases. This multiplier is especially reasonable considering the complexity of this litigation, the result achieved for the class members, the risks assumed by counsel for the CIIPPs, and the work remaining to be done on the case and for which fees may or may not be available. *See, e.g.*, *Khoday*, 2016 WL 1637039, at *11 (multipliers typically range between two and five); *In re St. Paul Travelers Sec. Litig.*, No. 14-3801, 2006 WL 1116118, at *1 (D. Minn. Apr. 25, 2006) (using a multiplier of 3.9).

22. The Court **GRANTS** an award of attorneys' fees to counsel for the CIIPPs in the amount of one-third of the net settlement funds available after the deduction of: (1) the cost of the settlement notice and claims administration, and (2) the future litigation expense fund referenced above. These attorneys' fees, totaling $3,877,376.47, shall be paid from the settlement fund.

23. Interim Co-Lead Counsel for the CIIPPs are authorized to allocate the attorneys' fees awarded herein among counsel who performed work on behalf of the

CIIPPs in accordance with Interim Co-Lead Counsel's assessment of each firm's contribution to the prosecution of this litigation.

24.     The Court also **GRANTS** the requested $7,500.00 service awards to each of the named representatives. Courts routinely grant service awards for named plaintiffs. *See, e.g.*, *Yarrington*, 697 F. Supp. 2d at 1068 (upholding service awards and recognizing that "unlike unnamed Class Members who will enjoy the benefits of the Settlement without taking on any significant role, the Named Plaintiffs [make] significant efforts on behalf of the Settlement Class and [participate] actively in the litigation"); *Zillhaver v. UnitedHealth Group, Inc.*, 646 F. Supp. 2d 1075, 1085 (D. Minn. 2009); *see also In re Xcel*, 364 F. Supp. 2d at 1000; *White v. Nat'l Football League*, 822 F. Supp. 1389, 1406 (D. Minn. 1993) (collecting cases).

25.     The representative plaintiffs took action to benefit the interests of the CIIPPs, devoted their own time and effort, and have assisted counsel in achieving the settlement with the JBS Defendants. *See Zillhaver,* 646 F. Supp.2d at 1085 (quoting *Koenig v. U.S. Bank,* 291 F.3d 1035, 1038 (8th Cir. 2002)); *In re CenturyLink Sales Prac. & Sec. Litig.*, No. 17-2795, 2020 WL 7133805, at *13 (D. Minn. Dec. 4, 2020). Such awards also compensate representative plaintiffs who "participated and willingly took on the responsibility of prosecuting the case and publicly lending their names to this lawsuit, opening themselves up to scrutiny and attention from both the public and media." *In re CenturyLink*, 2020 WL 7133805, at *13. The requested $7,500.00 award is reasonable

when compared to awards issued by courts in this District. *Zillhaver,* 646 F. Supp. 2d at 1085 (awarding two lead plaintiffs $15,000 each from a settlement fund of $17 million); *In re Xcel,* 364 F. Supp. 2d at 1000 (awarding $100,000 to be split between eight lead plaintiffs); *Khoday,* 2016 WL 1637039, at *12 (awarding $10,000).

26. Interim Co-Lead Counsel for the CIIPPs are authorized to pay from the settlement fund $7,500.00 to each of these entities: Sandee's Bakery; Francis T. Enterprises d/b/a Erbert & Gerbert's; Joe Lopez, d/b/a Joe's Steak and Leaf; Longhorn's Steakhouse; The Grady Corporation; Mcmjoynt LLC d/b/a The Breakfast Joynt; Edley's Restaurant Group, LLC; Basil Mt. Pleasant, LLC; Basil Charlotte, Inc.; Farah's Courtyard Deli, Inc.; and Tri-Ten LLC.

Dated: November 18, 2021
at Minneapolis, Minnesota.

                                                s/John R. Tunheim_____
                                                JOHN R. TUNHEIM
                                                Chief Judge
                                                United States District Court