RECEIVED BY MAIL
NOV 19 2021
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/HB) |
| This document relates to: Indirect Purchaser Actions | |

## OPPOSITION TO FINAL APPROVAL [990]

To Objector Huang's utmost disappointment, Consumer IPPs' eleventh-hour rebuttal badly distorted binding precedents of this circuit. Neither the Court nor the Class should be sandbagged to take hours to conduct citation checks for them—just days before the Fairness Hearing. To the extent proper or necessary, Huang follows *Custom Vehicles Inc., v. Forest River, Inc.* for this response. 464 F.3d 725, 726 (7th Cir. 2006) (Easterbrook, J., in chambers) ("If a material misrepresentation comes in the adversary's reply brief, the [party] may ask for leave to file a supplemental statement.")

As Huang consistently argued, *every* Class Certification must be proper under Federal Rules of Civil Procedure 23, and class certification—as here—"demand[s] undiluted, even heightened, attention in the settlement context." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1145 (8th Cir. 1999) (quoting *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997)). *Also see In re Target Corp. Cust. Data Breach Litig.*, 847 F.3d 608, 612 (8th Cir. 2017) (vacating settlement approval because "the district court did not properly analyze Rule 23(a) before concluding that the consumer-plaintiffs adequately represent the class.") Consumer IPPs' argument requires that this Court reject the "rigorous analysis ... of what the parties must **prove** that Rule 23 requires[.]" *Elizabeth M. v. Montenez*, 458 F.3d 779, 786 (8th Cir. 2006) (citing *Amchem* 521 U.S. at 622-23) (emphasis added). Consumer IPPs' fragile position of a "lowered" standard of Rule 23 flatly contradicts repeated commands from Eighth Circuit and Supreme Court.



Consumer IPPs pretend that *Target* and *Elizabeth* do not exist. Citing (by distorting) *Petrovic*, they bravely assert that "Courts apply a **relaxed** standard under Rule 23(b) when the class is being certified for settlement." ECF No. 992 at 9-13 (emphasis added). But *Petrovic* does not even support Consumer IPPs, after Huang conducted his citation check, and one Consumer IPPs should have done before signing their brief. In *Petrovic*, the Eighth Circuit noted *Amchem*'s "heightened attention" standard in full; it only found—as a factual matter—such standard did not apply there because "**the class was certified under Fed. R. Civ. P. 23(b)(3) many months before the parties reached the settlement.**" *Petrovic*, 200 F.3d at 1145-56 (emphasis added). *In re Uponor, Inc, F1807 Plumbing Fittings Prods. Litig.*, 716 F.3d 1057, 1063 (8th Cir. 2013) (citing *Petrovic* to decline "heightened attention" after "extensive discovery and preparation for trial.") Consumer IPPs still have *no evidence* to stand a trial because they now have *nothing* to show before factfinder(s) in a trial. Consumer IPP's argument of "lowered" standard for Rule 23—which no circuit has yet adopted—should be argued elsewhere to an *en banc* Eighth Circuit.

Furthermore, *Target* instructed courts "must diligently aim to 'uncover conflicts of interest between named parties and the class they seek to represent.'" 847 F.3d at 613 (quoting *Amchem*, 521 U.S. at 625). *Target*—in deciding a Rule 23(a) issue—held the exact opposite of what Consumer IPPs purported to claim. It held that ""close scrutiny" in the district court is **even more important** given the need to protect the due process rights of absent class members." *Id.* at 612 (emphasis added). No reasonable reading of *Target* suggests a "lowered" Rule 23 standard.[1]

---

[1] It must be so twisted to apply *lowered* attention to class certifications binding practically the entire country, because "97 percent of all households in the United States bought pork." https://www.statista.com/statistics/1051294/american-consumers-buying-pork-by-type/.

"A fairness hearing under subdivision (e) can no more swallow the preceding protective requirements of Rule 23 in a subdivision (b)(1)(B) action than in one under subdivision (b)(3)." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 858-59 (1999). There is simply no tension between the Eighth Circuit and the Supreme Court on this topic, and only Consumer IPPs themselves are in a fatal conflict with law of this circuit. For example, *Ortiz* was a case reversing a class-action settlement because of its failures in Rule 23(a) and (b), before Rule 23(e) was even a question. As another Circuit recognized, "short-cuts in the class certification process are not permissible." *Spano v. The Boeing Co.*, 633 F.3d 574, 591 (7th Cir. 2011) (citing *Ortiz*). More than denying "short-cuts", this Circuit held that "**Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a).**" *Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 478 (8th Cir. 2016) (quoting ***Amchem***, 521 U.S. at 624, emphasis added); *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013) (same). Consumer IPPs' claim for **"even more demanding"** predominance criteria cannot be so twisted into Consumer IPPs' wholly contradictory "**lowered**" standard of Rule 23.

Consumer IPPs' utter **lack of any evidence** similarly renders *pointless* of their distorted view of *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 618 (8th Cir. 2011). *Zurn Pex* required a "district court conduct[] the requisite "rigorous analysis" of the parties' claims to determine "whether the defendant's liability to all plaintiffs may be established with common evidence."" *Id.* at 614. *Zurn Pex* only decided a circuit-splitting evidentiary standard—a "tailored" *Daubert* works in this Circuit, while other circuits disagree. *Id.* at 612. *See* Huang Obj., ECF No. 948 at 6-7. But *Zurn Pex* **does not hold that Consumer IPPs can surpass class certification *with words on papers alone, without any evidence*** to survive even a *tailored Daubert*. Likewise, *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) demanded that "[t]he party must also satisfy [Rule 23(b)(3)] through ***evidentiary proof*[.]**") *Ibid.* (emphasis added).

3

\* \* \*

Adopting Consumer IPPs' position requires that all binding precedents are reversed overnight. Consumer IPPs cannot even offer one clean binding citation that endorses their argument that Rule 23(b)(3)'s predominance can be "lowered", because the binding precedents all agree that "**Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a).**" *Ebert v. Gen. Mills, Inc.,* 823 F.3d 472, 478 (8th Cir. 2016) (quoting *Amchem,* 521 U.S. at 624, emphasis added); *Comcast Corp. v. Behrend,* 569 U.S. 27, 34 (2013) (same)

Consumer IPPs failed to produce even a shred of evidence for them to **"prove"** their compliance to Rule 23. *Elizabeth,* 458 F.3d at 786. Their class certification request is accordingly defective and must be denied. Likewise, their belated attempt to "rewrite" Rule 23—by lowering the standards they must meet—should be accordingly denied. *Ortiz,* 527 U.S. at 858.

## CONCLUSION

For the foregoing reasons, CIPP's final approval motion should be denied in light of Consumer IPPs' lack of evidence to properly certify a class under Fed. R. Civ. Proc. 23(b)(3). Consumer IPPs' motion for attorney's fee and expenses should be denied *as moot.*

Date: November 16, 2021        Respectfully Submitted,

/s/Shiyang Huang
Shiyang Huang
2800 SW Engler Ct.,
Topeka, KS 66614
(314) 669-1858
defectivesettlement@gmail.com

## **CERTIFICATE OF SERVICE**

I certify that on or before November 16, 2021, a copy of the foregoing was filed with the Clerk of Court by U.S. mail. CM/ECF will then notify all counsels of record electronically.

/s/ Shiyang Huang

4

ATTN: Case No. 18-cv-1776
UNITED STATES DISTRICT COURT
200 S. FOURTH STREET
Minneapolis, MN 55415