UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates to: All Actions | Case No. 0:18-cv-01776 (JRT/HB) |

**[PROPOSED] ORDER CONCERNING DEPOSITIONS**

Pursuant to the parties' Stipulation Concerning Depositions [ECF No. 1041], **IT IS HEREBY ORDERED** as follows:

This Stipulation and Order Concerning Depositions ("Deposition Protocol Order") may be modified at any time by agreement of the parties or by order of the Court. All parties reserve all rights to seek relief from the Court from any provision for good cause. Nothing herein should be deemed to amend the deposition-related or other provisions set forth in the Pretrial Scheduling Order adopted by the Court. *See* Dkt. 658.

## I. DEPOSITION PROCEDURES

A. A witness may be deposed only once in these proceedings unless the parties otherwise agree or the Court otherwise orders. This limitation will not affect the rights of a party to seek to depose as a fact witness an individual who has been previously deposed as a corporate representative of a party designated under Rule 30(b)(6), or of other parties to object to such depositions. Nor will this procedure affect the rights of a party to seek a corporate representative deposition under Rule 30(b)(6) when the corporate representative has been previously deposed as a fact witness, or of other parties to object to such depositions.

563923.1

B. If any individual has been employed by more than one Defendant, that individual may be deposed only once.

C. Where a deponent is represented by counsel who does not already represent a party to the above-referenced litigation (e.g., a third party or an employee of a Defendant with separate counsel), then the noticing party shall provide a copy of this deposition protocol to the deponent's counsel along with the deposition subpoena or notice.

## II. ALLOCATION OF DEPOSITION TIME

A. As to all depositions noticed by Plaintiffs, Plaintiffs' counsel will continue to collaborate and confer before the deposition to allocate examination time among any Plaintiffs' counsel intending to participate and ask questions at the deposition. Counsel for any Plaintiff disputing the proposed allocation of examination time among Plaintiffs are permitted to seek relief from Magistrate Judge Bowbeer pursuant to her Informal Dispute Resolution procedure, and no later than five (5) business days before the date of the deposition.

B. As to all depositions noticed by Defendants, Defendants' counsel shall confer before the deposition to allocate examination time among any Defendants' counsel intending to participate and ask questions at the deposition. Counsel for any Defendant objecting to the allocation of examination time among Defendants shall be required to seek relief from the Court no later than five (5) business days before the date of the deposition.

C. As set forth by the parties in their Rule 26(f) report, depositions of all 30(b)(1) witnesses noticed by any party will be limited to 7 hours of direct examination consistent with FRCP 30(d)(1), unless the parties otherwise agree or the Court otherwise

orders. The 7 hour limit on 30(b)(1) testimony shall not limit the time or ability of parties to depose a 30(b)(1) witness who is designated as a corporate representative witness on any 30(b)(6) topics. If any technical issues are encountered during depositions, then the parties will go off the record and such time will not count against the time limit on depositions. Noticing counsel will have a reasonable amount of time, not to exceed 30 minutes, to conduct any redirect examination of the witness, which shall not count towards the 7-hour limit for the noticing party's direct examination. Noticing counsel also may reserve a portion of their 7 hours with the witness to conduct further redirect examination in excess of 30 minutes. Counsel for a witness or for the party that is the witness's current or past employer will have a reasonable amount of time not to exceed 1 hour to examine the witness at the conclusion of direct examination without need for a cross-notice. If counsel for the witness or for the party that is the witness's current or past employer reasonably believes that circumstances may require additional time for them to question the witness, including, but not limited to, the witness's age, health, and/or availability for trial, the party may serve a cross-notice of deposition. In the event a cross-notice is served, the time allocations set forth in Paragraph II(D) shall apply. Where a former employee resides outside the district and would not be subject to a trial subpoena, good cause exists for a party to cross-notice such former employee's deposition.

D. In the event a party cross-notices the deposition of a current or former employee of that party or a co-party (e.g., a Defendant cross-notices the deposition of an employee of a co-Defendant), the time permitted by the Federal Rules of Civil Procedure shall be extended to 9 hours, with the noticing party entitled to examine the witness for 7

hours and the cross-noticing party entitled to examine the witness for at least 2 hours, with the potential for additional time, provided advanced notice is given. To the extent that a party reasonably believes that more than 2 additional hours will be required to examine the witness, the parties shall meet and confer in good faith regarding whether an additional day is necessary sufficiently in advance of the deposition to allow any dispute to be brought to the Court for resolution.

   E.  To the extent Plaintiffs or Defendants cross-notice a third party for deposition, the parties shall meet and confer regarding the division of time among the parties. Parties may seek leave of Court for additional time for good cause or if they are otherwise unable to agree upon the division of time for a deposition.

### III. SCHEDULING AND LOCATION OF DEPOSITIONS

   A.  Counsel will consult with one another to coordinate, to the extent practicable, all scheduling, noticing, and taking of depositions. Counsel shall not unilaterally take steps to schedule and notice a party deposition without consulting in advance with counsel for the witness or the party that is the current or former employer of the witness.

   B.  The parties agree that they will work in good faith to provide no fewer than fourteen (14) days' formal notice of a deposition to all other parties. If, after consultation, counsel for the witness objects to the date proposed for the witness's deposition and the parties cannot agree upon a date for the deposition, then the noticing party shall issue a deposition notice. The noticed party will respond to the party issuing notice within five (5) business days and will counter-propose alternative dates on which the witness and his or her counsel will be available. All parties agree to respond to such counter-proposal within

five (5) business days of receipt and the party and counsel for the witness shall meet and confer in good faith consistent with the local rules and their ethical obligations. Disputes that cannot be resolved through the meet and confer process shall be decided by the Court.

      C.      A party may serve a deposition subpoena on a third party without consulting any opposing party; however, the serving party will contemporaneously provide the opposing parties with the as-served copy of the subpoena. An opposing party will inform the noticing party within five (5) business days of service on the opposing party whether the opposing party intends to cross-notice the third party's deposition. Regardless of whether an opposing party cross-notices the deposition, the parties shall coordinate with each other and with the witness (or counsel for the witness), where possible, on scheduling the deposition. Plaintiffs or Defendants seeking to schedule the deposition of a third party shall schedule such a deposition only on a date the Plaintiffs or Defendants, respectively, have not already scheduled a deposition. However, the parties shall meet and confer if double- or triple-tracking of depositions becomes necessary to comply with scheduling deadlines. The noticing party shall serve a copy of this order along with the subpoena to any third party.

      D.      Party depositions shall be noticed pursuant to the Federal Rules of Civil Procedure and all notices shall be served on all parties electronically. Any subpoenas for deposition testimony shall be served on witnesses as required by law, but copies may be served electronically on all parties.

      E.      Once a deposition has been scheduled, it shall not be taken off calendar, postponed, or rescheduled, except by agreement of the noticing party or by other relief

obtained from the Court. However, the parties and non-parties shall make all reasonable efforts to accommodate reasonable requests for continuances of depositions.

## IV. DEPOSITION PROCEDURES

**A.     Noticing Depositions:** A party can notice a deposition to be taken via remote means or in person, at its election. At the time of the issuance of the notice of deposition or subpoena, the noticing party will indicate whether they intend for the deposition to proceed in person or via remote means.  However, the parties recognize that compelling travel of witnesses, attorneys, or court reporters for in-person depositions may not be appropriate in all instances given the ongoing global COVID-19 pandemic.  Accordingly, notwithstanding that a deposition is noticed to be in-person, witnesses or defending counsel may elect to proceed with depositions remotely until the U.S. District Court for the District of Minnesota's General Order re: Court Operations Under the Exigent Circumstances Created by COVID-19, or comparable order of the federal judicial district in which the witness is to be deposed, has expired, been terminated, or vacated, or modified to permit in-person proceedings without limitations.  If the noticing party, the responding party, and the witness agree, a deposition may take place in person at an agreed upon location with only the noticing party, responding party, witness, court reporter, and videographer appearing in person.  Furthermore, defending counsel may appear in person with their witness, at the witness's election, regardless of whether the deposition is conducted in person or remotely, and regardless of whether questioning counsel appears in person or remotely.  If a deposition was previously agreed to be an in-person deposition, the party noticing the deposition, witness, or opposing counsel may request the deposition be

changed to a remote deposition. Such a request to change the format for the deposition should be provided as soon as reasonably practicable, but no later than seven (7) days in advance of the deposition. The parties will work cooperatively and timely to arrange for the necessary logistics required for the change in format of the deposition. Any party may participate in any in-person deposition in person or by telephone or videoconference. Unless conditions related to the COVID-19 pandemic safely allow otherwise, however, all parties should confer in advance to ensure that only those attorneys who plan to question or represent the witness will appear in person. Examining counsel and counsel intending to participate by telephone or videoconference shall cooperate in good faith to facilitate such participation.

      **B.**    **Real Time Text and Video Feeds.**  Counsel noticing the deposition (or counsel for the witness if they are hosting the deposition) shall make arrangements so that the appropriate hardware is available for the participants. In most instances, this will mean a computer with a camera and microphone capable of utilizing the videoconference platform (such as Zoom), a conference call line, and any software needed for the use of electronic exhibits. However, for depositions proceeding remotely, counsel for the witness will ensure that the witness has access to a computer with a camera and microphone capable of utilizing the videoconference platform. If the witness already has the necessary technology, they shall utilize those resources. If the witness does not have the necessary technology, the cost of providing it shall be borne by the noticing party if the witness is deposed in their home, but the cost shall be borne by the witness's counsel if the witness is deposed in their counsel's office. The court reporting service will make available a real-

time text feed to participants upon request. Any party requesting the additional real time text feed or equivalent electronic reporting shall be responsible for the cost.

   **C.**  **Electronic Exhibits**:  A party may utilize electronic exhibits in connection with a deposition so long as the party provides notice to the deponent and its counsel not later than four (4) business days before the deposition and arranges for the technology to permit presentment of the electronic exhibits at the deposition to the witness and counsel in a manner that enables them to review the exhibits during the course of the deposition. Upon request by the witness or defending counsel, the party seeking to use electronic exhibits must provide a hard-copy set to the witness and defending counsel in advance of the deposition if the deposition is proceeding remotely, except to the extent that the reason for using an electronic exhibit is the burden of printing and using a hard copy, such as with large Excel files.  The noticing party and the responding party agree that such hard copy exhibits must remain sealed and unopened until the deposition begins and the witness is instructed on the record to open the sealed hard copy exhibits.  Noticing counsel will attempt in good faith to include in the hard copy set all of the exhibits on which they plan to question the witness; however, nothing in this paragraph is intended to, nor in fact, prevents noticing counsel from preparing for the deposition until the time that it occurs, or from introducing during the deposition additional exhibits not previously mailed in hard copy, including by electronic means otherwise provided here.  For depositions considered in person, hard copies of the exhibits must be provided to the witness at the deposition at the witness's request.

  **D.** **Hard Copy Exhibits**:  With respect to any hard copy exhibit used in a deposition (i.e., an exhibit that has not been marked and used in a prior deposition in a related case), "sufficient copies" shall mean five (5) hard copies unless deposing counsel knows in advance of the deposition that fewer copies will be needed for those attending. In all events, examining counsel, defending counsel, and all other counsel attending the deposition shall cooperate in good faith so that counsel for each party attending the deposition will have adequate access during the deposition to an exhibit used by examining counsel during the deposition, such as stating the Bates number for each exhibit on the record so counsel may view such documents electronically in their document review software.  For the avoidance of doubt, the five (5) copies of hard copy exhibits required to be provided by this paragraph is limited to in-person depositions; remote depositions are governed by Paragraph IV(C) above.

  **E.** **Remote Administration of the Oath:**  The parties agree that a court reporter may administer the oath to a deponent remotely, even if the court reporter is not in the physical presence of the witness.  Further, if a court reporter is not authorized to take oaths in the place of examination pursuant to Federal Rule of Civil Procedure 28, the parties agree that the administration of such oaths remotely and that the transcripts may be used by or against all parties in this litigation to the same extent that would otherwise be permissible under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

  **F.** **Videoconferencing:**  For any remote deposition, video from the videoconferencing service may be recorded for later use in proceedings in this case, including trial.  For remote depositions, the videoconferencing platform must allow for the

deponent, attending counsel, deposing counsel, defending counsel, court reporter, and videographer to participate in a deposition without attending the deposition in person. For in-person depositions (i.e., where deposing counsel, the court reporter, and the videographer appear in the room with the witness), the videoconferencing platform must allow counsel who choose to do so to participate without attending the deposition in person. Should technical issues prevent the court reporter from reliably hearing or transcribing the testimony at any deposition taken remotely pursuant to this order and such technical issue cannot be remedied in a timely manner, deposing counsel, defending counsel, and attending counsel shall meet, confer, and cooperate with one another to address the problem, including but not limited to rescheduling the deposition. The video conferencing for remote depositions shall be set up in such a way that counsel attending the deposition remotely can see all persons present in the room with the witness and see the witness's face clearly. Details regarding the video conferencing service will be made available to all parties at least five (5) business days before the deposition. The noticing party and defending counsel shall meet, confer, and cooperate to ensure that the deponent has technology sufficient to attend a deposition via remote means. If necessary, this shall include arranging for the deponent to participate in a "test run" of the deposition video conferencing software being utilized at the expense of the noticing party.

    **G.** In addition to recording deposition testimony by stenographic means, the noticing party may arrange for the deposition to be recorded via video by a videographer. The examining attorney, at their election, may make a video recording of their own examination of the witness in addition to the witness. A certified video recording of the

witness alone made by a certified videographer will be created in addition to any separate video of the examining attorney. The noticing party is responsible for ensuring that the remote means utilized for a deposition allow for the court reporter to accurately record the deponent's testimony. Either the noticing party or defending counsel may elect to have a technical specialist attend a deposition taken by remote means to ensure that technical issues are dealt with in a timely manner, the costs of which will be borne solely by the party electing to do so.

## V.     CONDUCT OF DEPOSITIONS

A.     Regardless of location or whether the deposition is taken in-person or remotely, all depositions shall be conducted in accordance with all applicable Federal Rules of Civil Procedure and the Federal Rules of Evidence unless otherwise required by law, including Federal Rule of Civil Procedure 30(c)(2), except that the parties agree that one objection by plaintiff or defendant can be relied upon by all plaintiffs or defendants respectively.

B.     The parties agree that under Fed. R. Civ. P. 30(d)(1), objections are to be stated "concisely" and in a "non-argumentative and non-suggestive manner."

C.     The court-reporter service shall maintain a total running time for actual deposition to measure compliance with the time limitations and the time allocation provisions above.

## VI. DEPARTING DOCUMENT CUSTODIANS AND FORMER EMPLOYEES

A. In response to a request for deposition, if the witness is a former employee of any party and is not currently represented by counsel for that party, counsel for that party shall within seven (7) business days of the deposition notice provide the date of departure and last known contact information of the former employee, whether counsel can accept service of the notice, and whether counsel will be representing that party for the deposition.

B. In response to a request for deposition, if the witness is a departing document custodian who intends to leave his or her employment before the deposition would occur, counsel for the party shall within five (5) business days of the deposition notice request that the deponent appear for deposition at a date, place, and time convenient for the parties and the deponent, consistent with the local rules and this Deposition Protocol, without the need for service of a third party subpoena or other formal judicial process on the deponent, and inform the noticing party of the deponent's response to such request. If a departing deponent agrees to appear without the need for service of a subpoena or other formal judicial process on the deponent, the procedures for scheduling the deposition of a current employee of a party shall apply and the deposition will be counted as a party deposition.

## VII. LEGAL STANDARDS GOVERNING DEPOSITIONS

A. Regardless of location or whether the deposition is taken in-person or remotely, all depositions shall be conducted in accordance with applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Minnesota, applicable standing orders regarding attorney

conduct, ethical rules governing conduct of attorneys, and rulings of courts in the United States District Court for the District of Minnesota. Counsel shall act in good faith to ensure compliance with these rules and all applicable ethical obligations and may seek appropriate relief for violations.

### VIII.  **STANDARD STIPULATION**

The following stipulation will apply to all depositions taken in this action (and any subsequent cases filed that are deemed by the Court to be consolidated with or related to this matter) and shall be included in each transcript by the court reporter:

A. Transcripts of depositions will be delivered from court reporters to counsel for the witness. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. Within 30 days of receiving the transcript from the court reporter, the witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any errata.

B. If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature under penalty of perjury within 30 days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any errata submitted by the witness.

C. Any witness who submits errata must do so in accordance with Federal Rule of Civil Procedure 30(e)(2).

      D.      The court reporter will provide the original transcript to the first examining attorney. If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes.

### IX.    <u>USE OF DEPOSITIONS</u>

      A.      The depositions taken by any party pursuant to this Deposition Protocol may be made available and used in any subsequent cases filed that are deemed by the Court to be consolidated with or related to this matter. Nothing in this paragraph prevents a party from objecting to the use of, or moving to exclude use of, a deposition from any subsequently-related matter in that party's case.

      B.      The Parties agree that the transcript and/or recording of any deposition taken by any party pursuant to this Deposition Protocol by remote means shall be admissible in any proceeding in this matter (or any related or consolidated matter) to the same extent and as if the deposition were taken in-person.

**SO ORDERED.**

Dated: _____

                                                _____
                                                HILDY BOWBEER
                                                United States Magistrate Judge