UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates to: All Actions | Case No. 0:18-cv-01776 (JRT/HB) |

### ORDER CONCERNING EXPERT DISCOVERY

Pursuant to the parties' Stipulation Concerning Expert Discovery [ECF No. 1016], and Rule 16.3 of the Local Civil Rules of the United States District Court for District of Minnesota, **IT IS HEREBY ORDERED THAT**:

1. The Stipulation Concerning Expert Discovery ("Stipulation") does not set or alter the time for any disclosure required by Federal Rule of Civil Procedure 26(a)(2)(B) or the timing of any deadlines set forth in any operative scheduling orders entered in this case.

2. To the extent that the Stipulation imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure or this Court's standing orders, the parties have agreed to those limitations to increase the efficiency of their dealings with testifying experts and to minimize discovery disputes regarding testifying experts. Neither the terms of the Stipulation nor the parties' agreement to them shall be considered an admission by any party that any of the information restricted from discovery by the Stipulation would otherwise be discoverable or admissible.

3. The parties agree to modify their Rule 26(a)(2)(B)(ii) disclosure obligations to require disclosure of "the facts, data, or other information relied on by the witness in

forming them." For the purpose of defining their discovery obligations in this litigation, the parties agree that Rule 26(b)(4)(C)(ii) shall be treated as if it reads: "identify facts or data that the party's attorney provided and that the expert relied on in forming the opinions to be expressed." The parties also agree that Rule 26(a)(2)(B)(vi) shall be treated as if it reads: "a statement of the compensation to be paid for the study and testimony in the case, including the hourly rate to be paid for the testifying expert's time in the case."

4. Subject to the limitations of Rule 26(b)(4)(C), as modified by Paragraph 3 above or the provisions of this paragraph below, the following types of information shall not be the subject of any form of discovery and the parties shall not be obligated to preserve such information in any form or include such information on any privilege log:

    a.    all written or oral communications in connection with this matter among and between the testifying expert and consultants, counsel, other experts, and/or staff or among any of these actors in connection with this matter, including, but not limited to:

        i.    counsel and counsel's staff and the testifying expert and/or the expert's staff and/or supporting firms;

        ii.    counsel and counsel's staff and any non-testifying expert consultant and/or the consultant's staff;

        iii.    the expert and other experts and/or other non-testifying expert consultants;

        iv.    experts and their staff and/or supporting firms;

        v.    non-testifying expert consultants and their staffs; and/or

      vi.    the respective staffs and/or supporting firms of testifying experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants;

b. all written or oral communications relating to the deposition of the testifying expert;

c. all work performed by non-testifying consultants;

d. all written or oral communications or other materials relating to interviews of or the potential retention of experts or consultants;

e. drafts of (i) final reports, (ii) written testimony, (iii) affidavits, (iv) declarations, or (v) other written materials prepared in connection with this matter;

f. preliminary or intermediate calculations, computations, or other data runs, or other types of preliminary work created by, for, or at the direction of a testifying expert by consultants, counsel, other experts, and/or staff, unless they are relied upon by the expert to formulate his or her opinions;

g. any notes, analyses, comments, or other writings taken or prepared by or for a testifying expert in connection with this matter unless they are relied upon by the expert to formulate his or her opinions; and

h. budgets, invoices, bills, receipts, or time records concerning testifying or non-testifying expert witnesses or consultants, their staff,

assistants, colleagues, or associates, or their companies or organizations, except an expert may be asked reasonable questions regarding the compensation of the expert and his or her staff, the amount of time an expert or that expert's staff has spent on the expert's report and associated work, and the amount of money billed for the report and associated work.

5. The limitations contained in Paragraph 4 shall not apply to any communications, documents, data sets, data runs, calculations, computations, or other forms of information or work upon which a testifying expert relies as a basis for any of his or her opinions whether expressed in reports, affidavits, declarations, or testimony.

6. Except as set forth in Paragraph 4, in addition to what is required by Federal Rule of Civil Procedure 26, for each testifying expert designated by the parties, the designating party will, within three (3) business days of serving an expert report, affidavit, or declaration pursuant to Rule 26(a)(2)(B) or otherwise, produce:

    a. copies of the data, materials, and/or other information relied upon by the testifying expert in forming the expert witness's opinions, including all raw and final electronic data sets and electronic data compilations in the form or format used for the expert's calculations; provided, however, that materials produced previously in this action (except for the raw data sets) need not be re-produced, but may be identified by Bates number, and that materials publicly available

      online need not be produced, but may be identified by website, title, and date or a working URL;

  b. the input, programs, and output underlying all calculations relied upon in forming the testifying expert's opinions and/or needed to replicate or reproduce the expert's disclosed tables, figures, calculations, and reported results, including underlying raw and final data, spreadsheets, computerized regression analysis, and/or other underlying reports and schedules sufficient to reconstruct the work, calculations, and/or analyses upon which the expert witness is relying for his or her opinions; and

  c. any information (including, but not limited to, analyses, spreadsheets, graphs, and charts) relied upon by the testifying expert that is based on the output from any computer programs that are produced.

  7. The information required by Paragraph 6 above to be produced shall be produced electronically (via email, disc or FTP site) where reasonably feasible. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an expert relies for any of his or her opinion(s) in this matter shall be provided in machine readable format, including any data that has been cleaned, reformatted, or modified in any way from the form in which it may have been provided to the expert. All other documents, data, and other information relied upon shall be provided in a format as agreed to by the parties, along with any software and instructions required to read them, but no party need produce computer software or instructions that are reasonably and commercially available

5

(e.g., Microsoft Word, Excel, STATA, SAS). Documents that are publicly available shall be identified by internet addresses where the materials can be accessed or obtained. Documents that have previously been produced during discovery need not be produced if they are identified by Bates number.

8.  The stipulation is not intended to limit the ability of any party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to an expert's testimony, during the course of any hearing or trial. The admissibility of any such demonstrative exhibits shall be subject to the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and this Court's Local Rules, unless otherwise provided by order of the Court.

9.  No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report, affidavit, or declaration is provided. Instead, the party proffering such expert will (a) be responsible for producing all materials and information relied on by the expert as outlined above, and (b) make the expert available for deposition at a time mutually agreed to by the parties and consistent with the Court's scheduling orders.

10. Nothing in the Stipulation shall permit a party or a testifying expert to withhold any proposition, fact, belief, or other data, information, or material on which the expert relies in support of her or his opinion(s) in this matter, or to prevent substantive deposition questions with respect to any data or other non-privileged information that may be relevant to the substance of the testifying expert's opinions, including, but not limited to: (i) theories, methodologies, yardsticks, benchmarks, variables, data, facts, or

6

assumptions that the expert relied on in forming his or her opinions; (ii) the assumptions or facts, if any, that the party's attorney provided and that the expert relied on in forming the opinions expressed; or (iii) any other assumptions that the expert may have relied upon in preparing his or her report. However, such questions may not specifically concern the wording or contents of any drafts of the expert's reports, affidavits, declarations, written testimony, or other written materials on which the expert did not rely in forming his or her expressed opinions.

Dated:  November 30, 2021        s/*Hildy Bowbeer*_____
                                           HILDY BOWBEER
                                           United States Magistrate Judge