# Exhibit C

1  ADRIAN SAWYER (Cal. SBN 203712)
   *sawyer@sawyerlabar.com*
2  REBECCA MACLAREN (Cal. SBN 211788)
   *maclaren@sawyerlabar.com*
3  SAWYER & LABAR LLP
   1700 Montgomery Street, Suite 108
4  San Francisco, California 94111
   Telephone: 415.262.3820
5

6  Attorneys for Nonparty
   PACIFIC AGRI-PRODUCTS, INC.
7

8

9  **UNITED STATES DISTRICT COURT**

10  **DISTRICT OF MINNESOTA**

11

12 | In Re Pork Antitrust Litigation | Case No. 18-cv-1776 (JRT/HB)
   |                                 | **PACIFIC AGRI-PRODUCTS, INC.'S OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Pacific Agri-Products, Inc. ("Pac-Agri"), through its attorney of record, hereby submits its Objections to Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action:

**RESPONSE**

**REQUEST NO. 1:**

All documents and data reflecting your analysis of competition in the procurement and sale of Pork, including but not limited to:

a) purchased from those suppliers or not;

b) Assessments and analyses of Pork resellers with which you compete, including but not limited to other wholesale distributors, and mass merchandisers; and

c) Assessments and analyses of your (actual or prospective) customers, including, if available, analyses by customer type, location within the United States, or any other dimension along which you segment customers.

**RESPONSE TO REQUEST NO. 1:**

Pac-Agri objects that this subpoena calls for the production of documents outside the geographical limits permitted by Federal Rule of Civil Procedure 45(c)(2), in that it purports to command production in Washington, D.C.  Pac-Agri objects on the basis of lack of personal jurisdiction.  Pac-Agri objects that this request is vague and ambiguous, including but not limited to its use of "analysis" and "assessments and analyses."  Pac-Agri objects on the basis that the request is overbroad, and subjects Pac-Agri to undue burden and expense in violation of Federal Rule of Civil Procedure 45(d)(1), including but not limited to because it contains no limitation as to time.  Pac-Agri further objects that the request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case.  Pac-Agri further objects on the ground of privacy, both under the common law and the federal and applicable state constitutions.  Pac-Agri further objects to the extent that the request seeks documents protected by the attorney-client privilege, the work-product doctrine, the taxpayer privilege, the trade secret privilege, and any other applicable privilege or protection.  Pac-Agri further objects that the request seeks Pac-Agri's trade secrets and/or other confidential research, development, or

commercial information.  Pac-Agri further objects that the request seeks the production of electronically stored information that is not reasonably accessible because of cost.  Pac-Agri reserves all rights to require the subpoenaing party to bear any cost that Pac-Agri incurs through the production of any information sought by the request.

**REQUEST NO. 2:**

For the period from January 1, 2002, to the present, please provide transactional data sufficient to show the following information related to your purchases of Pork:

a) purchase order number;

b) date of purchase;

c) internal produce identification number;

d) manufacturer product code (e.g., UPC, SKU, or other identifying code association with the item);

e) manufacturer name;

f) manufacturer identification number;

g) brand name (including private label brands);

h) brand identification number (including private label brands);

i) indicator of private label brands;

j) product description;

k) the grade, cut, product form, and/or type of Pork;

l) quantity purchased;

m) any data field related to product types or product categories;

n) quantity measure (e,g,, live weight, carcass weight, retail weight, etc.);

o) unit of measurement for quantity purchased;

p) unit converter (if applicable);

q) transaction type (e.g., purchase, return, exchange);

r) contract number under which the purchase was made (if applicable);

s) all pricing and fee information related to the purchase, including unit  price, freight, tax, and similar charges (USD);

t) unit of measure for any price fields (e.g,, dollar per carcass weight pound);

u) any purchase order-level chargebacks, discounts, rebates, credits, freight allowances, free goods and/or services;

v) gross purchase amount (USD);

w) net purchase amount (USD);

x) Any data fields related to supplier type (e.g., processor, distributor, etc,);

y) supplier identification/vendor number;

z) supplier name and address;

aa) ship-to entity identification number;

bb) ship-to entity name;

cc) ship-to entity address;

dd) bill-to entity identification number;

ee) bill-to entity name;

ff) bill-to entity address;

gg) bill-to entity phone number; and

hh) bill-to entity email address.

**RESPONSE TO REQUEST NO. 2:**

Pac-Agri objects that this subpoena calls for the production of documents outside the geographical limits permitted by Federal Rule of Civil Procedure 45(c)(2), in that it purports to command production in Washington, D.C.  Pac-Agri objects on the basis of lack of personal jurisdiction.  Pac-Agri objects on the basis that the request is overbroad, and subjects Pac-Agri to undue burden and expense in violation of Federal Rule of Civil Procedure 45(d)(1), including but not limited to because it seeks documents dating back to 2002.  Pac-Agri further objects that the request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case.  Pac-Agri further objects on the ground of privacy, both under the common law and the federal and applicable state constitutions.  Pac-Agri further objects to the extent that the request seeks documents protected by the attorney-client privilege, the work-product doctrine, the taxpayer privilege, the trade secret privilege, and any other applicable

1  privilege or protection.  Pac-Agri further objects that the request seeks Pac-Agri's trade secrets
2  and/or other confidential research, development, or commercial information.  Pac-Agri further
3  objects that the request seeks the production of electronically stored information that is not
4  reasonably accessible because of cost.  Pac-Agri reserves all rights to require the subpoenaing
5  party to bear any cost that Pac-Agri incurs through the production of any information sought by
6  the request.

**REQUEST NO. 3:**

For the period from January 1, 2002, to the present, please provide documents and data sufficient to show the following information related to your purchases of Pork:

a) Contracting methods, practices, policies, or strategies relating to Pork, including but not limited to:

   i. all RFPs or bid documents issued by any Pork supplier;
   ii. quotes, bids, bid announcements, or proposals issued by you to or relating to any Pork supplier;
   iii. communications relating to negotiations with suppliers related to price and non-price terms of contracts;
   iv. all agreed upon price and non-price terms including delivery schedules, quotas, or required purchases; and
   v. including all consummated with suppliers contracts amendments, appendices, or addendums to those contracts,

b) Data relating to any off-invoice financial transactions between you and Pork suppliers (for each item, indicate the date of the transaction, type of transaction, supplier, and USD amount), including but not limited to:

   i. chargebacks, discounts, rebates, credits, freight allowances, free goods and/or services, cooperative marketing funds, advertising funds, promotional funds or allowances, slotting allowances; and
   ii. any other marketing assistance, support, or other off-invoice financial incentives received.

**RESPONSE TO REQUEST NO. 3:**

Pac-Agri objects that this subpoena calls for the production of documents outside the geographical limits permitted by Federal Rule of Civil Procedure 45(c)(2), in that it purports to command production in Washington, D.C.  Pac-Agri objects on the basis of lack of personal jurisdiction.  Pac-Agri objects that this request is vague and ambiguous, including but not limited to its use of "contracting methods, practices, policies, or strategies."  Pac-Agri objects on the basis that the request is overbroad, and subjects Pac-Agri to undue burden and expense in violation of Federal Rule of Civil Procedure 45(d)(1), including but not limited to because it seeks documents dating back to 2002 and because it seeks "data relating to" transactions.  Pac-Agri further objects that the request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case.  Pac-Agri further objects on the ground of privacy, both under the common law and the federal and applicable state constitutions.  Pac-Agri further objects to the extent that the request seeks documents protected by the attorney-client privilege, the work-product doctrine, the taxpayer privilege, the trade secret privilege, and any other applicable privilege or protection.  Pac-Agri further objects that the request seeks Pac-Agri's trade secrets and/or other confidential research, development, or commercial information.  Pac-Agri further objects that the request seeks the production of electronically stored information that is not reasonably accessible because of cost.  Pac-Agri reserves all rights to require the subpoenaing party to bear any cost that Pac-Agri incurs through the production of any information sought by the request.

**REQUEST NO. 4:**

For the period from January 1, 2002, to the present, please provide transactional data sufficient to show the following information related to your sales of Pork and prepared food that include Pork:

    a) invoice number;

    b) date of sale;

    c) internal product identification number;

    d) manufacturer product code (e.g., UPC, SKU, or other identifying code associated with

the item);

e) manufacturer identification number;

f) manufacturer that supplied you the items sold, and the brand (including private label brands) under which the item was labeled by the manufacturer;

g) indicator of private label brands;

h) the grade, cut, product form, and/or type of Pork;

i) product description;

j) any data field related to product types or product categories;

k) quantity sold;

l) unit of measurement for quantity sold;

m) quantity measure (e.g., live weight, carcass weight, retail weight, etc.);

n) unit converter (if applicable);

o) transaction type (e.g., sale, return, exchange);

p) all pricing and fee information related to the sale, including unit price, freight, tax, or similar charges (USD);

q) unit of measure for any price fields (e.g,, dollar per carcass weight pound);

r) any invoice-level chargebacks, discounts, rebates, credits, freight allowances, free goods and/or services;

s) cost of goods sold ("COGS'*") (USD), including a definition/description of how you calculated COGS;

t) cost of the meat in the Pork product;

u) cost of the entire Pork product;

v) any data fields for any other fixed or variable costs or costs associated with the Pork sold;

w) gross sale amount (USD);

x) net sale amount (USD);

y) customer group identification number;

z) customer group name and description (e.g., university, prison, caterer);

1       aa) distributor name and description;

2       bb) customer identification number;

3       cc) customer name;

4       dd) customer address;

5       ee) contract number under which the purchase was made (if applicable)

6       ff) indicator of whether the sale price was negotiated by you, or if the customer

7 negotiated it directly with the supplier;

8       gg) margin added to sales in cost-plus model (if applicable);

9       hh) ship-to entity identification number;

10       ii) ship-to entity name;

11       jj) ship-to entity address;

12       kk) bill-to entity identification number;

13       ll) bill-to entity name;

14       mm) bill-to entity address;

15       nn) bill-to entity phone number; and

16       oo) bill-to entity email.

**RESPONSE TO REQUEST NO. 4:**

Pac-Agri objects that this subpoena calls for the production of documents outside the geographical limits permitted by Federal Rule of Civil Procedure 45(c)(2), in that it purports to command production in Washington, D.C. Pac-Agri objects on the basis of lack of personal jurisdiction. Pac-Agri objects on the basis that the request is overbroad, and subjects Pac-Agri to undue burden and expense in violation of Federal Rule of Civil Procedure 45(d)(1), including but not limited to because it seeks documents dating back to 2002. Pac-Agri further objects that the request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Pac-Agri further objects on the ground of privacy, both under the common law and the federal and applicable state constitutions. Pac-Agri further objects to the extent that the request seeks documents protected by the attorney-client privilege, the work-product doctrine, the taxpayer privilege, the trade secret privilege, and any other applicable

privilege or protection.  Pac-Agri further objects that the request seeks Pac-Agri's trade secrets and/or other confidential research, development, or commercial information.  Pac-Agri further objects that the request seeks the production of electronically stored information that is not reasonably accessible because of cost.  Pac-Agri reserves all rights to require the subpoenaing party to bear any cost that Pac-Agri incurs through the production of any information sought by the request.

**REQUEST NO. 5:**

For the period from January 1, 2002, to the present, please provide documents and data sufficient to show the following information related to your sales of Pork and prepared foods that include Pork:

a) Contracting methods, practices, policies, or strategies relating to Pork, including but not limited to:

  i. all RFPs or bid documents issued by any customers;
  ii. quotes, bids, bid announcements, or proposals issued by you to or relating to any customer;
  iii. communications relating to negotiations with customers related to price and non-price terms of contracts; and
  iv. contracts consummated with customers.

b) Data relating to any off-invoice financial transactions between you and your customers (for each item, indicate the date of the transaction, type of transaction, supplier, and USD amount), including but not limited to:

  i. chargebacks, discounts, rebates, credits, freight allowances, free goods and/or services, cooperative marketing funds, advertising funds, promotional funds or allowances, slotting allowances; and
  ii. any other marketing assistance, support, or other off-invoice financial incentives paid.

**RESPONSE TO REQUEST NO. 5:**

Pac-Agri objects that this subpoena calls for the production of documents outside the

9    Case No. 18-cv-1776 (JRT/HB)
PACIFIC AGRI-PRODUCTS, INC.'S OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

geographical limits permitted by Federal Rule of Civil Procedure 45(c)(2), in that it purports to command production in Washington, D.C.  Pac-Agri objects on the basis of lack of personal jurisdiction.  Pac-Agri objects that this request is vague and ambiguous, including but not limited to its use of "contracting methods, practices, policies, or strategies."  Pac-Agri objects on the basis that the request is overbroad, and subjects Pac-Agri to undue burden and expense in violation of Federal Rule of Civil Procedure 45(d)(1), including but not limited to because it seeks documents dating back to 2002 and because it seeks "data relating to" transactions.  Pac-Agri further objects that the request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case.  Pac-Agri further objects on the ground of privacy, both under the common law and the federal and applicable state constitutions.  Pac-Agri further objects to the extent that the request seeks documents protected by the attorney-client privilege, the work-product doctrine, the taxpayer privilege, the trade secret privilege, and any other applicable privilege or protection.  Pac-Agri further objects that the request seeks Pac-Agri's trade secrets and/or other confidential research, development, or commercial information.  Pac-Agri further objects that the request seeks the production of electronically stored information that is not reasonably accessible because of cost.  Pac-Agri reserves all rights to require the subpoenaing party to bear any cost that Pac-Agri incurs through the production of any information sought by the request.

**REQUEST NO. 6:**

All documents and data reflecting your analysis of competition in the sale of prepared foods that include Pork, Including but not limited to:

a) Assessments and analyses of prepared foods sellers with which you compete, including but not limited to other wholesale distributors and mass merchandisers; and

b) Assessments and analyses of your (actual or prospective) customers, including if available, analyses by customer type, location within the United States, or any other dimension along which you segment customers.

**RESPONSE TO REQUEST NO. 6:**

Pac-Agri objects that this subpoena calls for the production of documents outside the

geographical limits permitted by Federal Rule of Civil Procedure 45(c)(2), in that it purports to command production in Washington, D.C.  Pac-Agri objects on the basis of lack of personal jurisdiction.  Pac-Agri objects that this request is vague and ambiguous, including but not limited to its use of "analysis" and "assessments and analyses."  Pac-Agri objects on the basis that the request is overbroad, and subjects Pac-Agri to undue burden and expense in violation of Federal Rule of Civil Procedure 45(d)(1), including but not limited to because it contains no limitation as to time.  Pac-Agri further objects that the request seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case.  Pac-Agri further objects on the ground of privacy, both under the common law and the federal and applicable state constitutions.  Pac-Agri further objects to the extent that the request seeks documents protected by the attorney-client privilege, the work-product doctrine, the taxpayer privilege, the trade secret privilege, and any other applicable privilege or protection.  Pac-Agri further objects that the request seeks Pac-Agri's trade secrets and/or other confidential research, development, or commercial information.  Pac-Agri further objects that the request seeks the production of electronically stored information that is not reasonably accessible because of cost.  Pac-Agri reserves all rights to require the subpoenaing party to bear any cost that Pac-Agri incurs through the production of any information sought by the request.

DATED:  May 21, 2021                    SAWYER & LABAR LLP

                                        By: _____
                                            Adrian Sawyer
                                            Attorneys for Nonparty
                                            PACIFIC AGRI-PRODUCTS, INC.

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 1700 Montgomery Street, Suite 108, San Francisco, CA 94111.

On May 21, 2021, I served true copies of the following document(s) described as **PACIFIC AGRI-PRODUCTS, INC.'S OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** on the interested parties in this action as follows:

| | |
|---|---|
| Anthony M. Carter | Cuneo Gilbert & LaDuca, LLP |
| Tostrud Law Group, P.C. | 4725 Wisconsin Ave., NW, Suite 200 |
| 1925 Century Park East, Suite 2100 | Washington D.C. 20016 |
| Los Angeles, CA 90067 | *[by mail only]* |
| Email: acarter@tostrudlaw.com | |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Sawyer & Labar LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Sausalito, California.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address guzman@sawyerlabar.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 21, 2021, at Sausalito, California.

_____
Sarah Guzman

12   Case No. 18-cv-1776 (JRT/HB)
PACIFIC AGRI-PRODUCTS, INC.'S OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION