# Exhibit E

**Julianne VanNorman**

| | |
|---|---|
| **From:** | Ian McFarland |
| **Sent:** | Friday, June 11, 2021 6:05 PM |
| **To:** | Adrian Sawyer |
| **Cc:** | David Cialkowski; Blaine Finley; Evelyn Li; Rebecca MacLaren; Sarah Guzman |
| **Subject:** | RE: In Re Pork Antitrust Litigation | Pacific Agri-Products, Inc. | Subpoena |
| **Attachments:** | Pork Antitrust Litigation - Protective Order (Doc 212).pdf |

Hello Adrian—

Thank you for taking the time to meet with us on Monday. I write to address two concerns you had expressed on behalf of your client.

**Place of Production**
You indicated that you would like us to serve an amended subpoena re-designating the place of production as San Francisco. We understand your concern and are willing to agree upon the following as the relevant place of production for the purposes of the subpoena: In San Francisco, California via electronic means (by email or a file sharing site such as Dropbox) to Ian.McFarland@zimmreed.com, evelyn@cuneolaw.com, and bfinley@cuneolaw.com. Please let us know if you are willing to produce the data via electronic means.

**Confidential Information Protected**
Additionally, we understand your client's concern about providing data that could allow margins to be calculated, and we want to assure you that we will protect the confidentiality of your client's data. Members of our team have encountered similar concerns from a few third parties subpoenaed in similar antitrust litigation. In our team's experience, those third parties went on to produce their purchase and sales data after reviewing and signing on to the case's protective order.

I have attached a copy of the protective order for your consideration. After signing on to the protective order, your client will have the ability to designate sensitive commercial information, including its purchase and sales data, as "highly confidential." Information your client designates as "highly confidential" may only be reviewed by (1) counsel for the parties; (2) the court and its personnel; (3) court reporters and recorders; (4) contractors engaged for the limited purpose of processing documents; (5) trial consultants and experts employed by the parties; (6) witnesses (after your client has had an opportunity to object); (7) authors or recipients of the document; (8) persons identified in the document (provided such disclosure is limited to the portion of the document in which the person identified is referenced); (9) others by your client's consent. Thus, the information will not be viewed by your client's competitors or other third parties.

We can also inform you that we do not anticipate that your client's data will be shared with any fact witnesses. Rather, we are seeking it for our experts to use in generating their report. We anticipate that we will file the expert report under seal. And again, only counsel and experts would see it, not the parties employing them.

We look forward to meeting with you again next week. Please do not hesitate to reach out if you have any additional questions in the meantime.

Best regards,
Ian

**IAN MCFARLAND** | ASSOCIATE

**ZIMMERMAN REED LLP**

1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402  +612.341.0400

Minneapolis  |  Los Angeles  |  Phoenix

*If you received this e-mail in error, please notify the sender immediately and delete.*

---

**From:** Adrian Sawyer <sawyer@sawyerlabar.com>
**Sent:** Saturday, June 5, 2021 11:29 AM
**To:** Ian McFarland <Ian.McFarland@zimmreed.com>
**Cc:** David Cialkowski <David.Cialkowski@zimmreed.com>; Blaine Finley <bfinley@cuneolaw.com>; Evelyn Li <evelyn@cuneolaw.com>; Rebecca MacLaren <maclaren@sawyerlabar.com>; Sarah Guzman <guzman@sawyerlabar.com>
**Subject:** Re: In Re Pork Antitrust Litigation | Pacific Agri-Products, Inc. | Subpoena

EXTERNAL EMAIL: Use caution with requests, links, and attachments.

Hi Ian,

How would 12:30 central work for you?

Best,

Adrian

Adrian Sawyer
Sawyer & Labar LLP
1700 Montgomery St., Suite 108
San Francisco, CA 94111
O 415.262.3820
www.sawyerlabar.com

---

**From:** Ian McFarland <Ian.McFarland@zimmreed.com>
**Sent:** Thursday, June 3, 2021 11:38:04 AM
**To:** Adrian Sawyer <sawyer@sawyerlabar.com>
**Cc:** David Cialkowski <David.Cialkowski@zimmreed.com>; Blaine Finley <bfinley@cuneolaw.com>; Evelyn Li <evelyn@cuneolaw.com>; Rebecca MacLaren <maclaren@sawyerlabar.com>
**Subject:** RE: In Re Pork Antitrust Litigation | Pacific Agri-Products, Inc. | Subpoena

Hi Adrian,

We are available on Monday, June 7, from 11am to 5pm central. Does a time in that range work for you?

Thank you,
Ian

---

**From:** Adrian Sawyer <sawyer@sawyerlabar.com>
**Sent:** Tuesday, June 1, 2021 4:16 PM
**To:** Ian McFarland <Ian.McFarland@zimmreed.com>
**Cc:** David Cialkowski <David.Cialkowski@zimmreed.com>; Blaine Finley <bfinley@cuneolaw.com>; Evelyn Li

<evelyn@cuneolaw.com>; Rebecca MacLaren <maclaren@sawyerlabar.com>
**Subject:** Re: In Re Pork Antitrust Litigation | Pacific Agri-Products, Inc. | Subpoena

EXTERNAL EMAIL: Use caution with requests, links, and attachments.

Hi Ian,

This week is challenging but Monday June 7 could work. Do you have some times that day?

Best regards,

Adrian

Adrian Sawyer
Sawyer & Labar LLP
1700 Montgomery St., Suite 108
San Francisco, CA 94111
O 415.262.3820
www.sawyerlabar.com

---

**From:** Ian McFarland <Ian.McFarland@zimmreed.com>
**Sent:** Friday, May 28, 2021 2:28:32 PM
**To:** Adrian Sawyer <sawyer@sawyerlabar.com>
**Cc:** David Cialkowski <David.Cialkowski@zimmreed.com>; Blaine Finley <bfinley@cuneolaw.com>; Evelyn Li <evelyn@cuneolaw.com>; Rebecca MacLaren <maclaren@sawyerlabar.com>
**Subject:** In Re Pork Antitrust Litigation | Pacific Agri-Products, Inc. | Subpoena

Hello Adrian —

I write on behalf of Commercial and Institutional Indirect Purchaser Plaintiffs in the In re Pork Antitrust Litigation.

We've received Pacific Agri-Products, Inc.'s objections to our subpoena, and we would like to set up a time next week to confer with you regarding our requests. We are available any time Wednesday after 11:00, Thursday after 1:00, or Friday after 1:00 (all times Central). Please let us know what works best for you, or if a different time works better.

Best regards,
Ian

**IAN MCFARLAND** | ASSOCIATE

**ZIMMERMAN REED LLP**
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402  +612.341.0400

---

Minneapolis  |  Los Angeles  |  Phoenix

*If you received this e-mail in error, please notify the sender immediately and delete.*

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or

taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more <u>Click Here</u>.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click <u>here</u> to report this email as spam.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click <u>here</u> to report this email as spam.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

In re Pork Antitrust Litigation

Civil No. 18-cv-1776 (JRT/HB)

**PROTECTIVE ORDER**

This Document Relates To:  All Actions

Pursuant to the proposed Protective Order, attached as Exhibit A to the Joint Status Report and Letter Brief (ECF No. 203-1), e-filed by the parties on October 30, 2018,

**IT IS HEREBY ORDERED** that the proposed Protective Order (ECF No. 203-1) is **ADOPTED**, and confidential information shall be disclosed only in the following ways:

1.      **Scope.**  All documents, electronically stored information, items, and other information produced or adduced in the course of discovery, regardless of the medium or manner generated, stored, maintained or revealed (including, among other things, initial disclosures, responses to discovery requests, deposition testimony, and exhibits), and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential or Highly Confidential Information as defined below.  This Order shall apply to any named party to this action (including all of its officers, directors, employees, retained experts, outside counsel (and their support staff)).  This Order is subject to the Local Rules of this District and the Federal Rules of

Civil Procedure on matters of procedure and calculation of time periods.

2.      **Confidential Information.**  As used in this Order, "Confidential Information" means any document, or any portion thereof, which contains confidential or proprietary business, commercial, research, personnel, product or financial content belonging to the producing party, and which is designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" for purposes of this litigation.  Confidential Information may fall within one or more of the following categories:  (a) information prohibited from disclosure by statute or contractual agreement; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case.  The parties will make reasonable efforts to ensure that information or documents that are available to the public are not designated as Confidential Information.

3.      **Highly Confidential Information.**  As used in this Order, "Highly Confidential Information" means any document, or any portion thereof, which a producing party or non-party believes to be so highly sensitive that:  (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others; (iii) its disclosure to existing or potential competitors or customers would cause injury to the business, commercial, competitive, or financial interests of the producing party or non-party; and (iv) it is

designated as "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" for purposes of this litigation.  By way of example only, Highly Confidential Information may include but is not limited to:  (a) current or future business strategies and other strategic planning information; (b) projections or plans regarding performance, budgets, production, output, sales, marketing or distribution practices; (c) research and development information; (d) manufacturing know-how or technology; (e) board of directors materials and presentations; (f) customer lists or information; (g) negotiation strategies; (h) proprietary software, systems, or processes; (i) margin, cost, and pricing information; or (j) intellectual property.  If required by applicable privacy laws, Highly Confidential Information may also include personnel files that are designated as such for purposes of this litigation.

### 4.    Designation.

(a)    A party may designate a document as Confidential or Highly Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.   To the extent a document is produced in a form in which placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document is not practicable, the producing party may designate the document as confidential by cover letter, slip sheet, or by affixing a label to the production media containing the document.

3

As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential or Highly Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying such marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of documents designated as Confidential or Highly Confidential Information and do not otherwise disclose the substance of the Confidential or Highly Confidential Information are not required to be marked.

(b)     Though the parties understand that the designation of a document as Confidential or Highly Confidential Information is a certification by an attorney that the document contains Confidential or Highly Confidential Information as defined in this Order, the parties recognize that document review using technological means may result in the application of greater or lesser confidentiality designations than otherwise appropriate. The parties agree to work together on an as-needed (and per document) basis to address any potential over (or under) designation.

5.     **Depositions.**  Unless all parties agree otherwise on the record at the time

4

the deposition testimony is taken, all deposition testimony taken in this case shall be treated

as Confidential Information for a period of thirty (30) days after the transcript is delivered

to the party being deposed.   If counsel for any party states on the record that the

deposition testimony should be treated as Highly Confidential Information, such

testimony will be treated as Highly Confidential Information for the thirty (30)-day

period following the delivery of the transcript to the party seeking to designate material

as confidential.  No later than the thirtieth day after the transcript is delivered to the party

being deposed or a party seeking to designate material as confidential, whichever is later,

a party may serve a Notice of Designation to all parties of record and the court reporter

for the deposition in question as to specific pages of the transcript that are designated

Confidential or Highly Confidential Information, and thereafter only those portions

identified in the Notice of Designation shall be protected by the terms of this Order.  The

court reporter shall provide a final copy of the transcript that reflects any designations of

pages of the transcript as Confidential or Highly Confidential Information in the lower

left-hand corner of each designated page.

### 6.      Protection of Confidential or Highly Confidential Material.

(a)      **General Protections.**  Except as set forth below, Confidential or

Highly Confidential Information shall not be used or disclosed by the parties, counsel for

the parties or any other persons identified in subparagraph (b) for any purpose whatsoever

other than the prosecution or defense of claims in, or the settlement of, this litigation,

including any appeal thereof.  In this putative class action, Confidential or Highly

Confidential Information may be disclosed only to the named plaintiffs and not to any

other member of the putative class unless and until a class including the putative member has been certified. Nothing in this Order, however, shall prevent or prejudice any party designating materials Confidential or Highly Confidential Information from using its own such designated documents for any purpose, including privately disclosing its own Confidential or Highly Confidential Information to others not mentioned in this Paragraph 6, and such private disclosure shall not waive the protections of this Order.

    (b)  **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential or Highly Confidential Information to any third person or entity except as set forth below in subparagraphs (1)-(10) and (1)-(9), respectively. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

    (1)  Counsel. Outside or in-house counsel for the parties (or in-house counsel for the parties' affiliates) and employees of such counsel who have responsibility for the preparation and trial of the action;

    (2)  Parties. Individual parties and employees or former employees of a party, but only to the extent counsel has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications or data about which the individual party, employee, or former employee has knowledge; disclosure to such individual party, employee, or former employee is limited to the portion of the document about such events, transactions, discussions, communications, or data; and such party, employee, or

former employee has completed the certification contained in
Attachment A, Acknowledgment of Understanding and Agreement to
Be Bound to this Order;

(3)     The Court and its personnel;

(4)     Court Reporters and Recorders.  Court reporters and recorders
engaged for depositions;

(5)     Contractors.  Those persons specifically engaged for the limited
purpose of making copies of documents or organizing or processing
documents, including outside vendors hired to process electronically
stored documents;

(6)     Consultants and Experts.  Consultants, investigators, or experts
employed by the parties or counsel for the parties to assist in the
preparation and trial of this action but only after such persons have
completed the certification contained in Attachment A to this Order;

(7)     Witnesses.  During depositions or testimony at trial or any hearing,
witnesses in this action to whom disclosure is reasonably necessary,
provided that counsel for the party intending to disclose the
information has a good-faith basis for believing such Confidential
Information is relevant to events, transactions, discussions,
communications or data about which the witness is expected to testify
or about which the witness may have knowledge.  Witnesses shall
not retain a copy of documents containing Confidential Information,

7

except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed testimony that are designated as Confidential Information pursuant to Paragraph 5 may not be disclosed to anyone except as permitted under this Order.

(8) Author or recipient. The author or recipient of the document (not including a person who received the document solely in the course of litigation);

(9) Identified Persons. Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications or data about which the person has knowledge; disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced; and such person has completed the certification contained in Attachment A to this Order; and

(10) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

The following categories of persons may be allowed to review Highly Confidential Information:

(1)    Counsel.  Outside counsel for the parties and employees of such counsel who have responsibility for the action, provided that such individuals do not regularly participate in the commercial business activities of the party;

(2)    The Court and its personnel;

(3)    Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

(4)    Contractors.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(5)    Consultants and Experts.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A to this Order;

(6)    Witnesses.  During depositions or testimony at trial or any hearing, witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions,

discussions, communications or data about which the witness is expected to testify or about which the witness may have knowledge. Before disclosing any document pursuant to this paragraph, counsel who intends to disclose the document must first notify counsel for the designating party of their intent to do so. At depositions, trial or hearings, such notice may be accomplished by presenting a copy of the Highly Confidential Information to counsel for the designating party and permitting counsel an opportunity to object before the document is shown to the witness. Until the designating party agrees to the disclosure, or the Court orders such disclosure, Highly Confidential Information shall not be disclosed to or discussed with any witness. Witnesses shall not retain a copy of documents containing Highly Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed testimony or exhibits to depositions that are designated as Highly Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(7)     Author or recipient. The author or recipient of the document (not including a person who received the document solely in the course of litigation);

(8)     Identified Persons. Any person who is referenced in the document

or whose conduct is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications or data about which the person has knowledge; disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced; and such person has completed the certification contained in Attachment A to this Order; and

(9) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

To the extent any person is required to complete the certification contained in Attachment A to this Order, facsimile signatures or signatures transferred in electronic format (*e.g.,* PDF) shall be treated as original signatures purposes of this Order.

(c) **High Level Summaries**. Notwithstanding the provisions of paragraph 6(b), outside counsel for a party that is a corporation or other type of business entity may provide high level summaries or characterizations of the evidence in the case to individuals employed by the party who have responsibility to make decisions regarding the defense or settlement of the case. Nothing in this Order is intended to bar or otherwise prevent any counsel from rendering advice to his or her client with respect to this litigation

and, in the course of rendering such advice, from relying upon his or her examination or knowledge of Confidential or Highly Confidential Information.

(d)     **Control of Documents.**  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential or Highly Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

7.     **Absent Class Members.**  Confidential or Highly Confidential Information may not be disclosed to absent members of a certified class (each an "Absent Class Member") who have not intervened or otherwise appeared in this litigation, except under the circumstances described in Paragraph 6(a)-(b) of this Order.  If, however, Confidential or Highly Confidential Information is contained in a filing with the Court pursuant to Paragraph 9 of this Order, such filing may be disclosed to counsel for the Absent Class Member (or the Absent Class Member if not represented) for purposes of evaluating any settlement affecting the Absent Class Member, provided that such counsel, if any, and the Absent Class Member have completed the certification contained in Attachment A to this Order.

8.     **Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Confidential or Highly Confidential Information does not, standing alone, waive the right to so designate the document.  If a party designates a document as Confidential or Highly Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to ensure

12

that the document is treated in accordance with the provisions of this Order.   No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential Information.

9.      **Filing of Confidential or Highly Confidential Information.**  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential or Highly Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 5.6.

10.      **No Greater Protection of Specific Documents.**  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.  Nothing in this Order shall prevent a party from seeking greater or lesser protection with respect to the use of any Confidential or Highly Confidential Information.

11.      **Challenges by a Party to Designation as Confidential or Highly Confidential Information.**  The designation of any document as Confidential or Highly Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(a)      **Meet and Confer.**  A party challenging the designation of Confidential or Highly Confidential Information must do so in good faith and must begin

the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated document, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days of the meet and confer.

(b)  **Judicial Intervention.**  A party that elects to challenge a confidentiality designation may (i) seek informal dispute resolution with the Court if such process can be mutually agreed upon with the designating party; or (ii) file and serve a motion that identifies the challenged document and sets forth in detail the basis for the challenge.  Each such motion's supporting brief may not exceed five (5) pages and must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure outlined above.  The burden of persuasion in any such challenge proceeding shall be on the designating party, who shall have the right to respond to any motion filed by a challenging party.  Until the Court rules on the challenge, all parties shall continue to treat the document as Confidential or Highly Confidential Information under the terms of this Order.  As such, any motion challenging a confidentiality designation must not publicly file the documents with contested designations nor describe them in a manner that would reveal Confidential or Highly Confidential Information.

12.  **Action by the Court.**  Applications to the Court for an order relating to documents designated Confidential or Highly Confidential Information shall be by motion.

Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

13. **Use of Confidential or Highly Confidential Documents or Information at Trial.**  Nothing in this Order shall be construed to limit the use of any document at any trial or hearing provided that the parties take necessary advance precautions to avoid the public disclosure of Confidential or Highly Confidential Information.  A party that intends to present or that anticipates that another party may present Confidential or Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum sufficiently in advance of the proceeding without disclosing the Confidential or Highly Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents at hearing or trial.

14. **Third Parties.**  In seeking discovery from third parties, the parties shall attach this Order to a copy of any subpoena or other discovery request.  Third parties from whom discovery is requested are parties to this Order and are entitled to the protections of this Order in responding to such requests.

15. **Confidential or Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a)  If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any document designated in this action as Confidential or Highly Confidential Information, the receiving party must so notify the

designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential or Highly Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential or Highly Confidential Information by the other party to this case.

16.     **Challenges by Members of the Public to Sealing Orders.** If a party or interested member of the public challenges the sealing of particular documents that have been filed under seal, the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

17.   **Unauthorized Disclosure or Use.**  If a party learns that it or its counsel, officers, directors, employees, consultants, experts or other agents have disclosed documents designated Confidential or Highly Confidential Information in any circumstance not authorized under this Order, that party must within two (2) business days of learning of such disclosure (a) notify the designating party of the disclosure and all pertinent facts relating thereto, (b) make every reasonable effort to prevent disclosure by each unauthorized person who received such information, (c) use reasonable best efforts to retrieve all copies of the protected documents disclosed to unauthorized persons, (d) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order, and (e) request that each such person execute the certification contained in Exhibit A to this Order.  Nothing contained herein shall limit the right of the designating party to seek relief against the party responsible for such disclosure.

18.   **Limitations on Waiver of Privilege.**

(a)   **Clawback of Inadvertent Disclosure.**  This Order is entered, *inter alia*, pursuant to Federal Rule of Evidence 502(d).  If a party or non-party that produces or otherwise discloses information in connection with this Litigation (the "Producing Party") thereafter claims that such information is protected by any privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding.  The parties

17

stipulate that by entering this Confidentiality Order, the Court shall provide the maximum protection allowed by Rule 502(d).

(1)     **Assertion of a Clawback.** Any Producing Party may request, in writing, the return of any Disclosed Protected Information by identifying it and stating the basis for withholding such material or information from production. The Producing Party must also provide a privilege log explaining the basis for the assertion of the privilege within 3 business days of asserting a clawback.

(2)     **Clawbacks before Deposition.** To the extent a party believes a clawback made prior to a scheduled deposition impacts that deposition, the parties will meet and confer and a party may seek guidance from the Court if the meet and confer does not reach a successful resolution.

(3)     **Clawback Process.** Federal Rule of Civil Procedure 26(B)(5)(b) shall govern the clawback of Disclosed Protected Information.

a.     If a Producing Party requests the return of such Disclosed Protected Information then in the custody of one or more parties, the receiving parties shall—unless it contests the claim of attorney-client privilege or work product protection in accordance with sub-paragraph 18(b)(2)(b) – within ten (10) business days of receipt of written notice (i) destroy or return to the Producing Party the Disclosed Protected Information and all copies thereof, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed.

b.     **Challenging a Clawback.** Notify the producing Party or non-Party that it wishes to challenge the claim of privilege or work product

18

protection and has sequestered the material until the issue can be resolved. The Parties agree to meet and confer regarding the claim of privilege. If, at the conclusion of the meet and confer process, the Parties are still not in agreement, they may bring the issue to the Court. A Party challenging a clawback request under this paragraph may use the clawed-back document and its contents for the purpose of filing a motion with the Court under seal that challenges whether or not the document is privileged or work product only in accordance with the provisions of Fed. R. Civ. P. 26(b)(5)(B).

c.  The parties may stipulate to extend the time periods set forth in sub-paragraph (a).

d.  Disclosed Protected Information that is sought to be reclaimed by the parties to this case pursuant to this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

e.  The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Disclosed Protected Information.

(b)  Where a party agrees to or is ordered to destroy a clawed back document, the party must instruct their e-discovery vendor to delete the document entirely from their e-discovery database and delete other copies of the clawed back document. To the extent that it is not technologically feasible for a receiving party to destroy a clawed back document (for example, if the clawed back document is part of a production

provided on read-only production media such that the clawed back document cannot be destroyed without destroying the entire production media), the parties will meet and confer as to an acceptable alternative approach.

(c)     **Receiving Party's Obligation.**  Without waiving the ability to challenge a clawback under ¶ 18(a)(3)(b) a party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party.  A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**19.     Claims of Privilege and Redactions**

(a)     **Production of Privilege Logs.**  Except as provided otherwise below, for any document withheld in its entirety or produced but redacted, the producing Party will produce privilege/redaction logs in MS Excel format or any other format that permits electronic sorting and searching.  All privilege logs will served within 60 days after Substantial Completion of Document Productions.

(b)     **Exclusions from Logging Potentially Privileged Documents.** The following categories of documents do not need to be contained on a producing Party's initial privilege log, unless good cause exists to require that a Party do so.

(1)     Information generated after June 30, 2018.  This provision does not apply to third parties to the Litigation.

(2)     Any communications exclusively between a producing Party and its outside counsel, an agent of outside counsel other than the Party, any non-testifying experts in connection with

20

CASE 0:18-cv-01776-JRT-HB Doc. 1027-2 Filed 12/02/21 Page 26 of 33

specific litigation, or with respect to information protected by Fed. R. Civ. P. 26(b)(4), testifying experts in connection with specific litigation.

(3)    Any privileged materials or work product created by or specifically at the direction of a Party's outside counsel, an agent of outside counsel other than the Party, any non-testifying experts in connection with specific litigation, or with respect to information protected by Fed. R. Civ. P. 26(b)(4), testifying experts in connection with specific litigation.

(c)    Privilege Log Requirements:

(1)    **Metadata Log.** To the extent applicable, each Party's privilege log only needs to provide objective metadata (to the extent it is reasonably available and does not reflect privileged or protected information) and an indication of the privilege or protection being asserted.

    a.    Objective metadata includes the following (as applicable to the document types as shown in Appendix A to the ESI Protocol Order):

        i.    A unique privilege log identifier that makes clear the familial relationship of documents, i.e., parent/child.

        ii.    Custodian

        iii.    DuplicateCustodian, CustodianOther or

               CustodianAll (if applicable)

      iv.      File Name
      v.       Email Subject
      vi.      Author
      vii.     From
      viii.    To
      ix.      CC
      x.       BCC
      xi.      Date Sent
      xii.     Date Received
      xiii.    Date Created

      b.       In addition to the objective metadata fields, a Party must also include a field on its privilege log entitled "Attorney/Description of Privileged Material" if the basis for the privilege asserted is not apparent from the objective metadata (e.g., the name of the attorney will be provided if not included in the objective metadata). Further, a Party must manually populate on its privilege log an author and date for any withheld document where that information is not provided by the objective metadata, unless such information is not reasonably discernable from the document or the information is not necessary to evaluate the claim of privilege in light of the metadata that is discernable and/or the information provided in the Attorney/Description of Privileged Material field.

      c.       With respect to the "Email Subject" or "File Name" field, the producing Party may substitute a description of the document where the contents of these fields may reveal privileged information. In the privilege log(s), the producing Party shall identify each instance in which it has modified the content of the "Email Subject" or "File Name" field (e.g., "[metadata redacted/altered to protect privilege]."

      d.       Should a receiving Party, in good faith, have reason

to believe a particular entry on a metadata-generated privilege log is responsive and does not reflect privileged discoverable information, the receiving Party may request, and the producing Party will not unreasonably refuse to provide, more information about the basis of the asserted privilege in compliance with Fed. R. Civ. P. 26(b)(5).

(2) **Email Chains.** If there is more than one branch of (i.e., more than one unique group of recipients of) an email thread, each branch will be individually logged; however, each individual email within the thread need not be logged if the recipients of the email chain are all identical. A Party asserting privilege over a chain of emails may produce only a single redacted copy of such email chain consistent with the ESI Protocol to the extent some portions are only partially privileged, except that any unique branches of the email chain must also either be produced in redacted form or included on the metadata privilege log.

(3) **Email Families.** Attachments to emails shall be logged as separate documents on the log, with family relationships identified.

(d) **Documents Redacted for Privilege.** As an initial production matter, redacted documents need not be logged as long as (a) for emails, the objective metadata (i.e., to, from, cc, bcc, recipients, date, and time, unless the privilege or protection is contained in these fields) is not redacted, and the reason for the redaction, including the nature of the privilege asserted, is noted on the face of the document, or, if noting the nature on the face of the document is not technologically feasible, is noted in the metadata field provided in section F below (for redacted documents where the subject matter is not decipherable as a result of redactions, a description of the contents of the

document that is sufficient to understand the subject matter of the document may be requested); and (b) for non-email documents, the reason for the redaction is noted on the face of the document in the redacted area. The producing Party will undertake reasonable efforts to make limited, line-by-line redactions of privileged or work product information. After receipt of the production, the requesting Party may request in good faith that the producing Party create a privilege log for specific redacted documents. Electronic documents that are redacted shall be identified as such in a "redaction" field in the accompanying data load file.

(e)     **Challenges to Privilege Claims.**  Following the receipt of a privilege/redaction log, a requesting Party may identify, in writing (by Bates/unique identified number), the particular documents that it believes require further explanation. The producing Party shall endeavor to respond to such a request within 14 days.  If a Party challenges a request for further information, the Parties shall meet and confer to try to reach a mutually agreeable solution.   If they cannot agree, the matter may be brought to the Court.

(f)     **Privilege Metadata Fields.**  Where a document is either withheld in full or redacted on the basis of a privilege, then that privilege shall be provided in a metadata field entitled "Privilege Asserted" and list a short description of the privilege asserted (e.g., "Attorney Client Privilege", "Attorney Work Product").

**20.     Obligations on Conclusion of Litigation.**

(a)     **Order Continues in Force.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to

further appeal.

          (b)      **Obligations at Conclusion of Litigation.**  Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential and Highly Confidential Information, including copies as defined in Paragraph 4(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

          (c)      **Retention of Work Product and Filed Documents.**

Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) email correspondence related to their representation, (2) attorney work product, including an index that refers or relates to designated Confidential or Highly Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential or Highly Confidential Information; and (3) one complete set of (a) all documents filed with or by the Court, including those filed under seal; (b) all transcripts of depositions, including exhibits; and (c) all final expert witness reports and supporting materials disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure. Any retained Confidential or Highly Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose Confidential or Highly Confidential Information. Nothing in this Order shall be construed to require the destruction or return of Confidential

25

or Highly Confidential Information stored in counsels' archives, back-up media, or disaster recovery media.

(d)     **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.**  Filings under seal shall be deleted from the ECF system only upon order of the Court.

21.     **Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

22.     **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document designated Confidential or Highly Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

23.     **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

24.     **Future Parties.**  The terms of this Order shall be binding upon all current and future parties to this litigation and their counsel; any party appearing in the litigation following entry of this Order shall be deemed to have joined the case subject to its provisions.

25.     **Personal Jurisdiction.**  Nothing herein shall be construed as a

determination by the Court, or as a consent or waiver by any party, or parent or affiliate of

any party, that such party, or parent or affiliate of a party, is subject to personal

jurisdiction in this Court or that discovery as to such party, or parent or affiliate of a party,

shall proceed pursuant to the Federal Rules of Civil Procedure.


Dated:  November 26, 2018                    _s/ *Hildy Bowbeer*_____
                                             HILDY BOWBEER
                                             United States Magistrate Judge

## ATTACHMENT A TO PROTECTIVE ORDER

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re Pork Antitrust Litigation

Civil No. 18-cv-1776 (JRT/HB)

This Document Relates To: All Actions

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Minnesota in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential or Highly Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential or Highly Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____ _____
                                              Signature