UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/HB) |
| This document relates to:<br>Indirect Purchaser Actions | |

RECEIVED BY MAIL
DEC 09 2021
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

## NOTICE REGARDING HUANG'S OPENING ARGUMENT FOR HEARING

Objector Shiyang Huang writes this brief to summarize his key arguments he intends to set forth during the fairness hearing, rescheduled currently for December 10.

Should he be able to present his arguments during the hearing, Huang will focus on these opening points; should he be unable to appear in the rescheduled date of the hearing, reading out loud the paragraphs below shall resemble what he intends to argue orally.

**FIRST, USDA price history is NOT useful evidence for a class certification when it cannot demonstrate the impact of <u>any</u> Plaintiffs' theory of antitrust behaviors. Otherwise such class certification can be readily granted for trial against <u>every single defendant</u>.** Starting with *Comcast v. Behrend*, 569 U.S. 27 (2013), Plaintiffs' only **one** out of four leftover theory of Plaintiffs' antitrust injury was reversed, because Plaintiffs' model calculated damages resulting from **four** "alleged anticompetitive conduct as a whole and did not attribute damages to any one particular theory of anticompetitive impact." *Id.* at 36-37. The court announced the rule that evidence is **required**. *Id.* at 33. But not *every kind of evidence* survives.[1]

---

[1] a model purporting to serve as evidence of damages in this class action must measure only those damages attributable to that theory. If the model does not even attempt to do that, it cannot possibly establish that damages are susceptible of measurement across the entire class for purposes of Rule 23(b)(3). Calculations need not be exact, but at the class-certification stage (as at trial), any model

SCANNED
DEC 09 2021
U.S. DISTRICT COURT MPLS

This Court is well aware of the same effect from *Daubert*, because "Judge Tunheim hears Daubert motions himself." Chief Judge John R. Tunheim's Practice Pointers, www.mnd.uscourts.gov/sites/mnd/files/JRT.pdf (last accessed Nov. 24, 2021). *Daubert* motions generally review three criteria of expert reports (a) qualification (b) acceptable methods, and **(c) model must fit the case.** Here, none of Plaintiffs' theories, are backed by USDA price charts.

Without a theory to model, how can USDA Report of prices be evidence that **fits the theories of Plaintiffs' case?** There is zero chance for USDA report prices to have modeled Plaintiffs' accusation of price-fixing. Plaintiffs cannot draw a horizontal line on the chart, and then say each time the line dips, there was price-fixing conspiracy. Not only does USDA data fail to establish "**supracompetitive prices**", they are just what they are—the prices at given times of the years. Consumer IPPs cannot tell what happened to each theory they continue to allege, they have no claim about whether any legitimate factors increased prices without making a conspiracy (e.g., what if, transportation got expensive? Inflation of packaging, supplies? Swine flu?)

---

> supporting a "plaintiff's damages case must be consistent with its liability case, particularly with respect to the alleged anticompetitive effect of the violation."

*Comcast*, 569 U.S. at 35 (cleaned up). For antitrust price-fixing cases, the elements are: (1) a theory of conspiracy to fix prices (2) an antitrust injury – i.e., the impact of the defendants' unlawful activity; and (3) damages caused by the antitrust violations. *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005) ("For a class to be certified, plaintiffs need to demonstrate that common issues prevail as to the existence of a conspiracy and the fact of injury.")

> "[P]roof of injury in a price-fixing case will generally consist of some showing by the plaintiff that, as a result of this conspiracy, he had to pay supracompetitive prices. . . ." *Id.* at 327. **To establish antitrust impact, an expert is "required to construct a hypothetical market, a but-for market, free of the restraints and conduct alleged to be anticompetitive.**

*Id.* at 569. (emphasis added)

2

Consumer IPPs offered nothing about those. Their "evidence" from USDA was not made **anyhow** to track-down some price-fixing conspiracy. The USDA data does not model effects of any alleged antitrust behaviors and is not fitting Consumer IPPs' case **at all**. Thus Consumer IPPs utterly failed to provide otherwise any evidence as required by *Comcast* and Rule 23(b)(3).

**SECOND, Consumer IPPs' push for "relaxed" class certification must be rejected out of hand.** They realized that they are in a bind with no admissible evidence. That is why they sell a new theory in their Final Approval papers (a reply brief to Huang's objection that added double the page counts versus the initial motion).[2] The rest is simple and clear: *Amchem*—a settlement-class rejection, emphasized that Rule 23(b)(3) predominance is "far more demanding" than Rule 23(a). 521 U.S. at 624. The Eighth Circuit's standard application *from Settlement Classes to litigation classes* has no way to support a "relaxed" standard that Consumer IPPs wants to have. "Federal courts, in any case, lack authority to substitute for Rule 23's certification criteria a standard never adopted— that if a settlement is "fair," then certification is proper." *Amchem*, 521 U.S. at 622. Even if one keeps *Petrovic* and *Amchem* aside to ignore the "heightened attention", they **never lowered** those "rigorous" Rule 23 certification requirements.

Consumer IPPs have no evidence to satisfy class certification. There is no such "relaxed' class certification that needs no evidence. Their motion for class certification must be denied.

---

[2] To be clear, *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) carved out a manageability exemption such that a court needs not consider manageability here. But *Amchem* does not change Consumer IPPs' own claim at ECF No. 742 at 15:

> there are no difficulties in managing this case as a class action. Litigating the claims of the class members from different states in this Court does not present manageability concerns...

Date: December 5, 2021               Respectfully Submitted,

/s/Shiyang Huang  
Shiyang Huang  
2800 SW Engler Ct.,  
Topeka, KS 66614  
(314) 669-1858  
defectivesettlement@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on or before December 5, 2021, a copy of the foregoing was filed with the Clerk of Court by U.S. mail. CM/ECF will then notify all counsels of record electronically.

/s/ Shiyang Huang

4