UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: PORK ANTITRUST LITIGATION | 0:18-cv-1776-JRT-HB |
| This document relates to: MDL Direct Action Plaintiff Cases | |

**[PROPOSED] PRETRIAL CASE MANAGEMENT AND SCHEDULING ORDER APPLICABLE TO THE MDL DIRECT ACTION PLAINTIFF CASES**

This Order shall, unless superseded or modified by subsequent Order, govern all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Transfer Order of June 9, 2021, as well as any "tag-along" actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rules 7.1 and 7.2 of the Rules of Procedures of that Panel, and all related actions originally filed in this Court or transferred or removed to this Court that become part of this multidistrict litigation.

**I.  Pleadings**

[**MDL DAPs' Proposal**:

1

1. Any amended pleadings by any MDL DAP[1] under Federal Rule of Civil Procedure 15 shall be filed on or before April 30, 2022, or 120 days before the deadline for the completion of fact discovery, whichever occurs later.

2. Defendants will accept service of MDL DAP complaints by email to Defendants' counsel.

3. Defendants need not answer each MDL DAP complaint in full until a date to be determined later in this MDL proceeding, except Defendants shall (1) provide within 60 days of service of each MDL DAP complaint their defenses and affirmative defenses to such complaint separately, and (2) answer in full one exemplar MDL DAP complaint (to be identified by the MDL DAPs). If any Defendant elects to file a motion under Federal Rule of Civil Procedure 12 with respect to any MDL DAP complaint, it shall do so no later than 60 days after service of such complaint.]

[**Defendants' Proposal**: Any amended pleadings by any MDL DAP[2] (i.e., excluding Winn-Dixie and Bi-Lo Holdings) under Federal Rule of Civil Procedure 15 shall

---

[1] "MDL DAPs" refers to Direct Action Plaintiffs in any actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Transfer Order of June 9, 2021, as well as any "tag-along" actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rules 7.1 and 7.2 of the Rules of Procedures of that Panel, and all related actions originally filed in this Court or transferred or removed to this Court that become part of this multidistrict litigation.

[2] "MDL DAPs" refers to Direct Action Plaintiffs in any actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Transfer Order of June 9, 2021, as well as any "tag-along" actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rules 7.1 and 7.2 of the Rules of Procedures of that Panel, and all related actions originally filed in this Court or transferred or removed to this Court that become part of this multidistrict litigation.

be filed, along with supporting documents, within 30 days of the entry of this Order. Any motion that seeks to amend or supplement the pleadings must include a redlined version reflecting the changes contained in the proposed pleading. (See Fed. R. Civ. P. 15(a) and Local Rule 15.1.)

Current MDL DAPs[3] shall file a single consolidated complaint in this MDL within 30 days from entry of this Order. Defendants agree to accept service of process for the consolidated complaint by ECF or by email.

Defendants will answer or otherwise respond to MDL DAPs' consolidated complaint within 30 days from the filing thereof.

Within 30 days from entry of this Order, the parties shall file a proposed order (1) governing the process by which any future MDL DAP shall join the consolidated complaint, including a proposed short-form complaint if appropriate, and (2) governing the process by which Defendants shall answer or otherwise respond to complaints filed by any future MDL DAPs (or by which their prior answer to the consolidated complaint shall apply to complaints filed by any future MDL DAPs).]

## II.   Case Management Schedule

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern proceedings in the MDL DAP cases that are or become part of this litigation.

---

[3] "Current MDL DAPs" refers to the Plaintiffs in all cases that have been transferred to this Court as part of this MDL proceeding as of the date of this Order.

| Event | Deadline for MDL DAPs |
|---|---|
| **Deadline for Defendants to Serve Initial Rule 33 and Rule 34 Requests and to serve proposed search terms** | 30 days after a new MDL DAP case is commenced[4] |
| **MDL DAPs to provide the search terms Defendants and MDL DAPs have already used to search for responsive documents, and to produce documents and structured data already produced** | 30 days after a new MDL DAP case is commenced |
| **MDL DAPs to Disclose Keyword Search Tools and/or TAR/CAL Tools** | 45 days after a new MDL DAP case is commenced |
| **MDL DAPS to serve any plaintiff-specific and new proposed search terms to Defendants[5]** | 45 days after a new MDL DAP case is commenced |
| **MDL DAPs to Make Rule 26(a) Disclosures and Additional Required Disclosures[6]** | 45 days after a new MDL DAP case is commenced |
| **MDL DAPs to Propose Document Custodians and Non-Custodial Document Sources** | 45 days after a new MDL DAP case is commenced |

---

[4] For purposes of this Order a new MDL DAP case is "commenced" when it is either filed in this Court, or upon its effective transfer to this Court, which occurs, consistent with JPML Rule 2.1(d), when an order to transfer pursuant to 28 U.S.C. § 1407 issued by the JPML is filed with the clerk of this Court as the transferee district court.

[5] Defendants contend that the search terms, scope of structured data, and other discovery limitations and discovery agreements from the *Preexisting Non-MDL Pork Cases* that were negotiated with the Classes, Commonwealth of Puerto Rico, and Direct Action Plaintiffs Winn-Dixie and Bi-Lo Holdings should govern in the MDL absent good cause to reopen those negotiations with respect to MDL DAPs. By agreeing to provide deadlines for proposals for new search terms and for any further structured data productions or document productions in response to new proposed search terms, Defendants do not concede that additional structured data requests or new proposed search terms are proper.

[6] The MDL DAPs shall provide the same disclosures required by the Court's Order Regarding Disclosure of Information in *In re Pork Antitrust Litigation*, Case No. 18-cv-01776 (the "*Preexisting Non-MDL Pork Cases*"), Dkt. 290 (Feb. 7, 2019).

| | |
|---|---|
| **Deadline for MDL DAPs' Objections and Responses to Initial Rule 33 and 34 Requests** | 30 days after service of Initial Rule 33 and Rule 34 Requests |
| **Deadline for the Parties to Resolve Any Disputes over the Keyword Search Terms, Document and Data Sources, or Search Methodology the MDL DAPs and Defendants Will Use or to Raise Disputes with the Court** | 45 days after proposed search terms received |
| **Commencement of Rolling Production of Documents by MDL DAPs; Commencement of Defendants' Rolling Production of Documents responsive to plaintiff-specific and new search terms** | 60 days after proposed search terms received or, for search terms, sources, or methodologies subject to dispute, 45 days after such disputes are resolved by the Court |
| **Substantial Completion of Structured-Data Productions by MDL DAPs, and by Defendants in response to additional structured data requests by MDL DAPs agreed to by Defendants or ordered by the Court** | 90 days after a new MDL DAP case is commenced or, for structured data subject to dispute, 60 days after such disputes are resolved by the Court |
| **Substantial Completion of Document Productions by MDL DAPs and by Defendants in response to MDL DAPs' plaintiff-specific and new proposed search terms agreed to by Defendants or ordered by the Court[7]** | 90 days after commencement of rolling productions |
| **Completion of Fact Discovery** | September 1, 2022 |

---

[7] Current MDL DAPs and Defendants have agreed to certain search terms to be applied to Defendants' data as referenced in the parties' Informal Dispute Resolution request and response at Dkts. 1022 and 1035.  Certain Current MDL DAPs and Defendants have also agreed to certain search terms to be applied to certain Current MDL DAPs' data.  The parties therefore agree that, in addition to the deadlines otherwise provided for in this section, production of documents based on search terms agreed to as of the date of filing of this proposed order will be substantially completed by January 31, 2022 or by the date otherwise provided for in this section, whichever is latest.

### III. Discovery

#### A. Interrogatories

[**MDL DAPs' Proposal**: The MDL DAPs (including future MDL DAPs) shall collectively have 20 interrogatories they may serve on each Defendant family. The MDL DAPs shall coordinate efforts with the Plaintiffs in the *Preexisting Non-MDL Pork Cases* to avoid serving duplicative or unduly burdensome interrogatories. Defendants may jointly serve 25 interrogatories on each MDL DAP family. Defendants will coordinate efforts to avoid serving duplicative or unduly burdensome interrogatories.]

[**Defendants' Proposal**: Pages 4-5, Section 4.a., of the Pretrial Scheduling Order, No. 18-1776, ECF No. 658 should govern pursuant to the Memorandum Opinion and Order Consolidating Actions, ECF No. 985, and no further order or provision is necessary on this issue.]

#### B. Requests for Admission

The parties will meet and confer in good faith to determine if a stipulation can be agreed to concerning various evidentiary issues addressed in the Federal Rules of Evidence ("FRE"), including authenticity (FRE 902 & 903), duplicates (FRE 1001(4) & 1003), the requirement for a sponsoring witness to establish authenticity or best evidence, and status of a document as a business record (FRE 803(6)). To assist the parties in resolving such evidentiary issues via stipulation rather than serving requests for admission, the presumption by the Court is that a document is authentic if it was produced from a party's files, unless a party makes a showing of good cause to the contrary. For any documents for

which the parties cannot agree upon a stipulation, a party may serve, without limitation, any necessary requests for admission to address any potential evidentiary objections.

[**MDL DAPs' Proposal**: With respect to non-evidentiary issues set forth in the paragraph above, the MDL DAPs collectively may jointly serve 75 requests for admission on each Defendant family.]

[**Defendants' Proposal**:  Pages 5-6, Section 4.c., of the Pretrial Scheduling Order, No. 18-1776, ECF No. 658 should govern pursuant to the Memorandum Opinion and Order Consolidating Actions, ECF No. 985, and no further order or provision is necessary on this issue.]

### C. Depositions

[**MDL DAPs' Proposal**: Defendants collectively may take two depositions of each MDL DAP family.  One of the two depositions may be a Rule 30(b)(6) deposition, not to exceed seven hours.  More depositions may be permitted if the Defendants can demonstrate good cause to exceed that number.]

[**Defendants' Proposal**:  Pages 6-7, Section 5.b., of the Pretrial Scheduling Order, No. 18-1776, ECF No. 658 should govern pursuant to the Memorandum Opinion and Order Consolidating Actions, ECF No. 985, and no further order or provision is necessary on this issue.]

### DISCOVERY LIMITS APPLICABLE TO FUTURE DAP CASES

[**MDL DAPs' Proposal**:  This section, "Discovery Limits Applicable to Future DAP Cases," should be struck in its entirety.]

[**Defendants' Proposal**:  Direct Action Plaintiffs who file on or after **January 10,**

**2022** will not be permitted to seek discovery of Defendants without a court order allowing such discovery to occur.  Such an order shall be entered only upon demonstration of good cause by the moving party.  This provision is intended to preserve the parties' ability to adhere to the existing September 1, 2022 deadline for the close of fact discovery.]

### IV.  Testifying Experts and Summary Judgment Motions

The parties shall meet and confer and present to the Court within 90 days of the fact discovery completion deadline a proposed schedule for trial expert disclosures and discovery, and for summary judgment motions, without prejudice to any party's ability to argue that a separate schedule is premature and/or that the schedule should track that of other cases consolidated into Case No. 18-1776.


Dated: December ___, 2021      _____

JOHN R. TUNHEIM
Chief Judge, United States District Court