UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 18-cv-1776 (JRT/HB) |
| This Document Relates to All Actions | **JOINT LETTER UPDATE REGARDING THE PARTIES' NEGOTIATIONS CONCERNING AMENDMENTS TO THE PROTECTIVE ORDER** |

Dear Judge Bowbeer:

At the hearing on Commercial and Institutional Indirect Purchaser Plaintiffs' motion to compel Pacific Agri-Products, Inc. ("Pac-Agri") to produce its transactional data, the Court ordered the Parties to meet and confer to negotiate revisions to the current Protective Order [ECF No. 212] to adequately protect confidential and highly confidential information produced by non-parties. Consistent with your direction, the Parties met and conferred, and now provide this joint letter on the status of their negotiations.

Pac-Agri has requested six modifications to the Protective Order:

(1) Language changes clarifying that Highly Confidential Information may only be shown to *outside* consultants, investigators, or experts, *retained* by the parties or counsel for the parties to assist in the preparation and trial of this action. (Ex. 1, ¶ 6(b)(5) at p. 9.)[1]

(2) Addition of a requirement that third-parties be given notice and two court days' opportunity to object before any third-party's Highly Confidential Information is shown to any consultant, investigator, or expert, provided that the only objection shall be that the expert's business activities with the third-party's competitors or customers raise a substantial likelihood of competitive harm. (Ex. 1, ¶ 6(b)(5) at p. 9.).

(3) Addition of a procedure for resolving such objections providing that the third-party and the notifying party shall first meet and confer to resolve the issue, and if the meet and confer is not successful, shall submit simultaneous letter briefs

---

[1] Exhibit 1 is a redline of the current Protective Order reflecting the changes Pac-Agri has proposed. For the Court's convenience, the Parties have also submitted as Exhibit 2 a table summarizing their respective positions on Pac-Agri's proposals.

to the Court submitting the issue not later than 5 calendar days from receipt of the objection. (Ex. 1, ¶ 6(b) at p. 11-12.)

(4) Addition of language requiring that High Level Summaries of a third-party's Highly Confidential Information provided by outside counsel pursuant to Paragraph 6(c) of the Protective Order must be anonymized. (Ex. 1, ¶ 6(c) at p. 12.)

(5) Addition of a notice and opportunity to object requirement before a third-party's Highly Confidential Information can be shown to Absent Class Members, as well as a procedure for resolving such objections, similar to the one described above in point (3). (Ex. 1, ¶ 7 at p. 13.)

(6) Addition of language clarifying that third-parties are entitled to the protections of the Protective Order with respect to the handling of their Confidential or Highly Confidential Information under with respect to the handling of their Confidential or Highly Confidential Information under all of its terms. (Ex. 1, ¶ 14 at p. 16.)

Pac-Agri also proposed these terms as a side stipulation that would only apply to Pac-Agri. Ultimately, the Parties were not able to reach agreement with respect to an Amended Protective Order or a side stipulation. The Parties' positions on each of Pac-Agri's requests follow.

**Class Plaintiffs' Position.**[2] Class Plaintiffs understand the Court's concern that the Protective Order does not adequately protect third-parties' highly confidential information. Accordingly, Class Plaintiffs believe that addressing Pac-Agri's issues solely through a side agreement is not preferable. Class Plaintiffs are, however, agreeable to most of Pac-Agri's proposals that further assure that third-parties' highly confidential information will be adequately protected with respect to parties in the litigation and absent class members. Specifically, Class Plaintiffs are able to agree to the following four of Pac-Agri's six proposals:

(1) Language changes clarifying that Highly Confidential Information may only be shown to *outside* consultants, investigators, or experts, *retained* by the parties or counsel for the parties to assist in the preparation and trial of this action. (Ex. 1, ¶ 6(b)(5) at p. 9.)

\* \* \*

---

[2] "Class Plaintiffs" as used in this brief refers to the Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs"), Consumer Indirect Purchaser Plaintiffs ("CIPPs"), and Direct Purchaser Plaintiffs ("DPP").

(4) Addition of language requiring that High Level Summaries of a third-party's Highly Confidential Information provided by outside counsel pursuant to Paragraph 6(c) of the Protective Order must be anonymized. (Ex. 1, ¶ 6(c) at p. 12.)

(5) Addition of a notice and opportunity to object requirement before a third-party's Highly Confidential Information can be shown to Absent Class Members, as well as a procedure for resolving such objections. (Ex. 1, ¶ 7 at p. 13.)

(6) Addition of language clarifying that third-parties are entitled to the protections of the Protective Order with respect to the handling of their Confidential or Highly Confidential Information under all of its terms. (Ex. 1, ¶ 14 at p. 16; *see also* Ex. 2.)

Class Plaintiffs do not agree, however, to Pac-Agri's second and third proposals, which would require that third-parties be given notice and an opportunity to object before Class Plaintiffs and other parties provide transactional data to their experts, and create a process for resolving those objections. (Ex. 1, ¶ 6(b)(5) at p. 9; ¶ 6(b) at p. 11-12; *see also* Ex. 2.) These proposals would work substantial changes on the Protective Order and, in Class Plaintiffs' view, go beyond the scope of the negotiations contemplated by the Court's Order.

The process created by Pac-Agri's second and third proposals is unduly burdensome, and would stem the free flow of critical data the protective order was designed to facilitate, for several reasons. First, if a third-party objects, there is no time period for resolution of the objection, and the parties' experts would be prevented from using highly relevant third-party transactional data during the pendency of the dispute. This is particularly concerning given the approaching class certification deadline. Moreover, the current Protective Order has been in place for over three years, and a substantial number of third-parties have signed on to it. Accordingly, Pac-Agri's proposals would open the door to numerous, potential follow-on motions, significantly impeding the progress of the litigation. *See Fair Isaac Corp. v. Equifax, Inc.*, No. CIV. 06-4112 ADM/JSM, 2007 WL 2791168, at *5-6 (D. Minn. Sept. 25, 2007) (rejecting proposals for amended protective order that would "unduly hamper a receiving party's analysis," "present considerable logistical difficulties," and "likely result in significant discovery disputes").

Next, Pac-Agri's second and third proposals would require disclosure of the identities of consulting experts and premature disclosure of testifying experts—a concern raised by all parties during their meet and confer. *See, e.g., Strobl v. Werner Enterprises, Inc.*, No. 420CV00382SMRSHL, 2022 WL 18686, at *5 (S.D. Iowa Jan. 3, 2022) ("As noted above, courts have held that a party is not required to disclose a consulting expert's identity absent exceptional circumstances.").

Finally, Pac-Agri's second and third proposals are premised on the unfounded assumption

that an independent expert would violate the Protective Order. The current Protective Order already provides that an expert must complete a certification, under the penalties for contempt of court, "obligating him/her to use materials designated as Confidential or Highly Confidential solely for the purposes of the above-captioned action, and not to disclose any such Confidential or Highly Confidential Information to any other person, firm, or concern." (ECF No. 212 at 9, 28.) The District of Minnesota has concluded that there was no good cause to modify a protective order where an expert had signed a similar certification. *Fair Isaac Corp. v. Fed. Ins. Co.*, No. 16-CV-1054 (WMW/DTS), 2020 WL 12442098, at *2-3 (D. Minn. Mar. 5, 2020) (concerns for confidentiality did not justify issuance of an order prohibiting information from being shared with expert where expert had signed the Written Assurance and had agreed to be bound by the terms of the Protective Order).

Similarly, the District of Minnesota has refused to issue a supplemental protective order where, as here, the resisting party "ha[s] not identified with any likelihood that Plaintiffs … independent experts would violate the Protective Order." *Lubrication Techs., Inc. v. Lee's Oil Serv., LLC*, No. CIV. 11-2226 DSD/LIB, 2012 WL 1633259, at *13 (D. Minn. Apr. 10, 2012); *Fair Isaac Corp. v. Equifax, Inc.*, No. CIV. 06-4112 ADM/JSM, 2007 WL 2791168, at *5 (D. Minn. Sept. 25, 2007) ("The Court is mindful that Defendants may suffer great harm if the protective order is violated and Fair Isaac or other competitors gain access to the VantageScore algorithm information. However, Defendants have not identified any likelihood that Fair Isaac's outside counsel or independent experts would violate the Amended Protective Order."); *see also Lee's Oil Serv.*, 2012 WL 1633259, at *13 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing." (quoting *Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 484 (3rd Cir. 1995)). The Court should not adopt an onerous provision of protection, merely to add a belt to suspenders, based solely on the casual assumption that professionals will violate their solemn agreement not to share the information with anyone or use it in any way outside the context of this litigation.

In attempt to resolve the sole remaining dispute concerning Pac-Agri's proposed treatment of outside experts and consultants, Defendants have proposed that the Parties' experts— solely with respect to Pac-Agri—certify that they do not have a competitive relationship with Pac-Agri. The certification would operate as follows:

(1) An outside expert would sign an additional certification stating that the expert is not working for and has not worked for an entity that competes with Pac-Agri or that is or was a customer of Pac-Agri.

(2) The retaining party would have a retained expert sign that certification before sending that expert any transaction data produced by Pac-Agri.

(3) The retaining party would maintain a copy of the signed certification(s) in its files but would not produce the signed certification(s) to anyone.

Class Plaintiffs are agreeable to Defendants' proposed expert certification as a means of resolving the sole remaining dispute with Pac-Agri.

Accordingly, Class Plaintiffs respectfully ask that the Court decline to adopt Pac-Agri's second and third proposals in its Amended Protective Order.

**Pac-Agri's Position.** To Pac-Agri's knowledge as of submission of this letter brief, all but two of its proposed changes to the Protective Order (ECF No. 212) are acceptable to all parties. The two changes that remain in controversy are in paragraphs (2) and (3) of the summary of Pac-Agri's changes on the first page of this joint letter to the Court. Specifically, to prevent competitive harm, Pac-Agri requests that the Protective Order be modified to allow notice to a third party before its Highly Confidential Information may be shown to an expert, to give the third party an opportunity to object to the disclosure. The grounds for objection are narrow, and the burden rests on the third party: the third party must show that "the expert's business activities with the third-parties' competitors or customers raise a substantial likelihood of competitive harm." These changes are shown in redline in Pac-Agri's proposed modified Protective Order, which is an exhibit to this letter.

Pac-Agri has also proposed a compressed time frame for resolving any such objection. The third party will only have 2 court days to make its objection, and if a meet and confer does not resolve the issue, simultaneous letter briefs on the issue must be submitted to the Court within 5 calendar days from the date of the objection. The goal is to bring the issue to a head within approximately one week.

Pac-Agri's proposal is well-supported by case management procedures adopted by other courts in cases involving sensitive highly confidential information, even where a party's highly confidential information is at issue. *See Moore v. Trader Joe's Company*, No. 18-cv-04418-KAW, 2019 WL 914129, *1 (N.D. Cal. Feb. 25, 2019). In *Trader Joe's*, a false advertising class action, the court addressed a defendant's concerns with disclosure of its highly confidential information to the plaintiffs' experts. *Id.*, at *1. The Northern District of California's Model Protective Order for Litigation involving Patents, Highly Sensitive Confidential Information, and/or Trade Secrets ("Model Order") prohibits experts from being past or current employees of a party's competitor, or being anticipated future employees of a party's competitor. *Id.*; *see* Model Order, available at https://www.cand.uscourts.gov/forms/model-protective-orders/. The defendants sought to expand the Model Order to also prohibit experts from being "business consultants or advisors" of competitors. *Id.* The plaintiffs objected, and the defendants proposed that they be given notice and an opportunity to object instead. *Id.* The court found this to be a "reasonable compromise," and ordered the parties to meet and confer on a process by which

the defendant could object to disclosure of its highly confidential information to plaintiffs' experts, and seek relief from the court as necessary. *Id.*

Other decisions are in accord, whether addressing protections for the confidential information of a non-party, such as Pac-Agri, or a litigant. *See Bethesda Management Company v. Bernstein Management Corp.*, No. 14-cv-606 (RDM), 2015 WL 13667752, *1 (D.D.C. Feb. 23, 2015) (entering protective order that would allow the defendant to interpose objections prior to disclosure of its highly confidential information to the plaintiffs' experts); *Engage Healthcare Comms., LLC v. Intellisphere, LLC*, 2016 WL 11680950, *3 (D.N.J. Nov. 30, 2016) ("if the producing party can demonstrate that its business will likely be harmed due to the potential disclosure or misuse of [attorneys' eyes only] documents by outside experts in the same industry, then the experts or consultants will not be permitted to review such AEO documents"); *E3 Biofuels, LLC v. Biothane Corp.*, No. 1:12-mc-76, 2013 WL 3778804, *10 (S.D. Ohio, July 18, 2013) (entering protective order that would allow a subpoenaed non-party an opportunity to object before disclosure of its highly confidential information to an expert). *Engage Healthcare* also collects additional cases supporting the disclosure of the identity of experts who receive highly confidential documents, each of which aligns with Pac-Agri's position in this case. *Engage Healthcare*, 2016 WL 11680950, at *3.

Pac-Agri's standard for the objection—a "substantial likelihood of competitive harm"— also tracks precedent that seeks to balance the risk of misuse of information with the deference shown to a party's choice of expert. *See, e.g., Advanced Micro Devices, Inc. v. LG Electronics, Inc.*, 2017 WL 3021018, *2 (N.D. Cal. Jul.17, 2017) ("in cases where a proposed expert's work 'creates a substantial risk' of misuse, disclosure may be permitted only where the expert possesses unique expertise" (cleaned up)).

Pac-Agri is a distributor of meat and poultry. Some companies rely on source code or securities trading algorithms. Pac-Agri's success rests in large part on building markets then driving margins in those markets via an experienced sales force. It is producing its transactional data in litigation that it has not sought. Pac-Agri's proposed modifications to the protective order are intended to strike the right balance between protection of a non-party's sensitive confidential information and protection of the parties' rights to litigate the case effectively. Its proposal with respect to experts finds ample support in other decisions, as demonstrated above, and Pac-Agri has proposed timeframes that are as tight as feasible to ensure that any justifiable objections are resolved or ruled on quickly.

For the foregoing reasons, Pac-Agri respectfully requests that the Court enter its proposed modified Protective Order with each of Pac-Agri's proposed revisions.

**Defendants' Position.** The Court entered the Protective Order more than three years ago. ECF 212. All of the Class Plaintiffs, all of the DAPs, all of the Defendants, and dozens of non-parties have operated under that Protective Order without incident ever since. Defendants have agreed to the majority of the changes requested by Pac-Agri, but

Defendants cannot agree to the proposed expert-disclosure changes (changes 2-3 listed above). Those changes would require disclosure of consulting-only experts whom the parties would not otherwise have to disclose, could require disclosure of testifying experts before the parties are required to disclose them under the Court's Scheduling Order, and would allow a single non-party to interfere with and impede the ordinary flow of expert discovery. Pac-Agri has not come forward with any viable justification for its proposed revisions' obstruction of the parties' rights under the expert-discovery rules, nor could it. Indeed, Pac-Agri did not ask for any such provisions when it produced data and documents in response to a subpoena in the *Broiler Chicken* litigation currently pending in Illinois.

To resolve this dispute without Court involvement, Defendants proposed a less-onerous alternative that would both address Pac-Agri's concerns and preserve the normal rules governing expert discovery, but Pac-Agri rejected that offer. Now that the parties and Pac-Agri have reached an impasse, Defendants respectfully request that the Court reject the proposed expert-disclosure changes and require Pac-Agri to abide by the same common-sense protections that every party and every other non-party has followed for more than three years (and that Pac-Agri found sufficient in the *Broiler Chicken* litigation).

Defendants oppose the proposed expert-disclosure requirements for three reasons.[3] First, proposed changes 2-3 above would require Defendants to disclose the identity of consulting-only experts who would not otherwise be disclosed to any party or non-party. Fed. R. Civ. P. 26(b)(4)(D). In addition to having to disclose those experts to Pac-Agri up-front, it is likely that the identity of consulting-only experts would be disclosed to opposing parties at some point during motion practice and any hearing over a dispute about disclosure to such experts. Defendants object to disrupting the normal expert-discovery rules to accommodate the concerns of only one non-party when those concerns could be addressed through less-intrusive means.

Second, depending on when a Defendant may need to show Pac-Agri's transaction data to a testifying expert, proposed changes 2-3 above might require Defendants to disclose the identity of testifying experts before the disclosure date listed in the Court's Scheduling Order. The Court entered its Scheduling Order after extensive meet and confers between the parties and after oral argument during a status conference. That schedule includes a specific sequence for disclosure of class-certification experts, and Defendants object to a process that could require disclosure of their testifying experts before the deadline set by

---

[3] Defendants oppose the two proposed expert-disclosure requirements regardless of whether they are included in an amended Protective Order or in a separate stipulation applying only to Pac-Agri. If the Court were to accept Pac-Agri's other requests, then the Defendants would prefer that those requests be handled in a separate stipulation that applies only to Pac-Agri, rather than through a revamped Protective Order that would apply retroactively to non-parties that have already produced data and documents in response to subpoenas.

the Court. Such a development would provide the Class Plaintiffs with a strategic advantage as they prepare their expert reports and class briefs.

Finally, Defendants object to proposed changes 2-3 because they would allow a single non-party to disrupt expert discovery and expert reports for at least a week and likely longer, which could prejudice Defendants as they work during a compressed time frame to respond simultaneously to multiple plaintiff groups' expert reports and class-certification motions.

Defendants conclude by noting that they proposed the following alternative procedure that would resolve Pac-Agri's concerns without disrupting the normal expert-discovery rules:

- Pac-Agri would draft a short certification for an outside expert to sign stating that the expert is not working for and has not worked for an entity that competes with Pac-Agri or that is or was a customer of Pac-Agri.

- The retaining party would have an outside expert sign that certification before sending that expert any transaction data produced by Pac-Agri.

- The retaining party would maintain a copy of the signed certification(s) in its files but would not produce the signed certification(s) to anyone.

This proposal, which allows Pac-Agri to draft the certification, would ensure that Pac-Agri's documents and data are not shared with a competitor or customer while also preserving the normal expert-discovery rules, in particular preserving the confidentiality of consulting-only experts and the sequence for disclosing testifying experts. However, Pac-Agri rejected this proposal in favor of its proposed changes to the Protective Order.

For all of these reasons, Defendants join with all plaintiff groups in opposing Pac-Agri's request that the Court rewrite the Protective Order to add provisions that: are not customary, would disrupt the normal expert-discovery rules, have not been requested by any party or by any other non-party, and Pac-Agri did not request in the *Broiler Chicken* cases.

**MDL DAPs' Position.** Specifically, of Pac-Agri's six proposed changes enumerated above, MDL DAPs object to:

Revision (2) because it effectively requires the identification of consulting experts, directly contrary to Paragraph 5 of the parties' agreed-upon stipulation regarding expert discovery (ECF No. 1019, entered by the Court on Nov. 30, 2021), which (with certain limited exceptions negotiated by the parties) prohibits "any form of discovery" of non-testifying experts and the premature disclosure of testifying experts, contrary to both Fed. R. Civ. P. 26 and the scheduling and case-management orders entered by the Court; and

8

Revisions (2) and (3) because they impose notice-and-objection provisions that would needlessly slow the pace of this litigation by requiring additional meet-and-confers and briefing of any disputes between the parties and non-parties, beyond what is permitted by the existing protective order.  MDL DAPs have the same concern about Revision (5) (regarding disclosure to Absent Class Members), but that provision would not apply, and has no relevance, to the MDL DAPs.

The MDL DAPs have no specific objections to Revisions (1), (4) and (6).

<div style="margin-left:50%">

Very truly yours,

</div>

| | |
|---|---|
| /s/ *Ian F. McFarland* | /s/ *Adrian Sawyer* |
| David M. Cialkowski (0306526) | ADRIAN SAWYER |
| Ian F. McFarland, (0392900) | SAWYER & LABAR LLP |
| ZIMMERMAN REED LLP | 1700 Montgomery Street, Suite 108 |
| 1100 IDS Center | San Francisco, California 94111 |
| 80 South 8th Street | Telephone: 415.262.3820 |
| Minneapolis, MN 55402 | sawyer@sawyerlabar.com |
| Telephone: (612) 341-0400 | |
| ian.mcfarland@zimmreed.com | ***Attorneys for Pacific Agri-Products, Inc.*** |

***Members of Steering Committee for Commercial and Institutional Indirect Purchaser Plaintiffs***

Shawn M. Raiter (#240424)
Jason T. Johnson (#0399974)
Larson King, LLP
2800 Wells Fargo Place 30 East Seventh
Street St. Paul, MN 55101 (651) 312-6500
sraiter@larsonking.com
jjohnson@larsonking.com

Jonathan W. Cuneo (admitted pro hac vice)
Blaine Finley (admitted pro hac vice)
Cuneo, Gilbert & LaDuca, LLP
4725 Wisconsin Ave NW, Suite 200
Washington, DC 20016 (202) 789-3960
jonc@cuneolaw.com
bfinley@cuneolaw.com

***Interim Co-Lead Counsel for the
Commercial and Institutional Indirect
Purchaser Plaintiffs***

/s/ Bobby Pouya
Bobby Pouya
Clifford H. Pearson
Daniel L. Warshaw
Michael H. Pearson
PEARSON SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 92403
T: (818) 788-8300
cpearson@pswlaw.com
dwarshaw@pswlaw.com
bpouya@pswlaw.com
mpearson@pswlaw.com
Melissa S. Weiner (MN #0387900)
PEARSON, SIMON & WARSHAW, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
T: (612) 389-0600
mweiner@pswlaw.com

Bruce L. Simon
Benjamin E. Shiftan
Neil Swartzberg
PEARSON, SIMON & WARSHAW, LLP
350 Sansome Street, Suite 680
San Francisco, CA 94104
T: (415) 433-9000
F: (415) 433-9008
bsimon@pswlaw.com
bshiftan@pswlaw.com
nswartzberg@pswlaw.com

/s/ Joshua Rissman
Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
Michelle J. Looby (#388166)
Joshua Rissman (#0391500)
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600

/s/ Arielle S. Wagner
W. Joseph Bruckner (MN #0147758)
Brian D. Clark (MN #0390069)
Arielle S. Wagner (MN #0398332)
Craig S. Davis (MN #0148192)
Simeon A. Morbey (MN #0391338)
Joseph C. Bourne (MN #0389922)
Stephen M. Owen (MN # 0399370)
LOCKRIDGE GRINDAL NAUEN
P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
T: (612) 339-6900
wjbruckner@locklaw.com
bdclark@locklaw.com
aswagner@locklaw.com
csdavis@locklaw.com
samorbey@locklaw.com
jcbourne@locklaw.com
smowen@locklaw.com

***Co-Lead Class Counsel for Direct
Purchaser Plaintiffs***

Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
bresch@gustafsongluek.com

Steve W. Berman
Breanna Van Engelen
HAGENS BERMAN SOBOL SHAPIRO
LLP
1301 2nd Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

Shana E. Scarlett
Rio S. Pierce
HAGENS BERMAN SOBOL SHAPIRO
LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com
riop@hbsslaw.com

***Co-Lead Counsel for Consumer Indirect
Purchaser Plaintiffs***

| | |
|---|---|
| */s/ Mark L. Johnson* | */s/ Richard A. Duncan* |
| Mark L. Johnson (#0345520) | Richard A. Duncan (#0192983) |
| Davida Williams (#0400175) | Aaron D. Van Oort (#0315539) |
| GREENE ESPEL PLLP | Craig S. Coleman (#0325491) |
| 222 South Ninth Street, Suite 2200 | Emily E. Chow (#0388239) |
| Minneapolis, MN 55402 | Isaac B. Hall (#0395398) |
| Telephone: (612) 373-0830 | Bryan K. Washburn (#0397733) |
| mjohnson@greeneespel.com | FAEGRE DRINKER BIDDLE & REATH |
| dwilliams@greeneespel.com | LLP |

Daniel Laytin, P.C. (*pro hac vice*)
Christa Cottrell, P.C. (*pro hac vice*)
Christina Sharkey (*pro hac vice*)
Jenna Stupar (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 861-2000
daniel.laytin@kirkland.com
christa.cottrell@kirkland.com
christina.sharkey@kirkland.com
jenna.stupar@kirkland.com

***Counsel for Clemens Food Group, LLC
and The Clemens Family Corporation***

2200 Wells Fargo Center 90 South Seventh
Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
richard.duncan@faegredrinker.com
aaron.vanoort@faegredrinker.com
craig.coleman@faegredrinker.com
emily.chow@faegredrinker.com
isaac.hall@faegredrinker.com
bryan.washburn@faegredrinker.com

Jacob D. Bylund (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH
LLP
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309
Telephone: (515) 248-9000
Facsimile: (515) 248-9010
jacob.bylund@faegredrinker.com

Jonathan H. Todt (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH
LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
Telephone: (202) 842-8800
Facsimile: (202) 842-8465
jonathan.todt@faegredrinker.com

John S. Yi (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH
LLP
One Logan Square, Suite 2200
Philadelphia, PA 19103
Telephone: (215) 988-2700
Facsimile: (215) 988-2757
john.yi@faegredrinker.com

***Counsel for Hormel Foods Corporation
and Hormel Foods, LLC***

/s/ Don Heeman
Jessica J. Nelson (#0347358)
Donald G. Heeman (#0286023)
Randi J. Winter (#0391354)
SPENCER FANE LLP
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402-4206
Telephone: (612) 268-7000
jnelson@spencerfane.com
dheeman@spencerfane.com
rwinter@spencerfane.com

Stephen R. Neuwirth (*pro hac vice*)
Sami H. Rashid (*pro hac vice*)
Richard T. Vagas (*pro hac vice*)
David B. Adler (*pro hac vice*)
Heather K. Christenson (*pro hac vice*)
Kari Wohlschlegel (*pro hac vice*)
Andrew T. Sutton (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
stephenneuwirth@quinnemanuel.com
samirashid@quinnemanuel.com
richardvagas@quinnemanuel.com
davidadler@quinnemanuel.com
heatherchristenson@quinnemanuel.com
kariwohlschlegel@quinnemanuel.com
andrewsutton@quinnemanuel.com

**Counsel for JBS USA Food Company**

/s/ John A. Cotter
John A. Cotter (#0134296)
John A. Kvinge (#0392303)
LARKIN HOFFMAN DALY &
LINDGREN LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55427-1060
Telephone: (952) 835-3800

/s/ William L. Greene
William L. Greene (#0198730)
Peter J. Schwingler (#0388909)
William D. Thomson (#0396743)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
william.thomson@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LLP
7700 Forsyth Blvd., Suite 1100 St. Louis,
MO 63105
Telephone: (314) 863-0800
nicci.warr@stinson.com

**Counsel for Seaboard Foods LLC and
Seaboard Corporation**

/s/ Christopher A. Smith
CHRISTOPHER A. SMITH (*pro hac vice*)
Aaron Chapin (#06292540)
Christopher A. Smith (*pro hac vice*)
Tessa K. Jacob (*pro hac vice*)
A. James Spung (*pro hac vice*)
Jason Husgen (*pro hac vice*)
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Ste 600

jcotter@larkinhoffman.com
jkvinge@larkinhoffman.com

Richard Parker (*pro hac vice*)
Josh Lipton (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
rparker@gibsondunn.com
jlipton@gibsondunn.com

Brian Robison (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-6912
Telephone: (214) 698-3370
brobison@gibsondunn.com

**Counsel for Smithfield Foods, Inc.**

St. Louis, MO 63105
Telephone: (314) 480-1500
aaron.chapin@huschblackwell.com
chris.smith@huschblackwell.com
tessa.jacob@huschblackwell.com
james.spung@huschblackwell.com
jason.husgen@huschblackwell.com

**Counsel for Triumph Foods, LLC**

/s/ David P. Graham
David P. Graham (#0185462)
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street Minneapolis, MN 55402
Telephone: (612) 486-1521
dgraham@dykema.com

Rachel J. Adcox (*pro hac vice*)
Tiffany Rider Rohrbaugh (*pro hac vice*)
Lindsey Strang Aberg (pro hac vice)
AXINN, VELTROP &
HARKRIDER LLP
950 F Street, N.W.
Washington, D.C. 20004
Telephone: (202) 912-4700
radcox@axinn.com trider@axinn.com
lstrang@axinn.com

Jarod Taylor (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP

/s/ Peter H. Walsh
Peter H. Walsh (#0388672)
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
Telephone: (612) 402-3000
Facsimile: (612) 402-3001
peter.walsh@hoganlovells.com

William L. Monts (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW Washington, D.C. 20004
Telephone: (202) 637-5600
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

**Counsel for Agri Stats, Inc.**

90 State House Square
Hartford, CT 06103
Telephone: (860) 275-8109
jtaylor@axinn.com

Kail Jethmalani (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
Telephone: (212) 728-2200
kjethmalani@axinn.com

**Counsel for Tyson Foods, Inc., Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc.**

*/s/ Robert N. Kaplan*
Robert N. Kaplan
Matthew P. McCahill
Jason A. Uris
**KAPLAN FOX & KILSHEIMER, LLP**
850 Third Avenue, 14th Floor
New York, New York 10022
Telephone: (212) 687-1980
Email: rkaplan@kaplanfox.com
Email: mmccahill@kaplanfox.com
Email: juris@kaplanfox.com

*/s/ Eric R. Lifvendahl*
Eric R. Lifvendahl
Ryan F. Manion
**L&G LAW GROUP, LLP**
175 W. Jackson Blvd., Suite 950
Chicago, Illinois 60604
Telephone: (312) 364-2500
Email: elifvendahl@lgcounsel.com
Email: rmanion@lgcounsel.com

*/s/ Richard L. Coffman*
Richard L. Coffman
**THE COFFMAN LAW FIRM**
3355 W. Alabama St., Suite 240
Houston, Texas 77098
Telephone: (713) 528-6700
Email: rcoffman@coffmanlawfirm.com

*/s/ Bernard D. Marcus*
Bernard D. Marcus
Moira Cain-Mannix
Brian C. Hill
Rachel A. Beckman
**MARCUS & SHAPIRA LLP**
One Oxford Center, 35th Floor
Pittsburgh, Pennsylvania 15219
Telephone: (412) 471-3490
Email: marcus@marcus-shapira.com
Email: cain-mannix@marcus-shapira.com
Email: hill@marcus-shapira.com
Email: beckman@marcus-shapira.com

***Counsel for MDL DAPs Action Meat Distributors, Inc., Topco Associates, LLC, Alex Lee, Inc./Merchants Distributors, LLC, Associated Food Stores, Inc., Brookshire Grocery Company, Colorado Boxed Beef Co., Certco, Inc., The Golub Corporation, Nicholas & Co., PFD Enterprises, Inc., SpartanNash Company, Springfield Grocer Company, The Distribution Group d/b/a Van Eerden Foodservice Co., Troyer Foods, Inc., URM Stores, Inc., Giant Eagle, Inc., and UniPro Foodservice, Inc.***