UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION*<br><br>This Document Relates To: All Actions | Case No. 18-cv-1776 (JRT/HB)<br><br>**MEMORANDUM OF LAW AND ORDER CONCERNING AMENDED PROTECTIVE ORDER** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on the parties' and non-party Pac-Agri's Joint Letter Update Regarding the Parties' Negotiations Concerning Amendments to the Protective Order. (Jt. Ltr. [ECF No. 1103].) In ruling on the Commercial and Institutional Purchaser Plaintiffs' (CIIPPs) motion to compel Pac-Agri to produce certain confidential data, the Court found the existing Protective Order [ECF No. 212] did not adequately take into account the confidentiality concerns of non-parties such as Pac-Agri who produce information in response to subpoenas. The Court directed all parties and Pac-Agri to meet and confer to attempt to agree on modifications to the existing protective order to address that gap.

Pac-Agri proposed six modifications to the Protective Order, and the parties largely agreed to four of the six, denoted as proposals (1), (4), (5), and (6) in the parties' joint letter (Jt. Ltr. at 1–2). The Court finds those modifications appropriate and has incorporated them into the Amended Protective Order entered contemporaneously with this memorandum. Those modifications can be found in Paragraphs 6(b)(5), 6(c), 7, and 14 of that Order. The Court has also amended Paragraphs 16 and 19(a), and made minor

changes to the remainder of the Order to make it consistent in its reference to producing non-parties, where applicable.

However, after careful consideration the Court agrees with the parties that Pac-Agri's proposals (2) and (3) should not be included. The Court understands and sympathizes with the concerns that underlie those proposals but concludes that the process that would be imposed by those proposals would, as Class Plaintiffs put it, "stem the free flow of critical data the protective order was designed to facilitate." (Jt. Ltr. at 3.) *See Fair Isaac Corp. v. Equifax, Inc.,* Case No. 06-cv-4112 (ADM/JSM), 2007 WL 2791168, at *5–6 (D. Minn. Sept. 25, 2007) (rejecting proposed amendments to a protective order when such amendments would "unduly hamper a receiving party's analysis," "present considerable logistical difficulties," and result in significant discovery disputes). Here, the proposed process would almost certainly create a bottleneck in the parties' ability to work with their consultants and experts at a time when they will need to move quickly to process large amounts of information from potentially dozens of non-parties, and a hold-up with even one such non-party could impede their ability to integrate and process the rest.

Furthermore, while Pac-Agri has identified theoretical concerns, it has not demonstrated to the Court the likelihood that a party's independent expert would not comply with the obligations imposed by the Protective Order and certification, which require the expert to use confidential information only for purposes of this action and not to disclose it to any other person or entity. *See Fair Isaac,* 2007 WL 2791168, at *5; *Lubrication Techs., Inc., v. Lee's Oil Serv., LLC,* Case No. 11-cv-2226 (DSD/LIB), 2012

WL 1633259, at *13 (D. Minn. Apr. 10, 2012). The imminence of those concerns is further undercut by the fact that numerous other non-parties have produced or agreed to produce confidential data in this case without insisting on such a process, and that Pac-Agri did not request such a process in *In re Broiler Chicken Antitrust Litigation*, Case No. 16-cv-8637 (N.D. Ill.) and does not point to any breaches that occurred as a result. Relatedly, implementing such a process at this point would throw into disarray the status of any data produced by other non-parties to date, even though they did not seek any modification of the Protective Order.

Finally, any such theoretical concern is further ameliorated by the parties' willingness, set forth in the joint letter, to have their experts certify separately that they do not have a competitive relationship with Pac-Agri. (*See* Jt. Ltr. at 4–5, 8.) The Court will take the parties up on their proposal and in this Order directs the parties and Pac-Agri to engage in that separate certification process.

## ORDER

For all of the foregoing reasons, the Court concludes the amendments reflected in the Amended Protective Order adequately address the needs of non-party providers of confidential information in this case, and does not find good cause to include the additional provisions proposed by Pac-Agri. Therefore, IT IS HEREBY ORDERED that:

1) Pac-Agri will draft within three (3) business days of the date of this Order a short certification to be signed by each outside expert retained by any party,

stating that the expert is not working for and has not worked for an entity that competes with Pac-Agri or that is or was a customer of Pac-Agri;

2) The retaining party must receive the signed certification from the outside expert before sending any confidential Pac-Agri data to that expert;

3) Counsel for the retaining party must keep a copy of the signed certification in its files but will not be required to produce the signed certification to anyone unless otherwise ordered by the Court; and

4) Pac-Agri must produce the data as provided to this Court's order on the CIIPPs' motion to compel (Dec. 17, 2021 Ct. Mins. [ECF No. 1073]) within two weeks of the date of this Order.

Dated:  January 31, 2022        s/ *Hildy Bowbeer*
                                HILDY BOWBEER
                                United States Magistrate Judge