# UNITED STATES DISTRICT COURT
## District of Minnesota

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | **JUDGMENT IN A CIVIL CASE** |
| | Case Number: 18-cv-1776 JRT/HB |
| This Document Relates to: | |
| THE DIRECT PURCHASER PLAINTIFF ACTION | |

☐ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. Direct Purchaser Plaintiffs' Motion for final approval of the Settlement with Smithfield is hereby **GRANTED** pursuant to Fed. R. Civ. P. 23(e) because it is fair, reasonable, and adequate to the Class.

2. The Court has jurisdiction over the subject matter of this litigation, including the actions within this litigation, and over the parties to the Settlement Agreement, including all members of the Settlement Class (also referred to herein as the "Class"), and all Defendants.

3. Terms capitalized in this Order and Final Judgment have the same meanings as those used in the Settlement Agreement.

4. The Court adopts and incorporates herein all findings made under Rule 23 in its Preliminary Approval Order.

5. In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Class's reaction to the settlement, and the result achieved.

6. The Settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations, which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

7. Pursuant to Federal Rule of Civil Procedure 23, the Court determines that the following Settlement Class be certified solely for the purposes of the Settlement:

DPPs and all other persons who purchased Pork directly from any of the Defendants or any co-conspirator, or their respective subsidiaries or affiliates for use or delivery in the United States from January 1, 2009 through January 12, 2021. Specifically excluded from the Settlement Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from this Settlement Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

8. Pursuant to Fed. R. Civ. P. 23(g), Interim Co-Lead Counsel previously appointed by the Court are appointed as Class Counsel for the Settlement Class as they have and will fairly and competently represent the interests of the Settlement Class.

9. The Court further finds that the prerequisites to a class action under Rule 23 are satisfied solely for settlement purposes in that: (a) there are at least hundreds of geographically dispersed class members, making joinder of all members impracticable; (b) there are

questions of law and fact common to the class that predominate over individual issues; (c) the claims or defenses of the plaintiffs are typical of the claims or defenses of the Settlement Class; (d) the plaintiffs will fairly and adequately protect the interests of the Settlement Class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the Settlement Class; (e) common issues of law and fact predominate; and (f) a class action is superior to individual actions.

10. The Escrow Account, into which Smithfield has deposited a total of $83,000,000.00 as the initial settlement amount, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder. The Court further finds that as a result of the opt-out process and pursuant to the Settlement Agreement, Smithfield is entitled to a reduction in the amount of the Settlement Fund. The amount of the reduction that is due to Smithfield is $5,635,700. This results is a net Settlement Fund of $77,364,300.

11. This Court hereby dismisses on the merits and with prejudice all Claims in the DPP action against Smithfield, with each party to bear its own costs and fees, including attorneys' fees, except as provided in the Settlement Agreement.

12. The Release in the Settlement Agreement is incorporated herein and the Releasing Parties shall, by operation of law, be deemed to have released all Smithfield Released Parties from the Released Claims. All entities who are Releasing Parties (as defined in the Settlement Agreement) or who purport to assert claims on behalf of the Releasing Parties are hereby and forever barred and enjoined from commencing, prosecuting, or continuing, against the Smithfield Released Parties, in this or any other jurisdiction, any and all claims, causes of

action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

13. The Smithfield Released Parties are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasing Parties had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

14. The notice given to the Settlement Class, including individual notice to all members of the Settlement Class who could be identified through reasonable effort, was the most effective and practicable under the circumstances. This notice provided due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

15. No members of the Settlement Class have objected to the Settlement.

16. Any member of the Settlement Class who has not timely and validly requested to be excluded from the Settlement Class is now subject to and bound by the provisions of the Settlement Agreement, the Released Claims contained therein, and this Order with respect to all Released Claims, regardless of whether such members of the Class seek or obtain any distribution from the Settlement Fund. Persons/Entities who validly requested to be excluded from the Settlement Class are listed in ECF No. 1140.

Such persons/entities are not entitled to any recovery from the Settlement Fund. Furthermore, nothing in this Judgment shall be construed as a determination by this Court

that any person or entity satisfies the criteria for membership in the Settlement Class merely because they filed a Request for Exclusion.

17. A list of entities requesting to be excluded from the Settlement Class and who have partial assignments ("Partial Assignees") is set forth in ECF No. 1140-1. Claims based on purchases assigned by the Settlement Class member to the Partial Assignee, to the extent they are subject to an agreement between Settlement Class Counsel, Smithfield, and the Partial Assignee, or an order from the Court regarding the amount of the assignor Settlement Class Member's purchases for the time period January 1, 2009 through January 12, 2021 that are covered by the partial assignment for the purpose of the Settlement, are excluded from the Settlement Class. Except for the claims of the Partial Assignees, all claims belonging to the Settlement Class members (whether assigned or not) are part of the Class and released through the provisions of the Settlement Agreement and this Order.

18. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) consummation, administration and implementation of the Settlement Agreements and any allocation or distribution to Settlement Class members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by Plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the actions in this litigation until the Final Judgment has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to any plan of allocation or distribution of proceeds from the Settlement; (f) the parties to the Settlement Agreement for the purpose of enforcing and administering the

Settlement Agreement and the releases contemplated by, or executed in connection with the Settlement Agreement; (g) the enforcement of this Final Judgment; and (h) over any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, that cannot be resolved by negotiation and agreement.

19. Smithfield has served upon the appropriate state officials and the appropriate federal official notice under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").

Date: 2/1/2022                                     KATE M. FOGARTY, CLERK