UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>*This Document Relates to*:<br><br>All Actions | Civil No. 18-cv-1776 (JRT/HB)<br><br>**ORDER REGARDING THE STIPULATED CONFIDENTIALITY AGREEMENT REGARDING NON-PARTY TRADER JOE'S COMPANY'S MATERIALS** |

On February 4, 2022, the Parties[1] and non-party Trader Joe's Company, Inc. ("Trader Joe's") jointly submitted a Stipulated Confidentiality Agreement Regarding Non-Party Trader Joe's Company's Materials (Dkt 1170). The stipulation seeks to address Trader Joe's concerns regarding Paragraph 6(c) of the Amended Protective Order. *See* Amended Protective Order, Dkt. 1155 (January 31, 2022). The Court finds good cause to **GRANT** the Parties' request for this stipulated confidentiality agreement. Accordingly, it is hereby **ORDERED:**

    A.    The Amended Protective Order (Dkt. 1155) shall govern the treatment of Confidential or Highly Confidential Material produced by Trader Joe's, except that the

---

[1] "The Parties" refers to: Consumer Indirect Purchaser Plaintiffs; Direct Purchaser Plaintiffs; Commercial and Institutional Indirect Purchaser Plaintiffs; MDL Direct Action Plaintiffs; the Commonwealth of Puerto Rico; Clemens Food Group, LLC and The Clemens Family Corporation; Hormel Foods Corporation and Hormel Foods, LLC; JBS USA Food Company; Seaboard Foods LLC; Smithfield Foods, Inc.; Triumph Foods, LLC; Tyson Foods, Inc., Tyson Fresh Meats, Inc., and Tyson Prepared Foods, Inc.; and Agri Stats, Inc.

Parties agree to interpret Paragraph 6(c) with respect to evidence produced by Trader Joe's that Trader Joe's has designated as Highly Confidential as outlined in Section B below.

      B.      Notwithstanding paragraph 6(b) of the Amended Protective Order, experts retained by the parties to the Action may review and analyze the evidence produced by Trader Joe's, draw conclusions therefrom, and generate expert witness reports summarizing those conclusions at a high level to be shared with the Parties and the Court. The Parties are permitted to review such materials prepared by their Experts, except to the extent any portion of the materials both 1) identify Trader Joe's, whether implicitly or explicitly; and 2) describe, summarize, characterize, or otherwise reveal the contents of evidence produced by Trader Joe's, in which case the materials must be redacted so as to conceal the identity of Trader Joe's. Redactions will be considered compliant if, and only if, *all* retailer identities are redacted or anonymized where any such evidence involving Trader Joe's will be disclosed. To illustrate, an expert report addressing retailers' wholesale costs for bacon may permissibly state: "one supermarket spent $1.00/lb for bacon, another spent $1.10/lb, and a third spent $1.20/lb"; "supermarkets whose data was surveyed spent, on average, $1.10/lb for bacon"; or "███████ spent $1.00/lb for bacon, ███████ spent $1.10/lb, and ███████ spent $1.20/lb," with the unredacted version available only to those persons identified in Section 6(b) of the Amended Protective Order as "allowed to review Highly Confidential Information." However, an expert report would *not* be compliant if it stated, for example: "███████ spent $1.00/lb for bacon, Kroger spent $1.10/lb, and Whole Foods spent $1.20/lb" or "Trader

- 3 -

Joe's spent $1.00/lb for bacon, Kroger spent $1.10/lb, and Whole Foods spent $1.20/lb." In addition, high level summaries may not describe individual retailers in a manner that could make them identifiable to someone with knowledge of the industry, for example, by stating the numbers of store locations affiliated with a given entity, the state or city of its headquarters, or other descriptors that are not shared among like retailers. For avoidance of doubt, it is the intention of the Parties that no Party's experts or counsel may share with the Party any information referring to, summarizing, describing, detailing, excerpting, containing, or otherwise based on materials produced and designated "Highly Confidential" by Trader Joe's in this litigation where the Party could identify Trader Joe's as the source of the substance of that information.

    IT IS SO ORDERED.

Dated:  February 7, 2022          s/*Hildy Bowbeer*
                                          HILDY BOWBEER
                                          United States Magistrate Judge