# EXHIBIT A

I.    PARTIES' PROPOSED POSITIONS
      ON RESPONSES TO MDL DAP COMPLAINTS

1. Any motion to amend the pleadings by any MDL DAP[1] under Federal Rule of Civil Procedure 15 shall be filed on or before April 30, 2022. Any subsequent amendments may be allowed by Order of the Court and as permitted by Fed. R. Civ. P. 16.

2. MDL DAP complaints filed after the date of this Order will be deemed to have been served when placed on the docket in this MDL proceeding.

3. [MDL DAPs' position: Defendants need not answer each MDL DAP complaint in full until a date to be determined later in this MDL proceeding, except each Defendant shall: (1) answer in full as an exemplar complaint the *Associated Grocers of the South* Plaintiffs' complaint within 30 days of this Order, which shall serve as the operative answers to the *Associated Grocers of the South* Plaintiffs' complaint in that case; and (2) file any defenses and affirmative defenses, in compliance with the Federal Rules of Civil Procedure, to each MDL DAP complaint separately, within 30 days of this Order for any MDL DAP complaint already served, or within 60 days of service of any MDL DAP complaint not yet served.

---

[1] "MDL DAPs" refers to Direct Action Plaintiffs in any actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Transfer Order of June 9, 2021, as well as any "tag-along" actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rules 7.1 and 7.2 of the Rules of Procedures of that Panel, and all related actions originally filed in this Court or transferred or removed to this Court that become part of this multidistrict litigation.

<u>Defendants' position</u>: Defendants need not answer each MDL DAP complaint in full until a date to be determined later in this MDL proceeding, except each Defendant shall: (1) answer in full as an exemplar complaint the *Associated Grocers of the South* Plaintiffs' complaint within 30 days of: (a) any amendment to that complaint pursuant to Paragraph 1 above, (b) confirmation by the MDL DAPs that they will not move to amend the *Associated Grocers of the South* Plaintiffs' complaint pursuant to Paragraph 1 above, or (c) the filing of this Order, whichever is latest, which answers shall serve as the operative answers to the *Associated Grocers of the South* Plaintiffs' complaint; and (2) file any defenses and affirmative defenses, in compliance with the Federal Rules of Civil Procedure, to each MDL DAP complaint separately, within 45 days of: (a) any amendment to any respective complaint pursuant to Paragraph 1 above, (b) confirmation by the respective MDL DAPs that they will not move to amend their respective complaint pursuant to Paragraph 1 above, or (c) the filing of this Order, whichever is latest, for any MDL DAP complaint already served, or within 60 days of service of any MDL DAP complaint not yet served.[2]]

4.      Notwithstanding this deferral of the deadline for Defendants to fully answer certain DAPs' Complaints pursuant to the provisions above, every DAP Complaint in the MDL is "at issue" for the purposes of taking discovery. Defendants may not assert any argument that seeks to deprive any individual DAP of discovery or that seeks to delay

---

[2] Nothing in this Paragraph 3 shall prevent one or more Defendants from electing to file a motion under Federal Rule of Civil Procedure 12 as set forth in Paragraph 6, below.

any DAP's case based on the fact that Defendants have not fully answered that DAP's Complaint.

5. A Defendant may amend its defenses or affirmative defenses without leave of the Court only if an MDL DAP is permitted to file an amended complaint, and such amended defenses/affirmative defenses must be filed within 30 days of the filing of the MDL DAP's amended complaint. In all other circumstances, a Defendant may amend its defenses/affirmative defenses only with leave of the Court under Federal Rule of Civil Procedure 15.

6. [MDL DAPs' position: DAPs object to Defendants' proposal below regarding potential motions to dismiss. The Defendants' proposal makes the provision of defenses/affirmative defenses contingent on events that may or may not occur, but if they do, may not occur or be resolved for many months, which would deprive DAPs the full opportunity to take discovery concerning Defendants' defenses/affirmative defenses before the current fact discovery deadline of September 1, 2022. DAPs object to the inclusion of such language, which the parties have not previously addressed in writing or orally with the Court. As Judge Tunheim indicated at the February 4, 2022 status conference, issues concerning motions to dismiss as to the DAP complaints could be addressed at the next status conference.[3]

Defendants' position: Defendants do not propose delaying the filing of answers or affirmative defenses pending motions to dismiss. Furthermore, Defendants

---

[3] MDL DAPs do not concede the timeliness of any such motion, at least with respect to certain DAP complaints, and maintain their right to oppose any such motion on that basis.

have raised the issue of how to address motions to dismiss throughout this process, including during the conference held with Judge Bowbeer on January 31, 2022, and with Chief Judge Tunheim on February 4, 2022.  (*See, e.g.*, 1/31/2022 Case Management Conf. Tr. 30:23-31:1 ("[D]efendants would prefer to fight – to brief one motion and to have one opposition, which we believe will be most efficient for the Court and the parties.").)  Defendants' specific proposal for how to address motions to dismiss is set forth immediately below:

If any Defendant elects to file a motion under Federal Rule of Civil Procedure 12 with respect to the *Associated Grocers of the South* complaint, it shall do so within: (a) 30 days of any amendment to that complaint pursuant to paragraph 1 above, (b) 45 days of confirmation by the respective MDL DAPs that they will not move to amend the *Associated Grocers of the South* Plaintiffs' complaint pursuant to Paragraph 1 above, or (c) 45 days of the filing of this Order, whichever is latest.  Any decision or order by the Court on such motion shall apply equally to all other MDL DAP complaints that have been transferred to this district as of the date of this Order.  Any such decision or order shall also apply equally to any MDL direct action transferred to this Court after the date of this Order, absent a motion by an MDL DAP and a Court order providing relief from such decision or order on a motion to dismiss.]

7.  MDL DAPs will work with Defendants in good faith to consider reasonable adjustments to the schedule for responding to future complaints in the interests of efficiency; for example, by setting a single date for responding to multiple complaints filed within a short period of each other.

II.      DEFINITION OF MDL DAP FAMILY

"MDL DAP family" means that members of the same corporate family, even if separately named plaintiffs, shall be treated as a single entity, unless otherwise agreed to by the parties (e.g., Nestle Family shall mean Plaintiffs Nestle Purina Petcare Company and Nestle USA, Inc.; Meijer Family shall mean Plaintiffs Meijer, Inc. and Meijer Distribution, Inc.).

III.      TREATMENT OF FORMER EMPLOYEES AT DEPOSITION

MDL DAPs' position: Notwithstanding Section 5.b (page 7) of the Pretrial Scheduling Order (ECF No. 658), depositions of former employees of an MDL DAP deposed for the purpose of obtaining information about their employment by that MDL DAP will count toward the per-MDL DAP family limit.

Defendants' position: The language of the Pretrial Schedule Order should control: "Percipient witnesses" for purposes of deposition limits should include only current employees and "former employees where the corporate Plaintiff makes the witness available for deposition."

To the extent the Court adopts MDL DAPs' position, Defendants request that the change to the Pretrial Scheduling Order be made reciprocal; that is, depositions of former employees of Defendants deposed for the purpose of obtaining information about their employment by that Defendant should count toward the per-Defendant family limit.