

February 14, 2022

*VIA ECF FILING*

The Honorable Hildy Bowbeer
United States Magistrate Judge
District of Minnesota
632 Federal Building
316 N. Robert Street
St. Paul, MN 55101

           **Re:** *In re Pork Antitrust Litigation;* **Case No. 0:18-cv-01776-JRT-HB**
                **Joint Submission of Class Plaintiffs Response to ECF No. 1182**

Dear Judge Bowbeer:

    We write on behalf of Direct Purchaser Plaintiffs, Consumer Indirect Purchaser Plaintiffs, and Commercial and Institutional Indirect Purchaser Plaintiffs (collectively, "Class Plaintiffs") in response to Defendants' and Direct Action Plaintiffs' ("DAPs") joint submission to the Court.[1] *See* Letter from J. Taylor (ECF No. 1182) & Ex. A (ECF No. 1182-1) (Feb. 11, 2022). That letter and exhibit focus on DAP-specific scheduling and case management issues.

    Class Plaintiffs were not included in the meet and confer between Defendants and the DAPs. As Class Plaintiffs learned only from Defendants' and DAPs' joint submission, Defendants' proposal contains a provision to modify the Pretrial Scheduling Order (ECF No. 658) that risks prejudicing Class Plaintiffs. DAPs seek to count depositions of their own former employees toward the per-DAP deposition limit regardless of whether the DAP represents the witness in the deposition. If the Court grants such relief, then Defendants seek a corresponding change in how depositions of Defendants' former employees are counted:

> To the extent the Court adopts MDL DAPs' position, Defendants request that the change to the Pretrial Scheduling Order be made reciprocal; that is, depositions of former employees of Defendants deposed for the purpose of

---

[1] Class Plaintiffs received permission from the Court to submit a letter.

565884.1

obtaining information about their employment by that Defendant should count toward the per-Defendant family limit.

*See* ECF No. 1182-1 at 5.[2] This would be a change from the current Pretrial Scheduling Order, which provides that Plaintiffs may depose ten "current employees, as well as former employees *where the Defendant makes the witness available for deposition*" from each Defendant corporate family. *See* Pretrial Scheduling Order § 5(a)(i) (emphasis added). Former employees "whom the Defendant does not make available for deposition" do not count toward this limit. *See id.*

Class Plaintiffs oppose Defendants' request. Defendants have not shown good cause to impose further limitations on the number of depositions of each Defendant family. Defendants' proposal would potentially force all Plaintiffs to take fewer depositions of Defendants, and their *only* claimed justification is reciprocity with the change DAPs are seeking for themselves.

Class Plaintiffs respectfully submit that the Court should not modify the per-Defendant family percipient witness limits in Section 5(a)(i) of the Pretrial Scheduling Order.

---

[2] Defendants' and DAPs' joint submission highlights an ongoing case-management issue that is intertwined with their exclusion of the Class Plaintiffs from the meet-and-confer process. DAPs' continued reference to "MDL DAPs" appears calculated to avoid the actual procedural history of this litigation. The Court has consolidated all of the cases, as it has consistently ordered from the start of the litigation, and there is no separate DAP MDL. *See* Initial Case Mgmt. Order (ECF No. 85) (Sept. 21, 2018); Mem. Op. & Order (ECF No. 985) (Nov. 14, 2021). The so-called "MDL DAPs" seek to distance themselves from the negotiations they do not like, even though those negotiations included DAPs Winn-Dixie and Puerto Rico. Indeed, Winn-Dixie's counsel now represents so-called "MDL DAPs" in addition to "pre-existing DAPs." Curiously, MDL DAPs have no problem binding future-filing DAPs with their current negotiations. Class Plaintiffs take no position on DAPs' request to reduce the number of DAP depositions, but simply note that their attempt to artificially divide the case into MDL DAPs and non-MDL DAPs (or non-MDL parties) is contrary to the Court's orders and invites complications and inefficiencies.

Respectfully submitted,

/s/ Joseph C. Bourne
W. Joseph Bruckner (MN #0147758)
Brian D. Clark (MN #0390069)
Joseph C. Bourne (MN #0389922)
Arielle S. Wagner (MN #0398332)
Craig S. Davis (MN #0148192)
Simeon A. Morbey (MN #0391338)
Stephen M. Owen (MN # 0399370)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
T: (612) 339-6900
wjbruckner@locklaw.com
bdclark@locklaw.com
jcbourne@locklaw.com
aswagner@locklaw.com
csdavis@locklaw.com
samorbey@locklaw.com
smowen@locklaw.com

Melissa S. Weiner (MN #0387900)
PEARSON, SIMON & WARSHAW, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
T: (612) 389-0600
mweiner@pswlaw.com

/s/ Bobby Pouya
Bobby Pouya
Clifford H. Pearson
Daniel L. Warshaw
Michael H. Pearson
PEARSON SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 92403
T: (818) 788-8300
cpearson@pswlaw.com
dwarshaw@pswlaw.com
bpouya@pswlaw.com
mpearson@pswlaw.com

Bruce L. Simon
Benjamin E. Shiftan
Neil Swartzberg
PEARSON, SIMON & WARSHAW, LLP
350 Sansome Street, Suite 680
San Francisco, CA 94104
T: (415) 433-9000
F: (415) 433-9008
bsimon@pswlaw.com
bshiftan@pswlaw.com
nswartzberg@pswlaw.com

*Co-Lead Class Counsel for Direct Purchaser Plaintiffs*

*/s/ Shana E. Scarlett*
Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
T: (510) 725-3000
shanas@hbsslaw.com

Steve. W. Berman
Breanna Van Engelen
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Avenue, Suite 2000
Seattle, WA 98101
T: (206) 623-7292
steve@hbsslaw.com
breannav@hbsslaw.com

*/s/ Daniel E. Gustafson*
Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
Michelle J. Looby (#388166)
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
T: (612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
bresch@gustafsongluek.com

***Co-Lead Counsel for Consumer Indirect Purchaser Plaintiffs***

*/s/ Shawn M. Raiter*
Shawn M. Raiter (MN# 240424)
LARSON • KING, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
T: (651) 312-6518
sraiter@larsonking.com

Jonathan W. Cuneo
Joel Davidow
Blaine Finley
Yifei "Evelyn" Li
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
T: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
bfinley@cuneolaw.com
evelyn@cunelolaw.com

***Co-Lead Counsel for Commercial and Institutional Indirect Purchaser Plaintiffs***

565884.1                                    4