

February 15, 2022

<u>VIA ECF</u>

Hon. Hildy Bowbeer
United States Magistrate Judge
U.S. District Court, District of Minnesota
Warren E. Burger Federal Building
    and U.S. Courthouse
316 N. Robert Street St. Paul, MN 55101

           Re:     <u>*In re Pork Antitrust Litig.*</u>, No. 18-cv-1776 (D. Minn.)

Dear Judge Bowbeer,

       I write on behalf of Defendants in response to the following statements from MDL DAPs' letter to the Court of February 11, 2022 (ECF No. 1185):

> DAPs received Defendants' proposed language in Paragraph 6 for the first time at approximately 6:00 pm Eastern Time on Thursday, February 10, 2022. Thus, DAPs had less than 24 hours to consider, coordinate, and react to Defendants' proposed language [on motions to dismiss] before the Court's deadline to file the report on the parties' efforts to meet and confer. *See* ECF No. 1176.

       Defendants believe these statements are misleading and do not accurately portray Defendants' engagement and responsiveness during the extensive meet and confer process that occurred. Throughout this litigation, Defendants have been committed to meeting and conferring in a constructive, transparent, and good-faith manner and therefore feel compelled to correct the DAPs' misstatement on this point.

       Defendants had previously conveyed by telephone *on February 2* their proposal that any motion to dismiss against the exemplar complaint should be effective against all MDL DAP complaints.  February 10 was therefore *not* the first time MDL DAPs received this proposal, and MDL DAPs suffered no prejudice.

       To provide the Court with the full context of the meet and confer process, Defendants provide below a more detailed chronology of these events, with supporting exhibits:

- Michael Mitchell, on behalf of MDL DAPs, and the undersigned, on behalf of Defendants, spoke on Wednesday, February 2 to discuss logistics for the filing ordered by the Court. During that teleconference, the process discussed was that MDL DAPs would first send Defendants a proposal as a redline to the proposed Case Management Order submitted in December 2021, and then Defendants would respond to that.  *See* Ex. A p. 6.  Mr.

February 15, 2022
Page 2

> Mitchell stated that MDL DAPs intended to send that redline the next day, Thursday, February 3.

- During the February 2 teleconference, Mr. Mitchell asked whether Defendants preferred that any specific complaint serve as the "exemplar."  I relayed that Defendants did not, at least at the time, *but relayed the position that whichever complaint is selected, the other MDL DAPs should agree that any order dismissing any part of the complaint would be operative as to all MDL DAP complaints.*

- On Thursday, February 3, Mr. Mitchell and I spoke again, *see id.* at p. 4, and Mr. Mitchell relayed that MDL DAPs hoped to have a draft to Defendants by Friday, February 4.

- On Friday, February 4, Mr. Mitchell wrote to state that "DAPs are still working on a proposal regarding the case management issues . . . .," and that an extension would be necessary.  *Id.* at p. 3.  At no time did the parties discuss when a written proposal from Defendants would be forthcoming, because of the process discussed in the first bullet point above.

- MDL DAPs finally sent their proposal at 1:50 PM ET on Tuesday, February 8.  *Id.* at p. 1. That proposal included MDL DAPs' position that "a motion under Federal Rule of Civil Procedure 12 with respect to any MDL DAP complaint" be filed "on or before the date by which the Defendants' defenses/affirmative defenses are due."  *Id.* at p. 11, para. 6. This shows that all parties clearly understood that how to treat motions to dismiss was under consideration.

- I spoke again with Mr. Mitchell that same day and asked him 1) to confirm that MDL DAPs proposed that Defendants move against *each* complaint they may seek to dismiss, and 2) to confirm whether he had raised Defendants' proposal of a motion against the exemplar complaint only with MDL DAPs.  Mr. Mitchell confirmed both points, and further explained why MDL DAPs did not agree with Defendants' proposal for a motion against the exemplar complaint only.  MDL DAPs were thus not prejudiced by the timing of Defendants' response to MDL DAPs' written proposal.

    Defendants relayed these concerns to MDL DAPs by email on Saturday, February 12. *See* Ex. B pp. 5-6  MDL DAPs' response is contained in Exhibit B at p. 1.


    Respectfully submitted,

    *Jarod G. Taylor*

    Jarod G. Taylor