# **EXHIBIT A**

| | |
|---|---|
| **From:** | Michael Mitchell |
| **To:** | Taylor, Jarod G. |
| **Subject:** | RE: Pork - Letter Due Friday - Next Steps |
| **Date:** | Tuesday, February 8, 2022 1:50:13 PM |
| **Attachments:** | image001.png |
| | Proposed_Pork_MDL_CMO_with_disputed_provisions_(Feb_8_2022_MDL_DAP_revised) REDLINE.docx |

**Caution: External Email**

Jarod,

As I mentioned last week during one of our calls, we believe an efficient way to address the items regarding the proposed case management order on which Magistrate Judge Bowbeer instructed us to confer, is to redline the proposed order we submitted to her on December 10, 2021, and attach such a redline to the letter report now due by noon on Friday, February 11. Thus, the attached document reflects our proposed revisions to the December 10 proposed order in redline: (1) clarifying how the MDL DAP proposal on responsive pleadings will work; (2) adding a definition of "MDL DAP family"; and (3) clarifying the treatment of former employees under the deposition limits.

Once Defendants have had a chance to review, please let me know if and when you'd like to discuss.

Thanks, Mike

**Michael S. Mitchell**
Partner

**BOIES SCHILLER FLEXNER LLP**
1401 New York Avenue, NW
Washington, DC 20005
(t) +1 202 274 1125
(m) +1 301 452 5764
mmitchell@bsfllp.com
www.bsfllp.com

**From:** Taylor, Jarod G. jtaylor@axinn.com
**Sent:** Friday, February 4, 2022 5:05 PM
**To:** Michael Mitchell <mmitchell@bsfllp.com>
**Subject:** RE: Pork - Letter Due Friday - Next Steps

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Mike—as discussed, you have Defendants' consent to file as-is at 5:30 ET unless you hear back from us before then.

Thanks,
Jarod

**Jarod G. Taylor**
*Counsel*



Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103
Office 860.275.8109
Fax 860.275.8101
jtaylor@axinn.com
**Axinn.com**

---

**From:** Michael Mitchell <mmitchell@bsfllp.com>
**Sent:** Friday, February 4, 2022 4:26 PM
**To:** Taylor, Jarod G. <jtaylor@axinn.com>
**Subject:** RE: Pork - Letter Due Friday - Next Steps

**Caution: External Email**

Jarod,

The DAPs are still working on a proposal regarding the case management issues on which Magistrate Judge Bowbeer directed us to confer.  In the meantime, here is a draft letter along the lines we discussed yesterday.  Please let me know what you think.

Best, Mike

**Michael S. Mitchell**
Partner

**BOIES SCHILLER FLEXNER LLP**
1401 New York Avenue, NW
Washington, DC 20005
(t) +1 202 274 1125
(m) +1 301 452 5764
mmitchell@bsfllp.com
www.bsfllp.com

---

**From:** Taylor, Jarod G. <jtaylor@axinn.com>
**Sent:** Thursday, February 3, 2022 5:29 PM
**To:** Michael Mitchell <mmitchell@bsfllp.com>

**Subject:** RE: Pork - Letter Due Friday - Next Steps

**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

Yes—should I call you now?

**Jarod G. Taylor**
*Counsel*



Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103
Office 860.275.8109
Fax 860.275.8101
jtaylor@axinn.com
**Axinn.com**

**From:** Michael Mitchell <mmitchell@bsfllp.com>
**Sent:** Thursday, February 3, 2022 4:46 PM
**To:** Taylor, Jarod G. <jtaylor@axinn.com>
**Subject:** RE: Pork - Letter Due Friday - Next Steps

**Caution: External Email**

Jarod,

Do you have a few minutes this afternoon to catch up on the CMO issues?

Thanks, Mike

**Michael S. Mitchell**
Partner

**BOIES SCHILLER FLEXNER** LLP
1401 New York Avenue, NW
Washington, DC 20005
(t) +1 202 274 1125
(m) +1 301 452 5764
mmitchell@bsfllp.com
www.bsfllp.com

**From:** Taylor, Jarod G. <jtaylor@axinn.com>
**Sent:** Tuesday, February 1, 2022 10:25 PM
**To:** Michael Mitchell <mmitchell@bsfllp.com>
**Subject:** RE: Pork - Letter Due Friday - Next Steps

**CAUTION: External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

That will work; I'll give you a call at 2:30.  Thanks.

**Jarod G. Taylor**
*Counsel*



Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103
Office 860.275.8109
Fax 860.275.8101
jtaylor@axinn.com
**Axinn.com**

---

**From:** Michael Mitchell <mmitchell@bsfllp.com>
**Sent:** Tuesday, February 1, 2022 10:24 PM
**To:** Taylor, Jarod G. <jtaylor@axinn.com>
**Subject:** RE: Pork - Letter Due Friday - Next Steps

**Caution: External Email**

Unfortunately I have a call then.  How about between 230pm and 4pm?

**Michael S. Mitchell**
Partner

**BOIES SCHILLER FLEXNER LLP**
1401 New York Avenue, NW
Washington, DC 20005
(t) +1 202 274 1125
(m) +1 301 452 5764
mmitchell@bsfllp.com
www.bsfllp.com

**From:** Taylor, Jarod G. <jtaylor@axinn.com>
**Sent:** Tuesday, February 1, 2022 9:29 PM
**To:** Michael Mitchell <mmitchell@bsfllp.com>
**Subject:** RE: Pork - Letter Due Friday - Next Steps

**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

Yes—my morning is pretty booked; how about 1:30?

**Jarod G. Taylor**
*Counsel*



Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103
Office 860.275.8109
Fax 860.275.8101
jtaylor@axinn.com
**Axinn.com**

**From:** Michael Mitchell <mmitchell@bsfllp.com>
**Sent:** Tuesday, February 1, 2022 9:26 PM
**To:** Taylor, Jarod G. <jtaylor@axinn.com>
**Subject:** Pork - Letter Due Friday - Next Steps

**Caution: External Email**

Jarod,

Following up on the conference before Judge Bowbeer, do you have time for a call tomorrow to discuss a plan for submitting the letter she requested by the end of the week? I thought it would make sense for us to just make sure we are the same page as to what needs to be done/what the letter needs to cover, and then come up with a plan for drafting something.

Thanks, Mike

**Michael S. Mitchell**

Partner

# BOIES SCHILLER FLEXNER LLP

1401 New York Avenue, NW
Washington, DC 20005
(t) +1 202 274 1125
(m) +1 301 452 5764

mmitchell@bsfllp.com

www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are

hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender. IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: PORK ANTITRUST LITIGATION | 0:18-cv-1776-JRT-HB |
| This document relates to: MDL Direct Action Plaintiff Cases | |

**[PROPOSED] PRETRIAL CASE MANAGEMENT AND SCHEDULING ORDER APPLICABLE TO THE MDL DIRECT ACTION PLAINTIFF CASES**

This Order shall, unless superseded or modified by subsequent Order, govern all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Transfer Order of June 9, 2021, as well as any "tag-along" actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rules 7.1 and 7.2 of the Rules of Procedures of that Panel, and all related actions originally filed in this Court or transferred or removed to this Court that become part of this multidistrict litigation.

**I.   Pleadings**

[**MDL DAPs' Proposal**:

1

1. Any amended pleadings by any MDL DAP[1] under Federal Rule of Civil Procedure 15 shall be filed on or before April 30, 2022~~, or 120 days before the deadline for the completion of fact discovery, whichever occurs later.~~ . Any subsequent amendments may be allowed by Order of the Court and as permitted by Fed. R. Civ. P. 16.

2. ~~Defendants will accept service of~~ MDL DAP complaints ~~by email~~ are deemed to ~~Defendants' counsel.~~ have been served when placed on the docket in this MDL proceeding.

3. Defendants need not answer each MDL DAP complaint in full until a date to be determined later in this MDL proceeding, except ~~Defendants~~ each Defendant shall: (1) ~~provide within 60 days of service of each MDL DAP complaint their~~ answer in full as an exemplar complaint the Kroger Plaintiffs' complaint within 30 days of this Order, which shall serve as the operative answers to the Kroger Plaintiffs' complaint in that case; and (2) file any defenses and affirmative defenses, in compliance with the Federal Rules of Civil Procedure, to ~~such~~ each MDL DAP complaint separately, ~~and (2) answer in full one exemplar~~ within 30 days of this Order for any MDL DAP complaint ~~(to be identified by the~~ already served, or within 60 days of service of any MDL ~~DAPs).~~ DAP complaint not yet served.

---

[1] "MDL DAPs" refers to Direct Action Plaintiffs in any actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Transfer Order of June 9, 2021, as well as any "tag-along" actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rules 7.1 and 7.2 of the Rules of Procedures of that Panel, and all related actions originally filed in this Court or transferred or removed to this Court that become part of this multidistrict litigation.

4. Notwithstanding this deferral of the deadline for Defendants to fully Answer all other DAPs' Complaints, every DAP Complaint at the MDL is "at issue" for the purposes of taking discovery. Defendants may not assert any argument that seeks to deprive any individual DAP of discovery or that seeks to delay any DAP's case based on the fact that Defendants have not fully answered that DAP's Complaint.

5. A Defendant may amend its defenses or affirmative defenses without leave of the Court only if an MDL DAP is permitted to file an amended complaint, and such amended defenses/affirmative defenses must be filed within 30 days of the filing of the MDL DAP's amended complaint. In all other circumstances, a Defendant may amend its defenses/affirmative defenses only with leave of the Court under Federal Rule of Civil Procedure 15.

6. If any Defendant elects to file a motion under Federal Rule of Civil Procedure 12 with respect to any MDL DAP complaint, ~~it shall do so no later than 60 days after service of such complaint~~[2] it shall do so on or before the date by which the Defendants' defenses/affirmative defenses are due under the provision above.]

[**Defendants' Proposal**: Any amended pleadings by any MDL DAP[3] (i.e., excluding Winn-Dixie and Bi-Lo Holdings) under Federal Rule of Civil Procedure 15 shall

---

[2] MDL DAPs do not concede the timeliness of any such motion, at least with respect to certain DAP complaints, and maintain their right to oppose any such motion on that basis.

[3] "MDL DAPs" refers to Direct Action Plaintiffs in any actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Transfer Order of June 9, 2021, as well as any "tag-along" actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rules 7.1 and 7.2 of the Rules of Procedures of that Panel, and all related actions originally filed in this Court or transferred or removed to this Court that become part of this multidistrict litigation.

be filed, along with supporting documents, within 30 days of the entry of this Order. Any motion that seeks to amend or supplement the pleadings must include a redlined version reflecting the changes contained in the proposed pleading. (See Fed. R. Civ. P. 15(a) and Local Rule 15.1.)

Current MDL DAPs[4] shall file a single consolidated complaint in this MDL within 30 days from entry of this Order. Defendants agree to accept service of process for the consolidated complaint by ECF or by email.

Defendants will answer or otherwise respond to MDL DAPs' consolidated complaint within 30 days from the filing thereof.

Within 30 days from entry of this Order, the parties shall file a proposed order (1) governing the process by which any future MDL DAP shall join the consolidated complaint, including a proposed short-form complaint if appropriate, and (2) governing the process by which Defendants shall answer or otherwise respond to complaints filed by any future MDL DAPs (or by which their prior answer to the consolidated complaint shall apply to complaints filed by any future MDL DAPs).]

## II.   Case Management Schedule

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern proceedings in the MDL DAP cases that are or become part of this litigation.

---

[4] "Current MDL DAPs" refers to the Plaintiffs in all cases that have been transferred to this Court as part of this MDL proceeding as of the date of this Order.

| Event | Deadline for MDL DAPs |
|---|---|
| **Deadline for Defendants to Serve Initial Rule 33 and Rule 34 Requests and to serve proposed search terms** | 30 days after a new MDL DAP case is commenced[5] |
| **MDL DAPs to provide the search terms Defendants and MDL DAPs have already used to search for responsive documents, and to produce documents and structured data already produced** | 30 days after a new MDL DAP case is commenced |
| **MDL DAPs to Disclose Keyword Search Tools and/or TAR/CAL Tools** | 45 days after a new MDL DAP case is commenced |
| **MDL DAPS to serve any plaintiff-specific and new proposed search terms to Defendants[6]** | 45 days after a new MDL DAP case is commenced |
| **MDL DAPs to Make Rule 26(a) Disclosures and Additional Required Disclosures[7]** | 45 days after a new MDL DAP case is commenced |
| **MDL DAPs to Propose Document Custodians and Non-Custodial Document Sources** | 45 days after a new MDL DAP case is commenced |

---

[5] For purposes of this Order a new MDL DAP case is "commenced" when it is either filed in this Court, or upon its effective transfer to this Court, which occurs, consistent with JPML Rule 2.1(d), when an order to transfer pursuant to 28 U.S.C. § 1407 issued by the JPML is filed with the clerk of this Court as the transferee district court.

[6] Defendants contend that the search terms, scope of structured data, and other discovery limitations and discovery agreements from the *Preexisting Non-MDL Pork Cases* that were negotiated with the Classes, Commonwealth of Puerto Rico, and Direct Action Plaintiffs Winn-Dixie and Bi-Lo Holdings should govern in the MDL absent good cause to reopen those negotiations with respect to MDL DAPs. By agreeing to provide deadlines for proposals for new search terms and for any further structured data productions or document productions in response to new proposed search terms, Defendants do not concede that additional structured data requests or new proposed search terms are proper.

[7] The MDL DAPs shall provide the same disclosures required by the Court's Order Regarding Disclosure of Information in *In re Pork Antitrust Litigation*, Case No. 18-cv-01776 (the "*Preexisting Non-MDL Pork Cases*"), Dkt. 290 (Feb. 7, 2019).

| | |
|---|---|
| **Deadline for MDL DAPs' Objections and Responses to Initial Rule 33 and 34 Requests** | 30 days after service of Initial Rule 33 and Rule 34 Requests |
| **Deadline for the Parties to Resolve Any Disputes over the Keyword Search Terms, Document and Data Sources, or Search Methodology the MDL DAPs and Defendants Will Use or to Raise Disputes with the Court** | 45 days after proposed search terms received |
| **Commencement of Rolling Production of Documents by MDL DAPs; Commencement of Defendants' Rolling Production of Documents responsive to plaintiff-specific and new search terms** | 60 days after proposed search terms received or, for search terms, sources, or methodologies subject to dispute, 45 days after such disputes are resolved by the Court |
| **Substantial Completion of Structured-Data Productions by MDL DAPs, and by Defendants in response to additional structured data requests by MDL DAPs agreed to by Defendants or ordered by the Court** | 90 days after a new MDL DAP case is commenced or, for structured data subject to dispute, 60 days after such disputes are resolved by the Court |
| **Substantial Completion of Document Productions by MDL DAPs and by Defendants in response to MDL DAPs' plaintiff-specific and new proposed search terms agreed to by Defendants or ordered by the Court[8]** | 90 days after commencement of rolling productions |
| **Completion of Fact Discovery** | September 1, 2022 |

---

[8] Current MDL DAPs and Defendants have agreed to certain search terms to be applied to Defendants' data as referenced in the parties' Informal Dispute Resolution request and response at Dkts. 1022 and 1035. Certain Current MDL DAPs and Defendants have also agreed to certain search terms to be applied to certain Current MDL DAPs' data. The parties therefore agree that, in addition to the deadlines otherwise provided for in this section, production of documents based on search terms agreed to as of the date of filing of this proposed order will be substantially completed by January 31, 2022 or by the date otherwise provided for in this section, whichever is latest.

6

### III. Discovery

#### A. Interrogatories

[**MDL DAPs' Proposal**: The MDL DAPs (including future MDL DAPs) shall collectively have 20 interrogatories they may serve on each Defendant family. The MDL DAPs shall coordinate efforts with the Plaintiffs in the *Preexisting Non-MDL Pork Cases* to avoid serving duplicative or unduly burdensome interrogatories. Defendants may jointly serve 25 interrogatories on each MDL DAP family. Defendants will coordinate efforts to avoid serving duplicative or unduly burdensome interrogatories.]

[**Defendants' Proposal**: Pages 4-5, Section 4.a., of the Pretrial Scheduling Order, No. 18-1776, ECF No. 658 should govern pursuant to the Memorandum Opinion and Order Consolidating Actions, ECF No. 985, and no further order or provision is necessary on this issue.]

#### B. Requests for Admission

The parties will meet and confer in good faith to determine if a stipulation can be agreed to concerning various evidentiary issues addressed in the Federal Rules of Evidence ("FRE"), including authenticity (FRE 902 & 903), duplicates (FRE 1001(4) & 1003), the requirement for a sponsoring witness to establish authenticity or best evidence, and status of a document as a business record (FRE 803(6)). To assist the parties in resolving such evidentiary issues via stipulation rather than serving requests for admission, the presumption by the Court is that a document is authentic if it was produced from a party's files, unless a party makes a showing of good cause to the contrary. For any documents for

7

which the parties cannot agree upon a stipulation, a party may serve, without limitation, any necessary requests for admission to address any potential evidentiary objections.

[**MDL DAPs' Proposal**: With respect to non-evidentiary issues set forth in the paragraph above, the MDL DAPs collectively may jointly serve 75 requests for admission on each Defendant family.]

[**Defendants' Proposal**: Pages 5-6, Section 4.c., of the Pretrial Scheduling Order, No. 18-1776, ECF No. 658 should govern pursuant to the Memorandum Opinion and Order Consolidating Actions, ECF No. 985, and no further order or provision is necessary on this issue.]

**C. Depositions**

[**MDL DAPs' Proposal**: Defendants collectively may take two depositions of each MDL DAP family.[9] One of the two depositions may be a Rule 30(b)(6) deposition, not to exceed seven hours. More depositions may be permitted if the Defendants can demonstrate good cause to exceed that number. Notwithstanding Section 5.b (page 7) of the Pretrial Scheduling Order (ECF No. 658), depositions of former employees of an MDL DAP deposed for the purpose of obtaining information about their employment by that MDL DAP will count toward the per-MDL DAP family limit.]

[**Defendants' Proposal**: Pages 6-7, Section 5.b., of the Pretrial Scheduling Order, No. 18-1776, ECF No. 658 should govern pursuant to the Memorandum Opinion and Order

---

[9] "MDL DAP family" means that members of the same corporate family, even if separately named plaintiffs, shall be treated as a single entity, unless otherwise agreed to by the parties (e.g., Nestle Family shall mean Plaintiffs Nestle Purina Petcare Company and Nestle USA, Inc.; Meijer Family shall mean Plaintiffs Meijer, Inc. and Meijer Distribution, Inc.).

8

Consolidating Actions, ECF No. 985, and no further order or provision is necessary on this issue.]

## DISCOVERY LIMITS APPLICABLE TO FUTURE DAP CASES

[**MDL DAPs' Proposal**:  This section, "Discovery Limits Applicable to Future DAP Cases," should be struck in its entirety.]

[**Defendants' Proposal**:  Direct Action Plaintiffs who file on or after **January 10, 2022** will not be permitted to seek discovery of Defendants without a court order allowing such discovery to occur.  Such an order shall be entered only upon demonstration of good cause by the moving party.  This provision is intended to preserve the parties' ability to adhere to the existing September 1, 2022 deadline for the close of fact discovery.]

### IV. Testifying Experts and Summary Judgment Motions

The parties shall meet and confer and present to the Court within 90 days of the fact discovery completion deadline a proposed schedule for trial expert disclosures and discovery, and for summary judgment motions, without prejudice to any party's ability to argue that a separate schedule is premature and/or that the schedule should track that of other cases consolidated into Case No. 18-1776.


Dated: December ___, 2021           _____
                                    JOHN R. TUNHEIM
                                    Chief Judge, United States District Court

9