**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br><br>This Document Relates To:<br><br>THE DIRECT PURCHASER PLAINTIFF ACTION | Case No. 18-cv-01776 (JRT-HB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR APPROVAL OF NOTICE PLAN AND CLAIMS PROCESS** |

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.   INTRODUCTION ................................................................................................. 1

II.  LITIGATION BACKGROUND ........................................................................... 1

III. THE COURT SHOULD APPROVE THE PROPOSED NOTICE PLAN
     AND CLAIMS PROCESS ..................................................................................... 3

     A.   The Notice Standard ................................................................................... 3

     B.   The Proposed Notice Plan and Claims Process ........................................ 4

IV.  THE COURT SHOULD SET THE FOLLOWING SCHEDULE .......................... 9

V.   CONCLUSION ....................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prod., Inc. v. Windsor*,
    521 U.S. 591 (1997) ................................................................................................ 4

*In re Broiler Chicken Antitrust Litigation*,
    No. 1:16-cv-08637 (ND Ill.) ............................................................................. 1, 6

*City of Greenville v. Syngenta Crop Prot.*,
    No. 3:10-CV-188, 2012 WL 1948153 (S.D. Ill. May 30, 2012) ................................... 4

*DeBoer v. Mellon Mortg. Co.*,
    64 F.3d 1171 (8th Cir. 1995) ........................................................................... 8

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974) ........................................................................................ 4

*Petrovic v. Amoco Oil Co.*,
    200 F.3d 1140 (8th Cir. 1999) ......................................................................... 8

**Other Authorities**

Federal Rule of Civil Procedure 23(c)(2)(B) ................................................................ 3, 4, 7

Federal Rule of Civil Procedure 23(e) ......................................................................... 3

Manual for Complex Litig., §§ 21.312, 21.631 (4th ed. 2011) ........................................ 3

4 *Newberg on Class Actions*, § 11.53 (4th ed. 2002) ..................................................... 4

## I.      <u>INTRODUCTION</u>

The Direct Purchaser Plaintiffs ("DPPs") in this antitrust class action have obtained final approval of two settlements with Defendants JBS and Smithfield, totaling $101,864,300, and respectfully move the Court to approve a notice plan and claims process for the Settlement Class members. Through this motion, DPPs respectfully request that the Court approve the proposed plan of notice and claims process for administering the JBS and Smithfield settlements. The proposed claims process is substantially the same as the one approved for the DPP class in *In re Broiler Chicken Antitrust Litigation*, Case No. 1:16-cv-08637 (ND Ill.) (Feb. 25, 2021, ECF No. 4341), and is intended to streamline the settlement claims process by sending pre-populated claim forms reflecting reasonably available Pork purchase data for each Settlement Class member. The DPPs and Interim Co-Lead Counsel[1] also intend to file a motion for interim payment of attorneys' fees, current and ongoing litigation expenses,[2] and service awards to the DPP Class Representative Plaintiffs, which is summarized in the notice and will be filed prior to the end of the notice period.

## II.      <u>LITIGATION BACKGROUND</u>

This is an antitrust class action against certain producers of pork. DPPs allege that Defendants combined and conspired to fix, raise, maintain, or stabilize prices of pork sold in the United States in violation of the Sherman Act, 15 U.S.C. § 1. (*See generally* DPP

---

[1] Interim Co-Lead Counsel are Lockridge Grindal Nauen P.L.L.P. and Pearson, Simon & Warshaw, LLP. (*See* Order of Oct. 15, 2018 (ECF No. 149).)

[2] Current and ongoing litigation expenses associated with the Action include costs related to discovery, experts, trial preparation, and the administration of the settlements.

Third Consolidated and Amended Complaint, ECF No. 431 ("TCAC" or "Complaint").) DPPs allege that Defendants implemented their conspiracy in various ways, including via coordinated supply restrictions, sharing competitively sensitive price and production information, and otherwise manipulating pork prices. (*Id.*)

The DPP class action lawsuit was filed on June 29, 2018, and consolidated before Chief Judge John R. Tunheim in this Court.

On November 17, 2020, DPPs and the Defendants JBS USA Food Company, JBS USA Food Company Holdings, and Swift Pork Company (collectively, "JBS") entered into a settlement that provided for a payment of $24,500,000 and meaningful cooperation ("JBS Settlement"). (Declaration of W. Joseph Bruckner ("Bruckner Decl.") ¶ 3.) The Court granted final approval of the JBS Settlement on July 26, 2021. (*See* ECF No. 838.)

On June 29, 2021, DPPs and Smithfield Foods, Inc. ("Smithfield") entered into a settlement that provided for a payment of $83,000,000 and meaningful cooperation ("Smithfield Settlement"). (*See id.* ¶ 4.) The Smithfield Settlement was subject to a $5,635,700 reduction based on the opt-outs received during the settlement administration process. (*Id.*) Thus, the total net amount paid by Smithfield equaled $77,364,300. (*Id.*) The Court granted final approval of the Smithfield settlement on January 31, 2022. (*See* ECF No. 1154.)

The total amount recovered to date from just two of the Defendants in this case totals $101,864,300. (*See* Bruckner Decl. at ¶ 5.) The Settlement Class definition approved for each of the Settlement Class is defined as:

DPPs and all other persons who purchased Pork[3] directly from any of the Defendants or any co-conspirator, or their respective subsidiaries or affiliates for use or delivery in the United States from January 1, 2009 through January 12, 2021. Specifically excluded from the Settlement Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from this Settlement Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

(*See* Preliminary Approval Orders, ECF Nos. 631 (JBS) and 870 (Smithfield).)

## III.   THE COURT SHOULD APPROVE THE PROPOSED NOTICE PLAN AND CLAIMS PROCESS

### A.   The Notice Standard

Under Rule 23(e), Class Members are entitled to reasonable notice. *See* Manual for

Complex Litig., §§ 21.312, 21.631 (4th ed. 2011). Rule 23(c)(2)(B) states:

The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance

---

[3] Under the Settlement Agreements and as used in this motion the term "Pork" means primals (including but not limited to loins, shoulders, picnics, butts, ribs, bellies, hams, or legs), trim or sub-primal products (including but not limited to backloins, tenderloins, backribs, boneless loins, boneless sirloins, riblets, chefs prime, prime ribs, brisket, skirt, cushion, ground meats, sirloin tip roast, or hocks), further processed and value added porcine products (including, but not limited to bacon, sausage, lunch meats, further processed ham, or jerky products), offal or variety products (including, but not limited to hearts, tongues, livers, head products, spleens, kidneys, feet, stomach, bladder, uterus, snoot, ears, tail, brisket bone, intestines, jowls, neck bones or other bones, skin, lungs, glands, hair, or pet food ingredients), rendered product and byproducts (including, but not limited to, lard, grease, meat meal, bone meal, blood meal , or blood plasma), casings (including, but not limited to, mucosa), and carcasses. (*See* Smithfield Settlement ¶ 1.1; JBS Settlement ¶ 1.1.)

> through an attorney if the member so desires; (v) that the court
> will exclude from the class any member who requests
> exclusion; (vi) the time and manner for requesting exclusion;
> and (vii) the binding effect of a class judgment on members
> under Rule 23(c)(3).

The form of notice is "adequate if it may be understood by the average class member."

4 *Newberg on Class Actions*, § 11.53 (4th ed. 2002).

Notice to class members must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (quoting Fed. R. Civ. P. 23(c)(2)); *City of Greenville v. Syngenta Crop Prot.*, No. 3:10-CV-188, 2012 WL 1948153, at *4 (S.D. Ill. May 30, 2012) (same). Best notice practicable means "individual notice to all members who can be identified through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Such notice may be by United States mail, electronic means, or other appropriate means. Fed. R. Civ. P. 23(c)(2)(B). Other members may be notified by publication. *City of Greenville*, 2012 WL 1948153 at *4.

### B.   The Proposed Notice Plan and Claims Process

The proposed notice plan in this case satisfies these criteria and is the same as the notice plan previously approved by the Court in the JBS and Smithfield settlements. (*See* ECF Nos. 631, 870.) Namely, DPPs propose to the Court a plan of notice that comports with due process and provides reasonable notice to known and reasonably identifiable customers of JBS and Smithfield and the other Defendants pursuant to Rule 23. The class notice documents, consisting of the long form, email, and publication notice, as well as a claim form and a purchase audit request form, comply with the requirements of Rule

23(c)(2)(B). (*See* Class Notice Documents, attached to the Declaration of Eric Schachter ("Schachter Decl.") as Exhibits B through F.)

The notice documents describe the claims process, and inform the Settlement Class members that DPPs will move the Court to approve a plan to distribute net settlement proceeds to qualified class members, and award attorneys' fees (not to exceed 33⅓%), current and ongoing litigation expenses (not to exceed $5 million),[4] and service awards to the named Class Representatives not to exceed $125,000 ($25,000 per Class Representative). The notice documents will also inform Settlement Class members how to participate in the claims process and/or object to the motion for interim payment of attorneys' fees, current and ongoing litigation expenses, and service awards. The notice documents will provide the date, time, and place of the hearing on the motion for approval of the DPP motion for attorneys' fees, costs, and service awards, and any class member objections raised thereto.[5]

Under the claims process proposed by DPPs and the Claims Administrator, Settlement Class members will be sent individualized pre-printed claim forms that will include calculated amounts for their Pork purchases from each of the Defendants, based on

---

[4] Current and ongoing litigation expenses associated with the Action include costs related to discovery, experts, trial preparation, and the administration of the settlements.

[5] Once all of the claims have been reviewed and approved by the Claims Administrator, and any issues have been resolved with respect thereto, DPPs will file a motion for the Court to approve a plan of distribution and to approve payment of the Net Settlement Fund to the qualified claimants.

data produced by the Defendants.[6] (*See* Schachter Decl. ¶ 10.) Settlement Class members will have the opportunity to submit their claim forms via mail, email or using the settlement website. If a Settlement Class Member wishes to challenge or supplement the purchase amounts reflected on the pre-populated claim form, they can complete the audit request form and submit additional information to the Claims Administrator. Anyone who did not receive a pre-populated claim form and believes they are a Settlement Class member may do so as well. This proposed claims process is substantially similar to what was implemented in *In re Broiler Chicken Antitrust Litigation*, and ensures that Class members will be able to file their claims using a straight forward and equitable process. (*See* Schachter Decl. ¶¶ 10, 14; *see also In re Broiler Chicken Antitrust Liti*g., No. 1:16-cv-08637 (ND Ill.), Feb. 25, 2021, ECF No. 4341.

The notice documents and claims forms will be distributed using the same manner of notice that the Court previously approved for the JBS and Smithfield settlements. The plan includes: (1) direct notice by U.S. mail and email to Settlement Class members who can be identified by reasonable effort, including but not limited to Defendants' customer lists; (2) publication of the summary notice in industry-related mailed and digital media; and (3) the posting of notice on the established case website, https://porkantitrustlitigation.com/. (Schachter Decl. ¶¶ 5-9, 11-13.) Since the Settlement

---

[6] The Class member purchase data produced by the Defendants generally goes through the end of 2019. As such, the pre-populated claim forms have been generated based on data from January 1, 2009 through December 31, 2019. Class members will have the opportunity to supplement their claim form to show proof of purchases from January 1, 2020 through January 12, 2021.

Class members in this case purchased Pork directly from Defendants, DPPs already have obtained the mailing addresses for the vast majority of Settlement Class members from Defendants' customer lists and will rely to the extent practicable on direct mail and email to Settlement Class members who can be identified through reasonable effort. Fed. R. Civ. P. 23(c)(2)(B).

Plaintiffs have retained A.B. Data Ltd., an experienced national class action notice provider and claims administrator and Court-appointed administrator of the JBS and Smithfield settlements, to administer the notice plan. (Schachter Decl. ¶¶ 1-4, Ex. A; ECF Nos. 631, 870.) A.B. Data will mail the long form notice via first-class U.S. mail to Settlement Class members whose addresses can be identified with reasonable effort through Defendants' records. (Schachter Decl. ¶¶ 5-6.) A.B. Data will also send the email notice to all Settlement Class members for whom email addresses can be identified with reasonable effort in the class list data. (*Id*. ¶ 7.) The email notice will provide Settlement Class members with an electronic link to the settlement website, where they can obtain more information. (*Id*.) This direct mail and email notice should reach the vast majority of Settlement Class members. (*Id.* ¶¶ 5-6.)

A.B. Data will also continue to host the settlement website, providing additional information and documents, and a toll-free number for frequently asked questions and requests for mailing of further information. (*Id*. ¶¶ 11-13.) The website and call center are available in both English and Spanish.

This type of notice plan, which relies on direct notice and supplemental publication notice, has been successfully implemented in direct purchaser class actions, including in

the instant case. (*See id.* ¶¶ 2-4; *see also* Bruckner Decl. ¶ 6.) DPPs respectfully submit that this multifaceted, comprehensive notice plan (which was successfully implemented for the JBS and Smithfield settlements) provides the best notice practicable under the circumstances of this case and fully satisfies Rule 23 and due process requirements. *See Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1153 (8th Cir. 1999); *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1176 (8th Cir. 1995); Schachter Decl. ¶ 2. Interim Co-Lead Class Counsel requests that the Court approve the proposed form and manner of notice as set forth herein.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.    THE COURT SHOULD SET THE FOLLOWING SCHEDULE

DPPs propose the following schedule of events necessary for disseminating notice

and administering the claims process.

| DATE | EVENT |
|---|---|
| March 1, 2022.[7] | Last day for Defendants to produce supplemental sales data for Pork products that fall within the Settlement Class Definition. |
| April 15, 2022 (45 days after completion of Defendants' production of Settlement Class purchase data). | Settlement Administrator to provide direct mail and email notice, and commence the publication notice plan. |
| May 13, 2022 (28 days after the mailing of Notice). | DPPs to file their Motion for Interim Payment of Attorneys' Fees, Current and Ongoing Litigation Expenses, and Service Awards. |
| June 14, 2022 (60 days after the mailing of Notice). | Last day for Settlement Class members to file claims, object to the Motion for Interim Payment of Attorneys' Fees, Current and Ongoing Litigation Expenses, and Service Awards, and file notices to appear at a hearing. |
| June 29, 2022 (75 days after the mailing of Notice). | DPPs to update the Court Regarding the Status of the Claims Process and respond to any objections to the Motion for Interim Payment of Attorneys' Fees, Current and Ongoing Litigation Expenses, and Service Awards. |
| On or after July 14, 2022 (at least 90 days after the mailing of Notice). | Hearing Regarding Status of Claims Process and DPPs' Motion for Interim Payment of Attorneys' Fees, Current and Ongoing Litigation Expenses, and Service Awards. |

## V.    CONCLUSION

For these reasons, DPPs respectfully request that the Court approve the notice plan

and claims process.

---

[7] The Court-approved definition of Pork in the JBS and Smithfield Settlements is broader than the definition of Pork in the operative DPP Third Amended and Consolidated Complaint (ECF No. 431). In order to generate the pre-populated claims forms, the Defendants have agreed to supplement their document productions to include reasonably identifiable sales of Pork products that fall within the Settlement Class Definition by March 1, 2022. (*See* Bruckner Decl. ¶ 7.)

Date: February 15, 2022

*/s/ W. Joseph Bruckner*
W. Joseph Bruckner (MN #0147758)
Brian D. Clark (MN #0390069)
Joseph C. Bourne (MN #0389922)
Arielle S. Wagner (MN #0398332)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
T: (612) 339-6900
F: (612) 339-0981
*wjbruckner@locklaw.com*
*bdclark@locklaw.com*
*jcbourne@locklaw.com*
*aswagner@locklaw.com*


Clifford H. Pearson (*Pro Hac Vice*)
Daniel Warshaw (*Pro Hac Vice*)
Thomas J. Nolan (*Pro Hac Vice*)
Bobby Pouya (*Pro Hac Vice*)
Michael H. Pearson (*Pro Hac Vice*)
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard
Suite 400
Sherman Oaks, CA 92403
T: (818) 788-8300
F: (818) 788-8104
*cpearson@pswlaw.com*
*dwarshaw@pswlaw.com*
*tnolan@pswlaw.com*
*bpouya@pswlaw.com*
*mpearson@pswlaw.com*

Bruce L. Simon (*Pro Hac Vice*)
Benjamin E. Shiftan (*Pro Hac Vice*)
Neil Swartzberg (*Pro Hac Vice*)
**PEARSON, SIMON & WARSHAW, LLP**
350 Sansome Street
Suite 680
San Francisco, CA 94104
T: (415) 433-9000
F: (415) 433-9008
*bsimon@pswlaw.com*
*bshiftan@pswlaw.com*
*nswartzberg@pswlaw.com*

Melissa S. Weiner (MN #0387900)
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue
Suite 2150
Minneapolis, MN 55402
T: (612) 389-0600
F: (612) 389-0610
*mweiner@pswlaw.com*

*Interim Co-Lead Class Counsel for the Direct Purchaser Plaintiff Class*