

March 22, 2022

**VIA ECF**

The Honorable Hildy Bowbeer
Magistrate Judge, District of Minnesota
United States District Court
316 N. Robert Street
St. Paul, MN 55101

      RE:   *In re Pork Antitrust Litigation*, 0:18-cv-01776-JRT-HB
              Direct Action Plaintiffs' Letter Following Up on March 16, 2022 Status
              Conference

Dear Judge Bowbeer:

      We write on behalf of the undersigned Direct Action Plaintiffs ("DAPs") in the above-captioned multidistrict litigation. Pursuant to the Court's instruction during the status conference held on March 16, 2022, the DAPs submit this letter to sharpen the focus on the salient issues[1] and provide feedback on the proposal described by the Court during the March 16 conference concerning a "master" consolidated DAP complaint.[2]

      Defendants' proposed master consolidated DAP complaint would be an aberration in MDL antitrust litigation. *See* Feb. 4, 2022 Hr'g Tr. at 14:12-15:11. Our research and experience reflect that in nearly all MDL antitrust cases, defendants are required to file Answer/Defenses to each DAP Complaint.[3] This includes MDL antitrust cases in which

---

[1]     For the reasons explained during prior conferences with the Court and in their written submissions, DAPs object to any order requiring them to prepare and file a consolidated complaint. Feb. 4, 2022 Hr'g Tr. at 6:12-10:21, 13:9-16:3, 25:4-26:15, 27:7-30:10; Jan. 31, 2022 Hr'g Tr. at 22:2-28:23, 38:11-43:13; ECF No. 1046, Dec. 10, 2021 Joint Statement, at 5-8; Aug. 2, 2021 Joint Status Report (submitted via email to Chambers), at 4-7.

[2]     DAPs agree with the view expressed by counsel for Plaintiff the Commonwealth of Puerto Rico during the March 16 conference that any order the Court might enter requiring the DAPs to file a "master" complaint should not apply to Puerto Rico.

[3]     *E.g.*, *In re Rail Freight Fuel Surcharge Antitrust Litigation*, MDL-II 2925 (D.D.C.) (approximately 100+ DAP actions involving 200+ DAPs and about 17 DAP law firms); *In re Electronic Payments Antitrust Litigation*, MDL 1720 (E.D.N.Y.) (approximately 25 DAP actions involving 200+ DAPs and about 13 DAP law firms); *In re Packaged Seafood Prods. Antitrust Litig.*, MDL 2670 (S.D. Cal.) (approximately 10 DAP actions involving about 45



there are substantially more DAPs than present in this MDL, including one pending MDL in which there are more than 100 DAP actions involving more than 200 DAPs represented by about 17 law firms.[4]  The number of DAPs and DAP law firms in this MDL is not unusual, and does not present case management issues unique to this MDL.  The *Broiler Chicken* case often cited by Defendants in support of their position is not a MDL case, which is an important distinction in considering why a DAP consolidated pleading is inadvisable in the *Pork* MDL.  *See* Feb. 4, 2022 Hr'g Tr. at 9:6-10:8; Jan. 31, 2022 Hr'g Tr. at 25:12-19.

**There are sound reasons why the overwhelming number of MDL antitrust courts do not require DAPs to file a master consolidated complaint, and this Court should not, either.**

First, the preparation of a master DAP consolidated complaint would be an enormous and burdensome undertaking, substantially greater than the burden to Defendants of responding to multiple complaints which, after all, is what Defendants do all the time when faced with multiple lawsuits.  *See* Feb. 4, 2022 Hr'g Tr. at 8:11-9:2, 29:16-30:1; Jan. 31, 2022 Hr'g Tr. at 41:7-42:16.  By contrast, the defense argument that the presence of multiple DAP Complaints in this MDL will burden the Court in considering motions is a red herring.  In this MDL, as in nearly all antitrust MDLs, the parties – by Order or agreement – to the extent practicable typically submit *joint* memoranda supporting or opposing motions rather than many motions.

Second, a master DAP consolidated complaint will or is likely to unduly complicate discovery in the MDL because each DAP has its own claim, and a given DAP's discovery needs, or those of a Defendant as to that DAP, may be different.  *See* Feb. 4, 2022 Hr'g Tr. at 10:6-16, 29:10-16; Jan. 31, 2022 Hr'g Tr. at 27:21-28:6.

---

DAPs and about 9 DAP law firms); *In re Linerboard Antitrust Litig.*, MDL 1261 (E.D. Pa.) (approximately 30 DAPs and about 6 DAP law firms); *In re Vitamins Antitrust Litig.*, MDL 1285 (D.D.C.) (approximately 15 DAP actions involving about 100 DAPs and about 8 DAP law firms); *In re Polyurethane Antitrust Litig.*, MDL 2196 (N.D. Oh.) (approximately 7 DAP actions involving about 15 DAPs and about 7 DAP law firms); *In re Egg Products Antitrust Litig.*, MDL 2002 (E.D. Pa.) (approximately 5 DAP actions involving about 10 DAPs and about 5 DAP law firms); *In re Cathode Ray Tube Antitrust Litig.*, MDL 1917 (N.D. Cal.) (approximately 13 DAP actions involving 13 DAPs and about 8 DAP law firms).  *But see In re Chocolate Antitrust Litig.*, MDL 1935 (M.D. Pa.) (approximately 4 DAP actions involving 15 DAPs and 4 DAP law firms).  These numbers reflect good faith estimates by DAP counsel in *Pork* who represented DAPs in one or more of the foregoing MDLs.

[4]     *In re Rail Freight Fuel Surcharge Antitrust Litig.*, MDL-II 2925 (D.D.C.).



<u>Third</u>, a master DAP consolidated complaint will or is likely to unduly complicate the administration of trial-related proceedings in the DAP remand cases because the transferor court (and the parties) will have to figure out which paragraphs of this voluminous pleading that applies to all DAPs in the MDL apply to the particular remanded DAP(s) for purposes of any pretrial motions, the final pretrial stipulation, and trial. *See* Feb. 4, 2022 Hr'g Tr. 9:8-23; Jan. 31, 2022 Hr'g Tr. at 26:4-23.

<u>Fourth</u>, DAPs are not a class. Each DAP law firm owes fiduciary duties only to its clients, and a master DAP consolidated complaint blurs, complicates or obliterates those duties. *See* Feb. 4, 2022 Hr'g Tr. at 10:17-21; Jan. 31, 2022 Hr'g Tr. at 42:17-43:13.

<u>Fifth</u>, particularly apt in this case, requiring DAPs to file a master consolidated complaint will create serious delay in this MDL. If the Court orders DAPs to file a master consolidated complaint – and we submit that it should not – then DAPs estimate that they will need at least **60 days** from the date of the Order to prepare and file it. In *Broiler Chicken*, which as noted is not an MDL case and is an outlier in terms of the procedure under consideration, the court gave DAPs over 90 days to prepare and file their original consolidated complaint, and more recently gave certain DAPs approximately 60 days to file an amended consolidated complaint.[5]

**If, despite the foregoing points, the Court nevertheless orders DAPs to file a master consolidated amended complaint, then (without intending to waive any of DAPs' arguments) DAPs have two important practical suggestions to avoid undue prejudice to DAPs and undue burden to the Court.**

<u>First</u>, if DAPs must file a consolidated pleading, then DAPs also request that the Court require Defendants to file their answers, including defenses and affirmative defenses, within 30 days of the complaint's filing, without regard to whether Defendants file a motion to dismiss. As DAP counsel stated during the March 16 conference, there was no order relieving Defendants from their obligations under the Rules to provide a responsive pleading or file a motion to dismiss with respect to the existing complaints. Defendants have had the majority of the DAP complaints for many months (in Plaintiffs Sysco and Cheney Bros'

---

[5] *In Re Broiler Chicken Antitrust Litig.*, Case No. 1:16-cv-08637 (N.D. Ill.), ECF Nos. 3653 (June 12, 2020 Order denying DAPs' motion for reconsideration of order requiring them to file consolidated amended complaint and requiring submission of plan for filing), 3836 (Order setting Oct. 23, 2020 deadline for consolidated complaint); 5305 (Dec. 20, 2021 Order setting February 14, 2022 deadline for Track 2 Second Amended Complaint); 5427 (Feb. 1, 2022 Order extending deadline for Second Amended Consolidated Complaint).



cases, for almost a year), and have ignored the responsive pleading deadlines under the Rules without seeking relief from the Court.

As a result of Defendants' self-help and delay, there is at this point a serious risk of prejudice to DAPs from not having Defendants' defenses and affirmative defenses. DAPs cannot complete discovery without the defenses and/or affirmative defenses specific to each DAP. And fact discovery is scheduled to end on September 1, 2022. Unless DAPs receive Defendants' defenses/affirmative defenses soon, DAPs do not believe they can meet the current fact discovery deadline, and may need to re-open already-taken or upcoming depositions. While DAPs acknowledge and share the other parties' and the Court's desire to keep the DAPs on the same track as the class plaintiffs, the class plaintiffs have had Defendants' answers and defenses since December 2020. By contrast, DAPs have received no answers or defenses from Defendants. The Court should exercise its discretion under Rule 12 to require each Defendant to provide any DAP-specific affirmative defenses to the DAP Consolidated Complaint promptly after its filing even if Defendants also file a motion to dismiss. This is the procedure followed by the MDL Court in *Packaged Seafood*. *In re Packaged Seafood Prods. Antitrust Litig.*, MDL 2670 (S.D. Cal.), ECF 2626 (ordering Lion Capital to file an Answer/Defenses and to the extent the defendant "wishes to raise any issues under Federal Rule of Civil Procedure 12(b), it may do so instead under Federal Rule of Civil Procedure 12(c)").

Second, in the event that the Court orders DAPs to file a master DAP consolidated complaint, and if Defendants file a motion to dismiss this pleading, then DAPs suggest that the Court hold that motion in abeyance or defer ruling on it until after the completion of fact discovery. DAPs believe that any motion to dismiss by Defendants would be a waste of the parties' and the Court's resources. Any such motion is not likely to be fully briefed until sometime this summer—and perhaps not until near (or after) the current September 1, 2022 fact discovery deadline. By that time, fact discovery will be almost, or fully, complete. DAPs see no good reason for the parties to brief (let alone for the Court to expend resources deciding) a motion to dismiss so close to the end of fact discovery. If at that point Defendants want to move against the pleadings, then they can do so under Fed. R. Civ. P. 12(c), or they can move for summary judgment on the factual record. Thus, to avoid unnecessary and wasteful briefing, DAPs respectfully suggest that the Court should hold in abeyance or defer ruling on any motion to dismiss that Defendants file in response to a master DAP consolidated complaint.

Respectfully submitted,



*/s/ Robert N. Kaplan*
Robert N. Kaplan
Matthew P. McCahill
Jason A. Uris
**KAPLAN FOX & KILSHEIMER, LLP**
850 Third Avenue, 14th Floor
New York, New York 10022
Telephone: (212) 687-1980
Email: rkaplan@kaplanfox.com
Email: mmccahill@kaplanfox.com
Email: juris@kaplanfox.com

*/s/ Eric R. Lifvendahl*
Eric R. Lifvendahl
**L&G LAW GROUP, LLP**
175 W. Jackson Blvd., Suite 950
Chicago, Illinois 60604
Telephone: (312) 364-2500
Email: elifvendahl@lgcounsel.com

*/s/ Richard L. Coffman*
Richard L. Coffman
**THE COFFMAN LAW FIRM**
3355 W. Alabama St., Suite 240
Houston, Texas 77098
Telephone: (713) 528-6700
Email: rcoffman@coffmanlawfirm.com

*/s/ Bernard D. Marcus*
Bernard D. Marcus
Moira Cain-Mannix
Brian C. Hill
**MARCUS & SHAPIRA LLP**
One Oxford Center, 35th Floor
Pittsburgh, Pennsylvania 15219
Telephone: (412) 471-3490
Email: marcus@marcus-shapira.com
Email: cain-mannix@marcus-shapira.com
Email: hill@marcus-shapira.com

*Counsel for Plaintiffs Action Meat Distributors, Inc., Topco Associates, LLC, Alex Lee, Inc./Merchants Distributors, LLC, Associated Food Stores, Inc., Brookshire*

*/s/ Michael S. Mitchell*
Michael S. Mitchell
Scott E. Gant
Sarah L. Jones
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave., NW
Washington, DC 20005
Tel: 202-237-2727
Fax: 202-237-6131
sgant@bsfllp.com
mmitchell@bsfllp.com
sjones@bsfllp.com

Colleen Harrison
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Tel: 914-749-8204
Fax: 914-749-8300
charrison@bsfllp.com

*Counsel for Plaintiffs Sysco Corporation and Amory Investments LLC*

*/s/ David C. Eddy*
David C. Eddy
Dennis J. Lynch
Travis C. Wheeler
Chase C. Keibler
**NEXSEN PRUET, LLC**
1230 Main Street, Suite 700
Columbia, South Carolina 29201
Telephone: (803) 771-8900
Facsimile: (803) 253-8277
Email: deddy@nexsenpruet.com
Email: dlynch@nexsenpruet.com
Email: twheeler@nexsenpruet.com
Email: ckeibler@nexsenpruet.com

*Counsel for Plaintiffs Conagra Brands, Inc., Nestlé USA, Inc., and Nestlé Purina PetCare Co.; and Howard B. Samuels, acting solely in his capacity as Chapter 7 trustee for the*



Grocery Company, Colorado Boxed Beef Co., Certco, Inc., The Golub Corporation, Nicholas & Co., PFD Enterprises, Inc., SpartanNash Company, Springfield Grocer Company, The Distribution Group d/b/a Van Eerden Foodservice Co., Troyer Foods, Inc., URM Stores, Inc., and Giant Eagle, Inc.

/s/ David B. Esau
**CARLTON FIELDS, P.A.**
David B. Esau
Email: desau@carltonfields.com
Kristin A. Gore
Email: kgore@carltonfields.com
Garth T. Yearick
Email: gyearick@carltonfields.com
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida 33401
Tel: (561) 659-7070
Fax: (561) 659-7368

Roger S. Kobert
Email: rkobert@carltonfields.com
405 Lexington Avenue, 36th Floor
New York, New York 10174-3699
Tel: (212) 785-2577
Fax: (212) 785-5203

Aaron A. Holman
Email: aholman@carltonfields.com
200 S. Orange Avenue, Suite 1000
Orlando, Florida 32801
Tel: (407) 849-0300
Fax: (407) 648-9099

*Counsel for Cheney Brothers, Inc.; Subway Protein Litigation Corp., as Litigation Trustee of the Subway® Protein Litigation Trust; Buffalo Wild Wings, Inc.; Jimmy John's Buying Group SPV, LLC; Sonic Industries Services Inc.; CKE Restaurants Holdings, Inc.; Wawa, Inc; and Restaurant Services, Inc.*

/s/ David P. Germaine
Paul E. Slater

bankruptcy of the estate of Central Grocers, Inc.

/s/ Philip J. Iovieno
Philip J. Iovieno
Nicholas A. Gravante, Jr.
Karen C. Dyer
Lawrence S. Brandman
Jack G. Stern
Gillian Groarke Burns
Mark A. Singer
Elizabeth R. Moore
**CADWALADER, WICKERSHAM & TAFT LLP**
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666
E-mail: philip.iovieno@cwt.com
E-mail: nicholas.gravante@cwt.com
E-mail: karen.dyer@cwt.com
E-mail: lawrence.brandman@cwt.com
E-mail: jack.stern@cwt.com
E-mail: gillian.burns@cwt.com
E-mail: mark.singer@cwt.com
E-mail: elizabeth.moore@cwt.com

*Counsel for Plaintiffs Jetro Holdings, LLC, BJ's Wholesale Club, Inc., and Sherwood Food Distributors, L.L.C., Harvest Meat Company, Inc., Western Boxed Meat Distributors, Inc., and Hamilton Meat, LLC and Co-Counsel for Plaintiffs Kraft Heinz Foods Company; Winn-Dixie Stores, Inc.; and Bi-Lo Holdings, LLC*

/s/ William J. Blechman
Richard A. Arnold, Esquire
William J. Blechman, Esquire
Kevin A. Murray, Esquire
Douglas H. Patton, Esquire
Samuel J. Randall, Esquire
Michael A. Ponzoli, Esquire
**KENNY NACHWALTER, P.A.**
1441 Brickell Avenue, Suite 1100

6



Joseph M. Vanek
David P. Germaine
Alberto Rodriguez
Jeffrey H. Bergman
**SPERLING & SLATER, P.C.**
55 West Monroe Street, Suite 3200
Chicago, IL 60603
Tel: (312) 641-3200
Fax: (312) 641-6492
pes@sperling-law.com
jvanek@sperling-law.com
dgermaine@sperling-law.com
arodriguez@sperling-law.com
jbergman@sperling-law.com

Phillip F. Cramer
Christina Lopez
**SHERRARD ROE VOIGT & HARBISON, PLC**
150 3rd Avenue South, Suite 1100
Nashville, Tennessee 37201
Tel: (615) 742-4200
pcramer@srvhlaw.com
clopez@srvhlaw.com

*Counsel for Plaintiffs Associated Grocers of the South, Inc., Dollar General Corporation, Dolgencorp, LLC, Meijer, Inc., Meijer Distribution Inc., Publix Super Markets, Inc., Raley's, United Natural Foods, Inc., SuperValu, Inc., Associated Grocers of Florida, Inc., Unified Grocers, Inc., Tony's Fine Foods, and Wakefern Food Corp.*

Miami, Florida  33131
Tel:     (305) 373-1000
Fax:    (305) 372-1861
E-mail:    rarnold@knpa.com
            wblechman@knpa.com
            kmurray@knpa.com
            dpatton@knpa.com
            srandall@knpa.coSm
            mponzoli@knpa.com

*Counsel for Plaintiffs The Kroger Co., Albertsons Companies, Inc., Hy-Vee Inc., Save Mart Supermarkets, and US Foods, Inc.*

*/s/ Christopher P. Wilson*
William C. Lavery
Christopher P. Wilson
Danielle Morello
Wyatt M. Carlock
**BAKER BOTTS L.L.P.**
700 K Street NW
Washington, DC 20001
Tel.: (202) 639-7700
Fax: (202) 639-7890
william.lavery@bakerbotts.com
christopher.wilson@bakerbotts.com
danielle.morello@bakerbotts.com
wyatt.carlock@bakerbotts.com

*Counsel for Plaintiff ALDI Inc.*