**HAUSFELD**

**Kyle G. Bates**

March 22, 2022

**VIA CM/ECF**
Hon. Hildy Bowbeer
United States Magistrate Judge
U.S. District Court, District of Minnesota
Warren E. Burger Federal Building
316 N. Robert Street
St. Paul, MN 55101

600 Montgomery Street
Suite 3200
San Francisco, CA 94111

T: +1 415 744 1966

E: kbates@hausfeld.com

Re:   *In re Pork Antitrust Litig.*, Case No. 18-cv-1776 (D. Minn.)

Dear Judge Bowbeer:

We write pursuant to Your Honor's instructions at the March 16, 2022 status conference in the above-referenced multidistrict litigation. During the March 16 status conference, Your Honor invited the Parties to submit written comments concerning the potential requirement that all Direct Action Plaintiffs, including the Commonwealth of Puerto Rico, be required to sign onto a Master Complaint with common allegations across all plaintiffs. As discussed during the March 16 status conference, it would be inefficient and prejudicial to require Puerto Rico to sign onto such a Master Complaint. For the reasons that follow, the Court should not require Puerto Rico to sign onto any Master Complaint that is filed in the above-referenced MDL.

*First*, Puerto Rico should not be required to sign onto any Master Complaint because doing so would not actually be beneficial to the Court, any Plaintiff, or any Defendant. During the March 16 status conference Defendants argued that "one of the main efficiencies [Defendants] see with some sort of master complaint" is that Defendants will file one motion to dismiss the Master Complaint as opposed to responding to various complaints filed by each of the Direct Action Plaintiffs ("DAPs"). Tr. of Mar. 16, 2022 Status Conf. ("Mar. 16 Status Conf.") at 44:16-21. However, and even assuming *arguendo* that Defendants' concern is justified, there are several ways to address Defendants' stated concern without requiring that DAPs sign onto a Master Complaint. One such less restrictive alternative would be allowing Defendants to file separate motions to dismiss on certain issues or counts that may be common across multiple complaints rather than in response to complaints individually. Moreover, Defendants' concern about filing motions to dismiss does not apply to Puerto Rico at all; Defendants' motion to dismiss Puerto Rico's operative complaint was denied in large part years ago, and Defendants filed their answers to Puerto Rico's complaint in December 2020.

Additionally, the other DAPs stated repeatedly that a key concern of theirs is the need for responsive allegations and to understand what Defendants' affirmative defenses may be. Mar. 16 Status Conf. at 56:16-57:5. However, and because the pleadings as to Puerto Rico are already settled, Puerto Rico simply does not have that same need. As such, any efficiency that could result from requiring any of the DAPs to file a Master Complaint is inapplicable to Puerto Rico. Indeed, it would be confusing and prejudicial to require Puerto Rico to sign onto a Master Complaint that is predominately written by and for other DAPs whose complaints are not yet settled, and against which Defendants have already stated their intent to file motions to dismiss.

**hausfeld.com**

**AMSTERDAM  |  BERLIN  |  BOSTON  |  BRUSSELS  |  DÜSSELDORF  |  LONDON  |  NEW YORK  |  PARIS  |  PHILADELPHIA  |
SAN FRANCISCO  |  STOCKHOLM  |  WASHINGTON, DC**

**HAUSFELD**

*Second*, Puerto Rico is the only governmental entity in this case and, unlike all of the other DAPs, is not a for-profit commercial actor. Puerto Rico also asserts claims on behalf of its citizens in its *parens patriae* capacity that are substantively very different from the antitrust claims advanced by the other DAPs that arise from those DAPs' commercial activities. Consequently, it is also very likely that Defendants will assert commercially-based defenses in response to those other DAPS allegations, including possibly defenses that are rooted in contracts those DAPs may have with Defendants. Any such defenses would also have no bearing on Puerto Rico's claims, which are fundamentally different. Therefore, and in addition to the procedural prejudice that would result from forcing Puerto Rico to sign onto a complaint that we know will be the subject of motion practice, it would be substantively prejudicial to force Puerto Rico to adopt allegations and/or face defenses that are inapplicable to the merits of Puerto Rico's underlying claims.

*Third*, and even if the Court is inclined to order Puerto Rico to sign onto a Master Complaint, it should be made clear that any such joinder by Puerto Rico is for administrative purposes only and does not supersede Puerto Rico's operative complaint. Consolidated amended complaints on behalf of a single class are often filed in MDLs that originally involved multiple class action complaints filed on behalf of the same class, and those consolidated complaints supersede the prior complaints. *See Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 n.3; *see also Wright & Miller, Fed. Prac. & Proc. Juris.* § 3914.7 (2d ed. 2020). By contrast, master complaints are sometimes used in mass tort MDLs which are "not meant to be a pleading with legal effect but only an administrative summary of the claims brought by all the plaintiffs." *Gelboim*, 574 U.S. at 413 n.3.

Puerto Rico understood the Court's present proposal regarding a Master Complaint to be one that is administrative in nature like the structure used in mass tort MDLs, and not a substantive consolidation that would supersede Puerto Rico's existing complaint. The Supreme Court has held in analogous circumstances that "one or many or all of the phases of the several actions may be merged[,] [b]ut merger is never so complete in consolidation as to deprive any party of any substantial rights which he may have possessed had the actions proceeded separately." *Hall v. Hall*, 138 S. Ct. 1118, 1130 (2018) (quoting J. Moore & J. Friedman, Moore's Federal Practice § 42.01, pp. 3050–3051 (1938)). As such, and in the event that the Court does issue an order requiring Puerto Rico to sign onto a Master Complaint, the order should make clear that Puerto Rico's operative complaint is not superseded by virtue of Puerto Rico's participation.

\*   \*   \*

For the foregoing reasons, the Court should not require Puerto Rico to sign onto any Master Complaint that is filed in the above-referenced MDL.

HAUSFELD

Respectfully submitted,

*/s/* Kyle G. Bates
Kyle G. Bates (USDCPR-306412)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
(415) 633-1908
kbates@hausfeld.com

Todd M. Schneider
Matthew S. Weiler
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell St., Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
tschneider@schneiderwallace.com
mweiler@schneiderwallace.com

Peter B. Schneider
SCHNEIDER WALLACE COTTRELL KONECKY LLP
3700 Buffalo Speedway, Suite 300
Houston, Texas 77098
Telephone: (713) 338-2560
Facsimile: (415) 421-7105
pschneider@schneiderwallace.com

Domingo Emanuelli-Hernández
Attorney General

Thaizza M. Rodriguez Pagán
Special Assistant
Office of the Secretary
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1806
Fax: (787) 721-3223

**HAUSFELD**

trodiguez@justicia.pr.gov

*Counsel for the Commonwealth of Puerto Rico*