

JAROD G. TAYLOR
90 STATE HOUSE SQUARE
HARTFORD, CT 06103
860.275.8109
JTAYLOR@AXINN.COM

March 22, 2022

**FILED VIA ECF AND EMAIL**

The Honorable Hildy Bowbeer
Magistrate Judge, District of Minnesota
United States District Court
316 N. Robert Street St. Paul, MN 55101
bowbeer_chambers@mnd.uscourts.gov

   Re: *In re Pork Antitrust Litig.*, 0:18-cv-01776-JRT-HB
      Defendants' Letter Regarding Case Management Issues

Dear Judge Bowbeer:

  Defendants submit this letter related to case management as requested by the Court during the Status Conference on March 16, 2022. Defendants have previously submitted their arguments as to why a consolidated master DAP complaint (a "Master DAP Complaint") is the most efficient way to proceed in the DAP cases and will not burden the Court by repeating those arguments here. Instead, Defendants limit this submission to (a) addressing issues raised during the conference and (b) charting a path forward in the DAP cases if the Court were to order the DAPs to file a Master DAP Complaint.

**I. WHETHER DEFENDANTS SHOULD FILE A MASTER ANSWER**

  During the Status Conference, certain DAP counsel raised the question of whether Defendants should file a consolidated, master answer to any Master DAP Complaint. Other DAP counsel opposed a master answer, and it is unclear whether any DAP continued to advocate for one by the end of the conference. (*See, e.g.*, 3/16/2022 Status Conf. Tr. 36:13-17 (opposing a master answer.)) For the avoidance of doubt, Defendants oppose any requirement to file a master answer, for three reasons.

  First, there is little if any administrative efficiency to be gained by either the parties or the Court from a master answer. Unlike complaints, answers do not require responsive pleadings; DAPs will not have to answer or move to dismiss any answer.

March 22, 2022
Page 2

Second, while the facts alleged in the various DAP *complaints* are largely identical,[1] DAPs include individualized allegations against each defendant (*see, e.g.*, Kroger Compl. ¶¶ 101 (describing membership of specific employees in pork industry trade groups), 110 (purporting to quote a Tyson CEO)). Defendants are also likely differently situated with respect to DAPs' allegations. Each Defendant has a different level of knowledge about the DAPs' factual allegations; one may admit a fact that several others deny or lack knowledge to admit or deny. Defendants' answers will thus not share the same commonality as DAPs' complaints, as the Court noted at the conference (*see* 3/16/2022 Status Conf. Tr. 31:1-8). Finally, no Defendant can make any admission on behalf of any other. A master answer is therefore neither as helpful nor as feasible as a Master DAP Complaint.

The Court should accordingly not require Defendants to file a consolidated master answer.

## II.    DAPS' MASTER COMPLAINT SHOULD BE THE OPERATIVE COMPLAINT

The Master DAP Complaint should serve as the operative complaint for each of the direct actions in this case. A master complaint can serve either as a mere "administrative summary of the claims brought by all the plaintiffs," or as a superseding complaint that becomes the sole operative complaint with respect to each action. *In re Fluidmaster, Inc.*, 149 F. Supp. 3d 940, 947 (N.D. Ill. 2016). Because of the different consequences and uses of each choice, "it is critical that the parties and the court make clear what species of pleadings are being used." *Id.* (citing *In re General Motors LLC Ignition Switch Litig.*, 2015 WL 3619584, at *8 (S.D.N.Y. June 10, 2015)).

The intended uses of the master complaint in this case show that it must be the operative complaint. Master complaints that are "used to calculate deadlines for defendants to file their answers" and that are "examined for [their] sufficiency when the defendants file a motion to dismiss" are operative, rather than administrative, complaints. *Id.* at 948. This is also consistent with the Court's intent that DAPs file a "master *amended* complaint." (3/16/2022 Status Conf. Tr. 16:15-18 (emphasis added).) That is, rather than merely attempt to collect all of the allegations into a single document for reference purposes, this Master DAP Complaint should amend and thus supersede the underlying complaints, and thus will require answers and may be subject to motions to dismiss. *See In re Fluidmaster*, 149 F. Supp. 3d at 948 ("Rule 12(b) motions are improper when dealing with an 'administrative' consolidated complaint"). Designating

---

[1] As the Defendants have explained before, the overall similarity in the facts alleged in the various DAP complaints does not mean that drafting 23 separate answers is a cookie-cutter exercise. The facts alleged in paragraph 38 in one complaint may appear in paragraph 44 in another DAP complaint, or one DAP may have 6 sentences in a paragraph with allegations about Agri Stats whereas another DAP omits the third sentence in that same paragraph. So even if the overall facts alleged are similar, matching answers to specific sentences in specific paragraphs in 23 separate complaints would be a massive undertaking.

March 22, 2022
Page 3

the Master DAP Complaint as the operative complaint will best achieve the goals of a master complaint in this case.

It will also avoid the problems and satellite briefing that arose in the *Broilers* cases. In *Broilers*, DAPs included a disclaimer that the underlying complaints controlled to the extent they were inconsistent with the master complaint: "If a factual allegation in this pleading conflicts with a factual allegation in an underlying DAP complaint or with a specific cause of action brought by a DAP, the factual allegations in the underlying DAP complaint govern and supersede the factual allegations in this pleading for that specific Plaintiff." Because DAPs both included new allegations in the master complaint and excluded allegations that had been made in underlying complaints, Defendants had no way to know which allegations and claims were actually asserted. *See generally* Defs. Mot. for an Order Governing the Operation of DAPs' Am. Consol. Compl., *In re Broiler Chicken Antitrust Lit.*, 1:16-cv-08637, ECF No. 4580 (Apr. 30, 2021). The Court entered a minute entry granting Defendants' motion and designated one of the two consolidated DAP complaints in that case as an operative complaint (the Court has not ruled on the other consolidated DAP complaint). *See* Minute Entry, *In re Broiler Chicken Antitrust Lit.*, 1:16-cv-08637, ECF No. 5306 (Dec. 20, 2021).

This Court should similarly designate the Master DAP Complaint as the legally operative complaint in the DAP cases. It will then be clear which allegations and claims are asserted, and all parties will be able to proceed relying solely on that pleading.

### III. A CONSOLIDATED COMPLAINT AND MOTION TO DISMISS WILL NEITHER DELAY THE LITIGATION NOR PREJUDICE THE DAPS

During the status conference on March 16, the DAPs repeatedly argued that requiring a Master DAP Complaint and then allowing Defendants to move to dismiss that Master DAP Complaint would greatly delay the date when Defendants would serve their affirmative defenses, thus prejudicing the DAPs during ongoing discovery. This is not true for at least three reasons.

First, DAPs' claim of prejudice is implausible because Defendants have long since pleaded affirmative defenses to the putative Class complaints as well as the Puerto Rico and Winn-Dixie direct action complaints. With the benefit of those pleadings, the DAPs have been participating in depositions and discovery and have never pointed to any specific reason they have been hamstrung by the lack of yet another list of affirmative defenses directed at later DAP complaints. While it is possible that Defendants may have some unique affirmative defenses against certain DAPs, Defendants have already filed lists of affirmative defenses to fundamentally similar allegations. The DAPs' objection on this point remains abstract, conjectural, and unpersuasive.

Second, motions to dismiss the Master DAP Complaint will not delay either answers and affirmative defenses or the case more generally because Defendants agree to

file answers and affirmative defenses while the motions are pending. In addition, there is no reason motions to dismiss would delay answers to a Master DAP Complaint any more than they would delay answers to separate complaints.

Third, while Defendants believe that DAPs' claims of prejudice on this front are unfounded and that the supplemental list of affirmative defenses, if any, should be filed shortly after the Master DAP Complaint, if the Court determines otherwise, Defendants would agree to file: a) a list of affirmative defenses to each active DAP complaint within 21 days of an order requiring a Master DAP Complaint; b) a supplemental list of affirmative defenses, if any, within 21 days of the filing of the Master DAP Complaint; and c) answers to the Master DAP Complaint within 60 days of its filing. That schedule allows ample time for discovery on specific affirmative defenses. Or, in the unlikely event that a DAP is able to provide a concrete example of prejudice from inability to take discovery related to a specific, newly pleaded affirmative defense, the parties and the Court will have plenty of time to address the issue as the discovery deadline approaches.

## IV.   PUERTO RICO

During the Status Conference, counsel for Puerto Rico correctly noted that the Court had already ruled on motions to dismiss in the Puerto Rico case and that Defendants had already answered that complaint. The Defendants reiterate their statement during the Conference that they would not repeat motion practice as to Puerto Rico, regardless of whether the Court orders Puerto Rico to join in a Master DAP Complaint.

## V.   DEFENDANTS' LIAISON COUNSEL

The Defendants do not oppose the appointment of a single defense lawyer as liaison counsel for purposes of being the single point of contact for coordinating dates for Court conferences and hearings. The Defendants will select a lawyer to fill this role and will inform the Court of their selection.

## VI.   SHORT-FORM COMPLAINTS

During the Status Conference, the Court proposed that, in addition to the Master DAP Complaint, each DAP will also file a "short-form complaint" with information specific to each DAP. (3/16/2022 Status Conf. Tr. at 17:12–19.) Defendants agree that short-form complaints would be helpful, and propose that the Court's order require each DAP to file a short-form complaint accompanying the Master DAP Complaint which will (1) contain any allegations about that specific DAP (e.g., the DAP's state of incorporation), and (2) identify any allegations in the Master DAP Complaint which that specific DAP does not wish to assert. If ordered by the Court, Defendants will file answers to the short-form complaints 60 days after the short-form complaints are filed.

March 22, 2022
Page 5

      Defendants, propose, however, that answering short-form complaints should not be necessary, and that the limited allegations in them should be deemed subject to a general denial.  Under Defendants' approach, the short-form complaints will be limited (1) to information about which Defendants have no knowledge and (2) to lists of allegations that each DAP does *not* assert, which will not require answers.  Permitting DAPs to file short-form complaints with more substantive, individualized allegations threatens to undermine the effect of actual consolidation.  Defendants believe that their proposal will strike the right balance between allowing each DAP to include their company-specific allegations while ensuring that the Master DAP Complaint will serve as an effective guide to the entire DAP litigation.

## VII.   THE PATH FORWARD[2]

      For the reasons previously stated, the Defendants agree with the Court's opening comment at the last status conference that efficiency is best served by requiring the DAPs to file a Master DAP Complaint and with the Court's preliminary decision to require such a Master DAP Complaint.  (3/16/2022 Status Conf. Tr. at 16:15-24.)

      If the Court orders the DAPs to file a Master DAP Complaint, then the Defendants propose the following procedure going forward for answers, affirmative defenses, and motions to dismiss.

- 30 days after the Court enters its next Case Management Order, the DAPs will file their Master DAP Complaint.  (If the Court also orders each DAP to file a short-form complaint asserting only DAP-specific facts, then each DAP will file any such short-form complaint on this date as well.)

- 45 days after the date that the DAPs file their Master DAP Complaint, the Defendants will file any motions to dismiss.

- 60 days after the date that the DAPs file their Master DAP Complaint, the Defendants will file their respective answers to the Master DAP Complaint.

---

[2] While acknowledging that the proposal was "a step from left field" (Status Conf. Tr. 34:11-12), one DAP counsel suggested during the March 16 Status Conference that the Court direct each of the 8 law firms representing DAPs to file a consolidated complaint for the DAPs that each firm represents.  (*Id*. at 32:24 to 34:19.)  It is unclear whether DAPs are collectively committed to this late-breaking and spontaneous proposal, but if so, Defendants oppose it.  We understand the Court is inclined to order actual consolidation, and DAPs' late-breaking proposal would make it so consolidation does not actually occur.  Furthermore, this concept leaves Defendants and the Court with the specter of 8 motions to dismiss and 8 answers, as well as the possibility of additional complaints if new law firms enter the litigation.  Defendants also disagree that the various complaints differ substantially with respect to factual allegations.  For the reasons stated above, Defendants believe it is feasible and will best serve the interests of the parties and the Court for DAPs to prepare a single Master DAP Complaint that integrates all claims and allegations that DAPs have a good-faith basis to assert.

March 22, 2022
Page 6

- 21 days after the date that the Defendants file their answers to the Master DAP Complaint, each Defendant will file a list of affirmative defenses that it asserts against each DAP complaint.[3]

The Defendants also reiterate their proposal for handling future-filed DAP cases. Defendants propose that the Court announce that any DAP cases pending in the District of Minnesota as of a specific date (such as March 31, 2022) shall proceed on the existing schedule but that any DAP case that is filed in or transferred to the District of Minnesota after that date will (a) proceed on a different schedule, to be determined later, and (b) be bound by all discovery agreements reached, all discovery rulings entered, and all depositions taken in the pre-existing DAP cases.  The newly added DAP would then be required to file its own short-form complaint, as described above, within 14 days of filing its complaint or being transferred to this District, whichever is later.

This proposal for managing DAP cases in waves is both fair to all parties and an efficient way to proceed.  These cases are no secret.  They have been pending for almost four years, there have been more than 1,000 docket entries in Minnesota (not to mention the filings with the MDL Panel), and they have generated a fair amount of publicity.  Any DAP that intends to file its own case has had more than ample opportunity to do so, and any DAP that wishes to wait until some future point in time to file suit is obviously free to do so (subject to any defenses, such as the statute of limitations that runs while the DAP waits).  However, any DAP that makes the strategic choice to sit on the sidelines while other parties actively litigate these cases should not be rewarded for that choice by being allowed to disrupt the Court's schedule or by burdening the parties with duplicative motion practice and depositions.  Any DAP that files suit after a cutoff imposed by the Court will have the opportunity to litigate its case; it will just do so on a different schedule.  This proposal would also allow the existing parties to proceed with discovery and motion practice under the current schedule, and it would ensure that the Court's schedule would not be disrupted every time a new DAP case is filed.

---

[3] If the Court, however, determines that the Defendants should file such DAP-specific affirmative defenses prior to the Master DAP Complaint (*see supra* at 4), Defendants will do so no later than 21 days from entry of an order; and supplement those lists, if needed, 21 days after the date that the DAPs file their Master DAP Complaint.

Dated: March 22, 2022								Respectfully submitted,

By: */s/ Jarod Taylor*
Rachel J. Adcox (*pro hac vice*)
Tiffany Rider Rohrbaugh (*pro hac vice*)
Lindsey Strang Aberg (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
(202) 912-4700
radcox@axinn.com
trider@axinn.com
lstrang@axinn.com

Jarod Taylor (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8109
jtaylor@axinn.com

Kail Jethmalani (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
(212) 728-2200
kjethmalani@axinn.com

David P. Graham (#0185462)
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 486-1521
dgraham@dykema.com

***Counsel for Tyson Foods, Inc., Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc.***

*/s/ Mark L. Johnson*
Mark L. Johnson (#0345520)
Davida S. McGhee (#0400175)
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
(612) 373-0830
mjohnson@greeneespel.com
dwilliams@greeneespel.com

Daniel Laytin, P.C. (*pro hac vice*)
Christa Cottrell, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 861-2000
daniel.laytin@kirkland.com
christa.cottrell@kirkland.com

**Counsel for Clemens Food Group, LLC and The Clemens Family Corporation**

*/s/ Richard A. Duncan*
Richard A. Duncan (#0192983)
Aaron D. Van Oort (#0315539)
Craig S. Coleman (#0325491)
Emily E. Chow (#0388239)
Isaac B. Hall (#0395398)
Bryan K. Washburn (#0397733)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000
richard.duncan@faegredrinker.com
aaron.vanoort@faegredrinker.com
craig.coleman@faegredrinker.com
emily.chow@faegredrinker.com
isaac.hall@faegredrinker.com
bryan.washburn@faegredrinker.com

**Counsel for Hormel Foods Corporation and Hormel Foods, LLC**

| | |
|---|---|
| /s/ *Peter H. Walsh* | /s/ *Donald G. Heeman* |
| Peter H. Walsh (#0388672) | Donald G. Heeman (#0286023) |
| HOGAN LOVELLS US LLP | Jessica J. Nelson (#0347358) |
| 80 South Eighth Street, Suite 1225 | Randi J. Winter (#0391354) |
| Minneapolis, MN 55402 | SPENCER FANE LLP |
| (612) 402-3000 | 100 South Fifth Street, Suite 1900 |
| peter.walsh@hoganlovells.com | Minneapolis, MN 55402-4206 |
| | (612) 268-7000 |
| William L. Monts (*pro hac vice*) | dheeman@spencerfane.com |
| Justin W. Bernick (*pro hac vice*) | jnelson@spencerfane.com |
| HOGAN LOVELLS US LLP | rwinter@spencerfane.com |
| Columbia Square | |
| 555 Thirteenth Street, NW | Stephen R. Neuwirth (*pro hac vice*) |
| Washington, D.C. 20004 | Michael B. Carlinsky (*pro hac vice*) |
| (202) 637-5600 | Sami H. Rashid (*pro hac vice*) |
| william.monts@hoganlovells.com | Richard T. Vagas (*pro hac vice*) |
| justin.bernick@hoganlovells.com | David B. Adler (*pro hac vice*) |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| ***Counsel for Agri Stats, Inc.*** | 51 Madison Avenue, 22nd Floor |
| | New York, NY 10010 |
| | (212) 849-7000 |
| | stephenneuwirth@quinnemanuel.com |
| | michaelcarlinsky@quinnemanuel.com |
| | samirashid@quinnemanuel.com |
| | richardvagas@quinnemanuel.com |
| | davidadler@quinnemanuel.com |
| | |
| | ***Counsel for JBS USA Food Company*** |

*/s/ William L. Greene*
William L. Greene (#0198730)
Peter J. Schwingler (#0388909)
William D. Thomson (#0396743)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
william.thomson@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

**Counsel for Seaboard Foods LLC and Seaboard Corporation**

*/s/ John A. Cotter*
John A. Cotter (#0134296)
John A. Kvinge (#0392303)
LARKIN HOFFMAN DALY &
LINDGREN LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55427-1060
(952) 835-3800
jcotter@larkinhoffman.com
jkvinge@larkinhoffman.com

Richard Parker (*pro hac vice*)
Josh Lipton (*pro hac vice*)
GIBSON, DUNN &CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
rparker@gibsondunn.com
jlipton@gibsondunn.com

Brian Robison (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-6912
(214) 698-3370
brobison@gibsondunn.com

**Counsel for Smithfield Foods, Inc.**

*/s/ Christopher A. Smith*
Aaron Chapin (#0386606)
Christopher A. Smith (*pro hac vice*)
Tessa K. Jacob (*pro hac vice*)
A. James Spung (*pro hac vice*)
Jason Husgen (*pro hac vice*)
Sarah L. Zimmerman (*pro hac vice filed*)
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Ste 600
St. Louis, MO 63105
Telephone: (314) 480-1500
aaron.chapin@huschblackwell.com
chris.smith@huschblackwell.com
tessa.jacob@huschblackwell.com
james.spung@huschblackwell.com
jason.husgen@huschblackwell.com
sarah.zimmerman@huschblackwell.com

***Counsel for Triumph Foods, LLC***