

FOUR SEASONS TOWER
1441 BRICKELL AVENUE
SUITE 1100
MIAMI, FLORIDA 33131
TELEPHONE: 305.373.1000
FACSIMILE: 305.372.1861
WWW.KNPA.COM

Direct Dial: (305) 381-7484
E-mail: srandall@knpa.com

March 24, 2022

The Honorable Hildy Bowbeer                                              **_Via ECF_**
Magistrate Judge, District of Minnesota
United States District Court
316 N. Robert Street
St. Paul, MN  55101

> RE:  **_In re Pork Antitrust Litigation_, 0:18-cv-01776-JRT-HB**
>      **<ins>Direct Action Plaintiffs' Letter Following Up on March 16, 2022 Status Conference</ins>**

Dear Judge Bowbeer:

      We write on behalf of the undersigned Direct Action Plaintiffs ("DAPs") to address the points raised in Defendants' March 22, 2022 Letter concerning the proposed master consolidated DAP complaint.  Defendants' Letter (ECF No. 1233, "Defense Ltr.") glosses over a number of important points highly relevant to this Court's consideration of whether to order a consolidated DAP complaint.  Accordingly, this letter responds to those points and provides necessary context.

      **Defendants' proposal rests entirely on the false premise that a consolidated DAP complaint would simplify this MDL and conserve judicial resources.  The MDL DAPs are fully participating with class plaintiffs in discovery on the same schedule.**  At this stage of the litigation – with fact discovery set to end in approximately five months – a consolidated DAP complaint will not save this Court any time or simplify any issues.  Instead, it will delay and put the MDL DAPs behind the classes and substantially complicate matters for the District Courts to which the various DAP cases will be remanded after summary judgment.

      Defendants' scare tactics are revealed by their misleading argument that anything other than a consolidated DAP complaint would result in one motion to dismiss for every DAP law firm.  Defense Ltr. at 5 n.2.  This is wrong.

      As is typical in antitrust MDLs, Defendants file a joint motion to dismiss against all DAP complaints (or even against all plaintiff complaints) and DAPs typically file a joint opposition. _See, e.g., In re Packaged Seafood Prod. Antitrust Litig._ (MDL No. 2670), 277 F. Supp. 3d 1167, 1170 (S.D. Cal. 2017) (ruling on joint motion to dismiss filed by all defendants and opposed in a joint omnibus response by all DAPs); _In re Cathode Ray Tube (CRT) Antitrust Litig._, MDL No. 1917, 2014 WL 1091589, at *15 (N.D. Cal. Mar. 13, 2014) (addressing fraudulent concealment allegations opposed in joint DAP opposition brief).

_____

**TEXAS OFFICE:**                                              **WASHINGTON SATELLITE OFFICE:**
2630 EXPOSITION BLVD., SUITE 203A                   1101 PENNSYLVANIA AVENUE, N.W., 6TH FLOOR
AUSTIN, TEXAS  78703                                       WASHINGTON, D.C.  20004-2436
TELEPHONE:  512.480.8023                              TELEPHONE:  202.756.4373
FACSIMILE:  512.480.8037                                FACSIMILE:  202.756.7323

**The Honorable Hildy Bowbeer**  March 24, 2022
Page 2

Accordingly, any suggestion that there would be one motion to dismiss per DAP complaint (or per DAP law firm) is highly misleading – to the extent that the Court is concerned about the number of motions to dismiss that will be filed, this is better addressed by joint briefing, rather than wholesale consolidation of the DAP cases.

As for consolidation of the DAP cases, Defendants have filed no such motion, and DAPs would vigorously oppose such a motion, which, among other things, ignores the fact that many DAP cases in this MDL were filed in other Districts, transferred to this Court as "tag along" cases in the MDL, and are subject to remand to the original Districts for trial. Moreover, the MDL statute, 28 U.S C. § 1407, confers jurisdiction to the MDL Court for pretrial proceedings only – it therefore does not authorize full consolidation of cases.

Although a consolidated DAP complaint would not result in fewer motions for this Court, it would create substantial complications for the remand courts. Because any consolidated DAP complaint would necessarily be unwieldy – the *Broilers* (a non-MDL case) consolidated complaint is 480 pages and 1635 paragraphs – and includes allegations and answers not applicable to individual DAPs. Upon remand, this document would need to be unwound and undone for each individual DAP case in order to proceed to trial.

Just as Defendants concede in their March 22nd letter that "no Defendant can make any admission on behalf of any other," so too can no DAP law firm make an allegation about which it lacks knowledge or assert a claim on behalf of a DAP that it does not represent. This is a fundamental first principle obscured in the discussion about a master DAP complaint. Each DAP law firm only represents the DAPs by whom it is engaged. Its fiduciary duty runs only to its DAP clients. Forcing a DAP law firm to sign on to a master DAP complaint requires qualifiers explaining that no one DAP law firm vouches for any allegations that may not apply to its client. Moreover, Defendants' proposed solution to this problem – a "short-form DAP complaint" – would only serve to generate more pleadings (which seemingly unwinds any efficiencies created by the consolidated complaint).[1]

---

[1] Defendants propose that the short-form complaint affirmatively state what each DAP "does not wish to assert." Defense Ltr. at 4. Practically translated, this means the "short-form complaint" will be anything but "short," as each DAP, in an abundance of caution, will have to set forth or clarify the allegations that it is *not* alleging, which is akin to alleging a negative. Defendants concede in their March 22nd letter that a substantive, individualized "short form" complaint will unreasonably complicate these proceedings. *Id.* at 5.

Assuming there is a master consolidated DAP complaint, those DAPs who join that pleading should not have to file any short form complaint, which would be wasteful and duplicative of the consolidated pleading. With respect to new DAPs that file after the master complaint is docketed, they could file a short form complaint that simply sets forth basic information about the identity of the plaintiffs, defendants, and the causes of action.



**The Honorable Hildy Bowbeer**  **March 24, 2022**

**Page 3**

Additionally, a consolidated DAP complaint is not needed to help the DAP cases catch up to the class cases. As noted previously, DAPs are fully complying with their discovery obligations by providing disclosures and producing documents in accordance with the Court's schedule, and DAPs are participating in ongoing depositions in the MDL. Indeed, to the extent that the Court's primary concern in contemplating a consolidated DAP complaint is "catching up" the DAP cases in the MDL, DAPs question how such a protracted process would achieve this goal.

Nor should the Court require a consolidated DAP Complaint in order to allow for additional Rule 12 motions (particularly given that such motions will not be fully briefed until after the close of fact discovery).[2] Given the impending fact discovery deadline, the parties' focus should be on the record evidence and not allegations in complaints. Similarly, judicial economy would be best served if the Court is allowed to focus on class certification, summary judgment and *Daubert* motions, rather than ruling on motions to dismiss after the completion of fact discovery.

Accordingly, the procedure proposed by Defendants would not conserve any judicial resources (especially when considering the work required of each remand Court to unwind the consolidated DAP complaint and create pleadings applicable only to the individual remand case). Instead, the procedure would transfer to DAPs the burden imposed on Defendants by Federal Rule of Civil Procedure 8 to answer DAPs' complaints. DAPs submit that such a transfer of the burden is particularly unwarranted here, given that Defendants will likely deny or assert a lack of knowledge concerning the vast majority of DAPs' allegations.[3]

DAPs therefore propose the following path forward:

- Deadline to amend pleadings: 30 days following the Court's next Case Management Order;

- Defendants to Answer DAPs' complaints: 30 days after DAPs file amended complaints.

---

[2] Under Defendants' proposal, the consolidated DAP complaint would be filed 30 days after the Court's order resolving the procedure for such a filing, with a motion to dismiss filed 45 days thereafter. Assuming the Court issues a Case Management Order on Monday, April 4, 2022, the DAP consolidated complaint would be filed May 4, and the motion to dismiss would be filed on June 18. Allowing 45 days for an opposition and 30 days for a reply would allow for a fully briefed motion on September 2.

[3] Defendants' answers to the DPPs' amended complaint confirm as much. For example, in response to the 224 allegations in the DPP complaint, Smithfield asserted that 282 denials in addition to the 130 allegations of which it lacked knowledge. ECF No. 583. Similarly, Hormel asserted 265 denials in addition to the 148 allegations of which it lacked knowledge. ECF No. 576.



This proposal allows for the pleadings to close in the case and for Defendants to apprise DAPs of the defenses that they intend to assert against each DAP reasonably in advance of the close of fact discovery.

DAPs understand from Defendants' proposal that they will agree to answer DAPs' complaints regardless of whether they also seek to file any new Rule 12 motions. However, in Defendants' proposal, they seek to require DAPs to file a consolidated complaint within 30 days, but then request 60 days for Defendants to answer that pleading. This proposal is demonstrably unfair to DAPs. It is much more burdensome for DAPs to draft a consolidated complaint that comports with each DAP firm's fiduciary duties to its clients than it is for Defendants to file Answers in which they deny or claim a lack of knowledge in response to almost every substantive allegation. DAPs will need more than 30 days to prepare a consolidated complaint if ordered, but submit that Defendants should have the same amount of time to answer as DAPs are given to file any amended complaint (consolidated or otherwise).

Additionally, it is important that DAPs receive notice of the defenses that will be asserted against them with sufficient time to take discovery related to those defenses. Defendants already acknowledge in their March 22nd letter that "Defendants may have some *unique* defenses against certain DAPs." Defense Ltr. at 3 (emphasis added). To be sure, as Defendants argue, DAPs are participating in fact discovery. However, this is obviously not because DAPs know the Defendant-specific defenses that each Defendant will assert against it, but rather because DAPs must prove their affirmative allegations before fact discovery closes. DAPs cannot divine as yet unspecified (or "unique") defenses that a given Defendant intends to assert against a specific DAP. The only way that we will know is if Defendants file their Answer/Defenses as soon as reasonably possible.

With respect to additional Rule 12 motions, DAPs do not believe that new motions to dismiss are helpful at this stage of the litigation and believe that such motions would be untimely as to many of the early filing DAPs. However, to the extent that the Court believes that briefing such motions would be beneficial, DAPs propose the following briefing schedule:

- Deadline to move to dismiss DAP complaints: 45 days after the filing of all amended DAP complaints;

- Deadline to oppose any Rule 12 motions: 45 days after the filing of any motion to dismiss;

- Deadline to reply in support of any motion to dismiss joined by all moving Defendants: 30 days after the filing of the joint opposition.

Finally, DAPs acknowledge the possibility that other direct action cases may be filed in this MDL in the future. DAPs cannot control what other litigants do, but ask that any case management measures the Court imposes with respect to late-filing DAPs not prejudice those DAPs that have already filed claims in the litigation.



**The Honorable Hildy Bowbeer**  **March 24, 2022**
**Page 5**

Additionally, DAPs support the appointment of a DAP Liaison Counsel and will work within the DAP group to propose one to the Court.

Respectfully submitted,

Samuel J. Randall
**Counsel for the Kroger DAPs (***with additional DAP signatories below***)**



| | |
|---|---|
| The Honorable Hildy Bowbeer | March 24, 2022 |

**Page 6**

/s/ Robert N. Kaplan
Robert N. Kaplan
Matthew P. McCahill
Jason A. Uris
**KAPLAN FOX & KILSHEIMER, LLP**
850 Third Avenue, 14th Floor
New York, New York  10022
Tel:  (212) 687-1980
Email: rkaplan@kaplanfox.com
Email: mmccahill@kaplanfox.com
Email: juris@kaplanfox.com

/s/ Eric R. Lifvendahl
Eric R. Lifvendahl
**L&G LAW GROUP, LLP**
175 W. Jackson Blvd., Suite 950
Chicago, Illinois  60604
Tel:  (312) 364-2500
Email: elifvendahl@lgcounsel.com

/s/ Richard L. Coffman
Richard L. Coffman
**THE COFFMAN LAW FIRM**
3355 W. Alabama St., Suite 240
Houston, Texas  77098
Tel:  (713) 528-6700
Email: rcoffman@coffmanlawfirm.com

/s/ Bernard D. Marcus
Bernard D. Marcus
Moira Cain-Mannix
Brian C. Hill
**MARCUS & SHAPIRA LLP**
One Oxford Center, 35th Floor
Pittsburgh, PA  15219
Tel:  (412) 471-3490
Email: marcus@marcus-shapira.com
Email: cain-mannix@marcus-shapira.com
Email: hill@marcus-shapira.com

/s/ Michael S. Mitchell
Michael S. Mitchell
Scott E. Gant
Sarah L. Jones
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave., N.W.
Washington, D.C.  20005
Tel:  (202) 237-2727
Fax:  (202) 237-6131
Email: sgant@bsfllp.com
Email: mmitchell@bsfllp.com
Email: sjones@bsfllp.com

Colleen Harrison
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, N.Y.  10504
Tel:  (914) 749-8204
Fax:  (914) 749-8300
Email: charrison@bsfllp.com

***Counsel for Plaintiffs Sysco Corporation and Amory Investments LLC***

/s/ David C. Eddy
David C. Eddy
Dennis J. Lynch
Travis C. Wheeler
Chase C. Keibler
**NEXSEN PRUET, LLC**
1230 Main Street, Suite 700
Columbia, South Carolina  29201
Tel:  (803) 771-8900
Fax:  (803) 253-8277
Email: deddy@nexsenpruet.com
Email: dlynch@nexsenpruet.com
Email: twheeler@nexsenpruet.com
Email: ckeibler@nexsenpruet.com

***Counsel for Plaintiffs Conagra Brands, Inc., Nestlé USA, Inc., and Nestlé Purina PetCare Co.; and Howard B. Samuels,***



**Counsel for Plaintiffs Action Meat Distributors, Inc., Topco Associates, LLC, Alex Lee, Inc./Merchants Distributors, LLC, Associated Food Stores, Inc., Brookshire Grocery Company, Colorado Boxed Beef Co., Certco, Inc., The Golub Corporation, Nicholas & Co., PFD Enterprises, Inc., SpartanNash Company, Springfield Grocer Company, The Distribution Group d/b/a Van Eerden Foodservice Co., Troyer Foods, Inc., URM Stores, Inc., and Giant Eagle, Inc.**

/s/ David B. Esau
David B. Esau
Kristin A. Gore
Garth T. Yearick
**CARLTON FIELDS, P.A.**
525 Okeechobee Boulevard
Suite 1200
West Palm Beach, FL  33401
Tel:  (561) 659-7070
Fax:  (561) 659-7368
Email: desau@carltonfields.com
Email: kgore@carltonfields.com
Email: gyearick@carltonfields.com

Roger S. Kobert
**CARLTON FIELDS, P.A.**
405 Lexington Avenue
36th Floor
New York, N.Y.  10174-3699
Tel:  (212) 785-2577
Fax:  (212) 785-5203
Email: rkobert@carltonfields.com

acting solely in his capacity as Chapter 7 trustee for the bankruptcy of the estate of Central Grocers, Inc.

/s/ Philip J. Iovieno
Philip J. Iovieno
Nicholas A. Gravante, Jr.
Karen C. Dyer
Lawrence S. Brandman
Jack G. Stern
Gillian Groarke Burns
Mark A. Singer
Elizabeth R. Moore
**CADWALADER, WICKERSHAM & TAFT LLP**
200 Liberty Street
New York, N.Y.  10281
Tel:  (212) 504-6000
Fax:  (212) 504-6666
E-mail: philip.iovieno@cwt.com
E-mail: nicholas.gravante@cwt.com
E-mail: karen.dyer@cwt.com
E-mail: lawrence.brandman@cwt.com
E-mail: jack.stern@cwt.com
E-mail: gillian.burns@cwt.com
E-mail: mark.singer@cwt.com
E-mail: elizabeth.moore@cwt.com

**Counsel for Plaintiffs Jetro Holdings, LLC, BJ's Wholesale Club, Inc., and Sherwood Food Distributors, L.L.C., Harvest Meat Company, Inc., Western Boxed Meat Distributors, Inc., and Hamilton Meat, LLC and Co-Counsel for Plaintiffs Kraft Heinz Foods Company; Winn-Dixie Stores, Inc.; and Bi-Lo Holdings, LLC**



Aaron A. Holman
**CARLTON FIELDS, P.A.**
200 S. Orange Avenue
Suite 1000
Orlando, Florida 32801
Tel:   (407) 849-0300
Fax:   (407) 648-9099
Email:  aholman@carltonfields.com

**Counsel for Cheney Brothers, Inc.; Subway Protein Litigation Corp., as Litigation Trustee of the Subway® Protein Litigation Trust; Buffalo Wild Wings, Inc.; Jimmy John's Buying Group SPV, LLC; Sonic Industries Services Inc.; CKE Restaurants Holdings, Inc.; Wawa, Inc; and Restaurant Services, Inc.**

/s/ Christopher P. Wilson
William C. Lavery
Christopher P. Wilson
Danielle Morello
Wyatt M. Carlock
**BAKER BOTTS L.L.P.**
700 K Street NW
Washington, DC 20001
Tel.: (202) 639-7700
Fax: (202) 639-7890
william.lavery@bakerbotts.com
christopher.wilson@bakerbotts.com
danielle.morello@bakerbotts.com
wyatt.carlock@bakerbotts.com

**Counsel for Plaintiff ALDI Inc.**

/s/ David P. Germaine
Paul E. Slater
Joseph M. Vanek
David P. Germaine
Alberto Rodriguez
Jeffrey H. Bergman
**SPERLING & SLATER, P.C.**
55 West Monroe Street
Suite 3200
Chicago, Illinois  60603
Tel:   (312) 641-3200
Fax:   (312) 641-6492
Email: pes@sperling-law.com
Email: jvanek@sperling-law.com
Email: dgermaine@sperling-law.com
Email: arodriguez@sperling-law.com
Email: jbergman@sperling-law.com



| | |
|---|---|
| **The Honorable Hildy Bowbeer** | **March 24, 2022** |

**Page 9**

---

Phillip F. Cramer
Christina Lopez
**SHERRARD ROE VOIGT & HARBISON, PLC**
150 3rd Avenue South
Suite 1100
Nashville, Tennessee  37201
Tel:   (615) 742-4200
Email: pcramer@srvhlaw.com
Email: clopez@srvhlaw.com

**Counsel for Plaintiffs Associated Grocers of the South, Inc., Dollar General Corporation, Dolgencorp, LLC, Meijer, Inc., Meijer Distribution Inc., Publix Super Markets, Inc., Raley's, United Natural Foods, Inc., SuperValu, Inc., Associated Grocers of Florida, Inc., Unified Grocers, Inc., Tony's Fine Foods, and Wakefern Food Corp.**

