# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION* | Case No. 0:18-cv-01776-JRT-HB |
| This Document Relates To: Commercial and Institutional Indirect Purchaser Actions | |

## LONG-FORM SETTLEMENT AGREEMENT BETWEEN COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER CLASS PLAINTIFFS AND SMITHFIELD FOODS, INC.

THIS LONG-FORM SETTLEMENT AGREEMENT ("Settlement Agreement") is made and entered into as of the 19th day of March, 2022 ("Execution Date") by and between the Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs" or "Plaintiffs"),[1] through Interim Co-Lead Counsel (as hereinafter defined) for the proposed Settlement Class (as hereinafter defined), and Smithfield Foods, Inc. and all of its predecessors; successors; assigns; affiliates; and any and all past, present, and future parents, owners, subsidiaries, divisions, and departments (collectively referred to as "Settling Defendant" or "Smithfield") in the above-captioned action (the "Actions"). CIIPPs, on behalf of the Settlement Class, and Smithfield are referred to herein collectively as the "Parties" or individually as a "Party."

WHEREAS, CIIPPs on behalf of themselves and as representatives of the putative class of similarly situated persons or entities allege in the Actions, among other things, that Smithfield participated in a conspiracy — with other Defendants in this litigation and unnamed co-

---

[1] As used herein, "CIIIPs" shall mean: Sandee's Bakery; Confetti's; Francis T. Enterprises d/b/a Erbert & Gerbert's; Joe Lopez, d/b/a Joe's Steak and Leaf; Longhorn's Steakhouse; Betty's Eat Shop; Ziggy's BBQ Smokehouse & Ice Cream Parlor, LLC; The Grady Corporation; Mcmjoynt LLC d/b/a The Breakfast Joynt; Edley's Restaurant Group, LLC; Basil Mt. Pleasant, LLC; Basil Charlotte, Inc.; Farah's Courtyard Deli, Inc.; and Tri-Ten LLC.

conspirators — "from at least 2009 to the present to fix, raise, maintain, and stabilize the price of pork." (Commercial and Institutional Indirect Plaintiffs' Fourth Amended Consolidated Class Action Complaint, Dkt. No. 808, ¶ 2);

WHEREAS, Interim Co-Lead Counsel have been appointed by the Court to represent, on an interim basis, the putative class of commercial and institutional indirect purchasers of Pork (as hereinafter defined);

WHEREAS, the Parties wish to resolve all claims asserted and all claims that could have been asserted against Smithfield in any way arising out of or relating in any way to the indirect purchase of Pork (as hereinafter defined) produced, processed or sold by Smithfield or any of the Defendants or their co-conspirators;

WHEREAS, counsel for the Parties have engaged in arm's-length negotiations, on the terms of this Settlement Agreement, and this Settlement Agreement embodies all of the terms and conditions of the settlement;

WHEREAS, CIIPPs have concluded, after investigation of the facts and after considering the circumstances and the applicable law, that it is in the best interests of CIIPPs to enter into this Settlement Agreement with Smithfield to avoid the uncertainties of further complex litigation, and to obtain the benefits described herein for the Settlement Class (as hereinafter defined), and, further, that this Settlement Agreement is fair, reasonable, adequate, and in the best interests of CIIPPs and the Settlement Class;

WHEREAS, Smithfield denies all allegations of wrongdoing in the Actions. However, despite its belief that it is not liable for, and has good defenses to, the claims alleged in the Actions, Smithfield desires to settle the Actions, and thus avoid the expense, risk, exposure, inconvenience,

and distraction of continued litigation of the Actions or of any action or proceeding relating to the matters being fully settled and finally put to rest in this Settlement Agreement;

NOW THEREFORE, in consideration of the foregoing, the terms and conditions set forth below, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the Parties that the claims of the CIIPPs and the Settlement Class be settled and compromised, and dismissed on the merits with prejudice as to Smithfield subject to Court approval:

1.     <u>General Definitions</u>.  The terms below and elsewhere in this Settlement Agreement with initial capital letters shall have the meanings ascribed to them for purposes of this Settlement Agreement.

a.     "Smithfield Released Parties" means Smithfield and Smithfield's former, current and future parents, subsidiaries and affiliates, and any of their respective former, current and future, direct or indirect trustees, directors, officers, shareholders, managers, members, attorneys, equity holders, agents, insurers and employees.  Notwithstanding the foregoing, "Smithfield Released Parties" does not include any Defendant other than Smithfield named by CIIPPs in the Actions, either explicitly or as a third-party beneficiary.

b.     "Actions" means the putative class actions filed by CIIPPs in the above-captioned proceeding.

c.     "Class Period" means January 1, 2009 until the date of the order granting Preliminary Approval of this Settlement Agreement and the Settlement Class.

d.   "Complaint" means the CIIPPs' Fourth Amended Consolidated Class Action Complaint, Dkt. No. 808.

e.   "Court" means the United States District Court for the District of Minnesota.

f.   "Defendants" means JBS USA Food Company, JBS USA Food Company Holdings, Clemens Food Group, LLC, The Clemens Family Corporation, Hormel Foods Corporation, Seaboard Foods LLC, Smithfield Foods, Inc., Triumph Foods, LLC, Tyson Foods, Inc. Tyson Prepared Foods, Inc., Tyson Fresh Meats, Inc., and Agri Stats, Inc.

g.   "Escrow Account" means the escrow account established with the escrow agent to receive and maintain funds contributed by Smithfield for the benefit of the Settlement Class.

h.   "Escrow Agreement" means that certain agreement between the escrow agent that holds the Settlement Fund and CIIPPs (by and through Interim Co-Lead Counsel) pursuant to which the Escrow Account is established and funded for the benefit of the Settlement Class, as set forth in Paragraphs 9 and 10 below.

i.   "Final Approval" means an order and judgment by the Court which finally approves this Settlement Agreement and the settlement pursuant to Federal Rule of Civil Procedure 23 and dismisses Smithfield with prejudice from the Actions.

j.   "Final Judgment" means the first date upon which both of the following conditions shall have been satisfied: (a) Final Approval; and (b) either (1)

thirty (30) days have passed from the date of Final Approval with no notice of appeal having been filed with the Court; or (2) Final Approval has been affirmed by a mandate issued by any reviewing court to which any appeal has been taken, and any further petition for review (including certiorari) has been denied, and the time for any further appeal or review of Final Approval has expired.

k.      "Interim Co-Lead Counsel" means Jonathan Cuneo (Cuneo Gilbert & LaDuca, LLP) and Shawn M. Raiter (Larson · King, LLP) as appointed by the Court on an interim basis to represent the putative class of commercial and institutional indirect purchasers of Pork.

l.      "Indirect Purchaser State" means Arkansas, Arizona, California, District of Columbia, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and/or Wisconsin.

m.      "Person" means without limitation, any individual, corporation, partnership or any variation thereof (e.g., limited partnership, limited liability partnership), limited liability company, proprietorship, joint venture, association, group or other form of legal entity or business.

n.      "Pork" means porcine or swine products processed, produced or sold by Smithfield, or by any of the Defendants or their co-conspirators, including but not limited to: primals (including but not limited to loins, shoulders,

picnics, butts, ribs, bellies, hams, or legs), trim or sub-primal products (including but not limited to backloins, tenderloins, backribs, boneless loins, boneless sirloins, riblets, chef's prime, prime ribs, brisket, skirt, cushion, ground meats, sirloin tip roast, or hocks), further processed and value added porcine products (including, but not limited to bacon, sausage, lunch meats, further processed ham, or jerky products), offal or variety products (including, but not limited to hearts, tongues, livers, head products, spleens, kidneys, feet, stomach, bladder, uterus, snoot, ears, tail, brisket bone, intestines, jowls, neck bones or other bones, skin, lungs, glands, hair, or pet food ingredients), rendered product and byproducts (including, but not limited to, lard, grease, meat meal, bone meal, blood meal, or blood plasma), casings (including, but not limited to, mucosa), and carcasses.

o.   "Preliminary Approval" means an order by the Court to preliminarily approve this Settlement Agreement pursuant to Federal Rule of Civil Procedure 23.

p.   "Released Claims" shall have the meaning set forth in Paragraph 15 of this Settlement Agreement.

q.   "Releasing Party" or "Releasing Parties" shall refer individually and collectively, to the Settlement Class and all members of the Settlement Class, including the CIIPPs, each on behalf of themselves and their respective predecessors and successors; their current and former, direct and indirect parents, subsidiaries and affiliates; their present and former shareholders, partners, directors, officers, owners of any kind, principals,

members, agents, employees, contractors, attorneys, insurers, heirs, executors, administrators, devisees, and representatives; the assigns of all such persons or entities, as well as any person or entity acting on behalf of or through any of them in any capacity whatsoever, jointly and severally; and any of their past, present and future agents, officials acting in their official capacities, legal representatives, agencies, departments, commissions and divisions; and also means, to the full extent of the power of the signatories hereto to release past, present and future claims, persons or entities acting in a private attorney general, qui tam, taxpayer or any other capacity, whether or not any of them participate in this Settlement Agreement. As used in this Paragraph, "affiliates" means entities controlling, controlled by or under common ownership or control with, in whole or in part, any of the Releasing Parties.

r.   "Settlement Administrator" means the firm retained to disseminate the Settlement Class Notice and to administer the payment of Settlement Funds to the Settlement Class, subject to approval of the Court.

s.   "Settlement Class" means the class defined in Paragraph 5 below.

t.   "Settlement Class Period" means January 1, 2009 until the date of the order granting Preliminary Approval of the Settlement Class.

u.   "Settlement Fund" means $42,000,000 (forty two million U.S. dollars), the amount Smithfield shall pay or cause to be paid into an interest-bearing Escrow Account maintained by an escrow agent on behalf of the Settlement Class, pursuant to Paragraphs 9 and 10 below.

2.     <u>The Parties' Efforts to Effectuate this Settlement Agreement</u>.  The  Parties will cooperate in good faith and use their best efforts to seek the Court's Preliminary Approval and Final Approval of the Settlement Agreement.

3.     <u>Litigation Standstill</u>.  CIIPPs through Interim Co-Lead Counsel shall cease all litigation activities against Smithfield related to the pursuit of claims against Smithfield in the Actions. None of the foregoing provisions shall be construed to prohibit CIIPPs from seeking appropriate discovery from non-settling Defendants or Co-Conspirators or any other person other than Settling Defendant.

4.     <u>Motion for Preliminary Approval</u>.  No later than thirty (30) days after the Execution Date, CIIPPs will move the Court for Preliminary Approval of this Settlement. Smithfield shall take no position with respect to appointment of Interim Co-Lead Counsel as counsel for the Settlement Class for purposes of this Settlement Agreement and certification in the Actions of a class for settlement purposes only.  Within a reasonable time in advance of submission to the Court, the papers in support of the motion for Preliminary Approval shall be provided by Interim Co-Lead Counsel to Smithfield for its review.  To the extent that Smithfield objects to any aspect of the motion, they shall communicate such objection to Interim Co-Lead Counsel, and the Parties shall meet and confer to resolve any such objection. The Parties shall take all reasonable actions as may be necessary to obtain Preliminary Approval and certification of the Settlement Class.

5.     <u>Certification of a Settlement Class</u>. As part of the motion for Preliminary Approval of this Settlement, CIIPPs shall seek, and Smithfield shall take no position with respect to, appointment of Interim Co-Lead Counsel as Settlement Class Counsel for purposes of this

Settlement and certification in the Actions of the following "Settlement Class" for settlement purposes only:

> All entities who indirectly purchased Pork from Defendants or co-conspirators or their respective subsidiaries or affiliates in the United States during the Class Period for their own business use in commercial food preparation.

> Specifically excluded from the Settlement Class are Defendants; the officers, directors or employees of any Defendant; the parent companies of any Defendant; the subsidiaries of any Defendant and any entity in which any Defendant has a controlling interest; purchasers of Pork that purchased Pork directly from any Defendant, including those that directly purchased Pork for resale in an unmodified and untransformed form; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from the Settlement Class are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action.

6.   <u>Settlement Class Notices.</u>  After Preliminary Approval, and subject to approval by the Court of the means for dissemination:

> a.   To the extent reasonably practicable, individual notice of this settlement will be mailed, emailed, or otherwise sent and/or published by the Settlement Administrator, at the direction of Interim Co-Lead Counsel, to potential members of the Settlement Class, in conformance with Rule 23 of the Federal Rules of Civil Procedure and a notice plan to be approved by the Court.

> b.   Neither the Settlement Class, Interim Co-Lead Counsel, nor Smithfield shall have any responsibility, financial obligation, or liability for any fees, costs, or expenses related to providing notice to the Settlement Class or obtaining approval of the settlement or administering the settlement. Such fees, costs, or expenses shall be paid solely from the Settlement Fund, subject to any necessary Court approval. Smithfield shall not object to

Interim Co-Lead Counsel withdrawing from the Settlement Fund, subject to any necessary Court approval, up to $200,000 to pay the costs for notice and for Preliminary Approval and Final Approval of this Settlement Agreement.

c.   Interim Co-Lead Counsel shall use best efforts to provide  notice to the Settlement Class within two (2) months of Preliminary Approval by the Court of the Settlement Agreement. Costs of notice up to a maximum of $200,000 that Interim Co-Lead Counsel are permitted to withdraw from the Settlement Fund, either pursuant to the Parties' Settlement Agreement or order of the Court, shall be nonrefundable if, for any reason, the Settlement Agreement is terminated according to its terms or is not finally approved by the Court.

7.   Motion for Final Approval and Entry of Final Judgment.   If the Court grants Preliminary Approval and certifies the Settlement Class, then CIIPPs, through Interim Co-Lead Counsel — in accordance with the schedule set forth in the Court's Preliminary Approval — shall submit to the Court a separate motion for Final Approval of this Settlement Agreement by the Court.  A reasonable time in advance of submission to the Court, the papers in support of the motion for Final Approval shall be provided by Interim Co-Lead Counsel to Smithfield for their review.  To the extent that Smithfield objects to any aspect of the motion, it shall communicate such objection to Interim Co-Lead Counsel, and the Parties shall meet and confer to resolve any such objection.  The motion for Final Approval shall seek entry of an order and Final Judgment:

a.   Finally approving the Settlement Agreement as being a fair, reasonable, and adequate settlement for the Settlement Class within the meaning of Federal

Rules of Civil Procedure 23, and directing the implementation, performance, and consummation of the Settlement Agreement;

b.   Determining that the Class Notice constituted the best notice practicable under the circumstances of this Settlement Agreement and the Fairness Hearing, and constituted due and sufficient notice for all other purposes to all Persons entitled to receive notice;

c.   Dismissing the Actions with prejudice as to Smithfield in all class action complaints asserted by CIIPPs or the Settlement Class;

d.   Discharging and releasing the Smithfield Released Parties from all Released Claims;

e.   Requiring Interim Co-Lead Counsel to file with the Court a list of potential Settlement Class members that timely excluded themselves from the Settlement Class;

f.   Reserving continuing and exclusive jurisdiction over the Settlement Agreement for all purposes; and

g.   Determining under Fed. R. Civ. P. 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to Smithfield shall be final and appealable and entered forthwith.

The Parties shall take all reasonable steps to obtain Final Approval of the Settlement Agreement.

8.   This Settlement Agreement shall become final only when (a) the Court has entered an order finally approving this Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure; (b) the Court has entered Final Judgment dismissing the Actions against

11

Smithfield on the merits with prejudice as to all Settlement Class members and without costs, and (c) the time for appeal or to seek permission to appeal from the Court's approval of this Settlement Agreement and entry of a Final Judgment as described in clause (b) above has expired or, if appealed, approval of this Settlement Agreement and the Final Judgment have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review or any such appeal is otherwise disposed of. It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining if the conditions for final approval have been satisfied. On the Execution Date, CIIPPs and Smithfield shall be bound by the terms of this Settlement Agreement, and the Settlement Agreement shall not be rescinded except in accordance with Paragraph 20 of this Settlement Agreement.

9.    <u>Escrow Account</u>. The Escrow Account shall be administered by Interim Co-Lead Counsel for the CIIPPs and Settlement Class under the Court's continuing supervision and control pursuant to the Escrow Agreement.

10.    <u>Settlement Consideration</u>. In consideration for the release of Released Claims and the dismissal of the Actions, within fourteen (14) business days of the Court's grant of Preliminary Approval, Smithfield shall pay or cause to be paid the Settlement Fund of $42,000,000 (forty two million U.S. dollars) into the Escrow Account. In addition, subject to the provisions hereof, and in full, complete, and final settlement of the Actions as provided herein, Smithfield further agrees that it will continue to comply with the federal antitrust laws, and Smithfield will not commit a *per-se* violation of Section 1 of the Sherman Act with respect to the sale of Pork for a period of twenty-four (24) months from the date of the entry of the Final Judgment as to Smithfield in the Actions.

11.   <u>Cooperation.</u>   Cooperation by Smithfield is a material term of this Settlement Agreement. Smithfield hereby agrees to the following:

a.   To the extent applicable during the pendency of the CIIPPs' Actions in the *In re Pork Antitrust Litigation*, Smithfield shall contemporaneously provide to CIIPPs (a) any discovery responses, documents, or information it provides to any other plaintiff in the *In re Pork Antitrust Litigation*, and (b) any discovery responses, documents, or information it provides to government entities making substantially similar allegations regarding competition in the Pork industry.

b.   Smithfield shall not object to CIIPPs participating in the depositions of up to five Smithfield witnesses, within the scope of discovery in the *In re Pork Antitrust Litigation*.

c.   Smithfield shall produce the structured data that has been requested by CIIPPs in discovery and agreed-to by Smithfield in the *In re Pork Antitrust Litigation*, based on the timing, scope, and manner that is agreed to by the parties or ordered by the Court during the course of the litigation. Smithfield further agrees to continue responding to CIIPPs' questions in order to understand and interpret Smithfield's structured data for the litigation.

d.   Smithfield agrees to make all good faith efforts to assist CIIPPs in obtaining the authentication and admissibility of Smithfield's documents for purposes of summary judgment and/or trial.

    e.        Smithfield agrees to make available to testify live at a single CIIPP trial the following: (a) one then-current Smithfield employee who can authenticate a specific set of documents (all of which CIIPPs will provide to Smithfield at least forty-five (45) days before jury selection starts), and (b) one then-current Smithfield employee who can serve as a fact witness on material fact issues on which that employee has personal knowledge to the extent those fact issues remain in dispute at the time of trial.

    f.        This settlement does not prohibit CIIPPs from seeking phone records from third-party phone carriers relating to Smithfield's current or former employees' phone records but only for the time between January 1, 2008 and June 30, 2018 when those employees were employed by Smithfield.

    g.        In the event that Smithfield does not complete its production of documents from currently agreed upon custodians and sources in the discovery process (*i.e.*, Smithfield settles with all plaintiffs), then Smithfield will agree to produce to CIIPPs any document already reviewed and marked responsive and non-privileged.

12.    <u>Qualified Settlement Fund</u>.  The Parties agree to treat the Settlement Fund as being at all times a Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1, and to that end, the Parties shall cooperate with each other and shall not take a position in any filing or before any tax authority that is inconsistent with such treatment.  In addition, Interim Co-Lead Counsel shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 12, including the relation-back election (as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and

requirements contained in such regulations.  It shall be the responsibility of Interim Co-Lead Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.  All provisions of this Settlement Agreement shall be interpreted in a manner that is consistent with the Settlement Fund being a "Qualified Settlement Fund" within the meaning of Treas. Reg. § 1.4688-1.  Interim Co-Lead Counsel shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k), (1)).  Such returns shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.  Smithfield shall not be responsible for the filing or payment of any taxes or expenses connected to the Qualified Settlement Fund.

13.    <u>Distribution of Settlement Fund to Settlement Class</u>.  Members of the Settlement Class shall be entitled to look solely to the Settlement Fund for settlement and satisfaction against the Smithfield Released Parties for the Released Claims, and shall not be entitled to any other payment or relief from the Smithfield Released Parties beyond that described in Paragraph 10. Except as provided by order of the Court, no member of the Settlement Class shall have any interest in the Settlement Fund or any portion thereof.  CIIPPs, members of the Settlement Class, and their counsel will be reimbursed and indemnified solely out of the Settlement Fund for all expenses including, but not limited to, attorneys' fees and expenses and the costs of notice of the Settlement Agreement to potential members of the Settlement Class.  Smithfield and the other Smithfield Released Parties shall not be liable for any costs, fees, or expenses of any of CIIPPs' and  Interim Co-Lead Counsel's attorneys, experts, advisors, or representatives, but all such costs and expenses as approved by the Court shall be paid out of the Settlement Fund.

14.    Fee Awards, Costs and Expenses, and Incentive Payments to CIIPPs:  Subject to Interim Co-Lead Counsel's sole discretion as to timing, Interim Co-Lead Counsel may apply to the Court for a fee award, reimbursement of incurred or anticipated expenses, and service awards to the CIIPPs to be paid from the proceeds of the Settlement Fund.  Smithfield shall have no responsibility, financial obligation, or liability for any such fees, costs, or expenses.

15.    Release.  Upon Final Judgment, the Releasing Parties shall completely release, acquit, and forever discharge the Smithfield Released Parties from any and all claims, demands, actions, suits, and causes of action, whether statutory, administrative, or common-law, whether at law or in equity, whether seeking injunctive relief or money damages, whether class, individual, or otherwise in nature (whether or not any member of the Settlement Class has objected to the Settlement Agreement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively or in any other capacity) that the Releasing Parties ever had, now have, or hereafter can, shall, or may ever have, that exist as of the date of the order granting Preliminary Approval, on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, losses, damages, and the consequences thereof that have been asserted, or could have been asserted, under federal or state law in any way arising out of or relating in any way to the indirect purchase of Pork produced, processed or sold by Smithfield or any of the Defendants or their co-conspirators, and purchased indirectly by the Releasing Parties (the "Released Claims").  Notwithstanding the above, "Released Claims" do not include (i) claims asserted against any Defendant or co-conspirator other than the Smithfield Released Parties; (ii) any claims made by direct purchasers of Pork as to such direct purchases; (iii) any claims made by consumers that are indirect purchasers of Pork for their personal use; (iv) any claims made by

16

any state, state agency, or instrumentality or political subdivision of a state as to government purchases of Pork; (v) claims wholly unrelated to the allegations in the Actions involving any negligence, personal injury, breach of contract, bailment, failure to deliver lost goods, damaged or delayed goods, product defect, or securities claim relating to Pork; (vi) claims concerning any product other than Pork; (vii) claims under laws other than those of the United States relating to purchases of Pork made outside of the United States; and (viii) damage claims under the state or local laws of any jurisdiction other than an Indirect Purchaser State. Releasing Parties shall not, after the date of this Agreement, seek to establish liability against any Smithfield Released Parties as to, in whole or in part, any of the Released Claims. This reservation of claims set forth in (i) through (viii) of this paragraph does not impair or diminish the rights of the Smithfield Released Parties to assert any and all defenses to such claims. During the period after the expiration of the deadline for submitting an opt-out notice, as determined by the Court, and prior to Final Judgment, all Releasing Parties who have not submitted a valid request to be excluded from the Settlement Class shall be preliminarily enjoined and barred from asserting any Released Claims against the Smithfield Released Parties. The release of the Released Claims will become effective as to all Releasing Parties upon Final Judgment. Upon Final Judgment, the Releasing Parties further agree that they will not file any other suit against the Smithfield Released Parties arising out of or relating to the Released Claims.

16.   Further Release.   In addition to the provisions of Paragraph 15, the Releasing Parties hereby expressly waive and release, solely with respect to the Released Claims, upon Final Judgment, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> THAT THE CREDITOR OR RELEASING PARTY DOES NOT

> KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
> THE TIME OF EXECUTING THE RELEASE AND THAT, IF
> KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR
> OR RELEASED PARTY;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code. Each Releasing Party may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are released pursuant to the provisions of Paragraph 15, but each Releasing Party hereby expressly waives and fully, finally, and forever settles and releases, upon Final Judgment, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that the Releasing Parties have agreed to release pursuant to Paragraph 15, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

17.    <u>Non-Disparagement</u>: The Parties agree they will not disparage the Actions or one another, such as by making public statements that this lawsuit was frivolous, and instead will confine their public comments to essentially the following.  The CIIPPs shall confine their public statements to essentially the following: "The parties have agreed to resolve this matter.  CIIPPs believe this settlement provides valuable benefits to class members and reflects the strengths and weaknesses of their case."  Smithfield shall confine its public statements to disclosing the dollar amount of the settlement, briefly referring to the need for Court approval, and essentially the following additional comments (not intended to be verbatim): "The parties have agreed to resolve this matter.  Smithfield denies liability and continues to deny the allegations in CIIPPs' complaint. Smithfield believes that it has valid defenses to the CIIPPs' claims, but it has decided to settle these claims to avoid the uncertainty, risk, expense, and distraction of continued litigation. This

settlement resolves Smithfield's exposure in the Minnesota antitrust cases as to the Commercial

and Institutional Indirect Purchaser Class Plaintiffs and is in the best interests of its stakeholders,

employees, customers, and consumers. By putting these cases behind it, Smithfield can focus on

achieving the long-term goals of its business."

18.     This Settlement Agreement shall not be construed as an admission of liability, or

used as evidence of liability, for any purpose in any legal proceeding, claim, regulatory

proceeding, or government investigation.

19.     This Settlement Agreement constitutes a binding, enforceable agreement as to the

terms contained herein when executed.

20.     <u>Termination.</u>

    a.     <u>Rejection or Alteration of Settlement Terms</u>.  If the Court does not certify

the Settlement Class as defined in this Settlement Agreement; or if the Court

does not approve this Settlement Agreement in all material respects; or if

the Court declines to enter a Preliminary Approval Order (as set forth in

Paragraphs 1(o) and 4 above); or if the Court does not enter an Order of

Final Approval and a Final Judgment (as set forth in Paragraphs 1(i), 1(j),

and 7 above); or if the Court approves this Settlement Agreement in a

materially modified form; or if after the Court's approval, such approval is

materially modified or set aside on appeal; or if the Court enters the Final

Order and Judgment and appellate review is sought and on such review such

Final Order and Judgment is not affirmed (collectively "Triggering

Events"), then Smithfield and Plaintiffs shall each, in their respective sole

discretion, have the unilateral option to terminate this Settlement

Agreement in its entirety by providing written Notice of their election to do so to the other Party within ten (10) calendar days of any Triggering Event. For purposes of this Paragraph 20(a), a material modification includes, but is not limited to, any modification to the Settlement Amount or a material change to the scope of the Released Claims.

b.      Smithfield's Unilateral Right to Terminate.   In addition, if Smithfield decides, in its sole discretion, to exercise its unilateral right to terminate this Settlement Agreement in its entirety as provided in the Supplemental Agreement (as set forth in Paragraph 20(d) below), then Smithfield shall provide written Notice of its election to terminate to Interim Co-Lead Counsel within ten (10) calendar days of Smithfield receiving notice that Settlement Class Members who meet certain criteria excluded themselves from the Settlement Class.

c.      In no way shall CIIPPs have the right to alter, rescind, cancel, or terminate this Settlement Agreement if the Court fails or refuses to grant any requested attorneys' fees, any costs, or any incentive awards to Class Representatives.

d.      Supplemental Agreement.   Simultaneously herewith, Plaintiffs, by and through Interim Co-Lead Counsel, and Smithfield are executing a Supplemental Agreement setting forth certain conditions under which this Settlement Agreement may be terminated at the sole discretion of Smithfield if Settlement Class Members who meet certain criteria exclude themselves from the Settlement Class.  The Supplemental Agreement shall

20

not be filed with the Court except that the substantive contents of the Supplemental Agreement may be brought to the attention of the Court, *in camera*, if so requested by the Court or as otherwise ordered by the Court. The Parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose the Supplemental Agreement.

21.     <u>Effect of Termination</u>.   If the CIIPPs or Smithfield rescind this Settlement Agreement under Paragraph 20, then: (a) this Settlement Agreement shall become null and void; (b) this Settlement Agreement, including its exhibits, and any and all negotiations, documents, information, and discussions associated with it shall be without prejudice to the rights of Smithfield or the CIIPPs, shall not be deemed or construed to be an admission or denial, or evidence or lack of evidence of any violation of any statute or law or of any liability or wrongdoing, or of the truth or falsity of any of the claims or allegations made in the Actions, and shall not be used directly or indirectly, in any way, whether in the Actions or in any other proceeding, unless such documents and/or information is otherwise obtainable by separate and independent discovery permissible under the Federal Rules of Civil Procedure; (c) the Parties shall return to their litigation positions before the Execution Date; (d) the CIIPPs shall in no way whatsoever be prejudiced in resuming full discovery and adjudication of the Actions as they stood as of the Execution Date, and Smithfield shall be prohibited from arguing to CIIPPs or the Court that any agreements with other plaintiffs or parties in any way limit CIIPPs' ability to do so; (e) with the exception of up to $200,000 in Settlement Funds used for notice purposes pursuant to Paragraphs 6(b) and (c), all other funds in the Escrow Account shall be returned to Smithfield within five (5) business days of the Escrow Agent receiving notice of rescission; (f) Interim Co-

Lead Counsel shall immediately consent to such return of remaining funds in the Escrow Account; and (g) the Parties' position shall be returned to the status quo ante.

22.     Choice of Law and Dispute Resolution.  Any disputes arising out of or relating to this Settlement Agreement shall be governed by Minnesota law without regard to conflicts of law provisions, and any and all disputes arising out of or relating to this Settlement Agreement will be mediated with Eric Green, before a Party brings a dispute to the Court, with the costs of the mediation to be shared equally between Smithfield and Interim Co-Lead Counsel.

23.     Mandatory and Exclusive Jurisdiction.  The Parties and any Releasing Parties hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement.  Without limiting the generality of the foregoing, it is hereby agreed that any dispute concerning the provisions of Paragraph 15 or 16, including but not limited to, any suit, action, or proceeding in which the provisions of Paragraph 15 or 16 are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, constitutes a suit, action, or proceeding arising out of or relating to this Settlement Agreement. In the event that the provisions of Paragraph 15 or 16 are asserted by any Smithfield Released Party as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection in any suit, action or proceeding, it is hereby agreed that such Smithfield Released Party shall be entitled to a stay of that suit, action, or proceeding until the Court has entered a final judgment no longer subject to any appeal or review determining any issues relating to the defense or objection based on such provisions.  Solely for purposes of such suit, action, or proceeding, to the fullest extent that they may effectively do so under applicable law, the Parties and any Releasing Parties irrevocably waive and agree not to assert, by way of motion, as a defense or

otherwise, any claim or objection that they are not subject to the in personam jurisdiction of the Court. Nothing shall be construed as a submission to jurisdiction for any purpose other than enforcement of this Agreement.

24. <u>Class Action Fairness Act</u>. Within ten (10) days of filing of this Settlement Agreement in Court with the abovementioned motion for Preliminary Approval, Smithfield, at its sole expense, shall submit all materials required to be sent to appropriate Federal and State officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and shall confirm to CIIPPs' Interim Co-Lead Counsel that such notices have been sent.

25. <u>Costs Relating to Administration</u>. The Smithfield Released Parties shall have no responsibility or liability relating to the administration, investment, or distribution of the Settlement Funds.

26. <u>Binding Effect</u>. This Settlement Agreement constitutes a binding, enforceable agreement as to the terms contained herein. This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors, assigns, and heirs of the Parties, Settlement Class, the Releasing Parties, and the Smithfield Released Parties. Without limiting the generality of the foregoing, upon certification of the Settlement Class and Final Approval, each and every covenant and agreement herein by the CIIPPs shall be binding upon all members and potential members of the Settlement Class and Releasing Parties who have not validly excluded themselves from the Settlement Class.

27. <u>Sole Remedy</u>. This Settlement Agreement shall provide the sole and exclusive remedy for any and all Released Claims against any Smithfield Released Party, and upon entry of Final Judgment, the Releasing Parties shall be forever barred from initiating, asserting, maintaining, or prosecuting any and all Released Claims against any Smithfield Released Party.

28.   <u>Counsel's Express Authority</u>.  Each counsel signing this Settlement Agreement on behalf of a Party or Parties has full and express authority to enter into all of the terms reflected herein on behalf of each and every one of the clients for which counsel is signing.

29.   <u>Admissibility for Enforcement</u>.  It is agreed that this Settlement Agreement shall be admissible in any proceeding for establishing the terms of the Parties' agreement or for any other purpose with respect to implementing or enforcing this Settlement Agreement.

30.   <u>Notices</u>.  All notices under this Settlement Agreement shall be in writing.  Each such notice shall be given either by: (a) hand delivery; (b) registered or certified mail, return receipt requested, postage pre-paid; (c) Federal Express or similar overnight courier, or (d) email and shall be addressed:

If directed to CIIPPs, the Settlement Class, or any member of the Settlement Class, to:

Jonathan W. Cuneo
Blaine Finley
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Ave. NW
Suite 200
Washington, DC 20016

JonC@cuneolaw.com
bfinley@cuneolaw.com

Shawn M. Raiter
LARSON · KING LLP
30 East Seventh Street
Suite 2800
St. Paul, MN 55101
sraiter@larsonking.com

If directed to Smithfield, to:

Richard Parker
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
rparker@gibsondunn.com

Brian E. Robison
Brown Fox PLLC
6303 Cowboys Way
Suite 450
Frisco, Texas 75034
brian@brownfoxlaw.com

or such other address as the Parties may designate, from time to time, by giving notice to all Parties hereto in the manner described in this Paragraph.

31.     No Admission.   Whether or not Final Judgment is entered or this Settlement Agreement is terminated, the Parties expressly agree that this Settlement Agreement and its contents, and any and all statements, negotiations, documents, and discussions associated with it, are not and shall not be deemed or construed to be an admission of liability by any Party or Smithfield Released Party.

32.     No Third-Party Beneficiaries.   No provision of this Agreement shall provide any rights to, or be enforceable by, any person or entity that is not a Smithfield Released Party, CIIPP, member of the Settlement Class, or Interim Co-Lead Counsel.

33.     No Party is the Drafter.   None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

34.     Amendment and Waiver.   This Settlement Agreement shall not be modified in any respect except by a writing executed by the Parties, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving Party.   The waiver by any Party of any particular breach of this Settlement Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, of this Settlement Agreement.   This Settlement Agreement does not waive or otherwise limit the Parties'

rights and remedies for any breach of this Settlement Agreement. Any breach of this Settlement Agreement may result in irreparable damage to a Party for which such Party will not have an adequate remedy at law. Accordingly, in addition to any other remedies and damages available, the Parties acknowledge and agree that the Parties may immediately seek enforcement of this Settlement Agreement by means of specific performance or injunction, without the requirement of posting a bond or other security.

35.     Execution in Counterparts.   This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute a single agreement. Facsimile or electronic mail signatures shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Settlement Agreement and filed with the Court.

36.     Integrated Agreement.   This Settlement Agreement (including all Exhibits) comprises the entire, complete, and integrated agreement between the Parties, and supersedes all prior and contemporaneous undertakings, communications, representations, understandings, negotiations, and discussions, either oral or written, between the Parties. In entering into this Settlement Agreement, the CIIPPs and Smithfield have not relied upon any representation or promise made by the CIIPPs or Smithfield that is not contained in this Settlement Agreement. The Parties agree that this Settlement Agreement may be modified only by a written instrument signed by the Parties and that no Party will assert any claim against another based on any alleged agreement affecting or relating to the terms of this Settlement Agreement not in writing and signed by the Parties.

37.     Voluntary Settlement.   The Parties agree that this Settlement Agreement was negotiated in good faith by the Parties and reflects a settlement that was reached voluntarily

through arm's-length negotiations after consultation with competent counsel, and no Party has entered this Settlement Agreement as the result of any coercion or duress.

38.     Confidentiality.  The Parties agree to continue to maintain the confidentiality of all settlement discussions, and materials exchanged during the settlement negotiations.  However, the following rules shall govern disclosure of the fact of settlement and the settlement amount: (a) as of the Execution Date, Smithfield can inform the other Defendants that it is has reached a settlement agreement with the CIIPPs; (b) as of the Execution Date, Smithfield may disclose the amount of the settlement on a confidential basis to attorneys, auditors, and employees who need to know that information and may include a discussion of the settlement amount in its quarterly financial statements as required by applicable accounting rules; (c) as of the Execution Date, CIIPPs may inform the other classes they have reached a settlement with Smithfield; (d) as of the Execution Date, CIIPPs may inform other Defendants that they have reached a settlement with Smithfield in connection with settlement discussions that are subject to the confidentiality provisions of Federal Rule of Evidence 408; and (e) at any time after the Execution Date, Smithfield may issue a press release disclosing the fact of settlement, the settlement amount, and the other comments allowed by Paragraph 17.

[Remainder of page intentionally left blank]

IN WITNESS WHEREOF, the Parties, individually or through their duly authorized representatives, enter into this Settlement Agreement on the date first above written.

Jonathan W. Cuneo (pro hac vice)
Blaine Finley (pro hac vice)
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Ave. NW
Suite 200
Washington, DC 20016
Telephone: 202.789.3960
Facsimile: 202.589.1813
jone@cuneolaw.com
bfinley@cuneolaw.com

Dated: 3/19/22

Shawn M. Raiter (MN#240424)
LARSON · KING LLP
30 East Seventh Street
Suite 2800
St. Paul, MN 55101
Telephone: (651) 312-6518
sraiter@larsonking.com

Dated: 3/19/22

*Interim Co-lead Counsel for Commercial Institutional Purchaser Plaintiffs*

28

Dated: 3/19/22

Richard Parker
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
rparker@gibsondunn.com

Brian E. Robison
Brown Fox PLLC
6303 Cowboys Way
Suite 450
Frisco, Texas 75034
brian@brownfoxlaw.com

*Counsel for Smithfield Foods, Inc.*