IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/HB) |
| THIS DOCUMENT RELATES TO:<br><br>THE COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFF ACTIONS | ORDER GRANTING COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH SMITHFIELD FOODS, INC. AND PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS |

The Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs")[1] seek the Court's preliminary approval of the settlement of their claims against Smithfield Foods, Inc. ("Smithfield").

Upon consideration of the filings, record, and applicable legal authority and having carefully reviewed the CIIPPs' Motion for Preliminary Approval of Proposed Settlement

---

[1] The current CIIPP named class representative plaintiffs are: Sandee's Bakery; Francis T. Enterprises d/b/a Erbert & Gerbert's; Joe Lopez, d/b/a Joe's Steak and Leaf; Longhorn's Steakhouse; The Grady Corporation; Mcmjoynt LLC d/b/a The Breakfast Joynt; Edley's Restaurant Group, LLC; Basil Mt. Pleasant, LLC; Basil Charlotte, Inc.; Farah's Courtyard Deli, Inc.; and Tri-Ten LLC.

with Smithfield Foods, Inc. and Provisional Certification of Settlement Class ("Motion"), it is hereby **ORDERED** as follows:

1. The Motion is hereby **GRANTED**.

2. Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the settlement agreement between CIIPPs and Smithfield ("Settlement Agreement").

3. The Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

4. The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Court's Fairness Hearing. The Court finds that the Settlement Agreement was negotiated and entered into at arm's length by experienced counsel, raises no obvious reasons to doubt its fairness, and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given, pursuant to a plan to be submitted by Settlement Class Counsel and approved by the Court at a later date as provided in this Order.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the prerequisites for settling a class action have been met and provisionally certifies the following class for settlement purposes ("Settlement Class"):

> All entities who indirectly purchased Pork from Defendants or co-conspirators or their respective subsidiaries or affiliates in the United

States during the Class Period for their own business use in commercial food preparation.

Specifically excluded from the Settlement Class are Defendants; the officers, directors, or employees of any Defendant; the parent companies of any Defendant; the subsidiaries of any Defendant and any entity in which any Defendant has a controlling interest; purchasers of Pork that purchased Pork directly from any Defendant, including those that directly purchased Pork for resale in an unmodified and untransformed form; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from the Settlement Class are any federal, state or local governmental entities; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action.

This class definition is in all material respects the same class proposed in the CIIPPs' Fourth Consolidated and Amended Class Action Complaint (Dkt. No. 808) and the Settlement Agreement. (*See* Settlement Agreement ¶ 5).

6.     The Court finds that provisional certification of the Settlement Class is warranted in light of the Settlement Agreement because: (a) the Settlement Class members are so numerous that joinder is impracticable; (b) CIIPPs' claims present common issues and are typical of the Settlement Class; (c) the CIIPP named representatives and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that the named representative CIIPPs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class basis is superior to other means of resolving the matter.

7. The Court appoints Shawn M. Raiter (Larson • King, LLP) and Jonathan W. Cuneo (Cuneo Gilbert & LaDuca, LLP) as Settlement Class Counsel, having determined that the requirements of Rule 23(g) are fully satisfied by this appointment.

8. Each CIIPP class representative named in the Fourth Consolidated and Amended Class Action Complaint in the above case will serve as a CIIPP class representative on behalf of the Settlement Class.

9. Within 30 days of the date of this Order, Settlement Class Counsel for the CIIPPs will move the Court ("Notice Motion") to approve a program to notify members of the Settlement Class of this settlement with Smithfield. Settlement Class Counsel shall provide notice of the Settlement Agreement and the Fairness Hearing to potential class members affected by and/or entitled to participate in the settlement in compliance with the notice requirements of Rule 23 and due process of law. Such means of providing notice will be addressed in a subsequent Order following submission of the Notice Motion by CIIPPs.

10. The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice.

11. After notice has been disseminated, potential members of the Settlement Class: (1) who wish to exclude themselves from the Settlement Agreement will be required to submit an appropriate and timely request for exclusion, (2) who wish to object to the Settlement Agreement will be required to submit an appropriate and timely written

statement of the grounds for the objection, or (3) who wish to appear in person to be heard or object to the Settlement Agreement will be required to submit an appropriate and timely request to appear. The directions for exercising these options will be set forth in the notice documents and the Court's Order regarding the Notice Motion.

12. If the Settlement Agreement is not granted Final Approval following the Fairness Hearing or is cancelled or terminated pursuant to Paragraph 20 of the Settlement Agreement, then the Settlement Agreement and all proceedings had in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the status quo and rights of CIIPPs, Smithfield, and the members of the Settlement Class. The parties shall also comply with any terms or provisions of the Settlement Agreement applicable to the settlement not becoming final.

13. Neither this Order nor the Settlement Agreement shall be deemed or construed to be an admission or evidence of a violation of any statute, law, rule, or regulation or of any liability or wrongdoing by Smithfield or of the truth of any of CIIPPs' claims or allegations, nor shall it be deemed or construed to be admission or evidence of Smithfield's defenses.

14. The Court approves the establishment of the Settlement Fund described at Paragraph 12 of the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations

promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement and subject to any necessary Court approval, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

15. The litigation against the Released Parties (as defined in the Settlement Agreement with Smithfield) is stayed except to the extent necessary to effectuate the Settlement Agreement.

Dated: April 19, 2022
at Minneapolis, Minnesota

s/John R. Tunheim
JOHN R. TUNHEIM
Chief Judge
United States District Court