UNITED STATES DISTRICT COURT
DISTRICT COURT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>THE DIRECT PURCHASER PLAINTIFF ACTION | Case No. 18-cv-01776 (JRT-HB)<br><br>Honorable John R. Tunheim<br><br>**DECLARATION OF W. JOSEPH BRUCKNER IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

I, W. Joseph Bruckner, declare and state:

1. I am an attorney licensed to practice in the State of Minnesota. For over 30 years I have been a partner with the firm of Lockridge Grindal Nauen P.L.L.P. ("LGN"), attorneys of record for the Direct Purchaser Plaintiffs ("DPPs" or "Plaintiffs"). I make this declaration in support of the accompanying Direct Purchaser Plaintiffs' Motion for Class Certification. In particular, in this declaration I note several reasons why the Court should appoint LGN and Pearson, Simon & Warshaw, LLP ("PSW") as Co-Lead Counsel for the proposed DPP Class. I have personal knowledge of the facts in this declaration and could competently testify to them if called as a witness.

## Background of the Litigation

2. On June 29, 2018, LGN and PSW filed the first direct purchaser complaint, *Maplevale Farms, Inc. v. Agri Stats, Inc., et al.*, No. 0:18-cv-01803, ECF No. 1 (D. Minn.), against the nation's largest Pork producers alleging an antitrust conspiracy in violation of the Sherman Act, 15 U.S.C. § 1. On January 15, 2020, LGN and PSW filed the operative Third Amended and Consolidated Class Action Complaint ("TCAC") (No. 0:18-cv-01776, ECF No. 431).

3. The TCAC, as well as all preceding complaints, alleges that Defendants exploited their market power by collectively coordinating output and limiting production in an effort to fix, raise, and stabilize the price of Pork sold in the United States. Defendants' illegal and conspiratorial conduct caused the DPPs and the Class to pay supracompetitive prices for Pork and were harmed and injured as a direct and proximate result thereof.

4. Our complaints allege in detail the characteristics that make the Pork market susceptible to collusion, and Defendants' changes in production practices that occurred during the Conspiracy Period and their impact on Pork pricing. Based on our research, our complaints also allege many specific examples of conduct and mechanisms by which Defendants colluded.

5. This Court appointed LGN and PSW as Interim Co-Lead Counsel for DPPs and the DPP Class in this litigation (*see* ECF No. 149), and also Class Counsel for the JBS and Smithfield Settlements (*see* ECF Nos. 631 and 838 (JBS Preliminary and Final Approval Orders); 870 and 1154 (Smithfield Preliminary and Final Approval Orders)). Before and since those appointments, our firms have committed thousands of hours of work to develop and advance this complex case.

6. LGN and PSW have worked extensively to identify and investigate DPPs' claims, and to coordinate with Defendants' counsel and other Plaintiffs' counsel to efficiently and effectively advance this litigation. Prior to and following our filing of this action, LGN and PSW extensively investigated the Pork market, the individual Defendants, and the facts alleged in the complaint.

7. Our investigation included comprehensive analyses of hundreds of articles, research reports, SEC filings, conference calls, investor presentations, and documents from past litigation involving Defendants (such as expert reports, hearing, deposition, and trial transcripts, and trial and deposition exhibits) concerning the Pork market and the individual Defendants.

8. LGN and PSW also worked extensively with experts and consultants who analyzed the Pork market and the economics of the industry.

9. This Court is well aware of the level of activity in this litigation since its inception, so in this declaration I will only briefly summarize our activities and leadership. LGN and PSW have led all aspects of the litigation, including but not limited to further investigating DPPs' claims, preparing complaints and other significant filings, reviewing documents, leading Plaintiffs' deposition program, and taking many depositions. LGN and PSW have achieved settlements with two Defendants totaling $101,864,300. LGN and PSW have worked closely with DPPs' experts to prepare our motion for class certification. We have led the activities of our co-counsel, and worked closely with other Plaintiffs' counsel in taking depositions and other discovery to efficiently and effectively prosecute this litigation.

10. We believe our firms are well suited to serve as Co-Lead Class Counsel in this litigation. Our two firms have extensive experience in successfully prosecuting antitrust class actions and other complex litigation nationwide. PSW partner Bobby Pouya will attest to PSW's qualifications in his declaration, filed concurrently with mine. Below I will summarize LGN's experience in class actions such as this one.

### LGN Has Extensive Class Action and Antitrust Experience

11. LGN specializes in antitrust litigation. For over 40 years we have prosecuted antitrust cases on behalf of large and small business injured by price-fixing, bid-rigging and other violations of the antitrust laws. We also practice in securities, environmental, employment, health care, commercial, intellectual property and telecommunications law.

We have particular expertise in complex litigation, including federal multidistrict litigation. Our attorneys are skilled in pursuing and managing large complicated cases efficiently and cost-effectively. From this solid foundation, we regularly produce positive results for our clients and class members. In the last fifteen years alone, antitrust cases in which LGN played a significant role have recovered more than $2 billion.

12. LGN currently serves as Plaintiffs' Co-Lead Counsel in many cases. The cases most pertinent to this motion include:

- *In re Broiler Chicken Antitrust Litigation*, No. 0:16-cv-08637-TMD-JTG (N.D. Ill.), appointed by the Honorable Thomas M. Durkin with PSW as Interim Co-Lead Class Counsel. Similar to this litigation, our clients in *In re Broilers* allege that major U.S. broiler chicken producers have conspired to restrain production and inflate prices for broiler chicken products sold in the United States, and that purchasers have been injured as a result. The court in *In re Broilers* has upheld our complaint in large part, discovery is in the final stages, and class certification briefing and argument is nearing an end.

- *In re Cattle and Beef Antitrust Litigation*, No. 0:20-cv-01319-JRT-HB (D. Minn.) ("*Beef*"), appointed by the Honorable John Tunheim. In *Beef*, LGN represents a putative class of consumers who allege that major U.S. beef producers have conspired to restrain production and inflate prices for beef products sold in the United States, and that purchasers have been injured as a result. The court in *Beef* has upheld our complaint in large part, and discovery is commencing.

- *In re Turkey Antitrust Litigation*, No. 1:19-cv-08318 (N.D. Ill.) ("*Turkey*"), appointed by the Honorable Virginia M. Kendall. In *Turkey*, LGN represents a putative class of turkey products purchasers who allege that the largest turkey processors in the United States have conspired to restrain production and inflate prices for turkey products sold in the United States, and that purchasers have been injured as a result. The Court has upheld Plaintiffs' complaint in large part, and discovery has commenced.

973723.3                                    5

Other cases in which LGN has served as lead or co-lead counsel are listed in our firm resume, attached as Exhibit 1.

### LGN's Attorneys Have Extensive Knowledge of Antitrust Law

13. For over 30 years, my partners and I have represented plaintiffs in antitrust class actions and other complex litigation nationwide. As described above and in our firm resume (*see* Exhibit 1), I have served as lead or co-lead counsel in several nationwide antitrust class actions. I also serve on the Board of Directors of the American Antitrust Institute, and am a past president and current executive committee member of the Committee to Support the Antitrust Laws (COSAL). Both COSAL and the American Antitrust Institute are dedicated to the preservation and enforcement of our nation's antitrust laws and competition regulations. I served as Chair of the Minnesota State Bar Association Antitrust Law Section, and am regularly named a "Super Lawyer" by the Minnesota Journal of Law and Politics. I frequently speak and present at programs and seminars nationwide, including at an American Bar Association program on the Foreign Trade Antitrust Improvements Act, and on class certification issues at the American Bar Association Antitrust Law Section Annual Spring Meeting. For several years, I served on the steering committee and regularly present at the Cambridge Antitrust Litigation Forums. I am a co-author of PRIVATE ENFORCEMENT OF ANTITRUST LAW IN THE UNITED STATES, Edward Elgar Publishing (2012), and the INTERNATIONAL HANDBOOK ON PRIVATE ENFORCEMENT OF COMPETITION LAW, Edward Elgar Publishing (2010).

14. My partner Brian Clark also has significant litigation experience and was named an "Up and Coming Attorney" by Minnesota Lawyer Magazine in 2015, as well as

a "Rising Star" by the Minnesota Law and Politics Magazine from 2015-2019 and a "Super Lawyer" from 2020-2022. For the past eight years Mr. Clark has organized and presented at the Complex Litigation E-Discovery Conference, as well as served on the Steering Committee for the Sedona Conference since 2019.

### LGN Has the Resources and Capacity to Manage this Case Effectively and Efficiently, and is Committed to its Successful Resolution

15. My firm has demonstrated expertise in managing complex class actions and, I respectfully submit, we have demonstrated our experience and commitment in this case and in many others. We have devoted substantial resources to prosecuting this case, and we will continue to do so to achieve a successful resolution for the DPP Class.

16. Our background and experience, our development of the allegations in our complaints, our solid and extensive commitment of time and resources, and our clients' significant stake in this case give our firm a solid foundation to continue to prosecute this case efficiently and expeditiously.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 1st day of May, 2022 at Minneapolis, Minnesota.

*/s/ W. Joseph Bruckner*
W. Joseph Bruckner