**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 18-cv-01776 (JRT-HB) |
| | Honorable John R. Tunheim |
| This Document Relates To: | |
| THE DIRECT PURCHASER PLAINTIFF ACTION | **[PROPOSED] ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

This Court, having considered the papers and argument submitted in support of and opposition to the Direct Purchaser Plaintiffs' Motion for Class Certification ("Motion"), and good cause appearing, hereby **GRANTS** said Motion (ECF #1318).

The Court finds that the above-captioned action is appropriate for class action treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), and orders as follows:

1.    The Court therefore certifies the following class under Rule 23 ("Class"):

All persons and entities who directly purchased one or more of the following types of pork, or products derived from the following types of pork, from Defendants, or their respective subsidiaries or affiliates, for use or delivery in the United States from June 29, 2014 through June 30, 2018: fresh or frozen loins, shoulders, ribs, bellies, bacon, or hams. For this lawsuit, pork excludes any product that is marketed as organic or as no antibiotics ever (NAE); any product that is fully cooked or breaded; any product other than bacon that is marinated, flavored, cured, or smoked; and ready-to-eat bacon.

Excluded from this Class are the Defendants, the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded

from this Class are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any Co-Conspirator identified in this action.

2.      Plaintiffs (1) Maplevale Farms, Inc.; (2) John Gross and Company, Inc.; (3) Ferraro Foods, Inc. and Ferraro Foods of North Carolina, LLC; and (4) Olean Wholesale Grocery Cooperative, Inc. are appointed as Class Representatives.

3.      Pursuant to Rule 23(g), the Court hereby appoints Lockridge Grindal Nauen P.L.L.P. and Pearson, Simon & Warshaw LLP as Co-Lead Class Counsel.

4.      The Court finds that the Class satisfies the requirements of Rule 23(a) for the following reasons:

        a.      The Class satisfies the numerosity requirement of Rule 23(a)(1), because there are sufficiently numerous class members the Class, making joinder of all class members impracticable.

        b.      The Class satisfies the commonality requirement of Rule 23(a)(2), because the Class raises common issues of law and fact.

        c.      The Class satisfies the typicality requirement of Rule 23(a)(3), because the Class Representatives' have suffered the same injury as other class members-by being subjected to Defendant's conduct.

        d.      The Class satisfies the adequacy requirement of Rule 23(a)(4) because, the Class Representatives have demonstrated that they are willing and able to fulfill their duties as representatives of the Class. Further, Co-Lead Class Counsel are experienced and knowledgeable in the prosecution of complex litigation and class actions,

973738.2                                    2

such as this litigation. Co-Lead Class Counsel have demonstrated their abilities to adequately represent the Class throughout this litigation, including in securing class certification.

5.      The Court finds that the Class satisfies the requirements of Rule 23(b)(3) because:

a.      questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages; and

b.      A class action is superior to other available methods for the fair and efficient adjudication of this controversy. In addition, if the class action mechanism were not available, some class members may have claims that are too small to justify the high costs of litigation.

6.      The parties are ordered to meet and confer and to provide to the Court, within 30 days of this Order, a suggested manner in which to give notice to the Class consistent with this ruling.

**IT IS SO ORDERED.**


DATED: _____


_____
Hon. John R. Tunheim
Chief Judge
United States District Court