# APPENDIX B
## State Consumer Protection Statutes

**Motion for Class Certification by Commercial and Institutional Indirect Purchaser Plaintiffs**
*In re Pork Antitrust Litigation*, 0:18-cv-01776 (D. Minn.)

Unfair Methods of Competition under Federal Trade Commission Act, 15 U.S.C. § 45(a)(1):

> Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful.

| State and Statute | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1) through statutory provision or by courts interpreting it in harmony with the FTC Act? | Can Indirect Purchaser Plaintiffs' Prove a Violation Based on Defendants' Anticompetitive Conduct? |
|---|---|---|
| **Arkansas**<br><br>Ark. Code Ann. §4-88-101, *et seq.* | *Curtis Lumber Co., Inc. v. Louisiana Pacific Corp.*, 618 F.3d 762, 779 (8th Cir. 2010) (noting "Arkansas is one of many states that enacted a deceptive and unfair trade practices act, or a 'little FTC act"). | Yes.<br><br>Anticompetitive behavior is prohibited by the Arkansas Deceptive Trade Practices Act. *See* Ark. Code §4-75-302 ("A monopoly … is declared to be unlawful and against public policy"); Ark. Code §4-75-309 (banning price fixing).<br><br>*See also State ex rel. Bryant v. R & A Investment Co.*, 985 S.W.2d 299, 302 (Ark. 1999) (the ADTPA is meant to "protect … the consumer public"). |
| **California**<br><br>Cal. Bus. & Prof. Code §§ 17200, *et seq.* | Yes<br><br>*Bank of the West v. Superior Court, Contra Costa Cnty.*, 833 P.2d 545, 551-52 (Cal. 1992) (noting that California's Unfair Business Practices Act is a "little FTC Act"). | Yes<br><br>Cal. Bus. & Prof. Code §§ 17200, *et seq.*<br><br>"[A] business practice is unfair when it 'offends an established public policy or when the practice is immoral unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Wilner v. Sunset* |

1

| State and Statute | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1) through statutory provision or by courts interpreting it in harmony with the FTC Act? | Can Indirect Purchaser Plaintiffs' Prove a Violation Based on Defendants' Anticompetitive Conduct? |
|---|---|---|
| | | *Life Ins. Co.*, 93 Cal. Rptr. 2d 413, 422 (Ct. App. 2000). *See also In re Nexium (Esomeprazole) Antitrust Litig.*, 297 F.R.D. 168, 175 (D. Mass. 2013) ("violation of traditional antitrust elements constitutes a violation" of California's UCL); *In re Processed Egg Prods. Antitrust Litig.*, 851 F. Supp. 2d 867, 895 (E.D. Pa. 2012) ("it is an analytically sensible and entirely fair operation of pleading standards and substantive law to conclude that the [indirect purchasers'] allegations giving rise to alleged antitrust violations also give rise to the Plaintiffs' UCL claim."). |
| **Florida**  Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq*. | Yes.  Fla. Stat. § 501.204(2) ("It is the intent of the Legislature that, in construing subsection (1), due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to §5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. §45(a)(1) as of July 1, 2017." *See also Mack v. Bristol- Myers Squibb Co.*, 673 So. 2d 100, 104 (Fla. Dist. Ct. App. 1996) (recognizing antitrust violations constitute violations of the FDUTPA and satisfying Sherman Act elements also satisfies elements of FDUTPA). | Yes.  The FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Fla. Stat. § 501.204(1).  The three elements of an FDUTPA claim are "'(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.'" *In re Flonase Antitrust Litig.*, 815 F. Supp. 2d 867, 886 (E.D. Pa. 2011) (noting that antitrust violations constitute FDUTPA violations). *See also In re Nexium (Esomeprazole) Antitrust Litig.*, 297 F.R.D. 168, 175 (D. Mass. 2013) (finding "violation of traditional antitrust elements constitutes a violation" Florida's consumer protection law). |
| **Nebraska**  Neb. Rev. | Yes.  When any provision of sections 59-801 to 59-831 and | Yes.  Neb. Rev. Stat. § 59-1603 ("Any contract, combination, |

2

| State and Statute | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1) through statutory provision or by courts interpreting it in harmony with the FTC Act? | Can Indirect Purchaser Plaintiffs' Prove a Violation Based on Defendants' Anticompetitive Conduct? |
|---|---|---|
| Stat. § 59-1602, *et seq.* | sections 84-211 to 84-214 or any provision of Chapter 59 is the same as or similar to the language of a federal antitrust law, the courts of this state in construing such sections or chapter shall follow the construction given to the federal law by the federal courts. R.R. S. Neb. § 59-829. | in the form of trust or otherwise, or conspiracy in restraint of trade or commerce shall be unlawful."). *See also Arthur v. Microsoft Corp.*, 267 Neb. 586, 594, 676 N.W.2d 29, 35 (2004) (indirect purchasers injured by a harm prevented by the consumer protection act, including for anticompetitive conduct). |
| **New Mexico** N.M. Stat. Ann §§ 57-12-3, *et seq.* | Yes. N.M. Stat. Ann. § 57-12-4. ("It is the intent of the legislature that in construing Section 3 [57-12-3 NMSA 1978] of the Unfair Practices Act the courts to the extent possible will be guided by the interpretations given by the federal trade commission and the federal courts."). *See In re Santa Fe Natural Tobacco Co. Mktg. & Sales Practices & Prods. Liabl. Litig.*, 288 F. Supp 3d 1087, 1228 (D.N.M. 2017). ("[I]n construing Section 3 of the Unfair Practices Act the courts to the extent possible will be guided by the interpretations given by the federal trade commission and the federal courts."); *Herbison v. Chase Bank United States*, CV 09-0215, 2009 U.S. Dist. LEXIS 148284, *8 (D. N.M. April 21, 2009) ("although there is no federal cause of action for unfair trade practices, the NMUPA expresses the legislature's intent that 'the courts to the extent possible will be guided by the interpretations given by the federal trade commission and the federal courts' in determining what constitutes an unfair, deceptive, or unconscionable trade practice."). | Yes. N.M. stat. Ann §§ 57-12-3 ("Unfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce are unlawful."). *Sergeants Benevolent Ass'n Health & Welfare Fund v. Actavis, PLC*, 15 Civ. 6549, 2018 WL 7197233, *46 (S.D.N.Y Dec. 26, 2018) (holding indirect purchaser plaintiffs stated a claim under the NMUPA based on anticompetitive conduct). |
| **North Carolina** | Yes. | Yes. |

3

| State and Statute | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1) through statutory provision or by courts interpreting it in harmony with the FTC Act? | Can Indirect Purchaser Plaintiffs' Prove a Violation Based on Defendants' Anticompetitive Conduct? |
|---|---|---|
| N.C. Gen. Stat. § 75-1.1 *et seq.* | Federal court decisions and the FTC's interpretations of the FTC Act may be used as guidance in construing the state act. *See Marshall v. Miller*, 276 S.E.2d 397, 399 (N.C. 1981) ("It is established by earlier decisions of this Court that federal decisions interpreting the FTC Act may be used as guidance in determining the scope and meaning of [N.C. Gen. Stat. Ann §] 75-1.1."). | N.C. Gen. Stat. § 75-1.1(a) ("Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful."). <br><br>"N.C. Gen. Stat. § 75-1 ("Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce in the State of North Carolina is hereby declared to be illegal."). <br><br>*Hyde v. Abbott Laboratories*, 123 N.C. App. 572, 688 (1996) (permitting indirect purchasers to bring antitrust claims under North Carolina law). |
| **North Dakota** <br><br> N.D. Cent. Code § 51-15-01, *et seq*. | North Dakota courts "will rely on federal law when it is helpful and sensible to do so" and when there are "obvious parallels between our state and federal law." *State v. Rufous*, 868 N.W.2d 534 (N.D. 2015) (drawing parallel between North Dakota's human trafficking statute (N.D.C.C. 12.1-40-01 and 12.40-02(3)) which included similar language to a federal human trafficking statute (18 U.S.C. §1591).). <br><br>"The act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice." *Woodmont Co. v. LaSalle Shopping Ctr., LLC*, No. 1:17-CV-00073, 2020 WL | *Miami Prod. & Chem. Co. v. Olin Corp.*, 546 F. Supp. 3d 223, 241 (W.D. N.Y. 2021) (upholding indirect purchaser claims against caustic soda supply cartel for deceptive conduct under the consumer protection laws of North Dakota). |

| State and Statute | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1) through statutory provision or by courts interpreting it in harmony with the FTC Act? | Can Indirect Purchaser Plaintiffs' Prove a Violation Based on Defendants' Anticompetitive Conduct? |
|---|---|---|
| | 2857164, at *16 (D. N.D. June 2, 2020). | |
| **South Carolina**<br><br>S.C. Code Ann. §§39-5-10, *et seq*. | Yes.<br><br>S.C. Code Ann. §39-2-20(b) ("It is the intent of the legislature that in construing paragraph (a) of this section the courts will be guided by the interpretations given by the [FTC] and the Federal Courts to [Section] 5(a)(1) . .. as from time to time amended."). | Yes.<br><br>S.C. Code Ann. § 39-5-20(a) ("Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.")<br><br>"A trade practice is 'unfair' when it is offensive to public policy or when it is immoral, unethical or oppressive; a practice is deceptive when it has a tendency to deceive." *Adams v. G.J. Creel and Sons, Inc.*, 320 S.C. 274, 279 (S.C. 1995). |
| **Vermont**<br><br>9 Vermont Stat. Ann., §§ 2451, *et seq*. | Yes.<br><br>Vt. Stat. Ann. tit. 9, § 2451 ("The purpose of this chapter is to complement the enforcement of federal statutes and decisions governing unfair methods of competition, unfair or deceptive acts or practices, and anti- competitive practices in order to protect the public and to encourage fair and honest competition.").<br><br>Vt. Stat. Ann. tit. 9, § 2453(b) ("It is the intent of the Legislature that in construing subsection (a) of this section, the courts of this State will be guided by the construction of similar terms contained in Section 5(a)(1) of the Federal Trade Commission Act as from time to time amended by the Federal Trade Commission and the courts of the United States."). | Yes.<br><br>Vt. Stat. Ann. tit. 9, § 2453(a) ("Unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce are hereby declared unlawful.").<br><br>The Vermont Consumer Fraud Act contains a provision titled "Antitrust Remedies," which provides that "[a]ny person who sustains damages or injury as a result of any violation of State antitrust laws, including section 2453 of this title, may sue and recover from the violator the amount of his or her damages. . ." Vt. Stat. Ann. tit. 9 § 2465(a).<br><br>*See also Elkins v. Microsoft Corp.*, 817 A.2d 9, 20 (Vt. 2002) (indirect purchasers may bring antitrust claims under the consumer fraud act); *State v. Heritage Realty* |

5

| State and Statute | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1) through statutory provision or by courts interpreting it in harmony with the FTC Act? | Can Indirect Purchaser Plaintiffs' Prove a Violation Based on Defendants' Anticompetitive Conduct? |
|---|---|---|
| | | *of Vermont*, 407 A.2d 509 (Vt. 1979) (price-fixing claims actionable under Vermont Consumer Fraud Act); *In re Nexium (Esomeprazole) Antitrust Litig.*, 297 F.R.D. 168, 175 (D. Mass. 2013) ("violation of traditional antitrust elements constitutes a violation" of Vermont's consumer protection law). |
| **West Virginia**<br><br>West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-6-101, *et seq.* | Yes.<br><br>W. Va. Code Ann. §46A-6-101(1) ("the purpose of this article is to complement the body of federal law governing unfair competition and unfair, deceptive and fraudulent acts or practices in order to protect the public and foster fair and honest competition. It is the intent of the Legislature that, in construing this article, the courts be guided by the policies of the Federal Trade Commission and interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. §45(a)(1)), as from time to time amended, and to the various other federal statutes dealing with the same or similar matters."). | Yes.<br><br>"Any person who is injured directly or indirectly by reason of a violation of the West Virginia Antitrust Act, W. Va. Code §47-18-1, *et seq.*, may bring an action for damages under W. Va. Code § 47-18-9." W. Va. Code St. R. § 142-9-2. |
| **Wisconsin**<br><br>Wisconsin Consumer Protection Statutes, Wisc. Stat. § 100.18, *et seq.* | "Where a Wisconsin statute is similar to a federal statute and there are no Wisconsin cases interpreting the state law, we view the federal decisions in that area as persuasive authority." *State v. Fettig*, 172 Wis. 2d 428, 444, 493 N.W.2d 254, 261 (Ct. App. 1992) (considering environmental protection statutes); *Gygi v. Guest*, 117 Wis.2d 464, 467, 344 N.W.2d 214, 216 (Ct. App.1984) (interpreting securities statutes).<br><br>*See also State v. Amoco Oil Co.*, 97 Wis. 2d 226, 250, 293 N.W.2d 487, 499 (Wis. 1980) (finding Wisc. Stat. | Yes.<br><br>Indirect purchasers have standing under Wisconsin's antitrust laws. Wis. Stat. §133.18 ("Any person injured, directly or indirectly, by reason of anything prohibited by this chapter may sue therefor and shall recover threefold the damages sustained by the person and the cost of the suit, including reasonable attorney fees."). |

| State and Statute | Is the statute harmonized with the FTC Act, 15 U.S.C. § 45(a)(1) through statutory provision or by courts interpreting it in harmony with the FTC Act? | Can Indirect Purchaser Plaintiffs' Prove a Violation Based on Defendants' Anticompetitive Conduct? |
|---|---|---|
| | §100.18(2) (deceptive advertising) "compatible with the objectives of the [FTC Act]"). | |