# APPENDIX C
## Unjust Enrichment Claims

**Motion for Class Certification by Commercial and Institutional Indirect Purchaser Plaintiffs**
*In re Pork Antitrust Litigation*, 0:18-cv-01776 (D. Minn.)

| State | Elements of Unjust Enrichment Claim | Authority That Antitrust Violations May Serve as Basis for an Unjust Enrichment Claim |
|---|---|---|
| **Arkansas** | "To find unjust enrichment, a party must have received something of value, to which he or she is not entitled and which he or she must restore. There must also be some operative act, intent, or situation to make the enrichment unjust and compensable." *Campbell v. Asbury Auto.*, 2011 Ark. 157, 21, 381 S.W.3d 21, 36 (2011) (citing *El Paso Production Co. v. Blanchard*, 371 Ark. 634 (2007)). | Arkansas *Illinois Brick* repealer statute (Ark. Code Ann. § 4-75-315) applied to unjust enrichment claims by indirect purchasers where anticompetitive conduct took place after enactment date (Apr. 8, 2003). *Sheet Metal Workers Loc. 441 Health & Welfare Plan v. GlaxoSmithKline*, 737 F. Supp. 2d 380, 430 (E.D. Pa. 2010). See also *In re Relafen Antitrust Litig.*, 225 F.R.D. 14, 26-27 (D. Mass. 2004). |
| **California** | "The elements for a claim of unjust enrichment are receipt of a benefit and unjust retention of the benefit at the expense of another. The theory of unjust enrichment requires one who acquires a benefit which may not justly be retained, to return either the thing or its equivalent to the aggrieved party so as not to be unjustly enriched." *Lyles v. Sangadeo-Patel*, 225 Cal. App. 4th 759, 769, 171 Cal. Rptr. 3d 34, 40–41 (2014) (citing *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105 (2014) (internal citations omitted). | *In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 913 (E.D. Pa. 2012) (holding that indirect purchaser plaintiffs stated a claim for unjust enrichment under California law where plaintiffs alleged egg producers and trade groups engaged in anticompetitive behavior). |
| **District of Columbia** | The elements of an unjust enrichment claim are "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust." *Falconi-Sachs v. LPF Senate Square*, 142 A.3d 550, 556 (D.C. 2016) (citing *News World* | Indirect purchasers' unjust enrichment claims under the law of the District of Columbia, which were based on their overpayment for pharmaceuticals, upheld because price increases can easily be traced through a distribution chain. *In re Generic Pharms. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 851 (E.D. Pa. |

1

| State | Elements of Unjust Enrichment Claim | Authority That Antitrust Violations May Serve as Basis for an Unjust Enrichment Claim |
|---|---|---|
|  | *Communications, Inc. v. Thompsen*, 878 A.2d 1218, 1222 (D.C. 2005). | 2019) (direct benefit refers to something not incidental; there is no requirement of privity between parties).<br><br>*In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d 982, 1017 (E.D. Mich. 2014) (indirect purchasers have alleged the elements of an unjust enrichment claim in that they alleged that they conferred a benefit on the defendants, who retained the benefit, under circumstances where retention of the benefit is unjust.") (citing *Euclid St., LLC v. D.C. Water & Sewer Auth.*, 41 A.3d 453, 463 n. 10 (D.C.App.2012)). |
| **Hawaii** | "A valid 'claim for unjust enrichment requires only that a plaintiff prove that he or she conferred a benefit upon the opposing party and that the retention of that benefit would be unjust.'" *Porter v. Hu*, 169 P.3d 994, 1007 (Haw. Ct. App. 2007) (*quoting Durette v. Aloha Plastic Recycling, Inc.*, 100 P.3d 60, 74 (Haw. 2004), as corrected (Nov. 1, 2004)). | *In re Generic Pharm. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 849-850 (E.D. Pa. 2019) (holding that end-payor plaintiffs stated a claim for unjust enrichment under Hawaii law where plaintiffs alleged that defendants engaged in an anticompetitive scheme to restrain trade in the markets for certain generic pharmaceutical products).<br><br>*Fenerjian v. Nong Shim Co.*, 2015 WL 13000357, at *6 (N.D. Cal. Mar. 30, 2015) (holding that indirect purchaser plaintiffs stated a claim for unjust enrichment under Hawaii law).<br><br>*In re Korean Ramen Antitrust Litig.*, 2017 WL 235052, at *1, *24 (N.D. Cal. Jan. 19, 2017) (certifying indirect purchaser class asserting Hawaii unjust enrichment claim).<br><br>*In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d 982, |

| State | Elements of Unjust Enrichment Claim | Authority That Antitrust Violations May Serve as Basis for an Unjust Enrichment Claim |
|---|---|---|
| | | 1019 (E.D. Mich. 2014) (holding that end-payor plaintiffs stated a claim for unjust enrichment under Hawaii law). *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 4501223, at *13 (N.D. Cal. Sept. 28, 2011) (denying defendants' motion for summary judgment as to plaintiffs' unjust enrichment claim under Hawaiian law and noting that "the Court views the plaintiffs' theory of unjust enrichment as relatively straightforward: defendants' wrongful conduct led them to receive a benefit at plaintiffs' expense"). *In re Chocolate Confectionary Antitrust Litig.*, 749 F. Supp. 2d 224, 236 (M.D. Pa. 2010) (permitting end-user plaintiffs to seek "equitable relief . . . sought specifically to remedy the unfair acts and practices prohibited by Hawaii's consumer protection statute"). |
| **Iowa** | Unjust enrichment has three basic elements: "(1) enrichment of the defendant, (2) at the expense of the plaintiff, (3) under circumstances that make it unjust for the defendant to retain the benefit." *Endress v. Iowa Dep't of Hum. Servs.*, 944 N.W.2d 71, 80 (Iowa 2020) (citing *Behm v. City of Cedar Rapids*, 922 N.W.2d 524, 577 (Iowa 2019). | Indirect purchasers' unjust enrichment claims under the law of Iowa, which were based on their overpayment for pharmaceuticals, upheld because price increases can easily be traced through a distribution chain. *In re Generic Pharms. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (direct benefit refers to something not incidental; there is no requirement of privity between parties). |
| **Kansas** | Unjust enrichment has three elements in Kansas: "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or | Indirect purchasers' unjust enrichment claims under the law of Kansas, which were based on their overpayment for pharmaceuticals, upheld because price increases can easily be traced through a |

3

| State | Elements of Unjust Enrichment Claim | Authority That Antitrust Violations May Serve as Basis for an Unjust Enrichment Claim |
|---|---|---|
| | retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd.*, 910 P.2d 839, 847 (Kan. 1996) (quoting *J.W. Thompson Co. v. Welles Prods. Corp.*, 758 P.2d 738, 745 (Kan. 1988)). | distribution chain. *In re Generic Pharms. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (direct benefit refers to something not incidental; there is no requirement of privity between parties). |
| **Maine** | "To prevail on a claim for unjust enrichment, the complaining party must show that '(1) it conferred a benefit on the other party; (2) the other party had appreciation or knowledge of the benefit; and (3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value.'" *Knope v. Green Tree Servicing*, 161 A.3d 696, 699 (Me. 2017) (quoting *Maine Eye Care Assocs., P.A. v. Gorman*, 942 A.2d 707, 712 (Me. 2008)). | Indirect purchasers' unjust enrichment claims under the law of Maine, which were based on their overpayment for pharmaceuticals, upheld because price increases can easily be traced through a distribution chain. *In re Generic Pharms. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (direct benefit refers to something not incidental; there is no requirement of privity between parties). |
| **Massachusetts** | "A plaintiff asserting a claim for unjust enrichment must establish not only that the defendant received a benefit, but also that such a benefit was unjust, a quality that turns on the reasonable expectations of the parties." *Metropolitan Life Ins. Co. v. Cotter*, 984 N.E.2d 835, 850 (Mass. 2013) (internal quotation and citation omitted). | *In re Opana ER Antitrust Litig.*, 2016 WL 4245516, at *2 (N.D. Ill. Aug. 11, 2016) ("Because indirect purchasers are allowed to recover damages for antitrust conduct under the [consumer protection laws] of [Massachusetts], there is no reason to bar EPPs' unjust enrichment claims in . . . Massachusetts"). <br><br> *In re Generic Pharm. Pricing Antitrust Litig.*, 368 F. Supp.3d 814, 849-50 (holding that end-payor plaintiffs stated a claim for unjust enrichment under Massachusetts law where plaintiffs alleged that defendants engaged in an anticompetitive scheme to restrain trade in the markets for certain generic |

| State | Elements of Unjust Enrichment Claim | Authority That Antitrust Violations May Serve as Basis for an Unjust Enrichment Claim |
|---|---|---|
| | | pharmaceutical products).<br><br>*Fenerjian v. Nongshim Co.,* 72 F. Supp. 3d 1058, 1086 (N.D. Cal. 2014) ("Plaintiffs have pleaded unjust enrichment of defendants and unjust detriment to the indirect purchaser plaintiffs, which is what is required to state a claim for unjust enrichment under Massachusetts law. Accordingly, they should be allowed to proceed.")<br><br>*In re Korean Ramen Antitrust Litig.*, 2017 WL 235052, at *1, *24 (N.D. Cal. Jan. 19, 2017) (certifying indirect purchaser class asserting Massachusetts unjust enrichment claim).<br><br>*In re Flonase Antitrust Litig.*, 284 F.R.D. 207, 237 (certifying end-payor purchaser class asserting unjust enrichment claim under Massachusetts law).<br><br>*In re Static Random Access Memory (SRAM) Antitrust Litig.*, 2010 WL 5094289, at *8 (N.D. Cal. Dec. 8, 2010) (denying defendants' summary judgment motion against indirect purchasers' unjust enrichment claim under Massachusetts common law).<br><br>*Metropolitan Life Ins. Co. v. Cotter*, 984 N.E.2d 835, 851 (Mass. 2013) ("We have allowed claims for restitution . . . in 'business torts' such as unfair competition and claims for infringement of trademark or copyright").<br><br>"Unjust enrichment does not require that a defendant |

| State | Elements of Unjust Enrichment Claim | Authority That Antitrust Violations May Serve as Basis for an Unjust Enrichment Claim |
|---|---|---|
| | | receive direct payments from a plaintiff." *Massachusetts v. Mylan Labs.*, 357 F. Supp. 2d 314, 323 (D. Mass. 2005) (citing *Greewald v. Chase Manhattan Mortg. Corp.*, 241 F.3d 76, 81 (1st Cir. 2001)).<br><br>*In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 916-917 (E.D. Pa. 2012) (holding that indirect purchaser plaintiffs stated a claim for unjust enrichment under Massachusetts law where plaintiffs alleged egg producers and trade groups engaged in anticompetitive behavior). |
| Michigan | "A claim of unjust enrichment can arise when a party 'has and retains money or benefits which in justice and equity belong to another.'" *Wright v. Genesee Cnty.*, 934 N.W.2d 805, 809 (Mich. 2019) (quoting *McCreary v. Shields*, 52 N.W.2d 853, 855 (Mich. 1952)). | An indirect purchaser may state an unjust enrichment claim if they can "show that his detriment and the defendant's benefit are related and flow from the challenged conduct. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1189–90 (N.D. Cal. 2009) (citing *In re Cardizem CD Antitrust Litig.*, 105 F. Supp. 2d 618, 670-71 (E.D. Mich. 2000). *See also*, *Kammer Asphalt Paving Co., Inc. v. East China Tp. Schools*, 443 Mich. 176, 504 N.W.2d 635, 640–41 (Mich. 1993); *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 729 N.W.2d 898, 904–905 (Mich. Ct. App. 2006).<br><br>Indirect purchasers' unjust enrichment claims under the law of Michigan, which were based on their overpayment for pharmaceuticals, upheld because price increases can easily be traced through a distribution chain. *In re Generic Pharms. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (direct benefit refers to something not |

| State | Elements of Unjust Enrichment Claim | Authority That Antitrust Violations May Serve as Basis for an Unjust Enrichment Claim |
|---|---|---|
| | | incidental; there is no requirement of privity between parties). |
| **Minnesota** | Unjust enrichment occurs when the defendant receives a benefit that is inequitable to retain. *Klass v. Twin City Fed. Sav. & Loan Ass'n*, 190 N.W. 2d 493, 494-495 (Minn. 1971).<br><br>"To prevail on an unjust-enrichment claim, the party must show: (1) a benefit conferred; (2) the defendant's appreciation and knowing acceptance of the benefit; and (3) the defendant's acceptance and retention of the benefit under such circumstances that it would be inequitable for him to retain it without paying for it." *Holmes v. Palo*, No. A17-1187, 2018 WL 3213035, at *5 (Minn. Ct. App. July 2, 2018) (citing *Acton Constr. Co. v. State*, 383 N.W.2d 416, 417 (Minn. App. 1986)). | *In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 916-917 (E.D. Pa. 2012) (holding that indirect purchaser plaintiffs stated a claim for unjust enrichment under Minnesota law where plaintiffs alleged egg producers and trade groups engaged in anticompetitive behavior). |
| **Mississippi** | Mississippi law provides that, in an action for unjust enrichment, "the plaintiff need only allege and show that the defendant holds money which in equity and good conscience belongs to the plaintiff." *Dorsey Mississippi Sales v. Newell*, 251 Miss. 77, 168 So.2d 645, 651 (1964). *See also Magnolia Fed. Sav. and Loan Assoc. v. Randal Craft Realty Co.*, 342 So.2d 1308 (Miss.1977). *Fordice Const. Co. v. C. States Dredging Co.*, 631 F. Supp. 1536, 1538–39 (S.D. Miss. 1986). | *In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 913-914 (E.D. Pa. 2012) (holding that indirect purchaser plaintiffs stated a claim for unjust enrichment under Mississippi law where plaintiffs alleged egg producers and trade groups engaged in anticompetitive behavior). |
| **Missouri** | "Unjust enrichment requires a showing that: (1) [the plaintiff] conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under | *In re Opana ER Antitrust Litig.*, 2016 WL 4245516, at *2 (N.D. Ill. Aug. 11, 2016) ("Because indirect purchasers are allowed to recover damages for antitrust conduct under the [consumer protection |

7

| State | Elements of Unjust Enrichment Claim | Authority That Antitrust Violations May Serve as Basis for an Unjust Enrichment Claim |
|---|---|---|
|  | inequitable and/or unjust circumstances." *Hargis v. JLB Corp.*, 357 S.W.3d 574, 586 (Mo. 2011). | laws] of [Missouri], there is no reason to bar EPPs' unjust enrichment claims in . . . Missouri . . ..").<br><br>Indirect purchasers' unjust enrichment claims under the law of Missouri, which were based on their overpayment for pharmaceuticals, upheld because price increases can easily be traced through a distribution chain. *In re Generic Pharms. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (direct benefit refers to something not incidental; there is no requirement of privity between parties).<br><br>*In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d 982, 1023 (E.D. Mich. 2014) (upholding plaintiffs' unjust enrichment claim under Missouri law and noting that allegations "create[ed] an inference that retention of a benefit by Defendants would be inequitable").<br><br>*In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 4501223, at *15 (N.D. Cal. Sept. 28, 2011) (denying "defendants' request for summary judgment on plaintiffs' Missouri . . . unjust enrichment claim[].").|
| **Nebraska** | To recover on a claim for unjust enrichment "the plaintiff must show that (1) the defendant received money, (2) the defendant retained possession of the money, and (3) the defendant in justice and fairness ought to pay the money to the plaintiff. *Kanne v. Visa U.S.A. Inc.*, 272 Neb. 489, 501, 723 N.W.2d 293, 302 (2006) (citing *Kissinger v. Genetic Eval. Ctr.*, 260 Neb. 431, 618 N.W.2d 429 (2000); *Fackler v.* | Injured indirect purchaser may bring suit for antitrust violation whether they "dealt directly or indirectly with the defendant" following Nebraska's amendment to its Junkin Act. *In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d 982, 1004 (E.D. Mich. 2014) (citing *In re Flat Panel Antitrust Litig.*, MDL No. 1827, 2011 WL 3738985 (N.D. Cal. Aug. 24, 2011). *See also* 2002 Neb. Laws L.B. 1278; Neb. Rev. Stat. § 59–821 |

8

| State | Elements of Unjust Enrichment Claim | Authority That Antitrust Violations May Serve as Basis for an Unjust Enrichment Claim |
|---|---|---|
| | *Genetzky*, 257 Neb. 130, 595 N.W.2d 884 (1999)). | (2011)). |
| **New Hampshire** | To state a claim for unjust enrichment, "a plaintiff must sufficiently allege that the defendant was enriched at the plaintiff's expense through either: (1) wrongful acts; or (2) passive acceptance of a benefit that would be unconscionable to retain. *Est. of Mortner v. Thompson*, 170 N.H. 625, 631, 182 A.3d 1260, 1265 (2018) (citing *Kowalski v. Cedars of Portsmouth Condo. Assoc.*, 146 N.H. 130, 133 (2001).<br><br>"The doctrine of unjust enrichment is that one shall not be allowed to profit or enrich himself at the expense of another contrary to equity." *Pella Windows and Doors v. Faraci*, 133 N.H. 585, 586 (1990). | Indirect purchasers injured after January 1, 2008 may bring antitrust claims. *See* N.H. Rev. Stat. Ann. §356.11. *See also In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d 982, 1024 (E.D. Mich. 2014) (upholding indirect purchasers claims under New Hampshire law for unjust enrichment in connection with a price fixing conspiracy). |
| **New Mexico** | "To prevail on a claim for unjust enrichment, 'one must show that: (1) another has been knowingly benefitted at one's expense (2) in a manner that allowance of the other to retain the benefit would be unjust.'" *City of Rio Rancho v. Amrep Sw. Inc.*, 150 N.M. 428 (N.M. 2011) (citing *Ontiveros Insulation Co. v. Sanchez,* 129 N.M. 200, 203 (N.M. Ct. App. 2000). | *In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 916-917 (E.D. Pa. 2012) (holding that indirect purchaser plaintiffs stated a claim for unjust enrichment under New Mexico law where plaintiffs alleged egg producers and trade groups engaged in anticompetitive behavior). |
| **New York** | In New York, the elements of an unjust enrichment claim are "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Mandarin Trading ltd. v. Wildenstein*, 16 N.Y. 3d 173, 182 | Indirect purchasers' unjust enrichment claims under the law of New York, which were based on their overpayment for pharmaceuticals, upheld because price increases can easily be traced through a distribution chain. *In re Generic Pharms. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 851 (E.D. Pa. |

| State | Elements of Unjust Enrichment Claim | Authority That Antitrust Violations May Serve as Basis for an Unjust Enrichment Claim |
|---|---|---|
| | (2011). | 2019) (direct benefit refers to something not incidental; there is no requirement of privity between parties). |
| **Nevada** | "Unjust enrichment has three elements: 'the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof.'" *Nautilus Ins. Co. v. Access Med., LLC*, 137 Nev. Adv. Op. 10, 482 P.3d 683, 688 (2021) (citing *Cert. Fire Prot. Inc. v. Precision Constr.*, 128 Nev. 371, 381, 283 P.3d 250, 257 (2012) (internal quotation marks omitted).

"Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Korte Constr. Co. v. State on Rel. of Bd. of Regents of Nevada Sys. of Higher Educ.*, 137 Nev. Adv. Op. 37, 492 P.3d 540, 543 (2021) (citing *Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 128 Nev. 371, 381, 283 P.3d 250, 257 (2012) (internal quotation omitted)). | *In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 916-917 (E.D. Pa. 2012) (holding that indirect purchaser plaintiffs stated a claim for unjust enrichment under Nevada law where plaintiffs alleged egg producers and trade groups engaged in anticompetitive behavior). |
| **North Carolina** | "In order to prevail on a claim for unjust enrichment, a plaintiff must prove that (1) it conferred a benefit on the defendant, (2) the benefit was not conferred officiously or gratuitously, (3) the benefit is | *In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 916-917 (E.D. Pa. 2012) (holding that indirect purchaser plaintiffs stated a claim for unjust enrichment under North Carolina law where plaintiffs |

10

| State | Elements of Unjust Enrichment Claim | Authority That Antitrust Violations May Serve as Basis for an Unjust Enrichment Claim |
|---|---|---|
| | measurable, and (4) the defendant consciously accepted the benefit." *Metric Constructors, Inc. v. Bank of Tokyo-Mitsubishi, Ltd.*, 72 F. App'x 916, 920 (4th Cir. 2003) (quoting *Booe v. Shadrick*, 369 S.E.2d 554, 556 (N.C. 1988)).<br><br>An "indirect benefit can support an unjust enrichment claim." *Lau v. Constable*, 16 CVS 4393, 2017 WL 536361, at *5 (N.C. Super. Feb. 7, 2017); *New Prime, Inc. v. Harris Trans. Co.*, No. COA12-271, 2012 WL 3192718, at *4-5 (N.C. App. Aug. 12, 2012) ("Many jurisdictions do not require that plaintiff confer a direct benefit on the defendant in order to recover under a theory of unjust enrichment."). | alleged egg producers and trade groups engaged in anticompetitive behavior).<br><br>A party does not need to confer a benefit directly to state an unjust enrichment claim under North Carolina law. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1190 (N.D. Cal. 2009) (citing *Booe v. Shadrick*, 322 N.C. 567, 570, 369 S.E.2d 554 (N.C. 1988) ("In order to establish a claim for unjust enrichment, a party must have conferred a benefit on the other party. The benefit must not have been conferred officiously, that is it must not be conferred by an interference in the affairs of the other party in a manner that is not justified in the circumstances. The benefit must not be gratuitous and it must be measurable.").<br><br>Indirect purchasers' unjust enrichment claims under the law of North Carolina, which were based on their overpayment for pharmaceuticals, upheld because price increases can easily be traced through a distribution chain. *In re Generic Pharms. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (direct benefit refers to something not incidental; there is no requirement of privity between parties). |
| **Oregon** | Prevailing on an unjust enrich claim requires the plaintiff to "establish that (1) the plaintiff conferred a benefit on the defendant; (2) the defendant was aware that it had received a benefit; and (3) under the circumstances, it would be unjust for the defendant to | The Oregon legislature passed an *Illinois Brick* repealer statute in 2010. *See* Or. Rev. Stat. §646.770-780.<br><br>Indirect purchasers may assert unjust enrichment |

11

| State | Elements of Unjust Enrichment Claim | Authority That Antitrust Violations May Serve as Basis for an Unjust Enrichment Claim |
|---|---|---|
| | retain the benefit without paying for it." *Cumming v. Nipping*, 285 Or. App. 233, 238–39, 395 P.3d 928, 931–32 (2017) (citing *Winters v. County of Clatsop*, 210 Or. App. 417, 421 (2007); *Cron v. Zimmer*, 255 Or. App. 114 (2013)). | claims under the Oregon Antitrust Act. *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 765 (E.D. Pa. 2014).<br><br>*See In re Flonase Antitrust Litig.*, 284 F.R.D. 207, 214 (E.D.Pa.2012) ("Numerous states across the country have subsequently passed '*Illinois Brick* repealers' enabling an indirect purchaser to bring an antitrust claim under state law. Furthermore, in those states with a repealer statute, indirect purchasers are not barred from recovery for unjust enrichment damages.").<br><br>*In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d 982, 1026 (E.D. Mich. 2014) (upholding indirect purchasers' unjust enrichment claims under Oregon law in connection with a price fixing conspiracy). |
| **Rhode Island** | "To recover on an unjust enrichment claim, a plaintiff must prove: (1) that he or she conferred a benefit upon the party from whom relief is sought; (2) that the recipient appreciated the benefit; and (3) that the recipient accepted the benefit under such circumstances that it would be inequitable for the recipient to retain the benefit without paying the value thereof." *Cote v. Aiello*, 148 A.3d 537, 550 (R.I. 2016) (citing *Dellagrotta v. Dellagrotta*, 873 A.2d 101, 113 (R.I. 2005)). | Rhode Island's legislature passed an *Illinois Brick* repealer statute in 2013. R.I. Gen. Laws §6-36-7(d).<br><br>Indirect purchasers' unjust enrichment claims under the law of Rhode Island, which were based on their overpayment for pharmaceuticals, upheld because price increases can easily be traced through a distribution chain. *In re Generic Pharms. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (direct benefit refers to something not incidental; there is no requirement of privity between parties). |
| **South Carolina** | The basic requirements for an unjust enrichment claim under South Carolina law are "(1) a benefit | Indirect purchasers' unjust enrichment claims under the law of South Carolina, which were based on their |

| State | Elements of Unjust Enrichment Claim | Authority That Antitrust Violations May Serve as Basis for an Unjust Enrichment Claim |
|---|---|---|
| | conferred upon the defendant by the plaintiff; (2) realization of that benefit by the defendant; and (3) retention by defendant of the benefit under conditions that make it inequitable for him to retain it without paying its value." *Ellis v. Smith Grading & Paving*, 366 S.E.2d 12, 15 (S.C. App. 1988). | overpayment for pharmaceuticals, upheld because price increases can easily be traced through a distribution chain. *In re Generic Pharms. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 851 (E.D. Pa. 2019) (direct benefit refers to something not incidental; there is no requirement of privity between parties). |
| **South Dakota** | In order to establish unjust enrichment, three elements must be proven: (1) a benefit was received; (2) the recipient was cognizant of that benefit; and (3) the retention of the benefit without reimbursement would unjustly enrich the recipient. *Mack v. Mack*, 613 N.W.2d 64, 69 (S.D. 2000). | *In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 916-917 (E.D. Pa. 2012) (holding that indirect purchaser plaintiffs stated a claim for unjust enrichment under South Dakota law where plaintiffs alleged egg producers and trade groups engaged in anticompetitive behavior). |
| **Tennessee** | "The elements of an unjust enrichment claim are: 1) a benefit conferred upon the defendant by the plaintiff; 2) appreciation by the defendant of such benefit; and 3) acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." *Coffey v. Coffey*, 578 S.W.3d 10, 25 (Tenn. Ct. App. 2018) (citing *Freeman Indus. v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005); *Paschall's, Inc. v. Dozier*, 219 Tenn. 45, 407 S.W.2d 150, 155 (Tenn. 1966)) (internal quotations omitted). | *In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 920 (E.D. Pa. 2012) (holding that indirect purchaser plaintiffs stated a claim for unjust enrichment under Tennessee law where plaintiffs alleged egg producers and trade groups engaged in anticompetitive behavior). |
| **Vermont** | "Unjust enrichment is present only if: (1) a benefit was conferred on defendant; (2) defendant accepted the benefit; and (3) defendant retained the benefit under such circumstances that it would be inequitable for defendant not to compensate plaintiff for its value." *Kellogg v. Shushereba*, 194 Vt. 446, 463, 82 A.3d 1121, 1133 (Vt. 2013) (citing *Mad River Corp.*, | *In re Processed Egg Prod. Antitrust Litig.*, 851 F. Supp. 2d 867, 916-917 (E.D. Pa. 2012) (holding that indirect purchaser plaintiffs stated a claim for unjust enrichment under Vermont law where plaintiffs alleged egg producers and trade groups engaged in anticompetitive behavior). |

| State | Elements of Unjust Enrichment Claim | Authority That Antitrust Violations May Serve as Basis for an Unjust Enrichment Claim |
|---|---|---|
| | 151 Vt. 408, 412, 561 A.2d 90, 93 (Vt. 1989). | |
| West Virginia | "[I]f benefits have been received and retained under such circumstance that it would be inequitable and unconscionable to permit the party receiving them to avoid payment therefor, the law requires the party receiving the benefits to pay their reasonable value." *Realmark Devs., Inc. v. Ranson*, 542 S.E.2d 880, 884–85 (W. Va. 2000).<br><br>"Recovery of damages based upon the theories of quasi contract or unjust enrichment does not necessitate a finding of privity of contract between the parties." *Dunlap v. Hinkle*, 317 S.E.2d 508, 512 n.2 (W. Va. 1984). | *In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1093 (S.D. Cal. 2017) (upholding West Virginia unjust enrichment claims because "the Court has been unable to locate a single West Virginia case which required conferral of direct benefits.") (citing *Dunlap v. Hinkle*, 173 W.Va. 423, 317 S.E. 508, 512 (1984)). *Dunlap* notes recovery of damages based on unjust enrichment "does not necessitate a finding of privity of contract between the parties." Dunlap, 173 W.Va. at 427 n. 2. |
| Wisconsin | "Unjust enrichment requires proof of three elements: (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention of the benefit by the defendant under circumstances making it inequitable to do so." *Sands v. Menard*, 2017 WI 110, ¶ 30, 379 Wis. 2d 1, 18, 904 N.W.2d 789, 798 (Wis. 2017). | *In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1093 (S.D. Cal. 2017) (upholding Wisconsin unjust enrichment claims because "the Court has been unable to locate a single Wisconsin case which required conferral of direct benefits.") (citing *Lawlis v. Thompson*, 137 Wis.2d 490, 405 N.W.2d 317, 319–20 (1987)). |