UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFF ACTIONS | Case No. 0:18-cv-01776-JRT-HB |

**[PROPOSED] ORDER GRANTING COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND FOR APPOINTMENT OF LEAD COUNSEL AND PLAINTIFFS' STEERING COMMITTEE**

Having considered the Commercial and Institutional Indirect Purchaser Plaintiffs' ("CIIPPs") Motion for Class Certification, the Memorandum of Law in Support of CIIPPs' Motion for Class Certification, the Declaration of Blaine Finley in Support of CIIPPs' Motion for Class Certification, the Expert Report of Michael A. Williams, Ph.D., and all prior papers and proceedings concerning this Action and good cause appearing therefore:

1. The Motion is GRANTED and this Action is hereby CERTIFIED as a class action pursuant to Rules 23(a) and 23(b)(2)-(3) of the Federal Rules of Civil Procedure. The Court Certifies the following classes:

   a. An injunctive class pursuant to Rule 23(b)(2):

All entities that indirectly purchased uncooked pork bacon, or one or more of the following types of raw pork, whether fresh or frozen: loins, shoulder, ribs, hams, or pork chops from defendants or co-conspirators for their own use in commercial food preparation in the United States from June 28, 2014 to June 30, 2018. For this lawsuit, pork excludes any product that is marketed as organic and/or no antibiotics ever and any product other than bacon that is marinated, seasoned, flavored, or breaded, but it includes uncooked and cooked ham water added products.

Excluded from the CIIPP class are: Natural persons who purchased pork for their personal use and not for commercial food preparation (End-User Consumers); purchases of pork directly from Defendants; purchases of pork for resale in unaltered form; purchases of pork from an intermediary who has further processed the pork; the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant; any federal, state governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action; and any co-conspirator identified in this action.

b. A monetary damages class pursuant to Rule 23(b)(3):

All entities that indirectly purchased uncooked pork bacon, or one or more of the following types of raw pork, whether fresh or frozen: loins, shoulder, ribs, hams, or pork chops from defendants or co-conspirators for their own use in commercial food preparation in the Repealer Jurisdictions[1] from June 28, 2014 to June 30, 2018. For this lawsuit, pork excludes any product that is marketed as organic and/or no antibiotics ever and any product other than bacon that is marinated, seasoned,

---

[1] CIIPPs assert damages claims in the states and territory where they reside or purchased pork in: Arkansas, Arizona, California, District of Columbia, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin. The class period for Kansas, Massachusetts, Mississippi, South Carolina, and Tennessee class members is proposed to begin June 28, 2015.

flavored, or breaded, but it includes uncooked and cooked ham water added products.

Excluded from the CIIPP class are: Natural persons who purchased pork for their personal use and not for commercial food preparation (End-User Consumers); purchases of pork directly from Defendants; purchases of pork for resale in unaltered form; purchases of pork from an intermediary who has further processed the pork; the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant; any federal, state governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action; and any co-conspirator identified in this action.

2. The following are appointed as representatives of the CIIPP classes: Sandee's Bakery, Francis T. Enterprises d/b/a Erbert & Gerbert's, Joe Lopez, d/b/a Joe's Steak and Leaf, Longhorn's Steakhouse, The Grady Corporation, Mcmjoynt LLC d/b/a The Breakfast Joynt, Edley's Restaurant Group, LLC, Basil Mt. Pleasant, LLC, Basil Charlotte, Inc., Farah's Courtyard Deli, Inc., and Tri-Ten LLC.

3. Shawn Raiter and the firm of Larson King, LLP and Blaine Finley and the firm of Cuneo Gilbert & LaDuca, LLP are hereby appointed as co-lead counsel for the CIIPP classes and Barrett Law Group, P.A.; Tostrud Law Group, P.C.; Zimmerman Reed LLP; and Bozeman Law Firm, P.A. are hereby appointed as members of the Plaintiffs' Steering Committee for the CIIPP classes.

IT IS SO ORDERED

Dated:_____

                                        Hon. John R. Tunheim
                                        Chief Judge
                                        United States District Court