UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br>ALL ACTIONS | Civil No. 0:18-cv-01776-JRT-HB<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL INDIANA PACKERS CORPORATION TO COMPLY WITH SUBPOENA DUCES TECUM** |

Direct Purchaser Plaintiffs, Consumer Indirect Purchaser Plaintiffs, Commercial and Institutional Indirect Purchaser Plaintiffs, and the Commonwealth of Puerto Rico (collectively, "Plaintiffs") submit this Reply to address the discrete issues related to Indiana Packers' request for cost- and fee-shifting encompassed in its supplemental response.[1] *See* ECF No. 1276. Indiana Packers has failed to show its anticipated costs are "significant" for purposes of a Rule 45 analysis. Further, it has not shown—and cannot show, at this stage—that any costs it may incur will be reasonable, or that its attorneys' fees are a cost of compliance.

## I.   INDIANA PACKERS IGNORES THE HISTORY OF NEGOTIATIONS DURING WHICH PLAINTIFFS MADE VARIOUS OFFERS THAT WOULD MINIMIZE THE BURDEN ON INDIANA PACKERS

Plaintiffs have undertaken substantial efforts to reduce any burden Indiana Packers may face in complying with the subpoena. Prior to motion practice, Plaintiffs eliminated

---

[1] Plaintiffs maintain that Indiana Packers' arguments concerning the relevance and proportionality of the information Plaintiffs seek are misplaced, for the reasons stated in Plaintiffs' opening memorandum in support of this motion and Plaintiffs' response to Indiana Packers' motion to quash filed in the Southern District of Indiana.

567491.3

over half of the requests contained in the subpoena. ECF No. 1240-2 at Ex. 5 (10/28/2021 email from Joseph Bourne); Ex. 6, p. 3. With respect to the remaining three non-structured data requests, Plaintiffs offered to negotiate the number and identity of document custodians and to modify and tailor search terms. *Id.* Reducing the number of custodians as part of an effort to reach agreement would of course impact the volume of ESI and hence the associated costs, but Indiana Packers has consistently refused to consider searching the ESI of any custodians. Indiana Packers also ignores the fact that Plaintiffs offered a document hosting and review platform for Indiana Packers to use, at Plaintiffs' own expense. ECF No 1240-2, at Ex. 6, p. 3.

Along with its estimated vendor costs, Indiana Packers also claims, without providing any information about the experience level or billable rates of its attorneys, that first-level attorney review increases its bill to "close to $300,000." Ind. Packers Supp. Resp., pp. 11-12; *see also* ECF No 1240-2, at Ex. 10. In addition, Indiana Packers asserts that Plaintiffs must pay the additional cost of "higher level reviews" by Indiana Packers' counsel. But there is simply no reason that Indiana Packers *must* conduct a linear review of all documents that hit on search terms for responsiveness; if it produces non-responsive documents, Plaintiffs could simply ignore them.

Indiana Packers' attempt to suggest that Plaintiffs did not make efforts to negotiate with it and try to find ways to minimize any burden is belied by the parties' actual negotiations. *See G & E Real Est., Inc. v. Avison Young-Washington, D.C., LLC*, 317 F.R.D. 313, 318 (D.D.C. 2016) ("It appears from the record that—for whatever reason—Vornado and its attorneys decided to litigate issues related to the subpoena zealously. And

they appear to have done so with no eye towards minimizing their expenses or towards working cooperatively with Plaintiff's counsel to resolve the disputed issues.").

## II. INDIANA PACKERS HAS NOT ESTABLISHED THAT COMPLIANCE WOULD RESULT IN "SIGNIFICANT EXPENSE" OR THAT ANY EXPENSE IT MAY INCUR WILL BE REASONABLE AND COMPENSABLE

Although Rule 45 protects a nonparty from "significant expense" resulting from compliance with a subpoena, this does not mean that the requesting party must bear all of the expense in every instance. *In re Aggrenox Antitrust Litig.*, No. 3:14-md-02516 (SRU), 2017 WL 4679228, at *1-2 (D. Conn. Oct. 18, 2017); *Ala. Aircraft Indus., Inc. v. Boeing Co.*, No. 2:11-cv-03577-RDP, 2016 WL 9781825, at *4 (N.D. Ala. Feb. 25, 2016); *Jackson v. Brinker*, No. IP 91–471–C, 1992 WL 404537, at *3 (S.D. Ind. Dec. 21, 1992). "A nonparty responding to a subpoena is typically required to pay its own costs of production." *Miller v. Allstate Fire & Cas. Ins. Co.*, No. 07–260, 2009 WL 700142, at *2 (W.D. Pa. Mar. 17, 2009). "Absent significant expense, the responding party must absorb the costs of responding to [the] subpoena." *West Publ'g Corp. v. LegalEase Sols., LLC*, No. 18-cv-1445 (DSD/ECW), 2019 WL 8014512, at *3 (D. Minn. Nov. 22, 2019) (internal quotations and citations omitted). To determine whether a subpoena imposes a "significant expense" for purposes of shifting the cost to the requesting party, courts consider three factors: "(1) the recipient's interest in the outcome of the case; (2) whether the recipient can more readily bear the costs than the requesting party, and (3) whether the litigation is of public

importance." *Paisley Park Enters., Inc. v. Boxill*, No. 17-cv-1212 (WMW/TNL), 2019 WL 1036059, at *5 (D. Minn. Mar. 5, 2019).[2]

Here, each factor shows that Indiana Packers will not incur "significant expense" in complying with the subpoena. First, Indiana Packers has a considerable interest in the outcome of the case. The case alleges that numerous pork integrators conspired to fix the prices of pork from at least 2009 to the present through public signaling, trade association membership, and participation in the benchmarking service, Agri Stats. As a large pork integrator, a participant in Agri Stats, and an attendee at various trade associations, Indiana Packers has an interest in its competitors' potential liability and the alleged price-fixing activity that has impacted the pork market in which Indiana Packers participates.[3] *See, e.g.*, TAC ¶¶ 34, 40-42, 44-49, 52-57, 109, 110(h); *see also* Pls.' Mem. in Supp. of Mot. to Compel Indiana Packers Corp. to Comply with Subpoena *Duces Tecum*, ECF No. 1222, pp.7-8. If the Defendants conspired to fix the prices of pork, Indiana Packers may well have paid too much to acquire pork from them through inter-company transactions. Indiana

---

[2] Indiana Packers cites several cases for the proposition that fees and costs should be shifted, but none of them utilize the three-factor test used by the District of Minnesota (and other courts) to determine whether expenses are "significant." *See, e.g.*, *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184-85 (9th Cir. 2013); *Angel v. Kelly*, 234 F.R.D. 135, 137 (M.D.N.C. Mar. 10, 2006); *In re Am. Nursees Ass'n*, 643 F. App'x 310, 314 (4th Cir. 2016).

[3] Indiana Packers' size as a significant pork integrator may also factor in, and weighs against a finding of significant expense. *See Sandoz, Inc. v. United Therapeutics Corp.*, No. CV 19-10170, 2021 WL 1259667, at *3 (D.N.J. Apr. 6, 2021) (explaining that $45,000 in costs were not "significant within the meaning of the law" because subpoena recipient was "a large company" with "the ability to bear the cost of production"). Indiana Packers declined to provide any details about its size, revenue, or ability to bear the cost of compliance.

567491.3                                              4

Packers also still faces potential liability from potential claims by direct action plaintiffs not subject to the Court's motion to dismiss order, or from any eventual appeal.

Second, Indiana Packers has made no indication that it cannot bear the costs of complying with the subpoena. To the contrary, Indiana Packers boasts that it is "one of the Midwest's premier food companies" "with a strong pork background" who, "in just three decades . . . [has] grown from a little startup into a global supplier of choice for grocery stores, restaurants, foodservice providers and other commercial markets just down the road and around the world."[4] Moreover, Indiana Packers is represented by lead national counsel at Mayer Brown LLP, a large international law firm, and chose to vigorously contest the subpoena with proceedings in multiple jurisdictions.

Third, the litigation is of public importance. The litigation involves parties from across the United States and alleges broad, conspiratorial conduct that affected the price of the nation's food supply for over ten years. *See, e.g.*, *Sandoz*, 2021 WL 1259667, at *3 ("Finally, this matter is of some public importance as it seeks to make a drug more readily available to patients.").

Relatedly, while Indiana Packers cites three cases for the proposition that courts award attorneys' fees for attorney review, these cases are outliers, as courts routinely deny such requests. *See, e.g.*, *Steward Health Care Sys. LLC v. Blue Cross & Blue Shield of Rhode Island*, No. 15-272, 2016 WL 8716426, at *4 (E.D. Pa. Nov. 4, 2016) (attorneys' fees incurred as a result of the party's own desire to check for relevance, privilege, and

---

[4] https://indianapackerscorp.com/company/#history

567491.3                                                    5

confidentiality were not subject to reimbursement); *Lefta Assocs. V. Hurley*, No. 1:09–CV–2487, 2011 WL 1793265, at *4 (M.D. Pa. May 11, 2011) (refusing to reimburse the non-party's legal fees when they were incurred to protect the non-party's own interests in connection with complying with the subpoena); *U.S. Bank Nat. Ass'n v. PHL Variable Ins. Co.*, No. 12 Civ. 6811(CM)(JCF), 2012 WL 5395249, at *4 (S.D.N.Y. Nov. 5, 2012) (non-parties were responsible for costs associated with privilege review "because 'the producing party has the exclusive ability to control the cost of reviewing the documents.'") (quoting *Zubulake v. UBS Warbug LLC*, 216 F.R.D. 280, 290 (S.D.N.Y. 2003)); *Maximum Human Performance, LLC v. Sigma-Tau HealthScience, LLC*, o. 12–cv–6526–ES–SCM, 2013 WL 4537790, at *4 (D.N.J. Aug. 27, 2013) (denying the non-party's request for shifting "its own counsel fees incurred in complying with the subpoena").

In any event, a ruling on cost and fee shifting is premature, as courts may determine whether to award these expenses *after* they have been incurred and there is a basis to determine whether they were reasonable. *See, e.g.*, *In re Application of Michael Wilson & Partners, Ltd., for Judicial Assistance Pursuant to 28 U.S.C. 1782*, 520 Fed. Appx. 736, 737 (10th Cir. 2013) ("This appeal concerns reimbursement for costs and attorney's fees incurred in responding to subpoenas"); *G&E Real Estate*, 317 F.R.D. at 314 (analyzing fee and cost-shifting after law firm performed services for nonparty); *In re PROPULSID PRODS. LIAB. LITIG.*, MDL No. 1355, 2003 WL 22341310, at *2 (E.D. La. Sept. 3, 2003) (analyzing cost-shifting after costs were incurred).

## III. CONCLUSION

For the foregoing reasons, and in addition to the reasons already submitted by Plaintiffs in prior briefing, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Compel Indiana Packers Corporation to Comply with the Subpoena *Duces Tecum* and deny Indiana Packers Corporation's request for fees and costs.

Dated:  May 4, 2022

*/s/ Joseph C. Bourne*
Joseph C. Bourne (MN #0389922)
W. Joseph Bruckner (MN #0147758)
Brian D. Clark (MN #0390069)
Arielle S. Wagner (MN #0398332)
Simeon A. Morbey (MN #0391338)
Stephen M. Owen (MN # 0399370)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
jcbourne@locklaw.com
wjbruckner@locklaw.com
bdclark@locklaw.com
aswagner@locklaw.com
samorbey@locklaw.com
smowen@locklaw.com

Respectfully submitted,

*/s/ Bobby Pouya*
Bobby Pouya (Pro Hac Vice)
Clifford H. Pearson (Pro Hac Vice)
Daniel L. Warshaw (Pro Hac Vice)
Michael H. Pearson (Pro Hac Vice)
PEARSON, SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 92403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
cpearson@pswlaw.com
dwarshaw@pswlaw.com
bpouya@pswlaw.com
mpearson@pswlaw.com

Melissa S. Weiner (MN #0387900)
PEARSON, SIMON & WARSHAW, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610
mweiner@pswlaw.com

Bruce L. Simon
Benjamin E. Shiftan
PEARSON, SIMON & WARSHAW, LLP
350 Sansome Street, Suite 680
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com
bshiftan@pswlaw.com

*Co-Lead Class Counsel for Direct Purchaser Plaintiffs*

*/s/ Shana E. Scarlett*
Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman
Breanna Van Engelen
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
Michelle J. Looby (#388166)
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com

*Co-Lead Counsel for Consumer Indirect Purchaser Plaintiffs*

*/s/ Shawn M. Raiter*
Shawn M. Raiter (MN# 240424)
LARSON • KING, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6518
sraiter@larsonking.com

Jonathan W. Cuneo
Joel Davidow
Blaine Finley
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
bfinley@cuneolaw.com

*Co-Lead Counsel for Commercial and Institutional Indirect Purchaser Plaintiffs*

*/s/ Kyle G. Bates*
Kyle G. Bates
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
T: (415) 633-1908
kbates@hausfled.com

Peter B. Schneider
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
3700 Buffalo Speedway, Suite 300
Houston, Texas 77098
T: (713) 338-2560
F: (415)421-7105
pschneider@schneiderwallace.com

Todd M. Schneider
Matthew S. Weiler
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
2000 Powell St., Suite 1400
Emeryville, California 94608
T: (415) 421-7100
tschneider@schneiderwallace.com
mweiler@schneiderwallace.com

Garrett W. Wotkyns
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
8501 N. Scottsdale Road, Suite 270
Scottsdale, Arizona 85253
T: (480) 428-0145
gwotkyns@schneiderwallace.com

Domingo Emanuelli-Hernández
Attorney General
Guarionex Díaz Martínez
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
T: (787) 721-2900, ext. 2600, 2601
F: (787) 721-3223
gdiaz@justicia.pr.gov

*Counsel for the Commonwealth of Puerto Rico*

567491.3          10