UNITED STATES DISTRICT COURT
DISTRICT COURT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>THE DIRECT PURCHASER PLAINTIFF ACTION | Case No. 18-cv-01776 (JRT-HB)<br><br>Honorable John R. Tunheim<br><br>**DECLARATION OF W. JOSEPH BRUCKNER IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR INTERIM PAYMENT OF ATTORNEYS' FEES, CURRENT AND ONGOING LITIGATION EXPENSES, AND SERVICE AWARDS** |

I, W. Joseph Bruckner, declare and state:

1. I am an attorney licensed to practice in the State of Minnesota. For over 30 years I have been a partner with the firm of Lockridge Grindal Nauen P.L.L.P. ("LGN"), attorneys of record for the Direct Purchaser Plaintiffs ("DPPs" or "Plaintiffs"). I make this declaration in support of the accompanying Direct Purchaser Plaintiffs' Motion for Interim Payment of Attorneys' Fees, Current and Ongoing Litigation Expenses, and Service Awards. I have personal knowledge of the facts in this declaration and could competently testify to them if called as a witness.

2. This Court appointed LGN and Pearson, Simon & Warshaw, LLP ("PSW") as Interim Co-Lead Counsel for DPPs and the DPP Class in this litigation (*see* ECF No. 149), and also Settlement Class Counsel for the JBS and Smithfield Settlements (*see* ECF Nos. 631 and 838 (JBS Preliminary and Final Approval Orders); 870 and 1154 (Smithfield Preliminary and Final Approval Orders)). Before and since those appointments, our firms have committed thousands of hours of work to develop and advance this complex case. Interim Co-Lead Counsel, with the assistance of 14 other firms (collectively, "Class Counsel"), have vigorously and efficiently prosecuted this complex antitrust case. At all times, the work of Class Counsel was directed by Interim Co-Lead Counsel.

### CLASS COUNSEL'S EFFORTS IN PROSECUTING THIS LITIGATION

3. On June 29, 2018, LGN and PSW filed the first direct purchaser complaint, *Maplevale Farms, Inc. v. Agri Stats, Inc., et al.*, No. 0:18-cv-01803, ECF No. 1 (D. Minn.), against the nation's largest Pork producers alleging an antitrust conspiracy in violation of the Sherman Act, 15 U.S.C. § 1. On January 15, 2020, LGN and PSW filed the operative

974418.6

2

Third Amended and Consolidated Class Action Complaint (No. 0:18-cv-01776, ECF No. 431).

4. Class Counsel have developed numerous case management plans and worked cooperatively with indirect purchaser class counsel, direct action plaintiffs, and Defendants to implement those plans.

5. Class Counsel have prepared and filed comprehensive memoranda of law: (a) in opposition to Defendants' motions to dismiss, (b) regarding numerous discovery issues, (c) in support of class certification, including expert reports and other exhibits, and (d) seeking preliminary and final approval of Settlements.

6. Class Counsel have conducted extensive fact and expert discovery, including preparing for and/or conducting over one hundred Rule 30(b)(1), 30(b)(6), and expert depositions. Discovery has involved more than 100 document custodians, more than 3.4 million documents and communications, millions of telephone calls and messages, many third parties, and the depositions of dozens of fact witnesses (with more than 100 anticipated by the time depositions end). Interim Co-Lead Counsel is coordinating this discovery effort against Defendants, and with the indirect class counsel and numerous Direct Action Plaintiffs. Plaintiffs and Interim Co-Lead Counsel also fulfilled their own discovery obligations, in response to fulsome discovery by Defendants.

7. Class Counsel have consulted with a wide range of experts during their pre-suit investigation and the discovery phase of this case, including their economist Russell W. Mangum III, Ph.D., who prepared a 148-page report in support of class certification. *See* ECF No. 1330.

8.	To date Class Counsel have reached settlement agreements with Defendants JBS and Smithfield ("collectively "Settling Defendants"). On November 17, 2020, DPPs and JBS entered into a settlement that provided for a payment of $24,500,000 and meaningful cooperation. On June 29, 2021, DPPs and Smithfield entered into a settlement that provided for a payment of $83,000,000[1] and meaningful cooperation. The total amount recovered to date from just two of the Defendants in this case totals $101,864,300. The Settling Defendants were represented by Quinn Emanuel Urquhart & Sullivan, LLP (JBS) and Gibson, Dunn & Crutcher LLP (Smithfield), leading multinational and national law firms ranked among the Vault Law 100 for most prestigious law firms. These Settlements represent a significant recovery for the DPP Class members.

9.	Class Counsel have prepared and executed the class notice and claims administration programs for Settlements approved by this Court. The claims and distribution process approved by this Court is underway.

10.	Class Counsel will continue to vigorously litigate this case against the remaining Defendants, including seeking discovery and handling all other necessary motion and litigation practice. With respect to the Settlements, Class Counsel will continue to supervise all aspects of settlement and claims administration, and supervise the final distribution of settlement proceeds to qualified DPP Class members.

---

[1] The Smithfield Settlement was subject to a $5,635,700 reduction based on Class members who opted out during the settlement administration process. Thus, the net amount paid by Smithfield equaled $77,364,300.

11. Class Counsel believed in DPPs' case from the beginning, invested extensive time, effort, and money into it, and prosecuted it vigorously without the benefit of a contemporaneous civil or criminal government investigation or prosecution. Class Counsel did so at the risk of no recovery and turned away other opportunities due to the complexity and high-level of time and expense the case demanded.

## LGN's EFFORTS IN PROSECUTING THIS LITIGATION

12. Since the inception of this case, my firm, Lockridge Grindal Nauen P.L.L.P., has represented the interests of the DPPs and the DPP Class. Moreover, since the Court appointed our firm as Interim Co-Lead Counsel with PSW, we have led the prosecution of this matter in all regards, including the following:

- We supervised the activities of all Class Counsel and strategized and executed decisions regarding the overall prosecution of this litigation.

- We conducted factual and legal research throughout the course of the case, not only to prepare and finalize extensive and comprehensive consolidated complaints, but also on an ongoing basis as necessary to bring affirmative motions on behalf of the Class and defend motions brought by Defendants.

- We assigned responsibility for review of documents produced by the Defendants and third parties, we assisted in designing the review program to identify relevant material from this information, we participated in this review as necessary ourselves, and we reviewed and put to use the results of counsel's review of these productions.

- We prepared for and participated in defending motions to dismiss.

- We prepared for and took Rule 30(b)(1), 30(b)(6), and are preparing for expert depositions.

- We participated extensively in all settlement negotiations.

974418.6                                     5

- We prepared motions for preliminary and final approval of settlements in this case, and we helped prepare and execute the class notice and claims administration program for the settlements.

- We have responded to many inquiries from class members regarding the proposed settlements as well as settlement and claims administration.

- We have also performed an extensive amount of work to position this case for class certification, including: regular exchanges with Dr. Mangum, his team, and OSKR throughout their review and analysis of Defendants' data and Dr. Mangum's preparation of his report; and drafting a motion for class certification.

13. All of these actions by my firm are through February 28, 2022, the cutoff for time submitted in support of this petition. As noted in our motion, we will continue to devote ourselves and our resources to the successful prosecution of this case.

### CLASS COUNSEL'S TIME AND EXPENSE REPORTING TO INTERIM CO-LEAD COUNSEL

14. Among the Class Counsel firms, LGN is responsible for collecting all Class Counsel's contemporaneously-prepared attorney and paralegal time and expense reports.

15. As part of Interim Co-Lead Counsel's submission in support of our appointment to the position, we submitted and the Court approved a Time and Expense Protocol. *See* ECF No. 105-1. We subsequently sent that time and expense protocol to all Class Counsel in November 2018, and thereafter as appropriate, and instructed them to abide by it. *See* Exhibit 1. We also provided each Class Counsel templates of the required Microsoft Excel reporting form.

16. The Time and Expense Protocol requires each firm to contemporaneously record and transmit to us each month, via email, a detailed, task-based spreadsheet with their time entries. The reports contain a chronological listing of time reported for work

974418.6                                        6

performed by attorneys and paralegals in specified activity categories, a complete and accurate categorization of work performed, the name and title of the person who performed the work, the hourly rate associated with each attorney and paralegal at the time the work was performed (*i.e.*, the professional's "historical" rate), and the firm's resulting lodestar reported for that month.

17. To control Class Counsel's lodestar, the Time and Expense Protocol instructed Class Counsel not to submit time for work not requested by Co-Lead Counsel, for duplicative work, reading and reviewing, preparing time and expense reports, routine clerical tasks, or for work related to any client not retained. Additionally, the Time and Expense Protocol required that each firm submit, via email, all litigation-related expenses incurred by the firm for the month. Finally, time included in this fee petition that was spent on first-tier document review has been capped at $350.00 per hour. Due to the risk that they might never be recovered, Class Counsel endeavored to keep expenses to a minimum.

18. To ensure that time and expense entries submitted by each firm are reported in a uniform matter, the Time and Expense Protocol requires that all reports be submitted to Co-Lead Counsel in a Microsoft Excel format, by the 20th day of each month for time and expenses incurred in the preceding month. This uniform, electronic monthly reporting facilitated our review of each firm's reports.

19. All monthly attorney and paralegal time and expense reports submitted to my firm by Class Counsel are retained and preserved on a computer server and on back-up media at LGN.

20. In preparing this petition, we asked all Class Counsel to review their monthly reported hours and expenses, and to submit a declaration attesting to the total of their allowed time and expenses incurred through February 28, 2022.

### Class Counsel's Total Recorded Lodestar

21. Attached as Exhibits 2-15, and also the concurrently filed Declaration of Bobby Pouya ("Pouya Decl.") on behalf of PSW, are those declarations from Class Counsel attesting that the time and expenses they reported to Interim Co-Lead Counsel are true, accurate, and comply with the Time and Expense Protocol. Each declarant also identifies the attorneys and paralegals from the firm that have worked on the case and submitted time in the monthly reports, and the historic hourly rates for each professional that have submitted time.

22. The schedule attached hereto as Exhibit 16 is a detailed summary of the time spent by the partners, attorneys and other professional support staff of my firm who were involved in this litigation, and the lodestar calculation based on my firm's historic billing rates from inception through February 28, 2022. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm. The hourly rates for the partners, attorneys and professional support staff in my firm included in Exhibit 16 are our usual hourly rates customarily charged and routinely awarded in litigation of this nature.

23. As detailed in Exhibit 16, the total number of hours my firm expended on this litigation from inception through February 28, 2022 is 24,486.40 hours. The total

lodestar for my firm is $10,524,046.00. My firm's lodestar figures are based on the firm's historic billing rates.

24. PSW's detailed time reporting is attached as Exhibit 1 to the Pouya Declaration.

25. LGN and PSW, as Interim Co-Lead Counsel, were subject to the same rigorous guidelines and standards as other Class Counsel and have strictly abided by the Court's approved time reporting protocols.

26. Attached as Exhibit 17 is a summary chart with lodestar figures for attorney and paralegal time reported by each firm for their efforts on behalf of the Class from inception of the litigation through February 28, 2022. The total lodestar figure for each firm is reflected in the right-hand column of the chart, and at the end of that column is the combined lodestar for all firms. Based on the data available to me and my firm, I hereby attest that the lodestar amounts reported in Exhibit 17 accurately reflect the data reported to us by Class Counsel. The underlying data is available for the Court's *in camera* review, if requested.

27. Based on the contemptuous time records, Class Counsel have reported 47,519.75 hours of professional time expended for the benefit of the Class through February 28, 2022. This represents a lodestar of $23,011,696.75 using Class Counsel's historic hourly rates. All Class Counsel performed this work on an entirely contingent basis.

28. Awarding a $33,954,766.66 fee (33 1/3% $101,864,300 Settlement Fund) would result in a conservative multiplier of 1.48 on such a lodestar.

**Expenses Incurred on Behalf of the Class**

29. In notifying Class members of the Settlements, Class Counsel informed Class members that they would seek repayment of current and ongoing litigation expenses in an amount not to exceed $5 million. *See* ECF No. 1208, Exhibit A (Long Form Notice). As described below, Class Counsel have incurred reasonable and necessary expenses totaling $2,505,505.75, which includes Class Counsel Expenses and Litigation Fund Expenses.

30. The reasonable and necessary Class Counsel incurred consist of the following two categories of expenses: (1) Class Counsel reported expenses, which are expenses incurred individually by Class Counsel firms since the inception of this case through February 28, 2022 ("Class Counsel Expenses"), and (2) common cost litigation fund expenses, which are expenses incurred from creation of the Litigation Fund[2] by Class Counsel through April 30, 2022 ("Litigation Fund Expenses"). The chart below summarizes the amount sought in this petition for each category of expense:

| Expense Category | Amount |
|---|---:|
| Class Counsel Expenses | $58,141.22 |
| Litigation Fund Expenses | $2,447,364.53 |
| **Total** | **$2,505,505.75** |

---

[2] On behalf of all Class Counsel, my firm established, monitored, and administered a common cost litigation fund ("Litigation Fund") from which to pay litigation costs incurred for the case overall in its prosecution. The Litigation Fund is used to pay ongoing litigation expenses on behalf of the Class in this matter. The Litigation Fund initially was funded and is replenished as required by assessment payments from Class Counsel. To avoid any double counting, individual firms' request for reimbursement of their recorded expenses do not include their assessment payments to the Litigation Fund. Instead, those assessment payments are accounted for in Class Counsel's request for reimbursement of expenses incurred by the Litigation Fund.

31. <u>Class Counsel Expenses</u>. Class Counsel have incurred $58,141.22 in reasonable and necessary litigation expenses on behalf of the Class for which they now seek reimbursement. This total is based on monthly expense reports submitted to Interim Co-Lead Counsel for the period from inception through February 28, 2022. The total expenses described in this Declaration, overall and by category, include expenses incurred separately by all Class Counsel. The allowed expense categories were contained in the Time and Expense Protocol sent to all Class Counsel by Interim Co-Lead Counsel, shortly after this litigation was commenced.

32. As detailed in Exhibit 18, my firm has incurred a total of $17,308.25 in unreimbursed Class Counsel Expenses during the period from inception through February 28, 2022 in connection with the prosecution of this litigation. The expenses my firm incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred.

33. PSW's detailed expense reporting is attached as Exhibit 2 to the Pouya Declaration.

34. LGN and PSW, as Interim Co-Lead Counsel, were subject to the same rigorous guidelines and standards as other Class Counsel and have strictly abided by the Court's approved expense reporting protocols.

35. Exhibit 19, attached hereto, summarizes the Class Counsel Expenses reported as having been incurred by all Class Counsel and paid by those firms through February 28, 2022; excluding those expenses paid out of the Litigation Fund (*see infra* ¶¶

36-37). These expenses include categories such as online legal research, travel, shipping and mailing, and document imaging and copying. Outside of the expenses incurred by Interim Co-Lead Counsel (which include some early expert and consultant fees incurred before the Litigation Fund was established), the primary expenses incurred by Class Counsel relate to preparing for and attending depositions and hearings (*e.g.*, travel, exhibit copy, and exhibit shipping expenses) and legal research (*e.g.*, Westlaw charges). Class Counsel have disclosed and identified their costs separately in their declaration for reimbursement accompanying this motion (*see* Exhibits 2-15 (Non-Co-Lead Firm Declarations), Exhibit 18 (LGN); Pouya Decl. Exhibit 2 (PSW)) and have thereby attested to the reasonableness and accuracy thereof.

36. <u>Litigation Fund Expenses</u>. All expenses paid from the Litigation Fund were reasonably incurred and necessary to the prosecution of this case. The recorded costs and expenses incurred by Class Counsel since the inception of this case and paid by the Litigation Fund are itemized in Exhibit 20 attached hereto and total $2,447,364.53. These expenses are for the time period from the inception of the case through April 30, 2022.[3]

37. The Litigation Fund costs summarized in Exhibit 20 fall into nine categories: (1) Investigators & Consultants, (2) Experts, (3) Document Scanning & Copying Services, (4) Document Database Vendor, (5) Mediators, (6) Phone Records Vendor & Subpoena

---

[3] Settlement administration costs up to $900,000 (*see* ECF Nos. 543-1 ($500,000, JBS Settlement Agreement), 831-2 ($400,000, Smithfield Settlement Agreement)) were previously approved by the Court (*see* ECF Nos. 838 (JBS Final Approval Order), 1154 (Smithfield Final Approval Order) to be paid out of the respective escrow accounts, and are therefore not included in this reimbursement request. The settlement administration costs incurred through April 30, 2022 total $348,520.15.

974418.6                                              12

Costs, (7) Deposition Costs, (8) Court Fees & Service Costs, and (9) Miscellaneous Costs. Each of these categories is described in further detail below.[4]

37.1 *Investigators & Consultants*: Class Counsel have engaged various investigators, industry consultants, economic consultants, and e-discovery consultants to assist them in investigating and litigating this case. These costs were necessary to investigate the case, confirm and bolster the allegations in the complaints, analyze various data relating to the Pork market, and assist in resolving complex e-discovery collection and search issues. Through April 30, 2022, Class Counsel have incurred $36,135.71 for the services of investigators and consultants.

37.2 *Experts*: Class counsel have engaged the services of a testifying expert economist (Dr. Russell Mangum) as well as Dr. Mangum's team, and a prominent economic analyst firm (OSKR) to assist him and his team in standardizing and processing substantial amounts of data in preparation for class certification and merits expert work. Through April 30, 2022, Dr. Mangum and OSKR's reasonable and necessary expenses total $2,186,108.20.

37.3 *Document Scanning & Copying Services*: Class Counsel have engaged a number of document copying and scanning vendors to scan documents from named representatives for production to Defendants, as well as scanning of documents

---

[4] Upon request by the Court, Class Counsel will provide the Court further detail and documentation concerning any category, but requests that such information be submitted *in camera* to protect Class Counsel's work product from disclosure to Defendants.

made available by Defendants in this litigation. The total cost for these services through April 30, 2022 are $17,671.17.

37.4  *Document Database Vendor*: In connection with discovery in this case, Class Counsel retained a vendor with expertise in designing and maintaining electronic databases ("Document Database Vendor"). Plaintiffs' Document Database Vendor provided a database that enabled Class Counsel to search, review, analyze, and code a database with more than 3.4 million documents and other records produced by Defendants and various third parties. The review, analysis, and coding of documents has been integral to Class Counsel's efforts relating to fact and expert discovery. The Document Database Vendor's product also included a technology-assisted review ("TAR") tool that increased the accuracy of the review and decreased the percent of the overall documents it was necessary to have manually reviewed by attorneys. Through April 30, 2022, Class Counsel have received invoices from the Document Database Vendor totaling $152,802.06.

37.5  *Mediators*: In connection with the JBS Settlement, Class Counsel engaged the services of prominent mediator Eric Green. Through April 30, 2022 Class Counsel have spent $14,575.00 for mediators.

37.6  *Phone Records Vendor & Subpoena Costs*: Another critical element of Class Counsel's discovery effort has been the services provided by a vendor that has expertise in processing and analyzing phone records ("Phone Records Vendor"). Class Counsel obtained the phone records of Defendants' employees pursuant to subpoenas to phone service providers such as AT&T and Verizon. These phone records were provided

to Plaintiffs' Phone Records Vendor, who in turn analyzed the data and provided Class Counsel with information establishing an extraordinary number of direct inter-company communications – phone calls and text messages – between Defendants' employees. The review and analysis of Defendants' phone records has been integral to Class Counsel's discovery efforts and proving Defendants engaged in unlawful conduct. Through April 30, 2022, Class Counsel have incurred costs totaling $17,085.98 from the Phone Records Vendor, and $7,245.00 in connection with the production of records by the phone service providers who charge a fee for obtaining the phone records. Therefore, in total, the cost for the Phone Records Vendor & Subpoena Costs category through April 30, 2021 is $24,330.98.

    37.7 *Deposition Costs*: Another critical element of fact and expert discovery has been the depositions taken by all parties. Class Counsel and Defendants retained separate vendors with expertise in providing deposition transcription services in complex antitrust litigation ("Deposition Vendors"). Deposition Vendors have assisted with the logistics of arranging depositions of Defendants (and soon third parties) around the country, including arranging for deposition conference space when necessary. Deposition Vendors were also tasked with the responsibility of providing the parties with a virtual platform to address the need to conduct depositions remotely due to the pandemic. The services provided by the Deposition Vendors have been critical to Class Counsel's efforts to prosecute Plaintiffs' claims. Through April 30, 2021, for deposition-related costs Class Counsel have incurred a total of $14,025.75.

37.8   *Court Fees & Service Costs*: In the course of filing the complaint, serving the complaint, obtaining hearing transcripts, and serving various subpoenas in this matter, Class Counsel have incurred costs. These costs were necessary to litigate this case. In total, costs for court fees and service through April 30, 2022 are $725.75.

37.9   *Miscellaneous Costs*: One miscellaneous cost has been incurred through April 30, 2022, which is the cost of printing checks for the Litigation Fund to permit payment of expenses. In total, Miscellaneous Costs through April 30, 2021 are $990.09.

38.   Therefore, the total amount of incurred litigation expenses is $2,505,505.75 (*i.e.*, the total of categories 1 and 2 above (¶ 30)).

## Future Expense Reserve Fund

39.   In addition to the already-incurred litigation expenses, Class Counsel requests that the Court approve payment of $2,494,494.25 in ongoing and future litigation expenses. As with the already-incurred litigation expenses, these funds will only be used for reasonable expenses incurred in the ongoing litigation against the remaining Defendants. Many of the costs described above and in the accompanying attorney declarations are not one-time expenses; they are ongoing. Six Defendants remain in the case, fact discovery continues through September 1, 2022, class certification motion practice is well underway, expert merits discovery will soon begin, followed by potential *Daubert* motion practice, dispositive motion practice and, absent acceptable settlements with the remaining Defendants, trial. *See* ECF Nos. 658, 65. The same and similar expenses

will be incurred as DPPs continue to prosecute this case, and they also will be reasonable and necessary to support this litigation.

40. In any future petition for reimbursement of expenses, or at the Court's request, Interim Co-Lead Counsel will provide an accounting to the Court of their payment of future costs from this award. If funds from this requested award of future expenses are not fully used by the time the case is resolved in its entirety, Interim Co-Lead Counsel will so report to the Court at that time and propose a method to return any such remaining funds to the benefit of the Class.

41. The sum of the litigation expenses already incurred ($2,505,505.75, *see* ¶ 38) and the request for ongoing and future litigation expenses ($2,494,494.25) is $5 million. This amount is equal to the amount that was included in the notice to the Class (up to $5 million, *see* ECF No. 1208, Exhibit A (Long Form Notice)).[5]

### CLASS REPRESENTATIVES' CONTRIBUTION TO THE DEVELOPMENT AND PROSECUTION OF THIS CASE

42. The four Class Representatives in this case are: Maplevale Farms, Inc.; John Gross and Company, Inc.; Ferraro Foods, Inc. and Ferraro Foods of North Carolina, LLC; and Olean Wholesale Grocery Cooperative, Inc.[6] Their help was instrumental to this

---

[5] If the Court wishes to employ here the same methodology used in the CIIPPs' award, a 33 1/3% fee of the Settlement Fund net of settlement administration costs ($348,520.15) and the requested future litigation expenses ($2,494,494.25) would be $33,007,095.20. Awarding such a fee would result in a conservative multiplier of 1.43 (*see* ¶ 27 above).

[6] On April 1, 2022, a fifth Class Representative, Joe Christiana Food Distributors, Inc., filed with the Court a Stipulation of Voluntary Dismissal of Claims with Prejudice. *See* ECF 1246.

outstanding result and, in Interim Co-Lead Counsel's judgment, deserving of a service award.

43. Throughout this litigation, the Class Representatives advised Class Counsel and approved pleadings, reviewed and responded to written discovery, searched for, gathered, preserved, and produced documents, will prepare for and sit for depositions, kept up to date on the progress of the case, and performed other similar activities.

44. The work they have performed and their contributions to the case to date is detailed in their declarations in support of DPPs' Motion for Class Certification, and can be found at ECF Nos. 1322-4 to 1322-7.

45. The Class Representatives were never promised that they would receive any additional compensation for leading the case; rather, they devoted their time and efforts solely to recovery some portion of their own overcharges and to enable other Class members to recover theirs. The time and effort devoted by Class Representatives was instrumental in obtaining a phenomenal result for DPPs, and it should be recognized.

\* \* \*

46. My firm has demonstrated expertise in managing complex class actions and, I respectfully submit, we have demonstrated our experience and commitment in this case. We have devoted substantial resources to prosecuting this case, and we will continue to do so to achieve a successful resolution for the DPP Class.

/ / /

/ / /

/ / /

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 13th day of May, 2022 at Minneapolis, Minnesota.

<u>*/s/ W. Joseph Bruckner*</u>
W. Joseph Bruckner