UNITED STATES DISTRICT COURT
DISTRICT COURT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>THE DIRECT PURCHASER PLAINTIFF ACTION | Case No. 18-cv-01776 (JRT-HB)<br><br>Honorable John R. Tunheim<br><br>**DECLARATION OF BOBBY POUYA IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR INTERIM PAYMENT OF ATTORNEYS' FEES, CURRENT AND ONGOING LITIGATION EXPENSES, AND SERVICE AWARDS** |

974423.3                                         1

I, Bobby Pouya, declare and state:

1. I am an attorney licensed to practice in the State of California and have been admitted to practice in several courts across the country, including this Court *pro hac vice*. I am a partner of the law firm Pearson, Simon & Warshaw, LLP ("PSW"), Interim Co-Lead Class Counsel for the Direct Purchaser Plaintiff Class ("DPPs" or "Plaintiffs") in this litigation, along with Lockridge Grindal Nauen P.L.L.P. ("LGN"). I make this declaration in support of the accompanying Direct Purchaser Plaintiffs' Motion for Interim Payment of Attorneys' Fees, Current and Ongoing Litigation Expenses, and Service Awards. I have personal knowledge of the facts in this declaration and could competently testify to them if called as a witness.

2. This Court appointed LGN and PSW as Interim Co-Lead Counsel for DPPs and the DPP Class in this litigation (*see* ECF No. 149), and also Settlement Class Counsel for the JBS and Smithfield Settlements (*see* ECF Nos. 631 and 838 (JBS Preliminary and Final Approval Orders); 870 and 1154 (Smithfield Preliminary and Final Approval Orders)). Before and since those appointments, our firms have committed thousands of hours of work to develop and advance this complex case.

3. PSW and LGN have served as Interim Co-Lead Counsel on behalf of the DPPs throughout the course of this litigation. The work performed, fees incurred, and costs paid from the litigation fund by Co-Lead Counsel, as well as other DPP class counsel, are generally set forth in the Motion and the concurrently filed Declaration of W. Joseph Bruckner. To avoid duplication, this declaration primarily focuses on the work performed by PSW as Interim Co-Lead Counsel.

974423.3                                      2

4.       In November 2018, shortly after this litigation was commenced, Interim Co-Lead Counsel sent all Class Counsel the Court's approved time and expense reporting protocols. During the course of this litigation, PSW has abided by these protocols as we have performed work, incurred expenses, and submitted monthly reports of our time and expenses. PSW's submission of its compensable time and reimbursable expenses in this Declaration and its exhibits comports with these Court-approved time and expense reporting protocols.

5.       In this role as Co-Lead Counsel, PSW has performed a considerable amount of work and incurred substantial expenses over the course of more than three years without any compensation. These efforts have resulted in the recovery of over $101 million for the DPP Class to date. PSW will continue to fulfill its duties as Interim Co-Lead Counsel and vigorously prosecute this matter on behalf of the DPP Class through the close of the case.

6.       As the Court is aware, this is a complex litigation which includes 8 sets of defendants, 3 sets of class plaintiffs, and dozens of direct action plaintiffs. As of the date of this declaration, there are over 1,300 docket entries in the litigation. In addition to the typical effort required to manage a case of this complexity, the case management efforts in this case were increased the impact of the COVID-19 public health crisis on the case schedule.

7.       PSW has been directly involved in the management of the entire case and participated in all facets of the litigation from inception through the present. In addition to directly performing numerous projects as set forth below, PSW was responsible for ensuring that the work performed by firms other than Interim Co-Lead Counsel was done

effectively and efficiently. During the period from case inception through February 28, 2022, PSW worked on projects in the following phases of the case:

- Prior to the inception of the lawsuit on June 29, 2018, PSW worked on the research and preparation of the DPP class action complaint.

- Once the lawsuit was filed, PSW worked with its co-counsel to organize the case, which included preparing a leadership structure and initial case management schedule.

- PSW worked with co-counsel to prepare the DPP consolidated amended complaints, which required additional research and investigation in anticipation of Defendants' motions to dismiss.

- PSW prepared the briefing in opposition to the numerous motions to dismiss filed by the Defendants, which required hundreds of pages of briefing. The Court generally denied Defendants' motions to dismiss in an 87-page opinion dated October 20, 2020. (ECF No. 520.)

- Prior to the ruling on Defendants' motions to dismiss, PSW worked on numerous projects to ensure that this case would proceed expeditiously once full discovery commenced. These projects included negotiating and preparing relevant discovery protocols; preparing discovery request to the defendants as well as third parties such as trade associations, co-conspirators, and industry participants; negotiating with Defendants and third parties regarding their discovery responses and the scope of discovery in the case; preparing motions and pleadings regarding discovery disputes; and court appearances regarding discovery disputes and case management issues.

- After the Court denied Defendants' motions to dismiss, PSW focused on discovery relating to class certification and the merits of the case. Discovery in this case has been extensive and voluminous, involving the production of more than 3.4 million documents and dozens of depositions of defendants' witnesses (with over 100 planned).

- PSW has been directly responsible for a number of discovery projects including, reviewing documents produced in the case for the purpose of depositions, class certification, and the merits phase of the case; and preparing for and participating in depositions on behalf of the DPP Class. In addition to these tasks, PSW and Interim Co-Lead Counsel were responsible for managing the discovery process, which

       included preparing deposition protocols; deposition scheduling, assignments and preparation; training and quality control for the document review; and other projects necessary to ensure that the various pending discovery projects were conducted properly.

- PSW worked on negotiating, preparing and obtaining approval for each of the settlements that have been obtained to date with JBS ($24,500,000) and Smithfield ($83,000,000). The efforts relating to each of these settlements—which have been detailed in the respective preliminary and final approval motions—included mediations and direct settlement discussions, the preparation and negotiation of the settlement documents, obtaining preliminary and final approval of the settlements, supervising the notice dissemination and addressing notice related issues, and responding to Class member inquiries.

- PSW prepared the DPPs' motion for class certification, which was filed on May 2, 2022. (ECF No. 1320.) The motion required substantial legal research and was supported by thousands of pages of evidence.

- PSW has also performed extensive work with the economic experts who played a prominent role in in this antitrust class action. This included multiple meetings with the expert team regarding the scope of their analysis, work they have performed, and information needed to complete their tasks. A substantial amount of work was required by PSW to seek the data and discovery for the expert team to conduct their analysis. In addition to obtaining the necessary documents, numerous letters were exchanged with defense counsel to help understand the structured data produced in the case. The economic expert work in support of the DPP motion for class certification is set forth in the report of Russell W. Mangum III, Ph.D.

8. Throughout the course of this litigation, PSW has maintained contemporaneous billing records. In preparing this declaration PSW conducted a further review of its billing records to ensure accuracy.

9. The summary attached hereto as Exhibit 1 is a detailed report indicating the amount of time spent and the respective lodestar of the partners, attorneys and other professional support staff of PSW for the work performed in this case. The lodestar

974423.3

5

calculation is based on PSW's historic hourly billing rates, except for work done on first tier document review which is capped at $350 per hour, from case inception through February 28, 2022.

10. The total number of hours expended on this litigation by PSW from case inception through February 28, 2022, is 14,022.70 hours. The total lodestar for PSW is $8,068,107.50. The hourly rates for the partners, attorneys and professional support staff are the same as the usual and customary hourly rates charged for their services in contingent billable matters. The hourly rates for PSW have been approved by courts in multiple other class action lawsuits across the country and in this District. The total hours was determined by the examination of contemporaneous, daily time records regularly prepared and maintained by PSW.

11. The expenses incurred in this action are reflected on the books and records of PSW. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred. Prior to submitting this declaration my firm conducted a further review of our expense records, to ensure accuracy.

12. As detailed in Exhibit 2, my firm has incurred a total of $29,095.19 in unreimbursed litigation expenses during the period from case inception through February 28, 2022. These expenses do not include my firm's assessment payments to the common cost litigation fund maintained by Interim Co-Lead Counsel, which are reflected in the concurrently filed declaration of W. Joseph Bruckner.

13. My firm has demonstrated expertise in managing complex class actions and, I respectfully submit, we have demonstrated our experience and commitment in this case. We have devoted substantial resources to prosecuting this case, and we will continue to do so to achieve a successful resolution for the DPP Class

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 13th day of May, 2022 at Sherman Oaks, California.

*/s/ Bobby Pouya*
Bobby Pouya
