UNITED STATES DISTRICT COURT
DISTRICT COURT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>THE DIRECT PURCHASER PLAINTIFF ACTION | Case No. 18-cv-01776 (JRT-HB)<br><br>Honorable John R. Tunheim<br><br>**[PROPOSED] ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR INTERIM PAYMENT OF ATTORNEYS' FEES, CURRENT AND ONGOING LITIGATION EXPENSES, AND SERVICE AWARDS** |

This Court, having considered Direct Purchaser Plaintiffs' Motion for Interim Payment of Attorneys' Fees, Current and Ongoing Litigation Expenses, and Service Awards (the "Motion") and the Memorandum of Law in support thereof (the "Memorandum"), after a duly noticed hearing, hereby finds that interim payments of (i) attorneys' fees, (ii) current and ongoing litigation expenses, and (iii) service awards are appropriate under Federal Rules of Civil Procedure 23(h) and 54(d)(2).

### Attorneys' Fees

1. The Motion seeks an interim award of attorneys' fees of $33,954,766.66, representing 33 1/3% of the $101,864,300.00 Settlement Fund that comprises the settlement payments paid into escrow by the Settling Defendants. The Court **GRANTS** this request because the amount is fair and reasonable under the percentage-of-the-fund method, which is confirmed by a lodestar "cross-check," and well within the range allowed by courts in this District.

974359.4

1

2.	The Court will award fees to counsel for the DPPs using the percentage-of-the-fund approach. "A routine calculation of fees involves the common-fund doctrine, which is based on a percentage of the common fund recovered." *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 991 (D. Minn. 2005) (citing *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984)); *see also In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002)); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."). "In the Eighth Circuit, use of a percentage method of awarding attorney fees in a common-fund case is not only approved, but also 'well established.'" *In re Xcel*, 364 F. Supp. 2d at 991 (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999); *see also Khoday v. Symantec Corp.*, No. 11-180, 2016 WL 1637039, at *8-9 (D. Minn. April 5, 2016) (JRT/TNL).

3.	When using the percentage-of-the-fund approach, the Court considers seven factors: "(1) the benefit conferred on the class; (2) the risk to which plaintiffs' counsel was exposed; (3) the difficulty and novelty of the legal and factual issues of the case; (4) the skill of the lawyers, both plaintiffs' and defendants'; (5) the time and labor involved; (6) the reaction of the class; and (7) the comparison between the requested attorney fee percentage and percentages awarded in similar cases." *Khoday*, 2016 WL 1637039, at *9 (quoting *Yarrington* v. Solvay Pharms., Inc., 697 F. Supp. 2d 1057, 1062 (D. Minn. 2010)); *see also In re Xcel*, 364 F. Supp. 2d at 993. When applied here, these factors indicate that the fee requested is fair.

(a) <u>Counsel Secured Valuable Benefits for DPPs</u>. The cash Settlements, totaling over $101 million, are coupled with meaningful cooperation that will assist in the prosecution of the claims against the non-settling Defendants. None of the money will revert to the Settling Defendants or to a *cy pres* designee, and the cooperation terms of the settlement provide significant value to the DPPs. *See, e.g.*, *In re Packaged Ice Antitrust Litig.*, No. 08-01952, 2010 WL 3070161, at *6 (E.D. Mich. Aug. 2, 2010); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 584 F. Supp. 2d 697, 702 (M.D. Pa. 2008). Fee awards in antitrust actions also provide a public benefit. There is a "need in making fee awards to encourage attorneys to bring class actions to vindicate public policy (*e.g.*, the antitrust laws) as well as the specific rights of private individuals." *In re Folding Carton Antitrust Litig.*, 84 F.R.D. 245, 260 (N.D. Ill. 1979); *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 534 (E.D. Mich. 2003) ("Society also benefits from the prosecution and settlement of private antitrust litigation."). Society benefits when those who have violated laws fostering fair competition and honest pricing are required to reimburse affected consumers in civil proceedings. *See Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 635 (1977); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 122 (2d Cir. 2005) ("[I]t is especially important to provide appropriate incentives to attorneys pursuing antitrust actions because public policy relies on private sector enforcement of the antitrust laws.").

(b) <u>Plaintiffs' Counsel Assumed Considerable Risk</u>. Counsel for the DPPs assumed considerable risk by pursuing this case on a contingent basis, advancing the costs of the litigation, and preparing for trial without a guaranteed recovery. *See Khoday*, 2016 WL 1637039, at *9; *In re Xcel*, 364 F. Supp. 2d at 994-95; *Yarrington*, 697 F. Supp.

974359.4                                             3

2d at 1062-63. The Defendants have vigorously defended the claims and antitrust litigation is inherently expensive and complex. Counsel for the DPPs risked recovering nothing in this litigation. "[W]ithin the set of colorable legal claims, a higher risk of loss does argue for a higher fee." *In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 746 (7th Cir. 2011). The risk undertaken by counsel for the DPPs supports the requested fee award. *See Khoday*, 2016 WL 1637039, at *9; *In re Xcel*, 364 F. Supp. 2d at 994-95; *Yarrington*, 697 F. Supp. 2d at 1062-63.

(c) <u>The Difficulty and Novelty of the Legal and Factual Issues of the Case</u>. Antitrust class actions are inherently complex. *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d at 639 ("An antitrust class action is arguably the most complex action to prosecute. The legal and factual issues involved are always numerous and uncertain in outcome." (citations and internal quotation marks omitted)). This litigation presents challenging legal and factual issues and this factor also supports the fee requested.

(d) <u>Skill and Experience of Counsel</u>. Both counsel for the DPPs and the Settling Defendants are experienced and skilled antitrust counsel. This factor also supports the requested fee. *See Khoday*, 2016 WL 1637039, at *10; *In re Xcel*, 364 F. Supp. 2d at 995-96; *Yarrington*, 697 F. Supp. 2d at 1063; *In Re Polyurethane Foam Antitrust Litig.*, No. 10-2196, 2015 WL 1639269, at *7 (N.D. Ohio Feb. 26, 2015); *In re Packaged Ice Antitrust Litig.*, 08-01952, 2011 WL 6209188, at *19 (E.D. Mich. Dec. 13, 2011).

(e) <u>The Time and Labor Involved</u>. Counsel working on behalf of the DPPs invested thousands of hours to achieve these Settlements. The litigation has already lasted more than three years and has and will require significant time and labor. This factor

supports the requested fee.

(f)     The Reaction of the Class. Notice was provided to the Settlement Class members via direct and published notice and a settlement web site that identified relevant documents and pleadings. The Court has considered the reaction of the Settlement Class members to this Motion, and finds that the fee is supported.

(g)     Comparison with Percentages Awarded in Similar Cases. Courts in this District routinely approve attorneys' fees in class actions of at least one-third of the common fund created for the settlement class. *See Khoday*, 2016 WL 1637039, at *11; *Yarrington*, 697 F. Supp. 2d at 1064 (noting that awards between 25 and 36 percent of a common fund are common); *In re Xcel*, 364 F. Supp. 2d at 998 (collecting cases routinely approving fee awards of 33 percent); *Carlson v. C.H. Robinson Worldwide, Inc.*, No. 02-3780, 2006 WL 2671105, at *8 (D. Minn. Sept. 18, 2006) (approving a fee award representing 35 1/2 percent of the settlement fund).

4.     Therefore, an interim award of $33,954,766.66, or 33 1/3% of the Settlement Fund, as attorneys' fees is reasonable and warranted for the reasons set forth in the Memorandum, including the following: the outstanding result obtained for the Class—payment by Settling Defendants of $101,864,300.00; the quality of work product and quantity of work performed by Class Counsel, including extensive motion practice, substantial discovery efforts, and mediation, all involving complex issues of fact and law that were zealously litigated since 2018; and the risks faced throughout the litigation, which existed from the outset and will continue beyond settlement given that there remain six Defendants.

5.     Although not required, courts may apply a lodestar "cross-check" on the reasonableness of the fee calculated as a percentage of the fund. *Keil v. Lopez*, 862 F.3d 685, 701 (8th Cir. 2017). A cross-check of the lodestar incurred by counsel for the DPPs indicates that the fee requested constitutes fair and reasonable compensation for the risks assumed, the work done, and the benefits achieved for the members of the Settlement Class. The Court finds that Class Counsel's lodestar as of February 28, 2022, based on historical hourly rates, is reasonable. Class Counsel's requested fee award of $33,954,766.66 represents a multiplier of 1.48 based on their historical hourly rates through February 28, 2022. This multiplier is especially reasonable considering the complexity of this litigation, the result achieved for the Settlement Class members, the risks assumed by counsel for the DPPs, and the work remaining to be done on the case and for which fees may or may not be available. *See, e.g.*, *Khoday*, 2016 WL 1637039, at *11 (multipliers typically range between two and five); *In re St. Paul Travelers Sec. Litig.*, No. 14-3801, 2006 WL 1116118, at *1 (D. Minn. Apr. 25, 2006) (using a multiplier of 3.9). Class Counsel have continued to incur attorneys' fees since February 28, 2022 which are not included in this lodestar calculation.

6.     Interim Co-Lead Counsel for the DPPs are authorized to allocate the attorneys' fees awarded herein among counsel who performed work on behalf of the DPPs in accordance with Interim Co-Lead Counsel's assessment of each firm's contribution to the prosecution of this litigation.

### Current and Ongoing Litigation Expenses

7.     In addition to risking time and effort, Class Counsel advanced substantial

costs and expenses in connection with the prosecution of the litigation for the benefit of the Class with no ultimate guarantee of compensation. "It is well established that counsel who create a common fund like the one at issue are entitled to the reimbursement of litigation costs and expenses, which include such things as expert witness costs, mediation costs, computerized research, court reports, travel expenses, and copy, telephone, and facsimile expenses." *Krueger v. Ameriprise Fin., Inc.*, No. 11-2781, 2015 WL 4246879, at *3 (D. Minn. July 13, 2015).

8.  Through April 30, 2022, DPPs have incurred expenses in the total amount of $2,505,505.75, which have been reviewed and are now approved by the Court as reasonable and necessarily incurred in the litigation. *See, e.g.*, Fed. R. Civ. P. 23(h); *Khoday*, 2016 WL 1637039, at *12 ("Courts generally allow plaintiffs' counsel in a class action to be reimbursed for costs and expenses out of the settlement fund, so long as those costs and expenses are reasonable and relevant to the litigation."); *In re Zurn Pex Plumbing Prod. Liab. Litig.*, No. 08-1958, 2013 WL 716460, at *5 (D. Minn. Feb. 27, 2013); *Yarrington*, 697 F. Supp. 2d at 1067. The Court **GRANTS** this request.

9.  The Court further **GRANTS** the DPPs' request to establish a fund for future litigation expenses in the amount of $2,494,494.25. Allowing a portion of class settlement funds to be used for future expenses is a well-accepted practice. *See, e.g.*, *Newby v. Enron Corp.*, 394 F.3d 296, 302 (5th Cir. 2004) (affirming 37.5 percent set aside for establishment of a $15 million litigation expense fund from the proceeds of a partial settlement); *In re Auto Parts Antitrust Litig.*, No. 12-2311, 2018 WL 7108072, at *2 (E.D. Mich. Nov. 5, 2018); *In re Auto Parts Antitrust Litig.*, No. 12-2311, 2016 WL 9459355, at *2 (E.D. Mich.

Nov. 29, 2016) (approving request to set aside nearly $10 million for use in future litigation); *In re Auto Parts Antitrust Litig.*, No. 12-2311, 2015 WL 13715591, at *2 (E.D. Mich. Dec. 7, 2015); *In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. 07-5634, 2015 WL 3396829, at *3 (N.D. Cal. May. 26, 2015); *In re Pressure*, 584 F. Supp. 2d at 702; *In re WorldCom, Inc. Sec. Litig.*, No. 02-3288, 2004 WL 2591402, at *22 (S.D.N.Y. Nov. 12, 2004); *In re California Micro Devices Sec. Litig.*, 965 F. Supp. 1327, 1337 (N.D. Cal. 1997); *see also* Manual for Complex Litigation (Fourth) at § 13.21 ("[P]artial settlements may provide funds needed to pursue the litigation . . . .").

10. As indicated in the Memorandum, the future litigation expenses will only be used for reasonable expenses incurred in the ongoing litigation against the remaining Defendants. In any future petition for reimbursement of expenses, or at the Court's request, Interim Co-Lead Counsel will provide an accounting to the Court of their payment of future costs from this award. If the future litigation fund is not fully used, counsel for the DPPs shall first consult with the Court before returning the unused funds for distribution to Settlement Class members who filed valid claims.

11. The past litigation expenses incurred in the prosecution of this case shall be reimbursed from the Settlement Fund. The Court authorizes Interim Co-Lead Counsel to pay the future costs from the future litigation expense set aside fund.

### Service Awards

12. The Court also **GRANTS** the requested $25,000.00 service awards to each of the four named representatives. Courts routinely grant service awards for named plaintiffs. *See, e.g.*, *Yarrington*, 697 F. Supp. 2d at 1068 (upholding service awards and

recognizing that "unlike unnamed Class Members who will enjoy the benefits of the Settlement without taking on any significant role, the Named Plaintiffs [make] significant efforts on behalf of the Settlement Class and [participate] actively in the litigation"); *Zillhaver v. UnitedHealth Group, Inc.*, 646 F. Supp. 2d 1075, 1085 (D. Minn. 2009); *see also In re Xcel*, 364 F. Supp. 2d at 1000; *White v. Nat'l Football League*, 822 F. Supp. 1389, 1406 (D. Minn. 1993) (collecting cases).

13.  Each of the Class Representatives has remained apprised of the status of the litigation, actively participated in discovery including searching for and producing documents, preparing for depositions, and responding to written discovery, and engaged in other efforts necessary to fulfill their duties as Class Representatives. The Class Representatives took a risk both financial and otherwise in representing the Class in this lawsuit. *See Zillhaver*, 646 F. Supp.2d at 1085 (quoting *Koenig v. U.S. Bank*, 291 F.3d 1035, 1038 (8th Cir. 2002)); *In re CenturyLink Sales Prac. & Sec. Litig.*, No. 17-2795, 2020 WL 7133805, at *13 (D. Minn. Dec. 4, 2020). Such awards also compensate representative plaintiffs who "participated and willingly took on the responsibility of prosecuting the case and publicly lending their names to this lawsuit, opening themselves up to scrutiny and attention from both the public and media." *In re CenturyLink*, 2020 WL 7133805, at *13. The requested $25,000.00 award is reasonable when compared to awards issued by courts in this District.

14.  Interim Co-Lead Counsel for the DPPs are authorized to pay from the Settlement Fund $25,000.00 to each of these four entities: Maplevale Farms, Inc.; John

Gross and Company, Inc.; Ferraro Foods, Inc. and Ferraro Foods of North Carolina, LLC; and Olean Wholesale Grocery Cooperative, Inc.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

15. Therefore, upon consideration of the Motion and accompanying Memorandum, and based upon all matters of record in this action;

    1. Class Counsel are awarded interim attorneys' fees in the amount of $33,954,766.66, representing 33 1/3% of the $101,864,300.00 Settlement Fund.

    2. Class Counsel are awarded $5,000,000.00 in current and ongoing litigation expenses.

    3. The following Class Representatives shall each receive $25,000.00 as interim service awards: Maplevale Farms, Inc.; John Gross and Company, Inc.; Ferraro Foods, Inc. and Ferraro Foods of North Carolina, LLC; and Olean Wholesale Grocery Cooperative, Inc.

**IT IS SO ORDERED.**

DATED: _____

 

_____
Hon. John R. Tunheim
Chief Judge
United States District Court

974359.4