

**Brian Robison**
*Partner*
972-707-1809
brian@brownfoxlaw.com

May 24, 2022

The Honorable Hildy Bowbeer
Magistrate Judge, District of Minnesota
United States District Court
316 N. Robert Street
St. Paul, MN 55101

Re:   Confidentiality Redactions in the DAPs' Amended Complaints; *In re Pork Antitrust Litig.*, 0:18-cv-01776-JRT-HB

Dear Judge Bowbeer:

On April 29-30, 2022, nearly all of the Direct Action Plaintiffs ("DAPs") filed a total of 20 amended complaints. (ECF No. 1278-1317, including both sealed and redacted versions). In each of the amended complaints, the DAPs quoted excerpts from documents that a party or non-party had designated as either Confidential or Highly Confidential under the Protective Order. Because of those confidentiality designations, the DAPs had to file both a redacted version that is publicly available and a sealed version that is not redacted of each of their 20 amended complaints.

Pursuant to Local Rule 5.6, the DAPs and defendants now jointly seek the Court's direction on the procedure for the parties to follow as far as redactions in the 20 sealed DAP complaints. Local Rule 5.6(e) says: "A party who seeks leave of court to file a document under seal other than in connection with a motion under LR 7.1 or an objection under LR 72.2 must obtain direction from the court on the procedure to be followed."

The DAPs have advised that they take no position on whether the unredacted complaints should remain sealed because the redactions do not relate to the DAPs' confidential information; the redactions come solely from documents produced by the defendants and non-parties.

The defendants believe that the 20 unredacted, amended DAP complaints should remain sealed until the parties have had a chance to file a joint motion to continue sealing under Local Rule 5.6(d)(2). Even though Local Rule 5.6(d)(2) applies only to motions and there was no motion filed in connection with the DAPs' amended complaints, the defendants believe that Local Rule 5.6(d)(2) nevertheless provides a logical process for the parties to follow in addressing any remaining confidentiality issues arising from the amended DAP complaints. The defendants think this process could be concluded for all 20 amended DAP complaints by June 17.

If this proposal is acceptable to the Court, then the parties will proceed accordingly. As always, the parties are available to discuss any questions the Court may have.

Respectfully submitted,

*Brian Robison*

**Brian Robison**