

JAROD G. TAYLOR
90 STATE HOUSE SQUARE
HARTFORD, CT 06103
860.275.8109
JTAYLOR@AXINN.COM

June 7, 2022

VIA ECF

The Honorable John R. Tunheim
Chief United States District Judge
United States District Court for the District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

    Re:    *In re Pork Antitrust Litigation,* 0:18-cv-01776-JRT-HB
             Class Certification and Fact Discovery Deadlines

Dear Judge Tunheim:

    Defendants; Direct Purchaser Plaintiffs ("DPPs"), Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs"), and Consumer Indirect Purchase Plaintiffs ("CIPPs") (together, "Class Plaintiffs"); and Direct Action Plaintiffs (together with Class Plaintiffs, "Plaintiffs") in the above-captioned consolidated action hereby respectfully submit their positions regarding 1) Non-Settling Defendants' request to amend the January 26, 2021 Pretrial Scheduling Order (ECF No. 658) and the Order Amending the Pretrial Scheduling Order Regarding Class Certification Deadlines (No. 0:21-md-2998-JRT-HB, ECF No. 65) to provide a 45-day extension of the deadline for Defendants' oppositions to the motions for class certification and corresponding extensions of the remaining class-certification deadlines, and 2) Plaintiffs' request for an extension of the fact discovery deadline.[1]  The parties' respective positions are set forth below.

I.    DEFENDANTS' POSITION

    A.    The Court Should Extend the Remaining Class Certification Deadlines.

    Non-Settling Defendants request a 45-day extension of the deadline for their oppositions to Class Plaintiffs' motions for class certification, and a corresponding 45-day extension of all subsequent deadlines related to class certification.  Non-Settling Defendants initially proposed a 60-day extension of each deadline.  In response, Class Plaintiffs proposed 45-day extensions, and also requested an additional 30 days for their own replies.  Non-Settling Defendants agreed to both counterproposals.  The dates corresponding to those proposals and counterproposals,

---

[1] Because Class Plaintiffs have each reached settlements or settlements in principle with Defendants JBS USA Food Company (ECF Nos. 838, 990, 1007) and Smithfield Foods, Inc. (ECF Nos. 1115, 1262), JBS USA Food Company and Smithfield Foods, Inc. take no position on the remaining defendants' ("Non-Settling Defendants") request for an extension of the class-certification deadlines.

Honorable John R. Tunheim
June 7, 2022
Page 2

which Non-Settling Defendants respectfully ask the Court to order, are set out in the table below:

| Event | Current Deadlines | Proposed Deadlines |
|---|---|---|
| Defendants to File and Serve Daubert Motions to Exclude Expert Opinion Pertaining to Class Certification | June 30, 2022 | Aug. 15, 2022 |
| Defendants to File and Serve Memorandum in Opposition to Class Certification with Supporting Documents and Expert Reports | June 30, 2022 | Aug. 15, 2022 |
| Plaintiffs to File and Serve Daubert Motions to Exclude Expert Opinion Pertaining to Class Certification and Memoranda in Response to Daubert Motions | Aug. 29, 2022 | Nov. 28, 2022 |
| Plaintiffs to File and Serve Reply and Rebuttal Expert Report to Motion for Class Certification | Aug. 29, 2022 | Nov. 28, 2022 |
| Defendant to File and Serve Memoranda in Response to any Daubert Motions filed by Plaintiffs and their Reply ISO their Daubert Motions | Oct. 13, 2022 | Jan. 11, 2023 |
| Plaintiffs to File and Serve Reply Memoranda ISO Their Daubert Motions | Nov. 14, 2022 | Feb. 10, 2023 |

There is good cause for Non-Settling Defendants' request.  Class Plaintiffs requested, and obtained, a *three-month* extension of their initial deadline to file motions for class certification.  (*See* Order Am. Pretrial Scheduling Order re Class Cert. Deadlines, No. 0:21-md-2998-JRT-HB, ECF No. 65 (Jan. 10, 2022).)  Class Plaintiffs cited remaining depositions as good cause for their extension, and the same factor now applies to Defendants.  (*See* Stip. to Am. Pretrial Scheduling Order re Class Cert. Deadlines, No. 0:21-md-2998-JRT-HB, ECF No. 63 (Jan. 7, 2022).)  Despite Non-Settling Defendants' diligence in pursuing dates, depositions for a number of class representatives remain to be scheduled, and the others are scheduled to take place through June 26, a mere four days before Non-Settling Defendants' oppositions are currently due.  Similarly, and again despite Non-Settling Defendants' diligence, DPPs' expert is not scheduled to be deposed until June 17, with CIIPPs' expert to follow on June 21.  Defendants and their experts will need the additional time they are requesting to account for and incorporate the testimony from those depositions.

Additional time is also needed given the volume of material to which Defendants are responding.  On April 29, each of the three putative classes obtained permission to file memoranda in support of their motions that are double the default length under the District of Minnesota's local rules.  (Text-only Order, ECF No. 1274.)  Defendants and their experts must thus respond to over 150 pages' worth of legal memoranda and over 460 pages' worth of expert reports (excluding appendices and exhibits).

Defendants remain willing to meet and confer with both Class Plaintiffs and Direct Action Plaintiffs regarding an extension of fact discovery, but Defendants have confirmed now that the existing June 30 deadline for class certification is not workable.  Defendants therefore respectfully request that the Court enter an order amending the class-certification deadlines to

reflect the dates in the table above, while the Parties and the Court decide the length of any extension of fact discovery.

      B.      The Parties Should Continue to
                Meet and Confer on the Fact Discovery Deadline.

Although Class Plaintiffs stated they would agree to the extensions described above, they also stated they would agree only if the fact discovery deadline were also extended by 45 days. Since then, Direct Action Plaintiffs have made a separate request to extend the fact discovery deadline by "at least 60 days." The parties have not yet had an adequate opportunity to meet on confer on Plaintiffs' requests, and Defendants[2] request that the Court allow the parties to complete that process before ruling on this consequential issue, while extending the class certification deadlines now.

Defendants' first learned of Direct Action Plaintiffs' request to extend the fact discovery deadline during a meet and confer with Class Plaintiffs on Thursday, June 2. Direct Action Plaintiffs did not make a concrete proposal then, however, stating that they would seek an extension of somewhere between 60 and 75 days. And while counsel speaking for Direct Action Plaintiffs, Scott Gant, stated that he believed all Direct Action Plaintiffs would join the request, he acknowledged he could not confirm that at that point because he had not yet heard from all Direction Action Plaintiffs.

Because Defendants only recently received Direct Action Plaintiffs' request, and because of how potentially consequential their request is, Defendants likewise have not yet determined a uniform position on Direct Action Plaintiffs' request for an extension of two months or more. Defendants must consider issues including the extent to which *they* might need additional time to conduct discovery, if at all; the burden an extension would likely create in terms of additional discovery on Defendants; and whether and how to treat different Direct Action Plaintiffs differently based on when they joined the case. The parties should be given a chance to consider and discuss these issues and either come to resolution on their own, or present any remaining disputes to the Court once their positions and the issues in dispute have been solidified, at which time the Court would also have the benefit of full briefing on all relevant issues.

Class Plaintiffs initially requested a 45-day extension, but their request is now complicated by Direct Action Plaintiffs' request for an even longer extension. Additional time is therefore necessary for the parties to meet and confer on Class Plaintiffs' request as well. Regardless of the outcome of those discussions, there is no reason to make an extension of the class-certification deadlines contingent on delaying the fact discovery deadline.

That deadline is still months away. The deadline for Non-Settling Defendants' oppositions, in contrast, is a mere weeks away, and the parties need certainty on the schedule for class certification now to plan for the remaining class discovery. During the April 2 meet and confer, Class Plaintiffs could point to no specific discovery that they know they will need. Even in the worst-case scenario for Class Plaintiffs under their current request—Defendants receive an extension of the class-certification deadlines but the Court denies or Class Plaintiffs receive

---

[2] Defendant Smithfield Foods, Inc. consents to Direct Action Plaintiffs' request for an extension of the fact discovery deadline by at least 60 days. All other defendants join in the request to meet and confer regarding the extension of the fact-discovery deadline.

no ruling on an extension of the fact discovery deadline—Class Plaintiffs could still request to take specific, limited class discovery outside of the fact discovery period if and when they know what, if anything, they will actually need. There is no need to delay granting an extension of the impending class-certification deadlines while the parties (and, if necessary, the Court) consider an extension of the fact discovery deadline. Nor is there any need to rush a decision on the fact discovery deadline.

Defendants therefore respectfully request that the Court grant Non-Settling Defendants' request for an extension of the class-certification deadlines and order the parties to continue to meet and confer on Plaintiffs' request for an extension of fact discovery.

## II. CLASS PLAINTIFFS' POSITION

### A. If the Court Extends the Remaining Class Certification Deadlines, It Should Enter a Corresponding Extension of 45 Days for the Close of Fact Discovery.

Class Plaintiffs *conditionally* do not object to non-settling Defendants' request to extend the class certification briefing deadlines in the scheduling order. Class Plaintiffs agree to extend the class certification briefing deadlines on the condition that there be a corresponding extension of the close of fact discovery (i.e., a 45-day extension of the close of fact discovery from September 1 to October 17, 2022).[3] A corresponding extension of the fact discovery deadline is necessary to preserve sufficient spacing between Defendants' opposition to class certification (and supporting documents and expert reports) and the close of fact discovery.

Notably, this issue of sufficient spacing was already litigated and resolved by the Court in favor of the current structure that Class Plaintiffs now seek to maintain. Defendants previously argued that fact discovery should be completed before Class Plaintiffs moved for class certification. *See* Rule 26(f) Report 17, ECF No. 569 ("By requiring the completion of fact discovery first, defendants' schedule ensures that the parties' class briefs and expert reports, as well as the Court's class-certification decision, will be based on a fully developed factual record. Plaintiffs' schedule, on the other hand, improperly encourages premature analysis based on briefs and expert reports that will be submitted months before fact discovery is complete and risks significant prejudice to Defendants by forcing briefs to be submitted based on a shifting factual record."). The Court rejected that argument. *See* Tr. of Dec. 18, 2020 Rule 16 Conference 17:16-18 ("I'm inclined to agree conceptually with plaintiffs' view that . . . fact discovery doesn't need to be done before the cert motion gets brought.") (Bowbeer, M.J.); *see also* Pretrial Scheduling Order 3-4, ECF No. 658 (setting Defendants' opposition to class

---

[3] Class Plaintiffs' focus is 45 days because that corresponds to the proposed adjustment to the class certification schedule. That said, Class Plaintiffs do not oppose DAPs' request for a 60-day extension. Class Plaintiffs agree with the DAPs that more time to complete fact discovery is warranted regardless of any extension of the class certification briefing schedule. All Plaintiffs, collectively, have taken 27 out of a possible 80 Rule 30(b)(1) depositions of Defendants' current and former employees, as well as 8 third-party depositions. Plaintiffs have scheduled or requested dates for more than 20 of Defendants' current and former employees, and they are diligently identifying and requesting dates for any others. Plaintiffs may also take one Rule 30(b)(6) deposition of each Defendant family. Further, it often takes substantial time to schedule Rule 30(b)(1) depositions of Defendants' current and former employees. Some Defendants have indicated that certain witnesses have very limited availability this summer because of vacation and travel plans (e.g., Tyson and Hormel). And other Defendants have been slow to respond to requested dates for their witnesses (e.g., Triumph has taken close to a month just to provide dates).

certification for April 2022 and the close of fact discovery for September 1, 2022[4]). Defendants' current request to extend class certification briefing deadlines, but refusing now to agree to (or even discuss) a corresponding extension of the fact discovery deadline, is nothing more than an attempt to relitigate this issue.

Sound case management principles weigh in favor of maintaining at least two months between Defendants' opposition briefs and expert reports and the close of fact discovery. This ensures there will be time to serve targeted written discovery or obtain focused deposition testimony regarding any issues raised by Defendants or their experts that are critical to class certification or the merits. Because Plaintiffs have the burden of persuasion as to class certification, and ultimately the merits, then if the Court extends the class certification briefing deadlines as Defendants ask, the Court also should extend the fact discovery deadline as a matter of fundamental fairness. *See* Fed. R. Civ. P. 1 (rules shall be construed to "to secure the just . . . determination of every action and proceeding").

Contrary to Defendants' argument, the Court should decide now, and together, whether to extend class briefing deadlines and the fact discovery deadline. As discussed above, the two are inextricably intertwined. Nor is there time to wait. It is already June, and September 1 (the current fact discovery deadline) will approach rapidly. There is no guarantee the parties will agree to an informal dispute resolution process if Plaintiffs seek an extension of the discovery cutoff at a later time, and a formal motion to extend the close of fact discovery would need to be filed sooner rather than later simply to comply with the Court's standard briefing schedule. *See* D. Minn. L.R. 7.1.

Defendants' arguments against a corresponding extension of the fact discovery deadline are misplaced. First, the suggestion that Class Plaintiffs could *request* to take limited *class* discovery after the fact discovery deadline is no solution at all. Defendants' opposition briefs and expert reports may raise class or merits issues that require additional fact discovery to resolve. And there is no guarantee that Defendants would agree to such a request (Class Plaintiffs expect they would not). If Class Plaintiffs had to seek leave of Court to conduct additional discovery made necessary by Defendants' oppositions to class certification, that would cause delay and the unnecessary expenditure of the parties' and the Court's resources. The better solution is to instead maintain the current structure of the scheduling order by granting a corresponding extension of the fact discovery deadline.

Maintaining the current structure will not prejudice Defendants. A modest extension of the fact discovery deadline will not change the amount of general discovery for any party. Defendants' document productions are substantially complete. The number of remaining depositions of each Defendant is already limited by the scheduling order. The scope of discovery as a general matter will not change. Rather, an extension of the fact discovery deadline will merely reduce the likelihood of a problematic time crunch for that discovery. And to

---

[4] The class certification schedule was previously extended without modifying the close of fact discovery. But unlike Defendants' current proposal, that change left Class Plaintiffs with meaningful time to review Defendants' opposition briefs and expert reports and then conduct any fact discovery that became necessary as a result. *See* Order Amending the Pretrial Scheduling Order Regarding Class Certification Deadlines, ECF No. 65, Case No. 21-md-2998 (D. Minn. Jan. 10, 2022). By contrast, Defendants' current proposal would leave Class Plaintiffs with a mere 17 days to conduct any additional fact discovery made necessary by Defendants' class certification briefs and expert reports—which is not even sufficient time to meet and confer, let alone *complete* whatever discovery may become necessary.

Honorable John R. Tunheim
June 7, 2022
Page 6

the extent Defendants' oppositions to class certification raise issues warranting specific discovery that might not otherwise need to occur, they cannot complain that Class Plaintiffs seek an opportunity to take such discovery.

Second, Defendants' claimed lack of opportunity to meet and confer about Class Plaintiffs' request to extend the fact discovery deadline is a direct result of Defendants' inability or unwillingness to provide their position. This was not caused by a lack of time to consider Class Plaintiffs' proposal, but rather, whatever strategic benefit they hope to obtain from separating the class certification briefing schedule from the close of fact discovery. On May 20, 2022, Defendants proposed to Class Plaintiffs an extension of the class certification briefing deadlines, and they requested a response by May 25. Plaintiffs provided their response on May 25, stating they would agree to an extension of the class certification briefing schedule as long as there was a corresponding extension of the fact discovery deadline. The parties reiterated their respective positions by email on May 26 (Defendants) and May 27 (Class Plaintiffs). On June 1, Defendants sent another email stating that the two issues needed to remain separate, and that they were prepared to seek Court intervention. On June 1 and again on June 2, Class Plaintiffs requested Defendants' availability to meet and confer. The parties (including the DAPs, whom Defendants had omitted from these communications) met and conferred telephonically on June 2. During that meet and confer, Defendants *still* had no position on Class Plaintiffs' request for a corresponding extension of the fact discovery deadline.[5]

Finally, Defendants' suggestion that the Court should order different fact discovery deadlines for Class Plaintiffs and DAPs defies common sense and the procedural history of this case. The Court consolidated Class Plaintiffs' cases with the MDL comprised of DAP cases in order to avoid just such a scenario. *See* Mem. Op. & Order Consolidating Actions 6, ECF No. 985 (explaining that consolidating the actions resolved otherwise "unwieldy and unnecessary" problems, including "different scheduling orders"). There is no need to revisit that decision. Nor is there any basis to create a different fact discovery deadline for the DAPs and Class Plaintiffs. Doing so would prejudice Class Plaintiffs. But it would not provide a legitimate benefit for any other party, since the discovery burdens on Defendants and DAPs would not change; rather, this would serve only to exclude Class Plaintiffs from that discovery process.

For these reasons, Class Plaintiffs respectfully request that if the Court grants Defendants' requested extension of the class certification briefing deadlines, it also grant Class Plaintiffs' request for a corresponding extension of the fact discovery deadline.

III.   DIRECT ACTION PLAINTIFFS' POSITION

DAPs support the Classes' request for an extension of the fact discovery deadline, but suggest that the extension be at least 60 days, instead of only 45 days.

---

[5] Defense counsel suggested that different Defendants had different views regarding both (1) Class Plaintiffs' request for a 45-day extension of the fact discovery deadline to match the extension of the class certification briefing deadlines and (2) DAPs' request for a 60-day extension of the fact discovery deadline (which, unlike Class Plaintiffs' request, is not directly connected to Defendants' request to extend the class certification briefing deadlines).

Honorable John R. Tunheim
June 7, 2022
Page 7

DAPs have on numerous occasions notified the Court of the prospect that a fact discovery extension might be warranted. DAPs suggest it is now clear such an extension is necessary and appropriate.[6] Among other considerations:

- The Court has not entered a case management order governing the cases filed by DAPs;
- No Defendant has filed an Answer (and DAPs' position is that Defendants must provide Answers meaningfully before the close of fact discovery);
- On May 27, Defendants sent DAPs as a whole purported affirmative defenses, although DAPs believe some of the defenses failed to meet pleading obligations, and have requested a meet and confer with Defendants, which is in the process of being scheduled;
- Defendants have not completed production of their documents;
- There are dozens of depositions of Plaintiffs and Defendants yet to be scheduled, let alone conducted (see footnote 3);
- As of yesterday, June 6, Defendants had not yet requested a single 30(b)(1) deposition of any DAP;
- As of yesterday, June 6, Defendants had sent only draft 30(b)(6) topics to some DAPs, and no DAP had received a final set of topics;
- The 45-day extension requested by the Classes would include two secular holidays (Labor Day and Columbus Day), and two religious holidays, during which some counsel will be unavailable.

---

[6] Defendants' submission does not contest the appropriateness of extending the fact discovery deadline. Instead, they propose the parties conduct additional meet and confers. Although Defendants did not include DAPs on emails to Class Counsel seeking to revise the case schedule, after DAPs learned of the communications between Defendants and Class Counsel, DAPs promptly notified Defendants of the DAPs' position that the fact discovery deadline should be extended at least 60 days. Defendants have understood since last week Plaintiffs' clear position about extending the fact discovery deadline, but have refused to agree—necessitating this submission to the Court. Defendants' suggestion to defer amending the schedule should be rejected. The parties need certainty *now* about the fact discovery deadline, so that discovery can be planned and proceed accordingly.

Dated: June 7, 2022

Respectfully submitted,

By: /s/ Jarod Taylor
Jarod Taylor (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8109
jtaylor@axinn.com

Rachel J. Adcox (*pro hac vice*)
Tiffany Rider Rohrbaugh (*pro hac vice*)
Lindsey Strang Aberg (*pro hac vice*)
Allison Vissichelli (*pro hac vice*)
Keith Holleran (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
(202) 912-4700
radcox@axinn.com
trider@axinn.com
lstrang@axinn.com
avissichelli@axinn.com
kholleran@axinn.com

Kail Jethmalani (*pro hac vice*)
Craig Matthew Reiser (*pro hac vice*)
Victoria Lu (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
(212) 728-2200
kjethmalani@axinn.com
creiser@axinn.com
vlu@axinn.com

David P. Graham (#0185462)
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 486-1521
dgraham@dykema.com

**Counsel for Tyson Foods, Inc., Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc.**

/s/ Mark L. Johnson
Mark L. Johnson (#0345520)
Davida S. McGhee (#0400175)
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
(612) 373-0830
mjohnson@greeneespel.com
dwilliams@greeneespel.com

Daniel Laytin, P.C. (*pro hac vice*)
Christa Cottrell, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 861-2000
daniel.laytin@kirkland.com
christa.cottrell@kirkland.com

*Counsel for Clemens Food Group, LLC and The Clemens Family Corporation*

/s/ Peter H. Walsh
Peter H. Walsh (#0388672)
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
(612) 402-3000
peter.walsh@hoganlovells.com

William L. Monts (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

*Counsel for Agri Stats, Inc.*

/s/ Richard A. Duncan
Richard A. Duncan (#0192983)
Aaron D. Van Oort (#0315539)
Craig S. Coleman (#0325491)
Emily E. Chow (#0388239)
Isaac B. Hall (#0395398)
Bryan K. Washburn (#0397733)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000
richard.duncan@faegredrinker.com
aaron.vanoort@faegredrinker.com
craig.coleman@faegredrinker.com
emily.chow@faegredrinker.com
isaac.hall@faegredrinker.com
bryan.washburn@faegredrinker.com

*Counsel for Hormel Foods Corporation and Hormel Foods, LLC*

/s/ Donald G. Heeman
Donald G. Heeman (#0286023)
Jessica J. Nelson (#0347358)
Randi J. Winter (#0391354)
SPENCER FANE LLP
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402-4206
(612) 268-7000
dheeman@spencerfane.com
jnelson@spencerfane.com
rwinter@spencerfane.com

Stephen R. Neuwirth (*pro hac vice*)
Michael B. Carlinsky (*pro hac vice*)
Sami H. Rashid (*pro hac vice*)
Richard T. Vagas (*pro hac vice*)
David B. Adler (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
stephenneuwirth@quinnemanuel.com
michaelcarlinsky@quinnemanuel.com
samirashid@quinnemanuel.com
richardvagas@quinnemanuel.com
davidadler@quinnemanuel.com

*/s/ William L. Greene*
William L. Greene (#0198730)
Peter J. Schwingler (#0388909)
William D. Thomson (#0396743)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
william.thomson@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

**Counsel for Seaboard Foods LLC and Seaboard Corporation**

*/s/ John A. Cotter*
John A. Cotter (#0134296)
John A. Kvinge (#0392303)
LARKIN HOFFMAN DALY & LINDGREN LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55427-1060
(952) 835-3800
jcotter@larkinhoffman.com
jkvinge@larkinhoffman.com

Richard Parker (*pro hac vice*)
Josh Lipton (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
rparker@gibsondunn.com
jlipton@gibsondunn.com

Brian Robison (*pro hac vice*)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
(972) 707-1809
brian@brownfoxlaw.com

**Counsel for JBS USA Food Company**

*/s/ Christopher A. Smith*
Aaron Chapin (#0386606)
Christopher A. Smith (*pro hac vice*)
Tessa K. Jacob (*pro hac vice*)
A. James Spung (*pro hac vice*)
Jason Husgen (*pro hac vice*)
Sarah L. Zimmerman (*pro hac vice filed*)
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Ste 600
St. Louis, MO 63105
Telephone: (314) 480-1500
aaron.chapin@huschblackwell.com
chris.smith@huschblackwell.com
tessa.jacob@huschblackwell.com
james.spung@huschblackwell.com
jason.husgen@huschblackwell.com
sarah.zimmerman@huschblackwell.com

**Counsel for Triumph Foods, LLC**

*Counsel for Smithfield Foods, Inc.*

/s/ Joseph C. Bourne
W. Joseph Bruckner (MN #0147758)
Brian D. Clark (MN #0390069)
Joseph C. Bourne (MN #0389922)
Arielle S. Wagner (MN #0398332)
Simeon A. Morbey (MN #0391338)
Stephen M. Owen (MN # 0399370)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com
jcbourne@locklaw.com
aswagner@locklaw.com
samorbey@locklaw.com
smowen@locklaw.com

/s/ Bobby Pouya
Bobby Pouya (Pro Hac Vice)
Clifford H. Pearson (Pro Hac Vice)
Daniel L. Warshaw (Pro Hac Vice)
Michael H. Pearson (Pro Hac Vice)
PEARSON, SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 92403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
cpearson@pswlaw.com
dwarshaw@pswlaw.com
bpouya@pswlaw.com
mpearson@pswlaw.com

Melissa S. Weiner (MN #0387900)
PEARSON, SIMON & WARSHAW, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610
mweiner@pswlaw.com

Bruce L. Simon
Benjamin E. Shiftan
PEARSON, SIMON & WARSHAW, LLP
350 Sansome Street, Suite 680
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com
bshiftan@pswlaw.com

*Co-Lead Class Counsel for Direct Purchaser Plaintiffs*

/s/ Shana E. Scarlett
Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman

/s/ Shawn M. Raiter
Shawn M. Raiter (MN# 240424)
LARSON • KING, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6518
sraiter@larsonking.com

Jonathan W. Cuneo

Honorable John R. Tunheim
June 7, 2022
Page 12

Breanna Van Engelen
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
Michelle J. Looby (#388166)
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com

***Co-Lead Counsel for Consumer Indirect Purchaser Plaintiffs***

Joel Davidow
Blaine Finley
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
bfinley@cuneolaw.com

***Co-Lead Counsel for Commercial and Institutional Indirect Purchaser Plaintiffs***

Scott E. Gant
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Phone: (202) 237-2727
sgant@bsfllp.com

***Counsel for Sysco Corp. and Amory Investments LLC; authorized by other DAP counsel to make this submission***