UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil Action No. 18-cv-1776 |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | Honorable John R. Tunheim<br>Honorable Hildy Bowbeer |

**DIRECT ACTION PLAINTIFFS' MOTION TO SET DEADLINE
FOR DEFENDANTS TO FILE ANSWERS**

Direct Action Plaintiffs (DAPs) filed their first Complaint against Defendants more than sixteen months ago. Since that time, DAPs have repeatedly communicated to Defendants and the Court that DAPs are entitled to Answers required by Federal Rule of Civil Procedure 8. Nevertheless, Defendants have neither served Answers upon DAPs nor filed a motion to dismiss under Rule 12. Fact discovery has substantially progressed, and DAPs have the right to reciprocal pleading meaningfully in advance of the close of discovery. DAPs therefore move the Court to set a deadline for Defendants to file answers in the above-captioned action.

**I.     BACKGROUND**

On February 26, 2021—**nearly sixteen months ago**—Plaintiff Cheney Brothers, Inc. filed suit in the Southern District of Florida alleging that Defendants[1] illegally conspired to fix the prices of pork sold in the United States from at least 2009 to present in violation of U.S. antitrust laws.

---

[1] The Defendants in the two pre-consolidated actions described herein are the same as those in the above-captioned, post-consolidated multidistrict litigation, namely: Defendants Clemens Food Group, LLC, The Clemens Family Corporation ("Clemens"); Hormel Foods Corporation and Hormel Foods, LLC ("Hormel"); JBS USA Food Company ("JBS"); Seaboard Foods LLC ("Seaboard"); Smithfield Foods, Inc. ("Smithfield"); Triumph Foods, LLC ("Triumph"); and Tyson Foods, Inc., Tyson Prepared Foods, Inc., and Tyson Fresh Meats, Inc. ("Tyson").

1

*Cheney Brothers, Inc. v. Agri Stats, Inc., et al.*, 9:21-cv-80424 (S.D. Fla.). Then, on March 8, 2021—**more than fifteen months ago**—Plaintiff Sysco Corporation filed suit in the Southern District of Texas, asserting substantially similar legal and factual allegations against the same Defendants as in *Cheney*. *See Sysco Corp. v. Agri Stats, Inc., et al.*, 4:21-cv-00773 (Doc. 1) (S.D. Tex.). On June 22, 2021—**nearly twelve months ago**—the Judicial Panel on Multidistrict Litigation (JPML) conditionally transferred the *Cheney* and *Sysco* cases to the District of Minnesota under the consolidated Multidistrict Litigation (MDL) cause number MDL 2998. Since June 22, 2021, the JPML has transferred additional cases to this District, although few new DAP cases have been filed in recent months. For example, we are aware of only one additional DAP case filed since January 2022, and that case was filed by counsel already representing other DAPs.

On July 8, 2021, counsel for Defendants filed a letter with the Court providing, *inter alia*, Defendants' proposed Case Management Order (CMO). (Dkt. No. 5, 21-md-02998, at 5-1). On November 14, 2021, MDL DAP cases were consolidated with the other cases on this docket. (Dkt. No. 985).

While the parties have awaited a case management order governing the DAP cases, DAPs have consistently raised their need for answers to DAP complaints. *See, e.g.*, Dec. 10, 2021, Joint Statement of the Parties in the Direct Action Plaintiff Cases Regarding Case Management Issues in Response to the Court's Consolidation Order, Dkt. No. 1046 at p. 7–8, Statements of S. Gant at the Jan. 31, 2022, Case Management Conference before Judge Bowbeer, Statements of S. Gant at the Feb. 4, 2022, Status Conference before Judge Bowbeer, Statements of S. Gant at the Mar. 16, 2022, Status Conference before Judge Bowbeer. During the many months since the MDL was created, Defendants elected to not file an Answer to any DAP complaint, or any motions to dismiss.

Because Defendants had not filed Answers, each DAP exercised its right to amend its own complaint on April 29 or 30, 2022, consistent with the proposed case management order which had been submitted to the Court on August 2, 2021 and supplemented on December 10, 2021 (Dkt. No. 1046). On May 6, 2022, counsel for Defendants filed a letter with the Court "request[ing] confirmation that the Defendants' obligation to answer or otherwise respond to the DAPs' amended complaints is stayed pending the Court's ruling on several open case-management issues." (Dkt. No. 1353 at 1); *see also* (Dkt. No. 1354). More than five weeks ago, on May 10, 2022, Judge Bowbeer issued an order relieving Defendants from an imminent deadline to respond to the DAPs' Amended Complaints. That order did not address whether the Defendants' pleading obligations had been suspended all along nor did it provide that Answers could be withheld in perpetuity. (Dkt. No. 1355).[2]

## II.   DISCUSSION

As Judge St. Eve has explained, an Answer is an "important pleading," which serves vital functions, the two primary being: "to admit and deny allegations in the complaint, and to raise defenses." Hon. Amy St. Eve & Michael A. Zuckerman**,** *The Forgotten Pleading*, 7 Fed. Cts. L. Rev. 152, 154, 176 (2013); *see also* 71 C.J.S. Pleading § 158 ("The purpose of a plea or answer is to respond to the allegations of the complaint, declaration, or petition and to notify the court and the plaintiff of any defenses on which the defendant relies.").

The Federal Rules of Civil Procedure explicitly require defendants to file Answers at an early stage in a case. Under Federal Rule of Civil Procedure 12, a defendant must serve an answer

---

[2] The Court's May 10 Order directed Defendants to provide affirmative defenses to DAPs by May 27, 2022. DAPs have raised with Defendants their view that some affirmative defenses identified on May 27 do not satisfy applicable pleading standards, and the parties are in the process of meeting and conferring about that issue.

within twenty-one days of being served with the summons and complaint or, if the defendant has timely waived service under Rule 4(d), within sixty days after the request for waiver was sent. Fed. R. Civ. P. 12(a)(1)(A). Alternatively, the defendant may file a Rule 12(b) motion to dismiss, but such a motion "must be made before pleading if a responsive pleading is allowed." *Id.* 12(b); 5C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 1361 (3d ed. 2004) ("Since the only time limitation on Rule 12(b) motions is that they must be made 'before pleading,' Rule 12(a), which allows twenty-one days for filing responsive pleadings, normally controls the time limit on these motions."). Where the time for filing a responsive pleading has elapsed, courts may compel a defendant to answer a complaint. *Cf. In re Am. Express Anti-Steering Rules Antitrust Litig.*, 11-MD-2221 (Doc. 831) (E.D.N.Y. Sept. 26, 2018).

Defendants elected to not file Answers or move to dismiss during more than ten months between when the JPML assigned MDL 2998 to this Court in June 2021 and when DAPs filed Amended Complaints in April 2022, without an order exempting them from their obligations under the Federal Rules. Now, the Court's May 10, 2022 Order has left DAPs indefinitely without the Answers to which to they are entitled, as this case moves towards the end of fact discovery later this year.[3]

## CONCLUSION

For the foregoing reasons, DAPs respectfully urge the Court to set a deadline for Defendants to file answers in the above-captioned cases—and respectfully propose July 8, 2022.

---

[3] On June 7, 2022, the parties filed a joint submission in which DAPs and the Classes requested an extension of the fact discovery deadline, which is currently September 1, 2022. *See* Dkt. No. 1389. Even if the Court approves the proposed extension, fact discovery is fast-approaching, and DAPs will be further prejudiced by additional delay in receiving Answers from Defendants.

Dated: June 16, 2022            Respectfully submitted,

                                            */s/ Scott E. Gant*
                                            Scott E. Gant
                                            Michael S. Mitchell
                                            Sarah L. Jones
                                            Boies Schiller Flexner LLP
                                            1401 New York Ave., NW
                                            Washington, DC 20005
                                            Tel: 202-237-2727
                                            Fax: 202-237-6131
                                            sgant@bsfllp.com
                                            mmitchell@bsfllp.com
                                            sjones@bsfllp.com

                                            Colleen Harrison
                                            BOIES SCHILLER FLEXNER LLP
                                            333 Main Street
                                            Armonk, NY 10504
                                            Tel: 914-749-8204
                                            Fax: 914-749-8300
                                            charrison@bsfllp.com

                                            Ryan T. McAllister
                                            BOIES SCHILLER FLEXNER LLP
                                            30 South Pearl Street, 11th Floor
                                            Albany, NY 12207
                                            Tel: (518) 434-0600
                                            rmcallister@bsfllp.com

                                            *Counsel for Sysco Corp. and Amory Investments LLC; authorized by other DAP counsel to make this submission*

5