**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: Pork Antitrust Litigation | Civil Action No. 18-cv-1776 |
| THIS DOCUMENT RELATES TO: | Honorable John R. Tunheim |
| ALL DIRECT ACTIONS | Honorable Hildy Bowbeer |

**DEFENDANTS' RESPONSE IN OPPOSITION TO**
**DIRECT ACTION PLAINTIFFS' MOTION TO SET**
**DEADLINE FOR DEFENDANTS TO FILE ANSWERS**

On May 10, 2022, just over one month ago, the Court "agree[d] that outstanding case management issues warrant the suspension of Defendants' duty to answer or otherwise fully respond to amended [Direct Action Plaintiff] complaints until those issues are resolved." (Text Order, May 10, 2022, ECF No. 1355 ("May 10 Order").)  The Court did so over the express objection of DAPs Sysco Corporation and Amory Investments LLC, but *with the express agreement* of all other DAPs.  (*See* ltr. re response dates, May 10, 2022, ECF No. 1354 (noting DAPs' agreement) and attachment, ECF No. 1354-1 (email from counsel for Sysco and Amory Investments objecting to temporary suspension of obligation to respond).)  DAPs now ignore the Court's stated intent to require a consolidated, master complaint and move to reverse the May 10 Order and require Defendants to answer (or presumably otherwise respond to) all 27 DAP complaints within two weeks, by July 8.  DAPs raise no new issues to justify walking back their agreement and reversing the Court's May 10 Order.  Furthermore, DAPs' motion is

essentially an objection to the May 10 Order, but DAPs did not bring it within the 14-day deadline for objecting to a magistrate judge's order.  *See* Fed. R. Civ. P. 72.

Defendants respectfully request that the Court deny DAPs' motion for three reasons:  (1) efficient case management favors waiting for the pending case management order and responding to a consolidated complaint; (2) DAPs already have Defendants' affirmative defenses, enabling them to take the discovery they need; and (3) the parties recently agreed to a two-month extension of the fact-discovery deadline, providing even further opportunity for DAPs to take any discovery they need.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 2021, the parties filed a joint statement setting forth competing case management proposals for the DAP cases.  (Jt. Statement of Parties in DAP Cases Re Case Management Issues in Resp. to Ct.'s Consolidation Order Dkt. 985, Dec. 10, 2021, ECF No. 1046.)  Defendants proposed that DAPs file a single, consolidated complaint.  (*Id.* at 8-11.)  Chief Judge Tunheim then held a status conference with oral argument on whether to require a consolidated complaint (among other issues), on February 4, 2022.  After that status conference, Judge Bowbeer informed the parties at a March 16 status conference that "both party and judicial efficiency would best be served by requiring a master amended complaint." (3/16/2022 Hr'g Tr. 16:15-18.)  The parties then provided briefing on procedural suggestions and concerns in light of the Court's decision, including concerns relating to the need to account for motions to dismiss.  (*See* ltrs. to J. Bowbeer by DAPs, Puerto Rico, and Defendants, March 22, 2022, ECF Nos. 1231-1233, 1236-37.)

On April 29-30, 2022, nearly all DAPs filed amended complaints.  (ECF Nos. 1278-1317).  Out of an abundance of caution, Defendants filed a letter requesting that the Court confirm that Defendants need not file responses until the Court provided guidance on the open case-management issues.  (Defs.' ltr. re response dates, May 6, 2022, ECF No. 1353).  Every DAP except for Sysco and Armory Investments agreed not to insist on a response before the Court ruled on the open case-management issues, so long as Defendants provided a list of affirmative defenses no later than May 27, 2022. Defendants have done so.

On June 16, the Court so-ordered a stipulation to extend fact discovery by two months, through October 31, 2022.  (Order Amending Pretrial Scheduling Order, June 16, 2022, ECF No. 1397.)

## DISCUSSION

Defendants respectfully ask the Court to deny DAPs' motion.  *First*, the Court confirmed just over a month ago that its forthcoming case management order will provide a process and schedule for Defendants to respond to DAPs' complaints, including by moving to dismiss.  The parties should wait for the Court's guidance on how to proceed before proceeding, as all DAPs but two agreed to do before reversing course and filing this motion.  The unreasonableness of a July 8 deadline to respond to 27 complaints needs no elaboration.  The specific date aside, DAPs essentially attempt to renew their prior argument against a consolidated, master complaint.  But DAPs offer no justification for reversing the Court's inclination on that point, nor for reversing the Court's May 10

Order or ignoring DAPs' recent agreement to forego responses pending the Court's case management order.

*Second*, DAPs have Defendants' affirmative defenses as agreed and will thus not be prejudiced by waiting for the case management order.  Defendants agreed to provide early affirmative defenses in exchange for DAPs' agreement to postpone full responses pending resolution of the pending case management issues.  Defendants kept their end of the bargain, and DAPs should have to keep theirs.  As a practical matter, DAPs will likely take discovery on all of their allegations regardless of Defendants' admissions or denials.  DAPs have not pointed to any discovery that hinges on whether Defendants admit or deny any particular allegation.  DAPs' failure even to attempt to show prejudice is telling.

*Third*, DAPs will have time to take any targeted discovery they do need because the Court recently ordered a two-month extension of the fact-discovery deadline.  And even if the deadline had not been extended, DAPs are of course free to seek discovery into all of their claims and allegations now, regardless of Defendants' specific admissions or denials.

## CONCLUSION

Defendants have been and remain willing to answer and move to dismiss DAPs' complaints, but seek to do so in the most efficient way possible.  Efficient case management favors responding to a consolidated complaint and waiting for comprehensive guidance from the Court on outstanding case-management issues.  DAPs' motion should be denied.

Dated: June 22, 2022                    Respectfully submitted,

                                        By: */s/ Jarod Taylor*
                                        Jarod Taylor (*pro hac vice*)
                                        AXINN, VELTROP & HARKRIDER LLP
                                        90 State House Square
                                        Hartford, CT 06103
                                        (860) 275-8109
                                        jtaylor@axinn.com

                                        Rachel J. Adcox (*pro hac vice*)
                                        Tiffany Rider Rohrbaugh (*pro hac vice*)
                                        Lindsey Strang Aberg (*pro hac vice*)
                                        Allison Vissichelli (*pro hac vice*)
                                        Keith Holleran (*pro hac vice*)
                                        AXINN, VELTROP & HARKRIDER LLP
                                        1901 L Street NW
                                        Washington, DC 20036
                                        (202) 912-4700
                                        radcox@axinn.com
                                        trider@axinn.com
                                        lstrang@axinn.com
                                        avissichelli@axinn.com
                                        kholleran@axinn.com

                                        Kail Jethmalani (*pro hac vice*)
                                        Craig Matthew Reiser (*pro hac vice*)
                                        Andrea Rivers (*pro hac vice*)
                                        Victoria Lu (*pro hac vice*)
                                        AXINN, VELTROP & HARKRIDER LLP
                                        114 West 47th Street
                                        New York, NY 10036
                                        (212) 728-2200
                                        kjethmalani@axinn.com
                                        creiser@axinn.com
                                        arivers@axinn.com
                                        vlu@axinn.com

                                        David P. Graham (#0185462)
                                        DYKEMA GOSSETT PLLC
                                        4000 Wells Fargo Center

90 South Seventh Street
Minneapolis, MN 55402
(612) 486-1521
dgraham@dykema.com

**Counsel for Tyson Foods, Inc., Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc.**

/s/ *Mark L. Johnson*

Mark L. Johnson (#0345520)
Davida S. McGhee (#0400175)
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
(612) 373-0830
mjohnson@greeneespel.com
dwilliams@greeneespel.com

Daniel Laytin, P.C. (*pro hac vice*)
Christa Cottrell, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 861-2000
daniel.laytin@kirkland.com
christa.cottrell@kirkland.com

**Counsel for Clemens Food Group, LLC and The Clemens Family Corporation**

/s/ *Peter H. Walsh*

Peter H. Walsh (#0388672)
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
(612) 402-3000
peter.walsh@hoganlovells.com

William L. Monts (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
HOGAN LOVELLS US LLP

/s/ *Richard A. Duncan*

Richard A. Duncan (#0192983)
Aaron D. Van Oort (#0315539)
Craig S. Coleman (#0325491)
Emily E. Chow (#0388239)
Isaac B. Hall (#0395398)
Bryan K. Washburn (#0397733)
FAEGRE DRINKER BIDDLE & REATH
LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000
richard.duncan@faegredrinker.com
aaron.vanoort@faegredrinker.com
craig.coleman@faegredrinker.com
emily.chow@faegredrinker.com
isaac.hall@faegredrinker.com
bryan.washburn@faegredrinker.com

**Counsel for Hormel Foods Corporation and Hormel Foods, LLC**

/s/ *Christopher A. Smith*

Aaron Chapin (#0386606)
Christopher A. Smith (*pro hac vice*)
Tessa K. Jacob (*pro hac vice*)
A. James Spung (*pro hac vice*)
Jason Husgen (*pro hac vice*)
Sarah L. Zimmerman (*pro hac vice filed*)
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Ste 600
St. Louis, MO 63105
Telephone: (314) 480-1500

6

Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

**Counsel for Agri Stats, Inc.**

/s/ William L. Greene
William L. Greene (#0198730)
Peter J. Schwingler (#0388909)
William D. Thomson (#0396743)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
william.thomson@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

**Counsel for Seaboard Foods LLC and
Seaboard Corporation**

aaron.chapin@huschblackwell.com
chris.smith@huschblackwell.com
tessa.jacob@huschblackwell.com
james.spung@huschblackwell.com
jason.husgen@huschblackwell.com
sarah.zimmerman@huschblackwell.com

**Counsel for Triumph Foods, LLC**

/s/ Donald G. Heeman
Donald G. Heeman (#0286023)
Jessica J. Nelson (#0347358)
Randi J. Winter (#0391354)
SPENCER FANE LLP
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402-4206
(612) 268-7000
dheeman@spencerfane.com
jnelson@spencerfane.com
rwinter@spencerfane.com

Stephen R. Neuwirth (*pro hac vice*)
Michael B. Carlinsky (*pro hac vice*)
Sami H. Rashid (*pro hac vice*)
Richard T. Vagas (*pro hac vice*)
David B. Adler (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
stephenneuwirth@quinnemanuel.com
michaelcarlinsky@quinnemanuel.com
samirashid@quinnemanuel.com
richardvagas@quinnemanuel.com
davidadler@quinnemanuel.com

**Counsel for JBS USA Food Company**

_/s/ John A. Cotter_

John A. Cotter (#0134296)
John A. Kvinge (#0392303)
LARKIN HOFFMAN DALY &
LINDGREN LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55427-1060
(952) 835-3800
jcotter@larkinhoffman.com
jkvinge@larkinhoffman.com

Richard Parker (_pro hac vice_)
Josh Lipton (_pro hac vice_)
GIBSON, DUNN &CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
rparker@gibsondunn.com
jlipton@gibsondunn.com

Brian Robison (_pro hac vice_)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
(972) 707-1809
brian@brownfoxlaw.com

**_Counsel for Smithfield Foods, Inc._**