# EXHIBIT 10

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/HB) |
| This Document Relates To:<br><br>All Commercial and Institutional Indirect Purchaser Actions | **DEFENDANTS' FIRST SET OF INTERROGATORIES TO THE COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Agri Stats, Inc., Clemens Food Group, LLC, The Clemens Family Corporation, Hormel Foods Corporation, Seaboard Foods LLC, Smithfield Foods, Inc., Triumph Foods, LLC, Tyson Foods, Inc., Tyson Prepared Foods, Inc., and Tyson Fresh Meats, Inc. (collectively, "Defendants") request that Plaintiffs Sandee's Bakery; Confetti's; Francis T. Enterprises d/b/a Erbert & Gerbert's; Joe Lopez d/b/a Joe's Steak and Leaf; Longhorn's Steakhouse; Betty's Eat Shop; Ziggy's BBQ Smokehouse & Ice Cream Parlor, LLC; The Grady Corporation; and MCMJOYNT LLC d/b/a The Breakfast Joynt (collectively, "CIIPPs") each respond to the following Interrogatories separately and fully, in writing and under oath, in the manner prescribed by Rule 33(b) of the Federal Rules of Civil Procedure, in accordance with the definitions and instructions contained herein, within thirty (30) days of service of these Interrogatories.

## I.  DEFINITIONS

The following definitions apply to the Interrogatories, Definitions and Instructions set forth herein:

1. "Action" means the putative class action lawsuit filed by the Commercial and Institutional Indirect Purchaser Plaintiffs, captioned *In re Pork Antitrust Litigation*, Case No. 18-cv-1776 (JRT/HB).

2. "And" and "or" are to be construed conjunctively or disjunctively so as to give the broadest possible meaning to a particular Interrogatory, Definition or Instruction.

3. "Any" and "all" mean "each and every."

4. "CIIPP", "You," and "Your" refer to each Commercial and Institutional Indirect Purchaser Plaintiff in this action, including Sandee's Bakery; Confetti's; Francis T. Enterprises d/b/a Erbert & Gerbert's; Joe Lopez d/b/a Joe's Steak and Leaf; Longhorn's Steakhouse; Betty's Eat Shop; Ziggy's BBQ Smokehouse & Ice Cream Parlor, LLC; The Grady Corporation; and MCMJOYNT LLC d/b/a The Breakfast Joynt and their respective past and present partners, partnerships, affiliates, subsidiaries, members, parents, officers, directors, employees, agents, and representatives.

5. "Communication" means any contact whatsoever or any transmission or exchange of words, numbers, graphic material, or other information, either orally, electronically, or in writing, whether made, received, or participated in, and includes, but is not limited to, any conversation, correspondence, letter, notes, memorandum, inter-office or intra-office correspondence, telephone call, telegraph, telegram, telex, telecopy, facsimile, E-Mail, Internet communication, telefax, cable, electronic message, tape recording, discussion, face-to-face meeting, or conference of any kind (whether in person, by audio, video, telephone, or in any other form).

6. "Complaint" or "Compl." means the Commercial and Institutional Indirect Purchaser Plaintiffs' Third Amended and Consolidated Class Action Complaint filed in the Action. *See* Dkt. 432.

7. "Defendants" refers to Agri Stats, Inc. ("Agri Stats"), Clemens Food Group, LLC, The Clemens Family Corporation (collectively "Clemens"), Hormel Foods Corporation ("Hormel"), Seaboard Foods LLC, ("Seaboard"), Smithfield Foods, Inc. ("Smithfield"), Triumph Foods, LLC ("Triumph"), Tyson Foods, Inc., Tyson Prepared Foods, Inc., and Tyson Fresh Meats, Inc. (collectively "Tyson").

8. "Describe" means to provide the requested information with particularity. When used in reference to specific contentions or allegations in the Complaint, "Describe" means to provide all relevant facts, circumstances and information that You relied on or referenced in forming Your contentions or allegations (including by Identifying all Documents, statements, analysis or data You relied on or referenced), as well as any other specific information requested in the Interrogatory.

9. "Document" means and includes all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, including all attachments and appendices. "Document" includes all agreements, contracts, Communications (as defined above), correspondence, letters, notes, opinion letters, messages, telegrams, telexes, telefaxes, telegraphs, telecopies, facsimiles, E-Mails, Internet communications or other electronic messages, memoranda, records, reports, books, summaries or other records of telephone conversations or

3

interviews, summaries or other records of personal conversations or interviews, minutes, summaries, or other records of meetings and conferences, statements obtained from witnesses or other persons, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, forecasts, progress reports, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, charts, tables, accounts, analytical records, consultants' and experts' reports, appraisals, bulletins, notes, notices, marginal notations, notebooks, telephone records, bills, statements, records of obligation and expenditure, invoices, receipts, envelopes, lists, journals, printouts, compilations, tabulations, analyses, studies, surveys, expense reports, microfilm, microfiche, tape or disc recordings, sound recordings, video recordings, film, tapes, photographs, programs and data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made. "Document" also includes all copies of documents by whatever means made, except that when a document is produced, identical copies of it that do not contain any markings, additions, or deletions different from the original or the document produced do not have to be separately produced.

10. "Identify," when used in reference to a Person, means to state: a) the name of such Person if known, or if not known, as complete a description of such Person as is possible; b) the present address, if known, or if not known, the last known address of such Person; c) the present telephone number, including area code, or if not known, the last known telephone number of such person; d) the capacity of such Person (whether individual, partnership, corporation, or otherwise); and (e) if a natural Person, his or her professional title. Once a Person has been identified as described above in a response to any Interrogatory, a short-hand reference to the Person (i.e., name or title) may be used in response to subsequent Interrogatories without repeating the same information.

11. "Identify," when used in reference to a Document or business record, means to state: a) the type of Document or business record (for example, a letter or email); b) the date the Document

or business record was created; c) the author or originator of the Document or business record, including but not limited to, the names of each Person who wrote, signed, initialed or otherwise participated in the creation of the Document or business record; d) the addressee, recipient, and any other person to whom the Document or business record was directed; e) the title and content of the Document or business record; f) the present location and the identity of the Person having possession, custody or control of the Document or business record; and g) the Bates Number or document control number of the Document or business record if previously produced in this Action.  Once a Document or business record has been identified as described above in a response to any Interrogatory, a short-hand reference to the Document or business record (i.e., title or Bates number) may be used in response to subsequent Interrogatories without repeating the same information.

12.     "Identify," when used in reference to a Communication or statement, means to state:  a) the type of Communication or statement (for example, an oral conversation, a written correspondence or text message); b) the contents of the Communication or statement; c) the date, time, location and circumstances of the Communication or statement; d) Persons involved in the Communication or statement, including any Person who spoke, transmitted, heard or received the contents of the Communication or statement; and e) all Documents memorializing the Communication or statement, including all information relating to such Documents as set forth above in Definition No. 11.  Once a Communication or statement has been identified as described above in a response to any Interrogatory, a short-hand reference to the Communication or statement may be used in response to subsequent Interrogatories without repeating the same information.

13.     "Identify," when used in reference to any analysis, information or data, means to state:  a) what the analysis, information or data purports to show; b) the source of the analysis, information or data; c) any other information necessary to understand the analysis, information or data, such as any underlying assumptions, information or data used in any analysis; and d) all Documents memorializing the analysis, information or data, including all information relating to such

Documents as set forth above in Definition No. 11. Once an analysis, information or data has been identified as described above in a response to any Interrogatory, a short-hand reference to the analysis, information or data may be used in response to subsequent Interrogatories without repeating the same information.

14. "Including" and "includes" mean "without limitation."

15. "Person" means any individual, entity, or association of individuals or entities of any kind, and includes people, proprietors, partnerships, limited partnerships, corporations, joint ventures, joint enterprises, trade associations, regulatory bodies, government agencies, or government entities of any kind. Any Interrogatory or response to any Interrogatory involving a corporation or any other entity also refers to and includes any and all parents, subsidiaries, affiliates, partners, joint venturers, agents, employees, representatives, accountants, investment bankers, or attorneys acting on behalf of the corporation or other entity.

16. "Relating to," "referring to," "reflecting," or "regarding" are used in their broadest sense, and mean anything that, directly or indirectly, generally or specifically, regards, relates to, refers to, concerns, contains, constitutes, contradicts, evidences, embodies, comprises, reflects, mentions, identifies, states, deals with, comments on, responds to, describes, analyzes or is in any way, directly or indirectly, relevant to the subject.

17. "Representative" means any officer, director, owner, shareholder, partner, joint venturer, associate, employee, servant, agent, representative, subsidiary, or affiliate of the Person; and any other Persons or legal or business entities acting for, on behalf of, or in concert with the Person, including consultants, advisors, lawyers, investment bankers, accountants and anyone else engaged, retained, or employed by the Person.

18. The past tense includes the present tense and vice versa.

19. The singular includes the plural and the plural includes the singular whenever such inclusion would result in any additional Documents being responsive to any request.

## II.  INSTRUCTIONS

In addition to the requirements set forth in the Federal Rules of Civil Procedure, which Defendants incorporate herein, the following Instructions apply to each Interrogatory set forth herein:

1. These Interrogatories are directed to each CIIPP individually, as if separate requests were propounded on each CIIPP, and each CIIPP is requested to respond separately.

2. Each Interrogatory shall be answered separately and fully in writing under oath, unless they are objected to, in part or in whole. If only a part of the Interrogatory is objected to, the remainder of the Interrogatory shall be answered in full.

3. Each Interrogatory shall be answered in good faith and as completely as information in Your possession, custody or control will permit (including information contained in or on Documents or any tangible thing or material). Your response shall be based upon information from all sources known or reasonably available to You, including all information in the possession, custody, or control of Your current and former employees, officers, executives, directors, shareholders, agents, representatives, attorneys, accountants, contractors or anyone else acting on Your behalf or at Your direction. If You cannot respond to any Interrogatory completely after exercising due diligence to secure the information to do so, You shall respond to the fullest extent possible, explain why Your response is not complete and describe all efforts You made to obtain the information necessary to respond to the Interrogatory.

4. Any grounds for objecting to an Interrogatory, Definition or Instruction, in part or in whole, must be stated with specificity and in sufficient detail to permit the Defendants and the Court to assess the validity of your objection. If You withhold any information based on a claim that the information is privileged or otherwise subject to protection from disclosure, You must expressly make that claim, state the specific privilege or protection invoked and describe the information withheld in a manner that, without revealing the information claimed to be privileged or protected, will enable the Defendants and the Court to assess Your claim of privilege or protection.

5.     If You contend that any Interrogatory, Definition, or Instruction is vague or ambiguous, in part or in whole, You shall explain the specific and particularly way in which any Interrogatory, Definition or Instruction is vague or ambiguous.  Notwithstanding any such objection, You shall answer each Interrogatory based on a reasonable and common sense construction of the Interrogatories, Definitions and Instructions set forth herein and describe the construction You employed in responding to the Interrogatory.

6.     These Interrogatories are continuing in nature and require supplemental responses if additional information becomes available or is discovered after Your responses thereto, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.  Each supplemental response shall be served on Defendants no later than thirty (30) days after the discovery of the subsequently discovered or obtained information, and in no event shall any supplemental response be served later than thirty (30) days before the first day of trial, absent leave of Court.

7.     If You elect to respond to any Interrogatory by producing business records pursuant to Federal Rule of Civil Procedure 33(d), You shall comply with all requirements for electing that option.  In particular, You shall Identify with specificity the records that must be reviewed, in sufficient detail to enable the Defendants to locate and identify them as readily as You could, including by providing any applicable Bates number or document control number, and give the Defendants a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

8.     Unless otherwise indicated in the specific request, the relevant time period for these Interrogatories is January 1, 2008 to June 30, 2018.

### III.     INTERROGATORIES

**Interrogatory No. 1:**

Describe in detail the "anticompetitive agreement" that You contend the Defendants entered into, *see* Compl. ¶ 38, including a description of (a) what the Defendants allegedly agreed to do or not do (*e.g.*, was it an agreement to limit hog production, and if so what was agreed to; was it an agreement involving pork processing facilities, and if so what was agreed to; was it an

agreement to fix prices of some product at a certain level, and if so what was agreed to; was it an agreement involving exports, and if so what was agreed to; etc.); (b) the product(s) that were subject to the alleged agreement (*e.g.*, was it an agreement relating to sows, or hogs more generally; if it was an agreement relating to the prices or production levels of pork products, which product(s) were subject to the agreement; if it was an export agreement, which product(s) were subject to the agreement); (c) the facilities and/or geographic area(s) covered by the alleged agreement (*e.g.*, if You allege an agreement to limit hog production, was it a nationwide agreement, a global agreement, or was it focused on hog production in a particular area; or if You allege an agreement relating to pork processing, which plants or geographic areas were involved); (d) the date when the agreement was allegedly formed; and (e) the identity of all entities that You contend participated in the alleged conspiracy, whether or not named as a Defendant in this Action.

**Interrogatory No. 2:**

Describe in detail Your contention that Agri Stats reports were used in connection with the alleged conspiracy, *see* Compl. at ¶¶ 49-70, including (a) the specific Agri Stats report(s) that You contend were allegedly used in connection with the alleged conspiracy; (b) the specific type or category of information in those reports that You contend was allegedly used in connection with the alleged conspiracy; and (c) detailed explanation of how such information was allegedly used in connection with the alleged conspiracy (*e.g.*, if You contend that the information was used to monitor the alleged conspiracy, what information was used and how that information was used to monitor the alleged conspiracy).

**Interrogatory No. 3:**

Identify with specificity all public statement(s) that You contend the Defendants (including anyone speaking on behalf of the Defendants) made in furtherance of the alleged conspiracy, including the date, time, location, the speaker, the content and the circumstances of the statement(s) made.

**Interrogatory No. 4:**

Identify and Describe in detail all data and/or analyses upon which Your allegations are based, including but not limited to data and/or analyses underlying (a) Figures 2-17 of the Complaint; (b) Your allegation that the combined market share of the Defendants "is well above the threshold for highly-concentrated markets," Compl. ¶ 96; (c) Your allegation that "individual [D]efendant's market share was largely stable" throughout the alleged conspiracy period, *see* Compl. ¶ 92; (d) Your allegation that "the demand for pork is inelastic," *see* Compl. ¶ 100; (e) Your allegation that "[b]eginning in 2009, the pork industry showed abnormal price movements," Compl. ¶ 168; and (e) Your allegation that the spread between Defendants' revenues and costs increased during the alleged conspiracy period, *see* Compl. ¶ 172.

**Interrogatory No. 5:**

Describe in detail Your contention that, during the alleged conspiracy period, increases in the consumer prices of pork products "were not the result of retailers' desire to move prices upward," *see* Compl. ¶ 183, including the prices charged by retailers and/or other distributors of pork products during the alleged conspiracy period and how the retailers and/or other distributors determined the prices they charged the consumers.

**Interrogatory No. 6:**

Identify and Describe in detail each transaction in which You purchased any pork products that You contend was impacted by the alleged conspiracy, including (a) the identity of all persons or entities from whom You purchased any pork products; (b) a description of the product(s) You purchased; (c) the amount purchased; (d) the prices You paid, including any discounts, rebates or promotions You received; and (e) the date(s) of the purchase.

**Interrogatory No. 7:**

For each transaction described in response to Interrogatory No. 6, Identify (a) the hog producer that produced the hog from which the product You purchased was derived and (b) the pork processor that processed the pork product You purchased.

**Interrogatory No. 8:**

Explain the process by which You purchased pork products during the alleged conspiracy period, including any role You (or anyone acting on Your behalf) had in negotiating the terms of the purchase and the name and title all persons involved in the purchasing process (including all persons involved on Your behalf and all persons involved on behalf of any seller to You).

**Interrogatory No. 9:**

Identify all Persons in the chain of distribution between the Defendants and You, including all direct purchasers and intermediaries who purchased and resold Defendants' pork products.

**Interrogatory No. 10:**

Describe in detail all bases for Your contention that "the overcharge due to Defendants' anticompetitive agreement to artificially increase and stabilize the price and supply of pork was borne in large part by Plaintiffs and the Plaintiff Class," Compl. 432 ¶ 184, including the amount of the alleged overcharge that were passed on to You by each person or entity in the chain of distribution between the Defendants and You, a description of all analysis that You (or anyone acting on Your behalf) undertook to determine the amount of overcharge passed on to You, the information underlying such analysis, and the source of the information.

**Interrogatory No. 11:**

Describe in detail how the members of the putative class may be identified, including a description of all records supporting Your membership in the putative class.

Date: January 26, 2021

| | |
|---|---|
| */s/ Mark L. Johnson* | */s/ Richard A. Duncan* |

Mark L. Johnson (#0345520)
Bethany Krueger (#0306368)
Virginia R. McCalmont (#0399496)
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
(612) 373-0830
mjohnson@greeneespel.com
bkrueger@greeneespel.com
vmccalmont@greeneespel.com

Daniel Laytin, P.C. (*pro hac vice*)
Christa Cottrell, P.C. (*pro hac vice*)
Christina Briesacher (*pro hac vice)*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 861-2000
daniel.laytin@kirkland.com
christa.cottrell@kirkland.com
christina.briesacher@kirkland.com

*Counsel for Clemens Food Group, LLC and The Clemens Family Corporation*

Richard A. Duncan (#0192983)
Aaron D. Van Oort (#0315539)
Craig S. Coleman (#0325491)
Emily E. Chow (#0388239)
Isaac B. Hall (#0395398)
Bryan K. Washburn (#0397733)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000
richard.duncan@faegrebd.com
aaron.vanoort@faegrebd.com
craig.coleman@faegrebd.com
emily.chow@faegrebd.com
isaac.hall@faegrebd.com
bryan.washburn@faegrebd.com

*Counsel for Hormel Foods Corporation*

*/s/ William L. Greene*
William L. Greene (#0198730)
Peter J. Schwingler (#0388909)
Jon M. Woodruff (#0399453)
STINSON LEONARD STREET LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
john.woodruff@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LEONARD STREET LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

*Counsel for Seaboard Foods, LLC*

*/s/ John A. Cotter*
John A. Cotter (#0134296)
John A. Kvinge (#0392303)
LARKIN HOFFMAN DALY &
LINDGREN LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55427-1060
(952) 835-3800
jcotter@larkinhoffman.com
jkvinge@larkinhoffman.com

Richard Parker (*pro hac vice*)
Josh Lipton (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
rparker@gibsondunn.com
jlipton@gibsondunn.com

Brian Robison (*pro hac vice*)
GIBSON, DUNN & CRUTCHER, LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
(214) 698-3370
brobison@gibsondunn.com

*Counsel for Smithfield Foods, Inc.*

*/s/ Aaron Chapin*
Aaron Chapin (#06292540)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
aaron.chapin@huschblackwell.com

Gene Summerlin (*pro hac vice*)
Marnie Jensen (*pro hac vice*)
Ryann Glenn (*pro hac vice*)
Kamron Hasan (*pro hac vice*)
Quinn Eaton (*pro hac vice*)
Sierra Faler (*pro hac vice*)
HUSCH BLACKWELL LLP
13330 California St., Suite 200
Omaha, NE 68154
(402) 964-5000
gene.summerlin@huschblackwell.com
marnie.jensen@huschblackwell.com
ryann.glenn@huschblackwell.com
kamron.hasan@huschblackwell.com
quinn.eaton@huschblackwell.com
sierra.faler@huschblackwell.com

*Counsel for Triumph Foods, LLC*

*/s/ David P. Graham*
David P. Graham (#0185462)
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 486-1521
dgraham@dykema.com

Rachel J. Adcox (*pro hac vice*)
Tiffany Rider Rohrbaugh (*pro hac vice*)
AXINN, VELTROP &
HARKRIDER LLP
950 F Street, N.W.
Washington, D.C. 20004
(202) 912-4700
radcox@axinn.com
trider@axinn.com

*Counsel for Tyson Foods, Inc., Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc.*

14

/s/ *Peter H. Walsh*
Peter H. Walsh (#0388672)
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
T. (612) 402-3000
F. (612) 402-3001
peter.walsh@hoganlovells.com

William L. Monts (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
Jennifer A. Fleury (*pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com
jennifer.fleury@hoganlovells.com

*Counsel for Agri Stats, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 26th day of January, 2021, all counsel of record are being served with a copy of this document via electronic mail.

                                         /s/ Brian Robison
                                         Brian Robison