# Exhibit K

| | |
|---|---|
| **From:** | Allison Silber <allisonsilber@quinnemanuel.com> |
| **Sent:** | Thursday, August 25, 2022 11:48 AM |
| **To:** | Wheeler, Travis |
| **Cc:** | Lynch, Dennis J.; Eddy, David C.; Sami Rashid |
| **Subject:** | RE: JBS Data Sample - Highly Confidential |

{EXTERNAL EMAIL}

Travis,

We have conferred with our client and in light of our prior communications and the DAPs' refusal to accept the data JBS USA offered in comprise, we believe the DAPs and JBS USA have now reached impasse on this issue.

Thanks,
Allison

**Allison Silber**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7414 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
allisonsilber@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Wheeler, Travis <TWheeler@nexsenpruet.com>
**Sent:** Tuesday, August 23, 2022 1:28 PM
**To:** Allison Silber <allisonsilber@quinnemanuel.com>
**Cc:** Lynch, Dennis J. <DLynch@nexsenpruet.com>; Eddy, David C. <DEddy@nexsenpruet.com>; Sami Rashid <samirashid@quinnemanuel.com>
**Subject:** Re: JBS Data Sample - Highly Confidential

[EXTERNAL EMAIL from twheeler@nexsenpruet.com]

Thanks Alison: it is incorrect that "others" refers only to Clemens. We look forward to hearing JBS's final response to our last proposal.

> On Aug 23, 2022, at 1:22 PM, Allison Silber <allisonsilber@quinnemanuel.com> wrote:

1

{EXTERNAL EMAIL}

Travis,

Thank you for the update.  The relevance and necessity of the supplemental sales data now sought by the DAPs remains unsupported, including because DAPs did not request this additional data until May 31, 2022, over a year after the scope of Defendants' data production was settled.  See Email from P. Ahern to L. Strang (April 2, 2021).  The DAPs' lengthy delay in requesting this additional data is particularly egregious given that JBS USA produced the majority of the sales data in September 2021.  Even a cursory review of that data (not to mention JBS USA's prior correspondence with plaintiffs in this litigation or JBS USA's discovery responses) would have revealed that JBS USA did not produce, and did not intend to produce, data on the sale of offal and rendered products.

The DAPs' decision to delay their review of JBS USA's produced data does not support their belated claim about the necessity or significance of the data they now seek, nor does it provide sufficient grounds to discard the months of negotiations between defendants and plaintiffs on the scope of data productions and relevant products.  While you refer to "others" in your email that may have produced the belatedly requested data, we believe you might actually just be referencing the production of data from one defendant (Clemens).  Please let us know if that is not the case.

Given that the DAPs have now rejected our proposed data offered in the spirit of compromise, we will confer with our client to reach a final position on the DAPs' untimely request.

Best,
Allison

**Allison Silber**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7414 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
allisonsilber@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Wheeler, Travis <TWheeler@nexsenpruet.com>
**Sent:** Friday, August 19, 2022 3:40 PM
**To:** Allison Silber <allisonsilber@quinnemanuel.com>; Lynch, Dennis J. <DLynch@nexsenpruet.com>
**Cc:** Eddy, David C. <DEddy@nexsenpruet.com>; Sami Rashid <samirashid@quinnemanuel.com>
**Subject:** RE: JBS Data Sample - Highly Confidential

[EXTERNAL EMAIL from twheeler@nexsenpruet.com]

Allison and Sami:

2

Thank you for providing JBS' summary sales data samples in furtherance of our meet and confer process.  As agreed, we and our economic consultants have analyzed these data and concluded that they are of no value to DAPs for estimating the potential overcharges on the pork products they purchased.  At a minimum, we need data containing the necessary variables reflecting prices, weights, and product description, on at least a monthly basis.  JBS' documents show that DAP Nestlé Purina (a purchaser of offal and renderings) was a major customer of JBS as it bought 4% of JBS's pork production by weight. See, e.g., JBS-PORK-00391320.

As others were able to produce such data for the excluded products with no undue burden, we assume JBS can similarly apply filters to its overall sales database for the excluded products at issue.

We ask therefore that JBS supplement its data to address these issues.

Best,
Travis


**Travis C. Wheeler**
Member
Nexsen Pruet, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
PO Drawer 2426 (29202)
T: 803.540.2117, F: 8037271432
TWheeler@nexsenpruet.com

www.nexsenpruet.com

---

**From:** Allison Silber <allisonsilber@quinnemanuel.com>
**Sent:** Monday, August 15, 2022 6:32 PM
**To:** Lynch, Dennis J. <DLynch@nexsenpruet.com>; Wheeler, Travis <TWheeler@nexsenpruet.com>
**Cc:** Eddy, David C. <DEddy@nexsenpruet.com>; Sami Rashid <samirashid@quinnemanuel.com>
**Subject:** JBS Data Sample - Highly Confidential


{EXTERNAL EMAIL}


Dennis and Travis,

Please see the attached data reflecting JBS USA's pork and bacon sales to Sysco, Maine's Paper & Foodservice, and Nestle Purina for 2019 through 2020.  Pursuant to the Protective Order, (Dkt. 18), this data and all information contained therein is hereby deemed and should be treated as "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."  Please note that this is a subset of the data that JBS USA provided to the DPPs in connection with its settlement obligations.  If the format and substance of

3

this data is sufficient for your purposes, we will prepare for the DAPs any remaining settlement data related to JBS USA's sales to Sysco, Maine's and Nestle Purina.

Thanks,
Allison

**Allison Silber**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7414 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
allisonsilber@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Sami Rashid <samirashid@quinnemanuel.com>
**Sent:** Monday, August 15, 2022 8:56 AM
**To:** Lynch, Dennis J. <DLynch@nexsenpruet.com>; Wheeler, Travis <TWheeler@nexsenpruet.com>
**Cc:** Eddy, David C. <DEddy@nexsenpruet.com>; Allison Silber <allisonsilber@quinnemanuel.com>
**Subject:** RE: Withheld JBS Sales Data [IWOV-NPCOL1.FID2307648]

Dennis – we are aiming to get you some data today.

Thanks,
Sami

**From:** Lynch, Dennis J. <DLynch@nexsenpruet.com>
**Sent:** Thursday, August 11, 2022 5:31 PM
**To:** Sami Rashid <samirashid@quinnemanuel.com>; Wheeler, Travis <TWheeler@nexsenpruet.com>
**Cc:** Eddy, David C. <DEddy@nexsenpruet.com>; Allison Silber <allisonsilber@quinnemanuel.com>
**Subject:** RE: Withheld JBS Sales Data [IWOV-NPCOL1.FID2307648]

**[EXTERNAL EMAIL from dlynch@nexsenpruet.com]**

Sami –

Thanks for your email.  Travis is out of pocket today, so I'm stepping in to respond.  For purposes of attempting to resolve this matter without bothering the Court, we are willing, as an initial step, to review JBS' summary data for Nestlé Purina and the two BSF clients.   However, if we conclude, after our prompt review of these data, that we need the detailed transaction data, then we will ask JBS to produce those data or DAPs will move to compel same.  When can we expect the summary data to review?

Best,

4

Dennis

**Dennis J. Lynch**
Member
Nexsen Pruet, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
PO Drawer 2426 (29202)
T: 803.540.2056, F: 8037271463
DLynch@nexsenpruet.com

www.nexsenpruet.com

---

**From:** Sami Rashid <samirashid@quinnemanuel.com>
**Sent:** Wednesday, August 10, 2022 5:54 PM
**To:** Wheeler, Travis <TWheeler@nexsenpruet.com>
**Cc:** Eddy, David C. <DEddy@nexsenpruet.com>; Lynch, Dennis J. <DLynch@nexsenpruet.com>; Allison Silber <allisonsilber@quinnemanuel.com>
**Subject:** Re: Withheld JBS Sales Data [IWOV-NPCOL1.FID2307648]

{EXTERNAL EMAIL}

Travis,

As noted below, we disagree with many of the assertions in your last email, including about the relevance and timeliness of DAPs' belated discovery requests. Nonetheless, in order to avoid the need to burden the Court with this issue, JBS USA is willing to produce the same type of non-invoice level data as to Nestle, Sysco and Amory that JBS USA previously provided to class DPP counsel for claims administrative purposes. Please let us know if this is acceptable.

Thanks,
Sami

Sami H. Rashid | Partner
Quinn Emanuel Urquhart & Sullivan, LLP

---

**From:** Sami Rashid <samirashid@quinnemanuel.com>
**Sent:** Thursday, August 4, 2022 8:19:55 PM
**To:** Wheeler, Travis <TWheeler@nexsenpruet.com>
**Cc:** Eddy, David C. <DEddy@nexsenpruet.com>; Lynch, Dennis J. <DLynch@nexsenpruet.com>; Allison Silber <allisonsilber@quinnemanuel.com>
**Subject:** Re: Withheld JBS Sales Data [IWOV-NPCOL1.FID2307648]

Travis:

5

Thanks for providing a more detailed response than we have received to date.  I'm sure it won't surprise you that we disagree with many of the assertions in your email.  But your response is still helpful since it clarifies the scope of the potential dispute.  I believe our client is traveling this week so I can't promise to get back to you tomorrow.  But we will try and, if not, will get back to you early next week so you have time to raise the issue with the Court if that is deemed necessary.

Thanks again,
Sami

Sami H. Rashid | Partner
Quinn Emanuel Urquhart & Sullivan, LLP

**From:** Wheeler, Travis <TWheeler@nexsenpruet.com>
**Sent:** Thursday, August 4, 2022 7:26:13 PM
**To:** Sami Rashid <samirashid@quinnemanuel.com>
**Cc:** Eddy, David C. <DEddy@nexsenpruet.com>; Lynch, Dennis J. <DLynch@nexsenpruet.com>; Allison Silber <allisonsilber@quinnemanuel.com>
**Subject:** Withheld JBS Sales Data [IWOV-NPCOL1.FID2307648]

**[EXTERNAL EMAIL from twheeler@nexsenpruet.com]**

Sami:

At this late stage of these prolonged discussions between DAPS and JBS regarding its refusal to produce basic, highly relevant sales data, there should be no confusion on JBS's part.  Plaintiffs have consistently made their position clear (1) in having repeatedly requested that JBS produce its relevant sales data, which JBS continues to withhold without a legitimate basis for doing so; and (2) in trying to narrow and resolve the issue with JBS, without need of Court intervention.  To re-cap:  Once we had access to Defendants' data, we had to review and digest the sales data produced by each Defendant – a lengthy and painstaking process as you are aware.  It was not until March 2022 that we were able to conclude that some Defendants may have excluded certain pork products from their production, at which time DAPs began conferring with Defendants regarding the scope of their data productions and what appeared to be gaps in same.  Certain Defendants produced these data.  However, certain other Defendants, including JBS, did not, necessitating our May 31, 2022 letter to JBS and other Defendants.

In the over two months since JBS received that letter, Plaintiffs have worked to seek a compromise solution that would ensure that DAPs received at least the most critical data for DAPs—e.g., Nestlé Purina, from whom JBS is withholding essentially all relevant sales data.  Nevertheless, despite substantially narrowing the scope of requests subject to agreement, JBS has refused to produce any of the missing data for any plaintiff.   Again, there is no good faith basis for JBS to assert, as it has in meet/confer discussions, that these DAPs' request for sales data is "belated," as discovery remains on-going in the case.  Nor is there any good faith basis for JBS to continue to assert that DAPs are somehow bound by prior understandings with other plaintiffs in other cases.   JBS has also made unsubstantiated claims of "burden" in having to produce its relevant sales data.  Even assuming such an argument otherwise had merit as a basis for JBS shirking its discovery obligations by withholding obviously responsive data (it does not), JBS has already at least summarized, for both the DPP claims administrator and for Nestlé Purina, the very data it continues to withhold from DAPs.  There is no "undue burden" in producing what JBS is obligated to produce in the case in keeping with the federal rules of discovery.

And again – so there is no question – we take it, based on JBS's representations, that it did not sell products falling under categories 1 and 2.  Therefore, we are not disputing those categories.  That leaves categories 3 and 4, which, as JBS is aware—and only for sales to our client Nestlé Purina and, we understand, Boies Schiller clients Sysco and Amory (who seek only data for category 3).

We are willing to further discuss, but at this stage, given the absence of any progress despite our meet/confer efforts, we will move forward with a motion to compel if your client refuses to produce its withheld category 3 and 4 sales data.  Please let us know by COB tomorrow if there is any room left for discussion as to these categories of data.  If there is no movement from your client, we will assume we are at an impasse and seek the Court's intervention on this issue.

Best,
Travis


**Travis C. Wheeler**
Member
Nexsen Pruet, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
PO Drawer 2426 (29202)
T: 803.540.2117, F: 8037271432
TWheeler@nexsenpruet.com

www.nexsenpruet.com


*** FIRM CONFIDENTIAL COMMUNICATION *** This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Nexsen Pruet, LLC may collect personal information including your name, business name and other contact details, and IP address. If you have any questions, please contact Privacy@nexsenpruet.com.