# Exhibit

# B

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil Action No. 21-md-02998 (JRT/HB) |
| This Document Relates To:<br><br>*Certain Direct Action Plaintiff Actions* | **JBS USA FOOD COMPANY'S RESPONSES AND OBJECTIONS TO CERTAIN DIRECT ACTION PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PORK INTEGRATOR DEFENDANTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Minnesota, Defendant JBS USA Food Company ("JBS USA"), by and through its undersigned counsel, hereby responds and objects to Certain Direct Action Plaintiffs'[1] First Requests for Production of Documents to Pork Integrator Defendants, dated October 22, 2021 ("Requests"). These responses and objections ("Responses") are based on information currently available and known to JBS USA, and are subject to the Protective Order entered in this case ("Protective Order"), No. 21-md-2998, ECF No. 18.

At the outset, JBS USA objects to the fact that of the 38 Requests, 32 Requests (or 84%) are identical, nearly identical, duplicative, and/or cumulative of All Plaintiffs' First Set of Requests for Production of Documents to the Pork Integrator Defendants, dated

---

[1] The Certain Direct Action Plaintiffs that served the Requests are Sysco Corporation, Amory Investments LLC, the *Action Meat* Plaintiffs, Giant Eagle, Inc., Conagra Brands, Inc., Nestlé USA, Inc., Nestlé Purina PetCare Co., Cheney Brothers, Inc., and Subway Protein Litigation Corp. as litigation trustee of the Subway® Protein Litigation Trust.

November 1, 2018 ("2018 Requests"), to which JBS USA has already responded.  After conducting multiple rounds of negotiations over several months addressing the scope of production and associated search terms, JBS USA agreed to produce documents and data in response to the 2018 Requests, which largely overlap with the Requests, as set forth in JBS USA Food Company's Amended Responses and Objections to All Plaintiffs' First Set of Requests for Production of Documents, dated November 23, 2020 ("Amended Responses") and further clarified in JBS USA's Responses and Clarifications Regarding Plaintiffs' Requests for Production, dated January 22, 2021 ("Clarified Responses").  To date, JBS USA has produced over 250,000 documents totaling over 1 million pages.  Certain Direct Action Plaintiffs fail to specify any deficiencies or gaps in the Amended Responses, Clarified Responses, or JBS USA's document productions.  Accordingly, JBS USA maintains that there is no need to expand the scope of its previously offered production as to the 32 duplicative Requests.

## SCOPE LIMITATIONS

Each of the following scope limitations and reservations of rights ("Scope Limitations") is incorporated into each of JBS USA's Responses, including the objections set forth separately in each of the specific Responses below, whether or not specifically referenced therein.

1.      Any statement made by JBS USA in these Responses that it will or will not produce documents responsive to a particular request should not be understood as an admission by JBS USA as to the existence or non-existence of specific responsive documents or information, that any information contained within the Responses is relevant

or admissible as evidence, or that any statement or characterization propounded in the Requests is accurate or complete.  JBS USA's investigation of this action remains ongoing and may lead to additions, changes, or variations from these Responses.  JBS USA thus reserves its right to amend, modify, or supplement these Responses.

2.      JBS USA makes these Responses solely for the purposes of this action and reserves the right to object on any ground to the use of documents produced in response to the Requests for any purpose, in whole or in part, in any subsequent proceeding, in this or any other action.  Nothing in the Responses is to be construed as a waiver of any objections or of the right to object to any of these Requests or any other requests for production.  Nor are these Responses to be construed as a waiver of the confidentiality of any information produced or not produced.  To the extent JBS USA responds to the Requests by producing documents, all such information is subject to the Protective Order entered in this case.

3.      Any inadvertent production of any documents protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege or which are otherwise privileged and/or protected from discovery pursuant to any other applicable privilege, immunity, or protection ("Privileged Document") shall not be deemed or construed to constitute a waiver of such privilege, immunity, or protection.  JBS USA reserves the right to request the return of any Privileged Documents that are inadvertently produced.

4.      JBS USA objects to the Requests to the extent they purport to direct the form or content of any log of privileged, destroyed or any other documents called for by the Requests.  JBS USA will produce any such logs and information only as required by the

Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Minnesota, or any other applicable local rules, case law or court orders, and only at a time and in a manner mutually agreed to by the parties.

5.     JBS USA objects to the Requests to the extent they are vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case, including because the Requests seek "[a]ll [d]ocuments" related to broad topics.  It would be unreasonable, oppressive, unduly burdensome, and disproportionate to the needs of the case to require JBS USA to conduct a search of all files (including electronic files) in its possession, custody or control.  For purposes of JBS USA's offers of production set forth herein, JBS USA shall consider the U.S. pork-producing operations of Swift Pork Company and pork sales from the case ready business to be within JBS USA's possession, custody, and control.[2]  JBS USA will not otherwise produce documents for any of its direct and indirect subsidiaries or parents, and their respective employees, officers, directors and known agents, all of whose documents are not within JBS USA's possession, custody, or control.  Where JBS USA agrees to search for documents, JBS USA will agree only to conduct a "reasonable search" of the identified scope, which will extend to the agreed-upon custodians and will involve the application of search terms to those custodians' documents, as well as searches of any agreed upon non-custodial files.  JBS USA remains willing to meet and confer with Certain Direct Action Plaintiffs about appropriate search terms for the limited set of search terms that remain unresolved.

---

[2]  For the avoidance of doubt, JBS USA does not concede that any entity other than JBS USA is presently and/or properly an actual defendant in the above-captioned litigation.

6.      JBS USA objects to the Requests to the extent that Certain Direct Action Plaintiffs seek the production of "documents and things herein requested within thirty (30) days at the offices of Kaplan Fox & Kilsheimer, LLP."  JBS USA will collect, process, search, review and produce responsive, non-privileged documents in accordance with any applicable scheduling order filed in this action.

7.      JBS USA objects to the Requests as premature to the extent they seek the production of documents relating to information that is properly the subject of expert analysis.  JBS USA will produce responsive, non-privileged documents relating to the subjects of expert analysis at the time called for by any applicable scheduling order filed in this action, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Minnesota, or any other applicable local rules, case law or court orders.

8.      JBS USA expressly reserves the right to rely on at any time, including during trial, subsequently discovered documents of which JBS USA is currently unaware, as well as documents omitted from these Responses as a result of mistake, error, oversight, or inadvertence.

9.      JBS USA objects to the Requests on the grounds and to the extent they seek to compel JBS USA to generate or create information or documents that do not already exist.

10.     JBS USA objects to the Requests to the extent they purport to require JBS USA to search for and produce documents, including electronically stored information ("ESI"), from sources that are not reasonably accessible in light of the burdens or costs

required to locate, restore, review, and produce whatever responsive information may be found.

11.    JBS USA objects to the fact that of the 38 Requests, 32 Requests (or 84%) are identical, nearly identical, duplicative, and/or cumulative of the 2018 Requests, to which JBS USA has already responded as set forth in the Amended Responses and Clarified Responses.  JBS USA objects to the Requests to the extent they seek information cumulative or duplicative of the documents or data that JBS USA has already agreed to produce in response to the 2018 Requests.  JBS USA further objects to the Requests as unduly burdensome and disproportionate to the needs of the case to the extent they fail to account for information that JBS USA has already agreed to produce and has produced in response to the 2018 Requests.

12.    JBS USA objects to the Requests to the extent they call for information outside of the Relevant Time Period unless specified in these Responses.

13.    JBS USA objects to the Requests, including the Definitions, and any instructions to the extent they seek to impose burdens or obligations on JBS USA beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Minnesota, or any other applicable local rules, case law or court orders.

14.    JBS USA reserves all objections as to the admissibility in evidence of any documents disclosed or produced in response to the Requests (and any further responses to the Requests or their subject matter), including without limitation, on the grounds of

relevance or materiality.  Any production in response to the Requests is made without waiver of or prejudice to any other objections JBS USA may make.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Each of the following is incorporated into each of JBS USA's Responses, including the objections set forth separately in each of the specific Responses below, whether or not specifically referenced therein.

1.     JBS USA objects to the instruction that, unless otherwise specified, all documents must be organized and labeled to correspond to the categories in the associated document request.  JBS USA will produce documents as they are maintained in the ordinary course of business, as permitted by Federal Rule of Civil Procedure 34(b), and in accordance with the agreed upon Order Regarding Production of Electronically Stored Information and Paper Documents ("ESI Order"), ECF No. 21.  Consistent with that agreed upon ESI Order, JBS USA reserves its right to redact "personal information" as well as "specific highly confidential business information relating to non-pork businesses" according to and within the limitations of the ESI Order.  *See* ESI Order at II.K.

2.     JBS USA objects to Certain Direct Action Plaintiffs' definition of the term "Benchmarking Services" as vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case.  For the purposes of responding to the Requests, JBS USA will interpret "Benchmarking Services" as referring to Agri Stats or Express Markets, Inc.

3.     JBS USA objects to Certain Direct Action Plaintiffs' definition of the term "Competitive Conditions" as vague, ambiguous, overly broad, unduly burdensome and

disproportionate to the needs of the case because the term, as defined and utilized in Requests, includes virtually every document in the possession, custody or control of JBS USA, as an entity involved in pork production.

4.     JBS USA objects to Certain Direct Action Plaintiffs' definitions of the terms "Creditor Conference" and "Creditor Representative" as vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case to the extent they obligate JBS USA to search for, rely upon and produce information outside of its possession, custody or control concerning the "credit" and/or unidentified "loan financing" relationships of untold third parties, including undefined "contract farmers" and unspecified Pork Integrators who have no relationship with JBS USA.

5.     JBS USA objects to Certain Direct Action Plaintiffs' definition of the terms "Defendant," "You," "Your" and "Your company" as vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case, including to the extent that Requests incorporating these terms seek materials that are irrelevant or not in JBS USA's possession, custody, or control.  For the purposes of responding to the Requests, JBS USA will interpret "You," "Your" and "Your Company" as referring to the U.S. pork-producing operations of JBS USA and "Defendant" as referring to the U.S. pork-producing operations of other entities named as a Defendant.[3]  JBS USA interprets these terms to exclude legal representatives.  For the avoidance of doubt, JBS USA will only search for

---

[3]   For purposes of responding to the Requests, JBS USA will interpret the term "Defendant" to include all entities named as Defendants in the operative complaints in the above-captioned litigation.

and produce documents in its possession, custody or control (and, in doing so, will consider the U.S. pork-producing operations of Swift Pork Company and pork sales from the case ready business to be within JBS USA's possession, custody, and control). JBS USA will not produce documents for any of its other direct and indirect subsidiaries or parents, and their respective employees, officers, directors and known agents because such documents are not within JBS USA's possession, custody or control.

6.      JBS USA objects to Certain Direct Action Plaintiffs' definition of the word "Document" to the extent such definition departs from its plain and ordinary meaning and seeks to impose burdens or obligations on JBS USA beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Minnesota, or any applicable local rules, case law, or court orders. JBS USA further objects to the definition of the term "Document" as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case, including to the extent Requests incorporating this term request (a) material not in JBS USA's possession, custody, or control; (b) production of documents or ESI from sources that are not reasonably accessible in light of the burdens or costs required to locate, restore, review, and produce whatever responsive information may be found; or (c) production of documents or ESI not relevant to the causes of action or defense of any party to this action.

7.      JBS USA objects to Certain Direct Action Plaintiffs' definition of the term "Document Custodian" as vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case to the extent Requests incorporating this term request material not in JBS USA's possession, custody or control. For the purposes of

9

responding to the Requests, JBS USA will interpret "Document Custodian" to include only the following:  Garry Albright, Ryan Andersland, Sara Armstrong, Kevin Arnold, Ed Bick, Jerry Brooks, Martin Dooley, Jamie Fosbery, Beth Foss, Jeanie Foster, Roger Goulding, Jeff Greene, Tim Hiller, Pat Huebner, Robbie Kearns, Bob Krebs, Kristina Lambert, Brad Lorenger, Mike McCarthy, Joe Newhart, Ron Ott, Lisa Peters, George Price, Michael Swanson, Matthew Turner, Tim Uber, and Eric Wallin.

8.     JBS USA objects to Certain Direct Action Plaintiffs' definition of the terms "Electronically stored information" and "ESI" to the extent such definition departs from its plain and ordinary meaning, and seeks to impose burdens or obligations on JBS USA beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Minnesota, or any applicable local rules, case law or court orders, including the ESI Order.  JBS USA further objects to the definition of the terms "Electronically stored information" and "ESI" as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent Requests incorporating these terms request (a) material not in JBS USA's possession, custody or control; (b) production of ESI from sources that are not reasonably accessible in light of the burdens or costs required to locate, restore, review and produce whatever responsive information may be found; (c) production of ESI that is not relevant to the causes of action or defense of any party to this action; (d) creation of data (including, without limitation, calculations) not maintained in the ordinary course of business; or (e) combination of data sources in a way not done in the ordinary course of business.

9.     JBS USA objects to Certain Direct Action Plaintiffs' definition of the word "Employee" because by incorporating the definitions of "Person" and "You" "without limitation," this definition includes individuals and entities who are not employed by JBS USA and seeks information beyond JBS USA's possession, custody, or control.

10.     JBS USA objects to Certain Direct Action Plaintiffs' definition of the term "Industry Analyst" as vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case to the extent it obligates JBS USA to search for and produce information outside of its possession, custody or control concerning the relationships of untold, undefined and unspecified third parties, who might not even have a relationship with JBS USA.  For the purposes of responding to the Requests, JBS USA will interpret "Industry Analyst" as referring to participants in JBS USA's earnings calls or representatives of financial institutions who cover JBS USA's earnings calls.

11.     JBS USA objects to Certain Direct Action Plaintiffs' definition of the term "Industry Meeting" as vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks discovery of meetings of JBS USA with anyone else but (at least) one of the other Defendants, including untold, undefined and unspecified third parties.

12.     JBS USA objects to Certain Direct Action Plaintiffs' definition of the term "Management" as vague and ambiguous to the extent such definition departs from its plain and ordinary meaning.  JBS USA further objects to the definition to the extent Requests incorporating this term seek cumulative or duplicative information.  JBS USA defines the "Management" of the company for purposes relevant to this litigation as those who served

11

on the "Pork Management Team" in roles involved in decisions concerning (i) the price and supply of pork; (ii) the price and supply of hogs used to produce pork; (iii) JBS USA's procurement and raising of hogs for pork processing; (iv) JBS USA's pork processing; (v) JBS USA's sale of pork products; and (vi) the use of Agri Stats by JBS USA's pork business. *See, e.g.*, JBS-Pork-00000002.

13.     JBS USA objects to the definition of "Person" as vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of this case as it purports to include people and entities beyond the named Defendants that are irrelevant and outside the case. JBS USA further objects to the definition in as much as it includes the phrase "any variation thereof" in reference to "partnership," as it is vague, ambiguous, and undefined.

14.     JBS USA objects to the definition of the terms "Policy" and "Procedure" because in referring to "any rule, practice or course of conduct, guidelines or business methods or traditions" that may be "informal," "unwritten," "unrecorded," or followed by some unidentified person "implicitly," it includes matters that are not JBS USA policies or procedures.

15.     JBS USA objects to the definition of the terms "Pork Farm" and "Pork Grower" as vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case. Not only are these not commonly understood terms like "Hog Farm" and "Hog Farmer;" but, as defined, "Pork Grower" includes facilities that are also included in the definition of "Pork Farm." As such, the distinction between "Pork Farm" and "Pork Grower," if any, is unclear. For purposes of responding to Certain Direct Action Plaintiffs'

Requests, JBS USA will replace Certain Direct Action Plaintiffs' use of the term "Pork Farm" with "Hog Farm," defined as "any facility where pigs are raised for eventual slaughter and processing as Pork, including farrow-to-finish operations (which raise pigs from birth to slaughter weight), feeder pig producer operations (which raise pigs from birth to about 10-60 pounds), and feeder pig finisher operations (which buy feeder pigs and grow them to slaughter weight)." For purposes of responding to Plaintiffs' Requests, JBS USA will replace Plaintiffs' use of the term "Pork Farmer" with "Hog Farmer," defined as "any person or entity that operates a Hog Farm."

16.     JBS USA objects to Certain Direct Action Plaintiffs' usage of the term "Pork industry" as vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case, especially as the term is completely undefined.

17.     JBS USA objects to Certain Direct Action Plaintiffs' definition of the term "Pork Integrator" which is defined as a company that "raises, buys, slaughters, and processes pigs to make Pork" as vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case. JBS USA further objects to the definition as lacking in particularity, oppressive, and seeking information that is not relevant to the causes of action or defenses of any party to this action, especially to the extent it seeks "all" documents concerning non-Defendant entities that process pork or documents that are not in JBS USA's possession, custody or control. For the purposes of responding to the Requests, JBS USA will interpret "Pork Integrators" as referring to the following entities: Eichelberger Farms, Inc.; The Hanor Company of Wisconsin, LLC; Christensen Farms; Iowa Select Farms; Maple Leaf Agri-Farm; The Maschhoffs, LLC; and TriOak

13

Foods, Inc.  For the avoidance of doubt, JBS USA's treatment of the foregoing entities as Pork Integrators for purposes of responding to the Requests shall not be construed in any way as indication or agreement that any of the foregoing entities are actually integrated with regard to the raising, buying, selling, slaughtering, or processing of Pork or hogs at any level.

18.     JBS USA objects to the definition of the term "Pork Processing Facility" as overly broad, unduly burdensome and disproportionate to the needs of the case as the definition is not limited to facilities within the United States.

19.     JBS USA objects to the definition of the term "Pork Supply Factors" as vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case. JBS USA further objects to the vague and ambiguous assertion "Defendants control the supply of Pork," to the extent it assumes facts which are disputed, incorrect or otherwise unsubstantiated.

20.     JBS USA objects to the definition of the terms "relating to," "referring to," "regarding," "with respect to" and "concerning" because these definitions are overly broad and would require the production of information that is either not relevant, or if relevant, not proportional to the needs of the case, or require JBS USA to access, review and produce information that is not reasonably accessible due to undue burden.

21.     JBS USA objects to the definition of the term "RaboBank" as vague and overbroad, including as to the extent Requests incorporating this term request material pertaining to undefined "agents, subsidiaries, or affiliates".  For the purposes of responding to the Requests, JBS USA will interpret "RaboBank" as referring to Coöperatieve

14

Rabobank U. A., New York Branch, Utrecht-America Holdings, Inc., Rabo AgriFinance LLC, Rabobank USA Financial Corporation, or Utrech-America Finance Co.

22.     JBS USA objects to the definition of the term "Representative" as vague and overbroad, including as to the extent Requests incorporating this term request material not in JBS USA's possession, custody or control.  JBS USA further objects to the extent Requests incorporating this term request material subject to the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, and/or any other applicable privileges or disclosure protections.  JBS USA interprets this term to exclude legal representatives.

23.     JBS USA objects to the term "Sales Personnel" as vague and overbroad to the extent that the definition includes any person, whether employed by JBS USA or not, that had seemingly any role in the sale of Pork in the United States, and to the extent Requests incorporating this term request material not within JBS USA's possession, custody or control.

24.     JBS USA objects to the terms "Structured Data," "Structured Database" and "Unstructured Data" for the same reasons outlined above as to the definition of "ESI".

25.     JBS USA objects to the definition of the term "Telephone Record" as it seeks originating or terminating phone records that would be maintained by a non-party phone company or other carriers, and not JBS USA.

26.     JBS USA objects to the definition of the term "Trade Association" as vague, ambiguous, overly broad, unduly burdensome and not proportional to the needs of this case to the extent the definition includes any "association of business organizations that

promotes the interest of Pork Integrators," without limitation.  JBS USA would not have

knowledge of whether an "association of business organizations" of which it was not a

participant "promote[d] the interests of Pork Integrators."  For purposes of responding to

the Requests, JBS USA will interpret "Trade Association" as referring to the National Pork

Board, the National Pork Producers Council, the National Conference, the 21st Century

Pork Club, the North American Meat Institute, and the American Meat Institute.

27.     JBS USA objects to the definition of the terms "United States" and "U.S." as

it includes "commonwealths, territories, and possessions" and is thus vague and ambiguous,

and would require the production of information that is either irrelevant, or, if relevant, not

proportional to the needs of this case.

## SPECIFIC RESPONSES AND OBJECTIONS

These specific Responses are made subject to, and without waiving, the foregoing

Scope Limitations and Objections to Definitions and Instructions, which are incorporated

by reference in each of the Responses below.

## REQUEST NO. 1

*Documents sufficient to show Your organizational structure, including, but not limited to, departments, divisions, parents, subsidiaries, joint ventures, affiliates, units or other subdivisions that had any role at any time during the Relevant Time Period in the production, processing, distribution, marketing, pricing or sale of Pork.*

## RESPONSE TO REQUEST NO. 1

In addition to its Scope Limitations 1-3, 5-6, 8-11, and 13-14, as well as its

objections to the Definitions and Instructions, all of which are specifically incorporated

herein, JBS USA objects to this Request on the grounds that it is vague and ambiguous,

including as to the term "any role," and overly broad, unduly burdensome and disproportionate to the needs of the case, including in its request for "organizational structure, including, but not limited to, departments, divisions, parents, subsidiaries, joint ventures, affiliates, units or other subdivisions" and "production, processing, distribution, marketing, pricing or sale of Pork."  In satisfaction of this Request, JBS USA states that it has already produced numerous organizational charts to Certain Direct Action Plaintiffs, covering most years of the Relevant Time Period.  *See* JBS-PORK-00000001 to JBS-PORK-00000286 and JBS-PORK-00000307 to JBS-PORK-00000321; *see also* Amended Responses, 14-15 (Response to Request No. 2).  JBS USA further objects to this Request on the ground that it is duplicative of Request No. 2 in the 2018 Requests.  Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS has already produced responsive, non-privileged documents sufficient to show JBS USA's corporate organizational structure, reflecting the corporate structure of entities that were directly involved in the production, processing, distribution, marketing, pricing or sale of Pork within the U.S. to the extent that such documents were in JBS USA's possession, custody, or control, and were able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5.

## REQUEST NO. 2

> *All Documents produced to the Department of Justice (including the Federal Bureau of Investigation), Federal Trade Commission, U.S. Department of Agriculture, U.S. Securities & Exchange Commission, states' attorneys general, or other government agencies or regulators voluntarily or pursuant to any civil investigative demand, grand jury subpoena, or other investigative request between January 1, 2008 and the present, concerning the production, processing, distribution, marketing, pricing or sale of Pork during the Relevant Time Period.*

**RESPONSE TO REQUEST NO. 2**

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the basis that it is overly broad, unduly burdensome and disproportionate to the needs of the case, including in its request for "[a]ll Documents" and "concerning the production, processing, distribution, marketing, pricing or sale of Pork," and vague and ambiguous as to the terms "concerning," "other government agencies or regulators," and "voluntarily." JBS USA further objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 1 in the 2018 Requests. JBS USA further objects to this Request to the extent it seeks information that falls outside of the Relevant Time Period. Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-privileged documents produced by JBS USA to the Department of Justice, Federal Trade Commission or states' attorneys general pursuant to a civil investigation demand, a grand jury demand, a grand jury subpoena or other investigative request into supposed anti-competitive conduct in the U.S. pork industry that are in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5. *See* Amended Responses, 13-14 (Response to Request No. 1).

**REQUEST NO. 3**

*All Documents relating to any Communications, Meetings, or agreements (whether formal or informal, or proposed or actual) between You and any other Defendant or Pork Integrator.*

## RESPONSE TO REQUEST NO. 3

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the grounds that it is overly broad, unduly burdensome and disproportionate to the needs of the case, including in its request for "[a]ll Documents relating to any Communications, Meetings, or agreements" for more than a decade, and vague and ambiguous, including as to the terms "You," "Pork Integrator," and "agreements (whether formal or informal, or proposed or actual)."  As framed, the Request could be read to seek virtually all pork-related documents within JBS USA during the Relevant Time Period.  JBS USA further objects to this Request to the extent it seeks the same level of discovery from JBS USA about communications, meetings, or agreements with non-defendant "Pork Integrators" as it does about JBS USA's communications, meetings, or agreements with Defendants.  JBS USA further objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 3 in the 2018 Requests.  Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-privileged documents reflecting communications between JBS USA and any other Defendant concerning the following topics to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5:  Pork costs, pricing, production/output,

capacity, sales, demand, supply, imports, exports, or market shares. *See* Clarified Responses, 2. Further, subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-privileged documents reflecting communications between JBS USA and any other Defendant concerning the following topics to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5: hog costs, pricing, production/output, capacity, sales, demand, supply, imports, exports, or market shares. Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has also agreed to produce responsive, non-privileged documents concerning any meeting (in-person, via telephone, or via video communication platform) in the U.S. between JBS USA and any other Defendant, and documents concerning any meeting (in-person, via telephone, or via video-communication platform) outside of the U.S. between JBS USA and any other Defendant to the extent any portion of that meeting concerns or relates to the purchase or sale of hogs or Pork within the U.S. and to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5.

## REQUEST NO. 4

> *All Documents relating to Your threatened, actual, or potential enforcement of a production, capacity, output or supply restriction, reduction, or limitation, including but not limited to any penalties imposed, or any other warning, threat, or retaliation resulting from a failure to act consistent with such restriction, reduction, or limitation.*

## RESPONSE TO REQUEST NO. 4

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the grounds that it is vague and ambiguous, including as to the terms "relating to," "threatened, actual, or potential enforcement," "Your," and "penalties imposed, or any other warning, threat, or retaliation resulting from a failure to act consistent with such restriction, reduction, or limitation," and overly broad, unduly burdensome and disproportionate to the needs of the case, including in its request for "[a]ll Documents" for more than a decade. JBS USA further objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 19 in the 2018 Requests. Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only JBS USA has agreed to produce responsive, non-privileged documents concerning pricing, production, supply, and capacity discipline by any Defendant, such as documents concerning decisions on pricing, production, supply, or capacity made by one Defendant in conformity with another, to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5. *See* Clarified Responses, 5. JBS USA has also agreed to produce, with regard to the Relevant Time Period only, responsive, non-privileged (1) documents related to or impacting the decision of any Defendant to increase or decrease their production, supply, capacity, or inventory for the sale of hogs or Pork in the U.S., including documents addressing the reason for any such increase or decrease (e.g. documents related to changing input costs (such as hog procurement, feed, labor, shipping) or external factors (such as the Great Recession or

swine flu)); and (2) documents containing data showing changes to any Defendants' hog

production or Pork supply in the U.S. over time, to the extent this information is in JBS

USA's possession, custody or control, and able to be located by JBS USA through a

reasonable search, as defined in Scope Limitation No. 5.

## REQUEST NO. 5

For each Document Custodian, all:
a) *electronic and hard copy diaries, calendars, appointment books or notes,*
b) *contact information maintained in electronic or hard copy format, for any Person who is or was: (i) an owner, employee, consultant, officer, board member, Representative, or agent of a Pork Integrator or Agri Stats; (ii) a Creditor Representative or Industry Analyst; (iii) an employee of a Trade Association; or (iv) an employee of any entity that falls within the definition of Industry Meeting.*
c) *trip and travel logs and records, expense reports, and entertainment reports, including any other supporting Documents;*
d) *bills, statements, records, and supporting Documents concerning local, long distance, and cellular telephone calls by such employees, including calls made using telephones not paid for by You (such as home office, fax, and personal telephone numbers, personal cellphones, and temporary pay-as-you-go cellphones) if such telephones were used for business purposes;*
e) *a copy of the Document Custodian's most recently created resume or curriculum vitae (CV);*
f) *copies of any transcripts or recordings of prior testimony relating to Competitive Conditions in the market for Pork, such as testimony at a deposition, trial, or public hearing;*
g) *Documents sufficient to show the Document Custodian's complete contact information, including all phone numbers, social media user names or "handles," and email addresses used by the Document Custodian for any of Your business purposes in the Pork industry; and*
h) *Any severance agreements in connection with the Document Custodian ceasing employment or changing employment status with You (without time limitation).*

## RESPONSE TO REQUEST NO. 5

In addition to its Scope Limitations 1-6, and 8-14, as well as its objections to the

Definitions and Instructions, all of which are specifically incorporated herein, JBS USA

objects to this Request on the grounds that it is vague and ambiguous, including as to the terms "any," "concerning," "supporting Documents," "handles," "Industry Meeting," "Industry Analyst," and "Competitive Conditions." JBS USA further objects to the undefined term "market for Pork" as vague, particularly to the extent it could be construed to seek any information pertaining to pork outside of the United States or calls for expert discovery. JBS USA also objects to this Request on the grounds that it is overly broad, unduly burdensome and disproportionate to the needs of the case, including in its request for "[a]ll" documents and information concerning, for example, trips that do not involve other Defendants over the course of more than a decade. JBS USA further objects to the request for severance agreements as seeking information that is not relevant to the causes of action or defenses of any party to this action. JBS USA further objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 5 in the 2018 Requests. Subject to and without waiving the foregoing, and subject to the agreed-upon Document Custodians to be used in this litigation as well as with regard to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-privileged documents requested in subparts (a)-(h) as indicated below and to the extent this information is in JBS USA's possession, custody, or control and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5:

    a) Entries in electronic and hard copy diaries, calendars, appointment books, notebooks, Day Timers or day planners used for work purposes only, and which reference output, production capacity, price or customers for Pork in

the U.S.  JBS USA reserves the right to apply redactions consistent with the Court's orders or the Parties' agreements;

b) Contact information maintained in Microsoft Outlook, similar programs, Rolodex cards or any other format, for any Person who is or was reasonably known to be (i) an owner, employee, officer or board member, of a Defendant or Agri Stats; (ii) a Creditor Representative if specifically identified by Certain Direct Action Plaintiffs and agreed upon by JBS USA; (iii) an Industry Analyst; or (iv) an employee of a Trade Association;

c) Work-related travel and expense reports that relate to meetings with other Defendants, or Trade Association meetings;

d) Telephone records for accounts used for work purposes;

e) Document Custodian's most recently created resume or curriculum vitae (CV) to the extent found within personnel files or similar files;

f) Transcripts or recordings of prior testimony related to or in connection with an inquiry or investigation into the conspiracy alleged in the Complaints and subject to any protective orders that may apply;

g) Documents sufficient to show the social media user names and email addresses used by the Document Custodian for U.S. business purposes; and

h) Severance agreements for Document Custodians to the extent those agreements are readily available from a centralized, readily accessible source in the department responsible for maintaining such records.

*See* Amended Responses, 17-19 (Response to Request No. 5).

## REQUEST NO. 6

*Copies of all Telephone Records in your possession, custody, or control, including Telephone Records of your main phone number(s), main fax number(s), and any phone number used as a switchboard for any of your relevant facilities such as your headquarters, administrative offices, Pork Farms, Pork Processing Facilities, and Pork sales offices.*

## RESPONSE TO REQUEST NO. 6

In addition to its Scope Limitations 2, 5-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case, including as to the term "any phone number used as a switchboard for any of your relevant facilities" and in its request for "[a]ll Telephone Records" covering more than a decade. As drafted, this Request could encompass records for virtually every telephone line at JBS USA during the Relevant Time Period. JBS USA further objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request Nos. 5 and 6 in the 2018 Requests and Request No. 5 herein. Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-privileged Telephone Records for the switchboard or main telephone number at any JBS USA location constituting the primary office of an agreed upon Document Custodian, to the extent those Telephone Records are in JBS USA's possession, custody, or control and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5. *See* Amended Responses, 19-20 (Response to Request No. 6).

**REQUEST NO. 7**

*All Documents relating to Communications with investors, Industry Analysts, Benchmarking Services, and/or Creditor Representatives concerning Competitive Conditions.*

**RESPONSE TO REQUEST NO. 7**

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the grounds that it is vague and ambiguous, including as to the terms "investors," "relating to," "Industry Analysts," "Benchmarking Services" beyond Agri Stats and Express Markets, Inc., "concerning," "Creditor Representatives," and "Competitive Conditions," and overly broad, unduly burdensome and disproportionate to the needs of the case, including in its request for "[a]ll Documents relating to Communications" for more than a decade. JBS USA further objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request Nos. 7, 16, and 17 in the 2018 Requests and Request Nos. 22 and 23 herein. JBS USA further objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, to the extent that it seeks documents or information that are publicly available or relating to "Benchmarking Services" other than Agri Stats and Express Markets, Inc. Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-privileged earnings call transcripts and presentations related to JBS USA's U.S. Pork operations to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as well

26

as responsive, non-privileged (a) communications with representatives of financial institutions who analyze Defendants or Pork Integrators with the purpose of advising clients on investment in Defendants or Pork Integrators, and documents prepared for and/or referenced during communications with such representatives, including earnings calls; and (b) presentations or reports (including budgets, plans, and forecasts) prepared or received on a regular, periodic basis by Management of JBS USA, and Management-level communications related thereto, which concern (1) market shares of companies that process Pork in the U.S.; (2) consolidation among companies that process Pork in the U.S.; (3) factors impacting the price of Pork in the U.S. including but not limited to the supply of hogs and the amount of Pork processed, and the production, inventory, or capacity of hogs or Pork in the U.S., or any benchmarking related thereto; (4) factors impacting the supply of hogs in the U.S. or the amount of Pork processed in the U.S.; (5) JBS USA's usage of Agri Stats' materials for pricing decisions, output decisions, or monitoring pork demand; (6) hog slaughter plant utilization by companies that purchase hogs and process Pork; and (7) the effect of changes in the supply of hogs on the price of Pork, to the extent this information is in JBS USA's possession, custody, or control and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5. *See* Clarified Responses, 2-3.

## REQUEST NO. 8

> *All Documents relating to public statements or announcements, press releases, or corporate Communications by You or by other Pork Integrators concerning Competitive Conditions.*

## RESPONSE TO REQUEST NO. 8

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the basis that it is vague and ambiguous, including as to the terms "public statements or announcements," "corporate Communications," "You," "concerning," "Pork Integrators," and "Competitive Conditions," and overly broad, unduly burdensome and disproportionate to the needs of the case, including in its request for "[a]ll documents," including those publicly available, for more than a decade.  JBS USA further objects to this Request to the extent that it seeks communications by any Pork Integrators that are not within JBS USA' possession, custody or control or are otherwise publicly available.  JBS USA further objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 24 in the 2018 Requests. Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-privileged documents prepared for or referenced in press releases and official public announcements by JBS USA with members of the press, and which concern (1) market shares of companies that process Pork in the U.S.; (2) consolidation among companies that process Pork in the U.S.; (3) factors impacting the price of Pork in the U.S. including but not limited to the supply of hogs and the amount of Pork processed; and (4) factors impacting the supply of hogs in the U.S. or the amount of Pork processed in the U.S. to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5.  *See* Clarifying Letter, 5.  JBS USA has also agreed to produce responsive, non-privileged press releases and official public

announcements by JBS USA with members of the press, and which concern its sale or production of pork in the U.S., to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5.

## REQUEST NO. 9

*All Documents relating to Your practice and policies for drafting, approving, and issuing all public Communications regarding Competitive Conditions.*

## RESPONSE TO REQUEST NO. 9

In addition to its Scope Limitations 1-3, 5-6, 8-10, and 12-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the basis that it is vague and ambiguous, including as to the terms "relating to," "practice and policies," "approving," "issuing," "Your," "regarding," "public Communications," and "Competitive Conditions," and overly broad, unduly burdensome and disproportionate to the needs of the case, including in its request for "[a]ll documents," and "all public Communications" including those publicly available, for more than a decade. JBS USA further objects to this Request to the extent it seeks information not relevant to the causes of action or defenses of any party to this action, or not proportionate to the needs of the case. JBS USA is willing to meet and confer as to the relevance of this Request.

## REQUEST NO. 10

*All Documents relating to budgets, projections, estimates, or related studies, presentations, business plans, or reports prepared or received by Your current or former directors, officers, or Management regarding the following topics:*
  *a)  Pork production, supply, capacity or output;*

b) Pork prices or pricing;

c) cost and/or cost accounting reports (including, production, sale and distribution) related to Pork;

d) audited or unaudited financial statements (including all appendices) related to Pork;

e) cost and supply of raw material and/or inputs related to Pork, including any back integration of raw materials, swaps or sales of raw materials with other Pork Integrators, or hedging of purchased raw materials and/or inputs for Pork;

f) distribution channels for Pork;

g) export markets for Pork including a breakdown of country of destination and product form;

h) Pork product information regarding the types and product forms of Pork sold by You;

i) forecasted, projected, estimated, planned, or actual demand for Pork;

j) demand changes or demand fluctuations for Pork sold in the U.S.; and

k) profits, revenues, and loss information on Pork produced or sold in the U.S. identified on a (i) consolidated basis; (ii) product line or product category basis; and/or (iii) facility-by-facility basis.

## RESPONSE TO REQUEST NO. 10

In addition to its Scope Limitations 1-3, 5-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case, including as to the terms "related studies, presentations, business plans, or reports," "unaudited financial statements," "cost and supply of raw material and/or inputs," "back integration of raw materials," "swaps or sales of raw materials with other Pork Integrators," "hedging," "distribution channels," "export markets," "product form," "Pork product information," "forecasted, projected, estimated, planned, or actual demand for Pork," and "demand changes or demand fluctuations." JBS USA objects to this Request to the extent it seeks information not relevant to the causes of action or defenses of any party to this action, or not proportionate

30

to the needs of the case. JBS USA further objects to this Request in as much as it seeks

publicly available information. JBS USA further objects to this Request on the ground that

it is duplicative of documents JBS USA already agreed to produce in response to Request

No. 9 in the 2018 Requests. Subject to and without waiving the foregoing, and with regard

to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-

privileged reports, budgets, projections, estimates, or related studies and presentations

prepared or received by Management of JBS USA on a regular, periodic basis regarding

profits, revenues, loss, and cost information concerning Pork produced or sold in the U.S.

to the extent this information is in JBS USA's possession, custody or control, and able to

be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5.

*See* Clarified Responses, 3.

## REQUEST NO. 11

*Documents sufficient to show all forms of Your contracts and invoices, and any summaries of the terms, with Pork Growers.*

## RESPONSE TO REQUEST NO. 11

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to

the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA

objects to this request on the grounds that it is vague and ambiguous, including as to the

terms "Your," and "Pork Growers." JBS USA objects to this Request on the basis that it

is vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs

of the case, including as to the extent this Request seeks "all forms of Your contracts and

invoices" and "any summaries of the terms." JBS USA further objects to this Request to

the extent it seeks information not relevant to the causes of action or defenses of any party to this action, or not proportionate to the needs of the case. JBS USA also objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 31 in the 2018 Requests. Subject to and without waiving the foregoing, JBS USA has agreed to produce a representative sample of responsive, non-privileged contracts and invoices used by JBS USA with independent Hog Farmers for the purchase of hogs and/or contract farmers for the raising of hogs in the U.S., and any summaries of the terms of such contracts, to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5. *See* Amended Responses, 41-42 (Response to Request No. 31).

## REQUEST NO. 12

*For the period January 1, 2008 through June 30, 2018, Documents sufficient to identify all of Your Pork Growers, Pork Farms, and Pork Processing Facilities.*

## RESPONSE TO REQUEST NO. 12

In addition to its Scope Limitations 1-3, 5-11, and 13-14 as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the grounds that it is overly broad, unduly burdensome and disproportionate to the needs of the case, including in its request for identification of "all of Your Pork Growers, Pork Farms, and Pork Processing Facilities" for more than a decade, and vague and ambiguous, including as to the terms "Pork Growers," "Pork Farms," and "Pork Processing Facilities." JBS USA further objects to this Request to the extent it seeks

32

information not relevant to the causes of action or defenses of any party to this action, or
not proportionate to the needs of the case. JBS USA further objects to this Request to the
extent it seeks the production of documents or information that are publicly available. JBS
USA further objects to this Request on the ground that it is duplicative of documents JBS
USA already agreed to produce in response to Request No. 35 in the 2018 Requests.
Subject to and without waiving the foregoing, and with regard to the Relevant Time Period
only, JBS USA has agreed to produce a representative sample of documents and data
identifying Hog Farmers from which JBS USA purchases hogs and/or contract farmers
with which JBS USA contracts for the raising of hogs in the U.S., as well as a list of JBS
USA's Pork-processing facilities, to the extent this information is in JBS USA's possession,
custody or control, and able to be located by JBS USA through a reasonable search, as
defined in Scope Limitation No. 5. *See* Amended Responses, 44-45 (Response to Request
No. 35).

## REQUEST NO. 13

*All Documents relating to Competitive Conditions for Pork, including reports,
presentations, industry publications, business plans, studies, analyses, or other
Documents, including those prepared by or for Industry Analysts or other third
parties, concerning: (i) market shares; (ii) consolidation, mergers, acquisitions, or
joint ventures; (iii) production or processing capacity, capacity reduction, capacity
utilization, or operating rates; (iv) fixed or variable costs; (v) pricing; (vi)
inventories; (vii) entry or exit conditions; (viii) inventories; (ix) supplies/supply
trends; (x) data, publications, or other sources used in the regular course of
business by You to monitor Pork demand in the United States; (xi) substitute
products; (xii) exports; (xiii) raw materials; (xiv) Pork Supply Factors; or (xv) other
industry statistics.*

## RESPONSE TO REQUEST NO. 13

In addition to its Scope Limitations 1-3, and 5-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the grounds that it is vague and ambiguous, including as to the terms "relating to," "Competitive Conditions," "consolidation, mergers, acquisitions, or joint ventures," "market shares," "entry or exit conditions," "supplies/supply trends," "data, publications, or other sources used in the regular course of business," "raw materials," "Pork Supply Factors," and "other industry statistics," and is overly broad, unduly burdensome and disproportionate to the needs of the case, including in its request for "[a]ll Documents" for more than a decade. JBS USA objects to this Request in as much as it seeks documents or information that are publicly available. JBS USA further objects to this Request to the extent it seeks information not relevant to the causes of action or defenses of any party to this action, or not proportionate to the needs of the case. JBS USA objects to the terms "studies" and "analyses" as vague and overbroad, including to the extent that this Request could be read to cover most documents in JBS USA's possession by seeking "other Documents, including." JBS USA further objects to the Request for "[a]ll documents" concerning "consolidation, mergers, acquisitions, or joint ventures" as overly burdensome and disproportionate to the needs of the case, which concerns an alleged conspiracy not an anticompetitive merger or other corporate transaction. JBS USA also objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 18 in the 2018 Requests.

Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-privileged presentations or

reports prepared or received on a regular, periodic basis by Management of JBS USA regarding (1) market shares of companies that process Pork in the U.S.; (2) consolidation among companies that process Pork in the U.S.; (3) factors impacting the price of Pork in the U.S. including but not limited to the supply of hogs, the amount of Pork processed, and the production, inventory, or capacity of hogs or Pork in the U.S., or any benchmarking related thereto; (4) factors impacting the supply of hogs in the U.S. or the amount of Pork processed in the U.S.; (5) JBS USA's usage of Agri Stats' materials for pricing decisions, output decisions, or monitoring pork demand; (6) hog slaughter plant utilization by companies that purchase hogs and process Pork; and (7) the effect of changes in the supply of hogs on the price of Pork, to the extent this information is in JBS USA's possession, custody, or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5.  *See* Clarified Responses, 4-5.

## REQUEST NO. 14

*All Documents concerning Pork supply or production decisions, reductions, rationalization, industry leadership, industry discipline, production discipline, supply discipline, capacity discipline, or other so-called disciplined approaches or practices relating to the Pork industry.*

## RESPONSE TO REQUEST NO. 14

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the basis that it is vague and ambiguous, including as to the terms "Pork supply or production decisions, reductions, rationalization," "industry leadership" and "discipline," and overly broad, unduly burdensome and disproportionate to the needs

of the case, including in its request for "[a]ll Documents" and "other so-called disciplined approaches or practices relating to the Pork industry."   JBS USA further objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 19 in the 2018 Requests.   Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-privileged documents concerning pricing, production, supply, and capacity discipline by any Defendant, such as documents concerning decisions on pricing, production, supply, or capacity made by one Defendant in conformity with another, to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5.  *See* Clarified Responses, 5.  JBS USA has also agreed to produce, with regard to the Relevant Time Period only, responsive, non-privileged (1) documents related to or impacting the decision of any Defendant to increase or decrease their production, supply, capacity, or inventory for the sale of hogs or Pork in the U.S., including documents addressing the reason for any such increase or decrease (e.g. documents related to changing input costs (such as hog procurement, feed, labor, shipping) or external factors (such as the Great Recession or swine flu)); and (2) documents containing data showing changes to any Defendants' hog production or Pork supply in the U.S. over time, to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5.

**REQUEST NO. 15**

*All Documents related to Your quoting, changing, or setting the prices or the terms and conditions for sale of Pork, including pricing guidelines, pricing methods, pricing formulas, procedures or authorization procedures for Sales Personnel to quote a price, price changes, price lists, pricing policies, violations of pricing policies and Documents providing guidance to Sales Personnel about implementation of price changes.*

## RESPONSE TO REQUEST NO. 15

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the grounds it is vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case, including as to the term "Sales Personnel," as well as to its request for "[a]ll Documents" for more than a decade. JBS USA further objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 14 in the 2018 Requests. Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-privileged documents that show JBS USA's policies, procedures and practices related to quoting, changing or setting the prices or the terms and conditions for sale of Pork in the U.S., to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5. *See* Amended Responses, 27 (Response to Request No. 14).

## REQUEST NO. 16

*All Documents relating to Pork price announcements, price changes, explanations of the reasons for price changes, price lists, pricing policies, pricing guidelines, pricing methods, pricing formulas, analysis of market prices, monitoring of competitor pricing, price changes of Pork produced or sold in the U.S. (including*

*price announcements or explanations of the reasons for price changes), price increase and surcharge announcements, and any other Communications concerning Pork price increases or the imposition of surcharges.*

## RESPONSE TO REQUEST NO. 16

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the grounds it is vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case, including as to its request for "[a]ll Documents" for more than a decade, and "any other Communications" concerning pricing. JBS USA further objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 15 in the 2018 Requests and Request No. 15 herein, or seeks publicly available information. Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-privileged documents sufficient to show JBS USA's prices charged for Pork in the U.S., changes in JBS USA's prices charged for Pork sold in the U.S., JBS USA's price lists relating to Pork sold in the U.S., JBS USA's pricing policies and JBS USA's understanding of the prices that other Defendants charged for Pork sold in the U.S., to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5. *See* Amended Responses, 28 (Response to Request No. 15).

## REQUEST NO. 17

*All Documents relating to any decision to change the pricing terms for Your customers' contracts for Pork, including any analyses regarding changes from fixed-price to adjustable price provisions.*

38

**RESPONSE TO REQUEST NO. 17**

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the basis that it is vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case as to the terms "[a]ll documents," "any decision," "pricing terms," "Your customers' contracts" and "any analyses," including as to the extent this Request seeks "[a]ll documents," "any decision" and "any analyses" over the course of more than a decade. JBS USA further objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 33 in the 2018 Requests. Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-privileged documents sufficient to show Management-level analysis and decisions to change the terms of pricing for Pork sales to customers in the U.S., including from fixed pricing to adjustable pricing, to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5. *See* Amended Responses, 43 (Response to Request No. 33).

**REQUEST NO. 18**

*All contracts or other agreements, and any summaries of the terms (including duration, price protection, terms for price modification, surcharges, discounts, or rebates) for the sale of Pork in the U.S. to Your customers.*

**RESPONSE TO REQUEST NO. 18**

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the basis that it is vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case, including as to the terms "[a]ll contracts or other agreements" and "any summaries of the terms." JBS USA further objects to this Request to the extent it is duplicative of prior Requests. JBS USA further objects to this Request on the ground that it is duplicative of documents and data JBS USA already agreed to produce in response to Request No. 32 in the 2018 Requests. Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce non-privileged (a) representative sample contracts for the sale of pork to its customers in the U.S.; and (b) transactional data for the sale of pork to customers in the U.S., to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5. *See* Amended Responses, 42-43 (Response to Request No. 32).

## REQUEST NO. 19

*All Documents relating to Pork customer complaints regarding prices, pricing, or terms or conditions of sale or the refusal or failure to supply Pork and any responses thereto, and all Documents reflecting any policy of Your company concerning the handling of such customer complaints.*

## RESPONSE TO REQUEST NO. 19

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the basis that it is vague, ambiguous, overly broad, unduly

burdensome and disproportionate to the needs of the case, as to the terms "customer complaints," "Pork customer," "any responses," "Your company" and "any policy," and including as to the extent this Request seeks "[a]ll documents" and "any responses" relating "to Pork customer complaints" for more than a decade. JBS USA further objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 34 in the 2018 Requests. Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-privileged compilations of customer complaints about Pork price and supply to the extent such compilations of customer complaints are stored in a centralized database, and responsive, non-privileged documents sufficient to show JBS USA's policies for addressing customer complaints relating to sales of Pork in the U.S., to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5. *See* Amended Responses, 44 (Response to Request No. 34).

## REQUEST NO. 20

*Documents sufficient to show actual or potential substitutes for Pork, or the elasticity of supply, demand, or price of Pork (including the effect of such substitutes' prices upon Pork pricing, purchase terms, or profits).*

## RESPONSE TO REQUEST NO. 20

In addition to its Scope Limitations 1-3, and 5-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case, including as to the terms

"potential substitutes," and "effect."  JBS USA objects to this Request to the extent it seeks

information not relevant to the causes of action or defenses of any party to this action, or

not proportionate to the needs of the case.  JBS USA objects to this Request as premature

to the extent it seeks documents or communications relating to information that is properly

the subject of expert analysis.   JBS USA will produce responsive, non-privileged

documents relating to the subjects of expert analysis at the time called for by any applicable

scheduling order in this action, the Federal Rules of Civil Procedure, the Local Rules of

the United States District Court for the District of Minnesota or any other applicable local

rules, case law or court orders.  JBS USA further objects to this Request on the ground that

it is duplicative of documents JBS USA already agreed to produce in response to Request

No. 11 in the 2018 Requests.  Subject to and without waiving the foregoing, and with regard

to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-

privileged documents that show actual or potential product substitutes for Pork in the U.S.

analyzed by JBS USA, and responsive, non-privileged documents sufficient to show the

elasticity of supply, demand, or price of Pork analyzed by Management of JBS USA to the

extent this information is in JBS USA's possession, custody or control, and able to be

located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5.

*See* Amended Responses, 25 (Response to Request No. 11); Clarified Responses, 3.

## REQUEST NO. 21

*Documents sufficient to identify any tentative, proposed or consummated sale, acquisition, merger, joint venture, divestiture, transfer of assets, spinoff, or any other form of change of ownership or control or business combination concerning any Pork-related business, production facilities, product lines, or other assets (including both businesses or assets owned or controlled by You and those owned*

42

*or controlled by other Persons), and any minutes, notes, reports, studies, analysis, presentations, expert or market participant comments, and any analysis or other information submitted to or received from any governmental agency.*

## RESPONSE TO REQUEST NO. 21

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the basis that it is vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case, including as to the term "any tentative, proposed or consummated" transaction including any "business combination" over more than a decade. JBS USA further objects to this Request as oppressive and lacking in particularity to the extent it seeks documents regarding the broad subjects of sales, mergers, joint ventures or any form of change of ownership or business combination, throughout a time period spanning more than a decade. JBS USA further objects to this Request on the grounds that it is overly broad, unduly burdensome and disproportionate to the needs of the case, including to the extent that it seeks the production of documents or information that are publicly available. JBS USA further objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 22 in the 2018 Requests. Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-privileged documents sufficient to identify consummated acquisitions, mergers, joint ventures, divestitures, change of ownership or control of a Pork-related business or production facility in the U.S. involving JBS USA, and any final analyses or reports submitted to or received from a government agency regarding those transactions,

to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5. *See* Amended Responses, 34 (Response to Request No. 22).

## REQUEST NO. 22

> *All Documents relating to Agri Stats or its affiliates (including Express Markets, Inc.) concerning Pork, including any consideration of the risks and/or benefits of providing information to or receiving information from Agri Stats, the anonymity of individual Pork Integrator data received from Agri Stats, any processes employed by You to de-anonymize Agri Stats data, any contracts or agreements with Agri Stats, any presentations, Communications, or meeting minutes received from or provided to Agri Stats, and all copies of reports provided to or received from Agri Stats.*

## RESPONSE TO REQUEST NO. 22

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA does not agree with Certain Direct Action Plaintiffs' characterizations in their Request and is not adopting their assertions — in particular, that Defendants were attempting to de-anonymize Agri Stats data. Moreover, JBS USA objects to the Request on the grounds it is vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case, including as to the term "relating to," and its request for "[a]ll Documents" and "any presentations, Communications, or meeting minutes received from or provided to Agri Stats" and "all copies of reports" for more than a decade. JBS USA further objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 16 in the 2018 Requests. Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-privileged analyses by JBS USA of the risks and/or

44

benefits of providing information to or receiving information from Agri Stats, as well as responsive, non-privileged documents related to any efforts by JBS USA to de-anonymize Agri Stats data to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5. *See* Clarified Responses, 4. Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has also agreed to produce the following responsive, non-privileged documents to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5: (1) documents exchanged between JBS USA to Agri Stats and/or Express Markets, Inc. about the production or pricing of hogs or Pork in the U.S.; (2) contracts between JBS USA and Agri Stats and/or Express Markets, Inc.; and (3) JBS USA's internal analyses of reports or data received from Agri Stats regarding production or pricing of hogs or Pork in the U.S. *See* Amended Responses, 28-29 (Response to Request No. 16). Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has also agreed to produce the following responsive, non-privileged documents to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5: (1) documents about meetings with Agri Stats or Express Markets, Inc. including JBS USA's internal communications addressing what was discussed during such meetings; (2) discussion or analyses by JBS USA concerning the limits of what JBS USA is able to discern from Agri Stats data about

its own position or any Defendants' position in the market; and (3) documents related to

JBS USA's subscription to Agri Stats services.

**REQUEST NO. 23**

> *All Documents relating to actual or potential participation or consideration of any Benchmarking Service or any information sharing services relating to Pork industry profitability, pricing, production, or supply other than Agri Stats or Express Markets, Inc.*

**RESPONSE TO REQUEST NO. 23**

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to

the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA

objects to this Request on the basis that it is vague, ambiguous, overly broad, unduly

burdensome and disproportionate to the needs of the case, including as to the terms "All

Documents," "relating to," "actual or potential participation or consideration of any

Benchmarking Service or any information sharing services" and "other than." JBS USA

has already stated that it will not produce any documents or communications with the

USDA with respect to this Request. *See* Amended Responses, 33 (Response to Request

No. 21). JBS USA also objects to this Request on the grounds that it is overly broad,

unduly burdensome and disproportionate to the needs of the case, to the extent that it seeks

documents or information that are publicly available or relating to "any Benchmarking

Service or any information sharing services" other than Agri Stats or Express Markets, Inc.,

especially in light of assertions that, among other things, Agri Stats was "central and critical

to the formation, operation and continuing stability of the Defendants' anticompetitive

scheme." *See, e.g.*, Jetro Holdings, LLC Complaint, No. 1:21-cv-04753 (ECF No. 1), 13.

The Certain Direct Action Plaintiffs also did not refer to any other benchmarking or information sharing service provider in their complaints.  JBS USA further objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 21 in the 2018 Requests.  Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-privileged documents reflecting JBS USA's use of other benchmarking services in connection with decisions concerning the procurement of Hogs, the processing of Pork, or the pricing of Pork in the U.S. to the extent this information is in JBS USA's possession, custody, or control and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5.  *See* Clarified Responses, 5.

## REQUEST NO. 24

> *All Documents relating to Your membership in any Trade Association or industry group or attendance at any Trade Association, Industry Meeting or Creditor Conference, or investor or analyst conference, including announcements, membership lists, presentations (including speaker notes), agendas, minutes, notes, attendance lists, and correspondence.*

## RESPONSE TO REQUEST NO. 24

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the basis that it is vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case, including as to the extent this Request seeks "[a]ll [d]ocuments" relating to "membership in any Trade Association or industry group or attendance at any Trade Association, Industry Meeting or Creditor Conference, or investor or analyst conference" for more than a decade.  JBS USA also

objects on the grounds that it is vague and ambiguous, including as to the terms "relating to," "Industry Meeting," "Creditor Conference," and "investor or analyst conference." JBS USA further objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 5 in the 2018 Requests. Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-privileged documents relating to its Document Custodians' participation in any Trade Association or meetings with other Defendants, to the extent this information is in JBS USA's possession, custody, or control and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5. *See* Amended Responses, 17-19 (Response to Request No. 5).

## REQUEST NO. 25

> *Documents sufficient to describe in detail the Pork products You sold, marketed, or distributed during the Relevant Time Period, including any variations relating to brand name, physical properties and characteristics, packaging, product form, cut, further processing, grade, specialty products and any other factors influencing price.*

## RESPONSE TO REQUEST NO. 25

In addition to its Scope Limitations 1-3, 5-11, and 13-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case, including as to the terms "in detail," "sold, marketed, or distributed," "any variations relating to brand name, physical properties and characteristics," "product form," or "any other factors influencing price." JBS USA also objects to this Request to the extent it seeks information not relevant to the

48

causes of action or defenses of any party to this action, or not proportionate to the needs of the case. JBS USA further objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 39 in the 2018 Requests, and to the extent that it seeks documents or information that are publicly available. JBS USA also objects to this Request as premature to the extent it seeks documents or communications relating to information that is properly the subject of expert analysis. JBS USA will produce responsive, non-privileged documents relating to the subjects of expert analysis at the time called for by any applicable scheduling order in this action, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Minnesota, or any other applicable local rules, case law or court orders. Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-privileged documents sufficient to show product descriptions of any Pork sold, marketed or distributed by JBS USA in the U.S., to the extent such information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5. *See* Amended Responses, 49-50 (Response to Request No. 39).

## REQUEST NO. 26

> *Documents sufficient to show by month, quarter, and year Your revenues, profits (including income measures such as EBIT and EBITDA), profit margins, profit levels, or projected profits relating to the sale of Pork in the United States.*

## RESPONSE TO REQUEST NO. 26

In addition to its Scope Limitations 1-3, 6-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA

49

objects to the Request on the grounds it is vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case, including as to the terms "profit levels," "relating to," and as to the request for "month, quarter, and year" profit and revenue information for more than a decade.  JBS USA also objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 9 in the 2018 Requests.  JBS USA further objects to this Request in as much as it is duplicative of other Requests herein or seeks publicly available information.  Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-privileged reports, budgets, projections, estimates, or related studies and presentations prepared or received by Management of JBS USA on a regular, periodic basis regarding profits, revenues, loss, and cost information concerning Pork produced or sold in the U.S. to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5.  *See* Clarified Responses, 3; Amended Responses, 23 (Response to Request No. 9).

## REQUEST NO. 27

*Documents or Structured Data sufficient to show the terms of all purchases, sales, trades, exchanges, or swaps of Pork between You and any other Pork Integrator, including any contracts, co-packing agreements, joint ventures, and/or other agreements, whether formal or informal.*

## RESPONSE TO REQUEST NO. 27

In addition to its Scope Limitations 1-3, 6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA

objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case, including in its request for "all purchases, sales, trades, exchanges, or swaps of Pork," "Pork Integrator," "including," and "any contracts, co-packing agreements, joint ventures, and/or other agreements, whether formal or informal."   JBS USA further objects to this Request to the extent it seeks the same level of discovery from JBS USA about non-defendant "Pork Integrator[s]" as it does about Defendants.  JBS USA also objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request Nos. 8 and 36 in the 2018 Requests.  Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce (1) responsive, non-privileged documents sufficient to show the final price and quantity terms of all purchases, sales, trades, exchanges or swaps of hogs or Pork sold in the U.S. between JBS USA and any other Defendant, as well as any contracts entered into by JBS USA with any other Defendant relating to hogs or Pork sold in the U.S.; and (2) responsive, non-privileged Structured Data that it maintains in the ordinary course of business sufficient to show its purchases, sales, trades, exchanges, or swaps of Pork in the U.S. between JBS USA and any Defendant, to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5.  *See* Amended Responses, 21, 46 (Responses to Request Nos. 8 and 36).

**REQUEST NO. 28**

For the time period from January 1, 2005 through December 31, 2020, Structured Data sufficient to show, for each U.S. Pork sale, the categories of information listed below, and Documents sufficient to understand all data fields, codes, or other fields on the invoice. These Direct Action Plaintiffs request this information in the most disaggregated form (meaning at the transactional level, not aggregated by month or quarter) in which it is kept, and Defendants should produce the data in a comma-delimited text file (e.g., a file with a file extension of .csv or .txt). If You maintain separate or distinct sets of such data for internal purposes, Agri Stats reporting purposes, or any other purpose, these Direct Action Plaintiffs' request is for each separate set of data for the categories of information listed below.

a) the terms of each sale;

b) the invoice number;

c) the purchase order number;

d) the location from which the Pork was shipped;

e) the customer's name, phone number(s), address(es), email address(es), including the identity of the customer that was billed and the location to which the Pork was shipped;

f) the date You shipped the Pork, the date You billed for the Pork, and the date the customer took delivery;

g) the grade, cut, product form, and/or type of Pork, including any product numbers, unique purchaser-specific identifier, any description of characteristics, and product descriptions sold for each transaction;

h) the quantity (and units of measure) for each sale;

i) all pricing information concerning the sale, including shipping, tax, or similar charges, and the gross and net unit price for each item in the sale;

j) the currency in which the sale was billed and paid;

k) any discounts, rebates, credits, freight allowances, returns, free goods, and/or services or any other pricing adjustment for each sale, with sufficient information to attribute these adjustments to individual sales;

l) if a resale, the Supplier of each Pork sold in connection with each sale;

m) the price You paid Your Supplier for each type of Pork sold in connection with each sale, including gross and net aggregate and per-unit prices;

n) any fixed or variable costs or costs of goods sold concerning the sale (including freight charge and transportation cost, sales and distribution cost, raw materials, intermediates, marketing or sales cost, and any other cost attributed or allocated to the sale);

o) for any sale or purchase from another Pork Integrator, Electronic Data Interchange fields for which the user can freely enter text, such as "comments" or similar fields;

p) any Structured Database field summarizing terms of sale or agreements or contracts for customers;

q) any other data available in Your database Concerning the purchase, sale or distribution of the Pork for each sale.

**RESPONSE TO REQUEST NO. 28**

In addition to its Scope Limitations 1-3, and 5-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to the Request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case, including as to the terms "internal purposes," "Agri Stats reporting purposes," "or any other purpose," "product form," "description of characteristics," "product descriptions," "sufficient information," "marketing or sales cost," "any Structured Database field," and "any other data available in Your database." JBS USA further objects to this Request to the extent it seeks information not relevant to the causes of action or defenses of any party to this action, or not proportionate to the needs of the case. JBS USA also objects to this Request in as much as it is duplicative of other Requests. JBS USA further objects to this Request to the extent it seeks the same, additional data concerning non-defendant "Pork Integrators" as it does about Defendants. JBS USA further objects to the proposed time period for Structured Data as it encompasses several years before the start of the alleged conspiracy. JBS USA also objects to this Request on the ground that it is duplicative of data JBS USA already agreed to produce in response to Request No. 37 in the 2018 Requests. Subject to and without waiving the foregoing, and with regard to the time period from January 1, 2005 through December 31, 2020 only, JBS USA has already produced responsive, non-privileged Structured Data that it maintains in the ordinary course of business sufficient to show its sales of Pork in the U.S., and will produce any such remaining data in the same or

similar format to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5.  *See* Amended Responses, 47-48 (Response to Request No. 37).

## REQUEST NO. 29

*From January 1, 2005 through December 31, 2020, Structured Data, databases and Documents regarding your production of Pork sufficient to show the details of your production, processing, and supply of "Pork Products" by day, month, quarter, and year by facility, including but not limited to the following: a) The volume--by total number and weight of Hogs—processed; b) The product form/type/grade/cut produced or processed and the volume of each; c) The processing, production, capacity, and capacity utilization.*

## RESPONSE TO REQUEST NO. 29

In addition to its Scope Limitations 1-3, and 5-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to the Request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case, including as to the request for "databases," "details of your production processing and supply" for over a decade "by day, month, quarter, and year by facility," and as to the terms "product form/type/grade/cut," "produced or processed," and "processing, production, capacity, and capacity utilization." JBS USA further objects to this Request to the extent it seeks information not relevant to the causes of action or defenses of any party to this action, or not proportionate to the needs of the case.  JBS USA also objects to the proposed time period for Structured Data as it encompasses several years before the start of the alleged conspiracy.  JBS USA also objects to this Request on the ground that it is duplicative of data JBS USA already agreed to produce in response to Request No. 37 in the 2018 Requests, and on the ground that it is

duplicative of Request No. 28 herein. Subject to and without waiving the foregoing, and with regard to the time period from January 1, 2005 through December 31, 2020 only, JBS USA has already produced responsive, non-privileged Structured Data that it maintains in the ordinary course of business sufficient to show its sales of Pork in the U.S., and will produce any such remaining data in the same or similar format to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5. *See* Amended Responses, 47-48 (Response to Request No. 37). Further, subject to and without waiving the foregoing, and with regard to the time period from January 1, 2005 through December 31, 2020 only, to the extent such data exists and is readily available, JBS USA has agreed to produce responsive, non-privileged Structured Data that it maintains in the ordinary course of business sufficient to show its hog purchases in the U.S. in the same or similar format, to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5.

## REQUEST NO. 30

*Documents sufficient to show Your Policies, Procedures and practices, whether implemented, adopted, used or considered, concerning compliance with antitrust laws and/or competition laws of the United States and States (including current and former versions of compliance policies and procedures, presentations, seminars, programs, memos, statements signed by Your members or employees that acknowledge receipt of or compliance with such policies arising from or relating to any prior legal proceedings), and all Documents relating to any inquiries or investigations concerning compliance with such policies.*

## RESPONSE TO REQUEST NO. 30

In addition to its Scope Limitations 1-3, 6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request to the extent it seeks information not relevant to the causes of action or defenses of any party to this action, or not proportionate to the needs of the case. JBS USA further objects to this Request on the basis that it is vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case, including as to the terms "any inquiries or investigations," "statements signed by Your members or employees," and "arising from or relating to any prior legal proceedings." JBS USA further objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 25 in the 2018 Requests, and to the extent that it is duplicative of other Requests herein. Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-privileged documents sufficient to show JBS USA's implemented or adopted compliance policies, including Document Custodians' acknowledgment of those policies, concerning federal or state antitrust or competition laws in the U.S. to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5. *See* Amended Responses, 37 (Response to Request No. 25).

**REQUEST NO. 31**

*Documents relating to actions to conceal or avoid detection of any potential violations of antitrust laws and/or competition laws of the United States and States (including the use of code words or otherwise masking the identity of any Person or entity, meeting in locations or communicating at times or via methods with the intent to avoid detection by any Person or entity, using non-traceable prepaid calling*

*cards or cellphones, non-contract or disposable cell phones, placing calls from public phones, and destroying, secreting, altering or forging Documents).*

## RESPONSE TO REQUEST NO. 31

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case, including as to the terms "Documents relating to," "any potential violations" and "any Person or entity." By responding to this Request, JBS USA does not agree with the characterizations in the Request and are not adopting the assertions therein — in particular, that JBS USA concealed any violations of any law. JBS USA further objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 27 in the 2018 Requests. Subject to and without waiving the foregoing, JBS USA has agreed to produce responsive, non-privileged documents relating to an attempt to conceal the violation of U.S. antitrust law as alleged in the operative complaints involving Defendants to the extent this information is in JBS USA's possession, custody, or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5. *See* Amended Responses, 38-39 (Response to Request No. 27).

## REQUEST NO. 32

*All Documents relating to any Direct Action Plaintiff serving these Requests.*

## RESPONSE TO REQUEST NO. 32

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the basis that it is vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case, including as to the term "[a]ll documents" for more than a decade.  Subject to and without waiving the foregoing, and with regard to the Relevant Time Period only, JBS USA agrees to produce responsive, non-privileged documents relating to the named Direct Action Plaintiffs in this action, where such documents relate to sale or production of Pork in the U.S., to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5.

## REQUEST NO. 33

*All Documents related to Communications with RaboBank concerning the Pork industry, including Competitive Conditions in the Pork industry.*

## RESPONSE TO REQUEST NO. 33

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the basis that it is vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case, including as to the terms "[a]ll Documents related to Communications" for more than a decade, and to the terms "RaboBank," "Competitive Conditions," and "Pork industry."  JBS USA further objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 7 in the 2018 Requests.  Subject to and without waiving

58

the foregoing, and with regard to the Relevant Time Period only, JBS USA has agreed to produce responsive, non-privileged earnings call transcripts and presentations related to JBS USA's U.S. hog or Pork operations to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as well as responsive, non-privileged communications with representatives of financial institutions who analyze Defendants or Pork Integrators with the purpose of advising clients on investment in Defendants or Pork Integrators, and documents prepared for and/or referenced during communications with such representatives, including earnings calls, which concern (1) market shares of companies that process Pork in the U.S.; (2) consolidation among companies that process Pork in the U.S.; (3) factors impacting the price of Pork in the U.S. including but not limited to the supply of hogs, the amount of Pork processed, and the production, inventory, or capacity of hogs or Pork in the U.S., or any benchmarking related thereto; (4) factors impacting the supply of hogs in the U.S. or the amount of Pork processed in the U.S.; (5) JBS USA's usage of Agri Stats' materials for pricing decisions, output decisions, or monitoring pork demand; (6) hog slaughter plant utilization by companies that purchase hogs and process Pork; and (7) the effect of changes in the supply of hogs on the price of Pork, to the extent this information is in JBS USA's possession, custody, or control and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5. *See* Clarified Responses, 2-3.

**REQUEST NO. 34**

> *All Documents necessary to understand the operation of any of the computer hardware and systems, software, Structured Databases, ESI, database, storage, backup and archiving systems and Communications systems and devices*

*information requested herein (including, but not limited to, Documents describing or defining the fields contained in any such database file naming conventions and standards); user manuals; Help features or documentation; password, encryption, and other security protocols; diskette, CD, DVD, and other removable media labeling standards; email storage conventions, e.g., limitations on mailbox sizes/storage locations; schedule and logs for storage; software and hardware upgrades (including patches) for the Relevant Time Period (including who and what organization conducted such upgrades); and Backup tape rotation.*

## RESPONSE TO REQUEST NO. 34

In addition to its Scope Limitations 1-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the basis that it is vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case, including in its request for "[a]ll documents" for more than a decade, and vague and ambiguous, including as to the terms "necessary to understand the operation of," "any of," "Communications systems and devices information," and "other removable media labeling standards." JBS USA objects to this Request in as much as it is duplicative of other Requests or seeks documents or information that are publicly available. JBS USA further objects to this Request to the extent it seeks information not relevant to the causes of action or defenses of any party to this action, or not proportionate to the needs of the case. JBS USA also objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 28 in the 2018 Requests. Subject to and without waiving the foregoing, JBS USA responds that it has already provided a substantial amount of information about its IT systems in its ESI Disclosures served on March 8, 2019, and its Amended ESI Disclosures served on March 15, 2019. Subject to and without waiving the

foregoing, and with regard to the Relevant Time Period only, and to the extent readily available, JBS USA has agreed to produce responsive, non-privileged data dictionaries necessary to understand the operation of any Structured Databases from which JBS USA produces structured data to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5.  *See* Clarified Responses, 6.

## REQUEST NO. 35

> *Documents sufficient to identify and describe Your computer hardware and systems (including email systems), software, ESI, Structured Databases, storage, backup and archiving systems and Communications systems and devices used in connection with Documents called for by production of these Requests for Production, including data maps, data dictionaries, explanations of information contained in each system or database, and document retention policies.*

## RESPONSE TO REQUEST NO. 35

In addition to its Scope Limitations 1-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the grounds that it is overly broad, unduly burdensome and disproportionate to the needs of the case, including in its request for "explanations of information contained in each system or database" for more than a decade, and vague and ambiguous, including as to the terms "Communications systems and devices," "used in connection with," or "explanations of information contained in each system or database." JBS USA further objects to this Request to the extent it seeks information not relevant to the causes of action or defenses of any party to this action, or not proportionate to the needs of the case.  JBS USA further objects to this Request to the extent it is duplicative of other

Requests including Request No. 34, or seeks documents or information that are publicly available.  JBS USA further objects to this Request on the ground that it is duplicative of documents JBS USA already agreed to produce in response to Request No. 29 in the 2018 Requests.  Subject to and without waiving the foregoing, JBS USA responds that it has already provided a substantial amount of information about its IT systems in its ESI Disclosures served on March 8, 2019, and its Amended ESI Disclosures served on March 15, 2019.

## REQUEST NO. 36

*All Documents referenced or relied upon in responding to any Interrogatory served by any Direct Action Plaintiff or any plaintiff in In re Pork Antitrust Litigation, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.).*

## RESPONSE TO REQUEST NO. 36

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks "[a]ll documents" for more than a decade, or documents or information that are publicly available, and vague and ambiguous, including as to the term "relied upon."  JBS USA further objects to this Request to the extent it seeks production of documents protected by the attorney-client privilege, the attorney work-product doctrine or any other privilege.  JBS USA further objects to this Request to the extent it seeks production of documents beyond the extent permissible under Fed. R. Civ. P. 33.  Subject to and without waiving the foregoing, JBS USA agrees to produce responsive, non-privileged documents JBS USA expressly

referenced in responding to Interrogatories served upon JBS USA in this action, to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5.

**REQUEST NO. 37**

*All Documents produced to or received from any party or third party related to or in connection with this Action or in In re Pork Antitrust Litigation, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.).*

**RESPONSE TO REQUEST NO. 37**

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks "[a]ll documents" for more than a decade, or documents or information that are publicly available, and vague and ambiguous, including as to the terms "in connection," and "any party or third party." JBS USA further objects to this Request to the extent it seeks production of documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other privilege.  JBS USA further objects to this Request to the extent it seeks production of documents beyond the extent permissible under Fed. R. Civ. P. 33.  Subject to and without waiving the foregoing, JBS USA agrees to produce responsive, non-privileged documents JBS USA produced in response to a discovery request propounded by a named party in this action, to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5.

**REQUEST NO. 38**

*All Documents that You may rely on in support of, or that You contend supports, Your defenses and affirmative defenses in this Action.*

**RESPONSE TO REQUEST NO. 38**

In addition to its Scope Limitations 1-3, 5-6, and 8-14, as well as its objections to the Definitions and Instructions, all of which are specifically incorporated herein, JBS USA objects to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it seeks "[a]ll documents" for more than a decade, or documents or information that are publicly available, and vague and ambiguous, including as to the terms "may rely on," "support of," and "supports." JBS USA further objects to this Request to the extent it seeks production of documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other privilege. JBS USA further objects to this Request to the extent it seeks production of documents beyond the extent permissible under Fed. R. Civ. P. 33. Subject to and without waiving the foregoing, JBS USA agrees to produce responsive, non-privileged documents JBS USA relies on in support its defenses and affirmative defenses, to the extent this information is in JBS USA's possession, custody or control, and able to be located by JBS USA through a reasonable search, as defined in Scope Limitation No. 5.

QUINN EMANUEL URQUHART                    SPENCER FANE LLP
& SULLIVAN, LLP

By:  /s/ *Sami H. Rashid*
Stephen R. Neuwirth (*pro hac vice*)         Donald G. Heeman, #286023
Sami H. Rashid (*pro hac vice*)              Jessica J. Nelson, #347358
Richard T. Vagas (*pro hac vice*)            Randi J. Winter, #391354
David B. Adler (*pro hac vice*)              100 South Fifth Street,
51 Madison Avenue, 22nd Floor                Suite 2500
New York, NY 10010                           Minneapolis, MN  55402
Telephone:  (212) 849-7000                   Telephone:  (612) 268-7000
Facsimile:  (212) 849-7100                   Facsimile:  (612) 268-7001
stephenneuwirth@quinnemanuel.com             dheeman@spencerfane.com
samirashid@quinnemanuel.com                  jnelson@spencerfane.com
richardvagas@quinnemanuel.com                rwinter@spencerfane.com
davidadler@quinnemanuel.com

*Counsel for JBS USA Food Company*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 22nd day of November, 2021, all counsel of record are being served with a copy of this document via electronic mail.

*/s/ Sami H. Rashid*
Sami H. Rashid
