# Exhibit

# E

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil Action No. 21-md-02998 |
| THIS DOCUMENT RELATES TO:<br>*Certain Direct Action Plaintiff Actions* | Honorable John R. Tunheim<br>Honorable Hildy Bowbeer |

**TYSON DEFENDANTS' RESPONSES & OBJECTIONS TO**
**CERTAIN DIRECT ACTION PLAINTIFFS' FIRST REQUESTS FOR**
**PRODUCTION OF DOCUMENTS TO PORK INTERGRATOR DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34 (the "Federal Rules") and the Local Rules of the United States District Court for the District of Minnesota (the "Local Rules"), Defendants Tyson Foods, Inc., Tyson Prepared Foods, Inc., and Tyson Fresh Meats, Inc. (collectively, "Tyson") hereby submit these objections and responses to Certain Direct Action Plaintiffs' First Set of Requests for Production of Documents to the Pork Integrator Defendants (the "Requests"), dated October 22, 2021.

## PRELIMINARY STATEMENT

The following responses are based upon the facts, documents, and information presently known and available to Tyson based on a reasonable investigation. Discovery, investigation, research, and analysis are ongoing, and may disclose the existence of additional responsive non-privileged facts or documents, add meaning to known facts or documents, or lead to additions, variations, or changes to these responses.

Tyson expressly reserves all rights to supplement, amend, correct, or clarify its objections and responses to the Requests as necessary and to assert additional objections arising from matters discovered during the course of the litigation.

1

The fact that Tyson has objected and/or responded to an individual Request shall not be interpreted to imply that responsive documents or information exist, or that Tyson acknowledges the propriety of the Request.  A response that Tyson will produce responsive non-privileged documents does not mean that Tyson has any responsive documents, but rather means that Tyson will produce responsive non-privileged documents maintained in the ordinary course of business if, after a reasonably diligent and proportional search of files in the custodial and non-custodial sources agreed by the parties or ordered by the Court, it locates such responsive documents, subject to any objections.  Tyson is not offering or promising to search for and produce every document or piece of information that may exist in its possession, custody or control, and/or search for all documents where they are not included within the results of a reasonable and proportionate search.

Tyson is willing to discuss its objections in a good faith attempt to resolve or narrow any differences between the parties.

## <u>SCOPE LIMITATIONS</u>

Tyson's Scope Limitations apply to each of the Requests and are hereby incorporated within each response below.

1.      ***Search Methodology***.  Tyson objects to any request seeking "all" or "any" documents on the grounds that Tyson cannot guarantee that it has located every single document located anywhere in the company that might be responsive to a particular request.  Such a request, if interpreted literally, would seek documents and ESI far beyond the scope of a reasonable search of appropriate custodian files and non-custodial sources and would seek information that is not reasonably accessible and not proportional.  Tyson further objects to the Requests to the extent they would require renegotiation of discovery protocols already agreed on

or ordered in this action.  Except as expressly stated below, Tyson has searched or will search for documents pursuant to search terms negotiated by the parties and/or ordered by the Court applied to custodians and noncustodial data sources negotiated by the parties and/or ordered by the Court.

2.     ***Non-Pork Documents***.  Tyson will not collect or produce documents containing information related solely to non-Pork products because such information has no relevance to Plaintiffs' claims.

4.     ***Privilege***.  Tyson objects to each Request, Definition, or Instruction to the extent it seeks information or documents protected from disclosure by the attorney-client privilege, the attorney-work-product immunity, or any applicable privilege, protection, doctrine, or immunity. No response below should be construed as a waiver of any applicable privilege, protection, doctrine, or immunity.  Tyson does not intend to produce privileged or protected documents or disclose any privileged or protected material, and any production of such documents or disclosure of such material is inadvertent, unless Tyson expressly indicates a contrary intent in a writing accompanying its responses.  Any documents withheld from production on such grounds will be identified on a privilege log in accordance with the ESI Protocol entered by the Court.

5.     ***Time Period***.  Unless otherwise indicated or agreed, Tyson will collect, search for and produce responsive documents for the time period of January 1, 2008 through June 30, 2018 (the "Relevant Time Period").

## OBJECTIONS TO DEFINITIONS

1.     Tyson objects to the definition of the terms "Communication" and "Communicated" as overly broad, unduly burdensome, vague, and ambiguous. Tyson will interpret these terms as "the transmittal of information (in the form of facts, ideas, inquiries, or

otherwise)."

2.      Tyson objects to the definition of "Creditor Conference" as vague and ambiguous because "contract farmers" is undefined and unclear.  Tyson will interpret that phrase to mean "someone who is contracted to raise hogs for a specific pork integrator, rather than a farmer who may independently raise hogs and sell to whomever they wish to sell to." Tyson further objects to the definition as vague and ambiguous because Tyson does not know what companies provide credit or loan financing for all Pork Integrators, nor does Tyson know what companies "organize" conferences or events.

3.      Tyson objects to the definition of "Creditor Representative" as vague and ambiguous because 1) "contract farmers" is undefined and unclear; and 2) Tyson cannot know all employees of all entities that provide financing for any Pork Integrator.

4.      Tyson objects to the definition of "Defendant" as overly broad because it includes "predecessors, wholly-owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, departments, divisions, joint ventures, other affiliates and any organization or entity managed or controlled by a named Defendant."  Tyson further objects to the definition as vague and ambiguous because 1) "managed" and "controlled" are undefined and unclear; and 2) it is unclear who may be "subsequently named as a Defendant in this litigation," and thus this definition may change over time.  Tyson further objects to the definition as overly broad and unduly burdensome because it includes persons "purporting to act on behalf of a Defendant," which would require Tyson to have knowledge of matters beyond its custody or control.  Tyson will interpret "Defendant" to mean a named Defendant at the time of Tyson's responses, excluding holding companies and entities that do not sell Pork into the United States or export Pork out of the United States.

5.      Tyson objects to the definition of the terms "Document" and "ESI" as overly broad, not proportional, unduly burdensome, vague, ambiguous, and not in compliance with the Federal or Local Rules.  Tyson will interpret "Document" to be synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a) and will exclude documents that are not readily accessible and that are not within the scope of discovery previously negotiated in this action, including but not limited to ephemeral messaging, sound recordings, video, voicemail, online access data, backup and archival files, and the like.

6.      Tyson objects to the definition of "Industry Meeting" as vague and ambiguous as to the phrases "Pork industry" and "discussed, organized, or hosted."  Tyson further objects to the definition as overly broad and unduly burdensome because 1) the definition is not reasonably limited to meetings and conferences regarding the production, sale, or price of Pork; and 2) the definition is not reasonably limited to meetings attended by Tyson employees who work in Tyson's Pork business, and/or on Tyson's behalf, and thus it assumes Tyson's knowledge of whether "two or more Pork Integrators" are at a meeting not attended by Tyson.

7.       Tyson objects to the definition of "Pork" as vague and ambiguous because "meat" and "smoked ham" are undefined and unclear.  Tyson further objects to the definition as overly broad because "sausage" and "bacon" are not expressly limited to pork sausage and pork bacon.  Plaintiffs and Defendants previously agreed upon categories of products that fall within the definition of pork and that are relevant to these cases, and Tyson will abide by that agreement in producing documents and data.

8.      Tyson objects to the definition of "Pork Farm" as vague and ambiguous because "feeder pig" is undefined and unclear.

9.      Tyson objects to the definition of "Pork Grower" as vague and

ambiguous because "feeder pig" is undefined and unclear.

10.     Tyson objects to the definition of "Pork Integrator" as vague and ambiguous because Tyson cannot identify every entity that might raise, buy, slaughter and process pigs to make Pork.  Tyson further objects to the definition as overly broad to the extent Plaintiffs intend for it to encompass even entities that only slaughter *or* process Pork, but do not engage in multiple steps of the value chain.  Tyson will interpret the phrase "Pork Integrator" as it understands the term.

11.     Tyson objects to the definition of "Pork Processing Facility" as overly broad and unduly burdensome because the definition is not limited to facilities within the United States.

12.     Tyson objects to the definition of "Pork Supply Factors" to the extent it assumes that Tyson and/or other Defendants "control the supply of Pork."

13.     Tyson objects to the definition of "Representative" to the extent Plaintiffs seek documents from lawyers acting in a legal capacity.

14.     Tyson objects to the definition of "Sales Personnel" to the extent that it includes any "agent or representative" whose documents are not within Tyson's possession, custody, or control (such as a downstream seller) and also objects on the grounds that the responsibilities of another Defendant's employees are unknown to Tyson.  Tyson will interpret "any agent or representative authorized by that Defendant to sell its Pork on its behalf" to mean only documents in the possession, custody, and control of Tyson's entities that sell pork into the United States or export pork out of the United States.

15.     Tyson objects to the definition of "Structured Data" as vague, ambiguous, and overly burdensome with regard to the phrase "other structured record or file."  Tyson further

objects to the definition to the extent it defines the term to include structured data that is inaccessible, not related to the claims or defenses in this matter, or not proportional to the needs of the case.

16.     Tyson objects to the definition of "Trade Association" as vague, ambiguous and unduly burdensome because the term is defined as any "association or business organization that promotes the interest of Pork Integrators," without limitation. Tyson would not have knowledge of whether an "association or business organization" of which it was not a participant "promote[d] the interest of Pork Integrators."

17.     Tyson objects to the definition of "Unstructured Data" as vague and ambiguous because the terms "pre-defined data model," "various formats," and "others of similar variable format" are undefined and unclear.  Tyson further objects to the definition as seeking information that is not relevant and is unduly burdensome and not proportional to the needs of the case to the extent it defines this term to include unstructured data that is not readily accessible and/or unlikely to yield materially relevant information, such as "tweets" and "GPS data."

18.     Tyson objects to the definition of "You," "Your" or "Your company" as vague and ambiguous because an entity that "responding Defendant manages and controls" is undefined and unclear.  Tyson further objects to the definition as overly broad and unduly burdensome because this definition would cover many entities that have no relation to Tyson's Pork business.  Tyson further objects to the extent Plaintiffs seek documents from lawyers acting in a legal capacity.  Tyson will interpret "You," "Your," and "Your company" to mean the three entities named as Defendants—Tyson Foods, Inc., Tyson Prepared Foods, Inc., and Tyson Fresh Meats, Inc.

## SPECIFIC OBJECTIONS AND RESPONSES

## REQUEST NO. 1

Documents sufficient to show Your organizational structure, including, but not limited to, departments, divisions, parents, subsidiaries, joint ventures, affiliates, units or other subdivisions that had any role at any time during the Relevant Time Period in the production, processing, distribution, marketing, pricing or sale of Pork.

## RESPONSE TO REQUEST NO. 1

Tyson objects to this Request as overbroad, oppressive, and unduly burdensome because it 1) seeks documents that are not relevant to any claim or defense in this case, including, but not limited to, documents relating to the structure of departments with "*any* role at any time … in the production, processing, distribution, marketing, pricing or sale of Pork," and thus the burden or expense of discovery outweighs its likely benefit; 2) seeks documents that are within the possession, custody, or control of, or that are equally accessible to, the parties to the underlying litigation or other third parties, including, but not limited to, public disclosures and filings detailing Tyson's corporate structure; and 3) seeks documents that are not kept in the ordinary course of business.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to produce documents sufficient to show its corporate organizational structure that is relevant to the parties' claims or defenses and proportional to the needs of the case in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which was then produced to the Direct Action Plaintiffs.

## REQUEST NO. 2

All Documents produced to the Department of Justice (including the Federal Bureau of

Investigation), Federal Trade Commission, U.S. Department of Agriculture, U.S. Securities & Exchange Commission, states' attorneys general, or other government agencies or regulators voluntarily or pursuant to any civil investigative demand, grand jury subpoena, or other investigative request between January 1, 2008 and the present, concerning the production, processing, distribution, marketing, pricing or sale of Pork during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 2**

Tyson objects to this Request as 1) overbroad, oppressive, and unduly burdensome, because it could encompass documents submitted as part of merger reviews, or submissions to the USDA that are not relevant to any claim or defense in this case; and 2) as vague and ambiguous because "investigative request" is undefined and unclear.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents produced to a government agency in connection with any investigation into competition in the hog and/or pork markets in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

**REQUEST NO. 3**

All Documents relating to any Communications, Meetings, or agreements (whether formal or informal, or proposed or actual) between You and any other Defendant or Pork Integrator.

**RESPONSE TO REQUEST NO. 3**

Tyson objects to this Request as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; 2) it is not proportional to the needs of this case; 3) it seeks documents and communications that are not

relevant to any claim or defense in this case, including, but not limited to, communications unrelated to producing or selling Pork, and thus the burden and expense of discovery outweighs its likely benefit.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

## REQUEST NO. 4

All Documents relating to Your threatened, actual, or potential enforcement of a production, capacity, output or supply restriction, reduction, or limitation, including but not limited to any penalties imposed, or any other warning, threat, or retaliation resulting from a failure to act consistent with such restriction, reduction, or limitation.

## RESPONSE TO REQUEST NO. 4

Tyson objects to this Request for "all" documents as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; 2) it is not proportional to the needs of this case; 3) it purports to seek communications by persons without final decision-making authority for producing and selling Pork or persons not authorized to speak on Tyson's behalf, and thus the burden or expense of discovery outweighs its likely benefit.  Tyson further objects to this Request because it does not describe with particularity each document or category of materials requested.  Tyson further objects to this Request as argumentative.  Subject to and without waiving its Scope Limitations and objections, Tyson responds that no documents relating to any threatened, actual, or potential

enforcement of a production, capacity, output or supply restriction, reduction, or limitation

exist.

## REQUEST NO. 5

For each Document custodian, all:

a)  electronic and hard copy diaries, calendars, appointment books or notes,

b)  contact information maintained in electronic or hard copy format, for any Person who is or was: (i) an owner, employee, consultant, officer, board member, Representative, or agent of a Pork Integrator or Agri Stats; (ii) a Creditor Representative or Industry Analyst; (iii) an employee of a Trade Association; or (iv) an employee of any entity that falls within the definition of Industry Meeting.

c)  trip and travel logs and records, expense reports, and entertainment reports, including any other supporting Documents;

d)  bills, statements, records, and supporting Documents concerning local, long distance, and cellular telephone calls by such employees, including calls made using telephones not paid for by You (such as home office, fax, and personal telephone numbers, personal cellphones, and temporary pay-as-you-go cellphones) if such telephones were used for business purposes;

e)  a copy of the Document Custodian's most recently created resume or curriculum vitae (CV);

f)  copies of any transcripts or recordings of prior testimony relating to Competitive Conditions in the market for Pork, such as testimony at a deposition, trial, or public hearing;

g)  Documents sufficient to show the Document Custodian's complete contact information, including all phone numbers, social media user names or "handles," and email addresses used by the Document Custodian for any of Your business purposes in the Pork industry; and

h)  Any severance agreements in connection with the Document Custodian ceasing employment or changing employment status with You (without time limitation).

## RESPONSE TO REQUEST NO. 5

Tyson objects to this Request as overbroad, oppressive, and unduly burdensome because

1) it is not proportional to the needs of this case; and 2) it seeks documents that are not relevant

to any claim or defense in this case, including, but not limited to, documents unrelated to

producing or selling Pork, *all* diaries, calendars, appointment books or notes, notebooks, travel records, expense and entertainment reports, or to-do lists (regardless of whether they relate to communications with competitors), and every document relating to membership in trade associations, and thus the burden or expense of discovery outweighs its likely benefit. Tyson further objects to this Request 1) to the extent it seeks personal information of Tyson or third parties unrelated to allegations in this action; 2) because it seeks documents that are within the possession, custody, or control of, or that are equally accessible to, the parties to the underlying litigation or other third parties, including, but not limited to, telephone records, transcripts of public hearings, and trial transcripts; 3) because it seeks documents that are not in the possession, custody, or control of Tyson, including, but not limited to, a Person's resume or curriculum vitae and a Document Custodian's complete contact information; 4) to the extent it seeks documents and communications that are not kept in the ordinary course of business; and 5) because it seeks information protected by the attorney-client privilege, the work-product doctrine, joint-defense privilege or any other applicable privilege or protection recognized by any applicable law, including, but not limited to, appointment notes of meetings with Tyson's legal counsel. Tyson further objects that this Request seeks documents the Court *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) determined did not have to be produced.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request as narrowed and clarified by correspondence with Class Plaintiffs, which has been provided to Direct Action Plaintiffs, and as further limited by the Court, from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776

(JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

**REQUEST NO. 6**

Copies of all Telephone Records in your possession, custody, or control, including Telephone Records of your main phone number(s), main fax number(s), and any phone number used as a switchboard for any of your relevant facilities such as your headquarters, administrative offices, Pork Farms, Pork Processing Facilities, and Pork sales offices.

**RESPONSE TO REQUEST NO. 6**

Tyson objects to this Request as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; 2) it is not proportional to the needs of this case; and 3) it seeks documents that are not relevant to any claim or defense in this case, including, but not limited to, telephone records from locations and/or divisions not engaged in the production or sale of Pork.

Subject to the foregoing objections, Tyson responds as follows: Tyson produced phone records for all offices and facility locations where an agreed-to custodian works or worked during the relevant time period to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

**REQUEST NO. 7**

All Documents relating to Communications with investors, Industry Analysts, Benchmarking Services, and/or Creditor Representatives concerning Competitive Conditions.

**RESPONSE TO REQUEST NO. 7**

Tyson objects to this Request for "all" documents as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; and 2) it is not proportional to the needs of this case.  Tyson further objects to this Request 1)

13

because it does not describe with particularity each document or category of materials requested, including, but not limited to, documents relating to investors, Industry Analysts, benchmarking services, Creditor Representatives and Competitive Conditions; and 2) to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, joint-defense privilege or any other applicable privilege or protection recognized by any applicable law.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

**REQUEST NO. 8**

All Documents relating to public statements or announcements, press releases, or corporate Communications by You or by other Pork Integrators concerning Competitive Conditions.

**RESPONSE TO REQUEST NO. 8**

Tyson objects to this Request for "all" documents concerning "Competitive Conditions" as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; and 2) it is not proportional to the needs of this case, particularly given that "Competitive Conditions" is defined so broadly as to include nearly every aspect of Tyson's Pork business.  Tyson further objects to this Request 1) because it does not describe with particularity each document or category of materials requested, including, but not limited to, documents concerning Competitive Conditions; and 2) to the extent it seeks

information protected by the attorney-client privilege, the work-product doctrine, joint-defense privilege or any other applicable privilege or protection recognized by any applicable law.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

**REQUEST NO. 9**

All Documents relating to Your practice and policies for drafting, approving, and issuing all public Communications regarding Competitive Conditions.

**RESPONSE TO REQUEST NO. 9**

Tyson objects to this Request for "all" documents as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; and 2) it is not proportional to the needs of this case, particularly given that "Competitive Conditions" is defined so broadly as to include nearly every aspect of Tyson's Pork business. Tyson further objects to this Request 1) because it does not describe with particularity each document or category of materials requested, including, but not limited to, documents concerning Competitive Conditions; and 2) to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, joint-defense privilege or any other applicable privilege or protection recognized by any applicable law.  Tyson further objects to this Request as not relevant to any claim or defense.  Tyson further objects to this Request as vague and ambiguous because it is not clear what information it seeks beyond that requested by Request No. 8 and other Requests.  To the extent this Request seeks documents that have not

already been produced in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D.

Minn.), Tyson objects to such further production.

**REQUEST NO. 10**

All Documents relating to budgets, projections, estimates, or related studies,

presentations, business plans, or reports prepared or received by Your current or former

directors, officers, or Management regarding the following topics:

a) Pork production, supply, capacity or output;

b) Pork prices or pricing;

c) cost and/or accounting reports (including, production, sale and distribution) related to Pork;

d) audited or unaudited financial statements (including all appendices) related to Pork;

e) cost and supply of raw material and/or inputs related to Pork, including any back integration of raw materials, swaps or sales of raw materials with other Pork Integrators, or hedging of purchased raw materials and/or inputs for Pork;

f) distribution channels for Pork;

g) export markets for Pork including a breakdown of country of destination and product form;

h) Pork product information regarding the types and product forms of Pork sold by You;

i) forecasted, projected, estimated, planned, or actual demand for Pork;

j) demand changes or demand fluctuations for Pork sold in the U.S.; and

k) profits, revenues, and loss information on Pork produced or sold in the U.S. identified on a (i) consolidated basis; (ii) product line or product category basis; and/or (iii) facility-by-facility basis.

**RESPONSE TO REQUEST NO. 10**

Tyson objects to this Request for "all" documents as overbroad, oppressive, and unduly

burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; 2)

it seeks both audited and unaudited financial statements, which are duplicative; and 3) it is not

proportional to the needs of this case. Tyson further objects to this Request 1) as vague and ambiguous because "distribution channels for Pork," "raw materials," "inputs," "product forms," and "back-integration" are undefined and unclear; and 2) to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, joint-defense privilege or any other applicable privilege or protection recognized by any applicable law. Tyson also incorporates its objection to the definition of "Pork Integrator."

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

## REQUEST NO. 11

Documents sufficient to show all forms of Your contracts and invoices, and any summaries of the terms, with Pork Growers.

## RESPONSE TO REQUEST NO. 11

Tyson objects to this Request as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; and 2) it is not proportional to the needs of this case. Tyson further objects to this Request 1) because it seeks documents that are within the possession, custody, or control of, or that are equally accessible to, the parties to the underlying litigation or other third parties, including, but not limited to, contracts with Plaintiffs and invoices sent to Plaintiffs; 2) to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, joint-defense privilege or any other applicable privilege or protection recognized by any

applicable law; 3) to the extent it seeks documents that are not kept in the ordinary course of business; and 4) as vague and ambiguous because "forms of Your contracts" and "summaries of the terms" are undefined and unclear.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

**REQUEST NO. 12**

For the period January 1, 2008 through June 30, 2018, Documents sufficient to identify all of Your Pork Growers, Pork Farms, and Pork Processing Facilities.

**RESPONSE TO REQUEST NO. 12**

Tyson objects to this Request as vague and ambiguous because the definitions of "Pork Grower" and "Pork Farms" are vague and ambiguous.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

**REQUEST NO. 13**

All Documents relating to Competitive Conditions for Pork, including reports, presentations, industry publications, business plans, studies, analyses, or other Documents, including those prepared by or for Industry Analysts or other third parties, concerning: (i) market shares; (ii) consolidation, mergers, acquisitions, or joint ventures; (iii) production or processing

capacity, capacity reduction, capacity utilization, or operating rates; (iv) fixed or variable costs; (v) pricing; (vi) inventories; (vii) entry or exit conditions; (viii) inventories; (ix) supplies/supply trends; (x) data, publications, or other sources used in the regular course of business by You to monitor Pork demand in the United States; (xi) substitute products; (xii) exports; (xiii) raw materials; (xiv) Pork Supply Factors; or (xv) other industry statistics.

## RESPONSE TO REQUEST NO. 13

Tyson objects to this Request for "all" documents as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; 2) it is not proportional to the needs of this case; and 3) it seeks documents and communications that are not relevant to any claim or defense in this case, including, but not limited to, communications by persons without final decision-making authority for producing and selling Pork or persons not authorized to speak on Tyson's behalf, and thus the burden or expense of discovery outweighs its likely benefit. Tyson further objects to this Request because it does not describe with particularity each document or category of materials requested, including, but not limited to, documents concerning Competitive Conditions. Tyson further objects to this Request 1) as vague and ambiguous because "raw material," "other industry statistics," and "substitute products" are undefined and unclear; 2) as that terms "Competitive Conditions" and "Pork Supply Factors" are vague and ambiguous; and 3) to the extent it seeks documents that are available from a more convenient, more efficient, less burdensome, and less expensive source than Tyson. Tyson further objects to this Request as vague and ambiguous to the extent it purports to seek documents in addition to other, similar requests.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request from

negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

## REQUEST NO. 14

All Documents concerning Pork supply or production decisions, reductions, rationalization, industry leadership, industry discipline, production discipline, supply discipline, capacity discipline, or other so-called disciplined approaches or practices relating to the Pork industry.

## RESPONSE TO REQUEST NO. 14

Tyson objects to this Request for "all" documents as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; and 2) it is not proportional to the needs of this case. Tyson further objects to this Request as vague and ambiguous because "rationalization," "industry leadership," "industry discipline," "production discipline," "supply discipline," "capacity discipline," and "disciplined approaches or practices" are undefined and unclear.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

## REQUEST NO. 15

All Documents related to Your quoting, changing, or setting the prices or the terms and conditions for sale of Pork, including pricing guidelines, pricing methods, pricing formulas,

procedures or authorization procedures for Sales Personnel to quote a price, price changes, price lists, pricing policies, violations of pricing policies and Documents providing guidance to Sales Personnel about implementation of price changes.

**RESPONSE TO REQUEST NO. 15**

Tyson objects to this Request for "all" documents as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; and 2) it is not proportional to the needs of this case. Tyson objects to this Request as vague and ambiguous because "generally referred to," "pricing guidelines," "pricing methods," "pricing formulas," "procedures or authorization procedures for Sales Personnel to quote a price," "pricing policies," and "violations of pricing policies," are undefined and unclear.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

**REQUEST NO. 16**

All Documents relating to Pork price announcements, price changes, explanations of the reasons for price changes, price lists, pricing policies, pricing guidelines, pricing methods, pricing formulas, analysis of market prices, monitoring of competitor pricing, price changes of Pork produced or sold in the U.S. (including price announcements or explanations of the reasons for price changes), price increase and surcharge announcements, and any other Communications concerning Pork price increases or the imposition of surcharges.

**RESPONSE TO REQUEST NO. 16**

Tyson objects to this Request for "all" documents as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; and 2) it is not proportional to the needs of this case. Tyson objects to this Request because it seeks documents that are available from a more convenient, more efficient, less burdensome, and less expensive source than Tyson, including, but not limited to, documents in the possession of Plaintiffs themselves. Tyson further objects to this Request as vague and ambiguous because "pricing policies," "pricing guidelines," "pricing methods," "pricing formulas," and "market prices" are undefined and unclear.

Subject to the foregoing objections, Tyson responds as follows: Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

**REQUEST NO. 17**

All Documents relating to any decision to change the pricing terms for Your customers' contracts for Pork, including any analyses regarding changes from fixed-price to adjustable price provisions.

**RESPONSE TO REQUEST NO. 17**

Tyson objects to this Request for "all" documents as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; and 2) it is not proportional to the needs of this case, as not every decision to change a price or communication of such change has any connection to any allegation the complaints.

Tyson further objects to this Request 1) to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, joint-defense privilege or any other applicable privilege or protection recognized by any applicable law; and 2) as vague and ambiguous because "pricing terms for Your customers' contracts" and "adjustable price provisions" are undefined and unclear.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

## REQUEST NO. 18

All contracts or other agreements, and any summaries of the terms (including duration, price protection, terms for price modification,  surcharges, discounts, or rebates) for the sale of Pork in the U.S. to Your customers.

## RESPONSE TO REQUEST NO. 18

Tyson objects to this Request for "all" contracts as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; and 2) it is not proportional to the needs of this case. Tyson further objects to this Request 1) because it seeks documents that are within the possession, custody, or control of, or that are equally accessible to, the parties to the underlying litigation or other third parties, including, but not limited to, contracts with Plaintiffs and invoices sent to Plaintiffs; 2) to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, joint-defense privilege or any other applicable privilege or protection recognized by any applicable law; 3) to

the extent it seeks documents that are not kept in the ordinary course of business; and 4) as vague and ambiguous because "price protection" and "terms for price modification" are undefined and unclear.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

## REQUEST NO. 19

All Documents relating to Pork customer complaints regarding prices, pricing or terms or conditions of sale or the refusal or failure to supply Pork and any responses thereto, and all Documents reflecting any policy of Your company concerning the handling of such customer complaints.

## RESPONSE TO REQUEST NO. 19

Tyson objects to this Request for "all" documents as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; 2) it is not proportional to the needs of this case. Tyson further objects to this Request 1) because it seeks documents that are within the possession, custody, or control of, or that are equally accessible to, the parties to the underlying litigation or other third parties, including, but not limited to, any complaints from and responses to Plaintiffs; 2) because it seeks documents that are not relevant to any claim or defense in this case, including, but not limited to, documents related to customer complaints with no relation to pricing, and thus the burden or expense of discovery outweighs its likely benefit; 3) to the extent it seeks information

protected by the attorney-client privilege, the work-product doctrine, joint-defense privilege or any other applicable privilege or protection recognized by any applicable law; and 4) as vague and ambiguous because "complaint," "refusal," "handling" and "terms or conditions of sale" are undefined and unclear.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

**REQUEST NO. 20**

Documents sufficient to show actual or potential substitutes for Pork, or the elasticity of supply, demand, or price of Pork (including the effect of such substitutes' prices upon Pork pricing, purchase terms, or profits).

**RESPONSE TO REQUEST NO. 20**

Tyson objects to this Request to the extent it seeks documents that are not kept in the ordinary course of business. Tyson further objects to this Request as vague and ambiguous because "substitutes" are undefined and unclear.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

**REQUEST NO. 21**

Documents sufficient to identify any tentative, proposed or consummated sale, acquisition, merger, joint venture, divestiture, transfer of assets, spinoff, or any other form of change of ownership or control or business combination concerning any Pork-related business, production facilities, product lines, or other assets (including both businesses or assets owned or controlled by You and those owned or controlled by other Persons), and any minutes, notes, reports, studies, analysis, presentations, expert or market participant comments, and any analysis or other information submitted to or received from any governmental agency.

## RESPONSE TO REQUEST NO. 21

Tyson objects to this Request as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; 2) it is not proportional to the needs of this case; 3) it seeks documents that are not relevant to any claim or defense in this case, including, but not limited to, documents regarding transactions between affiliated entities, and thus the burden or expense of discovery outweighs its likely benefit. Tyson further objects to this Request 1) to the extent it seeks documents that are not kept in the ordinary course of business; and 2) as vague and ambiguous because "tentative," "Pork-related business," "spin-off," and "product lines" are undefined and unclear.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

## REQUEST NO. 22

All Documents relating to Agri Stats or its affiliates (including Express Markets, Inc.)

concerning Pork, including any consideration of the risks and/or benefits of providing information to or receiving information from Agri Stats, the anonymity of individual Pork Integrator data received from Agri Stats, any processes employed by You to de-anonymize Agri Stats data, any contracts or agreements with Agri Stats, any presentations, Communications, or meeting minutes received from or provided to Agri Stats, and all copies of reports provided to or received from Agri Stats.

**RESPONSE TO REQUEST NO. 22**

Tyson objects to this Request for "all" documents as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; 2) it is not proportional to the needs of this case; 3) it seeks information protected by the attorney-client privilege, the work-product doctrine, joint-defense privilege or any other applicable privilege or protection recognized by any applicable law.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

**REQUEST NO. 23**

All Documents relating to actual or potential participation or consideration of any Benchmarking Service or any information sharing services relating to Pork industry profitability, pricing, production, or supply other than Agri Stats or Express Markets, Inc.

**RESPONSE TO REQUEST NO. 23**

Tyson objects to this Request for "all" documents as overbroad, oppressive, and unduly

burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources;
2) it is not proportional to the needs of this case; and 3) it seeks documents that are not
relevant to any claim or defense in this case, including, but not limited to, all documents
relating to any benchmarking or information sharing services not referenced or relevant to any
allegations in any complaint, and thus the burden or expense of discovery outweighs its likely
benefit.

Subject to the foregoing objections, Tyson responds as follows:  Pursuant to
negotiations with Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776
(JRT/HB) (D. Minn.), counsel for Tyson confirmed that Tyson is not aware that it used any
benchmarking service other than Agri Stats and the USDA.

## REQUEST NO. 24

All Documents relating to Your membership in any Trade Association or industry group
or attendance at any Trade Association, Industry Meeting or Creditor Conference, or investor or
analyst conference, including announcements, membership lists, presentations (including speaker
notes), agendas, minutes, notes, attendance lists, and correspondence.

## RESPONSE TO REQUEST NO. 24

Tyson objects to this Request for "all" documents as overbroad, oppressive, and unduly
burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources;
and 2) it is not proportional to the needs of this case; and 3) it seeks documents and
communications that are not relevant to any claim or defense in this case, including, but not
limited to, information unrelated to Tyson's Pork business, and thus the burden or expense of
discovery outweighs its likely benefit.  Tyson further objects to this Request 1) because it does
not describe with particularity each document or category of materials requested; and 2) to the

extent it seeks information protected by the attorney-client privilege, the work-product doctrine, joint-defense privilege or any other applicable privilege or protection recognized by any applicable law.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

## REQUEST NO. 25

Documents sufficient to describe in detail the Pork products You sold, marketed, or distributed during the Relevant Time Period, including any variations relating to brand name, physical properties and characteristics, packaging, product form, cut, further processing, grade, specialty products and any other factors influencing price.

## RESPONSE TO REQUEST NO. 25

Tyson objects to this Request as overbroad, oppressive, and unduly burdensome because 1) it seeks information outside of the Relevant Time Period; 2) it is not limited to agreed-upon custodians and non-custodial sources; and 3) it is not proportional to the needs of this case. Tyson further objects to this Request as vague and ambiguous because "physical properties and characteristics, packaging, product form, cut, further processing, grade" and "any other factors influencing price" are undefined and unclear.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the

Direct Action Plaintiffs.

**REQUEST NO. 26**

Documents sufficient to show by month, quarter, and year Your revenues, profits (including income measures such as EBIT and EBITDA), profit margins, profit levels, or projected profits relating to the sale of Pork in the United States.

**RESPONSE TO REQUEST NO. 26**

Tyson objects to this Request as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources and is thus not proportional to the needs of this case.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce materials regularly prepared or received by current or former directors, officers, or management on a regular basis regarding profits, revenues, and loss information on Pork produced or sold in the U.S. using negotiated search terms over negotiated data sources, which were then produced to the Direct Action Plaintiffs.  To the extent Direct Action Plaintiffs seek additional information, such information is not proportional to the needs of the case.

**REQUEST NO. 27**

Documents or Structured Data sufficient to show the terms of all purchases, sales, trades, exchanges, or swaps of Pork between You and any other Pork Integrator, including any contracts, co-packing agreements, joint ventures, and/or other agreements, whether formal or informal.

**RESPONSE TO REQUEST NO. 27**

Tyson objects to this Request as overbroad, oppressive, and unduly burdensome because it is not limited to agreed-upon custodians and non-custodial sources and is thus not proportional to

the needs of this case.  Tyson further objects to this Request as vague and ambiguous with respect to "the terms of all purchases, sales trades, exchanges, or swaps," co-packing agreements, joint ventures, and/or other agreements, whether formal or informal," and "Pork Integrator."  To the extent Direct Action Plaintiffs seek information other than what has been requested in other Requests, Tyson objects to this Request as overbroad, unduly burdensome, and not proportional

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to produce structured data showing its purchases and sales of Pork and related terms, and to conduct a reasonable search for and produce documents responsive to other Requests implicating information sought in this Request from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

## REQUEST NO. 28

For the time period from January 1, 2005 through December 31, 2020, Structured Data sufficient to show, for each U.S. Pork sale, the categories of information listed below, and Documents sufficient to understand all data fields, codes, or other fields on the invoice. These Direct Action Plaintiffs request this information in the most disaggregated form (meaning at the transactional level, not aggregated by month or quarter) in which it is kept, and Defendants should produce the data in a comma-delimited text file (*e.g.*, a file with a file extension of .csv or .txt)  If You maintain separate or distinct sets of such data for internal purposes, Agri Stats reporting purposes, or any other purpose, these Direct Action Plaintiffs' request is for each separate set of data for the categories of information listed below.

a)  the terms of each sale;

b)  the invoice number;

c)   the purchase order number

d)   the location from which the Pork was shipped;

e)   the customer's name, phone number(s), address(es), email address(es), including the identity of the customer that was billed and location to which the pork was shipped;

f)   the date You shipped the Pork, the date You billed for the Pork, and the date the customer took delivery;

g)   the grade, cut, product form, and/or type of Pork, including any product numbers, unique purchaser-specific identifier, any description of characteristics, and product descriptions sold for each transaction;

h)   the quantity (and units of measure) for each sale;

i)   all pricing information concerning the sale, including shipping, tax or similar charges, and the gross and net unit price for each item in the sale;

j)   the currency in which the sale was billed and paid;

k)   any discounts, rebates, credits, freight allowances, returns, free goods, and/or services or any other pricing adjustment for each sale, with sufficient information to attribute these adjustments to individual sales;

l)   if a resale, the Supplier of each Pork sold in connection with each sale;

m)   the price You paid Your supplier for each type of Pork sold in connection with each sale, including gross and net aggregate and per-unit prices;

n)   any fixed or variable costs or costs of goods sold concerning the sale (including freight charge and transportation costs, sales and distribution costs, raw materials, intermediates, marketing or sales cost, and any other cost attributed or allocated to the sale);

o)   for any sale or purchase from another Pork Integrator, Electronic Data Interchange fields for which the user can freely enter text, such as "comments" or similar fields;

p)   any Structured Database field summarizing terms of sale or agreements or contracts for customers;

q)   any other data available in Your database Concerning the purchase, sale or distribution of the Pork for each sale.

## RESPONSE TO REQUEST NO. 28

Tyson objects to this Request as overbroad, oppressive, and unduly burdensome 1) because

it seeks information outside of the Relevant Time Period and the period for discovery ordered by

the Court; 2) because it is not limited to agreed-upon custodians and non-custodial sources; 3) because it is not proportional to the needs of this case; and 4) to the extent that it requires Tyson to produce information in a format other than how Tyson maintains data in the ordinary course of its business and other than what is required by the ESI Protocol. Tyson further objects to this Request as vague and ambiguous because the terms "product form" and "any fixed or variable costs or costs of goods sold concerning the sale" are undefined and unclear.  Tyson objects to the Request as overbroad, oppressive, and unduly burdensome to the extent it seeks structured data other than what has already been produced.

Subject to the foregoing objections, Tyson responds as follows: Tyson has produced structured data to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) in accordance with extensive negotiations with Class Plaintiffs, Winn-Dixie, and Bi-Lo and the Court's ESI Protocol, which was then produced to the Direct Action Plaintiffs.

## REQUEST NO. 29

From January 1, 2005 through December 31, 2020, Structured Data, databases and Documents regarding your production of Pork sufficient to show the details of your production, processing, and supply of "Pork Products" by day, month, quarter, and year by facility, including but not limited to the following:

a)   The volume—by total number and weight of Hogs—processed;

b)   The product form/type/grade/cut produced or processed and the volume of each;

c)   The processing, production, capacity, and capacity utilization.

## RESPONSE TO REQUEST NO. 29

Tyson objects to this Request as overbroad, oppressive, and unduly burdensome 1) because it seeks information outside of the Relevant Time Period and the time period for discovery ordered

by the Court; 2) because it is not limited to agreed-upon custodians and non-custodial sources; 3) because it is not proportional to the needs of this case; and 4) to the extent that it requires Tyson to produce information in a format other than how Tyson keeps data in the ordinary course of its business and what is required by the ESI Protocol.  Tyson further objects to this Request as vague and ambiguous with respect to "form/type/grade/cut" and "processing, production, capacity, and capacity utilization."  Tyson objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks structured data in addition to what has already been produced.  Tyson further objects to this request as vague and ambiguous with respect to "[t]he processing, production, capacity, and capacity utilization."  Tyson further objects to this Request as vague and ambiguous and overbroad, unduly burdensome, and not proportional to the needs to the extent it seeks "Documents" other than structured data and in addition to documents requested in other Requests.

Subject to the foregoing objections, Tyson responds as follows: Tyson has produced structured data to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) in accordance with extensive negotiations with Class Plaintiffs, Winn-Dixie, and Bi-Lo and the Court's ESI Protocol, which was then produced to the Direct Action Plaintiffs.  That production included extensive data on Hogs processed and sales of Pork, including by product form/type/grade/cut.  Tyson is assessing the availability and burden of collecting structured data relating to "capacity, and capacity utilization."

**REQUEST NO. 30**

Documents sufficient to show Your Policies, Procedures  and practices, whether implemented, adopted, used or considered, concerning compliance with antitrust laws and/or competition laws of the United States and States (including current and former versions of compliance policies and procedures, presentations, seminars, programs, memos, statements

signed by Your members or employees that acknowledge receipt of or compliance with such policies arising from or relating to any prior legal proceedings), and all Documents relating to any inquiries or investigations concerning compliance with such policies.

**RESPONSE TO REQUEST NO. 30**

Tyson objects to this Request for "all" documents as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; 2) it is not proportional to the needs of this case; 3) it seeks documents that are not relevant to any claim or defense in this case, including, but not limited to, documents related to anti-bribery and anti-monopoly policies, and thus the burden or expense of discovery outweighs its likely benefit. Tyson further objects to this Request 1) to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, joint-defense privilege or any other applicable privilege or protection recognized by any applicable law; and 2) as vague and ambiguous because "considered," "inquiries," and "investigations" are undefined and unclear.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

**REQUEST NO. 31**

Documents relating to actions to conceal or avoid detection of any potential violations of antitrust laws and/or competition laws of the United States and States (including the use of code words or otherwise masking the identity of any Person or entity, meeting in locations or

communicating at times or via methods with the intent to avoid detection by any Person or entity, using non-traceable prepaid calling cards or cellphones, non-contract or disposable cell phones, placing calls from public phones, and destroying, secreting, altering or forging Documents).

**RESPONSE TO REQUEST NO. 31**

      Tyson objects to this Request as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; and 2) it seeks documents that are not relevant to any claim or defense in this case, including, but not limited to, documents related to anti-monopoly laws, anti-bribery laws, international antitrust laws, and documents not related to an alleged conspiracy to reduce output of Pork beginning on January 1, 2008, and thus the burden or expense of discovery outweighs its likely benefit.  Tyson further objects to this Request 1) to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, joint-defense privilege or any other applicable privilege or protection recognized by any applicable law; and 2) as vague and ambiguous because "any similar laws, rules or regulations," "code words," and "the intent to avoid detection by any Person or entity" are undefined and unclear.

      Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

**REQUEST NO. 32**

      All Documents relating to any Direct Action Plaintiff serving these Requests.

**RESPONSE TO REQUEST NO. 32**

Tyson objects to this Request for "all" documents as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources; 2) it is not proportional to the needs of this case; and 3) it seeks communications and other documents that are not relevant to any claim or defense in this case, and thus the burden or expense of discovery outweighs its likely benefit.  Tyson further objects to this Request 1) because it does not describe with particularity each document or category of materials requested; 2) because it seeks documents that are within the possession, custody, or control of, or that are equally accessible to, the parties to the underlying litigation or other third parties; and 3) to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, joint-defense privilege or any other applicable privilege or protection recognized by any applicable law.

Subject to the foregoing objections, Tyson responds as follows:  based on a reasonable search of the files of Tyson's agreed-upon custodians and non-custodial sources, Tyson will produce responsive, non-privileged documents that are responsive to this Request and relate to Tyson's Pork business.  Tyson will withhold documents, to the extent they exist, that do not relate to Tyson's Pork business.

**REQUEST NO. 33**

All Documents related to Communications with RaboBank concerning the Pork industry, including Competitive Conditions in the Pork industry.

**RESPONSE TO REQUEST NO. 33**

Tyson objects to this Request for "all" documents as overbroad, oppressive, and unduly burdensome because 1) it is not limited to agreed-upon custodians and non-custodial sources;

and 2) it is not proportional to the needs of this case; and 3) it seeks communications that are not relevant to any claim or defense in this case, including, but not limited to, communications by persons without final decision-making authority for producing and selling Pork or persons not authorized to speak on Tyson's behalf, and thus the burden or expense of discovery outweighs its likely benefit.  Tyson further objects to this Request as not relevant to the allegations in the Action, which do not mention RaboBank.  Tyson further objects to this Request 1) because it does not describe with particularity each document or category of materials requested, including, but not limited to, documents concerning Competitive Conditions; 2) because it seeks documents that are within the possession, custody, or control of, or that are equally accessible to, the parties to the underlying litigation or other third parties, including, but not limited to, publicly available announcements and press releases; and 3) to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, joint-defense privilege or any other applicable privilege or protection recognized by any applicable law.

Subject to the foregoing objections, Tyson responds as follows: Tyson agreed to conduct a reasonable search for and produce documents responsive to this Request from negotiated data sources in connection with its production to the Class Plaintiffs in *In re Pork Antitrust Litig.*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.) which were then produced to the Direct Action Plaintiffs.

**REQUEST NO. 34**

All Documents necessary to understand the operation of any of the computer hardware and systems, software, Structured Databases, ESI, database, storage, backup and archiving systems and Communications systems and devices information requested herein (including, but

not limited to, Documents describing or defining the fields contained in any such database file naming conventions and standards); user manuals; Help features or documentation; password, encryption, and other security protocols; diskette, CD, DVD, and other removable media labeling standards;  email storage conventions, e.g., limitations on mailbox sizes/storage locations; schedule and logs for storage; software and hardware upgrades (including patches) for the Relevant Time Period (including who and what organization conducted such upgrades); and Backup tape rotation.

## RESPONSE TO REQUEST NO. 34

Tyson objects to this Request for "all" documents as overbroad, oppressive, and unduly burdensome because it is not proportional to the needs of this case and the burden or expense of discovery outweighs its likely benefit.  Tyson further objects this Request because the terms "necessary to understand the operation of any of the computer hardware and systems, software, Structured Databases, ESI, database, storage, backup and archiving systems and Communications systems and devices information requested herein" are vague and ambiguous.  Tyson further objects to this Request as not relevant, unduly burdensome, and not proportional to the needs of the case, as it does not relate to any allegation in the case but instead seeks impermissible "discovery on discovery."

Subject to the foregoing objections, Tyson responds as follows:  Tyson has provided substantial information about its IT systems and structured data to Plaintiffs' counsel through correspondence and Court-ordered disclosures, which have been provided to Direct Action Plaintiffs.  Tyson is available to meet and confer regarding specific questions Direct Action Plaintiffs have.

## REQUEST NO. 35

Documents sufficient to identify and describe Your computer hardware and systems

(including email systems), software, ESI, Structured Databases, storage, backup and archiving systems and Communications systems and devices used in connection with Documents called for by production of these Requests for Production, including data maps, data dictionaries, explanations of information contained in each system or database, and document retention policies.

## RESPONSE TO REQUEST NO. 35

Tyson objects to this Request for documents as overbroad, oppressive, and unduly burdensome because it is not proportional to the needs of this case and the burden or expense of discovery outweighs its likely benefit. Tyson further objects to this Request as duplicative of or superseded by the process outlined in the ESI Protocol or other applicable Court orders. Tyson further objects to this Request as not relevant, unduly burdensome, and not proportional to the needs of the case, as it does not relate to any allegation in the case but instead seeks impermissible "discovery on discovery."

Subject to the foregoing objections, Tyson responds as follows: Tyson has provided substantial information about its IT systems and structured data to Plaintiffs' counsel through correspondence and Court-ordered disclosures, which have been provided to Direct Action Plaintiffs. Tyson is available to meet and confer regarding specific questions Direct Action Plaintiffs have.

## REQUEST NO. 36

All Documents referenced or relied upon in responding to any Interrogatory served by any Direct Action Plaintiff or any plaintiff in *In re Pork Antitrust Litigation*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.).

## RESPONSE TO REQUEST NO. 36

Tyson objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, joint-defense privilege or any other applicable privilege or protection recognized by any applicable law.  Tyson further objects to this Request as vague and ambiguous because "relied upon" is undefined and unclear.

Subject to the foregoing objections, Tyson responds as follows:  Tyson has and will produce responsive, non-privileged documents that are referenced in any of Tyson's responses to an Interrogatory served by any Plaintiff.

## REQUEST NO. 37

All Documents produced to or received from any party or third party related to or in connection with this Action or in *In re Pork Antitrust Litigation*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.).

## RESPONSE TO REQUEST NO. 37

Tyson objects to this Request to the extent it seeks information in violation of the Protective Order entered in *In re Pork Antitrust Litigation*, Case No. 0:18-cv-01776 (Doc No. 212) (JRT/HB) (D. Minn.) and as unduly burdensome.

Subject to the foregoing objections, Tyson responds that it has produced to Direct Action Plaintiffs all of its productions in connection with *In re Pork Antitrust Litigation*, Case No. 0:18-cv-01776 (JRT/HB) (D. Minn.).  Tyson will work with the parties to ensure that Direct Action Plaintiffs receive other productions from that Action, to the extent they have not already been produced to Direct Action Plaintiffs.

## REQUEST NO. 38

All Documents that You may rely on in support of, or that You contend supports, Your defenses and affirmative defenses in this Action.

## RESPONSE TO REQUEST NO. 38

Tyson objects to this request because it fails to specify the documents sought with reasonable particularity as required by the Federal Rules of Civil Procedure.  Tyson further objects to this Request on the basis of attorney-client privilege and the attorney work product doctrine.  Tyson further objects to this Request as premature, as the documents requested will be provided in the course of summary judgment practice and/or pretrial practice.

Subject to the foregoing objections, Tyson responds as follows:  Tyson will produce any documents on which it intends to rely in support of defenses an affirmative defenses that have not already been produced to the extent any are identified.

\*\*\*

Dated: November 22, 2021

By: /s/ Jarod Taylor

Jarod Taylor (*pro hac vice*)
AXINN VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
T.  860.275.8109
jtaylor@axinn.com

Rachel J. Adcox (*pro hac vice*)
Tiffany Rider Rohrbaugh (*pro hac vice*)
Lindsey Strang Aberg (*pro hac vice*)
AXINN VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
T.  202.912.4700
radcox@axinn.com
trider@axinn.com
lstrang@axinn.com

Kail J. Jethmalani (*pro hac vice*)
AXINN VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
T.  212.261.5649
kjethmalani@axinn.com

David P. Graham
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
T.  612.486.1521
dgraham@dykema.com

*Counsel for Tyson Foods, Inc., Tyson*
*Fresh Meats, Inc., and Tyson*
*Prepared Foods, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 22nd day of November 2021 all counsel of record are being served with a copy of this document via electronic mail.

By: <u>/s/ Jarod Taylor        </u>
Jarod Taylor
