UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFF ACTION | Case No. 18-cv-1776 (JRT/HB)<br><br>**Order Granting Commercial and Institutional Indirect Purchaser Plaintiffs' Motion for Final Approval of the Class Action Settlement with Defendant Smithfield Foods, Inc. and Entry of Final Judgment** |

This Court held a hearing on Commercial and Institutional Indirect Purchaser Plaintiffs' Motion for Final Approval of the Settlement with Defendant Smithfield Foods, Inc. ("Smithfield") ("Motion"). Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs" or "Plaintiffs") have entered into a Settlement Agreement with Smithfield. On April 19, 2022, this Court entered an Order granting preliminary approval of the proposed settlement (ECF No. 1262, "Preliminary Approval Order"). The Court, having reviewed the Motion, its accompanying memorandum, and the exhibits thereto, the Settlement Agreement, and all papers filed, hereby finds that the motion should be **GRANTED**.

Among other things, the Preliminary Approval Order authorized Commercial and Institutional Indirect Purchaser Plaintiffs to disseminate notice of the settlement, the fairness hearing, and related matters to potential members of the Settlement Class. Notice was provided to the Class pursuant to the notice plan approved by the Court, and, as the Settlement Class was notified, the Court held a fairness hearing on October 17, 2022. No

2

class member objected to or opted out of the settlement, and none appeared at the fairness hearing to oppose approval of, or object to, the settlement.

Based on CIIPPs' Motion, oral argument presented at the fairness hearing, and the complete records and files in this matter,

**IT IS HEREBY ORDERED THAT:**

1. Commercial and Institutional Indirect Purchaser Plaintiffs' Motion for Final Approval of the Settlement with Smithfield (ECF No. 1504) is hereby **GRANTED** pursuant to Fed. R. Civ. P. 23(e) because it is fair, reasonable, and adequate to the Settlement Class.

2. The Court has jurisdiction over the subject matter of this litigation, including the actions within this litigation, and over the parties to the Settlement Agreement, including all members of the Settlement Class, and all Defendants.

3. Terms capitalized in this Order and Final Judgment have the same meanings as those used in the Settlement Agreement.

4. The Court adopts and incorporates herein all findings made under Rule 23 in its Preliminary Approval Order.

5. In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Class's reaction to the settlement, and the result achieved.

6. The Settlement Agreement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations, which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

7. Pursuant to Federal Rule of Civil Procedure 23, the Court determines that the following Settlement Class be certified solely for the purposes of the Settlement:

> All entities who indirectly purchased Pork from Defendants or co-conspirators or their respective subsidiaries or affiliates in the United States from January 1, 2009 until April 19, 2022 for their own business use in commercial food preparation.
>
> Specifically excluded from the Settlement Class are Defendants; the officers, directors or employees of any Defendant; the parent companies of any Defendant; the subsidiaries of any Defendant and any entity in which Defendant has a controlling interest; purchasers of Pork that purchased Pork directly from any Defendant, including those that directly purchased Pork for resale in an unmodified and untransformed form; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from the Settlement Class are any federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

8. Pursuant to Fed. R. Civ. P. 23(g), Interim Co-Lead Counsel previously appointed by the Court are appointed as Class Counsel for the Settlement Class as they have and will fairly and competently represent the interests of the Settlement Class.

9. The Court further finds that the prerequisites to a class action under Rule 23 are satisfied solely for settlement purposes in that: (a) there are at least hundreds of geographically dispersed class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the class that predominate over individual issues; (c) the claims or defenses of the plaintiffs are typical of the claims or defenses of the

Settlement Class; (d) the plaintiffs will fairly and adequately protect the interests of the Settlement Class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the Settlement Class; (e) common issues of law and fact predominate; and (f) a class action is superior to individual actions.

10. The Escrow Account, into which Smithfield has deposited a total of $42,000,000.00 as the settlement amount, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

11. This Court hereby dismisses on the merits and with prejudice all Claims in the CIIPP action against Smithfield, with each party to bear its own costs and fees, including attorneys' fees, except as provided in the Settlement Agreement.

12. The Release in the Settlement Agreement is incorporated herein and the Releasing Parties shall, by operation of law, be deemed to have released all Smithfield Released Parties from the Released Claims. All entities who are Releasing Parties (as defined in the Settlement Agreement) or who purport to assert claims on behalf of the Releasing Parties are hereby and forever barred and enjoined from commencing, prosecuting, or continuing, against the Smithfield Released Parties, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

13. The Smithfield Released Parties are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasing Parties

had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

14. The notice given to the Settlement Class, including individual notice to all members of the Settlement Class who could be identified through reasonable effort, was the most effective and practicable under the circumstances. This notice provided due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

15. No members of the Settlement Class have objected to or excluded themselves from the Settlement.

16. All members of the Settlement Class are now subject to and bound by the provisions of the Settlement Agreement, the Released Claims contained therein, and this Order with respect to all Released Claims, regardless of whether such members of the Settlement Class seek or obtain any distribution from the Settlement Fund.

17. Smithfield has agreed that it will not, for a period of 24 months, engage in conduct that would constitute a *per se* violation of Section 1 of the Sherman Act with respect to the sale of Pork.

18. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) consummation, administration and implementation of the Settlement Agreements and any allocation or distribution to Settlement Class members pursuant to further orders of this Court; (b) disposition of the

5

Settlement Fund; (c) hearing and determining applications by Plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the actions in this litigation until the Final Judgment has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to any plan of allocation or distribution of proceeds from the Settlement; (f) the parties to the Settlement Agreement for the purpose of enforcing and administering the Settlement Agreement and the releases contemplated by, or executed in connection with the Settlement Agreement; (g) the enforcement of this Final Judgment; and (h) over any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, that cannot be resolved by negotiation and agreement.

19. Smithfield has served upon the appropriate state officials and the appropriate federal official notice under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").

20. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that final judgment should be entered and further finds that there is no just reason for delay in the entry of final judgment as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter this Final Judgment forthwith.

**IT IS SO ORDERED.**

Dated:

John R. Tunheim, Chief Judge
United States District Court