# HUSCH BLACKWELL

Christopher A. Smith
Partner

190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Direct: 314.480.1836
Fax: 314.480.1505
chris.smith@huschblackwell.com

September 23, 2022

**VIA CM/ECF**

Hon. John R. Tunheim
United States District Judge
U.S. District Court, District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

    Re:    *In re Pork Antitrust Litigation*, Case No. 0:18-cv-1776 (JRT/JFD)
            Joint Submission of the Parties to Address Schedule for the Consolidated
            Class Certification and *Daubert* Motion Hearing

Dear Judge Tunheim:

      Defendants[1] and Direct Purchaser Plaintiffs ("DPPs"), Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs"), and Consumer Indirect Purchase Plaintiffs ("CIPPs") (collectively, "Class Plaintiffs" or "Plaintiffs") in the above-captioned action respectfully submit their positions regarding the scheduling of a consolidated class certification and *Daubert* motion hearing. Defendants request that the Court set an evidentiary hearing at its earliest convenience, in April or May of 2023, in line with the current scheduling order. Class Plaintiffs propose a hearing on Monday, December 19, 2022.

---

[1] The term "Defendants" here includes only the non-settling defendants Agri Stats, Inc.; Clemens Food Group, LLC and The Clemens Family Corporation (collectively, "Clemens"); Hormel Foods Corporation; Seaboard Foods LLC and Seaboard Corporation (collectively, "Seaboard"); Triumph Foods, LLC; and Tyson Foods, Inc., Tyson Pre-pared Foods, Inc. and Tyson Fresh Meats, Inc. (collectively, "Tyson").

I.       **PLAINTIFFS' POSITION**

I.   **Plaintiffs' Class Certification Hearing Proposal**

Plaintiffs propose that the Court hold oral argument on the Motions[2] on December 19, 2022. A hearing utilizing this structure (a) fulfills the goal of clarifying issues that would aid the Court in its decision on the Motions, and (b) prevents an undue four-month delay in this case.

In order to accommodate a December 19 hearing date, Plaintiffs are willing to trim the deadlines for their *Daubert* oppositions and expert rebuttal reports. Regarding Defendants' *Daubert* motions, the current schedule requires Plaintiffs to respond by November 18, 2022, and for Defendants to reply by January 6, 2023. Plaintiffs are willing to advance the deadline to file their opposition to the *Daubert* motions and their expert rebuttal reports to November 1, 2022, which will result in Defendants' reply in support of the *Daubert* motions being due on December 12, 2022 (avoiding briefing during the holidays).[3] Plaintiffs propose no changes to the class certification briefing schedule, as those motions will be fully briefed by November 18, 2022. The Court and the parties would thus have a complete and extensive record on all Motions well in advance of the proposed hearing date, and Defendants' claim that they would be prejudiced by the proposed changes to the scheduled is without merit.

Plaintiffs' proposal is consistent with Rule 23, and precedent in which this and other courts have decided class certification and *Daubert* motions based on oral argument or only written submissions. *See, e.g., Gilliland v. Novartis Pharmaceuticals Corp.*, 34 F. Supp. 3d 960, 961 n. 1 (S.D. Iowa 2014) (deciding *Daubert* without oral argument or evidentiary hearing, after concluding that oral argument would not substantially aid the court in ruling on the motion, and because the parties had ample opportunity to present their arguments through voluminous submissions); *Taqueria El Primo LLC v. Illinois Farmers Insurance Co*., Case No. 19-cv-03071, 577 F.Supp.3d 970 (D. Minn. 2021) (Tunheim, J.) (granting in part and denying in part motion for class certification and denying *Daubert* motions, with Dkt. 265 indicating that the hearing lasted "1 Hour & 12 Minutes"); *Krommenhock v.*

---

[2] "Motions" refers to (a) motions for class certification filed by DPPs, CIIPPs, and Consumer IPPs, and (b) Defendants' motions to exclude the testimony of Drs. Mangum, Williams, and Singer.

[3] Plaintiffs currently do not intend to file *Daubert* motions regarding Defendants' experts, making the previously contemplated deadlines for Plaintiffs' *Daubert* motions aimed at Defendants' experts unnecessary.

September 23, 2022
Page 3

*Post Foods, LLC*, 334 F.R.D. 552 (N.D. Cal. 2020) (granting motion for class certification, and denying *Daubert* motions, with Dkt. 216 indicating that hearing lasted "1 hour, 6 minutes"); *In re Suboxone (Buprenorphine Hydrochloride & Nalaxone) Antitrust Litig.*, 421 F. Supp. 3d 12 (E.D. Pa. 2019) (granting motion for class certification as to direct purchaser class, granting in part as to end payor class, and denying *Daubert motion*, with Dkt. 579 indicating "oral argument held on 9/3/2019"); *In re MyFord Touch Consumer Litig.*, No. 13-CV-03072-EMC, 2016 WL 7734558 (N.D. Cal. Sept. 14, 2016) (granting motion for class certification as to nine states, and denying *Daubert* motion, with minute order at Dkt. 268 stating that hearing lasted "2 hours and 10 minutes"); *Kleen Prod. LLC v. Int'l Paper*, 306 F.R.D. 585, 590 (N.D. Ill. 2015), *aff'd sub nom. Kleen Prod. LLC v. Int'l Paper Co.*, 831 F.3d 919 (7th Cir. 2016) (court certified class and rejected defendants' request for a full evidentiary hearing, finding that "the Court is confident that it can determine class certification based on a careful examination of the evidentiary record the parties have submitted."); *Gomez v. PNC Bank, Nat'l Ass'n,* 306 F.R.D. 156 (N.D. Ill. 2014) (granting motion for class certification with transcript at Dkt. 83 showing that class certification hearing lasted 2 hours and 5 minutes); *In re Nexium (Esomeprazole) Antitrust Litig.*, 296 F.R.D. 47 (D. Mass. 2013) (granting motion for class certification as to direct purchaser class with Dkt. 431 indicating hearing was limited to 40 minutes).

In short, although Plaintiffs are prepared to engage in any process the Court believes will be helpful, Plaintiffs submit that the hearing on class certification and *Daubert* should occur on December 19, 2022 and should focus on oral argument regarding the evidence already before the Court. For the reasons set forth herein, this process is significantly more efficient and appropriate than the two-day evidentiary hearing proposed by Defendants in April of 2023 (at the earliest).

### II.     Plaintiffs' Response to Defendants' Class Certification Hearing Proposal

Plaintiffs oppose Defendants proposed two-day evidentiary hearing for two reasons: (1) an evidentiary hearing is not required and will be unnecessarily cumulative and inefficient, and (2) it would cause needless and undue delay.

**(1) An evidentiary hearing is not required and will be unnecessarily cumulative.**

Fed. R. Civ. P. 78 states, "the court may provide for submitting and determining motions on briefs, without oral hearings." In the class certification context, "it may be necessary for the court to probe behind the pleadings" in conducting its "rigorous analysis," *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013), but as shown by the numerous *post-Comcast* cases cited herein, this analysis does not require the multi day evidentiary hearing proposed by Defendants.

September 23, 2022
Page 4

Indeed, district courts in the Eighth Circuit have exercised their ample discretion in rejecting evidentiary hearings on class certification. *See e.g.*, *J.S.X. Through Next Friend D.S.X. v. Foxhoven*, 330 F.R.D. 197, 204 (S.D. Iowa 2019) (citing *Walker v. World Tire Corp., Inc.*, 563 F. 2d 918, 921 (8th Cir. 1977)). For example, in *Foxhoven*, defendants sought an evidentiary hearing to present testimonial evidence. 330 F.R.D. at 201. Plaintiffs opposed, seeking oral argument instead. *Id*. The court found that neither an evidentiary hearing nor oral argument was necessary, as the parties collectively submitted over 1800 pages of exhibits in support of their respective positions. *Id*. at 204. Like this case, the submissions included expert reports, deposition testimony, affidavits, and other records. *Id*. Thus, the record was "more than sufficient for the Court to determine the nature of the allegations and rule on compliance with the Rule's requirements." *Id*.

Likewise, in *Webb v. City of Maplewood, Missouri*, No. 4:16-CV-1703, 2021 WL 307551 (E.D. Mo. Jan. 29, 2021), the court explained that plaintiffs had submitted, along with their motion for class certification, 54 exhibits, including deposition excerpts, affidavits, expert reports, and other records. *Webb*, 2021 WL 307551, at *1. The court also noted that both parties had ample opportunity to discover and submit testimonial and documentary evidence with their briefs on the motion for class certification. *Id*. at *2. Thus, the court found that the parties had "the opportunity to present to the Court a record from which [it] c[ould] determine whether Rule 23's requirements [wer]e met." *Id*. In fact, the district court came to this finding before the parties had fully briefed the issue of class certification. *Id*. at *1. Nevertheless, the court decided that an evidentiary hearing would be unnecessary, stating that (a) the deadline provided defendant more than three months to prepare its response, (b) defendant could similarly present evidence in support of its response, and (c) the evidence submitted with the parties' briefs would be sufficient. *Id*.

Nor are evidentiary hearings legally required for *Daubert* motions. The 8th Circuit has held that while *Daubert* hearings may be necessary in some cases, the basic requirement is simply that parties have an adequate opportunity to be heard before the district court makes its decision. *Miller v. Baker Implement Co.*, 439 F.3d 407, 412 (8th Cir. 2006). In *Miller*, the district court ruled on defendants' *Daubert* motions without holding a hearing. *Id*. On appeal, the 8th Circuit concluded the district court did not abuse its discretion by not holding a hearing, because the plaintiff had responded to defendants' motions with affidavits from the proposed plaintiff experts, a detailed explanation of their expected testimony, and a memorandum addressing *Daubert* issues. *Id*. Therefore, the plaintiff "had the opportunity to present his arguments." *Id*.; *see also Group Health Plan, Inc. v. Philip Morris USA, Inc.*, 344 F.3d 753, 761 n.3 (8th Cir. 2003) (concluding that plaintiffs had an "adequate opportunity to be heard on the *Daubert* matter" without an

September 23, 2022
Page 5

evidentiary hearing, where the parties were allowed to exceed the normal page limits in their briefs on defendants' motion for summary judgment, and where the district court permitted plaintiffs to present written submissions by their experts). As this Court is aware, *Daubert* issues need not be fully decided before deciding class certification. *See Taqueria El Primo LLC v. Illinois Farmers Insurance Company*, 577 F. Supp. 3d 970, 985 (D. Minn. 2021) (Tunheim, J.) (explaining that the main purpose of the full *Daubert* analysis is for the district court to act as a "gatekeeper protecting juries," but there is less need for the court to protect only itself so the court may conduct a less stringent application of *Daubert* at the class certification stage) (citing to *In re Zurn Pex Plumbing Prod. Liability Litig.*, 644 F.3d 604, 613 (8th Cir. 2011)). Thus, there is even less justification for holding a hearing for a *Daubert* motion filed at the class certification stage.[4]

Here, under Plaintiffs' proposal, the oral argument regarding the Motions will be scheduled after submission of all briefing and the supporting evidence and expert reports. Thus, the parties will have created an extensive, thorough, and complete record regarding the Motions, and the Court will be well-versed in the parties' factual and legal arguments. Accordingly, Plaintiffs believe the Court would be best served by oral argument, where counsel can address specific questions the Court may have after reviewing the parties' submissions. As discussed herein, Courts routinely adopt such proposals, which allow the Court to conduct a rigorous analysis for class certification purposes, without wasting the time and resources on the type of multi-day "mini-trial" proposed by Defendants.

**(2)   An evidentiary hearing would cause needless and undue delay.**

In addition to being legally unnecessary, due to the Court's upcoming criminal trials in January through March of 2023, the multi-day evidentiary hearing sought by Defendants could not be held by this Court until at least April 2023, causing an inordinate delay in this case. Were the Court to adopt Plaintiffs' proposal, these matters could instead proceed expeditiously, with oral argument in December of this year.

Plaintiffs are also mindful that Fed. R. Civ. P. 23(c)(1)(A) mandates: "[a]t an *early practicable time* after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." (emphasis added). Defendants' request for an evidentiary hearing to be scheduled in April 2023, at the earliest, would not allow the question of class to be determined at an "early practicable time." On

---

[4] To the extent the Court does not wish to adopt Plaintiffs' proposed accelerated schedule and elects not to hear oral argument on Defendant's *Daubert* motions in conjunction with the class certification motions on December 19, 2022, the Court could decide the *Daubert* motions on the papers.

September 23, 2022
Page 6

the other hand, Plaintiffs' request to expedite the briefing schedule in preparation for focused oral argument in December of this year (a) provides the parties more than enough time to develop a comprehensive record on those issues, and (b) would allow the Court to timely decide the *Daubert* and class questions.

For these reasons, Plaintiffs respectfully request that the Court deny Defendant's request for a two-day evidentiary hearing, and instead grant Plaintiffs' request to adjust the briefing schedule on Defendants' *Daubert* motions to allow all Motions to be heard on December 19, 2022.[5]

## II.  DEFENDANTS' POSITION

Three separate putative classes are asking the Court to certify nationwide classes of extraordinary scope and scale, including not only every direct purchaser of a wide range of pork products from Defendants, but also every indirect commercial purchaser nationwide and all individual retail consumers in 22 states. Class Plaintiffs claim many billions of dollars in damages. Defendants are concerned that Class Plaintiffs now seek to accelerate and abbreviate the Court's consideration of their motions for class certification. It is not possible for Defendants to fully air—on a shortened briefing and deposition schedule, and in a truncated hearing—the serious factual, legal, and evidentiary problems the Court will need to evaluate. Defendants respectfully urge the Court to reject Class Plaintiffs' attempt to avoid searching scrutiny of their flawed motions, and ask that the Court maintain the current schedule, because Class Plaintiffs' proposal is patently unreasonable under the circumstances and would severely prejudice Defendants.[6]

---

[5] Should the Court order an evidentiary hearing, Plaintiffs request the Court to accommodate an earlier date than April 2023, if possible.

[6] District courts have broad discretion to establish deadlines in managing their dockets; parties seeking to modify those deadlines must show good cause; and, when presented with a proposed scheduling modification, district courts may consider "the existence or degree of prejudice to the party opposing the modification." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006); *see also* Fed. R. Civ. P. 16(b)(4); D. Minn. LR 16.3(b)(1).

September 23, 2022
Page 7

### A. Class Plaintiffs' Proposed Schedule Is an Unjustified U-Turn From the Current Schedule, Which Class Plaintiffs *Agreed to* Just Three Months Ago.

On June 15, 2022, only three months ago, the parties agreed to an amended schedule for class certification and *Daubert* motions (ECF No. 1393), which was ordered by the Court on June 16, 2022 (ECF No. 1397). Per that Order, class certification motions are to be fully briefed by November 18, 2022, Defendants' *Daubert* motions are to be fully briefed by January 6, 2023, and Plaintiffs' *Daubert* motions are to be fully briefed by February 6, 2023. *Id*.

While Class Plaintiffs claim that the Court's criminal trial in early 2023 will "delay" the case schedule if the hearing is not held in December of 2022, the current, agreed-to schedule in fact contemplates a consolidated class certification and *Daubert* motion hearing in March or April of 2023. This is clear based on the prior history of this case. For example, Defendants' first round of motions to dismiss was heard approximately five weeks after the completion of briefing, and Defendants' second round of motions to dismiss was heard two months after the completion of briefing.[7] Notably, those motions concerned purely legal issues, and not the wealth of evidence at issue in the parties' class certification and *Daubert* motions. Class Plaintiffs' opening submissions in support of their motions for class certification, alone, consist of over 150 pages of legal briefing, 362 exhibits spanning more than 2,500 pages, and three expert reports that collectively exceed 450 pages (exclusive of their appendices and exhibits). *See* ECF Nos. 1320, 1337, 1343, 1322, 1339, 1345, 1330, 1339-6, 1347.

Despite knowing and having agreed to this, Class Plaintiffs contacted Defendants' counsel on September 1, 2022, and requested to push the hearing date up by months, to a 90-minute slot the Court has available on December 19, 2022. *See* September 1, 2022 Email from Brian Clark to Defendants' Counsel, attached hereto as <u>Exhibit A</u>. To purportedly allow for this modification, Class Plaintiffs: (a) indicate they will not seek to exclude Defendants' experts; (b) propose to serve their expert rebuttal reports and file their responses to Defendants' *Daubert* motions on November 1, 2022, instead of November 18, 2022; (c) seek to retain the November 18, 2022 deadline for their reply memoranda in support of their class certification motions; and (d) propose that Defendants' reply

---

[7] Specifically, briefing on Defendants' initial motions to dismiss Class Plaintiffs' Complaints was completed on December 21, 2018. ECF Nos. 234-246). The motions were heard on January 29, 2019. ECF No. 263. Briefing on Defendants' motions to dismiss Class Plaintiffs' later-amended Complaints was completed on March 13, 2020. ECF Nos. 481-93. The motions were heard on May 13, 2020. ECF No. 500.

September 23, 2022
Page 8

memoranda in support of their *Daubert* motions be filed on December 12, 2022, instead of January 6, 2023. *Id*.

Under Class Plaintiffs' proposal, the hearing would take place just five business days after the completion of briefing. The hearing would consist entirely of attorney argument. And Defendants would effectively have three fewer weeks to review Class Plaintiffs' experts' rebuttal reports, depose Class Plaintiffs' experts, and prepare reply memoranda in support of their *Daubert* motions, because the testimony of Class Plaintiffs' experts is inextricably intertwined with the issues raised in Class Plaintiffs' motions for class certification.

Given that none of these consequences is appropriate or acceptable under the circumstances, Defendants advised Class Plaintiffs, on September 7, 2022, that they do not believe Class Plaintiffs' compressed briefing and deposition schedule, or the 90-minute hearing Class Plaintiffs propose, are sufficient to complete class certification expert discovery and briefing or adequately address the issues raised in Class Plaintiffs' motions for class certification. *See* September 7, 2022 Email from Jarod G. Taylor to Brian Clark, attached hereto as Exhibit B. Defendants intend to request an evidentiary hearing, which cannot be conducted in 90 minutes. And Defendants ultimately believe that, in light of the Court's criminal trial in early 2023, the hearing should be had in April or May of 2023—a timeline entirely consistent with the schedule Class Plaintiffs agreed to in mid-June.

**B.     Class Plaintiffs' Concerns About Delay Are Hollow, and Their Proposal Would Cause Considerable Prejudice to Defendants and Severely Inconvenience the Parties and the Court.**

Defendants' position should be adopted, and Class Plaintiffs' proposed modification should be rejected, for three simple reasons. *First*, Class Plaintiffs waived any realistic prospect that class certification and *Daubert* motions would be heard in December of 2022 just three months ago, when Class Plaintiffs agreed to the current schedule. The existing, agreed-to schedule already contemplates what Class Plaintiffs now say is "delay"—a hearing in April or May of 2023. So, Class Plaintiffs' claimed delay is no delay at all. And Class Plaintiffs learning that the Court has a criminal trial in early 2023, which does not meaningfully alter the existing, agreed-to schedule, is not the type of development that warrants upsetting the status quo.

*Second*, Class Plaintiffs' proposal is deeply prejudicial to Defendants because the schedule they offer up, to ostensibly permit a December 19, 2022 hearing, truncates Defendants' ability to fully address the issues raised in Class Plaintiffs' expert's rebuttal reports, depose Class Plaintiffs' experts, and reply to the arguments made in Class

Plaintiffs' responses to Defendants' *Daubert* motions. As explained above, Class Plaintiffs' proposed schedule effectively shortens Defendants' time to adequately complete these tasks from seven weeks to four, because the testimony of Class Plaintiffs' experts is Class Plaintiffs' only evidence directed toward showing that impact and damages "can be proven on a systematic, class-wide basis." *Blades v. Monsanto Co.*, 400 F.3d 562, 569-70 (8th Cir. 2005). So, Class Plaintiffs' reply memoranda in support of their motions for class certification are necessary context for assessing Class Plaintiffs' expert's rebuttal reports, and yet, under the schedule Class Plaintiffs propose, these reply memoranda would still be filed on November 18, 2022, and Defendants would have until only December 12, 2022 to file their reply memoranda in support of their *Daubert* motions.

Class Plaintiffs' proposal is equally prejudicial to Defendants because Class Plaintiffs seek to set the hearing for 90 minutes. It is quite doubtful that 90 minutes would suffice for a hearing comprised solely of attorney argument. Indeed, both motion to dismiss hearings in this action exceeded 90 minutes, and collectively lasted over 4.5 hours—more than three times the length of the hearing Class Plaintiffs seek as to the parties' class certification and *Daubert* motions. And the motions to dismiss were directed only toward legal issues, so the associated hearings logically consisted of attorney argument alone. *See* ECF Nos. 263, 500. At this stage, however, Defendants intend to request an evidentiary hearing, which "most courts" hold when adjudicating class certification motions and find "helpful" when "one of the parties has requested an opportunity to be heard" and when, as here, "it is necessary to assess the reliability of expert opinions offered at the class certification stage …." 3 *Newberg and Rubenstein on Class Actions* § 7:4 (6th ed. West 2022) ("*Newberg*"); *see also In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 614 (8th Cir. 2011) (at class certification, courts "conduct[] a focused *Daubert* analysis which scrutinize[s] the reliability of the expert testimony in light of the criteria for class certification and the current state of the evidence").[8] An evidentiary hearing on the motions before the Court cannot be conducted in 90 minutes.

---

[8] Class Plaintiffs counter one of the leading class action treatises by citing a handful of cases that show no routine practice, but rather certain instances where class certification motions were decided based on oral argument or only written submissions. Crucially, Class Plaintiffs give no context as to what was at issue on the motions in those cases, or any comparative reference to demonstrate similarity to the nature of the motions or the issues at play in this case.

The two cases Class Plaintiffs discuss at any length do not help them. *J.S.X. Through Next Friday D.S.X. v. Foxhoven*, 330 F.R.D. 197 (S.D. Iowa 2019), involved a motion to certify a class under Rule 23(b)(2) *not* Rule 23(b)(3). *See id.* at 209 n.12 ("Plaintiffs seek

September 23, 2022
Page 10

*Third*, Class Plaintiffs' proposal is impractical and imposes an undue burden on the parties and the Court. Again, 90 minutes is not enough time for the Court to hear from the parties' counsel on the class certification and *Daubert* motions, and it is certainly not enough time for the Court to conduct an evidentiary hearing. Atop that, Class Plaintiffs' proposed schedule leaves the parties and the Court with just four business days—Tuesday, December 13, 2022 to Friday, December 16, 2022—to prepare for a hearing on Monday, December 19, 2022. This is patently unrealistic given the nature, volume, and substance of the motions to be heard, and it would be an unprecedented departure from the Court's practice as to significant motions in this case.[9]

Class Plaintiffs' proposal should therefore be rejected, the existing, agreed-to schedule should remain intact, and the Court should hold an evidentiary hearing on the motions for class certification and associated *Daubert* motions at its earliest convenience in April or May of 2023.

---

to certify the Proposed Class under Rule 23(b)(2), not Rule 23(b)(3)."). So the movants were not required to demonstrate predominance. By contrast, in this case, predominance is a substantial focus of the parties' briefing, and the core evidentiary matter at issue in Class Plaintiffs' experts' reports.

*Webb v. City of Maplewood, Mo.*, No. 4:16-cv-01703-CDP (E.D. Mo.) was a single action against a single defendant where, although the court did not hold an evidentiary hearing on plaintiffs' motion for class certification, the court: (a) scheduled a three-hour hearing on the class certification motion (*id.* ECF Nos. 173, 181); and (b) held that hearing approximately six-and-a-half weeks after the parties completed briefing the class certification motion and associated cross-motions to exclude expert testimony. *See* ECF Nos. 187, 176, 164, 158. So *Webb* supports Defendants' position as to timing. And its substance—a Section 1983 action against a St. Louis suburb—sheds little light on the appropriateness of an evidentiary hearing in this case.

[9] Notably absent from Class Plaintiffs' recitation of their position is any meaningful attempt to connect that position to the circumstances of this case and the nature and substance of their own motions for class certification and Defendants associated *Daubert* motions.

September 23, 2022
Page 11

    Respecfully Submitted,

    HUSCH BLACKWELL LLP

    <u>/s/ *Christopher A. Smith*</u>
    CHRISTOPHER A. SMITH (*pro hac vice*)

    Aaron Chapin (#06292540)
    Christopher A. Smith (*pro hac vice*)
    Tessa K. Jacob (*pro hac vice*)
    A. James Spung (*pro hac vice*)
    Jason Husgen (*pro hac vice*)
    Sarah Zimmerman (MDL Registered)
    Kate Ledden (MDL Registered)
    Tanner Cook (MDL Registered)
    Jake Reinig (MDL Registered)
    190 Carondelet Plaza, Ste 600
    St. Louis, MO 63105
    (314) 480-1500
    aaron.chapin@huschblackwell.com
    chris.smith@huschblackwell.com
    tessa.jacob@huschblackwell.com
    james.spung@huschblackwell.com
    jason.husgen@huschblackwell.com
    sarah.zimmerman@huschblackwell.com
    kate.ledden@huschblackwell.com
    tanner.cook@huschblackwell.com
    jake.reinig@huschblackwell.com

    ***Counsel for Triumph Foods, LLC***

September 23, 2022
Page 12

/s/ Mark L. Johnson
Mark L. Johnson (#0345520)
Davida S. McGhee (#0400175)
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
(612) 373-0830
mjohnson@greeneespel.com
vmccalmont@greeneespel.com

Daniel Laytin, P.C. (*pro hac vice*)
Christa Cottrell, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 861-2000
daniel.laytin@kirkland.com
christa.cottrell@kirkland.com

**Counsel for Clemens Food Group, LLC and The Clemens Family Corporation**

/s/ Richard A. Duncan
Richard A. Duncan (#0192983)
Aaron D. Van Oort (#0315539)
Craig S. Coleman (#0325491)
Emily E. Chow (#0388239)
Isaac B. Hall (#0395398)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000
richard.duncan@faegredrinker.com
aaron.vanoort@faegredrinker.com
craig.coleman@faegredrinker.com
emily.chow@faegredrinker.com
isaac.hall@faegredrinker.com

**Counsel for Hormel Foods Corporation**

/s/ Peter H. Walsh
Peter H. Walsh (#0388672)
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
(612) 402-3000
peter.walsh@hoganlovells.com

William L. Monts (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

/s/ William L. Greene
William L. Greene (#0198730)
Peter J. Schwingler (#0388909)
William D. Thomson (#0396743)
STINSON LLP
50 South Sixth Street, Suite 2600 Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
jon.woodruff@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LLP
7700 Forsyth Blvd., Suite 1100St. Louis, MO 63105
(314) 863-0800

**HUSCH BLACKWELL**

September 23, 2022
Page 13

                                                                                                                           nicci.warr@stinson.com

*Counsel for Agri Stats, Inc.*

                                                                                                         *Counsel for Seaboard Foods LLC*

September 23, 2022
Page 14

/s/  *Tiffany Rider Rohrbaugh*
Rachel J. Adcox (*pro hac vice*)
Tiffany Rider Rohrbaugh (*pro hac vice*)
Lindsey Strang Aberg (*pro hac vice*)
Brandon Boxbaum (*pro hac vice*)
Allison Vissichelli (*pro hac vice*)
Keith Holleran (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
(202) 912-4700
radcox@axinn.com
trider@axinn.com
lstrang@axinn.com
bboxbaum@axinn.com
avissichelli@axinn.com
kholleran@axinn.com

Jarod Taylor (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8109
jtaylor@axinn.com

Kail Jethmalani (*pro hac vice*)
Craig M. Reiser (*pro hac vice*)
Andrea Rivers (*pro hac vice*)
Victoria J. Lu (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
(212) 728-2200
kjethmalani@axinn.com
creiser@axinn.com
arivers@axinn.com
vlu@axinn.com

David P. Graham (#0185462)

September 23, 2022
Page 15

                          DYKEMA GOSSETT PLLC
                          4000 Wells Fargo Center
                          90 South Seventh Street
                          Minneapolis, MN 55402
                          (612) 486-1521
                          dgraham@dykema.com

*Counsel for Tyson Foods, Inc., Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc.*

September 23, 2022
Page 16

*/s/ Joseph C. Bourne*
W. Joseph Bruckner (MN #0147758)
Brian D. Clark (MN #0390069)
Joseph C. Bourne (MN #0389922)
Arielle S. Wagner (MN #0398332)
Simeon A. Morbey (MN #0391338)
Stephen M. Owen (MN # 0399370)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com
jcbourne@locklaw.com
aswagner@locklaw.com
samorbey@locklaw.com
smowen@locklaw.com

*/s/ Shana E. Scarlett*
Shana E. Scarlett

*/s/ Bobby Pouya*
Bobby Pouya (Pro Hac Vice)
Clifford H. Pearson (Pro Hac Vice)
Daniel L. Warshaw (Pro Hac Vice)
Michael H. Pearson (Pro Hac Vice)
PEARSON, SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 92403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
cpearson@pswlaw.com
dwarshaw@pswlaw.com
bpouya@pswlaw.com
mpearson@pswlaw.com

Melissa S. Weiner (MN #0387900)
PEARSON, SIMON & WARSHAW, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610
mweiner@pswlaw.com

Bruce L. Simon
Benjamin E. Shiftan
PEARSON, SIMON & WARSHAW, LLP
350 Sansome Street, Suite 680
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com
bshiftan@pswlaw.com

***Co-Lead Class Counsel for Direct Purchaser Plaintiffs***

**HUSCH BLACKWELL**

September 23, 2022
Page 17

HAGENS BERMAN SOBOL
SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman
Breanna Van Engelen
HAGENS BERMAN SOBOL
SHAPIRO LLP
1301 2nd Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
Michelle J. Looby (#388166)
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com

*Co-Lead Counsel for Consumer Indirect Purchaser Plaintiffs*


　　*/s/ Shawn M. Raiter*
　　Shawn M. Raiter (MN# 240424)
　　LARSON • KING, LLP

September 23, 2022
Page 18

    2800 Wells Fargo Place
    30 East Seventh Street
    St. Paul, MN 55101
    Telephone: (651) 312-6518
    sraiter@larsonking.com

    Jonathan W. Cuneo
    Joel Davidow
    Blaine Finley
    CUNEO GILBERT & LADUCA, LLP
    4725 Wisconsin Avenue NW,
    Suite 200
    Washington, DC 20016
    Telephone: (202) 789-3960
    jonc@cuneolaw.com
    joel@cuneolaw.com
    bfinley@cuneolaw.com

    ***Co-Lead Counsel for Commercial and Institutional Indirect Purchaser Plaintiffs***