# EXHIBIT 2

```
 1                     UNITED STATES DISTRICT COURT
                          DISTRICT OF MINNESOTA
 2
     ---------------------------------------------------------------
 3                                      )
       IN RE PORT ANTITRUST             )  File No. 18-cv-1776
 4     LITIGATION                       )          (JRT/HB)
                                        )
 5     This Document Relates to:        )
                                        )  St. Paul, Minnesota
 6     Direct Action Plaintiffs         )  Courtroom 7C
                                        )  December 17, 2021
 7                                      )  Via Video Conference
                                        )  2:49 p.m.
 8                                      )
     ---------------------------------------------------------------
 9

10
                       BEFORE THE HONORABLE HILDY BOWBEER
11               UNITED STATES DISTRICT COURT MAGISTRATE JUDGE
                     (INFORMAL DISPUTE RESOLUTION CONFERENCE)
12

13

14

15

16

17

18

19

20
           Proceedings recorded by mechanical stenography;
21     transcript produced by computer.

22

23

24

25


                         LYNNE M. KRENZ, RMR, CRR, CRC
                                (651) 848-1226
```

```
 1      counsel in this case, and will understand that the DAP group
 2      should have and had only one shot at additional terms.  And
 3      they -- the burden will be very high for any new additional
 4      DAPs so seek new terms beyond those that we are seeking now.
 5                  So to conclude I think all we're asking for here
 6      is at least one fair shot for some search terms that we
 7      believe are relevant and important to the case.  And in the
 8      absence of any substantiation of defendants' burden
 9      objection, their objection should be overruled and those
10      terms -- and they should be instructed to provide those
11      terms.
12                  THE COURT:  Let me ask --
13                  MR. MITCHELL:  -- those terms.
14                  THE COURT:  Let me ask you some questions and then
15      I'll give Mr. Taylor a chance to speak.
16                  First, have you looked at what you've already
17      gotten?  And what can you tell me, if anything, about what
18      gaps you've identified in what you've received?
19                  And a part of what I'm struggling with here is
20      that, you know, search terms are a means to an end.  Search
21      terms are not in and of themselves clearly relevant or not
22      relevant, but they're designed to try to get at relevant
23      information but they tend to pull up a whole bunch of stuff
24      that isn't along with what may turn out to be relevant.
25                  So I'm -- we can't pretend that a whole lot of
```

1          work hasn't already been done in this case and a whole lot
2          of documents already provided in response to requests by
3          excellent experienced plaintiffs' counsel for the class
4          plaintiffs.
5                    So what -- what can you tell me about the analysis
6          of -- you've made of what you've got already and why you
7          believe there are gaps, you know, sub -- yeah, gaps in that
8          production?
9                    MR. MITCHELL:  Sure.
10                   So first, I think it is obviously always difficult
11         to access in the abstract what you are missing.  We don't
12         know what documents are missing from the documents that have
13         been produced.
14                   Now that said, we have made an effort to take the
15         terms that are at issue and apply them to the existing
16         productions to see what those terms might yield.  And I can
17         take you through a few examples if it would be helpful.
18                   THE COURT:  Mm-hmm.
19                   MR. MITCHELL:  For example, Term Number 11 in our
20         spreadsheet, Rabo, relates to Rabobank.  Now that is a term
21         that all defendants, except Hormel, have agreed to run or
22         some version of it.  And we are simply asking now for Hormel
23         to run that term given that the other defendants have agreed
24         to do so it.
25                   And when we run that term across the defendants'

1  the exact date.  I want to say a few weeks ago we received
2  from each of the defendants written responses and objections
3  to the direct action plaintiffs RFPs.  We are in the process
4  of reviewing those.
5          I will say that there appear to be substantial
6  differences among the defendants as to the responses.
7          So assessing who has agreed to provide documents
8  in response to which request is the process that we are
9  undertaking right now to identify any issues that we may
10 have with those responses so that we can bring them to the
11 attention of the defendants.  We are very much in the middle
12 of that process right now.
13         THE COURT:  Okay.  All right.  All right.
14         Let me take a couple of minutes off screen to
15 think about my ruling here.  And I will be back on in just a
16 moment.  I will stop the recording in the meantime.
17         (Recess at 3:28 p.m.)
18         (Reconvene at 3:50 p.m.)
19         THE COURT:  All right.  Thank you for your
20 patience.  It looks like we may have had some attrition
21 among the attendees, but we are back on the record in
22 connection with the IDR proceeding with regard to the
23 dispute between the MDL direct action plaintiffs and the
24 defendants about search terms.
25         I am going to deny the MDL DAPs' request for an

1        order that defendants run their 90 -- I think it was 90,
2        proposed global terms.
3                    Unlike the cases that were cited -- the case law
4        that was cited in the plaintiffs letter we're not writing on
5        a blank slate here and the defendants have already responded
6        to discovery requests that involved tremendous overlap in
7        the issues and have produced millions of documents.
8                    The search strategy that led to that production
9        was negotiated over a significant period of time with highly
10       capable class counsel who have been living with this case
11       since 2018.  So this isn't a situation in which lawyers who
12       don't know which end is up in antitrust litigation were
13       somehow overmatched or overborne in negotiating search terms
14       with defense counsel.
15                   And so I think that does shift the proportionality
16       analysis in some significant ways.
17                   Proportionality requires that we look at the
18       incremental value of the additional discovery sought.  And
19       so in this scenario I don't agree with -- Mr. Mitchell, with
20       your -- with the position that you're entitled to your one
21       free shot on search terms.  I think that because of the
22       consolidation of the cases that simply isn't true here.  The
23       consolidation did change that calculus and changed that
24       paradigm.
25                   And the case law, of course, is plentiful that one

1    side isn't entitled to have the other side search for every
2    single responsive document in any event.
3               So I do think in this instance that defendants are
4    correct that the burden starts with the direct action
5    plaintiffs to assess what you have already and to be able to
6    explain to the defendants with some specificity how what you
7    have is deficient and why that gap -- like why the documents
8    that you hope would fill that gap would have incremental
9    value that is important to the resolution of issues in the
10   case.
11              As for burden, you're absolutely, right, Mr.
12   Mitchell, that ordinarily, and I'm not ruling that out down
13   the line as you will see, but ordinarily defendants do have
14   an obligation to show the burden part of the proportionality
15   analysis.  But, again, we're not writing on a blank slate
16   here and it does take into account about what has already
17   been done.
18              And so I think particularly in a case where
19   several hundred search terms have already been run and
20   several million documents already produced, I don't think
21   that defendants have to come up with search term hit lists
22   for me to conclude that running another 90 terms, many of
23   which do contain some very generic language and are
24   definitely overlapping with what's already been done, I
25   don't need a bunch of hit lists to tell me that that creates

1    a significant burden and that you haven't shown me enough to
2    conclude that the incremental value of those searches
3    justifies that burden.
4              But before the defendants go off, you know,
5    irrationally exuberant, there is a sliding scale here and I
6    am not deciding at this point that it is required that the
7    additional value you show or the gap you identify has to be
8    unique to the particular DAP or to the -- or the unique
9    position of the DAPs in this case.
10             I think that that can -- I think that that is a
11   relevant factor but I'm not saying that's the sine qua non
12   of you being able to ask for more.
13             So, for example, if after you review the documents
14   you have you can show that there's a limited number of
15   precise additional search terms that was needed to capture
16   something that those other guys missed, even if it wasn't
17   necessarily tied to who you are as a plaintiff compared to
18   who they are as class plaintiffs.  I am not -- I'm not
19   ruling that out here.  I'm not saying that you can only get
20   what's unique to your role as DAPs.
21             If you could show that there was something that
22   was missed, whether it was unique to your role as DAPs or
23   just by saying there's a gap here and these search terms
24   didn't cover that gap and here's why that gap's important,
25   then the burden would shift to the defendants to run that

1      hit list for the search term or terms you're proposing and
2      engage in that proportionality analysis.  Yes.  I see what
3      you're going after, here's how burdensome it would be.
4      Let's talk about a different way of getting there.
5               So I think there are scenarios under which the
6      burden can be triggered on the defendants to show burden but
7      the -- I am rejecting the sort of baseline premise that as
8      DAPs you get your free shot at a bunch of search terms where
9      it really looks like overwhelmingly the issues have been
10     covered by the work that was already done.
11              Another scenario, and this is why I asked about
12     Rule 34 requests, certainly if after you negotiate with the
13     defendants the metes and bounds of their responses to
14     Rule 34 requests, and you can show why the search terms that
15     were run weren't adequate to address those Rule 34 requests.
16     That's something you can raise.
17              And, again, the defendants may need to -- may then
18     need to engage with you on the burden of filling that -- of
19     filling that gap.
20              Defendants, and you quoted the Sedona Principles,
21     of course, those are near and dear to my heart, defendants
22     have a responsibility to and are often, as Sedona notes, are
23     in the best position to come up with a search strategy that
24     will fulfill their obligations but that also puts an
25     obligation on them so they, too, will need to be confident

```
 1              And as always, a thanks to our court reporter for
 2     her seeing us all the way through the process.
 3              We're adjourned.
 4              (Court adjourned at 4:00 p.m.)
 5                    *         *         *
 6
 7
 8              **REPORTER'S CERTIFICATE VIDEO CONFERENCE**
 9
10
               I certify the foregoing pages of typewritten
11     material constitute a full, true and correct transcript of
       the video conference hearing, as they purport to contain, of
12     the proceedings reported by me at the time and place
       hereinbefore mentioned.
13
14              /s/Lynne M. Krenz
                Lynne M. Krenz, RMR, CRR, CRC
15
16
17
18
19
20
21
22
23
24
25
```