# EXHIBIT 4

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Pork Antitrust Litigation | Case No. 0:18-cv-01776-JRT-HB |
| This Document Relates To:<br><br>All Actions | **ALL PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE PORK INTEGRATOR DEFENDANTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Direct Purchaser Plaintiffs, Consumer Indirect Purchaser Plaintiffs, and Commercial and Institutional Indirect Purchaser Plaintiffs (collectively, "Plaintiffs") hereby request that Defendants Clemens Food Group, LLC; The Clemens Family Corporation; Hormel Foods Corporation; Hormel Foods, LLC; Indiana Packers Corporation; Mitsubishi Corporation (Americas); JBS USA Food Company; JBS USA Food Company Holdings; Seaboard Foods LLC; Seaboard Corporation; Smithfield Foods, Inc.; Triumph Foods, LLC; Tyson Foods, Inc.; Tyson Prepared Foods, Inc.; and Tyson Fresh Meats, Inc. produce the documents and things herein requested within 30 days at the offices of Lockridge Grindal Nauen P.L.L.P., 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401, or such other time and place as may be agreed upon by counsel. Pursuant to Federal Rule of Civil Procedure 34(b), unless otherwise specified, all documents must be organized and labeled to correspond to the categories in the associated document request. Corrections and supplemental answers and production of documents are required as provided for in the Federal Rules of Civil Procedure.

## **DEFINITIONS**

The following definitions shall apply to these document requests:

1.      "And" and "or" are to be read interchangeably so as to give the broadest possible meaning to a particular request in which either or both is used.

2.      "Communication" or "Communicated" means, without limitation, any exchange of thoughts, messages, or information, as by speech, signals, writing, or behavior, including but not limited to, any advice, advisement, announcement,

articulation, assertion, contact, conversation, written or electronic correspondence, declaration, discussion, dissemination, elucidation, expression, interchange, memoranda, notes, publication, reception, revelation, talk, transfer, transmission, or utterance. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

3.      "Competitive Conditions" means Pork costs, pricing, production/output, capacity, sales, demand, supply, imports, exports, or market shares.

4.      "Complaints" means Direct Purchaser Plaintiffs' First Amended and Consolidated Class Action Complaint, Case No. 18-cv-1803 (ECF No. 83); Consumer Indirect Purchaser Plaintiffs' Consolidated Class Action Complaint, Case No. 18-cv-1776 (ECF No. 74); and Commercial and Institutional Indirect Purchasers Plaintiffs' First Amended and Consolidated Class Action Complaint, Case No. 18-cv-1891 (ECF No. 63).

5.      "Creditor Conference" means a conference or event relating to Pork that is organized or hosted by a company that provides credit or loan financing for Pork Integrators or a Pork Integrator's contract farmers.

6.      "Creditor Representative" means an employee of a non-Defendant company that provides credit or loan financing to a Pork Integrator for its Pork-related business or to a Pork Integrator's contract farmers for the contract farmers' Pork-related business who has a direct role in providing financing to a Pork Integrator for its Pork-related business or a Pork Integrator's contract farmers for the contract farmers' Pork-related business on behalf of that company.

7.     "Defendant" means any company, organization, entity or person presently or subsequently named as a Defendant in this litigation including its predecessors, wholly owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, departments, divisions, joint ventures, other affiliates and any organization or entity managed or controlled by a named Defendant, including those merged with or acquired, together with all present and former directors, officers, employees, agents, attorneys, representatives or any persons acting or purporting to act on behalf of a Defendant. The currently named Defendants in this litigation are: Agri Stats, Inc.; Clemens Food Group, LLC; The Clemens Family Corporation; Hormel Foods Corporation; Hormel Foods, LLC; Indiana Packers Corporation; Mitsubishi Corporation (Americas); JBS USA Food Company; JBS USA Food Company Holdings; Seaboard Foods LLC; Seaboard Corporation; Smithfield Foods, Inc.; Triumph Foods, LLC; Tyson Foods, Inc.; Tyson Prepared Foods, Inc.; and Tyson Fresh Meats, Inc.

8.     "Document" shall have the same meaning as used in Rule 34 of the Federal Rules of Civil Procedure, and shall be construed in its broadest sense to include, without limitation, the final form and all drafts and revisions of any paper or other substance or thing, original or reproduced, and all copies thereof that are different in any way from the original, on which any words, letters, numbers, symbols, pictures, graphics, or any other form of information is written, typed, printed, inscribed, or otherwise visibly shown, and also every other form of stored or recorded information, whether on film, tape, disks, cards, computer memories, cloud storage, mobile phones or devices, or any other medium and/or device whereby stored information can, by any means whatsoever, be printed or

otherwise recovered, generated or displayed in the form of visible, audible, or otherwise perceptible words, letters, numbers, symbols, pictures, or graphics. To illustrate (and not to limit) the breadth of this definition, "document" in this sense includes papers or objects bearing handwritten notes, material written in Braille, contracts, letters, bills, telegrams, notes, email, voice mail, text messages, books, desk calendars, memoranda, envelopes, drafts or partial copies of anything, signs, photographic negatives and prints, video and audio recordings of all kinds, and the contents of storage media used in data-processing systems. Documents include ESI as defined in these requests. Each and every draft of a Document is a separate Document for purposes of these document requests.

9.      "Document Custodian" refers to Your employees and/or representatives who the parties agree, or the Court orders, must have Documents in Your, the employee's, and/or Representative's possession, custody, or control collected and produced in this matter.

10.     "Electronically stored information" or "ESI" means and refers to computer generated information or data of any kind, stored in or on any storage media located on computers, file servers, disks, the cloud, tape, or other real or virtualized devices or media. Non-limiting examples of ESI include:

- Digital communications (e.g., email, phone calls and logs of phone calls, voice mail, text messaging, instant messaging, and ephemeral messaging (SnapChat, Confide, Signal, etc.));
- Email Server Stores (e.g., Lotus Domino .NSF or Microsoft Exchange .EDB);
- Word processed documents (e.g., MS Word or WordPerfect files and drafts);

- Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);
- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data);
- Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);
- Sound Recordings (e.g., .WAV and .MP3 files);
- Video and Animation (e.g., .AVI and .MOV files);
- Unstructured Data;
- Structured Databases (e.g., Access, Oracle, SQL Server data, SAP);
- Contact and Relationship Management Data (e.g., Outlook, ACT!);
- Calendar and Diary Application Data (e.g., Outlook PST, blog entries);
- Online Access Data (e.g., Temporary Internet Files, History, Cookies);
- Presentations (e.g., PowerPoint, Corel Presentations);
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Backup and Archival Files (e.g., Veritas, Zip, .GHO, iTunes archives of iPhone content); and
- Cloud based or other virtualized ESI, including application, infrastructure and data.

11.     "Employee" means, without limitation, any Person that You employ or employed during the Relevant Time Period.

12.     "Including" is used to emphasize certain types of Documents requested and should not be construed as limiting the request in any way. Including therefore means "including, but not limited to," or "including without limitation."

13.     "Industry Analyst" means a Person, other than an employee of a Defendant, a Defendant's parent, a Defendant's subsidiary, or another Pork Integrator, who analyzes Pork Integrators for the purpose or with the effect of advising clients on investment in Pork Integrators.

14.     "Industry Meeting" means a meeting for companies in the Pork industry and at which the Pork industry is discussed, organized or hosted by an entity other than a named Defendant, a Defendant's parent, a Defendant's subsidiary, or another Pork Integrator, and attended by two or more Pork Integrators, including at least one named Defendant.

15.     "Management" means a Defendant's (a) Board of Directors, (b) officers, (c) CEO, CFO, COO, or President, and (d) senior executives.

16.     "Meeting" means, without limitation, any assembly, convocation, encounter, communication or contemporaneous presence (whether in person or via any electronic, computer-assisted, digital, analog, video, or telephonic method of communication) of two or more persons for any purpose, whether planned or arranged, scheduled or not.

17.     "Named Plaintiffs" means those individuals or entities listed as plaintiffs in the Complaints, and any entities subsequently added as named plaintiffs in this matter.

18.     "Person" means, without limitation, any individual, corporation, partnership or any variation thereof (e.g., limited partnership, limited liability partnership), limited liability company, proprietorship, joint venture, association, group or other form of legal entity or business existing under the laws of the United States, any state, or any foreign country.

19.     "Plaintiffs" refers to Direct Purchaser Plaintiffs, Consumer Indirect Purchaser Plaintiffs, and Commercial and Institutional Indirect Purchaser Plaintiffs.

20.     "Policy" or "Procedure" means any rule, practice or course of conduct, guidelines or business methods or traditions whether formal or informal, written or unwritten, recorded or unrecorded, which was recognized or followed, explicitly or implicitly, by You.

21.     "Pork" means pig or swine meat sold or purchased fresh or frozen, smoked ham, sausage, and bacon.

22.     "Pork Farm" means any farm where pigs are raised for eventual slaughter and processing as Pork. This includes farrow-to-finish operations (which raise pigs from birth to slaughter weight), feeder pig producer operations (which raise pigs from birth to about 10-60 pounds), and feeder pig finisher operations (which buy feeder pigs and grow them to slaughter weight).

23.     "Pork Grower" means any person or facility that raises pigs for eventual slaughter and processing as Pork. This includes farrow-to-finish operations (which raise pigs from birth to slaughter weight), feeder pig producer operations (which raise pigs from birth to about 10-60 pounds), and feeder pig finisher operations (which buy feeder pigs and grow them to slaughter weight).

24.     "Pork Integrator" means Defendants (except Agri Stats) and any non-Defendant entity that raises, buys, slaughters, and processes pigs to make Pork.

25.     "Pork Processing Facility" means a slaughter and/or packing facility where pigs are slaughtered, processed, or prepared to be sold as Pork.

26.     "Pork Supply Factors" refers to the ways in which Defendants control the supply of Pork, including capacity reductions, controlling slaughter rates, and exports.

27.     "Relating to," "referring to," "regarding," "with respect to" or "concerning" mean without limitation the following concepts: concerning, constituting, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part, directly or indirectly. Documents are considered relating to the subject matter whether they are viewed alone or in combination with other Documents.

28.     "Representative" shall mean any and all agents, employees, servants, consultants, officers, directors, or other persons authorized to act on Your behalf.

29.     "Sales Personnel" refers to an employee of a Defendant whose primary job responsibilities include selling that Defendant's Pork to customers in the United States or from the United States to customers outside the United States, as well as any agent or representative authorized by that Defendant to sell its Pork on its behalf.

30.     "Structured Data" or "Structured Database" refers to data stored in a fixed field within a database or other structured record or file according to specific form and content rules as defined by each field.

31.     "Studies" or "Analyses" include written presentations or summaries of researched information and/or compiled data and conclusions derived from such information and/or data.

32.     "Telephone Record" means any record of the originating and terminating phone numbers for a particular phone call or facsimile transmission, such as the monthly

bill that telephone carriers such as AT&T, CenturyLink, and numerous other telephone carriers provide on a monthly basis.

33.     "Trade Association" means an association of business organizations that promotes the interests of Pork Integrators relating to Pork and in which two or more Pork Integrators are members, including the Pork Act Delegate Body, the National Pork Board, the National Pork Producers Council ("NPPC"), the National Conference ("NPIC"), the 21st Century Pork Club, the North American Meat Institute ("NAMI"), and the American Meat Institute ("AMI").

34.     "United States" or "U.S." means each of the 50 states, the District of Columbia, and the commonwealths, territories, and possessions of the United States.

35.     "Unstructured Data" is data that does not conform to a specific, pre-defined data model, it may be human generated and in various formats that fit into structured database tables and columns. Common examples include, but not are limited to, word processing documents, emails, blogs, social media extracts, tweets, picture captions, GPS data, and others of similar variable formats.

36.     "You," "Your" or "Your company" mean the responding Defendant, including its predecessors, wholly owned or controlled subsidiaries or affiliates, successors, parents, other subsidiaries, departments, divisions, joint ventures, other affiliates and any organization or entity that the responding Defendant manages or controls, including those merged with or acquired, together with all present and former directors, officers, employees, agents, attorneys, representatives or any persons acting or purporting to act on their behalf.

## SPECIFIC DOCUMENT REQUESTS

The "Relevant Time Period" for these requests is January 1, 2008, through and including August 17, 2018, unless otherwise noted.

**REQUEST NO. 1:**   All Documents relating to competition in the Pork industry produced to the Department of Justice, Federal Trade Commission, U.S. Department of Agriculture, U.S. Securities & Exchange Commission, states' attorneys general, or other government agencies or regulators voluntarily or pursuant to any civil investigative demand, grand jury subpoena, or other investigative request.

**REQUEST NO. 2:**   Documents sufficient to show Your corporate organizational structure throughout the Relevant Time Period, including, but not limited to, departments, divisions, parents, subsidiaries, joint ventures, affiliates, units or other subdivisions that had any role at any time during the Relevant Time Period in the production, processing, distribution, marketing, pricing or sale of Pork.

**REQUEST NO. 3:**   All Documents or Communications between You and any other Defendant or Pork Integrator, relating to Competitive Conditions in the Pork Industry.

**REQUEST NO. 4:**   All Communications and Documents relating to the scheduling, attendance, or otherwise referencing any in-person, telephonic, or other meeting between You and any other Defendant or Pork Integrator.

**REQUEST NO. 5:**   For each Document Custodian, all:

    a)    electronic and hard copy diaries, calendars, appointment books or notes, notebooks, or to-do lists ;

    b)    contact information maintained in electronic or hard copy format, for any Person who is or was: (i) an owner, employee, consultant, officer, board

member, Representative, or agent of a Pork Integrator or Agri Stats; (ii) a Creditor Representative or Industry Analyst; (iii) an employee of a Trade Association; or (iv) an employee of any entity that falls within the definition of Industry Meeting.

c)     trip and travel logs and records, expense reports, and entertainment reports, including any other supporting Documents;

d)     bills, statements, records, and supporting Documents concerning local, long distance, and cellular telephone calls by such employees, including calls made using telephones not paid for by You (such as home office, fax, and personal telephone numbers, personal cellphones, and temporary pay-as-you go cellphones) if such telephones were used for business purposes;

e)     Documents relating to membership in any Trade Association or industry group or attendance at any Trade Association, Industry Meeting or Creditor Conference, including announcements, membership lists, presentations (including speaker notes), agendas, minutes, notes, attendance lists, and correspondence;

f)     a copy of the Person's most recently created resume or curriculum vitae (CV);

g)     copies of any transcripts or recordings of prior testimony relating to Competitive Conditions in the market for Pork, such as testimony at a deposition, trial, or public hearing;

h)     Documents sufficient to show the Document Custodian's complete contact information, including all phone numbers, social media user names or "handles," and email addresses used by such persons for any business purposes, even if only sparingly; and

i)     Any severance agreements in connection with the Document Custodian ceasing employment or changing employment status with You (without time limitation).

**REQUEST NO. 6:**     Copies of all Telephone Records in your possession, custody, or control, including Telephone Records of your main phone number(s), main fax number(s), and any phone number used as a switchboard for any of your relevant

facilities such as your headquarters, administrative offices, Pork Farms, Pork Processing Facilities, and Pork sales offices.

**REQUEST NO. 7:**   All Documents relating to Communications with investors, Industry Analysts, benchmarking services, and/or Creditor Representatives regarding Competitive Conditions in the Pork industry.

**REQUEST NO. 8:**   All Documents and Communications regarding the terms of all purchases, sales, trades, exchanges, or swaps of Pork between You and any other Pork Integrator, including any contracts, co-packing agreements, joint ventures, other agreements (whether formal or informal), and any contemplated, proposed, or actual bids.

**REQUEST NO. 9:**   All Documents relating to budgets, projections, estimates, or related studies, presentations, or reports regarding Pork regularly prepared or received by Your current or former directors, officers, or Management on a regular basis (weekly, monthly, quarterly, or annually) regarding the following topics:

a.   cost and/or cost accounting reports (including, production, sale and distribution);

b.   audited or unaudited financial statements (including all appendices);

c.   cost and supply of raw material and/or inputs, including any back-integration of raw materials, swaps or sales of raw materials with other Pork Integrators, or hedging of purchased raw materials and/or inputs for Pork;

d.   distribution channels for Pork;

e.   export markets for Pork including a breakdown of country of destination and product form;

f.   Pork product information regarding the types and product forms of Pork sold by You;

      g.      forecasted, projected, estimated, planned, or actual demand for Pork;

      h.      demand changes or demand fluctuations for Pork sold in the U.S.; and

      i.      profits, revenues, and loss information on Pork produced or sold in the U.S. identified on a (i) consolidated basis; (ii) product line or product category basis; and/or (iii) facility-by-facility basis (including, but not limited to, gross profits, operating profits, net profits, cash flow reports, and EBITDA).

**REQUEST NO. 10:**   Documents sufficient to show industry-wide standards of products and definitions or descriptions of standards for Pork.

**REQUEST NO. 11:**   Documents sufficient to show actual or potential substitutes for Pork, or the elasticity of supply, demand, or price of Pork, analyzed by You during the Class Period (including the effect of such substitutes' prices upon Pork pricing, purchase terms, or profits).

**REQUEST NO. 12:**   All Documents concerning the costs of and potential obstacles to entering the Pork market, including, but not limited to, capital costs, environmental regulations, production costs, marketing costs and difficulties, contractual supply relationships, market conditions, brand loyalty or differentiation, start-up costs, and any other difficulties or obstacles to entry into the market for producing and selling Pork.

**REQUEST NO. 13:**   All Documents concerning the identity of any actual or potential entrant(s) into the Pork market and any barriers, obstacles or difficulties facing the actual or potential entrant(s).

**REQUEST NO. 14:**   All Documents utilized or generally referred to by Your Management or Sales Personnel for quoting, changing, or setting the prices or the terms and conditions for sale of Pork, including pricing guidelines, pricing methods, pricing

formulas, procedures or authorization procedures for Sales Personnel to quote a price, price changes, price lists, pricing policies, violations of pricing policies and Documents providing guidance to Sales Personnel about implementation of price changes.

**REQUEST NO. 15:**   All Documents relating to or communicating Pork price announcements, price changes, explanations of the reasons for price changes, price lists, pricing policies, pricing guidelines, pricing methods, pricing formulas, analysis of market prices, monitoring of competitor pricing, price changes of Pork produced or sold in the U.S. (including price announcements or explanations of the reasons for price changes), price increase and surcharge announcements, and any other Communications concerning Pork price increases or the imposition of surcharges.

**REQUEST NO. 16:**   All Documents or Communications relating to or exchanged with Agri Stats or its affiliates (including Express Markets, Inc.), including any consideration of the risks and/or benefits of providing information to or receiving information from Agri Stats, the anonymity of individual Pork Integrator data received from Agri Stats, any reverse-engineering processes employed by You to de-anonymize Agri Stats data, any contracts or agreements with Agri Stats, any presentations, Communications, or meeting minutes received from or provided to Agri Stats, and all copies of reports received from Agri Stats.

**REQUEST NO. 17:**   All Documents or Communications relating to meetings with Agri Stats or its affiliates (including Express Markets, Inc.).

**REQUEST NO. 18:**   All Documents relating to Competitive Conditions in the market for Pork, including reports, presentations, industry publications, business plans, studies,

analyses, or other Documents concerning forecasted, projected, estimated, planned or actual: (i) market shares; (ii) consolidation, mergers, acquisitions, or joint ventures; (iii) production or processing capacity, capacity reduction, capacity utilization, or operating rates; (iv) fixed or variable costs; (v) pricing; (vi) inventories; (vii) entry or exit conditions; (viii) inventories; (ix) supplies/supply trends; (x) data, publications, or other sources used in the regular course of business by You to monitor Pork demand in the United States; (xi) substitute products; (xii) exports; (xiii) raw materials; (xiv) Pork Supply Factors; or (xv) other industry statistics.

**REQUEST NO. 19:**     All Documents concerning Pork supply rationalization, industry leadership, industry discipline, production discipline, supply discipline, capacity discipline, or other so-called disciplined approaches or practices relating to the Pork industry.

**REQUEST NO. 20:**     Documents concerning the porcine epidemic diarrhea virus and its impact on Pork production.

**REQUEST NO. 21:**     All Documents and Communications relating to any benchmarking or information sharing services relating to Pork industry profitability, pricing, production, or supply other than Agri Stats or Express Markets, Inc.

**REQUEST NO. 22:**     Documents sufficient to identify any tentative, proposed or consummated sale, acquisition, merger, joint venture, divestiture, transfer of assets, spin-off, or any other form of change of ownership or control or business combination concerning any Pork-related business, production facilities, product lines, or other assets (including both businesses or assets owned or controlled by You and those owned or

controlled by other Persons), and any minutes, notes, reports, studies, analysis, presentations, expert or market participant comments, and any analysis or other information submitted to or received from any governmental agency.

**REQUEST NO. 23:**   All Documents and Communications relating to the immediately prior Request that reflect the disclosure of any non-public information to another Pork Integrator concerning Pork Supply Factors, Pork pricing, or any future Pork supply plans, including documents made available to You or by You through an electronic "data room" associated with a proposed transaction.

**REQUEST NO. 24:**   All Documents relating to public announcements, press releases, or corporate Communications by You concerning Competitive Conditions for Pork.

**REQUEST NO. 25:**   All Documents relating to compliance policies, whether implemented, adopted, used or considered, concerning federal, state, or international antitrust laws, competition laws, anti-monopoly laws, anti-cartel laws, unfair competition laws, anti-bribery laws and any similar laws or regulations, or contacts and/or Communications with Your competitors (including current and former versions of compliance policies and procedures, presentations, seminars, programs, memos, statements signed by Your employees with responsibility for Pork that acknowledge receipt of or compliance with such policies arising from or relating to any prior legal proceedings), and all Documents relating to any inquiries or investigations concerning compliance with such policies including those listed in the prior Request.

**REQUEST NO. 26:**   All Documents relating to the Named Plaintiffs.

**REQUEST NO. 27:**     Documents relating to actions to conceal or avoid detection of any potential violations of federal, state, or international antitrust laws, competition laws, anti-monopoly laws, anti-cartel laws, unfair competition laws, anti-bribery laws and any similar laws, rules or regulations (including the use of code words or otherwise masking the identity of any Person or entity, meeting in locations or communicating at times or via methods with the intent to avoid detection by any Person or entity, using non-traceable prepaid calling cards or cellphones, non-contract or disposable cell phones, placing calls from public phones, and destroying, secreting, altering or forging Documents).

**REQUEST NO. 28:**     All Documents necessary to understand the operation of any of the computer hardware and systems, software, Structured Databases, ESI, database, storage, backup and archiving systems and Communications systems and devices information requested herein (including, but not limited to, Documents describing or defining the fields contained in any such database file naming conventions and standards); user manuals; Help features or documentation; password, encryption, and other security protocols; diskette, CD, DVD, and other removable media labeling standards; email storage conventions, e.g., limitations on mailbox sizes/storage locations; schedule and logs for storage; software and hardware upgrades (including patches) for the Relevant Time Period (including who and what organization conducted such upgrades); and Backup tape rotation.

**REQUEST NO. 29:**     Documents sufficient to identify and describe Your computer hardware and systems (including email systems), software, ESI, Structured Databases, storage, backup and archiving systems and Communications systems and devices used in

18

connection with Documents called for by production of these Requests for Production, including data maps, data dictionaries, explanations of information contained in each system or database, and document retention policies.

**REQUEST NO. 30:**   All Documents referenced or relied upon in responding to any Interrogatory served by any party in this Action.

**REQUEST NO. 31:**   Documents sufficient to show all forms of Your contracts and invoices, and any summaries of the terms, with contract farmers or Pork Growers.

**REQUEST NO. 32:**   All contracts, and any summaries of the terms (including duration, price protection, terms for price modification, surcharges, discounts, or rebates) for the sale of Pork in the U.S. to Your customers.

**REQUEST NO. 33:**   All Documents relating to any decision to change the pricing terms for Your customers' contracts for Pork, including any analyses regarding changes from fixed-price to adjustable price provisions.

**REQUEST NO. 34:**   All Documents relating to complaints received from any Pork customer regarding prices, pricing, or terms or conditions of sale or the refusal or failure to supply Pork and any responses thereto, and all Documents reflecting any policy of Your company concerning the handling of such complaints.

**REQUEST NO. 35:**   For the period January 1, 2005 through the present, Documents sufficient to identify all of Your Pork Growers, Pork Farms, and Pork Processing Facilities.

**REQUEST NO. 36:**   Structured Data regarding the terms of all purchases, sales, trades, exchanges, or swaps of Pork between You and any other Pork Integrator,

including any contracts, co-packing agreements, joint ventures, and/or other agreements, whether formal or informal.

**REQUEST NO. 37:**   For the time period from January 1, 2003 through the present, Structured Data sufficient to show, for each U.S. Pork sale, the categories of information listed below, and Documents sufficient to understand all data fields, codes, or other fields on the invoice. Plaintiffs request this information in the most disaggregated form (meaning at the transactional level, not aggregated by month or quarter) in which it is kept, and Defendants should produce the data in a comma-delimited text file (*e.g.*, a file with a file extension of .csv or .txt). If You maintain separate or distinct sets of such data for internal purposes, Agri Stats reporting purposes, or any other purpose, Plaintiffs' request is for each separate set of data for the categories of information listed below.

      a.     the terms of each sale;

      b.     the invoice number;

      c.     the purchase order number;

      d.     the location from which the Pork was shipped;

      e.     the customer's name, phone number(s), address(es), email address(es), including the identity of the customer that was billed and the location to which the Pork was shipped;

      f.     the date You shipped the Pork, the date You billed for the Pork, and the date the customer took delivery;

      g.     the grade, cut, product form, and/or type of Pork, including any product numbers, unique purchaser-specific identifier, any description of characteristics, and product descriptions sold for each transaction;

      h.     the quantity (and units of measure) for each sale;

i.      all pricing information concerning the sale, including shipping, tax, or similar charges, and the gross and net unit price for each item in the sale;

j.      the currency in which the sale was billed and paid;

k.      any discounts, rebates, credits, freight allowances, returns, free goods, and/or services or any other pricing adjustment for each sale, with sufficient information to attribute these adjustments to individual sales;

l.      if a resale, the Supplier of each Pork sold in connection with each sale;

m.      the price You paid Your Supplier for each type of Pork sold in connection with each sale, including gross and net aggregate and per-unit prices;

n.      any fixed or variable costs or costs of goods sold concerning the sale (including freight charge and transportation cost, sales and distribution cost, raw materials, intermediates, marketing or sales cost, and any other cost attributed or allocated to the sale);

o.      for any sale or purchase from another Pork Integrator, Electronic Data Interchange fields for which the user can freely enter text, such as "comments" or similar fields;

p.      any Structured Database field summarizing terms of sale or agreements or contracts for customers;

q.      any other data available in Your database Concerning the purchase, sale or distribution of the Pork for each sale.

**REQUEST NO. 38:**     Documents sufficient to show Your policies regarding rebates, surcharges, credits, discounts, or other special price arrangements relating to pork, including:

a.      Structured Data of any marketing funds or rebate payments made to downstream purchasers of Pork, including:

1.      Date of payment;
2.      Period over which payment applies;

      3.     Name and description of program (e.g., volume rebate or discounts);

      4.     Payment amount;

      5.     Information pertaining to which customer the rebate applied to;

      6.     Total purchase dollars and volume of Pork on which basis the rebate is paid.

     b.     Any supplier agreements or other Documents describing the terms of the program.

**REQUEST NO. 39:**    Documents sufficient to describe in detail the Pork products You sold, marketed, or distributed from January 1, 2003 through the present, including any variations relating to brand name, physical properties and characteristics, packaging, product form, cut, further processing, grade, specialty products and any other factors influencing price.

Dated: November 1, 2018           Respectfully submitted,

                        /s/ Brian D. Clark
                  W. Joseph Bruckner (MN #0147758)
                  Elizabeth R. Odette (MN #0340698)
                  Brian D. Clark (MN #0390069)
                  Simeon A. Morbey (MN # 0391338)
                  Arielle S. Wagner (MN #0398332)
                  LOCKRIDGE GRINDAL NAUEN P.L.L.P.
                  100 Washington Avenue South, Suite 2200
                  Minneapolis, MN 55401
                  T:  (612) 339-6900
                  F:  (612) 339-0981
                  wjbruckner@locklaw.com
                  erodette@locklaw.com
                  bdclark@locklaw.com
                  aswagner@locklaw.com

Bruce L. Simon
Neil Swartzberg
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
T: (415) 433-9000
F:  (415) 433-9008
bsimon@pswlaw.com
nswartzberg@pswlaw.com

Clifford H. Pearson
Daniel Warshaw
Bobby Pouya
Michael H. Pearson
PEARSON SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 92403
T: (818) 788-8300
F: (818) 788-8104
cpearson@pswlaw.com
dwarshaw@pswlaw.com
bpouya@pswlaw.com
mpearson@pswlaw.com

Melissa S. Weiner (MN #0387900)
PEARSON, SIMON & WARSHAW, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
T: (612) 389-0600
F: (612) 389-0610
mweiner@pswlaw.com

*Interim Co-Lead Class Counsel for Direct
Purchaser Plaintiffs*

DATED: November 1, 2018            HAGENS BERMAN SOBOL SHAPIRO LLP

By:_____*/s/ Shana Scarlett*_____
         Shana E. Scarlett

715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000

Facsimile: (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman
Breanna Van Engelen
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, Illinois 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
beth@hbsslaw.com

Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
Michelle J. Looby (#388166)
Britany N. Resch (#0397656)
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com

*Interim Co-Lead Counsel for Consumer
Indirect Purchaser Plaintiffs*

DATED: November 1, 2018               LARSON • KING, LLP

                                      By:_____/s/ Shawn M. Raiter_____
                                            Shawn M. Raiter

                                      Shawn M. Raiter (MN# 240424)
                                      LARSON • KING, LLP
                                      2800 Wells Fargo Place
                                      30 East Seventh Street
                                      St. Paul, MN  55101
                                      Telephone: (651) 312-6518
                                      sraiter@larsonking.com

                                      Jonathan W. Cuneo
                                      Joel Davidow
                                      Blaine Finley
                                      CUNEO GILBERT & LADUCA, LLP
                                      4725 Wisconsin Ave. NW, Suite 200
                                      Washington, DC 20016
                                      Telephone: (202) 789-3960
                                      jonc@cuneolaw.com
                                      joel@cuneolaw.com
                                      bfinley@cuneolaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Brian D. Clark, hereby affirms that on November 1, 2018, I caused a true and correct copy of **ALL PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE PORK INTEGRATOR DEFENDANTS** to be served on counsel listed on the attached schedule via email.

Dated: November 1, 2018                     Respectfully submitted,


s       /s/ Brian D. Clark
W. Joseph Bruckner (MN #0147758)
Elizabeth R. Odette (MN #0340698)
Brian D. Clark (MN #0390069)
Arielle S. Wagner (MN #0398332)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
T: (612) 339-6900
F: (612) 339-0981
wjbruckner@locklaw.com
erodette@locklaw.com
bdclark@locklaw.com
aswagner@locklaw.com

*Interim Co-Lead Class Counsel for Direct Purchaser Plaintiffs*

**IN RE PORK ANTITRUST LITIGATION DEFENDANTS' SERVICE LIST**

| | | |
|---|---|---|
| **Agri Stats, Inc.** | Jennifer Fleury | jennifer.fleury@hoganlovells.com |
| | Justin Bernick | justin.bernick@hoganlovells.com |
| | Kim M Schmid | kim.schmid@bowmanandbrooke.com |
| | William Leitzsey Monts, III | william.monts@hoganlovells.com |
| | Anne Lee | alee@cov.com |
| **Clemens Food Group** | Bethany D. Krueger | bkrueger@greeneespel.com |
| | Christa C Cottrell | ccottrell@kirkland.com |
| | Daniel E Laytin | daniel.laytin@kirkland.com |
| | Mark L. Johnson | mjohnson@greeneespel.com |
| | Virginia R McCalmont | vmccalmont@greeneespel.com |
| **Hormel Foods Corporation and Hormel Foods, LLC** | Aaron D Van Oort | aaron.vanoort@faegrebd.com |
| | Bryan K. Washburn | bryan.washburn@faegrebd.com |
| | Craig S Coleman | craig.coleman@faegrebd.com |
| | Emily Elizabeth Chow | emily.chow@FaegreBD.com |
| | Isaac B Hall | isaac.hall@faegrebd.com |
| | Richard A Duncan | richard.duncan@faegrebd.com |
| **Indiana Packers Corporation** | Britt M Miller | bmiller@mayerbrown.com |
| | Jaime Stilson | stilson.jaime@dorsey.com |
| | Robert Entwisle | rentwisle@mayerbrown.com |
| | William Stallings | wstallings@mayerbrown.com |
| **JBS USA** | Donald G Heeman | dheeman@felhaber.com |
| | Jessica J. Nelson | jnelson@felhaber.com |
| | Randi J Winter | rwinter@felhaber.com |
| **Seaboard Foods LLC** | Jon M. Woodruff | jon.woodruff@stinson.com |
| | Peter J Schwingler | peter.schwingler@stinson.com |
| | William L. Greene | william.greene@stinson.com |
| **Smithfield Foods, Inc.** | Brian Edward Robison | brobison@gibsondunn.com |
| | John A Cotter | jcotter@larkinhoffman.com |
| | John Anders Kvinge | jkvinge@larkinhoffman.com |
| | Joshua Lipton | jlipton@gibsondunn.com |
| | Richard G. Parker | rparker@gibsondunn.com |

| | | |
|---|---|---|
| **Triumph Foods LLC** | Aaron B Chapin | aaron.chapin@huschblackwell.com |
| | Vollis Gene Summerlin, Jr | gene.summerlin@huschblackwell.com |
| **Tyson Foods, Inc. Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc.** | David P Graham | dgraham@dykema.com |
| | Felix Gilman | fgilman@axinn.com |
| | Jonathan Justl | jjustl@axinn.com |
| | Rachel Johanna Adcox | radcox@axinn.com |
| | Tiffany Rider Rohrbaugh | trider@axinn.com |
| **JBS USA Food Company** | Daniel Robert Moses Haller | dhaller@felhaber.com |
| **Clemens Family Corporation** | Mark L. Johnson | mjohnson@greeneespel.com |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |