# EXHIBIT 5

**From:** Robison, Brian E.
**Sent:** Tuesday, March 9, 2021 2:03 PM
**To:** 'Shana Scarlett' ; jbourne@pswlaw.com; craig.coleman@faegredrinker.com
**Cc:** aswagner@locklaw.com; mpearson@pswlaw.com; kbates@schneiderwallace.com; bfinley@cuneolaw.com; riop@hbsslaw.com; dhedlund@gustafsongluek.com; bdclark@locklaw.com
**Subject:** RE: Pork - stipulation and proposed order re structured data

Shana –

Defendants are generally amenable to the overall timeframe you propose, but we have two adjustments.

First, Defendants believe that we should start by getting feedback from Plaintiffs regarding the categories that we discussed during the meet-and-confer call last week. To revisit this briefly, Defendants maintain that the following categories do not fit the pleaded definition of "Pork" and should be excluded from structured-data productions:

1. Byproducts: skin, bones, organs, blood, parts (ears, feet, or other non-primal parts).
2. Cooked products other than smoked ham (e.g., shelf-stable cooked canned goods, pulled pork, roasted loins, cooked bacon or sausage).
    2(a). Manufactured sausage and bacon products. This would include sausage crumbles and bacon bits and also involve layers of value-added manufacturing that Defendants believe additionally warrant exclusion.
3. Products in which pork is merely an ingredient (sausage with more than one protein, pizza, breakfast sandwiches, salami, or hot dogs that mix pork and beef or other proteins).
4. Hams not cured by smoking.

Products included: smoked hams (whether sold in deli or meat case and whether boneless or bone-in), various primals (loin, butt, picnic, shoulder, bellies, etc.), fresh or frozen cuts (chops, loins, tenderloin, etc.), bacon, and uncooked pork sausage (Italian, breakfast, etc.). While we understand there may be some specifics to discuss, which may include specific examples or channels of distribution, these broad categories should be sufficient for discussion purposes now. As for interim dates for discussion, we propose that Plaintiffs provide feedback by March 12 on these categories, whether through a call or email, so we can ensure that we are making progress. Plaintiffs should know by now which pork products were supposedly covered by the alleged conspiracy. We can then schedule follow-up calls over the next two weeks as the parties are ready for more talks. We are comfortable with the March 29 deadline to conclude this process.

Second, Defendants need to negotiate this collectively with all Plaintiffs and thus need the Winn-Dixie DAPs to be included in a resolution. We cannot have one data pull for the Winn-Dixie DAPs and a different one for all other plaintiffs.
Brian


**Brian E. Robison**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Dallas, TX 75201
Tel +1 214.698.3370 • Fax +1 214.571.2928
BRobison@gibsondunn.com • www.gibsondunn.com

**From:** Shana Scarlett <shanas@hbsslaw.com>
**Sent:** Monday, March 8, 2021 5:43 PM
**To:** Robison, Brian E. <BRobison@gibsondunn.com>; jbourne@pswlaw.com; craig.coleman@faegredrinker.com
**Cc:** aswagner@locklaw.com; mpearson@pswlaw.com; kbates@schneiderwallace.com; bfinley@cuneolaw.com; riop@hbsslaw.com; dhedlund@gustafsongluek.com; bdclark@locklaw.com
**Subject:** RE: Pork - stipulation and proposed order re structured data

[External Email]
Brian and Craig,

The Class Plaintiffs and Puerto Rico are agreeable to the concept of discussing pork products in conjunction with discussing the time period for which Defendants will produce structured data. Accordingly, we'll need to ask the court for time to have those discussions. We would like to have firm deadlines in place to ensure that the parties continue to make progress, or are able to at least crystalize any disputes for the court.

To that end, Class Plaintiffs and Puerto Rico propose that the parties stipulate:

* By March 15, 2021, Defendants provide plaintiffs with the broad categories of products sold during the class period and channels those products are sold into. The list will be provided for each defendant. These categories will be of the type of level listed in the Agri Stats sales reports.
* By March 22, 2021, the parties will meet and confer to determine whether or not certain categories of these pork products may be excluded from the definition of Pork Products used in this case.
* By March 29, 2021, any motion to compel addressing structured data will be brought to the Court.

Finally, Plaintiffs disagree with Defendants' suggestion that good cause would need to be shown to obtain 2021 data; this would be governed by the normal discovery rules concerning relevance and proportionality. However, because data does not even exist yet for most of 2021, we are willing to defer that conversation for now.

The Winn Dixie plaintiffs are still considering the proposal. Given this, Class Plaintiffs and Puerto Rico suggest that the stipulation be between only the Class Plaintiffs, Puerto Rico and Defendants regarding tomorrow's deadline.

Best,
Shana


Shana Scarlett | **Hagens Berman Sobol Shapiro LLP |** Direct: (510) 725-3032


**From:** Shana Scarlett
**Sent:** Thursday, March 4, 2021 2:59 PM
**To:** Robison, Brian E. <brobison@gibsondunn.com>; jbourne@pswlaw.com; craig.coleman@faegredrinker.com
**Cc:** aswagner@locklaw.com; mpearson@pswlaw.com; kbates@schneiderwallace.com;

bfinley@cuneolaw.com; Rio Pierce <riop@hbsslaw.com>; dhedlund@gustafsongluek.com; bdclark@locklaw.com
**Subject:** RE: Pork - stipulation and proposed order re structured data

Brian –

Just correcting one statement in your email. If I gave the impression that we believe there was an "over-production of data" in the Broilers litigation, that was inadvertent. But I came to the discussions today with the thought of putting myself in the defendants shoes, and trying to find a way to bridge the gap between the two sides. As I also explained on the call, the beginning of the case is when there is the highest information asymmetry, and perhaps if the defendants in the Broiler litigation had been more willing to provide helpful information identifying products in a more transparent set of data negotiations, we could have worked to exclude products that were eventually dropped from the class. I think there are lessons there on both sides.

Best, Shana


Shana Scarlett | **Hagens Berman Sobol Shapiro LLP |** Direct: (510) 725-3032


**From:** Robison, Brian E. <brobison@gibsondunn.com>
**Sent:** Thursday, March 4, 2021 2:54 PM
**To:** jbourne@pswlaw.com; Shana Scarlett <shanas@hbsslaw.com>; craig.coleman@faegredrinker.com
**Cc:** aswagner@locklaw.com; mpearson@pswlaw.com; kbates@schneiderwallace.com; bfinley@cuneolaw.com; Rio Pierce <riop@hbsslaw.com>; dhedlund@gustafsongluek.com; bdclark@locklaw.com
**Subject:** RE: Pork - stipulation and proposed order re structured data

Joe:
     The defense group agrees with the concept of melding the negotiations over the data time frame with the negotiations over the definition of pork. Whether we can reach a global agreement on both issues is up in the air, of course, but we think it makes sense to try. Please let us know if all plaintiff groups (including the DAPs) are on board with combining these negotiations. It will be important to everyone that all parties on both sides are bound by any agreements that are reached.
     Also, I know both sides feel strongly about the time-frame issue, but the defense group wanted me to mention that the plaintiffs will need to make real concessions that narrow the definition of pork as part of any deal that would require the defendants to agree to produce structured transaction data for all of 2005. I know we will need to discuss the details surrounding the definition of pork, and I know no one is prepared to draw final lines today. But as you might suspect, the more narrow the definition of pork, the more willing our side will be to produce data for all of 2005. Hopefully, the Broiler experience with an apparent over-production of data on products that did not end up being relevant will help inform our talks.
     We look forward to hearing from you on whether all plaintiff groups want to explore Shana's idea. If so, then we think the logical next step is for plaintiffs to react to the thoughts we shared Tuesday on the definition of pork.
Brian


**Brian E. Robison**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Dallas, TX 75201
Tel +1 214.698.3370 • Fax +1 214.571.2928
BRobison@gibsondunn.com • www.gibsondunn.com


**From:** Bourne, Joseph C. <jbourne@pswlaw.com>
**Sent:** Wednesday, March 3, 2021 4:51 PM
**To:** Robison, Brian E. <BRobison@gibsondunn.com>; shanas@hbsslaw.com; craig.coleman@faegredrinker.com
**Cc:** aswagner@locklaw.com; Pearson, Michael H. <mpearson@pswlaw.com>; kbates@schneiderwallace.com; bfinley@cuneolaw.com; riop@hbsslaw.com; dhedlund@gustafsongluek.com; Clark, Brian D. <bdclark@locklaw.com>
**Subject:** RE: Pork - stipulation and proposed order re structured data

[External Email]
Brian and Craig,

Can we talk at 11 central tomorrow? I'll send a calendar to the folks on this email. I believe our side has flexibility within that time window you provided if we need a different time.

Thanks,
Joe

**From:** Robison, Brian E. <BRobison@gibsondunn.com>
**Sent:** Tuesday, March 2, 2021 2:43 PM
**To:** Bourne, Joseph C. <jbourne@pswlaw.com>; shanas@hbsslaw.com; craig.coleman@faegredrinker.com
**Cc:** aswagner@locklaw.com; Pearson, Michael H. <mpearson@pswlaw.com>; kbates@schneiderwallace.com; bfinley@cuneolaw.com; riop@hbsslaw.com; dhedlund@gustafsongluek.com
**Subject:** RE: Pork - stipulation and proposed order re structured data

Are you talking about a call on Friday with the entire defense group? Or just with Craig and me?


**Brian E. Robison**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Dallas, TX 75201
Tel +1 214.698.3370 • Fax +1 214.571.2928
BRobison@gibsondunn.com • www.gibsondunn.com

**From:** Bourne, Joseph C. <jbourne@pswlaw.com>
**Sent:** Tuesday, March 2, 2021 2:15 PM
**To:** Robison, Brian E. <BRobison@gibsondunn.com>; shanas@hbsslaw.com; craig.coleman@faegredrinker.com
**Cc:** aswagner@locklaw.com; Pearson, Michael H. <mpearson@pswlaw.com>; kbates@schneiderwallace.com; bfinley@cuneolaw.com; riop@hbsslaw.com; dhedlund@gustafsongluek.com
**Subject:** RE: Pork - stipulation and proposed order re structured data

[External Email]
Thanks, Brian. We will send a stipulation and proposed order for your review shortly.

Could you also let us know if you have a good time for a call this Friday?

**From:** Robison, Brian E. <BRobison@gibsondunn.com>
**Sent:** Tuesday, March 2, 2021 11:59 AM
**To:** Bourne, Joseph C. <jbourne@pswlaw.com>; shanas@hbsslaw.com; craig.coleman@faegredrinker.com
**Cc:** aswagner@locklaw.com; Pearson, Michael H. <mpearson@pswlaw.com>; kbates@schneiderwallace.com; bfinley@cuneolaw.com; riop@hbsslaw.com; dhedlund@gustafsongluek.com
**Subject:** RE: Pork - stipulation and proposed order re structured data

Joe – Yes, that is fine with us.
Brian


**Brian E. Robison**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Dallas, TX 75201
Tel +1 214.698.3370 • Fax +1 214.571.2928
BRobison@gibsondunn.com • www.gibsondunn.com



**From:** Bourne, Joseph C. <jbourne@pswlaw.com>
**Sent:** Tuesday, March 2, 2021 10:06 AM
**To:** Robison, Brian E. <BRobison@gibsondunn.com>; shanas@hbsslaw.com; craig.coleman@faegredrinker.com
**Cc:** aswagner@locklaw.com; Pearson, Michael H. <mpearson@pswlaw.com>; kbates@schneiderwallace.com; bfinley@cuneolaw.com; riop@hbsslaw.com; dhedlund@gustafsongluek.com
**Subject:** RE: Pork - stipulation and proposed order re structured data

[External Email]
Brian,

We are working with our experts to evaluate defendants' proposed compromise described in your email below. Would you all be willing to stipulate to an additional week to resolve this issue or seek relief from the court? We will endeavor to follow up with you as soon as possible this week.

Please let us know.

Thanks,
Joe

**From:** Robison, Brian E. <BRobison@gibsondunn.com>
**Sent:** Friday, February 26, 2021 4:20 PM
**To:** shanas@hbsslaw.com; craig.coleman@faegredrinker.com
**Cc:** aswagner@locklaw.com; Pearson, Michael H. <mpearson@pswlaw.com>; Bourne, Joseph C. <jbourne@pswlaw.com>; kbates@schneiderwallace.com; bfinley@cuneolaw.com; riop@hbsslaw.com; dhedlund@gustafsongluek.com
**Subject:** RE: Pork - stipulation and proposed order re structured data

Shana:

I have now heard from everyone in the defense group. We cannot agree to January 1, 2005 as the start date for structured-data productions.

However, in the interest of compromise and to avoid motion practice, and to the extent that relevant and responsive structured data is in existence and readily accessible, defendants will agree to July 1, 2005 through December 31, 2020 as the time frame for structured-data productions. Defendants will raise any specific burden issues with plaintiffs in one-on-one conversations. Defendants cannot agree to, and do not believe that there will be any need for, a top-off of additional data after 2020. If any party later believes that a top-off is necessary, then that party must seek relief from the Court and show good cause for an additional data production.

This compromise on the time frame for structured-data productions would apply to plaintiffs' RFP 37 and the similar requests for transaction data that defendants served on plaintiffs.

Please let us know if this compromise is acceptable to all plaintiff groups.
Brian

**Brian E. Robison**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue, Dallas, TX 75201
Tel +1 214.698.3370 • Fax +1 214.571.2928
BRobison@gibsondunn.com • www.gibsondunn.com

**From:** Shana Scarlett <shanas@hbsslaw.com>
**Sent:** Friday, February 26, 2021 2:07 PM
**To:** craig.coleman@faegredrinker.com; Robison, Brian E. <BRobison@gibsondunn.com>
**Cc:** aswagner@locklaw.com; mpearson@pswlaw.com; jbourne@pswlaw.com; kbates@schneiderwallace.com; bfinley@cuneolaw.com; riop@hbsslaw.com;

dhedlund@gustafsongluek.com
**Subject:** RE: Pork - stipulation and proposed order re structured data

[External Email]
Craig and Brian –

Checking in on whether there is any response from the defendants on the proposed compromise for the time period of structured data.

Shana Scarlett | **Hagens Berman Sobol Shapiro LLP |** Direct: (510) 725-3032

**From:** Coleman, Craig S. <craig.coleman@faegredrinker.com>
**Sent:** Tuesday, February 23, 2021 1:01 PM
**To:** Shana Scarlett <shanas@hbsslaw.com>; brobison@gibsondunn.com
**Cc:** aswagner@locklaw.com; mpearson@pswlaw.com; jbourne@pswlaw.com; kbates@schneiderwallace.com; bfinley@cuneolaw.com; Rio Pierce <riop@hbsslaw.com>
**Subject:** RE: Pork - stipulation and proposed order re structured data

Thanks for drafting this. Defendants are signed off. We're assuming that Plaintiffs will handle the filing.

Thanks, Craig

**From:** Shana Scarlett <shanas@hbsslaw.com>
**Sent:** Tuesday, February 23, 2021 1:15 PM
**To:** Coleman, Craig S. <craig.coleman@faegredrinker.com>; brobison@gibsondunn.com
**Cc:** aswagner@locklaw.com; mpearson@pswlaw.com; jbourne@pswlaw.com; kbates@schneiderwallace.com; bfinley@cuneolaw.com; riop@hbsslaw.com
**Subject:** Pork - stipulation and proposed order re structured data

**This Message originated outside your organization.**

Craig,

Thanks for speaking this morning. Attached is the stipulation and proposed order from plaintiffs regarding the structured data. Please let us know if you have any edits.

Best, Shana

Shana Scarlett | **Hagens Berman Sobol Shapiro LLP |** Direct: (510) 725-3032

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

****************************furthermore

****************************

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments. Thank you.
****************************

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and

then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.