# EXHIBIT 6



**MINNESOTA OFFICE**
CANADIAN PACIFIC PLAZA
120 S. 6TH ST., STE 2600
MINNEAPOLIS, MN 55402

**CALIFORNIA OFFICE**
600 B STREET
17TH FLOOR
SAN DIEGO, CA 92101

**MICHELLE J. LOOBY**
mlooby@gustafsongluek.com
TEL (612) 333-8844 • FAX (612) 339-6622
MINNESOTA OFFICE

August 2, 2019

**VIA EMAIL**
Richard A. Duncan (richard.duncan@faegrebd.com)
Aaron D. Van Oort (aaron.vanoort@faegrebd.com)
Craig S. Coleman (craig.coleman@faegrebd.com)
Emily E. Chow (emily.chow@faegrebd.com)
Isaac B. Hall (isaac.hall@faegrebd.com)
Bryan K. Washburn (bryan.washburn@faegrebd.com)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901

> Re:   *In re Pork Antitrust Litigation*, Case No. 18-cv-01776-JRT-HB
>        Meet and Confer Regarding Hormel's Rule 34 Responses and Objections

Dear Counsel:

We write to follow-up on our June 6, 2019 meet and confer and Hormel's letter regarding document sources of the same date. Since the parties' meet and confer, Plaintiffs have expended considerable effort to further research and narrow the proposed custodians and offer the following.

**Custodial Sources**

*Proposed by Defendant Hormel in its Initial List*:[1]

| Name | Title |
|---|---|
| Paul Bogle | Director, Cost Accounting |
| Corwyn Bollum | Director, Pork Operations and Procurement |

---

[1] As previously noted in Plaintiffs' May 15, 2019 letter, to the extent a designated custodian (no matter whether proposed by Hormel or by Plaintiffs) inherited custodial files from his or her predecessor, we request that those files be included in the custodial productions.

Page 2
August 2, 2019

| Jessica Chenoweth | Cost Analyst |
|---|---|
| Lance Hoefflin | Manager, Pork Operations |
| Paul Peil | Director of Sales, Fresh Meat |
| Jose Rojas | Vice President, Farm Operations |
| Donald Temperley | Vice President, Operations-Refrigerated Foods |

Hormel's initial list of custodians states that the above-listed individuals have collectively, "interacted with Agri Stats, provided select Company data to Agri Stats, reviewed Agri Stats materials, and exercised decision-making authority regarding the Company's use of Agri Stats' services." *See* Defendant Hormel Foods Corporation's Initial List of Proposed Document Custodians, dated April 18, 2019.

Hormel confirmed during the parties' June 6 meet and confer that each of the proposed custodians listed above is still employed by Hormel.

Please confirm that during the relevant time period (i.e., Jan. 1, 2008 – June 30, 2018) there are no additional employees who had the responsibilities listed above with respect to Agri Stats.

Although it is difficult to discern from the documents produced by Hormel, it is Plaintiffs understanding that certain of these positions were likely held by other individuals for at least portions of the relevant period and during the time which Hormel has indicated it subscribed to Agri Stats.[2]

*Additional Custodians Conditionally Proposed by Defendant Hormel on June 6:*

On May 15, Plaintiffs proposed several additional custodians and on June 6 Hormel indicated it was "willing to discuss the following individuals as additional Document Custodians *if* Plaintiffs agree to drop the remainder of their proposed list".

| Name | Title |
|---|---|
| Jerry Adwell* | Director of Pork Operations and Feeds |
| Nathan Annis | Director of Investor Relations (? - 2018) |
| Steven Binder* | Executive VP; President of Hormel Business Units (? - ~2016) |

---

[2] By way of example, and subject to confirmation by Hormel: Mr. Bogle appears to have held his role from 2009 to 2016; Mr. Bollum appears to have held his role from 2010 to 2015 and was likely preceded in his role by Brian Stevens from 2007 to 2009; the position of cost analyst appears to have been held by several people other than Ms. Chenowether during the relevant period and it does not appear she held the role prior to 2009; Mr. Hoefflin appears to have held his role from 2008 to 2012 and may have been preceded in his role by James Fiala and/or Alan Meiergard, it is unclear who succeeded him in this role; Mr. Peil appears to have held his role from 2007 to 2012 and may have been succeeded by Scott Leathers; Mr. Rojas appears to have held his position from 2012 to 2016 and may have been preceded by Michael Terrill from 2010 to 2011; Mr. Temperley likewise appears not to have held his role for the entire relevant period and it appears that Jeffrey Nuytten and Bruce Schweitzer may have held the same or similar roles during at least part of the relevant period.

Page 3
August 2, 2019

| Thomas Day | Executive VP, Refrigerated Foods (February 2018-Present); Group VP, Refrigerated Foods (October 2013-February 2018) |
| --- | --- |
| Craig Drefcinski | Director of Deli Sales |
| Jeffrey Ettinger* | Chairman of the Board of Directors; Board Member (May 2004-~2016) |
| Bryan Farnsworth* | Senior VP, Supply Chain (? - ~2016) |
| Jody Feragen* | Executive VP and CFO (?-2015); Member of the Board of Directors (Oct. 2007-2015) |
| Jana Haynes | VP and Controller (May 2016-Present); Director of Investor Relations (October 2013-May 2016) |
| Jesse Hyland* | Corporate Manager Production Planning and Raw Meat Procurement |
| Albert Lieberum, Jr.* | Director of Pork Operations; VP Operations, Farmer John |
| Mark Ourada | Group VP, Food Service |
| Jim Sheehan | Senior VP and CFO (October 2016-Present); VP and Chief Accounting Officer (May 2016-October 2016); VP and Controller (May 2000-May 2016) |
| William Snyder* | Senior VP, Supply Chain (?-2013) |
| David Weber | VP of Foodservice Sales |

Although Hormel's conditional offer at first glance appears to add 15 custodians, Hormel notes that for 7 of the 8 former employees listed above, it believes there is *no custodial ESI remaining*.[3]  For these former employees, Hormel did state that if the "former employee's custodial documents are in the possession of another Document Custodian . . . it intends to collect and review such documents during discovery."

To properly evaluate this offer, Plaintiffs ask that Hormel:
1. For each conditionally proposed custodian, please list each role the individual held during the relevant period and the dates for each role;
2. Identify any predecessors or successors for each role during the Relevant Period and the dates the predecessor/successor held said role.[4]
3. Clarify whether Hormel will collect former employee's custodial documents, to the extent they exist, even if housed on a shared drive or in the files of a Hormel employee that is not a separately designated Document Custodian;[5] and
4. Confirm whether any former employees continued in a consulting role or otherwise for Hormel after leaving Hormel's employ such that responsive ESI may still exist.

---

[3] Former employees are indicated by an asterisk.  Hormel stated it did have ESI for Steven Binder because he left the company after the litigation hold for this case was put in place.
[4] With respect to the role of Director of Investor Relations in particular, Hormel has conditionally agreed to add as custodians the current Director of Investor Relations, Nathan Annis, as well as his predecessor Jana Haynes, who Plaintiffs understand held the role from October 2013 through May 2016.  Please identify the individual(s) who held the role from Jan. 1, 2008 through September 2013.
[5] Hormel's June 6 letter states that Hormel will collect and review such documents if they are in the possession of another "Document Custodian."

Page 4
August 2, 2019

<u>*Additional Custodians Proposed by Plaintiffs on May 15 Not Included Above:*</u>

As discussed during the parties' June 6 meet and confer, Plaintiffs carefully considered how, if at all, they could narrow their May 15 list of custodians.

In the spirit of compromise, assuming Hormel's conditionally proposed custodians and the custodians proposed by Plaintiffs below are included, Plaintiffs are willing to withdraw at this time their requests for the following 16 custodians: James Cavanaugh, Julie Craven, Michael Devine, Ronald Fielding,[6] Timothy Fritz, Roland Gentzler, Gary Jamison, Lori Maro, Steven Orcutt, Russell Potter, Robert Rowbal, Hilda Tolentino, and Natosha Walsh.

Plaintiffs request that the following individuals be added as custodians:
- Jeffrey Baker - Group VP, Deli; Group VP, Foodservice
  - Given his roles as VP in both the Deli and Foodservices division, it seems he would have relevant information similar to conditionally proposed custodians Craig Drefcinski (Director of Deli Sales), Mark Ourada (Group VP, Food Service), and David Weber (VP of Foodservice Sales).
- Deanna Brady - Group VP and President of Consumer Product Sales (October 2015-2018); Group VP, Food Service (October 2013-October 2015)
  - According to Hormel's website, "As group vice president for Hormel Foods and president of the consumer products sales group at Hormel Foods, Deanna Brady oversees a sales force of approximately 300 people that services all formats of retail customers nationwide, selling both shelf-stable grocery and refrigerated meat products."[7]
- Mark Coffey - Senior VP of Supply Chain and Manufacturing (March 2017-Present); VP, Supply Chain (February 2017-March 2017); VP, Affiliated Businesses (October 2011-February 2017)
  - During the June 6 meet and confer, Plaintiffs pointed out that Mr. Coffey held the same role as Bryan Farnsworth, who Hormel had included on its list of conditionally offered custodians. Hormel agreed to consider adding Mr. Coffey for his Supply Chain roles, but suggested his role as VP, Affiliated Businesses did not relate to Pork. Plaintiffs request Mr. Coffey be added as a custodian for his Supply Chain roles and Hormel consider whether his role as VP, Affiliated Business qualifies as a Pork-related role based on the description below.
- Glen Leitch - Executive VP, Supply Chain (December 2017-Present)
  - According to Hormel's website, "As executive vice president of supply chain, Glenn Leitch oversees the company's procurement, manufacturing, logistics, research and development, quality management, and plant operations for both Refrigerated Foods and Grocery Products."[8]

---

[6] Hormel's represented Mr. Fielding dealt with corporate, not business strategy, and retired in 2012 so likely has no relevant ESI remaining.

[7] *See*  https://www.hormelfoods.com/about/leadership/profile/deanna-brady/.

[8] *See* https://www.hormelfoods.com/about/leadership/profile/glenn-leitch/.

Page 5
August 2, 2019

- o   Based on the parties' meet and confer, Plaintiffs understand that Mr. Leitch's predecessor was the conditionally proposed custodian Bryan Farnsworth.
- Kurt Mueller - Vice President and Senior VP of Consumer Products Sales (?-January 2019); Senior VP of Business Planning, Consumer Products Sales
  - o   Based on Mr. Mueller's LinkedIn profile, Mr. Mueller appears to be an appropriate custodian: "Responsible for the sales of all perishable and non perishable products sold by Hormel Foods Corporation through their Consumer Products Sales LLC. Accountable for the sales on the west coast, southwest, Texas, Kroger (National), Safeway (National), Military, Drug, Club, Dollar and emerging business."[9]
- James (Jim) Snee - Chairman of the Board (November 2017-Present); Member of the Board of Directors (October 2015-Present); President and CEO (October 2016 - November 2017); President and COO (October 2015-October 2016); Group VP and President of Hormel Foods Int'l Corp. (October 2012-October 2015)
  - o   Mr. Snee held several pertinent, high-level roles over the relevant period, including that of CEO.  CEOs are routinely custodians in antitrust cases because as the leader of the company that often are directly involved in the conspiratorial conduct alleged (e.g., direct communications with CEOs at competing companies) or have unique knowledge related to company's pricing and supply decisions underlying the conspiracy and the person ultimately responsible for critical company decisions on these types of issues. *See In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2018 WL 1440923, at *3–4 (D. Kan. Mar. 15, 2018) (granting motion to compel to include former CEOs as custodians in antitrust action); *Oxbow Carbon & Minerals LLC v. Union Pac. R.R. Co.*, 322 F.R.D. 1, 8 (D.D.C. 2017) (holding it strains reason to suggest that the principal owner and CEO of a company, who has publicly commented on the importance and magnitude of litigation to which his company is a party and in which the financial health of his company is at issue . . . would have no unique information relevant to that litigation in his possession).
  - o   Mr. Snee was identified in Hormel's Limited Disclosures as a board member of the North American Meat Institute.
- Larry Vorpahl - Group VP and President of Hormel Foods Int'l Corp. (October 2015-2018); Group VP and President of Consumer Products Sales (October 2005-October 2015)
  - o   For the reasons discussed with respect to Ms. Brady, Plaintiffs believe Mr. Vorpahl possesses relevant information from his time as Group VP and President of Consumer Products Sales.  In his current role, Plaintiffs believe he may possess, among other things, relevant information related to Hormel's exports of Pork, which would directly affect the supply of Pork in the US.  If Mr. Vorpahl is not in charge of exports of Pork, please identify who is.[10]

---

[9] *See* https://www.linkedin.com/in/kurt-mueller-1a6a7011/.

[10] Plaintiffs similarly included as a proposed custodian Richard Bross, who served as President of Hormel Foods International Corporation immediately prior to Mr. Vorpahl and during the

Page 6
August 2, 2019

As indicated on our meet and confer, Plaintiffs are interested in custodians responsible for the pricing of Pork at Hormel.  Plaintiffs request that Hormel confirm that the individuals primarily responsible for developing any list pricing guidance documents (or other pricing guidance documents) relating to Retail, Grocery, and Foodservice have been included as custodians and that Hormel identify who they are. Plaintiffs also request that Hormel confirm that the individuals primarily responsible for developing any documents containing guidance relating to allowed deviations from Retail, Grocery, and Foodservice list pricing have been included as custodians and identify who they are. Examples of deviations from list pricing include discounts and rebates.

Plaintiffs request that Hormel investigate whether the following individuals and others with titles like theirs have had significant involvement in the development of pricing:

- Michael Gyarmaty (Director of Business Planning; VP Consumer Products Sales; Group Product Manager, Meat Products)
- Daniel Haertzog (Retired, Senior VP of Sales and Consumer Products Sales)
- Anthony Hoffman (Director of Business Planning; VP Consumer Products Sales)
- Brian Molhusen (Director of Retail Operations, Consumer Product Sales)
- Mark Morey (VP of Affiliated Businesses, Refrigerated Foods)
- Patrick Schwab (Senior VP of Sales for Consumer Products Sales Division; VP Hormel Foods sales)[11]
- Douglas Reetz (Senior VP of Sales and Consumer Products Sales (?-December 2012))
- PJ Connor (Senior VP of Sales, Consumer Products Sales Division)[12]

It is imperative that the parties are in agreement on what constitutes Pork for purposes of this negotiation, and this entire litigation.  For avoidance of doubt, Plaintiffs reiterate that they define Pork as "pig or swine meat sold or purchased fresh or frozen, smoked ham, sausage, and bacon." *See* All Plaintiffs' First Set of Requests for Production of Documents to the Pork Integrator Defendants, Definition No. 21.  So, for example, a can of Hormel chili containing pork along with various other ingredients would not be included in the definition, but Hormel Little Sizzlers sausage would be.

Although Hormel represented on the meet and confer that the proposed Grocery Products custodians[13] had no involvement with Pork, Plaintiffs ask that you re-evaluate that position and whether that is true keeping Plaintiffs' definition of Pork in mind.  For example, it is Plaintiffs' understanding that Hormel pork products such as SPAM are included in the Grocery Products segment.[14]

---

relevant Period.  If this role was responsible for Pork exports, then we ask that Mr. Bross likewise be included as a custodian.

[11] *See* https://www.hormelfoods.com/about/leadership/profile/pat-schwab/.

[12] According to Hormel's website, Mr. Connor is "responsible for all sales activities surrounding the Walmart business."  *See* https://www.hormelfoods.com/about/leadership/profile/pj-connor/.

[13] The Grocery Products custodians included: Louis Marconi, James Splinter, and Lisa Tibey. Plaintiffs further note that Hormel represented that Mr. Splinter as Group VP of Corporate Strategy he was in charge of corporate, not business strategy

[14] *See* https://www.hormelfoods.com/newsroom/press-releases/hormel-foods-announces-strategic-merger-grocery-products-specialty-foods-segments/.

Page 7
August 2, 2019

*Competitive Intelligence*
During the parties meet and confer, Hormel asked for clarity on what this meant. Plaintiffs explained that there are often roles or divisions within companies focused on tracking competitors and competitive conditions. Hormel said they were not aware of any such roles at the company, but agreed to inform Plaintiffs if it later came to their attention that such roles did exist so the parties could further meet and confer on the issue.

*Administrative Assistants*
Hormel raised concerns in its June 6 letter with discussing administrative assistants prior to agreement on custodians, among other things. Plaintiffs request Hormel identify any administrative assistants for agreed custodians and be prepared to discuss whether and how the custodian uses his/her administrative assistant. Only when Plaintiffs have this information can the parties properly assess whether it makes sense to include that particular administrative assistant as a custodian. As additional custodians are agreed upon, we ask that the parties do the same for those individuals' administrative assistants.[15]

**Non-Custodial Sources and Hormel's Responses and Objections to Plaintiffs' Requests for Production of Documents**

As suggested in Hormel's June 6 letter, Plaintiffs are amenable to wrapping additional discussion of Hormel's non-custodial sources into the parties' ongoing meet and confer discussions regarding Plaintiffs' RFPs.

Plaintiffs propose the parties meet and confer as soon as practicable next week on both the outstanding issues regarding Hormel's responses to the RFPs and custodians, with the understanding that certain custodial issues in particular may require additional investigation with the client that may need to be followed up on his a subsequently scheduled call.

Sincerely,

GUSTAFSON GLUEK PLLC

Michelle J. Looby

cc: All Class Plaintiff Co-Lead Counsel

---

[15] Plaintiffs identified certain administrative assistants in their May 15 letter. However, it is very likely other custodians likewise had administrative assistants that were not evident from the documents Hormel has produced to Plaintiffs to date.