# EXHIBIT 7



faegredrinker.com

**Craig S. Coleman**
Partner
craig.coleman@faegredrinker.com
+1 612 766 6981 direct

**Faegre Drinker Biddle & Reath** LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
+1 612 766 7000 main
+1 612 766 1600 fax

March 30, 2021

***VIA E-MAIL***

Joe Bourne
Lockridge Grindal Nauen P.L.L.P
Suite 2200
100 Washington Ave. South
Minneapolis, MN 55401

Re:     ***In re Pork Antitrust Litigation***, Case No. 18-cv-01776-JRT-HB (D. Minn.)
<u>Negotiations Regarding "Pork" Products</u>

Dear Joe:

This letter continues Hormel Foods' correspondence with Plaintiffs regarding the definition of "Pork" products at issue in this litigation and, specifically, the categories of products that will be excluded from Hormel Foods' production of structured data.

Hormel Foods believes that your March 26 email responding to Defendants' correspondence on this issue, including my March 19 letter to Shana regarding Hormel Foods products, provides a framework for agreement. I am confirming how Hormel Foods intends to apply that agreement to its products.

<u>First</u>, from your March 26 email, Hormel Foods understands that Plaintiffs agree that the products listed and described as "Byproducts" in my March 19 letter will be excluded.

<u>Second</u>, as to category you describe as "Franks" in your March 26 email, Hormel Foods understands the key distinction to be sausage that "include non-pork meat." As explained in my March 19 letter, Hormel Foods sells a variety of sausage products that mix pork and beef, including pepperoni, hot dogs, polish sausage, bologna, and salami. Accordingly, Hormel Foods intends to exclude those sausage products that mix proteins from its structured data production.

<u>Third</u>, your March 26 email agrees that "multi-ingredient products" may be excluded. As described previously, for Hormel, this includes canned goods such as Hormel Chili® and Spam®, in addition to prepared meals and packaged foods.

<u>Fourth</u>, during our meet-and-confer conversation on March 2, Hormel Foods noted that it does not intend to produce structured data related to sales by its affiliated or subsidiary companies. Plaintiffs have not objected to that position, and Hormel Foods does not believe there

Joe Bourne                                    - 2 -

is any dispute about it. To avoid any possible misunderstanding, Hormel Foods clarifies that such affiliated companies include: Applegate Farms, Burke Corporation, Fontanini Foods, Sadler's Smokehouse, Dan's Prize, Don Miguel Foods Corp., and Columbus Manufacturing.

<u>Finally</u>, I note that your March 26 email did not address the categories of cooked pork-meat products and unsmoked hams that I raised in my March 19 letter. As explained, these products do not fall within the definition of Pork products that Plaintiffs pleaded and have used throughout this litigation. Hormel Foods requests that Plaintiffs explain why these products (including, e.g., barbecue pulled pork or fire-roasted pork loins) remain part of the litigation.

While we believe this letter establishes the basis for an agreement that will allow Hormel Foods to prepare for production of structured data regarding these products, I remain available to discuss anything raised in this letter.


Very truly yours,

Craig S. Coleman

cc:     Plaintiffs' counsel of record (*via e-mail*)
        Richard A. Duncan (*via e-mail*)
        Emily E. Chow (*via e-mail*)