UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: PORK ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL CASES | Civil No. 18-CV-1776 (JRT/JFD)<br><br>MDL No. 2998<br><br>PRETRIAL ORDER NO. 1<br>PRETRIAL CASE MANAGEMENT AND<br>SCHEDULING ORDER |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings.

This schedule may be modified either upon formal motion or stipulation. Whether by formal motion or by stipulation, good cause for the modification must be shown. D. Minn. LR 16.3.1. Counsel must promptly notify the Court of developments in the case that could significantly affect the case management schedule. Except in extraordinary circumstances, a party must obtain a hearing date for a motion to amend this Scheduling Order before the deadline that they wish to amend expires. *See* D. Minn. LR 16.3(d).

This Order shall, unless superseded or modified by subsequent Order, govern all actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Transfer Order of June 9, 2021, as well as any "tag-along" actions transferred to this

1

Court by the Judicial Panel on Multidistrict Litigation pursuant to Rules 7.1 and 7.2 of the Rules of Procedures of that Panel, and all related actions originally filed in this Court or transferred or removed to this Court that become part of or consolidated with this multidistrict litigation.

I.   **PLEADINGS**

Current MDL DAPs[1] shall file a single consolidated complaint in this MDL within 30 days from entry of this Order. Defendants agree to accept service of process for the consolidated complaint by ECF or by email. Defendants will answer or otherwise respond to MDL DAPs' consolidated complaint within 30 days from the filing thereof. To this extent, and as set forth in this Order, Direct Action Plaintiffs' Motion to Set Deadline for Defendants to File Answers (Docket No. 1395) is **GRANTED in part** and **DENIED in part**.

Within 30 days from entry of this Order, the parties shall file a proposed order (1) governing the process by which any future MDL DAP shall join the consolidated complaint, including a proposed short-form complaint if appropriate, and (2) governing the process by which Defendants shall answer or otherwise respond to complaints filed by any future MDL DAPs (or by which their prior answer to the consolidated complaint shall apply to complaints filed by any future MDL DAPs).

---

[1] "Current MDL DAPs" refers to the Direct Action Plaintiffs in all cases that have been transferred to this Court as part of this MDL proceeding as of the date of this Order.

## II. DISCOVERY

Subject to the terms and provisions of the Amended Protective Order (Docket No. 1155), all discovery taken or received from Defendants and third-parties in this MDL proceeding may be used as if taken or received in the *Preexisting Non-MDL Pork Cases*, and vice versa.

The parties shall coordinate discovery with the *Preexisting Non-MDL Cases* and avoid unnecessary duplication and inefficiency. Magistrate Judge Docherty's Practice Pointers, which are periodically revised, are available on the United States District Court for the District of Minnesota's website. Those Practice Pointers contain useful information, including some variances from the Local Rules.

The deadline for the completion of fact discovery for all cases and parties—whether commenced[2] before or after entry of this Order—is October 31, 2022. This deadline includes but is not limited to completion of all discovery events the parties included in their proposed scheduling order: (1) Defendants to serve initial Rule 33 and Rule 34 Requests and to serve proposed search terms; (2) Defendants to provide the search terms Defendants have already used to search for responsive documents, and to produce documents and structured data already produced in the *Pre-Existing Non-MDL*

---

[2] For purposes of this Order a new MDL DAP case is "commenced" when it is either filed in this Court, or upon its effective transfer to this Court, which occurs, consistent with JPML Rule 2.1(d), when an order to transfer pursuant to 28 U.S.C. § 1407 issued by the JPML is filed with the clerk of this Court as the transferee district court.

*Cases*; (3) MDL DAPs to disclose keyword search tools and/or TAR/CAL tools; (4) MDL DAPS to serve any plaintiff-specific and new proposed search terms to Defendants;[3] (5) MDL DAPs to make Rule 26(a) disclosures and additional required disclosures;[4] (6) MDL DAPs to propose document custodians and non-custodial document sources; (7) MDL DAPs' objections and responses to initial Rule 33 and 34 requests; (8) parties to resolve any disputes over the keyword search terms, document and data sources, or search methodology the MDL DAPs and Defendants will use or to raise disputes with the Court; (9) commencement of rolling production of documents by MDL DAPs; (10) commencement of Defendants' rolling production of documents responsive to plaintiff-specific and new search terms; (11) substantial completion of structured-data productions by MDL DAPs, and by Defendants in response to additional structured data requests by MDL DAPs agreed to by Defendants or ordered by the Court; and (12) substantial completion of document productions by MDL DAPs and by Defendants in response to MDL DAPs' plaintiff-specific and new proposed search terms agreed to by

---

[3] Defendants reserved the right to argue that the search terms, scope of structured data, and other discovery limitations and discovery agreements from the *Preexisting Non-MDL Pork Cases* that were negotiated with the Classes, Commonwealth of Puerto Rico, and Direct Action Plaintiffs Winn-Dixie and Bi-Lo Holdings should be adopted in the MDL absent good cause to reopen those negotiations with respect to MDL DAPs. This Order does not assume that additional structured data requests or new proposed search terms will necessarily be deemed proportional to the needs of the case. (Minutes, Dec. 17, 2021, Docket No. 1074; IDR Tr., Dec. 22, 2021, Docket No. 1082.)

[4] The MDL DAPs shall provide the same disclosures required by the February 7, 2019 Order Regarding Disclosure of Information. (Order, Feb. 7, 2019, Docket 290.)

Defendants or ordered by the Court.[5] Because of the approaching deadline, parties are directed to notify the Court as soon as practicable if they anticipate that any part of discovery cannot be completed by this deadline in order to set a new deadline.

### A.     Interrogatories

All Plaintiffs, including MDL DAPs, may jointly serve 25 interrogatories on each Defendant family [6] In addition, each Plaintiff Class (DPPs, CIIPPs, and IIPs), and Direct Action Plaintiffs as a group, (including MDL DAPs and DAPs that filed prior to creation of the MDL) shall separately have 5 interrogatories they may serve on each Defendant family (i.e., DAPs collectively may serve 5 interrogatories in total on each Defendant family, in addition to 25 interrogatories by all Plaintiffs collectively on each Defendant family). Plaintiffs will coordinate efforts to avoid serving duplicative or unduly burdensome interrogatories.

Defendants may jointly serve 25 interrogatories on each MDL DAP family. Defendants will coordinate efforts to avoid serving duplicative or unduly burdensome interrogatories.

---

[5] The MDL DAPs in the MDL as of December 10, 2021, and Defendants agreed to certain search terms to be applied to Defendants' data, as described in the parties' Informal Dispute Resolution request and response (Docket Nos. 1022 and 1035). These MDL DAPs and Defendants also agreed to certain search terms to be applied to certain these MDL DAPs' data. The parties therefore agreed that production of documents based on search terms agreed to as of the date of this Order would be substantially complete by January 31, 2022. To the extent that this did not occur and still has not occurred, the parties are directed to notify the Court as soon as practicable in order to set a new deadline.

[6] A "defendant family" is defined in Appendix A, attached to the parties' Rule 26(f) Report. (Rule 26(f) Report at 5, 27, Dec. 11, 2020, Docket No. 569.)

### B. Rule 34 Document Requests

Consistent with Fed. R. Civ. P. 34, there shall be no limits on the number of requests for production the parties may serve, although the parties may propound only a reasonable and appropriate number of requests for production. The parties must serve requests for production at least 60 days prior to the close of fact discovery. Plaintiffs may jointly serve requests on each Defendant family. Defendants may jointly serve requests to produce on each MDL DAP family. The parties shall endeavor to avoid duplicative or unduly burdensome Document Requests.

### C. Requests for Admission

The parties will meet and confer in good faith to determine if a stipulation can be agreed to concerning various evidentiary issues addressed in the Federal Rules of Evidence ("FRE"), including authenticity (FRE 902 & 903), duplicates (FRE 1001(4) & 1003), the requirement for a sponsoring witness to establish authenticity or best evidence, and status of a document as a business record (FRE 803(6)). To assist the parties in resolving such evidentiary issues via stipulation rather than serving requests for admission, the parties should know that this Court presumes that a document is authentic if it was produced from a party's files, unless a party makes a showing of good cause to the contrary. For any documents for which the parties cannot agree upon a stipulation, a party may serve, without limitation, any necessary requests for admission to address any potential evidentiary objections.

With respect to non-evidentiary issues set forth in the paragraph above, Plaintiffs collectively, including the MDL DAPs, may jointly serve 75 requests for admission on each Defendant family.

The MDL DAPs shall coordinate efforts with the Plaintiffs in the *Preexisting Non-MDL Pork Cases* to avoid serving duplicative or unduly burdensome requests for admission. Defendants may jointly serve 75 requests for admission on each MDL DAP family.

**D.    Depositions**

Consistent with this Court's Pretrial Scheduling Order in the *Preexisting Non-MDL Pork Cases* (*see* Docket No. 658 at 6), the MDL DAPs and Plaintiffs in the *Preexisting Non-MDL Pork Cases* may collectively: (i) depose up to 10 percipient witnesses from each Defendant family pursuant to Federal Rule of Civil Procedure 30(b)(1); and (ii) notice one Rule 30(b)(6) deposition on each Defendant family. More depositions may be permitted by Court order if the MDL DAPs can demonstrate good cause to exceed that number.

Defendants collectively may take two depositions of each MDL DAP family. One of the two depositions may be a Rule 30(b)(6) deposition. More depositions may be permitted if the Defendants can demonstrate good cause to exceed that number.

All other provisions of the Pretrial Scheduling Order in the *Preexisting Non-MDL Pork Cases* pertaining to depositions of Plaintiffs and Defendants in those cases (*see* Docket No. 658 at 6–7) shall also apply to the parties in this MDL proceeding.

### E. Third Party Discovery

Absent good cause to the contrary, all third-party subpoenas must be served in sufficient time, taking into account the nature and volume of the material requested, to allow for resolution of reasonably anticipated disputes and production of the material requested no later than the deadline for the completion of all fact discovery. In no event shall third-party subpoenas be served less than 45 days prior to the deadline for completion of fact discovery.

Plaintiffs and Defendants agree to give each side notice, 3 business days in advance, of the issuance of a third-party subpoena and to exchange all third party productions within 14 days of receipt of the productions or at least 14 days before the deposition of the producing third party, whichever is earlier.

### F. Discovery In Future DAP Cases

A Direct Action Plaintiff who files on or after October 31, 2022 ("New DAP") will not be permitted to serve new discovery on Defendant(s) absent court order or agreement of the parties involved. Prior to filing a motion, such New DAP must (1) review the discovery that has already been taken and undertaken in the DAP and *Preexisting Non-MDL Pork Cases*, (2) provide Defendant(s) with a draft of the additional discovery it wishes to serve, and (3) meet and confer with Defendant(s) to discuss whether and to what extent additional discovery is needed, taking into consideration the proportionality factors of Fed. R. Civ. P. 26(b). If the parties do not resolve the dispute, the onus will be

on the New DAP to promptly bring a motion seeking leave to serve new discovery on Defendant(s).

### III. NON-DISPOSITIVE MOTIONS

When possible, the parties should bring discovery disputes to the Court using the Court's process for informal dispute resolution (IDR). One or both parties can contact the Court via phone or email to set a prompt (usually within 2-3 business days) telephone conference to discuss the issues. Two days before the hearing, the parties shall email (not file) the Court either a joint letter setting forth their respective positions or separate letters. If the parties submit separate letters, they must serve a copy on the opposing side unless they have received prior permission from the Court to submit the letters ex parte. Letters should be concise (not more than two or three single-spaced pages) and focus on narrowing the issue in dispute as much as possible. Both sides must agree to use the informal process to resolve discovery disputes. If either side objects to using this process, a formal motion must be filed.

If formal non-dispositive motions are filed, they must comply with the Electronic Case Filing Procedures for the District of Minnesota, with Local Rules 7.1 and 37.1. Judge Docherty prefers not to receive courtesy copies, unless the motions contain or refer to documents that are not filed on ECF, in which case those documents should be emailed to Docherty_chambers@mnd.uscourts.gov. All non-dispositive motions shall be scheduled for hearing by calling the Judicial Assistant to Magistrate Judge Docherty, at

651-848-1180, prior to filing, except when all parties are in agreement that no hearing is required. Such an agreement shall be expressly set forth in the notice of motion. Counsel are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission to do so.

A "meet and confer" requirement applies to both IDR and formal motion practice. Parties must attempt to confer through personal contact (in person, by telephone, or by video conference), rather than solely through written correspondence or email. Whether parties raise non-dispositive disputes informally or through traditional motions, the parties must engage in a focused meet and confer process in a sincere effort to resolve or narrow the disagreement.

1. All non-dispositive motions and supporting documents, other than those seeking to amend or supplement the pleadings or relating to expert discovery, must be filed and served on or before October 31, 2022. This includes motions relating to fact discovery and motions to amend this Scheduling Order.

2. All non-dispositive motions and supporting documents that relate to discovery pertaining to class certification experts must be filed as soon as possible after a good faith attempt to resolve the dispute through meet and confer efforts. All non-dispositive motions and supporting documents that relate to discovery pertaining to trial experts must be filed and served on or before the deadline for completion of expert discovery.

**IV.    DEADLINES FOR EXPERT DISCOVERY AND SUMMARY JUDGMENT MOTIONS**

The parties shall meet and confer and present to the Court at the next case management conference a proposed schedule for trial expert disclosures and discovery, and for summary judgment motions.

**V.     CASE MANAGEMENT CONFERENCE**

United States District Judge John R. Tunheim and Magistrate Judge John F. Docherty will hold a Case Management Conference on October 17, 2022, at 10:00 A.M., U.S. Central Time, in Courtroom 14E of the Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. The parties shall prepare a submission to the Court to be filed no later than October 13, 2022, which addresses the following issues:

1. An overview of the procedural status of all actual and potential cases that have been or are anticipated to be transferred to or filed in this district for coordination with this MDL;

2. An overview of the status of discovery in all related cases to date;

3. An overview of the status of any motions, orders, or other events of import in all related cases to date;

4. The status of any related state-court litigation, if any, to date;

5. A description of any settlement efforts to date;

6. A proposed agenda for the Case Management Conference;

7. A list of all counsel of record for each Plaintiff, Class, Defendant, or group of parties sharing common representation, including any monikers used to identify particular groups of parties, if any;

8. A proposed leadership structure for Class Plaintiffs' counsel, Direct Action Plaintiffs' counsel, and Defendants' counsel. The proposed leadership structure

11

should propose a slate of individuals to lead each group, as well as a steering committee for the litigation as a whole and liaison counsel for coordination with the Court. Recommendations to the Court shall be accompanied by each nominee's resume or curriculum vitae, educational background, licensing status, a description of relevant experience, a brief overview of the resources the counsel has available to contribute to the litigation; and a certificate of good standing from the highest court from the individuals' jurisdiction. These recommendations should not be filed with the Clerk of Court, but instead should be submitted to the Court via email. Certificates of good standing need not be submitted by October 13, 2022, but must be submitted as soon as practicable thereafter;

9. A proposal for harmonizing the pretrial schedules governing the DAPs and the other Plaintiff groups; and

10. A schedule of status conferences to be conducted approximately every 30 days via ZoomGov for the remainder for the 2022 calendar year and 2023 calendar year, notwithstanding the parties' ability to ask that any given status conference be cancelled or postponed closer to that date.

Dated: October 4, 2022  
at Minneapolis, Minnesota

_____John H. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge