# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

*IN RE PORK ANTITRUST LITIGATION*

This Document Relates To:

ALL ACTIONS

Case No. 0:18-cv-01776-JRT-JFD

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT FOR OCTOBER 17, 2022 CASE MANAGEMENT CONFERENCE**

Counsel for Direct Purchaser Plaintiffs, Consumer Indirect Purchaser Plaintiffs, and Commercial and Institutional Indirect Purchaser Plaintiffs, the Commonwealth of Puerto Rico, and the Direct Action Plaintiffs (collectively, "Plaintiffs") and Defendants (collectively, the "Parties"), in the above-captioned consolidated action submit the following status report in response to Pretrial Order No. 1: Pretrial Case Management and Scheduling Order (ECF No. 1525).

1.  **An overview of the procedural status of all actual and potential cases that have been or are anticipated to be transferred to or filed in this district for coordination with this MDL.**

There are 30 cases filed by Direct Action Plaintiffs that have been centralized for pretrial proceedings in this MDL.  *See* Exhibit 1, attached.  The parties are not aware at this time of any potential cases that have not yet been filed, but that may be centralized in this MDL at some future date.

2.  **An overview of the status of discovery in all related cases to date.**

The Parties have coordinated discovery in this MDL.

Document Production. Almost all parties have substantially completed their production of documents. A few DAPs are still completing document production and expect to complete that process in the next few weeks (or in January or February for those DAPs that filed most recently).

Interrogatories. The Parties have previously objected and/or responded to certain interrogatories. The Parties have served additional interrogatories, for which the objections and/or responses are due on October 31, 2022. The Parties state that the remaining interrogatories are generally contention interrogatories, and the Parties are

discussing a stipulation about answering these a certain amount of time after all depositions have concluded.  The Parties are also addressing the number of interrogatories served by DAPs with respect to the numerical limit provided in Pretrial Order No. 1.

Requests for Admission. Plaintiffs have not responded to the requests for admission served upon them; Plaintiffs' responses are currently due on October 31, 2022. Plaintiffs have not served any requests for admission on Defendants at this time, except that DAPs served one of the Defendants with requests for admission on September 30, 2022.

Depositions: The Parties have completed the substantial majority of the depositions they intend to take in this action.

Plaintiffs have completed 64 Rule 30(b)(1) depositions of Defendants. Another 19 are scheduled (or are in the process of being scheduled) by the close of fact discovery on October 31, 2022. The parties have agreed to take the following previously noticed depositions of Defendants as listed below in November, to accommodate the schedules of the witnesses and counsel:

1. 30(b)(6) Deposition of Smithfield

2. The remainder of the 30(b)(6) Deposition of Hormel

3. 30(b)(1) Deposition of Roel Andriessen of Tyson

4. 30(b)(1) Deposition of Jay Krehbiel of Tyson

5. 30(b)(6) Deposition of Tyson

6. 30(b)(1) Deposition of George Wean of Clemens

Depositions of the Direct Purchaser Plaintiffs ("DPPs") have concluded. Depositions of Consumer Indirect Purchaser Plaintiffs ("CIPPs") have concluded. Depositions of Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs") have concluded, with the exception of one CIIPP that may still be deposed.

Defendants have expressed their intent to depose The Commonwealth of Puerto Rico pursuant to Rule 30(b)(6), and Defendants and Puerto Rico are in the process of scheduling that deposition which is expected to take place in November.

Defendants began noticing depositions of DAPs between June and October of 2022. The depositions of some DAPs will be complete by the October 31, 2022 fact discovery deadline. The Parties have agreed to take the following previously noticed depositions of 20 DAPs listed below in November (or a short while later for DAPs that filed most recently) to accommodate the schedules of the witnesses and counsel and to allow Defendants sufficient time to review documents produced by DAPs, some of which have not yet completed their document production:

1. Conagra

2. Winn-Dixie/Bi-Lo Holdings

3. Save Mart

4. Howard B. Samuels as Trustee for Central Grocers

5. Albertsons

6. Aldi

7. UNFI

8. Compass

9. Target Corporation

10. Cheney Brothers

11. Giant Eagle

12. Kraft

13. US Foods

14. Aramark

15. Quality Supply Co.

16. Meijer

17. Wakefern

18. Hy-Vee

19. Nestle Purina PetCare

20. Gordon Foods

Defendants also plan to take the depositions of the following DAPs, and

Defendants plan to discuss the scheduling of these DAP depositions with their counsel

next week:

1. Publix,

2. Raleys,

3. Dollar General, and

4. Associated Grocers of the South

In light of the ongoing document production by some of the DAPs, including some

that have not yet started their document production, the precise number of DAP

depositions that will need to occur after October 31 has not yet been fully determined.

DAPs have agreed to cooperate with Defendants to schedule additional depositions in November and possibly December (or a short while later for DAPs that filed most recently) as their document productions are completed.

3. **An overview of the status of any motions, orders, or other events of import in all related cases to date.**

The Court denied in part and granted in part Defendants' motion to dismiss the operative complaints filed by DPPs, CIPPs, CIIPPs (collectively, the "Class Plaintiffs"); Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC; and the Commonwealth of Puerto on October 20, 2020. ECF No. 520.  In that order, the Court dismissed those Plaintiffs' claims against Indiana Packers Corporation and dismissed certain state antitrust, consumer-protection, and unjust enrichment claims.  It also held that those Plaintiffs failed to sufficiently allege acts of fraudulent concealment, but that Plaintiffs sufficiently pled a continuing violation to state plausible Sherman Act claims.

The Class Plaintiffs each filed a motion for class certification. ECF Nos. 1318, 1334, and 1340. The Defendants filed their opposition. ECF Nos. 1473, 1460, 1445, and 1441. Class Plaintiffs' replies are due on November 18, 2022. Class Plaintiffs and Defendants submitted a joint letter brief to the Court regarding the hearing on Plaintiffs' class certification motions. ECF No. 1511. If Plaintiffs' proposal is adopted the due date for their opposition to Defendants' *Daubert* motions and rebuttal expert reports would move from November 18, 2022 to November 1, 2022.[1]  The parties request a ruling on

---

[1] In the event the Court adopts this proposed schedule, Plaintiffs have requested that Defendants' class certification experts, Dr. Haider and Dr. Mintert, be made available for

the class certification hearing date as soon as practicable to provide clarity to the class

certification briefing schedule and related deadlines.

On September 8, 2022, the parties submitted a Stipulation Amending the Pretrial

Scheduling Order (Doc. No. 1486) to extend the non-dispositive motion deadline to

November 14, 2022, or 14 days after the close of fact discovery—whichever is later.  The

Court entered this Order on September 9, 2022. (Doc. No. 1488).

On September 20, 2022, Certain DAPs filed a Motion to Compel Sales Data from

Certain Defendants (Doc. Nos. 1493-1501). This motion was heard by the Court on

October 5, 2022 and taken under advisement. (Doc. No. 1526).

Plaintiffs are filing a motion requesting the Court issue a letter rogatory to

facilitate the deposition of Sumio Matsumoto, a Tyson employee presently located in

Canada, which will be heard on November 16, 2022, at 2:30 P.M. ECF No. 1520 (notice

of hearing).

Several defendants have raised Rule 11 compliance issues with certain allegations

made in DAPs' prior complaints.  Defendants are hopeful that the DAPs' consolidated

amended complaint, now required to be filed on November 3, 2022 (Doc. 1525), will

address the issues raised and render Defendants' Rule 11 concerns moot.  To the extent

these issues are not resolved with the consolidated amended complaint, Defendants will

bring them to the attention of the Court through an amended Rule 11 motion, or

---

deposition prior to November 1, 2022. Defendants have stated that Dr. Mintert is
unavailable in October due to prior professional commitments.

alternatively, may ask that those allegations be addressed through an early motion for partial summary judgment.

DAPs believe Defendants' Rule 11 concerns are baseless and question the inclusion of the above paragraph, given that no Defendant has filed any such motion with the Court.

Given the time required to harmonize the allegations in DAPs complaints and the large number of depositions that remain to be taken in the MDL over the next month, DAPs intend to ask the Court for a thirty-day extension of the deadline to file their master consolidated complaint.  Under DAPs' proposal, the consolidated master complaint would be due by December 3, 2022 and Defendants would have until January 12, 2023 to answer or otherwise respond to that complaint.  [Defendants have not yet taken a position on DAPs' request for an extension.]

**4.  The status of any state-court litigation, if any, to date.**

The New Mexico Attorney General filed litigation in June 2021, asserting similar theories to those in the above-captioned matter, and alleging violations of New Mexico's antitrust, consumer protection, and unjust enrichment laws.  Defendants have answered the complaint and the Parties have negotiated a Protective Order and will begin document discovery in due course.

The Alaska Attorney General filed litigation in September 2021, similarly premised on the same allegations in the above-captioned matter, and alleging violations of Alaska's antitrust, consumer protection, and unjust enrichment laws.  Certain Defendants have answered the complaint, and certain others have appealed denials of

motions to dismiss based on personal jurisdiction. The State and Defendants that have answered are currently negotiating a pre-trial schedule.

**5. A description of any settlement efforts to date.**

The Class Plaintiffs have each settled with Defendants JBS and Smithfield on a class-wide basis. Their claims remain ongoing against the remaining Defendants. The Class Plaintiffs respectfully submit that they do not believe it would be permissible, appropriate, or beneficial to reaching further settlements to identify any additional settlement negotiations (if any) that have not yet resulted in a settlement agreement. Settlements between DAPs and Defendants typically involve strict confidentiality. However, certain DAPs have resolved their claims against Defendant JBS.

The Parties do not believe the Court's assistance with respect to any settlement or alternative dispute resolution efforts is needed at this time.

**6. A proposed agenda for the Case Management Conference.**

The Parties propose that the following topics be discussed at the upcoming Case Management Conference, subject to the Court's discretion:

A. Overview of the procedural status of all actions;

B. Overview of status of discovery in all related cases;

C. Overview of status of any motions, orders, or other events of import in all related cases;

D. Status of any state court litigation;

E. Description of settlement efforts;

F. Proposed leadership structure;

G.  Proposal for harmonizing pretrial schedules governing DAPs and other cases;

H.  Timing of discovery concerning authentication and admissibility;

I.  Timing of the Court's hearing regarding class certification and related *Daubert* motions (*see* ECF No. 1511);

J.  Discussion of a schedule for expert discovery and summary judgment briefing;[2] and

K.  Forthcoming consolidated DAP complaint.

**7.  A list of all counsel of record for each Plaintiff, Class, Defendant, or group of parties sharing common representation, including any monikers used to identify particular groups of parties, if any.**

Lists of counsel of record for DPPs, CIPPs, CIIPPs, DAPs and Defendants are attached as Exhibits A-F.

**8.  A proposed leadership structure for Class Plaintiffs' counsel, Direct Action Plaintiffs' counsel, and Defendants' counsel.**

The parties are submitting their proposals to the Court by email pursuant to the Court's instruction. The Class Plaintiffs note that appointment of a steering committee that includes liaison counsel for the other parties (Puerto Rico, the DAPs, and Defendants) need not, and should not, alter the Court's previous appointment of co-lead counsel for DPPs, CIPPs, and CIIPPs. *See* ECF Nos. 149, 150, 151. Class Plaintiffs request that the Court reaffirm the appointment of the following firms as co-lead counsel

---

[2] Plaintiffs believe this is an appropriate topic for discussion at this case management conferences. Defendants understood that this would be addressed at the November status conference.

for each class: DPPs (Lockridge Grindal Nauen P.L.L.P. and Pearson, Simon & Warshaw, LLP); CIPPs (Hagens Berman Sobol Shapiro LLP and Gustafson Gluek PLLC); and CIIPPs (Cuneo Gilbert & LaDuca, LLP and Larson King, LLP).

DAPs' Position: DAPs each present an individual direct action and not a class action. Each DAP lawyer represents those direct action plaintiffs on whose behalf the DAP lawyer filed the Complaint. A given DAP lawyer does not represent, and ethically cannot represent, a direct action plaintiff that has not retained that DAP lawyer for this case. This does not foreclose coordination among DAP lawyers who represent different direct action plaintiffs. Class counsel do not and cannot represent direct action plaintiffs, as class counsel represent a different client, *i.e.*, the class, and owe a fiduciary duty to the class, and not to a given direct action plaintiff that has engaged its own counsel and filed its own Complaint (and this demonstrates its intention not to participate in the class).

DAPs respectfully suggest that the leadership structure of this MDL align with the fiduciary duties of the parties' counsel.

Accordingly, DAPs suggest that the Court appoint a single law firm as DAP Liaison Counsel, charged with the responsibility for coordinating, as necessary, with counsel for other parties in the MDL with respect to issues that involve all DAPs. This is the framework used in a great many MDL antitrust cases. *E.g., Generics*, MDL 2724 (Rufe, J., E.D. Penn.); *Packaged Seafood*, MDL 2670 (Sabraw, J., S.D. Cal.); *Cathode Ray Tube*, MDL 1917 (Tigar, J., N.D. Cal.); *Interchange*, MDL 1720 (Gleeson, J., E.D.N.Y.); *Processed Eggs*, MDL 2002 (Pratter, J., E.D. Penn.).

The parties' counsel would take up DAP-specific issues with the lawyers representing a given DAP.

The DAPs' Liaison Counsel would coordinate with counsel for the Class Plaintiffs and the Defendants with respect to those issues that pertain to the overall MDL. Depending upon the nature of the issue presented, other DAP counsel may participate in such discussions because DAPs' Liaison Counsel can speak for other DAPs for administrative purposes, but he/she cannot bind direct action plaintiffs whom he/she does not represent.

DAPs have reached agreement on a proposed liaison counsel for DAPs. Pursuant to the Court's Order, DAPs will email their proposed choice for liaison counsel to the Court.  Given the relatively small number of DAP law firms, which have previously worked together in other matters, DAPs believe that this leadership structure would be sufficient and that a steering committee with additional DAP lawyers is unnecessary.

Defendants' Position:  Similar to DAPs, Defendants agree that counsel for the Parties have been working together efficiently and coordinating with the Court seamlessly without a group leader, steering committee, or liaison counsel, in part because of the small number of Defendants.  In addition, a lawyer for one Defendant cannot represent another Defendant or make agreements on another Defendant's behalf.  To the extent the Court nevertheless believes that a single liaison counsel for coordinating with the Court would assist the Court, Defendants can select a proposed liaison counsel and propose that counsel to the Court.

9. **A proposal for harmonizing the pretrial schedules governing the DAPs and the other Plaintiff groups.**

The Parties have been on the same schedule for discovery. *See* ECF No. 658.

Certain issues are unique to certain Plaintiffs or groups of Plaintiffs. For instance, DAPs and Puerto Rico are not seeking class certification, and the Puerto Rico complaint has already been subject to a motion to dismiss and answered, such that consolidation of its complaint with those of DAPs is not warranted. And as the Court has already ordered, DAPs are required to file a consolidated complaint on November 3, 2022, which Defendants are required to answer on December 5, 2022. *See* ECF No. 1525.

**Defendants' Position:** With respect to schedules for expert discovery and summary judgment briefing, the parties will meet and confer and be prepared to discuss a joint or competing proposals "at the case management conference following the one set on Monday, 10/17," pursuant to an email from the Courtroom Deputy confirming that this issue would not be on the agenda for the October 17 conference.  The schedule proposed by Plaintiffs below presents a number of issues that need further consideration; for example, a) the appropriate timing for the commencement of expert discovery, and b) why expert reports can seemingly only be submitted by the party with the burden of persuasion when Defendants might file affirmative, non-rebuttal reports on issues for which Plaintiffs bear the burden of persuasion.  Defendants are differently situated, and have been working among themselves to present a unified counterproposal in response to an initial proposal by DAPs from August 4, 2022, followed by a revised proposal sent September 28, 2022, in which Class Plaintiffs have since joined.  Defendants expect to

present and discuss with Plaintiffs a single competing proposal in advance of the November conference, and are hopeful the parties will be able to stipulate to a schedule without Court intervention.

**Plaintiffs' Position:** Plaintiffs believe that the Court should schedule expert discovery deadlines and *Daubert*/summary judgment briefing deadlines for all Plaintiffs now to conclude by the end of 2023.

To the extent that the Court intends to require the Parties to complete expert discovery in 2023 (as all Plaintiffs propose), it would be helpful to know what deadlines will apply in the near term, so that the Parties can begin working to reach them.[3] Accordingly, the Plaintiffs propose the following schedule, which would allow all Parties to complete discovery and brief dispositive motions on a harmonized schedule:

Merits Expert Discovery: Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A), the full disclosures required by Rule 26(a)(2)(B) (including the written report prepared and signed by each expert witness), and the full disclosures required by Rule 26(a)(2)(C), must be made as follows:

---

[3] Plaintiffs understand that the Court does not intend to *require* the Parties to confer on expert discovery and summary judgment deadlines prior to the October Status Conference, but did not understand the email from the Courtroom Deputy to "confirm[] that this issue would not be on the agenda" as Defendants suggest. Defendants have had more than two months to consider an invitation from DAPs to discuss expert discovery deadlines that would apply following the close of fact discovery, but have (to this point) declined to meet and confer on this topic. Indeed, on August 4, 2022, DAPs proposed a schedule for Rule 26 expert disclosures to Defendants. Defendants declined to discuss this issue with DAPs at that time.  On September 28, 2022, DAPs made a second scheduling proposal to Defendants that would govern expert disclosures, which the Class Plaintiffs supported. (That second proposal is included in this submission.) Despite these repeated requests by DAPs to discuss this topic, Defendants have yet to take any position

- Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures must be made for any expert who may testify at trial regarding issues on which the party bears the burden of persuasion no later than 180 days after the fact discovery deadline.

- Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures must be made for any expert who may testify at trial in rebuttal to any initial expert no later than 70 days after service of the initial expert report.

- Expert reports from previously disclosed experts replying in further support of their initial reports must be made no later than 45 days after service of the opposition's rebuttal report

- Expert discovery, including depositions, may be conducted after service of an expert's initial report, but not after an expert's reply report. All expert depositions must be completed no later than 275 days after the close of fact discovery.

<u>Dispositive Motions</u>: Summary judgment and Daubert motions shall be filed on the following schedule:

- Motions for summary judgment/Daubert due by September 8, 2023

- Responses in opposition due by November 9, 2023

- Replies in support due by December 15, 2023

**10. A schedule of status conferences to be conducted approximately every 30 days via ZoomGov for the remainder of the 2022 calendar year and the 2023 calendar year, notwithstanding the parties' ability to ask that any given status conference be cancelled or postponed closer to that date.**

The parties propose that status conferences be scheduled for the following dates:

---

on DAPs' proposal.

Tuesday, November 15, 2022

Thursday, December 15, 2022

Monday, January 16, 2023

Wednesday, February 15, 2023

Wednesday, March 15, 2023

Monday, April 17, 2023

Monday, May 15, 2023

Thursday, June 15, 2023

Monday, July 17, 2023

Tuesday, August 15, 2023

Friday, September 15, 2023

Monday, October 16, 2023

Wednesday, November 15, 2023

Friday, December 15, 2023

DATED: October 13, 2022

*/s/ Bobby Pouya*
Bobby Pouya
Clifford H. Pearson
Daniel L. Warshaw
Michael H. Pearson
PEARSON SIMON & WARSHAW, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 92403
T: (818) 788-8300
cpearson@pswlaw.com
dwarshaw@pswlaw.com
bpouya@pswlaw.com
mpearson@pswlaw.com

Melissa S. Weiner (MN #0387900)
PEARSON, SIMON & WARSHAW, LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
T: (612) 389-0600
mweiner@pswlaw.com

Bruce L. Simon
Benjamin E. Shiftan
Neil Swartzberg
PEARSON, SIMON & WARSHAW, LLP
350 Sansome Street, Suite 680
San Francisco, CA 94104
T: (415) 433-9000
F: (415) 433-9008
bsimon@pswlaw.com
bshiftan@pswlaw.com
nswartzberg@pswlaw.com

Respectfully submitted,

*/s/ Joseph C. Bourne*
Joseph C. Bourne (MN #0389922)
W. Joseph Bruckner (MN #0147758)
Brian D. Clark (MN #0390069)
Arielle S. Wagner (MN #0398332)
Craig S. Davis (MN #0148192)
Simeon A. Morbey (MN #0391338)
Stephen M. Owen (MN # 0399370)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
T: (612) 339-6900
jcbourne@locklaw.com
wjbruckner@locklaw.com
bdclark@locklaw.com
aswagner@locklaw.com
csdavis@locklaw.com
samorbey@locklaw.com
smowen@locklaw.com

**Co-Lead Class Counsel for Direct Purchaser Plaintiffs**

/s/ Shana E. Scarlett
Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
T: (510) 725-3000
shanas@hbsslaw.com

Steve. W. Berman
Breanna Van Engelen
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Avenue, Suite 2000
Seattle, WA 98101
T: (206) 623-7292
steve@hbsslaw.com
breannav@hbsslaw.com

/s/ Daniel E. Gustafson
Daniel E. Gustafson (#202241)
Daniel C. Hedlund (#258337)
Michelle J. Looby (#388166)
Joshua J. Rissman (#391500)
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
T: (612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com

**Co-Lead Counsel for Consumer Indirect
Purchaser Plaintiffs**

/s/ Shawn M. Raiter
Shawn M. Raiter (MN# 240424)
LARSON • KING, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
T: (651) 312-6518
sraiter@larsonking.com

/s/ Blaine Finley
Jonathan W. Cuneo
Joel Davidow
Blaine Finley
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
T: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
bfinley@cuneolaw.co

**Co-Lead Counsel for Commercial and
Institutional Indirect Purchaser Plaintiffs**

*/s/ Kyle G. Bates*
Kyle G. Bates
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
T: (415) 633-1908
kbates@hausfled.com

Peter B. Schneider
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
3700 Buffalo Speedway, Suite 300
Houston, Texas 77098
T: (713) 338-2560
F: (415)421-7105
pschneider@schneiderwallace.com

Todd M. Schneider
Matthew S. Weiler
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
2000 Powell St., Suite 1400
Emeryville, California 94608
T: (415) 421-7100
tschneider@schneiderwallace.com
mweiler@schneiderwallace.com

Garrett W. Wotkyns
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
8501 N. Scottsdale Road, Suite 270
Scottsdale, Arizona 85253
T: (480) 428-0145
gwotkyns@schneiderwallace.com

Domingo Emanuelli-Hernández
Attorney General
Guarionex Díaz Martínez
Assistant Attorney General
Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
T: (787) 721-2900, ext. 2600, 2601
F: (787) 721-3223
gdiaz@justicia.pr.gov

*Counsel for the Commonwealth of Puerto Rico*

*/s/ Robert N. Kaplan*
Robert N. Kaplan
Matthew P. McCahill
Jason A. Uris
KAPLAN FOX & KILSHEIMER, LLP
850 Third Avenue, 14th Floor
New York, New York 10022
T: (212) 687-1980
rkaplan@kaplanfox.com
mmccahill@kaplanfox.com
juris@kaplanfox.com

*/s/ Eric R. Lifvendahl*
Eric R. Lifvendahl
Ryan F. Manion
L&G LAW GROUP, LLP
175 W. Jackson Blvd., Suite 950
Chicago, Illinois 60604
T: (312) 364-2500
elifvendahl@lgcounsel.com
rmanion@lgcounsel.com

/s/ Richard L. Coffman
Richard L. Coffman
THE COFFMAN LAW FIRM
3355 W. Alabama St., Suite 240
Houston, Texas 77098
T: (713) 528-6700
rcoffman@coffmanlawfirm.com

/s/ Bernard D. Marcus
Bernard D. Marcus
Moira Cain-Mannix
Brian C. Hill
Rachel A. Beckman
MARCUS & SHAPIRA LLP
One Oxford Center, 35th Floor
Pittsburgh, Pennsylvania 15219
T: (412) 471-3490
marcus@marcus-shapira.com
cain-mannix@marcus-shapira.com
hill@marcus-shapira.com
beckman@marcus-shapira.com

***Counsel for MDL DAPs Action Meat
Distributors, Inc., Topco Associates, LLC,
Alex Lee, Inc./Merchants Distributors, LLC,
Associated Food Stores, Inc., Brookshire
Grocery Company, Colorado Boxed Beef Co.,
Certco, Inc., The Golub Corporation,
Nicholas & Co., PFD Enterprises, Inc.,
SpartanNash Company, Springfield Grocer
Company, The Distribution Group d/b/a Van
Eerden Foodservice Co., Troyer Foods, Inc.,
URM Stores, Inc., and Giant Eagle, Inc.***

*/s/ David C. Eddy*
David C. Eddy
Dennis J. Lynch
Travis C. Wheeler
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Columbia, South Carolina 29201
T: (803) 771-8900
deddy@nexsenpruet.com
dlynch@nexsenpruet.com
twheeler@nexsenpruet.com

***Counsel for MDL DAPs Conagra Brands,
Inc., Nestlé USA, Inc.; Nestlé Purina PetCare
Co.; Compass Group USA, Inc.; and Howard
B. Samuels, solely as Chapter 7 Trustee of the
estate of Central Grocers, Inc.***

*/s/ David B. Esau*
**CARLTON FIELDS, P.A.**
David B. Esau
Email: desau@carltonfields.com
Kristin A. Gore
Email: kgore@carltonfields.com
Garth T. Yearick
Email: gyearick@carltonfields.com
Amanda R. Jesteadt
Email: ajesteadt@carltonfields.com
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida 33401
Tel: (561) 659-7070
Fax: (561) 659-7368

Roger S. Kobert
Email: rkobert@carltonfields.com
405 Lexington Avenue, 36th Floor
New York, New York 10174-3699
Tel: (212) 785-2577
Fax: (212) 785-5203

Aaron A. Holman
Email:  aholman@carltonfields.com
Chelsey J. Clements
Email:  cclements@carltonfields.com
200 S. Orange Avenue, Suite 1000
Orlando, Florida 32801
Tel: (407) 849-0300
Fax: (407) 648-9099

**CARLTON FIELDS, LLP**
Scott L. Menger
Email: smenger@carltonfields.com
2029 Century Park East, Suite 1200
Los Angeles, California 90067
Tel: (310) 843-6300
Fax: (301) 843-6301

***Counsel for Cheney Brothers, Inc.; Subway
Protein Litigation Corp., as Litigation Trustee
of the Subway® Protein Litigation Trust;
Buffalo Wild Wings, Inc.; Jimmy John's
Buying Group SPV, LLC; Sonic Industries
Services Inc.; CKE Restaurants Holdings,
Inc.; Wawa, Inc.; and Restaurant Services,
Inc.***

20

*/s/ Scott E. Gant*
Scott E. Gant
Michael S. Mitchell
Sarah L. Jones
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW
Washington, DC 20005
T: 202-237-2727
sgant@bsfllp.com
mmitchell@bsfllp.com
sjones@bsfllp.com

Colleen Harrison
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
T: 914-749-8204
charrison@bsfllp.com

**Counsel for MDL DAPs Sysco Corporation and Amory Investments LLC**

/s/ *Patrick J. Ahern*
Patrick J. Ahern
Theodore B. Bell
AHERN & ASSOCIATES, P.C.
Willoughby Tower
8 South Michigan Avenue, Suite 3600
Chicago, Illinois 60603
T: (312) 404-3760
patrick.ahern@ahernandassociatespc.com
theo.bell@ahernandassociatespc.com

**Counsel for Plaintiffs Winn-Dixie Stores,
Inc.; Bi-Lo Holdings, LLC; and Kraft Heinz
Foods Company**

/s/ *Philip J. Iovieno*
Philip J. Iovieno
Nicholas A. Gravante, Jr.
Lawrence S. Brandman
Jack G. Stern
Gillian Groarke Burns
Mark A. Singer
Elizabeth R. Moore
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, NY 10281
T: (212) 504-6000
philip.iovieno@cwt.com
nicholas.gravante@cwt.com
lawrence.brandman@cwt.com
jack.stern@cwt.com
gillian.burns@cwt.com
mark.singer@cwt.com
elizabeth.moore@cwt.com

**Counsel for MDL DAPs Jetro Holdings, LLC
and BJ's Wholesale Club, Inc. and Co-
Counsel for Plaintiffs Kraft Heinz Foods
Company; Winn-Dixie Stores, Inc.; and Bi-
Lo Holdings, LLC**

By: /s/ *David P. Germaine*
Paul E. Slater
Joseph M. Vanek
David P. Germaine
Phillip F. Cramer
Alberto Rodriguez
Jeffrey H. Bergman
**SPERLING & SLATER, P.C.**
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Tel: (312) 641-3200
Fax: (312) 641-6492
pes@sperling-law.com
jvanek@sperling-law.com
dgermaine@sperling-law.com
pcramer@sperling-law.com
arodriguez@sperling-law.com
jbergman@sperling-law.com

Christina Lopez
**SHERRARD ROE VOIGT & HARBISON,
PLC**
150 3rd Avenue South, Suite 1100
Nashville, Tennessee 37201
Phone: (615) 742-4200
clopez@srvhlaw.com

**Counsel for Direct Action Plaintiffs
Associated Grocers of the South, Inc., Dollar
General Corporation, Dolgencorp, LLC,
Meijer, Inc., Meijer Distribution, Inc., Publix
Super Markets, Inc., Raley's, United Natural
Foods, Inc.,
Supervalu, Inc., Associated Grocers of
Florida, Inc., Unified Grocers, Inc., Tony's
Fine Foods, and Wakefern Food Co**

By:    /s/ Samuel J. Randall
Richard Alan Arnold, Esquire
William J.  Blechman, Esquire
Kevin J.  Murray, Esquire
Douglas H.  Patton, Esquire
Samuel J.  Randall, Esquire
Michael A.  Ponzoli, Esquire
KENNY NACHWALTER, P.A.
1441 Brickell Avenue, Suite 1100
Miami, Florida  33131
Tel:    (305) 373-1000
Fax:    (305) 372-1861
E-mail: rarnold@knpa.com
        wblechman@knpa.com
        kmurray@knpa.com
        dpatton@knpa.com
        srandall@knpa.com
        mponzoli@knpa.com

**Counsel for The Kroger Co., Albertsons Companies, Inc., Hy-Vee, Inc., Save Mart Supermarkets, and US Foods, Inc.**

*/s/  Tiffany Rider Rohrbaugh*
Rachel J. Adcox (*pro hac vice*)
Tiffany Rider Rohrbaugh (*pro hac vice*)
Lindsey Strang Aberg (*pro hac vice*)
Brandon Boxbaum (*pro hac vice*)
Allison Vissichelli (*pro hac vice*)
Keith Holleran (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
(202) 912-4700
radcox@axinn.com
trider@axinn.com
lstrang@axinn.com
bboxbaum@axinn.com
avissichelli@axinn.com
kholleran@axinn.com

Jarod Taylor (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8109
jtaylor@axinn.com

Kail Jethmalani (*pro hac vice*)
Craig M. Reiser (*pro hac vice*)
Andrea Rivers (*pro hac vice*)
Victoria J. Lu (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
(212) 728-2200
kjethmalani@axinn.com
creiser@axinn.com
arivers@axinn.com
vlu@axinn.com

David P. Graham (#0185462)
DYKEMA GOSSETT PLLC
4000 Wells Fargo Center
90 South Seventh Street

Minneapolis, MN 55402
(612) 486-1521
dgraham@dykema.com

***Counsel for Tyson Foods, Inc., Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc.***

/s/ Mark L. Johnson

Mark L. Johnson (#0345520)
Davida S. McGhee (#0400175)
GREENE ESPEL PLLP
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402
(612) 373-0830
mjohnson@greeneespel.com
dwilliams@greeneespel.com

Daniel Laytin, P.C. (*pro hac vice*)
Christa Cottrell, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 861-2000
daniel.laytin@kirkland.com
christa.cottrell@kirkland.com

***Counsel for Clemens Food Group, LLC and The Clemens Family Corporation***

/s/ Craig. S. Coleman

Richard A. Duncan (#0192983)
Aaron D. Van Oort (#0315539)
Craig S. Coleman (#0325491)
Emily E. Chow (#0388239)
Isaac B. Hall (#0395398)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000
richard.duncan@faegredrinker.com
aaron.vanoort@faegredrinker.com
craig.coleman@faegredrinker.com
emily.chow@faegredrinker.com
isaac.hall@faegredrinker.com

Jacob D. Bylund (*pro hac vice*)
Stephanie A. Koltookian (*pro hac vice*)
Robert C. Gallup (#0399100)
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Ave., 33rd Floor
Des Moines, IA 50309
(515) 248-9000
jacob.bylund@faegredrinker.com
stephanie.koltookian@faegredrinker.com
robert.gallup@faegredrinker.com

Jonathan H. Todt (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street NW, Suite 1100
Washington, DC 20005

(202) 842-8800
jonathan.todt@faegredrinker.com

John S. Yi (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH
LLP
One Logan Square, Suite 2200
Philadelphia, PA 19103
(215) 988-2700
john.yi@faegredrinker.com

**Counsel for Hormel Foods Corporation**

/s/ *Peter H. Walsh*

Peter H. Walsh (#0388672)
HOGAN LOVELLS US LLP
80 South Eighth Street, Suite 1225
Minneapolis, MN 55402
(612) 402-3000
peter.walsh@hoganlovells.com

William L. Monts (*pro hac vice*)
Justin W. Bernick (*pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004
(202) 637-5600
william.monts@hoganlovells.com
justin.bernick@hoganlovells.com

**Counsel for Agri Stats, Inc.**

/s/ *Christopher A. Smith*

Aaron Chapin (#0386606)
Christopher A. Smith (*pro hac vice*)
Tessa K. Jacob (*pro hac vice*)
A. James Spung (*pro hac vice*)
Jason Husgen (*pro hac vice*)
Sarah L. Zimmerman (MDL registered)
Kate Ledden (MDL registered)
Tanner Cook (MDL registered)
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Ste 600
St. Louis, MO 63105
Telephone: (314) 480-1500
aaron.chapin@huschblackwell.com
chris.smith@huschblackwell.com
tessa.jacob@huschblackwell.com
james.spung@huschblackwell.com
jason.husgen@huschblackwell.com
sarah.zimmerman@huschblackwell.com
kate.ledden@huschblackwell.com
tanner.cook@huschblackwell.com

**Counsel for Triumph Foods, LLC**

/s/ *William L. Greene*

William L. Greene (#0198730)
Peter J. Schwingler (#0388909)
William D. Thomson (#0396743)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402

/s/ *Jessica J. Nelson*

Donald G. Heeman (#0286023)
Jessica J. Nelson (#0347358)
Randi J. Winter (#0391354)
SPENCER FANE LLP
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402-4206

(612) 335-1500
william.greene@stinson.com
peter.schwingler@stinson.com
william.thomson@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

**Counsel for Seaboard Foods LLC and Seaboard Corporation**

(612) 268-7000
dheeman@spencerfane.com
jnelson@spencerfane.com
rwinter@spencerfane.com

Stephen R. Neuwirth (*pro hac vice*)
Michael B. Carlinsky (*pro hac vice*)
Sami H. Rashid (*pro hac vice*)
Richard T. Vagas (*pro hac vice*)
David B. Adler (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
stephenneuwirth@quinnemanuel.com
michaelcarlinsky@quinnemanuel.com
samirashid@quinnemanuel.com
richardvagas@quinnemanuel.com
davidadler@quinnemanuel.com

**Counsel for JBS USA Food Company**

/s/ John A. Cotter
John A. Cotter (#0134296)
John A. Kvinge (#0392303)
LARKIN HOFFMAN DALY &
LINDGREN LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55427-1060
(952) 835-3800
jcotter@larkinhoffman.com
jkvinge@larkinhoffman.com

Richard Parker (*pro hac vice*)
Josh Lipton (*pro hac vice*)
GIBSON, DUNN &CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
rparker@gibsondunn.com
jlipton@gibsondunn.com

Brian Robison (*pro hac vice*)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75034
(972) 707-1809
brian@brownfoxlaw.com

**Counsel for Smithfield Foods, Inc.**