UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>_____<br><br>This Document Relates to:<br><br>All Consumer Indirect Purchaser Actions | Civil No. 18-1776 (JRT/JFD)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT AGREEMENT BETWEEN CONSUMER INDIRECT PURCHASER PLAINTIFFS AND DEFENDANT SMITHFIELD FOODS** |

Now before the Court is Consumer Indirect Purchaser Plaintiffs' ("Consumer IPPs") Motion for Preliminary Approval of the Class Action Settlement with Defendant Smithfield Foods, Inc. ("Smithfield") and to Direct Notice to the Settlement Class.

The Court, having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreement between the Consumer IIPs and Smithfield, and all relevant filings, **HEREBY ORDERS:**

1. The Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

2. The proposed Settlement Agreement, which was arrived at by arm's-length negotiations by experienced counsel with the assistance of an experienced mediator, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing.

3. The Court finds that provisional certification of the Settlement Class is

warranted for settlement purposes only in light of the Settlement Agreement because: (a) the Settlement Class members are so numerous that joinder is impracticable; (b) the Consumer IPPs' claims present common issues and are typical of the claims of the Settlement Class; (c) the Consumer IPP named class representatives and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that the named representative Consumer IPPs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class basis is superior to other means of resolving the matter.

4. The Court finds that the Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement Agreement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(3), 23(c)(2) and 23(e) and due process so that notice of the Settlement should be given to the Settlement Class.

5. The Court certifies a Settlement Class defined as:

> [A]ll persons and entities who indirectly purchased pork from any of the Defendants or any co-conspirator, or their respective subsidiaries or affiliates, for personal use in the United States from at least as early as January 1, 2009 until April 1, 2021. Specifically excluded from the Settlement Class are the Defendants; the officers, directors or employees of

any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from this Settlement Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and members of his/her immediate family and judicial staff, and any juror assigned to this action.

6. The Court appoints the law firms of Hagens Berman Sobol Shapiro LLP and Gustafson Gluek PLLC as Co-Lead Counsel for the Settlement Class.

7. Each Consumer IPP class representative named in the live complaint in the above case will serve as a class representative on behalf of the Settlement Class.

8. The Court hereby directs notice to be distributed to the Settlement Class members pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(2).

9. The proposed notice plan set forth in the Memorandum and the supporting declarations comply with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice via mail and email to all members who can be identified through reasonable effort. The direct mail and email notice will be supported by reasonable publication notice to reach potential members of the Settlement Class who could not be individually identified.

10. The Court appoints A.B. Data as the settlement notice administrator and the administrator of the settlement funds. The notice documents attached to the Declaration of Eric Schachter, submitted in support of the motion for preliminary approval, and their manner of transmission, comply with Rule 23(c)(2)(B) and due process because the notices and forms are reasonably calculated to adequately apprise Settlement Class of (i)

the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a Settlement Class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members of the class under Rule 23(c)(3). Non-substantive changes, such as typographical errors, can be made to the notice documents by agreement of the parties without leave of the Court.

11. After Class Notice has been disseminated, the Court shall hold a hearing on the proposed Settlements to determine whether they are fair, reasonable, and adequate, and whether they should be finally approved by the Court (the "Final Approval Hearing").

12. After Notice has been disseminated, Class Members who wish to exclude themselves from the proposed Settlement will be required to submit an appropriate and timely request for exclusion, and Class Members who wish to object to the proposed Settlement must submit an appropriate and timely written statement of the grounds for objection. Class Members who wish to appear in person to object to any of these Agreements may do so at the Final Approval Hearing pursuant to directions by the Court.

13. The proposed notice plan will be carried out pursuant to the schedule described in the Memorandum.

14. If the Settlement Agreement is not granted Final Approval following the Final

Approval Hearing or is cancelled or terminated pursuant to Paragraph 20 of the Settlement Agreement, then the Settlement Agreement and all proceedings had in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the status quo and rights of Consumer IPPs, Smithfield, and the members of the Settlement Class. The parties shall also comply with any terms or provisions of the Settlement Agreement applicable to the settlement not becoming final.

15. Neither this Order nor the Settlement Agreement shall be deemed or construed to be an admission or evidence of a violation of any statute, law, rule, or regulation or of any liability or wrongdoing by Smithfield or of the truth of any of Consumer IPPs' claims or allegations, nor shall it be deemed or construed to be admission or evidence of Smithfield's defenses.

16. The Court approves the establishment of the Settlement Fund described in Paragraphs 9, 10, and 12 of the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement and subject to any necessary Court approval, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

-6-

17. The Action with respect to the Consumer Indirect Purchaser Plaintiffs' Claims is stayed as to the Released Parties (as that term is defined in the Settlement Agreements) except as necessary to effectuate the Settlements.

DATED:  November 9, 2022
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
United States District Judge