UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: Pork Antitrust Litigation

This Document Relates to:
ALL ACTIONS

Case No. 18-cv-1776 (JRT/JFD)

PRETRIAL ORDER NO. 2
REQUEST FOR ADDITIONAL LEADERSHIP
NOMINATIONS

The Court has carefully reviewed the parties' Joint Case Management Conference Statement and heard argument at the October 17, 2022 Case Management Conference. (Oct. 13, 2022, Docket No. 1542.) For the reasons addressed in this Order, the Court requests that the Class Plaintiffs and Direct Action Plaintiffs submit additional leadership nominations.

## I. BACKGROUND

In Pretrial Order No. 1, the Court asked all parties to submit a proposed leadership structure. (Pretrial Order No. 1 at 11–12, Oct. 4, 2022, Docket No. 1525.) The Court indicated that the proposed leadership structure should propose a slate of individuals to lead each group, as well as a steering committee for the litigation as a whole and liaison counsel for coordination with the Court. (*Id.*) The purpose of appointing such leadership is to facilitate case communication and progress.

## II.   CLASS PLAINTIFFS' LEADERSHIP

The Court requests the Direct Purchaser Plaintiffs, Commercial and Institutional Purchaser Plaintiffs, and Consumer Indirect Purchaser Plaintiffs (collectively, "Class Plaintiffs") submit leadership nominations.  The Court previously appointed interim co-lead counsel for each Class:  Direct Purchaser Plaintiffs (Lockridge Grindal Nauen P.L.L.P. and Pearson, Simon & Warshaw, LLP); Consumer Indirect Purchaser Plaintiffs (Hagens Berman Sobol Shapiro LLP and Gustafson Gluek PLLC); and Commercial and Institutional Purchaser Plaintiffs (Cuneo Gilbert & LaDuca, LLP and Larson King, LLP).  (Orders Granting Mots. to Appoint Interim Co-Lead Counsel, Oct. 14, 2018, Docket Nos. 149–151.)

The Court appreciates existing co-counsels' cooperation and expects them to continue working together to facilitate case development.  However, the Court believes appointing a single lawyer from among the law firms representing each Class would be beneficial simply for coordination purposes.  As such, the Court requests that each Class recommend an individual attorney to serve as lead counsel for coordination purposes.  The Court strongly encourages the Classes to consider diversity in making their recommendations.  A future pretrial order will outline the specific duties and responsibilities of each Class lead counsel, but they will primarily serve an administrative function.  Counsel not acting as Class lead counsel will continue to be permitted to argue motions and other matters before the Court, and serve as attorneys for the Classes.

### III. DIRECT ACTION PLAINTIFFS' LEADERSHIP

The Court intends to appoint Liaison Counsel to represent all current and subsequent Direct Action Plaintiffs ("DAPs").[1] In the Joint Response to Pretrial Order No. 1, the DAPs emphasized that each DAP presents an individual direct action, and each DAP lawyer represents that action. (Joint Case Management Conference Statement at 10, Oct. 13, 2022, Docket No. 1542.) The DAPs stated that "A given DAP lawyer does not represent, and ethically cannot represent, a direct action plaintiff that has not retained that DAP lawyer for this case." (*Id.*) The DAPs then nominated Robert Kaplan and his firm, Kaplan Fox & Kilsheimer LLP, to serve as the DAPs' Liaison Counsel. (E-mail from Robert N. Kaplan to The Honorable John R. Tunheim (Oct. 13, 2022, 03:38 PM CST).)

The Court has great faith in Mr. Kaplan. However, Mr. Kaplan currently serves as co-counsel for the Action Meat DAP group.[2] Given the DAPs' ethical concerns regarding appointing a single DAP lawyer to coordinate the interests of all DAPs, the Court believes

---

[1] The DAP Liaison Counsel will not represent The Commonwealth of Puerto Rico, which, given its unique position as a governmental entity, will have independent representation on the Plaintiffs' leadership committee. The Court intends to appoint Kyle Bates to this position.

[2] The Action Meat DAPs consist of Action Meat Distributors, Inc.; Topco Associates, LLC; Alex Lee, Inc./Merchants Distributors, LLC; Lowe's Food Stores, Inc. and W. Lee Flowers & Company; Associated Food Stores, Inc.; Brookshire Grocery Company; Certco, Inc.; Colorado Boxed Beef Co. f/k/a CBBC Opco, LLC; The Golub Corporation doing business under the banners Price Chopper Supermarkets, Market Bistro, and Market 32; Nicholas & Co., Inc.; PFD Enterprises, Inc. d/b/a Pacific Food Distributors, Inc.; SpartanNash Company f/k/a Spartan Stores Inc., SpartanNash Company, Spartan Stores, Inc., Nash-Finch Company, Spartan Stores Distribution LLC, SpartanNash Procurement, LLC; Springfield Grocer Company, Inc. d/b/a SGC Foodservice Company Inc.; The Distribution Group d/b/a Van Eerden Foodservice Co.; Troyer Foods, Inc.; URM Stores, Inc.; Giant Eagle, Inc. and Riser Foods, Inc.

Robert Kaplan should not serve in the Liaison Counsel position. The Court requests that the DAPs recommend an attorney to serve as Liaison Counsel who is not currently counselor to any action in this case.

## IV. DEFENDANT'S LEADERSHIP

The Court does not intend to appoint additional leadership for the Defendants, finding it unnecessary at this time.

## V. COMMUNICATIONS

The Class Plaintiffs and DAPs must file recommendations on PACER within 15 days from the date of entry of this Order. Nominations should be accompanied by each nominee's resume or curriculum vitae, educational background, licensing status, a description of relevant experience, a brief overview of the resources the counselor has available to contribute to the litigation, and a certificate of good standing from the highest court of the individuals' jurisdiction. The Court will consider diversity in appointment of the individual lawyers.

DATED: November 9, 2022  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
United States District Judge