# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-cv-01776 (JRT/JFD) <br><br> **Public Redacted Version** |
| This Document Relates to: <br><br> *The Actions of Certain DAPs and The Commonwealth of Puerto Rico* | |

**MEMORANDUM OF CERTAIN DAPS AND THE COMMONWEALTH OF PUERTO RICO IN SUPPORT OF MOTION TO COMPEL**

# INTRODUCTION

Defendant JBS USA Food Company ("JBS") has refused to provide testimony on Topics 20 and 23 of the 30(b)(6) Deposition Notice to JBS. Both Topics seek information relevant to Certain Direct Action Plaintiffs'[1] and the Commonwealth of Puerto Rico's (collectively, "Plaintiffs") claims against JBS relating to their antitrust compliance policies and/or policies regarding communications with competitors. For the reasons stated herein, JBS's objections should be overruled and this motion to compel should be granted.

# BACKGROUND AND MEET-AND-CONFER PROCESS

On September 14, 2022, plaintiffs served JBS with a Notice of 30(b)(6) Deposition. Exhibit A.[2] Among the Topics in the Notice were:

> **Topic 20:** Your policies and/or codes of conduct, including any discussions of: communications with competitors or their employees; participation in industry trade groups, conferences, or meetings; hiring employees, officers, or directors or former employees, officers, or directors of competitors; appointing employees, officers or directors or former employees, officers, or directors to Your Board of Directors; and compliance with, or training related to, the antitrust laws.

> **Topic 23:** The existence and language of Your written policies and/or codes of conduct concerning: communications with competitors or their employees; participation in industry trade groups, conferences, or meetings; hiring employees, officers, or directors or former employees, officers, or directors of competitors; appointing employees, officers or directors or former employees, officers, or directors to Your Board of Directors; and compliance with, or training

---

[1] The movant DAPs are Sysco Corporation and Amory Investments LLC.

[2] Two months prior to service of the 30(b)(6) Notice on September 14, 2022 Notice, counsel for Plaintiffs provided JBS a draft 30(b)(6) Notice containing the same two topics (then numbered Topics 19 and 24). The parties met and conferred about the draft notice on August 12, 2022.

1

related to, the antitrust laws (including certification and frequency of such training). This Topic includes when and how the language of such written policies were changed.

On September 20, 2022, JBS served its Responses and Objections to the Notice of 30(b)(6) Deposition. In response to Topic 20, JBS stated:

> In addition to its Objections to Instructions and Definitions, all of which are specifically incorporated herein, JBS USA objects to this Subject Matter Area on the grounds that it is vague, overbroad, and ambiguous including as to the undefined terms "policies," "codes of conduct," "discussions of: communications," "competitors," "industry trade groups, conferences, or meetings," "Board of Directors," and "compliance." JBS USA further objects to this Subject Matter Area on the grounds that it is unduly burdensome and not proportional to the needs of the case including because this litigation does not pertain to employment practices or appointments to Board of Directors. JBS USA further objects to this Subject Matter Area because it directly calls for privileged information and for conclusions of law. JBS USA notes that it has produced JBS USA's codes of conduct that could be located by a reasonable search and that those documents speak for themselves. Given the foregoing objections, **JBS USA will not prepare a corporate designee to provide testimony on this Subject Matter Area.**

Exhibit B (emphasis added).

In response to Topic 23, JBS stated:

> In addition to its Objections to Instructions and Definitions, all of which are specifically incorporated herein, JBS USA objects to this Subject Matter Area on the grounds that it is vague, overbroad, and ambiguous including as to the undefined terms "policies," "codes of conduct," "concerning: communications," "competitors," "industry trade groups, conferences, or meetings," "Board of Directors," and "compliance." JBS USA further objects to this Subject Matter Area on the grounds that it is unduly burdensome and not proportional to the needs of the case including because this litigation does not pertain to employment practices or appointments to Board of Directors. JBS USA notes that it has produced JBS USA's codes of conduct that could be located by a reasonable search and that those documents speak for themselves. JBS USA further objects to this Subject Matter

>   Area to the extent it directly calls for privileged information and for conclusions of law. JBS USA further objects to this Subject Matter Area to the extent it is duplicative of Subject Matter Area 20. Given the foregoing objections, **JBS USA will not prepare a corporate designee to provide testimony on this Subject Matter Area.**

*Id.* (emphasis added).

On September 22, 2022, the parties met and conferred by telephone regarding the Notice. Following the call, Plaintiffs sent a draft amended notice to JBS reflecting the September 22 meet and confer. Exhibit C. In light of JBS's stated refusal to provide testimony regarding Topics 20 and 23, Plaintiffs' Counsel informed JBS by email that day that they planned to file a motion to compel "assuming JBS maintains its objections and its refusal to provide a corporate designee on them. If there is anything else to discuss regarding those, please let us know." Exhibit D. In response, JBS did not withdraw its refusal to provide testimony regarding Topics 20 and 23, or request to meet and confer further about those Topics. Instead, on September 23, 2022, JBS served Responses and Objections to the Amended Notice of 30(b)(6) Deposition, reiterating its objections to Topics 20 and 23, and again asserting that "JBS USA will not prepare a corporate designee to provide testimony on" either topic. Exhibit E.

The 30(b)(6) deposition of JBS proceeded on September 27, 2022. At no point before the deposition did JBS withdraw its refusal to provide testimony regarding Topics 20 and 23, or request to meet and confer further about those Topics after asserting its refusal to provide testimony.

# ARGUMENT

A. **Topics 20 and 23 Seek Relevant Information, and JBS's Objections Do Not Contend Otherwise.**

Notably absent from JBS's objections is a claim that the Topics are not relevant.

Topics 20 and 23 seek 30(b)(6) testimony from JBS about its policies and codes of conduct, including compliance with, or training related to, the antitrust laws. Plaintiffs are seeking to compel testimony on the following portions of Topics 20 and 23:[3]

> **Topic 20:** Your policies and/or codes of conduct, including any discussions of: communications with competitors or their employees; participation in industry trade groups, conferences, or meetings; . . . and compliance with, or training related to, the antitrust laws.

> **Topic 23:** The existence and language of Your written policies and/or codes of conduct concerning: communications with competitors or their employees; participation in industry trade groups, conferences, or meetings; . . . and compliance with, or training related to, the antitrust laws (including certification and frequency of such training). This Topic includes when and how the language of such written policies were changed.

[redacted]

---

[3] Plaintiffs are not seeking to compel testimony on the components of Topics 20 and 23 related to hiring practices or appointments to JBS's Board of Directors.

4



, "the function of a Rule 30(b)(6) deposition is inherently unique, with the deponent functioning as the company's mouthpiece and not on his or her own accord." *Coons v. BNSF Ry. Co.*, 2017 WL 7513859 (D. Minn. Feb. 28, 2017). Plaintiffs are entitled to have *JBS's* testimony about what policies were in place, and when, and how they were implemented and enforced. This is particularly true for a defendant like JBS, whose corporate affiliates have a demonstrated history of serious compliance problems. *See* Richard Vanderford, *Brazil's JBS Shakes Up Compliance Efforts*, WALL STREET JOURNAL (Aug. 16, 2022); *One of the Nation's Largest Chicken Producers Pleads Guilty to Price Fixing and is Sentenced to a $107 Million Criminal Fine*, DEPARTMENT OF JUSTICE (Feb. 23, 2021), https://www.justice.gov/opa/pr/one-nation-s-largest-chicken-producers-pleads-

[guilty-price-fixing-and-sentenced-107-million](guilty-price-fixing-and-sentenced-107-million) (Pilgrim's Pride, subsidiary of JBS USA Holdings, Inc.); Mengqi Sun, *J&F's Bribery Settlements Highlight Compliance Breakdowns, Remediation Efforts*, WALL STREET JOURNAL (Oct. 16, 2020).

Testimony from JBS itself about the JBS Code of Conduct, and JBS's employees' training on and compliance with these policies is relevant. For example, in *In re Polyurethane Foam Antitrust Litigation Direct Purchaser Class*, the defendants sought to exclude evidence of their "internal corporate policies addressing the propriety of communications with competitors." 2015 WL 12747961, at *9–10 (N.D. Ohio Mar. 6, 2015). Like this case, *Polyurethane Foam* involved claims under Section 1 of the Sherman Act. The court ruled evidence of the defendant companies' antitrust policies was not only relevant, but also admissible, because it "is relevant to show knowledge" and "bear[s] on the question of 'coordination versus parallel conduct.'" *Id*.

Other courts have reached similar conclusions. *See e.g.*, *J & M Distrib., Inc. v. Hearth & Home Techs., Inc.*, 2015 WL 144797, at *1–3 (D. Minn. Jan. 12, 2015) (admitting evidence of defendants' written corporate antitrust policies); *In re Linerboard Antitrust Litig.*, 504 F. Supp. 2d 38, 58 n.13 (E.D. Pa. 2007) (defendants' antitrust policies were relevant "as they relate to why [a defendant employee] felt uncomfortable with communications with competitors"); *In re Tableware Antitrust Litig.*, 2007 WL 781960, at *2 (N.D. Cal. Mar. 13, 2007) (admitting evidence of antitrust compliance policies and dismissing arguments of prejudice).

### B. JBS's Objections Are Boilerplate and Lack Merit

"Routine, '[b]oilerplate objections, without more specific explanations for any refusal to provide information, are not consistent with the Federal Rules of Civil Procedure.'" *Lynch v. Experian Info. Sols., Inc.*, 569 F. Supp. 3d 959, 963 (D. Minn. 2021) (Docherty, J.), *aff'd*, 581 F. Supp. 3d 1122 (D. Minn. 2022).

#### 1. JBS's Vagueness Objection

JBS objects to both Topics on the grounds they are "vague, overbroad, and ambiguous including as to the undefined terms 'policies,' 'codes of conduct,' 'discussions of: communications,' 'competitors,' 'industry trade groups, conferences, or meetings,' 'Board of Directors,' and 'compliance.'" However, the listed terms have common definitions readily understood and ascertained from consulting an English language dictionary. Several of the terms are found in JBS's own Code of Conduct (e.g., "policies," "code of conduct," "competitors," and "compliance"). To the extent there is a term that warrants further explanation, JBS could have raised that issue without refusing to provide any deposition testimony on the Topics.

#### 2. JBS's Burden and Proportionality Objection

JBS objects to both Topics on the grounds that they are "unduly burdensome and not proportional to the needs of the case including because this litigation does not pertain to employment practices or appointments to Board of Directors." However, the objection to testimony concerning employment practices and appointments to the Board of Directors is irrelevant to this motion because Plaintiffs do not seek to compel such testimony.

7

To the extent JBS is objecting to the relevant portions of Topics 20 and 23 on the basis of burden and disproportionality, those objections are boilerplate and unsubstantiated. JBS never identified any genuine burden associated with providing testimony on the Topics, even though it has the burden to establish disproportionality. *Target Corp. v. ACE Am. Ins. Co.*, 576 F. Supp. 3d 609, 622 (2021) (Docherty, J.) ("As the party resisting discovery, ACE has the burden to establish disproportionality."); *see also State Farm Mut. Auto. Ins. Co. v. Healthcare Chiropractic Clinic, Inc.*, 2016 WL 9330708, at *2–3 (D. Minn. Sept. 2, 2016) ("[U]nsupported assertions of burdensomeness and lack of proportionality," lacking an "affidavit stating the expected cost and time associated with" the requested discovery are not "persuasive").

JBS's objection "notes . . . that it has produced JBS USA's codes of conduct that could be located by a reasonable search and that those documents speak for themselves." If this "note" is meant to be an objection, it is an insufficient basis for JBS's refusal to provide a witness for the Topics. JBS cannot have it both ways. To the extent the referenced documents provide much of the information that would be covered at the deposition, then JBS has disproved its own burden objection. To the extent the Topics are broader than the document themselves (which they are) then the production of documents is insufficient to obviate the need for a deposition or excuse JBS's refusal to provide testimony.

### 3.  JBS's "Conclusions of Law" Objection

JBS objects that the Topics call for "conclusions of law," without explaining what that means or substantiating the objection. This objection is boilerplate, unfounded, and provides no basis for JBS's refusal to provide testimony.

### 4.  JBS's Privilege Objection

JBS objects to both Topics 20 and 23 on the ground that each "directly calls for privileged information . . . ." Again, the objection is boilerplate and not specific enough to provide an explanation for why JBS refused testimony.

It is also hard to take this objection seriously when JBS did not object on privilege grounds to the production of documents that it suggests are sufficient to render deposition testimony unnecessary, and given that JBS's 30(b)(1) witnesses have already provided some testimony regarding issues relevant to the Topics.

Moreover, if a party wishes to assert a privilege objection, Federal Rule of Civil Procedure 26(b)(5) requires the objecting party to describe its objection with sufficient particularity to allow others to assess its privilege claims. JBS failed to do in its objections to these Topics.

Although there is reason to doubt that any of the testimony sought would be subject to an appropriate privilege assertion, what JBS should have done is prepare and present a witness for the deposition on these Topics and its counsel could instruct the JBS witness not to answer if bona fide privileged communications or work product were at issue. *Cf. Target Corporation*, 576 F. Supp. 3d at 62.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion to compel the 30(b)(6) deposition testimony of JBS on Topics 20 and 23 of the Amended Notice.

Dated: November 14, 2022                Respectfully submitted,

/s/ Michael S. Mitchell
Michael S. Mitchell
Scott E. Gant
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave., NW
Washington, DC 20005
Tel: 202-237-2727
Fax: 202-237-6131
mmitchell@bsfllp.com
sgant@bsfllp.com

Sarah L. Jones
**BOIES SCHILLER FLEXNER LLP**
725 South Figueroa Street
Los Angeles, California 90017
Tel: 213-629-9040
Fax: 213-629-9022
sjones@bsfllp.com

*Counsel for Plaintiffs Sysco Corporation and Amory Investments LLC*

/s/ Kyle G. Bates
Kyle G. Bates
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
T: (415) 633-1908
kbates@hausfled.com

Peter B. Schneider
**SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP**
**3**700 Buffalo Speedway, Suite 300
Houston, Texas 77098
T: (713) 338-2560
F: (415)421-7105
pschneider@schneiderwallace.com

Todd M. Schneider
Matthew S. Weiler
**SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP**
2000 Powell St., Suite 1400
Emeryville, California 94608
T: (415) 421-7100
tschneider@schneiderwallace.com
mweiler@schneiderwallace.com

Garrett W. Wotkyns
**SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP**
8501 N. Scottsdale Road, Suite 270
Scottsdale, Arizona 85253
T: (480) 428-0145
gwotkyns@schneiderwallace.com

Domingo Emanuelli-Hernández
Attorney General
Guarionex Díaz Martínez
**Assistant Attorney General**
**Antitrust Division**
**Puerto Rico Department of Justice**
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
T: (787) 721-2900, ext. 2600, 2601
F: (787) 721-3223
gdiaz@justicia.pr.gov

*Counsel for the Commonwealth of Puerto Rico*

11