# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 0:18-cv-1776 (JRT/JFD) |
| *This Document Relates to*: <br><br> All Actions | **REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)** |

Letters Rogatory to the Supreme Court of British Columbia:

The United States District Court for the District of Minnesota presents its compliments to the Supreme Court of British Columbia and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above captioned matter. The requested deposition is material to the facts at issue in this action and the discovery sought cannot be obtained without the assistance of the Supreme Court of British Columbia.

## I. STATEMENT OF REQUEST

Assistance is necessary in the interests of justice. The Court requests that the appropriate judicial authority of Canada compel the appearance of the person identified below to appear for a deposition, which may take place either by remote means or in a Canadian city of his choice.



**Witness Name:** Sumio Matsumoto
**Title:** Director of International Pork Sales at Tyson Foods
**Nationality:** Japan
**Current Residence:** British Columbia, Canada
**Witness Address:** 429-15168 33 Avenue Surrey, BC V3Z 0N7

## II.   FACTS

In this consolidated proceeding, Plaintiffs[1] have brought civil antitrust and consumer protection claims alleging that Defendants[2] engaged in a price-fixing conspiracy to artificially constrict the supply of pork products in the domestic market of the United States, a *per se* violation of § 1 of the Sherman Act, 15. U.S.C. § 1.

Defendants allegedly implemented the conspiracy in part by exchanging detailed, competitively sensitive, and closely guarded non-public information about prices, capacity, sales volume, and demand through their co-conspirator, Defendant Agri Stats.

---

[1] There are three categories of class-action Plaintiffs who purchased pork products from Defendants: the Direct Purchaser Plaintiffs (DPPs), the Consumer Indirect Purchaser Plaintiffs (CIPPs), and the Commercial and Institutional Indirect Purchaser Plaintiffs (CIIPs). In addition, numerous entities have brought claims on their own behalf, instead of proceeding with the Class – these entities are referred to as the Direct Action Plaintiffs. Finally, the Commonwealth of Puerto Rico has brought its own claims. All Plaintiffs allege that Defendants engaged in a price-fixing conspiracy, in violation of § 1 of the Sherman Act, 15. U.S.C. § 1. DPPs bring a claim for treble damages under § 4 of the Clayton Act, 15 U.S.C. § 15(a). Some plaintiffs have also brought claims under consumer state antitrust and consumer protection statutes. *See* Amended Memorandum Opinion and Order, ECF No. 520 (October 20, 2020).

[2] Defendants include: Agri Stats, Inc. ("Agri Stats"), Clemens Food Group, LLC and The Clemens Family Corporation (together and separately, "Clemens"); Hormel Foods Corporation and Hormel Foods, LLC (together and separately, "Hormel"; JBS USA Food Company ("JBS"); Seaboard Foods LLC and Seaboard Corporation (together and separately, "Seaboard"); Smithfield Foods, Inc. ("Smithfield"); Triumph Foods, LLC ("Triumph"); and Tyson Foods, Inc., Tyson Fresh Meats, Inc. and Tyson Prepared Foods, Inc. (together and separately, "Tyson"). *See* Amended Memorandum Opinion and Order, ECF No. 520 (October 20, 2020).

*See* Amended Memorandum Opinion and Order, ECF No. 520 (October 20, 2020). Agri Stats is a company that each of the Defendants worked with; it gathered detailed financial information from the Defendants, which it then standardized and made accessible to each Defendant. *Id.* Through the "benchmarking" reports generated by Agri Stats, Defendants were able to decipher which data belonged to which Defendant, thereby allowing them to monitor one another's pork production "and hence control supply and price[.]" *Id.* (quoting DPP complaint). The Agri Stats information was not publicly available.

During the conspiracy period, Sumio Matsumoto worked for Defendant Tyson and worked in the United States. Mr. Matsumoto is now an employee of Hillshire Canada (a Tyson subsidiary). Documents and deposition testimony presented to the Court indicate that Mr. Matsumoto was involved in Tyson's attempts to deanonymize the Agri Stats reports to identify competitors. Mr. Matsumoto served as a source for deanonymizing the reports and a check on the other Tyson employees' own deanonymization attempts. Only Sumio Matsumoto can testify to his process for identifying competitors in the reports.

On September 16, 2022, Defendant Tyson informed Plaintiffs that its counsel represented Mr. Matsumoto, but that he would not willingly sit for a deposition. Plaintiffs asked this Court to issue these letters rogatory. Plaintiffs intend to take the deposition of Mr. Matsumoto to ask him about his role in the alleged conspiracy. This Court finds that if it had jurisdiction over Mr. Matsumoto, it would compel him to appear for a deposition – either by remote means through video conferencing technology, or in a city of his choice. Under this Court's prior orders, Plaintiffs may take up to 7 hours to question the witness.

### III.   RECIPROCITY

In the furtherance of justice and by the proper and usual process of this court, the United States District Court for the District of Minnesota assures the judicial authorities of Canada that it is willing to provide similar cooperation and assistance to the judicial authorities of Canada if Canada requests similar assistance.

### IV.   THE EVIDENCE SOUGHT WILL ONLY BE USE IN SUPPORT OF THE ABOVE CAPTIONED MATTER

The Court has entered a protective order requiring the confidential treatment of documentary evidence secured during this action. The protective order precludes parties from using such evidence in other legal proceedings apart from the within action, without the consent of the person or entity producing the materials.

### V.   REIMBURSEMENT FOR COSTS

Plaintiffs are willing to reimburse the judicial authorities of Canada for its costs incurred in the execution of this Court's Letter Rogatory. The contact information for the party submitting the payment is as follows:

> Shana Scarlett
> Counsel for the Consumer Indirect Purchaser Plaintiffs
> Hagens Berman Sobol Shapiro LLP
> 715 Hearst Avenue, Suite 300
> Berkeley, California 94710
> Telephone: (510) 725-3000
> Facsimile: (510) 725-3001
> shanas@hbsslaw.com

DATED: Nov. 15, 2022

_____
HONORABLE JOHN F. DOCHERTY
UNITED STATES MAGISTRATE JUDGE

SEAL OF THE COURT