```
 1                    UNITED STATES DISTRICT COURT
                         DISTRICT OF MINNESOTA
 2
        -----------------------------------------------------------
 3                                      )
      In Re:  Pork Antitrust            )   File No. 18CV1776
 4    Litigation                        )        21MD2998
                                        )        (JRT/JFD)
 5                                      )
                                        )
 6                                      )   Minneapolis, Minnesota
                                        )   November 18, 2022
 7                                      )   10:15 A.M.
                                        )
 8                                      )
        -----------------------------------------------------------
 9
              BEFORE THE HONORABLE JUDGE JOHN R. TUNHEIM
10
              UNITED STATES DISTRICT COURT JUDGE
11                              AND
              MAGISTRATE JUDGE JOHN F. DOCHERTY
12
          UNITED STATES DISTRICT COURT MAGISTRATE JUDGE
13
              (STATUS CONFERENCE VIA VIDEO CONFERENCE)
14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1       APPEARANCES
          For Direct Purchaser        Lockridge Grindal Nauen PLLP
 2        Plaintiffs:                 JOSEPH C. BOURNE, ESQ.
                                      100 Washington Avenue South
 3                                    Suite 2200
                                      Minneapolis, MN 55401
 4
                                      Pearson Simon & Warshaw
 5                                    BOBBY POUYA, ESQ.
                                      MICHAEL H. PEARSON, ESQ.
 6                                    15165 Ventura Boulevard
                                      Suite 400
 7                                    Sherman Oaks, CA 91403

 8        On behalf of the           Gustafson Gluek PLLC
          Consumer Indirect          DANIEL C. HEDLUND, ESQ.
 9        Plaintiffs:                 JOSHUA J. RISSMAN, ESQ.
                                      120 South Sixth Street
10                                    Suite 2600
                                      Minneapolis, MN 55402
11
                                      Hagens Berman Sobol Shapiro
12                                    SHANA E. SCARLETT, ESQ.
                                      715 Hearst Avenue, Suite 202
13                                    Berkeley, CA 94710

14        On behalf of the           Cuneo Gilbert & LaDuca, LLP
          Commercial and             ALEC BLAINE FINLEY, ESQ.
15        Institutional Indirect     4725 Wisconsin Avenue NW
          Purchaser Plaintiffs:      Suite 200
16                                    Washington, DC 20016

17        For the Commonwealth of    Hausfeld
          Puerto Rico:               YELENA DEWALD, ESQ.
18                                    600 Montgomery Street
                                      Suite 3200
19                                    San Francisco, CA 94111

20        For the Dollar General     Sperling & Slater
          DAPs:                      ALBERTO RODRIGUEZ, ESQ.
21                                    DAVID P. GERMAINE, ESQ.
                                      PHILLIP F. CRAMER, ESQ.
22                                    55 West Monroe Street
                                      Chicago, IL 69693
23
                                      Sherrard Roe Voigt Harbison
24                                    CHRISTINA R. B. LOPEZ, ESQ.
                                      150 Third Avenue South
25                                    Suite 1100
                                      Nashville, TN 37201
```

```
 1      For the Cheney Bros.      Carlton Fields
        DAPs:                     GARTH T. YEARICK, ESQ.
 2                                AARON ASA HOLMAN, ESQ.
                                  525 Okeechobee Boulevard
 3                                West Palm Beach, FL 33401

 4      For the Kroger DAPs:      Kenny Nachwalter
                                  WILLIAM J. BLECHMAN, ESQ.
 5                                1441 Breckell Avenue
                                  Suite 1100
 6                                Miami, FL 33131

 7      For the Topco DAPs:       Kaplan Fox & Kilsheimer LLP
                                  ROBERT N. KAPLAN, ESQ.
 8                                850 Third Avenue
                                  New York, NY 10022
 9
                                  Marcus & Shapira
10                                MOIRA CAIN-MANNIX, ESQ.
                                  One Oxford Centre
11                                35th Floor
                                  Pittsburgh, PA 15219
12
        For the Sysco DAPs:       Boies Schiller Flexner
13                                SARAH L. JONES, ESQ.
                                  1401 New York Avenue NW
14                                Washington, DC 20005

15      For the Kraft DAPs:       Ahern and Associates, P.C.
                                  PATRICK AHERN, ESQ.
16                                590 North Sheridan Road
                                  Lake Forest, IL 60045
17
                                  Cadwalader, Wichersham & Taft
18                                JACK G. STERN, ESQ.
                                  200 Liberty Street
19                                New York, NY 10281

20      For Nestle DAPs:          Nexsen Pruet LLC
                                  DAVID C. EDDY, ESQ.
21                                1230 Main Street
                                  Suite 700
22                                Columbia, SC 29202

23      For Deft Clemens Food     Kirkland & Ellis
        Group, LLC:               DANIEL E. LAYTIN, ESQ.
24                                MAX SAMELS, ESQ.
                                  300 North LaSalle
25                                Chicago, IL 60654
```

```
 1     For Defendant Hormel        Faegre Drinker Biddle & Reath
       Foods:                      CRAIG S. COLEMAN, ESQ.
 2                                 90 South Seventh Street
                                   Suite 2200
 3                                 Minneapolis, MN 55402

 4     For Defendant JBS USA:      Spencer LLP
                                   JESSICA J. NELSON, ESQ.
 5                                 100 South Fifth Street
                                   Suite 1900
 6                                 Minneapolis, MN 55402

 7                                 Quinn Emanuel Urquhart &
                                   Sullivan
 8                                 SAMI H. RASHID, ESQ.
                                   DAVID B. ADLER, ESQ.
 9                                 51 Madison Avenue
                                   22nd Floor
10                                 New York, NY 10010

11     For Deft Seaboard           Stinson LLP
       Foods:                      PETER J. SCHWINGLER, ESQ.
12                                 50 South Sixth Street
                                   Suite 2600
13                                 Minneapolis, MN 55402

14     For Defendant               Gibson Dunn & Crutcher
       Smithfield Foods:           BRIAN EDWARD ROBISON, ESQ.
15                                 2100 McKinney Avenue, Ste 1100
                                   Dallas, Texas 75201
16
       For Deft Triumph Foods:     Husch Blackwell
17                                 CHRISTOPHER A. SMITH, ESQ.
                                   ABRAHAM J. SPUNG, ESQ.
18                                 190 Carondelet Plaza
                                   Suite 600
19                                 St. Louis, MO 63105

20     For Deft Tyson Foods:       Axinn Veltrop & Harkrider LLP
                                   JAROD TAYLOR, ESQ.
21                                 90 State House Square
                                   Hartford, CT 06103
22
                                   Axinn Veltrop & Harkrider LLP
23                                 TIFFANY RIDER ROHRBAUGH, ESQ.
                                   950 F Street NW, 7th Floor
24                                 Washington, DC 20004

25
```

1                              **10:15 A.M.**

2

3                  **(In open court via video conference.)**

4                  THE COURT:  Good morning, everyone, or good

5       afternoon depending on where you're at.  This is In Re:

6       Pork Antitrust Litigation, 18CV1776 and MDL 21-2998.  We

7       have a status conference today and a number of matters to

8       discuss.

9                  Rather than going through everyone noting their

10      appearances, I've asked Ms. Arent to just read the names of

11      those of you that we have noted, so we will have the

12      appearances noted, and if we miss anyone, you can let us

13      know.

14                 Go ahead.

15                 COURTROOM DEPUTY:  Okay.  We have Bobby Pouya.

16                 MR. POUYA:  Good morning.

17                 COURTROOM DEPUTY:  Joseph Bourne.

18                 MR. BOURNE:  Good morning.

19                 COURTROOM DEPUTY:  Michael Pearson.  Daniel

20      Hedlund.

21                 MR. HEDLUND:  Good morning.

22                 COURTROOM DEPUTY:  Joshua Rissman.

23                 MR. RISSMAN:  Good morning.

24                 COURTROOM DEPUTY:  Shana Scarlett.

25                 MS. SCARLETT:  Good morning.

```
 1                    COURTROOM DEPUTY:  Blaine Finley.

 2                    MR. FINLEY:  Good morning.

 3                    COURTROOM DEPUTY:  Alberto Rodriguez.

 4                    MR. RODRIGUEZ:  Good morning.

 5                    COURTROOM DEPUTY:  Christina Lopez.

 6                    MS. LOPEZ:  Good morning.

 7                    THE COURT:  David Germaine.

 8                    MR. GERMAINE:  Good morning.

 9                    COURTROOM DEPUTY:  Phillip Cramer.

10                    MR. CRAMER:  Good morning.

11                    COURTROOM DEPUTY:  Aaron Holman.  Garth Yearick.

12                    MR. YEARICK:  Good morning.

13                    COURTROOM DEPUTY:  William Blechman.  Moira

14          Cain-Mannix.  Robert Kaplan.

15                    MR. KAPLAN:  Good morning, Your Honor.

16                    COURTROOM DEPUTY:  Sarah Jones.

17                    MS. JONES:  Good morning.

18                    COURTROOM DEPUTY:  Jack Stern.

19                    MR. STERN:  Good morning.

20                    COURTROOM DEPUTY:  Patrick Ahern.

21                    MR. AHERN:  Good morning.

22                    COURTROOM DEPUTY:  David Eddy.

23                    MR. EDDY:  Good morning.

24                    COURTROOM DEPUTY:  Daniel Laytin.

25                    MR. LAYTIN:  Good morning.
```

```
1              COURTROOM DEPUTY:  Max Samels.

2              MR. SAMELS:  Good morning.

3              COURTROOM DEPUTY:  Craig Coleman.

4              MR. COLEMAN:  Good morning.

5              COURTROOM DEPUTY:  David Adler.  Jessica Nelson.

6              MS. NELSON:  Good morning.

7              COURTROOM DEPUTY:  Sami Rashid.

8              MR. RASHID:  Good morning.

9              COURTROOM DEPUTY:  Peter Schwingler.

10             MR. SCHWINGLER:  Good morning.

11             COURTROOM DEPUTY:  Brian Robison.

12             MR. ROBISON:  Good morning.

13             COURTROOM DEPUTY:  Abraham Spung.

14             MR. SPUNG:  Good morning.

15             COURTROOM DEPUTY:  Christopher Smith.

16             MR. SMITH:  Good morning.

17             COURTROOM DEPUTY:  Jarod Taylor.

18             MR. TAYLOR:  Good morning.

19             COURTROOM DEPUTY:  Tiffany Rider Rohrbaugh.

20             MS. ROHRBAUGH:  Good morning.

21             THE COURT:  Did we miss anyone that wishes to be

22    noted?

23             MR. CLIFFORD PEARSON:  Clifford Pearson for the

24    DPPs, Your Honor.

25             COURTROOM DEPUTY:  Mr. Pearson, could you say
```

1   that again more slowly so we can catch it?

2          MR. CLIFFORD PEARSON:  Yes.  Clifford Pearson for

3   the DPPs.

4          MS. DEWALD:  Good morning, Your Honor.  This is

5   Yelena Dewald appearing on behalf of the

6   Commonwealth of Puerto Rico.

7          THE COURT:  All right.  Anyone else?  Okay.  We

8   have Judge Docherty with us as well on Zoom, I believe.

9          MAGISTRATE JUDGE DOCHERTY:  Good morning.

10          THE COURT:  All right.  We do.  All right.  Thank

11   you for joining us today and by Zoom.  I know everyone is

12   busy, and this is a much more convenient way to have a

13   status conference.

14          The first item on our list here is the case

15   management schedule.  We've got some alternative proposals

16   here for deadlines.

17          Judge Docherty, do you want to handle this?

18          MAGISTRATE JUDGE DOCHERTY:  Sure.  Good morning,

19   everybody.  Good to see you all.

20          Yes, there are two proposals for a case

21   management schedule for the next stage of this litigation.

22   They are put before the Court in an attachment 1 to docket

23   number 1606.  They differ by about 30 days, which may or

24   may not be a huge amount of time in a case with the

25   schedule that this one has got.

1          But there really is no explanation of why one

2     group prefers this schedule and the other group prefers

3     that schedule, and so I would like to hear either now

4     orally or if you prefer in writing but on a very brief time

5     schedule because what I'm thinking of is that the newly

6     joined Direct Action Plaintiffs' comments on scheduling are

7     due on Monday.

8          So we can do this either way that counsel

9     prefers, but I do need to hear why we're advocating for one

10    schedule rather than another.  Is there someone on a

11    shorter time frame, defendants and class plaintiffs, that

12    would like to speak now, or would you like to submit

13    something on short notice?

14          MR. TAYLOR:  Your Honor, this is Jarod Taylor for

15    the Tyson defendants.

16          MAGISTRATE JUDGE DOCHERTY:  Good morning,

17    Mr. Taylor.

18          MR. TAYLOR:  Good morning, Judge Docherty.  I

19    think we could go ahead and provide our comments now.

20          MAGISTRATE JUDGE DOCHERTY:  That would be great.

21    Thanks.

22          MR. TAYLOR:  So the good news as you saw is that

23    the parties are close.  The parties are largely aligned, as

24    you noted.  It's really just a matter of a 30-day

25    difference.  So why couldn't we agree when we're just that

1    far apart is a fair question.  A couple of important points

2    along that line are that first, I just want to highlight

3    and reiterate that the classes and the defendants are

4    aligned in believing that a schedule starting in May rather

5    than June is best.

6           The second preliminary point is that the proposal

7    from the defendants and the classes to start in May already

8    represents a compromise on their part.  Defendants

9    originally proposed beginning the schedule in April which

10   was around 150 days, just a little more than that, from the

11   October 31st close of fact discovery.

12          Now, the Direct Action Plaintiffs responded with

13   the schedule that they ultimately submitted to the Court

14   with initial reports due in June.

15          Defendants were hopeful that we could reach

16   agreement, where parties often do, at the midpoint which

17   resulted in our proposal presented to the Court of a

18   schedule starting in May.  So the next important question

19   is substantively, kind of the procedural history aside, why

20   is it actually better to start in May as both the classes

21   and the defendants propose?

22          Fundamentally it's a matter of one to some

23   extent, plaintiffs have a responsibility to prosecute this

24   case in line with the directive for just and speedy

25   determination.

1          Defendants are confident in this case, and no

2     offense to Your Honors, we enjoy our time before the Court,

3     but our defendants are ready to put our case forward and be

4     out of this case.  And we believe that six full months

5     after the close of fact discovery is more than enough time

6     to prepare expert reports.

7          DAPs have had defendants' documents for more than

8     a year, and they shouldn't need more than six months to

9     account for the depositions that have occurred within the

10    discovery period.

11         I understand that DAPs' primary justification for

12    seeking more time is limited discovery that has occurred

13    and is occurring after the October 31st cutoff, but that

14    discovery is di minimis.  There is one JBS deposition

15    remaining, one Smithfield deposition remaining, part of a

16    Seaboard deposition that will be occurring soon, and then

17    Tyson's witness pursuant to the letter rogatory, but of

18    course we don't know when that will occur.

19         But there is no reason for DAPs' experts to begin

20    working at all until those two and a half extra depositions

21    are complete, and while there are some ongoing DAPs

22    depositions as well, DAPs' experts don't need to wait for

23    those to conclude to begin.

24         They could, for example, rely on interviews with

25    the witnesses that they think would be helpful to their

1    analysis.  So in sum, Your Honor, I don't know that there

2    is really that much to it, other than that the classes and

3    defendants both believe May is plenty.

4          That already represents a concession on their

5    part.  We wanted to start in April and are willing to go to

6    June, or excuse me, to May without dispute, but June was

7    just a bridge too far for us.

8          MAGISTRATE JUDGE DOCHERTY:  All right.  Thank

9    you.

10          Who wants to be heard on behalf of the DAPs?

11          MR. KAPLAN:  Your Honor, it's Robert Kaplan.

12          MAGISTRATE JUDGE DOCHERTY:  Good morning.

13          MR. KAPLAN:  Let me be brief.  The DAPs are

14    working on a consolidated complaint that is due December

15    5th.  That is a tremendous amount of work.  We are

16    seriously engaged in that on a day-by-day basis.  Document

17    1582, which Your Honor approved, has a schedule of a number

18    of depositions which were to occur after October 31st.

19          I took a deposition on Wednesday, a 30(b)(1).

20    There was a 30(b)(6) of that witness yesterday, as

21    Mr. Taylor mentioned, the Andersland JBS deposition is due

22    December 12.  A lot of depositions have occurred in

23    November.  So when Mr. Taylor says six months after the

24    close of fact discovery, the fact discovery really didn't

25    close on October 31.  There has been a lot of depositions

1    in November.

2            So why do we need what we say six months from

3    December, basically December 1, which is really when the

4    bulk of fact discovery ended?  We haven't had prior expert

5    reports.  The classes and defendants have had prior expert

6    reports, which based upon my experience, because I do do

7    class actions also, should be fulsome for class

8    certification, so a lot of their work is done.

9            We're starting from afresh.  So I was really

10   surprised when defendants wouldn't agree to June 5th.  My

11   understanding is the classes don't really object to June

12   5th, if it's June 5th.  I have seen e-mails where they say

13   they don't really object to that.  So we would respectfully

14   request that we be given until June 5th for the reports.

15           In terms of the overall schedule, it would end on

16   September 30, 2024, rather than August 30, 2024.  It would

17   make our lives and our experts' lives much easier, and we

18   would ask respectfully for that accommodation.

19           MAGISTRATE JUDGE DOCHERTY:  All right.

20           MR. EDDY:  Your Honor?  This is David Eddy.  I

21   would also like to be heard on behalf of DAPs if I may.

22           MAGISTRATE JUDGE DOCHERTY:  Briefly, Mr. Eddy,

23   but then we will need to move on.

24           MR. EDDY:  One thing that counsel before me have

25   not informed the Court of is that there were 31 depositions

 1    listed on the joint status report to the Court on November

 2    3 of DAPs by defendants, 31.  24 of those will occur in

 3    December or January.  18 of those have not been scheduled,

 4    so they're likely going to have to occur in January.

 5            So at the same time the DAPs are working on the

 6    complaint, we will be defending numerous depositions.  In

 7    fact, defendants have not taken the deposition of one of my

 8    five clients in this case, so that explains in part why we

 9    believe a later schedule for DAPs experts' reports is

10    needed.

11            Thank you, Your Honor.

12            MAGISTRATE JUDGE DOCHERTY:  Okay.  Thank you,

13    Your Honor.

14            MR. BOURNE:  Joe Bourne for the class plaintiffs.

15            MAGISTRATE JUDGE DOCHERTY:  Mr. Bourne, you will

16    be the last one to speak because there is a lot of lawyers

17    on this call, and we can't, physically can't hear from

18    everybody.  So please make your points and then anything

19    further anyone wants to put in front of me, put it in

20    writing and send it in on Monday and Tuesday of next week.

21            MR. BOURNE:  Thank you, Your Honor.  The class

22    plaintiffs are fine with either schedule.  We attempted to

23    reach an overall agreement but were unable to do so.  The

24    one point I wanted to make is, we believe there should be

25    one schedule.  It should not be a staggered schedule for

1     the classes and the DAPs.

2              MAGISTRATE JUDGE DOCHERTY:  It will be.  Thank

3     you all for your input.  It was very valuable and helpful,

4     and we will get the master schedule that controls this

5     litigation out as soon as we possibly can.  Thanks.

6              THE COURT:  Thank you.  Let's turn to the next

7     point we wanted to discuss, the liaison counsel issue for

8     the Direct Action Plaintiffs.  Noted here that the DAPs

9     would like to discuss this issue.

10             Who would like to speak on this?

11             MR. BLECHMAN:  Your Honor, this is William

12    Blechman from Kenny Nachwalter.  I have been tasked with

13    addressing this issue for the Court.

14             THE COURT:  Okay.  Go ahead.

15             MR. BLECHMAN:  Thank you very much.  Your Honor,

16    I took a look at the Court's order of November 9th, and I

17    note that the Court wants to appoint liaison counsel for

18    the Direct Action Plaintiffs, and I'm concerned that we may

19    have led the Court astray in our response to Pretrial Order

20    No. 1 where in the course of explaining to the Court the

21    differences between class and Direct Action Plaintiffs and

22    in explaining the differences in the fiduciary duties that

23    explains why there can be a lead counsel for the class as

24    opposed to a liaison for Direct Action Plaintiffs, I fear

25    that we have taken the Court off course in focusing on the

1   issue of the fiduciary duties and representation that may

2   get in the way of there being a liaison counsel.

3            I can tell you, Your Honor, from actual

4   experience that the number of lawyers that -- excuse me --

5   of firms that are represented by a given plaintiff or law

6   firm, excuse me, really does not function to get in the way

7   of an effective and efficient administration of an MDL from

8   the point of view of administration if there is liaison

9   counsel, and if that is what the Court is looking for,

10  which I read the Court's order to say, then I know that can

11  work.

12           And the reason I know it can work is, I have been

13  liaison counsel for Direct Action Plaintiffs in six other

14  MDL antitrust cases, including two right now.  One in front

15  of Judge Roof MDL 2724, the generics case, and another in

16  front of Chief Judge Sabraw in the Southern District of

17  California, the packaged seafood case.

18           I have done this in a number of cases.  In most

19  of those cases, Your Honor, the law firms that represent

20  individual plaintiffs, Direct Action Plaintiffs, represent

21  a number of different plaintiffs like Mr. Kaplan's firm,

22  and in many of those cases there are actually more Direct

23  Action Plaintiffs' law firms than are present in this MDL.

24           I know from the experience that I've had that if

25  what the Court is looking for here is for a single point of

1    contact for the administration of the MDL and for

2    efficiencies and organization and the discharge of those

3    kinds of administrative functions that a single direct

4    action plaintiff law firm or lawyer, I know that that can

5    work from experience.

6              If, however, what the Court is looking for is to

7    actually have a law firm and lawyer that does not represent

8    any of the Direct Action Plaintiffs at all somehow be hired

9    to represent all of the Direct Action Plaintiffs, which I

10   don't think that's what Your Honor has in mind, but I'm not

11   sure, which is why we wanted to talk to you; but if it is

12   what, if that's what the Court has in mind, then I think

13   that presents several insurmountable problems for us in

14   terms of the canon of ethics and fiduciary duty law.

15             And so we wanted to talk to you to understand

16   better what the Court had in mind, and what -- if in the

17   course of our advocacy in the response to PTO 1 we have, we

18   have taken the Court astray with regard to its focus on

19   fiduciary duties, we want to tell the Court that in terms

20   of administration, that does not have to be a factor, and

21   in fact we know that it would not be.

22             THE COURT:  Anyone else wish to speak on this?  I

23   don't know that I have a particular problem.  Mr. Kaplan is

24   certainly a fine lawyer.  If everyone wants to do it that

25   way, I was reacting to the writing that suggested that one

1    DAP attorney can't ethically represent all DAPs as liaison

2    counsel, and that was my reaction at the time.

3              And if everyone believes this is appropriate, I

4    guess I don't really have any general problem with it

5    because I don't have a problem with Mr. Kaplan performing

6    the role.

7              MR. BLECHMAN:  Your Honor, all the Direct Action

8    Plaintiffs support Mr. Kaplan and his firm serving as

9    liaison counsel.  Our discussion in the response to

10   Pretrial Order 1 was intended to focus on the fiduciary

11   duties that constrains the ability for there to be a lead

12   counsel.

13             THE COURT:  Right.

14             MR. BLECHMAN:  As is in the class situation who

15   operates on behalf of Direct Action Plaintiffs, but in

16   terms of there being a liaison counsel where a lawyer and

17   firm are discharging administrative responsibilities to the

18   Court, we see no impediment in terms of the fiduciary

19   duties that liaison counsel would have in discharging those

20   responsibilities to the Court relative to that lawyer's

21   fiduciary duties to his firm's clients.

22             THE COURT:  All right.  Thank you.  I appreciate

23   that, Mr. Blechman.  I will take another quick look at this

24   and issue an order early next week.

25             MR. BLECHMAN:  Very well, Your Honor.  Thank you.

         1          THE COURT:  All right.  The scheduling of open

         2     depositions, Judge Docherty, do you want to take that?

         3          MAGISTRATE JUDGE DOCHERTY:  Yes.  I would be

         4     happy to.  Thank you.

         5          The agenda that was submitted just says the

         6     parties will be prepared to discuss this.  So once again,

         7     I'm just looking for some content.  I heard Mr. Eddy

         8     earlier speaking on this and Mr. Taylor, and I think it's

         9     safe to say I heard two rather different descriptions of

        10     the state of affairs as to scheduling of open depositions.

        11          I don't know if Mr. Taylor and Mr. Eddy will

        12     speak to this, but who will be speaking to this, please?

        13          MR. TAYLOR:  Your Honor, I'm happy to begin

        14     again, and happily maybe I will be the one and only, but of

        15     course we will see.

        16          MAGISTRATE JUDGE DOCHERTY:  Okay.  Well,

        17     Mr. Taylor, I heard from you there is two and a half open

        18     depositions, and I heard from Mr. Eddy, there is -- I don't

        19     even remember, but it was a very large number in a very

        20     short time.

        21          So help me understand what's going on here.

        22          MR. TAYLOR:  To harmonize those, I think the

        23     difference was that I was addressing remaining defendant

        24     depositions, and Mr. Eddy was addressing remaining DAP

        25     depositions.  So I don't think any of us were wrong, but we

1    placed different, we give different weights to the

2    relevance of those with respect to the schedule.

3         In terms of the agenda item here, the parties

4    have continued to work on scheduling, and the one or so

5    depositions that the parties may have needed to raise for

6    which scheduling was still outstanding I understand has

7    been resolved, and defendants do not believe anything

8    further is needed from the Court at this point.

9         The parties continue to schedule them

10   cooperatively and will finish these soon.

11        MAGISTRATE JUDGE DOCHERTY:  Okay.  Is anyone from

12   the class plaintiffs wanting to speak to this issue?

13        MR. BOURNE:  Your Honor, the classes don't

14   believe there is anything further necessary to address.

15        MAGISTRATE JUDGE DOCHERTY:  Okay.  Thank you

16   Mr. Bourne.

17        Anyone from the DAPs wish to address this issue?

18        MR. KAPLAN:  No, Your Honor.  The one issue has

19   been resolved since this was filed, so I think we are fine.

20        MAGISTRATE JUDGE DOCHERTY:  All right.  We will

21   check that particular box and will take no further action

22   on it unless alerted by counsel that there is an issue that

23   needs judicial intervention.

24        Thank you all.

25        THE COURT:  All right.  Thank you.

1              Class certification, I understand we're waiting

2     for some filings today I believe is the deadline, so

3     probably have people working on that to finish that up.  We

4     have scheduled the day of January 31st for the class

5     certification hearing.

6              I indicated that I wasn't inclined to view this

7     as an evidentiary hearing but rather simply arguments with

8     whatever evidentiary matter submitted by affidavit.  I

9     think when we talked last, the defendants wanted to discuss

10    this issue amongst themselves some more.

11             Anyone want to talk about this before we finally

12    set this?

13             MR. TAYLOR:  Your Honor, I can speak briefly to

14    it.

15             THE COURT:  Okay, Mr. Taylor.

16             MR. TAYLOR:  I might request the Court's

17    forbearance to allow us an extra day or two to formally

18    submit or confirm a proposal, but my understanding is that

19    we were aligned at this point that around four hours total

20    presentation among all the parties should be sufficient and

21    that we will not move for a separate, full evidentiary

22    hearing aside from the evidence that's presented in the

23    papers.

24             THE COURT:  All right.  Four hours would be fine.

25    Do you want to let me know for sure Monday or Tuesday?

 1              MR. TAYLOR:  Yes, Your Honor.  We appreciate your

 2      patience.

 3              THE COURT:  That's fine.  That's no problem.  A

 4      lot going on right now.  So all right.  We will keep it on

 5      January 31st.  I think that's the right date for it, and I

 6      think there is briefing due today, and then I think there

 7      is also the defendant reply on motions to exclude

 8      testimony, which is not due until January 6th, which is of

 9      course fine as well.

10              All right.  We will plan on four hours, but let

11      me know if you have any alternative suggestion to that.

12      I'm happy to hear anything more that you would like to say.

13      Okay?

14              MR. TAYLOR:  Thank you, Your Honor.

15              THE COURT:  All right.  Anything else anyone

16      wishes to address today?

17              MR. KAPLAN:  I would just like to ask Judge

18      Docherty, you mentioned, Your Honor, that there is a filing

19      due on Monday by the DAPs?

20              MAGISTRATE JUDGE DOCHERTY:  I was speaking from

21      memory, Mr. Kaplan, but my understanding is that we are

22      still waiting, and it might be Monday.  It might be another

23      day.  As I say, I'm speaking from memory, but at the first

24      case management conference, we did speak about getting

25      comment or input on scheduling.  That's all I was referring

```
 1    to.

 2                MR. KAPLAN:  Thank you, Your Honor.

 3                MR. RASHID:  Your Honor, if I may, this is Sami

 4    Rashid for JBS USA.  I believe Your Honor may be thinking

 5    about the submission in the Beef case from the Beef DAPs

 6    that will be due on Monday.

 7                MAGISTRATE JUDGE DOCHERTY:  I know something is

 8    due on Monday, so --

 9                MR. RASHID:  It was DAP related, too, so --

10                MAGISTRATE JUDGE DOCHERTY:  Thank you.

11                MR. RASHID:  You're welcome.

12                THE COURT:  All right.  Anything else anyone

13    wishes to raise today?

14                All right.  Well, we will get these orders out

15    shortly, and what's our schedule next date for a status

16    conference, Heather?  Do you have that handy?

17                COURTROOM DEPUTY:  I don't.

18                THE COURT:  15th of December?  Okay.  I would

19    like to set one about a month or so from now.  Is there any

20    date we should avoid?  We will do it by Zoom again of

21    course.

22                COURTROOM DEPUTY:  December 15th would work.

23                THE COURT:  December 15th, ten o'clock in the

24    morning.

25                COURTROOM DEPUTY:  You've got a speaking
```

 1    engagement, so maybe 2:00 in the afternoon.

 2              THE COURT:  All right.  How about two o'clock in

 3    the afternoon December 15th for our next status conference?

 4              MR. TAYLOR:  That should be fine, Your Honor.

 5              THE COURT:  If anyone runs into a major conflict

 6    and you need to be part of it, just let us know.  We can be

 7    flexible on it, but we will set it for that time now.

 8              Okay.  Thank you, everyone.  Appreciate your

 9    participating today, and glad we are able to do it by Zoom.

10    Always like to have you here, but it's handy to do it by

11    Zoom, so we appreciate that.

12              Thank you.

13              MR. KAPLAN:  Thank you, Your Honor.

14              MR. TAYLOR:  Thank you.

15              THE COURT:  We will be in recess.

16                   **(Court was adjourned.)**

17                   *         *         *

18              I, Kristine Mousseau, certify that the foregoing

19    is a correct transcript from the record of proceedings in

20    the above-entitled matter.

21

22

23

24    Certified by:  s/  *Kristine Mousseau, CRR-RPR*
                             Kristine Mousseau, CRR-RPR
25