UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION*<br><br>This Document Relates To:<br><br>ALL ACTIONS | Civil Action No. 0:18-cv-01776 JRT/JFD |

**CERTAIN DIRECT ACTION PLAINTIFFS' OBJECTIONS, MADE SUBJECT TO LOCAL RULE 72.2, TO MAGISTRATE JUDGE'S ORDER DATED NOVEMBER 16, 2022 DENYING MOTION TO COMPEL**

Pursuant to Local Rule 72.2, the undersigned Direct Action Plaintiffs (the "Moving DAPs")[1] raise certain objections to the Order of the Honorable John F. Docherty entered on November 16, 2022 (the "Order," at ECF No. 1608), denying Moving DAPs' Motion to Compel Production of Sales Data (the "Motion," at ECF No. 1493). Moving DAPs respectfully submit that, for the reasons and objections enumerated and discussed below, the Order contains material findings of fact and law that are clearly erroneous and contrary to law. Moving DAPs, therefore, respectfully request that the District Court set aside the Order's findings and conclusions, and, subject to the District Court's reconsideration of the matter, grant the Moving DAPs' timely Motion to compel certain defendants' production of their sales data for four pork products[2] – the relevance of which is conceded in the Order.

---

[1] Moving DAPs here are: Compass Group USA, Inc., Conagra Brands, Inc., Howard B. Samuels solely as Trustee for the estate of Central Grocers, Inc. Nestlé USA, Inc., Nestlé Purina PetCare Company.

[2] These products are (1) franks—hot dogs and various types of franks that include pork and non-pork meat; (2) multi-ingredient products—such as pepperoni, breakfast burritos, sausage tots, or sausage rolls; (3) offal products—products removed from the carcass

DAPs recognize that they have a very tough burden to show clear error by Judge Docherty in his Order—but we respectfully submit that we can meet that burden and do so below. The bases for the Moving DAPs' Objections to the Order as clearly erroneous and contrary to law are as follows.

DAPs' Motion to Compel was filed within the agreed upon Scheduling Order (ECF 658) deadline for filing nondispostive motions. That is not disputed. DAPs fulfilled the requirement of conducting a meaningful meet and confer with the four Defendants. The meet and confer process occurred over several months from May into September 2022. That is not disputed.

### A.    PURPORTED UNTIMELINESS

Judge Docherty committed clear error in finding Moving DAPs did not act in a timely manner to seek the requested data for the four pork products and, indeed, in finding that this perceived untimeliness was "the core issue" for his Order. (Order at 9) Judge Docherty erroneously relies on a deadline that applied to Defendants and not on Plaintiffs—the deadline <u>on Defendants</u> to substantially complete production of their structured data by September 1, 2021. Judge Docherty compounds his error by then finding that Moving DAPs did not show "good cause" for missing that deadline.

Judge Docherty cites *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020) for the principle that "[t]he primary measure of good cause is the movant's diligence in attempting to meet deadlines." But *Ellingsworth* has nothing whatsoever to do

---

during processing, such as fat, hearts, and other organs; and (4) renderings and by-products—including blood meal and bone meal.

with a motion to compel, but rather with a plaintiff who failed to meet the deadline for amending his complaint. "Because Ellingsworth sought to amend his complaint after the deadline had passed, he must show 'good cause.' Good cause may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading. *Hartis v. Chi. Title Ins. Co., 694 F.3d 935, 948 (8th Cir.2012).*" Id. Unlike in *Ellingsworth,* there was no clear deadline on Moving DAPs with respect to seeking Defendants' data for the four excluded products, with the exception of the deadline for filing nondispositive motions—which was November 14, 2022—a deadline that Moving DAPs clearly met.

Judge Docherty cites *Ellingsworth* for requiring "good cause" and erroneously conflates missing a clear Court ordered deadline on plaintiff -- in that case seeking to amend his complaint months after the deadline for amending had passed -- with supposedly not being diligent in seeking data before moving to compel:

> The Court finds that the Moving DAPs, with the exception of Compass, should have sought relief from the Court no later than the end of December 2021, and that this untimeliness, which is not excused by diligence, is sufficient reason to deny the motion as to all Moving DAPS other than Compass.

Neither this Court in its Orders in this case nor the Federal Rules of Civil Procedure impose an additional requirement of subjective diligence before filing a motion to compel.[3]   In

---

[3] The only marginally relevant case Defendants cited in their response that was from this Circuit was *Secure Energy, Inc. v. Coal Synthetics*, 2010 WL 597388, (ED Mo.). However, in that case, the Plaintiffs filed their motion to compel two months after the deadline for filing motions to compel, after the deadlines for designating and deposing experts had passed, and after the Defendants had filed their motions for summary judgment. That is far from the situation here.

addition, Judge Docherty conceded that there was no "untimeliness" by Compass Group whatsoever, but thereafter denied Compass Group's motion without explanation.

### B.  NO UNDUE BURDEN OR DISPROPORTIONATE BURDEN

As was pointed out to Judge Docherty, Defendants clearly did not meet their obligation to meaningfully meet and confer. For example, not one of the four Defendants provided any information or support at all to Moving DAPs setting forth their alleged undue burden to produce the requested data. Their letters and emails (marked as exhibits by the parties) are utterly silent on any details of their supposed burden. Indeed, Tyson and Hormel never once mentioned any of the "facts" they later provided in the affidavits they filed with their response to Moving DAPs Motion. Those burden issues, if legitimate, could have been addressed and resolved had they been raised and presented while the parties met and conferred during May-September--but they were not.

Judge Docherty also found the burden on the four Defendants was not proportional, even though only two Defendants submitted any supporting affidavits (albeit not during the meet and confer process when such issues, if in any way legitimate, could have been addressed). The two largest Defendants in terms of market share, JBS and Smithfield, provided no support in their Response, as it is their obligation to do under the law of this District, that providing the requested data was in any way onerous, much less unduly burdensome.

A party resisting discovery bears the burden "to clarify and explain their objections and to provide support for those objections." *John Doe I v. Mulcahy, Inc.*, No. 08-cv-306 (DWF/SRN), 2008 WL 4572515, at *2 (D. Minn. Oct. 14, 2008); *Kramer v. Boeing Co.*,

4

126 F.R.D. 690, 692 (D. Minn. 1989). "Broad allegations of burdensomeness, without more, will not suffice." *Edeh v. Equifax Info. Servs., LLC*, No. 11-2671 (SRN/JSM), 2013 WL 2480676, at *4 (D. Minn. June 10, 2013). The fact that producing discovery may require time and effort does not inherently render a request unreasonably burdensome. *See Boulay Auto Glass, Inc. v. Illinois Farmers Ins. Co.*, No. Civ. 10-798 (PJS/LJB), 2010 WL 11537438, at *43 (D. Minn. Oct. 21, 2010) (citing *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001)). As this Court has made clear: "The burden of showing undue burden and disproportionality is on the party resisting disclosure." *Lynch*, 569 F.Supp.3d at 963 (citing *Beseke v. Equifax Info. Servs., LLC*, No. 17-CV-4971 (DWF-KMM), 2018 WL6040016, at *4 (D. Minn. Oct. 18, 2018)).

JBS and Smithfield offered no such showing. Judge Docherty's Order, in light of the total absence of such evidence of burden by JBS and Smithfield, is clearly erroneous. In fact, JBS and Smithfield not only did not, but they could not, provide such evidence of undue burden because, as part of their settlements with the DPP class and the indirect purchaser classes, (a) they defined "pork" in their settlement agreements to include the four products at issue; (b) they successfully obtained this Court's approval of that definition of pork; and (c) they produced their sales data for the four excluded products (as did Tyson and Hormel) to the class claims administrators pursuant to the Order of this Court on March 1, 2022. (Order at ECF No. 1208 at ¶ 5.)

Moreover, the evidence provided to the Court in DAPs' Motion and in oral argument on October 5, 2022 contradicted any suggestion that the burden on these four

5

Defendants to produce their sales data for four pork products could be deemed to be undue or disproportionate, and that Judge Docherty's finding to the contrary was clear error.

Indeed, in this case, Judge Bowbeer ordered *third-party* pork processor Indiana Packers to produce 5 1/2 years of detailed sales data for almost 800 different pork products (*see* Order on Motion to Compel, May 9, 2022, ECF No. 1356), which Indiana Packers produced shortly thereafter. Also in this case, another *third-party* pork processor Sioux-Preme was subpoenaed by the Defendants in May 2022 and it produced 13 years of structured transaction level sales data for 3,000 pork products in two months' time in July 2022.

Judge Docherty's assumption that the fact discovery deadline would need to be moved (Order at 10-11) in order to accomplish this production of sales data for the four excluded products from these four Defendants is simply wrong and unsupported. As noted above, two large third party pork processors accomplished much larger and more complex data productions in only two (2) months. Had the Defendants agreed to this data production when DAPs asked in May 2022, they would easily have accomplished it by August 2022—well within the deadline. In any event, as this Court knows well (from recent joint submissions and status conferences), fact discovery is continuing well after the October 31 deadline -- as Defendants have been and will be taking more than thirty depositions of DAPs through December and into January 2023. Equally important for scheduling purposes, the structured data that DAPs seek here is for their experts' analysis, and the parties have submitted proposed deadlines for initial expert reports for May/June 2023— at least six months away. (ECF No.1606).

6

### C.     BROILER CHICKENS' ORDER IS ON POINT

Judge Docherty also committed clear error by not even discussing an Order in the *Broiler Chickens Antitrust* case that is directly on point for DAPs' Motion, that was discussed in DAPs' Motion, was attached to our motion as Exhibit N, and discussed by DAP counsel at length in the hearing. The Defendants likewise did not address the Order in the *Broilers* case that we cited to and attached. The *Broilers* case gave birth to this case re Pork and the other protein antitrust cases now before this Court.

In *Broilers* the classes and defendants negotiated, and the Court ordered, that Defendants were to produce structured data for all their broilers chicken products (including offal and renderings) through 2017. Two years later, on the eve of class certification, the class counsel—<u>who made the agreement</u>—filed a motion to compel seeking an additional two full years of structured data for their experts from 20 defendant producers on all products sold. The defendants, including Tyson counsel here, raised burden with submitted declarations, argued lack of relevance and disproportionate discovery. Defendants' complained

> "After much negotiation and briefing, in December 2017, the Court ordered a "January 1, 2004 through December 31, 2017" time period for structured data. (Mot. at 3.) The end of the time period was never in dispute: ***Plaintiffs*** requested it. (*See, e.g.*, Dkt. 3532-4, Requests 48-53 (requesting information through December 31, 2017).) They now seek a do-over and want an additional two years of data—through December 2019."

Judge Gilbert granted the class motion to compel, notwithstanding the classes prior agreement, recognizing that notwithstanding the substantial burden on defendants, the discovery was relevant and proportional: "the burden on Defendants of producing the

7

information Class Plaintiffs are seeking, though far from insignificant, is proportional to the needs of the case." (ECF No. 1495—Ex N)

Unlike *Broilers*, Moving DAPs did not make, were not parties to and were nowhere near the negotiating table (having not even filed suit) for the discovery agreement on which Defendants rely in refusing to produce the data for the four products at issue. Unlike *Broilers*, Moving DAPs are seeking data for four product categories within the same time period that has governed discovery in this case—and not data for the many thousands of products sought in *Broilers* over an expanded time period. Like *Broilers*, the data we seek are relevant for the experts' assessment of antitrust impact and damages. Like *Broilers,* the discovery is proportional to the needs of DAPs' cases. We submit that the ruling in *Broilers* should have been the guide for the Court here, and that Judge Docherty's failure to address that case is clear error.

### D.  MOVING DAPs DATA DOES NOT SUFFICE

Judge Docherty also committed clear error in his Order when he concluded, contrary to the record, that DAPs possessed purchase data that was the equivalent of the four Defendants' structured data. Judge Docherty erroneously stated (Order at 12):

> The Moving DAPs are just as likely to have the purchase records for the excluded products as Defendants are to have the sales records. The Moving DAPs have not explained why their own purchase data will not suffice.

On the contrary, Moving DAPs advised the Court in argument that DAPs did not have the equivalent sufficient data. Moving DAPs advised the Court in their Motion that DAPs produced the purchase data they had. Significantly, the Defendants made no suggestion or argument in their Response or in argument that DAPs' own data were sufficient.

8

Indeed, when the Court asked in oral argument "what about looking in your clients' own files for this material?", Moving DAPs counsel responded:

> We have done that, of course, Your Honor.   Unfortunately, and it is just almost universal in antitrust cases, the buyers don't have the same level of detail, the same time period, the same robustness of data as the defendants. We have produced the data for Nestle USA and Conagra and Nestle Purina to defendants, and they don't make an argument that that data is sufficient unto our purposes, because it is not.   We have given them what we have. And it's just not adequate for the kind of transaction-level analysis that economists need to engage in.

(Tr. 12-13). Judge Docherty's assumption in his Order that DAPs' purchase data were more than enough was contradicted by the record before him and was clearly erroneous.

### E.    RELEVANCE OF THE REQUESTED DATA IS CLEAR

The requested sales data are entirely relevant to Moving DAPs' claims that the Defendants' conspired to suppress the supply of and raise the prices for Pork products. Moving DAPs bought the four pork products in question that are covered by the withheld pork product sales data, as evidenced by the documents cited by Moving DAPs in their Motion. This is not disputed. Moreover, as the class certification briefing and expert reports submitted therewith in this case (as cited by Moving DAPs) make clear, overcharges in antitrust cases are determined by looking at Defendants' transaction level data from before, during and/or after the alleged conspiracy period. Moving DAPs' experts will need the requested data.  That is not disputed.[4]

---

[4] The relevance of the products at issue has been confirmed by this Court. "**The court approved definition of Pork in the JBS and Smithfield Settlements is broader than the definition of Pork** in the operative DPP Third Amended and Consolidated Complaint (ECF No. 431)." (*See* Declaration of DPP counsel Joe Bruckner dated 2/15/22, ECF No. 1193 at ¶ 7; emphasis added.) The Court expressly required all Defendants "**to produce**

Judge Docherty committed clear error in applying overly strict standards for discovery under the well-established case law in this Court. Relevance needs only be slight. "Pursuant to Federal Rule of Civil Procedure 26, parties are entitled to liberal discovery regarding 'any matter, not privileged, which is relevant to the subject matter involved in the pending action.'" Fed. R. Civ. P. 26(b)(1). A discovery request is relevant unless the information sought can have no possible bearing on the claims or defenses of the case. *Scheffler v. Molin*, No. CIV. 11-3279 (JNE/JJK), 2012 WL 3292894, at *6 (D. Minn. Aug. 10, 2012). Relevance in the context of discovery is "extremely broad" and courts presume a discovery request is relevant unless "it is clear that the information sought has no bearing upon the subject matter of the action." *Sinco, Inc. v. B&O Mfg., Inc.*, No. 03-5277 (JRT/FLN), 2005 WL 1432202, at *1 (D. Minn. May 23, 2005).[5]

## CONCLUSION

In conclusion, Moving DAPs respectfully submit that, based on the above facts and law, the Magistrate Judge's November 16, 2022 Order denying our motion to compel committed several clear errors of fact and law. The Court should sustain Moving DAPs'

---

**supplemental sales data for Pork products that fall within the Settlement Class Definition**" by March 1, 2022. (Order at ECF No. 1208 at ¶ 5; emphasis added.) Significantly, the purchases of the four excluded pork products were expressly part of these class settlements and were compensable in the claims process.

[5] Judge Docherty also committed error in reading the Pork definitions in the discovery served by DAPs as limited or limiting the discovery we sought. (Order at 6). The Pork definition was meant to be and is broad, and the vast majority of the pork meat products (which include the four products at issue here) are also not listed, e.g., tenderloins, spare ribs, hams, etc.

objections set forth above and provide Moving DAPs with the limited relief sought in their Motion to Compel.

November 30, 2022

Respectfully submitted,

/s/ David C. Eddy
David C. Eddy
Dennis J. Lynch
Travis C. Wheeler
NEXSEN PRUET LLC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: (803) 771-8900
Facsimile: (803) 253-8277
deddy@nexsenpruet.com
dlynch@nexsenpruet.com
twheeler@nexsenpruet.com

*Attorneys for Plaintiffs Nestlé USA, Inc.; Nestlé Purina PetCare Company; Conagra Brands, Inc.; Howard B. Samuels, solely as Chapter 7 Trustee of the estate of Central Grocers, Inc.; and Compass Group USA, Inc.*