# EXHIBIT 1

```
 1                    UNITED STATES DISTRICT COURT
                          DISTRICT OF MINNESOTA
 2
       -----------------------------------------------------------
 3                                  )
       In Re:  Pork Antitrust       )   File No. 18-cv-1776
 4     Litigation                   )           (JRT/JFD)
                                    )
 5                                  )
                                    )
 6                                  )   Zoom Video Conference
                                    )   St. Paul, Minnesota
 7                                  )   Wednesday, October 5, 2022
                                    )   4:03 p.m.
 8                                  )
       -----------------------------------------------------------
 9

10           BEFORE THE HONORABLE JOHN F. DOCHERTY
          UNITED STATES DISTRICT COURT MAGISTRATE JUDGE
11                     (MOTIONS HEARING)

12     APPEARANCES:

13     For Direct Purchaser       PEARSON, SIMON & WARSHAW LLP CA
       Plaintiffs:                BY:  BOBBY POUYA
14                                15165 Ventura Boulevard, #400
                                  Sherman Oaks, California 91403
15
       For Commercial and         BARRETT LAW GROUP P.A.
16     Institutional Indirect     BY:  STERLING ALDRIDGE
       Purchaser Plaintiffs:      404 Court Square North
17                                Box 927
                                  Lexington, Mississippi 39095
18
                                  CUNEO GILBERT & LaDUCA LLP
19                                BY:  A. BLAINE FINLEY
                                  4725 Wisconsin Avenue NW, #200
20                                Washington, D.C. 20016

21     For Consumer Indirect      GUSTAFSON GLUEK PLLC
       Purchaser Plaintiffs:      BY:  MICHELLE J. LOOBY
22                                120 South Sixth Street, #2600
                                  Minneapolis, Minnesota 55402
23
                                  HAGENS BERMAN SOBOL SHAPIRO LLP
24                                BY:  SHANA E. SCARLETT
                                  715 Hearst Avenue, #202
25                                Berkeley, California 94710
```

1          MS. ABERG:  Yeah.  And now, of course, turning to

2     burden.  You know, we would contend that even if these

3     products are marginally relevant, the need for the data is

4     outweighed by the high burdens of production.  Probably not

5     too much to say about this.  We've submitted --

6          THE COURT:  No.  I think plenty has been said.

7          MS. ABERG:  Okay.

8          THE COURT:  This can be short.

9          MS. ABERG:  Yes.

10          THE COURT:  Okay.

11          MS. ABERG:  So, yeah, we submitted declarations.

12     I'm happy to provide details about any of, any of the

13     specifics that we've put in there, but, suffice it to say,

14     data production very burdensome.  It would be burdensome to

15     collect the additional data that is sought.  And,

16     accordingly, and especially given the low level of

17     relevance, we don't think that that burden is justified.

18          And just as one final point, I want to address

19     this refrain that DAPs cannot be bound by discovery

20     agreements that they weren't involved in negotiating.  We --

21     our position, first of all, is that it should not be

22     presumed that DAPs get to come in and negotiate all their

23     own discovery agreements in this case.

24          Judge Tunheim acknowledged as recently as

25     yesterday in his order that DAPs are not necessarily

1     entitled to additional requests.  In his order that he

2     issued yesterday he stated that the court would, quote, not

3     assume that additional structured data requests or new

4     proposed search terms will necessarily be deemed

5     proportional to the needs of the case.

6             And then, finally, we contend that DAPs' interests

7     were promoted and protected in the negotiated product scope

8     agreements that were reached in April of 2021 by able class

9     counsel.

10            THE COURT:  All right.  Thank you very much.

11            Mr. Eddy, let's go back to you.  And confining

12    yourself to points that Ms. Aberg made, rebuttal.

13            MR. EDDY:  Your Honor, you will not see my firm

14    listed on any of the exhibits that the defendants put

15    forward.  There was confusion in the spring of this year.

16    And once we learned of this agreement to exclude, we acted

17    promptly.  The defendants are essentially saying we waived

18    our right to these data.  That's simply untrue.  Once we

19    learned --

20            THE COURT:  Well, let's, let's break that down a

21    little bit.  I mean, after you finished on your direct

22    remarks, Mr. Ahern had some things he wanted to say; and the

23    first thing he said was, you know, contrary to what you've

24    heard, I was in the room when this was negotiated.

25    Mr. Ahern and you are both lawyers representing the direct

33

1    purchaser plaintiffs or direct action DAPs.  And, I mean, I

2    don't wish to sound flippant, but do you guys talk to each

3    other?  I mean, how could you have been surprised that this

4    had been negotiated?

5              MR. EDDY:  We understood we have -- we got their

6    data.  And Mr. Ahern even admitted his views were not in the

7    agreement.  When we got their data, we saw inconsistent

8    results.  Clemens Corporation produced all their data.  So

9    we had to ask our consultants, were all these data excluded

10   or were they produced?  And it varied.  And that's -- that

11   caused us to, you know, make sure we were correct in our

12   approach on this.  We didn't want to go file a motion to

13   compel on one and then another one on another company.  The

14   bottom line is even Mr. Ahern doesn't represent my clients.

15   His clients don't buy offal and rendering products.

16             And let me say --

17             THE COURT:  I'm not making that point.  What my

18   point is, is that Mr. Ahern has, in my view, put himself out

19   there as a percipient witness to this agreement, and both

20   Mr. Ahern and you are representing DAPs.  And that's, I

21   think, all I need to say and also all I can say, because I

22   think that's as far as the evidence goes.

23             MR. EDDY:  The reality is, Your Honor, we asked

24   Mr. Ahern, once we started to see gaps, what happened, what

25   was going on.  And he said, I never reached a deal.  And

1        right?

2                    MR. EDDY:  Thank you, Your Honor.

3                    MS. ABERG:  Thank you, Your Honor.

4                    THE COURT:  Thank you.  Thank you all very much.

5        Have a good evening.

6                    MR. AHERN:  Thank you, Your Honor.

7                (Court adjourned at 4:55 p.m., 10-05-2022.)

8                                *   *   *

9                    I, Renee A. Rogge, certify that the foregoing is a

10       correct transcript from the record of proceedings in the

11       above-entitled matter.

12                         Certified by:  /s/Renee A. Rogge
                                          Renee A. Rogge, RMR-CRR
13

14

15

16

17

18

19

20

21

22

23

24

25