# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

*IN RE PORK ANTITRUST LITIGATION*

This Document Relates To:

ALL ACTIONS

Case No. 0:18-cv-01776-JRT-JFD

**AMENDED EXHIBIT "A" TO JOINT STATUS REPORT FILED AS ECF NO. 1681-1**

# AMENDED
# EXHIBIT A

**Exhibit A**

I.   **LIST OF OUTSTANDING DAP DEPOSITIONS**

Depositions of DAPs currently scheduled

- John Pollard (Dollar General), December 15, 2022[1]
- Dollar General 30(b)(6), December 15, 2022
- Unified Grocers 30(b)(6), December 21, 2022
- John Stowell (BJ's), January 4, 2022
- Todd Allen (Raley's), January 10, 2023
- Aldi 30(b)(6), January 11, 2023
- John MacAskill (BJ's), January 14, 2023
- UniPro 30(b)(1), January 25, 2023
- UniPro 30(b)(6), January 26, 2023

Depositions of DAPs for whom dates are still being negotiated

- Associated Grocers of Florida 30(b)(6)
- Compass Group
- Conagra 30(b)(1) and 30(b)(6)
- Howard B Samuels (Central Grocers) 30(b)(6)
- Kraft 30(b)(1) and 30(b)(6)
- Nestle Purina 30(b)(6)
- Nestle USA 30(b)(6)
- Tony's Fine Foods 30(b)(6)
- United Natural Foods 30(b)(6)
- US Foods 30(b)(6)
- Winn-Dixie 30(b)(6)

DAPs who have a second 30(b)(6) deposition in dispute

- Cheney Brothers[2]

DAPs who have not yet reached deadlines
to substantially complete document productions

- Aramark Food

---

[1]  On December 15, 2022, Defendants took the Dollar General/Dolgencorp Rule 30(b)(6) deposition but are potentially continuing that Rule 30(b)(6) deposition in early January, since Defendants believe the witness was not prepared to answer questions regarding various topics noted in the agreed-upon Topic No 2.  The parties are working amicably on a resolution of that issue.

[2] The parties are continuing to meet and confer in an attempt to resolve this without the need for Court intervention.

- Gordon Food
- Quality Supply Chain Co-Op
- Target

Recently filed DAPs whose cases have not yet been entered in the consolidated MDL

- Maximum Quality Foods
- McDonald's

## II.     PARTIES' POSITIONS CONCERNING THIRD-PARTY DEPOSITIONS

**Requesting Defendants' Position:  See Exhibit A.**

**Plaintiffs' Position:  See Exhibit A.**

**EXHIBIT A – REQUESTING DEFENDANTS' POSITION**

**Requesting Defendants' Position:**  Defendants are entitled to take two remaining third-party depositions:  a 30(b)(6) deposition of pork processor Sioux Preme Packing Co. and a 30(b)(1) deposition of Courtney Knupp, Vice President of International Market Development on the National Pork Board.  Defendants served timely deposition subpoenas within the fact discovery period, and Plaintiffs cross-noticed them.  The depositions have not taken place yet because Defendants have been working to negotiate with the third parties on timing and scope.  These depositions are plainly relevant, proportionate and timely, and should proceed.

**Sioux Preme:**  The Sioux Preme deposition should proceed.  ***First***, this deposition is highly relevant.  Sioux Preme is a pork packer like Defendants, but not alleged to be a conspirator.  During the alleged class period, it cut its pork supply, increased exports, and subscribed to Agri Stats—the same conduct that Plaintiffs say was against Defendants' unilateral interests.  On November 18, 2022, Sioux Preme became more relevant still: Plaintiffs' expert filed a report that spent pages discussing (and trying to distinguish) Sioux Preme's export activity.  Dkt. 1617 at 37-43.  Further, Sioux Preme's testimony on whether it, as a packer, controls hog supply through its hog purchases goes to the heart of Plaintiffs' allegation that Defendant-packers control hog supply.  ***Second***, Sioux Preme has agreed to testify.  Sioux Preme and Defendants successfully negotiated a limited, 2-hour deposition covering two topics: (i) Sioux Preme's hog procurement process and (ii) export activity.  Defendants have offered to split the two hours equally with Plaintiffs, and remain willing to do so.  Plaintiffs alone stand in the way of Defendants obtaining this relevant discovery.  ***Third***, the deposition subpoena was timely served; the passage of time is due solely to

trying to reach agreement with Sioux Preme regarding the scope of the deposition. Defendants should not be penalized for working with a third party to tailor a deposition notice. Plaintiffs' timeliness objection is curious given that they have also continued to engage in third-party discovery since October 31 by serving third-party affidavits weeks after the close of fact discovery, though they are dated several weeks earlier.

**Courtney Knupp:** Like Sioux Preme, Ms. Knupp's deposition is highly relevant. Ms. Knupp worked at USDA and as Director of International Trade Policy at the National Pork Producers Council. Ms. Knupp's testimony about the work of those institutions, their meetings (alleged to be sites of the conspiracy), and her analysis of pork exports during the relevant time hit on central issues in this case. Her government status is the only reason the deposition is still pending; the government has been conducting a *Touhy* analysis to determine whether the deposition may proceed and, if so, its scope. Thus, that this deposition has not yet occurred is not within Defendants' control, and Plaintiffs' attempt to preclude Defendants obtaining relevant testimony while the government conducts a *Touhy* analysis is improper, though telling. Moreover, on October 25, Defendants informed Plaintiffs that Ms. Knupp's deposition needed to take place after October 31 given the ongoing *Touhy* analysis; Plaintiffs did not object. Ex. 1. Indeed, on November 1, Plaintiffs confirmed that a post-October 31 date worked to reschedule another third-party deposition (Ms. Borror) at the witness's request to accommodate her schedule. *Id.*

Defendants merely seek to complete limited, highly relevant third-party discovery that was timely commenced, subject to good faith negotiations to accommodate and reduce the burden on third parties, and causes no prejudice.

2

# EXHIBIT 1

| | |
|---|---|
| **From:** | Robert Wozniak |
| **Sent:** | Tue, 1 Nov 2022 18:52:40 +0000 |
| **To:** | Yu, Minae |
| **Cc:** | Matthew P. McCahill (mmccahill@kaplanfox.com);'Abou Amara |

(aamara@gustafsongluek.com)'
**Subject:**                          RE: In re Pork Antitrust Litig. - Erin Borror and Courtney Knupp Depositions


 **[WARNING: External Email]**

Minae,

Confirming that November 16 works for Plaintiffs.

Thanks,
Bob

---

**From:**          Yu, Minae <MYu@gibsondunn.com>
**Sent:** Friday, October 28, 2022 4:24 PM
**To:** Robert Wozniak <rwozniak@fklmlaw.com>
**Cc:** Matthew P. McCahill (mmccahill@kaplanfox.com) <mmccahill@kaplanfox.com>; Josh J. Rissman
(jrissman@gustafsongluek.com) <jrissman@gustafsongluek.com>
**Subject:** RE: In re Pork Antitrust Litig. - Erin Borror and Courtney Knupp Depositions

Robert,

Ms. Borror will need to reschedule Monday's deposition.  Due to prior work commitments on Monday,
she only had four hours available on the 31st for the deposition.  Because of travel and other work
commitments, she requested alternative dates of November 15 or 16.  Please let us know if those dates
work for Plaintiffs and we'll issue an amended notice.

Thanks,
Minae
**Minae Yu**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7910 • Fax +1 213.229.6910
MYu@gibsondunn.com • www.gibsondunn.com

---

**From:**          Robert Wozniak <rwozniak@fklmlaw.com>
**Sent:** Thursday, October 27, 2022 10:06 AM
**To:** Yu, Minae <MYu@gibsondunn.com>
**Cc:** Matthew P. McCahill (mmccahill@kaplanfox.com) <mmccahill@kaplanfox.com>; Josh J. Rissman
(jrissman@gustafsongluek.com) <jrissman@gustafsongluek.com>
**Subject:** RE: In re Pork Antitrust Litig. - Erin Borror and Courtney Knupp Depositions

[WARNING: External Email]

Okay, thanks Minae.  I assumed Mountain Time since the witness is in Denver and the subpoena just says 10 am, but either way is fine.

---

**From:**          Yu, Minae <MYu@gibsondunn.com>
**Sent:** Thursday, October 27, 2022 12:02 PM
**To:** Robert Wozniak <rwozniak@fklmlaw.com>
**Cc:** Matthew P. McCahill (mmccahill@kaplanfox.com) <mmccahill@kaplanfox.com>; Josh J. Rissman (jrissman@gustafsongluek.com) <jrissman@gustafsongluek.com>
**Subject:** RE: In re Pork Antitrust Litig. - Erin Borror and Courtney Knupp Depositions

Yes, you will receive the link from Lexitas.  I believe the plan was to start at 10:00 am PST, but I will confirm with USMEF once more.  If anything changes, I will let you know.
**Minae Yu**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7910 • Fax +1 213.229.6910
MYu@gibsondunn.com • www.gibsondunn.com

---

**From:**          Robert Wozniak <rwozniak@fklmlaw.com>
**Sent:** Thursday, October 27, 2022 9:59 AM
**To:** Yu, Minae <MYu@gibsondunn.com>
**Cc:** Matthew P. McCahill (mmccahill@kaplanfox.com) <mmccahill@kaplanfox.com>; Josh J. Rissman (jrissman@gustafsongluek.com) <jrissman@gustafsongluek.com>
**Subject:** RE: In re Pork Antitrust Litig. - Erin Borror and Courtney Knupp Depositions

[WARNING: External Email]

Can you please confirm that we will receive the zoom and exhibit upload links directly from Lexitas (or let me know who from Lexitas I should contact)?  Also, do you still plan to start the deposition at 10:00 am Mountain Time?

---

**From:**          Robert Wozniak
**Sent:** Tuesday, October 25, 2022 1:10 PM
**To:** 'Yu, Minae' <MYu@gibsondunn.com>
**Cc:** Matthew P. McCahill (mmccahill@kaplanfox.com) <mmccahill@kaplanfox.com>; Josh J. Rissman (jrissman@gustafsongluek.com) <jrissman@gustafsongluek.com>
**Subject:** RE: In re Pork Antitrust Litig. - Erin Borror and Courtney Knupp Depositions

Thank you Minae.  In addition to myself, Matt McCahill and Josh Rissman (both copied here) will be covering the Borror deposition and should receive invitations/exhibit upload links from Lexitas.

Regards,
Bob

**From:**           Yu, Minae <MYu@gibsondunn.com>
**Sent:** Tuesday, October 25, 2022 9:50 AM
**To:** Robert Wozniak <rwozniak@fklmlaw.com>
**Subject:** RE: In re Pork Antitrust Litig. - Erin Borror and Courtney Knupp Depositions

Hi Robert,

We are proceeding with Lexitas.  Could you please let me know the names of Plaintiffs' counsel who should receive the invitation to Ms. Borror's deposition?  As for Ms. Knupp, the USDA's counsel said that she will be available Nov 21, 22, 23, 29, or 30, although he is still working to pin down the exact date. Please let me know if you have any questions.

Thanks,
Minae
**Minae Yu**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7910 • Fax +1 213.229.6910
MYu@gibsondunn.com • www.gibsondunn.com

**From:**           Robert Wozniak <rwozniak@fklmlaw.com>
**Sent:** Monday, October 17, 2022 5:36 PM
**To:** Yu, Minae <MYu@gibsondunn.com>
**Subject:** Re: In re Pork Antitrust Litig. - Erin Borror and Courtney Knupp Depositions

**[WARNING: External Email]**
Okay, thank you. I know the Borror deposition was also moved. Will stand by for more info.

On Oct 17, 2022, at 6:40 PM, Yu, Minae <MYu@gibsondunn.com> wrote:

Hi Robert,

The NPB informed us that they cannot proceed with the deposition of Ms. Knupp on October 25, 2022, due to counsel's conflict.  They will get back to us with alternative dates.  We are anticipating that both depositions will be done through Veritext, but will confirm again and get back to you.

Minae
**Minae Yu**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

Tel +1 213.229.7910 • Fax +1 213.229.6910
MYu@gibsondunn.com • www.gibsondunn.com

---

**From:**        Robert Wozniak <rwozniak@fklmlaw.com>
**Sent:** Friday, October 14, 2022 3:03 PM
**To:** Yu, Minae <MYu@gibsondunn.com>
**Subject:** In re Pork Antitrust Litig. - Erin Borror and Courtney Knupp Depositions

**[WARNING: External Email]**

Hello Minae. I am covering the Borror and Knupp depositions for the Direct Purchaser Class Plaintiffs and will likely use some electronic exhibits.  Can you please let me know the court reporter/videographer service to contact about that?  Is it Lexitas?

Thanks,
Bob

_____

Robert J. Wozniak, Jr.
**Freed Kanner London & Millen, LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
(224) 632-4507 - Direct
(224) 632-4500 - Main
(224) 632-4521 - Fax
(847) 873-6583 - Cell
Website: www.fklmlaw.com

The information in this transmittal may be privileged and/or confidential. It is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify Freed Kanner London & Millen LLC immediately at (224) 632-4500 or by return e-mail. Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**EXHIBIT A -**
**All Plaintiffs' Position Regarding Defendants' Attempts to Take Additional**
**Depositions After the Deadline to Complete Fact Discovery**

Defendants improperly seek to take two additional third-party depositions after the close of fact discovery on October 31, 2022, and took a third over Plaintiffs' objection and without obtaining Court approval. Plaintiffs respectfully ask the Court to clarify that this discovery is not permitted under the orders and schedule in this litigation.[1]

The parties advised the Court at the October 17, 2022 status conference that they anticipated seeking leave to conduct certain, limited discovery after the October 31, 2022 deadline to complete fact discovery, including the depositions that could occur for which no motion to compel was filed by the November 14, 2022 nondispositive motion deadline. *See* Oct. 17 Hearing Tr. 12:19-14:2. They subsequently filed a stipulation specifying which limited discovery could proceed after October 31. *See* Stip. re Completion of Certain Discovery After the Fact Discovery Deadline, ECF No. 1576. The Court approved this stipulation in its November 4, 2022 order. *See* Order on Stip. re Completion of Certain Discovery After the Fact Discovery Deadline, ECF No. 1582. That stipulation and order listed depositions of certain Defendants, certain Direct Action Plaintiffs, and certain third parties (Indiana Packers Corporation). *See id.*

---

[1] Defendants wrongly claim Plaintiffs are similarly engaging in untimely discovery. Plaintiffs timely served subpoenas for third-party depositions, along with correspondence offering to instead accept declarations concerning the authenticity and admissibility of certain documents. Plaintiffs obtained those declarations and served them on Defendants in November. Defendants now complain they would not have time to depose those declarants. Not so. The parties continue to meet and confer about a process and schedule for seeking stipulations regarding the authenticity and admissibility of potential trial exhibits, and for conducting limited evidentiary discovery if necessary. *See* Status Report ¶ 3.

Defendants now seek to take two additional third-party depositions: Sioux-Preme Packing Co., and Courtney Knupp (at least if the USDA agrees to make her available for deposition), even though counsel for Defendant JBS took the opposite position at the December 9, 2022 hearing on the motion of certain Direct Action Plaintiffs and Puerto Rico to compel testimony from JBS. *See* Dec. 9, 2022 Mot. Hearing Tr. 22:5-18. These depositions are untimely and should not proceed. The burden is not, and should not be, on Plaintiffs to move for a protective order, since this discovery is already untimely and barred by the operative orders in this case. If Defendants believe they can show good cause to modify the scheduling order and take these depositions after the deadline to complete fact discovery, they should be required to move for that relief under Local Rule 7.1.

As noted above, Defendants also took the deposition of the United States Meat Export Federation's Elizabeth Borror on November 16, 2022, even though this deposition was not included in the parties' stipulation and the Court's order, ECF No. 1582. Defendants served an amended deposition subpoena on Plaintiffs on Friday, November 11, for the deposition to proceed on Wednesday, November 16. On Monday, November 14, Plaintiffs objected that the deposition was untimely. Later that day, Defendants said they would proceed with the deposition over Plaintiffs' objections. Defendants did not seek a Court order permitting the untimely deposition. On November 15, Plaintiffs said they would participate subject to reserving their objection and all rights as to the deposition's untimeliness. Plaintiffs do not seek the Court's intervention at this time since the deposition has already concluded, but may seek to strike Ms. Borror's testimony or other relief should Defendants seek to use it at summary judgment or trial.

2