UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*The Actions of Certain DAPs[1] and The Commonwealth of Puerto Rico* | Civil No. 18-cv-01776 (JRT/JFD) |

**CERTAIN DAPS' AND THE COMMONWEALTH OF PUERTO RICO'S OBJECTIONS TO MAGISTRATE'S DECEMBER 9, 2022 ORDER DENYING MOTION TO COMPEL**

The undersigned Direct Action Plaintiffs and the Commonwealth of Puerto Rico ("Moving Plaintiffs") filed a motion to compel certain 30(b)(6) deposition testimony from Defendant JBS USA ("JBS"). ECF 1593 (the "Motion"). On December 9, 2022, Judge Docherty held a hearing and, at the conclusion of the hearing, issued an oral order denying the Motion. ECF 1680, Transcript of Hearing ("Hr'g Tr.") at 29:12-33:4 (attached as Exhibit 1) (the "Order").

Moving Plaintiffs object to the Order, and respectfully submit it was clearly erroneous and contrary to law.

---

[1] Certain DAPs are Sysco Corporation (0:21-cv-01374) and Amory Investments LLC (0:21-cv-01697).

1

# BACKGROUND

A. **Plaintiffs' Rule 30(b)(6) Deposition Notice to JBS**

On July 13, 2022, Moving Plaintiffs, along with other Plaintiffs, sent a draft 30(b)(6) deposition notice to JBS. Sending a 30(b)(6) notice in draft form is the typical practice of both Plaintiffs and Defendants in this case. And for good reason: the practice allows the examination topics to be negotiated before finalizing and formally serving the notice, while giving the recipient time to identify and prepare the person(s) who will provide testimony on behalf of the organization.

The July 13 draft contained two topics related to JBS's code of conduct and antitrust policy. *See* ECF 1596-4 at 11. On August 12, 2022, the parties held a lengthy, telephonic meet-and-confer about the entire draft notice. *Id.* at 7-8. Plaintiffs then sent a revised notice to JBS on September 2, 2022. The revised notice included the same two topics on JBS's code of conduct and antitrust policy contained in the July 13 draft notice. *Id.* at 5-6. Plaintiffs asked if JBS wanted to confer further, and if not, told JBS they would finalize and serve the notice. *Id.* at 6. JBS asked Plaintiffs to serve the finalized notice (*id.* at 5), which Plaintiffs did on September 14, 2022. ECF 1596-1. Consistent with the prior drafts provided to JBS, the Notice included the following two topics:

> **Topic 20:** Your policies and/or codes of conduct, including any discussions of: communications with competitors or their employees; participation in industry trade groups, conferences, or meetings; hiring employees, officers, or directors or former employees, officers, or directors of competitors; appointing employees, officers or directors or former employees, officers, or directors to Your Board of Directors; and compliance with, or training related to, the antitrust laws.

> **Topic 23:** The existence and language of Your written policies and/or codes of conduct concerning: communications with competitors or their employees; participation in industry trade groups, conferences, or meetings; hiring employees, officers, or directors or former employees, officers, or directors of competitors; appointing employees, officers or directors or former employees, officers, or directors to Your Board of Directors; and compliance with, or training related to, the antitrust laws (including certification and frequency of such training). This Topic includes when and how the language of such written policies were changed.

After receiving the finalized notice, JBS served objections and responses on September 20. ECF 1596-2. With respect to Topics 20 and 23, JBS lodged boilerplate objections, and then stated:

> Given the foregoing objections, **JBS USA will not prepare a corporate designee to provide testimony on this Subject Matter Area**.

*Id.* at 12-13 (emphasis added).

On September 22, 2022, the parties met and conferred again by telephone to discuss topics about which Moving DAPs did not have JBS's final position. Plaintiffs did not include Topics 20 and 23 in that discussion *because JBS had made its position on those topics clear during the conferral process to that point: it would not provide a witness*.

Following the call, Plaintiffs sent an amended notice to JBS reflecting the September 22 meet-and-confer. ECF 1596-3. Given JBS's refusal to provide testimony regarding Topics 20 and 23, Moving Plaintiffs informed JBS they would file a motion to compel "assuming JBS maintains its objections and its refusal to provide a corporate designee on them," but that "[i]f there is anything else to discuss regarding those, please let us know." ECF 1596-4, at 2. JBS did not respond, except to serve another set of

3

responses and objections on September 23, in which JBS reasserted it "will not prepare a corporate designee to provide testimony on" either Topic. ECF 1596-5, at 14-15. Thus, it was abundantly clear at that point that no additional meeting-and-conferring could avoid a motion to compel.

**B.   Moving Plaintiffs' Motion to Compel**

As they told JBS they would during the meet-and-confer process, Moving Plaintiffs filed a motion to compel JBS to provide testimony on certain portions of Topics 20 and 23. ECF 1593 (filed November 14, 2022). On December 2, 2022, JBS filed its Opposition to the Motion. ECF 1654.

Judge Docherty held a hearing on the Motion on December 9, 2022. At the end of the hearing, Judge Docherty denied the Motion orally, stating:

> The motion is untimely. . . . The deadline for fact discovery in this case was October 31st. That was also the deadline for nondispositive motions. Mr. Mitchell and I went back and forth a little bit on this, but I will just reiterate as part of the ruling that on September 9th of 2022, I did approve a stipulation that extended fact discovery to November 14th. We then, however, had case management order -- excuse me, pretrial order number 1 issued by Judge Tunheim on October 4th at docket number 1525, which changed that date and made the close of fact discovery and the nondispositive motion deadline the same, October the 31st of this year.
>
> I am also denying the motion for a failure to meet and confer. . . . There simply was not a meet-and-confer on these two topics following the filing of the 30(b)(6) notice, and I cannot find that a pre-30(b)(6) notice discussion back in August serves as a meet-and-confer for a motion that is then filed in October.

Ex. 1, Hr'g Tr., 29:12-33:4.

## STANDARD OF REVIEW

"After a magistrate judge issues a written order stating his or her decision on a nondispositive matter, '[a] party may serve and file objections to the order within 14 days after being served with a copy.'" *East Coast Test Prep LLC v. Allnurses.com, Inc.*, 167 F.Supp.3d 1018 (D. Minn. 2016) (quoting Fed. R. Civ. P. 72(a)). "After objections are filed, the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

## ARGUMENT

**I.    The Motion to Compel Was Timely**

Although the parties' briefs reflected agreement that the deadline to file non-dispositive motions was November 14, 2022,[2] Judge Docherty ruled the Motion was untimely based on his view that the deadline was October 31, 2022. Ex. 1, Hr'g Tr., 31:13-18.

Moving Plaintiffs respectfully submit this was clear error because the deadline to file non-dispositive motions was November 14, 2022. To understand why, it is important to review the history of various orders entered by the Court:

- The January 26, 2021 Pretrial Scheduling Order in the class action cases originally set a **September 1, 2022** deadline for both fact discovery and non-dispositive motions. ECF 658, 4, 10.

---

[2] *See* ECF 1654, 7 (JBS observing that November 14 was "the very last day to file non-dispositive motions").

- This Court's November 14, 2021 order consolidating the DAP cases with the existing class cases then provided that all existing orders, including ECF 658, would apply to the DAP cases unless the DAPs objected to the application of any such existing order by December 10, 2021. *See* ECF 985, 12 & ECF 1032. The parties in the DAP cases then submitted a proposed case management order seeking relief from certain provisions of the existing Pretrial Scheduling Order (ECF 658). *See* ECF 1046 & 1046-1. However, the September 1, 2022 deadline for non-dispositive motions (and fact discovery) in ECF 658 were ***not*** among the objected-to provisions. Thus, per the consolidation order, the September 1, 2022 deadline for non-dispositive motions (and fact discovery) in the class cases established by ECF 658 also applied to the DAP cases as of December 10, 2021.

- On June 16, 2022, the Court extended the September 1, 2022 fact discovery deadline (and by implication also the non-dispositive motion deadline ) to **October 31, 2022**. ECF 1397. Per the consolidation order, that deadline also then applied to the DAPs (despite the Court having not yet entered a Case Management Order specifically for the DAP cases).

- On September 8, 2022, a stipulation, supported by the DAPs, was filed to extend the non-dispositive motion deadline to November 14, 2022. ECF 1486. Judge Docherty granted that extension on September 9, 2022. ECF 1488. Thus, as of September 9, 2022, the non-dispositive motion deadline in *all of the cases* was **November 14, 2022**.

- Then, on October 4, 2022, this Court entered Pretrial Order No. 1 ("PTO 1") governing *only the DAP cases* "transferred to this Court" by the JPML or any additional actions "that become part of or consolidated with this MDL." ECF 1525, 1-2. That Order included a non-dispositive motion deadline of October 31, 2022. *Id.* at 10.

In finding the Motion untimely, Judge Docherty's Order concluded this Court's October 4 PTO 1 displaced his September 9 Order entering a stipulation approved by all parties (including JBS and DAPs), and intentionally reverted the non-dispositive motion deadline from November 14 back to October 31. Moving Plaintiffs do not believe this Court intended that result for several reasons.

***First***, this Court's October 4 PTO 1 governs only the DAP cases. PTO 1 does not govern the class cases or Puerto Rico's case because those cases were not "transferred to this Court" by the JPML, and were long ago already consolidated with the MDL. This would mean PTO 1 created two different deadlines for non-dispositive motions: an October 31 deadline for the DAP cases; and a November 14 deadline for the class cases and for Puerto Rico (because the September 9 Order still applied to those cases). But having different deadlines for different Plaintiffs would be inconsistent with this Court's long-held view that deadlines in the DAP cases and the class cases should be aligned. *See, e.g.*, Consolidation Order, ECF 985, 1 ("consolidation will best promote efficiency, prevent confusion and unnecessary complication, and prevent duplicative or conflicting decisions") & 9 ("the Court will need to harmonize the existing orders between the cases"). Rather than intentionally setting different non-dispositive motion deadlines for the class and DAP

7

cases, Moving Plaintiffs suspect the Court inadvertently overlooked the September 9 Order setting a November 14 deadline for non-dispositive motions when issuing PTO 1, and did not intend to countermand Judge Docherty's order.

***Second***, other events in the case—both before and after Judge Docherty's December 9 Order denying the Motion to Compel—demonstrate that the Court and the parties understood and have treated November 14 as the non-dispositive motion deadline in all cases.

For example, on October 13, 2022, ***all parties*** submitted a statement to the Court in advance of the October 17, 2022 Case Management Conference, which contained a section addressing "events of import in all related cases to date," stating:

> On September 8, 2022, the parties submitted a Stipulation Amending the Pretrial Scheduling Order (Doc. No. 1486) to extend the non-dispositive motion deadline to **November 14, 2022**, or 14 days after the close of fact discovery—whichever is later. The Court entered this Order on September 9, 2022.

ECF 1542, 5-6 (emphasis added). At the October 17, 2022 Case Management Conference, neither the Court nor any party questioned the clear statement that November 14 was the deadline for non-dispositive motions.

Similarly, on November 30, 2022, several DAPs filed an objection to a different order on a motion to compel. In those objections, the Moving Plaintiffs referred to "the deadline for filing nondispositive motions" as "November 14, 2022." ECF 1650. Defendants' response did not dispute that assertion. ECF 1679. *See also* Ex. A to Joint Status Report, ECF 1681-1, 12 (December 17, 2022 All Plaintiffs' Submission referring to the non-dispositive motion deadline as November 14, 2022).

8

***Third***, even JBS did not oppose the Motion on the ground it was filed after the deadline for non-dispositive motions. To the contrary, JBS's opposition brief ***conceded*** the deadline was met, observing that November 14, 2022 was "the very last day to file non-dispositive motions." ECF 1654, 7.[3]

Judge Docherty apparently believes this Court intentionally overrode his September 9 Order setting the deadline for non-dispositive motions as November 14. But all parties had a different understanding, and it was an error to find untimely a non-dispositive motion filed on November 14.[4] This error was compounded by the fact that Judge Docherty found the Motion was untimely even though movant Puerto Rico was not subject to PTO 1 and its deadline was still governed by the November 14 deadline in Judge Docherty's September 9 Order.

## II.   Moving Plaintiffs Satisfied The Court's Meet and Confer Requirements

Moving Plaintiffs were required to discuss with JBS "the issues raised by the motion" (Local Rule 7.1), which means to have "a meaningful, pre-motion-filing exchange of views" (Judge Docherty Practice Pointers, 3) through "personal contact" (ECF 658, 9). Moving Plaintiffs submit they satisfied both the letter and spirit of the meet-and-confer requirements.

---

[3] At the December 9 hearing, JBS changed course, picking up on and trying to exploit Judge Docherty's error, by arguing that October 31 had been the non-dispositive motion deadline, despite the contrary position JBS took in its opposition brief.

[4] If this Court were to hold that it did intentionally change the November 14 deadline back to October 31 *in only the DAP cases* in PTO 1, there is good cause to relieve Moving Plaintiffs from missing that deadline given the confusion created by the various Orders, and that all parties (including JBS) understood the November 14 deadline applied.

9

- On July 13, 2022, Plaintiffs sent a draft 30(b)(6) deposition notice to JBS, which included the two topics for examination at issue in the Motion. ECF 1596-4, 11.

- On August 12, 2022, the parties held a lengthy, telephonic meet-and-confer about the draft notice. *Id.* at 7-8.

- Plaintiffs then sent a revised notice to JBS on September 2, 2022. *Id.* at 5-6. Plaintiffs asked if JBS wanted to discuss further, and if not, told JBS they would send the formal notice. *Id.* at 6.

- JBS asked Plaintiffs to serve the formal notice (*id.* at 5), which Moving Plaintiffs did on September 14, 2022. ECF 1596-1.

- JBS served its written objections and responses on September 20. ECF 1596-2. With respect to Topics 20 and 23, JBS lodged boilerplate objections and refused to provide a witness. *Id.* at 12, 13.

- The parties met and conferred again by telephone on September 22.

- Later that day, Plaintiffs served an amended notice, but with Topics 20 and 23 unchanged. ECF 1596-3. In light of the meet and confer process that had already occurred, with respect to Topics 20 and 23, Moving Plaintiffs told JBS in the transmittal email:

  > we have not revised [Topics 20 and 23] in the amended notice. We will plan to file a motion to compel on those topics assuming JBS maintains its objections and its refusal to provide a corporate designee on them. **If there is anything else to discuss regarding those**, please let us know.

  ECF 1596-4, 2 (emphasis added).

- On September 23, 2022, JBS served another set of objections and responses. ECF 1596-5. JBS's objections to Topics 20 and 23 were unchanged, and it maintained its refusal to provide a witness. *Id.* at 13, 14.

Consistent with Moving Plaintiffs' September 22 email stating they would file a motion to compel with respect to Topics 20 and 23, Moving Plaintiffs told JBS on November 14 the motion would be filed later that day, but that if JBS "would like to revisit its position on Topics 20 and 23, we are of course open to discussing further and if an agreement can be reached, we would withdraw the motion." Ex. 2, Correspondence with Defendants. JBS did not take Moving Plaintiffs up on that invitation—either before or after the Motion was filed.

Despite these foregoing, Judge Docherty ruled Moving Plaintiffs failed to sufficiently meet-and-confer because we did not speak with JBS about the two topics at issue *after* the Rule 30(b)(6) Notice was formally served on September 14, 2022. Ex. 1, Hr'g Tr., 31:19-32:6. According to Judge Docherty, the parties' August 12, 2022 telephonic meet-and-confer on the draft notice did not suffice because it "was not a meet-and-confer on a filed motion." *Id.* at 29:23-30:5. But that ignores the common and sensible practice of negotiating 30(b)(6) topics based on draft notices *before* notice is formally served. In fact, that is the precise practice of JBS and other Defendants in this case, as reflected in the attached emails from Defendants sending draft 30(b)(6) notices to Moving DAPs Sysco and Amory. Exs. 3 & 4, Correspondence with Defendants; *see also Townsend Bros. Ag Enterprises, LLC v. C.H. Robinson Co.*, 2020 WL 13560166 at *3 (D. Minn. 2020) (describing Pretrial Scheduling Order which provided a "deadline to serve *draft*

11

Notices of Deposition under Rule 30(b)(6)") (emphasis added); *Chestnut v. Kincaid*, 2022 WL 597056 (D. Md. 2022) (deciding discovery motion based on draft 30(b)(6) notice); *Smith v. BNSF Railway Company*, 2018 WL 11436420 (D. Colo. 2018) (deciding discovery motion based on draft 30(b)(6) notice).

With respect to the letter of the meet-and-confer requirements, they do not specify *when* the "in-person" meet-and-confer must occur. Finding that Moving Plaintiffs could satisfy them only after formally serving the Rule 30(b)(6) deposition notice would be contrary to the common practice of negotiating the examination topics *before* the final notice is served.[5] That is exactly what Moving Plaintiffs did here: we first provided JBS the list of topics, engaged in a lengthy telephonic meet-and-confer about them, provided a revised list of topics, and then formally served the Notice at the ***conclusion*** of that process.

If Moving Plaintiffs' efforts to obtain and confirm JBS's position on the two topics at issue do not qualify as "a meaningful, pre-motion-filing exchange of views," it is hard to see what would. Moving Plaintiffs were not required to *quadruple*-check whether JBS *really* meant it refused to provide a witness after having already said that twice in its written objections following a telephonic meeting, and after JBS ignored the Moving Plaintiffs' invitations (first on September 22, and then on November 14) to inform them if JBS believed there was "anything else to discuss."

---

[5] To the extent Judge Docherty's statement that the August 12, 2022 telephonic meet-and-confer on the draft notice did not suffice because it "was not a meet-and-confer on a filed motion" (*id.* at 29:23-30:5) means Moving Plaintiffs were required to provide and discuss the actual motion before filing it, Local Rule 7.1(a) and the applicable Pre-Trial Orders contain no such requirement.

What purpose would be served by imposing yet another layer of confirmation? JBS has *never* claimed that any further meet-and-confer would have caused it to revisit its repeated refusals. The meet-and-confer process here achieved the objective of "ensur[ing] that only those issues that have crystalized into genuine disagreements are brought before the Court for resolution." *Sorenson v. Minnesota*, 2022 WL 621151 at *3 (D. Minn. 2022). Punishing Moving Plaintiffs for not having another call that JBS has never asserted would have made any difference puts form over substance. Moreover, applied prospectively, Judge Docherty's Order would cause parties to incur additional costs and time spent on unnecessary re-re-confirmation of impasse, and also encourage future non-movants to contest the sufficiency of the meet-and-confer process even after the parties' positions were discussed and clear to both sides prior to the filing of a discovery motion.

### III. Moving Plaintiffs Seek a Limited Deposition Proportional to the Needs of the Case

Judge Docherty's denial of the Motion does not appear to have been based on a finding regarding proportionality. *See* Ex. 1, Hr'g. Tr., 33:2-4. But if it was, that too would be wrong. Moving Plaintiffs seek 30(b)(6) testimony about two narrowly defined topics, seeking non-privileged fact information about JBS's compliance policies that only a corporate designee can provide. *Id.* at 27:3-19. This is proportional to the needs of a case involving billions of dollars in alleged overcharges, and involving a Defendant like JBS, whose affiliated companies have paid hundreds of millions in criminal fines, including for criminal antitrust violations. *Id.* at 16:12-22, 20:19-21:1; ECF 1594, 5-6; Fed. R. Civ. P. 26(b)(1) ("the amount in controversy" is a proportionality consideration).

13

Judge Docherty also appears to have concluded the requested discovery is unimportant because more DAPs did not join the Motion. As explained at the hearing, Moving Plaintiffs are unaware of any DAP which disagreed with the Motion. Moving Plaintiffs had taken the lead with the respect to discovery from JBS, and other DAPs would benefit from the relief sought regardless of whether they added their signatures to the Motion.

## **CONCLUSION**

For the foregoing reasons, the Court should sustain Moving Plaintiffs' objections and grant the relief sought in their Motion.

Dated: December 23, 2022          Respectfully submitted,

*/s/ Michael S. Mitchell*
Michael S. Mitchell
Scott E. Gant
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave., NW
Washington, DC 20005
Tel: 202-237-2727
Fax: 202-237-6131
mmitchell@bsfllp.com
sgant@bsfllp.com

Sarah L. Jones
**BOIES SCHILLER FLEXNER LLP**
725 South Figueroa Street
Los Angeles, California 90017
Tel: 213-629-9040
Fax: 213-629-9022
sjones@bsfllp.com

*Counsel for Plaintiffs Sysco Corporation and Amory Investments LLC*

*/s/ Kyle G. Bates*
Kyle G. Bates
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
T: (415) 633-1908
kbates@hausfled.com

Peter B. Schneider
**SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP**
**3**700 Buffalo Speedway, Suite 300
Houston, Texas 77098
T: (713) 338-2560
F: (415)421-7105
pschneider@schneiderwallace.com

15

Todd M. Schneider
Matthew S. Weiler
**SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP**
2000 Powell St., Suite 1400
Emeryville, California 94608
T: (415) 421-7100
tschneider@schneiderwallace.com
mweiler@schneiderwallace.com

Garrett W. Wotkyns
**SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP**
8501 N. Scottsdale Road, Suite 270
Scottsdale, Arizona 85253
T: (480) 428-0145
gwotkyns@schneiderwallace.com

Domingo Emanuelli-Hernández
Attorney General
Guarionex Díaz Martínez
**Assistant Attorney General**
**Antitrust Division**
**Puerto Rico Department of Justice**
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
T: (787) 721-2900, ext. 2600, 2601
F: (787) 721-3223
gdiaz@justicia.pr.gov

*Counsel for the Commonwealth of Puerto Rico*