

Peter Schwingler<br>
**PARTNER**<br>
DIRECT: 612.335.1564<br>
OFFICE: 612.335.1500<br><br>
peter.schwingler@stinson.com

January 4, 2023

**VIA ECF**

The Honorable John R. Tunheim
Chief Judge of the U.S. District Court
U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re:   *In re Pork Antitrust Litigation*, Case No. 18-cv-01776

Dear Judge Tunheim:

  Defendants respectfully move pursuant to Local Rule 7.1(f)(1)(D) for additional words for their reply briefs in support of their motions to exclude the testimony of Drs. Michael Williams, Russell Mangum, and Hal Singer (collectively, the "Class Experts"). Extra words are necessary to permit Defendants to respond to the opinions offered in the Class Experts' nearly 400 pages of "reply" reports served after Defendants' filed their motions. Even with additional words, Defendants' total words across all briefs connected with Plaintiffs' motions for class certification (including *Daubert* briefs) will be over fourteen thousand words *less* than the Court allowed in its briefing order.

  Although Defendants granted Plaintiffs' request for thousands of additional words for their own class certification briefs, Plaintiffs have declined to extend Defendants the same courtesy, necessitating this contested motion. In support of their motion, Defendants state as follows:

  1. On April 29, 2022, the Court granted Plaintiffs' request to increase the word limit for class certification briefing to 24,000 words per side per class, for a total of 72,000 words per side. ECF No. 1274. On August 23, the Court permitted Defendants to allocate these 72,000 words across their class-certification-opposition briefs as they saw fit. ECF No. 1440.

  2. On May 2, Plaintiffs filed motions for class certification, along with supporting expert reports from the Class Experts. Collectively, the Class Experts' opening reports were over 500 pages long. And collectively, Class Experts claimed their models showed roughly $7 billion in damages (pre-trebling).

  3. On August 24, Defendants filed briefs in opposition to Plaintiffs' motions for class certification, as well as related *Daubert* motions to exclude the Class Experts.

  4. In November, the Consumer Indirect Purchaser Plaintiffs ("CIPPs") and Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs") requested an additional 3,978 and 882 words, respectively, for their reply briefs in support of class certification. Defendants promptly agreed to these requests, which the Court granted. ECF Nos. 1590, 1592, 1604, 1607.

  5. On November 18, Plaintiffs filed (1) oppositions to Defendants' *Daubert* motions, (2) reply briefs in support of class certification, and (3) supplemental reports from each Class Expert. Including appendices, Dr. Williams' supplemental report was 150 pages, Dr. Mangum's report was 128 pages, and Dr. Singer's report was 114 pages.

Hon. John R. Tunheim
January 4, 2023
Page 2
6. Unsurprisingly, given their length, these new reports do not merely repeat the core opinions from the original reports. Instead, they respond (or purport to respond) to criticisms from Defendants' experts, disclose new "modified" regression models, and even suggest new theories of the case, including Class Plaintiffs' new theory that Defendants could have restricted pork supply without controlling hog production.

7. On December 30, Defendants requested Plaintiffs' consent to a modest increase in the word limits applicable to their motions to exclude. Specifically, Defendants requested 1500 additional words each for their motions to exclude Drs. Williams and Singer, and 4000 additional words for their motion to exclude Dr. Mangum. Defendants explained that the additional words were necessary to permit them to respond adequately to the Class Experts' voluminous supplemental reports.

8. On January 3, 2023, Plaintiffs refused Defendants' request. Instead, Plaintiffs offered just 750 additional words per brief. Plaintiffs gave no explanation for their position other than that "any enlargement" was not "warranted under the circumstances."

9. Defendants' met and conferred with Plaintiffs later that day. Plaintiffs indicated they continue to oppose Defendants' request.

10. Defendants have used only 50,672 of the 72,000 words permitted them for class certification briefing. Thus, even with the requested additional words, Defendants total words across all briefs connected with Plaintiffs' class certification motions (including *Daubert* briefs) will be over fourteen thousand words less than the Court's briefing order anticipated.[1]

11. Defendants respectfully submit that the complexity of the issues, the billions of dollars at stake, and, above all, the need to respond to the opinions and new case theories presented in Class Experts' nearly 400 pages of rebuttal reports justify Defendants' modest request for additional words.

Accordingly, Defendants respectfully request that the Court grant them an additional 1500 words for their motions to exclude Dr. Williams and Dr. Singer, and an additional 4000 words for their motion to exclude Dr. Mangum.

Respectfully,

**Stinson LLP**

*/s/ Peter J. Schwingler*

Peter J. Schwingler

---

[1] In addition to the 72,000 words granted for class certification briefs, the local rules allow Defendants 12,000 words for each *Daubert* motion.

179215877