

**Joseph C. Bourne**
jcbourne@locklaw.com
612-339-6900

MINNEAPOLIS
Suite 2200
100 Washington Ave S.
Minneapolis, MN 55401
T  612.339.6900
F  612.339.0981

January 4, 2023

**VIA ECF**

The Honorable John R. Tunheim
U.S. District Judge
U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

      Re:   *In re Pork Antitrust Litigation*, Case No. 18-cv-01776-JRT-JFD

Dear Judge Tunheim:

      I write on behalf of the Direct Purchaser Plaintiffs ("DPPs"), Consumer Indirect Purchaser Plaintiffs ("CIPPs"), and Commercial and Institutional Purchaser Plaintiffs ("CIIPPs") (collectively "Plaintiffs"), in response to Defendants' request for additional words for their reply briefs concerning their motions to exclude the expert testimony of Plaintiffs' expert witnesses. *See* ECF No. 1717.

      On Friday, December 30, Defendants asked Plaintiffs to agree to an additional 4,000 words for their reply brief regarding Dr. Mangum (DPPs' expert), an additional 1,500 words for their reply brief regarding Dr. Singer (CIPPs' expert), and an additional 1,500 words for their reply brief concerning Dr. Williams (CIIPPs' expert)—a total of an additional *7,000* words. Although Plaintiffs do not believe any additional words are warranted for the reasons set forth below, Plaintiffs agreed to an extra 750 words per reply brief—for a total of 2,250 extra words—as a compromise and to avoid burdening the Court with this issue. Defendants rejected Plaintiffs' offer.

      The Court should deny Defendants' request. First, Defendants' request for extra words breaks the structure of this District's local rules, which contemplate the same word limit for the moving party and non-moving party. *See* L.R. 7.1(f)(1)(A)-(B). This is a *combined* limit for the moving party, between its opening and reply briefs. *See* L.R. 7.1(f)(1)(B). If Defendants needed to reserve more words for their reply briefs, they could, and should, have done so at the outset. Instead, it appears that Defendants now seek to gain what they perceive as a strategic advantage—one which in turn could lead to Plaintiffs

U.S. District Judge
January 4, 2023
Page 2

requesting leave to file surreply briefs (e.g., if Defendants add new argument, Plaintiffs may have to seek leave to respond or to request that the Court strike the argument).

Second, Defendants do not need the extra words. Their *Daubert* motions, as well as the class certification motions to which they relate, have been thoroughly briefed, to say the least.[1] Not content with the normal briefing structure of a dispositive motion, Defendants separately requested leave to file a surreply in opposition to class certification. The Court granted leave for Defendants to file a surreply, and for Plaintiffs to respond, with each brief limited to five pages.[2] To the extent Defendants are using this as an opportunity to evade the Court's limitation of Defendants' class certification surreply to five pages, that is improper. *See* ECF No. 1717 (premising request on "Defendants' total words across all briefs connected with Plaintiffs' motions for class certification (including *Daubert* briefs)" and emphasizing number of words Defendants have used "for class certification briefing").

Nor are there any substantive developments that warrant additional words. There are no new analyses in Plaintiffs' experts' reply reports that would change the scope or basis of the *Daubert* motion, which seek to exclude the class opinions in their entirety. Notably, Defendants declined to depose Dr. Mangum and Dr. Singer after they submitted their reply reports. The length of those reports, on its own, does not provide cause for Defendants to have any additional words—let alone the 7,000 they request.

The legal standard for admissibility of expert testimony under Federal Rule of Evidence 702 and *Daubert* is not novel. Defendants have had plenty of opportunity to fairly challenge Plaintiffs' experts' use of well-accepted economic analyses and econometric techniques. If they cannot, it is not because of word limits, but rather because Plaintiffs' experts have offered relevant and reliable opinions.

For these reasons, Plaintiffs respectfully submit that the Court should deny Defendants' request.

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**

*/s/ Joseph C. Bourne*

Joseph C. Bourne
Senior Counsel

JCB/amr

---

[1] Roughly 200,000 words of argument will be submitted to the Court under the present briefing schedule.

[2] Defendants' five-page surreply brief, filed on December 22, 2022, also contained a nineteen-page appendix.