

**Joseph C. Bourne**
jcbourne@locklaw.com
612-339-6900

MINNEAPOLIS
Suite 2200
100 Washington Ave S.
Minneapolis, MN 55401
T 612.339.6900
F 612.339.0981

February 3, 2023

**VIA ECF**

The Honorable John R. Tunheim
U.S. District Judge
U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re:   *In re Pork Antitrust Litigation*, Case No. 18-cv-01776-JRT/JFD

Dear Judge Tunheim:

I write, on behalf of Direct Purchaser Plaintiffs, Consumer Indirect Purchaser Plaintiffs, and Commercial and Institutional Indirect Purchaser Plaintiffs (collectively "Class Plaintiffs"), to advise the Court of their opposition to Defendant Triumph Foods, LLC's ("Triumph") request to file an early motion for summary judgment against the Direct Action Plaintiffs ("DAPs"). *See* ECF No. 1761.

On November 15, 2022, the parties submitted their proposals for the schedule for the remainder of the case, including motions for summary judgment. ECF No. 1606. In that filing, Triumph (along with all Defendants) agreed with Class Plaintiffs and the DAPs that merits expert discovery should proceed before summary judgment filings, with dispositive motions not due until spring of 2024. ECF No. 1606-1.[1] The Court accordingly issued an order on December 1, 2022 setting forth the schedule for the remainder of the case for all actions (class and DAP alike), with motions for summary judgment due by May 17, 2024. ECF No. 1651.

Two months later, Triumph now tries to reverse course and file an early motion for summary judgment. In doing so, Triumph disregards the fact that permitting Triumph to file summary judgment motions on different schedules—one now against the DAPs and (presumably) additional motions a year and a half down the road against Class Plaintiffs—will lead to unnecessary procedural and substantive complications.

---

[1] Class Plaintiffs and Defendants requested that dispositive motions be due by April 17, 2024, while DAPs requested they be due by May 17, 2024.

4856-3342-1134 v.3

Hon. John R. Tunheim
February 3, 2023
Page 2

It is unclear why Triumph seeks to move for early summary judgment against only the DAPs. If it is because Triumph believes the DAPs' consolidated complaint was filed without an evidentiary basis in violation of Rule 11, its remedy is to serve and file a Rule 11 motion. If it is because Triumph is concerned about the effect of the one-way intervention doctrine with the proposed Classes not yet certified, then it should simply wait. If Triumph were to prevail on any aspect of an early-filed motion for summary judgment against the DAPs, then Triumph may improperly (and incorrectly) try to tout the preclusive effect of such a ruling in any subsequent motion for summary judgment it files against Class Plaintiffs. If it is because Triumph seeks to litigate its summary judgment motion against the DAPs before they have the benefit of any expert evidence offered in support of their claims, then that is transparently unfair. And if Triumph seeks the opportunity for a second bite at the apple, that is both unfair and inefficient. Instead, all parties should brief any summary judgment motions on the schedule set by the Court relating to merits expert discovery and dispositive motion practice.

Class Plaintiffs respectfully suggest that the Court should hold Triumph to the case management schedule that the Court ordered just two months ago. Triumph's request to file an early motion for summary judgment should be denied.

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

*/s/ Joseph C. Bourne*

Joseph C. Bourne
Senior Counsel