UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/JFD) |
| This Document Relates To:<br><br>ALL DIRECT ACTION PLAINTIFF ACTIONS | ORDER DENYING DEFENDANT TRIUMPH FOODS, LLC'S REQUEST FOR LEAVE TO FILE SUMMARY JUDGMENT MOTION |

Defendant Triumph Foods, LLC ("Triumph") requests leave to file a motion for summary judgment as to the Direct Action Plaintiffs' ("DAPs") Consolidated Complaint, citing the DAPs' lack of evidence that it undertook herd-reduction measures. Because Triumph has not shown good cause for filing a motion for summary judgment at this time, the Court will deny Triumph's request.

## DISCUSSION

Triumph is one of many Defendants in this multidistrict litigation action facing allegations that it conspired to raise and fix the price of pork. Triumph was first identified as a Defendant in this litigation in 2018. (1st Compl. ¶ 32, June 28, 2018, Docket No. 1.) The Court initially dismissed the claims against Triumph and other Defendants because Plaintiffs failed to plead parallel conduct sufficient to support an inference of conspiracy. *In re Pork Antitrust Litig.*, No. 18-1776, 2019 WL 3752497, at *10 (D. Minn. Aug. 8, 2019). Plaintiffs then filed an amended complaint that survived the Defendants' second motion

to dismiss, and the case proceeded into a lengthy discovery. *In re Pork Antitrust Litig.*, 495 F. Supp.3d 753, 764–765 (D. Minn. 2020).

Since then, many DAPs filed similar complaints against the Defendants and were consolidated into this multidistrict litigation. For the sake of clarity, the Court required the DAPs to file a single Consolidated Complaint. (Pretrial Order No. 1 at 2, Oct. 4, 2022, Docket No. 1525.) DAPs filed a Consolidated Complaint accordingly. (DAPs' Consolidated Compl., Dec. 5, 2022, Docket No. 1659.)

The Court recently issued an updated scheduling order addressing upcoming deadlines, which Triumph agreed to. (Joint Status Report for Nov. 18, 2022 Status Conf., Nov. 15, 2022, Docket No. 1606; Order on Proposed Schedule for Merits Expert Disc., Dispositive Mots., Certain Evid. Issues ("Order on Proposed Schedule"), Dec. 1, 2022, Docket No. 1651.) According to that schedule, Plaintiffs' expert reports are due on June 5, 2023, and Defendants' expert reports are due on November 30, 2023. (Order on Proposed Schedule at 1.) Dispositive motions—such as motions for summary judgment—are not due until May 17, 2024. (*Id.*)

On January 20, 2023, Triumph filed a letter with the Court requesting leave to file summary judgment as to the Direct Action Plaintiffs' Consolidated Complaint. (Letter to Dist. Judge, Jan. 20, 2023, Docket No. 1761.) Triumph asserts that fact discovery has shown that DAPs cannot prove Triumph reduced sow supply or increased hog exports. (*See generally id.*) DAPs and Class Plaintiffs both oppose Triumph's request to file its

motion for summary judgment. (DAPs' Letter to Dist. Judge, Feb. 3, 2023, Docket No. 1798; Class Plaintiffs' Resp. Letter to Dist. Judge, Feb. 3, 2023, Docket No. 1800.)

The Court will deny Triumph's request. Motions for summary judgment are not due for almost fifteen months, and Triumph agreed to that deadline less than three months ago. The Court has repeatedly expressed its desire to keep the parties on a unified schedule for the sake of clarity and efficiency in this complex litigation. Allowing Triumph to file a motion for summary judgment now would distract the parties from what they should be focusing on: completing the remaining depositions and preparing expert reports. Additionally, switching gears to summary judgment could potentially prejudice other parties in this litigation.

Moreover, Triumph has failed to show that it is in a unique position. Triumph broadly argues summary judgment motions are warranted because DAPs have no evidence that Triumph undertook any herd-size reduction measures, which would show parallel conduct. However, whether the Plaintiffs—including both DAPs and Class Plaintiffs—have evidence of herd reduction is an issue that affects all Defendants in this action, not just Triumph. And even if Triumph succeeded on a summary judgment motion at this stage, the Class Plaintiffs' claims against it would remain, so judicial efficiency does not heavily weigh in Triumph's favor.

The Court sympathizes with Triumph in that this case has been lengthy and expensive. However, that is to be expected in a case of this magnitude and is not alone

grounds for filing a premature summary judgment motion. The Court will therefore deny Triumph's request.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Triumph Foods, LLC's Request for Leave to File Summary Judgment Motion [Docket No. 1761] is **DENIED**.

DATED: February 17, 2023                                ___s/John R. Tunheim___  
at Minneapolis, Minnesota.                               JOHN R. TUNHEIM  
                                                                                      United States District Judge