UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: PORK ANTITRUST LITIGATION | Case No. 18-CV-1776 (JRT/JFD) |
| This Document Relates To: *Sysco Corporation v. Agri Stats, Inc., et al.* Case No. 21-CV-1374 | SYSCO CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION FOR LIMITED STAY |

Plaintiff Sysco Corporation ("Sysco"), having earlier today filed a stipulation agreeing to the withdrawal of its counsel Boies Schiller Flexner LLP ("Boies Schiller") without prejudice to either Sysco or Boies Schiller's claims or defenses, ECF Nos. 162–163, respectfully submits this Motion for an Order staying any deadlines that would otherwise apply to Sysco for up to 60 days to permit Sysco time to obtain replacement lead trial counsel, which Sysco is diligently pursuing (the "Limited Stay"). To be clear, Sysco does not seek a broader stay than is necessary to protect its rights while it is without lead counsel. In addition, Sysco does not seek a stay with respect to this stay motion or related proceedings, as to which Sysco is represented by professional ethics counsel.

The reasons for the termination of the relationships between Sysco and Boies Schiller are set forth more fully in Sysco's petition filed this week in *Sysco Corp. v. Glaz LLC, Posen Investments LP, and Kenosha Investments LP*, No. 23-CV-1451, ECF No. 1 (N.D. Ill. Mar. 8, 2023) (the "Vacatur Action"). Although ordinarily a sophisticated plaintiff such as Sysco would have no difficulty arranging for the substitution of counsel, in this case Sysco's engagement of new lead counsel is being impeded by non-party Burford Capital Limited (together with its relevant subsidiaries and affiliates, "Burford"),

a litigation funder that invested in Sysco's antitrust claims and has asserted (without legal basis) a right to veto any settlements negotiated by Sysco and obtained a temporary restraining order and (as of this morning) a preliminary injunction barring Sysco from executing months old, fully-negotiated settlements with multiple defendants in this case.[1] Among the many obvious and serious problems arising out of Burford's assertion of this purported veto right, which forces multiple parties to continue to litigate before this Court against their will, it has raised serious concerns from at least one potential replacement counsel about its ability to represent Sysco together with its existing clients, which further delays and complicates Sysco's process of securing replacement lead counsel. In addition, Burford has refused to consent to a proposed fee arrangement with new counsel. Sysco does not believe that Burford has a basis for doing so, but regardless, will unfortunately require time to resolve this problem.

Accordingly, in light of the unusual circumstances of this case, Sysco requires sufficient time to identify and engage new litigation counsel—a process we expect will require 60 days or less—and seeks the Limited Stay in the interim.

## BACKGROUND

In 2017, Sysco retained Boies Schiller to represent it in connection with antitrust claims against producers of broiler chicken, pork, beef, and other food products (the

---

[1] The petition that Sysco filed earlier this week in the Northern District of Illinois seeks to vacate that temporary restraining order. This morning, the arbitral tribunal that issued the temporary restraining order replaced it with a preliminary injunction of similar scope that will be in place until at least September 2023, though likely longer. Sysco intends to promptly amend its petition to reflect this development.

"Antitrust Litigations"). After Boies Schiller was retained, it introduced Sysco to Burford and as a result, Burford invested in Sysco's claims in the Antitrust Litigations. *See* Decl. of Barrett G. Flynn in Support of Petition to Vacate Arbitration Award ¶ 5, Case No. 23-cv-1451, ECF No. 1-1 (N.D. Ill. Mar. 8, 2023) ("Flynn Decl."). In March 2022, the funding agreement was amended, at which time a provision was added that granted Burford—a purely financial investor—a limited consent right with respect to Sysco's settlements in the Antitrust Litigations (the "Limited Consent Right") and the ability to seek damages from Sysco in the event of a settlement in breach of that right. *See id.* ¶ 9 & Ex. B.

In late August 2022, Sysco negotiated what it considers to be reasonable (indeed, favorable) settlements with certain defendants in the Antitrust Litigations (the "Proposed Settlements"), including defendants in this case. *See id.* ¶¶ 11-12. But when Sysco told Burford about these proposed settlements, Burford objected, claiming the settlement amounts were too low in comparison to other settlements in the Antitrust Litigations of which Burford is aware. Burford invoked the Limited Consent Right and asserted that, contrary to the language of the funding agreement and its repeated representations to Sysco and assurances to the public, regulators and investors, it grants Burford, a third-party funder, a right to veto any settlement negotiated by Sysco. *See id.* ¶¶ 16-18. On September 9, 2022, Burford commenced an arbitration against Sysco (the "Arbitration") in which it sought to enjoin Sysco from settling its antitrust claims, and ultimately succeeded in obtaining a temporary restraining order and (today) a preliminary injunction preventing Sysco from executing the Proposed Settlements.

The petition filed in the Vacatur Action seeks to vacate the temporary restraining order issued by the arbitrators on grounds of public policy and denial of due process; earlier today (and ahead of the timeline it had provided to the parties), the arbitral tribunal extended the temporary restraining order into a preliminary injunction, and Sysco will amend its petition accordingly. That petition sets forth more fully the facts as to Burford's assertion of a right to block Sysco from settling its antitrust claims, and is attached hereto as Ex. A to the Declaration of Arthur G. Boylan, dated March 10, 2023.

A stipulation reflecting Sysco and Boies Schiller's agreement for Boies Schiller to withdraw as Sysco's counsel without prejudice has been submitted March 10, 2023 for the Court's approval. ECF No. 162.

Sysco has worked diligently to identify replacement counsel, but Burford's claim to have a right to block any settlement (as well as Burford's unexplained but steadfast refusal thus far to consent to a proposed fee arrangement with new counsel) has obstructed Sysco's efforts. One prospective replacement firm already representing plaintiffs in this case (whose experience in this case would ease the transition by reducing the time needed for new counsel to get up to speed) has been unable to accept the engagement because of its concern that Burford's assertion of a right to block Sysco from settling its claims may negatively impact the firm's existing clients in the Antitrust Litigations (who may want to settle) if they become part of a group that includes Sysco (which may be blocked from the same settlement by Burford's objection, with potential resulting impact on the other clients). Notably, that issue may be an obstacle for other

3

similarly-situated firms. As a result of the additional complexity and delay caused by Burford's actions, Sysco requires time to identify and engage replacement counsel.

In the meantime, Sysco remains subject to the deadlines in place in this case.

## ARGUMENT

Sysco respectfully requests that the Court enter the Limited Stay until it is able to secure replacement counsel, which it is working diligently to do and hopes to accomplish in less than 60 days. This Court has the inherent power to stay the proceedings on its docket, and it should exercise that power here. *Garcia v. Target Corp.*, 276 F. Supp. 3d 921, 923 (D. Minn. 2016) (citing cases).

It is well-established that corporations cannot proceed pro se.[2] As a result, in situations where counsel is discharged, courts in this District have routinely stayed proceedings in order to allow corporate parties time to obtain new counsel. *FurnitureDealer.net, Inc. v. Amazon.com, Inc.*, 2019 WL 10960377, at *1 (D. Minn. Nov. 7, 2019) (granting a stay to enable corporate plaintiff to obtain new counsel and noting the broad discretion of the court to do so); *Natl. Minority Supplier Dev. Council Bus. Consortium Fund, Inc. v. Hessian & McKasy, P.A.*, 2005 WL 3526587 (D. Minn. Dec. 22, 2005) (noting that the court had previously granted a 60-day stay for corporate plaintiff to

---

[2] *See, e.g.*, *Razor Capital, LLC v. HP Debt Exchange, LLC*, 2015 WL 137617, at *3 (D. Minn. Jan. 7, 2015) ("Corporations appearing as parties in federal court must be represented by counsel.") (citation omitted); *United States v. Lylalele, Inc.*, 221 F.3d 1345 (table), 2000 WL 688237, at *1 (8th Cir. 2000) (per curiam) ("[C]orporations ... cannot appear in federal court without legal representation."); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) ("[T]he law does not allow a corporation to proceed pro se.").

4

obtain new counsel). Furthermore, Sysco will work diligently to engage replacement counsel and will work in good faith with the other parties to avoid any potential impact on them from the stay.

## CONCLUSION

For the foregoing reasons, Sysco respectfully requests that the Court enter the Limited Stay of up to 60 days for Sysco to retain new lead trial counsel.

Dated: March 10, 2023

**ANTHONY OSTLUND LOUWAGIE DRESSEN & BOYLAN P.A.**

 s/ Arthur G. Boylan
Arthur G. Boylan (#338229)
aboylan@anthonyostlund.com
Joseph R. Richie (#400615)
jrichie@anthonyostlund.com
Joseph T. Janochoski (#399952)
jjanochoski@anthonyostlund.com
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 349-6969
Facsimile: (612) 349-6996

Ronald C. Minkoff
Nicole I. Hyland
Amanda B. Barkin
**FRANKFURT KURNIT KLEIN & SELZ, P.C.**
28 Liberty Street, 35th Fl.
New York, NY 10005
Tel.: (212) 980-0120
rminkoff@fkks.com
nhyland@fkks.com
abarkin@fkks.com

*Attorneys in Limited Capacity for Plaintiff Sysco Corporation*