# Exhibit A

**Barkin, Amanda**

| | |
|---|---|
| **From:** | Hyland, Nicole |
| **Sent:** | Wednesday, March 22, 2023 5:32 PM |
| **To:** | Scott E. Gant - Boies, Schiller & Flexner LLP (sgant@bsfllp.com) |
| **Cc:** | Minkoff, Ronald; Barkin, Amanda |
| **Subject:** | Motion to withdraw - LR 83.7 |

Scott,

Based on our review of Minnesota District Court Local Rule 83.7, the only applicable grounds for BSF's withdrawal is subsection (c).  We propose that you file a motion under LR 83.7(c) in which you simply state that you are seeking to withdraw at Sysco's request, because Sysco has terminated its relationship with BSF.  As a result, BSF is mandated to withdraw under the Minnesota Rules of Professional Conduct and relevant case law.  In addition, you may generally reference issues such as a breakdown in attorney-client relations.  Please provide us with a copy of your submission before filing.  Sysco reserves its right to submit a statement to the Court setting forth any information it deems relevant to a finding of "good cause" for withdrawal.

Separately, you indicated at today's court conference that BSF may file something either publicly or under seal responding to the underlying facts in Sysco's stay motion.  We reiterate that BSF continues to be bound by its ethical obligations towards Sysco and we reserve all rights should BSF breach such obligations.  To be clear, we do not consider sealing to excuse any such breaches.

Regards,

Nicole

**Nicole Hyland** | Frankfurt Kurnit Klein & Selz PC
28 Liberty Street | New York, NY 10005
t: (212) 826-5552 | f: (347) 438-2140 | nhyland@fkks.com

Frankfurt Kurnit Professional Responsibility
Blog: professionalresponsibility.fkks.com

*Frankfurt Kurnit Klein & Selz Disclaimer*

*This e-mail message, including any attachments hereto, is intended solely for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any use, disclosure, copying or distribution of this e-mail message or the attached files by anyone other than the intended recipient is strictly prohibited and may be subject to legal restriction or sanction. If you have received this e-mail message in error, please notify the sender by reply e-mail or call to (212) 980-0120 and delete this e-mail message and attached files from your system. Thank you.*

# Exhibit B

```
1                 UNITED STATES DISTRICT COURT
                     DISTRICT OF MINNESOTA
2
    ------------------------------------------------------------
3                                   )
    In Re:  Pork Antitrust          )   File No. 21MD2998
4   Litigation                      )        (JRT/JFD)
                                    )
5                                   )
                                    )   Minneapolis, Minnesota
6                                   )   March 22, 2023
                                    )   2:41 P.M.
7                                   )
                                    )
8                                   )
    ------------------------------------------------------------
9

10         BEFORE THE HONORABLE JUDGE JOHN R. TUNHEIM

11           UNITED STATES DISTRICT COURT JUDGE

12                          AND

13      HONORABLE MAGISTRATE JUDGE JOHN F. DOCHERTY

14    UNITED STATES DISTRICT COURT MAGISTRATE JUDGE


15
          (STATUS CONFERENCE VIA VIDEO CONFERENCE)
16

17

18

19

20

21

22

23

24

25
```

```
1      APPEARANCES
          For Direct Purchaser        Lockridge Grindal Nauen PLLP
2         Plaintiffs:                 JOSEPH BRUCKNER, ESQ.
                                      100 Washington Avenue South
3                                     Suite 2200
                                      Minneapolis, MN 55401
4
                                      Pearson Simon & Warshaw
5                                     BOBBY POUYA, ESQ.
                                      MICHAEL H. PEARSON, ESQ.
6                                     DANIEL L. WARSHAW, ESQ.
                                      15165 Ventura Boulevard
7                                     Suite 400
                                      Sherman Oaks, CA 91403
8
          On behalf of the           Hagens Berman Sobol Shapiro
9         Consumer Indirect          SHANA E. SCARLETT, ESQ.
          Plaintiffs:                RIO PIERCE, ESQ.
10                                    ABIGAIL PERSHING, ESQ.
                                      BREANNA VAN ENGELEN, ESQ.
11                                    715 Hearst Avenue
                                      Suite 202
12                                    Berkeley, CA 94710

13                                    Gustafson Gluek PLLC.
                                      DANIEL C. HEDLUND, ESQ.
14                                    120 South Sixth Street
                                      Suite 2600
15                                    Minneapolis, MN 55402

16        For the Commercial         Cuneo Gilbert & LaDuca, LLP
          Indirect Purchaser         ALEC BLAINE FINLEY, ESQ.
17        Plaintiffs:                4725 Wisconsin Avenue NW
                                      Suite 200
18                                    Washington, DC 20016

19        For the Commonwealth       Hausfeld
          of Puerto Rico:            KYLE G. BATES, ESQ
20                                    600 Montgomery Street
                                      Suite 3200
21                                    San Francisco, CA 94111

22        For Dollar General         Sperling & Slater
          DAPs:                      ALBERTO RODRIGUEZ, ESQ.
23                                    55 West Monroe Street
                                      Chicago, IL 69693
24

25
```

```
 1        For Kroger DAPs:            Kenny Nachwalter
                                      WILLIAM J. BLECHMAN, ESQ.
 2                                    1441 Breckell Avenue
                                      Suite 1100
 3                                    Miami, FL 33131

 4        For Topco DAPs:            Kaplan Fox & Kilsheimer LLP
                                      ROBERT N. KAPLAN, ESQ.
 5                                    850 Third Avenue
                                      New York, NY 10022
 6
          For Sysco:                 Anthony Ostlund Louwagie
 7                                    Dressen & Boylan
                                      ARTHUR BOYLAN, ESQ.
 8                                    NICOLE HYLAND, ESQ.
                                      JOSEPH JANOCHOSKI, ESQ.
 9                                    90 South Seventh Street
                                      Suite 3600
10                                    Minneapolis, MN 55402

11                                    Cleary Gottlieb Steen &
                                      Hamilton
12                                    LINA BENSMAN, ESQ.
                                      BRIAN BYRNE, ESQ.
13                                    One Liberty Plaza
                                      New York, NY 10006
14
          For Deft Agri Stats,       Hogan Lovells
15        Inc.:                      LIAM E. PHIBBS, ESQ.
                                      555 13th Street NW
16                                    Washington, DC 20004

17        For Deft Clemmens Food     Kirkland & Ellis, LLP
          Group:                     MAX SAMELS, ESQ.
18                                    300 North LaSalle
                                      Chicago, IL 60654
19
          For Deft Hormel Foods      Faegre Drinker Biddle & Reath
20        Corporation:               EMILY E. CHOW, ESQ.
                                      90 South Seventh Street
21                                    Suite 2200
                                      Minneapolis, MN 55402
22

23

24

25
```

```
 1        For Deft JBS USA:          Quinn Emanuel Urquhart & Sullivan
                                     SAMI H. RASHID, ESQ.
 2                                   DAVID B. ADLER, ESQ.
                                     51 Madison Avenue
 3                                   22nd Floor
                                     New York, NY 10010
 4
                                     Spencer Fane LLP
 5                                   DONALD G. HEEMAN, ESQ.
                                     100 South Fifth Street
 6                                   Suite 1900
                                     Minneapolis, MN 55402
 7
          For Defendant
 8        Seaboard Foods, LLC:      Stinson LLP
                                     WILLIAM THOMSON, ESQ.
 9                                   WILLIAM L. GREENE, ESQ.
                                     50 South Sixth Street
10                                   Suite 2600
                                     Minneapolis, MN 55402
11
          For Deft Smithfield:      Gibson Dunn & Crutcher
12                                   BRIAN EDWARD ROBISON, ESQ.
                                     2100 McKinney Avenue, Ste 1100
13                                   Dallas, Texas 75201

14        For Deft Triumph Foods,
          LLC:                       Husch Blackwell
15                                   CHRISTOPHER A. SMITH, ESQ.
                                     ABRAHAM JAMES SPRUNG, ESQ.
16                                   JASON HUSGEN, ESQ.
                                     190 Carondelet Plaza
17                                   Suite 600
                                     St. Louis, MO 63105
18
          For Defendant Tyson
19        Foods:                     Axinn Veltrop & Harkrider LLP
                                     TIFFANY RIDER ROHRBAUGH, ESQ.
20                                   JAROD TAYLOR, ESQ.
                                     950 F Street NW
21                                   7th Floor
                                     Washington, DC 20004
22
          Also appearing:           Boies Schiller Flexner
23                                   SCOTT E. GANT, ESQ.
                                     1401 New York Avenue NW
24                                   Washington, DC 20005

25
```

```
 1                          2:41 P.M.

 2

 3            (In open court via video conference.)

 4            THE COURT:  All right.  Good afternoon, everyone.

 5    Sorry this took a while to get everyone noted this

 6    afternoon.

 7            This is In Re:  Pork Antitrust Litigation.  It

 8    was originally 18-1776 and now MDL 21-2998.  We have all of

 9    your names, having been noted beforehand, so they will be

10    noted for purposes of the hearing.  We won't go through

11    that right now because that would probably take us another

12    half hour.

13            So we're going to go right into the agenda.

14    Judge Docherty is here as well.  So we have a number of

15    matters to go through.  I think unless counsel has

16    something else to discuss first, we will take up the Sysco

17    motion to stay, and I will turn the microphone over to

18    Judge Docherty.

19            MAGISTRATE JUDGE DOCHERTY:  Good afternoon,

20    everybody.  First of all, is there anyone from the Boies

21    Schiller firm on the call today?

22            MR. GANT:  Your Honor, yes.  Can you hear me,

23    Your Honor?

24            MAGISTRATE JUDGE DOCHERTY:  Yes, I can.

25            MR. GANT:  Yes.  This is Scott Gant from Boies
```

 1    Schiller Flexner.  I didn't make an appearance on the joint

 2    agenda and didn't plan to say anything, but I am on, Your

 3    Honor.  I would be happy to answer any questions or address

 4    anything you would like me to.

 5              MAGISTRATE JUDGE DOCHERTY:  All right.  On the

 6    5th of April, I'm going to be hearing the motion of Sysco

 7    for a 60-day stay as to them.  That motion seems to me to

 8    be very, seems -- (inaudible)

 9              COURTROOM DEPUTY:  Judge Docherty, we're having

10    some issues with your audio.

11              MAGISTRATE JUDGE DOCHERTY:  Okay.  Hold on.  Is

12    that better?  Hello?

13              THE COURT:  Talk a little bit more so we can hear

14    you.

15              MAGISTRATE JUDGE DOCHERTY:  Okay.  So what I was

16    saying was on the 5th of April, I'm going to be hearing

17    Sysco's motion for a 60-day stay as to them to let them get

18    new counsel, so that gets wound up with the situation

19    that's developed between Sysco and its present counsel

20    Boies Schiller.

21              There is a stipulation by which both Schiller and

22    Sysco purport to part ways.  There is a local rule

23    governing withdrawal of counsel.  It's local Rule 83.7.

24    It's got three options for lawyers to withdraw from a case,

25    and I've got an order ready to sign and docketed denying

1    the stipulation and directing the Boies Schiller firm to

2    proceed under local Rule 83.7.

3            Now, this isn't just being formalistic.  As I

4    say, the motion to stay with Sysco is bound up with this,

5    and all of the options under rule, local Rule 83.7 will

6    give me more information on this very bare bones

7    stipulation that's been filed, which basically just says

8    we're agreeing to part company and we're reserving all of

9    our respective defenses and claims.

10           There is a little bit more in the memorandum in

11   support, but again, it's five or six pages, and most of

12   what I know about the situation I've learned by going on

13   Pacer and pulling the documents that have been filed in the

14   Northern District of Illinois in support of a motion to

15   vacate an arbitration award, which is very long and very

16   fulsome.  So that's step one.

17           Step two is clarifying the position of Matthew

18   Austin from the Frankfurt firm.  There is a footnote on the

19   joint agenda saying we're in a limited capacity regarding

20   Sysco's motion to stay.  I do think that the Anthony

21   Ostlund firm, but this isn't 100 percent clear to me, was

22   on the MDL, and then when we stopped filing in that and

23   started filing in 18CV1776, they don't seem to have made

24   that transition.

25           So it's now clear to me that Anthony Ostlund, if

1    they made a general appearance, now make a limited

2    appearance.  I'm also not sure that a limited appearance,

3    although it's contemplated by the Minnesota Rules of

4    Professional Conduct, is something that can be done in

5    federal court in a particular case, and I don't think they

6    could let someone, for example, come in and say I'm just

7    the discovery lawyer or I'm just the motions lawyer.

8            So I don't have a firm opinion on that at this

9    point, but I am going to be asking for guidance or from the

10   Anthony Ostlund firm and the Frankfurt firm; and thirdly

11   and finally, I understand that some other parties want to

12   either ask questions or make their views known about

13   Sysco's motion.

14           And again, I will say that the local Rule 7.1

15   does give you an avenue for doing that.  The motion was

16   filed on March the 10th.  Responses to the motion were due

17   on Friday of last week.

18           In light of the fact, though, that the hearing

19   wasn't until the 5th of April, I'm happy to give people

20   until the end of the week if they've got something to say

21   about the Sysco motion.  So that's more or less what I've

22   got to say.

23           Mr. Gant, either today or tomorrow, pick one of

24   the three options under local Rule 83.7 and file that.

25           MR. GANT:  Yes.  I've just pulled it up, Your

1    Honor, but I'm trying to listen carefully to what you're

2    saying, so I haven't had a chance to read it.

3                   MAGISTRATE JUDGE DOCHERTY:  Okay.

4                   MR. GANT:  If I may just say a couple of things,

5    Your Honor.

6                   MAGISTRATE JUDGE DOCHERTY:  Yes.

7                   MR. GANT:  That stipulation was drafted by the

8    counsel for Sysco from the Frankfurt firm, so we -- and

9    they were eager to have us withdraw.  So we filed that at

10   their request, but we will confer and then file something

11   in conformity with the local rule that you've identified.

12                  MAGISTRATE JUDGE DOCHERTY:  Okay.

13                  MR. GANT:  And I just want to say, Your Honor,

14   and I assume that both you and Judge Tunheim will

15   appreciate this, that with respect to Sysco being a former

16   client, we have ethical constraints on what we can say

17   unless Sysco's counsel on this call wants to free us from

18   those ethical obligations.

19                  Even with respect to a former client, we're

20   limited in what we can say.  We did not respond to the

21   petition, the material that you were referring to and

22   obviously consulted, which make accusations against me and

23   my firm.

24                  But we just want to say what we've said publicly

25   before, which is that we adamantly deny the accusations

1    that are made against us of ethical improprieties and

2    dispute some of the factual, proposed factual predicates

3    underlying it.

4          I don't know, Your Honor, if you're asking for or

5    wanting us to submit anything on it.  I didn't see it as

6    directly relevant to the stay motion.  And of course as you

7    also know, Your Honor, I also wear the hat, still having a

8    client, separate client Armory in the case, which has taken

9    no position on the stay motion.

10          But if it's important for the Court to hear from

11   us with respect to the underlying allegations, we of course

12   will submit something and hope that Sysco will allow us to

13   speak freely in that filing.

14          MAGISTRATE JUDGE DOCHERTY:  All right.

15          Mr. Boylan or Ms. Hyland, anything to say on

16   that?

17          MS. HYLAND:  Your Honor, this is Nicole Hyland

18   representing Sysco as professional responsibility counsel.

19          First, that stipulation was jointly drafted by us

20   and Boies Schiller.  It went through several revisions, so

21   I'm not sure.  I disagree with that characterization, but

22   we'll leave that.

23          I don't know what information or what license or

24   agreement Mr. Gant is asking for in terms of waiving

25   rights.  I believe his rights to respond to the extent that

1    he needs to respond and Your Honor wishes to give him an

2    opportunity to respond are provided for in the rules.  So

3    Sysco expects Boies Schiller to comply with its ethical

4    obligations under the rules.

5              MAGISTRATE JUDGE DOCHERTY:  All right.  Here's

6    where I'm coming out on this.  As I say, there is a motion

7    coming up that is going to occur on the 5th of April.  I

8    don't know what it is that I don't know and that might be

9    important to that motion.

10             This all seems -- this all is intertwined, and so

11   to the extent the information can be provided, I am going

12   to be grateful for it and take it in.

13             As to your concerns, Mr. Gant, I hear you.  I

14   understand that these were the filings from one side that I

15   read.  I'm accustomed to keeping an open mind until I see

16   both sides.  I understand that you may be operating under

17   some restraints in being able to respond.

18             I also wanted to be transparent that I am, in my

19   desire to figure out what is going on in this case,

20   consulted records, public records in another federal

21   District Court.  So that's all that was going on in that.

22             I believe at this point that we will be able to

23   hear from those individuals who wish to speak on the Sysco

24   motion and would like to ask questions about the Sysco

25   motion, but again, I will point out that expires by

1   midnight on Friday, and I presume the writing will be

2   considerable, and so I have entered an order kind of

3   generally extending the time to respond until then.

4           So if there is anyone, so we don't get multiple

5   people speaking at once, that wants to raise or anyone who

6   wishes to be heard on Sysco's motion or ask questions about

7   it.

8           MR. GANT:  Your Honor, it's Mr. Gant again.

9           MAGISTRATE JUDGE DOCHERTY:  All right.

10          MR. GANT:  Again, as you can understand from my

11  prior statement, we have a former client that we believe

12  has made unfounded accusations of ethical violations.  I'm

13  walking on eggshells a bit here, and Ms. Hyland didn't give

14  me any comfort.

15          We did not plan to put in a response on Sysco's

16  stay motion, either for our client Armory, which takes no

17  position, or on behalf of the firm because we didn't see it

18  as directly relevant.  We're not a party to the motion as

19  the law firm, obviously.

20          What I want to make sure I'm understanding is, if

21  the Court believes it's important for the Court to hear

22  from us to address the underlying allegations and

23  accusations made against the firm, we will do that or try

24  and do that, but make sure that that's done in a way that

25  Sysco is not going to turn around and say we violated

1    ethical obligations to Sysco by filing that.

2         So if Your Honor wants us to submit that, I would

3    appreciate, you know, that that's clear on the record that

4    we are responding to a court request or directive, and

5    we're happy to do that.

6         If you're just saying we can do it, but you don't

7    care whether we do it, then that's a different matter.  We

8    probably will not submit something.

9         MAGISTRATE JUDGE DOCHERTY:  Mr. Gant, the more

10   information that I can have about what is happening here,

11   the better job I feel obligated to do on the Sysco stay

12   motion.

13        MR. GANT:  I appreciate that.

14        MAGISTRATE JUDGE DOCHERTY:  Excuse me?

15        MR. GANT:  I'm sorry.  I thought you were

16   finished.

17        I appreciate that.  Go ahead.

18        MAGISTRATE JUDGE DOCHERTY:  So that's just sort

19   of setting the stage.  Therefore, anything that you believe

20   you can tell me without violating ethical rules I will be

21   happy to receive.  If the answer is, I can't tell you

22   anything without violating ethical rules, I'll accept that.

23        So I have to leave it in your court, and I have

24   to keep the guidance general, but I will take in whatever

25   you believe in the exercise of your professional judgment

1    you can provide me.

2              MR. GANT:  And, Your Honor, I don't want -- it's

3    your hearing to run, but if Ms. Hyland is willing to commit

4    on the record that Sysco is not going to argue that we

5    violated some ethical commitment to Sysco by making a

6    filing to answer on Your Honor's statement, I would very

7    much appreciate that because I am all in favor of your

8    hearing all the facts.

9              MS. HYLAND:  Your Honor, given the conduct up

10   till now, I simply cannot give Boies Schiller free rein to

11   say whatever it wants publicly at the risk of further

12   violations of its fiduciary duties.

13             Boies Schiller can get advice from its own ethics

14   counsel as to what it's permitted to say.  I'm not its

15   ethics counsel, and I'm not waiving confidentiality for my

16   client.

17             MR. GANT:  Just to be clear, we would be happy to

18   file something under seal, Your Honor.  So if Ms. Hyland's

19   concern is about the public seeing things, we are happy to

20   file under seal as long as you permit us to do that.

21   Again, we're eager for all the facts to come out and for

22   you to have all the facts, Your Honor.

23             MAGISTRATE JUDGE DOCHERTY:  You are asking for

24   assurances I can't give you.  This is a matter for your

25   professional judgment, and all I can do is repeat again

1    that I'm happy to receive whatever you can provide.

2            MR. GANT:  May we file something under seal, Your

3    Honor?

4            MAGISTRATE JUDGE DOCHERTY:  Yes.

5            MR. GANT:  Thank you.

6            MAGISTRATE JUDGE DOCHERTY:  So I believe that

7    that's it for at least for this status conference on Sysco.

8    Boies Schiller --

9            MS. HYLAND:  Apologies.  May I ask a question

10   about one of the things that you just said?

11           MAGISTRATE JUDGE DOCHERTY:  Yes.

12           MS. HYLAND:  You asked us to clarify our role as

13   limited counsel.

14           MAGISTRATE JUDGE DOCHERTY:  Yes, I did.

15           MS. HYLAND:  In a written submission?

16           MAGISTRATE JUDGE DOCHERTY:  That would probably

17   be best as it is precise, to get something in on that.

18           MS. HYLAND:  So when would you like that?

19           MAGISTRATE JUDGE DOCHERTY:  Tomorrow or the next

20   day.

21           MS. HYLAND:  Can we say the same deadline of

22   midnight Friday as the other submissions?

23           MAGISTRATE JUDGE DOCHERTY:  Yes.

24           MS. HYLAND:  Thank you.

25           MAGISTRATE JUDGE DOCHERTY:  All right.  Just to

1    sum up before we move on, Boies Schiller will seek to

2    withdraw as counsel for Sysco pursuant to Rule 83.7, and I

3    will issue an order later today denying the stipulation.

4           Anthony Ostlund and the Frankfurt firm will file

5    something by midnight Friday clarifying what they mean by

6    "a limited appearance."

7           Persons or parties wishing to weigh in for or

8    against Sysco's motion will do so by midnight on Friday, by

9    written order extending the deadline for responding which

10   will be entered later this afternoon.

11          Anything further on this?

12          MR. GANT:  No, Judge Docherty.  Thank you.  This

13   is Mr. Gant.  Thank you.

14          MAGISTRATE JUDGE DOCHERTY:  Okay.  Thank you all

15   very much.

16          Judge Tunheim?

17          THE COURT:  All right.  Thank you, Judge

18   Docherty, and all.

19          The next item on the agenda was a hearing date

20   for the Consumer Indirect Purchaser Plaintiffs' motion for

21   final approval of settlement with Smithfield.  I think that

22   is set now for April 3rd.

23          So nothing further we need to discuss here; is

24   that correct?

25          MS. VAN ENGELEN:  That's correct, Your Honor.

1    Thank you.

2            THE COURT:  All right.  Okay.  Depositions, is

3    there any update anyone wishes to give?  It looks like

4    they're proceeding, the problems with the Canadian court

5    and the deposition of the packing company.

6            Any update on depositions anyone wants to give,

7    any problems, issues that we need to address today?

8            MS. PERSHING:  This is Abigail Pershing, Your

9    Honor, on behalf of plaintiffs.  There is nothing beyond

10   what is included in the joint report that we need to

11   discuss today.

12           MR. SAMELS:  This is Max Samels for defendants.

13   I think we are in a similar position with the Sioux-Preme

14   and USDA depositions.  We have nothing more to discuss.

15           MR. TAYLOR:  Jarod Taylor --

16           THE COURT:  I am sorry.  Go head.

17           MR. TAYLOR:  I apologize, Your Honor.  Jarod

18   Taylor for the Tyson defendants.

19           The only update not included here is just that

20   the British Columbia court has set a second hearing on the

21   deposition of Sumio Matsumoto for June 7th.

22           THE COURT:  June 7th.  Okay.  So that's a

23   decision whether to order the deposition of Matsumoto,

24   right?

25           MR. TAYLOR:  That's a hearing on whether to

```
 1    permit that deposition to proceed, correct.
 2              THE COURT:  All right.  Okay.  Anyone else?
 3              Okay.  It looks like the next issue on trial
 4    exhibits is really not anything necessary to discuss today.
 5    That might be ripe for further discussion at our next
 6    status conference; is that correct?
 7              MR. TAYLOR:  This is Jarod Taylor for defendants,
 8    Your Honor.  That is correct from our perspective.
 9              MR. POUYA:  Bobby Pouya for the class plaintiffs.
10    That's correct as well from our perspective.
11              THE COURT:  Okay.  Good.  All right.  So the
12    Direct Action Plaintiffs' consolidated complaint issue I
13    think is next on the agenda.  I don't have it on my --
14              MR. KAPLAN:  We didn't, Your Honor.  Robert
15    Kaplan.
16              We did not put that on the agenda.  We are
17    willing to discuss it if Your Honor would like.
18              THE COURT:  Yeah.  I wanted to discuss it a
19    little bit just to make this a little bit clearer.  There
20    is a motion to dismiss the Direct Action Plaintiffs'
21    complaint, but there is no response that I have seen yet on
22    the record from Direct Action Plaintiffs; is that correct?
23              MR. KAPLAN:  No.  We have filed a response, Your
24    Honor.
25              THE COURT:  You have now.  Okay.
```

1      MR. KAPLAN:  On the motion to dismiss the

2    consolidated amended complaint.  I don't have the ECF

3    number, but it was filed.

4      THE COURT:  We're not seeing it.

5      MR. KAPLAN:  I will locate it and re-file it.

6    Would that be appropriate?

7      THE COURT:  Yeah.  That's perfectly fine.  It may

8    be that we're just missing it, too.  It's a crowded docket.

9    So all right.

10     MR. KAPLAN:  I will look for the ECF number.  If

11   I have that, I will tell Ms. Arent the ECF number.  If not,

12   we will re-file it.

13     THE COURT:  All right.  That sounds good,

14   Mr. Kaplan.  Thank you.

15       There was some suggestion about waiting to

16   address the motion until the summary judgment briefing is

17   due, which is quite a ways away.  Is that an issue anyone

18   wished to discuss?

19     MR. KAPLAN:  No, Your Honor.

20     THE COURT:  Okay.  I think we will just move this

21   along and get this on for a hearing as soon as everything

22   is ready to go, and we will prioritize that.

23       Okay.  So I think Triumph has filed a motion to

24   alter, amend, supplement its answer.  Judge Docherty, do

25   you want to handle that?

1          MAGISTRATE JUDGE DOCHERTY:  Yes.  The motion has

2     been filed I believe under local Rule 7.1.  The responses

3     are due today.  We have set the hearing on for the 6th of

4     April after receiving the responses.  After they are filed,

5     I will go ahead and make a decision whether to let Publix

6     back in or not and let the parties know that.

7          At least with Triumph's filings, it looks

8     relatively straightforward, but there is nothing from the

9     other side at this point.

10          MR. KAPLAN:  Your Honor, the DAPs take no

11     position, Your Honor.  We're not going to oppose it or

12     endorse it.  Since it violated a court order, a date, and

13     if the Court wants to accept it, that's fine with us.  We

14     don't take any position on it.

15          So we do not plan to file any papers unless Your

16     Honor would like us to.

17          MAGISTRATE JUDGE DOCHERTY:  I don't need anyone

18     to send anything.

19          All right.  Thank you.

20          THE COURT:  All right.  Anything else anyone

21     wishes to raise today?  I think those are the issues we

22     wished to raise from the Court, unless you see something

23     else, Judge Docherty.

24          MAGISTRATE JUDGE DOCHERTY:  I do not.  Thank you.

25          THE COURT:  Any counsel wish to raise any other

```
 1    issue today at our status conference?

 2            All right.  Let's at least set a target for our

 3    next status conference, which would be sometime toward the

 4    middle to end of April.

 5            Heather, I'm looking at you.

 6            COURTROOM DEPUTY:  Tuesday, April 18th at 11:00.

 7            THE COURT:  That's not a good date.

 8            COURTROOM DEPUTY:  I'm sorry.  That's not a good

 9    date.

10            THE COURT:  Later that week is fine.

11                   (Off-the-record discussion.)

12            COURTROOM DEPUTY:  April 20th at 10:00 a.m.

13            MAGISTRATE JUDGE DOCHERTY:  Are afternoons an

14    option?  My mornings are busy.

15            THE COURT:  Early afternoon would work.

16            COURTROOM DEPUTY:  How about one o'clock on the

17    20th?

18            MAGISTRATE JUDGE DOCHERTY:  Yes.  Thank you.

19            THE COURT:  One o'clock Central Time, Central

20    Daylight Time now, on the 20th.

21            Is that the date?  I am sorry.  What's the date?

22            COURTROOM DEPUTY:  Yes, Your Honor.  April 20th.

23            THE COURT:  April 20th.

24            COURTROOM DEPUTY:  At 1:00.

25            MR. KAPLAN:  That's fine, Your Honor.
```

1           THE COURT:  All right.  Sounds good.  If there is

2     nothing else for today, we will be in recess here and look

3     forward to our hearing next month.

4           Thank you, everyone.

5           MR. KAPLAN:  Thank you, Your Honor.

6           **(Court was adjourned.)**

7                    *          *          *

8           I, Kristine Mousseau, certify that the foregoing

9     is a correct transcript from the record of proceedings in

10    the above-entitled matter.

11

12

13

14    Certified by:  s/  *Kristine Mousseau, CRR-RPR*
                            Kristine Mousseau, CRR-RPR

15

16

17

18

19

20

21

22

23

24

25