UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/JFD) |
| This Document Relates To:<br><br>ALL CONSUMER INDIRECT PURCHASER PLAINTIFF ACTIONS | **ORDER GRANTING MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT BETWEEN CONSUMER INDIRECT PURCHASER PLAINTIFFS AND DEFENDANT SMITHFIELD FOODS, INC.** |

The above matter came before the Court on the Consumer Indirect Purchaser Plaintiffs' ("Consumer IPPs") motion for final approval of the class action settlement between Consumer IPPs and Smithfield Foods, Inc. ("Smithfield") ("Motion").

The Court has reviewed the memorandum submitted by the Consumer IPPs in support of their Motion and has reviewed the various declarations and submissions relating to that Motion. The Court held a hearing on April 3, 2023, and appearances were noted on the record.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. This Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

2. This Court certifies a Settlement Class defined as:

> [A]ll persons and entities who indirectly purchased pork from any of the Defendants or any co-conspirator, or their respective subsidiaries or affiliates, for personal use in the United States from at least as early as January 1, 2009 until April 2, 2021. Specifically excluded from the Settlement Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from this Settlement Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and members of his/her immediate family and judicial staff, and any juror assigned to this action.

This class definition is in all material respects the same settlement class proposed in the Consumer IPPs' Third Amended Consolidated Amended Class Action Complaint, ECF Nos. 866 (redacted), and 865 (sealed), and the same class set forth in the Settlement Agreement. *See* Settlement Agreement, ¶ 5.

3. The Court appoints the law firms of Hagens Berman Sobol Shapiro LLP and Gustafson Gluek, PLLC as Co-Lead counsel for the Settlement Class.

4. Upon review of the record, the Court finds that the Settlement Agreement is a fair, reasonable, and adequate settlement for the Settlement Class within the meaning of Federal Rules of Civil Procedure 23.

    a. The proposed Settlement Agreement has been negotiated at arm's length and is entitled to a presumption of fairness.

    b. The settlement provides substantial relief for the class in the form of $75 million in monetary compensation and certain injunctive relief as well as cooperation from Smithfield in the ongoing litigation. Weighed against the

uncertainty of relief at this stage of the litigation, this factor supports Final Approval.

    c. Defendants' financial condition is a neutral factor in this analysis.

    d. The complexity and expense of further litigation supports final approval. The legal and factual issues involved are numerous and uncertain in outcome. Because the Settlement Agreement will yield a certain, substantial, and prompt recovery, without further delay and expense, it substantially benefits the Consumer IPP class, and approval is appropriate.

    e. The settlement class members' positive reaction supports Final Approval. Of the millions of potential class members reached by the Consumer IPPs direct and indirect notice efforts, three have opted out, and none have objected.

5. The Court finds further that the proposed Settlement class meets all prerequisites of Rule 23(a) based on a preliminary inquiry behind the pleadings and assuming that if the plaintiffs' general allegations are true, evidence could suffice to make out a prima facie case for the class.

    a. The numerosity requirement of Rule 23(a)(1) is satisfied. The proposed class spans over a decade, and the product (pork) is nearly ubiquitous in American households.

b. The commonality requirement is satisfied. Consumer IPPs are relying on several common contentions, including: (1) defendants conspired to stabilize the price and supply of pork in the United States; and (2) defendants' conduct caused overcharges for pork consumers.

c. The typicality requirement is satisfied. Consumer IPPs' claims are based on the same antitrust conspiracy. Consumer IPPs are relying on common contentions, including: (1) Each class member has suffered the same harm through the purchase of pork in grocery stores that was subject to an overcharge; (2) No individual class member could have known of the conspiracy – the Agri Stats reports themselves are highly secretive, provided only to industry participants and never released to the public; and (3) Each individual class representative has the same interests in pursuing these claims on behalf of the absent class.

d. The adequacy requirement is satisfied. The named plaintiffs have no material conflict with other class members. Consumer IPPs are relying on common contentions, including: (1) Each purchased pork from grocery stores, unaware of the existence of the defendants' alleged agreement to fix, raise, maintain, and stabilize pork prices, and suppress pork output. No one individual class member could avoid the claimed overcharges; (2) Each named plaintiff is aligned with the class in establishing the defendants'

liability and maximizing class-wide damages. Interim co-lead class counsel is also adequate. As the Court has already recognized in appointing Hagens Berman and Gustafson Gluek, each of these firms and their attorneys are qualified and experienced in representing antitrust plaintiffs. Interim co-lead counsel have represented victims of antitrust conspiracies across the country, and will continue to vigorously represent the class here. The named plaintiffs have fulfilled their duties as class representatives by actively participating in the litigation. Each representative has approved the terms of this settlement and remains apprised of the status of the case.

6. The Court finds further that the proposed Settlement Class satisfies Rule 23(b)(3). Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other methods for fairly and efficiently adjudicating the controversy. The Court has made a preliminary inquiry behind the pleadings and finds that, given the factual setting of the case, if the plaintiffs' general allegations are true, common evidence could suffice to make out a prima facie case for the class. Specifically, the Court has reviewed Consumer IPPs' Third Amended Complaint and finds those allegations, if proven true, would constitute ample common evidence of: (a) Defendants' conduct—common to all pork consumers—illegally agreeing to stabilize price and supply; (b) inflated wholesale prices—again, common to all pork consumers—that

broke significantly from the Defendants' pre-class-period margins; and (c) analyses of the consumer price index showing that overcharges were passed through from producers to all consumer indirect purchaser plaintiffs. The Court finds further that the focus of this litigation will be on the conduct of Defendants and the stabilization of the pricing and supply of pork. The Court finds further that the Consumer IPP class members have not expressed interest in individually controlling the prosecution of their claims, and that separate proceedings would produce duplicate efforts, generate unnecessary litigation costs, create an "unwarranted burden on this Court and other courts throughout the country," and risk inconsistent results for similarly situated parties.

7. Consumer IPPs have executed the best notice practicable under the circumstances of the Settlement Agreement and the Fairness Hearing. Consumer IPPs' notice constituted due and sufficient notice for all other purposes to all Persons entitled to receive notice. Consumer IPPs reached over 17,500,000 potential class members through their direct notice e-mail program. And Consumer IPPs reached millions of potential class members through the indirect notice efforts conducted in both English and Spanish. The notice itself informed class members of the nature of the action, the terms of the proposed settlements, the effect of the action and the release of claims, as well as class members' right to exclude themselves from the action and their right to object to the proposed settlements.

8. The plan of allocation is fair, reasonable, and adequate. The Settlement provides for a cash payment of $75 million which has been deposited into the Settlement Fund. The Agreement provides that the Settlement Fund will fund the payment of valid claims of Settlement Class members, costs of notice, claims administration, payment for service awards to the Named Plaintiffs and attorneys' fees and costs.

9. The proposed settlement treats class members equitably relative to each other. Funds will be awarded based on the *pro rata* share per class member of qualifying class products purchased and will be distributed through an electronic method. For efficiency's sake, the plan of distribution and the distribution itself may wait until later in the litigation when more settlement monies are available for distribution.

10. For the reasons set forth herein, the Court **GRANTS** the Consumer IPPs' motion for Final Approval.  (ECF No. 1857)

11. The Action with respect to Consumer IPPs' Claims is **DISMISSED WITH PREJUDICE** as to the Smithfield Released Parties (as that term is defined in the Settlement Agreement). Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and directs that the judgment of dismissal as to Smithfield shall be final and appealable and entered forthwith.

12. The Court retains continuing and exclusive jurisdiction over the Settlement Agreement for all purposes.

13. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used as defined in the Settlement Agreement.

14. Neither this Order nor the Settlement Agreement shall be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, or regulation or of any liability or wrongdoing by Settling Defendant Smithfield or of the truth of any of Consumer IPPs' Claims or allegations, nor shall it be deemed or construed to be an admission nor evidence of Released Parties' defenses.

DATED: April 11, 2023
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
United States District Judge