# UNITED STATES DISTRICT COURT
# DISTRICT COURT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>THE DIRECT PURCHASER PLAINTIFF CLASS ACTION | Case No. 18-cv-01776 (JRT)<br><br>**DECLARATION OF W. JOSEPH BRUCKNER IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF THE DIRECT PURCHASER CLASS ACTION SETTLEMENT WITH SEABOARD FOODS LLC AND MOTION FOR APPROVAL OF CLASS NOTICE** |

994328.4

I, W. Joseph Bruckner, declare and state:

1. I am a Partner of the law firm of Lockridge Grindal Nauen P.L.L.P. This Court has appointed my firm, together with Pearson Warshaw, LLP, as Co-Lead Class Counsel for the Direct Purchaser Plaintiff Class ("DPPs") in this litigation.

2. I submit this Declaration in support of the Motion for Preliminary Approval of the Direct Purchaser Class Action Settlement with Seaboard Foods LLC and Motion for Approval of Class Notice filed simultaneously herewith.

3. Since the initial complaint was filed, DPPs have continued their factual investigation into the conspiracy alleged in their complaint, and once the Court largely denied Defendants' motions to dismiss Plaintiffs' complaints, DPPs commenced extensive discovery.

4. During discovery, DPPs obtained responses to multiple sets of interrogatories, and received millions of documents in response to their requests for production and third-party subpoenas. DPPs, along with other plaintiffs, have taken dozens depositions of the Defendants and third parties. DPPs have also provided responses to written discovery, produced documents, and appeared for depositions noticed by the Defendants.

5. On November 17, 2020, DPPs and the JBS Defendants entered into a settlement that provided for a payment of $24,500,000 and meaningful cooperation. The Court granted final approval of that settlement on July 26, 2021. *See* ECF No. 838. On June 29, 2021, DPPs and the Smithfield Defendants entered into a settlement that provided for a payment of $83 million and meaningful cooperation. The Smithfield settlement was

subject to a $5,635,700 reduction based on the opt-outs received during the settlement administration process. The total net amount paid by Smithfield equaled $77,364,300. The Court granted final approval of that settlement on January 31, 2022. *See* ECF No. 1154.

6. On behalf of DPPs, I, my firm, and my Co-Lead Class Counsel personally conducted settlement negotiations with counsel for Seaboard beginning in June 2021. Pursuant to the Settlement Agreement, Seaboard will pay $9.75 million in monetary relief and will provide cooperation to DPPs, as defined in the Agreement. Combined with DPPs' earlier settlements with the JBS and Smithfield Defendants, this brings the total settlements to date to $111,614,300.

7. The Settlement Agreement allows (but does not obligate) Seaboard to terminate the Settlement Agreement if potential members of the Certified Class representing more than a specified portion of relevant transactions opt out of the Certified Class. Settlement Agreement ¶ 20. DPPs will provide the side letter to the Court for *in camera* review upon request.

8. The proposed settlement comes after extensive confidential, protracted arm's-length negotiations between the parties. These discussions commenced after the Court mostly denied all Defendants' second motion to dismiss in October 2020. ECF No. 520. During the subsequent two years the parties completed fact discovery, litigated class certification, and engaged in highly confidential, extensive arm's-length negotiations. The hard-fought negotiations were kept confidential, and often stalled as the parties vigorously litigated the case. Throughout all of these settlement discussions, counsel for DPPs focused on obtaining the best possible result for the DPP class.

9.  The negotiations included many conferences and written exchanges between counsel, and the parties ultimately utilized the assistance of experienced mediator Gregory Lindstrom. The parties and Mr. Lindstrom held a full day remote mediation on May 18, 2023. While the parties made substantial progress during that session, they did not reach agreement on all material terms.

10. The DPPs and Seaboard ultimately signed the Settlement Agreement on June 12, 2023, which is attached hereto as **Exhibit "A."**

11. There was no collusion or preferential treatment at any time during the negotiations. To the contrary, the negotiations were contentious, hard fought, and fully informed. DPPs sought to obtain the greatest monetary benefit possible from Seaboard. Furthermore, there was no discussion or agreement at any time regarding the amount of attorneys' fees Co-Lead Class Counsel would ask the Court to award in this case.

12. At this time, Plaintiffs and their counsel are not seeking attorneys' fees, reimbursement of litigation expenses, or class representative service awards from the Settlement proceeds. However, they will do so in the future, and will notify the Class and file a motion with the Court at an appropriate time. At this time, DPPs also are not seeking to distribute the net Settlement proceeds from the Seaboard Settlement to qualified class members.

13. I have practiced law since 1983, I specialize in antitrust class action law, and I have prosecuted numerous antitrust class actions as lead counsel or other leadership positions. I have negotiated many settlements during those years. In my opinion, and in that of my Co-Lead Class Counsel, the proposed settlement agreement is fair, reasonable,

and adequate. The settlement provides substantial benefits to the Certified Class, and avoids the delay and uncertainty of continuing protracted litigation with Seaboard.

14. The Settlement Agreement requires Co-Lead Class Counsel to send notice to members of the Certified Class of, among other things, the fact and material terms of the proposed settlement; instructions on how to opt out of the Settlement, the Certified Class, or both; object to the Settlement; and other information. The type of notice plan proposed here, which relies on direct notice to the extent practicable to identified class members who can be identified through reasonable effort, supplemented by publication notice, has been successfully implemented in direct purchaser class actions, including in the instant case following preliminary approval of the JBS and Smithfield settlements.

15. DPPs have enlisted the services of an experienced class action administrator, A.B. Data Ltd., to administer notice to the Certified Class members. The details of the proposed class notice program are discussed in our Motion and supporting declaration of Eric Schachter, and essentially mirror the notice programs approved by this Court regarding the earlier settlements. Seaboard, the Settling Defendant, has reviewed the notice documents and does not object to their contents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 22nd day of June, 2023, at Minneapolis, Minnesota.

/s/ W. Joseph Bruckner
W. Joseph Bruckner