UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Sysco Corp. v. Agri Stats, Inc., et al.*,<br>Case No. 21-cv-1374 (D. Minn.) | Civil Action No. 18-cv-01776<br><br>Honorable John R. Tunheim<br>Honorable John F. Docherty |

**CARINA VENTURES LLC'S MEMORANDUM IN SUPPORT OF
JOINT MOTION FOR SUBSTITUTION OF PLAINTIFF**

Carina Ventures LLC ("Carina") submits this memorandum in support of its joint motion with Sysco Corporation ("Sysco") to substitute Carina as plaintiff in this case (ECF 1940). Sysco has fully assigned its claims in this matter to Carina, and Carina now holds the sole right to prosecute those claims. Substitution will facilitate the conduct of this litigation, and Carina respectfully requests that the Court grant the motion.

**BACKGROUND**

In several transactions beginning in 2019, Burford Capital LLC ("Burford") – through three special purpose financing vehicles – provided Sysco over $140 million in capital collateralized by the proceeds of Sysco's antitrust claims against major U.S. protein suppliers, including Sysco's claims in the above-captioned litigation. *See* Non-Party Resp'ts Opp'n to Sysco's Mot. for Reassignment & Consolidation at 2, *In re Broiler Chicken Antitrust Litigation*, No. 1:16-cv-08637 (N.D. Ill. Apr. 3, 2023), ECF No. 6504. Pursuant to the parties' financing agreement, Burford was a passive provider of capital and had no rights as to the prosecution or resolution of Sysco's claims. *See id.* at 2-3.

Subsequently, the parties restructured their agreement. *See id.* at 3. As part of that restructuring, which also involved a release of potential claims by Burford against Sysco, Sysco agreed that it "shall not accept a settlement offer without [Respondents'] prior written consent, which shall not be unreasonably withheld." *Id.* at 4 (internal quotation marks and citation omitted).

Sysco and Burford then wound up in arbitration relating to a dispute over Sysco's proposal to execute settlements with several protein suppliers without Burford's consent. *See id.* The Tribunal entered a preliminary injunction preventing Sysco from executing the proposed settlements prior to a final merits hearing. *See id.* at 5. Sysco subsequently petitioned to vacate the injunction in the Northern District of Illinois, *see* Am. Pet. to Vacate Arbitration Award, *Sysco Corp. v. Glaz LLC*, No. 1:23-cv-01415 (N.D. Ill. Mar. 20, 2023), ECF No. 18, and Burford petitioned to confirm the preliminary award in New York state court – which was later removed to the Southern District of New York, *see* Notice of Removal, *Glaz LLC v. Sysco Corp.*, No. 1:23-cv-02489 (S.D.N.Y. Mar. 23, 2023), ECF No. 1.

Prior to adjudication of the parties' competing petitions, Burford and Sysco agreed to settle their dispute and voluntarily dismissed the arbitration, New York, and Illinois proceedings. *See*, *e.g.*, Stipulation of Dismissal, *Sysco Corp. v. Glaz LLC*, No. 1:23-cv-01415 (N.D. Ill. June 28, 2023), ECF No. 56; Stipulation of Dismissal, *Glaz LLC v. Sysco Corp.*, No. 1:23-cv-02489 (S.D.N.Y. June 29, 2023), ECF No. 43. As part of that resolution, Sysco assigned its food antitrust claims – including its claims in this case – to Carina, a Burford affiliate. Pursuant to the Assignment and Novation Agreement, Sysco

agreed to "unconditionally sell[], assign[] and transfer[] . . . all of [Sysco's] right, title and interest" in the claims to Carina.  ECF 1940, Ex. A at ¶ 2.  Accordingly, Carina "possesses all rights to prosecute, enforce and collect the Claims," and Sysco "retain[s] no rights to do so."  *Id.* ¶ 4.

## ARGUMENT

Federal Rule of Civil Procedure 25(c) states that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."  The rule applies to transfers and assignments, including assignments of federal antitrust claims.  *See Fischer Bros. Aviation, Inc. v. NWA, Inc.*, 117 F.R.D. 144, 145-46 (D. Minn. 1987).  "Rule 25(c) substitution is a procedural device, which is not intended to affect the substantive rights of the involved parties; rather, substitution is 'designed to allow an action to continue unabated when an interest in a lawsuit changes hands rather than requiring the initiation of an entirely new lawsuit.'"  *Jalin Realty Cap. Advisors, LLC v. A Better Wireless, NISP, LLC*, 2017 WL 1968285, at *3 (D. Minn. Apr. 18, 2017) (quoting *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190-91 (8th Cir. 1995)).

Carina and Sysco's motion presents a straightforward application of Rule 25(c).  Federal antitrust claims are freely assignable, *see Fischer Bros. Aviation*, 117 F.R.D. at 146, and when such an assignment is made during the course of litigation, assignees routinely seek substitution pursuant to Rule 25(c), *see, e.g., id.*; *Ritz Camera & Image, LLC v. Sandisk Corp.*, 2013 WL 3387817, at *1 (N.D. Cal. July 5, 2013).  Substitution is appropriate in those cases because the assignee assumes all rights to prosecute the claim

3

and thus is necessary to continue the litigation. By way of the Assignment and Novation Agreement, Sysco transferred all interest in the claims and Carina now possesses the sole right to prosecute those claims. *See* ECF 1940, Ex. A ¶¶ 2, 4. Substitution in this case will thus permit the "action to continue unabated." *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995) (quotation omitted).

As an assignee, Carina "'step[s] into the shoes of the assignor'" and "is the functional equivalent of the original plaintiff." *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 389 (2d Cir. 2021) (citation omitted). Thus, even though Carina is replacing Sysco as the plaintiff, it is prosecuting claims based on *Sysco's* purchases. *See id*. Carina is not attempting to add new claims and substitution will not "substantively change" the defenses. *Couf v. Equitable Life Assurance Soc'y of the United States*, 2003 WL 27384629, at *2 (D. Minn. Dec. 17, 2003). Moreover, Sysco agreed during the meet-and-confer process to make witnesses available for trial. In addition, Carina told Defendants it will agree to some discovery of it notwithstanding that fact discovery has ended, and Carina proposed to meet and confer with Defendants about the timing, nature, and scope of such discovery.

## CONCLUSION

Carina is now the real party in interest, and should be substituted for Sysco as the Plaintiff in this case. Carina respectfully requests that the Court grant the motion and substitute Carina Ventures LLC for Sysco as plaintiff in this action.

Dated:  July 7, 2023

Respectfully submitted,

*/s/ Scott E. Gant*
Scott E. Gant
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
Email: sgant@bsfllp.com

Colleen A. Harrison
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8204
Email: charrison@bsfllp.com

*Counsel for Carina Ventures LLC*