UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

------------------------------------------------------------
                                    )
**IN RE PORK ANTITRUST LITIGATION**     ) COURT FILE
                                    ) NO. 18-CV-1776 (JRT/JFD)
                                    )
This document relates to:           )
                                    )          **VIA**
    *Sysco Corporation v. Agri Stats,* ) **ZoomGov VIDEO CONFERENCE**
    *Inc.,* **Case No. 21-CV-1374**    )
                                    )
------------------------------------------------------------
                                    )
**IN RE CATTLE AND BEEF ANTITRUST**     ) COURT FILE
**LITIGATION**                          ) NO. 22-MD-3031 (JRT/JFD)
                                    )
                                    )
This document relates to:           )
                                    )
    *Sysco Corporation v. Cargill,*    ) Wednesday, April 5, 2023
    *Inc.,* **Case No. 22-CV-1750**     ) St. Paul, Minnesota
                                    ) 8:30 A.M.
------------------------------------------------------------


**HEARING ON**

**SYSCO CORPORATION'S MOTION FOR A LIMITED STAY**
**- AND -**
**BOIES SCHILLER FLEXNER, LLP's MOTION TO WITHDRAW AS COUNSEL**



**BEFORE THE HONORABLE JOHN F. DOCHERTY**
**UNITED STATES MAGISTRATE JUDGE**




**TIMOTHY J. WILLETTE, RDR, CRR, CRC**
Official Court Reporter - United States District Court
Warren E. Burger Federal Building & U.S. Courthouse
316 North Robert Street - Suite 146
St. Paul, Minnesota  55101
651.848.1224

**A P P E A R A N C E S :**

**For the Direct Purchaser Plaintiffs:**

> **LOCKRIDGE GRINDAL NAUEN, PLLP**
> By:  BRIAN D. CLARK, ESQUIRE
> 100 Washington Ave. So. - Suite 2200
> Minneapolis, Minnesota  55401

**For the Commercial and Institutional Indirect Purchaser**
       **Plaintiffs:**

> **CUNEO GILBERT & LADUCA, LLP**
> By:  A. BLAINE FINLEY, ESQUIRE
> 4725 Wisconsin Avenue, NW  Suite 200
> Washington, D.C.  20016

**For the Consumer Indirect Purchaser Plaintiffs:**

> **GUSTAFSON GLUEK, PLLC**
> By:  DANIEL C. HEDLUND, ESQUIRE
>      JOSHUA J. RISSMAN, ESQUIRE
> 120 South Sixth Street - Suite 2600
> Minneapolis, Minnesota  55402

> **HAGENS BERMAN SOBOL SHAPIRO, LLP**
> By:  SHANA E. SCARLETT, ESQUIRE
> 715 Hearst Avenue - Suite 202
> Berkeley, California  94710

**For the Commonwealth of Puerto Rico:**

> **HAUSFELD**
> By:  KYLE G. BATES, ESQUIRE
> 600 Montgomery Street - Suite 3200
> San Francisco, California  94111

**For the Cattle Plaintiffs:**

> **SCOTT+SCOTT ATTORNEYS AT LAW, LLP**
> By:  PATRICK McGAHAN, ESQUIRE
> 156 South Main Street
> P.O. Box 192
> Colchester, Connecticut  06415

**A P P E A R A N C E S :**   (Continued)


For the Topco DAPs:          **KAPLAN FOX & KILSHEIMER, LLP**
                             By:  ROBERT N. KAPLAN, ESQUIRE
                             850 Third Avenue
                             New York, New York  10022


For the Sysco DAPs:          **ANTHONY OSTLUND LOUWAGIE**
                                 **DRESSEN & BOYLAN, P.A.**
                             By:  ARTHUR G. BOYLAN, ESQUIRE
                                  JOSEPH T. JANOCHOSKI, ESQUIRE
                             3600 Wells Fargo Center
                             90 South Seventh Street
                             Minneapolis, Minnesota  55402

                             **FRANKFURT KURNIT KLEIN & SELZ, P.C.**
                             By:  NICOLE HYLAND, ESQUIRE
                                  RONALD C. MINKOFF, ESQUIRE
                             28 Liberty Street
                             New York, New York  10005

                             **CLEARY GOTTLIEB**
                             By:  LINA BENSMAN, ESQUIRE
                             One Liberty Plaza
                             New York, New York  10006

                             **BOIES SCHILLER FLEXNER, LLP**
                             By:  SCOTT E. GANT, ESQUIRE
                             1401 New York Avenue N.W.
                             Washington, D.C.  20005


For defendant JBS USA Food Company:

                             **SPENCER FANE, LLP**
                             By:  DONALD G. HEEMAN, ESQUIRE
                             100 South Fifth Street - Suite 1900
                             Minneapolis, Minnesota  55402

                             **QUINN EMANUEL URQUHART**
                                 **& SULLIVAN, LLP**
                             By:  SAMI H. RASHID, ESQUIRE
                             1300 I Street N.W. - Suite 900
                             Washington, D.C.  20005

**A P P E A R A N C E S :   (Continued)**


**For defendant Smithfield Foods, Inc.:**

                     **GIBSON, DUNN & CRUTCHER, LLP**
                     By:  BRIAN E. ROBISON, ESQUIRE
                     2100 McKinney Avenue - Suite 1100
                     Dallas, Texas  75201-6912


**For defendant Tyson Foods:**

                     **AXINN VELTROP & HARKRIDER, LLP**
                     By:  JAROD G. TAYLOR, ESQUIRE
                     90 State House Square
                     Hartford, Connecticut  06103

                     **AXINN VELTROP & HARKRIDER, LLP**
                     By:  TIFFANY RIDER ROHRBAUGH, ESQ.
                     950 F Street N.W. - Seventh Floor
                     Washington, D.C.  20004

                     **PERKINS COIE**
                     By:  JON B. JACOBS, ESQUIRE
                     700 13th Street N.W. - Suite 600
                     Washington, D.C.  20005


**For defendant Cargill, Inc.**
  **and Cargill Meat Solutions Corporation:**

                     **GREENE ESPEL, PLLP**
                     By:  DAVIDA S. WILLIAMS, ESQUIRE
                     222 South Ninth Street - Suite 2200
                     Minneapolis, Minnesota  55402


**For defendant National Beef Packing Company, LLC:**

                     **JONES DAY**
                     By:  MICHELLE K. FISCHER, ESQUIRE
         **(Columbus)**     TIFFANY D. LIPSCOMB-JACKSON, ESQ.
      **(Minneapolis)**     BENJAMIN L. ELLISON, ESQUIRE
                     North Point
                     901 Lakeside Avenue
                     Cleveland, Ohio  44114-1190

                *    *    *    *

```
 1          (8:30 a.m.)

 2                    P R O C E E D I N G S

 3                       IN OPEN COURT

 4            (VIA ZoomGov VIDEO CONFERENCE)

 5          THE CLERK:  Okay.  We'll be getting started

 6   shortly when Judge Docherty turns on his audio and video.

 7   That will mark the start of the hearing.  Are there any

 8   questions before we get started?

 9          (No response)

10          THE CLERK:  Okay.

11          (Pause)

12          THE COURT:  Good morning, everybody.  This is

13   Magistrate Judge Docherty.  We are here this morning in both

14   the Pork and the Beef MDLs to consider a couple of things.

15   And just so the record is clear, I'm going to give the

16   docket numbers of these motions in both cases.

17              First up, we'll consider the motion of the Boies

18   Schiller Flexner law firm to withdraw as counsel for Sysco.

19   That is docket number 1882 in the Pork MDL, which is

20   18-CV-1776.

21              Would those who are not speaking be so good as to

22   silence their microphones?  There's considerable background

23   noise that I'm picking up.  Thanks much.

24              That motion is docket number 185 in Cattle, which

25   is 22-MD-3031.
```

1          After that we'll consider Sysco's motion for a

2    limited stay.  That's docket number 1843 in Pork and docket

3    number 164 in Cattle.

4          So let's begin, as I say, with Boies Schiller's

5    motion to withdraw.

6          Mr. Gant, I have read your moving papers, I've

7    read those of Sysco as well.  Mr. Gant, is there anything to

8    say over and above what's in the papers?

9          MR. GANT:  First of all, Your Honor, I am getting

10   over a bout of COVID, so I hope you can hear me and

11   apologize I'm not on camera, but I don't have anything to

12   add.  As you know, we wished we could have been able to tell

13   you more, but we could not obtain Sysco's consent to do so,

14   so we'll have to rest on our papers unless you have any

15   questions for me that I may be able to answer.

16         THE COURT:  All right.  Mr. Boylan, do you have

17   anything to say on behalf of Sysco?

18         MR. BOYLAN:  Your Honor, by way of update more

19   than on the substance, since our last filing -- and I think

20   this relates to both motions, but I'll set the table now if

21   it's all right with Your Honor.

22         Since our last filing we've made progress in

23   securing new counsel, replacement counsel.  We spoke with

24   additional firms.  They've lined up who they hope is going

25   to be the new counsel.  They've cleared conflicts.  They've

1    even started working, I think are close to finalizing and

2    getting an engagement letter executed.

3            Your Honor, Burford, the litigation funder, hasn't

4    yet consented to that, but we're in the process of trying to

5    obtain that consent so that representation can move forward

6    immediately.

7            More generally -- and I know Your Honor took a

8    look at some of the other filings in Illinois and whatnot.

9    We continue to be in a position where Sysco can't settle

10   these claims because Burford is standing in the way,

11   blocking those, including this case, and they haven't

12   withdrawn a recent threat to use a provision in the original

13   funding agreement to take control of this case.

14           Finally, Your Honor, just by way of update,

15   Sysco's petition in Illinois has not yet been ruled on.

16   It's pending, it's been updated, but it hasn't been ruled

17   on.

18           THE COURT:  All right.  Well, thanks for the

19   update, and yes, I'll have more to say about some of those

20   topics a little later.  I won't have much more to say,

21   though, because what I'm going to say is that there's no

22   motion or other request for relief pending, but let's table

23   that for now.

24           Is there anyone else who wishes to be heard on

25   this motion before -- I mean, I think I'm ready to rule on

1    it, but anyone else?

2              MR. BOYLAN:  Your Honor, I'm looking at my notes

3    here.  One thing I want to be absolutely clear about, our

4    proposed order on the stipulation that was denied included

5    some express language that I want to make sure I flag for

6    Your Honor and that would be included in any order here.

7              It was agreed that Boies Schiller's withdrawal

8    will be without prejudice to either BSF or Sysco in

9    asserting any claim or defense that they may have against

10   each other as a result of the withdrawal.  That's pretty

11   important language for other reasons and I just wanted to be

12   clear with Your Honor that I think that's agreed to as well,

13   and I want to be certain that if withdrawal is granted

14   that's included in the order.

15             THE COURT:  Okay.  I'm not sure anyone else has

16   the ability to weigh in on this, which seems to me to be

17   between Boies Schiller and its still client Sysco, but if

18   anyone does, speak now.

19             MR. ELLISON:  Yes, Your Honor, if I may briefly.

20             Just speaking on behalf of National Beef, Cargill

21   and Tyson, the one thing I'll add is -- and Your Honor's

22   probably contemplating this already, but to the extent

23   you're going to grant the motion to withdraw counsel, we

24   would just suggest some sort of firm time frame on entry of

25   appearance of new counsel just to keep things moving.

1      THE COURT:  That will be part of the motion to

2   stay, okay?

3          Anyone else?

4          (No response)

5      THE COURT:  All right.  I'm going to rule on this

6   one right away.  I'm not going to be issuing a written

7   order.  The transcript of what I'm about to say will be the

8   ruling of the Court for purposes of any further review.

9          I don't think I have any discretion to do anything

10  but grant this motion and here's why:

11         All attorneys who practice before this Court,

12  whether or not they're admitted to the bar of the Minnesota

13  Supreme Court are bound by the Minnesota Rules of

14  Professional Conduct, and that's found in Local

15  Rule 83.6(a).

16         Turning to the Minnesota Rule of Professional

17  Conduct that applies here, it's Rule 1.16(a)(3), it's

18  unequivocal, and to quote:  "A lawyer shall withdraw from

19  the representation of a client if the lawyer is discharged."

20         Boies Schiller Flexner represents and Sysco

21  confirms that in a February 23rd, 2023 email from Barrett

22  Flynn, who's in-house counsel at Sysco, to Boies Schiller

23  Flexner, Sysco discharged Boies Schiller and therefore BSF

24  must withdraw and I must grant their motion.

25         Local Rule 83.7 gives attorneys three mechanisms

1   for withdrawing from representation.  They can give notice

2   of withdrawal if they're part of a team of lawyers and other

3   members of that team are going to remain the party's counsel

4   of record.  They can under 83.7(b) give notice of withdrawal

5   and substitution if everybody's getting off, but substitute

6   counsel is lined up and ready to go.  Neither of those

7   situations is present here and therefore we're proceeding

8   under Local Rule 83.7(c), which is a motion.

9        Boies Schiller has filed the motion which is the

10   appropriate method.  I have not seen any opposition to Boies

11   Schiller's motion.  I gave everyone a chance to weigh in

12   just a couple of minutes ago, and although one party did

13   comment, nobody opposed the motion.  Rule 83.7(c) requires

14   notice to the client and good cause.  Sysco has been

15   notified and Sysco's discharge of Boies Schiller constitutes

16   good cause.

17        Therefore, Boies Schiller's motion to withdraw as

18   counsel for Sysco is granted.  They are off the case.  This

19   is done without any prejudice to any rights that Boies

20   Schiller may have or that Sysco may have against each other.

21        Mr. Boylan, does that cover your concern?

22        MR. BOYLAN:  It does, Your Honor.  Thank you.

23        THE COURT:  All right.  That motion is granted.

24        Let's proceed, then, to Sysco's motion for a

25   limited stay, docket number 1843 in Pork, docket number 164

11

1    in Cattle.

2          I understand that Sysco is moving for a 60-day

3    stay in order to find substitute counsel.  That motion was

4    filed on March the 10th, and if my arithmetic is right, that

5    was 26 days ago, meaning if that motion had been granted on

6    the day it was filed, 34 days would be left on the stay.

7    Thirty-four days from today is Monday, May the 8th of 2023.

8          Mr. Boylan, do you have anything further other

9    than the update you gave us about Sysco's efforts to retain

10   new counsel?  Anything further to say on your motion for a

11   limited stay?

12         MR. BOYLAN:  Your Honor, I'll try to be really

13   brief.  In light of the oppositions that we received -- and

14   generally, I think you could characterize them as

15   non-oppositions to at least a 30-day stay as well -- there

16   was some commentary that a couple of parties made, but those

17   relate to kind of the Burford issue, so I'm not going to

18   wade into that.  If we had had a reply memorandum, I think

19   we would have adjusted our request to Your Honor in the

20   following way:

21         In the Beef case, rather than asking for 60 days,

22   what we would request from Your Honor is an order staying

23   the action for 30 days only as to Sysco -- because I think

24   there's been some question of, you know, what ramifications

25   are there elsewhere -- it's only as to Sysco to allow us to

1   obtain replacement counsel, 30 days from today, so that gets

2   us out to May 3rd -- or May 5th, excuse me -- I believe.

3   　　　　　Within Beef, we also submitted a letter on

4   March 24th about this kind of interim deadline that fell.

5   　　　　　THE COURT:  Right.

6   　　　　　MR. BOYLAN:  We'd ask that the order granting our

7   stay allows the deadline for us to complete the production

8   to be extended to May 3rd of 2023.

9   　　　　　Part of the reason I mention the update about our

10  optimism about new counsel is we're feeling pretty confident

11  they're going to be able to step in and make that

12  production, and so that will just give us till May 3rd.

13  　　　　　And finally -- and this is a little bit -- it's

14  addressed by our papers and I think that it makes sense

15  under the circumstances, Your Honor.

16  　　　　　To the extent that any new deadlines emerge or

17  arise between now, hopefully the date of your order, and

18  whenever replacement counsel makes its appearance -- this is

19  kind of the unknown.  I don't know if anything's going to

20  happen here or not, but to the extent that a deadline were

21  to arise, we'd ask that Your Honor enter an order that

22  allows those deadlines, those new unanticipated deadlines as

23  of this moment, to be extended until 14 days after

24  replacement counsel appears.  We think that's fair under the

25  circumstances.  Because the stay to find replacement counsel

1    is limited to 30 days, it's a pretty modest request, Your

2    Honor, and really we're solving for the unknown there of a

3    deadline that might emerge in the next couple of weeks that

4    we're unaware of at this present moment.

5         On the Pork side of the case, I think we just need

6    the 30 days to obtain replacement counsel.  It's stayed only

7    as to Sysco just for 30 days to find replacement counsel and

8    the same sort of protective 14-day window in the event that

9    there's this strange, unanticipated deadline that arises in

10   the next couple of weeks.

11        Your Honor, I know this is different from what we

12   had set forth originally, but I think that it makes sense in

13   light of the oppositions and non-oppositions and commentary

14   that we've received from others.  It maintains the objective

15   of keeping the overall case schedule in place.  It limits

16   our request only to 30 days.  And to the extent that we got

17   any responses, it was:  Boy, you should be able to do it

18   within 30 days.  And finally, it resolves this April 3rd

19   deadline that has come and gone during the pendency of this

20   motion.

21        And so, Your Honor, we think that's reasonable, we

22   think it's the right outcome under these highly unusual

23   circumstances, and I'd just reserve the ability to respond

24   to any comments or questions that you may have or any points

25   are raised by others.  Otherwise, I think you understand how

1    I'm thinking about this in our new request, and if it's

2    helpful to Your Honor, we could submit newly amended

3    proposed orders that are consistent with my comments this

4    morning.

5         THE COURT:  Okay.  You've mentioned a couple of

6    times, Mr. Boylan, non-opposition but comment.  I'm not

7    aware of any written opposition as in don't grant the stay,

8    period.  I'm aware of people saying we're concerned about

9    what this might mean, but we understand Sysco's in a tough

10   spot and they need to get some breathing room.

11        Are you aware of anything I've missed?  Is anyone

12   flatly opposed to granting the stay?

13        MR. BOYLAN:  Not when you call it 30 days, Judge.

14   To the extent they've said, anything they've said, deny it

15   as to 60, but 30 would be okay.  That's kind of what I mean

16   by a non-opposition to a 30-day stay.  I think there's one

17   that came in that said 60 days might be a little too long,

18   and that's why we've revised our request here to comport

19   with that sort of position.

20        THE COURT:  Okay.  And you have revised your

21   request, but as noted.  And, you know, this isn't your

22   fault, but 26 days have come and gone.  So really if it's 30

23   this morning, the request is for 56 days, is that -- well,

24   let me open it up to everyone then.  If that request was

25   granted and the stay remained in place until the 3rd of May,

1    is anyone opposed to that?

2            MR. ROBISON:  Your Honor, Brian Robison for the

3    Pork defendants.  I think the answer to that is no.  We were

4    one of the groups that put in what I would call kind of a

5    non-opposition with a comment.  In the Pork cases there's a

6    June expert disclosure deadline and the defendants' only

7    concern with a stay into May is whether Sysco believes it

8    would need to get its own expert disclosure deadline past

9    the June deadline when all the other plaintiffs are going to

10   be disclosing experts.

11           So, I think again our answer is no, we're not

12   opposed.  We understand Sysco's in a tough spot and needs

13   breathing room.  We just want to keep all the plaintiffs in

14   the pork cases on the same expert deadline.

15           THE COURT:  That's a good point.

16           Mr. Boylan, if this case is stayed as to Sysco

17   until the 3rd of May, what do you anticipate about that

18   expert disclosure deadline?

19           MR. BOYLAN:  We do not expect any issue with

20   Sysco's ability to meet that June 5th expert disclosure

21   deadline.

22           THE COURT:  All right.  Mr. Robison, anything

23   further?

24           MR. ROBISON:  No, Your Honor.

25           THE COURT:  Okay.  Anyone else?

1         MR. ELLISON:  Your Honor, if I may, Ben Ellison

2    again for National Beef and I'm speaking on behalf of

3    Cargill and Tyson as well in the Beef litigation.

4         So based on what Mr. Boylan has said about the

5    specific deadline in Beef litigation, which is the

6    substantial production for the priority custodians, it

7    sounds like he's agreeing to what we propose, which was just

8    move that solid date to a date certain of May 3rd, so

9    obviously to that we're not opposed.

10        As far as the additional request as to 14 days

11   after replacement counsel for any other deadlines that

12   emerge, I think that's just sort of uncertain at this point.

13   We don't know what deadlines could emerge.  There are

14   certainly no pending motions that would affect Sysco right

15   now, but we just suggest maybe that should be done on a

16   case-by-case basis depending on what might come up in the

17   interim, and again, we don't foresee any motions in the near

18   future.  So that's our response to that.

19        We're encouraged, obviously, by the progress that

20   seems to be being made that Mr. Boylan has talked about and

21   it does not sound like what Sysco is asking for is for every

22   deadline subsequent to this to be moved by 30 days.  So as

23   to the date certain for production of documents, we have no

24   opposition to that.  It's what we said we would agree to in

25   our papers.

1              THE COURT:  All right.  Any other commentary?

2              (No response)

3              THE COURT:  All right.  Here is the Court's ruling

4    on Sysco's motion for a limited stay.  Once again, I don't

5    anticipate putting out a written order and the transcript of

6    what I'm about to say is going to be the order of the Court

7    for any purposes of further review.

8              Sysco originally moved for a 60-day stay just as

9    to Sysco in order to find substitute counsel for Boies

10   Schiller.  They pointed out that while usually it would be

11   easy for a large, sophisticated company like Sysco to find

12   replacement counsel, again, they allege -- and at this point

13   I want to make clear that although I'm reading what Sysco is

14   saying about Burford, I am taking what they are saying as

15   allegations at this point.  I've not heard anything from

16   either Boies Schiller or from Burford.  But that Burford

17   allegedly was asserting approval authority over settlements

18   and was otherwise involving itself in the litigation and

19   that that made it difficult for Sysco to find replacement

20   counsel.

21             The motion is granted as modified.  As mentioned,

22   26 days have elapsed since the motion for a stay was

23   granted.  Sysco through Mr. Boylan has stated this morning

24   that a continued until the 3rd of May would be adequate,

25   which would be a -- until the 3rd of May would be adequate,

1      and therefore the stay is granted as to Sysco only.  It runs

2      from today to and including May the 3rd of this year.

3              I reviewed the docket in both the Cattle case and

4      the Pork case before this hearing.  I did not see any events

5      that appear to be scheduled on the docket between now and

6      May the 3rd.  I didn't see any deadlines between now and May

7      the 3rd.  But I nevertheless do need to say that two law

8      firms, Anthony Ostlund and Frankfurt Kurnit, have entered

9      appearances for Sysco and have stated that they are doing so

10     in a limited capacity and making clear that they are not

11     becoming Sysco's counsel in either of those antitrust MDLs.

12             Because Sysco is a corporation, it cannot

13     represent itself.  The firm that used to represent Sysco,

14     Boies Schiller, was excused from the case a few minutes ago.

15     Nothing is scheduled between now and the expiration of the

16     stay and so I feel confident that nothing will happen, but

17     if something does and Sysco needs legal representation even

18     on the antitrust MDLs between now and the 3rd of May, those

19     law firms should understand that the Court will be looking

20     to them has Sysco's lawyers even if that is just until they

21     can engage other counsel.  And of course Sysco can limit its

22     exposure to this term of events and so can Anthony Ostlund

23     and Frankfurt Kurnit, by moving with alacrity to get

24     replacement counsel onboarded and an engagement letter

25     signed and exchanged.

1          I also want to make clear, if I haven't already,

2     that I am deliberately saying nothing about the situation

3     that is alleged to have precipitated the withdrawal of Boies

4     Schiller.  I don't need to stay anything about that in order

5     to resolve the two motions today and therefore I will say

6     nothing.

7          Lastly, in the Beef case only, Mr. Boylan has

8     filed a letter at docket number 186 about the April 3rd

9     deadline for Sysco to complete document production as to two

10    what are called priority custodians.  That deadline was set

11    by a prior order of this Court at docket number 129, and

12    that deadline for the reasons set forth in Mr. Boylan's

13    letter and for the REEPS developed on the record of this

14    hearing here this morning is also extended to Monday, May

15    the 3rd -- or to May 3rd.  I don't know if it's a Monday.  I

16    shouldn't have said that.

17         All right.  Mr. Boylan, anything further that

18    needs to be in that order from your point of view?

19         MR. BOYLAN:  No, Your Honor.  And if it is -- as I

20    offered before, if it is helpful, we could submit a proposed

21    order, but it sounds as though we've got that covered.

22         THE COURT:  No.  And the only thing that I'm not

23    granting is the request for an automatic stay of 14 days

24    until new counsel can be engaged if something comes up.  If

25    something comes up, you're going to be back here and you're

1    going to be talking about what you need in order to address

2    whatever situations come up.  I didn't think given that

3    anything that comes up between now and May the 3rd will by

4    definition be unexpected, that it made sense to have a rule

5    that would apply to every possible situation.  If something

6    comes up, we're going to need to get together and talk about

7    it and you and a lawyer from Frankfurt Kurnit will need to

8    be here to be part of that discussion in a capacity as

9    counsel for Sysco.

10         MR. BOYLAN:  Understood your ruling, Your Honor.

11   Thank you.

12         THE COURT:  Okay.  Any requests for clarification

13   or any questions about either the ruling on the Boies

14   Schiller withdrawal motion or the motion for a limited stay

15   with its being different slightly in the Beef case because

16   of that production deadline that's in Beef, but not in Port?

17   Any questions?

18         MR. ROBISON:  Your Honor, Brian Robison for the

19   defendants.

20         I think I fully understand the Court's ruling on

21   the stay and I agree.  I don't see anything in the Pork

22   cases on the schedule as far as discovery deadlines, that

23   sort of thing.

24         I did just want to point out there is a status in

25   the Pork cases on April 20th, and it sounds like from the

1    Court's ruling if Sysco has new antitrust counsel by that

2    time, obviously that law firm would handle the status

3    conference.  It not, it sounds like Your Honor wants the two

4    law firms that have already appeared to handle that for

5    Sysco.  I just wanted to make sure that was clear.

6            THE COURT:  Mr. Boylan, what's your view on that?

7            MR. BOYLAN:  Your Honor, I think Mr. Robison has

8    accurately stated your expectations with regard to items

9    that may come up between now and whenever replacement

10   counsel formally notices its appearance, and so if there is

11   a status conference -- I wasn't aware of that -- if there is

12   a status conference, we'll have to make sure that we've got

13   that covered.

14           THE COURT:  Okay.  Understood.

15           All right.  I think that's it.  Thank you all very

16   much for being here.  Have a good rest of the day.  Court is

17   adjourned.

18           VARIOUS COUNSEL:  Thank you, Your Honor.

19           (Proceedings concluded at 9:06 a.m.)

20                   *       *       *       *

21

22

23

24

25

**C E R T I F I C A T E**

I, **TIMOTHY J. WILLETTE**, Official Court Reporter

for the United States District Court, do hereby

certify that the foregoing pages are a true and

accurate transcription of my shorthand notes,

taken in the aforementioned matter, to the best

of my skill and ability.


*/s/ Timothy J. Willette*


**TIMOTHY J. WILLETTE, RDR, CRR, CRC**
Official Court Reporter - U.S. District Court
Warren E. Burger Federal Building & U.S. Courthouse
316 North Robert Street - Suite 146
St. Paul, Minnesota  55101
651.848.1224