UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IN RE PORK ANTITRUST LITIGATION

Civil No. 18-1776 (JRT/JFD)

This Document Relates To:

THE DIRECT PURCHASER PLAINTIFF CLASS ACTION

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF THE DIRECT PURCHASER CLASS ACTION SETTLEMENT WITH SEABOARD FOODS LLC AND MOTION FOR APPROVAL OF CLASS NOTICE**

Michael Pearson, **PEARSON WARSHAW, LLP,** 15165 Ventura Boulevard, Suite 400, Sherman Oaks, CA 91403; W. Joseph Bruckner, **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401, for Direct Purchaser Plaintiffs.

William L. Greene, **STINSON LLP,** 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for Defendant Seaboard Foods, LLC.

Direct Purchaser Plaintiffs ("DPPs") have entered into a Settlement Agreement with Seaboard Foods LLC ("Seaboard"). The Court previously granted DPPs' motion for class certification. *See* Memorandum Opinion and Order dated March 29, 2023, ECF No. 1887 ("Class Certification Order" or "Cert. Order"). On August 18, 2023, this Court held a hearing on the Motion for Preliminary Approval of the Direct Purchaser Class Action Settlement with Seaboard Foods LLC and Motion for Approval of Class Notice ("Motion") (ECF No. 1934). This Court, having reviewed the Motion, its accompanying memorandum

and declarations and the exhibits thereto, the Settlement Agreement,[1] and the file,

**HEREBY ORDERS:**

**PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1. This Court has jurisdiction over this action and each of the parties to the Settlement Agreement. Upon review of the record, the Court finds that the proposed Settlement Agreement, which was arrived at by arm's-length negotiations by highly experienced counsel, falls within the range of possible approval and is hereby preliminarily approved for settlement purposes, subject to further consideration at the Court's Fairness Hearing. The Court preliminarily finds that the Settlement Agreement appears to be fair, reasonable, adequate, and in the best interests of the Certified Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement Agreement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement should be given to the Certified Class.

2. The Settlement was entered into on behalf of the Class certified by this Court in its order dated March 29, 2023, ECF No. 1887 (the "Certified Class"):

> All persons and entities who directly purchased one or more of the following types of pork, or products derived from the

---

[1] Unless otherwise noted, all capitalized terms shall have the same meaning as in the Settlement Agreement between Direct Purchaser Plaintiffs and Seaboard Foods LLC (also referred to herein as "Settlement").

    following types of pork, from Defendants, or their respective subsidiaries or affiliates, for use or delivery in the United States from June 29, 2014 through June 30, 2018: fresh or frozen loins, shoulders, ribs, bellies, bacon, or hams. For this lawsuit, pork excludes any product that is marketed as organic or as no antibiotics ever (NAE); any product that is fully cooked or breaded; any product other than bacon that is marinated, flavored, cured, or smoked; and ready-to-eat bacon.

    Excluded from this Class are the Defendants, the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from this Class are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any Co-Conspirator identified in this action.

3. The Court previously appointed the law firms of Lockridge Grindal Nauen P.L.L.P., and Pearson Warshaw, LLP as Co-Lead Class Counsel for the Certified Class. *See* Cert. Order, ECF No. 1887, at 68.

**APPROVAL OF THE NOTICE PLAN**

4. The Court hereby directs notice to be distributed to the Certified Class members pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(2). Notice to members of the Certified Class shall be the responsibility of Co-Lead Class Counsel. The Court previously approved A.B. Data, Ltd. as the settlement administrator for previous DPP settlements. A.B. Data, Ltd. is hereby appointed as Settlement and Notice Administrator and ordered to effectuate the notice plan. Huntington Bank is hereby appointed as the Escrow Agent for the Settlement.

5. The proposed notice plan set forth in the Motion and the supporting declarations comply with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice via mail and email to all members who can be identified through reasonable effort. The direct mail and email notice will be supported by reasonable publication notice to reach Certified Class members who could not be individually identified.

6. The proposed notice documents: the Long Form Notice (Exhibit "A"), Short Form Notice (Exhibit "B"), and Summary Publication Notice (Exhibit "C"), and their proposed manner of transmission taken together comply with Rule 23(c)(2)(B), Rule 23(e)(1), and due process because the notices, forms, and manner of transmission are reasonably calculated to adequately apprise Certified Class members of (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) how to object to the Settlement; (v) how to exclude themselves from the Certified Class, the Settlement, or both; (vi) that a Certified Class member may enter an appearance through an attorney if the member so desires; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

7. Non-substantive changes, such as typographical errors, can be made to the notice documents by agreement of the parties without leave of the Court.

8. The Settlement and Notice Administrator shall cause Notice to be mailed by first class mail, postage prepaid, to all members of the Certified Class whose names and addresses can be derived from information provided by the settling defendants or developed in notifying class members of DPP settlements. The Long Form Notice shall be provided to all persons who request it in response to the Email (Short Form) Notice or the Publication Notice. The Settlement and Notice Administrator is hereby directed to cause the banner ad to be published for four weeks in digital ad campaigns on websites for Supermarket News (www.supermarketnews.com) and Nation's Restaurant News (www.nrn.com). Comparable alternative websites relevant to the Class may be used if any of these websites will not accept such ads or if advertising space or inventory are not available at the time the advertisements are placed.

9. The Settlement and Notice Administrator shall continue to maintain and operate the current case-specific toll-free telephone number and website from previous settlements in this matter. As part of that operation, the Settlement and Notice Administrator shall update the website with copies of the Long Form Notice, Short Form Notice, and other current material from this Action. The Settlement and Notice Administrator shall receive calls from the toll-free telephone line and respond appropriately to inquiries regarding the Certified Class.

10. The notice plan approved by the Court shall commence within thirty (30) days after the entry of this order ("Notice Date"). Each class member shall have the right to be excluded from the Settlement, the Certified Class, or both by mailing a request for exclusion—as detailed in the Long Form Notice—to the Settlement and Notice Administrator no later than sixty (60) days after the Notice Date. Requests for exclusion must comply with the instructions in the notice documents and include the following information:  (a) the Class member's name and address; (b) a statement the Class member wants to be excluded from the Settlement, the Certified Class, or both and (c) the Class member's signature. Not later than forty-five (45) days after the deadline for exclusion, Co-Lead Class Counsel shall file with the Court a list of all persons and entities who have timely requested exclusion from the Settlement, the Certified Class, or both.

11. Except for those potential members of the Certified Class who file a timely and proper request for exclusion from the Certified Class, all Class members who fit the description of the Certified Class and are not excluded by the above Class definition's exclusion will be deemed members of the Certified Class for all purposes in this Action. In the event of any further pretrial settlement(s), the Certified Class members may not be permitted an additional opportunity to opt out. All members of the Certified Class shall be bound by the Class Certification Order and by all subsequent proceedings, settlements, orders, and judgments in

this Action. No Certified Class member who elects to opt out of the Certified Class pursuant to these provisions will be entitled to relief under or be affected by any subsequent Certified Class settlement, if any, or Certified Class judgment in this Action.

12. Except for those potential members of the Certified Class who file a timely and proper request for exclusion from the Settlement, all Class members who fit the description of the Certified Class and are not excluded by the above Class definition's exclusion will be bound by the Settlement in the event the Court grants final approval and the Settlement becomes effective.

**SCHEDULE FOR CLASS NOTICE AND THE FAIRNESS HEARING**

13. The Court hereby sets the below schedule for the dissemination of notice to members of the Certified Class, for members of the Certified Class to object to the Settlement; for members of the Certified Class to exclude themselves from the Settlement, the Certified Class, or both; and for the Court's Fairness Hearing, at which time the Court will determine whether the Settlement should be finally approved as fair, reasonable, and adequate. This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting, the Parties will not be required to provide any additional notice

to Certified Class members. The Fairness Hearing may take place remotely, including via telephone or video conference.

| DATE | EVENT |
| --- | --- |
| September 25, 2023 (30 days after issuance of this Order) | Settlement and Notice Administrator to provide direct mail and email notice, and commence implementation of the publication notice plan. |
| November 24, 2023 (60 days after the commencement of Notice) | Last day for Certified Class members to request exclusion from the Settlement, the Certified Class, or both; for Certified Class members to object to the Settlement; and for Certified Class members to file notices to appear at the Final Fairness Hearing. |
| Within 45 days after last day to request exclusion from the Settlement | Co-Lead Class Counsel to provide Seaboard with a list of all persons and entities who have timely and adequately requested exclusion from the Settlement. |
| 14 days before Final Settlement Fairness Hearing, at a date to be determined | Co-Lead Class Counsel shall file a motion for final approval of the Settlement and all supporting papers (assuming that Seaboard's right to terminate has either not been triggered or has not been exercised), and Co-Lead Class Counsel and Seaboard may respond to any objections to the proposed Settlement. |
| At a date to be determined, at least 90 days after last day to request exclusion from the Settlement | Final Fairness Hearing. |

14. The Motion for Preliminary Approval of the Direct Purchaser Class Action Settlement with Seaboard Foods LLC and Motion for Approval of Class Notice [Docket No. 1934] is **GRANTED.**

DATED: August 25, 2023  
at Minneapolis, Minnesota.

_____s/John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge