# EXHIBIT 7

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| *IN RE PORK ANTITRUST LITIGATION* | |
| Commonwealth of Puerto Rico, | Case No. 18-cv-1776 (JRT/HB) |
| Plaintiff, | Case No. 19-cv-2723 (JRT/HB) |
| v. | **PLAINTIFF COMMONWEALTH OF PUERTO RICO'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES** |
| Agri Stats, Inc., et al., | |
| Defendants. | |

The Commonwealth of Puerto Rico ("Puerto Rico"), through counsel, hereby serves

these objections and responses to Defendants' First Set of Interrogatories, served on February 12,

2021.

These responses are made without waiving or intending to waive, but to the contrary,

preserving and intending to preserve:

    a)    all questions as to competency, relevancy, materiality, privilege,

        and admissibility as evidence for any purpose of any of the

        documents provided in connection herewith;

    b)    the right to object on any ground to the use of the documents

        produced hereunder, or the subject matter thereof, at any trial or

        hearing in this matter, or in any related or subsequent action or

        proceeding;

    c)    the right to object on any ground, at any time, to a demand for

        further response or documents; and

1

d)      the right to, at any time, revise, supplement, correct, or add to

these responses.

The failure of Puerto Rico to object on a particular ground to a specific interrogatory

should in no way be construed to be a waiver of the right to object on additional grounds or to

supplement their objections and responses at a later time after further investigation and/or in

response to clarifications or interpretations provided by the Defendants.

A response to any interrogatory shall not be deemed an admission or acknowledgement

that such interrogatory calls for information that is relevant to the subject matter of this

litigation or admissible at any trial thereof.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Puerto Rico objects to Defendants' Instructions and Definitions to the extent

they expand the Interrogatories to information and documents beyond what is available

from a reasonable search of Puerto Rico's electronic and/or hard-copy files or is reasonably

within Puerto Rico's knowledge or control.

2.      Puerto Rico objects to the Instructions and Definitions to the extent they

require the production of information already within Defendants' possession and control

and/or that is equally available from public sources or other third-party sources.

3.      Puerto Rico objects to Defendants' definition of the term "Communications"

on the grounds that "means any contact whatsoever" is overly broad and will, instead,

interpret the term consistent with commonsense and the remaining definition provided. Puerto

Rico objects to the extent this definition seeks to require the disclosure of materials protected

by the attorney-client privilege, the work-product doctrine, and/or the common-interest

doctrine.

4.      Puerto Rico objects to Defendants' definition of the terms "Parens Patriae Purchaser", "You," and "Your" as overly broad, unduly burdensome, and not in compliance with the Federal Rules of Civil Procedure. Puerto Rico objects to the extent this definition seeks Puerto Rico to disclose any information about putative class members. Puerto Rico will only respond on behalf of the plaintiffs named in their operative complaint, *see* ECF 103.

5.      Puerto Rico objects to Defendants' definition of the term "Describe" as overly broad, unduly burdensome, and not in compliance with the Federal Rules of Civil Procedure. Puerto Rico objects to the extent this definition seeks to require the disclosure of materials protected by the attorney-client privilege, the work-product doctrine, and/or the common-interest doctrine. Puerto Rico will not disclose or produce documents or information relating to any expert or other person or entity retained by Puerto Rico's counsel to assist in the preparation of their case. Puerto Rico will not disclose or produce documents or information revealing the subject of expert analysis.

6.      Puerto Rico objects to Defendants' definition of the term "Document" as overly broad, unduly burdensome, vague, ambiguous, and not in compliance with the Federal Rules of Civil Procedure. In particular, the inclusion of "all copies of documents" is overly broad, not proportional to the needs of the case, and potentially seeks information and documents not in the possession, custody, or control of any individual with Puerto Rico. Puerto Rico will interpret "Document" to be synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a). Puerto Rico objects to the extent this definition seeks to require the disclosure of materials protected by the attorney-client privilege, the work-product doctrine, and/or the common-interest doctrine.

7.      Puerto Rico objects to Defendants' definitions of the terms "Identify" as overly

broad, unduly burdensome, vague, ambiguous, not proportional to the needs of the case, and seeking irrelevant information. Puerto Rico will respond to these Interrogatories with information and documents reasonably within their possession, custody, or control. Puerto Rico objects to the extent this definition seeks to require the disclosure of materials protected by the attorney-client privilege, the work-product doctrine, and/or the common-interest doctrine. Puerto Rico will not disclose or produce documents or information relating to any expert or other person or entity retained by Puerto Rico's counsel to assist in the preparation of their case. Puerto Rico will not disclose or produce documents or information revealing the subject of expert analysis.

8.      Puerto Rico objects to Defendants' definition of the term "Person" as overly broad, unduly burdensome, vague, ambiguous, not proportional to the needs of the case, and seeking irrelevant information. In particular, the inclusion of "all parents, subsidiaries, affiliates, partners, joint venturers, agents, employees, representatives, accountants, investment bankers, or attorneys acting on behalf of the corporation or other entity" is information not necessarily known by Puerto Rico and includes individuals and entities beyond the named parties that are irrelevant and outside the scope of the case. In addition, the word "representatives" as used in the definition of "Person" is vague, ambiguous, and overly broad. Puerto Rico objects to the extent this definition seeks to require the disclosure of materials protected by the attorney-client privilege, the work- product doctrine, and/or the common-interest doctrine. Puerto Rico will not disclose or produce documents or information relating to any expert or other person or entity retained by Puerto Rico's counsel to assist in the preparation of their case. Puerto Rico will not disclose or produce documents or information revealing the subject of expert analysis.

4

9.      Puerto Rico objects to Defendants' definition of the terms "Relating to," "referring to," "reflecting," and "regarding" as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent they purport to impose upon Puerto Rico obligations greater than those set forth in the Federal Rules of Civil Procedure. In particular, the phrase "or is in any way, directly or indirectly, relevant to the subject" as vague and ambiguous, not proportional to the needs of the case, and potentially seeking irrelevant information.

10.     Puerto Rico objects to Defendants' definition of the term "Representative" as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. In particular, the persons identified in this definition are duplicative of those in Defendants' definition of the term "Person," seeks information not necessarily known by Puerto Rico, and includes individuals and entities beyond the named parties that are irrelevant and outside the scope of the case. Puerto Rico objects to the extent this definition seeks to require the disclosure of materials protected by the attorney-client privilege, the work-product doctrine, and/or the common-interest doctrine.

11.     Puerto Rico objects to Defendants' third instruction as vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case, and improperly seeking information protected by the attorney-client privilege, the work-product doctrine, and/or the common-interest doctrine.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

### Interrogatory No. 1:

Describe in detail the "price-fixing agreement" that You contend the Defendants entered into, *see* Compl. ¶ 29, including a description of (a) what the Defendants allegedly agreed to do or not do (*e.g.*, was it an agreement to limit hog production, and if so what was agreed to; was it an agreement involving pork processing facilities, and if so what was agreed to; was it an agreement

to fix prices of some product at a certain level, and if so what was agreed to; was it an agreement involving exports, and if so what was agreed to; etc.); (b) the product(s) that were subject to the alleged agreement (*e.g.*, was it an agreement relating to sows, or hogs more generally; if it was an agreement relating to the prices or production levels of pork products, which product(s) were subject to the agreement; if it was an export agreement, which product(s) were subject to the agreement); (c) the facilities and/or geographic area(s) covered by the alleged agreement (*e.g.*, if You allege an agreement to limit hog production, was it a nationwide agreement, a global agreement, or was it focused on hog production in a particular area; or if You allege an agreement relating to pork processing, which plants or geographic areas were involved); (d) the date when the agreement was allegedly formed; and (e) the identity of all entities that You contend participated in the alleged conspiracy, whether named as a Defendant in this Action or not.

### Response to Interrogatory No. 1:

Puerto Rico objects to this Contention Interrogatory on the ground that it is premature.

A party "need not provide their answer to . . . a contention interrogatory immediately."

*Scheffler v. Molin*, No. CIV. 11-3279 JNE/JJK, 2012 WL 3292894, at *6 (D. Minn. Aug. 10,

2012). Courts in this District defer contention interrogatories until the end of fact discovery,

when the parties have read the essential documents in the case and deposed witnesses. *See,*

*e.g.*, *Cambria Co. LLC v. Pental Granite & Marble, Inc.*, Civil No. 12–228 (JRT/AJB), 2013

WL 12147608 at *3 (D. Minn. Oct. 17, 2013); *Frank v. Gold'n Plump Poultry, Inc.*, Civ. No.

04-1018 (PJS/RLE), 2006 WL 8444696 at *2 (D. Minn. Aug. 16, 2006); *United States v.*

*Cameron-Ehlen Group, Inc.*, Case No. 13-cv-3003 (WMW/DTS), 2019 WL 1453063 at *2

(April 2, 2019); *ADC Telecommunications, Inc. v. Thomas & Betts Corp.*, No. 98CV2055,

2001 WL 1381098 at *4 (D. Minn. Oct. 18, 2001). Applying these principles, Defendants'

Contention Interrogatory is premature. Defendants and third parties are just beginning to

produce documents and have taken no depositions to date.

Moreover, Puerto Rico objects to this Interrogatory to the extent is seeks information

protected from disclosure pursuant to the common-interest and work-product doctrines

and/or attorney-client privilege, including intangible information related to the mental

impressions, conclusions, opinions, and/or legal theories of Puerto Rico's counsel and/or

Puerto Rico's experts, which are protected from disclosure pursuant to the work-product

doctrine. Puerto Rico will not respond with documents or information that are protected from

disclosure by the attorney-client privilege, the attorney-work-product doctrine, the common-

interest doctrine, or any other applicable privilege, right, immunity, or exemption from

discovery, whether set forth in the Federal Rules of Civil Procedure, common law, case-law

doctrine, or the constitution and other laws of the United States or applicable state law.

Puerto Rico will not respond with documents or information seeking the subject of expert

analysis.

Without waiving the forgoing objections, Puerto Rico will provide a substantive

response to this Interrogatory, subject to any applicable objections, after the completion of

fact discovery, at which time Puerto Rico will respond to this Interrogatory with documents

and information reasonably within their possession, custody, or control only and will not

produce documents or information relating to any expert or other person or entity retained by

Puerto Rico's counsel to assist in the preparation of their case. Puerto Rico may produce

expert report(s) in this matter, and if so, will comply with the Federal Rules of Civil

Procedure, the Local Rules of the United States District Court for the District of Minnesota

or any other applicable local rules, case law, or court orders in producing related documents.

**Interrogatory No. 2:**

Describe in detail Your contention that Agri Stats reports were used in connection with the alleged conspiracy, *see* Compl. at ¶¶ 29–61, including (a) the specific Agri Stats report(s) that You contend were allegedly used in connection with the alleged conspiracy; (b) the specific type or category of information in those reports that You contend was allegedly used in connection with the alleged conspiracy; and (c) detailed explanation of how such information was allegedly used in connection with the alleged conspiracy (*e.g.*, if You contend that the information was used to

7

monitor the alleged conspiracy, what information was used and how that information was used to monitor the alleged conspiracy).

**Response to Interrogatory No. 2:**

Puerto Rico objects to this Contention Interrogatory on the ground that it is premature. A party "need not provide their answer to . . . a contention interrogatory immediately." *Scheffler v. Molin*, No. CIV. 11-3279 JNE/JJK, 2012 WL 3292894, at *6 (D. Minn. Aug. 10, 2012). Courts in this District defer contention interrogatories until the end of fact discovery, when the parties have read the essential documents in the case and deposed witnesses. *See, e.g.*, *Cambria Co. LLC v. Pental Granite & Marble, Inc.*, Civil No. 12–228 (JRT/AJB), 2013 WL 12147608 at *3 (D. Minn. Oct. 17, 2013); *Frank v. Gold'n Plump Poultry, Inc.*, Civ. No. 04-1018 (PJS/RLE), 2006 WL 8444696 at *2 (D. Minn. Aug. 16, 2006); *United States v. Cameron-Ehlen Group, Inc.*, Case No. 13-cv-3003 (WMW/DTS), 2019 WL 1453063 at *2 (April 2, 2019); *ADC Telecommunications, Inc. v. Thomas & Betts Corp.*, No. 98CV2055, 2001 WL 1381098 at *4 (D. Minn. Oct. 18, 2001). Applying these principles, Defendants' Contention Interrogatory is premature. Defendants and third parties are just beginning to produce documents and have taken no depositions to date.

Without waiving the forgoing objections, Puerto Rico will provide a substantive response to this Interrogatory, subject to any applicable objections, after the completion of fact discovery.

**Interrogatory No. 3:**

Identify with specificity all public statement(s) that You contend the Defendants (including anyone speaking on behalf of the Defendants) made in furtherance of the alleged conspiracy, including the date, time, location, the speaker, the content and the circumstances of the statement(s) made.

**Response to Interrogatory No. 3:**

Puerto Rico objects to this Contention Interrogatory on the ground that it is premature.
A party "need not provide their answer to . . . a contention interrogatory immediately."
*Scheffler v. Molin*, No. CIV. 11-3279 JNE/JJK, 2012 WL 3292894, at *6 (D. Minn. Aug. 10,
2012). Courts in this District defer contention interrogatories until the end of fact discovery,
when the parties have read the essential documents in the case and deposed witnesses. *See,
e.g.*, *Cambria Co. LLC v. Pental Granite & Marble, Inc.*, Civil No. 12–228 (JRT/AJB), 2013
WL 12147608 at *3 (D. Minn. Oct. 17, 2013); *Frank v. Gold'n Plump Poultry, Inc.*, Civ. No.
04-1018 (PJS/RLE), 2006 WL 8444696 at *2 (D. Minn. Aug. 16, 2006); *United States v.
Cameron-Ehlen Group, Inc.*, Case No. 13-cv-3003 (WMW/DTS), 2019 WL 1453063 at *2
(April 2, 2019); *ADC Telecommunications, Inc. v. Thomas & Betts Corp.*, No. 98CV2055,
2001 WL 1381098 at *4 (D. Minn. Oct. 18, 2001). Applying these principles, Defendants'
Contention Interrogatory is premature. Defendants and third parties are just beginning to
produce documents and have taken no depositions to date.

Without waiving the forgoing objections, Puerto Rico will provide a substantive
response to this Interrogatory, subject to any applicable objections, after the completion of
fact discovery.

**Interrogatory No. 4:**

Identify and Describe in detail all data and/or analyses upon which Your allegations are
based, including but not limited to data and/or analyses underlying (a) Your allegation that the
combined market share of the Defendants "rested in an ideal zone for collusion," Compl. ¶ 82;
(b) Your allegation that "[t]he top eight integrators had a market share exceeding 80 percent"
throughout the alleged conspiracy period, *see* Compl. ¶ 78; (c) Your allegation that "the demand
for pork is inelastic," *see* Compl. ¶ 86; (d) Your allegation that "[b]eginning in 2009, the pork
industry showed abnormal price movements," Compl. ¶ 151; and (e) Your allegation that the
spread between Defendants' revenues and costs increased during the alleged conspiracy period,
*see* Compl. ¶¶ 151–61.

**Response to Interrogatory No. 4:**

Puerto Rico objects to this Interrogatory as duplicative of Document Request No. 19. Puerto Rico objects to this Interrogatory on the ground that it is a premature contention interrogatory. Discovery is not yet over; in fact, Defendants and third parties are just beginning to produce documents and have taken no depositions to date. Puerto Rico objects to this Interrogatory to the extent is seeks information protected from disclosure pursuant to the common-interest and work-product doctrines and/or attorney-client privilege, including intangible information related to the mental impressions, conclusions, opinions, and/or legal theories of Puerto Rico's counsel and/or Puerto Rico's experts, which are protected from disclosure pursuant to the work-product doctrine. Puerto Rico will not respond with documents or information that are protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, the common-interest doctrine, or any other applicable privilege, right, immunity, or exemption from discovery, whether set forth in the Federal Rules of Civil Procedure, common law, case-law doctrine, or the constitution and other laws of the United States or applicable state law. Puerto Rico learned of the facts supporting their claims in this Action through discussions with counsel and these data and analyses will not be disclosed. Puerto Rico will not respond with documents or information seeking the subject of expert analysis.

Without waiving the foregoing objections, and because Defendants appear focused on publicly-available documents and information obtained prior to discovery, Puerto Rico represent their allegations are further supported by the following data:

**(a) Your allegation that the combined market share of the Defendants "rested in an ideal zone for collusion," Compl. ¶ 82;**

- The HHI values for the pork industry were calculated based on information provided

in a publicly-available presentation from Smithfield for their November 30, 2016 investor day.

- The HHI values for the other industries were taken from the Economic Census (2012): https://www.census.gov/data/datasets/2012/econ/census/2012-manufacturing.html

**(b) Your allegation that "[t]he top eight integrators had a market share exceeding 80 percent" throughout the alleged conspiracy period, *see* Compl. ¶ 78;**

- The allegation was based on the analysis of publicly available information, such as USDA Packers and Stockyards Program Reports, information regarding mergers in the pork industry, and data published in pork checkoff reports.

**(c) Your allegation that "the demand for pork is inelastic," *see* Compl. ¶ 188;**

- The allegation was based on a review of various publicly available calculations of demand elasticity in the pork market.

**(d) Your allegation that "[b]eginning in 2009, the pork industry showed abnormal price movements," Compl. ¶ 124; and**

- The allegation was based on the previously described analysis of publicly available information.

**(e) Your allegation that the spread between Defendants' revenues and costs increased during the alleged conspiracy period, *see* Compl. ¶¶ 127-132.**

- This allegation was based on the previously described analysis.

**<u>Interrogatory No. 5:</u>**

Describe in detail Your contention that, during the alleged conspiracy period, increases in the consumer prices of pork products "were not the result of retailers' desire to move prices

11

upward," *see* Compl. ¶ 160, including the prices charged by retailers and/or other distributors of pork products during the alleged conspiracy period and how the retailers and/or other distributors determined the prices they charged Puerto Rico.

### Response to Interrogatory No. 5:

Puerto Rico objects to this Contention Interrogatory on the ground that it is premature.

A party "need not provide their answer to . . . a contention interrogatory immediately."

*Scheffler v. Molin*, No. CIV. 11-3279 JNE/JJK, 2012 WL 3292894, at *6 (D. Minn. Aug. 10,

2012). Courts in this District defer contention interrogatories until the end of fact discovery,

when the parties have read the essential documents in the case and deposed witnesses. *See,*

*e.g.*, *Cambria Co.LLC v. Pental Granite & Marble, Inc.*, Civil No. 12–228 (JRT/AJB), 2013

WL 12147608 at *3 (D. Minn. Oct. 17, 2013); *Frank v. Gold'n Plump Poultry, Inc.*, Civ. No.

04-1018 (PJS/RLE), 2006 WL 8444696 at *2 (D. Minn. Aug. 16, 2006); *United States v.*

*Cameron-Ehlen Group, Inc.*, Case No. 13-cv-3003 (WMW/DTS), 2019 WL 1453063 at *2

(April 2, 2019); *ADC Telecommunications, Inc. v. Thomas & Betts Corp.*, No. 98CV2055,

2001 WL 1381098 at *4 (D. Minn. Oct. 18, 2001). Applying these principles, Defendants'

Contention Interrogatory is premature. Defendants and third parties are just beginning to

produce documents and have taken no depositions to date.

Without waiving the forgoing objections, Puerto Rico will provide a substantive

response to this Interrogatory, subject to any applicable objections, after the completion of

fact discovery.

### Interrogatory No. 6:

Identify and Describe in detail each transaction in which You purchased any pork products that You contend was impacted by the alleged conspiracy, including (a) the identity of all persons or entities from whom You purchased any pork products; (b) a description of the product(s) You purchased; (c) the amount purchased; (d) the prices You paid, including any discounts, rebates or promotions You received; (e) the date(s) of the purchase; and (f) whether the purchase was made

directly by the Commonwealth of Puerto Rico, indirectly by the Commonwealth of Puerto Rico through an intermediary, or by a Parens Patriae Purchaser.

**Response to Interrogatory No. 6:**

Puerto Rico objects to this Interrogatory as unduly burdensome and not proportional to the needs of the case. Puerto Rico interprets "pork product" to mean any product that is the basis of Puerto Rico's complaint, *see* ECF 103, and/or any product the purchase of which Puerto Rico claim is the basis of any damage sustained, and includes pig or swine meat sold or purchased fresh or frozen, or any processed pork product, including but not limited to smoked ham, sausage, and bacon. Puerto Rico objects to this Interrogatory as duplicative of Document Request No. 5.

Without waiving the foregoing objections and to the extent any individual with Puerto Rico remembers such specific details, that information is included in Exhibit A. This response is based upon facts and information known by Puerto Rico at the time of their response to these interrogatories and on the current status of the proceedings. Puerto Rico's discovery and investigation are not yet complete and are continuing as of the date of these responses.

Puerto Rico reserves the right to supplement, modify, or amend these responses in accordance with the Federal Rules of Civil Procedure, and in light of relevant decisions in this case.

**Interrogatory No. 7:**

For each transaction described in response to Interrogatory No. 6, Identify (a) the hog producer that produced the hog from which the product You purchased was derived and (b) the pork processor that processed the pork product You purchased.

**Response to Interrogatory No. 7:**

Puerto Rico objects to this Interrogatory as unduly burdensome and not proportional

to the needs of the case. Puerto Rico objects to the undefined terms "hog producer" and

"pork processor" as vague and ambiguous, duplicative, and is subject to ongoing discovery

from Defendants, third parties, and direct-action plaintiffs. As such, responsive information

is more readily available to Defendants' as it is in their possession, custody, and control.

Puerto Rico interprets "pork product" to mean any product that is the basis of Puerto Rico's

complaint, *see* ECF 103, and/or any product the purchase of which Puerto Rico claim is the

basis of any damage sustained, and includes pig or swine meat sold or purchased fresh or

frozen, or any processed pork product, including but not limited to smoked ham, sausage,

and bacon. Puerto Rico objects to this Interrogatory as duplicative of Document Request No.

6.

Without waiving the foregoing objections and to the extent any individual with Puerto

Rico knows such specific details, that information will be included in contracts to be produced

by Puerto Rico. This response is based upon facts and information known by Puerto Rico at

the time of their response to these interrogatories and on the current status of the proceedings.

Puerto Rico's discovery and investigation are not yet complete and are continuing as of the

date of these responses.

Puerto Rico reserves the right to supplement, modify, or amend these responses in

accordance with the Federal Rules of Civil Procedure, and in light of relevant decisions in

this case.

**Interrogatory No. 8:**

Explain the process by which You purchased pork products during the alleged conspiracy
period, including any role You (or anyone acting on Your behalf) had in negotiating the terms of
the purchase and the name and title of all persons involved in the purchasing process (including
all persons involved on Your behalf and all persons involved on behalf of any seller to You).

**Response to Interrogatory No. 8:**

Puerto Rico objects to this Contention Interrogatory on the ground that it is overbroad, vague and ambiguous, and premature. A party "need not provide their answer to . . . a contention interrogatory immediately." *Scheffler v. Molin*, No. CIV. 11-3279 JNE/JJK, 2012 WL 3292894, at *6 (D. Minn. Aug. 10, 2012). Courts in this District defer contention interrogatories until the end of fact discovery, when the parties have read the essential documents in the case and deposed witnesses. *See, e.g.*, *Cambria Co. LLC v. Pental Granite & Marble, Inc.*, Civil No. 12–228 (JRT/AJB), 2013 WL 12147608 at *3 (D. Minn. Oct. 17, 2013); *Frank v. Gold'n Plump Poultry, Inc.*, Civ. No. 04-1018 (PJS/RLE), 2006 WL 8444696 at *2 (D. Minn. Aug. 16, 2006); *United States v. Cameron-Ehlen Group, Inc.*, Case No. 13-cv-3003 (WMW/DTS), 2019 WL 1453063 at *2 (April 2, 2019); *ADC Telecommunications, Inc. v. Thomas & Betts Corp.*, No. 98CV2055, 2001 WL 1381098 at *4 (D. Minn. Oct. 18, 2001). Applying these principles, Defendants' Contention Interrogatory is premature. Defendants and third parties are just beginning to produce documents and have taken no depositions to date.

Information responsive to this Interrogatory is subject to ongoing discovery from Defendants, third parties, and direct-action plaintiffs. As such, responsive information is more readily available to Defendants' as it is in their possession, custody, and control.

Moreover, Puerto Rico objects to this Interrogatory to the extent is seeks information protected from disclosure pursuant to the common-interest and work-product doctrines and/or attorney-client privilege, including intangible information related to the mental impressions, conclusions, opinions, and/or legal theories of Puerto Rico's counsel and/or Puerto Rico's experts, which are protected from disclosure pursuant to the work-product doctrine. Puerto Rico will not respond with documents or information that are protected from

disclosure by the attorney-client privilege, the attorney-work-product doctrine, the common-interest doctrine, or any other applicable privilege, right, immunity, or exemption from discovery, whether set forth in the Federal Rules of Civil Procedure, common law, case-law doctrine, or the constitution and other laws of the United States or applicable state law. Puerto Rico will not respond with documents or information seeking the subject of expert analysis.

Without waiving the forgoing objections, Puerto Rico will provide a substantive response to this Interrogatory, subject to any applicable objections, after the completion of fact discovery, at which time Puerto Rico will respond to this Interrogatory with documents and information reasonably within their possession, custody, or control only and will not produce documents or information relating to any expert or other person or entity retained by Puerto Rico's counsel to assist in the preparation of their case. Puerto Rico may produce expert report(s) in this matter, and if so, will comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Minnesota or any other applicable local rules, case law, or court orders in producing related documents.

**Interrogatory No. 9:**

Identify all persons or entities in the chain of distribution between the Defendants and You or any Parens Patriae Purchaser, including all direct purchasers and intermediaries who purchased and resold Defendants' pork products to You or any Parens Patriae Purchaser.

**Response to Interrogatory No. 9:**

Puerto Rico objects to this Contention Interrogatory on the ground that it is overbroad, vague and ambiguous, and premature. A party "need not provide their answer to . . . a contention interrogatory immediately." *Scheffler v. Molin*, No. CIV. 11-3279 JNE/JJK, 2012 WL 3292894, at *6 (D. Minn. Aug. 10, 2012). Courts in this District defer contention

16

interrogatories until the end of fact discovery, when the parties have read the essential

documents in the case and deposed witnesses. *See, e.g.*, *Cambria Co. LLC v. Pental Granite

& Marble, Inc.*, Civil No. 12–228 (JRT/AJB), 2013 WL 12147608 at *3 (D. Minn. Oct. 17,

2013); *Frank v. Gold'n Plump Poultry, Inc.*, Civ. No. 04-1018 (PJS/RLE), 2006 WL

8444696 at *2 (D. Minn. Aug. 16, 2006); *United States v. Cameron-Ehlen Group, Inc.*, Case

No. 13-cv-3003 (WMW/DTS), 2019 WL 1453063 at *2 (April 2, 2019); *ADC

Telecommunications, Inc. v. Thomas & Betts Corp.*, No. 98CV2055, 2001 WL 1381098 at *4

(D. Minn. Oct. 18, 2001). Applying these principles, Defendants' Contention Interrogatory is

premature. Defendants and third parties are just beginning to produce documents and have

taken no depositions to date.

Information responsive to this Interrogatory is subject to ongoing discovery from

Defendants, third parties, and direct-action plaintiffs. As such, responsive information is more

readily available to Defendants' as it is in their possession, custody, and control.

Moreover, Puerto Rico objects to this Interrogatory to the extent is seeks information

protected from disclosure pursuant to the common-interest and work-product doctrines

and/or attorney-client privilege, including intangible information related to the mental

impressions, conclusions, opinions, and/or legal theories of Puerto Rico's counsel and/or

Puerto Rico's experts, which are protected from disclosure pursuant to the work-product

doctrine. Puerto Rico will not respond with documents or information that are protected from

disclosure by the attorney-client privilege, the attorney-work-product doctrine, the common-

interest doctrine, or any other applicable privilege, right, immunity, or exemption from

discovery, whether set forth in the Federal Rules of Civil Procedure, common law, case-law

doctrine, or the constitution and other laws of the United States or applicable state law.

Puerto Rico will not respond with documents or information seeking the subject of expert analysis.

Without waiving the forgoing objections, Puerto Rico will provide a substantive response to this Interrogatory, subject to any applicable objections, after the completion of fact discovery, at which time Puerto Rico will respond to this Interrogatory with documents and information reasonably within their possession, custody, or control only and will not produce documents or information relating to any expert or other person or entity retained by Puerto Rico's counsel to assist in the preparation of their case. Puerto Rico may produce expert report(s) in this matter, and if so, will comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Minnesota or any other applicable local rules, case law, or court orders in producing related documents.

**Interrogatory No. 10:**

Describe in detail all bases for Your contention that the "overcharge due to Defendants' anticompetitive agreement to artificially increase and stabilize the price and supply of pork was borne in large part by purchasers like Plaintiff and those it represents," Compl. ¶ 161, including the amount of the alleged overcharges that were passed along to You or any Parens Patriae Purchaser, all analysis that You (or anyone acting on Your behalf) undertook to determine that direct purchasers and other intermediaries in the chain of distribution between the Defendants and You, or any Parens Patriae Purchaser, passed along the alleged overcharges, and the information underlying such analysis and the source of the information.

**Response to Interrogatory No. 10:**

Puerto Rico objects to this Contention Interrogatory on the ground that it is premature. A party "need not provide their answer to . . . a contention interrogatory immediately." *Scheffler v. Molin*, No. CIV. 11-3279 JNE/JJK, 2012 WL 3292894, at *6 (D. Minn. Aug. 10, 2012). Courts in this District defer contention interrogatories until the end of fact discovery, when the parties have read the essential documents in the case and deposed witnesses. *See, e.g.*, *Cambria Co. LLC v. Pental Granite & Marble, Inc.*, Civil No. 12–228 (JRT/AJB), 2013

WL 12147608, at *3 (D. Minn. Oct. 17, 2013); *Frank v. Gold'n Plump Poultry, Inc.*, Civ. No. 04-1018 (PJS/RLE), 2006 WL 8444696 at *2 (D. Minn. Aug. 16, 2006); *United States v. Cameron-Ehlen Group, Inc.*, Case No. 13-cv-3003 (WMW/DTS), 2019 WL 1453063 at *2 (April 2, 2019); *ADC Telecommunications, Inc. v. Thomas & Betts Corp.*, No. 98CV2055, 2001 WL 1381098 at *4 (D. Minn. Oct. 18, 2001). Applying these principles, Defendants' Contention Interrogatory is premature. Defendants and third parties are just beginning to produce documents and have taken no depositions to date.

Moreover, Puerto Rico objects to this Interrogatory to the extent is seeks information protected from disclosure pursuant to the common-interest and work-product doctrines and/or attorney-client privilege, including intangible information related to the mental impressions, conclusions, opinions, and/or legal theories of Puerto Rico's counsel and/or Puerto Rico's experts, which are protected from disclosure pursuant to the work-product doctrine. Puerto Rico will not respond with documents or information that are protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, the common-interest doctrine, or any other applicable privilege, right, immunity, or exemption from discovery, whether set forth in the Federal Rules of Civil Procedure, common law, case-law doctrine, or the constitution and other laws of the United States or applicable state law. Puerto Rico will not respond with documents or information seeking the subject of expert analysis.

Without waiving the forgoing objections, Puerto Rico will provide a substantive response to this Interrogatory, subject to any applicable objections, after the completion of fact discovery, at which time Puerto Rico will respond to this Interrogatory with documents and information reasonably within their possession, custody, or control only and will not

produce documents or information relating to any expert or other person or entity retained by

Puerto Rico's counsel to assist in the preparation of their case. Puerto Rico may produce

expert report(s) in this matter, and if so, will comply with the Federal Rules of Civil

Procedure, the Local Rules of the United States District Court for the District of Minnesota

or any other applicable local rules, case law, or court orders in producing related documents.

**Interrogatory No. 11:**

Identify and Describe in detail any Benchmarking Service or Industry Data Gathering Service related to pork or pork production in which You participated, including who was involved, the date range of participation, whether participation was voluntary or mandatory, a description of precisely what information and/or reports You provided and/or received (and any changes to that information over time), the method by which You sent or received such data or information, any terms or contractual obligations relating to Your participation, and how much money You paid to participate in such a service.

**Response to Interrogatory No. 11:**

Puerto Rico objects to this Contention Interrogatory on the ground that it is premature.

A party "need not provide their answer to . . . a contention interrogatory immediately."

*Scheffler v. Molin*, No. CIV. 11-3279 JNE/JJK, 2012 WL 3292894, at *6 (D. Minn. Aug. 10,

2012). Courts in this District defer contention interrogatories until the end of fact discovery,

when the parties have read the essential documents in the case and deposed witnesses. *See,*

*e.g.*, *Cambria Co. LLC v. Pental Granite & Marble, Inc.*, Civil No. 12–228 (JRT/AJB), 2013

WL 12147608, at *3 (D. Minn. Oct. 17, 2013); *Frank v. Gold'n Plump Poultry, Inc.*, Civ. No.

04-1018 (PJS/RLE), 2006 WL 8444696 at *2 (D. Minn. Aug. 16, 2006); *United States v.*

*Cameron-Ehlen Group, Inc.*, Case No. 13-cv-3003 (WMW/DTS), 2019 WL 1453063 at *2

(April 2, 2019); *ADC Telecommunications, Inc. v. Thomas & Betts Corp.*, No. 98CV2055,

2001 WL 1381098 at *4 (D. Minn. Oct. 18, 2001). Applying these principles, Defendants'

Contention Interrogatory is premature. Defendants and third parties are just beginning to

produce documents and have taken no depositions to date.

Moreover, Puerto Rico objects to this Interrogatory to the extent is seeks information protected from disclosure pursuant to the common-interest and work-product doctrines and/or attorney-client privilege, including intangible information related to the mental impressions, conclusions, opinions, and/or legal theories of Puerto Rico's counsel and/or Puerto Rico's experts, which are protected from disclosure pursuant to the work-product doctrine. Puerto Rico will not respond with documents or information that are protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, the common-interest doctrine, or any other applicable privilege, right, immunity, or exemption from discovery, whether set forth in the Federal Rules of Civil Procedure, common law, case-law doctrine, or the constitution and other laws of the United States or applicable state law. Puerto Rico will not respond with documents or information seeking the subject of expert analysis.

Without waiving the forgoing objections, Puerto Rico will provide a substantive response to this Interrogatory, subject to any applicable objections, after the completion of fact discovery, at which time Puerto Rico will respond to this Interrogatory with documents and information reasonably within their possession, custody, or control only and will not produce documents or information relating to any expert or other person or entity retained by Puerto Rico's counsel to assist in the preparation of their case. Puerto Rico may produce expert report(s) in this matter, and if so, will comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Minnesota or any other applicable local rules, case law, or court orders in producing related documents.

**Interrogatory No. 12:**

Identify every industry meeting and meeting of a trade association related to pork or pork production attended by You, including when and where it occurred, the entity or organization that arranged the meeting, who from the Commonwealth attended, and any documents (e.g., agendas, minutes, or notes) that relate to the content of what was discussed at the meeting.

**Response to Interrogatory No. 12:**

Puerto Rico objects to this Contention Interrogatory on the ground that it is premature. A party "need not provide their answer to . . . a contention interrogatory immediately." *Scheffler v. Molin*, No. CIV. 11-3279 JNE/JJK, 2012 WL 3292894, at *6 (D. Minn. Aug. 10, 2012). Courts in this District defer contention interrogatories until the end of fact discovery, when the parties have read the essential documents in the case and deposed witnesses. *See, e.g.*, *Cambria Co. LLC v. Pental Granite & Marble, Inc.*, Civil No. 12–228 (JRT/AJB), 2013 WL 12147608, at *3 (D. Minn. Oct. 17, 2013); *Frank v. Gold'n Plump Poultry, Inc.*, Civ. No. 04-1018 (PJS/RLE), 2006 WL 8444696 at *2 (D. Minn. Aug. 16, 2006); *United States v. Cameron-Ehlen Group, Inc.*, Case No. 13-cv-3003 (WMW/DTS), 2019 WL 1453063 at *2 (April 2, 2019); *ADC Telecommunications, Inc. v. Thomas & Betts Corp.*, No. 98CV2055, 2001 WL 1381098 at *4 (D. Minn. Oct. 18, 2001). Applying these principles, Defendants' Contention Interrogatory is premature. Defendants and third parties are just beginning to produce documents and have taken no depositions to date.

Moreover, Puerto Rico objects to this Interrogatory to the extent is seeks information protected from disclosure pursuant to the common-interest and work-product doctrines and/or attorney-client privilege, including intangible information related to the mental impressions, conclusions, opinions, and/or legal theories of Puerto Rico's counsel and/or Puerto Rico's experts, which are protected from disclosure pursuant to the work-product doctrine. Puerto Rico will not respond with documents or information that are protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, the common-

22

interest doctrine, or any other applicable privilege, right, immunity, or exemption from

discovery, whether set forth in the Federal Rules of Civil Procedure, common law, case-law

doctrine, or the constitution and other laws of the United States or applicable state law.

Puerto Rico will not respond with documents or information seeking the subject of expert

analysis.

Without waiving the forgoing objections, Puerto Rico will provide a substantive

response to this Interrogatory, subject to any applicable objections, after the completion of

fact discovery, at which time Puerto Rico will respond to this Interrogatory with documents

and information reasonably within their possession, custody, or control only and will not

produce documents or information relating to any expert or other person or entity retained by

Puerto Rico's counsel to assist in the preparation of their case. Puerto Rico may produce

expert report(s) in this matter, and if so, will comply with the Federal Rules of Civil

Procedure, the Local Rules of the United States District Court for the District of Minnesota

or any other applicable local rules, case law, or court orders in producing related documents.

## Interrogatory No. 13:

Identify and Describe in detail each transaction in which a Parens Patriae Purchaser purchased any pork products that You contend were impacted by the alleged conspiracy, including (a) the identity of all persons or entities from whom the Parens Patriae Purchaser purchased any pork products; (b) a description of the product(s) the Parens Patriae Purchaser purchased; (c) the amount purchased; (d) the prices the Parens Patriae Purchaser paid, including any discounts, rebates or promotions the Parens Patriae Purchaser received; and (e) the date(s) of the purchase.

## Response to Interrogatory No. 13:

Puerto Rico objects to this Interrogatory as unduly burdensome and not proportional

to the needs of the case. Puerto Rico objects to the undefined terms "hog producer" and

"pork processor" as vague and ambiguous, duplicative, and is subject to ongoing discovery

from Defendants, third parties, and direct-action plaintiffs. As such, responsive information

is more readily available to Defendants' as it is in their possession, custody, and control. Puerto Rico interprets "pork product" to mean any product that is the basis of Puerto Rico's complaint, *see* ECF 103, and/or any product the purchase of which Puerto Rico claim is the basis of any damage sustained, and includes pig or swine meat sold or purchased fresh or frozen, or any processed pork product, including but not limited to smoked ham, sausage, and bacon. Puerto Rico objects to this Interrogatory as duplicative of Document Request No. 5.

Without waiving the foregoing objections and to the extent any individual With Puerto Rico knows such specific details, that information will be included in contracts to be produced by Puerto Rico. This response is based upon facts and information known by Puerto Rico at the time of their response to these interrogatories and on the current status of the proceedings. Puerto Rico's discovery and investigation are not yet complete and are continuing as of the date of these responses.

Puerto Rico reserves the right to supplement, modify, or amend these responses in accordance with the Federal Rules of Civil Procedure, and in light of relevant decisions in this case.

**Interrogatory No. 14:**

For each transaction described in response to Interrogatory No. 13, Identify (a) the hog producer that produced the hog from which the product the Parens Patriae Purchaser purchased was derived and (b) the pork processor that processed the pork product the Parens Patriae Purchaser purchased.

**Response to Interrogatory No. 14:**

Puerto Rico objects to this Interrogatory as unduly burdensome and not proportional to the needs of the case. Puerto Rico objects to the undefined terms "hog producer" and "pork processor" as vague and ambiguous, duplicative, and is subject to ongoing discovery

from Defendants, third parties, and direct-action plaintiffs. As such, responsive information is more readily available to Defendants' as it is in their possession, custody, and control. Puerto Rico interprets "pork product" to mean any product that is the basis of Puerto Rico's complaint, *see* ECF 103, and/or any product the purchase of which Puerto Rico claim is the basis of any damage sustained, and includes pig or swine meat sold or purchased fresh or frozen, or any processed pork product, including but not limited to smoked ham, sausage, and bacon. Puerto Rico objects to this Interrogatory as duplicative of Document Request No. 6.

Without waiving the foregoing objections and to the extent any individual with Puerto Rico knows such specific details, that information will be included in contracts to be produced by Puerto Rico. This response is based upon facts and information known by Puerto Rico at the time of their response to these interrogatories and on the current status of the proceedings. Puerto Rico's discovery and investigation are not yet complete and are continuing as of the date of these responses.

Puerto Rico reserves the right to supplement, modify, or amend these responses in accordance with the Federal Rules of Civil Procedure, and in light of relevant decisions in this case.

Dated: April 12, 2021                         Respectfully submitted,

                                              Domingo Emanuelli Hernández
                                              Attorney General

                                              Johan M. Rosa Rodríguez
                                              PR Bar No. 16819
                                              Assistant Attorney General
                                              Antitrust Division

Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 2600, 2601
Fax: (787) 721-3223
jorosa@justicia.pr.gov

/s/ Kyle G. Bates

Kyle G. Bates (USDCPR-306412)
Todd M. Schneider
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
2000 Powell St., Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
tschneider@schneiderwallace.com
kbates@schneiderwallace.com

Peter B. Schneider
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
3700 Buffalo Speedway, Suite 300
Houston, Texas 77098
Telephone: (713) 338-2560
Facsimile: (415) 421-7105
pschneider@schneiderwallace.com

*Attorneys for Plaintiff, Commonwealth of
Puerto Rico*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 12th day of April, 2021, all counsel of record were

served with a copy of the foregoing document via electronic mail.

/s/ Kyle G. Bates
Kyle G. Bates