UNITED STATES DISTRICT COURT
DISTRICT COURT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT-HB) |
| This Document Relates To:<br><br>THE DIRECT PURCHASER PLAINTIFF ACTION | ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT WITH SEABOARD FOODS LLC. AND ENTRY OF FINAL JUDGMENT |

This Court has held a hearing on Direct Purchaser Plaintiffs' Motion for Final Approval of the Settlement with Defendant Seaboard Foods LLC ("Seaboard") (ECF No. 2110, "Motion"). Direct Purchaser Plaintiffs ("DPPs" or "Plaintiffs") have entered into a Settlement Agreement with Seaboard. On August 25, 2023, this Court entered an Order granting preliminary approval of the proposed settlement (ECF No. 2014, "Preliminary Approval Order"). The Court, having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreement, and all papers filed, hereby finds that the motion should be **GRANTED** as to the settlement with Seaboard.

Among other things, the Preliminary Approval Order authorized Direct Purchaser Plaintiffs to disseminate notice of the settlement, the fairness hearing, and related matters to the Class. Notice was provided to the Class pursuant to the Preliminary Approval Order and, as the Class was notified, the Court held a fairness hearing on March

1, 2024. No Class member appeared at the fairness hearing to oppose approval or object to the settlement.

Based on Direct Purchaser Plaintiffs' Motion for final approval, oral argument presented at the fairness hearing, and the complete records and files in this matter,

**IT IS HEREBY ORDERED THAT:**

1. Direct Purchaser Plaintiffs' Motion for final approval of the Settlement with Seaboard is hereby **GRANTED** pursuant to Fed. R. Civ. P. 23(e) because it is fair, reasonable, and adequate to the Class.

2. The Court has jurisdiction over the subject matter of this litigation, including the actions within this litigation, and over the parties to the Settlement Agreement, including all members of the Certified Class (also referred to herein as the "Class"), and all Defendants.

3. Terms capitalized in this Order and Final Judgment have the same meanings as those used in the Settlement Agreement.

4. The Court adopts and incorporates herein all findings made under Rule 23 in its Preliminary Approval Order.

5. In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Class's reaction to the settlement, and the result achieved.

6.   The Settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations, which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

7.   The Settlement was entered into on behalf of the Class certified by this Court in its order dated March 29, 2023, ECF No. 1887 (the "Certified Class"):

> All persons and entities who directly purchased one or more of the following types of pork, or products derived from the following types of pork, from Defendants, or their respective subsidiaries or affiliates, for use or delivery in the United States from June 29, 2014 through June 30, 2018: fresh or frozen loins, shoulders, ribs, bellies, bacon, or hams. For this lawsuit, pork excludes any product that is marketed as organic or as no antibiotics ever (NAE); any product that is fully cooked or breaded; any product other than bacon that is marinated, flavored, cured, or smoked; and ready-to-eat bacon.
>
> Excluded from this Class are the Defendants, the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from this Class are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any Co-Conspirator identified in this action.

8.   The Court previously appointed the law firms of Lockridge Grindal Nauen P.L.L.P., and Pearson Warshaw, LLP as Co-Lead Class Counsel for the Certified Class. *See* ECF No. 1887 at 68.

9.   The Escrow Account, into which Seaboard has deposited a total of $9,750,000.00 as the settlement amount, plus accrued interest thereon, is approved as a

Qualified Settlement Fund pursuant to Internal Revenue Code Section 458B and the Treasury Regulations promulgated thereunder.

10.     This Court hereby dismisses on the merits and with prejudice all Claims in the DPP action against Seaboard, with each party to bear its own costs and fees, including attorneys' fees, except as provided in the Settlement Agreement.

11.     The Release in the Settlement Agreement is incorporated herein and the Releasing Parties shall, by operation of law, be deemed to have released all Seaboard Released Parties from the Released Claims. All entities who are Releasing Parties (as defined in the Settlement Agreement) or who purport to assert claims on behalf of the Releasing Parties are hereby and forever barred and enjoined from commencing, prosecuting, or continuing, against the Seaboard Released Parties, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

12.     The Seaboard Released Parties are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasing Parties had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

13.     The notice given to the Class, including individual notice to all members of the Class who could be identified through reasonable effort, was the most effective and

practicable under the circumstances. This notice provided due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

14. No members of the Class have objected to the Settlement.

15. Persons/Entities who validly requested to be excluded from the Settlement, and a description of excluded claims arising from partial assignments, as described more fully below, are listed in two exhibits: Schedule A, ECF No. 2113-3; and Schedule B, ECF No. 2113-4.

   a. Schedule A, ECF No. 2113-3, lists persons/entities that requested exclusion from the Settlement (including the entities identified in Schedule A as having submitted late requests).

   b. Schedule B, ECF No. 2113-4, identifies claims by persons identified in Schedule A, ECF No. 2113-3, that are the result of partial assignments from Class Members that did not, themselves, request exclusion from the Settlement. Schedule B, ECF No. 2113-4, also includes a description of the portion of the Class Member's claims assigned. Except for the claims of the Partial Assignees identified in Schedule B, ECF No. 2113-4, all claims belonging to the Class members

identified in Schedule B, ECF No. 2113-4, are part of the Class and released through the provisions of the Settlement Agreement and this Order.

The persons/entities identified in Schedule A, ECF No. 2113-3, as having requested exclusion from the Settlement are not entitled to any recovery from the Settlement Fund. Furthermore, nothing in this Judgment shall be construed as a determination by this Court that any person or entity satisfies the criteria for membership in the Class merely because they filed a Request for Exclusion.

16. Any member of the Class who has not timely and validly requested to be excluded from the Settlement, and, therefore, is not listed in Schedule A, ECF No. 2113-3, is now subject to and bound by the provisions of the Settlement Agreement, the Released Claims contained therein, and this Order with respect to all Released Claims, regardless of whether such members of the Class seek or obtain any distribution from the Settlement Fund.

17. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) consummation, administration and implementation of the Settlement Agreements and any allocation or distribution to Class members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by Plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the actions in this litigation until the Final Judgment has

become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to any plan of allocation or distribution of proceeds from the Settlement; (f) the parties to the Settlement Agreement for the purpose of enforcing and administering the Settlement Agreement and the releases contemplated by, or executed in connection with the Settlement Agreement; (g) the enforcement of this Final Judgment; and (h) any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, that cannot be resolved by negotiation and agreement.

18. Seaboard has served upon the appropriate state officials and the appropriate federal official notice under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").

19. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that judgment should be entered and further finds that there is no just reason for delay in the entry of final judgment as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter this Final Judgment forthwith.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  March 5, 2024                                         _____s/John R .Tunheim_____
at Minneapolis, Minnesota.                                              JOHN R. TUNHEIM
                                                                    United States District Judge