UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IN RE PORK ANTITRUST LITIGATION        Case No. 18-cv-1776 (JRT/JFD)

This Document Relates To: All Actions        **ORDER
FILED UNDER SEAL**

This matter is before the Court on certain Class Plaintiffs and Direct Action Plaintiffs' Motion to Depose Noel White and Jeremy Dickinson or, in the Alternative, to Strike the Declarations of Noel White and Jeremy Dickinson (Dkt. No. 2091). Mr. White and Mr. Dickinson are employees of the Tyson Defendants.[1] Mr. White was deposed during fact discovery, but Mr. Dickinson was not. After the close of fact discovery but during the period for expert discovery, Defendants produced three expert reports that cited declarations from Mr. White and Mr. Dickinson. Defendants had not previously produced the declarations to Plaintiffs, and Plaintiffs believed the declarations contained new facts and information that was inconsistent with other discovery that had been timely produced. Plaintiffs therefore brought a motion to either depose Mr. White and Mr. Dickinson or strike their declarations.

Plaintiffs argue that good cause exists to depose Mr. Dickinson and to reopen the deposition of Mr. White because their declarations were produced after the close of fact

---

[1] The Tyson Defendants are Tyson Foods, Inc., Tyson Prepared Foods, Inc., and Tyson Fresh Meats, Inc.

discovery, are inconsistent with the existing record, and contain new facts not disclosed in discovery. Alternatively, Plaintiffs ask that the declarations be stricken as untimely. The Tyson Defendants oppose the motion, arguing that Plaintiffs could have deposed Mr. Dickinson and Mr. White about the subject matter of the declarations but chose not to, that producing and using declarations after the close of fact discovery is permissible and commonplace, and that any new information or inconsistencies are immaterial. Therefore, Tyson argues, Plaintiffs have not shown good cause to modify the pretrial scheduling order and allow the additional depositions. For the reasons set forth below, the Court finds good cause to amend the pretrial schedule and therefore grants Plaintiffs' motion, in part. Mr. White and Mr. Dickinson may each be deposed for no more than two hours, and the scope of the depositions is limited to the allegedly new facts or inconsistencies in their declarations.

**I.     Background**

Under the pretrial scheduling order, Plaintiffs were permitted collectively to depose up to 10 percipient witnesses per Defendant family. The Tyson Defendant family listed in its Rule 26(a) initial disclosures more than 50 witnesses, including Mr. White and Mr. Dickinson. Mr. White and Mr. Dickinson are both Tyson employees and agreed-upon document custodians. During the period for fact discovery, Plaintiffs used all 10 of their allotted depositions for the Tyson Defendants, choosing to depose Mr. White but not Mr. Dickinson. Plaintiffs deposed Mr. White on May 13, 2022.

Fact discovery closed on October 31, 2022. On December 11, 2023, during the period for expert discovery, Defendants produced three expert reports to Plaintiffs that

cited declarations from Mr. White and Mr. Dickinson. Defendants had not produced the declarations to Plaintiffs when they were executed in late 2023,[2] nor were the declarations produced with the expert reports (although that proved to be inadvertent). Plaintiffs finally received the declarations in late January 2024, after requesting them from Defendants.

Plaintiffs met and conferred with Defendants and asked to depose Mr. White and Mr. Dickinson. Although the Tyson Defendants believed that neither individual should be deposed, Tyson offered a 90-minute deposition of Mr. Dickinson in exchange for Plaintiffs dropping their request to reopen the deposition of Mr. White. Plaintiffs did not agree and filed the instant motion. Plaintiffs argue that good cause exists to amend the pretrial scheduling order and allow for limited depositions of Mr. White and Mr. Dickinson. The Tyson Defendants disagree.

**II.     Discussion**

A party must show "good cause" to amend a pretrial scheduling order. Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). Secondary factors such as prejudice to the nonmoving party or other factors may also affect the calculus. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). No clear test exists to measure when a party's diligence establishes good cause, giving courts broad discretion

---

[2] Mr. White's declaration is dated November 21, 2023, and Mr. Dickinson's declaration is dated December 5, 2023.

3

to determine this issue. *Portz v. St. Cloud State Univ.*, No. 16-cv-1115 (JRT/LIB), 2017 WL 3332220, at *4 (D. Minn. Aug. 4, 2017).

The Court finds that Plaintiffs were diligent—as in timely—in attempting to meet the pretrial scheduling order's requirements. Plaintiffs received Mr. White's and Mr. Dickinson's declarations on January 18, 2024, and they filed this motion on February 5, 2024, less than three weeks later.

Plaintiffs were also diligent—as in conscientious—in pursuing discovery on the allegedly new and inconsistent information contained in the declarations of Mr. White and Mr. Dickinson. Plaintiffs had deposed Mr. White for seven hours about topics such as Tyson's pork pricing team and the team's use of Agri Stats' sales pricing tool. These topics were addressed in Mr. White's declaration, and now form part of the basis of Plaintiffs' motion. Plaintiffs had also sought discovery about the reduction in Tyson's sow inventory, which Mr. Dickinson addressed in his declaration. Plaintiffs did not "clos[e] their eyes to these facts" in the hope they would stay out of the summary-judgment record. (*See* Defs.' Mem. Opp'n at 13, Dkt. No. 2107.) Nor should Plaintiffs be penalized for not anticipating arguably new or inconsistent facts contained in the White and Dickinson declarations.

Other considerations also inform the good-cause analysis. First, rather than use the same factual record that was available to Plaintiffs' experts, Defendants created new declarations from Mr. White and Mr. Dickinson for their experts' use. Three of Defendants' experts relied on Mr. White's and Mr. Dickinson's declarations in their expert reports. These new declarations clearly surprised Plaintiffs.

4

Second, the declarations arguably include new or inconsistent facts that Plaintiffs should be allowed to test and investigate. Plaintiffs argue that some statements in Mr. White's declaration are inconsistent with his deposition testimony and that some statements in Mr. Dickinson's declaration contain new information. Defendants respond that the supposed inconsistencies are immaterial and no facts are new. The Court will not, because it need not, delve into the materiality of the purported inconsistencies or new facts. Whether the declarations are essentially "sham affidavits"[3] will be, if raised, an issue for Judge Tunheim to decide.[4] *See EEOC v. BNSF Ry. Co.*, No. 8:21-cv-369, 2024 WL 1299268, at *11 (D. Neb. Mar. 27, 2024). Moreover, allowing limited depositions to clarify or narrow any perceived inconsistencies or new facts will be of benefit to Judge Tunheim in that task. Because fact discovery is closed, the only way for Plaintiffs to challenge or ask Defendants about new or different information in the declarations is for the Court to allow limited deposition testimony.

Third, allowing the depositions will not prejudice Defendants. The Tyson Defendants argue that allowing the depositions will "impose unwarranted burdens" such as time and expense. Tyson has not supported its argument, however, with specific estimations of cost or time or with documentation of financial hardship.

---

[3] "An affidavit is a sham affidavit if it contradicts prior testimony or is a sudden and unexplained revision of testimony that creates an issue of fact where none existed before." *Edwards v. Skylift, Inc.*, 39 F.4th 1025, 1030 (8th Cir. 2022).

[4] The Tyson Defendants have confirmed that they intend to use the declarations for summary-judgment purposes. (Defs.' Mem. Opp'n at 18.)

5

Turning to some of the Tyson Defendants' other arguments, the Court does not disagree with Tyson that, generally, a party may use witness declarations to support expert reports or summary-judgment motions. *See Daywitt v. Harpestead*, No. 20-cv-1743 (NEB/ECW), 2023 WL 4850677, at *12 (D. Minn. July 28, 2023) ("There is nothing improper about simply using declarations instead of depositions.") (cleaned up), *R. & R. adopted sub nom. Daywitt v. Harpstead*, 2023 WL 6366610 (D. Minn. Sept. 29, 2023); *see Gilmore v. City of Minneapolis*, No. 13-cv-1019 (JRT/FLN), 2015 WL 1189832, at *5 (D. Minn. Mar. 16, 2015) ("The city has not violated the evidentiary rule simply by using declarations instead of depositions," citing Fed. R. Civ. P. 56(c)(4)), *modified sub nom. Gilmore v. Dubuc*, 2015 WL 3645846 (D. Minn. June 10, 2015). But the propriety of using declarations is not the issue. In neither *Daywitt* nor *Gilmore* were the declarations submitted after the close of discovery. Nor, apparently, were the declarations from individuals who had already been deposed. Rather, both the *Daywitt* and *Gilmore* cases addressed the use of declarations "instead of" depositions. This argument therefore misses the mark.

The Tyson Defendants next cite several decisions issued by the Honorable John R. Tunheim, United States District Judge, who is presiding over this MDL, to support the proposition that "declarations executed well after the close of fact discovery" are routine in summary-judgment proceedings. (Defs.' Mem. Opp'n at 16.) In the cases cited by the Tyson Defendants, however, there is no mention of a party's challenge to the timing of the declarations' execution or production. *See Pett v. Costco Wholesale Corp.*, No. 18-cv-66 (JRT/BRT), 2019 WL 3288910 (D. Minn. July 22, 2019); *Sandoval v. Am. Bldg. Maint.*

6

*Indus.*, 765 F. Supp. 2d 1138 (D. Minn. 2010); *Transocean Grp. Holdings Pty Ltd. v. S. Dak. Soybean Processors, LLC*, 663 F. Supp. 2d 731 (D. Minn. 2009); *Lansdale v. UPS Supply Chain Sols., Inc.*, No. 16-cv-04106 (JRT/BRT) (D. Minn. Oct. 10, 2018) (Dkt. No. 247); *Harju v. Olson*, No. 08-cv-1329 (JRT/LIB) (D. Minn. Mar. 29, 2010) (Dkt. No. 84). Thus, one cannot presume that Judge Tunheim's consideration of the declarations in those cases amounted to an endorsement of the timing of their execution and production.

In *Anchor Wall Systems, Inc. v. Rockwood Retaining Walls, Inc.*, though, a party did raise such a challenge. 252 F. Supp. 2d 838, 840 (D. Minn. 2002), *aff'd in part, vacated in part, rev'd in part*, 340 F.3d 1298 (Fed. Cir. 2003). The Honorable David S. Doty, United States District Judge, considered whether to strike expert testimony from the record based on a party's argument that declarations served after the close of discovery were untimely and also that they contradicted earlier sworn testimony. *Id.* Deciding to strike the declarations, Judge Doty explained, "One of the purposes of modern discovery is to eliminate surprise." *Id.* (citing *Tenbarge v. Ames Taping Tool Sys., Inc.*, 190 F.3d 862, 865 (8th Cir. 1999)). The declarations in *Anchor Wall* "were served on the defendants after the close of discovery." *Id.* "They therefore are untimely." *Id.* On appeal to the Federal Circuit Court of Appeals, that court affirmed in part, vacated in part, and reversed in part. *Anchor Wall Sys., Inc. v. Rockwood Retaining Walls, Inc.*, 340 F.3d 1298, 1300–01 (Fed. Cir. 2003). The Federal Circuit specifically affirmed the decision to strike the declarations because they were untimely and contradicted earlier sworn testimony. *Id.* at 1313–14.

The Tyson Defendants also point out that the Order Concerning Depositions (Dkt. No. 1018), which established a deposition protocol for this MDL, does not require a party

to cross-notice a witness's deposition instead of using a declaration. The Court agrees, but this argument also misses the mark. The Court has not based its ruling on a finding that Defendants violated the deposition protocol by using declarations or otherwise attempted to circumvent limits on and procedures governing depositions. Therefore, the Order Concerning Depositions has no bearing on this dispute.

Based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Depose Noel White and Jeremy Dickinson or, in the Alternative, to Strike the Declarations of Noel White and Jeremy Dickinson (Dkt. No. 2091) is **GRANTED**, in that Noel White and Jeremy Dickinson may each be deposed for no more than two hours, limited to the allegedly new or inconsistent material in their respective declarations.

2. This Order shall be unsealed in its entirety in 30 days, unless the parties show in writing good cause to keep specific portions of the Order under seal. Accordingly, the parties shall promptly meet and confer regarding any redactions that may be required to protect confidential information, and shall file a joint letter and proposed redacted order within 14 days, identifying with specificity the redactions they believe are required and the basis for those redactions.

Date: May 24, 2024              *s/ John F. Docherty*
                                JOHN F. DOCHERTY
                                United States Magistrate Judge