UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| IN RE: PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/JFD) |
| IN RE: CATTLE AND BEEF ANTITRUST LITIGATION | MDL No. 22-3031 (JRT/JFD) |
| This Document Relates To:<br><br>*Sysco Corp. v. Agri Stats, Inc. et al*, Civil No. 21-1374 (D. Minn.), and *Sysco Corp. v. Cargill Inc. et al*, Civil No. 22-1750 (D. Minn.) | **MEMORANDUM OPINION AND ORDER DENYING APPEAL AND AFFIRMING MAGISTRATE JUDGE'S ORDER** |

---

Christopher P. Wilson, Michael Calhoon, Julie B. Rubenstein, Brian C. Kerr, and Wyatt M. Carlock, **BAKER BOTTS L.L.P.**, 700 K Street Northwest, Washington, D.C. 20001, for Plaintiff Sysco Corporation.

Derek T. Ho, Travis G. Edwards, Dustin G. Graber, and Christopher C. Goodnow, **KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**, 1615 M Street Northwest, Suite 400, Washington, D.C. 20036; Scott E. Gant, **BOIES SCHILLER FLEXNER LLP**, 1401 New York Avenue Northwest, Washington, D.C. 20005; Colleen A. Harrison, **BOIES SCHILLER FLEXNER LLP**, 333 Main Street, Armonk, NY 10504; Christopher A. Seeger and Jennifer Scullion, **SEEGER WEISS LLP**, 55 Challenger Road, Ridgefield Park, NJ 07660, for Movant Carina Ventures LLC.

Craig S. Coleman, Richard A. Duncan, Aaron D. Van Oort, and Emily E. Chow, **FAEGRE DRINKER BIDDLE & REATH LLP**, 90 South Seventh Street, Minneapolis, MN 55402; Jacob D. Bylund and Robert C. Gallup, **FAEGRE DRINKER BIDDLE & REATH LLP**, 801 Grand Avenue, 33rd Floor, Des Moines, IA 50309; John S. Yi, **FAEGRE DRINKER BIDDLE & REATH LLP**, One Logan Square, Suite 2200, Philadelphia, PA 19103; Jonathan H. Todt, **FAEGRE DRINKER BIDDLE & REATH LLP**, 1500 K Street Northwest, Suite 1100,

Washington, DC 20005, for Defendants Hormel Foods Corporation and Hormel Foods, LLC.

Daniel E. Laytin, Christa Cottrell, and Jenna M. Stupar, **KIRKLAND & ELLIS LLP**, 300 North LaSalle, Chicago, IL 60654; Mark L. Johnson and Davida S. McGhee, **GREENE ESPEL PLLP**, 222 South Ninth Street, Suite 2200, Minneapolis, MN 55402, for Defendants Clemens Food Group, LLC and The Clemens Family Corporation.

John A. Cotter and John A. Kvinge, **LARKIN HOFFMAN DALY & LINDGREN LTD.**, 8300 Norman Center Drive, Suite 1000, Minneapolis, MN 55427; Richard Parker and Josh Lipton, **GIBSON, DUNN & CRUTCHER, LLP**, 1050 Connecticut Avenue Northwest, Washington, D.C. 20036; Brian Robison, **BROWN FOX PLLC**, 6303 Cowboys Way, Suite 450, Frisco, TX 75034, for Defendant Smithfield Foods, Inc.

Sami H. Rashid, Michael B. Carlinsky, and David B. Adler, **QUINN EMANUEL URQUHART & SULLIVAN, LLP**, 51 Madison Avenue, 22nd Floor, New York, NY 10010; Donald G. Heeman, Jessica J. Nelson, and Randi J. Winter, **SPENCER FANE LLP**, 100 South Fifth Street, Suite 1900, Minneapolis, MN 55402; Lewis A. Remele, Jr. and Christopher R. Morris, **BASSFORD REMELE, P.A.**, 100 South Fifth Street, Suite 1500, Minneapolis, MN 55402; William F. Hargens and Patrick E. Brookhouser, Jr., **MCGRATH NORTH MULLIN & KRATZ, PC LLO**, 1601 Dodge Street, Suite 3700, Omaha, NE 68102, for Defendants JBS USA Food Company, JBS Packerland, Inc., Swift Beef Company, and JBS S.A.

Peter J. Schwingler and Tess L. Erickson, **JONES DAY**, 90 South Seventh Street, Suite 4950, Minneapolis, MN 55402; William L. Greene and William D. Thomson, **STINSON LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402; J. Nicci Warr, **STINSON LLP**, 7700 Forsyth Boulevard, Suite 1100, St. Louis, MO 63105, for Defendant Seaboard Foods LLC.

Christopher A. Smith, Aaron Chapin, Tessa K. Jacob, A. James Spung, and Jason Husgen, **HUSCH BLACKWELL LLP**, 8001 Forsyth Boulevard, Suite 1500, St. Louis, MO 63105, for Defendant Triumph Foods, LLC.

Tiffany Rider Rohrbaugh, Rachel J. Adcox, and Lindsey Strang Aberg, **AXINN, VELTROP & HARKRIDER LLP**, 1901 L Street Northwest, Washington, DC 20036; Jarod Taylor, **AXINN, VELTROP & HARKRIDER LLP**, 90 State House

Square, Hartford, CT 06103; David P. Graham, **DYKEMA GOSSETT PLLC**, 90 South Seventh Street, Minneapolis, MN 55402; Susan E. Foster, Ulrike B. Connelly, Tiffany Lee, and Hannah Parman, **PERKINS COIE LLP**, 1201 Third Avenue, Suite 4900, Seattle, WA 98101; Jon B. Jacobs, **PERKINS COIE LLP**, 700 Thirteenth Street Northwest, Suite 800, Washington, DC 20005; Barry G. Stratford, **PERKINS COIE LLP**, 2901 North Central Avenue, Suite 2000, Phoenix, AZ 85012; Caroline Gizem Tunca, **PERKINS COIE LLP**, 110 North Wacker Drive, Suite 3400, Chicago, Illinois 60606; David P. Graham, **DYKEMA GOSSETT, PLLC**, 90 South Seventh Street, Minneapolis, MN 55402, for Defendants Tyson Foods, Inc., Tyson Prepared Foods, Inc. and Tyson Fresh Meats, Inc.

William L. Monts III and Justin W. Bernick, **HOGAN LOVELLS US LLP**, 555 Thirteenth Street Northwest, Washington, D.C. 20004; Peter H. Walsh, **HOGAN LOVELLS US LLP**, 80 South Eighth Street, Suite 1225, Minneapolis, MN 55402, for Defendant Agri Stats, Inc.

Kosta S. Stojilkovic, Beth A. Wilkinson, and Sarah Neuman, **WILKINSON STEKLOFF LLP**, 2001 M Street Northwest, 10th Floor, Washington, DC 20036; Moira Penza, **WILKINSON STEKLOFF LLP**, 130 West 42nd Street, 24th Floor, New York, NY 10036; X. Kevin Zhao, Holley C. M. Horrell, Davida S. McGhee Williams, and Emily M. McAdam, **GREENE ESPEL PLLP**, 222 South Ninth Street, Suite 2200, Minneapolis, MN 55402; Jacob D. Bylund and Robert C. Gallup, **FAEGRE DRINKER BIDDLE & REATH LLP**, 801 Grand Avenue, 33rd Floor, Des Moines, IA 50309; Bennett Rawicki, **HILGERS GRABEN PLLC**, 7859 Walnut Hill Lane, Suite 335, Dallas, TX 75230; Britt M. Miller and Matthew Provance, **MAYER BROWN LLP**, 71 South Wacker Drive, Chicago, IL 60606; William H. Stallings, **MAYER BROWN LLP**, 1999 K Street Northwest, Washington, DC 20006; for Defendants Cargill, Incorporated and Cargill Meat Solutions Corporation.

Benjamin L. Ellison and Chelsea A. Bollman, **JONES DAY**, 90 South Seventh Street, Suite 4950, Minneapolis, MN 55402; Julia E. McEvoy, **JONES DAY**, 51 Louisiana Avenue Northwest, Washington, D.C. 20001; Michelle Fischer, **JONES DAY**, 901 Lakeside Avenue, North Point, Cleveland, OH 44114; Tiffany Lipscomb-Jackson, **JONES DAY**, 325 John H. McConnell Boulevard, Suite 600, Columbus, OH 43215; Eddie Hasdoo, **JONES DAY**, 110 North Wacker Drive, Suite 4800, Chicago, IL 60606, for Defendant National Beef Packing Company, LLC.

Plaintiff Sysco Corporation ("Sysco") and Movant Carina Ventures LLC ("Carina") filed joint motions to substitute Carina for Sysco in *In re Pork Antitrust Litigation* ("*Pork*") and *In re Cattle and Beef Antitrust Litigation* ("*Beef*"). Because the Court finds that the Magistrate Judge's decision to deny the Joint Motions for Substitution of Plaintiff was not clearly erroneous, the Court will deny Sysco and Carina's appeal and affirm the Magistrate Judge's Order.

## BACKGROUND

**I.   SYSCO'S ASSIGNMENT TO CARINA IN THE *PORK* AND *BEEF* LITIGATION**

The factual and procedural history of the *Pork* and *Beef* litigation have been comprehensively addressed in the Court's prior orders, which the Court incorporates by reference. *See, e.g.*, *In re Pork Antitrust Litig.*, 495 F. Supp. 3d 753, 764–67 (D. Minn. 2020); *In re Cattle Antitrust Litig.*, No. 19-1222, 2021 WL 7757881, at *1–2 (D. Minn. Sept. 14, 2021). As such, the Court will only address the facts and procedural history relevant to the current appeal.

Sysco filed actions alleging price-fixing conspiracies in the pork and beef industries, which were transferred to this Court and consolidated into the *Pork* and *Beef* multi-district litigation ("MDL") cases.[1] Sysco financed its litigation in the MDLs with over $140

---

[1] (*See* Compl., Mar. 8, 2021, Docket No. 1 in ECF No. 21-1374; Mem. Op. & Order Consolidating Actions, Nov. 14, 2021, Docket No. 34 in ECF No. 21-1374; Compl., June 24, 2022, Docket No. 1 in ECF No. 22-1750; Order for Consolidation, Oct. 12, 2022, Docket No. 17 in ECF No. 22-1750.)

million provided by Burford Capital ("Burford"). (Magistrate Judge's Order at 6, Feb. 9, 2024, Docket No. 2104 in ECF No. 18-1776.) Under Sysco and Burford's financing agreement, Sysco was not permitted to "accept a settlement offer without [Burford's] prior written consent, which shall not be unreasonably withheld." (*Id.* at 7 (internal quotation omitted).)

Burford and Sysco entered arbitration to determine the meaning and validity of the provision that required Burford's written consent to accept a settlement after Burford vetoed settlements that Sysco negotiated with some of the defendants. (*Id.* at 7–8; Carina's Mem. Supp. Joint Mot. Substitution at 2, July 7, 2023, Docket No. 1952 in ECF No. 18-1776.)

Meanwhile, an arbitration panel in New York granted Burford a temporary restraining order to prevent Sysco from finalizing the negotiated settlements. (Magistrate Judge's Order at 8.) Rather than litigate subsequently filed motions to vacate and confirm the arbitration award, Sysco assigned its interest in the *Pork* and *Beef* MDLs to Carina, a "special purpose vehicle" created by Burford for the sole purpose of accepting and litigating Sysco's assigned claims in the MDLs. (*Id.* at 2–3, 9.)

II.  **MAGISTRATE JUDGE'S DENIAL OF SUBSTITUTION**

Sysco and Carina subsequently filed joint motions to substitute Carina for Sysco in *Pork* and *Beef* pursuant to Federal Rule of Civil Procedure 25(c), which permits substitutions of parties when an interest is transferred during a lawsuit. (Joint Mot. Substitute Party, June 29, 2023, Docket No. 1940 in ECF No. 18-1776; Joint Mot. Substitute

Party, June 29, 2023, Docket No. 277 in ECF No. 22-3031); Fed. R. Civ. P. 25(c).  The defendants objected to the substitution.  (*Pork* Defs.' Mem. Opp'n Joint Mot. Substitute Party, July 21, 2023, Docket No. 1972 in ECF No. 18-1776; *Beef* Defs.' Mem. Opp'n Joint Mot. Substitute Party, July 21, 2023, Docket No. 293 in ECF No. 22-3031.)

The Magistrate Judge exercised his discretion to deny the motions.  He did not invalidate Sysco's assignment of its claims to Carina, but denied the motions for substitution after reasoning that substitution would be contrary to the Federal Rules and public policy. (Magistrate Judge's Order at 3, 14–15.)  The Magistrate Judge was particularly concerned with the possibility that on the facts of this case, substitution would allow a litigation financer "with no interest in the litigation beyond maximizing profit on its investment to override decisions made by the party that actually brought suit." (*Id.* at 3.)  The Magistrate Judge concluded that Sysco and Burford's assignment agreement and substitution request would allow Carina to stymie settlements for Burford's gain, contravening public policy favoring party control over litigation and settlements. (*Id.* at 18–21.) Specifically, he wrote that "[t]he largest harm that condoning Burford's efforts to maximize its return on investment would cause is the harm of forcing litigation to continue that should have settled."  (*Id.* at 17.)

The Magistrate Judge also imported principles underlying antitrust standing to support his conclusion.  He noted that even though antitrust standing can be obtained via assignment, the rationale behind antitrust standing—that is, that antitrust cases should

be brought by plaintiffs who have suffered antitrust injury—counsels against substitution in these actions. (*Id.* at 21–25.) The Magistrate Judge made it clear he was reluctant to allow a special purpose vehicle, which was established by a litigation financer and only has Article III and antitrust standing from assignment, to be substituted for a party who had both types of standing in the *Pork* and *Beef* MDLs. (*Id.* at 24–25.)

Further, the Magistrate Judge explained that Sysco and Carina's request for substitution is unique. Indeed,

> [N]o court has ever before been asked to ratify a substitution under Rule 25(c) of a party with undoubted Article III and antitrust standing with a newly formed shell company created mid-suit for the sole purpose of litigating assigned claims on behalf of a litigation funder, which has no stake in the litigation other than maximizing its return on an investment it made in the outcome of the litigation. If such a case exists, neither the parties favoring substitution nor the parties opposed to substitution have directed the Court's attention to it.

(*Id.* at 25–26.)

Weighing all the above factors, the Magistrate Judge declined to exercise discretion to grant the motions for substitution. (*Id.* at 28–29.) Concluding otherwise would have undermined public policy and the purpose of antitrust laws. (*Id.*) Sysco and Carina appealed the Magistrate Judge's Order.[2]

---

[2] (Sysco's Appeal/Obj. of Magistrate Judge's Decision, Feb. 23, 2024, Docket No. 2126 in ECF No. 18-1776; Carina's Appeal/Obj. of Magistrate Judge's Decision, Feb. 23, 2024, Docket No. 2127 in ECF No. 18-1776; Sysco's Appeal/Obj. of Magistrate Judge's Decision, Feb. 23, 2024,

**DISCUSSION**

**I. STANDARD OF REVIEW**

The standard of review applicable to an appeal of a magistrate judge's order on nondispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). The Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 554, 556 (D. Minn. 2008) (internal quotation marks omitted).

**II. SUBSTITUTION**

Sysco and Carina argue that the Magistrate Judge's denial of their motions for substitution was clearly erroneous on two grounds. First, because requiring Sysco to continue to litigate claims it voluntarily assigned to Carina is contrary to precedent and the purpose of Federal Rule of Civil Procedure 25(c). Second, because the public policies

---

Docket No. 565 in ECF No. 22-3031; Carina's Appeal/Obj. of Magistrate Judge's Decision, Feb. 23, 2024, Docket No. 566 in ECF No. 22-3031.)

that the Magistrate Judge relied upon in reaching his conclusion favor substitution. The Court disagrees on both grounds.

### A. Federal Rule of Civil Procedure 25(c)

Federal Rule of Civil Procedure 25(c) permits substitutions of parties when an interest is transferred during a lawsuit. Fed. R. Civ. P. 25(c). "The rule is designed to allow an action to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation of an entirely new lawsuit." *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995) (internal quotation marks omitted). The decision whether to substitute parties lies within the district court's discretion. *Froning's, Inc. v. Johnston Feed Serv., Inc.*, 568 F.2d 108, 110 n.4 (8th Cir. 1978). Importantly, Rule 25(c) "does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on the successor in interest even though the successor is not named." 7C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1958 (3d ed). Indeed, "[s]ince the matter is discretionary, the court . . . may refuse substitution if this seems the wisest course." *Id.*

While federal antitrust claims can be freely assigned, *see, e.g.*, *Gulfstream III Assoc., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 425, 437 (3d Cir. 1993), and courts have found substitution appropriate where a claim is assigned, *see, e.g.*, *ELCA Enters., Inc.*, 53 F.3d at 191; *Columbian Bank & Trust Co. v. Miller*, 384 Fed. App'x 524, 525 (8th Cir. 2010), Sysco and Carina underestimate the discretionary power afforded to the district

court. Rule 25(c) does not require substitution when an interest is transferred during a lawsuit. Rather, the Court is free to exercise its discretion to deny substitution, especially in light of valid policy concerns. *See Froning's*, 568 F.2d at 110 n.4 ("The decision whether to substitute parties lies within the discretion of the trial judge and he may refuse to substitute parties in an action even if one of the parties so moves.").

Further, the Eighth Circuit cases that Sysco and Carina insist warrant substitution here did not concern the unique set of facts that this case presents. *See ELCA Enters., Inc.*, 53 F.3d at 188; *Columbian Bank & Trust Co.*, 384 Fed. App'x at 524. Neither case involved "an attempt by a litigation funder to step into the shoes of the party it was funding, once litigation was well underway and settlements purportedly negotiated, and conduct the litigation for itself, in search of a larger payoff." (Magistrate Judge's Order at 27.) Given the extraordinary facts of this case, wherein a litigation financer is essentially requesting to substitute itself in the place of its client mid-litigation, the Court finds the Magistrate Judge's decision to deny substitution was not contrary to precedent or the purposes of Rule 25(c).

### B. Public Policy

Sysco and Carina also contend that public policy favors substitution. In their view, the policy favoring settlements supports substitution because Sysco would otherwise be deprived of the benefit of its settlement bargain with Burford. In addition, they argue that antitrust policy supports substitution because the antitrust standing doctrine does not categorically prohibit a party that suffered an antitrust injury from assigning its claims

to a third party, even for the purpose of turning a profit. *See, e.g.*, *Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 103 (2$^d$ Cir. 2007). Finally, Sysco and Carina challenge the Magistrate Judge's emphasis on the doctrine of champerty[3] and the policy interests that protect a party's right to control its own litigation. They argue that any concern regarding Sysco's right to control its own litigation and settlements relates to the previous dispute between Sysco and Burford, which is no longer live now that Sysco assigned its rights to Carina.

The Court finds nothing in the record suggesting that the Magistrate Judge erroneously denied substitution based on his cited public policy concerns. The fact that public policy could support substitution in this instance does not mean that the Magistrate Judge clearly erred. Rather, the Magistrate Judge appropriately explained that granting substitution here could have a detrimental impact on antitrust cases across the country.

Indeed, Sysco and Burford's conduct that resulted in the assignment agreement threatens the public policy favoring the settlement of lawsuits. *See Associated Elec. Co-op, Inc. v. Mid-Am. Transp. Co.*, 931 F.2d 1266, 1272 (8th Cir. 1991). The Magistrate Judge was rightly concerned that allowing substitution here could encourage litigation financers

---

[3] Champerty is a common law doctrine, now abolished in Minnesota, that prohibits parties unrelated to a lawsuit from supporting or helping enforce the claim for financial purposes. *See Maslowski v. Prospect Funding Partners LLC*, 944 N.W.2d 235, 237–41 (Minn. 2020).

everywhere to use mid-litigation assignments and substitutions to undermine agreements between parties otherwise willing to settle.

Moreover, substitution in this instance would threaten antitrust standing policy. While federal antitrust claims can be freely assigned, *see Gulfstream III Assoc., Inc.*, 995 F.2d at 437, the unique facts of this case counsel against substitution. Permitting a litigation funder to step into the shoes of its client via assignment and substitution would contravene the purpose of antitrust laws and standing requirements by condoning third parties with only investment interests to take over and litigate antitrust cases. *Midwest Commc'ns v. Minn. Twins, Inc.*, 779 F.2d 444, 450–51 (8th Cir. 1985) (describing antitrust standing requirements and their rationale).

Finally, whether the assignment agreement is valid—notwithstanding the fact that the Magistrate Judge declined to rule on its validity—is of no matter. Though the State of Minnesota has abolished its common-law prohibition against champerty, courts must still "be careful to ensure that litigation financiers do not attempt to control the course of the underlying litigation." *Maslowski v. Prospect Funding Partners LLC*, 944 N.W.2d 235, 241 (Minn. 2020). Sysco and Burford's conduct is precisely the kind of conduct of which courts are wary. The substitution motion directly resulted from their attempt to resolve the dispute over whether Sysco or Burford should control this litigation. The Court will not approve such conduct.

The Court finds that the Magistrate Judge's decision to deny substitution was based on valid policy concerns and therefore not clearly erroneous.

**CONCLUSION**

The Court finds nothing in the record indicating that the Magistrate Judge's decision to deny the Joint Motions for Substitution of Plaintiff was clearly erroneous, especially considering the unique facts of this case. Accordingly, the Court will deny Sysco and Carina's appeal and affirm the Magistrate Judge's Order. If there are changes in circumstances which later warrant a different outcome, Sysco and Carina may refile a motion for substitution.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Sysco's Appeal/Objection of Magistrate Judge Decision [Docket No. 2126 in ECF No. 18-1776 and Docket No. 565 in ECF No. 22-3031] is **DENIED**;

2. Carina's Appeal/Objection of Magistrate Judge Decision [Docket No. 2127 in ECF No. 18-1776 and Docket No. 566 in ECF No. 22-3031] is **DENIED**; and

3. The Magistrate Judge's Order [Docket No. 2104 in ECF No. 18-1776 and Docket No. 545 in ECF No. 22-3031] is **AFFIRMED**.

DATED: June 3, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge