UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/JFD) |
| *This Document Relates To:*<br><br>ALL CONSUMER INDIRECT PURCHASER ACTIONS | **ORDER GRANTING PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT BETWEEN CONSUMER INDIRECT PURCHASER PLAINTIFFS AND HORMEL FOODS CORPORATION** |

The Consumer Indirect Purchaser Plaintiffs ("Consumer IPPs") seek the Court's preliminary approval of their class action settlement with Hormel Foods Corporation. (Mot. for Approval of Settlement, May 6, 2024, Docket No. 2219.)

Having carefully reviewed the motion, Settlement Agreement, filings, record, and applicable legal authority, and finding good cause shown, **IT IS HEREBY ORDERED** that the Motion for Preliminary Approval of the Class Action Settlement [Docket No. 2219] is **GRANTED** as follows:

**Preliminary Approval of Settlement Agreement and Certification of Settlement Class**

1. This Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

2. Upon review of the record, the Court finds that the proposed Settlement Agreement, which was arrived at by arm's-length negotiations by experienced

counsel, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing.

3. The Court finds that provisional certification of the Settlement Class is warranted for settlement purposes in light of the Settlement Agreement because: (a) the Settlement Class members are so numerous that joinder is impracticable; (b) the Consumer IPPs' claims present common issues and are typical of the claims of the Settlement Class; (c) the Consumer IPP named class representatives and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class.  The Court further finds that the named representative Consumer IPPs' interests are aligned with the interests of all other members of the Settlement Class.  The Court also finds settlement of this action on a class basis is superior to other means of resolving the matter.

4. The Court finds that the Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement Agreement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(3), 23(c)(2) and 23(e) and due process.

5. This Court certifies a Settlement Class defined as:

> All persons and entities who indirectly purchased raw pork bacon, or one or more of the following types of raw pork, whether fresh or frozen: bellies, loins, shoulder, ribs or pork chops from defendants or co-conspirators for personal consumption in the Repealer Jurisdictions from June 28, 2014 to June 30, 2018. For this lawsuit, pork excludes any product that is marketed as organic, no-antibiotics ever (NAE) and any product other than bacon that is marinated, seasoned, flavored, or breaded.[1]

6. The Court appoints the law firms of Hagens Berman Sobol Shapiro LLP and Gustafson Gluek PLLC as Co-Lead Counsel for the Settlement Class.

7. Each Consumer IPP class representative named in the live complaint in the above case will serve as a class representative on behalf of the Settlement Class.

**Deferral of Notice**

8. The Court further finds that formal notice of the Settlement Agreement to the Class should be deferred. Deferring formal notice is likely to create efficiencies and cost savings for the Class, resulting in more money from settlements being distributed to Class members. Plaintiffs are directed to propose a detailed notice plan in a subsequent motion filed at a point reasonably calculated to maximize the funds available for distribution to the Class.

---

[1] Excluded from the Class are Defendants, the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant; any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action; and any coconspirator identified in this action.

9. The Action with respect to the Consumer IPPs' claims is stayed as to the Released Parties (as that term is defined in the Settlement Agreement) except as necessary to effectuate the Settlement.

DATED: July 9, 2024
at Minneapolis, Minnesota.

*John R. Tunheim*
JOHN R. TUNHEIM
United States District Judge