UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/JFD) |
| *This Document Relates To:*<br><br>COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFF ACTIONS | **ORDER GRANTING PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT BETWEEN CONSUMER AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS AND SEABOARD FOODS LLC** |

The Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs")[1] seek the Court's preliminary approval of the settlement of their claims against Seaboard Foods LLC ("Seaboard Foods"). (Mot. for Approval of Settlement, July 17, 2024, Docket No. 2425.)

Upon consideration of the filings, record, and applicable legal authority and having carefully reviewed the Motion and proposed settlement, **IT IS HEREBY ORDERED** that:

1. The CIIPPs' Motion for Preliminary Approval of Class Action Settlement with Seaboard Foods [Docket No. 2425] is **GRANTED**.

2. Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the settlement agreement between CIIPPs and Seaboard Foods ("Settlement Agreement").

3. The Court has jurisdiction over this action and each of the parties to the

---

[1] The current CIIPP named class representative plaintiffs are: Sandee's Bakery; Francis T. Enterprises d/b/a Erbert & Gerbert's; Joe Lopez, d/b/a Joe's Steak and Leaf; Longhorn's Steakhouse; The Grady Corporation; Mcmjoynt LLC d/b/a The Breakfast Joynt; Edley's Restaurant Group, LLC; Basil Mt. Pleasant, LLC; Basil Charlotte, Inc.; Farah's Courtyard Deli, Inc.; and Tri-Ten LLC.

Settlement Agreement.

4. On March 29, 2023, the Court granted class certification, certified CIIPP classes, and appointed Larson • King, LLP and Cuneo Gilbert & LaDuca as Co-Lead Class Counsel. (Mem. Op. & Order ("Cert. Order"), Mar. 29, 2023, Docket No. 1887.)

5. The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the certified classes as defined in the Settlement Agreement (the "Certified Classes"), subject to further consideration at the Court's Fairness Hearing. The Court finds that the Settlement Agreement was negotiated and entered into at arm's length by experienced counsel, raises no obvious reasons to doubt its fairness, and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given, pursuant to a plan to be submitted by Co-Lead Class Counsel and approved by the Court at a later date as provided in this Order.

6. The definitions of the Certified Classes in the Settlement Agreement are the same as those certified in the Court's March 29, 2023 Order, except for the parties' agreed revision of the "Damages Class" to add Illinois as a Repealer Jurisdiction (i.e., a state that has "repealed" the Supreme Court's holding in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), and provides standing to indirect purchasers). (*See* Cert. Order at 5–6; Decl. Shawn M. Raiter ¶ 9, Ex. A ¶ 5, July 17, 2024, Docket No. 2427.) Because the Court certified almost identical classes before settlement, it can incorporate its findings from the March 29, 2023 Order and need only address the addition of Illinois as a Repealer Jurisdiction. Fed. R. Civ. P. 23(e)(1) Advisory Committee Note to 2018 amendment (in cases where a class has been

certified before settlement, the only class certification issues at the settlement stage concern "whether the proposed settlement calls for any change in the class certified, or of the claims, defenses, or issues regarding which certification was granted").

7. The Court finds that there is a valid basis for adding Illinois as a Repealer Jurisdiction, *see* 740 Ill. Comp. Stat. § 10/7, and notes that the Court has previously approved an indirect purchaser class that included Illinois as a Repealer Jurisdiction. (*See* Cert. Order at 8 n.10.) Accordingly, as part of this preliminary approval order, the Court preliminarily certifies, for purposes of this settlement, the "Certified Classes" as defined in the Settlement Agreement.

8. Within 15 days of the date of this Order, Co-Lead Class Counsel for the CIIPPs will move the Court ("Notice Motion") to approve a program to notify members of the Certified Classes of this settlement with Seaboard Foods. Co-Lead Class Counsel shall provide notice of the Settlement Agreement and the Fairness Hearing to potential class members affected by and/or entitled to participate in the settlement in compliance with the notice requirements of Rule 23 and due process of law. Such means of providing notice will be addressed in a subsequent Order following submission of the Notice Motion by CIIPPs.

9. The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice.

10. After notice has been disseminated, potential members of the Certified Classes who: (1) wish to object to the Settlement Agreement will be required to submit an appropriate and timely written statement of the grounds for the objection, or (2) wish to appear in person

to be heard or object to the Settlement Agreement will be required to submit an appropriate and timely request to appear. The directions for exercising these options will be set forth in the notice documents and the Court's Order regarding the Notice Motion.

11. If the Settlement Agreement is not granted Final Approval following the Fairness Hearing or is cancelled or terminated pursuant to Paragraph 20 of the Settlement Agreement, then the Settlement Agreement and all proceedings had in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the status quo and rights of CIIPPs, Seaboard Foods, and the members of the Certified Classes. The parties shall also comply with any terms or provisions of the Settlement Agreement applicable to the settlement not becoming final.

12. Neither this Order nor the Settlement Agreement shall be deemed or construed to be an admission or evidence of a violation of any statute, law, rule, or regulation or of any liability or wrongdoing by Seaboard Foods or of the truth of any of CIIPPs' claims or allegations, nor shall it be deemed or construed to be admission or evidence of Seaboard Foods' defenses.

13. The Court approves the establishment of the Settlement Fund described at Paragraph 12 of the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Co-Lead Class Counsel are, in accordance with

the Settlement Agreement and subject to any necessary Court approval, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

14. The litigation against the Released Parties (as defined in the Settlement Agreement with Seaboard Foods) is stayed except to the extent necessary to effectuate the Settlement Agreement.

DATED: July 25, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge