UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To: All Actions | No. 0:18-cv-01776-JRT-JFD |

**THE MINNESOTA-DAP DEFENDANTS' SUBMISSION
REGARDING TRIAL STRUCTURE**

As requested by the Court during the August 22, 2024, Status Conference, Defendants Smithfield Foods, Inc., JBS USA Food Company, and Seaboard Foods LLC (the "Minnesota-DAP Defendants") hereby submit their position on trial composition despite their continued belief that this Court should grant their motions for summary judgment and dismiss all cases with prejudice.

**TRIAL COMPOSITION**

In their September 6 submissions on trial composition, every plaintiff group agreed that the Court should conduct a separate trial for each group even though the plaintiffs offered different proposals for trial sequencing.[1]

If any cases survive summary judgment, then the Minnesota-DAP Defendants agree with all plaintiffs that separate trials for the various plaintiff groups are warranted. The

---

[1] Direct Purchaser Class Plaintiffs' Statement Regarding Proposed Trial Structure, Dkt. 2568, at 1-6; Commercial and Institutional Indirect Purchaser Plaintiffs' Proposed Trial Plan, Dkt. 2570, at 1-5; Consumer Indirect Purchaser Plaintiffs' Submission Regarding Trial Structure, Dkt. 2571, at 1-2; Puerto Rico's Submission Regarding Trial Structure, Dkt. 2569, at p. 1-3; Statement Regarding Proposed Trial Structure by Minnesota Direct Action Plaintiffs, Dkt. 2573, at 1-2.

existence of class settlements, standing alone, justifies separating the class trials from the trials involving any other plaintiff in Minnesota.

Each of the Minnesota-DAP Defendants has settled with all three classes, at considerable expense. Each class settlement agreement has a litigation-standstill provision that prohibits the settling class from continuing to litigate against the settling defendant.[2] The Minnesota-DAP Defendants oppose any trial structure that would require them to litigate against any of the certified classes. Put simply, the Minnesota-DAP Defendants would lose the benefit of their bargain if they were forced into a jury trial with a class or classes that had already settled with them.

This problem is not merely a matter of litigation burden, but also the threat of prejudice to the Minnesota-DAP Defendants in their remaining cases against the DAPs. The experts for the class plaintiffs make arguments that the DAPs' experts do not make. Having settled with the classes, the Minnesota-DAP Defendants should not be required to confront arguments that belong only to the class plaintiffs. However, a combined trial involving any class and any DAP presents a real risk of the Minnesota-DAP Defendants facing such class-only arguments. For example, Dr. Singer (an expert for the Consumer IPPs) is the only expert who offers a regression analyzing Defendants' "hog procurement." The DAPs do not cite this regression in their oppositions to any of the Minnesota-DAP

---

[2] Defendants Hormel Foods Corporation and Hormel Foods LLC have also settled with the class plaintiffs, but they take no position regarding the composition of any trial. The Hormel Defendants join all Defendants in opposing the Plaintiffs' proposed uniform schedule for trial preparation.

Defendants' individual motions for summary judgment. And Dr. Williams (an expert for the Commercial IPPs and Puerto Rico) offers an analysis of correlations in slaughter volumes and export volumes, purporting to show parallel conduct. No DAP expert offers this type of correlation analysis. A jury asked to make findings in a DAP case against one or more of the Minnesota-DAP Defendants should not be confused and prejudiced by such expert testimony that is not part of that DAP's case.

Moreover, as explained in detail in the plaintiffs' submissions, each plaintiff group presents different experts, different legal theories, different causes of action under different statutes, and different damages calculations.[3] These differences mean that a combined trial of any sort would be hopelessly confusing to a jury, which would have to sort through different theories and facts from different experts, weigh the evidence as to different causes of action asserted by different plaintiffs under different legal standards, and consider liability for different sets of defendants vis-à-vis different plaintiffs.

## TRIAL PREPARATION

The Minnesota-DAP Defendants oppose the plaintiffs' suggestion that all parties in all Minnesota cases be forced to be trial-ready by June of 2025 and incorporate by reference the arguments and authorities in Section I of Defendants' Joint Brief.

---

[3] While the Court need not decide now whether to consolidate the DAP trials, it is worth noting that there is little overlap in the defendants named in the Minnesota DAPs' cases. Some DAPs have settled with certain of the Minnesota-DAP Defendants, while other DAPs did not name certain Minnesota-DAP Defendants in the first place.

Respectfully submitted,

*/s/ Brian Robison*
John A. Cotter (#0134296)
John A. Kvinge (#0392303)
LARKIN HOFFMAN DALY &
LINDGREN LTD.
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55427-1060
(952) 835-3800
jcotter@larkinhoffman.com
jkvinge@larkinhoffman.com

Richard Parker (*pro hac vice*)
Milbank LLP
1850 K St. NW
Washington, DC 20006
(202) 835-7530
rparker@milbank.com

Brian Robison (*pro hac vice*)
BROWN FOX PLLC
6303 Cowboys Way, Suite 450
Frisco, TX 75043
(972) 707-1809
Brian@brownfoxlaw.com

Josh Lipton (*pro hac vice*)
GIBSON, DUNN &CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500
jlipton@gibsondunn.com

**Counsel for Smithfield Foods, Inc.**

/s/ *Pete Schwingler*
Peter J. Schwingler (#0388909)
Tess L. Erickson (#0402534)
Kelly C. Holt*
JONES DAY
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402

4

(612) 217-8866
pschwingler@jonesday.com
terickson@jonesday.com
kholt@jonesday.com
*Admitted in NY and MA, Application Pending in MN

William L. Greene (#0198730)
William D. Thomson (#0396743)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
william.greene@stinson.com
william.thomson@stinson.com

J. Nicci Warr (*pro hac vice*)
STINSON LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800
nicci.warr@stinson.com

**Counsel for Seaboard Foods LLC**


*/s/ Sami H. Rashid*
Sami H. Rashid
Michael B. Carlinsky
David B. Adler
Heather Christenson
Allison Silber
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
samirashid@quinnemanuel.com
michaelcarlinsky@quinnemanuel.com
davidadler@quinnemanuel.com
heatherchristenson@quinnemanuel.com
allisonsilber@quinnemanuel.com

5

Donald G. Heeman, #286023
Jessica J. Nelson, #347358
Randi J. Winter, #0391354
SPENCER FANE LLP
100 South Fifth Street, Suite 2500
Minneapolis, MN  55402
Telephone: (612) 268-7000
Facsimile: (612) 268-7001
dheeman@spencerfane.com
jnelson@spencerfane.com
rwinter@spencerfane.com

**Counsel for JBS USA Food Company**