UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 18-cv-1776 (JRT/JFD) |
| This Document Relates To:<br><br>COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFF ACTION | ORDER GRANTING COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT WITH DEFENDANT SEABOARD FOODS LLC AND ENTRY OF FINAL JUDGMENT |

This Court held a hearing on Commercial and Institutional Indirect Purchaser Plaintiffs' Motion for Final Approval of the Settlement with Defendant Seaboard Foods, LLC ("Motion"). Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs" or "Plaintiffs") have entered into a Settlement Agreement (the "Settlement") with Seaboard Foods, LLC ("Seaboard"). On July 25, 2024, this Court entered an Order granting preliminary approval of the proposed Settlement (ECF No. 2442, "Preliminary Approval Order").

The Court, having reviewed the Motion, its accompanying memorandum, and the exhibits thereto, the Settlement Agreement, and all papers filed, hereby finds that the Motion should be and is **GRANTED**.

Among other things, the Preliminary Approval Order authorized CIIPPs to disseminate notice of the Settlement, the fairness hearing, and related matters to

potential members of the Settlement Classes. Notice was provided to the potential Settlement Class members pursuant to the notice plan approved by the Court, and, as the Settlement Classes were notified, the Court held a fairness hearing on December 10, 2024. No Settlement Class member objected to or opted out of the Settlement, and none appeared at the fairness hearing to oppose approval of, or object to, the Settlement.

Based on CIIPPs' Motion, oral argument presented at the fairness hearing, and the complete records and files in this matter, **IT IS HEREBY ORDERED THAT**:

1. Commercial and Institutional Indirect Purchaser Plaintiffs' Motion for Final Approval of the Settlement with Defendants Hormel Foods Corporation, Hormel Foods, LLC, and Seaboard Foods LLC (ECF No. 2767) is hereby **GRANTED** pursuant to Fed. R. Civ. P. 23(e) because it is fair, reasonable, and adequate to the Settlement Classes.

2. The Court has jurisdiction over the subject matter of this litigation, including the actions within this litigation, and over the parties to the Settlement Agreement, including all members of the Settlement Classes, and all Defendants.

3. Terms capitalized in this Order and Final Judgment have the same meanings as those used in the Settlement Agreement.

4. The Court adopts and incorporates herein all findings made in its Preliminary Approval Order (ECF No. 2442).

5. The Settlement is fair and reasonable and is a fair compromise of the

CIIPPs' claims. In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Class's reaction to the Settlement, and the result achieved.

6. The Settlement Agreement was attained following extensive discovery and litigation. It resulted from vigorous arm's-length negotiations, which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

7. Pursuant to Federal Rule of Civil Procedure 23, the Court previously determined that the following classes be certified:

> **Injunctive Class**: All entities that indirectly purchased uncooked pork bacon, or one or more of the following types of raw pork, whether fresh or frozen: loins, shoulder, ribs, hams, or pork chops from defendants or co-conspirators for their own use in commercial food preparation in the United States from June 28, 2014 to June 30, 2018. For this lawsuit, pork excludes any product that is marketed as organic and/or no antibiotics ever and any product other than bacon that is marinated, seasoned, flavored, or breaded, but it includes uncooked and cooked ham water added products.
>
> **Damages Class**: All entities that indirectly purchased uncooked pork bacon, or one or more of the following types of raw pork, whether fresh or frozen: loins, shoulder, ribs, hams, or pork chops from defendants or co-conspirators for their own use in commercial food preparation in the Repealer Jurisdictions from June 28, 2014 to June 30, 2018. For this lawsuit, pork excludes any product that is marketed as organic and/or no antibiotics ever and any product other than bacon that is marinated, seasoned, flavored, or breaded, but it includes uncooked and cooked ham water added products.

8. The definitions of the Certified Classes in the Settlement Agreement are the same as those certified in the Court's March 29, 2023 Order, except for the parties'

agreed revision of the "Damages Class" to add Illinois as a Repealer Jurisdiction (i.e., a state that has "repealed" the Supreme Court's holding in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), and provides standing to indirect purchasers). In its Preliminary Approval Order, the Court found there is a valid basis for adding Illinois as a Repealer Jurisdiction, see ECF No. 2442 ¶ 7, and the Court confirms that finding.

9. The Court further finds that the prerequisites to a class action under Rule 23 are satisfied for settlement purposes in that: (a) there are thousands of geographically dispersed class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the class that predominate over individual issues; (c) the claims or defenses of the Plaintiffs are typical of the claims or defenses of the Settlement Classes; (d) the Plaintiffs will fairly and adequately protect the interests of the Settlement Classes, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the Settlement Classes; (e) common issues of law and fact predominate; and (f) a class action is superior to individual actions.

10. All Settlement Class members are members of the nationwide Injunctive Class. Only Settlement Class members in the following jurisdictions ("Repealer Jurisdictions") are eligible to potentially recover money from the settlement funds available in the Damages Class: Arkansas, Arizona, California, District of Columbia, Florida, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi,

Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia and/or Wisconsin. The class period for Kansas, Massachusetts, Mississippi, South Carolina, and Tennessee class members begins June 28, 2015.

11. Pursuant to Fed. R. Civ. P. 23(g), Co-Lead Counsel previously appointed by the Court are appointed as Class Counsel for the Settlement Classes as they have and will fairly and competently represent the interests of the Settlement Classes.

12. The Escrow Account, into which Seaboard has deposited a total of $4,960,000.00 as the settlement amount, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

13. This Court hereby dismisses on the merits and with prejudice all Claims in the CIIPP action against Seaboard, with each party to bear its own costs and fees, including attorneys' fees, except as provided in the Settlement Agreement.

14. The Release in the Settlement Agreement is incorporated herein and the Releasing Parties shall, by operation of law, be deemed to have released all Seaboard Released Parties from the Released Claims. All entities who are Releasing Parties (as defined in the Settlement Agreement) or who purport to assert claims on behalf of the Releasing Parties are hereby and forever barred and enjoined from commencing, prosecuting, or continuing, against the Seaboard Released Parties, in this or any other

5

jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

15. The Seaboard Released Parties are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasing Parties had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

16. The notice given to the Settlement Classes, including individual notice to all members of the Settlement Classes who could be identified through reasonable effort, was the most effective and practicable under the circumstances. This notice provided due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

17. No members of the Settlement Classes have objected to or excluded themselves from the Settlement.

18. All members of the Settlement Classes are now subject to and bound by the provisions of the Settlement Agreement, the Released Claims contained therein, and this Order with respect to all Released Claims, regardless of whether such Settlement Class members seek or obtain any distribution from the Settlement Fund.

19. Seaboard has agreed that it will continue to comply with the federal antitrust laws.

20. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) consummation, administration and implementation of the Settlement Agreements and any allocation or distribution to Settlement Class members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by Plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the actions in this litigation until the Final Judgment has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to any plan of allocation or distribution of proceeds from the Settlement; (f) the parties to the Settlement Agreement for the purpose of enforcing and administering the Settlement Agreement and the releases contemplated by, or executed in connection with the Settlement Agreement; (g) the enforcement of this Final Judgment; and (h) over any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, that cannot be resolved by negotiation and agreement.

21. Seaboard has served upon the appropriate state officials and the appropriate federal official notice under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").

22. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that final judgment should be entered and further finds that there is no just reason for delay in the entry of final judgment as to the parties to the Settlement Agreement.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 17, 2024  
at Minneapolis, Minnesota.

_____s/John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge