

**Tiffany Rider**
Partner

Axinn, Veltrop & Harkrider LLP
1901 L Street NW
Washington, DC 20036
202.721.5402
trider@axinn.com

April 3, 2025

VIA CM/ECF

The Honorable John R. Tunheim
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

Re: *In re Pork Antitrust Litig.*, Case No. 18-cv-01776-JRT-JFD (D. Minn.)

Dear Judge Tunheim,

I write on behalf of the remaining Defendants[1] in the above-captioned matter regarding next steps in light of the Court's recent summary judgment decision. Defendants agree with the Class Plaintiffs and the Commonwealth of Puerto Rico that the Court should schedule a status conference. Defendants disagree, however, with those Plaintiffs' position that the first trial in this case can reasonably begin on June 2, 2025. Defendants respectfully request that the Court convene a status conference to discuss preliminary questions that must be decided before any pretrial exchanges can begin, including which Plaintiffs will participate in the first trial. After such determinations are made, Defendants request **no fewer than 150 days** to prepare for trial, consistent with the Court's prior direction to the parties.

The previously agreed-upon amount of time (150 days from a summary judgment decision) to prepare for trial is necessary and appropriate under the circumstances. Defendants learned only three days ago which parties and claims would be proceeding to trial, and are still assessing the ramifications of that decision and their next steps, including potential post-order motions. It is not realistic to expect that any party can competently and efficiently try this massive case in front of a jury in just eight weeks' time. The extensive and essential pretrial exchanges that must occur before a trial have not yet begun. At the Court's direction, the parties postponed the time-consuming process of engaging regarding the authenticity and admissibility of exhibits until after the issuance of the summary judgment order. *See* ECF No. 2865. Certain Plaintiffs' request to rush the parties to trial without sufficient time to allow for an orderly pretrial process will impede the parties' ability to conduct an effective trial, and risks the waste of significant judicial resources.

---

[1] Defendant Smithfield Foods has already settled with all Plaintiffs in all cases that will remain in this Court, and the Court has already dismissed all claims against Smithfield Foods in those cases with prejudice. Defendants JBS and Seaboard note that they have reached settlements with all Plaintiffs with cases that will remain in this Court and that outstanding stipulations of dismissal will be filed with the Court in due course.

While Defendants are committed to beginning trial preparation in short order, the reality is that such work cannot begin in earnest until the Court provides direction on important gating items. For example, it remains to be determined which plaintiffs and which claims will be tried first, as the Court elected to defer its decision on the parties' eight conflicting trial structure proposals[2] until after a summary judgment decision. *See* Oct. 2, 2024 Mot. Hr'g Tr., ECF No. 2626 (indicating the Court would take the parties' positions under advisement, but postpone its decision on trial order and structure). Because Defendants do not yet know which parties they will be litigating against at the first trial, they cannot yet assess which witnesses and exhibits will be needed. Defendants also require guidance from the Court regarding the potentially significant impact of some unanticipated aspects of the Court's ruling on the scope and contours of trial.

The Court previously indicated it would afford the parties a minimum of 150 days after the issuance of its summary judgment decision to prepare for trial, which both sides agreed was the appropriate amount of time:

> THE COURT: So, Mr. Taylor, is it your or defendants' position, I should say, that once the Court rules on summary judgment that you believe a five-month period is necessary after the ruling is handed down, is that what you're saying, with the 150 days issue?
>
> MR. TAYLOR: I think that would be sufficient, Your Honor . . .
>
> THE COURT: . . . I've heard 150 now from the defendants. What do you think?
>
> MR. POUYA: 150 is workable, Your Honor, to get the work done . . .
>
> . . .
>
> THE COURT: . . . although I don't think it would take us this long, I'm sort of giving myself two months for resolving everything on summary judgment orders, and so that would give us a June 1st start date . . .

*See* Jan. 18, 2024 Status Conf. Tr. at 10:5–12:13, ECF No. 2085.

The Court's above direction was premised on an October 2024 conclusion of summary judgment briefing, followed by approximately two months for the Court to issue a summary judgment decision (i.e., by early January 2025), followed by approximately 150 days for post-decision trial preparation. Defendants maintain that 150 days is the minimum amount of time needed to prepare for trial in a case of this scope.

---

[2] Direct Purchaser Plaintiffs (ECF No. 2568); Direct Action Plaintiff Puerto Rico (ECF No. 2569); Commercial and Institutional Indirect Purchaser Plaintiffs (ECF No. 2570); Consumer Indirect Purchaser Plaintiffs (ECF No. 2571); District of Minnesota Direct Action Plaintiffs (ECF No. 2573); Defendants JBS, Smithfield, and Seaboard (ECF No. 2584); Defendants Agri Stats, Triumph, and Tyson (ECF No. 2585); and Defendant Clemens (ECF No. 2586).

Defendants further request the opportunity to update their position(s) on trial composition and structure in light of the Court's summary judgment Order. Defendants will be prepared to submit updated proposal(s) by April 11, 2025, and request that a status conference be set to address trial structure, trial scheduling, and other initial pretrial agenda items after that date.

Sincerely,

Tiffany Rider Rohrbaugh