**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 18-cv-01776 (JRT-JFD) |
| This Document Relates To: | **ORDER GRANTING MOTION TO PRELIMINARILY APPROVE THE DIRECT PURCHASER PLAINTIFF** |
| THE DIRECT PURCHASER PLAINTIFF CLASS ACTION | **CLASS'S PROPOSED SETTLEMENTS WITH THE TYSON, CLEMENS, AND TRIUMPH DEFENDANTS, AND TO APPROVE CLASS NOTICE** |

Direct Purchaser Plaintiffs ("DPPs") have entered into Settlement Agreements with the Tyson,[1] Clemens,[2] and Triumph[3] Defendants. The Court previously granted DPPs' motion for class certification. *See* Memorandum Opinion and Order dated March 29, 2023, ECF No. 1887 ("Class Certification Order" or "Cert. Order"). This Court, having reviewed and fully considered the Motion To Preliminarily Approve The Direct Purchaser Plaintiff Class's Proposed Settlements With The Tyson, Clemens, And Triumph Defendants, And To Approve Class Notice ("Motion"), its accompanying memorandum and declarations and the exhibits thereto, the Settlement Agreements,[4] and the file, hereby **FINDS, ORDERS AND ADJUDGES:**

### Preliminary Approval of Settlement Agreements

1.    This Court has jurisdiction over this action and each of the parties to the Settlement Agreements. Upon review of the record, the Court finds that the proposed Settlement Agreements, which were arrived at by separate arm's-length negotiations by highly experienced counsel, fall within the range of possible approval and are hereby

---

[1] Tyson Foods, Inc., Tyson Prepared Foods, Inc., and Tyson Fresh Meats, Inc. (collectively, "Tyson").

[2] Clemens Food Group, LLC and The Clemens Family Corporation (collectively, "Clemens").

[3] Triumph Foods, LLC ("Triumph," and with Tyson and Clemens, the "Settling Defendants").

[4] Unless otherwise noted, all capitalized terms shall have the same meaning as in the Settlement Agreements between Direct Purchaser Plaintiffs and the Settling Defendants (also referred to herein as "Settlements").

preliminarily approved for settlement purposes, subject to further consideration at the

Court's Fairness Hearing. The Court preliminarily finds that the Settlement Agreements

appear to be fair, reasonable, adequate, and in the best interests of the Certified Class

(defined below), raise no obvious reasons to doubt its fairness, and raise a reasonable

basis for presuming that the Settlement Agreements and their terms satisfy the

requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so

that notice of the Settlements should be given to the Certified Class.

2.      The Settlements were entered into on behalf of the Class certified by this

Court in its order dated March 29, 2023, ECF No. 1887 (the "Certified Class"):

> All persons and entities who directly purchased one or more of the following
> types of pork, or products derived from the following types of pork, from
> Defendants, or their respective subsidiaries or affiliates, for use or delivery
> in the United States from June 29, 2014 through June 30, 2018: fresh or
> frozen loins, shoulders, ribs, bellies, bacon, or hams. For this lawsuit, pork
> excludes any product that is marketed as organic or as no antibiotics ever
> (NAE); any product that is fully cooked or breaded; any product other than
> bacon that is marinated, flavored, cured, or smoked; and ready-to-eat
> bacon.
>
> Excluded from this Class are the Defendants, the officers, directors or
> employees of any Defendant; any entity in which any Defendant has a
> controlling interest; and any affiliate, legal representative, heir or assign of
> any Defendant. Also excluded from this Class are any federal, state or local
> governmental entities, any judicial officer presiding over this action and the
> members of his/her immediate family and judicial staff, any juror assigned
> to this action, and any Co-Conspirator identified in this action.

3.      On January 24, 2024 this Court entered an order approving the final

exclusion list. (*See* ECF No. 2086.) As Certified Class members have already been provided

an opportunity to exclude themselves, the Court finds that an additional opportunity to opt out is not warranted and is not required here.

4.      The Court previously appointed the law firms of Lockridge Grindal Nauen PLLP, and Pearson Warshaw, LLP as Co-Lead Class Counsel for the Certified Class. *See* Cert. Order, ECF No. 1887, at 68.

## Approval of the Notice Plan

5.      The Court hereby directs notice to be distributed to the Certified Class members pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(2). Notice to members of the Certified Class shall be the responsibility of Co-Lead Class Counsel. The Court previously approved A.B. Data, Ltd. as the settlement administrator for previous DPP settlements. A.B. Data, Ltd. is hereby appointed as Settlement and Notice Administrator and ordered to effectuate the notice plan. Huntington Bank is hereby appointed as the Escrow Agent for the Settlements.

6.      The proposed notice plan set forth in the Motion and the supporting declarations comply with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice via mail and email to all Certified Class members who can be identified through reasonable effort. The direct mail and email notice will be supported by reasonable publication notice to reach Certified Class members who could not be individually identified.

7.      The proposed notice documents: the Long Form Notice (ECF No. 2946-1), Short Form Notice (ECF No. 2946-2), Claim Form (ECF No. 2946-3), Purchase Audit

Request Form (ECF No. 2946-4), and Publication Notice (ECF No. 2946-5), and their proposed manner of transmission taken together comply with Rule 23(c)(2)(B), Rule 23(e)(1), and due process because the notices, forms, and manner of transmission are reasonably calculated to adequately apprise Certified Class members of (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) how to object to the Settlements; (v) that the exclusion period has passed; (vi) that a Certified Class member may enter an appearance through an attorney if the member so desires; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

8.      Non-substantive changes, such as typographical errors, can be made to the notice documents by agreement of the parties without leave of the Court.

9.      The Settlement and Notice Administrator shall cause Notice to be mailed by first class mail, postage prepaid, to all members of the Certified Class whose names and addresses can be derived from information provided by the defendants or developed in notifying class members of DPP settlements. The Long Form Notice shall be provided to all persons who request it in response to the Email (Short Form) Notice or the Publication Notice. The Settlement and Notice Administrator is hereby directed to cause the banner ad to be published for four weeks in digital ad campaigns on websites for Supermarket News (www.supermarketnews.com) and Nation's Restaurant News (www.nrn.com). Comparable alternative websites relevant to the Class may be used if any of these

websites will not accept such ads or if advertising space or inventory are not available at the time the advertisements are placed.

10.    The Settlement and Notice Administrator shall continue to maintain and operate the current case-specific toll-free telephone number and website from previous settlements in this matter. As part of that operation, the Settlement and Notice Administrator shall update the website with copies of the Long Form Notice, Short Form Notice, and other current material from this Action. The Settlement and Notice Administrator shall receive calls from the toll-free telephone line and respond appropriately to inquiries regarding the Certified Class.

**Schedule for Class Notice and the Fairness Hearing**

11.    The Court hereby sets the below schedule for the dissemination of notice to members of the Certified Class, for members of the Certified Class to object to the Settlements; and for the Court's Fairness Hearing, at which time the Court will determine whether the Settlements should be finally approved as fair, reasonable, and adequate. This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting, the Parties will not be required to provide any additional notice to Certified Class members. The Fairness Hearing may take place remotely, including via telephone or video conference.

| DATE | EVENT |
|---|---|
| Within 10 days of the filing of the Motion for Preliminary Approval. | Deadline for the Settling Defendants to serve appropriate Federal and State officials with all required materials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. |
| Within 14 days of the Court's Order on the Motion for Preliminary Approval. | Settlement Administrator to provide direct mail and email notice, and commence implementation of the notice plan.<br><br>DPPs to file their Motion for Payment of Attorneys' Fees and Class Representative Service Awards. |
| 30 days after the commencement of Notice. | Last day for Certified Class members to file additional claims or challenge calculated purchase amounts; object to the Settlements; object to DPPs' Motion for Payment of Attorneys' Fees and Class Representative Service Awards; and for Certified Class members to file notices to appear at the Final Fairness Hearing. |
| 14 days before Final Settlement Fairness Hearing. | Co-Lead Class Counsel shall file for final approval of the Settlements and all supporting papers, and respond to any objections. |
| August 13, 2025 at 10:00 a.m. in courtroom 14E (No sooner than 90 days after mailing of CAFA Notices). | Final Fairness Hearing and hearing on DPPs' Motion for Payment of Attorneys' Fees and Class Representative Service Awards. |

DATED:  April 28, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge