### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

---

| | |
|---|---|
| IN RE: PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/JFD) |
| | |
| *This Document Relates To:* | **ORDER GRANTING PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT BETWEEN CONSUMER INDIRECT PURCHASER PLAINTIFFS AND CLEMENS FOOD GROUP, LLC, THE CLEMENS FAMILY CORPORATION, AND HATFIELD QUALITY MEATS** |
| ALL CONSUMER INDIRECT PURCHASER ACTIONS | |

---

The Consumer Indirect Purchaser Plaintiffs ("Consumer IPPs") seek the Court's preliminary approval of their class action settlement with Defendants Clemens Food Group, LLC, The Clemens Family Corporation, and Hatfield Quality Meats ("Clemens"). (Mot. for Approval of Settlement, May 15, 2025, Docket No. 3030.)

Having carefully reviewed the motion, Settlement Agreement, filings, record, and applicable legal authority, and finding good cause shown, **IT IS HEREBY ORDERED** that the Motion for Preliminary Approval of the Class Action Settlement [Docket No. 3030] is **GRANTED** as follows:

**Preliminary Approval of Settlement Agreement**

1.      This Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

2.      Upon review of the record, the Court finds that the proposed Settlement

Agreement, which was arrived at by arm's-length negotiations by experienced counsel,

falls within the range of possible approval and is hereby preliminarily approved, subject

to further consideration at the Court's Fairness Hearing.

3.      The Court finds that the Settlement Agreement is preliminarily determined

to be fair, reasonable, adequate, and in the best interests of the Settlement Class, raises

no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that

the Settlement Agreement and its terms satisfy the requirements of Federal Rules of Civil

Procedure 23(a), 23(b)(3), 23(c)(2), 23(e) and due process.

4.      The Settlement was entered into on behalf of the Class certified by this

Court in its Order dated March 29, 2023[1] (the "Certified Class"):

> All persons and entities who indirectly purchased raw pork
> bacon, or one or more of the following types of raw pork,
> whether fresh or frozen: bellies, loins, shoulder, ribs or pork
> chops from defendants or co-conspirators for personal
> consumption in the Repealer Jurisdictions[2] from June 28,
> 2014 to June 30, 2018. For this lawsuit, pork excludes any
> product that is marketed as organic, no-antibiotics ever (NAE)

---

[1] (*See* Mem. Op. & Order at 7–8, Mar. 29, 2023, Docket No. 1887; Am. Mem. Op. & Order at 7–8, May 8, 2024, Docket No. 2225.)

[2] The Consumer IPPs' "Repealer Jurisdictions" are Arizona, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Rhode Island, South Carolina, Tennessee, Utah, and West Virginia.  The class period for Kansas, Tennessee, and South Carolina Class Members begins June 28, 2015.

and any product other than bacon that is marinated, seasoned, flavored, or breaded.[3]

5.      The Court previously appointed the law firms of Hagens Berman Sobol Shapiro LLP and Gustafson Gluek PLLC as Co-Lead Counsel for the Settlement Class. (*See* Mem. Op. & Order at 68, Mar. 29, 2023, Docket No. 1887; Am. Mem. Op. & Order at 68, May 8, 2024, Docket No. 2225.)

**Deferral of Notice**

6.      The Court further finds that formal notice of the Settlement Agreement to the Class should be deferred. Deferring formal notice is likely to create efficiencies and cost savings for the Class, resulting in more money from settlements being distributed to Class members. Plaintiffs are directed to propose a detailed notice plan in a subsequent motion filed at a point reasonably calculated to maximize the funds available for distribution to the Class.

7.      The Action with respect to the Consumer IPPs' claims is stayed as to the Released Parties (as that term is defined in the Settlement Agreement) except as necessary to effectuate the Settlement.

---

[3] Excluded from the Class are defendants, the officers, directors or employees of any defendant; any entity in which any defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any defendant; any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action; and any coconspirator identified in this action.

DATED:  June 13, 2025                          s/John R. Tunheim
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                          United States District Judge