# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Case No. 18-cv-1776 (JRT/JFD) |
| This Document Relates To:<br><br>COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFF ACTIONS | **Commercial and Institutional Indirect Purchaser Plaintiffs' Memorandum in Support of Motion to Approve the Manner and Form of Class Notice Regarding Settlement with Clemens Food Group, LLC and The Clemens Family Corporation** |

## INTRODUCTION

The Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs")[1] respectfully submit this memorandum in support of their motion seeking Court approval to disseminate class notice for a preliminarily approved settlement of their claims against Clemens Food Group, LLC and The Clemens Family Corporation (collectively, "Clemens"). The CIIPPs also request that the Court schedule a hearing for final approval of the Settlement, at which the CIIPPs will ask the Court to consider an application for an award of expenses, attorneys' fees, and class representative service awards.

The CIIPPs moved for preliminary approval of a settlement with Clemens (the "Settlement") on May 19, 2025. (Dkt. 3046). The Court granted preliminary approval of the Settlement and, with the Court's consent, the CIIPPs deferred providing notice to class

---

[1] The current CIIPP named class representative plaintiffs are: Sandee's Bakery; Francis T. Enterprises d/b/a Erbert & Gerbert's; Joe Lopez, d/b/a Joe's Steak and Leaf; Longhorn's Steakhouse; The Grady Corporation; Mcmjoynt LLC d/b/a The Breakfast Joynt; Edley's Restaurant Group, LLC; Basil Mt. Pleasant, LLC; Basil Charlotte, Inc.; Farah's Courtyard Deli, Inc.; and Tri-Ten LLC.

members until a later time. (Dkt. 3072, at 3). It is now appropriate to commence the notice process under Rule 23 and to schedule a final approval hearing for the Settlement.

Co-lead Counsel for the CIIPPs has retained Epiq Class Action & Claims Solutions, Inc. ("Epiq"), an experienced class-action notice consultant, to design and implement the notice plan. Epiq Legal Noticing (aka Hilsoft Notifications) is a business unit of Epiq, which specializes in designing, developing, analyzing, and implementing large-scale legal notification plans. (Declaration of Cameron Azari, ¶¶ 1-3 ("Azari Decl.")). Epiq has been involved in more than 700 cases, including experience in more than 75 multi-district litigations and some of the most complex and significant notice programs in recent history. (*Id.* ¶ 4). Cameron Azari, a nationally recognized expert in the field of legal notice, is a Senior Vice President of Epiq and the Managing Director of Epiq Legal Noticing. (*Id.* ¶ 3). Counsel for CIIPPs has worked with Mr. Azari and his team to develop both the proposed form of class notice and the plan for dissemination of the notice.

The proposed comprehensive notice plan is reasonably expected to reach a minimum of 70% of the Settlement Class through direct notice via email to a nationwide list of restaurants, along with supplemental media and digital advertising. (*Id.* ¶¶ 15-33, 39). The reach will be further enhanced by internet sponsored search listings, an informational release, and an updated settlement website. (*Id.*). This plan is nearly the same as plans the Court approved for prior CIIPP settlements in this MDL. The proposed form of notice satisfies the requirements under Federal Rule of Civil Procedure 23 and comports with due process.

# ARGUMENT

**I.    The Court Should Approve the Form and Manner of Notice to the Commercial and Institutional Indirect Purchaser Plaintiff Settlement Class Members.**

Class members are entitled to reasonable notice of a proposed settlement under Federal Rule of Civil Procedure 23, which provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the [proposed settlement]." Fed. R. Civ. P. 23(e)(1). For a class certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

**A.    The Proposed Notice Satisfies the Requirements of Federal Rule of Civil Procedure 23(e) and Due Process.**

The notice of a class action settlement need only satisfy the broad "reasonableness" standards imposed by due process. *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1153 (8th Cir. 1999). A notice is adequate if "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). To satisfy due process, the notice must reflect a desire to inform. *Mullane*, 339 U.S. at 315. The mechanics of the notice process "are left to the discretion of the court subject only to the broad 'reasonableness' standard imposed by due-process." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975).

The notice plan should take reasonable steps to update addresses before mailing and provide for re-mailing of notices to better addresses when returned as undeliverable. *Jones v. Flowers*, 547 U.S. 220, 226-27 (2006). The "best notice practicable" does not mean actual notice,

nor does it require individual mailed notice where there are no readily available records of class members' individual addresses or where it is otherwise impracticable. *In re Zurn Pex Plumbing Prods. Liab. Litig.*, No. 08-MDL-1958 (ADM/AJB), 2012 WL 5055810, at *8 (D. Minn. Oct. 18, 2012); *see Smith v. SEECO, Inc.*, 965 F.3d 1021, 1025-26 (8th Cir. 2017) (stating that best notice practicable "is essentially an interest in due process"). Furthermore, in addition to United States mail, notice may be by electronic means, or other appropriate means. Fed. R. Civ. P. 23(c)(2)(B).

CIIPPs propose providing notice through several different channels. Individual notice (the "Email Notice") will be emailed to a nationwide list of restaurants identified as potential members of the Settlement Class. (Azari Decl., Attachment 2). The Email Notice will be drafted in such a way that the subject line, the sender, and the body of the message overcome spam filters and ensure readership to the fullest extent practicable. (*Id.* ¶¶ 17-19). The Email Notice will provide an embedded link to the settlement website where recipients may obtain additional information about the Settlement with Clemens. (*Id.*).

The current settlement website will be updated to allow class members to obtain detailed information about the case and review key documents, including: Complaints, Long Form Notice, Settlement Agreement, Preliminary Approval, Motions for Attorneys' Fees and Expenses, Final Approval Order, as well as answers to Frequently Asked Questions (FAQs), instructions for how Settlement Class members may opt-out (request exclusion) from or object to the Clemens Settlement, contact information for the Settlement Administrator, and how to obtain other case-related information. (*Id.* ¶ 31). The website address will be displayed prominently on all notice documents. (*Id.*). The proposed notice plan also provides a toll-free

telephone number for Settlement Class members to call for additional information, listen to answers to FAQs, and request that a Long Form Notice be mailed to them. (*Id.* ¶ 32). The toll-free number will also be prominently displayed on all notices, and the automated phone system will be available 24 hours per day, 7 days per week. (*Id.*). Finally, the proposed notice plan establishes a post office box and email address for correspondence about the case, allowing the Settlement Class members to contact the Settlement Administrator with any specific requests or questions. (*Id.* ¶ 33).

To supplement direct Email Notice, the proposed notice includes a comprehensive media plan. The notice plan includes Digital Notices on selected advertising networks, which will be targeted to Settlement Class members. (*Id.* ¶¶ 20-22). The internet Digital Notices will link directly to the settlement website, thereby allowing visitors easy access to relevant information and documents. (*Id.*). The internet Digital Notices (*see id.*, Attachment 4) will be placed on the advertising networks *Google Display Network* and *Yahoo Audience Network*, which together cover 90% of the United States' population that is online.[2] (*Id.* ¶ 23). The proposed notice plan also includes Digital Notice advertising on social media websites *Facebook* and *LinkedIn*, which have more than 196 million and 250 million members, respectively, in the United States. (*Id.* ¶ 24). In total, the proposed comprehensive media plan is expected to generate over 180 million targeted impressions nationwide over the course of approximately 31 days. (*Id.* ¶¶ 25-27). On top of these impressions, the proposed notice plan includes

---

[2] According to MRI-Simmons syndicated research, 97% of all adults are online and 85% of all adults use social media. (Azari Decl., ¶ 20).

sponsored search listings on the three most highly visited search engines: *Google*, *Yahoo!*, and *Bing*. (*Id.* ¶ 28).

To further supplement the direct Email Notice and comprehensive Digital Notice advertising, the proposed notice plan includes an Informational Release to be issued broadly over PR newswire to approximately 13,000 general media (print and broadcast) outlets, including local and national newspapers, magazines, national wire services, television and radio broadcast media across the United States, as well as approximately 4,000 websites, online databases, internet networks, and social networking media. (*Id.* ¶¶ 29-30). This Informational Release also will be distributed to more than 690 journalists that report specifically on restaurants and the food industry. (*Id.*).

The methods of notice proposed here are the best available under the circumstances. The proposed methods are well-designed to reach potential Settlement Class members and to comply with due process. The proposed notice program is expected to reach at least 70% of the Settlement Class, with an average frequency of 2.0 times each. (*Id.* ¶¶ 16, 39). Additionally, as this will be the fourth notice for a CIIPP settlement, numerous class members will have already received notice about the prior settlements. The "reach" for potential Settlement Class members easily exceeds due process requirements and the notice reach approved in other cases. *See, e.g.*, *Larson v. Sprint Nextel Corp.*, No. 07-5325 (JLL), 2009 WL 1228443, at *11 (D. N.J. Apr. 30, 2009) ("No case stands for the proposition that a publication notice reach of 49-53 percent is disallowed.").

**B. The Proposed Manner of Notice Satisfies the Requirements of Federal Rule of Civil Procedure 23(c).**

For a class proposed under Rule 23(b)(3), whether litigated or by settlement, the notice must "clearly and concisely state in plain, easily understood language" seven types of information: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).

Both the Email Notice and Long Form Notice satisfy the requirements under Federal Rule of Civil Procedure 23(c)(2)(B). The proposed notices state in clear and concise plain language the nature of the action, the definition of the class certified, and the class claims, issues, and defenses. (*See* Azari Decl., Attachment 3 (Long Form Notice)). Mr. Azari has attested that the proposed notices are designed to be "noticed" and reviewed by Settlement Class members, and are written in plain language so the notices will be understood by Settlement Class members. (*Id.* ¶¶ 34-35). The proposed notices follow the principles embodied in the Federal Judicial Center's illustrative "model" notices posted at www.fjc.gov and are written in simple, plain language to encourage readership and comprehension.[3] (*Id.* ¶¶ 34-37). The proposed notice plan informs class members that they may request to be heard

---

[3] *See In re Zurn Pex Plumbing Prods. Liab. Litig.*, 2013 WL 716088, at *8 (D. Minn. Feb. 27, 2013) (approving notices with form and content that is consistent with the principles articulated by the Federal Judicial Center).

at the final fairness hearing by following certain procedures, and it clearly identifies class members' right to object to the Settlement terms. (*Id.*, Attachments 2 & 3).[4]

At final approval, the CIIPPs will show that the form and content of the notices, together with the manners of dissemination, were reasonably calculated to reach the members of the Settlement Class and were the best form of notice available under the circumstances, in satisfaction of federal law and due process.

## II.    The Proposed Notice Provides Class Members with Sufficient Information About the Details of the Settlement.

The notice plan provides potential members of the Settlement Class with information about the benefits available under the Settlement, their options, and the attorneys' fees, costs, and service awards that may be requested at final approval. The notice also advises that a proposed plan of allocation will be submitted for consideration by the Court.

### A.    Plan of Allocation.

The notice plan will advise Settlement Class members that information about a plan of allocation that will be published on the settlement website when sufficient information is available to issue such a plan. In this motion, the CIIPPs do not ask the Court to approve a plan of allocation, but the Court may grant final approval before approving a plan of allocation. *See, e.g.*, MANUAL FOR COMPLEX LITIGATION (4th) § 21.312 ("Often … the details of allocation and distribution are not established until after the settlement is approved.").

---

[4] Because notice was given of the certification of the litigation classes and the time for exclusion from those classes has passed, no additional opportunity to opt-out of the Settlement Class is needed. *See* 2 MCLAUGHLIN ON CLASS ACTIONS, § 6:21 (19th ed.) (quoting and citing MANUAL FOR COMPLEX LITIGATION (4th), § 22.611 at 313); *In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. 1:15-md-2627, 2022 WL 2128630, at *6 n.9 (E.D. Va. 2022)).

Information about how the Settlement funds will be allocated through one or more plans of allocation will be published after CIIPPs and any allocation consultants have determined how Settlement proceeds should be allocated and the Court has approved the plan.

### B. Costs, Attorneys' Fees, and Service Awards.

Counsel for CIIPPs may seek reimbursement of certain litigation expenses already incurred during this litigation. *See, e.g.*, Fed. R. Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorneys' fees and untaxable costs that are authorized by law or by the parties' agreement"); *In re Endotronics, Inc.*, Civ. No. 4-87-130, 1989 WL 6746, at *1 (D. Minn. Jan. 30, 1989) (citing *Bradley v. School Bd. of City of Richmond*, 416 U.S. 696, 723 (1974)).

The notice plan advises Settlement Class members that CIIPPs' counsel will request that a portion of the Settlement be put aside for potential service awards for businesses that have served as class representatives. *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 2008) (Class representatives are "an essential ingredient of any class action" and incentive awards are appropriate to induce a business or consumer to participate in worthy class action lawsuits). The CIIPP representative plaintiffs have shouldered a substantial discovery burden and continue to face discovery and a trial with the non-settling defendants. Considering the substantial benefits provided to the Settlement Class, an award from the Court recognizing the class representatives' efforts will be appropriate.

The proposed notice plan also provides the Settlement Class with notice of Settlement Class Counsel's intent to request that the Court allow them to set aside a portion of the Settlement to be used for future litigation expenses incurred in pursuing claims against non-settling defendants on behalf of the Settlement Class. Allowing a portion of the Settlement

funds to be used for future expenses is well-accepted. *See, e.g., Newby v. Enron Corp.*, 394 F.3d 296, 302-03 (5th Cir. 2004) (affirming establishment of a $15 million litigation expense fund from the proceeds of a partial settlement); *see also* ALBA CONTE, 1 ATTORNEY FEE AWARDS § 2:20 (3d ed. 2004) (courts have "permitted class plaintiffs who have settled with fewer than all defendants to expend class-settlement monies, or a portion thereof, for litigation expenses to prosecute the action against remaining, non-settling defendants") (collecting cases).

### III.    The Court Should Enter the Proposed Order, Which Schedules the Final Approval Hearing and Establishes Other Deadlines.

CIIPPs respectfully request that the Court hold a final approval hearing in connection with the Settlement. At the hearing, the Court should consider: whether the Settlement is fair, reasonable, and adequate; whether to approve a request for attorneys' fees and reimbursement of litigation expenses; whether to approve a request to set aside a portion of the Settlement monies to fund future litigation expenses on behalf of the Settlement Class against non-settling defendants; and whether to approve a request for service awards for the named class representatives. At the final fairness hearing, members of the Settlement Class, and counsel, may offer argument in support of the Settlement's approval. And members of the Settlement Class may request to be heard regarding the proposed Settlement and objections if they choose.

The CIIPPs propose the following schedule of events necessary for disseminating notice to the Settlement Class and the final fairness hearing:

| DATE | EVENT |
|---|---|
| Within 10 days from order directing notice | Settlement Administrator shall provide direct mail and email notice, and commence implementation of the publication notice plan |

| DATE | EVENT |
|---|---|
| 45 days after the commencement of Notice | Last day for Settlement Class members to object to the Settlement and for Settlement Class members to file notices to appear at the Final Settlement Fairness Hearing |
| 10 days before the Final Settlement Fairness Hearing | Co-Lead Counsel shall file a motion for final approval of the Settlement and all supporting papers, as well as any objections to the proposed Settlement |
| [To be determined] | Final Settlement Fairness Hearing |

## CONCLUSION

The Court should authorize Co-Lead Counsel for the Commercial and Institutional Indirect Purchaser Plaintiffs to disseminate notice of the Settlement with Clemens. The notice plan complies with Rule 23 of the Federal Rules of Civil Procedure and the members of the Settlement Class should be provided information about their options.

Dated: June 19, 2025

By     *s/ Shawn M. Raiter*
Shawn M. Raiter (240424)
**Larson · King, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
(651) 312-6500
sraiter@larsonking.com

Michael Flannery (admitted *pro hac vice*)
**Cuneo Gilbert & LaDuca, LLP**
Two CityPlace Drive
Second Floor
St. Louis, MO 63141
(314) 226-1015
mflannery@cuneolaw.com

**Co-Lead Counsel for the Commercial and Institutional Indirect Purchaser Plaintiffs**