UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/JFD) |
| This Document Relates To:<br><br>ALL ACTIONS | **MEMORANDUM OPINION AND ORDER DENYING MOTIONS TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL** |

In this multi-district litigation, three certified classes of pork buyers and dozens of direct action plaintiffs brought claims against one benchmarking company and the nation's leading pork processors, alleging that Defendants[1] conspired to limit pork supply and fix prices in violation of state and federal antitrust laws. Following summary judgment, certain Defendants[2] and Defendant Triumph separately move the Court to certify its summary judgment order for interlocutory appeal. Because the requirements of 28 U.S.C. § 1292(b) are not met, the Court will deny both motions.

---

[1] Defendants are Agri Stats, Inc. ("Agri Stats"); Clemens Food Group, LLC, and The Clemens Family Corporation (collectively "Clemens"); Hormel Foods Corporation and Hormel Foods, LLC (collectively "Hormel"); JBS USA Food Company ("JBS"); Seaboard Foods LLC ("Seaboard"); Smithfield Foods, Inc. ("Smithfield"); Triumph Foods, LLC ("Triumph"); and Tyson Foods, Inc., Tyson Fresh Meats, Inc., and Tyson Prepared Foods, Inc. (collectively "Tyson").

[2] Agri Stats, Clemens, JBS, Seaboard, Smithfield, Triumph, and Tyson.

## BACKGROUND

On April 28, 2025, the Court issued an Amended Memorandum Opinion and Order on Motions for Summary Judgment, granting-in-part and denying-in-part the Parties' motions for summary judgment. *In re Pork Antitrust Litig.*, 781 F. Supp. 3d 758 (D. Minn. 2025).

Defendants Agri Stats, Clemens, JBS, Seaboard, Smithfield, Triumph, and Tyson (collectively the "Moving Defendants") seek certification of the Court's Summary Judgment Order for interlocutory appeal.[3] Specifically, Moving Defendants ask the Court to certify the question of whether "it is permissible to infer an unlawful Section 1 conspiracy from evidence that competitors participated in a third-party service that provided historical average pricing information." (Mem. Supp. Defs.' Mot. Certify Order Interlocutory Appeal under 28 U.S.C. § 1292(b) ("Defs' Mem. Supp.") at 1, April 29, 2025, Docket No. 2985.)

Additionally, Triumph separately asks the Court to certify its Order for interlocutory appeal on the question of whether

> offensive use of the single enterprise theory of antitrust liability against a limited liability company—if cognizable at all in the Eighth Circuit—requires a plaintiff to show that the limited liability company and its members (a) are under

---

[3] Defendants Hormel Foods Corporation and Hormel Foods, LLC ("Hormel") take no position on the other Defendants' motion and do not seek to certify the Court's granting of Hormel's motion for summary judgment. (Defs. Hormel Foods Corporation and Hormel Foods, LLC's Statement Resp. Defs.' Mot. Certify Order Interlocutory Appeal, May 21, 2025, Docket No. 3052.)

> common ownership or control and (b) engaged in coordinated activity tied to the alleged antitrust violation.

(Def. Triumph Foods, LLC's Mem. Supp. Mot. Certify Order Interlocutory Appeal at 3, April 29, 2025, Docket No. 2979.)

## DISCUSSION

### I. STANDARD OF REVIEW

The federal courts of appeals have jurisdiction over "all final decisions of the district courts." 28 U.S.C. § 1291. However, a district court may certify in writing an otherwise non-final civil order for interlocutory appeal if the action "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Thus, a party seeking certification for interlocutory appeal must establish that "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Union Cnty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (citation omitted).

While § 1292(b) gives the Court the discretion to certify an order for interlocutory appeal, the statute's legislative history "indicates that it was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation. It was not intended merely to provide review of difficult rulings in hard cases." *Union Cnty.*, 525 F.3d at 646 (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d

784, 785 (9th Cir. 1966) (per curiam)). Therefore, "[a] motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (citation omitted). Indeed, "[i]t has . . . long been the policy of the courts to discourage piecemeal appeals because most often such appeals result in additional burdens to both the court and the litigants." *Control Data Corp. v. International Business Machines Corp.*, 421 F.2d 323, 325 (8th Cir. 1970).

## II.   ANALYSIS

The Court will address the Moving Defendants' and Triumph's motions to certify for interlocutory appeal in turn.

### A.   Moving Defendants

Moving Defendants argue that this "case centers on an important and unsettled question of law," as posed in their question of whether "it is permissible to infer an unlawful Section 1 conspiracy from evidence that competitors participated in a third-party service that provided historical average pricing information." (Defs.' Mem. Supp. at 1.) For purposes of § 1292(b) a question "cannot be a mixed question of law and fact." *Su v. BCBSM, Inc.*, Civil No. 24-99, 2025 WL 2043663, at *2 (D. Minn. July 21, 2025); *see also White*, 43 F.3d at 377. "[O]nly pure questions of law may be certified for interlocutory appeal." *Su*, 2025 WL 2043663, at *2 (quotation omitted). For two reasons, the Court concludes that the query posed by the Moving Defendants is not a controlling question of law but rather is a mixed question of law and fact.

First, in its summary judgment order the Court concluded that "a reasonable jury could find" that the reports provided by the third-party service "could be used by subscribers to collectively target higher prices than they otherwise would have." *In re Pork Antitrust Litig.*, 781 F. Supp. 3d at 815; *see also id.* at 811-13.  Moreover, the Court noted that the reports did **not** include only "historical average pricing information," (Defs.' Mem. Supp. at 1) but, rather, provided "a recipient's sales information by product against averages for similar, bundled products sold by competitors," *In re Pork Antitrust Litig.*, 781 F. Supp. 3d at 815.  Thus, whether the reports provided by the third-party service could have been used (and, indeed, were used) by Defendants to collectively target higher prices is a question of fact for the jury.

Second, the Court did not hold that an unlawful Section 1 conspiracy can be inferred **solely** from evidence that competitors participated in a third-party service that provided historical average pricing information, as the Moving Defendants' proposed question implies. The Court concluded that the reports from the third-party service—and evidence of how Defendants used those reports—were a factor that could be considered by a jury in the context of several types of evidence of parallel conduct and a whole host of plus factors. *See In re Pork Antitrust Litig.*, 781 F. Supp. 3d 758.  The Moving Defendants' proposed question would be **controlling** only if the Court had found that

participation in the third-party service was necessary to infer the Defendants had participated in an unlawful Section 1 conspiracy. The Court made no such finding.[4]

Because the Moving Defendants have not articulated a controlling question of law, the Court will deny their motion to certify its summary judgment order for interlocutory appeal.

**B.     Triumph**

The Court will deny Triumph's motion to certify because certifying interlocutory appeal on Triumph's question related to the offensive use of the single enterprise theory would not materially advance the ultimate termination of the litigation.

This case is now ready for trial. Further delaying the resolution of this litigation for the other parties (including six additional Defendants who remain in the litigation) while the Eighth Circuit addresses Triumph's question—which is relevant only to Triumph—would be inefficient. Moreover, Triumph's appeal would further delay the return of the direct action plaintiffs' cases to their courts of origin, where Eighth Circuit law may not control.

Because the Court concludes that certifying interlocutory appeal on Triumph's proposed question would not materially advance the ultimate termination of the

---

[4] While the Court did find the evidence of participation in a third-party service important, what the Court found suspicious was not participation in a third-party service that provided historical average pricing information but rather the competitors' decisions to share competitively sensitive business information with a third-party service that further distributed that sensitive information. *See, e.g.*, *In re Pork Antitrust Litig.*, 781 F. Supp. 3d at 829.

litigation, the Court will not address if Triumph raises a controlling question of law or if there exists a substantial ground for difference of opinion on a controlling question of law. *See* 28 U.S.C. § 1292(b). Although the Court will address Triumph's motion for reconsideration in due course,[5] the Court will deny Triumph's motion to certify for interlocutory appeal.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Triumph Foods, LLC's Motion to Certify Order for Interlocutory Appeal under 28 U.S.C. § 1292(b) [Docket No. 2978] is **DENIED**; and

2. Defendants' Motion to Certify Order for Interlocutory Appeal under 28 U.S.C. § 1292(b) [Docket No. 2983] is **DENIED**.

DATED: October 27, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

---

[5] *See* Order Granting-In-Part and Denying-In-Part Defendants' Requests for Leave to File Motions for Reconsideration of Summary Judgment, October 8, 2025, Docket No. 3160 (setting the briefing schedule for Triumph to file a motion for reconsideration).