**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/JFD) |
| This Document Relates To:<br><br>ALL ACTIONS | **ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT BETWEEN CONSUMER INDIRECT PURCHASER PLAINTIFFS AND TYSON FOODS, INC., TYSON FRESH MEATS, INC., AND TYSON PREPARED FOODS, INC.** |

The Consumer Indirect Purchaser Plaintiffs ("Consumer IPPs") seek the Court's preliminary approval of their class action settlement with Defendant Tyson Foods, Inc., Tyson Fresh Meats, Inc., and Tyson Prepared Foods, Inc. (collectively, "Tyson"). (Mot. for Approval of Settlement, Oct. 1, 2025, Docket No. 3150.) Tyson does not oppose the motion. Having carefully reviewed the relevant portions of the record, including the motion and Settlement Agreement (Docket No. 3154-1), the Court will grant the Motion for Preliminary Approval of the Class Action Settlement.

-2-

**ORDER**

**IT IS HEREBY ORDERED** that The Motion for Preliminary Approval of the Class Action Settlement between the Consumer Indirect Purchaser Plaintiffs and Tyson Foods, Inc., Tyson Fresh Meats, Inc., and Tyson Prepared Foods, Inc. [Docket No. 3150] is **GRANTED** as follows:

**Preliminary Approval of Settlement Agreement**

1. The Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

2. Upon review of the record, the Court finds that the proposed Settlement Agreement, which was arrived at by arm's-length negotiations by experienced counsel, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Final Fairness Hearing.

3. The Settlement Agreement was entered into on behalf of the Class certified by the Court in its Order dated March 29, 2023[1] (the "Class"):

> All persons and entities who indirectly purchased raw pork bacon, or one or more of the following types of raw pork, whether fresh or frozen: bellies, loins, shoulder, ribs or pork chops from defendants or co-conspirators for personal consumption in the Repealer Jurisdictions[2] from June 28, 2014

---

[1] *In re Pork Antitrust Litig.*, 665 F. Supp. 3d 967, 984–985 (D. Minn. 2023); *In re Pork Antitrust Litig.*, Civ. No. 18-1776, 2024 WL 2060386, at*4 (D. Minn. May 8, 2024) (Am. Mem. Op. & Order).

[2] The Consumer IPPs' "Repealer Jurisdictions" are Arizona, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Missouri, Nebraska, Nevada,

to June 30, 2018. For this lawsuit, pork excludes any product that is marketed as organic, no-antibiotics ever (NAE) and any product other than bacon that is marinated, seasoned, flavored, or breaded.[3]

4. The Court previously appointed the law firms of Hagens Berman Sobol Shapiro LLP and Gustafson Gluek PLLC as Co-Lead Counsel for the Class. *In re Pork Antitrust Litig.*, 665 F. Supp. 3d 967, 1012 (D. Minn. 2023); *In re Pork Antitrust Litig.*, Civ. No. 18-1776, 2024 WL 2060386, at*4 (D. Minn. May 8, 2024) (Am. Mem. Op. & Order).

5. The Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Class; there are no obvious reasons to doubt its fairness; and the Settlement Agreement and accompanying record provide a reasonable basis for presuming that the Settlement Agreement's terms satisfy the requirements of due process and Federal Rules of Civil Procedure 23(a), 23(b)(3), 23(c)(2), and 23(e).

**Deferral of Notice**

6. The Court further finds that formal notice of the Settlement Agreement

---

New Hampshire, New Mexico, New York, North Carolina, North Dakota, Rhode Island, South Carolina, Tennessee, Utah, and West Virginia. The class period for Kansas, Tennessee, and South Carolina Class Members begins June 28, 2015.

[3] Excluded from the Class are defendants, the officers, directors or employees of any defendant; any entity in which any defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any defendant; any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action; and any coconspirator identified in this action.

to the Class may be deferred.  The Court concludes that deferring formal notice is likely to create efficiencies and cost savings for the Class, likely resulting in more money from settlements being distributed to Class members.  Plaintiffs are, therefore, directed to propose a detailed notice plan in a subsequent motion filed at a point reasonably calculated to maximize the funds available for distribution to the Class.

      7.      The Action with respect to the Consumer IPPs' claims is stayed as to the Released Parties (as that term is defined in the Settlement Agreement) except as necessary to effectuate the Settlement Agreement.

DATED:  November 7, 2025
at Minneapolis, Minnesota.

                                             JOHN R. TUNHEIM
                                 United States District Judge