# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFF ACTIONS | Case No. 18-cv-1776 (JRT/HB)<br><br>**Declaration of Shawn M. Raiter in Support of Motion for Preliminary Approval of Class Action Settlement Between Commercial and Institutional Indirect Purchaser Plaintiffs and Tyson and for Leave to Disseminate Notice** |

I, Shawn M. Raiter, state under oath as follows:

1. I am an attorney and a partner at the Larson · King, LLP law firm in St. Paul, Minnesota. The Court previously appointed me Co-Lead Class Counsel for the Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs") in this litigation. (Dkt. 1887). I have full knowledge of the matters stated herein and could and would testify thereto.

2. The CIIPPs seek preliminary approval of a settlement with Tyson Foods, Inc., Tyson Prepared Foods, Inc., and Tyson Fresh Meats, Inc. ("Tyson"). This sixth settlement for the CIIPPs—negotiated at arm's length—provides $48,000,000.00 in monetary relief. CIIPPs and Tyson reached a settlement following good-faith negotiations between experienced counsel through Fouad Kurdi, an experienced antitrust mediator. An agreement was reached on material terms; the parties subsequently continued to refine their agreement, which was memorialized in the Settlement Agreement provided with this motion (attached hereto as Exhibit A).

3. Counsel for Tyson and Co-Lead Class Counsel for the CIIPPs discussed and communicated about a potential settlement over the course of months. The parties

1

communicated numerous times to discuss settlement terms and to exchange settlement proposals. They reached an agreement on material terms, and the parties signed the settlement agreement on December 31, 2025.

4. Since filing their first complaint, the CIIPPs have coordinated with the other plaintiff groups to pursue discovery and advance this litigation. The CIIPPs used materials produced in discovery, including documents that Agri Stats provided to the Department of Justice, to draft the CIIPPs' Fourth Consolidated and Amended Class Action Complaint (Dkt. 808). Working with the other plaintiff groups, CIIPPs collected and analyzed data, hundreds of thousands of documents, and other information relevant to the Defendants and the Pork market. CIIPPs have prepared for and participated in numerous depositions. CIIPPs also participated in the discovery process by producing thousands of documents in this litigation. And CIIPPs sought and received third party structured data productions, including information received after motion practice.

5. This settlement was reached following receipt of substantial information from the Defendants and other sources. Other documents and information have been produced in the litigation and were used by CIIPPs to inform them before reaching an agreement with Tyson. The parties briefed and presented class certification, *Daubert*, and summary judgment motions.

6. Co-Lead Class Counsel for the CIIPPs believe this proposed settlement provides substantial monetary and non-monetary value to the CIIPPs and is a reasonable resolution of the claims asserted against Tyson. The class representative CIIPPs have fulfilled their duties as class representatives by actively participating in the litigation. These

representatives will continue to remain apprised of the status of the litigation and will stay involved to seek additional recoveries for similarly situated businesses and individuals.

7. Co-Lead Class Counsel believe that the settlement provides substantial monetary and non-monetary benefits to the CIIPP class members and is fair, reasonable, and adequate.

8. An attorney from the Illinois Attorney General's Office previously contacted me to advocate for the inclusion of Illinois class members in settlements reached by the CIIPPs in this MDL. The attorney noted that the Court had certified the consumer indirect purchaser liability class in this case, which included Illinois as a Repealer Jurisdiction. The attorney also indicated that his office would, if necessary, appear in this MDL to advocate for the inclusion of Illinois individuals and businesses as potential class members in CIIPP or other indirect purchaser settlements.

9. The class definitions used in the Settlement Agreement with Tyson are the same as the litigation classes certified in the Court's March 29, 2023 Order (Dkt. No. 1887), as amended on May 8, 2024 (Dkt. No. 2225), except for the parties' agreed revision of the "Damages Class" to add Illinois as a Repealer Jurisdiction.

10. Attached hereto as Exhibit A is a true and correct copy of the Long-Form Settlement Agreement Between CIIPPs and Tyson, dated December 31, 2025.

11. The CIIPPs further seek the Court's approval of a plan to provide notice to members of the settlement class as more fully described in the concurrently-filed Declaration of Cameron Azari.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: January 27, 2026                    s/*Shawn M. Raiter*
                                           Shawn M. Raiter (240424)