UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFF ACTIONS | Case No. 18-cv-1776 (JRT/JFD)<br><br>**[Proposed] Order Granting Preliminary Approval of Class Action Settlement Between Commercial and Institutional Indirect Purchaser Plaintiffs and Tyson Defendants and Leave to Disseminate Notice** |

The Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs")[1] seek the Court's preliminary approval of their class action settlement with Tyson Foods, Inc., Tyson Prepared Foods, Inc., and Tyson Fresh Meats, Inc. ("Tyson"). CIIPPs further seek approval of the form and manner of notice related to this settlement and leave to disseminate notice.

Upon consideration of the filings, record, and applicable legal authority and having carefully reviewed the CIIPPs' Motion for Preliminary Approval of Class Action Settlement Between Commercial and Institutional Indirect Purchaser Plaintiffs and Tyson and for Leave to Disseminate Notice (the "Motion"), the Court hereby **ORDERS:**

1. The Motion is **GRANTED**.

---

[1] The current CIIPP representative plaintiffs are: Sandee's Bakery; Francis T. Enterprises d/b/a Erbert & Gerbert's; Joe Lopez, d/b/a Joe's Steak and Leaf; Longhorn's Steakhouse; The Grady Corporation; Mcmjoynt LLC d/b/a The Breakfast Joynt; Edley's Restaurant Group, LLC; Basil Mt. Pleasant, LLC; Basil Charlotte, Inc.; Farah's Courtyard Deli, Inc.; and Tri-Ten LLC.

2. Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement between CIIPPs and Tyson ("Settlement Agreement").

3. The Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

4. On March 29, 2023, the Court granted class certification, certified CIIPP classes, and appointed Larson · King, LLP and Cuneo Gilbert Flannery & LaDuca, LLP as Co-Lead Class Counsel. (Dkt. 1887, as amended on May 8, 2024 (Dkt. No. 2225)).

5. The terms of the Settlement Agreement are hereby preliminarily approved, including the release contained therein, as being fair, reasonable, and adequate to the certified classes as defined in the Settlement Agreement (the "Certified Classes"), subject to further consideration at the Court's final fairness hearing. The Court finds that the Settlement Agreement was negotiated and entered into at arm's length by experienced counsel, raises no obvious reasons to doubt its fairness, and is sufficiently within the range of possible approval. The Court further finds that notice of the Settlement Agreement should be given pursuant to the plan submitted by Co-Lead Class Counsel with the Motion and as provided in this Order.

6. The definitions of the Certified Classes in the Settlement Agreement are the same as those certified in the Court's March 29, 2023 order, except for the parties' agreed revision of the "Damages Class" to add Illinois as a Repealer Jurisdiction (i.e., a state that has "repealed" the Supreme Court's holding in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), and provides standing to indirect purchasers) (*See* Dkt. 1887, as amended on May 8, 2024 (Dkt. No. 2225); Settlement Agreement ¶ 5). Because the Court certified almost identical classes

before settlement, it can incorporate its findings from its class certification order and need only address the addition of Illinois as a Repealer Jurisdiction. Fed. R. Civ. P. 23(e)(1) Advisory Committee Note to 2018 Amendment (in cases where a class has been certified before settlement, the only class certification issues at the settlement stage concern "whether the proposed settlement calls for any change in the class certified, or of the claims, defenses, or issues regarding which certification was granted").

7. The Court finds that there is a valid basis for adding Illinois as a Repealer Jurisdiction, *see* § 740 ILL COMP. STAT. § 10/7, and notes that the Court has previously approved an indirect purchaser class that included Illinois as a Repealer Jurisdiction. (*See* Dkt. 1887 at 8 n.10). Accordingly, as part of this preliminary approval order, the Court preliminarily certifies, for purposes of this settlement, the Certified Classes as defined in the Settlement Agreement.

8. Regarding the form and manner of notice, the CIIPPs propose the following schedule, which the Court finds appropriate:

| DATE | EVENT |
|---|---|
| Within 21 days from order directing notice | Settlement Administrator shall provide direct mail and email notice, and commence implementation of the publication notice plan |
| 60 days after the commencement of notice | Last day for class members to object to the settlement and for class members to file notices to appear at the final fairness hearing |
| 14 days before the final fairness hearing | Co-Lead Class Counsel shall file a motion for final approval of the settlement and all supporting papers, and Co-Lead Class Counsel and Tyson may respond to any objections to the proposed settlement |

9. Co-Lead Class Counsel are authorized to utilize Epiq Class Action & Claims Solutions, Inc., and Epiq Legal Noticing aka Hilsoft Notifications (collectively, "Epiq") as the notice administrator for the settlement.

10. The proposed forms of notice, including the long and short form notices and digital media notices, comply with Rule 23 and due process requirements. Co-Lead Class Counsel and the notice administrator are authorized to disseminate these notices in forms substantially like those presented to the Court with this Motion.

11. After notice has been disseminated, members of the Certified Classes who: (A) wish to object to the Settlement Agreement will be required to submit an appropriate and timely written statement of the grounds for the objection, or (B) wish to appear in person to be heard or object to the Settlement Agreement will be required to submit an appropriate and timely request to appear.

12. If the Settlement Agreement is not granted Final Approval following the final fairness hearing, or is cancelled or terminated pursuant to Paragraph 19 of the Settlement Agreement, then the Settlement Agreement and all proceedings had in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the status quo and rights of CIIPPs, Tyson, and the members of the Certified Classes. The parties shall also comply with any terms or provisions of the Settlement Agreement applicable to the settlement not becoming final.

13. Neither this order nor the Settlement Agreement shall be deemed or construed to be an admission or evidence of a violation of any statute, law, rule, or regulation or of any

liability or wrongdoing by Tyson or of the truth of any of CIIPPs' claims or allegations, nor shall it be deemed or construed to be admission or evidence of Tyson's defenses.

14. The Court approves the establishment of the Settlement Fund described at Paragraph 11 of the Settlement Agreement as a Qualified Settlement Fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Co-Lead Class Counsel are, in accordance with the Settlement Agreement and subject to any necessary Court approval, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

15. The litigation against the "Released Parties" (as defined in the Settlement Agreement) is stayed except to the extent necessary to effectuate the Settlement Agreement.

Dated: _____                     _____
                                                                                           HON. JOHN R. TUNHEIM
                                                                                           U.S. DISTRICT JUDGE