# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

333 West Wolf Point Plaza
Chicago, IL 60654
United States

Daniel E. Laytin, P.C.
To Call Writer Directly:
+1 312 862 2198
daniel.laytin@kirkland.com

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

March 27, 2026

**VIA ECF**
The Honorable John R. Tunheim
United States District Court for the District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

> Re:    *In re Pork Antitrust Litig.*, No. 18-cv-1776-JRT-JFD
>        Response to Request for Suggestion of Remand [ECF No. 3331]

Dear Judge Tunheim:

We write on behalf of Defendants Agri Stats, Inc. ("Agri Stats"); Clemens Food Group, LLC and The Clements Family Corporation ("Clemens"); and Tyson Foods, Inc., Tyson Fresh Meats, Inc., and Tyson Prepared Foods, Inc. ("Tyson") to respond to all non-Minnesota Direct Action Plaintiffs' (collectively, "DAPs"), except Sysco Corporation, renewal of their request to remand to the Judicial Panel on Multidistrict Litigation. *See* ECF No. 3051, 3331. As we previously told the Court in ECF No. 3051, granting DAPs' request for remand is impractical, inefficient, and will be ineffective to resolve these cases.

As a practical matter, immediate remand could significantly impact Agri Stats' and Tyson's ability to go to trial this fall. After significant back and forth—as this Court graciously tried to accommodate all parties—Agri Stats and Tyson are currently scheduled for a DAP-only trial here in September 2026. If the Court remands the remaining cases, then Agri Stats and Tyson would face trials for 60 cases in 11 judicial districts across 10 states, all facing the same or materially similar pretrial issues simultaneously without the informative guidance they would receive from the initial trial in the MDL. ECF No. 3051 at 11. As this Court has already acknowledged, it does not make sense "to have a second trial here in case some aspect of this goes away" and Defendants should not "have to prepare for two cases at once." 2/27/26 Tr. at 29:9-18. But that is exactly what remanding now would do: force Agri Stats and Tyson to prepare for dozens of trials at once—jeopardizing the parties' and the Court's careful planning. That shouldn't happen.

Moreover, remand at this time is inefficient. As the Court is aware, procedurally, remand is "'left entirely to the discretion of the trial judge' … but is guided by the extent to which a case 'will benefit from further coordinated proceedings as part of the MDL.'" ECF No. 3051 (citing *In*

## KIRKLAND & ELLIS LLP

March 27, 2026
Page 2

*re Data Gen. Corp. Antitrust Litig.*, 510 F.Supp. 1220, 1226 (J.P.M.L.1979) and *In re Baycol Prods. Litig.*, 265 F.R.D. 453, 455 (D. Minn. 2008)).  Here, that benefit is clear.  First, DAPs are incorrect that the remaining cases are not "sufficiently representative to serve a bellwether function."  ECF No. 3331 at 2, especially now that the Court has ordered the September trial to include only DAPs' claims, *see* ECF Nos. 3297, 3312.  These cases are far more common than they are distinct; indeed, they consist of identical conspiracy theories brought by more than 60 non-Minnesota DAPs, all of whom share the **same two to three experts** to support their identical claims regardless of the home district.

Given these commonalities, holding the cases until after the first trial this fall, where two of these three DAP experts are expected to testify, serves the "key purpose" of "provid[ing] significant information regarding the entire pool of cases that are part of the MDL." *In re Testosterone Replacement Therapy Prod. Liab. Litig.*, 2017 WL 2574057, at *1 (N.D. Ill. May 22, 2017)).  Though other parties have claimed that MDL bellwether trials only make sense in mass torts cases (ECF No. 3051), bellwether trials are a well-established means of utilizing court resources efficiently to resolve multiple claims consolidated into an MDL in appropriate circumstances such as this one.  ECF No. 3051 at 12.  It is thus no surprise that roughly 98% of MDL cases are resolved at the MDL level – because it works.  *See* United States Judicial Panel on Multidistrict Litigation, "Statistical Analysis of Multidistrict Litigation Under 28 U.S.C. § 1407 Fiscal Year 2020" (available at https://tinyurl.com/feh4xwee) (noting that, as of September 30, 2020, only 17,104 actions out of 953,641 civil actions centralized for pretrial proceedings had been remanded for trial since the Panel's creation in 1968).  Indeed, though not an MDL, the *Broilers* antitrust case demonstrates how resolution of one trial can inform and encourage settlements for the remaining parties.

On the other hand, remand will lead to chaotic, competitive prolongment of these cases.  If DAPs' request is granted, Defendants could face materially similar, coast-to-coast litigations simultaneously with no informative guidance from the Court that has managed this case for years.  All cases will compete for attention and resolution in front of different judges with different local rules and practices.  That will surely lead to an unmanageable number of pretrial proceedings across the country, all running on separate but simultaneous tracks despite having numerous similar or overlapping issues.  Resolution will be unmanageable—and that's what DAPs are counting on because it gives them more leverage, which is not a legitimate basis for remand.

This is not about delay. It is about resolving the case efficiently and effectively.  Remand is not the way to do that; if anything, it will do the opposite.

We thank the Court for its attention to this matter.

# KIRKLAND & ELLIS LLP

March 27, 2026
Page 3

Respectfully submitted,

*/s/ Daniel E. Laytin, P.C.*

Daniel E. Laytin, P.C.