**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT-JFD) |
| | Honorable John R. Tunheim |
| This Document Relates to: | |
| All Consumer Indirect Purchaser Actions | |

**[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENTS
BETWEEN CONSUMER INDIRECT PURCHASER PLAINTIFFS AND
TRIUMPH FOODS, LLC AND AGRI STATS, INC.**

The Court finds good cause to **GRANT** the Consumer Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of the Class Action Settlements between Consumer Indirect Purchaser Plaintiffs ("Consumer IPPs") and Triumph Foods, LLC ("Triumph Foods") and Agri Stats, Inc. ("Agri Stats").

Accordingly, it is hereby **ORDERED:**

**A.     Preliminary Approval of Settlement Agreements and Certification of Settlement Class**

This Court has jurisdiction over this action and each of the parties to the Settlement Agreements. Upon review of the record, the Court finds that the proposed Settlement Agreements, which were arrived at by arm's-length negotiations by highly experienced

- 1 -

counsel, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing.

The Court finds that provisional certification of the Settlement Class is warranted for settlement purposes in light of the Settlement Agreements because: (a) the Settlement Class members are so numerous that joinder is impracticable; (b) the Consumer IPPs' claims present common issues and are typical of the claims of the Settlement Class; (c) the Consumer IPP named class representatives and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that the named representative Consumer IPPs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class basis is superior to other means of resolving the matter.

The Court finds that the Settlement Agreements are preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement Agreements and their terms satisfy the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(3), 23(c)(2) and 23(e) and due process.

This Court certifies a Settlement Class defined as:

> All persons and entities who indirectly purchased raw pork bacon, or one or more of the following types of raw pork, whether fresh or frozen: bellies, loins, shoulder, ribs or pork chops from defendants or co-conspirators for personal

consumption in the Repealer Jurisdictions[1] from June 28, 2014 to June 30, 2018. For this lawsuit, pork excludes any product that is marketed as organic, no-antibiotics ever (NAE) and any product other than bacon that is marinated, seasoned, flavored, or breaded.[2]

The Court appoints the law firms of Hagens Berman Sobol Shapiro LLP and Gustafson Gluek PLLC as Co-Lead Counsel for the Settlement Class.

Each Consumer IPP class representative named in the live complaint in the above case will serve as a class representative on behalf of the Settlement Class. All claims will be paid directly to class members.

## B.    Deferral of Notice

The Court further finds that formal notice of the Settlement Agreements to the Class should be deferred. Deferring formal notice is likely to create efficiencies and cost savings for the Class, resulting in more money from settlements being distributed to Class members. Plaintiffs are directed to propose a detailed notice plan in a subsequent motion filed at a point reasonable calculated to maximize the funds available for distribution to the Class.

---

[1] The Consumer IPPs' "Repealer Jurisdictions" are Arizona, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Rhode Island, South Carolina, Tennessee, Utah, and West Virginia. The class period for Kansas, Tennessee, and South Carolina class members begins June 28, 2015.

[2] Excluded from the Class are Defendants, the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant; any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action; and any coconspirator identified in this action.

- 4 -

The Action with respect to the Consumer IPPs' claims is stayed as to the Released Parties (as that term is defined in the Settlement Agreements) except as necessary to effectuate the Settlements.

- 5 -

**IT IS SO ORDERED.**

DATED: _____

_____
HONORABLE JOHN R. TUNHEIM
UNITED STATES DISTRICT COURT