**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

IN RE PORK ANTITRUST LITIGATION

This Document Relates To:

THE DIRECT PURCHASER PLAINTIFF CLASS
ACTION

Civil No. 18-1776 (JRT/JFD)

**ORDER GRANTING DIRECT PURCHASER
PLAINTIFFS' MOTION FOR SECOND
DISTRIBUTION OF NET SETTLEMENT
PROCEEDS**

---

On December 15, 2025, the Direct Purchaser Plaintiffs ("DPPs") filed a motion

seeking the Court's approval of a second distribution to qualified class member claimants.

(Docket No. 3241.)   DPPs' motion and the plan of distribution have been prepared

pursuant to the terms and conditions of the underlying settlement agreements.[1]  The

Court, having reviewed DPPs' motion, the concurrently filed memorandum and

supporting declarations, and all other evidence and arguments presented, will grant the

motion.

---

[1] Settlement Agreement between DPPs and JBS (Docket No. 543-1); Settlement Agreement between DPPs and Smithfield (Docket No. 831-2); Settlement Agreement between DPPs and Seaboard (Docket No. 1936-1); Settlement Agreement between DPPs and Hormel Foods (Docket No. 2179-1); Settlement Agreement between DPPs and Tyson (Docket No. 2945-1); Settlement Agreement between DPPs and Clemens (Docket No. 2945-2); and Settlement Agreement between DPPs and Triumph (Docket No 2945-3).  Full names of each of the settling parties may be found in the corresponding agreements.

The Court granted final approval of the DPPs' Settlement with JBS on July 26, 2021 (Docket No. 838) and the DPPs' Settlement with Smithfield on January 31, 2022 (Docket No. 1154).  Smithfield and JBS paid a total of $101,864,300.00 into the Settlement Fund. (Status Report at 2 n.1, Mar. 15, 2024, Docket No. 2144.)  A first distribution of proceeds from the DPPs' settlements with JBS and Smithfield to qualified claimants was approved and ordered by the Court on August 25, 2023.  (*See* Docket No. 2015.)  Certain funds from the first distribution were earmarked for redistribution.  (*See* Order Granting DPPs' Mot. Redistribution of Net Settlement Proceeds, Apr. 25, 2024, Docket No. 2204.)  The amount to be approved for redistribution now equals $8,599,318.76 (Declaration of Michael H. Pearson ("Pearson Decl.") ¶ 5, Dec. 15, 2025, Docket No. 3244.), and the Court will approve distribution of that amount to qualified claimants pro rata.

The Court granted final approval of the DPPs' Settlement with Seaboard on March 5, 2024 (Docket No. 2137); the DPPs' Settlement with Hormel Foods on October 3, 2024 (Docket No. 2618); and the DPPs' Settlements with Tyson, Clemens, and Triumph on August 13, 2025 (Docket No. 3129).  The Seaboard, Hormel Foods, Tyson, Clemens, and Triumph Defendants have paid a total of $78,606,000.00.  (Pearson Decl. ¶ 6.)  The term "Net Settlement Fund" refers to the settlement proceeds paid in these settlements plus accrued interest and minus (i) the costs of settlement administration and escrow, (ii) taxes, and (iii) the attorneys' fees, litigation expenses, and class representative incentive awards previously awarded by the Court.    The Net Settlement Fund equals

-2-

$51,761,176.57, as set forth in Exhibit 1 of the Pearson Declaration (Docket No. 3244-1), and the Court will authorize pro rata distribution of the Net Settlement Funds to all qualified claimants, including late claims that are otherwise valid.

The Court appointed A.B. Data as the Claims Administrator for each settlement. (For Tyson, Clemens, and Triumph, *see* Order of Apr. 28, 2025, Docket No. 2959; for Hormel *see* Order of May 6, 2024, Docket No. 2218; for Seaboard *see* Order of Aug. 25, 2023, Docket No. 2014; for Smithfield *see* Orders of Aug. 4, 2021 and Aug. 5, 2021 Docket Nos. 868, 870; and for JBS *see* Order of Jan. 13, 2021, Docket No. 631.)  The Court has reviewed the claims review process carried out by A.B. Data, its previously incurred costs and expenses, and its estimate for its remaining work to the completion of final distribution; and the Court will approve the payment of A.B. Data from the Settlement Fund.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Direct Purchaser Plaintiffs' Motion for Second Distribution of Net Settlement Proceeds (Docket No. [3241]) is **GRANTED** as follows:

1.    The Court has jurisdiction over the subject matter of this litigation, including the actions within this litigation, and over the parties to the relevant settlement agreements ("Settlement Agreements"), including all members of the Settlement Classes (also referred to herein as the "Class"), each as defined in the relevant settlement agreements.

2.  The amount approved for redistribution from DPPs' settlements with JBS and Smithfield now equals $8,599,318.76 and is approved for distribution to qualified claimants pro rata.

3.  The Court finds that the Net Settlement Fund equals $51,761,176.57 and is properly accounted for as set forth in Exhibit 1 of the Declaration of Michael H. Pearson (Dec. 15, 2025, Docket No. 3244-1).  The Court hereby authorizes pro rata distribution of the Net Settlement Funds to all qualified claimants, including claimants with late claims that are otherwise valid.  All ineligible claims are hereby denied.

4.  The Court finds that the claims review process carried out by A.B. Data as the Claims Administrator was fair, adequate and reasonable, providing a full and fair opportunity for potential Class members to submit or supplement a valid claim.  The Court further finds that A.B. Data has carried out the claims administration process in a reasonable manner and consistent with orders of the Court.  A.B. Data has offered claimants reasonable notice of claim deficiencies and an opportunity to cure them.

5.  The Claims Administrator incurred a total of $493,193.82 in costs and expenses in administering the Settlements, processing and auditing claims, and related expenses.  The Court finds that these costs and expenses were reasonably incurred in the ordinary course of administering the Settlements and were

necessary given the nature and scope of the case.   Based on A.B. Data's extensive experience, the Court finds that its estimate that its remaining work to the completion of final distribution will cost $84,067.89 is reasonable. Accordingly, the Court approves the payment of any remaining balance due to A.B. Data from the Settlement Fund.

6.   Counsel for DPPs shall file a report 150 days after payments are sent advising the Court of the status of the distribution and proposing a plan for any funds remaining.

7.   The Court retains continuing jurisdiction over the administration and distribution of the settlement proceeds.

DATED:  April 3, 2026                              _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                   United States District Judge