**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

IN RE PORK ANTITRUST LITIGATION

This Document Relates To:

THE DIRECT PURCHASER PLAINTIFF
CLASS ACTION

Civil No. 18-1776 (JRT/JFD)

**ORDER GRANTING MOTION TO
PRELIMINARILY APPROVE THE DIRECT
PURCHASER PLAINTIFF CLASS'S
PROPOSED SETTLEMENT WITH AGRI
STATS, INC., AND TO APPROVE NOTICE
THEREOF**

---

Direct Purchaser Plaintiffs ("DPPs")[1] have entered into a Settlement Agreement

with Agri Stats, Inc.  On May 1, 2026, DPPs filed a motion seeking the Court's preliminary

approval of their proposed class action settlement with Agri Stats, Inc.  (Mot. to

Preliminarily Approve the Direct Purchaser Plaintiff Class's Proposed Settlement with Agri

Stats, Inc., and to Approve Notice Thereof (the "Motion"), May 1, 2026, Docket No. 3379).

DPPs further seek approval of the form and manner of notice related to this settlement

and leave to disseminate notice.  (*Id.*)

Unless otherwise set forth herein, the defined terms in this Order shall have the

same meaning ascribed to them in the Settlement Agreement between DPPs and Agri

---

[1] The Court previously granted DPPs' motion for class certification.  *In re Pork Antitrust Litig.*, 665 F. Supp. 3d 967 (D. Minn. 2023), *as amended* Civ. No. 18-1776, 2024 WL 2060386 (D. Minn. May 8, 2024) ("Class Certification Order").

Stats, Inc.  (Decl. of Michael H. Pearson ¶ 11, Ex. A ("Settlement Agreement"), May 1, 2026, Docket No. 3381.)

The Court previously appointed the law firms of Lockridge Grindal Nauen PLLP, and Pearson Warshaw, LLP as Co-Lead Class Counsel for the Certified Class.  *In re Pork Antitrust Litig.*, 665 F. Supp. 3d 967 (D. Minn. 2023), *as amended* Civ. No. 18-1776, 2024 WL 2060386 (D. Minn. May 8, 2024) ("Class Certification Order").  The Court has approved A.B. Data, Ltd. as the settlement administrator for previous DPP settlements.

The Court concludes that an additional opportunity to opt out is not warranted and is not required here.  Certified Class members have already been provided an opportunity to exclude themselves, and on January 24, 2024, the Court entered an order approving the final exclusion list.  (Docket No. 2086.)  Further, the DPPs' Settlement Agreement with Agri Stats, Inc. is akin to a Rule 23(b)(2) injunctive relief settlement because injunctive relief predominates over any other form of relief (i.e., monetary relief).  In such instances, the Eighth Circuit has held that "Rule 23(b)(2) certification is appropriate when plaintiffs seek injunctive relief from acts of [a defendant] 'on . . . grounds generally applicable to the class.'"  *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 563 (8th Cir. 1982) (quoting *U.S. Fidelity & Guar. Co. v. Lord*, 585 F.2d 860, 875 (8th Cir. 1978)).  Rule 23(b)(2) classes are classes from which class members cannot opt out.  *See id.* at 558–59.

Having carefully reviewed the Motion, the Settlement Agreement, and the accompanying memorandum, declarations, and exhibits, the Court concludes that the

proposed Settlement Agreement, which was arrived at by arm's-length negotiations by highly experienced counsel, falls within the range of possible approval, and the Court will grant the Motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Motion to Preliminarily Approve the Direct Purchaser Plaintiff Class's Proposed Settlement with Agri Stats, Inc., and to Approve Notice Thereof (Docket No. [3379]) is **GRANTED** as follows:

**PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1.   The Court has jurisdiction over this action and each of the Parties to the Settlement Agreement.

2.   "Certified Class" shall have the same definition as the DPP class approved in the Court's Class Certification Order:

> All persons and entities who directly purchased one or more of the following types of pork, or products derived from the following types of pork, from Defendants, or their respective subsidiaries or affiliates, for use or delivery in the United States from June 29, 2014 through June 30, 2018: fresh or frozen loins, shoulders, ribs, bellies, bacon, or hams.  For this lawsuit, pork excludes any product that is marketed as organic or as no antibiotics ever (NAE); any product that is fully cooked or breaded; any product other than bacon that is marinated, flavored, cured, or smoked; and ready-to-eat bacon.
>
> Excluded from this Class are the Defendants, the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any

affiliate, legal representative, heir or assign of any Defendant.  Also excluded from this Class are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any Co-Conspirator identified in this action.

*In re Pork Antitrust Litig.*, 665 F. Supp. 3d 967 (D. Minn. 2023), *as amended* Civ. No. 18-1776, 2024 WL 2060386 (D. Minn. May 8, 2024).

3.       The proposed Settlement Agreement is hereby preliminarily approved for settlement purposes, subject to further consideration at the Court's Fairness Hearing.  The Court preliminarily finds that the Settlement Agreement appears to be fair, reasonable, adequate, and in the best interests of the Certified Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement Agreement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement should be given to the Certified Class.

**APPROVAL OF THE NOTICE PLAN**

4.       Notice shall be distributed to the Certified Class members pursuant to Federal Rule of Civil Procedure 23(c)(2)(A).  Notice to members of the Certified Class shall be the responsibility of Co-Lead Class Counsel.  Co-Lead Class Counsel is permitted to use funds from the previously established future litigation expense fund to pay its portion of the cost of notice.

-4-

5.    A.B. Data, Ltd. is hereby appointed as Settlement and Notice Administrator and is ordered to effectuate the notice plan.

6.    The proposed notice plan set forth in the Motion and the supporting declarations is appropriate and complies with Rule 23(c)(2) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice via mail and email to all Certified Class members who can be identified through reasonable effort.  Direct mail and email notice will be supported by reasonable publication notice to reach Certified Class members who cannot be individually identified.

7.    The proposed notice documents, the Long Form Notice (Decl. of Brian Devery Supp. Mot. ¶ 7, Ex. A, May 1, 2026, Docket No. 3382), Short Form Notice (*id.* ¶ 8, Ex. B), Publication Notice (*e.g.*, *id.* ¶ 11, Ex. C), and Postcard Notice (*id.* ¶ 8, Ex. D), and their proposed manner of transmission (*id.* ¶¶ 7–11) taken together comply with Rule 23(c)(2)(B), Rule 23(e)(1), and due process because the notices, forms, and manner of transmission are reasonably calculated to adequately apprise Certified Class members of (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) how to object to the Settlement; (v) that the exclusion period has passed; (vi) that a Certified Class member may enter an appearance through an attorney if

the member so desires; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

8.   Non-substantive changes, such as typographical errors, can be made to the notice documents by agreement of the Parties without leave of the Court.

9.   The Settlement and Notice Administrator shall cause the Postcard Notice to be mailed by first class mail, postage prepaid, to all members of the Certified Class whose names and addresses can be derived from information provided by the defendants or developed in notifying class members of DPP settlements.  The Long Form Notice shall be provided to all persons who request it.  The Settlement and Notice Administrator is hereby directed to cause the banner ad (Publication Notice) to be published for four weeks in digital ad campaigns on websites for Supermarket News (www.supermarketnews.com) and Nation's Restaurant News (www.nrn.com).  Comparable alternative websites relevant to the Class may be used if any of these websites will not accept such ads or if advertising space or inventory are not available at the time the advertisements are placed.

10.   The Settlement and Notice Administrator shall continue to maintain and operate the current case-specific toll-free telephone number and website from previous settlements in this matter.  As part of that operation, the Settlement and Notice Administrator shall update the website with copies of the Long Form

Notice, Short Form Notice, and other current material from this Action. The Settlement and Notice Administrator shall receive calls from the toll-free telephone line and respond appropriately to inquiries regarding the Certified Class.

### SCHEDULE FOR CLASS NOTICE AND THE FAIRNESS HEARING

11. The Court adopts the schedule proposed by the DPPs and sets forth such schedule below for the dissemination of notice to members of the Certified Class, for members of the Certified Class to object to the Settlement; and for the Court's Fairness Hearing, at which time the Court will determine whether the Settlement should be finally approved as fair, reasonable, and adequate. The Court may order the Fairness Hearing to be postponed, adjourned, or continued. In such an event, the updated hearing date shall be posted on the Settlement Website, but other than the website posting, the Parties will not be required to provide any additional notice to Certified Class members. The Fairness Hearing may take place remotely, including by way of telephone or video conference.

| DATE | EVENT |
|---|---|
| Within 10 days of the filing of the Motion for Preliminary Approval. | Deadline for the Settling Defendants to serve appropriate Federal and State officials with all required materials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. |

| DATE | EVENT |
|---|---|
| Within 14 days of the Court's Order on the Motion for Preliminary Approval. | Settlement Administrator to provide direct mail and email notice, and commence implementation of the notice plan. |
| 30 days after the commencement of Notice. | Last day for Certified Class members to object to the Settlement. |
| 14 days before Final Settlement Fairness Hearing. | Co-Lead Class Counsel shall file for final approval of the Settlements and all supporting papers, and respond to any objections. |
| **September 8, 2026 at 2:00 p.m. by video conference** | Final Fairness Hearing. |

DATED:  May 14, 2026                                    _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                                    JOHN R. TUNHEIM
                                                             United States District Judge