**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

IN RE PORK ANTITRUST LITIGATION

Civil No. 18-1776 (JRT/JFD)

This Document Relates To:

ALL COMMERCIAL AND INSTITUTIONAL
INDIRECT PURCHASER PLAINTIFF ACTIONS

**MEMORANDUM OPINION AND ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS BETWEEN COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINTIFFS AND TRIUMPH FOODS AND AGRI STATS AND LEAVE TO DISSEMINATE NOTICE**

---

On May 29, 2026, the Commercial and Institutional Indirect Purchaser Plaintiffs ("CIIPPs")[1] filed a motion seeking the Court's preliminary approval of their class action settlements with Defendants Triumph Foods, LLC ("Triumph") and Agri Stats, Inc. ("Agri Stats"). (Mot. Prelim. Approval of Class Action Settlements Between Commercial and Institutional Indirect Plaintiffs and Triumph Foods, LLC and Agri Stats, Inc. (the "Motion"), May 29, 2026, Docket No. 3401.) The CIIPPs further seek approval of the form and manner of notice related to these settlements and leave to disseminate notice. (*Id.*)

---

[1] The current CIIPP representative plaintiffs are: Sandee's Bakery; Francis T. Enterprises d/b/a Erbert & Gerbert's; Joe Lopez, d/b/a Joe's Steak and Leaf; Longhorn's Steakhouse; The Grady Corporation; Mcmjoynt LLC d/b/a The Breakfast Joynt; Edley's Restaurant Group, LLC; Basil Mt. Pleasant, LLC; Basil Charlotte, Inc.; Farah's Courtyard Deli, Inc.; and Tri-Ten LLC.

Having carefully reviewed the Motion, the Triumph Settlement Agreement (Decl. of Shawn M. Raiter, Ex. A, May 29, 2026, Docket No. 3405), the Agri Stats Settlement Agreement (*Id.*, Ex. B) (collectively, the "Settlement Agreements"),[2] and the accompanying memorandum and documents, the Court will grant the Motion.

On March 29, 2023, the Court granted class certification, certified CIIPP classes, and appointed Larson · King, LLP and Cuneo Gilbert Flannery & LaDuca, LLP as Co-Lead Class Counsel. *In re Pork Antitrust Litig.*, 665 F. Supp. 3d 967 (D. Minn. 2023), *amended* 2024 WL 2060386 (D. Minn. May 8, 2024).

The definitions of the Certified Classes in the Settlement Agreements are the same as those certified in the Court's 2023 order, except that the parties have added Illinois as a Repealer Jurisdiction (i.e., a state that has "repealed" the Supreme Court's holding in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), and provides standing to indirect purchasers). *See In re Pork Antitrust Litig.*, 2024 WL 2060386, at *3 n.8. Because the Court certified almost identical classes before settlement, *id.* at *3, 30, the Court hereby incorporates its findings from its class certification order and need only address the addition of Illinois as a Repealer Jurisdiction. *See* Fed. R. Civ. P. 23(e)(1) Advisory Committee Note to 2018 Amendment (in cases where a class has been certified before settlement, the only class certification issues at the settlement stage concern "whether

---

[2] Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the Settlement Agreements.

the proposed settlement calls for any change in the class certified, or of the claims, defenses, or issues regarding which certification was granted").

The Court concludes that there is a valid basis for adding Illinois as a Repealer Jurisdiction, and notes that the Court has previously approved a consumer indirect purchaser class that included Illinois as a Repealer Jurisdiction. *See* 740 Ill. Comp. Stat. Ann. 10/7 (2010); *In re Pork Antitrust Litig.*, 2024 WL 2060386, at *4 n.10. Accordingly, the Court will preliminarily certify the Certified Classes as defined in the Settlement Agreements.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that The Motion for Preliminary Approval of Class Action Settlements Between Commercial and Institutional Indirect Purchaser Plaintiffs and Triumph Foods, LLC and Agri Stats, Inc. and for Leave to Disseminate Notice (Docket No. [3401]) is **GRANTED** as follows:

1. This Court has jurisdiction over this action and each of the parties to the Settlement Agreements.

2. The Court preliminarily certifies the Certified Classes as defined in the Settlement Agreements.

3. The terms of the Settlement Agreements are hereby preliminarily approved, including the releases contained therein, as being fair, reasonable, and adequate to the Certified Classes, subject to further consideration at the

Court's final fairness hearing.  The Court finds that the Settlement Agreements were negotiated and entered into at arm's length by experienced counsel following years of adversarial litigation, raise no obvious reasons to doubt their fairness, and are sufficiently within the range of possible approval.  The Court further finds that notice of the Settlement Agreements should be given pursuant to the plan submitted by Co-Lead Class Counsel with the Motion (*see* Decl. of Cameron R. Azari ("Azari Decl.") ¶¶ 11–37, May 29, 2026, Docket No. 3406) and as provided in this Order.

4.     Regarding the form and manner of notice, the Court finds the following appropriate:

| DATE | EVENT |
|---|---|
| Within 21 days from this Order | Settlement Administrator shall provide direct mail and email notice, and commence implementation of the publication notice plan |
| 60 days after the commencement of notice | Last day for class members to object to the settlements and for class members to file notices to appear at the final fairness hearing |
| At least 14 days before the final fairness hearing | Co-Lead Class Counsel shall file a motion for final approval of the settlement and all supporting papers, and Co-Lead Class Counsel, Triumph, and Agri Stats may respond to any objections to the proposed settlements |

5.    Co-Lead Class Counsel are authorized to utilize Epiq Class Action & Claims Solutions, Inc., and Epiq Legal Noticing, aka Hilsoft Notifications, (collectively, "Epiq") as the notice administrator for the settlements.

6.    The Court finds that the proposed forms of notice, including the long and short form notices and digital media notices, comply with Rule 23 and due process requirements. (*See* Azari Decl., Attachments 2–4.) Co-Lead Class Counsel and the notice administrator are authorized to disseminate these notices in forms substantially like those presented to the Court with this Motion.

7.    After notice has been disseminated,

a.  members of the Certified Classes who wish to object to the Triumph Settlement Agreement and/or Agri Stats Settlement Agreement will be required to submit an appropriate and timely written statement of the grounds for the objection; and

b.  members of the Certified Classes who wish to appear in person to be heard or object to the Settlement Agreements will be required to submit an appropriate and timely request to appear.

8.    If either Settlement Agreement is not granted Final Approval following the final fairness hearing or is cancelled or terminated pursuant to Paragraph 18 of the Triumph Settlement Agreement or Paragraph 16 of the Agri Stats Settlement Agreement, then that Settlement Agreement and all proceedings had in

connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the vacated Settlement Agreement, and without prejudice to the status quo and rights of CIIPPs, Triumph, Agri Stats, and the members of the Certified Classes. The parties shall also comply with any terms or provisions of those Settlement Agreements applicable to the settlement not becoming final.

9.    Neither this Order nor the Settlement Agreements shall be deemed or construed to be an admission or evidence of a violation of any statute, law, rule, or regulation or of any liability or wrongdoing by Triumph or Agri Stats, nor of the truth of any of CIIPPs' claims or allegations, nor shall it be deemed or construed to be admission or evidence of Triumph's or Agri Stats' defenses.

10.    The Court approves the establishment of the Settlement Fund described at Paragraph 11 of the Triumph Settlement Agreement as a Qualified Settlement Fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF.  Co-Lead Class Counsel are, in accordance with the Triumph Settlement Agreement and subject to any necessary Court approval, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

-7-

11. The Action with respect to the CIIPPs' claims is stayed as to the Releasing Parties (as that term is defined in the Settlement Agreements) except as necessary to effectuate the Settlements.


DATED: July 6, 2026                              _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                       United States District Judge