**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/JFD) |
| This Document Relates To:<br><br>ALL CONSUMER INDIRECT PURCHASER ACTIONS | **ORDER GRANTING APPROVAL OF CONSUMER INDIRECT PURCHASER PLAINTIFFS' MOTION FOR APPROVAL OF DIRECT NOTICE, PLAN OF NOTICE, AND PLAN OF ALLOCATION** |

On June 12, 2026, the Consumer Indirect Purchaser Plaintiffs ("Consumer IPPs") filed a motion seeking the Court's approval of notices and plan of notice for settlements with the following Defendants: Agri Stats, Inc. ("Agri Stats"); Clemens Food Group, LLC, The Clemens Family Corporation, and Hatfield Quality Meat (collectively, "Clemens"); Hormel Foods Corporation ("Hormel"); Seaboard Foods LLC ("Seaboard"); Triumph Foods, LLC ("Triumph"); and Tyson Foods, Inc., Tyson Fresh Meats, Inc., and Tyson Prepared Foods, Inc. (collectively "Tyson") (together, Settling Defendants).  (Docket No. 3411.)

The Court previously granted preliminary approval to the settlements between Consumer IPPs and Hormel (Order, July 9, 2024, Docket No. 2414), between Consumer IPPs and Seaboard (Order, Aug. 6, 2024, Docket No. 2453); between Consumer IPPs and Clemens (Order, June 13, 2025, Docket No. 3073); between Consumer IPPs and Tyson (Order, Nov. 7, 2025, Docket No. 3193); and between Consumer IPPs, Triumph, and Agri

Stats (Mem. Op. and Order, May 5, 2026, Docket No. 3389).  The relevant settlement agreements are identified in these prior orders.  For the purposes of this Order, the Settlement Class is defined as it is in those prior orders and as reiterated here:

> All persons and entities who indirectly purchased raw pork bacon, or one or more of the following types of raw pork, whether fresh or frozen: bellies, loins, shoulder, ribs or pork chops from defendants or co-conspirators for personal consumption in the Repealer Jurisdictions[1] from June 28, 2014 to June 30, 2018.  For this lawsuit, pork excludes any product that is marketed as organic, no-antibiotics ever (NAE) and any product other than bacon that is marinated, seasoned, flavored, or breaded.[2]

The Court also previously appointed the law firms of Hagens Berman Sobol Shapiro LLP and Gustafson Gluek PLLC as Co-Lead Counsel for the Settlement Class.

Having carefully reviewed the relevant portions of the record, including the motion and proposed notices, and the accompanying memorandum, the Court will grant the Motion.

---

[1] The "Repealer Jurisdictions" are Arizona, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Rhode Island, South Carolina, Tennessee, Utah, and West Virginia.  The class period for Kansas, Tennessee, and South Carolina class members begins June 28, 2015.

[2] Excluded from the Class are Defendants, the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant; any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action; and any coconspirator identified in this action.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Consumer Indirect Purchaser Plaintiffs' Motion for Approval of Direct Notice, Plan of Notice, and Plan of Allocation (Docket No. [3411]) is **GRANTED as follows:**

1. The Court has jurisdiction over this action and each of the parties to the relevant settlement agreements.

2. The Court hereby directs notice to be distributed to the Settlement Class members pursuant to Federal Rule of Civil Procedure 23(c)(2).

3. The proposed notice plan set forth in the supporting memorandum (Docket No. 3413) and the supporting declarations (Docket Nos. 3414, 3415) complies with Federal Rule of Civil Procedure 23(c)(2)(A)–(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice via email to all members who can be identified through reasonable effort. The direct email notice will be supported by reasonable publication notice to reach potential members of the Settlement Class who could not be individually identified.

4. The Court appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the settlement notice administrator and the administrator of the settlement funds. The notice documents submitted in support of the motion for preliminary approval, and their manner of transmission, comply with Federal Rule of Civil Procedure 23(c)(2)(A)–(B) and due process because the notices and forms are reasonably

calculated to adequately apprise Settlement Class of (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a Settlement Class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the Settlement Class any member who requests exclusion from the 23(b)(3) class; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members of the class under Federal Rule of Civil Procedure 23(c)(3). The settlement administrator and Co-Lead Counsel may update the Frequently Asked Questions on the website from time-to-time to ensure that class members stay updated on developments in the litigation. Non-substantive changes, such as typographical errors, can be made to the notice documents by agreement of the parties without leave of the Court.

5. After class notice has been disseminated, the Court will hold a hearing on the proposed settlements to determine whether they are fair, reasonable, and adequate, and whether they should be finally approved by the Court (the "Final Approval Hearing").

6. After notice has been disseminated, Settlement Class members who wish to exclude themselves from the Settlement Class will be required to submit an appropriate and timely request for exclusion. To object, a Settlement Class member must send a letter to the Court and the settlement notice administrator with the

following information: (a) name; (b) address; (c) telephone number; (d) notice ID number (if available); (e) the reason(s) the Settlement Class member objects to one or more of the settlements; (f) the Settlement Class member's lawyer's name (if they have one); (g) a statement saying that they object to the settlement with Tyson, Clemens, Hormel, Seaboard, Triumph, and/or Agri Stats in *In re Pork Antitrust Litigation* (Consumer Indirect Purchaser Actions), No. 18-1776 (JRT/JFD); (h) a statement saying if they (or their lawyer) want to speak at the hearing; and (i) the Settlement Class member's signature.

7. The proposed notice plan will be carried out pursuant to the schedule described in the Memorandum (Docket No. 3413). The Court finds the proposed plan of allocation to be fair, reasonable, adequate, and treats Settlement Class members equitably relative to each other. Here, Consumer IPPs propose that the funds will be allocated according to the amount of pork class products purchased by a class member. The claims form asks for simple details regarding the number of qualifying purchases through a brief, simple set of questions. Payments will be based on the amount of class products purchased by each class member, on a pro rata basis. Co-Lead Counsel will work with Epiq to determine if a minimum payment for claimants is feasible and will increase efficiencies once all claims have been received. There may be multiple rounds of distribution if economically feasible. After it is no longer economically feasible to distribute to class members, the residual money may be

sent to a court-approved cy pres recipient, escheated, or distributed as this Court orders.  Before distributing the residual money, Co-Lead Counsel will seek Court approval and will post any relevant documents on the website for class members to review.

8. The Court finds that the distribution plan will provide for efficient and cost-effective disbursement of the settlement funds to class members.  Settlement Class members must submit a timely, valid claim through the settlement website or by mail to be eligible to receive payment.  The Court approves the proposed plan of distribution and finds that the proposed methods of payment (physical checks, Zelle, Digital Mastercard, Amazon, Starbucks, Walmart, Kroger, and Safeway gift cards) are fair and reasonable.

9. All payments for Settlement Class members from the settlement fund will be sent directly to Settlement Class members.

10. The Court orders that Settlement class members will be able to submit claims through a date 90 days after this Order is issued.  If that deadline needs to be altered, Co-Lead Counsel will make such a request to the Court.

11. If the Court denies Final Approval, then the Settling Defendants and Consumer IPPs shall have the option to rescind their respective settlement agreements in accordance with the timeline outlined in each settlement agreement.  The parties

shall also comply with any terms or provisions of the relevant settlement agreement applicable to the settlement not becoming final.

12. Neither this Order nor the relevant settlement agreements shall be deemed or construed to be an admission or evidence of a violation of any statute, law, rule, or regulation or of any liability or wrongdoing by Agri Stats, Clemens, Hormel, Seaboard, Triumph, or Tyson or of the truth of any of Consumer IPPs' claims or allegations, nor shall it be deemed or construed to be admission or evidence of Agri Stats, Clemens, Hormel, Seaboard, Triumph, or Tyson's defenses.

13. The Court approves the establishment of the Settlement Funds, as defined in the relevant settlement agreements, as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF.  Co-Lead Counsel are, in accordance with the relevant settlement agreements and subject to any necessary Court approval, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

14. This action is stayed with respect to the Consumer IPPs' claims as to the Released Parties (as that term is defined in each settlement agreement) except as necessary to effectuate the settlement agreements.

15.    The Court approves the following schedule for the dissemination of notice:

| Task | Proposed Deadline |
|---|---|
| Notice campaign begins through direct email and implementation of publication notice campaign | Date of this Order + 30 days |
| Last day for Co-Lead Counsel to move for attorneys' fees, expenses, and service awards for named representatives | Date of this Order + 75 days |
| Last Day for Settlement Class members to request exclusion, object, file notices to appear at the final approval hearing, and to file a claim. | Date of this Order + 90 days |
| Co-Lead Counsel to provide Settling Defendants with a list of all persons and entities who have timely and adequately requested exclusion from the Settlement Class | Date of this Order + 97 days |
| Co-Lead Counsel shall file a motion for final approval of the relevant settlements and all supporting documents, as well as responses to any objections to the settlement or attorneys' fees | At least 14 days before the Final Approval Hearing |
| Final Approval Hearing and hearing on request for attorneys' fees and expenses | 40 days from the last day to request exclusion from the settlement, or as soon thereafter may be heard by the Court |

DATED: July 31, 2026
at Minneapolis, Minnesota.

_____/s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge