**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

IN RE PORK ANTITRUST LITIGATION

Civil No. 18-1776 (JRT/JFD)

This Document Relates To:

THE DIRECT PURCHASER PLAINTIFF CLASS ACTION

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT BETWEEN DIRECT PURCHASER PLAINTIFFS AND AGRI STATS, INC**

The Court previously entered an Order granting preliminary approval of the proposed settlement between Direct Purchaser Plaintiffs ("DPPs")[1] and Agri Stats, Inc. ("Preliminary Approval Order," April 14, 2026, Docket No. 3396.) DPPs now move for final approval of the proposed settlement (Mot. for Final Approval ("Motion"), Aug. 25, 2026, Docket No. 3455), and on September 8, 2026, this Court held a hearing on the Motion.

Unless otherwise set forth herein, the defined terms in this Order shall have the same meaning ascribed to them in the Settlement Agreement between DPPs and Agri Stats, Inc. (Decl. of Michael H. Pearson ¶ 11, Ex. A ("Settlement Agreement"), May 1, 2026, Docket No. 3381.)

[1] The Court previously granted DPPs' motion for class certification. *In re Pork Antitrust Litig.*, 665 F. Supp. 3d 967 (D. Minn. 2023), *as amended* Civ. No. 18-1776, 2024 WL 2060386 (D. Minn. May 8, 2024) ("Class Certification Order").

Having carefully reviewed the Motion, the Settlement Agreement, and the accompanying memorandum, declarations, and exhibits, the Court will grant the Motion pursuant to Federal Rule of Civil Procedure 23(e) because the Court concludes the Settlement Agreement is fair, reasonable, and adequate to the Certified Class. In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Certified Class's reaction to the Settlement, and the results achieved.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that The Direct Purchaser Plaintiffs' Motion for Final Approval of the Class Action Settlement Between Direct Purchaser Plaintiffs and Agri Stats, Inc. (Docket No. [3455]) is **GRANTED**, and the Court further hereby **FINDS AND ORDERS**:

1. The Court previously appointed the law firms of Lockridge Grindal Nauen PLLP, and Pearson Warshaw, LLP, as Co-Lead Class Counsel for the Certified Class. *In re Pork Antitrust Litig.*, 665 F. Supp. 3d 967 (D. Minn. 2023), *as amended* Civ. No. 18-1776, 2024 WL 2060386 (D. Minn. May 8, 2024) ("Class Certification Order").

2. "Certified Class" shall have the same definition as the DPP class approved in the Court's Class Certification Order:

> All persons and entities who directly purchased one or more of the following types of pork, or products derived from the following types of pork, from Defendants, or their respective subsidiaries or affiliates, for use or delivery in the United States from June 29, 2014 through June 30,

> 2018: fresh or frozen loins, shoulders, ribs, bellies, bacon, or hams. For this lawsuit, pork excludes any product that is marketed as organic or as no antibiotics ever (NAE); any product that is fully cooked or breaded; any product other than bacon that is marinated, flavored, cured, or smoked; and ready-to-eat bacon.
>
> Excluded from this Class are the Defendants, the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from this Class are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any Co-Conspirator identified in this action.

*In re Pork Antitrust Litig.*, 665 F. Supp. 3d 967 (D. Minn. 2023), *as amended* Civ. No. 18-1776, 2024 WL 2060386 (D. Minn. May 8, 2024).

3. The Court has jurisdiction over this action and each of the parties to the Settlement Agreement, including all members of the Certified Class.

4. The Court adopts and incorporates herein all findings made under Rule 23 in its Preliminary Approval Order.

5. The Settlement Agreement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations, which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

6. The Settlement Agreement was entered into on behalf of the Certified Class.

7. This Court hereby dismisses on the merits and with prejudice all Claims in the DPPs' action against Agri Stats, Inc., with each party to bear its own costs and fees, including attorneys' fees, except as provided in the Settlement Agreement.

8. The Releases in the Settlement Agreement are incorporated herein and the Releasing Parties shall, by operation of law, be deemed to have released all Released Parties from the Released Claims. All entities who are Releasing Parties or who purport to assert claims on behalf of the Releasing Parties are hereby and forever barred and enjoined from commencing, prosecuting, or continuing, against the Released Parties, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

9. The Released Parties are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasing Parties had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

10. The notice given to the Certified Class, including individual notice to all members of the Certified Class who could be identified through reasonable effort, was the most effective and practicable under the circumstances. This

notice provided due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

11. No members of the Certified Class have objected to the Settlement.

12. The Court previously approved the final exclusion list. (*See* Order, Jan. 24, 2024, Docket No. 2086.) As Certified Class members had already been provided an opportunity to exclude themselves from the Certified Class in the Court's Preliminary Approval Order, an additional opportunity to opt out was not warranted or required here.

13. Any member of the Class who did not timely and validly request to be excluded from the Certified Class is now subject to and bound by the provisions of the Settlement Agreement, the Released Claims contained therein, and this Order with respect to all Released Claims.

14. Without affecting the finality of this Final Judgment in any way, the Court hereby retains continuing exclusive jurisdiction over: (a) consummation, administration and implementation of the Settlement Agreement; (b) hearing and determining any applications by Plaintiffs for attorneys' fees, costs, expenses, and interest; (c) the actions in this litigation until the Final Judgment

has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement; (d) the parties to the Settlement Agreement for the purpose of enforcing and administering the Settlement Agreement and the releases contemplated by, or executed in connection with the Settlement Agreement; (e) the enforcement of this Final Judgment; and (f) any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, that cannot be resolved by negotiation and agreement.

15. Agri Stats, Inc. has served upon the appropriate state officials and the appropriate federal official notice under the Class Action Fairness Act, 28 U.S.C. § 1715.

16. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that judgment should be entered and further finds that there is no just reason for delay in the entry of final judgment as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter this Final Judgment.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 10, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge