**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/JFD) |
| This Document Relates To:<br><br>ALL DIRECT ACTION PLAINTIFF ACTIONS<br><br>and<br><br>*Commonwealth of Puerto Rico v. Agri Stats, Inc., et al.*, Civil No. 19-2723 (JRT/JFD) | **ORDER GRANTING DEFENDANTS HORMEL FOODS CORPORATION AND HORMEL FOODS, LLC'S MOTION FOR CERTIFICATION OF A PARTIAL FINAL JUDGMENT UNDER RULE 54(b)** |

Defendants Hormel Foods Corporation and Hormel Foods, LLC (collectively, "Hormel Foods") move for certification of a partial final judgment under Federal Rule of Civil Procedure 54(b). (Mot., Aug. 19, 2026, Docket No. 3448.) Specifically, Hormel Foods requests that the Court certify its summary judgment ruling in its favor as a partial final judgment under Rule 54(b) prior to the remaining Direct Action Plaintiff ("DAP") actions being remanded to their courts of origin. *See In re Pork Antitrust Litig.*, 781 F. Supp. 3d 758, 885 (D. Minn. 2025) (granting Hormel Foods' motion for summary judgment on all remaining claims brought by the DAPs).

Further, Hormel Foods has informed the Court that it has entered into stipulations with all DAPs that asserted claims against it in the above-captioned litigation such that the DAPs will not at any time appeal the Court's summary judgment order or any other order with respect to Hormel Foods. (*See* Notice of Stipulation, Sept. 30, 2026, Docket No. 3496.)

Rule 54(b) authorizes a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). When a court directs a partial final judgment under Rule 54(b), the judgment becomes immediately appealable. *Porter v. Williams*, 436 F.3d 917, 919 (8th Cir. 2006). Applying Rule 54(b) requires a "two-step analysis." *Downing v. Riceland Foods, Inc.*, 810 F.3d 580, 585 (8th Cir. 2016). At step one, the Court "must first determine that it is dealing with a final judgment . . . in the sense that it is an ultimate disposition of an individual claim." *Id.* (citation omitted). At step two, the Court must determine that there is no "just reason for delay" of the appellate process. *Id.*

The Court concludes that its summary judgment ruling with respect to Hormel Foods is "an ultimate disposition of an individual claim" and that there is no "just reason for delay" of the appellate process. *See id.* The Court expressly finds that all parties affected by this Court's summary judgment ruling in favor of Hormel Foods, *In re Pork*, 781 F. Supp. 3d at 885,[1] should, if necessary, have the opportunity to argue the propriety of the Court's ruling in a single, binding appellate forum, consistent with the purpose of centralized MDL proceedings. Accordingly, the Court will grant Hormel Foods' motion and will certify its summary judgment ruling with respect to Hormel Foods as a partial

[1] (*See also* Mem. Op. and Order on Mots. for Summ. J., Mar. 31, 2025, Docket No. 2929; Am. Mem. Op. and Order on Mots. for Summ. J., Apr. 28, 2025, Docket No. 2955.)

final judgment under Rule 54(b). Hormel Foods will be fully dismissed from this litigation and that the claims against Hormel Foods will be severed from the remaining claims in the above-referenced actions.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Hormel Foods Corporation and Hormel Foods, LLC's Motion for Certification of a Partial Final Judgment Under Rule 54(b) (Docket No. [3448]) is **GRANTED**.

2. **Final judgment is directed to be ENTERED dismissing with prejudice** the claims asserted by the Direct Action Plaintiffs and the Commonwealth of Puerto Rico in the above-referenced actions against Defendants Hormel Foods Corporation and Hormel Foods, LLC.

3. Defendants Hormel Foods Corporation and Hormel Foods, LLC are fully dismissed from this litigation and that the claims against Hormel Foods Corporation and Hormel Foods, LLC are severed from the remaining claims in the above-referenced actions.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 15, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge